1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

FEDERAL TRADE COMMISSION,
STATE OF NEW YORK, STATE OF
CONNECTICUT, COMMONWEALTH OF
PENNSYLVANIA, STATE OF DELAWARE,
STATE OF MAINE, STATE OF MARYLAND,
COMMONWEALTH OF MASSACHUSETTS,
STATE OF MICHIGAN, STATE OF
MINNESOTA, STATE OF NEVADA, STATE
OF NEW HAMPSHIRE, STATE OF NEW
JERSEY, STATE OF NEW MEXICO, STATE
OF OKLAHOMA, STATE OF OREGON,
STATE OF RHODE ISLAND, and STATE OF
WISCONSIN,

         Plaintiffs,

         v.

AMAZON.COM, INC., a corporation,

         Defendant.

**CASE NO. 2:23-cv-01495**

**PLAINTIFF FTC'S MOTION FOR
LEAVE TO TEMPORARILY
SEAL PORTIONS OF THE
COMPLAINT**

NOTE ON MOTION CALENDAR:
Friday, October 13, 2023

Plaintiff Federal Trade Commission respectfully moves, pursuant to Local Civil Rule

5(g), 15 U.S.C. § 57b-2, and 16 C.F.R. § 4.10(g), to temporarily seal portions of the Complaint

in this action for fourteen days.  Dkt #3.  The FTC makes this request to comply with its

regulations governing treatment of confidential information submitted to the FTC during its pre-

complaint investigation and to give affected parties an opportunity to ask the Court to seal

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 1
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  portions of the Complaint on a permanent basis.  The FTC is not claiming confidentiality with

2  respect to any information that is the subject of this Motion.

3        The FTC conducted a pre-complaint investigation in which it received information from

4  Defendant Amazon.com, Inc. ("Amazon") and third parties (collectively, "producing parties")

5  designated as confidential pursuant to federal statute and FTC rules.  *See* 15 U.S.C. § 57b-2; 16

6  C.F.R. § 4.10(g).  Certain information so designated by producing parties is disclosed in

7  Plaintiffs' Complaint.  Dkt. #3.  FTC regulations require the FTC to afford parties who submit

8  confidential information "an opportunity to seek an appropriate protective or *in camera* order"

9  before publicly disclosing such information.  16 C.F.R. § 4.10(g).  Plaintiffs have accordingly

10 filed a redacted version of the Complaint on the public docket, Dkt. #1, filed a sealed version of

11 the Complaint with the redacted information highlighted, Dkt. #3, and filed this Motion to

12 provide an opportunity for the producing parties whose information is at issue to seek

13 appropriate relief from the Court.

14       The FTC will provide the producing parties with notice that their information is being

15 filed under seal and a copy of any order the Court enters with respect to this Motion.  The FTC

16 will also propose to meet and confer with any party that intends to move to seal portions of the

17 Complaint on a permanent basis.

18       To expedite the process of making court records public, the FTC requests that the Court's

19 order automatically unseal any portions of the Complaint that a party has not sought to seal on a

20 permanent basis within fourteen days after the Court issues an order.  The FTC has consulted

21 with all other Plaintiffs (the "State Plaintiffs" and collectively with FTC, "Plaintiffs"), none of

22 whom object to the procedure that the FTC has proposed.

23

24

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 2
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**LEGAL STANDARD**

2       "Historically, courts have recognized a 'general right to inspect and copy public records

3  and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. Of*

4  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

5  U.S. 589, 597 & n.7 (1978)).  When a court considers a request to seal, "a strong presumption in

6  favor of access is the starting point."  *Id*. at 1178 (internal quotation marks and citations

7  omitted); *see also* Local Rules W.D. Wash. LCR 5(g) ("There is a strong presumption of public

8  access to the court's files.").  Courts apply a compelling interest standard when considering a

9  request to seal materials related to the merits of a case.  *Kamakana*, 447 F.3d at 1178-79; *New*

10  *Freedom Ops LLC v. Iovino*, 2023 WL 2329405, at *1 (W.D. Wash. Jan 19, 2023).  Under this

11  standard, the party seeking to seal a judicial record bears the burden of showing that it has

12  "compelling reasons supported by specific factual findings" to keep the information secret and

13  that those compelling reasons "outweigh the general history of access and the public policies

14  favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citations

15  omitted).

16       Under LCR 5(g)(3)(B), a party seeking to seal documents must provide:

17       "[a] specific statement of the applicable legal standard and the reasons for keeping
         a document under seal, including an explanation of: (i) the legitimate private or
18       public interests that warrant the relief sought; (ii) the injury that will result if the
         relief sought is not granted; and (iii) why a less restrictive alternative to the relief
19       sought is not sufficient."

