1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CONNECTICUT, COMMONWEALTH OF PENNSYLVANIA, STATE OF DELAWARE, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, and STATE OF WISCONSIN, | |
| Plaintiffs, | CASE NO.: **2:23-cv-01495** |
| v. | **NOTICE OF PENDENCY OF OTHER ACTIONS IN ANOTHER JURISDICTION** |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

Pursuant to Local Civil Rule 3(h), Plaintiffs Federal Trade Commission ("FTC") and the states of New York, Connecticut, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Oregon, Rhode Island, and Wisconsin provide notice of the pendency of the following cases: *District of Columbia v. Amazon.com, Inc.*, No. 2021 CA 001775 B (D.C. Super. Ct.) (the "D.C. Action");

NOTICE OF PENDENCY
OF OTHER ACTIONS - 1
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-326-2222

1  *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the

2  "California Action"); and *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-09542 (S.D.N.Y.)

3  ("*Mbadiwe*") (collectively with the D.C. Action and the California Action, the "Other Actions").

4  Because the Other Actions arise solely under state law[1] and are each significantly narrower than

5  Plaintiffs' action here, Plaintiffs do not believe that coordination between the actions is likely to

6  "avoid conflicts, conserve resources, [or] promote an efficient determination of this action,"

7  Local Rules W.D. Wash. LCR 3(h).  As such, Plaintiffs do not believe any formal coordination

8  between this case and the Other Actions is warranted.

9          The D.C. Action is an enforcement action by the Attorney General of the District of

10  Columbia against Amazon for violations of the District of Columbia Antitrust Act, D.C. Code

11  §§ 28-4501, *et seq.*  The D.C. Action is a state action arising solely under state law and is not

12  subject to a transfer of venue within the federal court system.  The D.C. Action alleges that

13  Amazon restrains third-party sellers from selling their products on any other online retail store at

14  prices lower than they offer on Amazon, and that this conduct causes prices for consumers across

15  online retail to be higher than they would otherwise be.  Similar to the D.C. Action, Plaintiffs

16  allege that Amazon stifles price competition by punishing sellers who offer lower prices off

17  Amazon.  *See, e.g.*, Compl., Dkt. #1 at 83-87.  However, Plaintiffs here also challenge several

18  other facets of Amazon's conduct under federal and state laws that are not at issue in the D.C.

19  Action.  In the D.C. Action, the court granted Amazon's motion to dismiss on March 18, 2022,

20  and then denied the District's request for reconsideration on August 1, 2022.  The District's

21  appeal is currently pending in the D.C. Court of Appeals and Plaintiffs are unaware of any

22

23

24

[1] For simplicity, Plaintiffs refer to the laws of the District of Columbia and the laws of various states implicated in the Other Actions as "state" laws or actions.

NOTICE OF PENDENCY
OF OTHER ACTIONS - 2
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-326-2222

1   ongoing discovery in the D.C. Action.  Given the differences between this case and the D.C.

2   Action, Plaintiffs do not believe that coordination between the actions is likely to "avoid

3   conflicts, conserve resources, [or] promote an efficient determination of this action."  LCR 3(h).

4       The California Action is an enforcement action by the Attorney General of California

5   against Amazon for violations of California's Cartwright Act, Bus. & Prof. Code § 16720, *et*

6   *seq.*, and the unlawful and unfair prongs of California's Unfair Competition Law, Bus. & Prof.

7   Code § 17200, *et seq*.  The California Action is a state action arising solely under state law and is

8   not subject to a transfer of venue to the federal court system.  The California Action alleges that

9   Amazon requires all third-party sellers who sell products on the Amazon platform, and wholesale

10  suppliers who supply Amazon with the products it sells directly, to enter into express and *de*

11  *facto* price parity agreements under which the sellers and suppliers agree not to charge or allow

12  lower prices to be offered for their products on any other online retail platform.  The California

13  Action further alleges that these anticompetitive agreements cause harm to competitors, third-

14  party sellers, wholesale suppliers, and consumers.  Similar to the California Action, Plaintiffs

15  allege that Amazon stifles price competition by punishing sellers who offer lower prices off

16  Amazon.  *See, e.g.*, Compl., Dkt. #1 at 83-87.  However, Plaintiffs here also challenge several

17  other facets of Amazon's conduct under federal and state laws that are not at issue in the

18  California Action.  Given the differences between this case and the California Action, Plaintiffs

19  do not believe that coordination between the actions is likely to "avoid conflicts, conserve

20  resources, [or] promote an efficient determination of this action."  LCR 3(h).

