1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT**

NOTE ON MOTION CALENDAR:
October 27, 2023

16

17

18

19

20

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7, Defendant Amazon.com, Inc. ("Amazon") moves the Court for an Order extending until December 8, 2023 Amazon's time to serve a motion and/or pleading in response to the complaint, Dkt. #1, served by Plaintiffs Federal Trade Commission ("FTC") and the attorneys general of 17 States (collectively, "Plaintiffs").  In support of this Motion, Amazon states as follows:

21

## I.     BACKGROUND

22

23

24

25

26

On September 26, 2023, Plaintiffs filed their redacted complaint against Amazon.  Dkt. #1. Plaintiffs' complaint presents issues and allegations of considerable significance and magnitude. The complaint is 564 paragraphs and 149 pages, exclusive of signature blocks, and it broadly challenges Amazon's core retail business practices.  The FTC alleges novel legal theories that seek to expand traditional antitrust law and its own statutory authority.  The complaint alleges counts

1    under the laws of numerous separate States.  Plaintiffs seek broad categories of relief including

2    permanently enjoining Amazon's business practices and "structural relief" that is left unspecified.

3    *Id.* at 147-49.

4        On multiple occasions prior to service of the complaint, Amazon offered to waive service

5    of the complaint pursuant to Federal Rule of Civil Procedure 4(d).[1]  *See* Declaration of Kevin M.

6    Hodges ("Hodges Decl.") ¶ 1.  Rule 4(d) provides that a defendant that agrees to waive service is

7    provided 60 days to respond to the complaint.  Fed. R. Civ. P. 4(d)(3).  Plaintiffs declined

8    Amazon's offer to waive service, instead opting on September 28 to serve the unredacted

9    complaint (including third-party confidential information) on Amazon's registered agent in

10   Delaware.  *See* Dkt. #9 at 1.  Plaintiffs seemingly did this in order to provide Amazon with less

11   time to respond to their voluminous complaint.  The summons that Plaintiffs served on Amazon

12   indicated that Amazon has only 21 days, or until October 19, to answer or move to dismiss the

13   complaint.

14       Amazon has met and conferred with Plaintiffs and requested a reasonable extension, until

15   December 8, to respond to the complaint.  Amazon has proposed a schedule for motion to dismiss

16   briefing that would accommodate all parties and account for holidays.  Although Plaintiffs have

17   offered counterproposals, their agreement to Amazon's requested response date is conditioned

18   upon Amazon's agreeing to Plaintiffs' proposed deadlines for the Rule 26(f) conference, initial

19   disclosures, joint status report, and discovery plan.[2]  Amazon has indicated that it is prepared to

20   discuss these topics in good faith, but this is a complex case in which those initial procedures will

21   likely take more time and effort than in the usual case given, among other reasons, the amount of

22   party and third-party discovery that likely will be requested and the pendency of other related

23   cases.  Amazon also submits that in a case of this significance, Plaintiffs should not use the threat

24

25   [1] Amazon counsel offered to waive service in a phone call with FTC counsel on September 5, 2023, and in emails to FTC counsel dated September 26, 2023, and September 27, 2023.  Hodges Decl. ¶ 1.

26   [2] Plaintiffs have offered to consent to a shorter extension that is not conditioned on reaching agreement on other dates. The date offered by Plaintiffs is less than the 60 days that Amazon would have received if Plaintiffs had accepted Amazon's offer to waive service.  Hodges Decl. ¶ 3.

DEFENDANT'S MOTION TO EXTEND TIME
TO RESPOND TO THE COMPLAINT - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   of an impending and unrealistic deadline, set by their own refusal to accept Amazon's offer to

2   waive service, to dictate the overall schedule in the case.

3           Amazon is willing to continue to meet and confer with Plaintiffs, but as of this date there

4   is no agreement on an extended deadline by which Amazon must respond to the complaint.

5   Therefore, to preserve its rights, Amazon brings this motion to the Court requesting that its

6   response date be extended to and including December 8, 2023.

7                                    **II.    ARGUMENT**

8           By default, "[a] defendant must serve an answer . . . within 21 days after being served with

9   the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A), (a)(1)(A)(i).  When a defendant waives

10  service, this deadline expands to "60 days after the request for a waiver was sent." Fed. R. Civ. P.

11  12(a)(1)(A)(ii).  When a party requests an extension before the default time to answer expires,

12  however, "the court may, for good cause, extend the time." Fed. R. Civ P. 6(b)(1), (b)(1)(A); *see*

13  *also* Loc. Civ. R. 7(j).  "'Good cause' is a non-rigorous standard that has been construed broadly .

