# Exhibit A

## Takashima, Edward

| | |
|---|---|
| **From:** | Hodges, Kevin <KHodges@wc.com> |
| **Sent:** | Sunday, October 15, 2023 3:19 PM |
| **To:** | Takashima, Edward; Forkner, Constance |
| **Cc:** | Musser, Susan; Quinn, Danielle; Schwartz, David; tim.smith@doj.state.or.us |
| **Subject:** | RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Scheduling Issues |

Ed,

Thank you for your email. Unfortunately, it appears that Plaintiffs' position has not changed since our earlier discussions.

Plaintiffs' complaint is unusually lengthy (149 pages exclusive of signature blocks) and presents numerous legal theories that must be considered and addressed. In drafting the Complaint's 564 paragraphs of factual allegations, Plaintiffs had the benefit of the multi-year investigation conducted by the FTC and certain States. As I have explained on our calls, Amazon needs sufficient time to analyze this lengthy Complaint in order to formulate a response. Plaintiffs, however, have declined to agree to a reasonable extension – even of a length that would be typical in a routine civil case with significantly less broad and complex allegations – unless Amazon accedes to Plaintiffs' unrelated scheduling proposals. Plaintiffs refused to accept Amazon's offer to waive service and have refused to agree even to the time period for Amazon's response that would have been provided by Federal Rule of Civil Procedure 4(d), unless Amazon agrees to other deadlines proposed by Plaintiffs.

Your email suggests that there be further discussion of discovery-related deadlines, but it does not indicate that Plaintiffs have changed their position on the deadline for Amazon to respond to the Complaint. As you know, it is the latter deadline that is imminent. As I expressed during our most recent call on October 13, because the deadline for Amazon's response to the Complaint is approaching, and because the parties do not have an agreement on an extension, Amazon has no choice but to file a motion for extension with the Court.

On the October 13 call, I requested Plaintiffs' position on Amazon's motion for extension until December 8 for its response, so that we can note your position in our motion. Your email does not state Plaintiffs' position. Accordingly, I will indicate that Plaintiffs oppose the requested relief unless you indicate otherwise.

I have also offered on prior calls to begin discussions on a proposed protective order, ESI protocol, and similar issues that can often require lengthy discussions and cause delay. Your email does not respond to this offer.

Finally, I did not represent to you that Amazon would not file a motion to stay discovery. I explained that Amazon was not prepared to agree to a schedule on the timeline proposed by the FTC. Amazon reserves all rights with regard to scheduling issues, especially given what appears to be Plaintiffs' very different view as to the complexity of scheduling issues in this case that will likely require consideration of a number of other pending cases.

Best regards,

Kevin


**Kevin M. Hodges**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5221 | (F) 202-434-5029

khodges@wc.com | www.wc.com/khodges

---

**From:** Takashima, Edward <etakashima@ftc.gov>
**Sent:** Saturday, October 14, 2023 2:15 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Scheduling Issues

Kevin and Connie,

I'm writing to follow up on our call on Friday afternoon.

The FTC and the Plaintiff States continue to view the briefing schedule for Amazon's motion to dismiss and dates for the Rule 26(f) process and the start of discovery as closely related issues. We appreciate your representation that Amazon does not plan to move for a stay of discovery. However, we cannot agree to the extended briefing schedule Amazon has proposed without some certainty about when we will be able to move forward with discovery and the overall progress of this case.

You suggested on our call that there might be issues associated with the various related cases that might require more time to work out before we can submit a Rule 26(f) report to the Court. It is not clear to us that there are any unique case management issues here (due to the related cases or otherwise), but if there are, we view that as just another reason to get the Rule 26(f) process moving as soon as possible. We also do not believe there is any reason to delay the start of discovery.

We continue to believe that both sets of deadlines we laid out in my October 11 email are reasonable. However, to accommodate Amazon's concerns we would be willing to consider extending the time period between an initial Rule 26(f) conference on November 9 and the deadline for a Rule 26(f) report and discovery plan. That would give us more time to meet and confer regarding case management issues, including a schedule and any issues associated with the related cases. If there is a deadline for the Rule 26(f) report and discovery plan that Amazon would consider acceptable, please propose it.

If Amazon is not willing to set dates for a Rule 26(f) conference, the start of discovery, and the submission of a Rule 26(f) report at this time, then our view regarding a reasonable motion to dismiss briefing schedule is unchanged from my October 11 email.

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

**From:** Takashima, Edward
**Sent:** Friday, October 13, 2023 9:07 AM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>;

tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Kevin,

We can talk at 2:00.  Can you send a dial-in?

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

**From:** Hodges, Kevin <KHodges@wc.com>
**Sent:** Friday, October 13, 2023 8:53 AM
**To:** Takashima, Edward <etakashima@ftc.gov>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Ed,

Do you have time for a call at either noon or 2:00 today?

Thanks,

Kevin

**Kevin M. Hodges**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5221 | (F) 202-434-5029
khodges@wc.com | www.wc.com/khodges

---

**From:** Takashima, Edward <etakashima@ftc.gov>
**Sent:** Wednesday, October 11, 2023 6:09 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** Re: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

**WARNING:  The content of this email including any and all attachments may contain controlled information as described in 32 CFR Part 2002.**

Kevin and Connie,

During our meet and confer last Wednesday, we asked whether Amazon would be willing to stipulate to dates for a Rule 26(f) conference, the start of discovery, and the submission of a Rule 26(f) report as part of an agreement to set a briefing schedule for Amazon's motion to dismiss.  On our call yesterday, you indicated that Amazon would be willing to discuss the possibility of setting dates for the Rule 26(f) process and the start of discovery, but that Amazon viewed those dates and Amazon's briefing schedule as separate issues.

