HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, ET AL.

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

NO. 2:23-cv-01495-JHC

**REDACTED**

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL

**NOTE ON MOTION CALENDAR: NOVEMBER 10, 2023**

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 1
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

I.      INTRODUCTION

Walmart Inc. ("Walmart") respectfully requests that the following portions of the Complaint remain under seal in order to protect its highly confidential business and commercial information:

- Box 3 under number 6 on the slide ▮▮▮▮▮▮▮▮▮▮▮ in Paragraph 213
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- The entirety of Paragraphs 334 and 336-337.

Walmart met and conferred with the Federal Trade Commission ("FTC") and Amazon.com, Inc. ("Amazon"). The FTC does not oppose, and Amazon takes no position on this motion. (Declaration of Koren W. Wong-Ervin ("Wong-Ervin Decl.") ¶ 2.)

Disclosure of this information, whether on its own or in light of the information in the surrounding paragraphs of the Complaint, would threaten serious competitive and reputational harm to Walmart, including the risk that the information could:

- Provide competitors with a roadmap into how Walmart thinks about and responds to competition, its profitability analyses, and its underlying strategic and decision-making processes (Compl. ¶¶ ▮▮▮▮▮, 334, and 336-337) (Declaration of Michael Mosser ("Mosser Decl.") ¶ 6);
- Provide competitors with a competitive advantage by revealing Walmart's assessments of what it takes to create and maintain a competitive marketplace (Compl. ¶ 213) (Mosser Decl. ¶ 8);
- Harm Walmart's reputation—including with consumers—by revealing internal analyses and decisions that could be used to create the misimpression that Walmart's prices are not competitive with Amazon's (Compl. ¶¶ ▮▮▮▮▮ and 336-337) (Mosser Decl. ¶ 7.)

Disclosure of this information risks exacerbating the very harms alleged by the FTC.

Access to the material is not necessary for the public to understand the FTC's Complaint against Amazon. For example, the unredacted portions of the Complaint reveal the FTC's overarching theory that Amazon's alleged practices "ensure[] that no other online rival can gain

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 2
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

scale through offering prices lower than those listed on Amazon." (Compl. ¶ 258.) Unsealing paragraphs that explicitly tie this allegation to Walmart and reveal Walmart's highly confidential analyses and strategic thinking is unnecessary to understand the FTC's case, yet risks substantial harm to Walmart and competition. As the FTC repeatedly explained to Walmart before filing the Complaint, this case is not about Walmart's conduct; it is about the FTC's allegations that Amazon's conduct has created an unfair advantage for itself against all competitors.

The relief Walmart seeks is narrowly tailored, seeking in many instances to redact ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ specifically Paragraphs 334 and 336-337, less restrictive alternatives such as redacting or replacing "Walmart" with "industry competitor" are not available, given that the FTC has informed Walmart that its identity would still be obvious based on the contents of the surrounding paragraphs of the Complaint that are likely to become unsealed. (Wong-Ervin Decl. ¶ 3.)

## II. LEGAL STANDARD

This Court has discretion to seal court filings to protect "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (a "district court's order sealing its records [is] an exercise of its inherent supervisory power"). The Ninth Circuit applies a compelling reasons standard when considering a request to seal materials related to the merits of a case. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Under this standard, a party seeking to seal a judicial record

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.

*Id.* (internal quotation marks and citations omitted).

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 3
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

"[C]ourts have consistently acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents." *Burrows v. 3M Co.*, No. C19-1649-RSL, 2023 WL 1345429 at *2 (W.D. Wash. Jan. 31, 2023); *see also Sullivan v. Deutsche Bank Americas Holding Corp.*, No. 08-CV-2370 L(POR), 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (finding the "likelihood of an improper use by competitors and the proprietary nature of the confidential information" was a compelling reason to seal documents). Protecting confidential information is all the more important when the information belongs to a non-party that produced the information in response to a government subpoena and "did not voluntarily put [the information] at issue in th[e] litigation." *United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).[1] In *Bazaarvoice*, the court granted a non-party's motion to seal competitively sensitive information explaining that, "[i]f the Court required the information to be disclosed, it would chill investigations in the future." *Id.*

### III.  ARGUMENT

The information Walmart seeks to maintain under seal is the type of information courts protect. *See, e.g.*, *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814-JLR, 2019 WL 5103311, at *2 (W.D. Wash. Oct. 11, 2019) (concluding that compelling reasons existed to maintain material under seal where the information "relate[d] to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in improper use by business competitors"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340 BHS, 2019 WL 6829886, at *2 (W.D. Wash. Dec. 13, 2019) (finding that harm to the producing party's "business interests" satisfied the compelling reasons standard).

