THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CONNECTICUT, COMMONWEALTH OF PENNSYLVANIA, STATE OF DELAWARE, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, and STATE OF WISCONSIN,

   Plaintiffs,

   v.

AMAZON.COM, INC., a corporation,

   Defendant.

Case No. 2:23-cv-01495-JHC

**DEFENDANT'S UNOPPOSED MOTION TO SEAL COMMERCIALLY SENSITIVE INFORMATION CONTAINED IN THE COMPLAINT**

NOTE ON MOTION CALENDAR:
October 27, 2023

## I.  INTRODUCTION

Plaintiffs' Complaint, Dkt. No. 1, includes confidential information and data that Amazon and third-parties produced to the FTC during its investigation. Plaintiffs redacted that information from the publicly filed version of the Complaint and asked the Court to temporarily seal that

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

information. Dkt. No. 2. Amazon does not seek to maintain the seal on the vast majority of the Amazon information conditionally sealed by Plaintiffs. However, limited portions—fewer than 60 paragraphs, and often only a single word in the paragraph—contain highly sensitive commercial information that should not be filed publicly. Amazon respectfully requests these limited portions of the Complaint be permanently sealed pursuant to Local Civil Rule 5(g). The specific portions Amazon moves to seal are listed by paragraph number in the publicly filed Exhibit A to the Declaration of Carol J. Pruski ("Pruski Decl.") filed herewith, and are highlighted in the sealed version of the Complaint included as Exhibit B to the Pruski Declaration.[1]

As required by Local Civil Rule 5(g)(3)(A), counsel for the parties met and conferred about Amazon's proposed redactions on October 20, 2023 and October 24, 2023. Pruski Decl. ¶ 5. Plaintiffs do not oppose this motion. *Id.*

## II.   BACKGROUND

Plaintiffs' Complaint includes confidential information it obtained from Amazon and other third-parties through its earlier investigation. Plaintiffs therefore moved to temporarily seal certain information contained therein. Dkt. No. 2. On October 6, 2023, the parties filed a Joint Motion to extend the temporary seal over the materials Plaintiffs redacted until October 27, 2023, at which point Amazon or any third-party whose information was redacted could file a motion to permanently seal certain of that information. Dkt. No. 18. The Court granted the parties' motion the same day. Dkt. No. 19.

## III.   ARGUMENT

Courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). That is what Amazon seeks to redact here. Amazon does not oppose the unsealing of the

---

[1] As noted, the Complaint also contains redactions of material provided from third-parties and those third parties may file their own motions to seal that material. That material therefore remains redacted from Exhibit B to the Pruski Declaration.

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

vast majority of the material Plaintiffs initially redacted from the Complaint, but there are a limited number of paragraphs—and often just single words within those paragraphs—that contain highly sensitive commercial information that should remain sealed because their disclosure could harm Amazon's standing in the highly competitive retail environment. *See* Reicher Decl. ¶¶ 7-14; *see also* Pruski Decl. Ex. A (listing paragraphs containing proposed redactions); *id.* Ex. B (highlighting the proposed redactions within each paragraph in a sealed version of the Complaint). For the reasons described below, Amazon respectfully requests that the Court grant its request to seal this information.

A.   **Legal Standard**

The Local Civil Rules of the Western District of Washington permit the sealing of confidential information upon a showing of "the legitimate private or public interests that warrant the relief sought; the injury that will result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3). The Court may seal judicial records when a party provides a compelling reason to keep information out of the public view. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding "clear error" when a trial court did not seal "confidential and commercially sensitive information").

Courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *Nixon*, 435 U.S. at 598. *See also Burrows v. 3M Co.*, 2023 WL 13345429 at *2 (W.D. Wash. Jan. 31, 2023) (recognizing "that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents"). Furthermore, sealing is warranted when disclosure would adversely affect future internal business deliberations, *In re Zillow Group, Inc. S'holder Derivative Litig.*, 2019 WL

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

3428664, at *2 (W.D. Wash. July 30, 2019), or when the information consists of "nonpublic information regarding litigants' sales, cost, profit, and market share data," *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018).

**B.  Amazon Has a Compelling Interest In Keeping Certain Complaint Material Sealed.**

Amazon seeks to permanently seal two categories of highly confidential and competitively sensitive information, the disclosure of which could cause significant harm to Amazon. First, Amazon seeks to seal specific details regarding its proprietary, internal processes. *See* Section III.B.1; Reicher Decl. ¶¶ 7-9. Second, Amazon seeks to seal recent, highly-sensitive, and confidential business metrics that Amazon does not disclose publicly. *See infra* Section III.B.2; Reicher Decl. ¶¶ 10-14. Plaintiffs do not oppose these redactions. Pruski Decl. ¶ 5.

