THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | **CASE NO.: 2:23-cv-01495-JHC** |
| Plaintiffs, | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rules 16(a)(2) and 26(f), and the Court's October 24, 2023 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, counsel for Plaintiffs and counsel for Defendant Amazon.com, Inc. ("Amazon"), met and conferred via telephone conference on November 9 and December 7, 2023 and submit this Joint Status Report and Discovery Plan.

**1.     Statement of the Nature and Complexity of the Case**

**<u>Plaintiffs' Position</u>**

Plaintiffs Federal Trade Commission and the Plaintiff States allege that Amazon engages in an interrelated course of conduct that unlawfully maintains Amazon's monopolies in two markets, the Online Superstore Market and the Online Marketplace Services Market, and

1   constitutes an unfair method of competition.  First, Amazon deploys a series of anticompetitive

2   practices that suppress price competition and push prices higher across much of the internet by

3   creating an artificial price floor and penalizing sellers that offer lower prices off Amazon.

4   Second, Amazon coerces sellers into using its fulfillment service to obtain Prime eligibility and

5   successfully sell on Amazon.  Each of these tactics—independently and collectively—prevents

6   Amazon's rivals from gaining scale and maintains Amazon's monopolies.

7          Amazon engages in a pattern and practice of stifling price competition, first by punishing

8   third-party sellers for offering lower prices on other platforms, and second, through its first-party

9   anti-discounting algorithm, which disciplines rivals from undercutting Amazon's prices.

10  Without the ability to attract either shoppers or sellers through lower prices, rivals are unable to

11  gain a critical mass of customers and meaningfully compete against Amazon.  At the same time,

12  Amazon's coercive fulfillment conduct both artificially stunts the growth of independent

13  fulfillment providers and artificially raises the costs that sellers face when seeking to multihome

14  (or offer their products across multiple websites).  This limits seller multihoming, thereby

15  suppressing Amazon's rivals' ability to compete for sellers by offering better terms and compete

16  for shoppers by offering additional product selection.  Amazon's exclusionary course of conduct

17  works to suppress competition in both relevant markets, foreclosing even an innovative, high-

18  quality rival or potential rival from competing on the merits.  Amazon's conduct also harms

19  consumers in both relevant markets by artificially inflating prices for both shoppers and sellers

20  and by degrading product selection and platform quality.

21         Plaintiffs also allege that Amazon has engaged in an unfair method of competition

22  through its Project Nessie pricing system, which manipulated other online stores' pricing

23  algorithms to increase prices for shoppers.

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    This case presents complex legal and factual issues that require substantial discovery.

2    Plaintiffs bring this action under Section 5 of the FTC Act, 15 U.S.C. § 45, Section 2 of the

3    Sherman Act, 15 U.S.C. § 2, and state competition and consumer protection laws.

4    **Amazon's Position**

5    Plaintiffs' Complaint uses novel legal theories to challenge common and procompetitive

6    retail practices.  Amazon competes every minute of every day with thousands of online and

7    brick-and-mortar retailers.  To meet that competition, Amazon has relentlessly innovated,

8    delivering previously unimagined benefits for consumers and pushing competitors to do

9    likewise, all to make every penny of a consumer's purchase count for more.  To compete in the

10   intensely competitive $7 trillion retail sector, Amazon matches rivals' discounts, features

11   competitively priced deals rather than overpriced ones, and ensures best-in-class delivery for its

12   Prime subscribers.  Those practices—the targets of this antitrust Complaint—benefit consumers

13   and are the essence of competition.

14   It is against this backdrop that Plaintiffs concede, as they must, that this case presents

15   complex legal and factual issues that will require substantial discovery.  If this case is not

16   dismissed, as it should be, Amazon anticipates that there will be significant discovery from third-

17   party witnesses located throughout the country, such as retail competitors of Amazon, competing

18   fulfillment providers, and companies that sell their products in the Amazon store and in other

19   competing retail channels.  In addition to this unusually large amount of fact discovery, there

20   will be a substantial amount of expert testimony on issues such as the proper relevant market and

21   whether Plaintiffs have proven that Amazon's practices have caused anticompetitive effects.

22   Finally, Amazon expects that this case will present substantial legal and factual issues that may

23   be properly decided by the Court on the pending motion to dismiss and/or at summary judgment.

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    As explained further herein, this is an exceptional case in its scope and complexity.  The

2  schedule that Plaintiffs have proposed is unrealistic given the amount of discovery that they

3  claim that they need—*e.g.*, they seek the equivalent of 90 party depositions plus an additional 50

4  third-party depositions per side, they contemplate over a year for document discovery, *etc.*  If

5  Plaintiffs truly believe that this case must move quickly, as they contend, they must scale back

6  their excessive discovery proposals.

7    **2.    Proposed Deadline for Joining Additional Parties**

8    <u>**Plaintiffs' Position**</u>

9    Plaintiffs propose that the Court set the deadline to join any additional parties, including

10  additional states or territories of the United States, as 60 days after the Court's order on

11  Amazon's motion to dismiss.

12    Plaintiffs believe that giving other government enforcers time to join this case after the

13  Court rules on Amazon's motion to dismiss will conserve public resources and allow for the

14  efficient and prompt resolution of all government antitrust enforcement actions related to the

15  conduct at issue here.  Amazon's proposal would force government enforcers with similar claims

16  to file separate cases, which would almost certainly be related to this litigation.   Amazon's

17  inefficient proposal would be more burdensome for government plaintiffs and the Court and

18  could unnecessarily delay the progress of this case.

19    Plaintiffs do not anticipate seeking to join any additional parties other than additional

20  states or territories of the United States.

21    <u>**Amazon's Position**</u>

22    Amazon proposes that the Court set the deadline to join any additional parties, including

23  additional states or territories of the United States, as 30 days after the Court enters a Scheduling

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 Order.  Plaintiffs' position would result in needless duplication of effort and would disrupt the

2 case schedule, as it would likely allow additional Plaintiffs to join the case well into the

3 discovery period—written discovery requests have already been exchanged, and Amazon

4 expects that depositions will have commenced by June 2024.  Moreover, Amazon submits that a

5 longer deadline is not needed given that the FTC previously conducted an extensive four-year

6 pre-filing investigation and, with the benefit of the information gathered in that investigation,

7 had ample time to discuss with States the possibility of joining this lawsuit.

8       **3.**    **Consent to Magistrate Judge**

9 No.

10       **4.**    **Discovery Plan**

11     The parties propose different schedules, as reflected in the table below.  The parties'

12 respective positions on their proposed schedules are set forth following the table.

| Event | Plaintiffs' Proposed Deadline or Date | Amazon's Proposed Deadline or Date |
|---|---|---|
| Initial Disclosures | November 22, 2023 (already exchanged) | November 22, 2023 (already exchanged) |
| Deadline for Amazon to provide an Information Systems Diagram[1] showing sources of structured data that are potentially relevant to the parties' claims and defenses | 14 days after the Court issues a scheduling order | None.  This request is part of Plaintiffs' First Set of Requests for Production of Documents and will be addressed through the discovery process. |

---

[1] Plaintiffs define "Information Systems Diagram" to mean an organized list, schematic, diagram, or other representation sufficient to show where and how Amazon stores all physical and electronic information in its possession, custody, or control, including but not limited to information systems (*e.g.*, email messages, voice-mail messages, communications logs, enterprise content management, instant messaging, database applications), Collaborative Work Environments, and locations where information is stored, including servers and backup systems (*e.g.*, physical Amazon facility, third-party vendor location, cloud-based storage).

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Event | Plaintiffs' Proposed Deadline or Date | Amazon's Proposed Deadline or Date |
|---|---|---|
| Deadline to join additional parties, including additional states or territories of the United States | 60 days after the Court's order on Amazon's motion to dismiss | 30 days after entry of the Scheduling Order |
| Deadline for parties to substantially complete document and structured data productions in response to Requests for Production issued on or before December 14, 2023 | N/A: addressed by other deadlines proposed by Plaintiffs | July 1, 2024 (or within six months of the resolution of any disputes as to the fact or scope of production, whichever is later; approximately 16 months before the close of fact discovery) |
| Deadline for parties to substantially complete document production in response to Requests for Production issued on or before February 1, 2024 | August 1, 2024 (6 months after the latest Requests for Production at issue; approximately 8.5 months before the close of fact discovery) | N/A: addressed by other deadlines proposed by Amazon |
| Deadline for parties to complete production of structured data in response to Requests for Production issued on or before February 1, 2024 | August 1, 2024 (6 months after the latest Requests for Production at issue; approximately 8.5 months before the close of fact discovery) | N/A: addressed by other deadlines proposed by Amazon |
| Deadline for parties to substantially complete document production in response to Requests for Production issued on or before June 1, 2024 | December 1, 2024 (6 months after the latest Requests for Production at issue; approximately 4.5 months before the close of fact discovery) | N/A: addressed by other deadlines proposed by Amazon |
| Deadline for parties to complete production of structured data in response to Requests for Production issued on or before June 1, 2024 | December 1, 2024 (6 months after the latest Requests for Production at issue; approximately 4.5 months before the close of fact discovery) | N/A: addressed by other deadlines proposed by Amazon |

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Event | Plaintiffs' Proposed Deadline or Date | Amazon's Proposed Deadline or Date |
|---|---|---|
| Deadline for parties to substantially complete document production in response to Requests for Production issued after December 14, 2023 | N/A: addressed by other deadlines proposed by Plaintiffs | August 15, 2025 (approximately 4.5 months before the close of fact discovery) |
| Deadline for parties to complete production of structured data in response to Requests for Production issued on or before October 1, 2024 | February 1, 2025 (4 months after the latest Requests for Production at issue; approximately 2.5 months before the close of fact discovery) | N/A: addressed by other deadlines proposed by Amazon |
| Deadline for parties to complete production of structured data in response to Requests for Production issued at least 7 months prior to the close of fact discovery (May 15, 2025) | N/A: addressed by other deadlines proposed by Plaintiffs | September 30, 2025 (2.5 months before the close of fact discovery) |
| Deadline for issuance of third-party subpoenas and for production of third-party declarations upon which any party intends to rely for the purposes of dispositive motions | February 17, 2025 (10 weeks before the close of fact discovery) | None.  This deadline is not needed, as the parties will time their subpoenas in light of the fact discovery deadline. |
| Close of fact discovery | April 18, 2025 (approximately 17 months after start of fact discovery) | December 15, 2025 (approximately 25 months after start of fact discovery) |
| Opening expert reports from parties bearing the burden on an issue | June 13, 2025 (eight weeks after the close of fact discovery) | February 2, 2026 (seven weeks after the close of fact discovery) |
| Rebuttal expert reports | August 8, 2025 (eight weeks after opening reports); expert depositions of opening experts may occur during this period, provided that each expert may only be deposed once | March 23, 2026 (eight weeks after opening reports) (Expert depositions of opening experts may occur during this period) |

