# Exhibit B

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>AMAZON.COM, INC., a corporation, <br><br>Defendant. | CASE NO.: 2:23-cv-01495-JHC <br><br>[AMAZON'S REVISIONS TO PLAINTIFFS' PROPOSED] CASE MANAGEMENT ORDER |

Pursuant to the Joint Status Report and Discovery Plan submitted by the parties, the Court orders that the following shall govern the proceedings:

1. **Status Conferences**

   a. The Court will hold a quarterly status conference, starting two months after the Court issues a scheduling order, or at such times as the Court determines in its discretion.

   b. The parties shall submit a joint status report no later than three business days before each scheduled status conference containing a brief update regarding the status of discovery, any discovery disputes where the Court's guidance could be productive, and any other matters the parties wish to bring to the Court's attention. Any party that intends to raise a discovery dispute in the joint status report shall notify the other side of its intent to do so, in

CASE MANAGEMENT ORDER - 1
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

writing, no later than five business days before the joint status report is due. Nothing herein shall preclude any party from otherwise submitting discovery disputes in accordance with the procedures of the Local Rules or this Order.

2. **Document Requests**

    a.    The parties must serve responses and objections to requests for production of documents within 30 days as required by FRCP 34, unless otherwise agreed by the parties. At the time it serves its responses, the producing party will provide estimated dates for when it will begin rolling document productions of the documents it has agreed to produce in its responses and for the completion of that production, or alternately propose a date for an inspection of documents.

    b.    Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, the scope of the producing party's collection, search, and review of documents (including regarding custodians and any search methodology, if applicable), and the timing of document production.

    c.    All document productions shall be made on a rolling basis.

    d.    To the extent that there is a dispute regarding the fact or scope of production that affects the producing party's ability to provide estimated times for when it will begin and complete its document production, the producing party will supplement its good-faith estimates, or alternately propose a date for an inspection of documents, upon the resolution of such disputes.

    e.    The parties shall make reasonable, good-faith efforts to substantially complete document production by July 1, 2024 in response to requests for production issued on or before December 14, 2023, and shall substantially complete document production four months

CASE MANAGEMENT ORDER - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

prior to the close of fact discovery in response to subsequent requests for production. These deadlines shall not be construed as limiting the parties' ability to issue discovery requests, or as limiting the scope of those requests. The parties may agree to modify these dates. The provisions in this paragraph 2(e) do not apply to productions of structured data.

**3. Structured Data.**

    a. Paragraphs 2(a) through 2(d) above apply to requests for production of structured data.

    b. The parties shall make reasonable, good-faith efforts to substantially complete the production of structured data by July 1, 2024 in response to requests for production issued on or before December 14, 2023 and shall complete the production of structured data 2.5 months prior to close of fact discovery in response to requests issued at least 7 months prior to the close of fact discovery.

    c. Any significant volume of data may be produced by AWS s3 buckets to facilitate efficient transmission of the data.

    d. These deadlines shall not be construed as limiting the parties' ability to issue discovery requests, or as limiting the scope of those requests.

**4. Interrogatories.**

    a. Each side is limited to 40 interrogatories in total, including discrete subparts. Each side reserves the right to ask the Court for leave to serve additional interrogatories. If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served.

    b. The parties must serve responses and objections to interrogatories within 30 days as required by FRCP 33, unless otherwise agreed by the parties. If the responding party

CASE MANAGEMENT ORDER - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

opts to respond by producing business records pursuant to FRCP 33(d), Paragraphs 2(a) through 2(e) above shall apply.

   c. Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, whether any interrogatory may be satisfied by the production of documents or structured data, the scope of the producing party's collection, search, and review of documents, if applicable (including regarding custodians and any search methodology, if applicable), and the timing of document production, if applicable.

  5. **Requests for Admission.**

   a. Each side is limited to 25 requests for admission in total.  Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through good-faith negotiation) do not count against these limits.  Each side reserves the right to ask the Court for leave to serve additional requests for admission.

   b. The parties must serve responses and objections to requests for admission within 30 days as required by FRCP 36, unless otherwise agreed by the parties.

   c. The close of fact discovery shall not limit requests for admission regarding authentication or admissibility.

  6. **Depositions.**

   a. The limits on the number of depositions set forth in the Federal Rules of Civil Procedure 30(a)(2) shall not apply to depositions of third-party witnesses or of expert witnesses.  For purposes of this provision, third-party witnesses shall not include individuals who formerly were employed or affiliated with any party to this action.

