# Exhibit C

THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | CASE NO.: 2:23-cv-01495-JHC<br><br>[~~AMAZON'S REVISIONS TO~~ PLAINTIFFS' PROPOSED] CASE MANAGEMENT ORDER |

Pursuant to the Joint Status Report and Discovery Plan submitted by the parties, the Court orders that the following shall govern the proceedings:

**1.   Status Conferences**

    a.   The Court will hold a ~~quarterly~~bimonthly [video/telephonic] status conference, starting two months after the Court issues a scheduling order, or at such times as the Court determines in its discretion.

    b.   The parties shall submit a joint status report no later than three business days before each scheduled status conference containing a brief update regarding the status of discovery, any discovery disputes where the Court's guidance could be productive, and any other matters the parties wish to bring to the Court's attention.  Any party that intends to raise a discovery dispute in the joint status report shall notify the other side of its intent to do so, in

CASE MANAGEMENT ORDER - 1
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

writing, no later than five business days before the joint status report is due.  Nothing herein shall preclude any party from otherwise submitting discovery disputes in accordance with the procedures of the Local Rules or this Order.

**2.     Document Requests**

a.     The parties must serve responses and objections to requests for production of documents within 30 days as required by FRCP 34, unless otherwise agreed by the parties.  At the time it serves its responses, the producing party will provide estimated dates for when it will begin rolling document productions of the documents it has agreed to produce in its responses and for the completion of that production, or alternately propose a date for an inspection of documents.

b.     Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, the scope of the producing party's collection, search, and review of documents (including regarding custodians and any search methodology, if applicable), and the timing of document production.

c.     All document productions shall be made on a rolling basis.

d.     To the extent that there is a dispute regarding the fact or scope of production that affects the producing party's ability to provide estimated times for when it will begin and complete its document production, the producing party will supplement its good-faith estimates, or alternately propose a date for an inspection of documents, upon the resolution of such disputes.

e.     The parties shall ~~make reasonable, good-faith efforts to~~ substantially complete document production by ~~July~~August 1, 2024 in response to requests for production issued on or before ~~December 14, 2023~~February 1, 2024, and shall substantially complete

CASE MANAGEMENT ORDER - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  document production ~~four months prior to the close of fact discovery~~ by December 1, 2024 in

2  response to ~~subsequent~~ requests for production issued on or before June 1, 2024.  These

3  deadlines shall not be construed as limiting the parties' ability to issue discovery requests, or as

4  limiting the scope of those requests.  The parties may agree to modify these dates.  The

5  provisions in this paragraph 2(e) do not apply to productions of structured data.

6      **3.**    **Structured Data**~~.~~

7      a.    Paragraphs 2(a) through 2(d) above apply to requests for production of

8  structured data.

9      b.    If a party identifies sources of its own structured data in its Rule 26(a)(1)

10  disclosures, or in supplements or amendments to such disclosures, the party shall provide

11  samples and data dictionaries for all such sources of structured data within 45 days.

12      c.    If a request for production calls for the responding party's structured data,

13  the responding party shall provide samples and data dictionaries for all such sources of structured

14  data that may be responsive to that request within 45 days after the request is served.

15      d.    The parties shall ~~make reasonable, good-faith efforts to substantially~~

16  complete ~~the production~~ productions of structured data as follows, unless otherwise agreed to by

17  ~~July~~ all parties:  within 20 days after the parties agree on the scope of production, for data sets 10

18  TB or smaller; within 40 days after the parties agree on the scope of production, for data sets

19  larger than 10 TB but 100 TB or smaller; and within 60 days after the parties agree on the scope

20  of production, for data sets larger than 100 TB.

21      ~~b.~~e.    The parties shall complete the production of structured data by August 1,

22  2024 in response to requests for production issued on or before February 1, 2024; shall complete

23  the production of structured data by December ~~14, 2023 and shall complete the production of~~

24  ~~structured data 2.5 months prior to close of fact discovery~~ 1, 2024 in response to requests for

CASE MANAGEMENT ORDER - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

production issued ~~at least 7 months prior to the close of fact discovery~~ on or before June 1, 2024; and shall complete the production of structured data by February 1, 2025 in response to requests for production issued on or before October 1, 2024.

~~e.~~f.    Any significant volume of data may be produced by AWS s3 buckets to facilitate efficient transmission of the data.

g.    In the event of any conflict between the deadlines in paragraphs 2(d) and 2(e) above, the deadlines in paragraphs 2(e) control.

