THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO. 2:23-cv-01495-JHC

**STIPULATED MOTION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**

NOTE ON MOTION CALENDAR: January 29, 2024

Pursuant to Fed. R. Civ. P. 29, the parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in this action.

1. <u>Definitions</u>

　　1.1　"Action" means the action filed in this Court under the caption *Federal Trade Commission, et al., v. Amazon.com, Inc.*, 2:23-cv-01495-JHC, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 1
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1.2 "Communication," "Communications," or "Communicated" means any actual or attempted dissemination, disclosure, transmission, transfer or exchange of information, opinions, or thoughts and includes, but is not limited to, written, oral, and electronic correspondence through text messages, social media and online postings, and any content on any messaging applications such as, but not limited to, WhatsApp, Signal, Microsoft Teams, Confide, Facebook Messenger, and Snapchat.

1.3 "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include a Party or a Party's employees.

1.4 "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action and, with respect to Amazon's outside counsel, any Related Action. As applied to in-house counsel, it shall mean any lawyer employed (or previously employed, at the time of the pertinent communication) by a Party when acting primarily in a legal capacity for that Party. As applied to Plaintiffs, this includes, but is not limited to, (a) any attorneys who are, or previously were (at the time of the pertinent communication), employed by the Federal Trade Commission and acting primarily in a legal capacity for the Federal Trade Commission, and (b) any attorneys who are, or previously were (at the time of the pertinent communication), employed by the relevant office of a Plaintiff State and acting primarily in a legal capacity for that Plaintiff State. As applied to All Parties, the term Counsel also includes, but is not limited to, any economists, financial analysts, statisticians, paralegals, investigators, technologists, administrative assistants, and clerical and administrative personnel employed by, or contracted with, the Party, provided that such employees or

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

contractors are acting under the direction or supervision of Counsel and in connection with the Action or any Related Action.

1.5 "Defendant" means Amazon.com, Inc., including all of its employees, agents, representatives, subsidiaries, and affiliates.

1.6 "Document" or "Documents" means the broadest possible definition possible under Federal Rule of Civil Procedure 34 or any applicable local rule. Documents include any and all Communications and/or electronically stored information.

1.7 "Party" means any Plaintiff or Defendant in the Action. "All Parties" collectively means Plaintiffs and Defendant in the Action.

1.8 "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.9 "Plaintiffs" means the Federal Trade Commission and the Plaintiff States, including all of their employees, agents, and representatives.

1.10 "Related Action" shall include the following actions: (1) *Frame-Wilson v. Amazon.com, Inc.*, No 2:20-cv-00424 (W.D. Wash.); (2) *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.); (3) *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-00996 (W.D. Wash.); (4) *Hopper v. Amazon.com, Inc.*, No. 2:23-cv-01523 (W.D. Wash.); (5) *Zulily, LLC v. Amazon.com, Inc.*, No. 2:23-cv-01900 (W.D. Wash.); (6) *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.); (7) *District of Columbia v. Amazon.com, Inc.*, No. 2021 CA 001775 B (D.C. Super. Ct.), dismissed, appeal pending, No. 22-CV-657 (D.C. Ct. App.); (8) *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-09542 (S.D.N.Y.); and (9) any and all actions filed after the effective date of this Stipulation and Order that All Parties agree and/or the Court determines meet the criteria of Local Civil Rule 3(g), (h).

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1.11 "Staff" means any individual assisting or supporting a Testifying Expert or Consultant specifically for the purposes of this Action. For the avoidance of doubt, it does not include a Party or a Party's employees, except that it includes a Party or Party's employees who are a Testifying Expert required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2) or a Party or Party's employees who assist or support a Party or Party's employees who are required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2).

1.13 "Plaintiff States" means the States of Connecticut, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oklahoma, Oregon, Pennsylvania, Rhode Island, Wisconsin, and any other state or territory of the United States of America that joins the Action.

1.14 "Testifying Expert" means a Person, retained by a Party or Parties specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B) and/or any other Person who is required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2).

2. General Provisions

2.1 This Stipulation and Order applies to All Parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Expert(s), Consultant(s), or their Staff. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2 All Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert, Consultant, or their Staff. Instead, the Party proffering a

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or, to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at or reasonably near the Testifying Expert's workplace, unless otherwise agreed by the Parties, and at a time mutually agreed to by All Parties, and consistent with the Court's scheduling order(s).

2.3   All Parties agree to comply with the terms of this Stipulation pending the Court's approval and entry of this Stipulation and Order.

3.   Governing Law

3.1   Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action.  For the avoidance of doubt, the requirements of Federal Rule of Civil Procedure 26(a)(2)(A), 26(a)(2)(B), and 26(a)(2)(B)(i) remain in effect and apply to this Action notwithstanding this Stipulation and Order.

4.   Expert materials to be disclosed

4.1   In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), no later than three business days after the service of any Testifying Expert's report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.5) applies to materials created or communications occurring after the initiation of the Action in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications), and to materials created or communications occurring prior to the initiation of the Action in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

4.1.1 A copy of all data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, complete copies of all data sets from which information relied upon was derived or obtained, all data and programs underlying any calculations, including all computer programs or code necessary to recreate any data, intermediate working-data, calculations, estimations, tables, or graphics, and including the intermediate working-data files that are generated from any initial ("raw") data files and used in performing the calculations appearing in the report.

