# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA, ET AL.,  )
                                   )
       Plaintiffs,                 )
                                   )    CV No. 20-3010
    vs.                            )    Washington, D.C.
                                   )    December 2, 2020
GOOGLE LLC,                        )    11:00 a.m.
                                   )
       Defendant.                  )
_____)
```

TRANSCRIPT OF
STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | Kenneth M. Dintzer<br>Adam Severt<br>Daniel Principato<br>U.S. DEPARTMENT OF JUSTICE<br>1100 L Street, NW<br>Washington, D.C.<br>(202) 307-0340<br>Email:<br>kenneth.dintzer2@usdoj.gov |
| | Thomas Greene<br>Diana Aguilar<br>U.S. DEPARTMENT OF JUSTICE<br>450 Golden Gate Ave<br>Suite 10-0101<br>San Francisco, CA 94102<br>(415) 583-9211 |

```
APPEARANCES CONTINUED:

For Plaintiff
State of Arkansas:          Johnathan R. Carter
                            Assistant Attorney General
                            OFFICE OF THE
                            ATTORNEY GENERAL
                            323 Center Street
                            Suite 200
                            Little Rock, AR 72201
                            (501) 682-8063
                            Email:  Johnathan.carter
                            @arkansasag.gov


For Plaintiff
State of Florida:           R. S. Palmer
                            FL ATTORNEY GENERAL
                            Pl-01 The Capitol
                            Tallahassee, FL 32399-1050
                            (850) 414-3847
                            Email:
                            scott.palmer
                            @myfloridalegal.com

For Plaintiff
Commonweath of Kentucky:    Justin Clark
                            OFFICE OF THE
                            ATTORNEY GENERAL
                            COMMONWEALTH OF KENTUCKY
                            1024 Capital Center Drive
                            Suite 200
                            Frankfort, KY 40601
                            (502) 696-5300
                            Email: justin.clark@ky.gov
```

```
APPEARANCES CONTINUED:

For Plaintiff
State of Indiana:            Matthew Michaloski
                             Deputy Attorney General
                             OFFICE OF THE
                             ATTORNEY GENERAL
                             State of Indiana
                             Indiana Government
                             Center South
                             Fifth Floor
                             302 West Washington Street
                             Indianapolis, IN 46204
                             (317) 232-6309

For Plaintiff
State of Mississippi:        Elisabeth Hart Pepper Martin
                             OFFICE OF THE
                             ATTORNEY GENERAL/MS
                             Consumer Protection
                             550 High Street
                             Jackson, MS 39201
                             (601) 359-4223
                             Email: hart.martin@ago.ms.gov

For Plaintiff
State of Missouri:           Kimberley G. Biagioli
                             OFFICE OF THE ATTORNEY
                             GENERAL/MO
                             Consumer Protection Division
                             615 E 13th Street
                             Suite 401
                             Kansas City, MO 64106
                             816-889-3090
                             Email:
                             kimberley.biagioli@ago.mo.gov
```

```
APPEARANCES CONTINUED:

For Plaintiff
State of Montana:            Mark Mattioli
                             Chief
                             Office of
                             Consumer Protection
                             OFFICE OF THE
                             ATTORNEY GENERAL
                             State of Montana
                             P.O. Box 200151
                             555 Fuller Avenue
                             2nd Floor
                             Helena, MT 59620-0151
                             (406) 444-2026
                             Email: mmattioli@mt.gov

For Plaintiff
State of South Carolina:     Rebecca M. Hartner
                             Assistant Attorney General
                             OFFICE OF THE
                             ATTORNEY GENERAL
                             State of South Carolina
                             1000 Assembly Street
                             Rembert C. Dennis Building
                             P.O. Box 11549
                             Columbia, SC 29211-1549
                             (803) 734-3970
                             rhartner@scag.gov

