THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | Case No. 2:23-cv-01495-JHC <br><br> **DELARATION OF LAWRENCE REICHER IN SUPPORT OF AMAZON'S LCR 37 JOINT SUBMISSION FOR A PROTECTIVE ORDER** |

## DECLARATION OF LAWRENCE REICHER

I, Lawrence Reicher, declare as follows:

1. I am over 21 years of age, and I am competent to make this declaration. The statements herein are true and within my personal knowledge unless stated otherwise.

2. Since January 31, 2022, I have served as one of Amazon.com, Inc.'s ("Amazon") Corporate Counsels of Litigation in the Litigation Department. I am an attorney and active member in good standing licensed to practice in the States of New York, New Jersey, and Virginia.

3. I make this declaration in support of Amazon's position contained within the LCR 37 Joint Submission for a Protective Order. As described in this declaration, my access to

"Highly-Confidential Attorneys' Eyes Only" material would not risk inadvertent disclosure of highly-confidential information to Amazon officers and employees involved in competitive decision-making, and my access is essential to my duty and responsibility to provide legal advice to Amazon and to assist outside counsel in the formulation of Amazon's defense.

4. Amazon maintains a legal department comprised of hundreds of attorneys and supporting personnel. Amazon has adopted a structure to ensure that the company and its business units receive legal counsel while also having a separate group focus on litigation and regulatory matters, and related litigation and regulatory counseling.

5. A substantial number of Amazon's attorneys are business attorneys that provide legal advice to a specific Amazon business unit. Amazon's business attorneys work closely with Amazon business units on a day-to-day basis to advise on a particular business's operations and legal issues that arise in connection with those business operations.

6. A smaller, separate set of Amazon attorneys (less than 10%) are housed in Amazon's Litigation Department, which report up to Andrew DeVore, Amazon Vice President and Associate General Counsel. The role of Amazon's Litigation attorneys is not to provide day-to-day business advice to Amazon's business units, but rather to provide legal advice on active and potential litigation, regulatory investigations, and enforcement matters.

7. Within Amazon's Litigation Department, Nate Sutton, a Vice President and Associate General Counsel, leads an even smaller team of attorneys focused specifically on competition issues ("Competition team"). This Competition team is responsible for managing competition related litigation, regulatory investigations, litigation and regulatory counseling, and participating in representing Amazon in litigation and investigations, such as this case, the related competition cases against Amazon,[1] and the investigations that preceded this case.

---

[1] *See*, *e.g.*, *Frame-Wilson v. Amazon.com, Inc.*, No 2:20-cv-00424 (W.D. Wash.), Judge John H. Chun; *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.), Judge John H. Chun; *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-00996 (W.D. Wash.), Judge John H. Chun; *Hopper v. Amazon.com, Inc.*, No. 2:23-cv-01523 (W.D. Wash.), Judge John H. Chun (consolidated with *Hogan* on November 27, 2023); *Zulily v. Amazon.com, Inc.*, No. 2:23-cv-01900 (W.D. Wash.), Judge Barbara J. Rothstein; *California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super.

8. At Amazon, members of the Competition team actively participate in all aspects of litigation and investigation matters. For example, members of the Competition team have participated in discovery meet and confer calls with opposing counsel in the related competition lawsuits, *see supra* p. 2, n.1; have met with the Federal Trade Commission and State Plaintiffs ("Plaintiffs") in this case numerous times during the pre-filing investigation; routinely provide input, review, and comment on filings, correspondence, and other work product in the related lawsuits; and have or will attend court proceedings, depositions, and investigative hearings. Amazon's Competition team routinely takes a very active and hands-on approach to litigation and investigation matters involving the company and is responsible for directing outside counsel and making strategic decisions concerning these litigation and investigation matters.

9. I am a member of Amazon's Competition team under Nate Sutton, and I report directly to Bryson Bachman. I actively participate in Amazon's defense of the related competition lawsuits, including this action. My work primarily entails interacting with outside counsel to provide direction and assistance in developing Amazon's defenses, including the development of evidence and review and input on court filings. An important part of my role is also to coordinate Amazon's defense across multiple lawsuits.

10. I do not participate in day-to-day decision-making about Amazon's business operations, including the development or implementation of competitive strategies, business plans, and third-party negotiations, or other decisions made in light of similar corresponding information about a competitor, except to provide legal advice as to litigation or regulatory competition issues.

11. I am admitted to see "Highly-Confidential Attorneys' Eyes Only" material in the *California* lawsuit. The issues and information in the *California* lawsuit overlap with the issues in this action. For example, both cases involve allegations involving Amazon's pricing policies,

---

Ct.) ("*California*"), Judge Ethan P. Schulman; *District of Columbia v. Amazon.com, Inc.*, No. 2021 CA 001775 B (D.C. Super. Ct.), Judge Hiram E. Puig-Lugo; dismissed, appeal pending, No. 22-CV-657 (D.C. Ct. App.); *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-09542 (S.D.N.Y.), Judge Vernon S. Broderick.

DELARATION OF LAWRENCE REICHER IN
SUPPORT OF AMAZON'S LCR 37 JOINT
SUBMISSION FOR A PROTECTIVE ORDER - 3
(Case No. 2:23-cv-01495-JHC)

its practices involving sellers who sell their products on Amazon's store, and Amazon's policies and practices involving its search results page. Under Plaintiffs' proposed protective order, I will be placed in a situation in which I am able to review documents and information in the *California* lawsuit but will be prohibited from reviewing the same documents and information in this action. To my knowledge, I have not intentionally, inadvertently, or mistakenly disclosed confidential or highly-confidential information to Amazon's business employees or misused confidential or highly-confidential information.

12. It is essential that I and members of my team be permitted access to "Highly-Confidential Attorneys' Eyes Only" material in order to allow Amazon a meaningful opportunity to participate in its defense. I am one of several attorneys on Amazon's Competition team responsible for oversight, management, and strategic decision-making in this litigation, and I will play an active role in Amazon's defense of this lawsuit, including on issues of discovery, litigation strategy, and fact development. I will not be able to effectively communicate with Amazon's outside counsel on matters relating to this lawsuit if I am unable to review or know of information in the discovery record that another party has chosen to designate as "Highly-Confidential Attorneys' Eyes Only."

13. Moreover, Amazon currently faces a multitude of lawsuits alleging similar and overlapping allegations to those that the Plaintiffs have alleged here. *See supra* p. 2, n.1. Amazon does not work with the same outside counsel for each lawsuit. My duties include working with outside counsel on each of these pending lawsuits in addition to outside counsel that are involved in a number of regulatory and enforcement matters. My responsibilities include ensuring that Amazon coordinates its defenses and discovery development across the related lawsuits, especially given the overlapping subject matter and records in the related lawsuits.

14. I will not use confidential and/or highly confidential materials that I receive in this action, directly or indirectly, for any purpose inconsistent with the terms of the protective order that is entered by the Court.

1    I declare under penalty of perjury that the foregoing is true and correct.

3    Executed on February 1, 2024.

By:   *s/Lawrence Reicher*
       LAWRENCE REICHER

DELARATION OF LAWRENCE REICHER IN
SUPPORT OF AMAZON'S LCR 37 JOINT
SUBMISSION FOR A PROTECTIVE ORDER - 5
(Case No. 2:23-cv-01495-JHC)