UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | CASE NO.: 2:23-cv-01495-JHC <br><br> **CASE MANAGEMENT ORDER** |

Pursuant to the Joint Status Report and Discovery Plan, Dkt. # 135, submitted by the parties, and the scheduling conference on February 8, 2024, Dkt. # 151, the Court orders that the following shall govern the proceedings:

**1.    Status Conferences**

a.    The Court will hold quarterly telephonic status conferences, starting June 3, 2024. The dates and times of the conferences are set forth in the Case Scheduling Order. Dkt. # 159.

b.    The parties shall submit a joint status report no later than three court days before each scheduled status conference containing a brief update regarding the status of discovery, any discovery disputes where the Court's guidance could be productive, and any other matters the parties wish to bring to the Court's attention. Any party that intends to raise a

discovery dispute in the joint status report shall notify the other side of its intent to do so, in writing, no later than five court days before the joint status report is due.  Nothing herein shall preclude any party from otherwise submitting discovery disputes in accordance with the procedures of the Local Rules or this Order.

      2.      **Document Requests**

          a.      The parties must serve responses and objections to requests for production of documents within 30 days as required by FRCP 34, unless otherwise agreed by the parties.  At the time it serves its responses, the producing party will provide estimated dates for when it will begin rolling document productions of the documents it has agreed to produce in its responses and for the completion of that production, or alternately propose a date for an inspection of documents.

          b.      Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, the scope of the producing party's collection, search, and review of documents (including regarding custodians and any search methodology, if applicable), and the timing of document production.

          c.      All document productions shall be made on a rolling basis.

          d.      To the extent that there is a dispute regarding the fact or scope of production that affects the producing party's ability to provide estimated times for when it will begin and complete its document production, the producing party will supplement its good-faith estimates, or alternately propose a date for an inspection of documents, upon the resolution of such disputes.

**3.    Structured Data**

a.    Paragraphs 2(a) through 2(d) above apply to requests for production of structured data.

b.    If a party identifies sources of its own structured data in its Rule 26(a)(1) disclosures, or in supplements or amendments to such disclosures, the party shall provide samples and data dictionaries for all such sources of structured data within 45 days of identification.

c.    Any significant volume of data may be produced by AWS s3 buckets to facilitate efficient transmission of the data.

d.    These deadlines shall not be construed as limiting the parties' ability to issue discovery requests, or as limiting the scope of those requests.

**4.    Interrogatories**

a.    Each side is limited to 40 interrogatories in total, including discrete subparts. Each side reserves the right to ask the Court for leave to serve additional interrogatories. If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served.

b.    The parties must serve responses and objections to interrogatories within 30 days as required by FRCP 33, unless otherwise agreed by the parties. If the responding party opts to respond by producing business records pursuant to FRCP 33(d), Paragraphs 2(a) through 2(e) above shall apply.

c.    Within 14 days of service of any responses and objections, the parties must start the meet and confer process in good faith regarding any disputes, including disputes regarding the producing party's responses and objections, whether any interrogatory may be satisfied by the production of documents or structured data, the scope of the producing party's

CASE MANAGEMENT ORDER - 3
CASE NO. 2:23-cv-01495-JHC

collection, search, and review of documents, if applicable (including regarding custodians and any search methodology, if applicable), and the timing of document production, if applicable.

**5.   Requests for Admission**

a.   Each side is limited to 200 requests for admission in total.  Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through good-faith negotiation) do not count against these limits.  Each side reserves the right to ask the Court for leave to serve additional requests for admission.

b.   The parties must serve responses and objections to requests for admission within 30 days as required by FRCP 36, unless otherwise agreed by the parties.

c.   The close of fact discovery shall not limit requests for admission regarding authentication or admissibility.

**6.   Depositions**

Reserved.

**7.   Discovery on Nonparties.**  The requesting party must provide all other parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within 3 court days of the modification, extension, or postponement.  Every discovery request to a nonparty shall include a cover letter requesting that the nonparty provide copies of all productions to both the requesting party and the other side at the same time.

**8.   Expedited Joint Motion Procedure.**  The parties may use the expedited joint motion procedure for discovery disputes in LCR 37(a)(2), at the moving party's election.  The parties may also file discovery motions using the standard procedure set forth in LCR 7.

**9.   Service of Pleadings and Discovery on Other Parties.**  Service of all pleadings, motions, and other papers that are filed shall be made by ECF (which will send notice to all

CASE MANAGEMENT ORDER - 4
CASE NO. 2:23-cv-01495-JHC

parties and nonparties registered with ECF).  Service of all discovery notices, requests (including subpoenas for testimony or documents under FRCP 45), and written responses shall be made by email to the persons whose email is listed below.  If the volume of attachments makes service by email impracticable, a party shall make service via a secure FTP service or overnight delivery to the persons listed below.  The parties may modify this list by agreement.

<u>Plaintiffs</u>

Susan A. Musser, smusser@ftc.gov
Edward H. Takashima, etakashima@ftc.gov
Danielle C. Quinn, dquinn@ftc.gov
Emily K. Bolles, ebolles@ftc.gov
Colin M. Herd, cherd@ftc.gov
Daniel A. Principato, dprincipato@ftc.gov
Michael Jo, Michael.Jo@ag.ny.gov
Rahul Darwar, Rahul.Darwar@ct.gov
Alexandra C. Sosnowski, Alexandra.c.sosnowski@doj.nh.gov
Caleb J. Smith, caleb.smith@oag.ok.gov
Jennifer A. Thomson, jthomson@attorneygeneral.gov
Michael A. Undorf, michael.undorf@delaware.gov
Christina M. Moylan, christina.moylan@maine.gov
Gary Honick, Ghonick@oag.state.md.us
Michael MacKenzie, michael.mackenzie@mass.gov
Scott A. Mertens, MertensS@michigan.gov
Zach Biesanz, zach.biesanz@ag.state.mn.us
Lucas J. Tucker, LTucker@ag.nv.gov
Ana Atta-Alla, Ana.Atta-Alla@law.njoag.gov
Jeffrey Herrera, jherrera@nmag.gov
Timothy D. Smith, tim.smith@doj.state.or.us
Stephen N. Provazza, sprovazza@riag.ri.gov
Gwendolyn J. Cooley, cooleygj@doj.state.wi.us

<u>Amazon</u>

Patty A. Eakes, patty.eakes@morganlewis.com
Molly A. Terwilliger, molly.terwilliger@morganlewis.com
Heidi K. Hubbard, hhubbard@wc.com
John E. Schmidtlein, jschmidtlein@wc.com
Kevin M. Hodges, khodges@wc.com
Jonathan B. Pitt, jpitt@wc.com
Carl R. Metz, cmetz@wc.com
Carol J. Pruski, cpruski@wc.com
Constance T. Forkner, cforkner@wc.com

CASE MANAGEMENT ORDER - 5
CASE NO. 2:23-cv-01495-JHC

Thomas O. Barnett, tbarnett@cov.com

**10.    Presumptions of Authenticity.**  Documents produced by parties and nonparties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

**11.    Nationwide Service of Process.**  To assist the parties in planning discovery, and in light of the geographic dispersion of potential witnesses in this action, the Court finds that there is good cause shown to permit the parties, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of FRCP 32 and FRE 804 "available" under these rules regarding the use at trial of a deposition taken in this action.

**12.    Modification.**  Any party may seek modification of this order, for good cause.

IT IS SO ORDERED.

DATED: February 13, 2024

_____
John H. Chun
UNITED STATES DISTRICT JUDGE