# Exhibit A

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>  Defendant. | Case No. 2:23-cv-01495-JHC<br><br>**DEFENDANT AMAZON.COM, INC.'S INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's October 23, 2023 Order (Dkt. 78), Defendant Amazon.com, Inc. ("Amazon") makes the following initial disclosures based on information reasonably available to Amazon as of the date of these disclosures. Amazon reserves the right to modify, amend, or supplement these disclosures at a later time as appropriate, and at any time before trial. By making these Initial Disclosures, Amazon does not represent that it is identifying every document, tangible thing, or witness potentially relevant to this action.

The FTC and certain Plaintiff States conducted an extensive pre-filing investigation in this matter, that included the production of approximately 1.7 million documents by Amazon and testimony from 29 current and former Amazon executives. This information is incorporated by reference in these initial disclosures to the extent relevant, and Amazon will not attempt to describe herein all of this information that is already in Plaintiffs' possession.

AMAZON'S INITIAL DISCLOSURES - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

These disclosures are made without waiving: (i) the right to object on the grounds of competency, attorney-client privilege, attorney work-product protections, undue burden, relevancy, materiality, hearsay, or any other proper ground; (ii) the right to object to the production or use of any information, for any purpose, in whole or in part, in any proceeding in this or any action; or (iii) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## I. Fed. R. Civ. P. 26(a)(1)(A)(i): Persons With Discoverable Information

Subject to the reservation of all rights and privileges described above, Amazon provides a list of individuals who may have discoverable information that Amazon may use to support its defenses to Plaintiffs' claims, unless solely for impeachment. The inclusion or absence of a name in this section is not, and should not be interpreted as, a representation by Amazon regarding the extent of the individual's actual, relevant knowledge, if any, or whether an individual will appear at trial. This list does not include experts or consultants who have been or might be retained, or individuals whose testimony would be used solely for impeachment.

### A. Amazon Employees

Based on the information currently available to Amazon, the individuals in the positions listed below are current and former Amazon employees who may have discoverable information that Amazon may use to support its defenses. These individuals may be contacted only through Amazon's counsel as follows:

c/o Kevin Hodges
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
Phone: (202) 434-5000
E-mail: khodges@wc.com

AMAZON'S INITIAL DISCLOSURES - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

| Individual | Title | Subject Matter |
|---|---|---|
| Steven Armato | VP, Middle Mile Product & Technology | Amazon and seller fulfillment services and competition in fulfillment services |
| Colleen Aubrey | SVP, Ad Products & Tech | Amazon Advertising services; Amazon's search page practices and policies |
| Christine Beauchamp | SVP, NA Stores | Amazon retail pricing policies and strategies; Amazon's third-party seller policies and strategies |
| Jeff Bezos | Executive Chair<br><br>Formerly: President, CEO | Competition with other retailers, sales channels and seller service providers; Amazon and seller fulfillment services and competition in fulfillment; Amazon Prime program and strategy; Amazon retail pricing policies and strategies; Amazon's third-party seller policies and strategies; Amazon Advertising services; Amazon's search page practices and policies |
| Mark Bowen Griffith | Director, Seller Fulfillment Services | Amazon and seller fulfillment services and competition in fulfillment services |
| Rajiv Chopra | VP, Software Development, WW Retail Pricing and Promotions | Amazon retail pricing policies and strategies; Amazon's third-party seller policies and strategies |
| Dave Clark | Formerly: CEO, WW Consumer | Competition with other retailers, sales channels and seller service providers; Amazon and seller fulfillment services and competition in fulfillment services; Amazon Prime program and strategy |
| Marc Delingat | Formerly: VP, Core Search | Amazon's search page practices and policies |
| John Felton | SVP, WW Operations | Amazon and seller fulfillment services and competition in fulfillment services |

AMAZON'S INITIAL DISCLOSURES - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

| Individual | Title | Subject Matter |
|---|---|---|
| Jamil Ghani | VP, Amazon Prime | Amazon Prime program and strategy |
| Christa Glenn | Director, WW Pricing & Promotions | Amazon's third-party seller policies and strategies |
| Doug Herrington | CEO, WW Amazon Stores<br><br>Formerly:<br>SVP, NA Consumer | Competition with other retailers, sales channels and seller service providers; Amazon and seller fulfillment services and competition in fulfillment services; Amazon Prime program and strategy; Amazon retail pricing policies and strategies; Amazon's third-party seller policies and strategies |
| Mike Mathieson | Director, Billing Computation, AWS Billing<br><br>Formerly:<br>Director, Pricing | Amazon retail pricing policies and strategies |
| Dharmesh Mehta | VP, WW Selling Partner Services | Amazon's third-party seller policies and strategies |
| Michael Miller | VP, Advertising Trust<br><br>Formerly:<br>Director, Brand Program | Amazon's third-party seller policies and strategies |
| Aaron Sachs | Head of Policy Operations, Advertising Trust<br><br>Formerly:<br>Senior Manager, Brand Excellence | Amazon's third-party seller policies and strategies |
| Tom Taylor | Formerly:<br>SVP, Alexa | Amazon and seller fulfillment services and competition in fulfillment services |
| Jeff Wilke | Formerly:<br>CEO, WW Consumer | Competition with other retailers, sales channels and seller service providers; Amazon and seller |

