THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S SUPPLEMENTAL BRIEF CONCERNING DEPOSITION LIMITS**

In the Joint Status Report ("JSR"), Plaintiffs proposed to take 630 hours of testimony (the equivalent of 90 7-hour depositions) of Amazon witnesses. Dkt. #135 ("JSR") at 27. Although that 90-deposition proposal lacked foundation in any demonstrable need—particularly given the sweeping investigation already conducted by the FTC—Plaintiffs declined to discuss any more reasonable limit that would work within the case schedule and not inflict excessive burden. Amazon therefore respectfully asks this Court to impose a reasonable limit of no more than 30 party depositions per side, to be exceeded only with Court permission based on demonstrated need, along with the 50 third-party depositions per side discussed below. For benchmarking purposes, 30 depositions is almost double the number of Amazon witnesses identified in Amazon's initial disclosures. Amazon's overall proposal is tailored to the Court's schedule, and to the discovery Plaintiffs themselves found adequate in a longer and wider-ranging investigation. Specifically, in

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the four years preceding this lawsuit, the FTC and certain Plaintiff States conducted broad and intensive investigations of Amazon. The FTC took sworn testimony from 29 Amazon witnesses, exploring the retail practices now challenged in the Complaint, as well as others ultimately not challenged.[1]

As for third-party discovery, Amazon agrees at this time to Plaintiffs' proposed limit of 50 depositions per side, with the caveat that depositions by Amazon of third parties who provided discovery to Plaintiffs—whether sitting for investigative depositions, producing documents, or providing declarations—should not count against the limit. Plaintiffs had over four years to take third-party discovery in their investigations, and Amazon had no visibility into those efforts or any right to take discovery of its own. This information disadvantage persists, as Plaintiffs have not yet produced their investigative files in response to discovery requests, and Amazon cannot know how many third parties were contacted by Plaintiffs or have relevant information. Now that Plaintiffs have filed suit and will turn over their investigative files, Amazon should be permitted to catch up by taking discovery from the yet unknown third-party participants in Plaintiffs' investigations without prejudice to its ability to obtain discovery from others.

Amazon's proposal for 30 party and 50 third-party fact witness depositions is substantially beyond the presumptive limits set by Federal Rule 30.[2] It is reasonable in light of the extensive record already available to Plaintiffs and consistent with the scope of deposition discovery in comparable antitrust cases. The overall limit Amazon proposes, as opposed to Plaintiffs' proposal for 50 third-party depositions per side and 90 depositions of Amazon witnesses, is tailored to the Court's August 2025 fact discovery cutoff. Moreover, this number is commensurate with

---

[1] Before Plaintiffs' own expansive investigation, they had the benefit of attending (and were invited to question at) investigational depositions of Amazon witnesses conducted by the California Attorney General's office into many of the same Amazon business practices.

[2] Amazon understands that party depositions include current and former employees, directors, and corporate representatives, and that expert depositions would not be counted against these limits.

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

comparable cases, which are, in aggregate, more restrictive than Amazon's proposal. Amazon asks that the Court adopt this proposal.

First, Amazon's proposal reflects the discovery needs of the case, as evidenced by the conduct of Plaintiffs themselves. As noted, during their pre-filing investigations into Amazon, Plaintiffs took virtually unbounded discovery. That sweeping discovery included taking sworn testimony from 29 Amazon witnesses. Feb. 15, 2024 Decl. of Kevin M. Hodges ("Hodges Decl.") ¶ 4. Plaintiffs questioned the witnesses—including multiple executives at Amazon's most senior leadership level—in detail about the pricing and fulfillment policies now challenged in the Complaint. Before these investigational depositions, Plaintiffs had attended (and had the opportunity to conduct questioning during) investigative depositions of Amazon witnesses conducted by the California Attorney General's office in its overlapping investigation. *Id.* ¶ 5. Those California pre-suit depositions covered topics that are also alleged here, *California v. Amazon*, No. CGC-22-601826 (Cal. Superior Court, San Francisco County) (the "California Action").[3] Hodges Decl. ¶ 4. Plaintiffs, having the benefit of sitting through that extensive testimony and having received more than a million of Amazon documents, then took sworn testimony of many of these same witnesses in their investigation, as well as many others. *Id.* ¶¶ 3, 6.

