UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., | CASE NO. 2:23-cv-01495-JHC |
| Plaintiffs, | ORDER RE: DEPOSITION LIMITS |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

Based on the Joint Status Report and Discovery Plan, Dkt. # 135, the scheduling conference on February 8, 2024, Dkt. # 151, and the parties' briefs at Dkt. ## 162 and 164, the Court orders the following:

A.     Each side is limited to 80 depositions of party witnesses.

B.     Each side is limited to 70 depositions of nonparty witnesses.

C.     The following do not count against these limitations: (a) depositions of the parties' expert witnesses; (b) sworn testimony taken during Plaintiffs' pre-Complaint investigation or in any other litigation or government investigation; and (c) depositions taken for the sole purpose of establishing the authenticity or admissibility of documents, data, or other evidence, provided that such depositions must be designated as such at the time they are noticed.

D.      Unless the parties agree otherwise, or the Court grants leave, each deposition shall not exceed seven hours.

E.      Each side may seek leave of Court for additional depositions.

F.      Where the parties and the deponent agree, depositions may be held remotely.  The parties will meet and confer regarding a protocol for remote depositions.  Nothing in this Order prevents a party from seeking an in-person deposition.

G.      The parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay.

H.      If a witness is a former employee of a party, that party shall promptly, and no later than 14 days of receiving a deposition notice for the former employee, provide the following information to the extent that it is known: (a) the former employee's date of departure and last known address; (b) whether the party's counsel will be representing the former employee in connection with the deposition, and if so, whether the party's counsel will accept service of a subpoena; and (c) if the party's counsel will not be representing the former employee in connection with the deposition, the name and contact information for the witness's counsel or if the witness is unrepresented, indication of such status.  The party shall promptly supplement any information that is subsequently known to the party.

I.      If a party serves a subpoena for the production of documents or electronically stored information (ESI) on a nonparty and subpoena commanding a deposition by a witness for the nonparty, the party serving those subpoenas must schedule the witness's deposition for a date at least 14 days after the return date for the document subpoena.  If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena

compliance) (a) with respect to which the witness is an author, sender, recipient, or custodian; and (b) that are contained in a shared filing location or electronic or physical repository that the witness had access to in the ordinary course of business.

J.      If a party serves a subpoena for the production of documents or ESI on a nonparty and subpoena commanding a Rule 30(b)(6) deposition for the nonparty, the party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena.  If the return date for the document subpoena is extended, then absent consent from both sides the deposition must be postponed to a date at least 14 days after the completion of production for substantially all documents called for by the subpoena (as modified by any negotiations regarding subpoena compliance).

Dated this 20th day of February, 2024.

John H. Chun
United States District Judge