THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | Case No. 2:23-cv-01495-JHC <br><br> **AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE** <br><br> *ORAL ARGUMENT REQUESTED* |

Plaintiffs' motion should be denied because Plaintiffs fail to meet their "burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." *Hopkins v. Integon Gen. Ins. Co.*, 2020 WL 1819875, at *2 (W.D. Wash. Apr. 10, 2020).[1] Bifurcation, the "exception rather than the rule," requires a highly "case-specific inquiry" that considers whether issues and evidence overlap, as well as whether the opposing party will be prejudiced. *Infra* p. 3. Here, that case-specific inquiry demonstrates the harm in bifurcation.

First, while the Complaint attacks a myriad of pro-customer practices at the "core" of Amazon's business, Dkt. #135 ("JSR") at 27, Plaintiffs seek to leave their proposed "broad" relief unspecified—to the detriment of efficiency and to the prejudice of Amazon. Plaintiffs argue that

---

[1] All internal citations and subsequent history are omitted and emphases added unless otherwise noted.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

bifurcation will be efficient because the parties can take discovery on remedies now during their proposed liability phase, and that evidence from the liability phase can be used to determine remedies. Mot. at 2, 10. But Plaintiffs have not said, and Amazon does not know, what remedies Plaintiffs intend to seek. Plaintiffs' silence on this important issue is hard to fathom, as they have the benefit of a four-year pre-Complaint investigation in which they received nearly 10 million pages of documents and took testimony from 30 Amazon witnesses and an unknown number of third parties. Amazon cannot take discovery on or develop defenses to unknown remedies proposals, especially given that the Complaint implicates a diverse range of Amazon's core business practices, and will be prejudiced if required to do so. And the Court will be required to determine liability without first learning what remedies Plaintiffs might seek or considering the real-world consequences of those remedies on competition.

Second, Plaintiffs' proposed bifurcation would be less efficient than a single trial. The Court would need to hold two separate proceedings and witnesses would need to be called twice. Plaintiffs acknowledge that issues overlap between the two proceedings, hence Plaintiffs' claim that discovery in the liability phase will be relevant to the proposed remedy phase. Mot. at 10. Plaintiffs nonetheless argue that the liability phase will involve "much narrower" considerations than the remedy phase, suggesting that alternative forms of lawful Amazon conduct only would be relevant to Plaintiffs' burden of proving "less restrictive alternatives." *Id.* at 9. But that is far from the only overlap between liability and remedy. Plaintiffs' attacks on pro-customer practices like competing to offer low prices, featuring low-priced offers, and committing to rapid and reliable fulfillment will all involve evaluating—in the liability phase—Plaintiffs' purported alternatives. In order to evaluate whether such practices on balance harm or enhance competition in a properly defined relevant market, Plaintiffs must identify what specific conduct Amazon is prohibited from engaging in so that this "but-for world" can be compared with the actual world. Plaintiffs' remedies, including any potential injunctive relief directed at particular business practices, therefore are unquestionably relevant to the fundamental issues to be decided on liability,

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

including whether those remedies could cause harm to competition or consumers. Under these circumstances, the liability issues of what alternative practices Amazon could have employed and what practices Amazon should be ordered to alter are not nearly as "narrow" or segregable as Plaintiffs suggest. To take only one example, Plaintiffs' challenge to Amazon's practice of featuring competitively-priced seller offers cannot be evaluated without knowing how Plaintiffs contend that this practice should be changed.

Finally, the decision whether to bifurcate is highly case-specific and lies within the Court's discretion. There is no overarching law or practice requiring bifurcation in antitrust cases. Some antitrust cases have been bifurcated—often by agreement of the parties—and others have not. In this case, liability and remedy issues will overlap, and as a matter of fairness and efficiency, proposed remedies should be disclosed and considered as part of any liability determination.

