THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' REPLY IN**
**SUPPORT OF MOTION TO**
**BIFURCATE**

NOTE ON MOTION CALENDAR:
March 15, 2024

*ORAL ARGUMENT REQUESTED*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## INTRODUCTION

2   The parties agree that the decision to bifurcate proceedings under Federal Rule of Civil

3   Procedure 42(b) is case-specific and lies within the Court's discretion. Plaintiffs' motion to

4   bifurcate detailed why complex antitrust cases, including government monopolization cases

5   concerning online markets, are often bifurcated into separate liability and remedies proceedings to

6   increase convenience and judicial economy. (Dkt. #167 ("Mot.") at 3-6.) Plaintiffs further

7   explained why bifurcation in this case would similarly benefit the Court, the parties, and non-party

8   witnesses by allowing the parties to make focused presentations to the Court at each stage of the

9   proceedings. *Id.* at 6-11. In opposing Plaintiffs' motion, Amazon ignores these benefits,

10  mischaracterizes Plaintiffs' positions, and continues to improperly conflate the relevant liability

11  and remedies inquiries. (Dkt. #168 ("Opp.").)

12  First, Amazon argues that it will be prejudiced by bifurcation because it is "unfair[]" to

13  require Amazon "to conduct discovery on undisclosed potential remedies." *Id.* at 4-6. But there is

14  nothing unusual or unfair about the level of detail Plaintiffs have pleaded in their requested relief,

15  and Plaintiffs' bifurcation proposal does not limit Amazon's ability to explore potential remedies

16  through normal discovery processes. Further, because the parties agree that fact discovery should

17  encompass both liability and remedies issues, there is no connection between Amazon's claim of

18  prejudice and Plaintiffs' motion to bifurcate. Amazon's request that the Court order Plaintiffs to

19  "disclose with reasonable particularity to Amazon all remedies they are considering proposing

20  within 30 days" (Amazon's Proposed Order, Dkt. #168-1)—which Amazon did not so much as

21  discuss with Plaintiffs before filing its brief—seeks to hijack Plaintiffs' bifurcation motion as a

22  vehicle for a motion to compel a response to an interrogatory that Amazon has not even served.

23  Amazon nowhere explains how its requested relief is necessitated by Plaintiffs' motion to

24

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   bifurcate. In fact, Amazon admits that it seeks to compel its desired remedies-specific disclosure

2   "[r]egardless of the Court's decision on this Motion." (Opp. 12.)

3       Second, in arguing that bifurcation would cause inefficiency and duplication, *id.* at 6-9,

4   Amazon ignores the key benefits to judicial economy that bifurcation would provide (*see*

5   Mot. 6-8). And Amazon's continued attempts to incorrectly inject the issue of determining

6   appropriate remedies as necessarily "part of any liability determination" (Opp. 3; *id.* at 7), offered

7   without any legal support, underscore the benefits of separating these distinct inquiries at trial.

8       Plaintiffs respectfully request that the Court reject Amazon's attempt to bypass the normal

9   discovery process, order that trial be bifurcated so as to economize this litigation, and allow fact

10  discovery on both liability and remedies issues to proceed apace. If the Court is not inclined to

11  order bifurcated proceedings at this time, Plaintiffs ask the Court to defer resolution of Plaintiffs'

12  motion until this case is closer to trial.

13                              **<u>ARGUMENT</u>**

14  **I.      BIFURCATION WILL NOT PREJUDICE AMAZON.**

15      Amazon claims the "key prejudice of [Plaintiffs'] bifurcation proposal" is that it would

16  require Amazon to "conduct remedies discovery and proceed to trial before Plaintiffs have even

17  disclosed the remedies they potentially might seek." (Opp. 4.) Amazon argues it "should be

18  advised of Plaintiffs' remedy proposals now," *id.* at 6, and requests an order requiring Plaintiffs to

19  "disclose with reasonable particularity to Amazon all remedies they are considering proposing

20  within 30 days" (Amazon's Proposed Order, Dkt. #168-1). Amazon's prejudice concerns are

21  unfounded and its request to compel disclosure on remedies is premature and procedurally

22  improper.

