1

2

THE HONORABLE JOHN H. CHUN

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  FEDERAL TRADE COMMISSION, *et al.*,

**CASE NO.: 2:23-cv-01495-JHC**

10          Plaintiffs,

**PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER**

11      v.

NOTE ON MOTION CALENDAR:
April 12, 2024

12  AMAZON.COM, INC., a corporation,

          Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## <u>TABLE OF CONTENTS</u>

2  INTRODUCTION ........................................................................................................... 1

3  ARGUMENT .................................................................................................................. 2

4  I.      THE ESI ORDER SHOULD INCLUDE CLEAR, ENFORCEABLE DEADLINES

5          AND PERMIT PARTIES TO SEEK RELIEF FROM THE COURT. ............................. 2

6  II.     PLAINTIFFS' PROPOSED SEARCH TERM PROVISIONS WILL FACILITATE

7          AN EFFICIENT MEET AND CONFER PROCESS. ........................................................ 4

8          A.      The ESI Order Should Require the Producing Party to Exercise Reasonable Due

9                  Diligence When Proposing Search Terms. ............................................................. 5

10         B.      The ESI Order Should Include a Process for Disputed Search Terms. ................. 7

11 III.    PLAINTIFFS' PROPOSED PRIVILEGE LOG EXCLUSIONS WILL REDUCE THE

12         BURDEN OF LOGGING PRIVILEGED MATERIALS WITHOUT LIMITING THE

13         SCOPE OF DISCOVERY. ......................................................................................... 9

14         A.      The ESI Order Should Exclude from Privilege Logging Plaintiffs' Internal

15                 Documents and Communications. ...........................................................................11

16         B.      The ESI Order Should Exclude from Privilege Logging Certain Common Interest

17                 Communications. ................................................................................................... 12

18 CONCLUSION................................................................................................................ 14

19

20

21

22

23

24

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138 (2d Cir. 1994) ...................................... 11

*Albert v. Lab. Corp. of Am.*, 536 F. Supp. 3d 798 (W.D. Wash. 2020) .......................... 5

*Brees v. HMS Glob. Mar. Inc.,* No. 3:18-CV-05691-RJB, 2019 WL 2918132

    (W.D. Wash. July 8, 2019) ......................................................... 12

*De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash. Mar. 10, 2023) ....................... 2

*Docklight Brands Inc. v. Tilray Inc.*, No. 2:21-CV-01692-TL, 2023 WL 5206392

    (W.D. Wash. Aug. 14, 2023) ......................................................... 7

*Eagle Harbor Holdings, LLC v. Ford Motor Co.*, C11-5503 BHS, 2015 WL 196713

    (W.D. Wash. Jan. 14, 2015)......................................................... 12

*Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)………………………..…………..1

*Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 1433655 (W.D. Wash. Feb. 1, 2023) .............. 1, 2

*FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 3, 2022) ..................... 11, 13

*FTC v. Staples*, 2016 WL 259642 (D.D.C. Jan. 21, 2016) ........................................ 11

*FTC v. Vyera Pharms., LLC*, No. 1:20-cv-00706 (S.D.N.Y. Apr. 13, 2020) .................................

*FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156 (9th Cir. 1984)................................... 11

*Gardner-Alfred v. Fed. Rsrv. Bank of New York*, No. 22-CV-01585 (LJL), 2023 WL 3495091

    (S.D.N.Y. May 17, 2023)......................................................... 5

*In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa. July 12, 2019)........ 13

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, Case No. 19-md-0218-MMC

    (N.D. Cal. Feb. 1, 2021)......................................................... 6, 7

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - ii
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-md-02420

2      (N.D. Cal. Mar. 12, 2015) ................................................................. 6, 7

3  *In re Pacific Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) ................................. 12, 14

4  *In re Seroquel Prod. Liab. Litig.*, 244 F.R.D. 650 (M.D. Fla. 2007) ........................... 5

5  *Llera v. Tech Mahindra (Americas) Inc.*, No. C19-0445RSL, 2021 WL 5182346

6      (W.D. Wash. June 29, 2021) ................................................................ 7

7  *Puget Soundkeeper Alliance v. Whitley Mfg. Co.*, No. C13-1690RSL, 2015 WL 13567493

8      (W.D. Wash. Nov. 9, 2015) ................................................................. 6

9  *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285 (D.C. Cir. 1980) .......................... 13

10 *United States v. Google*, 1:20-cv-3010-APM (D.D.C. Dec. 21, 2020) ................................ 11, 13

11 *United States v. Google*, 1:23-cv-00108-LMB-JFA (E.D. Va. Apr. 20, 2023) ..................... 12, 13

