THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

**CASE NO.: 2:23-cv-01495-JHC**

**[PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

**REDACTED PUBLIC VERSION**

Plaintiffs Federal Trade Commission and the states and territories of New York, Connecticut, New Hampshire, Oklahoma, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Puerto Rico, Rhode Island, Vermont, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiff States," and together with the Federal Trade Commission, "Plaintiffs") hereby petition the Court to enter the following provisions regarding discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

    1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 1
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 10 days after written responses to discovery requests made under Fed. R. Civ. P. 34 are served, but no earlier than 14 days after entry of this Order, the responding party shall disclose:

1.      Custodians.  An initial list of proposed custodians within its organization (past or present) likely to possess responsive ESI, as well as the potential custodians' job titles, tenure, and a brief summary of their primary responsibilities. The requesting party may identify any additional custodians it believes should be included. The parties will meet and confer about any disputed custodians promptly and in good faith.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 2
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P.

2   26(b)(2)(B).

3       5.      Foreign data privacy laws. Nothing in this Order is intended to prevent any Party

4   from complying with the requirements of a foreign country's data privacy laws, e.g., the European

5   Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The Parties agree to meet

6   and confer before including custodians or data sources subject to such laws in any ESI or other

7   discovery request.

8   **C.     ESI Discovery Procedures**

9       1.      On-site inspection of electronic media. Such an inspection shall not be required

10  absent a demonstration by the requesting party of specific need and good cause or by agreement

11  of the Parties.

12      2.      Search methodology. The Parties shall timely confer to attempt to reach agreement

13  on appropriate search terms and queries, file type and date restrictions, data sources (including

14  custodians), and other appropriate computer- or technology-aided methodologies.

15          a.      The producing party shall disclose the data sources (including custodians),

16  search terms and queries, any file type and date restrictions, and its intent to use technology-

17  assisted review, if applicable. The producing party shall provide unique hit counts for each search

18  query, if applicable.

19          b.      Where a producing party chooses to use search terms to identify potentially

20  responsive documents, the party shall exercise reasonable due diligence in investigating and

21  analyzing its data in providing its proposed list of search terms. Examples of such due diligence

22  may include but are not limited to: identification of commonly misspelled words appearing on

23  responsive documents or electronically stored information; identifying idiosyncratic language and

24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 3
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  terms of art (e.g., acronyms, nicknames, codenames, project names) utilized by a party in

2  responsive documents and by interviewing relevant custodians about the same; utilizing quality

3  control metrics; and using an iterative search approach to identify the terms most likely to locate

4  responsive documents.

5          c.      After disclosure, the Parties will engage in a meet and confer process

6  regarding the producing party's search methodology and, if applicable, additional terms sought by

7  the non-producing party. The Parties may propose modifications to the search terms proposed by

8  any Party, and the Parties shall continue to cooperate in revising the appropriateness of the search

9  methodology.

10         d.      The following provisions apply to search terms / queries of the requesting

11  party.  Focused terms and queries generally should be employed; broad terms or queries, such as

12  product and company names, generally should be avoided.  A conjunctive combination of multiple

13  words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single

14  search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or

15  "system") broadens the search, and thus each word or phrase shall count as a separate search term

16  unless they are variants of the same word.  The producing party may identify each search term or

17  query returning overbroad results demonstrating the overbroad results and a counter proposal

18  correcting the overbroad search or query.

19         e.      To the extent that the Parties cannot agree on certain search terms

20  ("Disputed Terms"), the Parties will meet and confer to resolve such disputes. If the producing

21  party objects to any search term on the basis of burden it shall produce de-duplicated hit reports

22  for that Disputed Term no later than 10 days after a request by a requesting party.  Those hit reports

23  shall include the following:

24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 4
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1.      the total number of documents being searched with the Disputed

Terms;

2.      the aggregate hits for each of the Disputed Terms (the number of

documents returned by a search term);

3.      the number of unique hits for each of the Disputed Terms (the

number of documents which contain a particular search term, but no

other search terms);

4.      if the producing party has a counter-proposal for the Disputed

Terms, the difference in the number of unique hits between the

Parties' proposals (the number of unique hits captured by the

requesting party's proposal but not captured by the producing

party's proposal);

5.      if the producing party contends that the Disputed Terms are

capturing irrelevant documents, the nature and type of such

documents.

f.      If a party seeks to use technology assisted review ("TAR") during its search

methodology, it shall notify the other Parties in the litigation of its intent to do so.  At that time,

the responding party shall provide a description of its proposed TAR methodology.  Following this

notification, the Parties will meet and confer regarding the TAR methodology.

