THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

   Plaintiffs,

   v.

AMAZON.COM, INC., a corporation,

   Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ESI ORDER**

NOTED ON MOTION CALENDAR:
April 12, 2024

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ESI ORDER
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ......................................................................................................................... 2

I.  THE ESI ORDER SHOULD MORE CLOSELY ALIGN TO THE MODEL'S STRUCTURE FOR DEADLINES AND NEGOTIATION OF SEARCH TERMS. .......... 2

    A.  Plaintiffs' Insistence on Deadlines Not Found in the Model is Unworkable Given the Realities of Modern E-Discovery. ............................................................ 3

    B.  Plaintiffs' Framework for Search-Term Negotiations Deviates From the Model Without Good Reason. ................................................................................ 4

II. THE COURT SHOULD MODIFY PLAINTIFFS' SUGGESTED PRIVILEGE LOGGING EXCLUSIONS AND PROVISIONS. ............................................................ 6

    A.  Plaintiffs' Proposal is Overbroad as to Their Own Communications ..................... 7

        1.  Excluding "Common Interest" Communications ........................................ 7

        2.  Internal Communications ............................................................................. 9

    B.  Plaintiffs' Proposal Does Not Mitigate the Significant Logging Burden on Amazon. ................................................................................................................ 11

CONCLUSION .................................................................................................................... 12

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

**Cases**

*Al Otro Lado, Inc. v. Wolf*,
    2020 WL 3487823 (S.D. Cal. June 26, 2020) ............................................................. 9

*Atel Mar. Invs., LP v. Sea Mar. Mgmt., LLC*,
    2009 WL 5214895 (E.D. La. Dec. 23, 2009) ............................................................... 3

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*,
    408 F.3d 1142 (9th Cir. 2005) ....................................................................................... 6

*Columbia Sportswear Co. v. 3MD, Inc.*,
    2017 WL 6550490 (D. Or. Dec. 21, 2017) ................................................................. 8

*First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*,
    163 F.R.D. 574 (N.D. Cal. 1995) ................................................................................ 8

*Frame-Wilson v. Amazon.com, Inc.*,
    2023 WL 1433655 (W.D. Wash. Feb. 1, 2023) .......................................................... 2

*FTC v. Amazon.com, Inc.*,
    No. 2:23-cv-00932-JHC (W.D. Wash. Nov. 30, 2023). ............................................. 5

*FTC v. Meta Platforms, Inc.*,
    No. 1:20-cv-03590-JEB (D.D.C. Mar. 8, 2022) ......................................................... 5

*In re Pac. Pictures Corp.*,
    679 F.3d 1121 (9th Cir. 2012) ..................................................................................... 8

*Kater v. Churchill Downs Inc.*,
    2020 WL 13490764 (W.D. Wash. May 5, 2020) ....................................................... 2

*Lord Abbett Mun. Income Fund, Inc. v. Asami*,
    2013 WL 5609333 (N.D. Cal. Oct. 11, 2013) ............................................................ 8

*Puget Soundkeeper All. v. SSA Terminals LLC*,
    2014 WL 4810345 (W.D. Wash. Sept. 23, 2014) ....................................................... 2

*Rodriguez v. Seabreeze Jetlev LLC*,
    620 F. Supp. 3d 1009 (N.D. Cal. 2022) ...................................................................... 8

*SEC. v. Collins & Aikman Corp.*,
    256 F.R.D. 403 (S.D.N.Y. 2009) ............................................................................... 10

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - ii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*United States v. Gonzalez*,
  669 F.3d 974 (9th Cir. 2012) ........................................................................................... 8

*United States v. Quad/Graphics, Inc.*,
  No. 1:19-cv-04153 (N.D. Ill. July 10, 2019) ................................................................... 4

*United States v. Visa, Inc.*,
  No. 4:20-cv-07810-JSW (N.D. Cal. Jan. 6, 2021) ........................................................... 4

*Viet. Veterans of Am. v. CIA.*,
  2012 WL 1895985 (N.D. Cal. May 23, 2012) ................................................................. 9

