THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DECLARATION OF KEVIN M. HODGES IN SUPPORT OF AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ESI ORDER**

I, Kevin M. Hodges, declare as follows:

1.      I am a partner at Williams & Connolly LLP and counsel to Defendant Amazon.com, Inc. ("Amazon") in this matter.  I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2.      Attached as **Exhibit 1** is a version of Plaintiffs' Proposed ESI Order (Dkt. 187-1) that shows Amazon's requested modifications to that Proposed Order.  Requested deletions are crossed out and requested additions are underlined.

3.      Attached as **Exhibit 2** is a true and correct copy of a February 21, 2024 letter from Danielle Quinn to Robert Keeling regarding Plaintiffs' proposed exclusions to their logging obligations on common interest grounds.

DECLARATION OF KEVIN M. HODGES ISO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION FOR AN ESI ORDER - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1    4.    Attached as **Exhibit 3** is a true and correct copy of a January 31, 2024 letter from
2  Emily Bolles to Robert Keeling regarding the Parties' positions on the ESI Order and privilege
3  logging.

4    I declare under the penalty of perjury under the laws of the United States of America that
5  the foregoing is true and correct.

6    Executed on April 8, 2024 in Washington, D.C.

7

8                        _s/ Kevin Hodges_
                         Kevin M. Hodges
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF KEVIN M. HODGES ISO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION FOR AN ESI ORDER - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# EXHIBIT 1

THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

**CASE NO.: 2:23-cv-01495-JHC -AMAZON'S [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

14 Defendant Amazon.com, Inc. ("Amazon" or "Defendant") Plaintiffs Federal Trade

15 Commission and the states of New York, Connecticut, New Hampshire, Oklahoma, Pennsylvania,

16 Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New

17 Mexico, Oregon, Rhode Island, and Wisconsin, acting by and through their respective Attorneys

18 General ("Plaintiff States," and together with the Federal Trade Commission, "Plaintiffs") hereby

19 petitions the Court to enter the following provisions regarding discovery of electronically stored

20 information ("ESI") in this matter:

21 **A.    General Principles**

22

23 AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 1
24 CASE NO. 23-CV-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 10 days after written responses to discovery requests made under Fed. R. Civ. P. 34 are served, but no earlier than 14 days after entry of this Order, the responding party shall disclose:

1.      <u>Custodians.</u>  An initial list of proposed custodians within its organization (past or present) likely to possess responsive ESI, as well as the potential custodians' job titles, tenure, and a brief summary of their primary responsibilities. The requesting party may identify any additional custodians it believes should be included. The parties will meet and confer about any disputed custodians promptly and in good faith.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 **FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  storage) and, for each such source, the extent to which a party is (or is not) able to preserve

2  information stored in the third-party data source.

3          4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable

4  ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically

5  identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P.

6  26(b)(2)(B).

7          5.      Foreign data privacy laws. Nothing in this Order is intended to prevent any Party

8  from complying with the requirements of a foreign country's data privacy laws, e.g., the European

9  Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The Parties agree to meet

10 and confer before including custodians or data sources subject to such laws in any ESI or other

11 discovery request.

12 **C.      ESI Discovery Procedures**

13         1.      On-site inspection of electronic media. Such an inspection shall not be required

14 absent a demonstration by the requesting party of specific need and good cause or by agreement

15 of the Parties.

16         2.      Search methodology. The Parties shall timely confer to attempt to reach agreement

17 on appropriate search terms and queries, file type and date restrictions, data sources (including

18 custodians), and other appropriate computer- or technology-aided methodologies.

19                 a.      The producing party shall disclose the data sources (including custodians),

20 search terms and queries, any file type and date restrictions, and its intent to use technology-

21 assisted review, if applicable. The producing party shall provide unique hit counts for each search

22 query, if applicable.

23  AMAZON'S [PROPOSED] ORDER REGARDING
     DISCOVERY OF ESI
     PAGE - 3
24  CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   b.   Where a producing party chooses to use search terms to identify potentially
2   responsive documents, the party shall exercise reasonable due diligence in investigating and
3   analyzing its data in providing its proposed list of search terms. Examples of such due diligence
4   may include but are not limited to: identification of commonly misspelled words appearing on
5   responsive documents or electronically stored information; identifying idiosyncratic language and
6   terms of art (e.g., acronyms, nicknames, codenames, project names) utilized by a party in
7   responsive documents and by interviewing relevant custodians about the same; utilizing quality
8   control metrics; and using an iterative search approach to identify the terms most likely to locate
9   responsive documents.

10   cb.   After disclosure, the Parties will engage in a meet and confer process
11   regarding the producing party's search methodology and, if applicable, additional terms sought by
12   the non-producing party.  The Parties may propose modifications to the search terms proposed by
13   any Party, and the Parties shall continue to cooperate in revising the appropriateness of the search
14   methodology.

15   dc.   The following provisions apply to search terms / queries of the requesting
16   party.  Focused terms and queries generally should be employed; broad terms or queries, such as
17   product and company names, generally should be avoided.  A conjunctive combination of multiple
18   words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single
19   search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or
20   "system") broadens the search, and thus each word or phrase shall count as a separate search term
21   unless they are variants of the same word.  The producing party may identify each search term or
22

23   AMAZON'S [PROPOSED] ORDER REGARDING
     DISCOVERY OF ESI
     PAGE - 4
24   CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

e.     To the extent that the Parties cannot agree on certain search terms ("Disputed Terms"), the Parties will meet and confer to resolve such disputes. If the producing party objects to any search term on the basis of burden it shall produce de-duplicated hit reports for that Disputed Term no later than 10 days after a request by a requesting party. Those hit reports shall include the following:

1.     the total number of documents being searched with the Disputed Terms;

2.     the aggregate hits for each of the Disputed Terms (the number of documents returned by a search term);

3.     the number of unique hits for each of the Disputed Terms (the number of documents which contain a particular search term, but no other search terms);

4.     if the producing party has a counter-proposal for the Disputed Terms, the difference in the number of unique hits between the Parties' proposals (the number of unique hits captured by the requesting party's proposal but not captured by the producing party's proposal);

5.     if the producing party contends that the Disputed Terms are capturing irrelevant documents, the nature and type of such documents.

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 5
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

d.     If a party seeks to use technology assisted review ("TAR") during its search methodology, it shall notify the other Parties in the litigation of its intent to do so.  At that time, the responding party shall provide a description of its proposed TAR methodology.  Following this notification, the Parties will meet and confer regarding the TAR methodology.

3.     Format.[1] ESI will be produced in the formats set out in Appendix A to this stipulation. If particular ESI warrants a different format or method of production, the Parties may request to produce that ESI in an alternative format or method of production than set out in Appendix A. In such case the Parties agree to cooperate in good faith to arrange for a mutually acceptable production format.

a.     ESI will be produced to the requesting party with searchable text, in the format described in Appendix A.

b.     Unless otherwise agreed to by the Parties, or required by a reasonable redaction process, files that are not easily converted to image format, such as spreadsheets, databases, and drawing files, will be produced in native format with extracted text and metadata.

