THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | **CASE NO.: 2:23-cv-01495-JHC** <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENTER AN ESI ORDER** <br><br> NOTE ON MOTION CALENDAR: April 12, 2024 |

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Plaintiffs' motion established that after months of negotiations between the parties, the Court's intervention is needed to enter an ESI Order. In its opposition, Amazon objects to common-sense provisions regarding deadlines and search terms that would help keep this case moving and avoid unnecessary disputes. Amazon also seeks to further delay resolution of ESI Order terms that would relieve Plaintiffs of the unduly burdensome obligation to privilege log internal government communications, even though multiple courts hearing complex government antitrust cases have entered ESI Orders with such terms. At the same time, Amazon seeks to use the ESI Order as a vehicle to shield its own documents from discovery. Amazon's positions are unsupported. The Court should enter Plaintiffs' proposed ESI Order so that discovery in this case can proceed efficiently and expeditiously.

# ARGUMENT

## I. PLAINTIFFS HAVE SHOWN GOOD CAUSE TO ADOPT THEIR PROPOSED DEADLINES AND SEARCH TERMS PROCESS.

Plaintiffs' discovery-related proposals will ensure that discovery moves forward in a timely manner and avoid delays in this case that could defer relief for the tens of millions of households and hundreds of thousands of sellers harmed by Amazon's anticompetitive conduct.

*First*, the ESI Order's deadlines do not need a "good-faith efforts" qualifier that would allow Amazon to re-write deadlines to its liking. While Amazon cites two cases including such language (Dkt. #191 ("Opp.") at 4.), those were merger cases where defendants were motivated to move quickly. *See United States v. Visa Inc.*, No. 4:20-cv-07810-JSW (N.D. Cal. Nov. 17, 2020), Dkt. #42 at 2. Amazon, by contrast, has shown little interest in proceeding quickly in discovery. For example, Amazon projected that it will not *start* producing several categories of documents until September and will not substantially complete those productions until

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 1

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

December. Kennedy Decl. ¶ 8. Amazon alternatively argues that Plaintiffs' proposed deadlines should be dropped entirely (Opp. 3), but that is contrary to Amazon's own proposals during the parties' extensive negotiations. *See* Ex. A at 5 (proposing 14-day deadline to produce native files); *id.* at 8 (proposing 10-day deadline to reproduce third-party documents); Ex. B at 3 (proposing approximate interim deadlines for privilege logs).[1]

*Second*, the Court should adopt Plaintiffs' proposed process for resolving search term disputes.[2] Amazon principally objects to a requirement that, "if the producing party contends that the Disputed Terms are capturing irrelevant documents," hit reports must include "the nature and type of such documents." (Pls.' Proposed Order, Dkt. #187-1 at 5; Opp. 5.) Amazon's argument illustrates the problem Plaintiffs' proposal solves. A high hit count alone does not mean that there are irrelevant documents; there may simply be many relevant documents. Amazon should not contend that a search term is capturing irrelevant documents without a basis for that objection. *See, e.g.*, *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-3345-BLF, 2014 WL 12887160, at *3 (N.D. Cal. Dec. 12, 2014) ("The Court expects that if a party insists that a search term results in too many hits, the party will have run the search and will be able to provide the opposing party with the number of hits and specific examples of irrelevant documents captured by the search."). If Amazon has such a basis, it should disclose it to Plaintiffs so the parties can discuss an appropriate solution.

A recent case involving Amazon highlights the need for procedural safeguards beyond general assurances of "good faith." In *Garner v. Amazon.com, Inc.*, the ESI Order included the type of "flexible" standard Amazon advocates. No. 2:21-cv-750-RSL (W.D. Wash. Apr. 8,

---

[1] Citations in the form Ex.__ refer to the exhibits to the Declaration of Christine Kennedy filed in support of this Reply.
[2] Amazon does not dispute that the parties must "exercise reasonable due diligence" when proposing search terms. (Opp. 5). The Court should adopt Plaintiffs' proposed language on this point.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 2

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  2022), Dkt. #89 at 3-4. The Court had to order Amazon to use certain search terms after the

2  plaintiffs "offer[ed] justifications for and modifications to their discovery requests over the

3  course of months," 2022 WL 16553158, at *3, while Amazon "ma[de] no attempt to explain how

4  or why running the searches . . . [was] onerous." *Id.* at *2. And while Amazon cites the ESI

5  Order in *FTC v. Meta Platforms, Inc.* as an example of a "flexible" standard for search terms

6  (Opp. 5), the defendant in that case resisted producing initial hit reports and refused to produce

7  updated hit reports until the court ordered it to do so. No. 1:20-cv-3590-JEB (D.D.C. Mar. 8,

8  2022), Dkt. #190 at 2-3; *id.*, Dkt. #194 at 1-2. Plaintiffs' proposal seeks to avoid these types of

9  unnecessary disputes.

