# Exhibit B

DRAFT

THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | **CASE NO.: 2:23-cv-01495-JHC** <br> **STIPULATION REGARDING** <br> **PRIVILEGE LOGGING** |

Plaintiffs Federal Trade Commission and the states of New York, Connecticut, New Hampshire, Oklahoma, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiff States," and together with the Federal Trade Commission, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon" or "Defendant") (together, the "Parties") hereby stipulate regarding the logging of privileged documents in this matter:

**Privilege Logging**

1. A producing Party shall create a privilege log of all responsive documents or ESI wholly redacted or fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted.

2. For documents redacted for privilege or protection, the Parties must produce a privilege log containing only the following information: the Bates number, an indication that

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 1
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  the document was produced in redacted form, the author/recipient or to/from/cc/bcc names, the

2  subject matter or title, the date created, the type of privilege being asserted, the identity of the

3  attorney or attorneys involved (if applicable), and the basis for the privilege. If an email is

4  produced with redactions, the redactions should not obscure the headers (e.g., from, to, cc, bcc,

5  subject, sent date and time, attachment file names) of the email or any embedded emails, unless

6  the subject line contains information that is privileged or protected.  If a non-email document is

7  produced with redactions, the redactions should not obscure the equivalent of header

8  information (including author, from, to, subject, sent date and time, attachment names, as

9  applicable) unless the subject line contains information that is privileged or protected.

10       3.     Privilege logs for documents fully withheld from production or otherwise fully

11  redacted shall include a unique identification number for each document, indicate the Bates

12  number of the document containing privileged material and those of any document family

13  relationships, and state the claim asserted. Privilege logs shall be produced in Excel (.xls, .xlsx,

14  or .xlsb) format unless not possible due to technical reasons such as the size of the privilege log,

15  in which case the Parties agree to meet and confer to reach agreement on an alternative method

16  of production or file format. For ESI, privilege log entries shall include the author/recipient or

17  to/from/cc/bcc names; the subject matter or title; and date created. Unless otherwise stated in

18  this stipulation, the producing Party shall include additional information necessary for

19  evaluating the privilege claim asserted as required by the Federal Rules of Civil Procedure,

20  including a description of the contents of the document sufficient to establish that the privilege

21  or protection applies.

22       4.     Where email threads are fully withheld from production on the basis of a

23  privilege or protection, the producing party shall produce any lesser inclusive copies of the

24  STIPULATION REGARDING DISCOVERY OF                   FEDERAL TRADE COMMISSION
ELECTRONICALLY                                          600 Pennsylvania Avenue, NW
STORED INFORMATION AND [PROPOSED] ORDER                 Washington, DC 20580
PAGE - 2                                                (202) 326-2222
CASE NO. 23-CV-01495-JHC

email thread over which it does not claim the privilege or protection. The producing party must provide privilege log information for the unique most inclusive copy and related family members. For lesser inclusive copies and related family members, the producing party may produce only the following privilege log information: the Bates number of the document containing privileged material and those of any document family relationships, the Bates number of the associated unique most inclusive copy, the author/recipient or to/from/cc/bcc names, the subject matter or title, the date created, the type of privilege being asserted, the identity of the attorney or attorneys involved (if applicable), and the basis for the privilege.

5. A producing Party shall provide a rolling privilege log approximately six, nine, and twelve months after the commencement of fact discovery. A producing Party must provide a final privilege log no later than 30 days prior to the close of fact discovery. All times provided herein may be changed by agreement of all Parties.

6. Privilege logs produced during the Federal Trade Commission's investigation preceding this litigation may be used to challenge any assertion of privilege of any documents produced in the investigation and subsequently produced in this litigation. The fact that Plaintiffs did not challenge a privilege claim during the investigation shall not be used as the basis of a waiver or forfeiture argument.

7. The Parties agree that the following privileged or otherwise protected communications shall not be the subject of discovery and need not be placed on a privilege log:

    a. Non-responsive, privileged documents attached to responsive documents.

    b. Privileged draft contracts.

    c. Draft litigation filings.

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 3
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

8. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

9. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

10. If a producing Party determines that it has produced documents or ESI upon which it wishes to make a claim of privilege, it shall give all counsel of record notice of the claim of privilege. The notice must identify each such document, unless the review requires additional time, in which case the producing Party shall notify counsel of record and shall provide a date by which it will provide the identification. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide a new copy of the document with the allegedly privileged portions redacted.

11. Upon receiving notice of a claim of privilege on a produced document, the notified Party, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), shall promptly sequester the specified information and any copies it has and shall not use or disclose the information until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If the notified Party disclosed the information before receiving notification of the privilege claim of the producing

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 4
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Party, it shall take reasonable steps to prevent further use of such information until the claim is

2  resolved.

3       12.     If a Party wishes to dispute a claim of privilege on a produced document asserted

4  under this Order, such Party shall promptly meet and confer with the producing Party. If the

5  Parties reach an impasse, the non-producing Party may move the Court for an order compelling

6  disclosure of the information. The Parties shall follow the procedures described in Federal Rule

7  26(b)(5)(B). Pending resolution of the motion, the Parties shall not use the challenged

8  information for any other purpose and shall not disclose it to any person other than those

9  required by law to be served with a copy of the sealed motion.

