THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | **CASE NO.: 2:23-cv-01495-JHC** |
| Plaintiffs, | **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO SPOLIATION** |
| v. | |
| AMAZON.COM, INC., a corporation, | NOTE ON MOTION CALENDAR: May 10, 2024 |
| Defendant. | |

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**TABLE OF CONTENTS**

2    INTRODUCTION ......................................................................................................... 1

3    BACKGROUND ........................................................................................................... 2

4    LEGAL STANDARD.................................................................................................... 6

5    ARGUMENT ................................................................................................................ 7

6    I.      Amazon's Widespread Deletion of Signal Messages During Plaintiffs' Pre-Complaint

7            Investigation Establishes a Preliminary Showing of Spoliation. ....................................... 7

8    II.     Amazon's Failure to Take Timely Action to Prevent the Destruction of Signal Messages

9            Further Establishes a Preliminary Showing of Spoliation. ............................................... 10

10   III.    Amazon's Preservation Notices and Instructions About Preservation Will Assist in

11           Determining the Extent of Spoliation in this Case............................................................ 11

12   CONCLUSION............................................................................................................. 12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - i
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

<h1 style="text-align:center"><u>TABLE OF AUTHORITIES</u></h1>

***Cases***

*Agne v. Papa John's Int'l, Inc.*, No. 2:10-cv-01139-JCC, 2012 WL 12882903
  (W.D. Wash. Feb. 6, 2012) ................................................................................................. 6, 7

*Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, 2020 WL 4432026
  (S.D. Cal. July 31, 2020) .................................................................................................... *passim*

*City of Colton v. Am. Promotional Events, Inc.*, No. 5:09-cv-01864, 2011 WL 13223880
  (C.D. Cal. Nov. 22, 2011) ................................................................................................... 10

*In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944-JST, 2023 WL 5667882
  (N.D. Cal. Jan. 27, 2023) ..................................................................................................... 6, 10

*Major Tours, Inc. v. Colorel*, No. 1:05-cv-03091-JBS, 2009 WL 2413631
  (D.N.J. Aug. 4, 2009) ........................................................................................................... 6

*Thomas v. Cricket Wireless, LLC*, No. 19-cv-07270-WHA-AGT, 2020 WL 7344742
  (N.D. Cal. Dec. 14, 2020) .................................................................................................... 12

*Stevens v. Brigham Young Univ. - Idaho*, No. 4:16-cv-00530-BLW, 2020 WL 7366318
  (D. Idaho Dec. 11, 2020) ..................................................................................................... 6, 12

*Tate & Lyle Americas, LLC v. Glatt Air Techniques, Inc.*, No. 2:13-cv-2037-EIL,
  2014 WL 10209161 (C.D. Ill. Aug. 4, 2014) ....................................................................... 10

*United States v. Cmty. Health Network, Inc.*, No. 1:14-cv-01215-RLY-MKK,
  2023 WL 4761664 (S.D. Ind. July 26, 2023) ....................................................................... 7, 8

***Rules***

Fed. R. Civ. P. 37(e). .................................................................................................................... 11

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - ii
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**INTRODUCTION**

2          Amazon is a company that tightly controls what its employees put into writing. It

3   famously uses dense six-page memos that conform to detailed guidelines rather than PowerPoint

4   decks or other common types of business documents, and it sets internal mandates on how

5   employees discuss sensitive topics, including competition. But Amazon's senior leadership also

6   used another channel for internal communications and avoided the need to talk carefully by

7   destroying the records of their messages.

8          For years, Amazon's top executives, including founder and former CEO Jeff Bezos,

9   "discuss[ed] sensitive business matters, including antitrust, over the Signal encrypted-messaging

10  app instead of email." Ex. A at 9.[1] These executives turned on Signal's "disappearing message"

11  feature, which irrevocably destroys messages, even after Amazon was on notice that Plaintiffs

12  were investigating its conduct. (Am. Compl. ¶ 39.) Plaintiffs bring this motion to compel

13  Amazon to produce documents related to the company's failure to preserve Signal messages,

14  namely Amazon's document preservation notices and its instructions about the use of ephemeral

15  messaging applications, including Signal.

