# EXHIBIT R

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

CONSTANCE T. FORKNER
(202) 434-5846
cforkner@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 5, 2024

## HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

<u>Via Email</u>

Emily Bolles, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20590
ebolles@ftc.gov

    Re:    <u>FTC v. Amazon.com, Inc.</u>, Case No. 2:23-cv-01495-JHC (W.D. Wash.)

Dear Emily:

    I write to follow up on our March 6, and March 8, 2024 meet and confers, and portions of your March 22 letter ("Pltfs. Mar. 22 Ltr.") that we did not address in our March 29 letter ("AMZ Mar. 29 Ltr."), regarding Amazon's December 14, 2023 Responses and Objections ("Objections") to the Plaintiffs' First Set of Requests for Production ("Requests").

    <u>**Request No. 2**</u>



**WILLIAMS & CONNOLLY**LLP

Emily Bolles, Esq.
April 5, 2024
Page 5



### Request No. 27

Request No. 27 seeks "[a]ll documents relating to instructions or advice given to employees about the use of ephemeral messaging, including but not limited to Signal or Wickr," and overlaps with policy documents that Amazon produced in response to its Investigational Hearing 2.7(h) request. On our March 6 meet and confer and in your March 22 letter, you requested that Amazon produce underlying instructions and advice such as the "instructions and advice logged by Amazon in its August 31, 2022 proffer prior to the October 7, 2022 2.7(h) Investigational Hearing related to ephemeral messaging, as well as unredacted versions of the redacted guidance and advice produced to Plaintiffs in connection with that hearing."

First, with respect to the Plaintiffs' request that Amazon produce documents on the 2.7(h) privilege log, Amazon will not produce any privileged material, whether in whole or in part, and has continued to assert privilege over the requested documents.

Second, to the extent the Plaintiffs seek the non-privileged or partially-privileged and redacted documents provided in response to the 2.7(h) subpoena that relate to RFP No. 27, Amazon intends to produce those documents in this litigation. Documents withheld for privilege in response to the 2.7(h) subpoena will be noted on Amazon's privilege log.

Finally, as written, the Plaintiffs' request for "all documents" responsive to this request is overbroad, unduly burdensome, vague and ambiguous. Amazon employs more than a million people in dozens of jurisdictions, and it simply cannot search every employee's files for documents responsive to this Request. Instead, Amazon agrees to produce non-privileged documents akin to the "instructions and advice logged by Amazon in its August 31, 2022 proffer prior to the October 7, 2022 2.7(h) Investigational Hearing related to ephemeral messaging" for the custodians in this matter once they have been agreed upon.

WILLIAMS & CONNOLLY LLP

Emily Bolles, Esq.
April 5, 2024
Page 9

Freedom of Information Act. Amazon requests that all materials provided in connection with the litigation be destroyed or returned to Amazon at the conclusion of the litigation.

      We are available to meet and confer as necessary to discuss the issues outlined above.

                            Sincerely,

                            *Connie Forkner*

                            Constance T. Forkner

cc:      Susan A. Musser, Edward H. Takashima, Daniel A. Principato, Colin M. Herd, FTC
           Michael Jo, New York State Office of the Attorney General
           Timothy D. Smith, Oregon Department of Justice
           Molly A. Terwilliger, Morgan, Lewis & Bockius LLP
           Robert Keeling, Sidley Austin LLP