THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    UNITED STATES DISTRICT COURT
15                    WESTERN DISTRICT OF WASHINGTON
16                                AT SEATTLE
17

18   FEDERAL TRADE COMMISSION,  )
19   *et al*.,                          )      Case no. 2:23-cv-01495-JHC
20                    Plaintiffs,        )
21                                       )      **MOTION OF AMERICAN BOOK-**
22            v.                         )      **SELLERS ASS'N TO INTERVENE**
23                                       )
24   AMAZON.COM, INC.,                   )      NOTE ON MOTION CALENDAR:
25                                       )      May 17, 2024
26                    Defendant.         )
27   _____   )
28
29
30
31
32
33
34
35
36
37
38
39

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

# TABLE OF CONTENTS

Page:

ABA's Reasons for Seeking to Intervene in This Case ................................. 1

ABA Meets the Standards for Intervention of Right ..................................... 6

ABA Meets the Standards for Permissive Intervention ................................. 13

ABA Should at Least Be Accorded *Amicus Curiae* Status ............................ 15

Conclusion ........................................................................ 15

# TABLE OF CITATIONS

## Case Law

*In re Amazon.com eBook Antitrust Litigation*,
    2023 WL 6006525 (S.D.N.Y. July 31, 2023)
    (Magis. Rept. & Rec.), *adopted*,
    2024 WL 918030 (S.D.N.Y. March 2, 2024) ....................................... 2, 6

*Apple, Inc. v. Pepper*, 139 S. Ct. 1514 (2019) ................................. 3

*Backpage.com, LLC v. McKenna*,
    2012 WL 12874162 (W.D. Wash. July 2, 2012) ................................. 12

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977 ................................. 15

*Brumback v. Ferguson*, 343 F.R.D. 335 (E.D. Wash. 2022) ......................... 14

*California ex rel. Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006) ................................................... 11

*California Dept. of Toxic Subst. Control v. Jim Dobbas, Inc*.,
    54 F.4th 1078 (9th Cir. 2022) ..................................................7

i

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

*Callahan v. Brookdale Senior Living Communities, Inc.*,
    42 F.4th 1013 (9th Cir.  2022) ................................................................ 14

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
    386 U.S. 129 (1967) ......................................................................... 9-10

*Center for Biodiversity v. Jewell*,
    2013 WL 4127790 (N.D. Cal. Aug. 9, 2013) ...................................... 8

*Citizens for Clean Air v. Regan*,
    2023 WL 130486 (W.D. Wash. Jan. 9, 2023) ...................................... 12

*Forest Conservation Council v. United States Forest Service*,
    66 F.3d 1489 (9th Cir. 1995) ................................................... 15

*Hooks v. Starbucks Corp.*,
    2023 WL 7092047 (W.D. Wash. Oct. 26, 2023) ................................. 15

*Kalbers v. United States Dept. of Justice*,
    22 F.4th 816 (9th Cir. 2021) ....................................................... 13

*Lands Council v. Martin*,
    2006 WL 8438085 (E.D. Wash. Sept. 14, 2006),
    *aff'd in part, rev'd in part on other grounds*,
    479 F.3d 636 (9th Cir. 2007) ....................................................... 12

*Lighthouse Resources Inc. v. Inslee*,
    2018 WL 1470839 (W.D. Wash. March 26, 2018) ........................... 12, 14

*Microsoft Corp. v. United States Dept. of Justice*,
    2016 WL 4506808 (W.D. Wash. Aug. 29, 2016) ............................... 15

*Palmer v. Hobbs*,
    2022 WL 2111115 (W.D. Wash. May 6, 2022) .................................. 15

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) .................... 10

ii

MOTION OF AMERICAN BOOK-                         Potomac Law Group, PLLC
SELLERS ASS'N TO INTERVENE                      1455 NW Leary Way, Suite 400
in Case No. 2:23-cv-01495-JHC                      Seattle, Washington 98107
(FTC, *et al*. v. Amazon.com, Inc.)              Tel. (703) 447-4032; (206) 599-8888

*Seattle Audubon v. Sutherland*,
    2007 WL 130324 (W.D. Wash. Jan. 16, 2007) ................................... 12

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ........................................... 8, 13

*Southwest Center for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) .............................................................. 7-8, 11

