THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | Case No. 2:23-cv-01495-JHC <br><br> **AMAZON'S MOTION TO SEAL EXHIBITS TO AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** <br><br> NOTE ON MOTION CALENDAR: June 7, 2024 |

Pursuant to Local Civil Rule 5(g) and § 5.6 of the Protective Order, Dkt. No. 160, Defendant Amazon.com, Inc. respectfully submits this motion to permanently seal Exhibits 20, 21, 22, and 23 to the Declaration of Kosta S. Stojilkovic in Support of the Opposition ("Stojilkovic Decl."). The documents that Amazon asks the Court to permanently seal are exhibits to Amazon's Opposition ("Opposition") to Plaintiffs' pending non-dispositive motion to compel ("Motion to Compel"), and they contain sensitive business information.[1] Amazon designated the material it seeks to file under seal as confidential under the Protective Order, as disclosing the material would

---

[1] Amazon files this motion to seal exhibits to its Opposition. Consistent with local practice, Amazon is contemporaneously filing a separate response to Plaintiffs' motion to seal Amazon confidential information attached to Plaintiffs' motion to seal exhibits to their Motion to Compel, Dkt. No. 199. Exhibits cited in support of the Opposition are cited as "Ex. __."

AMAZON'S MOTION TO SEAL EXHIBITS TO AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

injure Amazon, and less restrictive alternatives to sealing would not be sufficient to prevent that harm. Amazon also does not oppose a proposed redaction to Exhibit 13 to its Opposition.

## I.  FACTUAL BACKGROUND

On April 25, 2024, Plaintiffs filed the Motion to Compel. On May 13, 2024, Amazon filed its Opposition to Plaintiffs' Motion to Compel. The Opposition contains material that Amazon has designated as confidential, namely Exhibits 20 through 23 to the Stojilkovic Declaration in Support of the Opposition. *See* Declaration of Scott Fitzgerald in Support of the Opposition ¶ 5 ("Fitzgerald Decl.") (describing the confidential information contained within the exhibits).

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for the parties met and conferred via audio conference and email to minimize the amount of material to be filed under seal and to explore redaction and other alternatives to filing under seal. *See* Stojilkovic Decl. ¶ 2. The parties narrowed the scope of material sought to be sealed by agreeing to withdraw confidentiality designations concerning certain exhibits. For other information deemed immaterial to the Motion to Compel, the parties agreed to redactions to the supporting exhibits, including those portions redacted in under-seal filings.

The specific items at issue in this motion to seal, and the requested treatment of each, are detailed here:

| Document | Description of Confidential Material Sought to be Protected | Requested Treatment |
|---|---|---|
| Exhibit 13 to the Opposition | Information concerning FTC activities. | The FTC and a non-party request redaction of the "re" line of the VAL. |
| Exhibits 20–23 to the Opposition | Information about a confidential business negotiation and potential partnership between Amazon and the United States Postal Service. *See* Fitzgerald Decl. ¶ 5. | Amazon requests that these documents remain under seal, without filing public versions. |

AMAZON'S MOTION TO SEAL EXHIBITS TO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

## II. ARGUMENT

Amazon removed its confidentiality designations from most of the exhibits in support of its Opposition so that they could be filed publicly. This material includes, among other things, an excerpt from Amazon's certification of substantial compliance with the FTC's investigation into Amazon's acquisition of MGM, portions of numerous investigational hearing transcripts, and numerous correspondence between the FTC and Amazon's counsel.

Amazon only seeks sealing for four of the 23 exhibits to its Opposition. These four documents should remain sealed because they contain highly sensitive commercial information in the competitive retail environment. *See* Fitzgerald Decl. ¶ 5. For the reasons below, Amazon respectfully requests that the Court grant its request to seal this information. Amazon also does not oppose a proposed redaction to Exhibit 13 to its Opposition.

### A. The Good Cause Standard Applies To This Motion.

A party need only show "good cause" under the Rule 26(c) standard to seal material attached to a nondispositive motion such as Plaintiffs' Motion to Compel.[2] *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "[T]he public interest in accessing nondispositive motions is not as strong as dispositive motions . . . because nondispositive motions 'are *often* "unrelated, or only tangentially related, to the underlying cause of action."'" *Id.* at 1098 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see, e.g.*, *FTC v. DirecTV, Inc.*, 2016 WL 7386133, at *1 (N.D. Cal. 2016) (good cause standard applied to exhibits supporting a motion for Rule 37 sanctions for failure to preserve evidence). Under Rule 26(c), a court may, for good cause, enter a protective order—including an order that requires "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"—"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Bold Ltd. v. Rocket Resume, Inc.*,

---

[2] Plaintiffs agree that "good cause" is the applicable standard. *See* Pls.' Mot. to Seal 2, Dkt. No. 199.

AMAZON'S MOTION TO SEAL EXHIBITS TO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2024 WL 54692, at *2 (N.D. Cal. 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure." (citation omitted)).

**B.    There Is Good Cause To Seal Exhibits 20 Through 23 To The Opposition.**

Amazon requests that Exhibits 20 through 23 to the Opposition be sealed in full. These Exhibits are email communications and memoranda that explain in extensive detail Amazon's confidential negotiation strategy and confidential potential terms of various business opportunities with the United States Postal Service. Revealing such information would publicize Amazon's business considerations and strategy, and would cause Amazon competitive harm in at least three ways: it would disadvantage Amazon in future negotiations with USPS; it would disadvantage Amazon in future negotiations with alternative carriers (like UPS or FedEx); and it would disadvantage Amazon because other retailers could crib information and negotiating strategies from the documents. The publication of this information would effectively give Amazon's competitors access to information that the antitrust laws prohibit Amazon from sharing with them voluntarily.

Similar injuries are routinely found to satisfy the more exacting compelling reason standard and thus meet the good cause standard applicable here. *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *3 (N.D. Cal. 2023) (granting sealing motion because "disclosure of th[e] material would plausibly cause . . . competitive harm by hampering [the party's] ability to negotiate future contracts"); *Wacom Co. v. Hanvon Corp.*, 2008 WL 623631, at *2, *3 (W.D. Wash. 2008) (sealing "confidential distribution agreements and financial documents," as well as a document containing information about a "confidential negotiation between Plaintiffs and a third party"). This request does not affect any portion of the text of the Opposition. Amazon has thus shown good cause for sealing Exhibits 20 through 23.

AMAZON'S MOTION TO SEAL EXHIBITS TO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**C.     Amazon Does Not Oppose A Proposed Redaction To Exhibit 13.**

The "re" line on page 1 of Exhibit 13 to the Opposition contains information sought to be redacted by the FTC and a non-party. Amazon does not oppose the proposed redaction.

### III.     CONCLUSION

Amazon respectfully requests that the Court grant Amazon's Motion to Seal and order that the above-described documents be filed under seal.

DATED this 13th day of May, 2024.

*I certify that this memorandum contains 1,149 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
           molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
           jschmidtlein@wc.com
           khodges@wc.com
           cmetz@wc.com
           cpruski@wc.com
           jpitt@wc.com
           ktrefz@wc.com

AMAZON'S MOTION TO SEAL EXHIBITS TO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Katharine Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Phone: (202) 662-5407
Email: tbarnett@cov.com
           kmitchelltombras@cov.com

**WILKINSON STEKLOFF LLP**

Kosta S. Stojilkovic (*pro hac vice* pending)
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email: kstojilkovic@wilkinsonstekloff.com

*Attorneys for Defendant Amazon.com, Inc.*

---

AMAZON'S MOTION TO SEAL EXHIBITS TO
AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 6
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401