THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | Case No. 2:23-cv-01495-JHC<br><br>**AMAZON'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL** |

Pursuant to Local Civil Rule 5(g) and § 5.6 of the Protective Order, Dkt. No. 160, Defendant Amazon.com, Inc. respectfully submits this request to permanently seal Exhibit B and portions of Exhibit E to Plaintiffs' pending non-dispositive motion to compel ("Motion to Compel"). These documents contain sensitive business information or information that would otherwise result in embarrassment or annoyance to employees not at issue in this litigation.[1] Amazon designated the material it seeks to file under seal as confidential under the Protective Order, as disclosing the material would injure Amazon and its personnel, and less restrictive alternatives to sealing would not be sufficient to prevent that harm.

---

[1] Consistent with local practice, Amazon moves to seal Amazon's confidential information in this response brief, as opposed to a motion, because Plaintiffs attached the exhibits to their Motion to Compel and moved to seal the material temporarily. Amazon is contemporaneously filing a separate motion to seal exhibits attached to its Opposition to the Motion to Compel. Exhibits filed in support of Plaintiffs' Motion to Compel are cited as "Mot. Ex. __."

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

Additionally, Plaintiffs have represented to Amazon that they will withdraw their requests for sealing portions of Exhibits B–E, G, and L that they had originally asked the Court to seal in their motion. Thus, the only remaining issues as to sealing for the Motion to Compel concern Exhibits B and E.

## I.  FACTUAL BACKGROUND

On April 25, 2024, Plaintiffs filed the Motion to Compel. Two supporting exhibits to the Motion to Compel contain material that Amazon has designated as confidential. The exhibits are Exhibits B and E to the Declaration of Emily K. Bolles in Support of the Motion to Compel. At Amazon's request, Plaintiffs temporarily moved to seal this material to allow Amazon an opportunity to provide the basis for sealing. Plaintiffs separately sought to seal portions of Exhibits B–E, G, and L about a nonpublic FTC investigation that relates to Amazon. Amazon consents to making public this information Plaintiffs seek to seal (subject to Amazon's request to keep Exhibit B and portions of Exhibit E under seal), and Plaintiffs have represented to Amazon since their filing that they intend to withdraw their request for sealing this material.

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for the parties met and conferred via audio conference and email to minimize the amount of material to be filed under seal and to explore redaction and other alternatives to filing under seal. *See* Declaration of Kosta S. Stojilkovic in Support of the Opposition ¶ 2 ("Stojilkovic Declaration"). The parties narrowed the scope of material sought to be sealed by agreeing to withdraw confidentiality designations concerning certain exhibits. For other information deemed immaterial to the Motion to Compel, the parties agreed to redactions to the supporting exhibits, including those portions redacted in under-seal filings.

The specific items at issue in this response, and Amazon's requested treatment of each, are detailed here:

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

| Document | Description of Confidential Material Sought to be Protected | Requested Treatment |
|---|---|---|
| Exhibit B to the Motion to Compel | A detailed log, prepared by Amazon's counsel, of Signal communications by numerous Amazon personnel over a period of about three years. | Amazon requests that this document remain under seal, without filing a public version.<br><br>In the alternative, Amazon requests that the entire document be redacted in any publicly filed version, except for pages 1–2. |
| Portions of Exhibit E to the Motion to Compel | Information about a confidential business negotiation and potential partnership between Amazon and a non-party. | Amazon requests to file this exhibit under seal and to file publicly a version with limited redactions obscuring only the confidential material. |

*See* Declaration of Scott Fitzgerald in Support of the Opposition ¶¶ 3–4 ("Fitzgerald Decl.") (describing the confidential information contained within the above-described documents).

## II.    ARGUMENT

Amazon removed its confidentiality designations from the vast majority of the material Plaintiffs cited in support of their Motion so that it could be filed publicly. This material includes, among other things, a 20-page written submission detailing Amazon's preservation efforts including the recipients and dates of preservation notices issued by Amazon in response to the FTC's investigation, the names and circumstances of investigation custodians who used Signal, and the steps that Amazon took to collect Signal and other electronically stored information over the course of the investigation. *See* Mot. Ex. D. The material also includes extended portions of numerous investigational hearing transcripts, a series of Signal and email messages chosen for inclusion by Plaintiffs, and numerous correspondence to the FTC from Amazon's counsel. *See* Mot. Exs. A, C, F, G, H, I, J, K, L, M, N, O, P, Q, R, and S.

Amazon only seeks sealing for two of the 19 exhibits to the Motion. These two documents should remain sealed because they contain highly sensitive commercial information relating to the

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

competitive retail environment and otherwise may cause embarrassment to the individuals implicated in the material. *See* Fitzgerald Decl. ¶¶ 3–4; *see also* Mot. Ex. E, Dkt. No. 201-04 (filed under seal) (indicating redactions). For the reasons below, Amazon respectfully requests that the Court grant its request to seal this information.

