THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S OPPOSITION TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 1

ARGUMENT ............................................................................................................. 3

I.      ABA's Motion Should Be Denied Because It Is Procedurally Defective. ........................ 3

     A.      ABA's Motion Does Not Comply With Rule 24(c) Because It Fails to
Include a Proposed Pleading. ............................................................................. 3

     B.      ABA's Motion to Intervene Is Untimely. ......................................................... 4

II.     ABA Does Not Meet the Standard for Intervention as of Right. ................................... 5

III.    ABA Does Not Meet the Standard for Permissive Intervention. ................................... 9

IV.     ABA Should Not Be Accorded *Amicus Curiae* Status. ................................................ 10

CONCLUSION .......................................................................................................... 10

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akina v. Hawaii*,
    835 F.3d 1003 (9th Cir. 2016) ....................................................................................7

*Apple Inc. v. Iancu*,
    2021 WL 411157 (N.D. Cal. Feb. 5, 2021) ..............................................................10

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) .................................................................................6, 8

*Bookends & Beginnings LLC v. Amazon.com, Inc., et al.*,
    No. 1:21-cv-02584 (S.D.N.Y. Aug. 25, 2023), ECF 206 ..........................................2

*BP W. Coast Prods., LLC v. Shalabi*,
    2012 WL 12881914 (W.D. Wash. Feb. 23, 2012) .....................................................7

*Buffin v. City & Cnty. of San Francisco*,
    2016 WL 6025486 (N.D. Cal. Oct. 14, 2016) ...........................................................3

*Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*,
    54 F.4th 1078 (9th Cir. 2022) ...................................................................................3

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*,
    386 U.S. 129 (1967) ...................................................................................................9

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) .............................................................................5, 7, 9

*FTC v. Cardiff*,
    2020 WL 766336 (C.D. Cal. Jan. 14, 2020) .......................................................5, 10

*Hooks v. Starbucks Corp.*,
    2023 WL 7092047 (W.D. Wash. Oct. 26, 2023) .....................................................10

*Ironshore Indem. Inc. v. Kay*,
    2022 WL 293230 (D. Nev. Feb. 1, 2022) ................................................................4

*Koepke v. Becton, Dickinson and Co.*,
    74 F.3d 1246 .............................................................................................................7

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ..................................................................................7

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - ii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Cal. ex rel. Lockyer v. United States*,
 450 F.3d 436 (9th Cir. 2006) ..................................................................................9

*Oakland Bulk & Oversized Terminal, LLC v. Oakland*,
 960 F.3d 603 (9th Cir. 2020) ..................................................................................8

*Peak Asphalt, LLC v. Nat'l Fire Ins. Co. of Harford*,
 2008 WL 5429730 (D. Idaho Dec. 31, 2008) .........................................................4

*Perry v. Proposition 8 Off. Proponents*,
 587 F.3d 947 (9th Cir. 2009) ..................................................................................5

*Puget Soundkeeper All. v. EPA*,
 314 F.R.D. 516 (W.D. Wash. 2016) ........................................................................9

*Raines v. Seattle School Dist. No. 1*,
 2009 WL 3444865 (W.D. Wash. Oct. 23, 2009) ....................................................3

*S. Cal. Edison Co. v. Lynch*,
 307 F.3d 794 (9th Cir. 2002) ...............................................................................6, 9

*Schudel v. Searchguy.com, Inc.*,
 2009 WL 10671749 (S.D. Cal. Aug. 4, 2009) .........................................................4

*Sierra Club v. EPA*,
 2013 WL 5568253 (N.D. Cal. Oct. 9, 2013)............................................................9

*Sw. Ctr. for Biological Diversity v. Berg*,
 268 F.3d 810 (9th Cir. 2001) ..................................................................................9

*United States v. City of Los Angeles*,
 288 F.3d 391 (9th Cir. 2002) ..................................................................................7

*United States v. Oregon*,
 913 F.2d 576 (9th Cir. 1990) ..................................................................................8

*Washington v. EPA*,
 2020 WL 1955554 (W.D. Wash. Apr. 23, 2020).....................................................9

*Westchester Fire Insurance Company v. Mendez*,
 585 F.3d 1183 (9th Cir. 2009) ................................................................................4

*Western Watersheds Project v. Haaland*,
 22 F.4th 828 (9th Cir. 2022) ...................................................................................9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

