THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE**

NOTE ON MOTION CALENDAR:
May 31, 2024

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I. THE ABA'S PROPOSED INTERVENTION WOULD IMPERMISSIBLY EXPAND THE SCOPE OF THIS CASE BY ADDING NEW ISSUES. ........................................... 5

II. THE ABA IS NOT ENTITLED TO INTERVENTION AS OF RIGHT BECAUSE IT DOES NOT HAVE AN INTEREST IN THIS CASE THAT COULD BE PREJUDICED............................................................................................................... 7

    A. The ABA Does Not Have a Protectable Interest in this Case. ................................ 7

    B. Any Findings in this Case Would Not Prejudice the ABA. ................................... 8

III. PERMISSIVE INTERVENTION IS NOT WARRANTED AS THE ABA'S CLAIMS DO NOT INVOLVE COMMON QUESTIONS, AND INTERVENTION WOULD PREJUDICE THE PARTIES. ............................................................................................ 10

    A. The ABA Does Not Raise Common Questions. ................................................. 10

    B. The ABA's Proposed Intervention Will Slow the Progress of this Case, Contrary to the Public Interest in the Speedy Resolution of Government Enforcement Actions. ................................................................................................................ 11

CONCLUSION............................................................................................................................. 13

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - i
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF AUTHORITIES

**Cases**

*Beckman Indus., Inc. v. International Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ................................................................................................ 11

*City of Jersey City v. Consol. Rail Corp.*,
   968 F. Supp. 2d 302 (D.D.C. 2013), *aff'd*, No. 13-7175, 2014 WL 1378306
   (D.C. Cir. Feb. 19, 2014) .................................................................................................. 3, 7

*Doe v. Horne*,
   No. 23-cv-00185-TUC-JGZ, 2023 WL 6979469 (D. Ariz. Oct. 23, 2023) ....................... 10

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ......................................................................................... 3, 7, 8

*FTC v. First Cap. Consumer Membership Servs., Inc.*,
   206 F.R.D. 358 (W.D.N.Y. 2001) ...................................................................................... 12

*FTC v. Vyera Pharms., LLC*,
   20-cv-00706-DLC, 2021 WL 76336 (S.D.N.Y. Jan. 8, 2021) ........................................... 12

*Greene v. United States*,
   996 F.2d 973 (9th Cir. 1993) ................................................................................... 3, 4, 8, 11

*Illinois Bell Tel. Co. v. FCC*,
   911 F.2d 776 (D.C. Cir. 1990) .............................................................................................. 4

*Ironshore Indem. Inc. v. Kay*,
   No. 2:21-cv-01706-JAD, 2022 WL 293230 (D. Nev. Feb. 1, 2022) ................................. 11

*Marvel Ent. Grp., Inc. v. Hawaiian Triathlon Corp.*,
   132 F.R.D. 143 (S.D.N.Y. 1990) ........................................................................................ 10

*Mishewal Wappo Tribe of Alexander Valley v. Salazar*,
   534 F. App'x 665 (9th Cir. 2013) ....................................................................................... 11

*N. Cal. River Watch v. Fluor Corp.*,
   No. 10-cv-05105-MEJ, 2014 WL 3385287 (N.D. Cal. July 9, 2014) ................................. 8

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996) ............................................................................................... 3, 4

*S. Dakota ex rel. Barnett v. U.S. Dep't of Interior*,
   317 F.3d 783 (8th Cir. 2003) ................................................................................................. 3

*Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*,
   160 F.R.D. 66 (E.D. Pa. 1995) ............................................................................................ 11

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   550 B.R. 241 (Bankr. S.D.N.Y. 2016) ................................................................................. 9

*Sellers v. United States*,
   709 F.2d 1469 (11th Cir. 1983) .......................................................................................... 12

*Seminole Nation of Oklahoma v. Norton*,
   206 F.R.D. 1 (D.D.C. 2001) .............................................................................................. 2, 4

*Seneca Res. Corp. v. Twp. of Highland*,
   863 F.3d 245 (3d Cir. 2017) ............................................................................................... 10