20       **ARGUMENT**

21       The FTC respectfully requests that the Court temporarily seal portions of the Complaint

22  for fourteen days to allow any affected parties an opportunity to file permanent sealing motions.

23  During the FTC's pre-complaint investigation in this matter, Amazon and third parties provided

24  documents, information, or testimony to the FTC and designated that information as confidential

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 3
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   pursuant to federal statute and FTC rules.  While the FTC may disclose such information "in

2   judicial proceedings to which the Commission is a party," 15 U.S.C. § 57b-2(d)(1)(C), (d)(2),

3   FTC regulations require that the producing parties "be afforded an opportunity to seek an

4   appropriate protective or *in camera* order" before the public disclosure of such information.  16

5   C.F.R. § 4.10(g).

6        Portions of Plaintiffs' Complaint disclose or reflect documents or information that

7   Amazon and third parties produced in response to compulsory process that was designated by the

8   producing parties as confidential.  Plaintiffs have highlighted those portions of the Complaint,

9   and the FTC requests that the Court maintain those portions of the Complaint under seal for

10  fourteen days after the filing of the Complaint to allow the producing parties an opportunity to

11  seek permanent relief from the Court.

12       Plaintiffs have filed a public version of the Complaint that redacts all information

13  designated as confidential by the producing parties.  *See Fairhaven Health, LLC v. Bioorigyn*,

14  2021 WL 4307071, at *2 (W.D. Wash. Sept. 22, 2021) ("The Court strongly prefers redacting

15  documents to filing them completely under seal.").  There is no less restrictive alternative

16  available to the FTC under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.10.

17       LCR 5(g)(1)(A) and 5(g)(3)(A) impose meet-and-confer and related certification

18  requirements.  The FTC respectfully requests that the Court waive those requirements in this

19  instance.  The FTC could not have met and conferred with Amazon or third parties without

20  revealing its then non-public lawsuit.  Now that the instant lawsuit has been filed, the FTC

21  proposes to meet and confer with any party that intends to move to seal portions of the

22  Complaint on a permanent basis before any such motions are filed.  *See Garcia v. Duarte*

23  *Reynosa*, 2020 WL 363404, at *3 (W.D. Wash. Jan. 22, 2020) (maintaining temporary seal for

24  documents filed with *ex parte* temporary restraining order while parties met and conferred).

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 4
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## <u>CONCLUSION</u>

2          For the reasons above, the Court should enter the Proposed Order and temporarily seal

3   portions of the Complaint in this action for fourteen days.

4   Dated: September 26, 2023                    Respectfully submitted,

5                                               *s/ Susan A. Musser*
                                                SUSAN A. MUSSER (DC Bar # 1531486)
6                                               EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                                DAVID B. SCHWARTZ (NY Reg. # 4947925)
7                                               DANIELLE C. QUINN (NY Reg. # 5408943)
                                                Z. LILY RUDY (DC Bar # 1023073)
8                                               Federal Trade Commission
                                                600 Pennsylvania Avenue, NW
9                                               Washington, DC 20580
                                                Telephone:  (202) 326-2122 (Musser)
10                                                          (202) 326-2464 (Takashima)
                                                Email: smusser@ftc.gov
11                                                     etakashima@ftc.gov
                                                      dschwartz@ftc.gov
12                                                     dquinn@ftc.gov
                                                      zrudy@ftc.gov
13
                                                *Attorneys for Plaintiff*
14                                              *Federal Trade Commission*

15
                                                I certify that this memorandum contains
16                                              1,032 words, in compliance with the Local Civil
                                                Rules.
17

18

19

20

21

22

23

24

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 5
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## <u>CERTIFICATE OF SERVICE</u>

I, Susan A. Musser, certify that on September 26, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system.  Additionally, today I effectuated service of the same by email on Kevin M. Hodges, counsel for the Defendant.  I understand that Defendant's counsel has consented to service in this manner.  A copy of this Motion will also be personally delivered today to Kevin Hodges, counsel for Defendant, at Williams & Connolly LLP, 680 Maine Ave SW, Washington, DC 20024.

<u>*s/ Susan A. Musser*</u>
SUSAN A. MUSSER (DC Bar # 1531486)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone:  (202) 326-2122
Email: smusser@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

MOTION TO TEMPORARILY SEAL
PORTIONS OF COMPLAINT - 6
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222