21      *Mbadiwe* is a putative class action brought on behalf of consumers from various states

22  who "paid supra-competitive prices for products sold on e-commerce platforms other than

23  Amazon because of an agreement or business combination that each of the third-party sellers

24  were required to enter into with Amazon in order to sell their products on Amazon."  First

NOTICE OF PENDENCY
OF OTHER ACTIONS - 3
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-326-2222

1   Amended Class Action Complaint, *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-09542 (S.D.N.Y.

2   Jan. 20, 2023), Dkt. #24 at 1.  The *Mbadiwe* plaintiffs do not allege any federal antitrust law

3   violations, do not seek injunctive relief, and assert claims based on antitrust and consumer

4   protection laws of 29 states.  The *Mbadiwe* plaintiffs also limit their allegations concerning

5   anticompetitive conduct by Amazon to the time period before March 2019, when Amazon

6   allegedly removed the challenged "Price Parity Restriction" from its agreements in the United

7   States with third-party sellers.  *Id.* at 8, 34-36.  Plaintiffs here seek injunctive relief and allege

8   that Amazon stifles price competition by punishing sellers who offer lower prices off Amazon,

9   but do not limit their allegations to the specific contractual restrictions at issue in *Mbadiwe*.

10  Plaintiffs also challenge several other facets of Amazon's conduct federal laws that are not at

11  issue in *Mbadiwe*.  Given the differences between this case and *Mbadiwe*, Plaintiffs do not

12  believe that coordination between the actions is likely to "avoid conflicts, conserve resources,

13  [or] promote an efficient determination of this action."  LCR 3(h).

14

15  Dated: September 26, 2023                   Respectfully submitted,

16                                             *s/ Susan A. Musser*
                                               SUSAN A. MUSSER (DC Bar # 1531486)
17                                             EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                               DAVID B. SCHWARTZ (NY Reg. # 4947925)
18                                             COLIN M. HERD (NY Reg. # 5665740)
                                               DANIELLE C. QUINN (NY Reg. # 5408943)
19                                             Federal Trade Commission
                                               600 Pennsylvania Avenue, NW
20                                             Washington, DC 20580
                                               Telephone:  (202) 326-2122 (Musser)
21                                                          (202) 326-2464 (Takashima)
                                               Email: smusser@ftc.gov
22                                                     etakashima@ftc.gov
                                                      dschwartz1@ftc.gov
23                                                     cherd@ftc.gov
                                                      dquinn@ftc.gov
24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*Attorneys for Plaintiff*
*Federal Trade Commission*
I certify that this memorandum contains
912 words, in compliance with the Local Civil
Rules.

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-326-2222

1

2

## <u>CERTIFICATE OF SERVICE</u>

I, Susan A. Musser, certify that on September 26, 2023, I electronically filed the

3

foregoing Motion with the Clerk of the Court using the CM/ECF system. Additionally, today I

4

effectuated service of the same by email on Kevin M. Hodges, counsel for the Defendant.  I

5

understand that Defendant's counsel has consented to service in this manner.  A copy of this

6

Motion will also be personally delivered today to Kevin Hodges, counsel for Defendant, at

Williams & Connolly LLP, 680 Maine Ave SW, Washington, DC 20024.

7

8

*s/ Susan A. Musser*
SUSAN A. MUSSER (DC Bar # 1531486)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone:  (202) 326-2122
Email: smusser@ftc.gov

9

10

11

*Attorney for Plaintiff*
*Federal Trade Commission*

12

13

14

15

16

17

18

19

20

21

22

23

24

NOTICE OF PENDENCY
OF OTHER ACTIONS - 6
CASE NO. 2:23-CV-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-326-2222