14  . . ." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010); *see also id.* at 1258–

15  59 (rule on extending time should "be liberally construed to effectuate the general purpose of

16  seeing that cases are tried on the merits").  "Consequently, requests for extensions of time made

17  before the applicable deadline has passed should 'normally be granted in the absence of bad faith

18  on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259 (alteration

19  omitted) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

20  1165 (3d ed. 2004)).  Federal courts have found granting extensions to be particularly appropriate

21  when defendants must respond to long and complicated complaints.  *See, e.g.*, *Mayes v. Loc. 106,*

22  *Int'l Union of Operating Eng'rs*, 1993 WL 402018, at *1 (N.D.N.Y. Oct. 4, 1993) ("Due to the

23  length and complexity of plaintiff's complaint and pursuant to Fed.R.Civ.P. 6(b), the court

24  extended defendants' time to answer . . . .");  *Olenicoff v. UBS AG*, 2010 WL 8530286, at *35 (C.D.

25  Cal. Mar. 16, 2010) (*sua sponte* extending time to answer where "[t]he Court recognize[d] that

26  this case is complicated and the complaint is long"), *reconsidered on other grounds*, 2010 WL

DEFENDANT'S MOTION TO EXTEND TIME
TO RESPOND TO THE COMPLAINT - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  11558127 (C.D. Cal. June 21, 2010).  Here, Amazon's request to extend its time to serve its answer

2  is reasonable and justified, made in good faith, and would not result in prejudice to any party.

3        *First*, an extension is reasonable because the complaint is far-reaching and complex.  Its

4  substantive allegations are 149 pages long and present complex and novel legal theories.  The FTC

5  brings claims under Sherman Act theories, as well as unprecedented claims directly under Section

6  5 of the FTC Act that involve novel assertions of the FTC's statutory authority.  Compl. ¶¶ 442-

7  477.  The attorneys general for the 17 Plaintiff States bring state-law claims under the laws of

8  numerous jurisdictions.  *Id.* ¶¶ 478-564.  This complaint is further complicated in that it asserts

9  two separate purported relevant market definitions.  *Id.* ¶¶ 117-256.  The complaint seeks broad

10 but vague forms of relief, including enjoining Amazon's business practices and ordering an

11 unspecified restructuring of Amazon's business.  *Id.* at 147-49.  Further, as the scope of the

12 complaint suggests, the complaint's allegations deal with issues of significant economic magnitude

13 and public importance.  In light of these factors, Amazon merely seeks an adequate opportunity to

14 analyze the complaint before preparing and submitting a responsive pleading and/or motion to the

15 Court.

16       *Second*, for all these reasons, Amazon brings this request for an extension in good faith.

17 Amazon offered more than once to waive service, which would have extended the time to answer.

18 Plaintiffs, however, rejected Amazon's offers notwithstanding the preference, expressed in Federal

19 Rule of Civil Procedure 4(d), for such voluntary waivers.  *See* Fed. R. Civ. P. Adv. Cmte Note,

20 1993 amend. (a purpose of the Rule 4(d) waiver of service provision is "to foster cooperation

21 among adversaries and counsel.")  As discussed above, Amazon also has met and conferred with

22 Plaintiffs for the purpose of reaching agreement on a briefing schedule to present to the Court.

23 Plaintiffs have conditioned their agreement to Amazon's requested date on Amazon's acceptance

24 of a broader range of deadlines in this case, and they have offered a shorter extension if Amazon

25 does not accept such a proposal.  Hodges Decl. ¶ 3.  But this case is complicated and overlaps with

26 other cases pending before this Court and elsewhere, and it will require discussion of larger

DEFENDANT'S MOTION TO EXTEND TIME
TO RESPOND TO THE COMPLAINT - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  scheduling issues that may involve multiple cases.  Again, Amazon is willing to engage in such

2  discussions, but it should not be forced to accede to Plaintiffs' proposals due to an imminent and

3  unreasonable deadline of Plaintiffs' own making.

4       *Third*, extending Amazon's time to answer will not create any prejudice.  Amazon requests

5  a reasonable extension until December 8, which will impact these proceedings only minimally (if

6  at all).  Moreover, this proposed deadline is not significantly longer than the 60 days Amazon

7  would have been provided for its response, had Plaintiffs accepted Amazon's offer to waive

8  service.  (Amazon requests some additional time beyond late-November due to the intervening

9  Thanksgiving holiday.)  Finally, while Amazon agrees this matter should move forward efficiently,

10  Amazon notes that this minimal extension will not meaningfully delay Plaintiffs' ability to have

11  their claims adjudicated, particularly taking into account the many years that have passed since the

12  FTC and certain other Plaintiff States first began their investigations of Amazon (in 2020) that

13  preceded the filing of their complaint.

## III.   CONCLUSION

15       For the foregoing reasons, Amazon requests that the Court extend its time to respond to the

16  complaint until December 8, 2023.

17       DATED this 16th day of October, 2023.

*I certify that this memorandum contains 1,488 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By:  *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email:  patty.eakes@morganlewis.com
     molly.terwilliger@morganlewis.com

DEFENDANT'S MOTION TO EXTEND TIME
TO RESPOND TO THE COMPLAINT - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**WILLIAMS & CONNOLLY LLP**
Heidi K. Hubbard (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email:  hhubbard@wc.com
       khodges@wc.com

**COVINGTON & BURLING LLP**
Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email:  tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401