As I noted on the call, the FTC and the Plaintiff States see these as closely related issues.  We believe this case should move forward quickly.  Among other issues, there is a strong public interest in the speedy resolution of government antitrust enforcement actions.  *See, e.g., United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (noting that "such actions are of special urgency . . . because they seek to enjoin ongoing anticompetitive conduct").  If Amazon will agree that we can move forward with discovery and case management issues while Amazon's motion to dismiss is being briefed and decided, we can agree to a longer briefing schedule.  On the other hand, if Amazon's motion is going to delay the progress of the case overall, that will limit what we can agree to in terms of a briefing schedule.

As such, we propose two alternatives:

If Amazon will agree to dates for a Rule 26(f) conference, the start of discovery, and the submission of a Rule 26(f) report as set forth below, we can agree to Amazon's request to extend its motion to dismiss deadline to December 8, and Amazon's request to have 45 days for its reply brief.  That would give us the following dates:
- Rule 26(f) conference between the parties: 11/9 (six weeks after service of the complaint)
- Initial disclosures: 11/22 (two weeks after the Rule 26(f) conference, adjusted to avoid Thanksgiving)
- Joint status report and discovery plan: 11/30 (three weeks after the Rule 26(f) conference)
- Motion to Dismiss: 12/8 (as proposed by Amazon)
- Opposition brief: 2/6 (60 days after motion, including winter holidays)
- Reply brief: 3/22 (45 days after opposition, as proposed by Amazon)

If Amazon is not willing to agree to dates for the Rule 26(f) process and the start of discovery, we can agree to the following schedule:
- Motion to Dismiss: 11/9 (six weeks after service of the complaint)
- Opposition brief: 12/21 (six weeks after motion, including Thanksgiving)
- Reply brief: 1/18 (four weeks after opposition, including winter holidays)

We are happy to further discuss this issue later this week.

Thanks,

Ed


Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

**From:** Hodges, Kevin <KHodges@wc.com>
**Sent:** Wednesday, October 11, 2023 5:24:55 PM
**To:** Takashima, Edward <etakashima@ftc.gov>; Forkner, Constance <CForkner@wc.com>

**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us <tim.smith@doj.state.or.us>
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Ed,

Following up on our call yesterday, do you have a position on our request for additional time to respond to the complaint?

Thank you,

Kevin

**Kevin M. Hodges**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5221 | (F) 202-434-5029
khodges@wc.com | www.wc.com/khodges

---

**From:** Takashima, Edward <etakashima@ftc.gov>
**Sent:** Friday, October 6, 2023 1:07 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

**WARNING:  The content of this email including any and all attachments may contain controlled information as described in 32 CFR Part 2002.**

Kevin,

Thanks, those changes to the joint motion and order are acceptable on our end.  We'll make the noting date today and will file.

For the continued meet and confer, we're available at noon on Tuesday.  Can you circulate a dial-in?

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

**From:** Hodges, Kevin <KHodges@wc.com>
**Sent:** Thursday, October 5, 2023 10:02 PM
**To:** Takashima, Edward <etakashima@ftc.gov>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Ed,

Attached is a revised version of the joint motion and order. The deadline is agreeable, and we have made some additional edits. If this is acceptable, you are authorized to file. If you have any additional comments, I am available before noon tomorrow.

I would also like to schedule a time to continue our meet and confer regarding the response date to the complaint. Please let me know if you are available Tuesday at 10:00 or noon ET.

Thanks,

Kevin

**Kevin M. Hodges**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5221 | (F) 202-434-5029
khodges@wc.com | www.wc.com/khodges

**From:** Takashima, Edward <etakashima@ftc.gov>
**Sent:** Thursday, October 5, 2023 2:58 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

**WARNING: The content of this email including any and all attachments may contain controlled information as described in 32 CFR Part 2002.**

Kevin and Constance,

Apologies for the serial email, but please see the attached drafts, which clean up a few typos and add Judge Chun's initials to the case number.

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel

Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

**From:** Takashima, Edward
**Sent:** Thursday, October 5, 2023 2:13 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Kevin and Constance,

I'm writing to follow up regarding a joint motion on sealing.  During our meet and confer yesterday, you indicated that Amazon was open to filing a joint motion but was not willing to reduce the amount of time it would have to file a motion to permanently seal portions of the Complaint.  You also suggested setting a fixed deadline for permanent sealing motions.  Based on that that discussion, we propose setting a fixed deadline of October 27, 2023—14 days after the notice date on our motion—for any permanent motions to seal.  Please let us know if Amazon will agree to the attached joint motion, and if so, please add your signature block.  We would like to file this tomorrow.

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

**From:** Takashima, Edward
**Sent:** Tuesday, October 3, 2023 4:39 PM
**To:** Hodges, Kevin <KHodges@wc.com>; Forkner, Constance <CForkner@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; Schwartz, David <dschwartz1@ftc.gov>; tim.smith@doj.state.or.us
**Subject:** FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.) - Joint Motion re Sealing

Kevin,

We propose that the FTC and Amazon jointly move to temporarily maintain the Complaint under seal, and to give all affected parties 14 days to file sealing motions.  By filing a joint motion we can take the initial motion we filed contemporaneously with the Complaint off the Court's calendar, which we think the Court will appreciate.  We also note that this is the approach the FTC and Amazon recently took in the Amazon ROSCA matter before Judge Chun.  *See FTC v. Amazon*, No. 2:23-cv-00932-JHC (W.D. Wash.), Dkt. # 13.  A draft joint motion and proposed order are attached.

We'd like to discuss this on our call tomorrow morning.

Thanks,

Ed

Edward H. Takashima
Senior Trial Counsel
Bureau of Competition
Federal Trade Commission
etakashima@ftc.gov
202-876-5704 (mobile)

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.