---

[1] Walmart produced the information at issue to the FTC pursuant to compulsory process and with the expectation that it would be protected as confidential. *See* 15 U.S.C. § 57b-2(b)–(d) (outlining FTC's procedure for handling confidential, produced materials, including that "no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material, things, or transcripts" with limited exceptions). Unsealing the contents of this confidential information, including quotes taken from the produced documents, risks the very chilling of investigations that courts are concerned about.

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 4
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Here, Paragraphs 213, ███, 334, and 336-337 quote from or summarize Walmart's confidential documents describing its competitive responses, including decisions on the types of pricing tools and other incentives it offers sellers. Disclosure of the information contained in these paragraphs, including highly sensitive profitability analyses, threatens to provide rivals with a competitive advantage over Walmart. (Mosser Decl. ¶¶ 6, 8.) As courts have recognized, even "past strategic plans and past financial data may meaningfully predict [the disclosing party's] future business plans, such that public disclosure of such information may provide a competitive advantage to [the disclosing party's] competitors." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (provisionally sealing "information related to past business strategies"); *accord Perez v. Bath & Body Works, LLC,* No. 21-CV-05606-BLF, 2022 WL 16836970, at *2 (N.D. Cal. Nov. 9, 2022) (sealing materials that "contain[ed] information about [a party's] internal processes for product research and development and product testing that could potentially be used by competitors to gain a competitive advantage").

Disclosure of Paragraphs ███ and 336-337 would also risk harm to Walmart's reputation by creating a misimpression that Walmart's prices are not competitive with Amazon's. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing "information regarding the structure and functionality of Google's internal systems to process invalid activity and associated advertiser payments" on the grounds that, "without more," disclosure would "provide[] a misleading picture of Google's capabilities, which could damage Google's reputation and relationship with its customers").

In balancing the competing interests of the public and the party seeking to keep its business information confidential, courts have sealed "sensitive business information" on the grounds that, among other things, "the public may still understand the merits of this litigation without access to these records." *New Freedom Ops LLC v. Iovino*, No. C22-1635 PHX MJP, 2023 WL 2329405, at *2 (W.D. Wash. Jan. 19, 2023). Here, disclosure of the Paragraphs at issue is unnecessary to

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY
INFORMATION IN THE COMPLAINT UNDER SEAL - 5
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  understand the FTC's theory that Amazon's conduct has prevented competitors from effectively
2  competing. Nor is disclosure of these statements necessary for the public to understand the FTC's
3  specific arguments in support of its theory given the unredacted information contained in the
4  surrounding paragraphs of the Complaint. For example, for Paragraphs 336-337, the heading
5  ("Amazon's first-party anti-discounting algorithm has stopped other online stores from competing
6  through offering lower prices") and the surrounding paragraphs allow the public to understand this
7  fundamental underpinning of the FTC's case without revealing Walmart's internal profitability
8  analyses and discounting decisions.
9       In short, disclosure of the information at issue—both individually and taken as whole—
10 risks serious harm to Walmart and, as explained above, there are no less restrictive alternatives to
11 the relief Walmart seeks that would adequately protect against these risks.

12 **IV.    CONCLUSION**

13      For the reasons stated above, Walmart respectfully requests that the Court maintain under
14 seal the specific portions identified above for Paragraphs 213, ███, 334, and 336-337.

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 6
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

DATED this 26th day of October, 2023.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: _s/Tyler L. Famer_ *
By: _s/Ariel A. Martinez_
    Tyler L. Farmer, WSBA #39912
    Ariel A. Martinez, WSBA #54869
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Tel: (206) 623-1700
    Email: tylerf@harriganleyh.com
    Email: arielm@harriganleyh.com

JONES DAY

By: _s/ Koren W. Wong-Ervin_
    Koren W. Wong-Ervin (*admitted pro hac vice*)
    51 Louisiana Avenue, N.W.
    Washington, D.C.  20001-2113
    Tel: 202.879.3622
    Email: kwongervin@jonesday.com

    David C. Kiernan (*admitted pro hac vice*)
    555 California St, 26th floor
    San Francisco, CA 94104
    Tel: 415.875.5745
    Email: dkiernan@jonesday.com

*Attorneys for Limited Intervenor Walmart Inc.*

---

* I certify that this memorandum contains 1,547 words, in compliance with the Local Civil Rules.

WALMART'S MOTION TO MAINTAIN CERTAIN THIRD-PARTY INFORMATION IN THE COMPLAINT UNDER SEAL - 7
(2:23-cv-01495-JHC)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717