**1.  Amazon Has A Compelling Interest In Keeping The Details Of Its Proprietary, Internal Processes Under Seal.**

In their Complaint, Plaintiffs describe details of Amazon's confidential and proprietary business processes that, if published, would "harm [Amazon's] competitive standing." *Nixon*, 435 U.S. at 598. In particular, the Complaint describes Amazon's competitive monitoring program, its efforts to feature low prices in its stores, and its standards for brands selling in its store. Amazon devotes significant resources to developing these proprietary processes and does not disclose those details publicly. Reicher Decl. ¶ 7. Moreover, if the internal processes underlying these programs were made public, Amazon's competitors could use it to improve their competing programs and/or alter their systems to thwart Amazon's efforts, thereby gaining an unfair competitive advantage as a result. *Id.* ¶ 8.

There is no legitimate reason to make public such commercially sensitive information, and Plaintiffs do not oppose Amazon's motion to keep such information sealed. To the contrary, the risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any public interest in disclosure of these few discrete pieces of information, especially in light of the limited nature of Amazon's proposed redactions. *See*

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Kamakana*, 447 F.3d at 1179.  Furthermore, there is no less-restrictive alternative than Amazon's proposed redactions.  *See* LCR 5(g)(3); *Nixon*, 435 U.S. at 598.  For every proposed seal, Amazon has taken care to redact only the very minimal amount of information necessary while allowing all other information to enter the public domain.  Reicher Decl. ¶ 9.

### 2. Amazon Has A Compelling Interest In Keeping Recent, Highly Sensitive, and Confidential Business Metrics Under Seal.

The Complaint contains many statistics regarding Amazon's business, the majority of which Amazon does not seek to seal.  However, there are three categories of business metrics that are highly-sensitive, are not publicly disclosed by Amazon, and the disclosure of which would negatively impact Amazon.

*First*, the Complaint purports to contain a handful of confidential statistics regarding Amazon's Prime program.  This information can be used by Amazon's competitors to gain an unfair competitive advantage in connection with their competing programs.  Reicher Decl. ¶ 11.  For these highly sensitive metrics, Amazon does not seek to seal every reference to them but only seeks to seal the *recent* metrics and only the *specific number* itself, not the surrounding explanation or detail which will remain in the public domain, so there is no less restrictive alternative than what Amazon proposes.  *Id*. ¶¶ 11-14; *see also Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012) (recognizing "that past strategic plans and past financial data may meaningfully predict [a company's] future business plans, such that public disclosure of such information may provide a competitive advantage to [a company's] competitors").

*Second*, the Complaint purports to contain measurements of Amazon's revenue and profit that Amazon does not report to the investor community.  This is precisely the type of "sales, cost, [and] profit . . . data" that courts routinely seal, *Eko Brands, LLC*, 2018 WL 11433938, at *1, because disclosure of these metrics could be used by Amazon's competitors to target Amazon's business, Reicher Decl. ¶ 12.  As with the first category, Amazon seeks to seal only those metrics

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

that are within the last few years, and only the metric itself, so there is no less-restrictive alternative. *Id.*; *see also Microsoft*, 2012 WL 5476846, at *4.

*Third*, the Complaint contains the results of two studies Amazon ran internally regarding its advertising program, which competitors could use to gain insight into how Amazon makes decisions about its advertising program. Reicher Decl. ¶ 13. As with all of the redactions that fall into this confidential business metrics category, Amazon has proposed redacting only the specific number itself—i.e., the result of the study—and not the description of the study. *Id.* There is no compelling public reason to order the disclosure of such narrow redactions over highly confidential and sensitive business metrics.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Amazon's motion to seal Amazon's highly confidential and commercially sensitive information.

DATED this 27th day of October, 2023.

*I certify that this memorandum contains 1,540 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email:  patty.eakes@morganlewis.com
           molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email:  hhubbard@wc.com
           khodges@wc.com

*Attorneys for Defendant Amazon.com*

UNOPPOSED MOTION TO SEAL COMMERCIALLY
SENSITIVE INFORMATION IN THE COMPLAINT
(Case No. 2:23-cv-01495-JHC) - 6

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401