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Event | Plaintiffs' Proposed Deadline or Date | Amazon's Proposed Deadline or Date |
|---|---|---|
| Reply expert reports | October 3, 2025 (eight weeks after rebuttal reports); expert depositions of rebuttal experts may occur during this period, provided that each expert may only be deposed once | May 4, 2026 (six weeks after rebuttal reports) (Expert depositions of rebuttal experts may occur during this period) |
| Close of expert discovery | October 31, 2025 (four weeks after reply expert reports); expert depositions may occur during this period, provided that each expert may only be deposed once | June 1, 2026 (four weeks after reply expert reports) (Expert depositions may occur during this period) |
| Dispositive and *Daubert* motions | December 5, 2025 (five weeks after the close of expert discovery, including Thanksgiving) | July 13, 2026 (six weeks after the close of expert discovery) |
| Oppositions to dispositive and *Daubert* motions | January 30, 2026 (eight weeks after opening briefs, including winter holidays and New Year's Day) | August 24, 2026 (six weeks after opening briefs) |
| Reply briefs in support of dispositive and *Daubert* motions | February 27, 2026 (four weeks after opposition briefs) | September 21, 2026 (four weeks after opposition briefs) |
| Plaintiffs' pretrial statement (LCR 16(h)) | March 25, 2026 (30 days before the deadline to file a pretrial order) | October 14, 2026 (30 days before the deadline to file a pretrial order) |
| Defendants' pretrial statement (LCR 16(i)) | April 3, 2026 (21 days before the deadline to file a pretrial order; 20 days falls on a Saturday) | October 23, 2026 (21 days before the deadline to file a pretrial order; 20 days falls on a Saturday) |
| Conference of attorneys (LCR 16(k)) | April 14, 2026 (10 days before the deadline to file a pretrial order) | November 3, 2026 (10 days before the deadline to file a pretrial order) |
| Filing of Proposed Pretrial Order (LCR 16(e)) | April 24, 2026 (32 days before trial ready date; 30 days falls on a Sunday) | November 13, 2026 (31 days before trial ready date; 30 days falls on a Saturday) |
| Final Pretrial Conference | As set by the Court | To be determined by the Court |
| Trial ready date | May 26, 2026 | December 14, 2026 |

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**Plaintiffs' Position**

2    The case should move forward as quickly as possible.  Amazon's monopolistic conduct

3 affects tens of millions of American households, hundreds of thousands of sellers on Amazon,

4 and hundreds of billions of dollars in commerce every year.  Every day that passes is another day

5 of harm inflicted on shoppers, sellers, and competition.  Moreover, Congress has expressed a

6 "clear intent to prioritize speedy and efficient resolution of government antitrust suits." *United*

7 *States v. Google LLC*, 2023 WL 2486605, at *9 (E.D. Va. Mar. 14, 2023); *see FTC v. Vyera*

8 *Pharms., LLC*, 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The parties and the public have

9 a significant interest in resolving the issues raised by the [government] plaintiffs' claims with

10 due expedition."); *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999)

11 (explaining that Congress recognized "the primacy of antitrust enforcement actions brought by

12 the United States, and that such actions are of special urgency and serve a different purpose than

13 private damages suits because they seek to enjoin ongoing anticompetitive conduct," and

14 observing that the resolution of government enforcement actions "promotes judicial efficiency

15 by fostering settlement" of related private actions).

16    Plaintiffs' proposed schedule would allow the Court to set this case for trial starting in

17 May 2026, which balances the strong public interest in the speedy resolution of this case with

18 sufficient time for the parties to conduct fact discovery, exchange expert reports and take expert

19 depositions, brief dispositive and *Daubert* motions, and prepare this case for trial.  Plaintiffs have

20 proposed a number of measures to ensure that fact discovery moves quickly and stays on track,

21 including:

22

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

- A deadline for Amazon to produce information regarding sources of structured data, which will facilitate negotiations regarding data discovery (included in Plaintiffs' proposed schedule);

- Interim deadlines for document and data productions, which will ensure that discovery is moving forward in a steady and orderly manner, and which will help avoid a pile-up of discovery disputes or late-produced materials that could derail depositions and expert discovery (included in Plaintiffs' proposed schedule and Case Management Order);[2]

- Requirements for the parties to promptly meet and confer regarding custodians, search terms and/or the use of Technology-Assisted Review, and estimated production completion deadlines, which will facilitate the progress of document discovery (included in Plaintiffs' forthcoming proposed ESI protocol);

- An interim deadline for the issuance of third-party subpoenas and the production of third-party declarations upon which any party intends to rely for the purposes of dispositive motions, which will help avoid last-minute subpoenas and declarations that could lead to one-sided discovery of third parties or impact the fact discovery deadline (included in Plaintiffs' proposed schedule); and

- Bimonthly status conferences with the Court, which will put pressure on the parties to make steady progress in discovery, give the parties a forum to seek informal guidance from the Court on discovery issues, and allow the Court to

---

[2] Plaintiffs' proposed Case Management Order is attached as Exhibit A.  Amazon does not believe that a Case Management Order is needed in addition to a Scheduling Order, but Amazon has submitted a revised Case Management Order, attached as Exhibit B, that reflects its positions on the issues addressed in Plaintiffs' proposed CMO  A redline between the parties' CMO submissions is attached as Exhibit C.

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   monitor the progress of discovery overall (included in Plaintiffs' proposed Case

2   Management Order).

3   With these measures and good faith efforts by the parties, Plaintiffs believe this case can be tried

4   in May 2026.  Amazon's schedule, on the other hand, would push the trial of this case into at

5   least December 2026, over three years after the filing of this case.

6       There are seven principal differences between the parties' proposed schedules and related

7   proposed Case Management Orders:

8       ***Fact discovery:***  Plaintiffs propose approximately 17 months of fact discovery, starting

9   from the date of the parties' initial Rule 26(f) conference on November 9, 2023, with interim

10  deadlines for document and data productions.  Amazon proposes approximately 25 months of

11  fact discovery.

12      Plaintiffs believe that the parties can complete fact discovery within 17 months, with the

13  assistance of the various measures Plaintiffs have proposed to keep discovery moving quickly.

14  The longer schedule proposed by Amazon is unnecessarily extended and will needlessly delay

15  the resolution of this case.  The drawn-out fact discovery schedule proposed by Amazon will also

16  complicate efforts to coordinate discovery between this case and related cases—in particular,

17  *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the

18  "California Action"), where fact discovery is currently scheduled to close on October 11, 2024.

19  The more closely the fact discovery schedules for this case and the California Action are aligned,

20  the more coordination between the two cases may be feasible, but Amazon's proposed schedule

21  would push fact discovery in this case to over a year after the close of fact discovery in the

22  California Action.

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's argument that more time will be needed due to third-party discovery and

2  coordination issues does not hold water.  Plaintiffs believe that significant discovery will be

3  required in this case—both of Amazon witnesses and third parties—but do not believe that there

4  is any discovery that can be taken in two years that cannot be accomplished in a year and a half.

5  Amazon's proposal is particularly difficult to square with its attempt to limit Plaintiffs to only

6  ten depositions of Amazon witnesses.  As to coordination issues, which are discussed further

7  below, Plaintiffs believe that a shorter schedule will facilitate coordination with the related cases

8  that are in discovery—the California Action and the *Frame-Wilson* and *De Coster* cases before

9  this Court.

10    ***Deadlines for Substantial Completion of Document Production:***  Plaintiffs' proposed

11  schedule and Case Management Order (Section 2) include staged deadlines for the substantial

12  completion of document production, requiring the parties to substantially complete document

13  production by August 1, 2024 in response to requests for production issued on or before

14  February 1, 2024, and substantially complete document production by December 1, 2024 in

15  response to requests for production issued on or before June 1, 2024.  These deadlines will

16  ensure that the parties make steady progress in document discovery and avoid a pile-up of late

17  document discovery that might otherwise derail the discovery schedule or depositions.

18    Amazon's counterproposals for interim document production deadlines differ from

19  Plaintiffs' proposals in two significant respects.  First, Amazon's proposed first deadline for the

20  substantial completion of document production would apply only to the initial discovery requests

21  the parties have already served—and run from the "resolution of any disputes as to the fact or

22  scope of production," which eviscerates the usefulness of the deadline.  Second, while the parties

23  are close to an agreement in principle regarding a second deadline for the substantial completion

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   of document production (Plaintiffs propose a deadline four and a half months before the close of

2   fact discovery, while Amazon proposes a deadline four months before the close of fact

3   discovery) the length of Amazon's overall fact discovery schedule would warrant a third

4   intermediate deadline to ensure that document production does not languish until the end of the

5   schedule.  Overall, Plaintiffs' proposed deadlines are a more effective measure to ensure that

6   document production proceeds on a rolling basis with enough time for depositions.

7        Finally, Amazon's suggestion that Plaintiffs' schedule would defer the majority of

8   depositions until February 2025 is misguided.  The staged deadlines for document and data

9   production in Plaintiffs' proposals will help ensure that discovery moves forward on a rolling

10  basis, but that will not prevent the parties from taking depositions earlier.

11       ***Deadline for Third-Party Subpoenas:***  A deadline for the issuance of third-party

12  subpoenas and the production of third-party declarations upon which any party intends to rely for

13  the purposes of dispositive motions will help avoid last-minute subpoenas and declarations that

14  could lead to one-sided discovery of third parties and impact the deadline for the close of fact

15  discovery.  Amazon suggests that this deadline "ignores the need for coordination with respect to

16  third-party discovery," but to the extent any such coordination means that the parties would issue

17  subpoenas earlier in fact discovery, that would not conflict with a deadline.  And if any

18  coordination issues might otherwise lead the parties to issue subpoenas after Plaintiffs' proposed

19  deadline—in the last ten weeks of fact discovery—that only underscores the need for a deadline

20  to ensure that discovery stays on track.

21       ***Information Systems Diagram:***  Plaintiffs propose that the Court require Amazon to

22  produce information regarding sources of structured data within 14 days after the Court enters a

23  scheduling order, which will facilitate negotiations regarding data discovery and hopefully limit

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   the need for Plaintiffs to conduct discovery to simply understand what discoverable information

2   Amazon has.  Amazon contends that this is unnecessary because Plaintiffs have already issued a

3   discovery request for an Information Systems Diagram, but Amazon's response to that request is

4   telling:  Amazon asserts more than a page of objections (including objections to definitions), and

5   then agrees to produce *some* of what Plaintiffs requested by March 1, 2024—three months after

6   Amazon's responses and objections.  This protracted approach to data discovery is precisely

7   what Plaintiffs seek to avoid.

8        ***Structured Data, Samples, and Data Dictionaries:***  Plaintiffs' proposal would require

9   any party that identifies sources of its own structured data in its Rule 26(a)(1) disclosures, or in

10  supplements or amendments to such disclosures, to provide samples and data dictionaries for that

11  data.  Plaintiffs' proposal would also require any party to provide samples and data dictionaries

12  for structured data called for in requests for production.  These requirements eliminate the need

13  for intermediate discovery seeking samples and data dictionaries, and are intended to streamline

14  and speed up discovery negotiations regarding structured data.

15       Plaintiffs have also proposed two sets of deadlines for the completion of structured data

16  production:  requirements to produce data sets within a certain number of days after the parties

17  agree to the scope of production, and global deadlines for the completion of data productions

18  throughout the case.  These deadlines will ensure that the parties make steady progress in data

19  discovery and avoid a pile-up of late data that might otherwise derail the discovery schedule or

20  expert discovery.  Amazon's proposal, on the other hand, would only require the parties to

21  complete structured data productions by two and half months before the close of fact discovery:

22  a surefire recipe for delay that will severely prejudice Plaintiffs' efforts to analyze Amazon's

23  data (which Amazon already has) and prepare for expert discovery.