CASE MANAGEMENT ORDER - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

b. Where the parties and the deponent consent, depositions may be held remotely. The parties will meet and confer regarding a protocol for remote depositions. Nothing in this Order prevents a party from seeking an in-person deposition.

c. The parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay.

d. If a witness is a former employee of a party, that party shall promptly, and no later than 14 days of receiving a deposition notice for the former employee, provide the following information to the extent that it is known: (a) the former employee's date of departure and last known address; (b) whether the party's counsel will be representing the former employee in connection with the deposition, and if so, whether the party's counsel will accept service of a subpoena; and (c) if the party's counsel will not be representing the former employee in connection with the deposition, the name and contact information for the witness' counsel or that the witness is unrepresented. The party shall promptly supplement any information that is subsequently known to the party.

e. If a party serves a subpoena for the production of documents or ESI on a nonparty and subpoena commanding a deposition by a witness for the nonparty, the party serving those subpoenas must schedule the witness's deposition for a date at least 14 days after the return date for the document subpoena. If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the witness is an author, sender, recipient, or custodian; and (b) that are contained in a shared filing location or electronic or physical repository that the witness had access to in the ordinary course of business.

CASE MANAGEMENT ORDER - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

f.  If a party serves a subpoena for the production of documents or ESI on a nonparty and subpoena commanding a Rule 30(b)(6) deposition for the nonparty, the party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena.  If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena compliance).

7.  **Discovery on Nonparties.**  The requesting party must provide all other parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within 3 business days of the modification, extension, or postponement.  Every discovery request to a nonparty shall include a cover letter requesting that the nonparty provide copies of all productions to both the requesting party and the other side at the same time.

8.  **Expedited Joint Motion Procedure.**  The parties may use the expedited joint motion procedure for discovery disputes in LCR 37(a)(2), at the moving party's election.  The parties may also file discovery motions using the standard procedure set forth in LCR 7.

9.  **Service of Pleadings and Discovery on Other Parties.**  Service of all pleadings, motions, and other papers that are filed shall be made by ECF (which will send notice to all parties and nonparties registered with ECF).  Service of all discovery notices, requests (including subpoenas for testimony or documents under FRCP 45), and written responses shall be made by email to the persons whose email is listed below.  If the volume of attachments makes service by email impracticable, a party shall make service via a secure FTP service or overnight delivery to the persons listed below.  The parties may modify this list by agreement.

**Plaintiffs**

Susan A. Musser, smusser@ftc.gov

CASE MANAGEMENT ORDER - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Edward H. Takashima, etakashima@ftc.gov
Danielle C. Quinn, dquinn@ftc.gov
Emily K. Bolles, ebolles@ftc.gov
Colin M. Herd, cherd@ftc.gov
Daniel A. Principato, dprincipato@ftc.gov
Michael Jo, Michael.Jo@ag.ny.gov
Rahul Darwar, Rahul.Darwar@ct.gov
Alexandra C. Sosnowski, Alexandra.c.sosnowski@doj.nh.gov
Caleb J. Smith, caleb.smith@oag.ok.gov
Jennifer A. Thomson, jthomson@attorneygeneral.gov
Michael A. Undorf, michael.undorf@delaware.gov
Christina M. Moylan, christina.moylan@maine.gov
Gary Honick, Ghonick@oag.state.md.us
Michael MacKenzie, michael.mackenzie@mass.gov
Scott A. Mertens, MertensS@michigan.gov
Zach Biesanz, zach.biesanz@ag.state.mn.us
Lucas J. Tucker, LTucker@ag.nv.gov
Ana Atta-Alla, Ana.Atta-Alla@law.njoag.gov
Jeffrey Herrera, jherrera@nmag.gov
Timothy D. Smith, tim.smith@doj.state.or.us
Stephen N. Provazza, sprovazza@riag.ri.gov
Gwendolyn J. Cooley, cooleygj@doj.state.wi.us

**Amazon**

Patty A. Eakes, patty.eakes@morganlewis.com
Molly A. Terwilliger, molly.terwilliger@morganlewis.com
Heidi K. Hubbard, hhubbard@wc.com
John E. Schmidtlein, jschmidtlein@wc.com
Kevin M. Hodges, khodges@wc.com
Jonathan B. Pitt, jpitt@wc.com
Carl R. Metz, cmetz@wc.com
Carol J. Pruski, cpruski@wc.com
Constance T. Forkner, cforkner@wc.com
Thomas O. Barnett, tbarnett@cov.com

10. **Presumptions of Authenticity**.  Documents produced by parties and nonparties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good faith written objection to the document's authenticity, the presumption of authenticity will

CASE MANAGEMENT ORDER - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

11. **Nationwide Service of Process.** To assist the parties in planning discovery, and in light of the geographic dispersion of potential witnesses in this action, the Court finds that there is good cause shown to permit the parties, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of FRCP 32 and FRE 804 "available" under these rules regarding the use at trial of a deposition taken in this action.

12. **Modification.** Any party may seek modification of this order, for good cause.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable John H. Chun
UNITED STATES DISTRICT JUDGE

CASE MANAGEMENT ORDER - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222