~~d.~~h.    These deadlines shall not be construed as limiting the parties' ability to issue discovery requests, or as limiting the scope of those requests.

**4.    Interrogatories**~~.~~

a.    Each side is limited to 40 interrogatories in total, including discrete subparts.  Each side reserves the right to ask the Court for leave to serve additional interrogatories.  If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served.

b.    The parties must serve responses and objections to interrogatories within 30 days as required by FRCP 33, unless otherwise agreed by the parties.  If the responding party opts to respond by producing business records pursuant to FRCP 33(d), Paragraphs 2(a) through 2(e) above shall apply.

c.    Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, whether any interrogatory may be satisfied by the production of documents or structured data, the scope of the producing party's collection, search, and review of documents, if applicable (including regarding custodians and any search methodology, if applicable), and the timing of document production, if applicable.

CASE MANAGEMENT ORDER - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

5. **Requests for Admission**.

   a. Each side is limited to ~~25~~200 requests for admission in total. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through good-faith negotiation) do not count against these limits. Each side reserves the right to ask the Court for leave to serve additional requests for admission.

   b. The parties must serve responses and objections to requests for admission within 30 days as required by FRCP 36, unless otherwise agreed by the parties.

   c. The close of fact discovery shall not limit requests for admission regarding authentication or admissibility.

6. **Depositions**.

   a. ~~The limits on the number of depositions set forth in the Federal Rules of Civil Procedure 30(a)(2) shall not apply to depositions of third-party witnesses or of expert witnesses. For purposes of this provision, third-party witnesses shall not include individuals who formerly were employed or affiliated with any party to this action.~~ Each side is limited to 630 total deposition hours for party witnesses (including former employees of a party being deposed in that capacity) and 350 total deposition hours for nonparty witnesses. These time limitations refer to the time of testimony actually taken on the record. These limitations apply only to fact discovery. The following do not count against these limitations: (a) depositions of the parties' expert witnesses; (b) sworn testimony taken during Plaintiffs' pre-Complaint investigation or in any other litigation or government investigation; (c) depositions taken for the sole purpose of establishing the authenticity or admissibility of documents, data, or other evidence, provided that such depositions must be designated as such at the time they are noticed.

CASE MANAGEMENT ORDER - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

      b.      Where the parties and the deponent consent, depositions may be held remotely. The parties will meet and confer regarding a protocol for remote depositions. Nothing in this Order prevents a party from seeking an in-person deposition.

      c.      The parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay.

      d.      If a witness is a former employee of a party, that party shall promptly, and no later than 14 days of receiving a deposition notice for the former employee, provide the following information to the extent that it is known: (a) the former employee's date of departure and last known address; (b) whether the party's counsel will be representing the former employee in connection with the deposition, and if so, whether the party's counsel will accept service of a subpoena; and (c) if the party's counsel will not be representing the former employee in connection with the deposition, the name and contact information for the witness' counsel or that the witness is unrepresented. The party shall promptly supplement any information that is subsequently known to the party.

      e.      If a party serves a subpoena for the production of documents or ESI on a nonparty and subpoena commanding a deposition by a witness for the nonparty, the party serving those subpoenas must schedule the witness's deposition for a date at least 14 days after the return date for the document subpoena. If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the witness is an author, sender, recipient, or custodian; and (b) that are contained in a shared filing location or electronic or physical repository that the witness had access to in the ordinary course of business.

CASE MANAGEMENT ORDER - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

f. If a party serves a subpoena for the production of documents or ESI on a nonparty and subpoena commanding a Rule 30(b)(6) deposition for the nonparty, the party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena. If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena compliance).

7. **Discovery on Nonparties.** The requesting party must provide all other parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within 3 business days of the modification, extension, or postponement. Every discovery request to a nonparty shall include a cover letter requesting that the nonparty provide copies of all productions to both the requesting party and the other side at the same time.

8. **Expedited Joint Motion Procedure.** The parties may use the expedited joint motion procedure for discovery disputes in LCR 37(a)(2), at the moving party's election. The parties may also file discovery motions using the standard procedure set forth in LCR 7.