4.1.2 A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the extent that any such Documents do not already have a Bates number, copies of those documents shall be produced. Such copies of Documents may be produced with a Bates number, but Bates numbering is not required.

4.1.3 A statement of the witness's qualifications, including a list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications which exist only behind a paywall or in print shall be considered as not readily available publicly.

4.1.4 A list of all other case(s), wherever those cases took place, in which, during the previous 4 years, the Testifying Expert testified as an expert at trial or by deposition, including the tribunal and case number.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

    4.1.5 A statement of the terms of the compensation and of the compensation paid and/or to be paid to the Testifying Expert for the Testifying Expert's work and testimony in the case.

  4.2 Testifying Expert reports shall be served via email.  Except to the extent included within a Testifying Expert's report, the information required by subparagraphs 4.1.1 - 4.1.5 above shall be produced electronically in a manner agreed to by All Parties and, and, with respect to paragraph 4.1.1, in machine-readable format, where feasible.  All Parties shall meet and confer in good faith to attempt to establish, no later than 15 days after the close of fact discovery, an agreed method for ensuring that the receiving parties are able to complete receipt of the materials by the due date.

  4.3 Paragraphs 4.1.1 - 4.1.5 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial.  The use and disclosure of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and Orders.

5. <u>Expert materials not requiring disclosure</u>

  5.1 Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition):

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications).  Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications), provided that (i) with respect to subparagraphs 5.1.1(a) and 5.1.1(b), all participants in the communication (a) were retained or employed by, on behalf

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

       5.1.1    The content of communications, whether oral or written, only among or between:

    (a)    Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the Testifying Expert or Consultant, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions;

    (b)    a Testifying Expert or Consultant and other Testifying Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions; and

    (c)    a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant.[3]

---

of, or represented the same Party at the time of the communication and the communication was made in connection with, or in anticipation of, the Action or, with respect to Amazon, any Related Action, or (b) all participants in the communication were retained or employed by, on behalf of, or represented Plaintiffs, or investigating states that did not become Plaintiffs, at the time of the communication and the communication was made in connection with, or in anticipation of, the Action; and (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained or employed by or on behalf of a Party in the Action or, with respect to Amazon, any Related Action at the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained or employed the Testifying Expert in the Action or, with respect to Amazon, any Related Action, and the materials were prepared in connection with, or in anticipation of, the Action or, with respect to Amazon, any Related Action.

[3] For purposes of this Stipulation and Order, "Plaintiffs' Counsel" includes Counsel for any Plaintiff in the Action and "Defendant's Counsel" includes Counsel for any Defendant in the Action or any Related Action. Communications between or among Counsel for (a) different Plaintiffs in this Action or (b) different Defendants (if additional defendants are later added to the Action or any Related Action) are included within this provision. Additionally, notwithstanding this provision, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

    5.1.2 Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert materials, including, without limitation:

    (a) draft studies, analyses, opinions, or written expert testimony prepared in connection with the Action or any Related Action;

    (b) draft Testifying Expert work papers prepared in connection with the Action or any Related Action; and

    (c) draft computer code (including queries), preliminary or intermediate calculations, computations, modeling, intermediate working data files, log files reflecting draft computer code, or data runs prepared in connection with the Action or any Related Action, except as described in paragraph 4.1.1.

    5.1.3 The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons where the Testifying Expert, Consultant, or Staff participated in or conducted the interview and where the Testifying Expert relied on the interview in forming any opinions in his or her final report.

    5.1.4 Any comments, whether oral or written, related to a final or draft report, affidavit, declaration, or potential testimony of a Testifying Expert prepared in connection with the Action or any Related Action by:

    (a) Counsel;

    (b) a Consultant;

    (c) Staff;

    (d) any other Testifying Expert;

    (e) any other Consultant; or

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

    (f)  Staff of another Testifying Expert or Consultant.

  5.1.5  Budgets, invoices, bills, receipts, or time records concerning Testifying Experts, Consultants, or Staff.  Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with this Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

  5.1.6  Copies of programs, software, or instructions that are commercially available at a reasonable cost.

  5.1.7  Documents that are readily available publicly, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Documents.  Publications which exist only behind a paywall or in print shall be considered as not readily available publicly.

  5.1.8  Documents that have previously been produced during discovery in the Action, provided that they are identified by Bates number in the Testifying Expert's report.

  5.2  Notwithstanding any provision in paragraph 5 (including all subparagraphs), All Parties must produce (according to paragraphs 4.1.1, 4.1.2, and 4.2 above) all materials that:

    (a)  constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or

    (b)  constitute assumptions that the Testifying Expert relied on in forming the opinions expressed in his or her report.