For Plaintiff
State of Texas:              Bret Fulkerson
                             OFFICE OF THE
                             ATTORNEY GENERAL
                             State of Texas
                             300 West 15th
                             Austin, Texas 78701
                             (512) 936-1674
                             Bret.Fulkerson@oag.texas.gov
```

APPEARANCES CONTINUED:

For the Defendant:        John E. Schmidtlein
                          Benjamin M. Greenblum
                          WILLIAMS & CONNOLLY LLP
                          725 12th Street, NW
                          Washington, D.C. 20005
                          (202) 434-5000
                          Email: jschmidtlein@wc.com
                          Email: bgreenblum@wc.com

                          Franklin M. Rubinstein
                          Susan Creighton
                          WILSON SONSINI
                          1700 K Street, NW
                          5th Floor
                          Washington, D.C. 20012
                          (202) 973-8800
                          Email:  frubinstein@wsgr.com
                          Email:  screighton@wsgr.com

                          Mark S. Popofsky
                          ROPES & GRAY LLP
                          2099 Pennsylvania Avenue, NW
                          Washington, D.C. 20006
                          (202) 508-4624
                          Email:
                          mark.popofsky@ropesgray.com

APPEARANCES CONTINUED:

| | |
|---|---|
| For Non-Party<br>Amazon.com, Inc.: | Richard G. Parker<br>GIBSON DUNN & CRUTCHER, LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-8503<br>Email: rparker@gibsondunn.com |
| For Non-Party Apple, Inc.: | Steven C. Sunshine<br>Joseph M. Rancour<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>1440 New York Avenue, NW<br>Washington, D.C. 20005<br>(202) 371-7860<br>Email:<br>steven.sunshine@skadden.com |
| For Non-Party AT&T, Inc.: | Kristen C. Limarzi<br>GIBSON DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>(202) 887-3518<br>Email: klimarzi@gibsondunn.com |
| For Non-Party<br>Comcast Corporation: | Jesse Solomon<br>Christopher Lynch<br>DAVIS POLK & WARDWELL LLP<br>901 15th Street, NW<br>Washington, D.C. 20005<br>(202) 962-7138<br>Email:<br>jesse.solomon@davispolk.com |
| For Non-Party<br>DuckDuckGo, Inc.: | Megan Gray<br>DUCKDUCKGO, INC.<br>20 Paoli Pike<br>Paoli, PA 19301<br>(202) 265-2738<br>Email: megan@duckduckgo.com |

APPEARANCES CONTINUED:

| | |
|---|---|
| For Non-Party<br>GroupM Worldwide LLC: | James D. Sadowski<br>GREENSTEIN<br>DELORME & LUCHS, P.C.<br>1620 L Street, NW<br>Suite 900<br>Washington, D.C. 20036<br>(202) 452-1400 ext. 5407<br>Email: jds@gdllaw.com |
| For Non-Party Oracle: | Stephen M. Nickelsburg<br>CLIFFORD CHANCE US LLP<br>2001 K Street, NW<br>Washington, D.C. 20006<br>(202) 912-5108<br>Email:<br>steve.nickelsburg<br>@cliffordchance.com |
| For Non-Party<br>T-Mobile USA, Inc.: | Michael Edward Kipling<br>Marjorie A. Walter<br>WALTERKIPLING PLLC<br>5608 17th Avenue, NW<br>#735<br>Seattle, WA 98107<br>(206) 545-0346<br>Email: mike@walterkipling.com |
| Court Reporter: | William P. Zaremba<br>Registered Merit Reporter<br>Certified Realtime Reporter<br>Official Court Reporter<br>U.S. Courthouse<br>333 Constitution Avenue, NW<br>Room 6503<br>Washington, D.C. 20001<br>(202) 354-3249<br>WilliamPZaremba@gmail.com |

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription

1   we've imposed even additional restrictions in terms of, for
2   two years after, that these restrictions would remain on
3   them.
4           So we've done everything we can to try to assuage
5   any concerns about who these individuals are and what use
6   they could potentially make of information.
7           Thank you, Your Honor.
8           THE COURT: So let me just pause here for a
9   moment.
10          We have a number of third parties on the line and
11  counsel for those third parties. And I'm happy to, if
12  there's anything anybody would like to raise on this issue,
13  I would prefer to avoid a lineup of lawyers here that's
14  going to keep us here all afternoon. But if there's
15  something discrete any of the counsel from the third parties
16  wish to raise that hasn't been discussed or that I may not
17  have considered, I'd be happy to hear from you at this
18  point.
19          MR. PARKER: Your Honor, this is Rick Parker from