AMAZON'S INITIAL DISCLOSURES - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

| Individual | Title | Subject Matter |
|---|---|---|
| | | fulfillment services and competition in fulfillment services; Amazon Prime program and strategy; Amazon retail pricing policies and strategies; Amazon's third-party seller policies and strategies |

### B. Plaintiffs

Based on the information currently available to Amazon, the Plaintiffs in the above captioned action are likely to have discoverable information related to Amazon's defenses.

### C. Third Parties

As discovery has not yet commenced in this matter, Amazon cannot at this time identify specific third parties that may have discoverable information related to Amazon's defenses. However, based on the information currently available, Amazon identified the following categories of third parties that it reasonably believes may have discoverable information that Amazon may use to support its defenses. Amazon reserves all rights to identify additional third parties as the case proceeds.

#### 1. Online, Offline, and Omnichannel Retailers

Online, offline, and omnichannel retailers are likely to have discoverable information on a variety of topics, including, but not limited to, their first-party and third-party product offerings, pricing policies and practices, sales, discounts, and deals, marketing and sales strategies, volume of consumers and transactions, seller services, volume of sellers, fulfillment services and logistics operations, identification and evaluation of competitors and the competitive landscape, policies and practices related to competitors or competing with Amazon's services and offerings, considerations and analyses related to customer benefits programs, advertising policies and practices, and the policies and practices relating to the seller and consumer search experience.

AMAZON'S INITIAL DISCLOSURES - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

### 2. Third-Party Service Providers

Third-party service providers, such as e-commerce service providers, social media channels, search engines, and consultants or agencies, are likely to have discoverable information on a variety of topics, including, but not limited to, consumer shopping habits, sales channels, marketing, pricing, and sales strategies, sales volume, seller services, seller fees, identification and evaluation of competitors and the competitive landscape, and factors to consider when selling and advertising across channels.

### 3. Third-Party Logistics Providers

Third-party logistics providers are likely to have discoverable information on a variety of topics, including, but not limited to, fulfillment services and logistics operations.

### 4. Wholesale Suppliers and Vendors

Wholesale suppliers and vendors are likely to have discoverable information including, but not limited to, their pricing policies and practices, their business arrangements with Amazon and other retailers, and their business operations, including the benefits of selling wholesale to Amazon, the alternatives available, and the costs associated with those alternatives.

### 5. Third-Party Sellers

Third-party sellers who sell on Amazon or other channels (including direct-to-consumer) are likely to have discoverable information on a variety of topics, including, but not limited to, marketing, pricing, and sales strategies, product offerings, sales, and costs by channel, volume of customers, distribution strategies and costs, seller fees, fulfillment services and logistics operations, benefits of selling on Amazon compared to alternative options, advertising policies and practices, and experience with search practices and policies.

### 6. Third-Party Customer Benefit Program Providers

Third-party customer benefit program providers are likely to have discoverable information on a variety of topics, including, but not limited to, any customer benefit offerings they provide to customers or subscribers.

AMAZON'S INITIAL DISCLOSURES - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

* * * * *

Amazon reserves the right to call any individuals or entities Plaintiffs identify in their initial disclosures or in discovery. Further, Amazon's factual investigation is ongoing, and it reserves the right to amend or supplement these Initial Disclosures with the names and addresses of additional witnesses whose identities or relevant knowledge may become known if and as this case proceeds.