Plaintiffs suggest that this investigative testimony is somehow irrelevant to the scope of discovery that should be permitted in this case. JSR at 29-30. But that testimony involved the same business practices challenged in the Complaint, which cites directly to investigational testimony. *See, e.g.*, Compl. ¶¶ 137-138. Plaintiffs took this testimony after Amazon had produced millions of pages of documents and 130 pages of narrative responses in connection with extensive information requests. Hodges Decl. ¶ 6. Plaintiffs' suggestion is also belied by their own JSR submission; they exempt investigative testimony from the applicable deposition limit,

---

[3] Plaintiffs have also requested in discovery all of the deposition transcripts from the California Action.

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 3
(Case No. 2:23-cv-01495-JHC)

showing their intent to try to rely on that testimony in addition to the 90 depositions that they request.  JSR at 26-27.

To support their view that the Court should not consider investigative discovery in establishing discovery limits, Plaintiffs identify only one case, *SEC v. Sargent*, 229 F.3d 68 (1st Cir. 2000), that dealt with the interplay between an agency's investigative and litigation discovery.[4]  *See* JSR at 34.  But that case suggested only that the agency could not be required to rely **exclusively** on its pre-suit investigation, with no further civil discovery.  *Id.* at 74, 80.  No one is urging such a position here—Amazon proposes 30 depositions of party witnesses, allowing Plaintiffs to build upon the vast discovery they already possess.

Second, Amazon's proposed deposition limits are consistent with limits in other large antitrust cases, including those cited by Plaintiffs.  In the *Google* antitrust litigation, for instance, the court's initial order adopted the parties' agreement to limit total depositions to 65 per side, similar to Amazon's proposal here.[5]  *United States v. Google*, No. 20-cv-03010 (D.D.C.), Dkt. #85, ¶ 14.  And in *FTC v. Qualcomm*, Rule 30's presumptive limit applied until the parties agreed to allow "all parties to conduct in excess of ten (10) depositions per side."  No. 17-cv-0220 (N.D. Cal.), Dkt. #207 (Sept. 22, 2017); *see also id.* Dkt. #75 (Apr. 19, 2017).  Other antitrust cases by government enforcers, not cited by Plaintiffs, set deposition limits in line with Amazon's proposal.  *See FTC v. Actavis*, No. 09-cv-955 (N.D. Ga. June 11, 2014), Dkt. # 307, §§ II, III (40 total depositions per side in consolidated antitrust actions by FTC and private plaintiffs); *United States v. Microsoft*, No. 98-cv-1232 (D.D.C. Sept. 28, 2001), Dkt. # 635, § 5(g)-(h) (30 total depositions per side); *FTC v. Ovation Pharms., Inc.*, No. 08-cv-6379 (D. Minn. Jan. 15, 2009), Dkt. #20 at 14 (15 total depositions per side).

---

[4] Plaintiffs also cite in the JSR other cases that address intricacies of agency discovery but not the appropriate scope of deposition discovery.  JSR at 34.

[5] The Court later allowed an increase of 15 depositions per side following consolidation with other plaintiffs who sought additional discovery on different theories.  No. 20-cv-03010 (D.D.C.), Dkt. #108.  That increase was fewer than the 30 additional depositions per side that those plaintiffs had requested and resulted in an overall limit of 80 depositions.  *Id.* Dkt. #105.