Plaintiffs' motion should be denied.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) allows the Court to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016). "[B]ifurcation is the exception rather than the rule of normal trial procedure within the Ninth Circuit." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1208 (D. Or. 2015); *Rice v. City of Roy*, 2021 WL 3173146, at *2 (W.D. Wash. July 26, 2021) ("[T]he Court will not bifurcate without good reason."). The decision whether to bifurcate is a "case-specific inquiry" that requires the Court to consider a number of factors, including:

> (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

*Est. of Hill ex rel. Grube v. NaphCare, Inc.*, 2022 WL 2177679, at *1-2 (E.D. Wash. June 14, 2022). It is the parties seeking bifurcation who bear "the burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009); *Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012). Bifurcation is inappropriate where "the issue of liability is intertwined with the issue of damages" because separating the inquiries in such circumstances would tend to create "confusion and uncertainty." *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989).

Here, Plaintiffs fail to meet their burden to justify deviating from "[t]he normal trial procedure in the Ninth Circuit," a single trial on liability and remedies. *Firetrace USA, LLC v. Jesclard*, 2011 WL 13183014, at *1 (D. Ariz. Feb. 15, 2011). All of the factors enumerated by the Ninth Circuit argue against bifurcation. If the case is bifurcated, Amazon will be prejudiced, and there will be substantial duplication of evidence, overlap of issues, and inefficiency.

**I.      Plaintiffs' Bifurcation Proposal Is Prejudicial and Unworkable.**

Plaintiffs fail to carry their burden of showing that bifurcation will not inflict "inconvenience or prejudice." *Clark*, 772 F. Supp. 2d at 1269. They ignore the key prejudice of their bifurcation proposal, namely, that Amazon should conduct remedies discovery and proceed to trial before Plaintiffs have even disclosed the remedies they potentially might seek. In both the Joint Status Report and their Motion, Plaintiffs asserted discovery bearing on liability and remedies can proceed immediately, but take the position that they can defer disclosing proposed remedies until after the Court rules on liability. JSR at 44-45; Mot. at 2 ("discovery should encompass both liability and remedy issues").

Plaintiffs offer no solution for how Amazon can adequately take discovery concerning remedies without first learning what remedies Plaintiffs will seek. Nor can Amazon be expected to discern Plaintiffs' intentions. According to Plaintiffs, their "case against Amazon challenges conduct that is at the core of Amazon's business, and involves multiple arms of Amazon's

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

operations, including its first-party Retail and third-party Marketplace business units, its online superstore, advertising services, Prime subscription program, and fulfillment services." JSR at 27; *see also* Mot. at 7.  For example, the Complaint contains allegations concerning Amazon's price competition with other retailers, Compl. ¶¶ 325-337; its practice of featuring low-priced seller offers to its customers, *id.* ¶¶ 272-304; and its popular fulfillment program for Amazon Prime members, *id.* ¶¶ 351-409.  The Complaint makes sweeping reference to other aspects of Amazon's business, including its advertisement services and search algorithms, *id.* ¶¶ 229-248, and fees charged to third-party sellers for services used in connection with selling on Amazon's store, *id.* ¶¶ 249-256.

Despite their specific allegations, and their lengthy pre-Complaint investigation, Plaintiffs have not explained how these Amazon business practices should be changed.  Plaintiffs propose to reserve all possible remedies because "available injunctive relief is broad," Mot. at 5, but this provides Amazon with no information about remedies.  Plaintiffs' repeated references to the breadth of the relief they might seek, *e.g.*, *id.* at 4-5, 9, including even unspecified "structural relief," Feb. 8, 2024 Hr'g Tr. 11:4, highlights the unfairness of requiring Amazon to conduct discovery on undisclosed potential remedies.  Take, for example, Plaintiffs' allegations regarding Amazon's practices that feature competitively-priced seller offers.  Compl. ¶¶ 262-324.  It is unclear what remedy Plaintiffs would propose in this instance; requiring Amazon *not* to feature competitively-priced offers would be contrary to antitrust policy.  Plaintiffs' references to other practices that benefit consumers, such as Amazon's fast and reliable fulfillment services, raise similar questions about what remedies Plaintiffs might seek that would not have anticompetitive effects.