23      Amazon's statements claiming "silence" and a "lack of disclosure" from Plaintiffs

24  regarding remedies (Opp. 2, 6), as well as its suggestion that Plaintiffs have provided Amazon

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  with "no information about remedies," *id.* at 5, are false and misleading. In both the Complaint

2  and subsequent submissions to the Court, Plaintiffs have outlined the remedies that they seek,

3  including an order that "Amazon is permanently enjoined from engaging in its unlawful conduct"

4  and "similar or related conduct, or any conduct with the same or similar purpose and effect"; any

5  "equitable relief, including but not limited to structural relief," as necessary to "redress and prevent

6  recurrence of Amazon's violations of the law" and "restore fair competition and remedy the harm

7  to competition caused by Amazon's violations of the law"; "equitable monetary relief" and "costs

8  of suit" for certain Plaintiff States; and "any additional relief the Court finds just and proper."

9  (Complaint, Dkt. #114 at 147-49; Amended Complaint, Dkt. #171 at 152-54; *id.* ¶¶ 483, 485, 488,

10  491, 495, 498, 503, 509, 517, 523, 525, 528, 541-42, 553-54, 558, 561, 563, 566; *see also* Joint

11  Status Report, Dkt. #135 ("JSR") at 44-45 (Plaintiffs seek relief as "necessary to stop Amazon's

12  unlawful activities, restore fair competition, and remedy the harm to competition caused by

13  Amazon's conduct").)[1]

14      These allegations satisfy the Federal Rules of Civil Procedure, *see, e.g.*, *FTC v. Cephalon,*

15  *Inc.*, 100 F. Supp. 3d 433, 439 (E.D. Pa. 2015) (Rule 8(a)(3) "does not require" that a demand for

16  relief be made with "great specificity" (quoting *Sheet Metal Workers Loc. 19 v. Keystone Heating*

17  *& Air Conditioning*, 934 F.2d 35, 40 (3d Cir. 1991) (Alito, J.))), and match similar requests for

18  relief in other complex monopolization cases seeking equitable relief, *see, e.g.*, *United States v.*

19  *Google LLC*, No. 1:20-cv-03010 (D.D.C. Jan. 15, 2021), Dkt. #94 at 57-58 (complaint requesting,

20  among other relief, to "[e]njoin Google from continuing to engage in the anticompetitive practices

21

22  [1] Amazon asserts that Plaintiffs "offer no explanation of how the remedies sought by the States
    and the FTC will differ" (Opp. 12), but this ignores the statement in Plaintiffs' motion that

23  certain Plaintiff States's claims "will require independent analysis of applicable remedies"
    because—unlike the FTC's claims—they concern "state law claims for equitable monetary relief,

24  including disgorgement" (Mot. 8).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   described herein"; "[e]nter structural relief as needed to cure any anticompetitive harm"; and

2   "[e]nter any other preliminary or permanent relief necessary and appropriate to restore competitive

3   conditions").

4           Amazon cites no authority for its argument that the Court should order Plaintiffs to disclose

5   more detailed remedy proposals outside of the normal discovery process. Amazon

6   mischaracterizes Plaintiffs as "tak[ing] the position that they can defer disclosing proposed

7   remedies until after the Court rules on liability" (Opp. 4), but nothing in the cited portions of the

8   Joint Status Report or Plaintiffs' motion supports that statement. And nothing in Plaintiffs'

9   bifurcation proposal would limit Amazon's ability to seek discovery related to remedies through

10  proper processes; indeed, Plaintiffs' proposed order expressly states that it does not "limit the

11  scope of fact discovery" in any way. (Plaintiffs' Proposed Order, Dkt. #167-1; *see also* JSR at 44

12  ("[Plaintiffs'] proposal would not limit the ability of any party to take discovery regarding

13  remedies during the time for fact discovery.").) Although Amazon's demand here for detail on "all

14  remedies [Plaintiffs] are considering proposing" would not be a proper interrogatory—among

15  other issues, it would call for attorney work product—Amazon is free to issue discovery requests

16  regarding remedies. Plaintiffs will respond to those discovery requests, and if Amazon believes it

17  is entitled to more detail regarding Plaintiffs' "potential menu of remedies" (Opp. 6), it can meet

18  and confer with Plaintiffs and then move to compel pursuant to the applicable discovery rules.