12 *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134

13     (S.D.N.Y. 2009) .......................................................................... 4, 6

14 **<u>Rules</u>**

15 Fed. R. Civ. P. 26(b) ........................................................................ 10, 12

16 Fed. R. Civ. P. 26(c) ........................................................................ 1

17 Fed. R. Civ. P. 26(f) ........................................................................ 1

18 Local Civil Rule 26(f)(1)(I)(ii) ............................................................. 1

19

20

21

22

23

24

PLAINTIFFS' MOTION TO                  **FEDERAL TRADE COMMISSION**
ENTER AN ESI ORDER - iii                 600 Pennsylvania Avenue, NW
No. 2:23-cv-01495                           Washington, DC 20580
                                    (202) 326-2222

# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(c) and (f), and Local Civil Rule 26(f)(1)(I)(ii), Plaintiffs respectfully move the Court for the entry of an Order Regarding the Production of Electronically Stored Information ("ESI Order").

After extensive efforts—including eight telephonic meet and confers and numerous drafts exchanged over the course of more than three months—the parties have reached an agreement on the majority of issues covered by an ESI Order. However, the parties have reached an impasse on four discrete issues: (1) whether the ESI Order should include clear and enforceable deadlines; (2) whether the ESI Order should require parties to "exercise reasonable due diligence" when proposing search terms; (3) what information the ESI Order should require a producing party to provide if it objects to search terms based on undue burden; and (4) what exclusions from privilege logging requirements should be included in the ESI Order.

Plaintiffs' proposed ESI Order incorporates reasonable, common-sense measures intended to expedite discovery and reduce the burden of litigation for all parties. Given the scope of discovery in this case, Plaintiffs submit that these measures are more suited to the needs of this case than the Model Agreement Regarding Discovery of Electronically Stored Information ("Model Agreement"). Accordingly, Plaintiffs ask this Court to enter Plaintiffs' proposed ESI Order pursuant to the Court's "broad authority and discretion" to manage discovery. *See Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 1433655, at *3 (W.D. Wash. Feb. 1, 2023) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)).

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 1
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## ARGUMENT

2  **I.   THE ESI ORDER SHOULD INCLUDE CLEAR, ENFORCEABLE DEADLINES**

3  **AND PERMIT PARTIES TO SEEK RELIEF FROM THE COURT.**

4          Plaintiffs' proposed ESI Order includes firm deadlines that will ensure that the parties

5   make steady progress in discovery, keep the parties accountable, and allow the parties to

6   anticipate when other parties will take the actions required by the ESI Order.  Proposed Order at

7   § B (deadline for disclosures of custodians and data sources); *id.* at C.3.b. (production of native

8   files); *id.* at § E.5 (service of privilege logs); *id.* at § E.10 (notice of clawback); *id.* at § F.2

9   (production of documents obtained through subpoena).  Plaintiffs' proposed ESI Order would

10  also allow any party to file a motion with the Court, after meeting and conferring, if another

11  party fails to comply with the ESI Order.  *Id.* at § G.1.  Together, these provisions mean that the

12  deadlines in the ESI Order will be clear and enforceable.

13         Fixed deadlines are a routine part of litigation.  Courts regularly set deadlines and require

14  the parties to meet them.  *See, e.g.*, Case Scheduling Order, Dkt. #159.  The ESI Orders in the

15  related *Frame-Wilson* and *De Coster* cases include clear deadlines, as does the Model

16  Agreement.  *See De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash. Mar. 10,

17  2023), Dkt. #66 at 1-3, 6; *Frame-Wilson v. Amazon.com, Inc.*, No 2:20-cv-00424 (W.D. Wash.

18  Feb. 28, 2023), Dkt. #91 at 2-4, 8; Model Agreement, at 2, 4, 5, 9.  Plaintiffs' proposal puts the

19  burden on the party seeking to modify a deadline to negotiate an agreed-upon extension with the

20  other side—as parties regularly do throughout discovery on a broad range of issues.  In contrast,

21  Amazon would flip that burden and require the receiving party to determine whether the

22  producing party's delay was in good faith—a difficult proposition given the inherent asymmetry

23  of information between the parties.