3.      <u>Format.</u>[1] ESI will be produced in the formats set out in Appendix A to this Order.

If particular ESI warrants a different format or method of production, the Parties may request to

---

[1] Documents that were produced prior to the date of this Order that were not produced in the first
instance in this litigation, *i.e.*, documents first produced in the Plaintiffs' investigation or in

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 5
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

produce that ESI in an alternative format or method of production than set out in Appendix A. In such case the Parties agree to cooperate in good faith to arrange for a mutually acceptable production format.

       a.     ESI will be produced to the requesting party with searchable text, in the format described in Appendix A.

       b.     Unless otherwise agreed to by the Parties, or required by a reasonable redaction process, files that are not easily converted to image format, such as spreadsheets, databases, and drawing files, will be produced in native format with extracted text and metadata. Unless otherwise agreed to by the Parties, for all other files, native files shall be produced upon reasonable request within 14 days.

       c.     Each document image file shall be named with a unique number (Bates Number). Bates numbers should not be more than thirty characters long or contain spaces.

       d.     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

       e.     The Parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate

---

related cases, and documents produced in response to requests for production in this litigation that call for production of documents made in other matters, shall be produced in the format of document productions in those other matters, provided that those re-productions are in a reasonably useful format and provided that the producing party informs all other Parties, prior to or at the time of production, that the production will be in a nonconforming format. The Parties reserve the right to object to a nonconforming format and to make reasonable requests for the production of such documents in a conforming format to the extent that such reproduction does not impose an undue burden on the producing party. The Parties agree that, in general, the productions by Amazon in the Plaintiffs' investigation were made pursuant to the respective Parties' agreements at the time and shall not be reproduced in different formats in this litigation. If Plaintiffs make reasonable requests for the production of such documents in a conforming format, the Parties agree to meet and confer.

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 6
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

software load files containing all information required by the litigation support system used by the receiving party.

f.      Unless otherwise agreed to by the Parties, the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4.      <u>De-duplication.</u> The Parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process shall be tracked in a duplicate/other custodian field in the database load file.

5.      <u>Email Threading.</u>  Subject to Paragraph E(4) below, the Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies, except if the lesser inclusive copies include unique family members, in which case the lesser inclusive copies and related family members shall also be produced.  Upon reasonable request, the producing party will produce a less inclusive copy.

6.      <u>Hard-Copy Documents</u>. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless it will not result in accurate or reasonably useable/searchable ESI, like handwritten documents. Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).   These documents will be unitized

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 7
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

following scanning into appropriate segments and custodial information will be provided in the load files.

**D.     Preservation of ESI**

The Parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall take reasonable and proportional steps to preserve all discoverable ESI in their possession, custody, or control.

2.     The Parties agree that only unique, non-duplicative sources of discoverable Documents need to be preserved.

3.     Absent a showing of good cause by the requesting party, the categories of ESI that need not be preserved include, but are not limited to:

    a.     Deleted, slack, fragmented, or other data only accessible by forensics.

    b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.     Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.     Interim automatically saved drafts that cannot be preserved through reasonable means.

    f.     Back-up data that are duplicative of data that are more accessible elsewhere.

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 8
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

g.   Server, system or network logs.

h.   Data remaining from systems no longer in use that is unintelligible on the systems in use.

i.   Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.   Privilege**

1.   A producing Party shall create a privilege log of all responsive documents or ESI wholly redacted or fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted.

2.   For documents redacted for privilege or protection, the Parties must produce a privilege log containing only the following information:  the Bates number; an indication that the document was produced in redacted form, information that can be populated from the metadata of the document in accordance with Appendix A, Section D, of this Order; an indication where such metadata corresponds to the attorney(s) involved (e.g.,  *, esq.); and the type of privilege being asserted (e.g., attorney client; work product).  If the privilege log entry for any document redacted on the basis of attorney-client privilege or work product protection does not identify the attorney(s) involved, the Parties reserve their rights to request that information from the producing Party. The Parties agree to produce such information upon reasonable request to the extent it exists and can be determined after a reasonable inquiry. If an email is produced with redactions, the redactions must not obscure the headers (e.g., from, to, cc, bcc, subject, sent date and time, attachment file names) of the email or any embedded emails, unless the subject line contains information that is privileged or protected.  If a non-email document is produced with redactions, the redactions must not obscure the equivalent of

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 9
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  header information (including author, from, to, subject, sent date and time, attachment names, as

2  applicable) unless the subject line contains information that is privileged or protected.