**Rules**

Fed. R. Civ. P. 26(b)(5)(A) .................................................................................................. 6

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - iii
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**INTRODUCTION**

ESI discovery in this case is likely to be significant in scope and complexity. An ESI Order that provides guidance, mechanisms to limit unnecessary burdens, and flexibility to avoid needless disputes will aid in the efficient administration of justice. Throughout the parties' negotiations, Amazon has sought to be flexible and practical and has proposed terms that will reduce the instance of disputes coming before the Court. Amazon's limited disagreements with Plaintiffs' Proposed ESI Order (Dkt. 187-1) are all in furtherance of those goals. Amazon requests that the Court enter its Proposed Order. In the attached Exhibit 1,[1] Amazon provides a redline to Plaintiffs' Proposed ESI Order that reflects Amazon's proposals.

With respect to deadlines and the procedure for negotiating search terms, Plaintiffs propose modifications to the Model ESI Agreement (the "Model")[2] that are not supported by good cause. *First*, Plaintiffs propose discovery deadlines in addition to those set out in the Model, but refuse to incorporate language that acknowledges the flexibility needed in a complex case like this one. Amazon is willing to agree to Plaintiffs' proposed deadlines but requests that the Order incorporate a "good-faith efforts" or "best efforts" standard, which would account for complexities that attend large-scale document and data productions. *Second*, Plaintiffs propose a process for establishing search terms that is out of step with the Model and the iterative process typically used in document-intensive cases. Amazon submits that an ESI Order akin to the Model with respect to establishing search terms—one that requires disclosure, conferral, and cooperation, but does not require a particular process for all requests—is appropriate here.

With respect to privilege logging, Plaintiffs propose overbroad exclusions to their own obligations but do not agree to incorporate exclusions of presumptively privileged documents that will ease Amazon's substantial burden. As discussed below, the Court should (1) require Plaintiffs to log purported common interest communications with non-party states and private plaintiffs;

---

[1] All referenced exhibits are exhibits to the Declaration of Kevin Hodges, filed herewith.

[2] https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf (last visited Apr. 8, 2024).

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

(2) order the parties to confer on Plaintiffs' internal logging obligations; and (3) exclude from Amazon's logging obligations communications (a) between outside counsel and employees and (b) between employees and the litigation and investigations in-house counsel identified in Amazon's March 8, 2024 letter (Dkt. 183-4).

## ARGUMENT

### I. THE ESI ORDER SHOULD MORE CLOSELY ALIGN TO THE MODEL'S STRUCTURE FOR DEADLINES AND NEGOTIATION OF SEARCH TERMS.

The parties have been unable to agree on a handful of substantial deviations from this Court's Model proposed by Plaintiffs. While parties can negotiate and adopt ESI protocols that differ from the Model, "[t]he model order is the model for a reason—it was 'drafted and approved by the judges of this district based on their collective experience managing numerous cases. . . .'" *Kater v. Churchill Downs Inc.*, 2020 WL 13490764, at *2 (W.D. Wash. May 5, 2020). Accordingly, parties must show "good cause" before deviating from the Model. *See Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 1433655, at *4 (W.D. Wash. Feb. 1, 2023). Plaintiffs fail to meet that standard.

Specifically, the Model aims to head off discovery disputes and obviate the need for discovery motions by supplying a flexible framework within which parties can engage in ESI discovery. *Cf. Puget Soundkeeper All. v. SSA Terminals LLC*, 2014 WL 4810345, at *2 (W.D. Wash. Sept. 23, 2014) (denying motion to compel because Model or similar agreement might resolve parties' disputes). Plaintiffs seek to impose (1) additional interim deadlines with extensions only if the parties agree and (2) additional processes in connection with negotiation of search protocols. These proposals undercut the flexibility required in discovery, as reflected in the Model, and will lead to unnecessary disputes and motions practice that delay discovery, not "expedite" it. Mot. 1.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

### A.  Plaintiffs' Insistence on Deadlines Not Found in the Model is Unworkable Given the Realities of Modern E-Discovery.