---

[1] Documents that were produced prior to the date of this Stipulation and Order that were not produced in the first instance in this litigation, *i.e.*, documents first produced in the Plaintiffs' investigation or in related cases, and documents produced in response to requests for production in this litigation that call for production of documents made in other matters, shall be produced in the format of document productions in those other matters, provided that those re-productions are in a reasonably useful format and provided that the producing party informs all other Parties, prior to or at the time of production, that the production will be in a nonconforming format. The Parties reserve the right to object to a nonconforming format and to make reasonable requests for the production of such documents in a conforming format to the extent that such reproduction does not impose an undue burden on the producing party. The Parties agree that, in general, the productions by Amazon in the Plaintiffs' investigation were made pursuant to the respective Parties' agreements at the time and shall not be reproduced in different formats in this litigation. If Plaintiffs make reasonable requests for the production of such documents in a conforming format, the Parties agree to meet and confer.

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 6
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Unless otherwise agreed to by the Parties, for all other files, a producing Party shall make good-faith efforts to produce native files shall be produced upon reasonable request within 14 days.

c.    Each document image file shall be named with a unique number (Bates Number). Bates numbers should not be more than thirty characters long or contain spaces.

d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e.    The Parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f.    Unless otherwise agreed to by the Parties, the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4.    <u>De-duplication.</u> The Parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process shall be tracked in a duplicate/other custodian field in the database load file.

5.    <u>Email Threading.</u> Subject to Paragraph E(4) below, the Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies, except if the lesser inclusive

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 7
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

copies include unique family members, in which case the lesser inclusive copies and related family members shall also be produced.   Upon reasonable request, the producing party will produce a less inclusive copy.

6.     Hard-Copy Documents. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless it will not result in accurate or reasonably useable/searchable ESI, like handwritten documents. Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).   These documents will be unitized following scanning into appropriate segments and custodial information will be provided in the load files.

**D.     Preservation of ESI**

The Parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall take reasonable and proportional steps to preserve all discoverable ESI in their possession, custody, or control.

2.     The Parties agree that only unique, non-duplicative sources of discoverable Documents need to be preserved.

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 8
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

3.      Absent a showing of good cause by the requesting party, the categories of ESI that need not be preserved include, but are not limited to:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Interim automatically saved drafts that cannot be preserved through reasonable means.

f.      Back-up data that are duplicative of data that are more accessible elsewhere.

g.      Server, system or network logs.

h.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

i.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.      Privilege**

1.      A producing Party shall create a privilege log of all responsive documents or ESI wholly redacted or fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted.

2.      For documents redacted for privilege or protection, the Parties must produce a privilege log containing only the following information:  the Bates number; an indication that

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 9
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

the document was produced in redacted form, information that can be populated from the

metadata of the document in accordance with Appendix A, Section D, of this Order; an

indication where such metadata corresponds to the attorney(s) involved (e.g., *, esq.); and the

type of privilege being asserted (e.g., attorney client; work product).  If the privilege log entry

for any document redacted on the basis of attorney-client privilege or work product protection

does not identify the attorney(s) involved, the Parties reserve their rights to request that

information from the producing Party.  If an email is produced with redactions, the redactions

must not obscure the headers (e.g., from, to, cc, bcc, subject, sent date and time, attachment file

names) of the email or any embedded emails, unless the subject line contains information that is

privileged or protected.  If a non-email document is produced with redactions, the redactions

must not obscure the equivalent of header information (including author, from, to, subject, sent

date and time, attachment names, as applicable) unless the subject line contains information that

is privileged or protected.

3.      Privilege logs for documents fully withheld from production or otherwise fully

redacted shall include a unique identification number for each document, indicate the Bates

number of the document containing privileged material and those of any document family

relationships, and state the claim asserted. Privilege logs shall be produced in Excel (.xls, .xlsx,

or .xlsb) format unless not possible due to technical reasons such as the size of the privilege log,

in which case the Parties agree to meet and confer to reach agreement on an alternative method

of production or file format. For ESI, privilege log entries shall include metadata in accordance

with Appendix A, Section D, of this agreement including author/recipient or to/from/cc/bcc

names; the subject matter or title; and date created. The producing Party shall include additional

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 10
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   information necessary for evaluating the privilege claim asserted as required by the Federal

2   Rules of Civil Procedure, including any of the above fields not available in metadata, the title of

3   all Party employees associated with a log entry, identification of all attorneys associated with

4   the log entry, and a description of the contents of the document sufficient to establish that the

5   privilege or protection applies.

6        4.      Where email threads are withheld from production on the basis of a privilege or

7   protection, notwithstanding Paragraph C(5), the producing party shall produce any lesser

8   inclusive copies of the email thread over which it does not claim the privilege or protection. The

9   producing party must provide privilege log information for the unique most inclusive copy and

10  related family members pursuant to Paragraph E(3). For lesser inclusive copies and related

11  family members, the producing party may produce only the following privilege log information:

12  the Bates number of the document containing privileged material and those of any document

13  family relationships; the Bates number of the associated unique most inclusive copy;

14  information that can be populated from the metadata of the document in accordance with

15  Appendix A, Section D, of this agreement; the type of privilege being asserted; an indication

16  where such metadata corresponds to the attorney(s) involved (e.g.,  *, esq.); and the basis for the

17  privilege. If the privilege log entry for any document redacted on the basis of attorney-client

18  privilege or work product protection does not identify the attorney(s) involved, the Parties

19  reserve their rights to request that information from the producing Party.  This paragraph does

20  not apply where an email thread is redacted rather than withheld from production, and the

21  producing party does not have to produce redacted email threads on an unthreaded basis.

22

23   AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 11
24   CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

5.      A producing Party shall make good-faith efforts to provide a rolling privilege log at least six, nine, twelve, and fifteen months after the commencement of fact discovery. A producing Party must provide a final privilege log no later than 30 days prior to the close of fact discovery. All times provided herein may be changed by agreement of all Parties.

6.      Privilege logs produced during the Federal Trade Commission's investigation preceding this litigation may be used to challenge any assertion of privilege of any documents produced in the investigation and subsequently produced in this litigation. The fact that Plaintiffs did not challenge a privilege claim during the investigation shall not be used as the basis of a waiver or forfeiture argument.

7.      The Parties agree that the following privileged or otherwise protected communications need not be placed on a privilege log:  Email, notes, drafts, communications, memoranda, documents, or other work product produced by or exchanged solely among and between:

     a.   Outside counsel for Amazon;

     b.   Outside counsel for Amazon and In-House Counsel (as that term is defined in the Protective Order in this action) employed employees of by Amazon;

     b.c. In-House Counsel (as defined in § 2.3 of the Protective Order) who report to Amazon's Vice President and Associate General Counsel for Litigation and the Associate General Counsel for Business Conduct & Ethics, including those specific Associate General Counsel, and employees of Amazon;

     c.   Counsel for the Federal Trade Commission, persons employed by or contracted with the Federal Trade Commission, or Commissioners;

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 12
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   d.   Counsel for each Plaintiff State, persons employed by or contracted with that

2        State's Office of the Attorney General, or that State's Attorney General;

3   e.   Counsel for the Federal Trade Commission, persons employed by or

4        contracted with the Federal Trade Commission, or Commissioners, and

5        outside counsel, counsel, and employees for a plaintiff or other State with

6        which the FTC shares a common legal interest related to this litigation, or the

7        investigation that preceded this litigation;

8   f.   Counsel for each Plaintiff State, persons employed by or contracted with that

9        State's Office of the Attorney General, or that State's Attorney General, and

10       outside counsel, counsel, and employees of a plaintiff or other State with

11       which that Plaintiff State shares a common legal interest related to this

12       litigation, or the investigation that preceded this litigation.;

13  8.   The Parties are ordered to meet and confer regarding the scope of logging for

14  internal Federal Trade Commission communications and internal Plaintiff State

15  communications.