10  **II.    THE COURT SHOULD ADOPT PLAINTIFFS' PROPOSED PRIVILEGE LOGGING EXCLUSIONS.**

11
12      **A.   The ESI Order Should Include Plaintiffs' Proposed Privilege Logging Exclusions for Internal Communications.**

13  Amazon has served more than 1,500 document requests seeking extensive information

14  from Plaintiffs. (Dkt. #181 ("Mot.") at 12). To the extent Amazon seeks to use these requests to

15  probe each Plaintiff's internal communications, these communications are largely irrelevant and

16  covered by a host of privileges and protections. Requiring Plaintiffs to log these communications

17  would impose an undue burden, for no real purpose. *Id.* at 11-12. For this reason, multiple other

18  courts hearing similar government antitrust cases have entered ESI Orders with the terms

19  Plaintiffs propose. *Id.*

20  Refusing to agree, Amazon points to outlier examples such as public relations personnel

21  that work in a non-legal capacity, (Opp. 9), but does not offer any explanation as to how those

22  employees' internal documents and communications might be relevant. Similarly, Amazon

23  observes that "the FTC has responsibilities that go beyond internal legal advice, investigation,

24  and litigation, including policymaking, advocacy, research, and education," *id.* at 10, but does

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 3

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  not attempt to argue that those responsibilities are relevant, and its own document requests do not

2  seek information about these responsibilities. Rather, they seek information that is plainly

3  privileged and covered by the work product doctrine, such as Plaintiffs' internal documents and

4  communications related to any investigation of Amazon. (Dkt. # 183 at ¶ 10.)

5        Contrary to Amazon's position, the parties' dispute on this issue is ripe for resolution by

6  the Court. ESI Orders typically contain privilege-logging provisions to allow parties to

7  expeditiously search and produce documents and avoid unnecessary disputes in the future. *See,*

8  *e.g.*, (Mot. at 11-12 (collecting cases)); Model Order § E. Amazon's suggestion that the parties

9  continue conferring on this issue is unnecessary and dilatory. (Opp. 11.) Plaintiffs first proposed

10 privilege log exclusions for their internal communications in November 2023 and included them

11 in every proposal sent to Amazon over three months of negotiations. Kennedy Decl. ¶ 9. Amazon

12 never made a counterproposal. *Id.* Nor is Amazon's claim that Plaintiffs' proposed exclusion

13 could apply to documents potentially relevant to unspecified affirmative defenses Amazon has

14 not yet asserted reason to delay a decision on basic ground rules. (Opp. 10.) Entry of Plaintiffs'

15 proposed terms would not prevent Amazon from later showing good cause to privilege log

16 specific categories of documents.

17     **B.**    **The ESI Order Should Include Plaintiffs' Proposed Privilege Logging Exclusions for Certain Common Interest Communications.**

18

19       Misconstruing the applicable legal standard, Amazon maintains that Plaintiffs' common

20 interest claims "lack obvious merit or clear grounding in law . . . ." (Opp. 8.) That is incorrect.

21 The rationale for the common interest doctrine is that "persons who share a common interest in

22 litigation should be able to communicate with their respective attorneys and with each other to

23 more effectively prosecute or defend their claims." *United States v. Gonzalez*, 669 F.3d 974, 978

24 (9th Cir. 2012) (internal citation omitted). There is no requirement that the parties claiming a

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 4

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

common interest must be litigating in the same action, or even that litigation must be ongoing; they need only have a common objective. *Id.* at 980. Plaintiffs squarely meet that standard with respect to the relevant non-Plaintiff states and private plaintiffs.

Plaintiffs have identified the parties with whom Plaintiffs are asserting common interests, and will update that list as needed. (Dkt. #183-1 at 4-5.) Plaintiffs assert common interests with non-Plaintiff states considering antitrust enforcement against Amazon; with California, which is pursuing related antitrust claims against Amazon; and with private plaintiffs litigating related antitrust claims against Amazon. Amazon has not shown that it reasonably needs any additional privilege log information to evaluate Plaintiffs' common interest claims.