10      13.     The Parties will use reasonable efforts to provide the titles of Party employees

11 and outside counsel in a name index provided by each producing Party, unless otherwise agreed

12 to by the Parties. The name index shall be produced in Excel (.xls, .xlsx, or .xlsb) format unless

13 an alternative format is agreed to by the Parties, and shall include an alphabetical list (by last

14 name) of each name on the privilege log, identifying titles, company affiliations, the members

15 of any group or email list on the log where practicable (e.g., the S-Team), and any name

16 variations used in the privilege log used for the same individual. All attorneys acting in a legal

17 capacity with respect to that particular document or communication will be marked with an

18 asterisk or other designation agreed to by the Parties.

19      14.     The producing party wishing to assert a claim of privilege retains the burden of

20 establishing the applicability of the claimed privilege.

21      15.     This stipulation and order does not preclude a party or non-party from

22 voluntarily waiving any claims of privilege.

23

24 STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 5
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

DRAFT

16. Privilege logs that were not produced in the first instance in this litigation, such as privilege logs that were previously provided in Plaintiffs' investigation or other matters involving Amazon, shall be produced pursuant to the privilege log protocols or agreements in those other matters.  The parties reserve their rights to request more information for entries on those privilege logs, and to challenge any privilege claims asserted in those privilege logs.

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 6
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

DRAFT

| | |
|---|---|
| Dated: XXX | Respectfully submitted,<br>*s/ [*DRAFT<br>SUSAN A. MUSSER (DC Bar # 1531486)<br>EDWARD H. TAKASHIMA (DC Bar # 1001641)<br>DAVID B. SCHWARTZ (NY Reg. # 4947925)<br>DANIELLE C. QUINN (NY Reg. # 5408943)<br>EMILY K. BOLLES (NY Reg. # 5408703)<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Tel.:   (202) 326-2122 (Musser)<br>          (202) 326-2464 (Takashima)<br>Email:  smusser@ftc.gov<br>            etakashima@ftc.gov<br>            dschwartz1@ftc.gov<br>            dquinn@ftc.gov<br>            ebolles@ftc.gov<br><br>*Attorneys for Plaintiff Federal Trade Commission* |

*s/ Michael Jo*

Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Rahul A. Darwar*
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov

*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 7
CASE NO. 23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| Office of the Oklahoma Attorney General<br>15 West 6th Street, Suite 1000<br>Tulsa, OK 74119<br>Telephone: (918) 581-2230<br>Email: caleb.smith@oag.ok.gov<br>*Counsel for Plaintiff State of Oklahoma* | Baltimore, MD 21202<br>Telephone: (410) 576-6474<br>Email: Ghonick@oag.state.md.us<br>*Counsel for Plaintiff State of Maryland* |
| *s/ Jennifer A. Thomson*<br>Jennifer A. Thomson (admitted *pro hac vice*)<br>Senior Deputy Attorney General<br>Pennsylvania Office of Attorney General<br>Strawberry Square, 14th Floor<br>Harrisburg, PA 17120<br>Telephone: (717) 787-4530<br>Email: jthomson@attorneygeneral.gov<br>*Counsel for Plaintiff Commonwealth of Pennsylvania* | */s Michael MacKenzie*<br>Michael Mackenzie (admitted *pro hac vice*)<br>Deputy Chief, Antitrust Division<br>Office of the Massachusetts Attorney General<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Telephone: (617) 963-2369<br>Email: michael.mackenzie@mass.gov<br>*Counsel for Plaintiff Commonwealth of Massachusetts* |
| *s/ Michael A. Undorf*<br>Michael A. Undorf (admitted *pro hac vice*)<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French St., 5th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 683-8816<br>Email: michael.undorf@delaware.gov<br>*Counsel for Plaintiff State of Delaware* | *s/ Scott A. Mertens*<br>Scott A. Mertens (admitted *pro hac vice*)<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 West Ottawa Street<br>Lansing, MI 48933<br>Telephone: (517) 335-7622<br>Email: MertensS@michigan.gov<br>*Counsel for Plaintiff State of Michigan* |
| *s/ Christina M. Moylan*<br>Christina M. Moylan (admitted *pro hac vice*)<br>Assistant Attorney General<br>Chief, Consumer Protection Division<br>Office of the Maine Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>Telephone: (207) 626-8800<br>Email: christina.moylan@maine.gov<br>*Counsel for Plaintiff State of Maine* | *s/ Zach Biesanz*<br>Zach Biesanz (admitted *pro hac vice*)<br>Senior Enforcement Counsel<br>Office of the Minnesota Attorney General<br>445 Minnesota Street, Suite 1400<br>Saint Paul, MN 55101<br>Telephone: (651) 757-1257<br>Email: zach.biesanz@ag.state.mn.us<br>*Counsel for Plaintiff State of Minnesota* |
| *s/ Gary Honick*<br>Gary Honick (admitted *pro hac vice*)<br>Assistant Attorney General<br>Deputy Chief, Antitrust Division<br>Office of the Maryland Attorney General<br>200 St. Paul Place | *s/ Lucas J. Tucker*<br>Lucas J. Tucker (admitted *pro hac vice*)<br>Senior Deputy Attorney General<br>Office of the Nevada Attorney General<br>100 N. Carson St.<br>Carson City, NV 89701<br>Telephone: (775) 684-1100 |

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER
PAGE - 8
CASE NO. 23-CV-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

| | |
|---|---|
| STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER<br>PAGE - 9<br>CASE NO. 23-CV-01495-JHC | **FEDERAL TRADE COMMISSION**<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(202) 326-2222 |

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ DRAFT*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
　　　molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Constance T. Forkner (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
　　　khodges@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com, Inc.*