16         As to both sets of documents, Plaintiffs easily meet the "preliminary showing of

17  spoliation" standard required to overcome Amazon's privilege assertions. There is ample

18  evidence suggesting that spoliation occurred. Key Amazon executives, including Mr. Bezos,

19  conducted Amazon business using Signal for years. Amazon executives deleted many Signal

20  messages during Plaintiffs' pre-Complaint investigation, and Amazon did not instruct its

21  employees to preserve Signal messages until over fifteen months after Amazon knew that

22  Plaintiffs' investigation was underway. It is highly likely that relevant information has been

23  _____

[1] Citations in the form Ex.__ refer to the exhibits to the Declaration of Emily K. Bolles filed in support of this
24  Motion.

PLAINTIFFS' MOTION TO COMPEL                          **FEDERAL TRADE COMMISSION**
DOCUMENTS RELATED TO SPOLIATION - 1                   600 Pennsylvania Avenue, NW
CASE NO. 2:23-cv-01495                                Washington, DC 20580
                                                      (202) 326-2222

1  destroyed as a result of Amazon's actions and inactions. Plaintiffs should be allowed discovery

2  into Amazon's document preservation efforts (or the lack thereof) so that they can determine the

3  full extent of the possible spoliation.

4  **BACKGROUND**

5  **A.      Amazon's Destruction of Signal Messages**

6        While the true breadth of Amazon's use of the Signal app is yet unknown, Amazon

7  admits that dozens of its employees used the app, Ex. B, and that some used it for "substantive

8  work communications potentially responsive to" pre-Complaint compulsory process. Ex. C at 3.

9  Notable Signal users at Amazon identified to date include Mr. Bezos, current CEO Andy Jassy,

10  General Counsel David Zapolsky, former CEO of Worldwide Consumer Jeff Wilke, and former

11  CEO of Worldwide Operations Dave Clark. Ex. B. These executives played key roles in

12  developing and implementing Amazon's anti-discounting and fulfillment strategies that are at

13  issue in this case. (*See* Am. Compl. ¶¶ 329-30, 364, 404-407.) Amazon's use of Signal was

14  instigated by Mr. Bezos and his team. Ex. E; Ex. F at 279:20-25; Ex. G at 203:2-4; 208:17-209:2.

15  From messages that were not deleted, it is apparent that Amazon executives used Signal to talk

16  about competition-related business issues. *See, e.g.*, Ex. H (messaging about an antitrust news

17  article); Ex. I (messaging about a contract with USPS); Ex. J (messaging about advertising); Ex.

18  A at 9 (reporting that Amazon executives used Signal to discuss antitrust).

19        Amazon executives manually enabled Signal's "disappearing message" feature, which

20  permanently and irretrievably deletes messages after a time period set by the user.[2] When this

21

22

23  [2] Signal Support: Set and Manage Disappearing Messages, https://support.signal.org/hc/en-
us/articles/360007320771-Set-and-manage-disappearing-messages (last visited April 25, 2024) (noting that "when

24  the disappearing message timer reaches the end . . . [t]he message is deleted from disk.").

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 2
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

feature is enabled, the sender and all recipients see that it is turned on.[3] Although the contents of

deleted messages are impossible to recover, the app shows when a user turns the disappearing

message feature on, off, or changes the timer for deletions, leaving breadcrumbs showing that

Amazon executives' deletions were widespread. *See* Ex. B. As even Amazon admits, due to its

executives' use of disappearing messages, "it is possible that some responsive communications

have not been preserved." Ex. C at 3.

    Amazon executives began using Signal in April 2019 and kept using it through Plaintiffs'

pre-Complaint investigation. *See* Ex. B. The FTC sent a document preservation letter to Amazon

on June 17, 2019, putting Amazon on notice that the FTC was investigating "whether [Amazon]

has engaged or is engaging in unfair methods of competition, through anticompetitive or

exclusionary conduct related to online retail sales and distribution." Ex. K at 1. That letter

specifically instructed Amazon to "take the necessary measures to preserve all documents and

information and cease all document destruction activities with respect to matters that may be of

relevance to this investigation," and expressly included "electronic correspondence" in its ambit.