*Sullivan v. Ferguson*,
    2022 WL 10428165 (W.D. Wash. Oct. 18, 2022) ............................. 14

*Texas Ins. Co. v. Ares Ins. Managers LLC*,
    2023 WL 8237113 (W.D. Wash. Nov. 28, 2023) ............................... 12

*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) ............................... 10-11

*Trident Seafoods Corp. v. Bryson*,
    2012 WL 1884657 (W.D. Wash. May 23, 2012) ................................ 12

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ................ 7, 15

*United States v. Metropolitan St. Louis Sewer Dist.*,
    569 F.3d 829 (8th Cir. 2009) ................................................................. 7

*United States v. State of Oregon*, 839 F.2d 635 (9th Cir. 1988) .................... 8-10

*United States v. Stringfellow*, 783 F.2d 821 (9th Cir. 1986) ........................ 8-9

*Washington v. United States Environmental Protection Agency*,
    2020 WL 1955554 (W.D. Wash. April 23, 2020) ............................... 11

*Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009) ............. 3

*Western Concrete Structures Co., Inc. v. Mitsui & Co. (USA), Inc.*,
    760 F.2d 1013 (9th Cir. 1985) .............................................................. 4

*Western Watersheds Project v. Haaland*, 22 F.4th 828 (9th Cir. 2022) ........... 10-13

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

*Weyerhaeuser Co. v. Ross-Simmons Hardware Lumber Co., Inc.*,
    549 U.S. 312 (2007) ............................................................ 3

*Wilderness Society v. United States Forest Service*,
    630 F.3d 1173 (9th Cir. 2011) ............................................ 7

*Woods v. County of Los Angeles*,
    2022 WL 19829548 (C.D. Cal. March 14, 2022) ................. 13

**Statutes**

Clayton Act, 15 U.S.C. §16(f)(3) ................................................. 10

Robinson-Patman Act, 15 U.S.C §13(f) ....................................... 4

Sherman Act

    15 U.S.C. §1 ....................................................................... 4

    15 U.S.C. §2 ................................................................. 3, 6, 9

**Rules**

Federal Rules of Civil Procedure

    Rule 24 ............................................................................... 3

    Rule 24(a)(2) .............................................................1, 6, *passim*

    Rule 24(b)(1)(B) ......................................................... 1, 13-14

    Rule 24(b)(3) ..................................................................... 14

iv

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

## Secondary Sources

Areeda & Hovenkamp, Antitrust Law (2023)

    ¶350b ................................................................................ 3

    ¶1604a ............................................................................... 4

    ¶1604b ............................................................................... 4

    ¶1604e2 ............................................................................. 4

    ¶1604e3 ............................................................................. 4

    ¶1604g ............................................................................... 4

    ¶1604g1 ............................................................................. 5

    ¶1604g3-4 .......................................................................... 5

    ¶1604h-i ............................................................................ 5

    ¶1604k1 ............................................................................. 4

    ¶2301a ............................................................................... 4

    ¶2301c ............................................................................... 4

Lena M. Kahn, *Amazon's Antitrust Paradox*,
    126 Yale L.J. 710 (2017) ........................................................ 2

John B. Kirkwood, *Collusion to Control a Powerful Customer:*
    *Amazon, E-Books, and Antitrust Policy*,
    69 U. Miami L. Rev. 1 (2014) ............................................... 2

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1        The American Booksellers Association, Inc. ("ABA") hereby respectfully

2    moves to intervene in this case in support of Plaintiffs, on the limited basis outlined

3    below, pursuant to Fed. R. Civ. P. ("Rule") 24(a)(2) and, alternatively, Rule

4    24(b)(1)(B).[1]  ABA was founded in 1900 as a national not-for-profit trade

5    organization dedicated to supporting the success of independent bookstores.  ABA

6    currently represents more than 2,500 independently-owned bookstores and

7    advocates on their behalf.  *See* ABA's website, www.bookweb.org.

8        **ABA's Reasons for Seeking to Intervene in This Case**

9        The Complaint in this case alleges a nationwide relevant market consisting of

10   "online superstores" which includes retailing both by defendant Amazon.com, Inc.