A.   **The Good Cause Standard Applies To This Motion.**

A party need only show "good cause" under the Rule 26(c) standard to seal material attached to a nondispositive motion such as Plaintiffs' Motion to Compel.[2] *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "[T]he public interest in accessing nondispositive motions is not as strong as dispositive motions . . . because nondispositive motions "are *often* 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* at 1098 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see, e.g.*, *FTC v. DirecTV, Inc.*, 2016 WL 7386133, at *1 (N.D. Cal. 2016) (good cause standard applied to exhibits supporting a motion for Rule 37 sanctions for failure to preserve evidence). Under Rule 26(c), a court may, for good cause, enter a protective order—including an order that requires "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"—"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Bold Ltd. v. Rocket Resume, Inc.*, 2024 WL 54692, at *2 (N.D. Cal. 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure.").

B.   **There Is Good Cause To Seal Exhibit B To The Motion To Compel.**

Amazon requests that Exhibit B to the Motion to Compel be sealed in its entirety. The exhibit is a detailed log prepared by Amazon's outside counsel of Signal communications by

---

[2] Plaintiffs agree that "good cause" is the applicable standard. *See* Plaintiffs' Motion to Seal at 2–3.

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

numerous Amazon personnel over a period of three years. Its public filing would reveal potentially sensitive business information and strategies.

Exhibit B was created in the interest of cooperation and transparency and as a way to convey information to the FTC during the pre-complaint investigation. In essence, Exhibit B identifies and describes Signal screenshots that relate to matters different from the business practices and topics at issue in this case, including the dates, participants, and subject matter of each conversation, as well as Signal message settings in each conversation. While neither relevant nor material to this case, in its totality this information reveals the communication patterns and potentially sensitive areas of business focus of various Amazon executives. Courts regularly seal detailed logs or minutes that similarly compile sensitive non-public information related to business activities and communications. *See, e.g.*, *Loc. Access, LLC v. Peerless Network, Inc.*, 2015 WL 5307729, at *3–4 (M.D. Fla. 2015) (sealing documents because publicly revealing "all the minutes that went to a [plaintiff's] phone number that was pulled out of" the [defendant's] database," with financial information, "could negatively impact the parties' business operations, and that this concern outweighs the public's interest in accessing the exhibit"); *Acuity Brands, Inc. v. Bickley*, 2017 WL 1426800, at *6 (E.D. Ky. 2017) (sealing "a meeting schedule that [a defendant] organized"); *Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, at *18 (D. Minn. 2014) (sealing minutes that "reflect the inner workings of the fiduciary committees and contain the comments and insights by committee members" and information about "relationships with . . . service providers"). And many of the conversations relate to sensitive public relations and human resources issues. *See, e.g.*, *Trevino v. Golden State FC LLC*, 2020 WL 550702, at *2 (E.D. Cal. 2020) (granting motion to seal information "that detail competitively sensitive human resources practices relating to employee development and discipline").

In addition, publicly revealing a compilation of such information threatens the privacy interests of the personnel whose messages are logged in Exhibit B. Most of those individuals were not even custodians in the FTC investigation and some are not even Amazon personnel.

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  *Cf. Rangarajan v. Caterpillar Inc.*, 2017 WL 2332857, at *15 (C.D. Ill. 2017) (granting motion to seal employment records of non-parties). They would be exposed to undue annoyance and embarrassment if Exhibit B were published. And the repeated log references to human resources issues are likely to invite speculation about the contents of those conversations. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

Finally, Plaintiffs' own litigation conduct confirms that the vast majority of the messages summarized in Exhibit B are of no relevance to this case. As detailed in Amazon's Opposition to Plaintiffs' Motion to Compel, Amazon invited the FTC to inspect the communications detailed in Exhibit B despite the irrelevance of the communications to the merits of the FTC's investigation. After such inspections, Plaintiffs only requested that a small minority of the inspected messages be produced in this case. In particular, of the approximately 300 log entries, Plaintiffs have only requested screenshots to be produced from 44 (14%). The remaining 86% of the log entries do not contain any screenshots that even Plaintiffs asked to be produced in this case. As such, the vast majority of the entries in Exhibit B are plainly and indisputably of no relevance to this litigation, which counsels against unsealing. *See* Local Rules W.D. Wash. 5(g)(1)(B) ("Parties must protect sensitive information by redacting sensitive information (including, but not limited to, the mandatory redactions of LCR 5.2) that the court does not need to consider."); *e.g.*, *Equal Emp. Opportunity Comm'n v. St. Joseph's/Candler Health Sys., Inc.*, 2022 WL 17978822, at *12 (S.D. Ga. 2022) (finding good cause to seal private records "irrelevant to the issues in this case"). For all these reasons, Exhibit B should remain sealed in its entirety.