**Statutes**

2

FTC Act or Sherman Act ........................................................................................................7

3

Robinson-Patman Act ..................................................................................................1, 2, 5, 7

4

**Other Authorities**

5

Case Scheduling Order, ECF 159 (Feb. 13, 2024) ...........................................................4

6

Fed. R. Civ. P. 24 ................................................................................................... *passim*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - iv
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## INTRODUCTION

2   The American Booksellers Association ("ABA")'s Motion to Intervene should be denied

3   because it is procedurally and substantively deficient.  Contrary to Ninth Circuit caselaw, ABA

4   seeks to inject new issues and arguments that diverge from and contradict those in the Complaint,

5   leaving Amazon to respond to inconsistent arguments.  For example, ABA claims Amazon's prices

6   are too low; Plaintiffs claim Amazon's featuring of competitive prices in its store allegedly causes

7   higher prices in Amazon's store and elsewhere.  ABA claims brick-and-mortar and online

8   bookstores are part of the relevant market; Plaintiffs claim that the relevant market excludes brick-

9   and-mortar stores and consists only of a handful of online "superstores," such as Walmart.com and

10  Target.com.  ABA's claims are premised on the Robinson-Patman Act; Plaintiffs bring no such

11  claims.  Rule 24 intervention is not intended to allow the addition of such unrelated and

12  contradictory legal theories.

13  There are separate and independent procedural defects to ABA's Motion. It is not

14  accompanied by a proposed pleading that provides notice of its claims, as required by Rule 24,

15  and is untimely because it was filed seven months after Plaintiffs' Complaint, and after the deadline

16  for joining additional parties.

17  The Court should deny ABA's Motion to Intervene.[1]

18

## BACKGROUND

19  On September 26, 2023, Plaintiffs filed their Complaint.[2]  Since then, Amazon filed a

20  motion to dismiss the Complaint, which is fully briefed.  The Court has considered the parties'

21  submissions and entered a Case Scheduling Order that set March 14, 2024 as the deadline for

22  joining additional parties.  Discovery is well underway and document production is expected to be

23  substantially completed in the coming months.

24

25  [1] Amazon understands that the FTC also intends to oppose ABA's motion.

26  [2] On March 14, 2024, Plaintiffs amended their Complaint to add Vermont and Puerto Rico as Plaintiffs.  The substantive allegations were unchanged.

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - 1
(Case No. 2:23-cv-01495-JHC)

1    ABA is an association of independent bookstores that mainly sell through brick-and-mortar

2    stores, although some operate online bookstores.  ABA's public statements indicate that its

3    members are thriving, contrary to its claims here that "Amazon has stifled . . . competition by ABA

4    members." Mot. 2.[3]

5    ABA asserts that it has closely tracked this action, Mot. 9 n.10, but it waited seven months

6    to file its Motion to Intervene.  This is not the first time that ABA has advanced claims against

7    Amazon of the type discussed in its Motion.  In November 2022, ABA met with the FTC "to

8    discuss Amazon's anticompetitive behavior in the book industry," and in 2023, submitted a white

9    paper describing that alleged behavior.[4]  ABA urged the FTC to bring a Robinson-Patman Act

10   claim based on Amazon's charging lower prices than ABA's members. Mot. 9 n.10.  ABA claims

11   that Amazon's prices are so low that ABA members cannot match those prices "except by forgoing

12   a sustainable margin, or incurring a loss, given the higher wholesale prices concurrently paid by

13   ABA members for the same books." Mot. 2.  Notably, one ABA seller attempted, unsuccessfully,

14   to bring these types of claims in a putative class-action lawsuit against Amazon and several book

15   publishers.  The federal court dismissed that case with prejudice after two years of litigation, and

16   the plaintiff elected not to appeal.[5]

17   In this case, the FTC declined to pursue ABA's legal theory.  The Complaint does not

18   allege a Robinson-Patman Act claim, does not allege that Amazon offers lower prices than other

19   booksellers, and does not allege that ABA booksellers are within the relevant market.  Indeed, the

20

21

22   [3] ABA's 2022 Annual Report highlights the 173 brick-and-mortar bookstores that opened in 2022 and criticizes "the pervasive rumor that independent bookstores are closing in great numbers."  ABA 2022 Annual Report 6-7.  ABA's own "statistics show a very different trend," *id.* at 7, and its  membership is currently at its "highest levels in more than 20 years."  https://apnews.com/article/independent-bookstores-membership-growth-66678667daa1e0529ffe6ad9c7273459 (visited May 23, 2024).