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - ii
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Spangler v. Pasadena City Bd. of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) ............................................................................................ 4
*UMG Recordings, Inc. v. Bertelsmann AG*,
    222 F.R.D. 408 (N.D. Cal. 2004) ................................................................................. 4, 12
*United States v. Blue Lake Power*,
    215 F. Supp. 3d 838 (N.D. Cal. 2016) ................................................................................ 2
*United States v. Google LLC*,
    661 F. Supp. 3d 480 (E.D. Va. 2023) ............................................................................... 12
*United States v. Oregon*,
    839 F.2d 635 (9th Cir. 1988) .............................................................................................. 9
*Vinson v. Washington Gas Light Co.*,
    321 U.S. 489 (1944) ............................................................................................................ 2
*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
    922 F.2d 92 (2d Cir. 1990) .................................................................................................. 1
*Westchester Fire Ins. Co. v. Mendez*,
    585 F.3d 1183 (9th Cir. 2009) .......................................................................................... 11

**Statutes**

15 U.S.C. § 13 .............................................................................................................................. 5

15 U.S.C. § 2 ................................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 24 .................................................................................................................. *passim*

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - iii
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

The American Booksellers Association, Inc. (the "ABA") may well have legitimate claims against Defendant Amazon.com, Inc. ("Amazon" or "Defendant"). But its claims are different from those in this case, and the ABA's Motion to Intervene (Dkt. #205) (the "ABA Motion") does not meet the standards of Federal Rule of Civil Procedure 24 ("Rule 24"). This rule is designed to allow parties with protectable legal interests in a pending litigation to participate in that case before a court makes decisions that could prejudice those interests. That is not the situation here. The ABA's proposed intervention would do no such thing; instead, it would essentially create a "whole new suit." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). Moreover, interpolating the ABA's additional issues into this litigation would inject potential delay and frustrate the public interest in the prompt resolution of government antitrust claims.

The ABA's request to intervene does not meet the standards for either intervention as of right or permissive intervention. First, relevant to both types of intervention, the ABA seeks to impermissibly add new and tangential issues. Second, the ABA does not have a protectable interest in this case as required for intervention as of right. Third, the ABA's request to permissively intervene should be denied because its claims do not raise common questions with those already in this case, and the discretionary factors weigh against permitting intervention, most importantly because intervention would prejudice the existing parties. Plaintiffs do not, however, oppose the ABA's alternative request to participate as an amicus curiae on particular motions or issues, should that assist the Court.

# BACKGROUND

The ABA seeks to intervene based on claims that Amazon "used [its monopsony power] to impose lower but discriminatory wholesale book prices for itself, thereby restraining

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 1
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

competition by ABA members [i.e., independent booksellers]" in the market for the sale of books. ABA Motion at 3. The ABA alleges that Amazon's lower wholesale costs have allowed it "to sell books to retail customers at prices that ABA members cannot match." *Id*. at 2.

Plaintiffs' claims here are different. Plaintiffs allege that Amazon monopolized two other markets—the "online superstore market" (where shoppers can satisfy most of their online shopping needs) and the "market for online marketplace services" (where sellers can reach many shoppers with their products). Am. Compl. ¶ 119 (Dkt. #170). While books are sold in online superstores, books only make up a sliver of these markets, which include products ranging from electronics to clothing and sporting goods. *See id*. ¶ 126 ("An online superstore offers an extensive breadth and depth of product selection accessible through an online storefront. 'Breadth' refers to product offerings across multiple categories, such as sporting goods, kitchen goods, apparel, and consumer electronics."). Plaintiffs challenge Amazon's course of conduct that denies other online superstores and marketplace service providers the scale they need to compete effectively, maintaining Amazon's monopoly power in these markets and harming shoppers and sellers. Unlike the ABA, Plaintiffs' Amended Complaint does not reference Amazon's monopsony power in any market.

## **LEGAL STANDARD**

Rule 24 provides for two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). For both types of intervention, the proposed intervenor cannot "enlarge th[e] issues" or "compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *see also Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 7-8 (D.D.C. 2001) (denying motion to intervene under Rule 24(a) and Rule 24(b) for claims that would improperly raise new issues); *United States v. Blue Lake Power*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016) (denying intervention on

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 2
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

new issues where intervenor's proposed "claims would require litigation of entirely different and hitherto untouched facts, questions of law, and remedies . . . ."). Allowing intervention for tangential matters "would prejudice the other parties by expanding [the] litigation far beyond the original question presented and caus[e] substantial delay in the resolution of [the] case." *City of Jersey City v. Consol. Rail Corp.*, 968 F. Supp. 2d 302, 306 (D.D.C. 2013), *aff'd*, No. 13-7175, 2014 WL 1378306 (D.C. Cir. Feb. 19, 2014).