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    ***Expert discovery:***  Plaintiffs propose equal time for each exchange of expert reports

2    (opening, rebuttal, and reply); Amazon proposes seven weeks for opening reports, eight weeks

3    for rebuttal reports, and six weeks for reply reports.  Plaintiffs anticipate that Amazon's rebuttal

4    reports will include econometric, statistical, and other data-driven analyses which will require

5    Plaintiffs to spend a significant amount of time to simply ingest and understand Amazon's

6    underlying data.  As a result, Plaintiffs request that the Court allocate equal time for rebuttal and

7    reply expert reports.

8    ***Dispositive and Daubert Motions:***  Plaintiffs propose five weeks for opening briefs

9    (including Thanksgiving), eight weeks for opposition briefs (including the winter holidays and

10   New Years' Day), and four weeks for replies.  Amazon proposes six weeks, six weeks, and four

11   weeks, respectively.  Because the parties can begin preparing dispositive and *Daubert* motions

12   during expert discovery, Plaintiffs do not believe the parties need six weeks after the close of

13   expert discovery to file opening briefs.  On the other hand, Plaintiffs respectfully submit that if

14   Amazon files a motion for summary judgment and multiple *Daubert* motions, Plaintiffs will need

15   more than six weeks to respond given the extent of the factual record and legal issues in this

16   case.  Plaintiffs' proposed schedule also accounts for the fact that the deadlines for opening and

17   opposition briefs would include holidays.

18       <u>**Amazon's Position**</u>

19       Plaintiffs' proposed schedule does not provide sufficient time for discovery and pretrial

20   proceedings given the extensive discovery that Plaintiffs claim they should be entitled to take.

21   Their proposed schedule does not account for the practical difficulties that will be encountered in

22   a case involving extensive third-party discovery of out-of-state witnesses and entities or the

23   effort needed to coordinate discovery among multiple related cases, including five cases pending

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   before this Court.  In addition, Amazon submits that Plaintiffs' proposed Case Management

2   Order, which includes dates reflected in Plaintiffs' proposed schedule, is duplicative of the issues

3   addressed in this Joint Status Report and Discovery Plan and thus unnecessary.

4         Amazon's proposed schedule accounts for the time necessary given Plaintiffs' excessive

5   discovery plan and the need for coordination of depositions in related cases.  Amazon's proposal

6   is in line with the actual duration of the pretrial schedules in other major antitrust cases, such as

7   the recent DOJ v. Google case (nearly three years between complaint and trial) and the FTC's

8   case against Shire/Viro Pharma (more than 2.5 years between complaint and trial).  If Plaintiffs

9   want the case to proceed on a quicker schedule, they must present a more realistic discovery

10  plan.

11        While Plaintiffs argue that the case should move forward as quickly as possible, their

12  actions indicate otherwise.  Plaintiffs' multi-year, pre-Complaint investigation was essentially

13  completed in 2022 and yet they waited until September 26, 2023 to file suit.  And their actual

14  scheduling proposals are unreasonable and at odds with their stated goal of a quick process.  For

15  example, Plaintiffs propose a document production schedule of over one year (February 1, 2025).

16  Reasonably assuming that most fact depositions will take place after documents have been

17  produced, this would only leave **three months** (until May 9, 2025) to take the majority of the

18  (already unrealistic and unnecessary) **90** 7-hour party depositions that Plaintiffs propose—not to

19  mention the **50** 7-hour non-party depositions *per side* that they propose.  Even if, as Plaintiffs

20  argue, some depositions can be taken before the completion of document production, the reality

21  is that most will not be, and the amount of time to complete all of Plaintiffs' proposed

22  depositions will be extremely compressed.

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs are also dismissive of the need for a protocol for coordinating depositions in the

2   related cases against Amazon in this Court and other courts, arguing that such coordination is

3   "premature," and that coordination can be accomplished on an *ad hoc* and informal basis.

4   Plaintiffs cannot urge that this case proceed at full speed, while arguing that nearly 200

5   depositions should be taken, and ignoring that Amazon's witnesses and third-party witnesses are

6   potentially deponents in eight other cases that will proceed on an overlapping schedule and that

7   will need to be coordinated in order to proceed in an efficient and less burdensome manner.

8   Plaintiffs claim that a longer discovery schedule will complicate efforts to coordinate depositions

9   with the *California* case, but this is counterintuitive—a longer schedule would allow coordinated

10   depositions to be taken and also allow time for depositions that do not need to be coordinated.

11    With regard to the number of depositions (further discussed, *infra*, in Section 4(E),

12   Changes to Limitations on Discovery), Amazon's position is that Plaintiffs' request for 90 7-hour

13   depositions of party witnesses is excessive and unreasonable, especially given Plaintiffs' position

14   that they will not have any of their own witnesses be deposed.  Amazon has indicated that it is

15   willing to discuss a more reasonable proposal, but Plaintiffs have declined to reconsider their

16   number.  Therefore, in the absence of a meaningful proposal, Amazon's view is that the Federal

17   Rules of Civil Procedure should govern.

18    In developing its proposed schedule, Amazon considered the following issues that must

19   be accounted for in this case:

20    **First**, this antitrust case will involve significant amounts of discovery from third parties

21   throughout the country, such as the many retail competitors of Amazon and the businesses that

22   sell their goods in the Amazon store.  Plaintiffs' own proposed Case Management Order, which

23   Amazon does not think is necessary, contemplates up to 100 third-party depositions.  Based on

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    experience in the *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826

2    (Cal. Super. Ct.), a case involving overlapping subject matter and substantially the same parties

3    as this action, the process of subpoenaing documents from and deposing these entities is

4    extraordinarily time-intensive because, among other reasons, Amazon's competitors have raised

5    broad objections to producing categories of documents that are relevant to the issues in this case.

6    The schedule in this case should provide sufficient time to allow expected discovery issues to be

7    resolved, through negotiation if possible, so as to avoid burdening the Court with avoidable

8    discovery disputes and repeated requests to modify the schedule.

9        **Second**, there are currently five related cases against Amazon pending before this Court,

10   in addition to cases in other courts, including the California case, that overlap, in significant part,

11   with this case.  Discovery in these cases should be coordinated so that all of these cases may

12   proceed in the most efficient manner possible.  Among other goals, coordination will help to

13   reduce the burden on witnesses so that they are not required to produce documents multiple

14   times or appear for multiple depositions on the same topics in the related cases.  Third-party

15   witnesses in the California case have already requested scheduling accommodations so that they

16   could attempt to coordinate with this case.  Such coordination will involve aligning the schedules

17   of the witnesses and the counsel in the related cases and will involve more effort than is typical,

18   albeit for the purposes of achieving greater efficiency and less burden.  Amazon has proposed a

19   discovery coordination protocol to Plaintiffs intended to facilitate discovery coordination.

20   Plaintiffs have not agreed that there should be a written protocol, claiming that it is "premature."

21       **Third**, Amazon and its counsel in this case have advised Plaintiffs that they are

22   scheduled for trial on August 10, 2026 in the California case.  The trial in the California case will

23   be lengthy.  Plaintiffs' proposed schedule is premised on a May 2026 trial date in this case,

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   which is unrealistic as these proceedings—including post-trial briefing—will overlap with the

2   previously scheduled California trial.  The California case was filed a year prior to this case, in

3   September 2022, and involves a subset of the issues raised by Plaintiffs in this case.  The length

4   of time that the California court provided for discovery and pretrial proceedings reflects the

5   complexity and effort required in a case of this nature.

6          **Finally**, Amazon notes certain other items proposed by Plaintiffs that are not appropriate

7   and should not be included in the Court's Scheduling Order:

8          1.      **Information Systems Diagram**:  Plaintiffs propose that the Court set a deadline

9   of 14 days after the Court issues a scheduling order "for Amazon to provide an Information

10  Systems Diagram showing sources of structured data that are potentially relevant to the parties'

11  claims and defenses."  This information is properly the subject of a discovery request, and in fact

12  Plaintiffs have inquired into this subject in their pending document requests.  This information is

13  not properly the subject of a Scheduling Order entered without the benefit of briefing on this

14  technical issue.  Amazon is willing to meet and confer on Plaintiffs' request for production of

15  this (and all other) information, as well as the nature of the information to be provided, which

16  does not exist in the ordinary course and would be extraordinarily burdensome to generate, and

17  on all of Plaintiffs' many discovery requests.

18         2.      **Deadline to Serve Third-Party Subpoenas**:  Plaintiffs propose that the Court

19  order a "[d]eadline for issuance of third-party subpoenas and for production of third-party

20  declarations upon which any party intends to rely for the purposes of dispositive motions."

21  Amazon submits that there is no need to set a deadline for subpoenas two months in advance of

22  the fact discovery deadline.  In addition, such a deadline ignores the need for coordination with

23  respect to third-party discovery among counsel in this and the five related cases against Amazon

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 19
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   pending before this Court, as well as the cases pending in other courts, so as not to unnecessarily

2   and unduly burden third-parties with seriatim discovery on overlapping topics.  Moreover, to

3   avoid any confusion, a deadline for producing third-party declarations should not absolve

4   Plaintiffs of the obligation to produce in discovery any third-party declarations that they have

5   obtained during their pre-filing investigation.

6          3.      **Deadlines for Substantial Completion of Document Productions**:  Despite

7   noting the complexity and scope of discovery in this case, Plaintiffs propose both in the schedule

8   above and in Section 2 of their proposed Case Management Order that the parties agree to

9   substantially complete production within six months of the service of document requests.  While

10  Amazon agrees that the parties should provide estimated dates for when they will begin rolling

11  document productions and good faith estimates for the completion of that production, Amazon

12  cannot agree in the abstract to substantial completion deadlines for requests that have not yet

13  been served and for which Amazon does not know the scope.

14          Plaintiffs request Amazon's blind commitment to substantially complete production for

15  any request between now and February 1, 2024 by August 1, 2024.  But nowhere do they provide

16  any indication of the number or type of requests they anticipate serving between now and then.

17  That is, Plaintiffs could serve countless requests for production on January 31, 2024 and seek to

18  enforce a deadline of August 1, 2024 without regard to the burden those as-yet-to-be-disclosed

19  requests impose.  In particular, as it relates to potential requests that may require custodial

20  searches, collection, review, and production, Plaintiffs' proposal is unrealistic.  In the

21  investigation the FTC sought documents from more than 130 current and former Amazon

22  employees spanning a four-year period.  The FTC agreed to a production schedule in the

23  investigation that allotted more than 12 months for the rolling production of responsive

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   materials.  To meet those deadlines, Amazon had to employ a team of over 300 document

2   reviewers working full-time for more than a year.  To the extent Plaintiffs contemplate anything

3   near that volume of custodial discovery in this litigation—which they noticeably remain silent on

4   above and a volume to which Amazon would object—Plaintiffs' six-month deadlines would

5   quickly become impractical.