9. **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, motions, and other papers that are filed shall be made by ECF (which will send notice to all parties and nonparties registered with ECF). Service of all discovery notices, requests (including subpoenas for testimony or documents under FRCP 45), and written responses shall be made by email to the persons whose email is listed below. If the volume of attachments makes service by email impracticable, a party shall make service via a secure FTP service or overnight delivery to the persons listed below. The parties may modify this list by agreement.

Plaintiffs

Susan A. Musser, smusser@ftc.gov

CASE MANAGEMENT ORDER - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Edward H. Takashima, etakashima@ftc.gov
Danielle C. Quinn, dquinn@ftc.gov
Emily K. Bolles, ebolles@ftc.gov
Colin M. Herd, cherd@ftc.gov
Daniel A. Principato, dprincipato@ftc.gov
Michael Jo, Michael.Jo@ag.ny.gov
Rahul Darwar, Rahul.Darwar@ct.gov
Alexandra C. Sosnowski, Alexandra.c.sosnowski@doj.nh.gov
Caleb J. Smith, caleb.smith@oag.ok.gov
Jennifer A. Thomson, jthomson@attorneygeneral.gov
Michael A. Undorf, michael.undorf@delaware.gov
Christina M. Moylan, christina.moylan@maine.gov
Gary Honick, Ghonick@oag.state.md.us
Michael MacKenzie, michael.mackenzie@mass.gov
Scott A. Mertens, MertensS@michigan.gov
Zach Biesanz, zach.biesanz@ag.state.mn.us
Lucas J. Tucker, LTucker@ag.nv.gov
Ana Atta-Alla, Ana.Atta-Alla@law.njoag.gov
Jeffrey Herrera, jherrera@nmag.gov
Timothy D. Smith, tim.smith@doj.state.or.us
Stephen N. Provazza, sprovazza@riag.ri.gov
Gwendolyn J. Cooley, cooleygj@doj.state.wi.us

Amazon

Patty A. Eakes, patty.eakes@morganlewis.com
Molly A. Terwilliger, molly.terwilliger@morganlewis.com
Heidi K. Hubbard, hhubbard@wc.com
John E. Schmidtlein, jschmidtlein@wc.com
Kevin M. Hodges, khodges@wc.com
Jonathan B. Pitt, jpitt@wc.com
Carl R. Metz, cmetz@wc.com
Carol J. Pruski, cpruski@wc.com
Constance T. Forkner, cforkner@wc.com
Thomas O. Barnett, tbarnett@cov.com

**10.    Presumptions of Authenticity.** Documents produced by parties and nonparties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the document's authenticity, the presumption of authenticity will

CASE MANAGEMENT ORDER - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

11. **Nationwide Service of Process.** To assist the parties in planning discovery, and in light of the geographic dispersion of potential witnesses in this action, the Court finds that there is good cause shown to permit the parties, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of FRCP 32 and FRE 804 "available" under these rules regarding the use at trial of a deposition taken in this action.

12. **Modification.** Any party may seek modification of this order, for good cause.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable John H. Chun
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Edward H. Takashima
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
DAVID B. SCHWARTZ (NY Reg. # 4947925)
DANIELLE C. QUINN (NY Reg. # 5408943)
EMILY K. BOLLES (NY Reg. # 5408703)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
         (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        dschwartz1@ftc.gov
        dquinn@ftc.gov
        ebolles@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

CASE MANAGEMENT ORDER - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| Email: Rahul.Darwar@ct.gov<br>*Counsel for Plaintiff State of Connecticut* | |
| s/ *Alexandra C. Sosnowski*<br>Alexandra C. Sosnowski (admitted *pro hac vice*)<br>Assistant Attorney General<br>Consumer Protection and Antitrust Bureau<br>New Hampshire Department of Justice<br>Office of the Attorney General<br>One Granite Place South<br>Concord, NH 03301<br>Telephone: (603) 271-2678<br>Email: Alexandra.c.sosnowski@doj.nh.gov<br>*Counsel for Plaintiff State of New Hampshire* | |
| s/ *Caleb J. Smith*<br>Caleb J. Smith (admitted *pro hac vice*)<br>Assistant Attorney General<br>Consumer Protection Unit<br>Office of the Oklahoma Attorney General<br>15 West 6th Street, Suite 1000<br>Tulsa, OK 74119<br>Telephone: (918) 581-2230<br>Email: caleb.smith@oag.ok.gov<br>*Counsel for Plaintiff State of Oklahoma* | |