Information, communications, materials, or Documents upon which the Testifying Expert relies as a basis for their opinions are discoverable.  For the avoidance of doubt, nothing herein relieves

STIPULATION AND PROPOSED ORDER  
REGARDING EXPERT DISCOVERY - 10  
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

a Testifying Expert or Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

5.3    Further, notwithstanding the limitations contained in subparagraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial:

(a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and

(b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4    All Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

6.    Materials relied on in reports

6.1    In formulating the opinions expressed in their expert reports, a Party's Testifying Experts shall not rely on documents, data, or information requested in discovery and not produced to the other Party by the close of fact discovery, except (a) by agreement between the Parties or (b) as ordered by the Court.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 11
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Stipulated to and respectfully submitted this 29th day of January, 2024, by:

*s/ Edward H. Takashima*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
DANIELLE C. QUINN (NY Reg. # 5408943)
COLIN M. HERD (NY Reg. # 5665740)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-2122 (Musser)
(202) 326-2464 (Takashima)
Email: smusser@ftc.gov
etakashima@ftc.gov
dquinn@ftc.gov
cherd@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Rahul A. Darwar*
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2230
Email: caleb.smith@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 12
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| *s/ Jennifer A. Thomson* | *s/ Michael Mackenzie* |
| Jennifer A. Thomson (admitted *pro hac vice*) | Michael Mackenzie (admitted *pro hac vice*) |
| Senior Deputy Attorney General | Deputy Chief, Antitrust Division |
| Pennsylvania Office of Attorney General | Office of the Massachusetts Attorney General |
| Strawberry Square, 14th Floor | One Ashburton Place, 18th Floor |
| Harrisburg, PA 17120 | Boston, MA 02108 |
| Telephone: (717) 787-4530 | Telephone: (617) 963-2369 |
| Email: jthomson@attorneygeneral.gov | Email: michael.mackenzie@mass.gov |
| *Counsel for Plaintiff Commonwealth of Pennsylvania* | *Counsel for Plaintiff Commonwealth of Massachusetts* |
| | |
| *s/ Michael A. Undorf* | *s/ Scott A. Mertens* |
| Michael A. Undorf (admitted *pro hac vice*) | Scott A. Mertens (admitted *pro hac vice*) |
| Deputy Attorney General | Assistant Attorney General |
| Delaware Department of Justice | Michigan Department of Attorney General |
| 820 N. French St., 5th Floor | 525 West Ottawa Street |
| Wilmington, DE 19801 | Lansing, MI 48933 |
| Telephone: (302) 683-8816 | Telephone: (517) 335-7622 |
| Email: michael.undorf@delaware.gov | Email: MertensS@michigan.gov |
| *Counsel for Plaintiff State of Delaware* | *Counsel for Plaintiff State of Michigan* |
| | |
| *s/ Christina M. Moylan* | *s/ Zach Biesanz* |
| Christina M. Moylan (admitted *pro hac vice*) | Zach Biesanz (admitted *pro hac vice*) |
| Assistant Attorney General | Senior Enforcement Counsel |
| Chief, Consumer Protection Division | Office of the Minnesota Attorney General |
| Office of the Maine Attorney General | 445 Minnesota Street, Suite 1400 |
| 6 State House Station | Saint Paul, MN 55101 |
| Augusta, ME 04333-0006 | Telephone: (651) 757-1257 |
| Telephone: (207) 626-8800 | Email: zach.biesanz@ag.state.mn.us |
| Email: christina.moylan@maine.gov | *Counsel for Plaintiff State of Minnesota* |
| *Counsel for Plaintiff State of Maine* | |
| | *s/ Lucas J. Tucker* |
| *s/ Gary Honick* | Lucas J. Tucker (admitted *pro hac vice*) |
| Gary Honick (admitted *pro hac vice*) | Senior Deputy Attorney General |
| Assistant Attorney General | Office of the Nevada Attorney General |
| Deputy Chief, Antitrust Division | 100 N. Carson St. |
| Office of the Maryland Attorney General | Carson City, NV 89701 |
| 200 St. Paul Place | Telephone: (775) 684-1100 |
| Baltimore, MD 21202 | Email: LTucker@ag.nv.gov |
| Telephone: (410) 576-6474 | *Counsel for Plaintiff State of Nevada* |
| Email: Ghonick@oag.state.md.us | |
| *Counsel for Plaintiff State of Maryland* | |

| | |
|---|---|
| STIPULATION AND PROPOSED ORDER REGARDING EXPERT DISCOVERY - 13 CASE NO. 2:23-cv-01495-JHC | FEDERAL TRADE COMMISSION 600 Pennsylvania Avenue, NW Washington, DC 20580 (202) 326-2222 |

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
         molly.terwilliger@morganlewis.com

STIPULATION AND PROPOSED ORDER REGARDING EXPERT DISCOVERY - 14
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
       khodges@wc.com
       jpitt@wc.com
       cmetz@wc.com
       cpruski@wc.com
       cforkner@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 15
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**[PROPOSED] ORDER**

IT IS SO ORDERED.

DATED this \_\_\_\_ day of _____, 2024.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Presented By:

*s/ Edward H. Takashima*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
DANIELLE C. QUINN (NY Reg. # 5408943)
COLIN M. HERD (NY Reg. # 5665740)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2122 (Musser)
        (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        dquinn@ftc.gov
        cherd@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY - 16
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222