20  Gibson Dunn. And I am, for efficiency's sake, speaking on
21  behalf of the eight parties who signed our joint brief, and
22  I just have a couple of points to make.
23          Let me just reiterate that there are some very
24  highly sensitive documents here. They may not be the
25  formula for Coke, but they are what, to use a sports

1  analogy, I would call a playbook.  It is future product
2  plans to compete with the defendant.  Or, many of us have
3  commercial relationships with the defendant, and these would
4  be documents that say, this is how you negotiate with
5  Google, this is what your number is.  We've got to have
6  this, we don't have to have that.
7           What I'm suggesting is, these are highly sensitive
8  documents, they are the playbook, and that is what we are
9  talking about.  And we have no intention of doing anything
10 other than designating highly confidential documents that
11 fall into that type of category.
12          The second point I want to make and that
13 distinguishes *Sysco*, where the issue was market structure
14 and what the market might look like after a merger.  This is
15 a different ballgame here, where there are -- and we express
16 no opinion whatsoever on this complaint, but there are
17 allegations of exclusionary conduct by the defendant against
18 some of the very people who have produced a lot of documents
19 here.  And the folks I'm speaking to for, Your Honor, have
20 done nothing other than comply with a subpoena, and are only
21 here to protect those documents.
22          THE COURT:  Mr. Parker, do you think --
23          MR. PARKER:  Yeah.
24          THE COURT:  Mr. Parker, do you think there's a
25 tighter definition of "highly confidential information" that

1  could be formulated here that would either get to the narrow
2  scope of the type of information that you've just
3  identified?  Because I'll say this again, my -- and, again,
4  I'm not suggesting bad faith on the part of anyone --
5          MR. PARKER:  No.
6          THE COURT:  -- but, you know, I don't want to be
7  in a position where 1.3 million of the 1.5 million documents
8  are being designated as "highly confidential" because it's
9  just easier to do it that way.
10         MR. PARKER:  Your Honor, we are -- as I said, our
11 interest is a very practical one and it is in protecting our
12 documents and we would participate in any redefinition or
13 tighter definition effort that Your Honor would prefer, of
14 course we would.
15         I would simply say that the subjective, what you
16 call the subjective definition was the one that was used in
17 the *Sprint-T-Mobile* matter and it's been used, I believe, in
18 other cases.
19         And that is my final point here:  These two-tier
20 protective orders, such as what we're talking about here,
21 happen every day.  If you look at Google's papers, page 5
22 and 6, they go on and on and on about one case after the
23 other that has done precisely what the DOJ wants to do here.
24         We did it up in -- I was representing *Deutsche*
25 *Telekom*.  And we did in the *Sprint-T-Mobile* matter.  And,

38

1 Your Honor, I'm telling you, I'm wracking my brain, I don't
2 recall a single problem that counsel, antitrust counsel,
3 particularly -- if I was in the courtroom, I'd point at
4 their table and say, particularly of the type of lawyers
5 that know how to do this.  We all know how to do this, and
6 we can make it work.
7            And I respectfully suggest that Mr. Schmidtlein's
8 parade of horribles on their ability to defend Google to me
9 is overstated, because --
10           THE COURT:  Okay.
11           MR. PARKER:  It's done literally every day in the
12 antitrust world.
13           THE COURT:  Okay.
14           MR. PARKER:  All right.
15           THE COURT:  All right.  So here's where I am on
16 this, and here's what I think we ought to do:
17           I would like the parties to go back to the drawing
18 board on this definition of "highly confidential
19 information."  I'm just not satisfied with the definition,
20 I think it's too broad, I think it's too subjective, and
21 I think it opens us up to -- and I think it's, frankly, in
22 everyone's interest, to a whole lot of litigation over what
23 bucket a particular document belongs in.
24           You know, I don't want to be involved in that
25 litigation; I don't think any of the parties here want to be