**II.     Fed. R. Civ. P. 26(a)(1)(A)(ii): Documents**

Based on information known to Amazon as of the date of these disclosures, Amazon may use the following categories of documents, electronically stored information, or tangible things in its possession, custody, or control to support its defenses, unless used solely for impeachment:

1) Documents and data showing that Amazon monitors and competes with a variety of retailers in operating the Amazon Store and selling products to consumers
2) Documents and data showing that Amazon monitors and competes with a variety of e-commerce service providers in providing services to sellers that sell online
3) Documents and data regarding Amazon's and third party's fulfillment operations, products, fees, and services
4) Documents and data regarding the impact of Amazon's fulfillment network on the consumer experience, including, without limitation, the increase in quality and speed of fulfillment
5) Documents and data regarding sellers' use of FBA and other providers of fulfilment services
6) Documents and data showing that displays of the Prime badge next to Amazon store offers reflect a variety of factors
7) Documents showing how Prime benefits consumers
8) Documents and data showing that Prime members shop with other retailers outside of Amazon
9) Documents and data showing that Prime members participate in other retailers' customer benefit programs
10) Documents showing that Amazon competes with other retailers and service providers for Prime members' purchases
11) Documents showing that Amazon makes available to consumers standalone offerings outside of the Prime membership program
12) Documents and data showing the reasons that consumers choose to subscribe to Prime
13) Documents and data showing Prime member engagement with Prime benefits
14) Amazon's Business Solutions Agreement
15) Amazon's Seller and Vendor Central Program Policies, including the Standards for Brands Selling in the Amazon Store

AMAZON'S INITIAL DISCLOSURES - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

16) Documents showing Amazon's commitment to providing its customers the best possible shopping experience
17) Documents and data showing the advantages to offering products for sale in Amazon's store either as a third-party seller or as a vendor, including the services that Amazon offers third-party sellers and vendors
18) Documents and data showing that Amazon's policies result in lower prices and a better shopping experience for consumers
19) Documents and data showing that Amazon's referral fees are comparable to, or cheaper than, other marketplace service providers
20) Documents and data showing that Amazon's optional fulfillment-related fees are comparable to, or cheaper than, other fulfillment service providers
21) Documents and data showing that Amazon's optional advertising services are comparable to, or cheaper than, other advertising service providers
22) Documents showing or analyzing changes over time to Amazon Advertising's coverage and density
23) Documents describing Amazon's efforts to measure and improve Amazon Advertising's relevance
24) Documents describing seller-driven Amazon Advertising product improvements and seller success stories using Amazon Advertising
25) Documents showing or analyzing the differences in the widgets, organic search results, and sponsored ads displayed on search results pages
26) Documents showing or analyzing how consumers interact with widgets, organic search results, and sponsored ads displayed on search results pages
27) Documents showing the advantages and necessity of providing guidance to customers apart from bare organic search results
28) Documents showing Amazon's search practices, policies, and considerations
29) Documents and data produced in response to the Federal Trade Commission's Civil Investigative Demand, FTC File Nos. 191-0129 & 191-0130
30) Documents and data produced in *Frame-Wilson, et al., v. Amazon.com, Inc.*, 2:20-cv-00424-RAJ (W.D. Wash. 2020)
31) Documents and data produced in *De Coster, et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-RSM (W.D. Wash. 2021)
32) Documents and data produced in *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-00996-JHC (W.D. Wash. 2021)
33) Documents and data produced in *California v. Amazon.com, Inc.*, CGC-22-601826 (Cal. Super. Ct. 2022)
34) Documents and data produced in *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-09542-VSB (S.D.N.Y. 2022)
35) Documents and data produced in *Hopper v. Amazon.com, Inc., et al.*, No. 2:23-cv-01523-JHC (W.D. Wash. 2023)

Amazon reserves the right to amend or supplement these Initial Disclosures with other categories of documents, electronically stored information, or tangible things that may, through the course of discovery, be revealed as documents in Amazon's possession, custody, or control

AMAZON'S INITIAL DISCLOSURES - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

that Amazon may use to support its defenses. Amazon further reserves the right to use at trial any document that Plaintiffs identify in its initial disclosures, in discovery, or otherwise uses or discloses.

### III.   Fed. R. Civ. P. 26(a)(1)(A)(iii): Damages

Amazon has not made a claim for damages in this action.

### IV.   Fed. R. Civ. P. 26(a)(1)(A)(iv): Insurance Agreements

Amazon has not identified any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

DATED this 22nd day of November, 2023.

**MORGAN, LEWIS & BOCKIUS LLP**

By:  s/ *Molly Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
         molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
         khodges@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S INITIAL DISCLOSURES - 9
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served a true and correct copy of the foregoing document upon all counsel of record *via email*, pursuant to the agreement of the parties on November 9, 2023.

Dated this 22nd day of November, 2023, at Seattle, Washington.

 <i>s/ Susie Johnson</i><br>
Susie Johnson, Office Manager<br>
Morgan, Lewis & Bockius LLP 

AMAZON'S INITIAL DISCLOSURES - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401