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

| | |
|---|---|
| 1 | Plaintiffs rely on one case, *FTC v. Meta Platforms*, No. 20-cv-03590 (D.D.C. Mar. 3, |
| 2 | 2022), which set an 840-hour (equivalent of 120 7-hour depositions) limit for fact deposition |
| 3 | testimony.  Dkt. #103, ¶ 14(a).  But the circumstances there were different in two key respects: |
| 4 | first, the parties in *Meta* agreed to and jointly proposed that deposition limit.  *See id.* Dkt. #102. |
| 5 | Second, the limit applied equally to both sides and did not distinguish between "party" depositions |
| 6 | and third-party depositions.  *Id.* Dkt. #103.  In contrast, Plaintiffs' proposal is neither based on |
| 7 | agreement of the parties nor supported by the showing required by the Federal Rules.  Courts in |
| 8 | this Circuit deviate from Rule 30's presumptive limit only upon "a 'particularized showing' of the |
| 9 | need for additional depositions."  *Jordan v. Wonderful Citrus Packing LLC*, 2019 WL 176264, at |
| 10 | *2 (E.D. Cal. Jan. 11, 2019) (quoting *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. |
| 11 | 2013)).  A "particularized showing" requires a party to demonstrate specifically why it needs the |
| 12 | additional depositions it seeks.  *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *3-4 (S.D. Cal. |
| 13 | Aug. 19, 2016).  As Rule 30 makes clear, whether and to what extent to increase the deposition |
| 14 | limit is made in consultation with Rule 26's relevance, proportionality, and burden considerations. |
| 15 | *See* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment ("One aim of this revision |
| 16 | is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be |
| 17 | allowed to take more than ten depositions in a case without agreement of the other parties."). |
| 18 | Plaintiffs have not made a "particularized showing."  They provided no specific |
| 19 | justification for their proposal in the JSR and never engaged in negotiations toward reaching |
| 20 | agreement on the number of depositions.  Rather, they have made only generalized assertions about |
| 21 | the "multiple arms of Amazon's operations" allegedly at issue and the self-described |
| 22 | "significan[ce]" of their "antitrust enforcement action."  JSR at 27, 30.  Such general arguments |
| 23 | do not justify an unusually large number of depositions, and their number is unsupported by |
| 24 | comparable antitrust cases.  Amazon's proposal of 30 party and 50 non-party depositions reflects |
| 25 | a substantial, yet proportional, increase to the Rule 30 deposition limits:  Plaintiffs will have ample |
| 26 | opportunity to question Amazon witnesses on issues relevant to the case.  And both sides will be |

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

able to obtain third-party discovery needed to determine questions of relevant market, market power, and anticompetitive effects.

Third, Plaintiffs' proposal would impose unjustifiable burdens on Amazon's current and former employees. Amazon's witnesses were deposed multiple times in Plaintiffs' and California's investigations. Certain of these individuals may be required to give testimony again here, but a 90-deposition limit imposes no guardrails against cumulative and unnecessary questioning on topics comprehensively covered in prior testimony. Plaintiffs' proposal would also be highly disruptive to Amazon's business; 90 depositions equate to one deposition every workday for 4.5 months. Such burdensome discovery is neither necessary nor proportional to the needs of the case given the extensive pre-suit testimony.[6]

Finally, Plaintiffs' proposal is inconsistent with the pretrial schedule. Under the Case Scheduling Order, Plaintiffs' proposed 190 depositions—assuming, as Plaintiffs do, that Amazon takes no depositions of Plaintiffs—must be completed by August 8, 2025. Dkt. #159. Based on Amazon's experience in the California Action, it is ambitious to expect that so many depositions could be conducted in this timeframe. That Action was filed in September 2022—a year before this case—and discovery has proceeded more slowly than contemplated by Plaintiffs. Third-party discovery, in particular, has required significant negotiation concerning the scope of document production and deposition scheduling, and thus far only seven deposition have gone forward. Hodges Decl. ¶ 7. It is unrealistic to insist, as Plaintiffs do, that a far greater number of depositions should occur in a more compressed period.

Amazon's proposal of 30 party and 50 third-party depositions calibrates the needs of discovery to all parties' interest in efficiency. Setting reasonable limits on party depositions ensures that each side will focus its discovery efforts on essential facts and avoid cumulative

---

[6] Notably, Plaintiff's proposal is wholly one-sided. In the JSR, Plaintiffs took the position that no depositions of their party-affiliated witnesses would ever be warranted. JSR at 30. Plaintiffs have not yet produced their investigative files, however, so it is premature to know what testimony will be needed (for example, facts concerning interactions with third parties that bear on witness credibility). But whether Plaintiffs' party witnesses should be deposed need not be decided now; Amazon simply asks that the number of party depositions apply equally to both sides.

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

depositions that are duplicative of each other and pre-suit testimony. Amazon's proposal allows Plaintiffs to take discovery in excess of the Rules' default limits and commensurate with the needs of the case, but without causing undue burden or duplication.

## CONCLUSION

For the reasons above, Amazon respectfully requests that the Court limit each side to up to 30 party and 50 third-party fact witness depositions, excluding depositions taken by Amazon of third-party participants in Plaintiffs' pre-suit investigations.

DATED this 16th day of February, 2024.

*I certify that this memorandum contains 2,040 words, in compliance with Dkt. 151.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
           molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

By: *s/ Kevin M. Hodges*
Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
           jschmidtlein@wc.com
           khodges@wc.com
           jpitt@wc.com
           cmetz@wc.com
           cpruski@wc.com

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

cforkner@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S SUPPLEMENTAL BRIEF
CONCERNING DEPOSITION LIMITS - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401