Plaintiffs' broad challenges to Amazon's business also will require discovery from a broad range of witnesses, for example, retail competitors about pricing practices in the industry, discovery from Amazon about its business practices, discovery from sellers about their responses to Amazon and its competitors' policies and practices, and expert discovery regarding market

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

definition and the effects of the challenged conduct. Their testimony and documents will be relevant to, for example, what alternative conduct might be required and how the imposition of such limitations would affect competition in the market. But without knowing even the general contours of what proposed remedies—such as limitations on conduct, contractual and licensing arrangements, or even divestitures—Plaintiffs might seek (and their sweeping Complaint seems to put everything on the table), Amazon will be handicapped in its ability to get information from such discovery targets now, while Plaintiffs will have the unfair advantage of building a discovery record with exclusive knowledge as to their potential menu of remedies.

Such lack of disclosure is prejudicial and creates practical difficulties that will further prejudice Amazon. For example, many third-party witnesses, including Amazon's competitors, have taken the position that they will only participate in a single deposition. Amazon would be forced to take testimony now from such third parties on all undisclosed potential remedies, or else later seek to compel these parties to participate in discovery again after remedies proposals are disclosed. Amazon should be advised of Plaintiffs' remedy proposals now so that it can participate in discovery in an informed and efficient manner.

## II.   Bifurcating Would Cause Inefficiency and Duplication.

Plaintiffs do not meet their burden of showing that "bifurcation will promote judicial economy." *NaphCare, Inc.*, 2022 WL 2177679, at *1. Bifurcation is not proper where "the issue of liability is intertwined with the issue of damages." *Miller*, 885 F.2d at 511. Plaintiffs do not dispute the evidentiary overlap between liability and remedies. Instead, they downplay the added burdens of bifurcation by offering that the second remedies trial "may not require additional witness testimony" and may be decided solely on the liability trial record. Mot. at 10.[2] But this

---

[2] Plaintiffs cite *United States v. American Express Co.*, 10-cv-4496 (E.D.N.Y. Feb. 19, 2015), where the court ordered the parties jointly to propose a remedy to modify terms in the defendant's agreements with merchants and, to the extent agreement could not be reached, provide written submissions on remedy. Dkt #620. Such an approach would be inappropriate here, where the claims are more novel, implicate multiple and diverse aspects of Amazon's business, and any remedy issue likely will turn on fact-intensive and disputed issues, such as the appropriateness of alternative conduct and its market effects.

AMAZON'S OPPOSITION TO PLAINTIFFS'  
MOTION TO BIFURCATE - 6  
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP  
ATTORNEYS AT LAW  
1301 SECOND AVENUE, SUITE 3000  
SEATTLE, WASHINGTON 98101  
TEL +1.206.274.6400   FAX +1.206.274.6401

begs the question of why bifurcation is needed if there is such overlap between the liability and remedies issues—and why Plaintiffs cannot now reveal the remedies that they plan to seek.

Of course, the full extent of overlap cannot be determined without further information on Plaintiffs' expected remedies proposal. If there is truly such overlap, then Amazon should receive sufficient information to develop relevant evidence on both liability and remedies issues. Otherwise, the Court, the parties, and witnesses will need to participate in two separate proceedings that Plaintiffs concede will cover overlapping issues. There is no efficiency in such piecemeal litigation.

Plaintiffs argue that as to liability, they do not need to propose remedies, as the Court need only narrowly consider evidence of "less restrictive alternatives" that "probe alternative conduct Amazon could have engaged in." Mot. at 9.[3] But evidence of how Plaintiffs say Amazon's conduct must be altered to comply with antitrust law is relevant to assessing whether Amazon's conduct today promotes competition when compared to the "but-for-world" under Plaintiffs' proposed remedies. Consideration of liability therefore will necessarily be informed by evidence of what alternative conduct would have been feasible consistent with Plaintiffs' proposed remedies, including prohibitory injunctive relief to redress specific conduct.