19  Amazon should not be permitted to circumvent standard discovery procedures simply because it

20  would be advantageous for Amazon.

21          Contrary to Amazon's mischaracterizations, Plaintiffs do not "seek to leave their proposed

22  'broad' relief unspecified," *id.* at 1; instead, Plaintiffs propose bifurcation to allow the parties to

23  make focused presentations to the Court at the liability stage and, as needed, at a separate remedy

24  proceeding tailored to specific findings on liability. The precise contours of the requested remedies

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  presented at that remedy stage will necessarily be informed by the Court's liability findings.

2  Despite Amazon's claim that it will be "handicapped" in its ability to obtain information on

3  specific requested remedies, *id.* at 6, nothing in Plaintiffs' proposal would limit the parties' ability

4  to seek to supplement the trial record as needed following a liability determination.

5  **II.   BIFURCATION WILL PROMOTE EFFICIENCY AND JUDICIAL ECONOMY.**

6          Amazon argues that "Plaintiffs' proposed bifurcation would be less efficient than a single

7  trial" because the Court "would need to hold two separate proceedings and witnesses would need

8  to be called twice." (Opp. 2; *id.* at 6-9.) This overly simplistic analysis ignores several of the

9  benefits of bifurcation that Plaintiffs detailed in their motion, including (i) avoiding an

10 unnecessarily long trial due to witnesses having to testify about a range of potential remedies

11 covering all possible liability outcomes, including remedies that may ultimately be foreclosed by

12 the Court's liability determinations, and (ii) potentially obviating the need for a remedies

13 proceeding altogether. (Mot. 5 (citing *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023

14 WL 5177501, at *10 (N.D. Ill. Aug. 11, 2023))); *see Kraft Foods*, 2023 WL 5177501, at *10 ("It

15 is not quite right to say that one trial is more efficient than two. . . . [T]he choice is between one

16 longer trial (liability + damages) or one shorter trial (liability) plus the possibility of a second trial

17 (damages)."). Amazon's failure to address the potential benefits of tailoring a bifurcated remedy

18 proceeding to the scope and specifics of the Court's liability determination is revealing,

19 particularly given Amazon's recognition that assessing any particular proposed remedies in this

20 case will likely "turn on fact-intensive and disputed issues." (Opp. 6 n.2.)[2]

21

22  ---
    [2] Amazon contends Plaintiffs' reliance on *Microsoft* is "misplaced" because "[t]he D.C. Circuit
23  did not mandate a bifurcated proceeding." (Opp. 8.) As Plaintiffs' motion makes clear, however,
    the relevant proposition from *Microsoft* is that the scope and specifics of a court's remedy
24  necessarily depend on the scope and specifics of the court's liability determination. (Mot. 5
    (citing *United States v. Microsoft Corp.*, 253 F.3d 34, 103-05 (D.C. Cir. 2001)).)

PLAINTIFFS' REPLY IN SUPPORT OF                    **FEDERAL TRADE COMMISSION**
MOTION TO BIFURCATE - 5                            600 Pennsylvania Avenue, NW
CASE NO. 2:23-cv-01495-JHC                         Washington, DC 20580
                                                   (202) 326-2222

1       Amazon further asserts that "the Court, the parties, and witnesses will need to participate
2  in two separate proceedings that Plaintiffs concede will cover overlapping issues." *Id.* at 7. This
3  misstates Plaintiffs' point, which is that bifurcation would allow the Court to impose limits on the
4  scope of any testimony required at the remedies phase to avoid repetition and promote efficiency.
5  (Mot. 11.) For example, in *Kraft Foods*, after a bifurcated trial resulted in findings of liability for
6  antitrust violations, the court set ground rules to avoid duplication of evidence in the remedy phase.
7  *See id.*; *Kraft Foods*, No. 1:11-cv-8808 (N.D. Ill. Nov. 27, 2023), Dkt. #587 ("[T]he Court
8  encourages brevity. The parties must avoid undue repetition, and the Court may impose reasonable
9  limits if the evidence becomes cumulative."). The Court has broad discretion to determine the
10  scope and format of the remedies phase. (Mot. 6, 10-11); *see, e.g.*, *In re Google Play Store*
11  *Antitrust Litig.*, No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), Dkt. #917 (instructing plaintiff,
12  following bifurcated trial resulting in liability, to file a "proposed injunction, together with brief
13  statements in support drafted by the experts [plaintiff] intends to call" at "an evidentiary hearing
14  on the issue of an appropriate conduct remedy," with defendant to respond "one week after that
15  (and one week before [the hearing])").