24

1    Amazon has not objected to the specific deadlines proposed by Plaintiffs; rather, it has

2    categorically objected to "hard," "fixed," or "rigid" deadlines.  Ex. D, Letter from R. Keeling to

3    E. Bolles, at 3-5 (Mar. 8, 2024); *see* Ex. A, Letter from E. Bolles to R. Keeling, at 3-4 (Mar. 1,

4    2024).[1]  Amazon contends that firm deadlines would impose a "strict liability" standard on

5    Amazon and insists that the parties should only be required "to make good faith efforts to

6    comply" with deadlines in the ESI Order, or that the ESI Order should include undefined "grace

7    periods."  Ex. D, at 4; Ex. A, at 3.  Amazon has also taken the position that the parties should

8    only be able to seek relief from the Court for "material" violations of the ESI Order.  Ex. C,

9    Letter from R. Keeling to E. Bolles, at 2 (Feb. 7, 2024).

10    Amazon's principal concern appears to be "that a party could unilaterally declare that the

11   other party violated a court order for failing to meet a deadline, even when the party made good

12   faith efforts to comply (*e.g.*, a technological issue encountered by the party's eDiscovery

13   vendor)."[2]  Ex. D, at 4.  In that scenario, Amazon could inform Plaintiffs of the issue in question

14   and request an extension of time (and vice versa).  *See* Proposed Order at § G.2.  Plaintiffs are

15   confident that the parties will be able to agree on reasonable extensions where justified, as parties

16   commonly do during discovery.  Amazon's approach of only requiring the parties "to make good

17   faith efforts to comply" with deadlines, on the other hand, would inject uncertainty into every

18

19

20

---

[1] Citations in the form Ex.___ refer to the exhibits attached to the Declaration of Christine Kennedy filed in support of this motion.

[2] Amazon has also expressed concern that it would be in violation of a Court order if it met a deadline *ahead* of schedule.  Ex. B, Letter from R. Keeling to E. Bolles, at 2 (Jan. 19, 2024) ("Suppose Amazon provides one of its rolling [privilege] logs a couple of days ahead of schedule.  Technically speaking, Amazon would be in violation of the order.").  This is not a serious concern.

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 3
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   deadline and would give Amazon free reign to unilaterally extend or miss deadlines in the ESI

2   Order.

3          Similarly, Amazon's proposed materiality requirement in the compliance provisions of

4   the ESI Order seems to be grounded in a fear that a party will refuse to agree to a minor deadline

5   extension and then rush to file a motion with the Court.  Plaintiffs have no interest in filing

6   unnecessary motions and assume the same is true for Amazon.  Plaintiffs also anticipate that the

7   Court will expect the parties to work together in good faith and only file motions where

8   necessary.  Plaintiffs believe common sense and judgment will be enough to avoid superfluous

9   motions without requiring the parties to brief and the Court to evaluate whether each alleged

10  violation of the ESI Order is "material."

11  **II.     PLAINTIFFS' PROPOSED SEARCH TERM PROVISIONS WILL FACILITATE**

12  **AN EFFICIENT MEET AND CONFER PROCESS.**

13         The parties have two disputes concerning search term.  Amazon is opposed to language

14  in Plaintiffs' proposed ESI Order (1) specifying that a producing party "shall exercise reasonable

15  due diligence" when proposing search terms, and (2) requiring a producing party that objects to

16  certain search terms based on undue burden to produce de-duplicated hit reports that will allow

17  the requesting party to evaluate the producing party's burden claim and enable the parties to

18  meet and confer based on concrete information.  Proposed Order at § C.2.b.  Plaintiffs

19  respectfully submit that their proposals reflect the producing party's indisputable obligations to

20  conduct a reasonable search for responsive documents and substantiate any claims of undue

21  burden and will facilitate a more efficient, equitable meet and confer process for search terms.

22  *See, e.g.*, *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136

23  (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 4
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  transparency in all aspects of preservation and production of ESI."); *In re Seroquel Prod. Liab.*

2  *Litig.*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) ("[U]se of [keyword searching] must be a

3  cooperative and informed process.").

4      **A.**    **The ESI Order Should Require the Producing Party to Exercise Reasonable**

5              **Due Diligence When Proposing Search Terms.**

6        Plaintiffs' proposed ESI Order requires a producing party that elects to use search terms

7  as part of its search methodology to "exercise reasonable due diligence in investigating and

8  analyzing its data in providing its proposed list of search terms."  Proposed Order at § C.2.b.

9  Plaintiffs' proposal includes a non-exhaustive list of examples, including that the producing

10  party must identify "idiosyncratic language and terms of art (e.g., acronyms, nicknames,

11  codenames, project names) utilized by a party in responsive documents and by interviewing

12  relevant custodians about the same."  *Id.*

13        This provision should be non-controversial.  Every party has an obligation to conduct a

14  "reasonable search" for documents responsive to discovery requests, and, as part of that

15  obligation, "is under an affirmative duty to seek that information reasonably available to it from

16  its employees, agents, or others subject to its control."  *Albert v. Lab. Corp. of Am.*, 536 F. Supp.