3         3.      Privilege logs for documents fully withheld from production or otherwise fully

4  redacted shall include a unique identification number for each document, indicate the Bates

5  number of the document containing privileged material and those of any document family

6  relationships, and state the claim asserted. Privilege logs shall be produced in Excel (.xls, .xlsx,

7  or .xlsb) format unless not possible due to technical reasons such as the size of the privilege log,

8  in which case the Parties agree to meet and confer to reach agreement on an alternative method

9  of production or file format. For ESI, privilege log entries shall include metadata in accordance

10 with Appendix A, Section D, of this agreement including author/recipient or to/from/cc/bcc

11 names; the subject matter or title; and date created. The producing Party shall include additional

12 information necessary for evaluating the privilege claim asserted as required by the Federal

13 Rules of Civil Procedure, including any of the above fields not available in metadata, the title of

14 all Party employees associated with a log entry, identification of all attorneys associated with

15 the log entry, and a description of the contents of the document sufficient to establish that the

16 privilege or protection applies.

17        4.      Where email threads are withheld from production on the basis of a privilege or

18 protection, notwithstanding Paragraph C(5), the producing party shall produce any lesser

19 inclusive copies of the email thread over which it does not claim the privilege or protection. The

20 producing party must provide privilege log information for the unique most inclusive copy and

21 related family members pursuant to Paragraph E(3). For lesser inclusive copies and related

22 family members, the producing party may produce only the following privilege log information:

23 the Bates number of the document containing privileged material and those of any document

24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 10
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  family relationships; the Bates number of the associated unique most inclusive copy;

2  information that can be populated from the metadata of the document in accordance with

3  Appendix A, Section D, of this agreement; the type of privilege being asserted; an indication

4  where such metadata corresponds to the attorney(s) involved (e.g.,  *, esq.); and the basis for the

5  privilege. If the privilege log entry for any document redacted on the basis of attorney-client

6  privilege or work product protection does not identify the attorney(s) involved, the Parties

7  reserve their rights to request that information from the producing Party.  The Parties agree to

8  produce such information upon reasonable request to the extent it exists and can be determined

9  after a reasonable inquiry.  This paragraph does not apply where an email thread is redacted

10  rather than withheld from production, and the producing party does not have to produce

11  redacted email threads on an unthreaded basis.

12        5.    A producing Party shall provide a rolling privilege log at least six, nine, twelve,

13  and fifteen months after the commencement of fact discovery. A producing Party must provide

14  a final privilege log no later than 30 days prior to the close of fact discovery. All times provided

15  herein may be changed by agreement of all Parties.

16        6.    Privilege logs produced during the Federal Trade Commission's investigation

17  preceding this litigation may be used to challenge any assertion of privilege of any documents

18  produced in the investigation and subsequently produced in this litigation. The fact that

19  Plaintiffs did not challenge a privilege claim during the investigation shall not be used as the

20  basis of a waiver or forfeiture argument.

21        7.    The Parties agree that the following privileged or otherwise protected

22  communications need not be placed on a privilege log:  Email, notes, drafts, communications,

23

24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 11
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  memoranda, documents, or other work product produced by or exchanged solely among and

2  between:

    a.   Outside counsel for Amazon;

    b.   Outside counsel for Amazon and In-House Counsel (as that term is defined in
        the Protective Order in this action) employed by Amazon;

    c.   Counsel for the Federal Trade Commission, persons employed by or
        contracted with the Federal Trade Commission, or Commissioners;

    d.   Counsel for each Plaintiff State, persons employed by or contracted with that
        State's Office of the Attorney General, or that State's Attorney General;

    e.   Counsel for the Federal Trade Commission, persons employed by or
        contracted with the Federal Trade Commission, or Commissioners, and
        outside counsel, counsel, and employees for a plaintiff or other State with
        which the FTC shares a common legal interest related to this litigation, or the
        investigation that preceded this litigation;

    f.   Counsel for each Plaintiff State, persons employed by or contracted with that
        State's Office of the Attorney General, or that State's Attorney General, and
        outside counsel, counsel, and employees of a plaintiff or other State with
        which that Plaintiff State shares a common legal interest related to this
        litigation, or the investigation that preceded this litigation;

    8.     The Parties agree that the following privileged or otherwise protected communications need not be placed on a privilege log: draft litigation filings and communications attaching draft litigation filings that only discuss such draft litigation filings.