This Court should reject Plaintiffs' attempt to impose four deadlines governing the discovery process not found in the Model—(1) a 14-day deadline for the production of native files, Dkt. 187-1 § C.3.b; (2) four interim dates for service of rolling privilege logs, *id.* § E.5; (3) a 15-day window to assert clawbacks, *id.* § E.10; and (4) a 10-day window to reproduce documents received in response to non-party subpoenas, *id.* § F.2.  Amazon has indicated its willingness to agree to the proposed deadlines as long as a good faith or best efforts standard applies to them. Without such a qualifier, Plaintiffs' proposed deadlines will likely lead to needless discovery motions.

The Model contains only two deadlines: a 30-day deadline for ESI disclosures and a timeframe for production of privilege logs.  *See* Model 2, 9.  This approach promotes judicial economy and recognizes that discovery requires flexibility; Plaintiffs' proposal does the opposite. For example, Plaintiffs propose short deadlines to produce native files or third-party productions. It is not uncommon for issues outside of the producing parties' control to impact their ability to meet a fixed deadline, particularly for productions that involve complex or voluminous ESI.  A production delayed by a day or two would not impact the litigation and should not trigger a violation of a Court order.  But Plaintiffs' proposal would give the non-producing party discretion over whether the producing party has complied with a Court order. *See, e.g.*, *Atel Mar. Invs., LP v. Sea Mar. Mgmt., LLC*, 2009 WL 5214895, at *1 (E.D. La. Dec. 23, 2009) (highlighting the "need for some flexibility regarding discovery deadlines" and expressing concern regarding one party's ability to "unilaterally" control the course of discovery).  While Plaintiffs claim that "common sense and judgment will be enough to avoid superfluous motions," Mot. 4, it is not hard to imagine how one party could put the other in a difficult position if the deadlines in Plaintiffs' proposal govern.  For example, Plaintiffs served Amazon with *319* requests for production on a

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  single day; a demand for native files for this set could leave Amazon at the mercy of Plaintiffs to
2  grant an extension of the 14-day deadline, or else Amazon would need to move for relief.

3  Plaintiffs say that Amazon's proposed qualifiers of "best efforts" or "good faith" would
4  "give Amazon free reign [*sic*] to unilaterally miss or extend deadlines," but that concern is
5  unfounded. *Id.* Indeed, "best efforts" or "good faith" standards are regularly used with respect to
6  deadlines in federal antitrust cases involving the government. *See, e.g.*, Dkt. 72, *United States v.*
7  *Visa, Inc.*, No. 4:20-cv-07810-JSW (N.D. Cal. Jan. 6, 2021); Dkt. 46, *United States v.*
8  *Quad/Graphics, Inc.*, No. 1:19-cv-04153 (N.D. Ill. July 10, 2019). Plaintiffs do not explain why
9  the standards used in other government cases are unworkable here, nor do they offer the "good
10 cause" required to deviate from the Model. This Court should reject Plaintiffs' attempt to impose
11 impractical and unnecessary obligations by either agreeing to the inclusion of a "good faith"
12 qualifier or reverting to the deadlines proposed in the Model.

**B.  Plaintiffs' Framework for Search-Term Negotiations Deviates From the Model Without Good Reason.**

15  The Court should likewise reject Plaintiffs' rigid framework for search-term negotiations,
16 which includes a needlessly onerous process for addressing disputed terms. Dkt. 187-1 § C.2.e.
17 These provisions are not in the Model, and Plaintiffs provide no reason why they are necessary to
18 include in a court order. The Court should instead adopt Amazon's proposal, which closely tracks
19 the Model; provides for conferral and cooperation; and includes a flexible and efficient process for
20 managing the vast ESI discovery in this litigation. Ex. 1 § C.2.e.