16  8.9.   The Parties agree that the following privileged or otherwise protected

17  communications need not be placed on a privilege log: draft litigation filings and

18  communications attaching draft litigation filings that only discuss such draft litigation filings.

19  9.10.   Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically

20  stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding

21  shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute

22  a waiver by the producing party of any privilege applicable to those documents, including the

23  AMAZON'S [PROPOSED] ORDER REGARDING DISCOVERY OF ESI PAGE - 13 CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   attorney-client privilege, attorney work-product protection, or any other privilege or protection

2   recognized by law. This Order shall be interpreted to provide the maximum protection allowed

3   by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

4          10.11.  If a producing Party determines that it has produced documents or ESI upon

5   which it wishes to make a claim of privilege, it shall use good faith efforts to, within 15 days of

6   making such determination, give all counsel of record notice of the claim of privilege. The

7   notice must identify each such document, unless the review requires additional time, in which

8   case the producing Party shall notify counsel of record and shall provide a date by which it will

9   provide the identification. If the producing Party claims that only a portion of a document is

10  privileged, the producing Party shall provide, together with the notice of the claim of privilege,

11  a new copy of the document with the allegedly privileged portions redacted. All times provided

12  herein may be changed by agreement of all Parties, and the Parties agree that failure to comply

13  with the times provided herein alone shall not result in the waiver of any privilege or protection.

14         11.12.  Upon receiving notice of a claim of privilege on a produced document, the

15  notified Party, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), shall promptly

16  sequester the specified information and any copies it has and shall not use or disclose the

17  information until the claim is resolved. Copies of privileged documents or information that have

18  been stored on electronic media that is not reasonably accessible, such as disaster recovery

19  backup media, are adequately sequestered as long as they are not restored. If the notified Party

20  disclosed the information before receiving notification of the privilege claim of the producing

21  Party, it shall take reasonable steps to prevent further use of such information until the claim is

22  resolved.

23  AMAZON'S [PROPOSED] ORDER REGARDING
    DISCOVERY OF ESI
    PAGE - 14
24  CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

12.13.  If a Party wishes to dispute a claim of privilege on a produced document asserted under this Order, such Party shall promptly meet and confer with the producing Party. If the Parties reach an impasse, the non-producing Party may move the Court for an order compelling disclosure of the information. The Parties shall follow the procedures described in Federal Rule 26(b)(5)(B). Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

13.14.  The Parties will use best efforts to provide the titles of Party employees and outside counsel in a name index provided by each producing Party with each privilege log production, unless otherwise agreed to by the Parties. The name index shall be produced in Excel (.xls, .xlsx, or .xlsb) format unless an alternative format is agreed to by the Parties, and shall include an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log where practicable (e.g., the S-Team), and any name variations used in the privilege log used for the same individual. All attorneys acting in a legal capacity with respect to that particular document or communication will be marked with an asterisk or other designation agreed to by the Parties.

14.15.  The producing party wishing to assert a claim of privilege retains the burden of establishing the applicability of the claimed privilege.

15.16.  This stipulation and order does not preclude a party or non-party from voluntarily waiving any claims of privilege.

16.17.  Privilege logs provided prior to November 9, 2023 that were not produced in the first instance in this litigation, such as privilege logs that were previously provided in Plaintiffs'

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 15
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

investigation or other matters involving Amazon, shall be produced pursuant to the privilege log

protocols or agreements in those other matters.  The parties reserve their rights to request more

information for entries on those privilege logs, and to challenge any privilege claims asserted in

those privilege logs.

**F.      Non-Party Discovery**

1.      A party that issues a non-party subpoena (the "Issuing Party") shall include a copy

of this ESI Protocol with the subpoena.

2.      The Issuing Party shall be responsible for ~~producing~~ making good-faith efforts to

produce any documents obtained under a subpoena to all other parties within 10 days of receiving

consent from the non-party. The Issuing Party shall not be responsible for the format of such

production and shall produce the documents in the same format that they were produced by the

non-party.

3.      If the non-party production is not Bates-stamped, the Issuing Party shall endorse

the non-party production with unique prefixes and Bates numbers prior to producing them to all

other parties.

**G.      Compliance**

1.      A Party alleging that another Party has materially failed to comply with this

Stipulation and Order may file a motion to compel with the Court. Any such motion shall include

a meet and confer certification by the moving Party pursuant to Local Civil Rule 37(a)(1).

2.      The deadlines in this Stipulation and Order can be altered by agreement of all

Parties without filing a motion with the Court. If any Party makes a reasonable request to alter a

deadline, the other Parties shall consider the request in good faith.

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 16
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 17
CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2                                                    **ORDER**

3     IT IS SO ORDERED.

4     Dated this _____ day of _____, 2024

5                                                    _____
                                                     THE HONORABLE JOHN H. CHUN
6                                                    UNITED STATES DISTRICT JUDGE

7

8

9
      *Presented by:*
10
      **MORGAN, LEWIS & BOCKIUS LLP**
11
      By: *s/ Patty Eakes*
12    Patty A. Eakes, WSBA #18888
      Molly A. Terwilliger, WSBA #28449
13    1301 Second Avenue, Suite 3000
      Seattle, WA 98101
14    Phone: (206) 274-6400
      Email: patty.eakes@morganlewis.com
15            molly.terwilliger@morganlewis.com

16    **WILLIAMS & CONNOLLY LLP**

17    By: *s/ Kevin Hodges*
      Heidi K. Hubbard (*pro hac vice*)
18    John E. Schmidtlein (*pro hac vice*)
      Kevin M. Hodges (*pro hac vice*)
19    Carl R. Metz (*pro hac vice*)
      Carol J. Pruski (*pro hac vice*)
20    Jonathan B. Pitt (*pro hac vice*)
      Constance T. Forkner (*pro hac vice*)
21    680 Maine Avenue SW
      Washington, DC 20024
22    Phone: (202) 434-5000

23    AMAZON'S [PROPOSED] ORDER REGARDING              **MORGAN, LEWIS & BOCKIUS LLP**
      DISCOVERY OF ESI                                 ATTORNEYS AT LAW
      PAGE - 18                                        1301 SECOND AVENUE, SUITE 3000
24    CASE NO. 23-CV-01495-JHC                         SEATTLE, WASHINGTON 98101
                                                       TEL +1.206.274.6400   FAX
                                                       +1.206.274.6401 **FEDERAL TRADE**
                                                       **COMMISSION**
                                                       600 Pennsylvania Avenue, NW
                                                       Washington, DC 20580
                                                       (202) 326-2222

1   Email: hhubbard@wc.com
            jschmidtlein@wc.com
2           khodges@wc.com
            cmetz@wc.com
3           cpruski@wc.com
            jpitt@wc.com
4           cforkner@wc.com

5
    **COVINGTON & BURLING LLP**
6
    Thomas O. Barnett (*pro hac vice*)
7   One CityCenter
    850 Tenth Street, NW
8   Washington, DC 20001-4956
    Phone: (202) 662-5407
9   Email: tbarnett@cov.com