Plaintiffs' assertion of a common interest with states that have not joined this lawsuit is entirely proper. The common interest doctrine applies beyond parties engaged in the same litigation and does not require that any litigation be in progress.[3] *See Gonzalez*, 669 F.3d at 980. To the extent Amazon questions whether non-Plaintiff states have a common interest with Plaintiffs, it has not explained how the information contained in privilege log entries would be relevant to that inquiry.

Amazon's argument that there is no common interest between Plaintiffs and private plaintiffs pursuing related antitrust suits against Amazon is also baseless. (Opp. 8-9.) Amazon acknowledges that the cases in question are related to this action. (Dkt. #135 at 37-38). At minimum, Plaintiffs and the private plaintiffs share a common interest in coordinating potential discovery and legal strategies adverse to Amazon. *See, e.g.*, *United States v. AT&T*, 642 F.2d 1285, 1300 (D.C. Cir. 1980) (government and private plaintiff had "common interests in

---

[3] Amazon insinuates that states "declin[ing] to join Plaintiffs in this lawsuit suggests that their interests may not be aligned." (Opp. 9.) This is pure speculation. The fact that a state is not presently litigating this action says nothing about whether it is considering action against Amazon or whether its interests are aligned with Plaintiffs.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 5

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  developing legal theories and analysis of documents on which to proceed on those issues" where

2  the parties were "proceeding on overlapping antitrust issues against a common adversary"); *Cal.*

3  *Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 647 (E.D. Cal. 2014) (same).

      **C.     The ESI Order Should Not Include Amazon's Proposed Privilege Logging Exclusions for Communications with Business Employees.**

      The Court should reject Amazon's proposal to exclude from privilege logging communications between certain Amazon counsel and Amazon business employees. (Dkt. #191-1 at § E.7.c.) Plaintiffs have already proposed exclusions for communications among Amazon outside counsel and between Amazon outside counsel and in-house counsel. (Dkt. #187-1 at § E.7.a-b.) Those exclusions parallel (and are broader than) Plaintiffs' proposed privilege logging exclusions for Plaintiffs. Going beyond that and including communications with business employees would unduly limit Plaintiffs' ability to evaluate and challenge Amazon's privilege claims and obtain relevant, non-privileged documents.

      Amazon's definition of "In-House Counsel" is broad, encompassing Amazon's entire litigation department and Amazon's Business Conduct and Ethics group—96 attorneys in total—virtually guaranteeing the proposed exclusion would encompass relevant, non-privileged business documents. *See* Ex. C at 7.

      Amazon claims that its proposed exclusion will not "exempt logging as to lawyers who are in business advice roles," but notably stops short of representing that the attorneys in question do not communicate with business employees regarding business issues. (Opp. 12.) Amazon also states that the "role" of its litigation department "is not to advise Amazon's business units on a day-to-day basis," and that the "attorneys on the Business Conduct and Ethics team do not advise Amazon's business units on a day-to-day basis." Ex. C at 8. But Amazon's careful wordsmithing leaves open—and in fact suggests—that these lawyers provide some

| PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENTER AN ESI ORDER CASE NO. 2:23-cv-01495-JHC - 6 | FEDERAL TRADE COMMISSION 600 Pennsylvania Avenue, NW Washington, DC 20580 (202) 326-2222 |
|---|---|

advice to Amazon's business units, including on issues broader and more significant than "day-to-day" matters, and is silent as to whether these lawyers engage in or are copied on non-privileged communications with business employees.

The Court should not permit Amazon to avoid logging all communications between its business employees and over one hundred Amazon attorneys (including both in-house and outside counsel). Amazon has not offered any reason to believe that those communications are inherently or categorically privileged, and there may be substantial "dual-purpose communications that implicate both legal and business concerns," which are only subject to the attorney-client privilege if the "primary purpose" of the communication was to give or receive legal advice. *In re Grand Jury*, 23 F.4th 1088, 1090-94 (9th Cir. 2021). Given that this action involves conduct that is at the core of Amazon's business, it is likely that business employees included Amazon counsel on non-privileged communications regarding issues that are material to this case. For example, documents relating to potential changes to Amazon's challenged practices may implicate both business and legal considerations. Without a privilege log, Plaintiffs will have no way to evaluate, much less challenge, Amazon's privilege claims over such documents, which would potentially deprive Plaintiffs of the ability to obtain significant discovery relevant to this case.