*Id.* The FTC subsequently sent a request for documents to Amazon on August 5, 2019, and

served a Civil Investigative Demand on February 20, 2020. Bolles Decl. ¶ 4. Amazon issued a

first wave of document preservation notices to its employees on July 2, 2019, but did not issue a

preservation notice to Mr. Bezos (then Amazon's CEO) until over nine months later, on April 13,

2020. Ex. D at 3. Amazon did not send custodian questionnaires or conduct custodian interviews

until Summer 2020, a full year after it received the FTC's document preservation letter. *See id.* at

10. Amazon claims that it did not learn about its employees' use of Signal until the summer of

---

[3] *Id.* ("Each and every disappearing message will have a timer countdown icon that is visible at the bottom of the message bubble.").

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 3
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    2020, *see* Ex. L at 3, even though Amazon's top executives, including its General Counsel Mr.

2    Zapolsky, had been using Signal since 2019. Ex. B at 4.

3         After the summer of 2020, Amazon provided new guidance about Signal, but employees

4    kept using the app and kept deleting messages. In October 2020, Amazon provided "secure

5    messaging guidance for senior leaders." Ex. M. Amazon issued further instructions in August

6    2021, including a guide about how to turn off Signal disappearing messages. *See id.* (privilege

7    log identifying "Legal Hold FAQ that includes guidance on Signal," dated August 27, 2021); Ex.

8    N (guidance titled "How turn [sic] off disappearing messages on Signal"; redactions in original);

9    Ex. O at 189:11-17 (corporate representative testifying that a link to Ex. N is embedded in the

10   "Legal Hold FAQ"). Seven months later, on March 2, 2022, Mr. Zapolsky sent an email to

11   several executives instructing them how to download a new Amazon-owned secure messaging

12   app, Wickr, that allows Amazon to save messages centrally for individuals on legal hold. *See* Ex.

13   P (redactions in original). All the while, Amazon executives continued to use Signal's

14   disappearing message feature to destroy records of their internal communications. *See* Ex. B

15   (showing use of Signal disappearing messages until at least May 2022).[4]

16        On March 4, 2022, two days after Mr. Zapolsky asked executives to switch to a different

17   secure messaging app, Amazon disclosed its use of Signal to Plaintiffs for the first time. Ex. D at

18   9. Amazon made this disclosure just days before the *Wall Street Journal* publicized Amazon

19   executives' use of Signal, on March 10, 2022. *See* Ex. A. Once Plaintiffs learned about

20   Amazon's use of Signal, and the ensuing potential for spoliation, Plaintiffs requested that

21   Amazon log Signal messages and deleted messages for a targeted group of custodians, *see* Ex. B;

22

23   [4] Amazon only logged Signal use through May 2022. *See* Ex. B at 1 ("this log includes potentially work-related Signal communications through May 2022."). Plaintiffs have requested and the parties are currently negotiating production of Signal messages past May 2022. Whether and when Amazon employees stopped using Signal for

24   work is unknown.

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 4
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   conducted in-person reviews of certain Signal messages that still exist, *see* Ex. D at 1; conducted

2   an investigational hearing of the company related to its preservation efforts and use of Signal, *see*

3   Ex. O; and questioned several witnesses about their Signal usage in investigational hearings, *see*

4   Ex. F (excerpt of Signal discussion with Mr. Bezos); Ex. G (excerpt of Signal discussion with

5   Mr. Blackburn).

6          Amazon claimed privilege over the contents of its preservation notices and instructions

7   throughout Plaintiffs' investigation. *See* Ex. O at 108:19-20 (Amazon's counsel stating "[w]e

8   view the contents of the hold notice as privileged."); Ex. F at 287:4-288:16 (instructing Mr.

9   Bezos not to answer whether Amazon's document preservation notices discussed Signal or

10  ephemeral messaging on basis of privilege); Ex. D at 2 ("Amazon is not producing th[e] legal

11  guidance documents in order to maintain privilege . . . ."). It refused to say whether its

12  preservation notices addressed Signal or other ephemeral messaging. *See* Ex. O at 109:14-111:2.

13  In fact, Amazon did not even educate its corporate witness on the contents of its preservation

14  notices. *See id.* at 109:25-110:7. An Amazon executive testified, however, that when he received

15  document preservation notices, he did not understand Signal messages to be covered by those

16  notices. *See* Ex. G at 221:16-20.