11   ("Amazon") itself, through its "first-party retail business unit" referred to as Amazon

12   "Retail" (Dkt. # 171, ¶70), and by third parties selling online directly to shoppers

13   through (*inter alia*) Amazon's "Marketplace" business unit for third-party retailers

14   (*Id.*, ¶71, ¶76) ("Amazon's online superstore unites its Retail and Marketplace arms,

15   with products intermixed and presented to the public simultaneously and side-by-

16   side").  Amazon Retail includes products purchased by Amazon from wholesalers

17   (*Id.*, ¶¶68-69), including books (other than digital e-books) purchased by Amazon

---

[1]ABA otherwise seeks leave to participate in this case as *amicus curiae* for Plaintiffs.

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    from their publishers.  ABA members likewise purchase such books from such

2    publishers for resale to consumers, either online or through 'brick-and mortar'

3    bookstores, in competition with Amazon.

4           Amazon has stifled such competition by ABA members by exercising its

5    monopoly power to coerce publishers to accede to its demands for substantial and

6    unjustified price discrimination, enabling Amazon to sell books to retail customers

7    at prices that ABA members cannot match except by forgoing a sustainable margin,

8    or incurring a loss, given the higher wholesale prices concurrently paid by ABA

9    members for the same books.[2]  The Complaint alleges (Dkt. # 171, ¶423) that absent

10    adequate competition, Amazon has raised some book prices (reaping some $57

11    million in additional annual profit), but the Complaint does not focus on Amazon's

12    use of its monopoly power to restrain competition in the sale of books to consumers.

---

[2] *See* John B. Kirkwood, *Collusion to Control a Powerful Customer: Amazon, E-Books, and Antitrust Policy*, 69 U. Miami L. Rev. 1, 46-48 (2014) (cataloging instances of coercion of book publishers by Amazon, enabling it to undermine competition with independent bookstores); Lena M. Kahn, *Amazon's Antitrust Paradox*, 126 Yale L.J. 710, 715 (2017) (similar); *In re Amazon.com eBook Antitrust Litigation*, 2023 WL 6006525, at *4 (S.D.N.Y. July 31, 2023) (Magis. Rept. & Rec.), *adopted*, 2024 WL 918030 (S.D.N.Y. March 2, 2024) (denying motion to dismiss claim that "Amazon has coerced the Publishers into accepting ... contractual provisions" in that "the Publishers feel market pressure to distribute through Amazon and accede to Amazon's request to insulate it from platform competition") ("pending investigation by the Connecticut Attorney General ... focused on Amazon's agreements with publishers").

MOTION OF AMERICAN BOOK-SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1  Amazon's alleged monopoly power vis-à-vis consumers in the alleged online

2  superstores market makes Amazon an essential marketing gateway for, and gives it

3  power to exclude, third-party wholesalers and retailers seeking access to such

4  consumers.   When publishers, as wholesalers, seek to sell books to Amazon,

5  Amazon's monopoly power takes on the added dimension of so-called monopsony

6  power — power to dictate lower wholesale prices,[3] which Amazon has used to

7  impose lower but discriminatory wholesale book prices for itself, thereby restraining

8  competition by ABA members in the retail submarket for books.

9  This coercive exclusionary conduct by Amazon violates §2 of the Sherman

10  Act (15 U.S.C. §2) and supports Plaintiffs' claims in this case thereunder, which

11  ABA incorporates by reference herein.[4]   The applicability of §2 of the Sherman Act

---

[3] *See Weyerhaeuser Co. v. Ross-Simmons Hardware Lumber Co., Inc*., 549 U.S. 312, 320-321 (2007) ("a monopsony is to the buy side of the market what a monopoly is to the sell side") (recognizing "close theoretical connection between monopoly and monopsony"); *Apple, Inc. v. Pepper*, 139 S. Ct. 1514, 1525 (2019) ("two different classes of victims" are "not atypical when the intermediary in a distribution chain is a bottleneck monopolist or monopsonist ... or both" and "[a] retailer who is both a monopolist and a monopsonist may be liable to ... both the downstream consumers and the upstream suppliers" when "the retailer's unlawful conduct affects both the downstream and the upstream markets"); Areeda & Hovenkamp, Antitrust Law ¶350b (2023) ("upstream, or monopsony, injury to suppliers is treated largely the same way as injury to consumers").  *See also* note 5 and accompanying text, *infra*.