In the alternative, if the Court were to consider partial unsealing, the only portions of Exhibit B that could be unsealed consistent with the good cause standard of Rule 26(c) are pages 1 and 2, which provide a general overview of how the log was created and what it contains. The remaining pages of Exhibit B, which detail each collected conversation, should be redacted from any public version. *See, e.g.*, *Campbell v. Facebook Inc.*, 2015 WL 12965295, at *3 (N.D. Cal.

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

2015) (finding the potential for "annoyance, embarrassment, or other significant harm" and thus good cause to seal "a table that provides identifying information about the senders and recipients of 19 private messages," including names, "the time and date of the messages," and "the URL contained in the message," and leaving unsealed only headings and production numbers).

There is no less restrictive alternative that sufficiently protects the commercial interests and privacy interests at stake. Any partial unsealing of the log entries that begin on page 3 of Exhibit B will invite speculation about whose names appear under redacted entries, both from the public and from other Amazon employees. Any partial unsealing of the topics discussed will reveal information about what issues and business opportunities Amazon personnel were focused on during the period logged in Exhibit B. And any partial unsealing of Signal message settings would expose Amazon personnel to annoyance and embarrassment, particularly since most of the individuals and messages described in the log bear no relationship to this case. All this information is available to the Court, and the proper adjudication of Plaintiffs' non-dispositive discovery motion is not advanced by making it available to the public.

**C.  There Is Good Cause To Seal Limited Portions Of Exhibit E To The Motion To Compel.**

Amazon requests that redactions be applied to all blue highlighting and the yellow highlighting in the subject line of the version of Exhibit E to the Motion to Compel that Plaintiffs submitted to the Court before Exhibit E is publicly posted.

Exhibit E explains Amazon's confidential negotiation strategy and confidential potential terms of various business opportunities with another company. Revealing such information would publicize Amazon's business considerations and strategy in evaluating similar opportunities and cause Amazon competitive harm by making that confidential information available to potential partners and competitors. The publication of this information would effectively give Amazon's competitors access to information that the antitrust laws prohibit Amazon from sharing with them voluntarily.

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Similar injuries are routinely found to satisfy the more exacting compelling reason standard and thus meet the good cause standard applicable here. *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *3 (N.D. Cal. 2023) (granting sealing motion because "disclosure of th[e] material would plausibly cause . . . competitive harm by hampering [the party's] ability to negotiate future contracts"); *Wacom Co. v. Hanvon Corp.*, 2008 WL 623631, at *2, *3 (W.D. Wash. 2008) (sealing "confidential distribution agreements and financial documents," as well as a document containing information about a "confidential negotiation between Plaintiffs and a third party"). Amazon has narrowly tailored its proposed redactions to just seal only those commercially sensitive parts. No information cited in Plaintiffs' Motion to Compel would be sealed. Amazon has thus shown good cause for sealing Exhibit E.

**D.     Plaintiffs Have Represented To Amazon That They Will Withdraw Their Requests For Sealing Portions Of Exhibits B–E, G, And L.**

Plaintiffs' Motion requests that the Court permanently seal portions of Exhibits B through E, G, and L that refer to a nonpublic FTC investigation, asserting that the FTC is required to keep this information confidential. However, Amazon understands that Plaintiffs will withdraw that request, because Amazon has elected to discuss the relevant FTC investigation publicly in responding to the Motion, thereby obviating any need for sealing. Plaintiffs informed Amazon of their withdrawal of confidentiality designations in a May 10, 2024 meet and confer and email correspondence since that time.

### III.     CONCLUSION

Amazon respectfully requests that the Court grant the Motion to Seal and order that Exhibit B and portions of Exhibit E be filed under seal as explained.

//
//
//
//

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 13th day of May, 2024.

*I certify that this memorandum contains 2,489 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
          molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
          jschmidtlein@wc.com
          khodges@wc.com
          cmetz@wc.com
          cpruski@wc.com
          jpitt@wc.com
          ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Katharine Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Phone: (202) 662-5407
Email: tbarnett@cov.com
          kmitchelltombras@cov.com

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 9
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

|   |   |
|---|---|
| 1 | **WILKINSON STEKLOFF LLP** |
| 2 | Kosta S. Stojilkovic (*pro hac vice* pending) |
| 3 | 2001 M Street NW, 10th Floor<br>Washington, DC 20036 |
| 4 | Phone: (202) 847-4045<br>Email: kstojilkovic@wilkinsonstekloff.com |
| 5 | *Attorneys for Defendant Amazon.com, Inc.* |

AMAZON'S RESPONSE TO PLAINTIFFS'
MOTION TO SEAL - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401