23

24   [4] https://www.bookweb.org/news/aba-urges-ftc-and-doj-target-amazon%E2%80%99s-books-monopoly-1629808 (visited May 23, 2024).

25

26   [5] *Bookends & Beginnings LLC v. Amazon.com, Inc., et al.*, No. 1:21-cv-02584 (S.D.N.Y. Aug. 25, 2023), ECF 206, at 2; *see also* https://www.bookweb.org/member_directory/search/ABAmember/results/bookends/evanston/il/60201 (identifying the plaintiff in that case as an ABA member) (last visited May 23, 2024).

1   Complaint mentions Amazon's book business only two times, once merely to note Amazon's start

2   as an online bookstore.  Compl. ¶¶ 69, 425.[6]

3                                    **ARGUMENT**

4           ABA's untimely motion is procedurally deficient because it fails to attach a pleading from

5   which the Court could evaluate the relationship between ABA's proposed claims and the

6   Complaint's allegations.  Moreover, ABA fails to satisfy the requirements for Rule 24(a)

7   intervention as of right or Rule 24(b) permissive intervention.

8   **I.    ABA's Motion Should Be Denied Because It Is Procedurally Defective.**

9           As discussed below, ABA's Motion asserts legal theories that contradict those in the

10  Complaint and have no place in this action.  But, as a threshold matter, the Court should deny

11  ABA's Motion because it is procedurally deficient.

12          **A.    ABA's Motion Does Not Comply With Rule 24(c) Because It Fails to Include
13                  a Proposed Pleading.**

14          ABA's Motion is not "accompanied by a pleading that sets out the claim or defense for

15  which intervention is sought," as required by Rule 24(c).  ABA argues that the Ninth Circuit

16  considers this only to be a technical requirement.  Mot. 3 n.4.  But the requirement is "technical"

17  only in that non-compliance will not waive a would-be intervenor's substantive rights.  The Ninth

18  Circuit has *not* held that Rule 24(c)'s requirement can simply be ignored.  *See Cal. Dep't of Toxic*

19  *Substances Control v. Jim Dobbas, Inc.,* 54 F.4th 1078, 1086 n.7 (9th Cir. 2022) (although failure

20  to submit pleading in District Court was a technical defect, pleading is still required and failure to

21  include pleading should be corrected on remand).  Courts in this Circuit regularly deny intervention

22  motions when the movant fails to comply with Rule 24(c), and otherwise fails to offer a sufficient

23  basis for how the movant's claims relate to the pending claims.  *See Buffin v. City & Cnty. of San*

24  *Francisco*, 2016 WL 6025486, at *13 (N.D. Cal. Oct. 14, 2016); *Raines v. Seattle School Dist. No.*

25

26  _____

[6] All citations to "Compl." are to Plaintiffs' Amended Complaint.

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - 3
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  *1*, 2009 WL 3444865, at *1 (W.D. Wash. Oct. 23, 2009); *Schudel v. Searchguy.com, Inc.*, 2009

2  WL 10671749, at *3 (S.D. Cal. Aug. 4, 2009); *Peak Asphalt, LLC v. Nat'l Fire Ins. Co. of Harford*,

3  2008 WL 5429730, at *1 (D. Idaho Dec. 31, 2008).

4      *Westchester Fire Insurance Company v. Mendez*, 585 F.3d 1183 (9th Cir. 2009), which

5  ABA cites, Mot. 3 n.4, does not validate ABA's failure to attach a pleading. *Westchester* excused

6  the failure to attach a pleading only when "the court was otherwise apprised of the grounds for the

7  motion" or "the intervenor [was] content to stand on the pleading an existing party has filed." *Id.*

8  This would be the case when the intervenor's allegations are "'identical'" to those in the pending

9  complaint. *Westchester*, 585 F.3d at 1188 (*quoting* 7C Charles Alan Wright, Arthur R. Miller &

10  Mary Kay Kane, *Federal Practice and Procedure* § 1914 (3d ed. 2009)).  When, as here, the

11  proposed intervenor's "interest is not so obvious," failure to attach a pleading is not excused.