To intervene as of right under Rule 24(a)(2),[1] the proposed intervenor must show: (1) that it has an interest in the litigation that is "protectable under some law" and (2) that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (internal quotation marks omitted). The proposed intervenor must also show that "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). A proposed intervenor must do more than claim that the "two inquiries are similar." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Rather, a ruling in the original case must actually risk prejudice to the proposed intervenor's rights. *See id*.

For permissive intervention under Rule 24(b)(1)(B),[2] the proposed intervenor must show that it "has a claim or defense that shares with the main action a common question of law or fact." If so, Rule 24(b)(3) requires the Court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See S. Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) ("The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or

---

[1] The ABA does not seek to intervene under Rule 24(a)(1).

[2] The ABA does not seek to intervene under Rule 24(b)(1)(A) or 24(b)(2).

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 3
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

prejudice the adjudication of the parties' rights."); *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 415 (N.D. Cal. 2004) (same). The Court may consider additional factors if the prerequisite common question is found, including whether the proposed intervenor could bring a separate case. *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing potentially relevant factors); *UMG Recordings*, 222 F.R.D. at 415 (denying a motion to intervene because, in part, the proposed intervenor could still bring its own case).

## ARGUMENT

The Court should deny the ABA's request to intervene in this case. First, whether seeking to intervene as of right or at the Court's discretion, proposed intervenors can only raise issues that that "ha[ve] been brought before the court by another party," and the ABA's claims, which concern different markets and different conduct, go well beyond the issues already raised by Plaintiffs. *Seminole Nation*, 206 F.R.D. at 7 (quoting *Illinois Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990)). Likewise, the ABA's attempt to expand the scope of this case fails to meet the specific standards for either mandatory or permissive intervention. The ABA is not entitled to intervention as of right because it does not have a protectable interest in this litigation and, even if it did, it has not shown a "relationship between the legally protected interest and the claims at issue." *Nw. Forest*, 82 F.3d at 837. Similarly, permissive intervention is not merited because the ABA's claims do not share a common question with Plaintiffs' claims, *see Greene*, 996 F.2d at 978, and because intervention would significantly delay the proceedings, frustrating the significant public interest in the prompt resolution of antitrust suits, *see UMG Recordings*, 222 F.R.D. at 415.

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 4
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## I. THE ABA'S PROPOSED INTERVENTION WOULD IMPERMISSIBLY EXPAND THE SCOPE OF THIS CASE BY ADDING NEW ISSUES.

The ABA's claims are, at most, tangential to Plaintiffs' claims here, involving different conduct in different markets. The ABA alleges that Amazon possesses monopsony and monopoly power in a market for books, and that it obtains discriminatory pricing discounts that are unlawful under the Robinson-Patman Act and therefore also violates the Sherman Act. ABA Motion at 3-4; *see also* 15 U.S.C. § 2; 15 U.S.C. § 13. By contrast, Plaintiffs' claims focus on Amazon's monopoly maintenance in the online superstore market and in the online marketplace services market, as well as its unfair methods of competition. These claims are raised under not only the Sherman Act but also the Federal Trade Commission Act and the laws of twelve Plaintiff States. Plaintiffs do not separately allege any market for books, do not reference booksellers, do not allege that Amazon has monopsony power in any market, and do not advance any claims—even indirectly—grounded in the Robinson-Patman Act. *See ABA Files Motion to Intervene in the FTC's Suit Against Amazon*, American Booksellers Ass'n (May 1, 2024), https://www.bookweb.org/news/aba-files-motion-intervene-ftcs-suit-against-amazon-1630556 ("Notably missing from [Plaintiffs'] complaint, however, are independent bookstores.").

The factual and legal questions that the Court would need to resolve for Plaintiffs' claims and the ABA's claims are different. For example, the ABA characterizes its relevant market for books as a "submarket" of Plaintiffs' online superstore market. ABA Motion at 3, 5. However, to show that Amazon has monopsony power in a book market, the ABA would likely address who purchases books from publishers at wholesale prices and in what quantities. In contrast, the Complaint alleges that Amazon has monopoly power in the market of online superstores, which "compete to build long-term relationships with consumers across multiple purchases *of a variety of items . . .* by offering *a distinct set of features*" that encourage shoppers "to return to those

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 5
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

online superstores for a *broad swath of goods*." Am. Compl. ¶ 124 (emphases added). For these reasons, "online stores with a more limited selection"—such as booksellers—"are not reasonably interchangeable with online superstores for the same purposes and are thus properly excluded from the online superstore market." *Id.*; *see also id.* ¶¶ 126-41 (describing unique attributes of online superstore market).