6          Amazon has already agreed to substantially complete its production for Plaintiffs'

7   pending 30 document requests by July 1, 2024 (as Plaintiffs initially requested).  Plaintiffs object

8   to Amazon's proposal to adjust that deadline based on the resolution of any disputes as to the

9   fact or scope of production, but this is necessary as Amazon cannot commit in the abstract to a

10  deadline for documents it objects to producing.  Amazon then proposes that for document

11  requests that have not yet been served, the parties agree to make their best efforts to substantially

12  complete document production by August 15, 2025, four months before the close of fact

13  discovery.  (Plaintiffs proposed date for substantial completion of document production is 4.5

14  months before the close of discovery.)  These deadlines do not, of course, obviate the parties'

15  commitment to provide good faith estimates for the completion of document production in

16  response to any given request, or to work to complete the production of documents as efficiently

17  as possible.

18         Simply put, Plaintiffs attempt to secure deadlines *now* for requests that have not yet been

19  served is only going to result in needless discovery disputes.  Amazon's proposal to substantially

20  complete production of documents responsive to Plaintiffs' pending requests by July 1, 2024 and

21  any to-be-served requests four months prior to the close of fact discovery is eminently

22  reasonable.

23

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 21
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1       4.      **Requirements and Deadlines for Structured Data**:  In Plaintiffs' schedule

2  above and Section 3 of their proposed Case Management Order, Plaintiffs propose artificial

3  requirements and deadlines on the production of structured data that are unnecessary and will

4  almost exclusively apply to (and burden) Amazon and not Plaintiffs.  Moreover, the information

5  described by Plaintiffs is of the type that can be requested through discovery requests and meet

6  and confer discussions between the parties, rather than through a Court order.  Finally, these

7  artificial, one-sided deadlines are unrealistic and are more likely to cause unnecessary disputes

8  than to result in a more streamlined discovery process.

9       A request for structured data will likely include a request for financial, transactional, and

10  other voluminous data sets.  Based on precedent in the pre-suit investigation and related

11  litigations, this will amount to terabytes of data.  To handle this volume of data, while also

12  turning around datasets in a realistic and timely manner, Amazon has agreed to complete

13  production in response to Plaintiffs' pending requests for structured data by July 1, 2024.

14  Amazon has also proposed completing production of structured data in response to additional

15  requests served at least seven months before the close of fact discovery no later than 2.5 months

16  prior to the close of fact discovery (the same amount of time allotted under Plaintiffs' proposal).

17       By contrast, Plaintiffs' proposal would obligate Amazon to produce samples and data

18  dictionaries within 45 days after the request was *served* and then to produce the data within 20 to

19  60 days after the parties agree on the scope of production depending on the size of the data.  This

20  proposal is not workable for Amazon for at least two reasons that Plaintiffs completely disregard.

21       First, requiring Amazon to produce samples and data dictionaries unnecessarily increases

22  the time, expense, and effort required to provide the data.  The data sets requested in the pre-

23  Complaint investigation (and that Amazon anticipates Plaintiffs will request in the litigation) are

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 22
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   bespoke data sets.  Once requested, a data engineer must engage in numerous steps to put the

2   data in producible form.  For example, a data engineer must first write the code necessary to pull

3   the requested data, the code must then be tested to determine if it captures the requested data, and

4   once tested and validated to confirm the code is working as intended, the data must then be

5   pulled and inspected for any errors.  Only after this process, and assuming everything worked as

6   intended along the way, is the data ready for production.  It is much more efficient for Amazon

7   to undertake this process only once per data set, rather than repeat steps for a sample.  In

8   addition, and given that these data sets are bespoke, data dictionaries do not exist in the ordinary

9   course and would need to be manually compiled, if possible.  Instead of requiring samples and

10  data dictionaries as a matter of course, Amazon proposes that the same obligations to meet and

11  confer for document productions also apply to requests for structured data, including meeting

12  and conferring as to the need for and burden of producing samples and data dictionaries for any

13  particular structured data request.

14        Second, Plaintiffs deadlines on the production of structured data are not realistic.

15  Plaintiffs seek to obligate Amazon to produce structured data within 20 to 60 days after the

16  parties agree on the scope of production depending on the size of the data.  But the time needed

17  to undertake the steps necessary to pull the data can, depending on the request, take more time

18  than Plaintiffs allot for the production of data, itself.  Indeed, the data sought by Plaintiffs in the

19  investigation was voluminous, totaling over 100 terabytes (each terabyte is the equivalent of

20  approximately 50 million pages (or 2,000 boxes)).[3]  Amazon anticipates that Plaintiffs will make

21  similar requests in the litigation (as they have already served requests for financial data).  Given

22

23  ──────────────────
    [3] Frank Vecella et al., *And You May Find Yourself In a Large Document Review*, Association of
    Corporate Counsel (May 1, 2009).  For comparison, NASA's Hubble science data processing

24  generates just 10 terabytes of new archive data per year.

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  that there are known issues with the timelines proposed by Plaintiffs, and Amazon has proposed

2  a reasonable alternative, it makes no sense to impose Plaintiffs' proposed deadlines on Amazon.

3              **(A)     Initial Disclosures**

4        As the Court ordered, the parties exchanged initial disclosures on November 22, 2023.

5              **(B)     Subjects, Timing, and Potential Phasing of Discovery**

6        **Plaintiffs' Position**

7        Plaintiffs anticipate that discovery will be needed regarding all of Plaintiffs' claims and

8  all of Defendants' anticipated defenses.  Plaintiffs anticipate extensive discovery, including

9  documents and data regarding:

10            • Structural and direct evidence of Amazon's monopoly power, including the scope

11               of relevant markets;

12            • Amazon's anti-discounting conduct;

13            • Amazon's fulfillment conduct; and

14            • Project Nessie.

15       Plaintiffs do not believe that phased discovery is necessary, other than separation of fact

16  and expert discovery; however, Plaintiffs believe that the Court will need to closely oversee

17  discovery to ensure that this case moves forward in a timely fashion and can be tried by mid-

18  2026.  Plaintiffs have proposed several measures to keep discovery on track with respect to

19  document production, data production, and third-party discovery.  Those measures, which

20  include interim deadlines, are included in Plaintiffs' proposed Case Management Order.

21       Plaintiffs also request that the Court set regular status conferences so that the Court can

22  track the progress of discovery and the parties can readily obtain guidance from the Court.

23  Plaintiffs propose that the Court schedule a bimonthly video or telephonic status conference

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 24
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   starting two months after the Court sets a scheduling order, and direct the parties to file a joint

2   status report regarding the status of discovery, any discovery disputes where the Court's

3   guidance could be productive, and any other matters the parties wish to bring to the Court's

4   attention no later than three business days before each scheduled status conference.

5   **Amazon's Position**

6        If this case is not dismissed, Amazon anticipates that discovery will be needed regarding

7   all of Plaintiffs' claims and all of Amazon's anticipated defenses.  Relevant discovery will

8   include discovery on the following topics:

9       -   Documents and information relied on in the Complaint;

10       -   Competition in offline and online retail and the appropriate relevant market;

11       -   Competitive conditions in the markets alleged in the Complaint, including potential

12          substitutions and the policies and practices of Amazon's competitors;

13       -   The prices and terms at which Amazon's competitors, including other retailers,

14          marketplaces, third-party sellers, and other participants in the retail market offered

15          products and services;

16       -   The benefits to competition resulting from the Amazon store; and

17       -   The remedies sought by Plaintiffs.

18        Amazon anticipates that it will need extensive discovery from Plaintiffs and third parties

19   located throughout the country, such as the many retail competitors of Amazon and the

20   businesses that sell their goods on the Amazon store.

21        Amazon believes that discovery should be phased, with fact discovery preceding expert

22   discovery, as reflected in both sides' proposed schedules.

23

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 25
CASE NO. 2:23-cv-01495-JHC

1    Amazon does not object to regular status conferences with the Court, but bimonthly

2 status conferences, as Plaintiffs' propose, would be too frequent and not an efficient use of time.

3 Amazon submits that quarterly status conferences would be sufficient, and that the parties could

4 request additional conferences should a time-sensitive dispute arise that cannot be resolved

5 through the meet and confer process.  Amazon believes that status conferences would be most

6 productive if conducted in person.

### (C)      Electronically Stored Information

8    The parties are meeting and conferring regarding an ESI Protocol that is a modified

9 version of the Western District of Washington Model Agreement Regarding Discovery of

10 Electronically Stored Information.

### (D)      Privilege Issues

12    The parties are meeting and conferring regarding a proposed Federal Rule of Evidence

13 502(d) order to address inadvertent disclosure.  The parties will advise the Court if they believe

14 that an additional order is needed to address further privilege issues.

### (E)      Changes to Limitations on Discovery

16    **Plaintiffs' Position**

17    Plaintiffs propose the following changes to limitations on discovery, which are included

18 in Plaintiffs' proposed Case Management Order.  Plaintiffs propose that:

19    • Each side is limited to 40 interrogatories in total (the parties are in agreement on

20       this point).

21    • Each side is limited to 200 requests for admission in total.  Requests for

22       admission relating solely to the authentication or admissibility of documents, data,

23

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 26
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    or other evidence (which are issues that the parties must attempt to resolve

2    initially through negotiation) do not count against these limits.

3    • Each side is limited to 630 total deposition hours for party witnesses (including

4       former employees of a party being deposed in that capacity) and 350 total

5       deposition hours for nonparty witnesses.  These time limitations refer to the time

6       of testimony actually taken on the record and apply only to fact discovery.  The

7       following do not count against these limitations: (a) depositions of the parties'

8       expert witnesses; (b) sworn testimony taken during Plaintiffs' pre-Complaint

9       investigation or in any other litigation or government investigation; and (c)

10      depositions taken for the sole purpose of establishing the authenticity or

11      admissibility of documents, data, or other evidence, provided that such

12      depositions must be designated as such at the time they are noticed.

13   • Each side may ask the Court for leave to serve additional interrogatories, serve

14      additional requests for admission, or for additional deposition time.

15   Plaintiffs' case against Amazon challenges conduct that is at the core of Amazon's

16   business, and involves multiple arms of Amazon's operations, including its first-party Retail and

17   third-party Marketplace business units, its online superstore, advertising services, Prime

18   subscription program, and fulfillment services.  Amazon has been engaged in the challenged

19   conduct for years to maintain monopolies that affect tens of millions of American households,

20   hundreds of thousands of sellers on Amazon, and hundreds of billions of dollars in commerce

21   every year.

22   Plaintiffs have proposed discovery caps for depositions that reflect a measured attempt to

23   realistically estimate the discovery that is "proportional to the needs of the case, considering the

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  importance of the issues at stake in the action, the amount in controversy, the parties' relative

2  access to relevant information, the importance of the discovery in resolving the issues, and

3  whether the burden or expense of [discovery] outweighs its likely benefit." *See* Fed. R. Civ. P.

4  26(b)(1). Courts have adopted similar discovery caps in other major antitrust enforcement

5  actions, and this case is even broader in scope than those actions. *See, e.g.*, *United States v.*

6  *Google LLC*, No. 20-cv-03010 (D.D.C. Feb. 3, 2021), Dkt. #108-1 (80 fact depositions per side,

7  including up to 16 14-hour depositions); *FTC v. Meta Platforms, Inc.*, No. 20-cv-03590 (D.D.C.

8  Mar. 3, 2022), Dkt. #103 (840 deposition hours per side); *FTC v. Qualcomm Inc.*, No. 17-cv-

9  0220 (N.D. Cal.), Dkt. #71, 75, 206 (no limit on depositions).