s/ *Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

s/ *Rahul A. Darwar*
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030

s/ *Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

s/ *Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

CASE MANAGEMENT ORDER - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | | |
|---|---|---|
| 1 | Counsel for Plaintiff State of Delaware | Email: MertensS@michigan.gov |
| 2 | | Counsel for Plaintiff State of Michigan |
| | s/ Christina M. Moylan | |
| 3 | Christina M. Moylan (admitted *pro hac vice*) | s/ Zach Biesanz |
| | Assistant Attorney General | Zach Biesanz (admitted *pro hac vice*) |
| 4 | Chief, Consumer Protection Division | Senior Enforcement Counsel |
| | Office of the Maine Attorney General | Office of the Minnesota Attorney General |
| 5 | 6 State House Station | 445 Minnesota Street, Suite 1400 |
| | Augusta, ME 04333-0006 | Saint Paul, MN 55101 |
| 6 | Telephone: (207) 626-8800 | Telephone: (651) 757-1257 |
| | Email: christina.moylan@maine.gov | Email: zach.biesanz@ag.state.mn.us |
| 7 | Counsel for Plaintiff State of Maine | Counsel for Plaintiff State of Minnesota |
| 8 | s/ Gary Honick | s/ Lucas J. Tucker |
| | Gary Honick (admitted *pro hac vice*) | Lucas J. Tucker (admitted *pro hac vice*) |
| 9 | Assistant Attorney General | Senior Deputy Attorney General |
| | Deputy Chief, Antitrust Division | Office of the Nevada Attorney General |
| 10 | Office of the Maryland Attorney General | 100 N. Carson St. |
| | 200 St. Paul Place | Carson City, NV 89701 |
| 11 | Baltimore, MD 21202 | Telephone: (775) 684-1100 |
| | Telephone: (410) 576-6474 | Email: LTucker@ag.nv.gov |
| 12 | Email: Ghonick@oag.state.md.us | Counsel for Plaintiff State of Nevada |
| | Counsel for Plaintiff State of Maryland | |
| 13 | | |
| 14 | | |
| | | s/ Ana Atta Alla |
| 15 | s/ Michael Mackenzie | Ana Atta-Alla (admitted *pro hac vice*) |
| | Michael Mackenzie (admitted *pro hac vice*) | Deputy Attorney General |
| 16 | | New Jersey Office of the Attorney General |
| | Deputy Chief, Antitrust Division | 124 Halsey Street, 5th Floor |
| 17 | Office of the Massachusetts Attorney General | Newark, NJ 07101 |
| | | Telephone: (973) 648-3070 |
| 18 | One Ashburton Place, 18th Floor | Email: Ana.Atta-Alla@law.njoag.gov |
| | Boston, MA 02108 | Counsel for Plaintiff State of New Jersey |
| 19 | Telephone: (617) 963-2369 | |
| | Email: michael.mackenzie@mass.gov | s/ Jeffrey Herrera |
| 20 | Counsel for Plaintiff Commonwealth of Massachusetts | Jeffrey Herrera (admitted *pro hac vice*) |
| | | Assistant Attorney General |
| 21 | | New Mexico Office of the Attorney General |
| | s/ Scott A. Mertens | |
| 22 | Scott A. Mertens (admitted *pro hac vice*) | 408 Galisteo St. |
| | Assistant Attorney General | Santa Fe, NM 87501 |
| 23 | Michigan Department of Attorney General | Telephone: (505) 490-4878 |
| | 525 West Ottawa Street | Email: jherrera@nmag.gov |
| 24 | Lansing, MI 48933 | Counsel for Plaintiff State of New Mexico |
| | Telephone: (517) 335-7622 | |

CASE MANAGEMENT ORDER - 11  
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
Counsel for Plaintiff State of Oregon

s/ Stephen N. Provazza
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
Counsel for Plaintiff State of Rhode Island

CASE MANAGEMENT ORDER - 12
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *s/ Gwendolyn J. Cooley*
   *Gwendolyn J. Cooley (admitted pro hac*
2  *vice)*
   *Assistant Attorney General*
3  *Wisconsin Department of Justice*
   *Post Office Box 7857*
4  *Madison, WI 53707-7857*
   *Telephone: (608) 261-5810*
5  *Email: cooleygj@doj.state.wi.us*
   *Counsel for Plaintiff State of Wisconsin*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CASE MANAGEMENT ORDER - 13
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222