In any event, the standard for bifurcation is not whether liability and remedies present separate legal issues, but whether they have factual and evidentiary overlap such that trying them separately would "duplicate considerable evidence." *In re Se. Milk Antitrust Litig.*, 2011 WL 13122672, at *1-2 (E.D. Tenn. July 20, 2011). Conduct evidence concerning Amazon's business

---

[3] Plaintiffs rely on *Hirst v. Gertzen*, 676 F.2d 1252 (9th Cir. 1982), which affirmed bifurcation of a discrete liability issue—cause of death—in a wrongful death action to "simplif[y] the issues for the jury" and avoid "danger of unnecessary jury confusion, since certain evidence relevant to the conspiracy issue might tend to obscure the more fundamental question of how [the decedent's] death occurred," *id.* at 1261. These facts are inapposite to this antitrust case. *See NaphCare*, 2022 WL 2177679, at *1 ("Bifurcation is a case-specific inquiry.").

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 7
(Case No. 2:23-cv-01495-JHC)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400   Fax +1.206.274.6401

practices will not present a "mere minor overlap of evidence," as Plaintiffs assert. Mot. at 11. And the cases they cite for this proposition, *id.* at 4, are quite distinct from the circumstances here.[4]

Plaintiffs also rely heavily on *Microsoft*, but that reliance is misplaced. There, the district court ordered divestiture, without conducting *any* evidentiary hearing on remedies, in the face of acknowledged disputed facts and "divergent opinions on the likely results of [the] remedies decree." *United States v. Microsoft Corp.*, 253 F.3d 34, 102 (D.C. Cir. 2001) (per curiam). The D.C. Circuit did not mandate a bifurcated proceeding, but rather remanded for evidentiary findings on remedies based on the uncontroversial principle that a "party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief." *Id.* at 101. Remand for a lengthy remedies proceeding could have been avoided had the court taken evidence on remedies in the initial trial.

There will be no meaningful benefit to judicial economy conferred by Plaintiffs' proposal. In addition to *Microsoft*, Plaintiffs cite *Yanni v. City of Seattle*, 2005 WL 2180011 (W.D. Wash. Sept. 9, 2005), and *Gaekwar v. Amica Mutual Insurance Co.*, 2024 WL 85089 (W.D. Wash. Jan. 8, 2024) for their suggestion that potential for duplication can be easily mitigated. *See* Mot. at 10. But those cases bear no resemblance to this one. *Yanni* bifurcated false arrest claims and malicious prosecution counterclaims where "the issues [we]re not factually or legally complex, and the trial [wa]s expected to last only five days." 2005 WL 2180011, at *2. And *Gaekwar* bifurcated contractual and extracontractual claims in a car crash case where potential duplication was speculative. 2024 WL 85089, at *4. Here, by contrast, all agree that testimony from the same witnesses will bear on the "complex" liability and remedies issues. *See* Mot. at 9, 11.

---

[4] *F&G Scrolling Mouse LLC v. IBM Corp.* denied bifurcation in a patent infringement case involving distinct issues of liability, on the one hand, and willful infringement and damages, on the other. 190 F.R.D. 385, 390 (M.D.N.C. Oct. 26, 1999). *Greening v. B.F. Goodrich Co.* was a wrongful death case in which the court bifurcated a threshold "loaned employee" affirmative defense from the remaining liability issues *and* damages. 1993 WL 134781, at *3 (N.D. Il. Apr. 23, 1993). And *Navellier v. Sletten* did not involve bifurcation whatsoever; it merely affirmed the principle that the court has broad discretion to manage trial. 262 F.3d 923, 941 (9th Cir. 2001).

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

"The Court heavily weighs judicial economy when making the discretionary decision to bifurcate liability and damages, and while some time might be saved in withholding damages evidence until after the jury determines liability, the overlap in evidence between the two counsels against bifurcation." *See, e.g.*, *Strategic Partners, Inc. v. FIGS, Inc.*, 2022 WL 17348175, at *3 (C.D. Cal. Sept. 26, 2022) (declining to bifurcate and collecting cases); *accord Cadet Mfr. Co. v. Am. Ins. Co.*, 2006 WL 1875886, at *1 (W.D. Wash. July 5, 2006). Any remedy determination in this case will involve expert and fact testimony about the challenged business practices and their effects on disputed relevant markets, both of which will also be a focus in the liabilities phase and involve some of the same witnesses. Presenting evidence on the same issues twice and requiring "witnesses to be brought back for second trial . . . clearly does not serve the interest of the Court in economy, the interest of the parties in an expeditious resolution, or the interest of potential witnesses in mitigating their inconvenience." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 624 (N.D. Ill. 2000).