16       Plaintiffs' motion explained why fashioning an appropriate remedy is a distinct legal
17  inquiry from determining liability (Mot. 4-5) and how Amazon's improper conflation of these
18  issues further demonstrates why bifurcation is warranted, *id.* at 8-10. In opposition, Amazon
19  doubles down on arguing that the Court cannot determine liability without first "considering the
20  real-world consequences of . . . remedies on competition," and asserts, without any legal support,
21  that "any potential injunctive relief" is "unquestionably relevant to fundamental issues to be
22  decided on liability." (Opp. 2; *id.* at 7.) Amazon contends that "evidence of how Plaintiffs say
23  Amazon's conduct must be altered to comply with antitrust law is relevant to assessing whether
24  Amazon's conduct today promotes competition when compared to the 'but-for world' under

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs' proposed remedies." *Id.* at 7. This is not how the Sherman Act works. To establish

2    liability under Section 2 of the Sherman Act, a plaintiff must show that the defendant's conduct

3    "reasonably appears capable of making a significant contribution to maintaining monopoly

4    power." *Microsoft*, 253 F.3d at 79 (cleaned up). The plaintiff need not "reconstruct the hypothetical

5    marketplace absent" the defendant's conduct, *id.*, let alone a hypothetical marketplace absent the

6    defendant's conduct but with a potential remedy in place. *See* 6C Phillip E. Areeda & Herbert

7    Hovenkamp, *Antitrust Law* ¶ 657a2 (5th ed. 2020). Amazon's continued efforts to incorrectly

8    inject remedies-specific issues into the liability inquiry underscore why bifurcation will better

9    allow for efficient presentation of evidence on fundamental questions of liability.

10    ## CONCLUSION

11    Plaintiffs respectfully submit that the Court should bifurcate the proceedings into liability

12    and remedies phases in accordance with Plaintiffs' proposed order.

13

14    Dated: March 15, 2024                    *I certify that this memorandum contains 2,094 words, in*
                                               *compliance with the Local Civil Rules.*

15
                                               Respectfully submitted,
16
                                               *s/ Colin M. Herd*
17                                             SUSAN A. MUSSER (DC Bar # 1531486)
                                               EDWARD H. TAKASHIMA (DC Bar # 1001641)
18                                             COLIN M. HERD (NY Reg. # 5665740)
                                               KARA KING (DC Bar # 90004509)
19                                             Federal Trade Commission
                                               600 Pennsylvania Avenue, NW
20                                             Washington, DC 20580
                                               Tel.:    (202) 326-2122 (Musser)
21                                                       (202) 326-2464 (Takashima)
                                               Email:  smusser@ftc.gov
22                                                       etakashima@ftc.gov
                                                        cherd@ftc.gov
23                                                       kking@ftc.gov

24                                             *Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    s/ Michael Jo
     Michael Jo (admitted *pro hac vice*)
2    Assistant Attorney General, Antitrust Bureau
     New York State Office of the Attorney
3    General
     28 Liberty Street
4    New York, NY 10005
     Telephone: (212) 416-6537
5    Email: Michael.Jo@ag.ny.gov
     *Counsel for Plaintiff State of New York*
6

7    s/ Rahul A. Darwar
     Rahul A. Darwar (admitted *pro hac vice*)
     Assistant Attorney General
8    Office of the Attorney General of Connecticut
     165 Capitol Avenue
9    Hartford, CT 06016
     Telephone: (860) 808-5030
10   Email: Rahul.Darwar@ct.gov
     *Counsel for Plaintiff State of Connecticut*
11

12   s/ Alexandra C. Sosnowski
     Alexandra C. Sosnowski (admitted *pro hac
     vice*)
13   Assistant Attorney General
     Consumer Protection and Antitrust Bureau
14   New Hampshire Department of Justice
     Office of the Attorney General
15   One Granite Place South
     Concord, NH 03301
16   Telephone: (603) 271-2678
     Email: Alexandra.c.sosnowski@doj.nh.gov
17   *Counsel for Plaintiff State of New Hampshire*