17  3d 798, 800 (W.D. Wash. 2020) (cleaned up).  That obligation extends to any search terms used

18  to collect potentially responsive documents.  *See Gardner-Alfred v. Fed. Rsrv. Bank of New*

19  *York*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at *15 (S.D.N.Y. May 17, 2023) (imposing

20  discovery sanctions based on party's search methodology, including its "extremely narrow

21  search terms").  The producing party has an inherent informational advantage—among other

22  measures, it can interview custodians and other employees, and run iterative searches to test

23  search terms—and should be required to set a level field for negotiations with the receiving

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 5
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  party. *See Gross Const. Assocs.*, 256 F.R.D. at 136 ("[W]here counsel are using keyword

2  searches for retrieval of ESI, they at a minimum must carefully craft the appropriate keywords,

3  with input from the ESI's custodians as to the words and abbreviations they use."); *Puget*

4  *Soundkeeper All. v. Whitley Mfg. Co.*, No. C13-1690RSL, 2015 WL 13567493, at *1 (W.D.

5  Wash. Nov. 9, 2015) (ordering the parties to "meet and confer regarding a list of acceptable

6  search terms" because defendant's search terms excluded "[o]bvious acronyms and additional

7  search terms . . . with no explanation.").  Plaintiffs' proposed language is based on other ESI

8  Orders from complex antitrust cases. *See, e.g.*, *In re Hard Disk Drive Suspension Assemblies*

9  *Antitrust Litig.*, Case No. 19-md-0218-MMC (N.D. Cal.), Dkt. #320 (Feb. 1, 2021); *In re Lithium*

10  *Ion Batteries Antitrust Litig.*, Case No. 13-md-02420 (N.D. Cal.), Dkt. #679 (Mar. 12, 2015).  In

11  the parties' meet and confers, Amazon argued that this provision is not "applicable" because

12  Plaintiffs conducted a pre-Complaint investigation and so the parties are not "starting from

13  scratch." *See* Ex. A, at 1-2.  Amazon subsequently claimed that was *not* its position, stating that

14  "while Amazon will undertake reasonable steps in negotiating search terms to identify

15  responsive documents, Amazon does not need Plaintiffs' mandated steps to do so." Ex. D, at 1.

16  But one paragraph later, Amazon argued: "The process outlined by Plaintiffs is not only time-

17  consuming and burdensome, but also unnecessary in the circumstances of this case.  As Plaintiffs

18  well know, the parties are not starting from scratch." *Id.* at 2.

19       Amazon's position is baseless.  The fact that Plaintiffs investigated Amazon before filing

20  this lawsuit does not relieve Amazon of its fundamental obligation to exercise reasonable due

21  diligence when proposing search terms, and there is nothing "burdensome" or "unnecessary"

22  about requiring a party to engage in that due diligence.  If Amazon is *not* required to exercise

23  reasonable diligence when proposing search terms, it will be able to make search term

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 6
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    negotiations a one-sided guessing game rather than an informed discussion between the parties,

2    which may delay the completion of discovery and give rise to unnecessary disputes.

3            **B.      The ESI Order Should Include a Process for Disputed Search Terms.**

4            Plaintiffs' proposed ESI Order requires a producing party that objects to certain search

5    terms based on undue burden to "produce de-duplicated hit reports for that Disputed Term no

6    later than 10 days after a request by a requesting party."  Proposed Order at § C.2.e.  Plaintiffs'

7    proposal details the information that must be included in those hit reports, including "if the

8    producing party contends that the Disputed Terms are capturing irrelevant documents, the nature

9    and type of such documents."  *Id.* at § C.2.e.5.  These provisions are warranted given the

10   expected scope of document discovery in this case.  Plaintiffs' proposal will promote cooperation

11   and transparency by requiring a producing party to share useful metrics that bear on any undue

12   burden objections early in the meet and confer process, which will in turn enable the parties to

13   work together based on concrete evidence to resolve disputes.  This process for disputed search

14   terms has been used in other complex antitrust cases.  *See, e.g.*, *In re Hard Disk Drive*

15   *Suspension Assemblies Antitrust Litig.*, Case No. 19-md-0218-MMC (N.D. Cal.), Dkt. #320

16   (Feb. 1, 2021); *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-md-02420 (N.D. Cal.),

17   Dkt. #679 (Mar. 12, 2015).

18           The party objecting to a search term "bears the initial burden of making a specific

19   objection and showing that the discovery fails the proportionality calculation mandated by Rule

20   26(b)."  *See Llera v. Tech Mahindra (Americas) Inc.*, No. C19-0445RSL, 2021 WL 5182346, at

21   *3 (W.D. Wash. June 29, 2021).  That showing comes in the form of hit reports and other

22   concrete information substantiating the objection.  *See id.* (the party objecting to certain search

23   terms did not meet its burden because "it provides no information regarding how difficult the

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 7
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    requested searches might be, the number of hits generated, or the time/cost of a privilege

2    review."); *Docklight Brands Inc. v. Tilray Inc.*, No. 2:21-CV-01692-TL, 2023 WL 5206392, at

3    *4 (W.D. Wash. Aug. 14, 2023) (relying on hit report to rule on burden objection to search

4    terms).