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 12
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

9.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

10.      If a producing Party determines that it has produced documents or ESI upon which it wishes to make a claim of privilege, it shall, within 15 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document, unless the review requires additional time, in which case the producing Party shall notify counsel of record and shall provide a date by which it will provide the identification. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, together with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. All times provided herein may be changed by agreement of all Parties, and the Parties agree that failure to comply with the times provided herein alone shall not result in the waiver of any privilege or protection.

11.      Upon receiving notice of a claim of privilege on a produced document, the notified Party, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), shall promptly sequester the specified information and any copies it has and shall not use or disclose the information until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If the notified Party

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 13
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

disclosed the information before receiving notification of the privilege claim of the producing Party, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

12.     If a Party wishes to dispute a claim of privilege on a produced document asserted under this Order, such Party shall promptly meet and confer with the producing Party. If the Parties reach an impasse, the non-producing Party may move the Court for an order compelling disclosure of the information. The Parties shall follow the procedures described in Federal Rule 26(b)(5)(B). Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

13.     The Parties will use best efforts to provide the titles of Party employees and outside counsel in a name index provided by each producing Party with each privilege log production, unless otherwise agreed to by the Parties. The name index shall be produced in Excel (.xls, .xlsx, or .xlsb) format unless an alternative format is agreed to by the Parties, and shall include an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log where practicable (e.g., the S-Team), and any name variations used in the privilege log used for the same individual. All attorneys acting in a legal capacity with respect to that particular document or communication will be marked with an asterisk or other designation agreed to by the Parties.

14.     The producing party wishing to assert a claim of privilege retains the burden of establishing the applicability of the claimed privilege.

15.     This Order does not preclude a party or non-party from voluntarily waiving any claims of privilege.

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 14
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

16.     Privilege logs provided prior to November 9, 2023 that were not produced in the first instance in this litigation, such as privilege logs that were previously provided in Plaintiffs' investigation or other matters involving Amazon, shall be produced pursuant to the privilege log protocols or agreements in those other matters.  The parties reserve their rights to request more information for entries on those privilege logs, and to challenge any privilege claims asserted in those privilege logs.

**F.     Non-Party Discovery**

1.     A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena.

2.     The Issuing Party shall be responsible for producing any documents obtained under a subpoena to all other parties within 10 days. The Issuing Party shall not be responsible for the format of such production and shall produce the documents in the same format that they were produced by the non-party.

3.     If the non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

**G.     Compliance**

1.     A Party alleging that another Party has failed to comply with this Order may file a motion with the Court. Any such motion shall include a meet and confer certification by the moving Party pursuant to Local Civil Rule 37(a)(1).

2.     The deadlines in this Order can be altered by agreement of all Parties without filing a motion with the Court. If any Party makes a reasonable request to alter a deadline, the other Parties shall consider the request in good faith.

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 15
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

**ORDER**

3
IT IS SO ORDERED.

4
Dated this _____ day of _____, 2024

5

6
_____
THE HONORABLE JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

7

8

9
*Presented by:*

10
*s/ Christine M. Kennedy*

11
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)