21  Amazon's proposal is consistent with the process contemplated by the Model, which
22 provides simply that "the parties shall timely confer to attempt to reach agreement on appropriate
23 search terms and queries" and outlines a short protocol surrounding search-term negotiations.
24 Model 3-4. As the Model recognizes in requiring that the parties "continue to cooperate in revising
25 the appropriateness of the search methodology," flexibility is essential. *Id.* at 4. Search-term
26 negotiations are complex and iterative, aiming to strike the right balance between sufficiently

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

inclusive and not overly burdensome, and those negotiations are most productive when they can proceed in a manner tailored to the request at issue. That is doubtless why the FTC has previously agreed to ESI protocols that take this approach to search-term negotiations in large antitrust cases. *See, e.g.*, Dkt. 108 at 5-6, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Mar. 8, 2022).[3]

To be clear, Amazon does not dispute the basic obligation on all parties to use due diligence to conduct a reasonable search for responsive documents. Instead, Amazon takes issue with the prescriptive negotiation procedures urged by Plaintiffs—specifically, the fact that the proposal requires particular hit reports within ten days of a request and a description of the "nature and type of" irrelevant documents captured by disputed terms. Dkt. 181-1 § C.2.e.5. That may be a fine approach for some requests, and it may be highly inefficient or downright unworkable for others. Take just one example with respect to the 319 RFPs Plaintiffs recently served. Under their proposal, after Amazon proposed search terms for relevant requests, Plaintiffs could propose modifications to Amazon's terms. If Amazon does not accept those modifications, Amazon would then have the obligation to undertake more burdensome steps—including providing an explanation of the "nature and type" of the documents captured by the terms that it alleges are irrelevant. *Id.* This might not be a problem for a small set of documents, but it would quickly become unreasonable for a matter of this scale. If Amazon's term returns 10,000 documents and Plaintiffs' revised term returns 10,000,000, for example, Amazon would have to provide an explanation of the "nature and type" of irrelevant documents within the additional 9,990,000. Complex search queries are common in matters of this size, so there may be a wide range of reasons why a particular search query captures irrelevant documents. Thus, under Plaintiffs' procedures, Amazon could be required to review *millions* of documents to catalogue their irrelevance, simply to comply with the

---

[3] The FTC recently agreed to a search-term negotiation protocol based on the Model in its separate lawsuit against Amazon regarding Prime. Dkt. 128 at 2-3, *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC (W.D. Wash. Nov. 30, 2023).

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

negotiation procedures in the order. This is needlessly time-consuming, burdensome, and costly.[4] By closely adhering to the Model, Amazon aims to conserve time and resources for both parties by allowing the parties to negotiate as makes sense for a particular request.

Amazon fully expects that the parties will negotiate in good faith and reach agreement on search terms. As part of that, Amazon is committed to the standard process of the parties exchanging proposals and counterproposals for their respective requests, and Amazon is willing to have the parties substantiate the associated burdens by exchanging hit reports showing counts of documents returned by the terms. Only if the parties cannot agree after such a negotiation should they seek assistance from the Court—the ESI Order should not, through the imposition of a rigid process, encourage disputes over whether a party has sufficiently identified the "nature and type" of irrelevant documents pursuant to the protocol. Accordingly, the Court should enter Amazon's proposal with respect to Section C.

## II.  THE COURT SHOULD MODIFY PLAINTIFFS' SUGGESTED PRIVILEGE LOGGING EXCLUSIONS AND PROVISIONS.

Plaintiffs' privilege log proposal will result in cumbersome and unnecessary logging of clearly privileged information for Amazon, while simultaneously absolving Plaintiffs of their obligation to log virtually anything, including questionably privileged documents. The presumption under the law is that a party claiming privilege will provide a log containing information sufficient for the opposing party to assess and, if necessary, challenge whether the privilege claim is justified. *See* Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). The Model encourages parties to confer regarding the "nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements[.]" Model 8.

---

[4] Plaintiffs cite to two cases from outside this district to support imposing its preferred negotiation framework, *see* Mot. 6, but in both those cases the parties partially or entirely agreed to the negotiation framework.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

The parties agree that certain exclusions are appropriate and that it is in their interests to "reduce the burden of discovery for both sides without significantly limiting any party's ability to obtain discoverable information." Mot. 9. But Plaintiffs' proposal does not accomplish this goal. Amazon does not argue that the parties' logging burdens must be equal, but it does submit that reasonable measures should be adopted to minimize *unnecessary* burdens. Amazon remained willing to continue to meet and confer on the contours of certain exclusions when Plaintiffs filed their Motion.[5] As discussed below, the Court should modify Plaintiffs' requested order in the manner identified in Exhibit 1.