10  *Attorneys for Defendant Amazon.com, Inc.* ~~s/ Christine M. Kennedy~~
    ~~SUSAN A. MUSSER (DC Bar # 1531486)~~
11  ~~EDWARD H. TAKASHIMA (DC Bar # 1001641)~~
    ~~EMILY K. BOLLES (NY Reg. # 5408703)~~
12  ~~EMMA DICK (IA Bar # 51155)~~
    ~~CHRISTINE M. KENNEDY (DC Bar # 1032904)~~
13  ~~DANIELLE C. QUINN (NY Reg. # 5408943)~~
    ~~ERIC ZEPP (NY Reg. #5538491)~~
14  ~~Federal Trade Commission~~
    ~~600 Pennsylvania Avenue, NW~~
15  ~~Washington, DC 20580~~
    ~~Tel.:   (202) 326-2122 (Musser)~~
16          ~~(202) 326-2464 (Takashima)~~
    ~~Email: smusser@ftc.gov~~
17          ~~etakashima@ftc.gov~~
            ~~ebolles@ftc.gov~~
18          ~~edick@ftc.gov~~
            ~~ckennedy@ftc.gov~~
19          ~~dquinn@ftc.gov~~
            ~~ezepp@ftc.gov~~
20
    ~~*Attorneys for Plaintiff Federal Trade Commission*~~
21

22

23  AMAZON'S [PROPOSED] ORDER REGARDING
    DISCOVERY OF ESI
    PAGE - 19
24  CASE NO. 23-CV-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401 ~~**FEDERAL TRADE**~~
~~**COMMISSION**~~
~~600 Pennsylvania Avenue, NW~~
~~Washington, DC 20580~~
~~(202) 326-2222~~

1

2    ~~s/ Michael Jo~~                                    ~~Telephone: (918) 581-2230~~
     ~~Michael Jo (admitted *pro hac vice*)~~            ~~Email: caleb.smith@oag.ok.gov~~
3    ~~Assistant Attorney General, Antitrust Bureau~~    ~~Counsel for Plaintiff State of Oklahoma~~
     ~~New York State Office of the Attorney~~
4    ~~General~~
     ~~28 Liberty Street~~                                ~~s/ Jennifer A. Thomson~~
5    ~~New York, NY 10005~~                               ~~Jennifer A. Thomson (admitted *pro hac vice*)~~
     ~~Telephone: (212) 416-6537~~                        ~~Senior Deputy Attorney General~~
6    ~~Email: Michael.Jo@ag.ny.gov~~                      ~~Pennsylvania Office of Attorney General~~
     ~~Counsel for Plaintiff State of New York~~          ~~Strawberry Square, 14th Floor~~
7                                                         ~~Harrisburg, PA 17120~~
     ~~s/ Rahul A. Darwar~~                               ~~Telephone: (717) 787-4530~~
8    ~~Rahul A. Darwar (admitted *pro hac vice*)~~        ~~Email: jthomson@attorneygeneral.gov~~
     ~~Assistant Attorney General~~                       ~~Counsel for Plaintiff Commonwealth of~~
9    ~~Office of the Attorney General of Connecticut~~    ~~Pennsylvania~~
     ~~165 Capitol Avenue~~
10   ~~Hartford, CT 06016~~                               ~~s/ Michael A. Undorf~~
     ~~Telephone: (860) 808-5030~~                        ~~Michael A. Undorf (admitted *pro hac vice*)~~
11   ~~Email: Rahul.Darwar@ct.gov~~                       ~~Deputy Attorney General~~
     ~~Counsel for Plaintiff State of Connecticut~~       ~~Delaware Department of Justice~~
12                                                        ~~820 N. French St., 5th Floor~~
     ~~s/ Alexandra C. Sosnowski~~                        ~~Wilmington, DE 19801~~
13   ~~Alexandra C. Sosnowski (admitted *pro hac~~        ~~Telephone: (302) 683-8816~~
     ~~vice*)~~                                           ~~Email: michael.undorf@delaware.gov~~
14   ~~Assistant Attorney General~~                       ~~Counsel for Plaintiff State of Delaware~~
     ~~Consumer Protection and Antitrust Bureau~~
15   ~~New Hampshire Department of Justice~~              ~~s/ Christina M. Moylan~~
     ~~Office of the Attorney General~~                   ~~Christina M. Moylan (admitted *pro hac vice*)~~
16   ~~One Granite Place South~~                          ~~Assistant Attorney General~~
     ~~Concord, NH 03301~~                                ~~Chief, Consumer Protection Division~~
17   ~~Telephone: (603) 271-2678~~                        ~~Office of the Maine Attorney General~~
     ~~Email: Alexandra.c.sosnowski@doj.nh.gov~~          ~~6 State House Station~~
18   ~~Counsel for Plaintiff State of New Hampshire~~     ~~Augusta, ME 04333-0006~~
                                                          ~~Telephone: (207) 626-8800~~
19   ~~s/ Caleb J. Smith~~                                ~~Email: christina.moylan@maine.gov~~
     ~~Caleb J. Smith (admitted *pro hac vice*)~~         ~~Counsel for Plaintiff State of Maine~~
20   ~~Assistant Attorney General~~
     ~~Consumer Protection Unit~~                         ~~s/ Gary Honick~~
21   ~~Office of the Oklahoma Attorney General~~          ~~Gary Honick (admitted *pro hac vice*)~~
     ~~15 West 6th Street, Suite 1000~~                   ~~Assistant Attorney General~~
22   ~~Tulsa, OK 74119~~                                  ~~Deputy Chief, Antitrust Division~~

23   AMAZON'S [PROPOSED] ORDER REGARDING              MORGAN, LEWIS & BOCKIUS LLP
     DISCOVERY OF ESI                                       ATTORNEYS AT LAW
     PAGE - 20                                         1301 SECOND AVENUE, SUITE 3000
24   CASE NO. 23-CV-01495-JHC                          SEATTLE, WASHINGTON 98101
                                                        TEL +1.206.274.6400   FAX
                                                      +1.206.274.6401 FEDERAL TRADE
                                                              COMMISSION
                                                      600 Pennsylvania Avenue, NW
                                                       Washington, DC 20580
                                                          (202) 326-2222