## **CONCLUSION**

Plaintiffs respectfully request that the Court enter Plaintiffs' proposed ESI Order.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 7

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| Dated: April 12, 2024 | *I certify that this brief contains 2,099 words, in compliance with LCR 7(e)(4).* |
| | Respectfully submitted, |
| | <u>s/ Christine M. Kennedy</u> |
| | SUSAN A. MUSSER (DC Bar # 1531486)<br>EDWARD H. TAKASHIMA (DC Bar # 1001641)<br>EMILY K. BOLLES (NY Reg. # 5408703)<br>EMMA DICK (IA Bar # 51155)<br>CHRISTINE M. KENNEDY (DC Bar # 1032904)<br>DANIELLE C. QUINN (NY Reg. # 5408943)<br>ERIC ZEPP (NY Reg. #5538491) |
| | Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Tel.:  (202) 326-2122 (Musser)<br>         (202) 326-2464 (Takashima)<br>Email: smusser@ftc.gov<br>            etakashima@ftc.gov<br>            ebolles@ftc.gov<br>            edick@ftc.gov<br>            ckennedy@ftc.gov<br>            dquinn@ftc.gov<br>            ezepp@ftc.gov |
| | *Attorneys for Plaintiff Federal Trade Commission* |

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 8

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| *s/ Michael Jo* | *s/ Jennifer A. Thomson* |
| Michael Jo (admitted *pro hac vice*) | Jennifer A. Thomson (admitted *pro hac vice*) |
| Assistant Attorney General, Antitrust Bureau | Senior Deputy Attorney General |
| New York State Office of the Attorney General | Pennsylvania Office of Attorney General |
| 28 Liberty Street | Strawberry Square, 14th Floor |
| New York, NY 10005 | Harrisburg, PA 17120 |
| Telephone: (212) 416-6537 | Telephone: (717) 787-4530 |
| Email: Michael.Jo@ag.ny.gov | Email: jthomson@attorneygeneral.gov |
| *Counsel for Plaintiff State of New York* | *Counsel for Plaintiff Commonwealth of Pennsylvania* |
| | |
| *s/ Rahul A. Darwar* | *s/ Michael A. Undorf* |
| Rahul A. Darwar (admitted *pro hac vice*) | Michael A. Undorf (admitted *pro hac vice*) |
| Assistant Attorney General | Deputy Attorney General |
| Office of the Attorney General of Connecticut | Delaware Department of Justice |
| 165 Capitol Avenue | 820 N. French St., 5th Floor |
| Hartford, CT 06016 | Wilmington, DE 19801 |
| Telephone: (860) 808-5030 | Telephone: (302) 683-8816 |
| Email: Rahul.Darwar@ct.gov | Email: michael.undorf@delaware.gov |
| *Counsel for Plaintiff State of Connecticut* | *Counsel for Plaintiff State of Delaware* |
| | |
| *s/ Alexandra C. Sosnowski* | *s/ Christina M. Moylan* |
| Alexandra C. Sosnowski (admitted *pro hac vice*) | Christina M. Moylan (admitted *pro hac vice*) |
| Assistant Attorney General | Assistant Attorney General |
| Consumer Protection and Antitrust Bureau | Chief, Consumer Protection Division |
| New Hampshire Department of Justice Office of the Attorney General | Office of the Maine Attorney General |
| One Granite Place South | 6 State House Station |
| Concord, NH 03301 | Augusta, ME 04333-0006 |
| Telephone: (603) 271-2678 | Telephone: (207) 626-8800 |
| Email: Alexandra.c.sosnowski@doj.nh.gov | Email: christina.moylan@maine.gov |
| *Counsel for Plaintiff State of New Hampshire* | *Counsel for Plaintiff State of Maine* |
| | |
| *s/ Caleb J. Smith* | *s/ Gary Honick* |
| Caleb J. Smith (admitted *pro hac vice*) | Gary Honick (admitted *pro hac vice*) |
| Assistant Attorney General | Assistant Attorney General |
| Consumer Protection Unit | Deputy Chief, Antitrust Division |
| Office of the Oklahoma Attorney General | Office of the Maryland Attorney General |
| 15 West 6th Street, Suite 1000 | 200 St. Paul Place |
| Tulsa, OK 74119 | Baltimore, MD 21202 |
| Telephone: (918) 581-2230 | Telephone: (410) 576-6474 |
| Email: caleb.smith@oag.ok.gov | Email: Ghonick@oag.state.md.us |
| *Counsel for Plaintiff State of Oklahoma* | *Counsel for Plaintiff State of Maryland* |

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 9

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Michael Mackenzie*
Michael Mackenzie (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2369
Email: michael.mackenzie@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Zulma Carrasquillo-Almena*
Zulma Carrasquillo (*pro hac vice* forthcoming)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 10

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L. J. Aceves*
Sara L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ENTER AN ESI ORDER
CASE NO. 2:23-cv-01495-JHC - 11

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222