17  **B.      Plaintiffs' Requests for Production**

18         On November 14, 2023, Plaintiffs served the following Requests for Production on

19  Amazon:[5]

20         **RFP No. 25.** All litigation holds, preservation notices, or similar documents sent
       by Amazon in connection with the June 17, 2019 preservation letters, August 5,
21     2019 Voluntary Access Letter, February 20, 2020 Civil Investigative Demand,
       and/or September 26, 2023 Complaint in this matter.

22

23

24  [5] Bolles Decl. ¶¶ 5-6.

PLAINTIFFS' MOTION TO COMPEL                               **FEDERAL TRADE COMMISSION**
DOCUMENTS RELATED TO SPOLIATION - 5                          600 Pennsylvania Avenue, NW
CASE NO. 2:23-cv-01495                                            Washington, DC 20580
                                                                     (202) 326-2222

**RFP No. 27.** All documents relating to instructions or advice given to employees about the use of ephemeral messaging, including but not limited to Signal or Wickr.

Amazon has categorically refused to produce any documents responsive to RFP No. 25 based on privilege and has also refused to produce certain documents and portions of documents responsive to RFP No. 27 on the same grounds. Ex. Q at 3; Ex. R at 5. The parties have met and conferred several times but are at an impasse. Bolles Decl. ¶ 2. Plaintiffs file this motion to compel Amazon to produce all documents responsive to RFP Nos. 25 and 27 despite Amazon's generalized assertions of privilege.

## LEGAL STANDARD

A preliminary showing of spoliation overcomes the protections against disclosure that may otherwise apply to document preservation notices. *See Agne v. Papa John's Int'l, Inc.*, No. 2:10-cv-01139-JCC, 2012 WL 12882903, at *3 (W.D. Wash. Feb. 6, 2012); *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020); *Major Tours, Inc. v. Colorel*, No. 1:05-cv-03091-JBS, 2009 WL 2413631, at *2-3 (D.N.J. Aug. 4, 2009). The same is true for instructions about preservation, including attorney-client communications about litigation holds or spoliation. *See Stevens v. Brigham Young Univ. - Idaho*, No. 4:16-cv-00530-BLW, 2020 WL 7366318, at *4 (D. Idaho Dec. 11, 2020) ("[A]lthough a litigation hold, and general instructions to a client regarding spoliation, would generally be privileged and not subject to disclosure, where, as here, there is evidence of spoliation, such information is discoverable."); *In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944-JST, 2023 WL 5667882, at *5 (N.D. Cal. Jan. 27, 2023) ("Attorney-client communications regarding litigation holds, in addition to the hold itself, have been ordered to be produced by courts when a preliminary showing of spoliation has been made.").

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 6
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    A preliminary showing of spoliation means only that "there is reason for concern that

2 evidence has been lost." *Agne*, 2012 WL 12882903, at *3. Such "reason for concern" can be

3 shown where potentially relevant evidence has been destroyed or where a party failed to take

4 adequate steps to preserve information. *See Al Otro Lado*, 2020 WL 4432026, at *2 (noting that

5 "[e]ither . . . is sufficient to make a preliminary showing of spoliation"). At this juncture,

6 Plaintiffs do not need to prove the prima facie elements of spoliation, prejudice, or intent. *United*

7 *States v. Cmty. Health Network, Inc.*, No. 1:14-cv-01215-RLY-MKK, 2023 WL 4761664, at *5

8 (S.D. Ind. July 26, 2023) ("[C]ourts have made the requisite finding of a preliminary showing of

9 spoliation and ordered discovery of litigation holds by focusing on only . . . whether data was

10 lost after the duty to preserve began – and refraining from any extended discussion of fault.").

11                                       **ARGUMENT**

12    The Court should find that Plaintiffs have made a preliminary showing of spoliation on

13 two independent grounds: because Amazon destroyed potentially relevant Signal messages and

14 because Amazon failed to take adequate steps to preserve Signal messages. Based on that

15 showing, the Court should order Amazon to produce its hold notices and instructions about

16 preservation because these documents will assist Plaintiffs and the Court in determining the

17 scope of spoliation in this case.