[4] There is no need under Fed. R. Civ. P. 24 or otherwise for ABA to submit a separate formal pleading that sets out the claim for which intervention is sought.  *See*, *e.g*., *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009).

3

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    to Amazon's conduct alleged herein makes it unnecessary for ABA to pursue

2    essentially duplicative claims against Amazon under §1 of the Sherman Act (15

3    U.S.C. §1) or the Robinson-Patman Act (15 U.S.C. §13(f)).  *See Western Concrete*

4    *Structures Co., Inc. v. Mitsui & Co. (USA), Inc.,* 760 F.2d 1013, 1018 (9th Cir. 1985)

5    ("Western's allegation that ... Mitsui ... would sell ... steel strand to VSL at a price

6    substantially lower than it offered to Western and other ... competitors, for the

7    purpose of enabling VSL to monopolize the ... industry, if borne out, would establish

8    a violation of § 2 [of the Sherman Act]"); Areeda & Hovenkamp, ¶2301c ("the

9    Sherman Act would be sufficient to reach ... injuries to competition that result from

10   a supplier's differential pricing to its own dealers"), ¶2301a ("possibility of competi-

11   tive harm when a powerful dealer-reseller extracts promises that a supplier deal with

12   other dealers on disadvantageous terms"), ¶1604k1 (price discrimination giving rise

13   to potential violation by Amazon of the Robinson-Patman Act may "violate the

14   Sherman Act" given Amazon's "market power").[5]

---

[5] *See also id.* ¶1604a (Sherman Act violation more likely where vertical restraint on
retail competition is coercively imposed on otherwise unwilling wholesalers by a
retailer having "something approaching monopsony power," noting that Amazon is
"often in a position to extract concessions" from its suppliers), ¶1604b (such "very
large retailer" may be "a low price retailer" but may impose such contractual
restraints on suppliers so that other retailers "cannot undersell it"), ¶1604e2
("manufacturer negotiating a distribution agreement with Amazon may not be all
that different from one who is negotiating with a dealer cartel"), ¶1604e3 n.72
("powerful dealer could obtain a discriminatory discount, using the resulting cost
advantage to destroy his retailing rivals"), ¶1604g ("there is no better demonstration

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    ABA's above-described interest in this case is fully consistent with Plaintiffs'

2    Complaint and specifies an important instance of Amazon's exclusionary conduct

3    — involving its coercive exercise of monopsony power in a broad submarket for

4    books (where Amazon's market power originally took root, resulting in the

5    disappearance of some 4,500 independent bookstores) — which has undermined the

6    ability of ABA members to compete with Amazon.  ABA seeks only a limited and

7    non-duplicative role in this case.  Unless the Federal Trade Commission ("FTC") or

8    one of its co-plaintiffs takes the lead in this regard, ABA presently contemplates

9    undertaking relatively limited discovery relating to Amazon's exclusionary conduct

10   alleged above, including discovery related to Amazon's contracts with book publish-

11   ers.  ABA also contemplates a role devising related equitable relief.

12   Potential antitrust remedies for Amazon's exclusionary conduct in coercing

13   book publishers to agree to wholesale price discrimination undermining competition

14   with Amazon by ABA members include relatively simple structural relief —

---

of power than its exercise" as where "a manufacturer explicitly declared that distribution restraints would be inefficient but nevertheless adopted them after dealers threatened, 'Restrain intrabrand competition or we cease handling your product'" in which case "[t]he resulting restraint could then be readily attributed to dealer power and fairly judged unreasonable"), ¶1604g1 ("suffices that [powerful retailers] ... have the will and ability to inflict greater harm on the manufacturer than its loss from limiting intrabrand competition"), ¶1604g3-4 (such circumstances "warrant[] imposition on the defend[ant] of the burden of persuasion as to justification"), ¶1604h-i (similar).

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1   requiring Amazon to convert its online retail book business to a third-party retail

2   platform such as Amazon's Marketplace (as it may be reformed in this case).[6]

3   Notably, at the behest of the major book publishers, Amazon has already shifted

4   from a wholesaler-retailer relationship with such publishers to an "agency model"

5   — for digital e-books — whereby each publisher became a third-party retailer of e-

6   books through Amazon's Marketplace.[7]   Imposing similar structural relief in this

7   case, limiting Amazon to a third-party marketplace platform for book sales, would

8   prevent further harm to competition by ABA members from Amazon's coercive use

9   of its monopsony power over book publishers in violation of §2 of the Sherman Act.