12  *Ironshore Indem. Inc. v. Kay*, 2022 WL 293230, at *6 (D. Nev. Feb. 1, 2022).

13      ABA admittedly does not advance interests or theories identical to those in the Complaint.

14  Plaintiffs' Complaint does not focus on the retail book issues of interest to ABA.  Mot. 2.  For

15  example, the Complaint contains no allegations related to Amazon's wholesale contracts with

16  publishers.  ABA's core legal theory, that Amazon's prices are so low that its members cannot

17  effectively compete, contradicts the premise of Plaintiffs' claims, that Amazon's featuring of

18  competitive prices in its store allegedly causes prices to be too high.  And ABA's claims center on

19  competition between Amazon and brick-and-mortar booksellers, which are not within the relevant

20  market alleged in the Complaint.  ABA also admits that, in light of those facts, it would need to

21  pursue its own discovery and remedy.  *See* Mot. 5-6.  In sum, ABA's legal theories are wholly

22  absent from, and contradict, Plaintiffs' theories.  ABA's failure to attach a pleading alone is ground

23  to deny ABA's Motion.

24      **B.**    **ABA's Motion to Intervene Is Untimely.**

25      ABA seeks to intervene seven months after Plaintiffs filed the Complaint and more than a

26  month after the deadline to join additional parties.  Case Scheduling Order, ECF 159 (Feb. 13,

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - 4
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2024).  Plaintiffs' legal theories have not changed since this case was filed.  ABA's assertion that it needed months to "review relevant case law" and consider whether the Complaint reflected its interests, Mot. 13 n.12, is implausible.  ABA engaged in a lengthy campaign against Amazon, submitted a white paper to the FTC, and "[i]n the months leading up to the filing of the Complaint," made "presentations to the FTC outlining ABA's interest therein" that focused on a Robinson-Patman Act claim.  Mot. 9 n.10.  ABA knew of the claims and allegations described in its Motion well before this case was ever filed.  ABA's untimeliness alone is a ground to deny its Motion. *See FTC v. Cardiff*, 2020 WL 766336, at \*4, \*7 (C.D. Cal. Jan. 14, 2020) (intervention untimely when party waited two months after protected interest arose).  As discussed below, ABA's untimeliness also means that ABA cannot meet the standards for either intervention as of right or permissive intervention.

**II.      ABA Does Not Meet the Standard for Intervention as of Right.**

Even aside from the Motion's procedural defects, intervention is improper.  ABA's claims, which center on Amazon setting prices too low and on brick-and-mortar bookstores' competition with Amazon, are legally and factually at odds with Plaintiffs' claims.

To intervene as of right under Rule 24(a), ABA "must show that: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation omitted).  "Failure to satisfy any one of the requirements is fatal to the application."  *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  ABA fails to satisfy all four requirements.

*First*, ABA does not have a "significant protectable interest relating to" this action.  "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant."  *Donnelly*, 159 F.3d at 410.  An "undifferentiated,

1   generalized interest in the outcome of an ongoing action is too porous a foundation on which to

2   premise intervention as of right." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)

3   (internal quotation omitted).   And an intervenor cannot cure its lack of a protectable interest by

4   "inject[ing] new, unrelated issues into the pending litigation."  *Arakaki v. Cayetano*, 324 F.3d

5   1078, 1086 (9th Cir. 2003).

6        ABA cannot meet this requirement.   ABA's central claim is that Amazon obtains books

7   from wholesale suppliers at lower prices than ABA members, which enables "Amazon to sell

8   books to retail customers at prices that ABA members cannot match except by forgoing a

9   sustainable margin."   Mot. 2.   In other words, ABA argues that its members cannot compete

10  because Amazon charges consumers *lower* prices.   That contradicts Plaintiffs' claims, which allege

11  that Amazon practices result in higher prices.   Indeed, the Complaint's only substantive reference

12  to Amazon's book business claims that "Amazon has raised some book prices."  Mot. 2 (*citing*

13  Compl. ¶ 423).

14       ABA also asserts a relevant market that differs from the two markets alleged in the

15  Complaint.   The Complaint alleges first, an "Online Superstores" market that excludes "brick-and-

16  mortar stores and online stores with a more limited selection."   Compl. ¶ 124.   And second, the

17  Complaint alleges a market for "online marketplace services," which the Complaint claims is

18  comprised of marketplaces that offer particular services to third-party sellers.   Compl. ¶ 188.