Likewise, the ABA characterizes its allegations regarding Amazon's scheme of obtaining discriminatory wholesale discounts as "fully consistent with Plaintiffs' Complaint" and "an important instance of Amazon's exclusionary conduct." ABA Motion at 5. However, to determine whether Amazon obtains discriminatory prices from book publishers, the ABA would presumably inquire into the pricing offered on various book titles to different purchasers at the same times. To assess the impact of those differential prices on competition in book retailing, the ABA would then likely present evidence on the nature of competition in the retail sale of books. None of that evidence is likely to be relevant to Plaintiffs' claims that Amazon has monopoly power in the online superstore and online marketplace services markets. *See* Am. Compl. ¶¶ 126-41, 190-92 (describing unique attributes of the online superstore and online marketplace services markets). Nor would that evidence be relevant to Plaintiffs' allegations that Amazon's conduct suppressed competition by depriving rival online superstores and marketplaces of scale, harming shoppers and Amazon sellers. *See id.* ¶ 7 ("Amazon uses a set of anti-discounting tactics to prevent rivals from growing by offering lower prices, and it uses coercive tactics involving its order fulfillment service to prevent rivals from gaining the scale they need to meaningfully compete.").

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 6
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Allowing the ABA to insert their new issues into this case would "expand[] this litigation far beyond the original question presented and caus[e] substantial delay in the resolution of this case." *City of Jersey City*, 968 F. Supp. 2d at 302.

## II. THE ABA IS NOT ENTITLED TO INTERVENTION AS OF RIGHT BECAUSE IT DOES NOT HAVE AN INTEREST IN THIS CASE THAT COULD BE PREJUDICED.

The ABA's claimed interest in this case—stare decisis—does not justify intervention as of right. ABA Motion at 8. The ABA's motion does not identify any specific potential findings in this case that would operate against its claims, which is unsurprising given the significant differences between Plaintiffs' and the ABA's claims. Even if Plaintiffs' claims had some stare decisis implications for the ABA's claims—and they do not—these would not be sufficient to constitute a Rule 24(a) interest under applicable precedents, particularly at this stage of the litigation.

### A. The ABA Does Not Have a Protectable Interest in this Case.

The ABA does not have a protectable interest in this case because its interests are not "relat[ed] . . . to the [P]laintiff[s'] claims." *Donnelly*, 159 F.3d at 409. The only real similarities between its claims and Plaintiffs' are that they involve the same defendant and, in part, the same statute. However, the underlying wrongful conduct is entirely different and was directed at different markets. *Donnelly* is directly on point, and the ABA's proposed intervention fails for the same reasons. There, a putative class of female employees brought claims alleging a hostile work environment. *Id.* at 407-08. A group of four male employees moved to intervene to add their own claims of gender-based discrimination against the same defendants. *Id.* at 408. The Ninth Circuit held that intervention was properly rejected because "the[] claims of discrimination against male employees are unrelated to plaintiffs' particular claims of 'hostile-work-

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 7
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  environment' discrimination against female employees. It is not enough that both groups assert
2  discrimination claims against the same defendants." *Id*. at 409. The proposed intervenors' claims
3  were not related to the plaintiffs' claims even though they were against the same defendants,
4  under the same statutes. The Ninth Circuit also held that "[r]esolution of plaintiffs' action,
5  therefore, will not affect the proposed intervenors' claims." *Id*. at 410. And, as in *Donnelly*,
6  resolution of Plaintiffs' claims is unlikely to "affect the proposed intervenor's claims," for the
7  reasons discussed above. *Id*.; *see supra* at 5-7.