10         Amazon's request to limit party depositions to 10 depositions per side is wholly

11  unrealistic, at odds with Amazon's own initial disclosures, and inconsistent with Amazon's

12  proposal for two years of fact discovery. Courts routinely increase the number of depositions

13  parties may take to fit the needs of a case. Limiting Plaintiffs to 10 party depositions for a major

14  antitrust enforcement action against one of the largest companies in the world defies common

15  sense and is a naked attempt by Amazon to hamstring Plaintiffs in discovery. Further, Amazon's

16  own initial disclosures identify eighteen current and former Amazon witnesses and six broad

17  categories of third parties. Even if Amazon's disclosures were a realistic guide to the scope of

18  discovery—and they are not, at least as to Amazon witnesses—Amazon's deposition proposal

19  would prevent Plaintiffs from deposing many of the witnesses Amazon itself contends are likely

20  to have relevant information. Finally, Amazon's proposal to tightly limit the number of

21  depositions cannot be reconciled with its argument that Amazon needs more than two years in

22  fact discovery, and that the 18 months proposed by Plaintiffs "does not provide sufficient time

23  for discovery . . . in a case of this magnitude and complexity."

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon argues that Plaintiffs should be limited in discovery because Plaintiffs have

2 previously taken testimony from Amazon witnesses as part of their pre-Complaint investigation.

3 That position is unfounded.  Investigations serve a different purpose than discovery in litigation,

4 and courts have long recognized that a government agency's pre-complaint investigation is not a

5 substitute for, and should not limit, post-complaint discovery.  *See Oklahoma Press Pub Co. v.*

6 *Walling*, 327 U.S. 186, 201 (1946) (agency investigations are intended "to discover and procure

7 evidence, not to prove a pending charge or complaint, but upon which to make one if, in the

8 Administrator's judgment, the facts thus discovered should justify doing so."); *S.E.C. v. Sargent*,

9 229 F.3d 68, 80 (1st Cir. 2000) ("[T]here is no authority which suggests that it is appropriate to

10 limit the SEC's right to take discovery based upon the extent of its previous investigation into the

11 facts underlying its case[.]") (quoting *SEC v. Saul,* 133 F.R.D. 115, 118 (N.D. Ill. 1990)); *SEC v.*

12 *Jasper*, 678 F.3d 1116, 1128-29 (9th Cir. 2012) (pre-complaint interview of defendant was not a

13 substitute for deposition because of "the difference in nature of the SEC's motivation during an

14 early investigation, at which open-ended questions are typically asked without expectation the

15 witness will be needed at trial, and its motivation at an adverse witness deposition, when battle

16 lines have already been drawn"); *see also United States v. GAF Corp.*, 596 F.2d 10, 14 (2d Cir.

17 1979) ("It is important to remember that the [Justice] Department's objective at the pre-

18 complaint stage of the investigation is not to 'prove' its case but rather to make an informed

19 decision on whether or not to file a complaint.") (internal citation omitted); *FTC v. Texaco, Inc.*,

20 555 F.2d 862, 874 (D.C. Cir. 1977) ("In the pre-complaint stage, an investigating agency is

21 under no obligation to propound a narrowly focused theory of a possible future case.").

22 Plaintiffs conducted investigational hearings before filing a Complaint to determine whether to

23 bring an enforcement action, and to determine the scope of any enforcement action.  Now that

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   this case has been filed, depositions will seek testimony to prove up the specific allegations set

2   forth in the Complaint and lay a foundation for trial.  Plaintiffs are not aware of any significant

3   antitrust enforcement action in which the Court has maintained a cap of 10 depositions for party

4   witnesses because the government has previously conducted a pre-complaint investigation, and

5   Amazon has not offered any such authority.

6          Plaintiffs do not believe that any party depositions of Plaintiffs will be warranted in this

7   case.  Unlike Amazon, Plaintiffs do not have fact witnesses with relevant personal knowledge of

8   this matter who are likely to testify at trial.  Plaintiffs are government agencies and offices acting

9   in their law enforcement capacity, and the individuals with knowledge of this case are attorneys,

10  economists, and other experts acting at the direction of counsel.  As a result, any depositions of

11  Plaintiffs, including depositions of office-holders or staff, would seek the practical equivalent of

12  an examination of opposing counsel.  *See SEC v. Jasper*, 2009 WL 1457755, at *2-3 (N.D. Cal.

13  May 26, 2009); *FTC v. U.S. Grant Resources, LLC*, 2004 WL 144951, at *9-11 (E.D. La. June

14  25, 2004).  Such depositions are disfavored, and generally permitted only upon a showing that

15  "(1) no other means exist to obtain the information; (2) the information sought is relevant and

16  nonprivileged; and (3) the information is crucial to the preparation of the case." *Jasper*, 2009

17  WL 1457755, at *2 (citing *Shelton v. American Motors*, 2000 WL 116082, at *9 (N.D. Ill. Jan.

18  24, 2000)).  However, Plaintiffs do not believe the Court needs to address this issue unless and

19  until Amazon seeks depositions from Plaintiffs.

20         The parties also disagree as to the number of requests for admission that each side may

21  serve.  Plaintiffs believe their proposal of 200 requests for admissions per side, not including

22  requests for admission relating solely to the authentication or admissibility of documents, data,

23  or other evidence, is reasonable.  Requests for admission can be a useful discovery tool to

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  establish undisputed issues or identify points of dispute, and are less burdensome than

2  depositions or interrogatories.  Moreover, FRCP 36 does not set a default limit on requests for

3  admissions.

4  **Amazon's Position**

5       As explained further herein, Amazon proposes the following changes to limitations on

6  discovery:

7  • Each side is limited to 40 interrogatories in total (the parties are in agreement on

8      this point).

9  • Each side is limited to 25 requests for admission in total.  Requests for admission

10      relating solely to the authentication or admissibility of documents, data, or other

11      evidence (which are issues that the parties must attempt to resolve initially

12      through negotiation) do not count against these limits.

13  • Federal Rule of Civil Procedure 30(a)(2) limits on depositions do not apply to

14      third-party depositions or expert depositions.  Party depositions are subject to

15      Rule 30(a)(2).

16  • Each side may ask the Court for leave to serve additional interrogatories, serve

17      additional requests for admission, or for additional deposition time.

18      Amazon disagrees with several of Plaintiffs' proposals for the reasons stated below.

19  Again, the extensive scope of discovery proposed by Plaintiffs is at odds with their stated desire

20  for a quick schedule.  Amazon also reiterates that Plaintiffs' proposed Case Management Order

21  is unnecessary and should not be entered, as Plaintiffs acknowledge that it covers the same

22  subjects discussed in this Joint Status Report.

23

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 31
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    ***Limitations on Discovery.***  The scope of discovery in this case must be considered in

2    light of the extensive, four-year investigation that the FTC and certain plaintiff States conducted

3    prior to filing their Complaint.

4           During that investigation, Amazon produced to the FTC and certain States approximately

5    1.7M documents (totaling nearly 10 million pages) from more than 130 custodians negotiated

6    with the FTC (using search terms requested by the FTC), more than 100 terabytes of data, and

7    responded to 21 interrogatories (not including subparts) resulting in 130 pages of written

8    responses by Amazon, and numerous informal requests for information.  Despite this massive

9    record, Plaintiffs are now proposing extensive discovery that far exceeds what would be allowed

10   in even a large civil case.

11          **Interrogatories and Requests for Admission**:  The parties agree that the total number

12   of interrogatories the parties may serve be limited to 40.  Amazon proposes that  the total number

13   of requests for admissions the parties may serve not exceed 25.  Plaintiffs' proposal for 200

14   requests for admission is excessive, even when considered in light of the other antitrust

15   enforcement actions on which Plaintiffs rely.  In a case as complex as this, requests for

16   admission are more likely to cause discovery disputes than to meaningfully reduce the disputed

17   issues for trial.  This case involves complex issues such as the appropriate relevant market

18   definition, whether the business practices challenged had anticompetitive effects, and whether an

19   equitable remedy should be imposed and, if so, its nature.  The amount of discovery proposed by

20   Plaintiffs is extensive—the equivalent of nearly 200 depositions of Amazon-affiliated and third-

21   party witnesses.  (Amazon does not agree with this proposal, except that it agrees that third-party

22   discovery will be extensive.)  It is unlikely that requests for admission will meaningfully narrow

23   the issues in dispute on a record this large and complicated.  It is far more likely that they will

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    involve extensive time and effort and disputes that do not create significant efficiencies in the

2    resolution of this action.  Moreover, the need for requests for admission is diminished where, as

3    here, the parties must state the facts on which there is no dispute in their pretrial statement.  *See*

4    Local Rules W.D. Wash. LCR 16(h)-(i).

5           **Depositions**.  Plaintiffs' proposal for conducting depositions in this case is one-sided and

6    prejudicial to Amazon.

7                  a.  **Party Depositions**.

8           Plaintiffs propose that each side be allowed to take 630 hours of party depositions.  That

9    is the equivalent of **90** 7-hour depositions of Amazon.  This proposal is contrary to the Federal

10   Rules, unduly burdensome in light of the voluminous discovery available to Plaintiffs from the

11   pre-suit investigation, and unfairly favors Plaintiffs.  During the meet and confer, Amazon

12   indicated that it would be willing to discuss a more reasonable proposal by Plaintiffs, but

13   Plaintiffs failed to offer one.  Therefore, absent agreement, the Federal Rules of Civil Procedure

14   should apply.  First, Federal Rule of Civil Procedure 30(a)(2) provides a presumptive limit of 10

15   depositions per side.  This limit is imposed in cases, unlike here, where one side did not have the

16   benefit of a multi-year investigation prior to filing suit.  Indeed, the FTC and the investigating

17   States took transcribed, sworn testimony from 30 current and former Amazon employees and an

18   unknown number of third parties, and they attended the questioning, and have transcripts, of

19   more than 30 witnesses subpoenaed by the California Attorney General during its overlapping

20   investigation.  Given that Plaintiffs already have the benefit of the extensive pre-filing discovery,

21   there is no need for them to take 80 additional depositions beyond the default amount permitted

22   by the Federal Rules.  If Plaintiffs believe that additional party depositions are warranted, they

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    should seek leave of Court and make a showing as to their reasons for each such deposition, as

2    contemplated by Rule 30.

3        Plaintiffs argue that the extensive testimony and documents that they gathered during the

4    investigation should not be considered because the investigation was for a "different purpose."

5    But the subjects of witness examination and document productions during the investigation were

6    the same as those involved in this case.  Importantly, Plaintiffs do not represent that they will not

7    use any of the evidence gathered in their investigation in this case; in effect, they argue that they

8    should be entitled to two separate discovery records to use in this case.  And although Plaintiffs

9    insist that that an agency investigation "should not limit[] post-complaint discovery," the cases

10   they cite do not hold so, and instead address wholly different issues.  *See Okla. Press Pub Co. v.*

11   *Walling*, 327 U.S. 186, 194–202 (1946) (discussing whether investigative subpoenas violate the

12   Fourth Amendment and exceed congressional intent); *United States v. GAF Corp.*, 596 F.2d 10,

13   12–14 (2d Cir. 1979) (discussing whether an investigative subpoena can reach documents

14   collected in discovery in other cases); *FTC v. Texaco, Inc.*, 555 F.2d 862, 873–74 (D.C. Cir.