### III. There Is No Bifurcation Requirement in Antitrust Cases.

Plaintiffs suggest that bifurcation is the presumptive approach in complex antitrust cases. *See* Mot. at 5. But their own authorities make clear that bifurcation "has not been done routinely." 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2390 (3d ed.) (cited in Mot. at 3); Fed. R. Civ. P. 42(b) advisory committee's notes to 1966 amendment (cited in Mot. at 3) ("separation of issues for trial is not to be routinely ordered").

Antitrust cases are regularly tried in a single proceeding. In addition to the *Optronic* case cited by Plaintiffs, *infra* p. 10, the courts conducted a single trial on complex antitrust claims in *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 53 (2d Cir. 2019), *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1127 (9th Cir. 2022), *O'Bannon v. NCAA*, 7 F. Supp. 3d 955, 963 (N.D. Cal. 2014) and *Le Page's Inc. v. 3M*, 324 F.3d 141, 145 (3d Cir. 2003). Recently, the court in *In re Zetia* denied a motion to bifurcate antitrust proceedings because doing so would "invite disagreement" about what evidence could be presented in which phase and potentially

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

require duplicative testimony, to the detriment of judicial economy.  2023 WL 4157433, at *2 (E.D. Va. Mar. 14, 2023).

Plaintiffs' own cases do not support a requirement of bifurcation in antitrust cases. They cite *Optronic Technologies v. Ningbo Sunny Electronic Co.*, 20 F.4th 466, 486 (9th Cir. 2021) (Mot. at 4) to describe the contours of potential equitable relief, but fail to note that the injunction issued there followed a *single trial* on liability and damages, *id.* at 473. Other, decades-old antitrust cases, Mot. at 3, involved proceedings in which bifurcation was not a litigated issue and no analysis was provided on the circumstances in which bifurcation would be appropriate.[5] Nor are these cases factually similar. *Goldfarb* involved class action claims presenting a Section 1 challenge to minimum fee schedules promulgated by state and local bar organizations; the damages determination did turn not on the lawfulness of the trade practice but instead on the separate question of whether those policies caused consumers to overpay for legal services. 421 U.S. 773, 778-79 (1975). *Oltz* involved an individual's claim for damages—in the form of lost wages, the determination of which turned on his but-for earnings and applicable offsets, not the nature of the allegedly exclusionary conduct. 19 F.3d 1312, 1313 (9th Cir. 1994). And *Wall Products* involved a separate trial on overcharge damages—a concept not at issue in this case—plaintiffs suffered as a result of a price-fixing conspiracy.[6] 357 F. Supp. 832, 840 (N.D. Cal. 1973). These monetary damages cases did not involve monopolization claims—nor undisclosed, potentially wide-ranging proposed equitable remedies—and the bifurcation involved more discrete issues involving determination of quantum of damages, not (as here) changes to business practices that are central to the antitrust liability claims.

---

[5] Mot. at 3 (citing *Goldfarb v. Va. State Bar*, 421 U.S. 773 (1975); *Oltz v. St. Peter's Cmty. Hosp.*, 19 F.3d 1312 (9th Cir. 1994); *In re Data Gen. Corp. Antitrust Litig.*, 490 F. Supp. 1089 (N.D. Cal. 1980); *Wall Prods. Co. v. Nat'l Gypsum Co.*, 357 F. Supp. 832, 834 (N.D. Cal. 1973)). Only *In re Master Key Antitrust Litigation*, 528 F.2d 5, 15 (2d Cir. 1975), addressed the standard under Rule 42, but the court there dismissed the appeal for lack of jurisdiction, and, in any event, the underlying bifurcation decision was animated by the case's class action posture.