18   s/ Caleb J. Smith
     Caleb J. Smith (admitted *pro hac vice*)
19   Assistant Attorney General
     Consumer Protection Unit
20   Office of the Oklahoma Attorney General
     15 West 6th Street, Suite 1000
21   Tulsa, OK 74119
     Telephone: (918) 581-2230
22   Email: caleb.smith@oag.ok.gov
     *Counsel for Plaintiff State of Oklahoma*

23

24

s/ Jennifer A. Thomson
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

s/ Michael A. Undorf
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

s/ Christina M. Moylan
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

s/ Gary Honick
Gary Honick (admitted *pro hac vice*)
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

_s/ Michael Mackenzie_
Michael Mackenzie (admitted _pro hac vice_)

2

Deputy Chief, Antitrust Division
Office of the Massachusetts Attorney General

3

One Ashburton Place, 18th Floor
Boston, MA 02108

4

Telephone: (617) 963-2369
Email: michael.mackenzie@mass.gov

5

_Counsel for Plaintiff Commonwealth of_
_Massachusetts_

6

_s/ Scott A. Mertens_

7

Scott A. Mertens (admitted _pro hac vice_)
Assistant Attorney General

8

Michigan Department of Attorney General
525 West Ottawa Street

9

Lansing, MI 48933
Telephone: (517) 335-7622

10

Email: MertensS@michigan.gov
_Counsel for Plaintiff State of Michigan_

11

_s/ Zach Biesanz_

12

Zach Biesanz (admitted _pro hac vice_)
Senior Enforcement Counsel

13

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400

14

Saint Paul, MN 55101
Telephone: (651) 757-1257

15

Email: zach.biesanz@ag.state.mn.us
_Counsel for Plaintiff State of Minnesota_

16

_s/ Lucas J. Tucker_

17

Lucas J. Tucker (admitted _pro hac vice_)
Senior Deputy Attorney General

18

Office of the Nevada Attorney General
100 N. Carson St.

19

Carson City, NV 89701
Telephone: (775) 684-1100

20

Email: LTucker@ag.nv.gov
_Counsel for Plaintiff State of Nevada_

21

22

23

24

_s/ Ana Atta-Alla_
Ana Atta-Alla (admitted _pro hac vice_)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
_Counsel for Plaintiff State of New Jersey_

_s/ Jeffrey Herrera_
Jeffrey Herrera (admitted _pro hac vice_)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
_Counsel for Plaintiff State of New Mexico_

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
_Counsel for Plaintiff State of Oregon_

_s/ Zulma Carrasquillo-Almena_
Zulma Carrasquillo (_pro hac vice_
forthcoming)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
_Counsel for Plaintiff Commonwealth of_
_Puerto Rico_

1  s/ Stephen N. Provazza
   Stephen N. Provazza (admitted *pro hac vice*)
2  Special Assistant Attorney General
   Chief, Consumer and Economic Justice Unit
3  Department of the Attorney General
   150 South Main Street
4  Providence, RI 02903
   Telephone: (401) 274-4400
5  Email: sprovazza@riag.ri.gov
   *Counsel for Plaintiff State of Rhode Island*
6
   s/ Sarah L. J. Aceves
7  Sarah L. J. Aceves (*pro hac vice* forthcoming)
   Vermont Attorney General's Office
8  109 State Street
   Montpelier, VT 05609
9  Telephone: (802) 828-3170
   Email: sarah.aceves@vermont.gov
10 *Counsel for Plaintiff State of Vermont*

11 s/ Gwendolyn J. Cooley
   Gwendolyn J. Cooley (admitted *pro hac vice*)
12 Assistant Attorney General
   Wisconsin Department of Justice
13 Post Office Box 7857
   Madison, WI 53707-7857
14 Telephone: (608) 261-5810
   Email: cooleygj@doj.state.wi.us
15 *Counsel for Plaintiff State of Wisconsin*

16
17
18
19
20
21
22
23
24

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BIFURCATE - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222