5         Amazon has "repeatedly noted its willingness to provide hit reports during the course of

6    negotiating search terms." Ex. D, at 2.  However, "Amazon objects to Plaintiffs' proposal

7    insofar as it would require Amazon to provide the 'nature and type' of the irrelevant documents

8    being returned," on the grounds that "there will be a wide range of reasons why irrelevant

9    documents are captured" and "to identify exemplars would require document review." *Id.*

10        In Plaintiffs' experience, defendants in antitrust cases like this often argue that search

11   terms must be overbroad because they hit on a large number of documents.  When plaintiffs

12   explain that there may be a large number of responsive documents, defendants argue that many

13   of those documents are irrelevant.  Only after lengthy discovery negotiations does it become

14   clear that the defendant's position is based on nothing more than attorney argument and a few

15   cherry-picked documents.  Plaintiffs are attempting to avoid that situation here.

16        If the producing party argues that a search term is overbroad and unduly burdensome, it

17   should have a basis for that position that is more than attorney argument and speculation.  If the

18   producing party contends that a search term is unduly burdensome because it is capturing

19   irrelevant documents, it should be able to describe the nature and type of those documents.  The

20   level of detail reasonably required will depend on the search term dispute at hand, but it should

21   not be burdensome for a party to explain the basis for its position that a search term is hitting on

22   irrelevant documents if that position is based on facts.  And if the producing party has a factual

23   basis for its position, there is no good reason to withhold it from search term negotiations.

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 8
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    **III.    PLAINTIFFS' PROPOSED PRIVILEGE LOG EXCLUSIONS WILL REDUCE**

2    **THE BURDEN OF LOGGING PRIVILEGED MATERIALS WITHOUT**

3    **LIMITING THE SCOPE OF DISCOVERY.**

4    Plaintiffs propose to exclude from privilege logging certain categories of communications

5    that are almost certainly privileged and protected from discovery.  This is a narrow and common-

6    sense proposal modeled on ESI orders and similar orders in other antitrust cases that will reduce

7    the burden of discovery for both sides without significantly limiting any party's ability to obtain

8    discoverable information.

9    Plaintiffs' proposed ESI Order relieves the parties of their obligations to privilege log

10   communications and documents exchanged solely within each of the following six groups: (a)

11   outside counsel for Amazon; (b) outside counsel for Amazon and in-house counsel (as that term

12   is defined in the Protective Order in this action) employed by Amazon; (c) counsel for the FTC

13   (including persons employed by or contracted with the FTC); (d) counsel for each Plaintiff State

14   (including persons employed by or contracted with that State's Attorney General); (e) counsel

15   for the FTC and counsel for a plaintiff or other States with which the FTC shares a common legal

16   interest related to this litigation or the pre-Complaint investigation; and (f) counsel for each

17   Plaintiff State and counsel for a plaintiff or other States with which the Plaintiff State shares a

18   common legal interest related to this litigation or the pre-Complaint investigation.  Proposed

19   Order at § E.7.

20   Amazon agrees "that it makes little sense to go through the burden of reviewing and

21   logging communications that are routinely privileged."  Ex. C, at 3.  Amazon's principal

22   objection to Plaintiffs' proposal is that it is allegedly "one-sided," because Amazon would be

23   required to log more communications than the Plaintiffs, including communications between

24

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 9
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Amazon in-house counsel and other Amazon employees.  Ex. D at 7.

2        Amazon's objection is built on a false premise—that discovery must necessarily be

3  reciprocal in every case.  The parties are not similarly situated, and the differences between the

4  nature of the parties' involvement in this suit give rise to different considerations in discovery.