12
EMILY K. BOLLES (NY Reg. # 5408703)
EMMA DICK (IA Bar # 51155)

13
CHRISTINE M. KENNEDY (DC Bar # 1032904)
DANIELLE C. QUINN (NY Reg. # 5408943)

14
ERIC ZEPP (NY Reg. #5538491)
Federal Trade Commission

15
600 Pennsylvania Avenue, NW
Washington, DC 20580

16
Tel.:   (202) 326-2122 (Musser)
        (202) 326-2464 (Takashima)

17
Email: smusser@ftc.gov
        etakashima@ftc.gov

18
        ebolles@ftc.gov
        edick@ftc.gov

19
        ckennedy@ftc.gov
        dquinn@ftc.gov

20
        ezepp@ftc.gov

21
*Attorneys for Plaintiff Federal Trade Commission*

22

23

24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 16
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *s/ Michael Jo*
   Michael Jo (admitted *pro hac vice*)
2  Assistant Attorney General, Antitrust Bureau
   New York State Office of the Attorney
3  General
   28 Liberty Street
4  New York, NY 10005
   Telephone: (212) 416-6537
5  Email: Michael.Jo@ag.ny.gov
   *Counsel for Plaintiff State of New York*
6
   *s/ Rahul A. Darwar*
7  Rahul A. Darwar (admitted *pro hac vice*)
   Assistant Attorney General
8  Office of the Attorney General of Connecticut
   165 Capitol Avenue
9  Hartford, CT 06016
   Telephone: (860) 808-5030
10 Email: Rahul.Darwar@ct.gov
   *Counsel for Plaintiff State of Connecticut*
11
   *s/ Alexandra C. Sosnowski*
12 Alexandra C. Sosnowski (admitted *pro hac vice*)
13 Assistant Attorney General
   Consumer Protection and Antitrust Bureau
14 New Hampshire Department of Justice
   Office of the Attorney General
15 One Granite Place South
   Concord, NH 03301
16 Telephone: (603) 271-2678
   Email: Alexandra.c.sosnowski@doj.nh.gov
17 *Counsel for Plaintiff State of New Hampshire*

18 *s/ Caleb J. Smith*
   Caleb J. Smith (admitted *pro hac vice*)
19 Assistant Attorney General
   Consumer Protection Unit
20 Office of the Oklahoma Attorney General
   15 West 6th Street, Suite 1000
21 Tulsa, OK 74119
   Telephone: (918) 581-2230
22 Email: caleb.smith@oag.ok.gov
   *Counsel for Plaintiff State of Oklahoma*
23

24

   *s/ Jennifer A. Thomson*
   Jennifer A. Thomson (admitted *pro hac vice*)
   Senior Deputy Attorney General
   Pennsylvania Office of Attorney General
   Strawberry Square, 14th Floor
   Harrisburg, PA 17120
   Telephone: (717) 787-4530
   Email: jthomson@attorneygeneral.gov
   *Counsel for Plaintiff Commonwealth of Pennsylvania*

   *s/ Michael A. Undorf*
   Michael A. Undorf (admitted *pro hac vice*)
   Deputy Attorney General
   Delaware Department of Justice
   820 N. French St., 5th Floor
   Wilmington, DE 19801
   Telephone: (302) 683-8816
   Email: michael.undorf@delaware.gov
   *Counsel for Plaintiff State of Delaware*

   *s/ Christina M. Moylan*
   Christina M. Moylan (admitted *pro hac vice*)
   Assistant Attorney General
   Chief, Consumer Protection Division
   Office of the Maine Attorney General
   6 State House Station
   Augusta, ME 04333-0006
   Telephone: (207) 626-8800
   Email: christina.moylan@maine.gov
   *Counsel for Plaintiff State of Maine*

   *s/ Gary Honick*
   Gary Honick (admitted *pro hac vice*)
   Assistant Attorney General
   Deputy Chief, Antitrust Division
   Office of the Maryland Attorney General
   200 St. Paul Place
   Baltimore, MD 21202
   Telephone: (410) 576-6474
   Email: Ghonick@oag.state.md.us
   *Counsel for Plaintiff State of Maryland*

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 17
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  _s/ Michael Mackenzie_
   Michael Mackenzie (admitted *pro hac vice*)
2  Deputy Chief, Antitrust Division
   Office of the Massachusetts Attorney General
3  One Ashburton Place, 18th Floor
   Boston, MA 02108
4  Telephone: (617) 963-2369
   Email: michael.mackenzie@mass.gov
5  *Counsel for Plaintiff Commonwealth of*
   *Massachusetts*

6  _s/ Scott A. Mertens_
7  Scott A. Mertens (admitted *pro hac vice*)
   Assistant Attorney General
8  Michigan Department of Attorney General
   525 West Ottawa Street
9  Lansing, MI 48933
   Telephone: (517) 335-7622
10 Email: MertensS@michigan.gov
   *Counsel for Plaintiff State of Michigan*

11 _s/ Zach Biesanz_
12 Zach Biesanz (admitted *pro hac vice*)
   Senior Enforcement Counsel
13 Office of the Minnesota Attorney General
   445 Minnesota Street, Suite 1400
14 Saint Paul, MN 55101
   Telephone: (651) 757-1257
15 Email: zach.biesanz@ag.state.mn.us
   *Counsel for Plaintiff State of Minnesota*

16 _s/ Lucas J. Tucker_
17 Lucas J. Tucker (admitted *pro hac vice*)
   Senior Deputy Attorney General
18 Office of the Nevada Attorney General
   100 N. Carson St.
19 Carson City, NV 89701
   Telephone: (775) 684-1100
20 Email: LTucker@ag.nv.gov
   *Counsel for Plaintiff State of Nevada*