### A. Plaintiffs' Proposal is Overbroad as to Their Own Communications.

#### 1. Excluding "Common Interest" Communications

Plaintiffs' proposal seeks to exempt Plaintiffs from logging alleged "common interest" communications, which may well not be privileged. Amazon does not dispute Plaintiffs' assertion that there is a common interest among the *named Plaintiffs*, and does not object to relieving Plaintiffs from an obligation to log communications among them. But Plaintiffs' proposal sweeps more broadly to encompass facially questionable privilege assertions. They propose to exclude from their logging obligation communications with 24 non-party states and territories that were solicited but declined to join this litigation. Dkt. No. 187-1 § E.7.e-f; Ex. 2, at 2-4. They also claim common interest privilege with private plaintiffs who have sued Amazon on various theories and seek different types of relief than Plaintiffs—a category which includes an Amazon competitor and likely witness, Zulily. *Id.*[6]

As the party claiming privilege, Plaintiffs have the burden of establishing its existence. *See United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012). The common interest privilege is "narrow," *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1019 (N.D. Cal. 2022), and

---

[5] In its March 8, 2024 letter (Dkt. 183-4), Amazon provided an updated proposal, to which Plaintiffs did not respond until they informed Amazon on March 21 that they would be filing their Motion on March 22.

[6] On an April 4, 2024 meet and confer, Plaintiffs noted that under their proposal, they *would* log responsive communications with government enforcers other than the FTC.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

exists only where "attorneys for different clients [are] pursuing a common legal strategy," *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).  A common adversary is not sufficient to give rise to a common legal interest.  *Id.*  Nor is "a shared desire to see the same outcome in a legal matter" sufficient "to bring a communication between two parties within [the common interest] exception.  Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten."  *Id.* (citation omitted); *see also First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 163 F.R.D. 574, 581 (N.D. Cal. 1995) (communications must "be made to advance [the parties'] shared interest in securing legal advice on that common matter").  Plaintiffs and non-parties may have a common interest as to one claim but not another, or a common interest at one time that ends if they pursue different legal strategies.  *See Columbia Sportswear Co. v. 3MD, Inc.*, 2017 WL 6550490, at *4-5 (D. Or. Dec. 21, 2017) (citing *Gonzalez*, 669 F.3d at 981).

Amazon is not suggesting that in resolving this Motion the Court needs to determine whether these privilege assertions are valid.  Rather, these types of privilege claims lack obvious merit or clear grounding in law and Plaintiffs should log them in order to allow Amazon to fairly assess them.  *See Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2013 WL 5609333, at *2-4 (N.D. Cal. Oct. 11, 2013) (reviewing, among other things, the privilege log descriptions to determine whether the common interest doctrine applied and finding it did not).  Plaintiffs' reluctance to do so suggests they do not want Amazon to assess those claims, which underscores Amazon's concerns.

There is no obvious current common interest at work with respect to either group at issue. Plaintiffs have offered no evidence of "a joint strategy in accordance with some form of agreement," *Pac. Pictures*, 679 F.3d at 1129, between themselves and private plaintiffs who filed their own lawsuits, in some cases years prior to this case.  The pending lawsuits, though "related" in the sense of sharing efficiencies, challenge different aspects of Amazon's business and seek different relief.  Moreover, those plaintiffs include Zulily, an Amazon competitor from which

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Plaintiffs sought documents in their investigations, which likely will be a witness, and which otherwise falls within the category of communications Plaintiffs have agreed to produce. Plaintiffs should be required to log claimed "common interest" communications with Zulily to allow Amazon to assess any such claims on a document-by-document basis. Meanwhile, Plaintiffs cite nothing in support of their argument that they share a common legal interest with states that *declined* to join this lawsuit. They provide no support for their claim that certain states are "considering antitrust enforcement against Amazon," Mot. 13, or that such enforcement is aimed at the same topics as the case here. That those states declined to join Plaintiffs in this lawsuit suggests that their interests may not be aligned.[7]

### 2. Internal Communications

Plaintiffs' proposal also seeks to relieve Plaintiffs from logging virtually all internal communications, without offering any justification for such a deviation from standard practice. For example, Plaintiffs' proposal would exempt from logging communications exchanged among *any and all* employees of the FTC and States—regardless of whether counsel was involved in the communications. *See* Dkt. 187-1 § E.7.c.