| | | |
|---|---|---|
| 1 | Office of the Maryland Attorney General | Senior Deputy Attorney General |
| | 200 St. Paul Place | Office of the Nevada Attorney General |
| 2 | Baltimore, MD 21202 | 100 N. Carson St. |
| | Telephone: (410) 576-6474 | Carson City, NV 89701 |
| 3 | Email: Ghonick@oag.state.md.us | Telephone: (775) 684-1100 |
| | *Counsel for Plaintiff State of Maryland* | Email: LTucker@ag.nv.gov |
| 4 | | *Counsel for Plaintiff State of Nevada* |
| 5 | | |
| 6 | */s Michael MacKenzie* | |
| | Michael Mackenzie (admitted *pro hac vice*) | |
| 7 | Deputy Chief, Antitrust Division | |
| | Office of the Massachusetts Attorney General | *s/ Ana Atta-Alla* |
| 8 | One Ashburton Place, 18th Floor | Ana Atta-Alla (admitted *pro hac vice*) |
| | Boston, MA 02108 | Deputy Attorney General |
| 9 | Telephone: (617) 963-2369 | New Jersey Office of the Attorney General |
| | Email: michael.mackenzie@mass.gov | 124 Halsey Street, 5th Floor |
| 10 | *Counsel for Plaintiff Commonwealth of* | Newark, NJ 07101 |
| | *Massachusetts* | Telephone: (973) 648-3070 |
| 11 | | Email: Ana.Atta-Alla@law.njoag.gov |
| | *s/ Scott A. Mertens* | *Counsel for Plaintiff State of New Jersey* |
| 12 | Scott A. Mertens (admitted *pro hac vice*) | |
| | Assistant Attorney General | *s/ Jeffrey Herrera* |
| 13 | Michigan Department of Attorney General | Jeffrey Herrera (admitted *pro hac vice*) |
| | 525 West Ottawa Street | Assistant Attorney General |
| 14 | Lansing, MI 48933 | New Mexico Office of the Attorney General |
| | Telephone: (517) 335-7622 | 408 Galisteo St. |
| 15 | Email: MertensS@michigan.gov | Santa Fe, NM 87501 |
| | *Counsel for Plaintiff State of Michigan* | Telephone: (505) 490-4878 |
| 16 | | Email: jherrera@nmag.gov |
| | *s/ Zach Biesanz* | *Counsel for Plaintiff State of New Mexico* |
| 17 | Zach Biesanz (admitted *pro hac vice*) | |
| | Senior Enforcement Counsel | *s/ Timothy D. Smith* |
| 18 | Office of the Minnesota Attorney General | Timothy D. Smith, WSBA No. 44583 |
| | 445 Minnesota Street, Suite 1400 | Senior Assistant Attorney General |
| 19 | Saint Paul, MN 55101 | Antitrust and False Claims Unit |
| | Telephone: (651) 757-1257 | Oregon Department of Justice |
| 20 | Email: zach.biesanz@ag.state.mn.us | 100 SW Market St |
| | *Counsel for Plaintiff State of Minnesota* | Portland, OR 97201 |
| 21 | | Telephone: (503) 934-4400 |
| | *s/ Lucas J. Tucker* | Email: tim.smith@doj.state.or.us |
| 22 | Lucas J. Tucker (admitted *pro hac vice*) | *Counsel for Plaintiff State of Oregon* |

| | | |
|---|---|---|
| 23 | AMAZON'S [PROPOSED] ORDER REGARDING DISCOVERY OF ESI | **MORGAN, LEWIS & BOCKIUS LLP** |
| | PAGE - 21 | ATTORNEYS AT LAW |
| 24 | CASE NO. 23-CV-01495-JHC | 1301 SECOND AVENUE, SUITE 3000 |
| | | SEATTLE, WASHINGTON 98101 |
| | | TEL +1.206.274.6400    FAX |
| | | +1.206.274.6401 **FEDERAL TRADE** |
| | | **COMMISSION** |
| | | 600 Pennsylvania Avenue, NW |
| | | Washington, DC 20580 |
| | | (202) 326-2222 |

1 | *s/ Zulma Carrasquillo-Almena* | Telephone: (608) 261-5810
2 | Zulma Carrasquillo (*pro hac vice* | Email: cooleygj@doj.state.wi.us
forthcoming) | *Counsel for Plaintiff State of Wisconsin*
3 | Assistant Attorney General
Antitrust Division
4 | Puerto Rico Department of Justice
P.O. Box 9020192
5 | San Juan, Puerto Rico  00901-0192
Telephone:  (787) 721-2900
6 | Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto*
7 | *Rico*

8

9 | *s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
10 | Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
11 | Department of the Attorney General
150 South Main Street
12 | Providence, RI 02903
Telephone: (401) 274-4400
13 | Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*
14
15 | *s/ Sarah L. J. Aceves*
Sara L. J. Aceves (*pro hac vice* forthcoming)
15 | Assistant Attorney General
16 | Vermont Attorney General's Office
109 State Street
17 | Montpelier, VT  05609
Telephone:  (802) 828-3170
18 | Email: sarah.aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*
19
20 | *s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
20 | Assistant Attorney General
21 | Wisconsin Department of Justice
Post Office Box 7857
22 | Madison, WI 53707-7857

---

23 | AMAZON'S [PROPOSED] ORDER REGARDING
DISCOVERY OF ESI
PAGE - 22
24 | CASE NO. 23-CV-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX
+1.206.274.6401FEDERAL TRADE
COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 23
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**APPENDIX A**

**PRODUCTION FORMAT PROTOCOL**

**A.**    **Production Components.**

1. A directory containing images of every page of every document in the production, Bates-numbered sequentially.
2. A directory containing native files for a subset of the documents, each file named with the Bates number of the first page of the document it represents and the confidentiality designation being used, with no additional text beyond this, and with the same extension as the original native file type of the document.
3. A directory containing OCR or Extracted Text files, one file per document, each file named with the Bates number of the first page of the document it represents with no additional text beyond this, followed by ".txt" suffix.
4. A Load File containing Bates ranges and Metadata for each document.

**B.**    **Production Format.**

All documents shall be produced in the following formats when reasonably feasible:

1. <u>Electronic Production of Paper Documents</u>. Documents that are maintained in paper format shall be scanned as document level PDF files or black and white images at 300 x 300 dots per inch (DPI) or greater resolution, in single-page Group IV TIFF format, and shall reflect the full and complete information contained in the original document. Hard copy documents shall be produced with associated OCR files at the same time that the PDF or TIFF files are produced and with a Load File that includes at least the following Metadata fields: Begin Bates; End Bates; Begin Family; End Family; Pages; TextPath; Placeholder; File Extension; Custodian; All Custodians; Confidentiality; and Redacted, as those fields are described in Section IV, below. When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing" or "auto-rotation," should be turned on when documents are run through the process. Paper documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the document is obscured by the affixed notes, the document and notes shall be scanned separately.

2. <u>Production of Electronically Stored Information (ESI)</u>. Unless otherwise specified, document images shall be generated from electronic documents in a set of document level PDF or single page Group IV TIFF images that reflect the full and complete information contained on the original document. In the event a document is redacted, the producing party shall withhold the redacted text for that document. The failure to withhold such text for a redacted document by a producing party shall not be deemed a waiver of the privilege associated with that document.

3. <u>File Structure</u>. The producing party shall produce the following sets of files with each

production.

    a.   <u>Load File</u>.
        (1)    Each production has one load file, in "Concordance" style .DAT format.
        (2)    Values must be enclosed by þ (ASCII Decimal 254).
        (3)    Values must be separated by the "Device Control 4" character, ASCII decimal 20.
        (4)    First line must contain the column/field names (set forth in Section IV, below).
        (5)    The fields Begin Bates and End Bates must be present, and the first fields listed in the load file.
        (6)    The field NativePath must be present if native files are included in the document production.
        (7)    Each subsequent row must contain the Metadata for one document.
        (8)    Every row must have the same number of columns/fields (empty values are acceptable).
        (9)    Text must be encoded in UTF-8.
        (10)   File should be placed in the root directory or a directory labeled "DATA."

    b.   <u>OCR and Extracted Text Files (.TXT Files)</u>.
        (1)    A single text file for each document containing all the document's pages, in text.
        (2)    Pages separated by form feed character (decimal 12, hex 0xC).
        (3)    Filenames should be of the form: <Bates num>.txt, where <Batesnum> is the Bates number of the first page of the document.
        (4)    Text must be encoded in UTF-8.
        (5)    Files should be placed in a directory labeled "TEXT."

    c.   <u>Image Files</u>.
        (1)    Document level PDF or Single-page Group IV TIFF images for each document, containing all images for that document.
        (2)    Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the first page of the document (i.e., the "Begin Bates" number), and <ext> is the appropriate extension for the image format (.pdf or .tiff).
        (3)    Files should be placed in the "IMAGES" subdirectory.