18  **I.    AMAZON'S WIDESPREAD DELETION OF SIGNAL MESSAGES DURING
           PLAINTIFFS' PRE-COMPLAINT INVESTIGATION ESTABLISHES A**
19  **      PRELIMINARY SHOWING OF SPOLIATION.**

20    Evidence that a party destroyed potentially relevant documents is sufficient to establish a

21 preliminary showing of spoliation. *See Al Otro Lado*, 2020 WL 4432026, at *2 (finding

22 preliminary showing of spoliation where it was undisputed that a witness's notes were destroyed,

23 and the court found those notes were "*potentially* relevant").

24

PLAINTIFFS' MOTION TO COMPEL                    **FEDERAL TRADE COMMISSION**
DOCUMENTS RELATED TO SPOLIATION - 7                600 Pennsylvania Avenue, NW
CASE NO. 2:23-cv-01495                                    Washington, DC 20580
                                                               (202) 326-2222

1    It is undisputed that Amazon deleted numerous Signal messages. *See generally* Ex. B.

2    Plaintiffs are not required to prove the contents of the messages Amazon destroyed to show that

3    they were potentially relevant. One court found a defendant's loss of "mailboxes and OneDrive

4    data of a certain subset of the many custodians involved in this case" sufficient where the

5    custodians in question "were involved in the acts and decisions underlying the claims and

6    defenses in this case." *Cmty. Health Network*, 2023 WL 4761664, at \*5. Another court

7    recognized that "because [a witness's] notes were destroyed, it is impossible for the Court to say

8    whether defendants' subjective characterization of the notes as 'shorthand, non-substantive

9    notes' that did not contain information relevant to this case is correct." *Al Otro Lado*, 2020 WL

10   4432026, at \*2.

11   The facts here paint a clear picture. Amazon admits "it is possible that some responsive

12   communications" were destroyed. Ex. C at 3. Senior Amazon executives who are known to have

13   deleted Signal messages were involved in acts and decisions relevant to the claims in this case,

14   and they deleted those messages during Plaintiffs' pre-Complaint investigation after Amazon

15   received a document preservation letter, a voluntary access letter, and a civil investigative

16   demand. *See generally* Ex. B (Amazon log identifying Amazon executives' use of Signal's

17   disappearing messaging feature during the time period April 2019 through May 2022); Ex. K

18   (document preservation letter dated June 17, 2019); Bolles Decl. ¶ 3 (Voluntary Access Letter

19   sent Aug. 5, 2019); *id.* ¶ 4 (Civil Investigative Demand served Feb. 20, 2020). Amazon

20   employees used Signal to talk about antitrust and competition-related business topics shortly

21   before turning disappearing messages on. *See* Ex. H; Ex. I; Ex. J. For example, two days after

22   Amazon Legal sent an email to Amazon's senior leadership team, or "S-team," titled "RE:

23   Congressional and FTC investigations into Amazon - privileged & confidential," *see* Ex. S

24

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 8
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    (excerpt of privilege log), two Amazon executives started using Signal and immediately turned

2    on disappearing messages:[6]

3
4
5
6
7
8
9
10
11
12
13
14
15
16

 

17   Public reporting corroborates that Amazon executives used Signal to discuss antitrust issues. *See*

18   Ex. A at 9. This evidence surpasses the bar set by other cases and by itself establishes a

19   preliminary showing of spoliation.

20

21   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[6]*See* Ex. H. Peter Krawiec is identified as the custodian of this document as produced by Amazon. Bolles Decl. ¶ 14.
22   In September 2019, Mr. Krawiec was Amazon's Senior Vice President of Worldwide Corporate and Business
Development, and Carlo Bertucci was a Vice President for Corporate Development. *See* Peter Krawiec, LinkedIn,
https://www.linkedin.com/in/peter-krawiec-89a2121 (last visited April 25, 2024); Carlo Bertucci, LinkedIn,
23   https://www.linkedin.com/in/carlo-bertucci-1946294 (last visited April 25, 2024). Mr. Krawiec is a member of
Amazon's senior leadership team. *See Amazon's S-Team: Meet the 31 members who make up our senior leadership*
24   *team*, Amazon (Dec. 14, 2023), https://www.aboutamazon.com/news/workplace/amazon-s-team-members.