10                    **ABA Meets the Standards for Intervention of Right**

11          Federal Rule of Civil Procedure 24(a) provides in pertinent part that "[o]n

12   timely motion, the court must permit anyone to intervene who ... (2) claims an

13   interest relating to the ... transaction that is the subject of the action, and is so situated

14   that disposing of the action may as a practical matter impair or impede the movant's

15   ability to protect its interest, unless existing parties adequately represent that

---

[6] Plaintiffs in this case have reserved the option of seeking unspecified "structural relief" (in addition to injunctive and declaratory relief) to "redress and prevent recurrence" of Amazon's exclusionary conduct and "remedy the harm to competition" caused thereby.   Complaint, pp. 148-149, ¶¶ 17-18 of Request for Relief (Dkt. # 171).

[7] *See Amazon.com eBook Antitrust Litig.*, 2023 WL 6006525 at *2 & n.4, *23-24.

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1   interest."  This rule is construed "'broadly in favor of proposed intervenors'" guided

2   "'primarily by practical and equitable considerations.'"  *United States v. City of Los*

3   *Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).   The "'liberal policy in favor of

4   intervention serves both efficient resolution of issues and broadened access to the

5   courts'" so as to "'prevent or simplify future litigation involving related issues[.]'"

6   *Id*. at 397-398.  *See also Wilderness Society v. United States Forest Service*, 630

7   F.3d 1173, 1179 (9th Cir. 2011) (*en banc*).   All non-conclusory factual assertions

8   herein should be taken as true for purposes of resolving this motion.  *See Southwest*

9   *Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

10      This motion presents ABA's "'significant protectable interest'" relating to the

11   subject of this action (*see* pp. 1-6, *supra*), an interest that is "'protected under some

12   law[.]'"  *United States v. Los Angeles*, at 398.  "[T]he 'interest' test is ... 'primarily

13   a practical guide to disposing of lawsuits by involving as many apparently concerned

14   persons   as   is   compatible   with   efficiency   and   due   process[,]'"   *id*.,   thereby

15   "'promot[ing]   the   efficient   and   orderly   use   of   judicial   resources   by   allowing

16   persons[] who might otherwise have to bring a lawsuit on their own to protect their

17   interests ... to join an ongoing lawsuit instead.'" [8]

---

[8] *United States v. Metropolitan St. Louis Sewer Dist*., 569 F.3d 829, 840 (8th Cir.
2009).  ABA has standing to pursue its interest in this case.  *See California Dept. of
Toxic Subst. Control v. Jim Dobbas, Inc*., 54 F.4th 1078, 1085 (9th Cir. 2022)

7

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1   Further, ABA's ability to protect its interest may, as a practical matter, be

2   impaired or impeded by the disposition of this case without intervention by ABA.

3   In *United States v. State of Oregon*, 839 F.2d 635 (9th Cir. 1988), the federal

4   government brought a civil rights action for equitable relief on behalf of residents of

5   an institution but, like here, the government's complaint did not focus on certain

6   issues germane to its claims that were important to at least some of the residents,

7   who therefore moved to intervene in the case under Rule 24(a)(2).  The Ninth Circuit

8   reversed the District Court's denial of such motion, holding (*inter alia*) that as a

9   practical matter, disposition of the case could otherwise impair or impede movants'

10   ability to protect their interest because even if the residents were able to file a

11   separate lawsuit, the government's case would necessarily result in factual and legal

12   determinations that (especially if affirmed on appeal) "will have a persuasive *stare*

13   *decisis* effect in any parallel or subsequent litigation" by the residents.  *Id*. at 638.[9]

---

(constitutional standing); *Southwest Center*, 268 F.3d at 821 n.3 (associational standing); *Center for Biodiversity v. Jewell*, 2013 WL 4127790, at *3 n.28 (N.D. Cal. Aug. 9, 2013).