19  ABA's members include both brick-and-mortar booksellers and online booksellers, which ABA

20  claims directly compete with Amazon.  *See* Mot. 2, 3, 5, 6.   ABA explicitly faults the Complaint

21  for failing to "focus on Amazon's use of its monopoly power to restrain competition in the sale of

22  books to consumers."   Mot. 2.   But the Complaint's failure to do so results from Plaintiffs' choice

23  to allege an artificial market that excludes both brick-and-mortar retailers and all online stores

24  other than Walmart, Target, and eBay.  *See* Compl. ¶¶ 124, 126-161.   Plaintiffs' purported "online

25  marketplace services" market further emphasizes the mismatch here.   Plaintiffs focus on Amazon's

26  practices with respect to *third-party sellers* in Amazon's Store.   In contrast, ABA complains about

AMAZON'S OPPOSITION TO MOTION OF
AMAZON BOOKSELLERS ASS'N TO
INTERVENE - 6
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Amazon's wholesale purchasing and *Amazon's first-party* retail practices allegedly disadvantaging ABA's members' sales through their own brick-and mortar and online bookstores.

In addition, ABA's claims focus on Robinson-Patman Act theories, *see* Mot. 4, rather than the FTC Act or Sherman Act claims alleged in the Complaint. ABA tried to convince the FTC to include such claims in this case: "In the months leading up to the filing of the Complaint in the present case, ABA made presentations to the FTC . . . focused on a Robinson-Patman Act claim against Amazon." Mot. 9 n.10. Plaintiffs chose not to include these claims, and ABA cannot now force the issue by intervening and alleging inconsistent theories. *See BP W. Coast Prods., LLC v. Shalabi*, 2012 WL 12881914, at *2 (W.D. Wash. Feb. 23, 2012) ("That Intervenors have similar claims that they might like to bring is not sufficient to satisfy Rule 24(a).").

*Second*, the disposition of this action will not "impair or impede" ABA's "ability to protect its interest." Fed. R. Civ. P. 24(a)(2). ABA's claim is premised on a legal theory based on the Robinson-Patman Act that was not alleged by Plaintiffs. *See* Mot. 3-4. And ABA seeks a remedy specific to Amazon's books business, "requiring Amazon to convert its online retail book business to a third-party retail platform such as Amazon's Marketplace." Mot. 6.[7] Plaintiffs have not specified the relief that they seek, but there is no indication from the Complaint that it would be focused on the retail book market. Even if ABA's proposed relief were similar to equitable relief sought by Plaintiffs, "an applicant's mere desire to obtain similar relief is insufficient, by itself, to necessitate intervention." *Donnelly*, 159 F.3d at 411.[8]

*Third*, ABA's Motion is untimely. "Timeliness is the threshold requirement for intervention as of right," *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th

---

[7] ABA does not specify on what legal ground the Court could order Amazon to cease operating as a first-party seller of books. Any such order would be anti-competitive in its own right.

[8] ABA does not explain why *only* intervention would preserve ABA's rights. *See United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) ("doubtful" that movants' interests were impaired by litigation that did not "prevent any individual from [separately] initiating suit"); *Akina v. Hawaii*, 835 F.3d 1003, 1012 (9th Cir. 2016). And any claimed "'inconvenience' or supposed judicial economy considerations are not enough to mandate intervention as of right." *Koepke v. Becton, Dickinson and Co.*, 74 F.3d 1246 (Table), at *2 (9th Cir. 1996); (*citing Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977)).

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Cir. 1997), and if untimely, there is no need to "reach any of the remaining elements of Rule 24."

2    *Id.*   "In determining whether a motion for intervention is timely, [courts] consider three factors:

3    (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

4    parties; and (3) the reason for and length of the delay." *Id.*   "A party seeking to intervene must act

5    as soon as he knows or has reason to know that his interests might be adversely affected by the

6    outcome of the litigation." *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990).