### B. Any Findings in this Case Would Not Prejudice the ABA.

The ABA's sole claimed prejudice that may arise from this case is the risk of adverse precedent that may prejudice its future claims. *See* ABA Motion at 8. However, in *Greene*, the Ninth Circuit made clear that any "interest in preserving the favorable effects of *stare decisis*" cannot be "too speculative." *Greene*, 996 F.2d at 977. There, the court rejected the claimed precedential concerns where any rulings in the litigation would not directly affect the proposed intervenor's claims. *Id*.; *see also N. Cal. River Watch v. Fluor Corp.*, No. 10-cv-05105-MEJ, 2014 WL 3385287, at *17 (N.D. Cal. July 9, 2014) ("[The proposed intervenor] seeks to assert seven additional state law claims that [plaintiff] has not asserted. A ruling by this Court would not have a precedential effect on any of these state law issues."). The same is true here, where the ABA has not identified any specific potential holdings in this case that would prejudice its claims, especially as it seeks to litigate different theories of harm arising in different markets.

Furthermore, even if this case may result in precedent that would affect the ABA's claims, such precedent would not be sufficient to afford the ABA the requisite interest justifying intervention. Even where there is some potential stare decisis implication, courts have not treated this as sufficient by itself for granting intervention as of right. "If *stare decisis* were the sole

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 8
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

criteria under Rule 24(a)(2), there would be an intervention free for all. Any person whose interests might be impaired or impeded by an adverse decision in an unrelated litigation could intervene as of right." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 250 (Bankr. S.D.N.Y. 2016). The ABA identifies no case in which stare decisis concerns, standing alone, were sufficient to constitute an "interest" warranting intervention. It principally relies on *United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988), in which the court referred to stare decisis as an "important consideration" supporting intervention. But even there, the court found a "[m]ore important" consideration supporting intervention: the fact that the intervenor and the original plaintiffs would be in conflict for a common fund. *Id.* at 638 ("[T]his record shows as a practical matter that this litigation may impair appellants' ability to obtain effective remedies in later litigation if the trial court is not allowed to consider the appellants' contentions here."); *see also id*. at 637 ("There is also no question that the applicants have an interest relating to the facility which is the subject of the action."). Unlike the intervenors in *Oregon*, the ABA makes no showing here that any findings in this case would impair its ability to seek relief.

The advisory committee notes illustrate what types of interests are contemplated by Rule 24(a). The two forms specifically identified in the advisory committee's note to the 1966 amendment[3] are "where an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene" and where "a member of a class should have the right to intervene in a class action." Fed. R. Civ. P. 24(a)(2) advisory committee's note to 1966 amendment. While these examples are not exhaustive, they do indicate that the rules contemplate an interest far beyond some generalized risk of adverse precedent, and instead require a concrete

---

[3] Rule 24(a) has not been substantively changed since these notes.

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 9
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

stake in the matter as it stands. The ABA has no such interest, and thus should not be allowed to intervene under Rule 24(a)(2).[4]

### III. PERMISSIVE INTERVENTION IS NOT WARRANTED AS THE ABA'S CLAIMS DO NOT INVOLVE COMMON QUESTIONS, AND INTERVENTION WOULD PREJUDICE THE PARTIES.

In the alternative, the ABA seeks to intervene under Rule 24(b)(1)(B), which allows permissive intervention for anyone who "has a claim or defense that shares with the main action a common question of law or fact." The ABA has not identified any common questions with Plaintiffs' claims. Furthermore, even if a common question were present, the Court should use its discretion to deny the ABA's request to intervene because intervention would slow the progress of this case while denying intervention would not limit the ABA's ability to seek relief on its own.

#### A. The ABA Does Not Raise Common Questions.

As discussed above, the ABA is bringing claims for different conduct in different markets from Plaintiffs. Where the claims in a litigation are substantially unrelated to those the proposed intervenor seeks to add, there is no common question under Rule 24(b). *See Marvel Ent. Grp., Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 146 (S.D.N.Y. 1990) ("Although it is true that there is some overlap in the legal and factual issues [intervenor] seeks to litigate, [intervenor] also seeks to assert additional unrelated claims . . . which would needlessly expand the scope and

---

[4] Even if there were some factual overlaps between the ABA's and Plaintiffs' claims, this does not mean stare decisis concerns would arise. Especially at this stage of the case, there is no risk of any binding precedent that would prejudice the ABA. As courts have noted in denying motions for intervention as of right: "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Doe v. Horne*, No. 23-cv-00185-TUC-JGZ, 2023 WL 6979469, at *4 (D. Ariz. Oct. 23, 2023) (internal quotations omitted); *Seneca Res. Corp. v. Twp. of Highland*, 863 F.3d 245, 257 (3d Cir. 2017) (same). In the absence of any risk of binding precedent, there is not sufficient potential prejudice to warrant intervention under Rule 24(a).