15   1977) (discussing the proper standard of relevance for an investigative subpoena); *SEC v. Jasper*,

16   678 F.3d 1116, 1127–27 (9th Cir. 2012) (discussing whether, in an investigative interview, the

17   agency had motivation to cross-examine the witness such that a hearsay exception applied).

18   Only one, *SEC v. Sargent*, 229 F.3d 68 (1st Cir. 2000), speaks to the question here.  But in that

19   case, the district court allowed the agency *no* discovery in the civil suit.  *Id.* at 74.

20       Plaintiffs' proposal for **90** depositions must be considered in light of the voluminous

21   testimony acquired in the pre-suit investigation.  Given that Plaintiffs already have the benefit of

22   sworn testimony from more than 30 witnesses in the FTC investigation and 30 more in the

23   California investigation, and that Plaintiffs will surely rely on that testimony in their case,

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 34
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Plaintiffs' proposal is excessive and unduly burdensome.  Plaintiffs are proposing to depose

2   Amazon personnel on every workday for the equivalent of four and a half months.  The

3   disruption to Amazon's business would be enormous and not proportional to the needs of the

4   case (nor proportional to the number of depositions that Plaintiffs believe Amazon should be

5   permitted to take). Amazon invited Plaintiffs to make a more reasonable proposal in response to

6   Amazon's proposal to revert to the default limit, but they did not do so.  And while Plaintiffs

7   claim they are aware of no "significant" antitrust enforcement action in which the Court has

8   maintained the default deposition limits, the Court in *Qualcomm* did just that prior to the parties'

9   agreement to expand the limit.

10        Second, Plaintiffs assert that no depositions of their own witnesses will be warranted in

11   this case, and so their proposal on the number of depositions is both excessive and one-sided.

12   Plaintiffs  took the position in the meet and confer that depositions of Plaintiffs' party witnesses

13   should be prohibited.  As discussed below, this position would be contrary to law, but regardless

14   of how Plaintiffs express their position, the net effect would be to allow Plaintiffs to take 90

15   more depositions than Amazon is permitted to take.

16             b.  **Third-Party Depositions**.

17        Plaintiffs propose that each side be allowed 350 total hours for non-party depositions,

18   which is the equivalent of 50 7-hour depositions.  While the FTC and certain States had the

19   benefit of pre-Complaint depositions, including from third-parties, Amazon had no such

20   opportunity.  Accordingly, Amazon proposes that the Fed. R. Civ. P. 30(a)(2) limit on the

21   number of depositions *not* apply to third-party depositions in this case, and that no limits be

22   imposed on the number of third-party depositions.  Third-party discovery will be vital to

23   Amazon's defense, and Plaintiffs' proposal is far lower than their proposal for the party

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  depositions that will be Plaintiffs' focus.  Third-party discovery is critical in any antitrust case,

2  especially this one.  Amazon anticipates that it will seek discovery on its defenses and Plaintiffs'

3  claims from the Plaintiffs and numerous third parties.  For example, discovery of competitors

4  will be needed to establish the threshold issue of what the relevant market is for this case.

5  Discovery of competitors and other participants in the market will be needed to establish or

6  disprove the alleged anticompetitive effects alleged in the Complaint.

7       **Response to Plaintiffs' justification for its proposed discovery limitations**.  Amazon's

8  proposed number of requests for admission account for the unprecedented volume of material

9  provided by Amazon during the FTC's multi-year pre-suit investigation.  While Plaintiffs point

10 to discovery caps in other antitrust enforcement actions, the wide-ranging caps across those

11 orders highlight the individual nature of discovery in each case.  Plaintiffs also fail to

12 acknowledge that some of the limits in those other cases were by agreement of the parties.  For

13 example, in *FTC v. Qualcomm Inc.*, No. 17-cv-0220 (N.D. Cal.), Dkt. #75, with the exception of

14 a cap on 20 interrogatories, the Court ordered that "[t]he discovery limitations in the Federal

15 Rules of Civil Procedure otherwise govern this case."  It was only five months later, and by

16 agreement of the parties, that the Court ordered that "leave is granted to all Parties to conduct in

17 excess of ten (10) depositions per side."  *Id.* Dkt. #207.  And contrary to Plaintiffs' assertion,

18 there is nothing to suggest the Court embraced "no limit" on depositions.

19      Likewise, Plaintiffs' reliance on *Google* is misleading.  Plaintiffs neglect to mention that

20 the case order they cite—docket 108—is the second case management order in the case, not the

21 first.  The original order simply memorialized the parties' agreed upon numbers of depositions,

22 interrogatories, and requests for admission.  *United States v.* Google, 20-cv-03010 (D.D.C.) Dkt.

23 #85 (ordering 65 depositions, 45 interrogatories, and 37 requests for admission).  After the court

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    entered that order, parties to the consolidated case, *Colorado v. Google*, No. 20-cv-3715, filed a

2    Rule 26 statement.  *See id.*, Dkt. #105.  In response, Google suggested a small increase to the

3    amounts already ordered in *United States v. Google* (such as five additional depositions),

4    whereas the State parties sought a much larger increase (such as sixty additional depositions,

5    thirty per side).  The order the Plaintiffs cite—docket 108—was the court's compromise, which

6    "largely adopted the approach proposed by Google" and denounced the State plaintiffs' proposal

7    as "disincentivizing cooperation."  *Id.*, Dkt. #108 at 1–2.

8        ***Depositions of government parties and witnesses*:**  Plaintiffs contend that party

9    depositions of Plaintiffs will not be warranted in this case, and in a meet and confer, they took

10   the position that party depositions of Plaintiffs should be prohibited.  Thus, it is evident that

11   Plaintiffs are of the view that their proposed number of party depositions will apply only to

12   Amazon's witnesses, and the Court should consider Plaintiffs' position when balancing the

13   parties' proposals.  In any event, Amazon notes that government parties *are* subject to Rule

14   30(b)(6) depositions.  Rule 30(b)(6) explicitly states that "a party may name as the deponent . . .

15   a governmental agency."  Fed. R. Civ. P. 30(b)(6).  Numerous decisions in this Circuit have

16   approved or involved Rule 30(b)(6) depositions of government parties.  *See See In re U.S. Dep't

17   of Educ.*, 25 F.4th 692, 704 (9th Cir. 2022); *FTC v. DIRECTV, Inc.*, No. 15-cv-01129, 2016 WL

18   4154851, at *2-3 (N.D. Cal. Aug. 5, 2016) (allowing Rule 30(b)(6) deposition of FTC); *Ibrahim

19   v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1162-63 (9th Cir. 2019).

20        **(F)    The Need for Discovery Related Orders**

21       The parties are meeting and conferring regarding a Protective Order, Expert Order, ESI

22   Protocol, and Discovery Coordination Protocol.  The parties have also met and conferred

23   regarding a Case Management Order.  Amazon believes that Plaintiffs' Case Management Order

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 37
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   is unnecessary because it is duplicative of this Joint Status Report.  Nonetheless, to preserve its

2   position, Amazon is submitting its own version of Plaintiffs' Case Management Order to set

3   forth its positions on disputed issues.  Amazon also believes that a Discovery Coordination

4   Protocol is appropriate to coordinate depositions and minimize burden in the eight related cases,

5   and it has proposed such an order to Plaintiffs.

6       **5.      Items Set Forth in LCR 26(f)(1)**

7           **(A)      Prompt Case Resolution**

8           The parties agree to work together in good faith to promptly resolve the case in

9   compliance with the Federal Rules, Local Rules of Civil Procedure, and all Court orders.

10          **(B)      Alternate Dispute Resolution**

11          The parties have considered the possibility of using alternative dispute resolution

12  procedures but do not believe that the case would benefit from such procedures at this time.

13          **(C)      Related Cases**

14      The parties agree that the following cases are related to this case:

15  •   *Frame-Wilson v. Amazon.com, Inc.*, No 2:20-cv-00424 (W.D. Wash.), Judge John

16      H. Chun

17  •   *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.), Judge John H.

18      Chun

19  •   *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-00996 (W.D. Wash.), Judge John H.

20      Chun

21  •   *Hopper v. Amazon.com, Inc.*, No. 2:23-cv-01523 (W.D. Wash.), Judge John H.

22      Chun (consolidated with *Hogan* on November 27, 2023)

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

- *Zulily v. Amazon.com, Inc.*, No. 2:23-cv-01900 (W.D. Wash.), Judge Barbara J. Rothstein

The parties agree that the following cases pending in other jurisdictions involve all or a material part of the same subject matter and all or substantially the same parties as this action:

- *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.), Judge Ethan P. Schulman

- *District of Columbia v. Amazon.com, Inc.*, No. 2021 CA 001775 B (D.C. Super. Ct.), Judge Hiram E. Puig-Lugo; dismissed, appeal pending, No. 22-CV-657 (D.C. Ct. App.)

- *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-09542 (S.D.N.Y.), Judge Vernon S. Broderick

## Plaintiffs' Position

Plaintiffs will work in good faith to coordinate discovery between the related cases to the extent it is reasonably possible to do and are willing to continue meeting and conferring with Amazon regarding a potential Discovery Coordination Protocol.  However, Plaintiffs believe that a Discovery Coordination Protocol is premature at this time.  Plaintiffs cannot make concrete plans for discovery or meaningfully discuss coordination issues with the plaintiffs in the related cases until a discovery schedule has been set in this case and Plaintiffs know how many depositions they will be able to take.  As a result, Plaintiffs propose to meet and confer further regarding a Discovery Coordination Protocol after the Court has issued a scheduling order and either ruled on discovery caps or provided some guidance to the parties regarding depositions.

## Amazon's Position

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon and numerous non-party witnesses are facing voluminous depositions covering

2    overlapping topics in this case, in five related cases pending before this Court, and in three other

3    cases against Amazon in other courts that involve the same types of claims and subject matter.

4    Amazon proposed a straightforward coordination protocol to Plaintiffs to facilitate deposition

5    discovery of common Amazon and non-party witnesses in those cases.  Such a coordination

6    protocol is needed in order to help efficiently manage these related and overlapping cases, and to

7    establish a process to avoid burdening Amazon witnesses and non-party witnesses with multiple

8    and overlapping depositions in these related cases.

9         **(D)    Discovery Management**

10        (i)    The parties agree to manage discovery in accordance with the Federal

11               Rules of Civil Procedure and the Local Civil Rules, as modified in Section

12               4.E above.

13        (ii)   The parties agree that they may benefit from sharing third party discovery

14               and associated costs (if any) and will explore whether such an agreement

15               is feasible when appropriate.

16        (iii)  The parties agree that the Court should set regular status conferences so

17               that the Court can track the progress of discovery and the parties can

18               readily obtain guidance from the Court.  Plaintiffs propose that the Court

19               schedule a bimonthly video or telephonic status conference starting two

20               months after the Court sets a scheduling order and direct the parties to file

21               a joint status report regarding the progress of discovery and any disputes

22               no later than three business days before each scheduled conference.

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon proposes that quarterly status conferences are sufficient, and that

2    status conferences should be held in person.

3    (iv)    The parties agree that the parties may use the expedited joint motion

4    procedure in LCR 37(a)(2), at the moving party's election.  The parties

5    agree that the parties may file discovery motions using the standard

6    procedure set forth in LCR 7, or such other procedure as the Court may

7    direct.

8    (v)    The parties do not request the assistance of a magistrate judge for

9    settlement conferences at this time.