[6] Finally, *Data General* isolated a discrete issue—whether the defendant "possess[ed] sufficient economic power in" a particular market—to be tried to a jury. 490 F. Supp. at 1098.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Plaintiffs cite antitrust cases (Mot. at 4) that bifurcated for case-specific reasons that are inapplicable here. In *Kraft Foods v. United Egg Producers*, the court bifurcated an antitrust case on remand from the MDL court after two prior cases resulted in verdicts finding the defendants not liable. 2023 WL 5177501, at *10 (N.D. Ill. Aug. 11, 2023). Facing a trial on the same claims featuring the same witnesses, the court concluded it was "not much of a stretch to think that the same thing could happen here, too," (i.e., that there would be a finding of no liability) and that efficiency would be gained by trying liability only. *Id.* at *7. In *Union Carbide*, the court separated liability and damages because "[s]egmenting difficult issues of liability and damages might enhance juror comprehension" and found that the two phases would not involve overlapping testimony, with the damages phase limited to a few witnesses. 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998). Issues of juror confusion are not present in this bench trial. Finally, Plaintiffs point to *Reines Distributors v. Admiral Corp.*, but that was a Robinson-Patman case in which the court bifurcated a threshold issue—whether a certain customer was a "purchaser-customer" for statutory purposes—from less confined *liability and* damages issues.[7] 257 F. Supp. 619, 620 (S.D.N.Y. 1965). The efficiency gains from bifurcation in *Reines* were achievable due to circumstances not present here.

Plaintiffs also reference bifurcated cases involving monopolization claims to urge that bifurcating here would yield benefits. But the parties to the two government enforcement actions cited in the Motion, at 6, agreed to phased proceedings, and so those cases cannot help Plaintiffs meet their burden to show that bifurcation is appropriate here. *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C. Dec. 6, 2021), Dkt. #264; *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (D.D.C. Mar. 3, 2022), Dkt. #102. The private monopolization cases cited by Plaintiffs,

---

[7] Plaintiffs did not provide the full quotation from *Reines* concerning its bifurcation ruling. The complete quote shows that liability and damages issues were not bifurcated: "If plaintiff should lose on the *Newark issue* [i.e., whether Newark was a "purchaser-customer"], the issue*s of competition, discrimination and* damage *as to Newark* will be out of the case and there will be neither duplication nor cumulation." 257 F. Supp. at 621 (emphasized text omitted from Mot. at 5).

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 11
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Mot. at 6, likewise did not involve contested motions to bifurcate and, in those cases, the courts contemplated narrow proceedings for the court to determine equitable remedies following jury trials. *See In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), Dkt. #917; *United States v. Google LLC* No. 1:23-cv-00108 (E.D. Va. July 11, 2023), Dkt. #283.[8]

Plaintiffs also posit that the various claims asserted by the States counsel in favor of bifurcation. Mot. at 8. But the States challenge the same business practices that the FTC does under state laws that mainly incorporate Sherman Act Section 2 standards. *See* Mot. to Dismiss, Dkt. #127, at 20. And Plaintiffs, who bear the burden on this Motion, offer no explanation of how the remedies sought by the States and the FTC will differ and, if so, why any differences would warrant a separate trial. Whatever "complex[ity]" the multitude of claims might introduce provides no basis to bifurcate in a bench trial. Mot. at 8; *see, e.g., Pfeister v. RSUI Indemnity Co.*, 2020 WL 4667425, at *2 (N.D. Cal. Aug. 5, 2020) ("Because any trial is a bench trial, there is no risk of jury confusion, and bifurcation thus is unnecessary."); *FTC v. Adept Mgmt., Inc.*, 2018 WL 893803, at *2 (D. Or. Feb 13, 2018).

## CONCLUSION

The Court should deny Plaintiffs' Motion because Plaintiffs have failed to meet their burden under Rule 42(b). Regardless of the Court's decision on this Motion, however, there will be substantial overlap of liability and remedies issues, and efficiency can best be ensured if Plaintiffs' proposed remedies are disclosed so that Amazon may conduct discovery on a fair and informed basis, and so that the parties may present their evidence in the most streamlined manner possible.

//

//

//

---

[8] *United States v. Google LLC* only addressed the plaintiffs' request for post-trial, remedy-specific discovery.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO BIFURCATE - 12
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 11th day of March, 2024.

*I certify that this memorandum contains 4,192 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

By: *s/ Kevin M. Hodges*
Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
cmetz@wc.com
cpruski@wc.com
cforkner@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE - 13
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401