5  *See, e.g.*, Fed. R. Civ. P. 26(b) advisory committee's notes to 2015 amendment (recognizing that

6  plaintiff's and defendant's discovery obligations may differ).  Amazon's conduct—including its

7  ongoing conduct—is the subject of this litigation, and many of its in-house counsel will be

8  copied on communications that touch upon core business conduct issues at the heart of this

9  litigation.  Plaintiffs need to be able to probe any privilege claims Amazon asserts over

10  communications with Amazon executives and other businesspeople.  Plaintiffs, on the other

11  hand, are government law enforcement agencies whose offices are comprised of attorneys and

12  persons acting at their direction.  Unlike communications between Amazon's in-house counsel

13  and Amazon employees, which likely cover a broad range of relevant business decisions in

14  addition to any legal advice,[3] all or virtually all of Plaintiffs' internal communications relate to

15  enforcing the antitrust laws and are covered by a variety of privileges, including but not limited

16  to the deliberative process privilege, attorney client privilege, and attorney work product

17  protections.  Requiring Plaintiffs to log internal communications, communications between

18  Plaintiffs, and all common interest communications will impose an unnecessary burden with no

19  discernible benefit to Amazon or the Court.  Plaintiffs respectfully request that the Court enter an

20  ESI Order incorporating Plaintiffs' proposed privilege logging exclusions.

21

22  [3] Of note, communications between Amazon in-house counsel and Amazon employees likely
include "dual-purpose communications that implicate both legal and business concerns," which

23  are only subject to the attorney-client privilege if the "primary purpose" of the communication
was to give or receive legal advice.  *In re Grand Jury*, 23 F.4th 1088, 1090-94 (9th Cir. 2021),

24  *cert. denied*, 598 U.S. 15 (2023).

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 10
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**A.      The ESI Order Should Exclude from Privilege Logging Plaintiffs' Internal Documents and Communications.**

Plaintiffs are similar in function to Amazon's outside counsel, in that their involvement in this case is as investigators and litigators.  It is common sense that Amazon should not be required to log all communications within and among its several outside counsel law firms. Plaintiffs' proposed ESI Order would exclude those communications from privilege logging and would go a step further and exclude communications between Amazon's outside counsel and Amazon's in-house counsel.  Proposed Order at § E.7.a-b.  The corollary to those privilege log exclusions is that Plaintiffs should not be required to log their internal documents and communications because virtually all those documents and communications, like those of Amazon's outside counsel, are privileged on their face.

Courts have consistently held that these types of documents and communications are privileged or protected from discovery, including under the deliberative process privilege and attorney work product doctrine.  *See, e.g.*, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)  (FTC internal memoranda were protected by deliberative process privilege and disclosure "chills frank discussion and deliberation in the future among those responsible for making governmental decisions"); *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 147 (2d Cir. 1994) (same); *FTC v. Staples*, 2016 WL 259642, *1 (D.D.C. Jan. 21, 2016) (attorney interview notes and internal memoranda are protected attorney work product).  Accordingly, parties in other complex antitrust cases routinely agree to provisions such as those proposed by Plaintiffs to avoid imposing unnecessary burdens in discovery.  *See e.g.*, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 3, 2022), Dkt. #103 at ¶ 16(d); *United States v. Google*, No. 1:20-cv-3010-APM (D.D.C. Dec. 21, 2020), Dkt. #85 at ¶ 17(b), (g); *United States v. Google*,

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 11
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   No. 1:23-cv-00108-LMB-JFA (E.D. Va. Apr. 20, 2023), Dkt. #142 at § V(8)(b), (g); *FTC v.*

2   *Vyera Pharms., LLC*, No. 1:20-cv-00706 (S.D.N.Y. Apr. 13, 2020), Dkt. #84, at ¶ 7.3(d).

3           Without these privilege logging exclusions, discovery will be unduly burdensome for

4   Plaintiffs.  Amazon has issued 87 document requests to the FTC and 85 requests to each of

5   seventeen Plaintiff States—amounting to more than 1,500 document requests[4] to government

6   enforcers in a case where only Amazon's conduct is at issue.  Kennedy Decl. ¶¶ 8-9.  Amazon's

7   requests are expansive, seeking among other things Plaintiffs' internal documents and

8   communications related to any Amazon investigation. *See, e.g.*, *id.* ¶ 10.  Without a privilege

9   logging exclusion, Plaintiffs will be forced to devote substantial resources to logging virtually all

10  their internal documents and communications concerning their pre-Complaint investigation and

11  this litigation.  Given the clearly privileged nature of Plaintiffs' internal communication, Amazon

12  does not need additional information "to evaluate the applicability of the claimed privilege or

13  protection."  Fed. R. Civ. P. 26(b)(5).  Assembling this unnecessary information will only

14  consume scarce resources that could otherwise be dedicated to moving this case forward.

15          **B.      The ESI Order Should Exclude from Privilege Logging Certain Common**

16                  **Interest Communications.**

17          Where parties share a common legal interest and communicate in furtherance of that joint

18  interest, a communication between those parties does not waive privilege or work product

19  protection.  *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012); *Brees v. HMS*

20  *Glob. Mar. Inc.,* No. 3:18-CV-05691-RJB, 2019 WL 2918132, at *4 (W.D. Wash. July 8, 2019);

21  *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, C11-5503 BHS, 2015 WL 196713, at *2 (W.D.