_s/ Ana Atta-Alla_
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

_s/ Jeffrey Herrera_
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

_s/ Zulma Carrasquillo-Almena_
Zulma Carrasquillo (*pro hac vice*
forthcoming)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto*
*Rico*

21
22
23
24

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 18
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L. J. Aceves*
Sara L. J. Aceves (*pro hac vice* forthcoming)
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

[PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 19
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**APPENDIX A**

**PRODUCTION FORMAT PROTOCOL**

**A.      Production Components.**

1. A directory containing images of every page of every document in the production, Bates-numbered sequentially.
2. A directory containing native files for a subset of the documents, each file named with the Bates number of the first page of the document it represents and the confidentiality designation being used, with no additional text beyond this, and with the same extension as the original native file type of the document.
3. A directory containing OCR or Extracted Text files, one file per document, each file named with the Bates number of the first page of the document it represents with no additional text beyond this, followed by ".txt" suffix.
4. A Load File containing Bates ranges and Metadata for each document.

**B.      Production Format.**

All documents shall be produced in the following formats when reasonably feasible:

1. <u>Electronic Production of Paper Documents</u>. Documents that are maintained in paper format shall be scanned as document level PDF files or black and white images at 300 x 300 dots per inch (DPI) or greater resolution, in single-page Group IV TIFF format, and shall reflect the full and complete information contained in the original document. Hard copy documents shall be produced with associated OCR files at the same time that the PDF or TIFF files are produced and with a Load File that includes at least the following Metadata fields: Begin Bates; End Bates; Begin Family; End Family; Pages; TextPath; Placeholder; File Extension; Custodian; All Custodians; Confidentiality; and Redacted, as those fields are described in Section IV, below. When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing" or "auto-rotation," should be turned on when documents are run through the process. Paper documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the document is obscured by the affixed notes, the document and notes shall be scanned separately.

2. <u>Production of Electronically Stored Information (ESI)</u>. Unless otherwise specified, document images shall be generated from electronic documents in a set of document level PDF or single page Group IV TIFF images that reflect the full and complete information contained on the original document. In the event a document is redacted, the producing party shall withhold the redacted text for that document. The failure to withhold such text for a redacted document by a producing party shall not be deemed a waiver of the privilege associated with that document.

i

3. <u>File Structure</u>. The producing party shall produce the following sets of files with each production.

    a. <u>Load File.</u>
       (1)    Each production has one load file, in "Concordance" style .DAT format.
       (2)    Values must be enclosed by þ (ASCII Decimal 254).
       (3)    Values must be separated by the "Device Control 4" character, ASCII decimal 20.
       (4)    First line must contain the column/field names (set forth in Section IV, below).
       (5)    The fields Begin Bates and End Bates must be present, and the first fields listed in the load file.
       (6)    The field NativePath must be present if native files are included in the document production.
       (7)    Each subsequent row must contain the Metadata for one document.
       (8)    Every row must have the same number of columns/fields (empty values are acceptable).
       (9)    Text must be encoded in UTF-8.
       (10)   File should be placed in the root directory or a directory labeled "DATA."

    b. <u>OCR and Extracted Text Files (.TXT Files).</u>
       (1)    A single text file for each document containing all the document's pages, in text.
       (2)    Pages separated by form feed character (decimal 12, hex 0xC).
       (3)    Filenames should be of the form: <Bates num>.txt, where <Batesnum> is the Bates number of the first page of the document.
       (4)    Text must be encoded in UTF-8.
       (5)    Files should be placed in a directory labeled "TEXT."

    c. <u>Image Files.</u>
       (1)    Document level PDF or Single-page Group IV TIFF images for each document, containing all images for that document.
       (2)    Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the first page of the document (i.e., the "Begin Bates" number), and <ext> is the appropriate extension for the image format (.pdf or .tiff).
       (3)    Files should be placed in the "IMAGES" subdirectory.

4. <u>Illegible Documents.</u> If a produced document cannot be read because of apparent imaging or formatting problems or other issues relating to the collection or production of documents, the receiving party may request a re-production from the producing party. The parties shall meet and confer to discuss the nature of the issues and any obstacles to re-production.