Plaintiffs argue that everyone at the FTC is a lawyer or working under the direction of a lawyer, and therefore that every communication within the agency is presumptively privileged. This is an overstatement. Many employees of the FTC (and the States) are non-lawyers working in a non-legal capacity, including public relations personnel whose job it is to make non-privileged communications. Additionally, Plaintiffs have argued with respect to Amazon's communications that the fact that a communication includes a lawyer does not in and of itself make it privileged.

---

[7] To the extent Plaintiffs may argue that a deliberative process or investigatory privilege might alternatively protect these communications, the potential invocation of those privileges should not be an excuse to avoid logging them. Neither privilege is absolute. *E.g.*, *Viet. Veterans of Am. v. CIA*, 2012 WL 1895985, at *1 (N.D. Cal. May 23, 2012) (describing the deliberative process privilege as a "qualified privilege" that does not protect "purely factual material" or "communications made after a decision and designed to explain the decision" and that should be applied "narrowly" (cleaned up)); *Al Otro Lado, Inc. v. Wolf*, 2020 WL 3487823, at *2 (S.D. Cal. June 26, 2020) (regarding investigatory privilege, noting the "balancing test is moderately pre-weighted in favor of disclosure" (cleaned up)). The idea that a privilege *might* apply is not a reason to exempt a party from logging; it is a reason to require logging.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

And as an agency, the FTC has responsibilities that go beyond internal legal advice, investigation, and litigation, including policymaking, advocacy, research, and education. *See* Mission, FTC, https://www.ftc.gov/about-ftc/mission (last visited Apr. 8, 2024).

Plaintiffs also assert that "only Amazon's conduct is at issue" in this case, presumably to suggest that it is less important for them to log documents responsive to Amazon's requests. Mot. 12. This is a substantial under-recognition of Plaintiffs' obligations. By bringing a civil lawsuit in federal court, Plaintiffs chose to become full litigants subject to discovery, *see SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009)—including discovery related to Amazon's potential affirmative defenses that touch on the FTC's behavior, which Amazon has not yet even asserted in an Answer. In other words, Plaintiffs' position undermines Amazon's ability to take adequate discovery on defenses it has not yet even had occasion to assert.

At this early stage of discovery, before even the close of initial pleading, it is impossible to determine what information is encompassed within Plaintiffs' proposed sweeping exclusion, and, at a minimum, the fact that such information exists should not be suppressed. For example, during the pre-filing investigation, Amazon sought the recusal of the FTC Chair based on her extensive history, before her appointment, of writings and remarks that indicated a prejudgment of the issues nominally under investigation. The FTC declined to decide the merits of Amazon's recusal petition, taking the position that it did not involve an adjudicative proceeding or rulemaking. Amazon has sought discovery on that administrative process and the basis for the FTC's (lack of) decision. Plaintiffs' broad exclusion seeks to encompass all documents concerning this matter, foreclosing a meaningful opportunity to consider whether there is any proper privilege claim. Additionally, Plaintiffs' position appears to encompass internal documents concerning non-confidential communications, such as public statements, that may not be privileged.

Plaintiffs' approach affords Amazon no opportunity to assess whether it is getting documents to which it is entitled—or even whether documents it has requested exist at all. Instead, Plaintiffs effectively seek a blanket ruling that all internal documents are presumptively privileged

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

and there is no way for Amazon to challenge that presumption. Amazon believes that a reasonable compromise can be reached to limit Plaintiffs' logging of internal communications to certain topics or categories, or to give Amazon sufficient information to assess Plaintiffs' productions. Amazon proposes that the Court refrain from excluding all of Plaintiffs' communications from logging and order the parties to continue conferring on this issue.