4.   <u>Illegible Documents.</u> If a produced document cannot be read because of apparent imaging or formatting problems or other issues relating to the collection or production of documents, the receiving party may request a re-production from the producing party. The parties shall meet and confer to discuss the nature of the issues and any obstacles to re-production.

5.   <u>Native Format Documents</u>. The parties recognize that it may be appropriate for certain documents to be produced in native format, such as spreadsheets, engineering drawings, presentations or slides, and audio and video files. In all cases, unless there is no textual

content, an OCR or Extracted Text file shall be produced along with the native file. The receiving party may request that the producing party produce additional file types of electronic documents in native format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation, such as audio files. Prior to producing any confidential information as defined in any applicable Protective Order entered herein in native format, the producing party and the receiving party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of information contained in native files.

a. <u>Excel and Access Databases</u>. To the extent that responsive documents exist in Excel or another database program, documents shall be produced in native format unless the document needs to be redacted. To the extent that the document format constitutes a database created or maintained in Access or another software program, documents shall be produced in their native format, where reasonably feasible. If a database is based upon proprietary software, the parties shall meet and confer regarding the format of production, which shall be a reasonably feasible format, to enable review by the receiving party. An image placeholder shall be provided for each document produced in native format. Each placeholder shall contain the phrase "DOCUMENT PRODUCED IN NATIVE FORMAT," or something similar, and shall contain the Bates number corresponding to the native file.

b. <u>PowerPoint Presentations (PPT)</u>. PPT presentations should be produced in native format (*e.g.*, as .PPT files). PPT presentations shall also be produced in full document PDF or single-page TIFF format, along with speaker notes. The linked native file name should also match the Begin Bates field with the appropriate file extension. Any hidden slides or speakers notes should be included in PPT presentations.

c. <u>Audio and Video Data</u>. Parties should make best efforts to ensure care is taken for collection and production of any responsive audio and/or video data, and to preserve any Metadata that may be associated with those items. These data types may be stored in audio or video recordings, voicemail text messaging, and related/similar technologies.

d. <u>Word Documents (or similar)</u>. Microsoft Word documents (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced in full document PDF or single-page TIFF format for each document, containing all images for that document, and should be imaged in a manner that captures tracked changes and comments. To the extent a receiving party believes the converted image format distorts, omits, or causes information to be improperly displayed, the receiving party may request the document in native format and the producing party shall meet and confer to attempt to resolve the problem(s).

e. To the extent the producing party produces a document in native format, the following specifications apply:

       (1) Filenames must be unique in the production, unless the content is identical. Files should be named for the starting Bates number of the associated document.

       (2) The filename must retain the file extension corresponding to the original native format (*e.g.*, an Excel 2003 spreadsheet's extension must be .xls).

6. <u>Color.</u>  A party that received a production may make reasonable requests that color images be produced for particular documents where color provides significant benefit to interpret the contents of the relevant documents. The production of documents/or ESI in color shall be made in single-page JPEG format (300 DPI). All requirements for productions stated in this ESI Agreement regarding productions in TIFF format apply to any productions of documents and/or ESI in color made in such an alternative format. Reasonable requests that a document be produced in color for the reasons set for in this Paragraph will not be unreasonably denied by the producing party. If a producing party wishes to object, it may do so by responding in writing and setting for its objection(s) to the production of the requested document in color.

7. <u>Production Media</u>. A producing party may produce documents electronically (via secure FTP, for example), or on an external hard drive, DVD, CD-ROM, or such other readily accessible computer or electronic media as the producing party and the receiving party may hereafter agree upon (the "Production Media"). Production Media should be labeled on its face with the production date, the production volume, the Bates range contained on the Production Media, and any confidentiality notation that may be required by the Protective Order entered in this case. Where not practicable to label Production Media on its face, a letter or email with the required information should be provided. If the producing party encrypts or "locks" the production, the producing party shall include, under separate cover, instructions regarding how to decrypt the files, and any necessary passwords.

8. <u>Document Unitization</u>. When scanning paper documents into document images as described in Section III.C.1., they shall be unitized in a manner so as to maintain the document(s) and any attachments as they existed in their original state, as reasonably feasible. Any applicable folder structure information should also be provided. Responsive attachments to e-mails stored shall be produced contemporaneously and sequentially immediately after the parent e-mail.

9. <u>Duplicates</u>. A producing party who has more than one identical copy of an electronic document (i.e., the documents are actual duplicates) need only produce a single copy of that document. For avoidance of doubt, a producing party may de-duplicate actual duplicate documents across custodians, but all custodians should be identified in the All Custodians field.

10. <u>Bates Numbering</u>. Each producing party shall Bates number its production(s) as follows:

    a.   Each Bates number should consist of a unique identifier consisting of a prefix, followed by nine numbers (*e.g.*, ABC000000001). The prefix should be substantially similar for all pages produced by the same producing party throughout this litigation. Each page of a document must have its own Bates number, and Bates numbers should be sequential.

    b.   <u>Document Images</u>. Each page of a produced document shall have a legible, unique page identifier (Bates number) electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp should be placed on the document other than a confidentiality designation (where applicable), a privilege designation, or a redaction notification (where applicable). For confidential documents the confidentiality designation shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

    c.   <u>Native Format Documents</u>. In order to preserve the integrity of any native format documents that will be produced, no Bates number, confidentiality legend or redaction information should be added to the content of the native format document. Each native should have an individual Bates number assigned.

11. <u>Linked Files and Collaborative Work Environments</u>. Producing parties will make reasonable efforts to identify hyperlinks to internal document repositories that are contained in responsive, non-privileged emails. Amazon's "internal document repositories" will consist of those agreed to by the Parties and memorialized in Plaintiffs' letter dated March 26, 2024.  *See* Letter from E. Bolles to C. Forkner (Mar. 26, 2024). The Parties may meet and confer, as needed, regarding the identification of additional internal document repositories, including after the entry of this Stipulation and Order. A producing party will provide a metadata overlay with its productions listing the hyperlinks found in each produced email. Upon a request from a receiving party, the producing party shall make reasonable efforts to retrieve the underlying documents for a reasonable number of specifically identified hyperlinks. In general, an attempt to programmatically retrieve the underlying documents based on the hyperlinks will constitute a reasonable effort. However, for particular documents, parties may request further efforts for good cause on a document-by-document basis. The producing party shall produce such underlying documents, with metadata connecting the underlying linked document to the hyperlink. But the parties acknowledge that links may be broken or otherwise unavailable. Moreover, the document retrieved may be the version that existed at the time of collection and not necessarily the version that existed at the time of the email containing the hyperlink. A producing party makes no representation that the recipient(s) of a hyperlink ever actually opened or viewed the hyperlinked document.  If a producing party identifies significant new internal document repositories or if a producing party's capabilities to identify hyperlinks or retrieve hyperlinked files materially changes with respect to already-identified internal document repositories during the course of the litigation, the producing party shall disclose those changes to the requesting party, and the parties will meet and confer further accordingly.