1   **II.   AMAZON'S FAILURE TO TAKE TIMELY ACTION TO PREVENT THE**
       **DESTRUCTION OF SIGNAL MESSAGES FURTHER ESTABLISHES A**
2       **PRELIMINARY SHOWING OF SPOLIATION.**

3          A party's failure to take adequate steps to preserve information, such as by issuing timely

4   preservation notices or taking action to stop automatic deletions, also establishes a preliminary

5   showing of spoliation. *See Al Otro Lado*, 2020 WL 4432026, at *2 (finding that failure to

6   instruct a custodian to "preserve relevant documents until . . . over a year after this litigation was

7   initiated" was "sufficient to make a preliminary showing of spoliation"); *Cathode Ray Tube*,

8   2023 WL 5667882, at *3 (holding that company's "more than eight-month delay before issuing

9   any litigation hold is sufficient to establish a preliminary showing of spoliation" and "failure to

10  suspend its automatic email destruction practice as soon as its duty to preserve arose further

11  supports" the finding). Courts have explained that it is "reasonable to infer that relevant evidence

12  has been destroyed" where steps are not taken to preserve it. *Tate & Lyle Americas, LLC v. Glatt*

13  *Air Techniques, Inc.*, No. 2:13-cv-2037-EIL, 2014 WL 10209161, at *3 (C.D. Ill. Aug. 4, 2014);

14  *see also City of Colton v. Am. Promotional Events, Inc.*, No. 5:09-cv-01864, 2011 WL

15  13223880, at *2, *5 (C.D. Cal. Nov. 22, 2011) ("[I]t is reasonable to infer from this lengthy

16  delay [in issuing a preservation notice] that some relevant evidence was lost.").

17         Amazon did not take timely steps to adequately preserve Signal messages. Amazon failed

18  to issue a preservation notice to Jeff Bezos until April 13, 2020, ten months after the FTC's June

19  17, 2019, document preservation letter put Amazon on notice that it was under investigation. Ex.

20  D at 3; Ex. K. Mr. Bezos' documents and communications were clearly within the scope of the

21  investigation: as Amazon's founder and CEO, he was the ultimate decision-maker at Amazon.

22         Mr. Bezos was a heavy Signal user, *see* Ex. B, and instructed others to use the app. *See*

23  Ex. E, Ex. F at 279:20-25, Ex. G at 203:2-4; 208:17-209:2. Further, while Amazon issued

24  preservation notices to other employees starting on July 2, 2019, Amazon did not issue custodial

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 10
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    questionnaires or conduct custodial interviews until the summer of 2020, and did not issue

2    instructions about how to preserve Signal messages until October 2020. *See* Ex. D at 10; Ex. M.

3    Given this delay, it is likely that Amazon's custodians were not properly instructed to preserve

4    Signal messages until over 15 months after Amazon was put on notice of Plaintiffs'

5    investigation. Together, these circumstances rise above the level of a preliminary showing of

6    spoliation such that Amazon should be ordered to produce its preservation notices and

7    instructions about preservation.

8    **III.   AMAZON'S PRESERVATION NOTICES AND INSTRUCTIONS ABOUT**
     **PRESERVATION WILL ASSIST IN DETERMINING THE EXTENT OF**
9    **SPOLIATION IN THIS CASE.**

10         Requiring Amazon to produce its preservation notices and instructions will shed light on

11   the extent of spoliation in this case and its relevance to the record that will ultimately be before

12   the Court. The Court may ultimately impose sanctions if it finds that "electronically stored

13   information that should have been preserved in the anticipation or conduct of litigation is lost

14   because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced

15   through additional discovery." Fed. R. Civ. P. 37(e). If the spoliation was negligent, the Court

16   may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If

17   the spoliation was intentional, the Court may impose more severe sanctions. Fed. R. Civ. P.

18   37(e)(2).

19         The Court should allow Plaintiffs to assess the scope of Amazon's spoliation of evidence

20   and to determine whether Amazon's spoliation was intentional. The documents Plaintiffs seek in

21   this motion are relevant to both inquiries. Amazon's preservation notices and instructions about

22   preservation will show whether, when, and how Amazon employees were instructed to preserve

23   Signal messages; whether, when, and how Amazon employees were instructed to preserve work-

24   related materials on their phones; and whether any such instructions applied to communications

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 11
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   relevant to this case. Plaintiffs need these documents to assess whether Amazon failed to take

2   reasonable steps to preserve documents and to map out what information has been destroyed. *See*

3   *Thomas v. Cricket Wireless, LLC*, No. 19-cv-07270-WHA-AGT, 2020 WL 7344742, at *2 (N.D.