[9] *See also Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). "[W]here the prospective intervenor seeks to obtain remedies that differ from those sought by the original plaintiffs, it is reasonable to conclude that disposition of the litigation may impair the prospective intervenor's ability to protect its interests." *United States v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986) ("'it is not enough to deny intervention'" under Rule 24(a)(2) that "'applicants may vindicate their interests in

8

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    The Ninth Circuit further held in that case that the government did not

2  adequately represent the particular interests of the residents that led them to seek

3  intervention in the case because the government was not willing to "make all of the

4  arguments the [prospective intervenors] would make." *Id*. The Ninth Circuit

5  rejected the government's contention that the court should "ignore the additional

6  issues which the [prospective intervenors] wish to raise to protect the[ir] .... own

7  interests" as "directly contrary to our law:"

8    'In determining the adequacy of representation, we consider
9    whether the interest of a present party is such that it will
10   undoubtedly make all the intervenor's arguments; whether the
11   present party is capable and willing to make such arguments;
12   and whether the intervenor would offer any necessary elements
13   to the proceedings that the other parties would neglect.' [10]

14

15  *Id*. In an antitrust case brought by the federal government, the Supreme Court

16  reversed denial of intervention of right by private parties on behalf of the government

17  under Rule 24(a)(2) in *Cascade Natural Gas Corp. v. El Paso Natural Gas Co*., 386

18  U.S. 129 (1967), holding that "the 'existing parties' ha[d] fallen far short of

---

some later, albeit more burdensome, litigation'"), *vacated on other grounds*, 480 U.S. 370 (1987).

[10] In the months leading up to the filing of the Complaint in the present case, ABA made presentations to the FTC outlining ABA's interest therein which is set forth above, except that ABA focused on a Robinson-Patman Act claim against Amazon, not on a claim that Amazon's coercion of book publishers to accede to wholesale price discrimination constituted exclusionary conduct under §2 of the Sherman Act.

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1 representing ... interests" of the intervention-applicants by pursuing a consent decree

2 that violated the Court's earlier mandate in the case.  *Id*. at 136; *cf*. 15 U.S.C.

3 §16(f)(3) (1974) (even in proceedings for consideration of proposed consent decrees

4 to resolve civil antitrust claims brought by or on behalf of the United States, the court

5 may authorize "intervention as a party pursuant to the Federal Rules of Civil

6 Procedure").

7 While the particular circumstances of *Cascade* are unusual, the Ninth Circuit

8 has recognized that "such a showing is not required" in order to intervene on behalf

9 of the federal government under Rule 24(a)(2) because "the requirement of

10 inadequacy of representation is satisfied if the applicant shows that representation of

11 its interests 'may be' inadequate and ... the burden of making this showing is

12 minimal." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983),

13 citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).  *See also*

14 *United States v. Oregon*, *supra*.

15 Thus, *Western Watersheds Project v. Haaland*, 22 F.4th 828 (9th Cir. 2022),

16 held that a trade association party to the case did not adequately represent the

17 interests of one of its own members who sought to intervene in the case, even though

18 they both shared the objective of upholding oil and gas leases challenged in that case,

19 because the member raised several colorable arguments not raised by its trade associ-

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    ation, and because the association had a broader interest in representing its member-

2    ship as a whole, such that the member — like ABA here — "brings a unique

3    perspective to this litigation that existing parties may neglect." *Id*. at 840-842.

4           Likewise, in *Southwest Center for Biological Diversity*, *supra*, the Ninth

5    Circuit reversed denial of intervention by a contractors association under Rule

6    26(a)(2) in support of the federal government because — like ABA members — the

7    interest of the association's members was narrower than the government's interest,

8    such that even without showing specific differences, the association raised

9    "'sufficient doubt'" that the government would advance "the same arguments" as

10   the association.  268 F.3d at 822-824, quoting *Trbovich*.

11          Similarly, in *California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir.

12   2006), the Ninth Circuit reversed denial of intervention by physician associations

13   under Rule 26(a)(2) in support of the federal government because — like ABA —

14   the associations had a more parochial interest, and thus advocated a broader

15   construction of the relevant statute, such that they were not adequately represented

16   by the federal government.  *Id*. at 443-445.