7         ABA offers no justification for its delay in seeking to intervene.  ABA admits that *before*

8    the Complaint was filed, it made a presentation to the FTC urging a Robinson-Patman theory and

9    "outlining ABA's interest" in this action.  Mot. 9 n.10.  Adding legal theories at this stage of the

10   proceeding would be prejudicial and disruptive; as only one example, the parties have already fully

11   briefed a motion to dismiss in this case.  ABA would also raise new factual issues, such as

12   Amazon's contracts with publishers, that it concedes would require discovery that Plaintiffs have

13   not sought.  Mot. 5.  Amazon, too, would require additional discovery, including of ABA's 2,500

14   member booksellers, Mot. 1, concerning, *inter alia*, the alleged impact of Amazon's pricing on

15   those members.  Discovery in this case is already well underway:  Amazon is already in the process

16   of responding to more than 300 requests for production.  The parties also have already negotiated

17   and filed multiple motions on procedural issues, such as scheduling, a protective order, deposition

18   limits and procedures, and ESI protocols.  Adding a new party would require the parties to revisit

19   and duplicate the effort already spent resolving those issues and hinder continued progress in

20   litigating this action.

21        *Finally*, if ABA is right that its "interest in this case is fully consistent with Plaintiffs'

22   Complaint," Mot. 5, Plaintiffs are capable of representing that interest.  Indeed, there is "an

23   assumption of adequacy when the government is acting on behalf of a constituency that it

24   represents." *Arakaki*, 324 F.3d at 1086; *see also Oakland Bulk & Oversized Terminal, LLC v.*

25   *Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (denying intervention when "intervenors failed to offer

26   persuasive evidence . . . that [government's] broader interests would lead it to stake out an

1  undesirable legal position"). It is insufficient that ABA claims to "support[] Plaintiffs' claims."

2  Mot. 3. ABA has not made any showing that Plaintiffs' representation will be inadequate such

3  that ABA needs to intervene. *See Puget Soundkeeper All. v. EPA*, 314 F.R.D. 516, 520-21 (W.D.

4  Wash. 2016) (representation adequate when EPA represented interests of general public while

5  movant represented "narrower economic and other interests of its members").[9]

6  **III.    ABA Does Not Meet the Standard for Permissive Intervention.**

7  ABA likewise fails to show it qualifies for permissive intervention. "An applicant who

8  seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares

9  a common question of law or fact with the main action; (2) its motion is timely; and (3) the court

10  has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412.

11  Even "if an applicant satisfies those threshold requirements, the district court has discretion to

12  deny permissive intervention." *Id*. The court must also "consider whether intervention will unduly

13  delay the main action or will unfairly prejudice the existing parties." *Id*.

14  *First*, ABA's claims do not share common questions of law or fact with this case. "The

15  intervention rule is . . . not intended to allow the creation of whole new lawsuits by the intervenors."

16  *S. Cal. Edison Co.*, 307 F.3d at 804. "[O]pening the door to" ABA's "additional contentions

17  would only serve to confuse the matters at issue in the complaint and to delay the proceedings

18  unnecessarily." *Sierra Club v. EPA*, 2013 WL 5568253, at *5 (N.D. Cal. Oct. 9, 2013). Because

19  the "inclusion of" ABA's "additional claims and relief would necessitate the consideration of

20  extraneous legal and factual issues that [Plaintiffs'] lawsuit would not otherwise invoke,"

21

22  ---
[9] The cases that ABA cites in which courts permitted intervention, Mot. 9-13, involved markedly different

23  circumstances. *See, e.g., Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (government representation inadequate under pre-1966 Rule 24 because it flouted prior Supreme Court mandate); *Western*

24  *Watersheds Project v. Haaland*, 22 F.4th 828, 841-42 (9th Cir. 2022) (proposed intervenor had right to seek specific remedy that existing plaintiffs could not pursue); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (existing defendant admitted it would not "represent proposed intervenors' interests"); *Cal. ex rel. Lockyer v.*

25  *United States*, 450 F.3d 436, 442 (9th Cir. 2006) (disposition of case could result in prosecution of intervenors for failing to provide emergency abortion services); *Washington v. EPA*, 2020 WL 1955554, at *3 (W.D. Wash. Apr. 23,

26  2020) (allowing intervention to assert arguments and rebuttals that the government lacked sufficient information to assert).

1  intervention here is unwarranted.  *Apple Inc. v. Iancu*, 2021 WL 411157, at *6 (N.D. Cal. Feb. 5,

2  2021).

3        *Second*, the motion is untimely for the reasons identified previously.  *Supra* at 4-5, 8; *see*

4  *Cardiff*, 2020 WL 766336, at *7 (intervenor untimely for mandatory intervention also untimely

5  for permissive intervention).