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 10
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

costs of this litigation and would thus prejudice the rights of [the current parties] to the expeditious resolution of this action.").[5]

Courts deny intervention in these circumstances. For example, the Ninth Circuit has held that, where the proposed intervenor seeks to raise issues "unrelated to the subject matter of the [underlying] action," permissive intervention is inappropriate. *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 F. App'x 665, 668 (9th Cir. 2013); *see also Greene*, 996 F.2d at 978; *Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 69 (E.D. Pa. 1995) (denying motion to intervene where existing defendants sought to protect prices paid by school district to milk dealers while proposed intervenor sought to protect prices paid by dealers to dairy farmers). The same analysis applies here—while the ABA may support Plaintiffs, that is insufficient. The ABA has not shown that its legal theories actually overlap with those of Plaintiffs.

    **B.**    **The ABA's Proposed Intervention Will Slow the Progress of this Case, Contrary to the Public Interest in the Speedy Resolution of Government Enforcement Actions.**

Finally, even if there were a common question, allowing the ABA to intervene would delay the progress of this case and prejudice the parties. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."). This is particularly true here, as courts

---

[5] Rule 24(c) requires a proposed intervenor to submit a "pleading that sets out the claim or defense for which intervention is sought," which the ABA did not do. The ABA argues it does not need to provide a pleading under *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009). ABA Motion at 3 n.4. However, *Westchester* made clear a formal pleading was not needed where the parties were already "apprised of the grounds for the motion." *Westchester*, 585 F.3d at 1188 (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). This is not the case here given the ABA's claims significantly differ, e.g., they bring suit for different conduct in different markets. *See Ironshore Indem. Inc. v. Kay*, No. 2:21-cv-01706-JAD, 2022 WL 293230, at *6 (D. Nev. Feb. 1, 2022) ("[The proposed intervenor's] failure to file a proposed pleading prevents me from determining how those distinct rights and claims relate to the pending action.").

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 11
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

have repeatedly emphasized "Congress's clear intent to prioritize speedy and efficient resolution of government antitrust suits." *United States v. Google LLC*, 661 F. Supp. 3d 480, 493 (E.D. Va. 2023); *FTC v. Vyera Pharms., LLC*, 20-cv-00706-DLC, 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) (same). Allowing the ABA to intervene and potentially delay the case would frustrate this public interest.

Courts have consistently held that intervention should be denied where it would add collateral issues that would delay the outcome of the pending matter, including under Rule 24(b)(1)(B). *See, e.g.*, *FTC v. First Cap. Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 366 (W.D.N.Y. 2001) ("[T]he case law is clear that if an intervenor attempts to introduce collateral issues in a proceeding, a court may be justified in denying a motion to intervene based on undue delay or prejudice."); *UMG Recordings*, 222 F.R.D. at 415 (denying motion to intervene where proposed intervention "threatens to prejudice plaintiff by forcing it to defend against collateral actions."); *Sellers v. United States*, 709 F.2d 1469, 1472 (11th Cir. 1983) (affirming denial of motion to intervene because "[t]he intervention proposed would have expanded this litigation to include [new] disputes."). Beyond the substantial discovery already underway, the ABA and Amazon would presumably need to seek extensive additional discovery regarding book distribution, likely including discovery from ABA-member booksellers and publishers. Expanding the scope of discovery would potentially result in significant delays to the case schedule.

On the other hand, denying the ABA's request to intervene would still leave the ABA a viable alternative path forward—bringing its own case. *See UMG Recordings*, 222 F.R.D. at 415 ("[Proposed Intervenor's] ability to pursue its claims through an alternative mechanism without any prejudice to its own rights is significant in the context of a motion to intervene brought by

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 12
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

that party."). The ABA is free to file its own case against Amazon, as other private plaintiffs have.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny the ABA's request to intervene in this case. The ABA seeks, in the alternative, to participate as an amicus curiae. Plaintiffs do not oppose this alternative request.