10    (vi)    The parties do not request an abbreviated pre-trial order at this time.

11    (vii)    The parties are meeting and conferring regarding a Protective Order,

12    Expert Order, ESI Protocol, and Discovery Coordination Protocol.  The

13    parties have also met and conferred regarding a Case Management Order.

14    Amazon believes that Plaintiffs' Case Management Order is unnecessary

15    because it is duplicative of this Joint Status Report.  Nonetheless, to

16    preserve its position, Amazon is submitting its own version of Plaintiffs'

17    Case Management Order to set forth its positions on disputed issues.

18    **(E)    Anticipated Discovery Sought**

19    The parties anticipate that discovery will be needed regarding all of Plaintiffs' claims,

20    including remedies sought by Plaintiffs, and all of Amazon's anticipated defenses, as described

21    above in Section 4.B (Subjects, Timing, and Potential Phasing of Discovery).

22    **(F)    Phasing Motions**

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    The parties do not believe at this time that phasing motions will facilitate early resolution

2  of potentially dispositive issues.

3          **(G)      Preservation of Discoverable Information**

4          **Plaintiffs' Position**

5          Plaintiffs are concerned that Amazon has not met its obligation to preserve potentially

6  relevant ESI, including ESI created through messaging applications and collaboration tools,

7  during Plaintiffs' pre-suit investigation.  Plaintiffs sought confirmation from Amazon that it is

8  continuing to preserve documents created through Signal, Wickr, Slack, and Brainscape in

9  particular.  Plaintiffs intend to seek discovery on Amazon's compliance with its preservation

10  obligations and, if necessary, raise any related disputes to the Court promptly.

11          **Amazon's Position**

12          Amazon has met and continues to meet its preservation obligations, including for the

13  sources identified by the FTC and Investigating States.  During the four-year pre-Complaint

14  investigation, Amazon cooperatively and voluntarily provided information to the FTC and

15  Investigating States about messaging services they identified, such as Signal, Wickr, Slack, and

16  Brainscape, as well as multiple other data sources that led to the production of millions of

17  documents in response to their requests.  Specifically, with respect to Signal, Amazon spent over

18  a year corresponding with the FTC and Investigating States, providing information about

19  employees' use of Signal in response to their requests, inviting staff to review non-responsive

20  messages *in camera*, and producing a witness to testify on issues of preservation and ephemeral

21  messaging. Amazon and will continue to cooperate with reasonable requests for relevant

22  information and documents in this matter.

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1      Amazon also expects that the FTC and Plaintiff States have ensured the preservation of

2   all ESI relating to this matter, including but not limited to any communications involving FTC

3   Commissioners, Front Office personnel, and Staff on personal devices or ephemeral messaging

4   platforms like Signal—from their inception through the present.  Plaintiffs should inform

5   Amazon what steps, if any, they have taken in this regard, so that any preservation issues in this

6   case can be examined in a principled and bilateral fashion.

7                    **(H)     Inadvertent Production and Privilege Waiver Issues**

8          The parties are meeting and conferring regarding a proposed Federal Rule of Evidence

9   502(d) order to address inadvertent disclosure.

10                   **(I)     Model Protocol for Discovery of ESI**

11                       (i)   Plaintiffs' discoverable ESI consists of emails and other documents

12                             located on Plaintiffs' servers and internal systems (e.g., Microsoft

13                             Outlook) as well as on third-party messaging applications and

14                             collaboration tools and personal devices to the extent used for

15                             communications relevant to this investigation. Amazon's discoverable ESI

16                             consists of emails and other documents located on Amazon's servers and

17                             internal systems as well as the messaging applications and collaboration

18                             tools listed above.

19                       (ii)  As stated in Section 4.C. (Electronically Stored Information), the parties

20                             are meeting and conferring regarding an ESI Protocol that is a modified

21                             version of the Western District of Washington Model Agreement

22                             Regarding Discovery of Electronically Stored Information in Civil

23                             Litigation.

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 43          **FEDERAL TRADE COMMISSION**
CASE NO. 2:23-cv-01495-JHC                                       600 Pennsylvania Avenue, NW
                                                                       Washington, DC 20580
                                                                          (202) 326-2222

1

**(J)      Alternative to Model Protocol**

2      As stated in Section 4.C (Electronically Stored Information), the parties are discussing a

3  modified version of the Western District of Washington Model Agreement Regarding Discovery

4  of Electronically Stored Information.

5      **6.      Discovery Completion Date**

6      **Plaintiffs' Proposal**

7      Plaintiffs propose that fact discovery be completed by April 18, 2025 (approximately 17

8  months after the start of fact discovery), and that expert discovery be completed by October 31,

9  2025, as described in the chart at the beginning of Section 4.

10      **Amazon's Proposal**

11      Amazon proposes that fact discovery be completed by December 15, 2025 (24 months

12  from the filing of this Joint Status Report and Discovery Plan) and that expert discovery be

13  completed June 1, 2026 (5.5 months after the close of fact discovery), as described in the chart at

14  the beginning of Section 4.

15      **7.      Bifurcation**

16      **Plaintiffs' Proposal**

17      Plaintiffs propose that trial should address only Amazon's liability under Section 5 of the

18  FTC Act, Section 2 of the Sherman Act, and applicable state competition and consumer

19  protection laws.  If the Court renders a decision finding Amazon liable, the parties will then

20  promptly submit a proposal regarding a schedule for any separate remedy hearing, if necessary.

21  This proposal would not limit the ability of any party to take discovery regarding remedies

22  during the time for fact discovery.  This approach will allow the Court and the parties to focus on

23  liability issues before turning to the issue of what relief is necessary to stop Amazon's unlawful

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 44
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  activities, restore fair competition, and remedy the harm to competition caused by Amazon's

2  conduct.

3  **Amazon's Proposal**

4  All issues, both liability and remedy, should be tried together.  It is significantly more

5  efficient for the Court, the witnesses, and the parties to participate in one trial rather than in two

6  separate trials.  Moreover, as described above, the FTC and Investigating States spent four years

7  investigating Amazon prior to filing suit and gathered an enormous amount of data, documents,

8  and testimony prior to filing this lawsuit.  The FTC and the Plaintiff States who chose to join this

9  lawsuit should already have a position on the remedies that they are seeking, and they should

10  announce that position to the Court in order to provide guidance on the issues to be resolved and

11  the discovery that Amazon will need to develop to defend against Plaintiffs' requested remedies.

12  If, on the other hand, Plaintiffs do not know what remedy they are seeking, they should advise

13  the Court and Amazon, as it would be remarkable if Plaintiffs brought such a complex lawsuit

14  without an idea of what relief they will ask the Court to enter.

15  **8.      Whether the Pretrial Statements and Pretrial Order Called for by Local
16          Civil Rules 16I, (h), (i), and (k), and 16.1 Should Be Dispensed With in Whole
          or in Part for the Sake of Economy**

17  The parties believe that the case will need to develop further before they can assess

18  whether to dispense in whole or part with the use of pretrial statements and a pretrial order under

19  LCR 16(e), (h), (i), and (l), and under LCR 16.1.

20  **9.      Whether the Parties Intend to Utilize the Individualized Trial Program Set
21          Forth in Local Civil Rule 39.2 or any ADR Options Set Forth in Local Civil
          Rule 39.1**

22  The parties do not intend to use the Individualized Trial Program set forth in LCR 39.2 or

23  the ADR options set forth in LCR 39.1.

24  **10.     Any Other Suggestions for Shortening or Simplifying the Case**

JOINT STATUS REPORT AND DISCOVERY PLAN - 45
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    The parties will in good faith seek to identify opportunities to streamline the case.

2    **11.    The Date the Case Will Be Ready for Trial**

3    Under Plaintiffs' proposed schedule, this case will be ready for trial on May 26, 2026, as

4    described in the chart at the beginning of Section 4.  Under Amazon's proposed schedule, this

5    case will be ready for trial in or after December 2026.

6    **12.    Whether the Trial Will Be Jury or Non-Jury**

7    The parties are not requesting a jury trial at this time.

8    **13.    The Number of Trial Days Required**

9    **Plaintiffs' Position**

10   Plaintiffs respectfully submit that it would be premature to estimate the number of trial

11   days needed for this matter until the parties have engaged in fact discovery and can better assess

12   the evidence each side is likely to present at trial.  Subject to the foregoing, Plaintiffs estimate

13   that this case will require at least four full weeks of trial.

14   **Amazon's Position**

15   Amazon believes that no trial is necessary as the case should be dismissed prior to trial.

16   To the extent a trial is required, Amazon respectfully submits that it would be premature to

17   estimate the number of trial days needed for this matter until the parties have a chance to

18   undertake discovery and better assess the testimonial and documentary evidence each plans to

19   present at trial.  Subject to the foregoing and reserving all rights, Amazon estimates that the case

20   will require at least six full weeks of trial.

21   **14.    The Names, Addresses, and Telephone Numbers of All Trial Counsel**

22   **Plaintiffs:**

23   Susan A. Musser
     Edward H. Takashima

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    David B. Schwartz
     Stephen E. Antonio
2    Emily K. Bolles
     Daniel S. Bradley
3    Emma Dick
     Sara M. Divett
4    Megan E. B. Henry
     Colin M. Herd
5    Christine M. Kennedy
     Daniel A. Principato
6    Danielle C. Quinn
     Z. Lily Rudy
7    Kelly Schoolmeester
     Christina F. Shackelford
8    Jake Walter-Warner
     Federal Trade Commission
9    600 Pennsylvania Avenue, NW
     Washington, DC 20580
10   Telephone:  (202) 326-2122 (Musser)
                 (202) 326-2464 (Takashima)
11   Email: smusser@ftc.gov
            etakashima@ftc.gov
12          dschwartz1@ftc.gov
            santonio@ftc.gov
13          ebolles@ftc.gov
            dbradley@ftc.gov
14          edick@ftc.gov
            sdivett@ftc.gov
15          mhenry@ftc.gov
            cherd@ftc.gov
16          ckennedy@ftc.gov
            dprincipato@ftc.gov
17          dquinn@ftc.gov
            zrudy@ftc.gov
18          kschoolmeester@ftc.gov
            cshackelford@ftc.gov
19          jwalterwarner@ftc.gov

20   Michael Jo
     Assistant Attorney General, Antitrust Bureau
21   New York State Office of the Attorney General
     28 Liberty Street
22   New York, NY 10005
     Telephone: (212) 416-6537
23   Email: Michael.Jo@ag.ny.gov

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 47
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Rahul A. Darwar
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov

Alexandra C. Sosnowski
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

Caleb J. Smith
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2230
Email: caleb.smith@oag.ok.gov

Jennifer A. Thomson
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

Michael A. Undorf
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

Christina M. Moylan
Assistant Attorney General
Chief, Consumer Protection Division

JOINT STATUS REPORT AND DISCOVERY PLAN - 48
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Office of the Maine Attorney General
     6 State House Station
2    Augusta, ME 04333-0006
     Telephone: (207) 626-8800
3    Email: christina.moylan@maine.gov

4    Gary Honick
     Assistant Attorney General
5    Deputy Chief, Antitrust Division
     Office of the Maryland Attorney General
6    200 St. Paul Place
     Baltimore, MD 21202
7    Telephone: (410) 576-6474
     Email: Ghonick@oag.state.md.us