22

23  ───────────────
[4] Plaintiffs expect Amazon will issue similar document requests to Puerto Rico and Vermont,
24  which joined this case as Plaintiffs on March 14, 2024.

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 12
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Wash. Jan. 14, 2015).  In light of this well-established extension of protection from discovery,

courts hearing other complex antitrust cases have entered orders with nearly identical provisions

relieving parties from the obligation to log such communications.  *See FTC v. Meta Platforms,*

*Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 3, 2022), Dkt. #103 at ¶ 16(e); *United States v.*

*Google*, 1:20-cv-3010-APM (D.D.C. Dec. 21, 2020), Dkt. #85 at ¶ 17(c); *United States v.*

*Google*, 1:23-cv-00108-LMB-JFA (E.D. Va. Apr. 20, 2023), Dkt. #142 at §V(8)(c); *see also In*

*re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa. July 12, 2019), Dkt.

#1045, at ¶ 11.8(a).

        The FTC and the Plaintiff States clearly share a common interest in litigating this case, as

well as a common interest in the investigation that led to this case.  A privilege log exclusion for

documents and communications exchanged between Plaintiffs will allow for more efficient

discovery and reduce some of the burden of litigation.  Without Plaintiffs' proposed privilege log

exclusions, Plaintiffs will be forced to log their communications with each other relating their

pre-Complaint investigation and this litigation.  *See e.g.*, Kennedy Decl. ¶¶ 11-12.  It would be

time-consuming and unduly burdensome for every Plaintiff to log each time it communicates

with a co-Plaintiff, and a requirement to do so would inevitably burden and interfere with

Plaintiffs' ability to communicate with each other regarding the prosecution of this case.

        Plaintiffs also propose to exclude from privilege logging Plaintiffs' communications with

non-Plaintiff states with whom Plaintiffs have a common legal interest (including states

considering antitrust enforcement against Amazon) and plaintiffs in related cases.  Courts have

long recognized that the common interest doctrine extends beyond parties engaged in the same

litigation against a defendant.  *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299

(D.C. Cir. 1980).  Courts have also recognized that plaintiffs in related litigation against the same

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 13
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  defendant routinely have common interests.  *See In re Pacific Pictures Corp.*, 679 F.3d 1121,

2  1129 (9th Cir. 2012) ("[T]he 'common interest' . . . rule is . . . designed to allow attorneys for

3  different clients pursuing a common legal strategy to communicate with each other.").  The same

4  principle holds true for government entities investigating and assessing potential enforcement

5  actions.

6        It would be unduly burdensome for Plaintiffs to log all communications with non-

7  Plaintiff states and private parties with whom Plaintiffs have a common interest.  Plaintiffs

8  communicated with a number of state enforcers during the course of their pre-Complaint

9  investigation.  Reviewing and logging those communications would impose an undue burden and

10  could chill coordinated government investigations in the future.  The burden of logging common

11  interest communications between Plaintiffs and the private plaintiffs in related cases would

12  similarly impair and chill the coordination of discovery among Plaintiffs, and would not be

13  outweighed by any countervailing benefit, given the high likelihood that those communications

14  are protected from discovery.

15                                   **CONCLUSION**

16        For the reasons above, Plaintiffs respectfully request that the Court enter Plaintiffs'

17  proposed ESI Order.

18

19  Dated: March 22, 2024            *I certify that this brief contains 4,183 words, in*
                                     *compliance with LCR 7(e)(4).*
20
                                     Respectfully submitted,
21
                                     *s/ Christine M. Kennedy*
22                                   SUSAN A. MUSSER (DC Bar # 1531486)
                                     EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                     EMILY K. BOLLES (NY Reg. # 5408703)
23                                   EMMA DICK (IA Bar # 51155)
                                     CHRISTINE M. KENNEDY (DC Bar # 1032904)
24                                   DANIELLE C. QUINN (NY Reg. # 5408943)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ERIC ZEPP (NY Reg. #5538491)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
          (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
          etakashima@ftc.gov
          ebolles@ftc.gov
          edick@ftc.gov
          ckennedy@ftc.gov
          dquinn@ftc.gov
          ezepp@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 15
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *s/ Michael Jo*
   Michael Jo (admitted *pro hac vice*)
2  Assistant Attorney General, Antitrust Bureau
   New York State Office of the Attorney
3  General
   28 Liberty Street
4  New York, NY 10005
   Telephone: (212) 416-6537
5  Email: Michael.Jo@ag.ny.gov
   *Counsel for Plaintiff State of New York*
6
   *s/ Rahul A. Darwar*
7  Rahul A. Darwar (admitted *pro hac vice*)
   Assistant Attorney General
8  Office of the Attorney General of Connecticut
   165 Capitol Avenue
9  Hartford, CT 06016
   Telephone: (860) 808-5030
10 Email: Rahul.Darwar@ct.gov
   *Counsel for Plaintiff State of Connecticut*
11
   *s/ Alexandra C. Sosnowski*
12 Alexandra C. Sosnowski (admitted *pro hac
   vice*)
13 Assistant Attorney General
   Consumer Protection and Antitrust Bureau
14 New Hampshire Department of Justice
   Office of the Attorney General
15 One Granite Place South
   Concord, NH 03301
16 Telephone: (603) 271-2678
   Email: Alexandra.c.sosnowski@doj.nh.gov
17 *Counsel for Plaintiff State of New Hampshire*