5. <u>Native Format Documents</u>. The parties recognize that it may be appropriate for certain documents to be produced in native format, such as spreadsheets, engineering drawings,

presentations or slides, and audio and video files. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. The receiving party may request that the producing party produce additional file types of electronic documents in native format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation, such as audio files. Prior to producing any confidential information as defined in any applicable Protective Order entered herein in native format, the producing party and the receiving party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of information contained in native files.

   a.  <u>Excel and Access Databases</u>. To the extent that responsive documents exist in Excel or another database program, documents shall be produced in native format unless the document needs to be redacted. To the extent that the document format constitutes a database created or maintained in Access or another software program, documents shall be produced in their native format, where reasonably feasible. If a database is based upon proprietary software, the parties shall meet and confer regarding the format of production, which shall be a reasonably feasible format, to enable review by the receiving party. An image placeholder shall be provided for each document produced in native format. Each placeholder shall contain the phrase "DOCUMENT PRODUCED IN NATIVE FORMAT," or something similar, and shall contain the Bates number corresponding to the native file.

   b.  <u>PowerPoint Presentations (PPT)</u>. PPT presentations should be produced in native format (*e.g.*, as .PPT files). PPT presentations shall also be produced in full document PDF or single-page TIFF format, along with speaker notes. The linked native file name should also match the Begin Bates field with the appropriate file extension. Any hidden slides or speakers notes should be included in PPT presentations.

   c.  <u>Audio and Video Data</u>. Parties should make best efforts to ensure care is taken for collection and production of any responsive audio and/or video data, and to preserve any Metadata that may be associated with those items. These data types may be stored in audio or video recordings, voicemail text messaging, and related/similar technologies.

   d.  <u>Word Documents (or similar)</u>. Microsoft Word documents (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced in full document PDF or single-page TIFF format for each document, containing all images for that document, and should be imaged in a manner that captures tracked changes and comments. To the extent a receiving party believes the converted image format distorts, omits, or causes information to be improperly displayed, the receiving party may request the document in native format and the producing party shall meet and confer to attempt to resolve the problem(s).

   e.  To the extent the producing party produces a document in native format, the

iii

following specifications apply:

(1)   Filenames must be unique in the production, unless the content is identical. Files should be named for the starting Bates number of the associated document.

(2)   The filename must retain the file extension corresponding to the original native format (*e.g.*, an Excel 2003 spreadsheet's extension must be .xls).

6.  <u>Color.</u>  A party that received a production may make reasonable requests that color images be produced for particular documents where color provides significant benefit to interpret the contents of the relevant documents. The production of documents/or ESI in color shall be made in single-page JPEG format (300 DPI). All requirements for productions stated in this ESI Agreement regarding productions in TIFF format apply to any productions of documents and/or ESI in color made in such an alternative format. Reasonable requests that a document be produced in color for the reasons set for in this Paragraph will not be unreasonably denied by the producing party. If a producing party wishes to object, it may do so by responding in writing and setting for its objection(s) to the production of the requested document in color.

7.  <u>Production Media</u>. A producing party may produce documents electronically (via secure FTP, for example), or on an external hard drive, DVD, CD-ROM, or such other readily accessible computer or electronic media as the producing party and the receiving party may hereafter agree upon (the "Production Media"). Production Media should be labeled on its face with the production date, the production volume, the Bates range contained on the Production Media, and any confidentiality notation that may be required by the Protective Order entered in this case. Where not practicable to label Production Media on its face, a letter or email with the required information should be provided. If the producing party encrypts or "locks" the production, the producing party shall include, under separate cover, instructions regarding how to decrypt the files, and any necessary passwords.

8.  <u>Document Unitization</u>. When scanning paper documents into document images as described in Section III.C.1., they shall be unitized in a manner so as to maintain the document(s) and any attachments as they existed in their original state, as reasonably feasible. Any applicable folder structure information should also be provided. Responsive attachments to e-mails stored shall be produced contemporaneously and sequentially immediately after the parent e-mail.

9.  <u>Duplicates</u>. A producing party who has more than one identical copy of an electronic document (i.e., the documents are actual duplicates) need only produce a single copy of that document. For avoidance of doubt, a producing party may de-duplicate actual duplicate documents across custodians, but all custodians should be identified in the All Custodians field.