### B. Plaintiffs' Proposal Does Not Mitigate the Significant Logging Burden on Amazon.

The ESI Order should reflect additional exclusions to Amazon's logging obligations for likely privileged communications. By contrast to Plaintiffs' proposal with respect to their communications, which eliminates virtually all logging obligations, their proposal does little to nothing to ease Amazon's burden. Plaintiffs propose that Amazon need not log (1) communications exclusively among outside counsel and (2) communications exclusively between outside and inside counsel. But in this case documents from these categories are unlikely to be subject to production. Amazon reasonably expects that all or almost all documents will be produced through targeted collection of Amazon business documents or electronic searches of custodian files, and that outside or in-house counsel should not be among the custodians. Thus, exempting logging of their communications does little to alleviate burden.[8]

At the same time, Plaintiffs propose that Amazon must log communications among outside counsel or any in-house counsel—even in-house litigation counsel—and Amazon employees. The burden implicated by a requirement to log in-house counsel communications is substantial. The pre-complaint investigation yielded a 190,000-entry privilege log after a multi-level review that took tens of thousands of attorney hours, and a similar or greater burden is expected for the extensive discovery served by Plaintiffs in this case.

---

[8] Plaintiffs' lopsided proposal also gives Plaintiffs an unfair, informational advantage to learn about Amazon's litigation strategy—through the privilege log-level information of counsel involved in the litigation and timing and topic of a communication—that they exempt themselves from providing.

AMAZON'S OPPOSITION TO PLAINTIFFS'  
MOTION TO ENTER AN ESI ORDER - 11  
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP  
ATTORNEYS AT LAW  
1301 SECOND AVENUE, SUITE 3000  
SEATTLE, WASHINGTON 98101  
TEL +1.206.274.6400   FAX +1.206.274.6401

Plaintiffs' proposal falls short of its stated rationale.  Plaintiffs' logging proposal is premised on the notion that logging should not be needed for lawyers whose roles involve litigating the case.  Ex. 3, at 3.  Under that premise, there is no reason why communications an employee has with outside counsel in this litigation should not be exempt from logging.  Plaintiffs' proposal also fails to address a whole category of Amazon's in-house counsel who are in a litigation function and not responsible for business advice.[9]  Amazon identified these groups and explained their roles to Plaintiffs in a March 8, 2024 letter.  *See* Dkt. 183-4, at 7-8.  Amazon was explicit that its proposal did not seek to exempt logging as to lawyers who are in business advice roles.  *Id.* Plaintiffs never responded to Amazon's proposal, and in their motion inexplicably neither acknowledge the different types of in-house lawyers nor explain why the subset of *litigation* lawyers would not be appropriately excluded from logging.[10]  In-house lawyers whose roles involve overseeing litigation and investigations, including this one, should be excluded.

If Plaintiffs' stated goal of their proposed logging exclusion is to avoid unnecessary logging of litigation-related communications, then the exemptions should also include communications outside counsel and Amazon in-house lawyers responsible for litigation have with Amazon employees.  Plaintiffs' proposal does little to reduce the considerable privilege log burden that Amazon will bear and is not likely to lead to identification of discoverable information.

## CONCLUSION

The Court should deny Plaintiffs' Motion and enter Amazon's Proposed Order.

//

//

//

---

[9] For example, some of the individual lawyers who are not engaged in competitive decision-making have been admitted under the protective order in this case.  Dkt. 160 ¶ 5.3.  There are additional in-house lawyers who perform similar functions.

[10] Plaintiffs "note" that communications between Amazon in-house counsel and employees likely are "dual-purpose communications," Mot. 10 n.3, but this is unlikely to be the case with respect to the in-house counsel at issue here.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 12
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  DATED this 8th day of April, 2024.

*I certify that this memorandum contains 4,186 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
       molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
       jschmidtlein@wc.com
       khodges@wc.com
       cmetz@wc.com
       cpruski@wc.com
       jpitt@wc.com
       cforkner@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER AN ESI ORDER - 13
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401