**C.      Metadata**

For scanned hard copy documents, the producing party will provide the Metadata fields below:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of documents. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| Pages | Total number of pages in the document. |
| TextPath | Link to text file for the document. |
| Placeholder | Whether a document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation assigned to the document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Production Volume | Production volume number (*e.g.*, VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the document. |

For ESI and documents that were originally stored in electronic format, all fields below should be provided if required information is available. Unless otherwise agreed to by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| AttachCount | Number of document attachments. |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected. |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a document or other creator identified for the document |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Title | Title field value extracted from the Metadata of the Native File. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a document. |
| Document Type | Document type. |
| Application | Name of the application used to open the file. |
| NativePath | The relative path to the native file for this document. |
| TextPath | The relative path to the text file for this document. |
| Redacted | Whether a document has redactions (Y/N). |
| Placeholder | Whether a document has a placeholder image. |
| Confidentiality | Level of confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Hidden Content | Identifies documents with hidden content (*i.e.*, hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (*e.g.*, V001, V002, etc.). |
| Producing Party | Name of party producing the document. |

The parties are not obligated to populate manually any of the fields identified above for either hard copy documents or ESI if such fields cannot be extracted from a document, with the exception of the following for each of hard copy documents and ESI: (a) Begin Bates, (b) End Bates, (c) BeginFamily (d) EndFamily, (e) Custodian, (f) All Custodians, (g) Confidentiality, (h) Redactions, (i) NativePath (for ESI), (k) TextPath, and any known Date information (Date Received, Date Sent, Date Created, and/or Date Modified).

### D.    Metadata for Privilege Logs

For scanned hard copy documents, the producing party will provide the Metadata fields below:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of documents. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| Pages | Total number of pages in the document. |
| TextPath | Link to text file for the document. |
| Placeholder | Whether a document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation assigned to the document. |
| Redacted | Whether a Document has redactions (Y/N). |

For ESI and documents that were originally stored in electronic format, all fields below should be provided if required information is available. Unless otherwise agreed to by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a document. |
| End Bates | The production Bates number associated with the last page of a document. |
| BeginFamily | Begin Bates number of first page of the parent document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of documents. |
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected. |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a document or other creator identified for the document |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a document. |
| Message Id | Unique Message Id. |
| Title | Title field value extracted from the Metadata of the Native File. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| Document Type | Document type. |
| Application | Name of the application used to open the file. |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Redacted | Whether a document has redactions (Y/N). |
| Placeholder | Whether a document has a placeholder image. |
| Confidentiality | Level of confidentiality assigned. |

# EXHIBIT 2



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Danielle C. Quinn
Bureau of Competition
(202) 758-7624
dquinn@ftc.gov

February 21, 2024

**<u>BY ELECTRONIC MAIL</u>**

Robert Keeling
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
rkeeling@sidley.com

Re:   *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC
      **(W.D. Wash.)**

Dear Robert,

   In effort to further the parties' negotiations on privilege logging exclusions, and as
discussed on the parties' January 23, 2024 meet and confer and in Plaintiffs' January 31, 2024
letter, please see the attached **Exhibits A** and **B**.  **Exhibit A** identifies states, territories, and
private plaintiffs with whom the FTC shares a common legal interest related to this litigation, or
the investigation that preceded this litigation.  **Exhibit B** does the same for the Plaintiff States.
Plaintiffs may identify further common legal interests subject to Plaintiffs' proposed privilege
logging exclusions as this case proceeds.

                          Sincerely,

                          */s/ Danielle C. Quinn*
                          Danielle C. Quinn
                          Attorney
                          Bureau of Competition
                          Federal Trade Commission

                          */s/ Michael Jo*
                          Michael Jo
                          Assistant Attorney General
                          New York State Office of the Attorney General

**Exhibit A**

**<u>State/Territory</u>**

Alaska

Arizona

Arkansas

California

Colorado

Connecticut

District of Columbia

Delaware

Florida

Hawaii

Idaho

Illinois

Indiana

Iowa

Kansas

Kentucky

Maine

Maryland

Massachusetts

Michigan

Minnesota

Mississippi

Missouri

Montana

Nevada

New Hampshire

New Jersey

New Mexico

New York

North Carolina

North Dakota

Oklahoma

Oregon

Pennsylvania

Puerto Rico

Rhode Island

Texas

Utah

Vermont

Virginia

Washington

Wisconsin

Wyoming

## **Private Plaintiffs**

*Frame-Wilson v. Amazon.com*, Case No. 2:20-cv-00424 (W.D. Wash.)

*De Coster v. Amazon.com*, Case No. 2:21-cv-00693 (W.D. Wash.)

*Hogan v. Amazon.com*, Case No. 2:21-cv-00996 (W.D. Wash.)

*Hopper v. Amazon.com*, Case No. 2:23-cv-01523 (W.D. Wash.)

*Zulily LLC v. Amazon.com*, Case No. 2:23-cv-1900 (W.D. Wash.)

**Exhibit B**

**State/Territory**

Alaska

Arizona

Arkansas

California

Colorado

Connecticut

Delaware

Florida

Hawaii

Idaho

Illinois

Indiana

Iowa

Kansas

Kentucky

Maine

Maryland

Massachusetts

Michigan

Minnesota

Mississippi

Missouri

Montana

Nevada

New Hampshire

New Jersey

New Mexico

New York

North Carolina

North Dakota

Oklahoma

Oregon

Pennsylvania

Puerto Rico

Rhode Island

Texas

Utah

Vermont

Virginia

Washington

Wisconsin

Wyoming


**<u>Plaintiff</u>**

Federal Trade Commission

# EXHIBIT 3



UNITED STATES OF AMERICA
**Federal Trade Commission**
WASHINGTON, DC 20580

Emily K. Bolles
Bureau of Competition
Attorney
(202) 326-3633
ebolles@ftc.gov

January 31, 2024

**By Electronic Mail**

Robert Keeling
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
rkeeling@sidley.com

Re: *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC

Dear Robert:

I write to follow up on our meet and confer on January 23, 2024, related to the ESI Stipulation and Order that the Parties have been discussing.

**1.      Deadlines and Compliance**

As we discussed, Plaintiffs' position is that clear deadlines will assist the parties in moving discovery forward and setting expectations for discovery, and Plaintiffs will not agree to language that makes those deadlines uncertain or allows a party to unilaterally change them. However, Plaintiffs agree that the parties should be able to modify deadlines without involving the Court where circumstances outside a party's control make it impossible to comply with a deadline, and Plaintiffs have added language to the Compliance section to that effect in Attachment 1. Plaintiffs' view is that this language should address Amazon's concerns about deadlines.

Similarly, while Plaintiffs do not believe Amazon's proposed language in the Compliance section is necessary, Plaintiffs can agree to it insofar as it does not undermine a party's normal ability to file a motion where another party does not comply with a discovery requirement set by the Court. Plaintiffs have revised Amazon's proposed language slightly to that effect in Attachment 1. Please let us know Amazon's position on the new Compliance section, including Plaintiffs revisions to Amazon's language and Plaintiffs' final proposal governing deadlines, by **February 5**.

*Federal Trade Commission, et al. v. Amazon.com, Inc.*
No. 2:23-cv-01495-JHC

**2.      Search Terms**

Plaintiffs have made our position clear as to why Plaintiffs' search term proposal is advantageous and appropriate in this litigation. We do not agree to Amazon's counterproposal, and we appear to be at an impasse.

**3.      Previously Produced Documents**

Plaintiffs can largely agree to Amazon's language, with one additional sentence making it clear that if Plaintiffs make reasonable requests for the production of investigation documents in a conforming format, the Parties agree to meet and confer. This language is included in Attachment 1. Please confirm whether Amazon accepts this language by **February 5**.