4   Cal. Dec. 14, 2020) ("[L]itigation holds and related correspondence are relevant to plaintiffs'

5   examination of [the defendant's] document preservation practices and efforts and whether [the

6   defendant] spoliated relevant evidence.").

7        Document hold notices and instructions about preservation are also relevant to

8   determining a party's intent to destroy information, which bears on the appropriate sanction for

9   any spoliation. *See Al Otro Lado*, 2020 WL 4432026, at *2 ("[T]he content of the litigation hold

10  notice is relevant to a determination of whether the spoliation was willful or merely negligent.");

11  *Stevens*, 2020 WL 7366318, at *5 ("Counsel's mental impressions, conclusions, opinions, and

12  legal theories related to a litigation hold [and] general instructions regarding spoliation . . . are

13  directly at issue in determining the intentionality of the spoliation.").

14                                  **CONCLUSION**

15       Plaintiffs have established a preliminary showing that Amazon engaged in spoliation.

16  Discovery into Amazon's preservation notices and instructions about preservation is the next

17  step in uncovering the extent and intent underlying Amazon's possible spoliation of evidence.

18  Accordingly, the Court should overrule Amazon's objections and order Amazon to produce all

19  documents responsive to RFP Nos. 25 and 27.

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 12
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Dated: April 25, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*I certify that this brief contains 3,468 words, in compliance with LCR 7(e)(4).*

Respectfully submitted,

*s/ Emily K. Bolles*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
EMILY K. BOLLES (NY Reg. # 5408703)
KARA KING (DC Bar # 90004509)
ERIC ZEPP (NY Reg. #5538491)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
          (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
          etakashima@ftc.gov
          ebolles@ftc.gov
          kking@ftc.gov
          ezepp@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 13
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Michael Jo*                                    *s/ Timothy D. Smith*
    Michael Jo (admitted *pro hac vice*)               Timothy D. Smith, WSBA No. 44583
2   Assistant Attorney General, Antitrust Bureau       Senior Assistant Attorney General
    New York State Office of the Attorney              Antitrust and False Claims Unit
3   General                                            Oregon Department of Justice
    28 Liberty Street                                  100 SW Market St
4   New York, NY 10005                                 Portland, OR 97201
    Telephone: (212) 416-6537                          Telephone: (503) 934-4400
5   Email: Michael.Jo@ag.ny.gov                        Email: tim.smith@doj.state.or.us
    *Counsel for Plaintiff State of New York*          *Counsel for Plaintiff State of Oregon*
6
    *s/ Rahul A. Darwar*                               *s/ Jennifer A. Thomson*
7   Rahul A. Darwar (admitted *pro hac vice*)          Jennifer A. Thomson (admitted *pro hac vice*)
    Assistant Attorney General                         Senior Deputy Attorney General
8   Office of the Attorney General of Connecticut      Pennsylvania Office of Attorney General
    165 Capitol Avenue                                 Strawberry Square, 14th Floor
9   Hartford, CT 06016                                 Harrisburg, PA 17120
    Telephone: (860) 808-5030                          Telephone: (717) 787-4530
10  Email: Rahul.Darwar@ct.gov                         Email: jthomson@attorneygeneral.gov
    *Counsel for Plaintiff State of Connecticut*       *Counsel for Plaintiff Commonwealth of*
11                                                     *Pennsylvania*
    *s/ Alexandra C. Sosnowski*
12  Alexandra C. Sosnowski (admitted *pro hac           *s/ Michael A. Undorf*
    vice*)                                             Michael A. Undorf (admitted *pro hac vice*)
13  Assistant Attorney General                         Deputy Attorney General
    Consumer Protection and Antitrust Bureau           Delaware Department of Justice
14  New Hampshire Department of Justice                820 N. French St., 5th Floor
    Office of the Attorney General                     Wilmington, DE 19801
15  One Granite Place South                            Telephone: (302) 683-8816
    Concord, NH 03301                                  Email: michael.undorf@delaware.gov
16  Telephone: (603) 271-2678                          *Counsel for Plaintiff State of Delaware*
    Email: Alexandra.c.sosnowski@doj.nh.gov
17  *Counsel for Plaintiff State of New Hampshire*     *s/ Christina M. Moylan*
                                                       Christina M. Moylan (admitted *pro hac vice*)
18  *s/ Caleb J. Smith*                                Assistant Attorney General
    Caleb J. Smith (admitted *pro hac vice*)           Chief, Consumer Protection Division
19  Assistant Attorney General                         Office of the Maine Attorney General
    Consumer Protection Unit                           6 State House Station
20  Office of the Oklahoma Attorney General            Augusta, ME 04333-0006
    15 West 6th Street, Suite 1000                     Telephone: (207) 626-8800
21  Tulsa, OK 74119                                    Email: christina.moylan@maine.gov
    Telephone: (918) 581-2230                          *Counsel for Plaintiff State of Maine*
22  Email: caleb.smith@oag.ok.gov
    *Counsel for Plaintiff State of Oklahoma*
23