17          And in *Washington v. United States Environmental Protection Agency*, 2020

18   WL 1955554, at *3 (W.D. Wash. April 23, 2020), this Court accordingly granted

19   motions of associations of commercial interests for intervention under Rule 24(a)(2)

11

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    in support of the federal government because the government did not adequately

2    represent the associations in that their members had narrower economic interests and

3    the associations made arguments not made by the government.[11]

4          The Ninth Circuit held in *Western Watersheds* that the District Court abused

5    its discretion in holding that the member's motion to intervene was untimely, even

6    though it was filed when "the case had been proceeding for more than two years,

7    during which time the court had permitted other parties to intervene, denied multiple

8    motions to dismiss, transferred part of the case to Wyoming, granted a preliminary

9    injunction, and granted partial summary judgment for Plaintiffs."  22 F.4th at 836.

10    The Ninth Circuit recognized that "prejudice to existing parties[] is 'the most

11    important consideration in deciding whether a motion for intervention is untimely.'"

---

[11] *See also Citizens for Clean Air v. Regan*, 2023 WL 130486, at *2 (W.D. Wash. Jan. 9, 2023) (granting such motion where "it does not appear that the [federal government] is inclined to pursue the arguments [movant] has raised"); *Trident Seafoods Corp. v. Bryson*, 2012 WL 1884657, at *5 (W.D. Wash. May 23, 2012) (granting such motions of associations of commercial fishermen because the federal government may not adequately represent them in that the economic interests of their members are narrower than the government's interest); *Seattle Audubon v. Sutherland*, 2007 WL 130324, at *4 (W.D. Wash. Jan. 16, 2007) (similar as to state government); *Lands Council v. Martin*, 2006 WL 8438085, at *3 (E.D. Wash. Sept. 14, 2006) (similar as to federal government), *aff'd in part, rev'd in part on other grounds*, 479 F.3d 636 (9th Cir. 2007).  *See generally Texas Ins. Co. v. Ares Ins. Managers LLC*, 2023 WL 8237113, at *4-5 (W.D. Wash. Nov. 28, 2023); *Lighthouse Resources Inc. v. Inslee*, 2018 WL 1470839, at *4 (W.D. Wash. March 26, 2018); *Backpage.com, LLC v. McKenna*, 2012 WL 12874162, at *3 (W.D. Wash. July 2, 2012).

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    *Id.* at 838.  The Ninth Circuit noted that the only such prejudice asserted "boils down

2    to the likelihood that additional parties and arguments might make resolution of this

3    case more difficult" and held that this "is a poor reason to deny intervention,

4    particularly given the possibility that [the prospective intervenor's] additional

5    arguments could prove persuasive[;] [t]hat [such intervenor] might raise new,

6    legitimate arguments is a reason to grant intervention, not deny it." *Id.* at 839.[12]

7                    **ABA Meets the Standards for Permissive Intervention**

8          Federal Rule of Civil Procedure 24(b)(1) provides in pertinent part that "[o]n

9    timely motion, the court may permit anyone to intervene who ... (B) has a claim ...

---

[12] Intervention by ABA in this case is further warranted because its motion to inter-
vene was filed at a relatively early stage of the proceedings.  Shortly after a less re-
dacted version of the expansive Complaint against Amazon was filed, ABA consult-
ed with its counsel (who is presently seeking admission *pro hac vice* in this case)
regarding the extent to which ABA's interest therein, previously conveyed to the
FTC (*see* note 10, *supra*), was reflected in the Complaint, and options going forward
otherwise.  Counsel undertook to digest the Complaint in that light, and to review
relevant case law, both antitrust and procedural, while also juggling an unrelated
major appellate matter.  Suffice it to say that ABA's motion to intervene in this case
was filed as soon as reasonably possible under the circumstances, and granting the
motion would cause no delay or disruption in this case. *See Sierra Club*, 18 F.3d at
1206 n.3 ("no prejudice can come from ... pretrial proceedings[] because an inter-
venor 'must accept the proceedings as he finds them'" and "has no right to relitigate
issues already decided").  Compare *Woods v. County of Los Angeles*, 2022 WL
19829548, at *5 (C.D. Cal. March 14, 2022) ("[a]lthough it appears the Proposed
Intervenors could have filed the instant Motion to Intervene earlier, the Court finds
that the eight-month delay and explanation for delay weigh in favor of timeliness");
*cf. Kalbers v. United States Dept. of Justice*, 22 F.4th 816, 823 (9th Cir. 2021)
(discouraging hasty intervention motions that waste resources of courts and parties).