6        *Finally*, intervention will unfairly prejudice Amazon.  ABA seeks to bring theories based

7  on Amazon's retail book business, which is not otherwise a focus of Plaintiffs' Complaint.  ABA

8  concedes that it would need additional "discovery related to Amazon's contracts with book

9  publishers."  Mot. 5.  And Amazon would require discovery of ABA and its members.  This is

10  prejudicial when Amazon has already begun responding to extensive discovery from Plaintiffs,

11  including through electronic discovery and custodial document productions.  Amazon should not

12  be required to start a whole new discovery effort regarding a different business unit at this stage

13  of the case.

14  **IV.  ABA Should Not Be Accorded *Amicus Curiae* Status.**

15        *Amicus curiae* status is traditionally granted to parties for the purposes of stating their

16  views on a particular legal issue or motion.  *See Hooks v. Starbucks Corp.*, 2023 WL 7092047, at

17  *5 (W.D. Wash. Oct. 26, 2023) (permitting amicus curiae to file brief regarding pending motion

18  but explaining amicus could not "file additional memoranda or participate in oral argument unless

19  authorized in advance by the Court").  It is not properly used, as ABA proposes, as an alternate

20  form of intervention in a case for all purposes, by a party that otherwise does not meet the

21  intervention standards of Rule 24.  If ABA wishes to submit an *amicus curiae* brief at an

22  appropriate time, it may move the Court to do so.

23                              **CONCLUSION**

24        For the foregoing reasons, the Court should deny ABA's Motion to Intervene.

25  //

26  //

AMAZON'S OPPOSITION TO MOTION OF
AMERICAN BOOKSELLERS ASS'N TO
INTERVENE - 10
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    DATED this 23rd day of May, 2024.

2                                          *I certify that this memorandum contains 3,641*
                                           *words, in compliance with the Local Civil Rules.*
3

4                                          **MORGAN, LEWIS & BOCKIUS LLP**

5                                          By: *s/ Patty A. Eakes*
                                           Patty A. Eakes, WSBA #18888
6                                          Molly A. Terwilliger, WSBA #28449
                                           1301 Second Avenue, Suite 3000
7                                          Seattle, WA 98101
                                           Phone: (206) 274-6400
8                                          Email: patty.eakes@morganlewis.com
                                                  molly.terwilliger@morganlewis.com
9

10                                         **WILLIAMS & CONNOLLY LLP**
                                           Heidi K. Hubbard (*pro hac vice*)
11                                         John E. Schmidtlein (*pro hac vice*)
                                           Kevin M. Hodges (*pro hac vice*)
12                                         Jonathan B. Pitt (*pro hac vice*)
                                           Carl R. Metz (*pro hac vice*)
13                                         Katherine A. Trefz (*pro hac vice*)
                                           Carol J. Pruski (*pro hac vice*)
14                                         680 Maine Avenue SW
                                           Washington, DC 20024
15                                         Phone: (202) 434-5000
                                           Email:    hhubbard@wc.com
16                                                    jschmidtlein@wc.com
                                                      khodges@wc.com
17                                                    jpitt@wc.com
                                                      cmetz@wc.com
18                                                    ktrefz@wc.com
                                                      cpruski@wc.com
19

20                                         **COVINGTON & BURLING LLP**
                                           Thomas O. Barnett (*pro hac vice*)
21                                         Derek Ludwin (*pro hac vice forthcoming*)
                                           Kate Mitchell-Tombras (*pro hac vice*)
22                                         One CityCenter
                                           850 Tenth Street, NW
23                                         Washington, DC 20001-4956
                                           Phone: (202) 662-5407
24                                         Email: tbarnett@cov.com
                                                  dludwin@cov.com
25                                                kmitchelltombras@cov.com

26                                         *Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S OPPOSITION TO MOTION OF                    **MORGAN, LEWIS & BOCKIUS LLP**
AMERICAN BOOKSELLERS ASS'N TO                              ATTORNEYS AT LAW
INTERVENE - 11                                       1301 SECOND AVENUE, SUITE 3000
(Case No. 2:23-cv-01495-JHC)                          SEATTLE, WASHINGTON 98101
                                                   TEL +1.206.274.6400   FAX +1.206.274.6401