Dated: May 23, 2024

*I certify that this brief contains 3,958 words, in compliance with LCR 7(e)(4).*

Respectfully submitted,

<u>s/ Kenneth H. Merber</u>
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
CHRISTINE M. KENNEDY (DC Bar # 1032904)
KENNETH H. MERBER (DC Bar # 985703)
NATHAN A. MENDELSOHN (MD Bar # 1712140047)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2122 (Musser)
        (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
        etakashima@ftc.gov
        ckennedy@ftc.gov
        kmerber@ftc.gov
        nmendelsohn@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN
BOOKSELLERS ASS'N TO INTERVENE - 13
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | | |
|---|---|---|
| 1 | *s/ Michael Jo* | *s/ Timothy D. Smith* |
| | Michael Jo (admitted *pro hac vice*) | Timothy D. Smith, WSBA No. 44583 |
| 2 | Assistant Attorney General, Antitrust Bureau | Senior Assistant Attorney General |
| | New York State Office of the Attorney | Antitrust and False Claims Unit |
| 3 | General | Oregon Department of Justice |
| | 28 Liberty Street | 100 SW Market St |
| 4 | New York, NY 10005 | Portland, OR 97201 |
| | Telephone: (212) 416-6537 | Telephone: (503) 934-4400 |
| 5 | Email: Michael.Jo@ag.ny.gov | Email: tim.smith@doj.state.or.us |
| | *Counsel for Plaintiff State of New York* | *Counsel for Plaintiff State of Oregon* |
| 6 | | |
| | *s/ Rahul A. Darwar* | *s/ Jennifer A. Thomson* |
| 7 | Rahul A. Darwar (admitted *pro hac vice*) | Jennifer A. Thomson (admitted *pro hac vice*) |
| | Assistant Attorney General | Senior Deputy Attorney General |
| 8 | Office of the Attorney General of Connecticut | Pennsylvania Office of Attorney General |
| | 165 Capitol Avenue | Strawberry Square, 14th Floor |
| 9 | Hartford, CT 06016 | Harrisburg, PA 17120 |
| | Telephone: (860) 808-5030 | Telephone: (717) 787-4530 |
| 10 | Email: Rahul.Darwar@ct.gov | Email: jthomson@attorneygeneral.gov |
| | *Counsel for Plaintiff State of Connecticut* | *Counsel for Plaintiff Commonwealth of Pennsylvania* |
| 11 | | |
| | *s/ Alexandra C. Sosnowski* | |
| 12 | Alexandra C. Sosnowski (admitted *pro hac vice*) | *s/ Michael A. Undorf* |
| | | Michael A. Undorf (admitted *pro hac vice*) |
| 13 | Assistant Attorney General | Deputy Attorney General |
| | Consumer Protection and Antitrust Bureau | Delaware Department of Justice |
| 14 | New Hampshire Department of Justice | 820 N. French St., 5th Floor |
| | Office of the Attorney General | Wilmington, DE 19801 |
| 15 | One Granite Place South | Telephone: (302) 683-8816 |
| | Concord, NH 03301 | Email: michael.undorf@delaware.gov |
| 16 | Telephone: (603) 271-2678 | *Counsel for Plaintiff State of Delaware* |
| | Email: Alexandra.c.sosnowski@doj.nh.gov | |
| 17 | *Counsel for Plaintiff State of New Hampshire* | *s/ Christina M. Moylan* |
| | | Christina M. Moylan (admitted *pro hac vice*) |
| 18 | *s/ Caleb J. Smith* | Assistant Attorney General |
| | Caleb J. Smith (admitted *pro hac vice*) | Chief, Consumer Protection Division |
| 19 | Assistant Attorney General | Office of the Maine Attorney General |
| | Consumer Protection Unit | 6 State House Station |
| 20 | Office of the Oklahoma Attorney General | Augusta, ME 04333-0006 |
| | 15 West 6th Street, Suite 1000 | Telephone: (207) 626-8800 |
| 21 | Tulsa, OK 74119 | Email: christina.moylan@maine.gov |
| | Telephone: (918) 581-2230 | *Counsel for Plaintiff State of Maine* |
| 22 | Email: caleb.smith@oag.ok.gov | |
| | *Counsel for Plaintiff State of Oklahoma* | |
| 23 | | |
| 24 | | |

| | |
|---|---|
| PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 14<br>No. 2:23-cv-01495-JHC | FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(202) 326-2222 |