8
     Michael Mackenzie
9    Deputy Chief, Antitrust Division
     Office of the Massachusetts Attorney General
10   One Ashburton Place, 18th Floor
     Boston, MA 02108
11   Telephone: (617) 963-2369
     Email: michael.mackenzie@mass.gov

12
     Scott A. Mertens
13   Assistant Attorney General
     Michigan Department of Attorney General
14   525 West Ottawa Street
     Lansing, MI 48933
15   Telephone: (517) 335-7622
     Email: MertensS@michigan.gov

16
     Zach Biesanz
17   Senior Enforcement Counsel
     Office of the Minnesota Attorney General
18   445 Minnesota Street, Suite 1400
     Saint Paul, MN 55101
19   Telephone: (651) 757-1257
     Email: zach.biesanz@ag.state.mn.us

20
     Lucas J. Tucker
21   Senior Deputy Attorney General
     Office of the Nevada Attorney General
22   100 N. Carson St.
     Carson City, NV 89701
23   Telephone: (775) 684-1100
     Email: LTucker@ag.nv.gov

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 49
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

Ana Atta-Alla
Deputy Attorney General
New Jersey Office of the Attorney General
3   124 Halsey Street, 5th Floor
Newark, NJ 07101
4   Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov

5

6

Jeffrey Herrera
Assistant Attorney General
New Mexico Office of the Attorney General
7   408 Galisteo St.
Santa Fe, NM 87501
8   Telephone: (505) 490-4878
Email: jherrera@nmag.gov

9

10

Timothy D. Smith
Senior Assistant Attorney General
Antitrust and False Claims Unit
11   Oregon Department of Justice
100 SW Market St
12   Portland, OR 97201
Telephone: (503) 934-4400
13   Email: tim.smith@doj.state.or.us

14

Stephen N. Provazza
Special Assistant Attorney General
15   Chief, Consumer and Economic Justice Unit
Department of the Attorney General
16   150 South Main Street
Providence, RI 02903
17   Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov

18

Gwendolyn J. Cooley
19   Assistant Attorney General
Wisconsin Department of Justice
20   Post Office Box 7857
Madison, WI 53707-7857
21   Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us

22

**Amazon:**

23

Patty A. Eakes, WSBA #18888

24

JOINT STATUS REPORT AND DISCOVERY PLAN - 50
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email:  patty.eakes@morganlewis.com
          molly.terwilliger@morganlewis.com

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice pending*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
          jschmidtlein@wc.com
          khodges@wc.com
          jpitt@wc.com
          cmetz@wc.com
          cpruski@wc.com
          cforkner@wc.com

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email:  tbarnett@cov.com

**15.     The Dates on Which the Trial Counsel may Have Complications to Be Considered in Setting a Trial Date**

Plaintiffs' trial counsel have no known complications at this time.  Amazon's trial counsel are currently scheduled for trial in *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.), Judge Ethan P. Schulman, commencing on August 10, 2026.

**16.     If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will**

JOINT STATUS REPORT AND DISCOVERY PLAN - 51
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  **be effected, why it was not made earlier, and shall provide a proposed**
2  **schedule for the required FRCP 26(f) conference and FRCP 26(a) initial**
   **disclosures.**

3  Defendant Amazon has been served.

4  17.    **Whether Any Party Wishes a Pretrial FRCP 16 Conference With the Judge**
         **Prior to Entry of Any Order Pursuant to Rule 16 or Setting of a Schedule**
5        **For This Case**.

6       Plaintiffs request an in-person, video, or telephonic FRCP 16 conference with the Court

7  prior to entry of an order setting a schedule for this case.  Amazon submits that an in-person

8  conference would be most productive and requests that the FRCP 16 conference be in person.

9  **18.    The Dates Each Nongovernmental Corporate Party Filed its Disclosure**
         **Statement Pursuant to FRCP 7.1 and LCR 7.1.**
10
11      Amazon filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on October 2,

12 2023 (Dkt. #14).

13

14

15

16

17

18

19

20

21

22

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Dated: December 15, 2023                    Respectfully submitted,

2                                               *s/ Edward H. Takashima*
                                                SUSAN A. MUSSER (DC Bar # 1531486)
3                                               EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                                DAVID B. SCHWARTZ (NY Reg. # 4947925)
4                                               DANIELLE C. QUINN (NY Reg. # 5408943)
                                                EMILY K. BOLLES (NY Reg. # 5408703)
5                                               Federal Trade Commission
                                                600 Pennsylvania Avenue, NW
6                                               Washington, DC 20580
                                                Tel.:   (202) 326-2122 (Musser)
7                                                       (202) 326-2464 (Takashima)
                                                Email:  smusser@ftc.gov
8                                                       etakashima@ftc.gov
                                                        dschwartz1@ftc.gov
9                                                       dquinn@ftc.gov
                                                        ebolles@ftc.gov
10
                                                *Attorneys for Plaintiff Federal Trade Commission*
11

12  *s/ Michael Jo*                             *s/ Alexandra C. Sosnowski*
    Michael Jo (admitted *pro hac vice*)        Alexandra C. Sosnowski (admitted *pro hac
13  Assistant Attorney General, Antitrust Bureau   vice*)
    New York State Office of the Attorney       Assistant Attorney General
14  General                                     Consumer Protection and Antitrust Bureau
    28 Liberty Street                           New Hampshire Department of Justice
15  New York, NY 10005                          Office of the Attorney General
    Telephone: (212) 416-6537                   One Granite Place South
16  Email: Michael.Jo@ag.ny.gov                 Concord, NH 03301
    *Counsel for Plaintiff State of New York*   Telephone: (603) 271-2678
17                                              Email: Alexandra.c.sosnowski@doj.nh.gov
    *s/ Rahul A. Darwar*                        *Counsel for Plaintiff State of New Hampshire*
18  Rahul A. Darwar (admitted *pro hac vice*)
    Assistant Attorney General                  *s/ Caleb J. Smith*
19  Office of the Attorney General of Connecticut Caleb J. Smith (admitted *pro hac vice*)
    165 Capitol Avenue                          Assistant Attorney General
20  Hartford, CT 06016                          Consumer Protection Unit
    Telephone: (860) 808-5030                   Office of the Oklahoma Attorney General
21  Email: Rahul.Darwar@ct.gov                  15 West 6th Street, Suite 1000
    *Counsel for Plaintiff State of Connecticut* Tulsa, OK 74119
22                                              Telephone: (918) 581-2230
                                                Email: caleb.smith@oag.ok.gov
23                                              *Counsel for Plaintiff State of Oklahoma*

24

1  *s/ Jennifer A. Thomson*                      *s/ Michael Mackenzie*
   Jennifer A. Thomson (admitted *pro hac vice*)  Michael Mackenzie (admitted *pro hac vice*)
2  Senior Deputy Attorney General                Deputy Chief, Antitrust Division
   Pennsylvania Office of Attorney General       Office of the Massachusetts Attorney General
3  Strawberry Square, 14th Floor                 One Ashburton Place, 18th Floor
   Harrisburg, PA 17120                          Boston, MA 02108
4  Telephone: (717) 787-4530                     Telephone: (617) 963-2369
   Email: jthomson@attorneygeneral.gov           Email: michael.mackenzie@mass.gov
5  *Counsel for Plaintiff Commonwealth of*       *Counsel for Plaintiff Commonwealth of*
   *Pennsylvania*                                *Massachusetts*
6
   *s/ Michael A. Undorf*                         *s/ Scott A. Mertens*
7  Michael A. Undorf (admitted *pro hac vice*)   Scott A. Mertens (admitted *pro hac vice*)
   Deputy Attorney General                       Assistant Attorney General
8  Delaware Department of Justice                Michigan Department of Attorney General
   820 N. French St., 5th Floor                  525 West Ottawa Street
9  Wilmington, DE 19801                          Lansing, MI 48933
   Telephone: (302) 683-8816                     Telephone: (517) 335-7622
10 Email: michael.undorf@delaware.gov            Email: MertensS@michigan.gov
   *Counsel for Plaintiff State of Delaware*     *Counsel for Plaintiff State of Michigan*
11
   *s/ Christina M. Moylan*                       *s/ Zach Biesanz*
12 Christina M. Moylan (admitted *pro hac vice*)  Zach Biesanz (admitted *pro hac vice*)
   Assistant Attorney General                    Senior Enforcement Counsel
13 Chief, Consumer Protection Division           Office of the Minnesota Attorney General
   Office of the Maine Attorney General          445 Minnesota Street, Suite 1400
14 6 State House Station                         Saint Paul, MN 55101
   Augusta, ME 04333-0006                        Telephone: (651) 757-1257
15 Telephone: (207) 626-8800                     Email: zach.biesanz@ag.state.mn.us
   Email: christina.moylan@maine.gov             *Counsel for Plaintiff State of Minnesota*
16 *Counsel for Plaintiff State of Maine*
                                                 *s/ Lucas J. Tucker*
17 *s/ Gary Honick*                               Lucas J. Tucker (admitted *pro hac vice*)
   Gary Honick (admitted *pro hac vice*)         Senior Deputy Attorney General
18 Assistant Attorney General                    Office of the Nevada Attorney General
   Deputy Chief, Antitrust Division              100 N. Carson St.
19 Office of the Maryland Attorney General       Carson City, NV 89701
   200 St. Paul Place                            Telephone: (775) 684-1100
20 Baltimore, MD 21202                           Email: LTucker@ag.nv.gov
   Telephone: (410) 576-6474                     *Counsel for Plaintiff State of Nevada*
21 Email: Ghonick@oag.state.md.us
   *Counsel for Plaintiff State of Maryland*
22

23

24

1  *s/ Ana Atta-Alla*
   Ana Atta-Alla (admitted *pro hac vice*)
2  Deputy Attorney General
   New Jersey Office of the Attorney General
3  124 Halsey Street, 5th Floor
   Newark, NJ 07101
4  Telephone: (973) 648-3070
   Email: Ana.Atta-Alla@law.njoag.gov
5  *Counsel for Plaintiff State of New Jersey*

6  *s/ Jeffrey Herrera*
   Jeffrey Herrera (admitted *pro hac vice*)
7  Assistant Attorney General
   New Mexico Office of the Attorney General
8  408 Galisteo St.
   Santa Fe, NM 87501
9  Telephone: (505) 490-4878
   Email: jherrera@nmag.gov
10 *Counsel for Plaintiff State of New Mexico*

11 *s/ Timothy D. Smith*
   Timothy D. Smith, WSBA No. 44583
12 Senior Assistant Attorney General
   Antitrust and False Claims Unit
13 Oregon Department of Justice
   100 SW Market St
14 Portland, OR 97201
   Telephone: (503) 934-4400
15 Email: tim.smith@doj.state.or.us
   *Counsel for Plaintiff State of Oregon*

16

17

18

19

20

21

22

23

24

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 55
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1
2
3
4
5
6
7
8
9

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
         khodges@wc.com
         jpitt@wc.com
         cmetz@wc.com
         cpruski@wc.com
         cforkner@wc.com

10

**COVINGTON & BURLING LLP**

11
12
13
14

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

15

*Attorneys for Defendant Amazon.com, Inc.*

16
17
18
19
20
21
22
23
24

JOINT STATUS REPORT AND DISCOVERY PLAN - 56
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222