18 *s/ Caleb J. Smith*
   Caleb J. Smith (admitted *pro hac vice*)
19 Assistant Attorney General
   Consumer Protection Unit
20 Office of the Oklahoma Attorney General
   15 West 6th Street, Suite 1000
21 Tulsa, OK 74119
   Telephone: (918) 581-2230
22 Email: caleb.smith@oag.ok.gov
   *Counsel for Plaintiff State of Oklahoma*

23

24

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

*s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 16
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   s/ Michael Mackenzie
    Michael Mackenzie (admitted *pro hac vice*)
2   Deputy Chief, Antitrust Division
    Office of the Massachusetts Attorney General
3   One Ashburton Place, 18th Floor
    Boston, MA 02108
4   Telephone: (617) 963-2369
    Email: michael.mackenzie@mass.gov
5   *Counsel for Plaintiff Commonwealth of*
    *Massachusetts*
6
    s/ Scott A. Mertens
7   Scott A. Mertens (admitted *pro hac vice*)
    Assistant Attorney General
8   Michigan Department of Attorney General
    525 West Ottawa Street
9   Lansing, MI 48933
    Telephone: (517) 335-7622
10  Email: MertensS@michigan.gov
    *Counsel for Plaintiff State of Michigan*
11
    s/ Zach Biesanz
12  Zach Biesanz (admitted *pro hac vice*)
    Senior Enforcement Counsel
13  Office of the Minnesota Attorney General
    445 Minnesota Street, Suite 1400
14  Saint Paul, MN 55101
    Telephone: (651) 757-1257
15  Email: zach.biesanz@ag.state.mn.us
    *Counsel for Plaintiff State of Minnesota*
16
    s/ Lucas J. Tucker
17  Lucas J. Tucker (admitted *pro hac vice*)
    Senior Deputy Attorney General
18  Office of the Nevada Attorney General
    100 N. Carson St.
19  Carson City, NV 89701
    Telephone: (775) 684-1100
20  Email: LTucker@ag.nv.gov
    *Counsel for Plaintiff State of Nevada*
21

22

23

24

s/ Ana Atta-Alla
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

s/ Jeffrey Herrera
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

s/ Zulma Carrasquillo-Almena
Zulma Carrasquillo (*pro hac vice*
forthcoming)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto*
*Rico*

PLAINTIFFS' MOTION TO
ENTER AN ESI ORDER - 17
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    s/ Stephen N. Provazza
     Stephen N. Provazza (admitted *pro hac vice*)
2    Special Assistant Attorney General
     Chief, Consumer and Economic Justice Unit
3    Department of the Attorney General
     150 South Main Street
4    Providence, RI 02903
     Telephone: (401) 274-4400
5    Email: sprovazza@riag.ri.gov
     *Counsel for Plaintiff State of Rhode Island*
6
     s/ Sarah L. J. Aceves
7    Sara L. J. Aceves (*pro hac vice* forthcoming)
     Assistant Attorney General
8    Vermont Attorney General's Office
     109 State Street
9    Montpelier, VT 05609
     Telephone: (802) 828-3170
10   Email: sarah.aceves@vermont.gov
     *Counsel for Plaintiff State of Vermont*
11
     s/ Gwendolyn J. Cooley
12   Gwendolyn J. Cooley (admitted *pro hac vice*)
     Assistant Attorney General
13   Wisconsin Department of Justice
     Post Office Box 7857
14   Madison, WI 53707-7857
     Telephone: (608) 261-5810
15   Email: cooleygj@doj.state.wi.us
     *Counsel for Plaintiff State of Wisconsin*
16

17

18

19

20

21

22

23

24