10. <u>Bates Numbering</u>. Each producing party shall Bates number its production(s) as follows:

a.  Each Bates number should consist of a unique identifier consisting of a prefix, followed by nine numbers (*e.g.*, ABC000000001). The prefix should be substantially similar for all pages produced by the same producing party throughout this litigation. Each page of a document must have its own Bates number, and Bates numbers should be sequential.

b.  <u>Document Images</u>. Each page of a produced document shall have a legible, unique page identifier (Bates number) electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp should be placed on the document other than a confidentiality designation (where applicable), a privilege designation, or a redaction notification (where applicable). For confidential documents the confidentiality designation shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

c.  <u>Native Format Documents</u>. In order to preserve the integrity of any native format documents that will be produced, no Bates number, confidentiality legend or redaction information should be added to the content of the native format document. Each native should have an individual Bates number assigned.

11. <u>Linked Files and Collaborative Work Environments</u>. Producing parties will make reasonable efforts to identify hyperlinks to internal document repositories that are contained in responsive, non-privileged emails. Amazon's "internal document repositories" will consist of ███████████████████████████████ ███. Plaintiffs' "internal document repositories" will consist of SharePoint. The Parties may meet and confer, as needed, regarding the identification of additional internal document repositories, including after the entry of this Order. A producing party will provide a metadata overlay with its productions listing the hyperlinks found in each produced email. Upon a request from a receiving party, the producing party shall make reasonable efforts to retrieve the underlying documents for a reasonable number of specifically identified hyperlinks. In general, an attempt to programmatically retrieve the underlying documents based on the hyperlinks will constitute a reasonable effort. However, for particular documents, parties may request further efforts for good cause on a document-by-document basis. The producing party shall produce such underlying documents, with metadata connecting the underlying linked document to the hyperlink. But the parties acknowledge that links may be broken or otherwise unavailable. Moreover, the document retrieved may be the version that existed at the time of collection and not necessarily the version that existed at the time of the email containing the hyperlink. A producing party makes no representation that the recipient(s) of a hyperlink ever actually opened or viewed the hyperlinked document. If a producing party identifies significant new internal document repositories or if a producing party's capabilities to identify hyperlinks or retrieve hyperlinked files materially changes with respect to already-identified internal document repositories during the course of the litigation, the producing party shall disclose those changes to the requesting party, and the parties will meet and confer further accordingly.

v

## C.      Metadata

For scanned hard copy documents, the producing party will provide the Metadata fields below:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of documents. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| Pages | Total number of pages in the document. |
| TextPath | Link to text file for the document. |
| Placeholder | Whether a document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation assigned to the document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Production Volume | Production volume number (*e.g.*, VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the document. |

For ESI and documents that were originally stored in electronic format, all fields below should be provided if required information is available. Unless otherwise agreed to by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| AttachCount | Number of document attachments. |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected. |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a document or other creator identified for the document |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Title | Title field value extracted from the Metadata of the Native File. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a document. |
| Document Type | Document type. |
| Application | Name of the application used to open the file. |
| NativePath | The relative path to the native file for this document. |
| TextPath | The relative path to the text file for this document. |
| Redacted | Whether a document has redactions (Y/N). |
| Placeholder | Whether a document has a placeholder image. |
| Confidentiality | Level of confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Hidden Content | Identifies documents with hidden content (*i.e.*, hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (*e.g.*, V001, V002, etc.). |
| Producing Party | Name of party producing the document. |

The parties are not obligated to populate manually any of the fields identified above for either hard copy documents or ESI if such fields cannot be extracted from a document, with the exception of the following for each of hard copy documents and ESI: (a) Begin Bates, (b) End Bates, (c) BeginFamily (d) EndFamily, (e) Custodian, (f) All Custodians, (g) Confidentiality, (h) Redactions, (i) NativePath (for ESI), (k) TextPath, and any known Date information (Date Received, Date Sent, Date Created, and/or Date Modified).

## D.    Metadata for Privilege Logs

For scanned hard copy documents, the producing party will provide the Metadata fields below:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of documents. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| Pages | Total number of pages in the document. |
| TextPath | Link to text file for the document. |
| Placeholder | Whether a document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation assigned to the document. |
| Redacted | Whether a Document has redactions (Y/N). |

For ESI and documents that were originally stored in electronic format, all fields below should be provided if required information is available. Unless otherwise agreed to by the parties, the

field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected. |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a document or other creator identified for the document |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a document. |
| Message Id | Unique Message Id. |
| Title | Title field value extracted from the Metadata of the Native File. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Document Type | Document type. |
| Application | Name of the application used to open the file. |
| Redacted | Whether a document has redactions (Y/N). |
| Placeholder | Whether a document has a placeholder image. |
| Confidentiality | Level of confidentiality assigned. |

x