**4.      Linked Files**

As a compromise, Plaintiffs agree to the language Amazon proposed on January 19. During our meet and confer, Plaintiffs noted that by doing so Plaintiffs are not conceding that SIM tickets are not responsive, should not be searched, or that Plaintiffs could not reasonably request links to SIM tickets in the future. Amazon agreed.

**5.      Privilege**

**a.      Metadata Fields for Redacted Documents**

Plaintiffs have modified the fields to be included in the metadata privilege logs for redacted documents and the privilege logs produced for threaded emails. We continue to believe that such logs must specify the "attorney or attorneys involved, if applicable."

Plaintiffs disagree with Amazon's position that identifying the attorneys involved in each privilege claim is unduly burdensome, for several reasons. First, this information will frequently be identified by any reviewer in making the determination that a responsive document may be withheld from production, in whole or in part, because of privilege. Any incremental burden associated with logging that information is negligible. Second, during our meet and confer on January 23, when trying to substantiate the burden of providing the identity of the "attorney or attorneys involved, if applicable," you raised the example of a document where individuals may be repeating information they learned from "from legal" without identifying any individual. Under those circumstances, Amazon should make reasonable efforts to confirm the attorney or attorneys involved and log those names. If Amazon cannot identify individual attorneys, it can identify the attorneys involved by category—for example, by identifying a specific group within Amazon's legal department. Note that Plaintiffs do not necessarily agree that Amazon can properly support a privilege claim without identifying a specific attorney or attorneys involved. Third, such information is necessary for the requesting party to adequately assess the producing party's claim of privilege.

*Federal Trade Commission, et al. v. Amazon.com, Inc.*
No. 2:23-cv-01495-JHC

Please let us know whether Amazon will agree to Plaintiffs' language, or any additional proposals Amazon may have on this issue, by **February 5**.

### b.      Language Regarding the Treatment of Clawbacks

We can adopt Amazon's proposed language regarding failure to comply with the clawback deadlines set out in the Stipulation and Order, with a clarification to specify that failure to comply "alone" shall not result in any waiver, as shown in Attachment 1. Please confirm whether Amazon accepts this language by **February 5**.

### c.      Exclusions

Both parties agree that it makes little sense to go through the burden of reviewing and logging communications that are routinely privileged.  Setting aside Plaintiffs' position that Plaintiffs' internal communications, Plaintiffs' common interest communications, and the FTC's communications with executive branch offices or agencies are not relevant to a claim or defense and should not be the subject of discovery, in an effort to continue negotiations on privilege logging, Plaintiffs will dispute the relevancy of these communications in response to specific discovery requests. With that understanding, and as explained on the call, Plaintiffs are removing "shall not be the subject of discovery, need not be preserved, and" from our proposed language. These changes are reflected in Attachment 1.

Plaintiffs agree to provide Amazon a list of entities with which Plaintiffs have a common interest. Plaintiffs offer this list to facilitate discussions regarding Plaintiffs' proposal to exclude common interest communications. *See* Attachment 1, ¶¶ 7(e), (f). Plaintiffs reserve the right to supplement or amend any such list should Plaintiffs identify responsive documents during discovery that it believes are protected by a common interest. In addition, Plaintiffs would consider a similar exclusion for Amazon if Amazon provided Plaintiffs with a similar list of non-parties that Amazon maintains it has a common interest with.

In response to your question about Plaintiffs' exclusions covering "persons employed by or contracted with" the Federal Trade Commission and the Offices of the State Attorneys General, this language is meant to cover employees and individuals contracted with the agency or the respective Offices of the State Attorneys General. To provide some examples, this provision would exclude communications between the Plaintiffs and document and data vendors, a trial graphics vendor, or communications with consultants.

Plaintiffs continue to disagree that communications exchanged between Amazon's In-House Counsel and Amazon employees are equivalent to Plaintiffs' internal communications. Plaintiffs are government law enforcement agencies whose offices are comprised of attorneys or persons acting at their direction to provide legal advice. Unlike Amazon's In-House Counsel communications with Amazon employees, which likely cover a broad range of topics from day-to-day business decisions in addition to any legal advice, Plaintiffs' internal communications are covered by a variety of privileges, including but not limited to deliberative process privilege,

*Federal Trade Commission, et al. v. Amazon.com, Inc.*
No. 2:23-cv-01495-JHC

attorney client privilege, and attorney work product protections. The correct comparison is to Amazon's outside counsel's offices, not inside Amazon.

In the spirit of moving things forward, Plaintiffs have tried to narrow our objections to Amazon's proposals.

For draft litigation filings, Plaintiffs asked how Amazon would treat an email that attached a draft litigation filing where the email was not privileged. Amazon explained that the email would be produced, but the attachment would be withheld and not be logged. Amazon also explained that if the email attaching the draft litigation filing was mixed—in other words, if it discussed the draft litigation filing but also another privileged matter—then that email would be logged because of the other privileged information. Please confirm that is Amazon's position. If that understanding is correct, Plaintiffs can agree to this exclusion and have proposed language to conform the Stipulation and Order to Amazon's proposal in Attachment 1.

There are still several of Amazon's provisions to which Plaintiffs cannot agree. Plaintiffs cannot exclude "non-responsive, privileged documents attached to responsive documents." Unlike the other categories of proposed exclusions, this category is not clearly privileged. Any such exclusion could result in Amazon withholding and not logging documents attached to otherwise responsive and relevant communications completely unchecked. For similar reasons, Plaintiffs are unable to agree to exclude "[p]rivileged draft contracts." As Plaintiffs explained, the exclusions are intended to reduce privilege logging burdens for documents that are obviously privileged, which is not the case for all draft contracts. Plaintiffs similarly cannot agree to categorically exclude all draft regulatory filings, which may be non-privileged. Even if privileged, it is not clear to Plaintiffs that there is a substantial burden associated with logging draft regulatory filings. If Amazon continues to believe this exclusion is warranted, Plaintiffs ask that Amazon provide additional information regarding the burden at issue, including the types of regulatory filings Amazon believes would be potentially relevant to discovery in this case, the number of custodians likely to have such documents, and the volume of documents.

Plaintiffs cannot agree to Amazon's addition of "[p]rivileged or work-product information generated after the filing of the complaint." Amazon's anticompetitive conduct and the corresponding harms are ongoing. Plaintiffs' position is that discovery and privilege logging obligations should not conclude on the date the Complaint was filed.

Finally, Plaintiffs cannot agree to exclude "[a]ctivities undertaken in compliance with the duty to preserve information." As Plaintiffs have repeatedly explained, Plaintiffs have serious concerns about Amazon's document preservation practices such that these documents are relevant and not privileged.

Amazon suggested that it will propose to exclude communications between certain In-House Counsel and Amazon employees and would provide a list of names of the In-House Counsel covered by their proposal.  Please provide any such proposal and list by **February 5**.

4

*Federal Trade Commission, et al. v. Amazon.com, Inc.*
No. 2:23-cv-01495-JHC

Sincerely,

*/s/ Emily K. Bolles*

Emily K. Bolles

cc      Nicole Booth
            Kristen DeWilde
            Constance Forkner
            Kevin Hodges
            Ray Mangum
            Molly Terwilliger

            Milly Dick
            Victor Donati
            Michael Jo
            Susan Musser
            Danielle Quinn
            Tim Smith
            Edward Takashima
            Yolanda Tucker
            Eric Zepp