24

| | |
|---|---|
| 1 | *s/ Gary Honick* | *s/ Lucas J. Tucker* |
| | Gary Honick (admitted *pro hac vice*) | Lucas J. Tucker (admitted *pro hac vice*) |
| 2 | Assistant Attorney General | Senior Deputy Attorney General |
| | Deputy Chief, Antitrust Division | Office of the Nevada Attorney General |
| 3 | Office of the Maryland Attorney General | 100 N. Carson St. |
| | 200 St. Paul Place | Carson City, NV 89701 |
| 4 | Baltimore, MD 21202 | Telephone: (775) 684-1100 |
| | Telephone: (410) 576-6474 | Email: LTucker@ag.nv.gov |
| 5 | Email: Ghonick@oag.state.md.us | *Counsel for Plaintiff State of Nevada* |
| | *Counsel for Plaintiff State of Maryland* | |

1  *s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)
2  Assistant Attorney General
Deputy Chief, Antitrust Division
3  Office of the Maryland Attorney General
200 St. Paul Place
4  Baltimore, MD 21202
Telephone: (410) 576-6474
5  Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*
6
*s/ Michael MacKenzie*
7  Michael Mackenzie (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
8  Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
9  Boston, MA 02108
Telephone: (617) 963-2369
10  Email: michael.mackenzie@mass.gov
*Counsel for Plaintiff Commonwealth of*
11  *Massachusetts*

12  *s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
13  Assistant Attorney General
Michigan Department of Attorney General
14  525 West Ottawa Street
Lansing, MI 48933
15  Telephone: (517) 335-7622
Email: MertensS@michigan.gov
16  *Counsel for Plaintiff State of Michigan*

17  *s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
18  Senior Enforcement Counsel
Office of the Minnesota Attorney General
19  445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
20  Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
21  *Counsel for Plaintiff State of Minnesota*

22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 15
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Stephen N. Provazza*
    Stephen N. Provazza (admitted *pro hac vice*)
2   Special Assistant Attorney General
    Chief, Consumer and Economic Justice Unit
3   Department of the Attorney General
    150 South Main Street
4   Providence, RI 02903
    Telephone: (401) 274-4400
5   Email: sprovazza@riag.ri.gov
    *Counsel for Plaintiff State of Rhode Island*
6
    *s/ Sarah L.J. Aceves*
7   Sarah L.J. Aceves (admitted *pro hac vice*)
    Assistant Attorney General
8   Public Protection Division
    Vermont Attorney General's Office
9   109 State Street
    Montpelier, VT 05609
10  Telephone: (802) 828-3170
    Email: Sarah.Aceves@vermont.gov
11  *Counsel for Plaintiff State of Vermont*

12  *s/ Gwendolyn J. Cooley*
    Gwendolyn J. Cooley (admitted *pro hac vice*)
13  Assistant Attorney General
    Wisconsin Department of Justice
14  Post Office Box 7857
    Madison, WI 53707-7857
15  Telephone: (608) 261-5810
    Email: cooleygj@doj.state.wi.us
16  *Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL
DOCUMENTS RELATED TO SPOLIATION - 16
CASE NO. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222