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)                    Potomac Law Group, PLLC
                                                       1455 NW Leary Way, Suite 400
                                                       Seattle, Washington 98107
                                                       Tel. (703) 447-4032; (206) 599-8888

1   that shares with the main action a common question of law or fact."  Rule 24(b)(3)

2   provides that "[i]n exercising its discretion, the court must consider whether the

3   intervention will unduly delay or prejudice the adjudication of the original parties'

4   rights."  ABA asserts a claim against Amazon, detailed at pp. 1-6, *supra*, that shares

5   with plaintiffs' Complaint in this case common questions of law and fact (arising

6   under the Court's federal question jurisdiction).[13]  ABA's intervention in this case

7   is timely and will not unduly delay or prejudice adjudication of the original parties'

8   rights.  *See* note 12 and accompanying text, *supra*.

9       While the Ninth Circuit has recognized certain other factors, *see*, *e.g.*,

10  *Callahan v. Brookdale Senior Living Communities, Inc*., 42 F.4th 1013, 1022-1023

11  (9th Cir. 2022), no such factor weighs against intervention in this case by ABA, as

12  demonstrated previously herein.  *See also Sullivan v. Ferguson*, 2022 WL 10428165,

13  at *6 (W.D. Wash. Oct. 18, 2022) ("' 'streamlining' the litigation ... should not be

14  accomplished at the risk of marginalizing those ... who have some of the strongest

15  interests in the outcome'") ("[c]ourts routinely allow parties to intervene even where

---

[13] This satisfies any "independent grounds for jurisdiction" requirement.  *See Light-house*, 2018 WL 1470839, at *4; *Brumback v. Ferguson*, 343 F.R.D. 335, 345 (E.D. Wash. 2022); note 8, *supra*.

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    they find their interests may be adequately represented by other parties"); *Palmer v.*

2    *Hobbs*, 2022 WL 2111115, at *3-5 (W.D. Wash. May 6, 2022) (similar).

3             **ABA Should at Least Be Accorded *Amicus Curiae* Status**

4         In the unlikely event that intervention by ABA is somehow deemed not

5    warranted in this case, the Court should follow a common practice and accord ABA

6    the status of *amicus curiae* in this case, in support of plaintiffs.  *See*, *e.g., Microsoft*

7    *Corp. v. United States Dept. of Justice*, 2016 WL 4506808, at *9 (W.D. Wash. Aug.

8    29, 2016); *Hooks v. Starbucks Corp.*, 2023 WL 7092047, at *5 (W.D. Wash. Oct.

9    26, 2023); *Blake v. Pallan*, 554 F.2d 947, 953 (9th Cir. 1977).  ABA maintains,

10   however, that as the Ninth Circuit has held, "*amicus curiae* status is [*not*] sufficient

11   for [intervention-applicants such as ABA] to protect their interests[.]"  *Forest*

12   *Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1498 (9th Cir.

13   1995) (reversing the District Court below); *United States v. Los Angeles*, 288 F.3d

14   at 400 (same).

15                       **Conclusion**

16        For the foregoing reasons, the Court should grant ABA's motion to intervene

17   in this case, or at least accord ABA *amicus curiae* status in this case.

18

19

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al*. v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1    Respectfully submitted and DATED this 26th day of April, 2024

2    *I certify that this memorandum contains*
3    *3929 words, in compliance with the Local*
4    *Civil Rules.*
5
6    **POTOMAC LAW GROUP, PLLC**
7
8    By:  */s/ William D. Fisher*
9    William D. Fisher, WSBA No. 27475
10   1455 NW Leary Way, Suite 400
11   Seattle, WA 98107
12   Phone: (206) 599-8888
13   Email: wfisher@potomaclaw.com
14
15   Timothy W. Bergin (*pro hac vice pending*)
16   1717 Pennsylvania Ave., NW, Suite 1025
17   Washington DC 20006
18   Phone: (703) 447-4032
19   Email: tbergin@potomaclaw.com
20
21   *Attorneys for Intervenor American*
22   *Booksellers Association, Inc.*
23
24
25
26
27

MOTION OF AMERICAN BOOK-
SELLERS ASS'N TO INTERVENE
in Case No. 2:23-cv-01495-JHC
(FTC, *et al.* v. Amazon.com, Inc.)

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888