| | |
|---|---|
| *s/ Gary Honick* | *s/ Lucas J. Tucker* |
| Gary Honick (admitted *pro hac vice*) | Lucas J. Tucker (admitted *pro hac vice*) |
| Assistant Attorney General | Senior Deputy Attorney General |
| Deputy Chief, Antitrust Division | Office of the Nevada Attorney General |
| Office of the Maryland Attorney General | 100 N. Carson St. |
| 200 St. Paul Place | Carson City, NV 89701 |
| Baltimore, MD 21202 | Telephone: (775) 684-1100 |
| Telephone: (410) 576-6474 | Email: LTucker@ag.nv.gov |
| Email: Ghonick@oag.state.md.us | *Counsel for Plaintiff State of Nevada* |
| *Counsel for Plaintiff State of Maryland* | |
| | *s/ Ana Atta-Alla* |
| *s/ Michael MacKenzie* | Ana Atta-Alla (admitted *pro hac vice*) |
| Michael Mackenzie (admitted *pro hac vice*) | Deputy Attorney General |
| Deputy Chief, Antitrust Division | New Jersey Office of the Attorney General |
| Office of the Massachusetts Attorney General | 124 Halsey Street, 5th Floor |
| One Ashburton Place, 18th Floor | Newark, NJ 07101 |
| Boston, MA 02108 | Telephone: (973) 648-3070 |
| Telephone: (617) 963-2369 | Email: Ana.Atta-Alla@law.njoag.gov |
| Email: michael.mackenzie@mass.gov | *Counsel for Plaintiff State of New Jersey* |
| *Counsel for Plaintiff Commonwealth of Massachusetts* | |
| | *s/ Jeffrey Herrera* |
| | Jeffrey Herrera (admitted *pro hac vice*) |
| *s/ Scott A. Mertens* | Assistant Attorney General |
| Scott A. Mertens (admitted *pro hac vice*) | New Mexico Office of the Attorney General |
| Assistant Attorney General | 408 Galisteo St. |
| Michigan Department of Attorney General | Santa Fe, NM 87501 |
| 525 West Ottawa Street | Telephone: (505) 490-4878 |
| Lansing, MI 48933 | Email: jherrera@nmag.gov |
| Telephone: (517) 335-7622 | *Counsel for Plaintiff State of New Mexico* |
| Email: MertensS@michigan.gov | |
| *Counsel for Plaintiff State of Michigan* | *s/ Zulma Carrasquillo Almena* |
| | Zulma Carrasquillo Almena (admitted *pro hac vice*) |
| *s/ Zach Biesanz* | Puerto Rico Department of Justice |
| Zach Biesanz (admitted *pro hac vice*) | P.O. Box 9020192 |
| Senior Enforcement Counsel | San Juan, Puerto Rico 00902-0192 |
| Office of the Minnesota Attorney General | Telephone: (787) 721-2900, Ext. 1211 |
| 445 Minnesota Street, Suite 1400 | Email: zcarrasquillo@justicia.pr.gov |
| Saint Paul, MN 55101 | *Counsel for Plaintiff Commonwealth of Puerto Rico* |
| Telephone: (651) 757-1257 | |
| Email: zach.biesanz@ag.state.mn.us | |
| *Counsel for Plaintiff State of Minnesota* | |

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 15
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  s/ Stephen N. Provazza
   Stephen N. Provazza (admitted *pro hac vice*)
2  Special Assistant Attorney General
   Chief, Consumer and Economic Justice Unit
3  Department of the Attorney General
   150 South Main Street
4  Providence, RI 02903
   Telephone: (401) 274-4400
5  Email: sprovazza@riag.ri.gov
   *Counsel for Plaintiff State of Rhode Island*
6
   s/ Sarah L. J. Aceves
7  Sarah L. J. Aceves (admitted *pro hac vice*)
   Assistant Attorney General
8  Vermont Attorney General's Office
   109 State Street
9  Montpelier, VT 05609
   Telephone: (802) 828-3170
10 Email: sarah.aceves@vermont.gov
   *Counsel for Plaintiff State of Vermont*
11
   s/ Gwendolyn J. Cooley
12 Gwendolyn J. Cooley (admitted *pro hac vice*)
   Assistant Attorney General
13 Wisconsin Department of Justice
   Post Office Box 7857
14 Madison, WI 53707-7857
   Telephone: (608) 261-5810
15 Email: cooleygj@doj.state.wi.us
   *Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' RESPONSE TO MOTION OF AMERICAN BOOKSELLERS ASS'N TO INTERVENE - 16
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222