THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | **CASE NO.: 2:23-cv-01495-JHC** <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RELATED TO SPOLIATION** |

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Amazon asks the Court to believe the unbelievable. Amazon claims there is "no evidence . . . that Amazon personnel used Signal to discuss the business practices at issue in this case." Opp. at 1. Yet Amazon's top executives—including its ultimate decisionmakers and the architects of the conduct at issue—used disappearing messages on Signal as a side channel to discuss Amazon's business throughout Plaintiffs' pre-Complaint investigation. Mot. at 2-3. When Amazon eventually imaged select Signal users' phones, it took over 2,900 screenshots showing more than 300 instances where disappearing messages were enabled or the timer setting was changed after Amazon was on notice of Plaintiffs' investigation. Opp. at 6, Ex. B.

There are two explanations for the record before the Court. The first is that Amazon's top executives used disappearing messages to discuss matters relevant to this action, among other business; they continued to do so after Amazon was on notice of Plaintiffs' investigation; and Amazon failed to preserve this evidence. Amazon's alternative explanation is that although senior leadership used Signal to discuss work-related matters for over two and half years, they somehow never used disappearing messages to discuss anything relevant to this action. Only one of these explanations is plausible.

There is nothing inherently problematic about using Signal, but a company's choice to use Signal does not alter the company's document preservation obligations during a government investigation or enforcement action. Like any other company document, Amazon was required to preserve potentially relevant Signal messages, including by instructing its employees to disable disappearing messages. *See Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 977-79 (N.D. Ill. 2021) ("[D]isabling an autodeletion function is universally understood to be one of the most basic and simple functions a party must do to preserve ESI.").

| PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RELATED TO SPOLIATION - 1 CASE NO. 2:23-cv-01495-JHC | FEDERAL TRADE COMMISSION 600 Pennsylvania Avenue, NW Washington, DC 20580 (202) 326-2222 |
|---|---|

Plaintiffs seek Amazon's preservation notices and instructions to understand whether Amazon adequately and timely instructed its employees to preserve Signal messages, which is directly relevant to the legal standard for spoliation. Mot. at 11. Amazon is withholding these documents as privileged, but Plaintiffs' Motion establishes a preliminary showing of spoliation that overcomes Amazon's privilege claims, and Plaintiffs' concerns cannot be addressed through other means. Accordingly, the Court should order Amazon to produce all documents responsive to RFP Nos. 25 and 27.

## ARGUMENT

### I.  PLAINTIFFS HAVE MADE A PRELIMINARY SHOWING OF SPOLIATION.

Plaintiffs established a preliminary showing of spoliation in two independent ways.

***First***, Plaintiffs established that Amazon destroyed potentially relevant documents. *See Al Otro Lado, Inc. v. Wolf*, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020); *United States v. Cmty. Health Network, Inc.*, 2023 WL 4761664, at *5 (S.D. Ind. July 26, 2023). Amazon argues that Plaintiffs were required to cite specific non-deleted Signal messages that are directly material to Plaintiffs' claims, *see* Opp. at 9-11, but that is incorrect. The law requires only "reason for concern that evidence has been lost." *Agne v. Papa John's Int'l, Inc.*, 2012 WL 12882903, at *3 (W.D. Wash. Feb. 6, 2012).

Even without considering any screenshots of non-deleted messages, the undisputed record and case law support a preliminary showing of spoliation. It is undisputed that some Amazon executives who used disappearing messages were "involved in the acts and decisions underlying" Plaintiffs' claims. Mot. at 2, 8; *see Cmty. Health Network*, 2023 WL 4761664, at *5. It is undisputed that those executives deleted Signal messages, depriving Plaintiffs and the Court of the ability to examine their contents. Ex. B; *see Al Otro Lado*, 2020 WL 4432026, at *2

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

("Because [a witness's] notes were destroyed, it is impossible for the Court to say whether defendants' subjective characterization of the notes as 'shorthand, non-substantive notes' that did not contain information relevant to this case is correct."). It is undisputed that those executives continued to delete Signal messages after Amazon received a preservation letter, after Amazon received a voluntary access letter, and after Amazon received a Civil Investigative Demand. Mot. at 8. Indeed, it is undisputed that Amazon executives kept deleting Signal messages after Amazon issued legal holds to them and after Amazon issued guidance about Signal in October 2020 and August 2021 (the details of which Amazon has withheld or redacted on privilege grounds). *Compare* Ex. B *with* Ex. D at 3-5 and Ex. M. From these facts, the Court can reasonably infer that Amazon destroyed potentially relevant documents and should conclude that Plaintiffs have made a preliminary showing of spoliation.

The three examples of Signal messages in Plaintiffs' Motion show that Amazon executives used Signal to discuss antitrust issues and for substantive business purposes, which is further reason for concern that evidence has been lost. The exchange between Peter Krawiec and Carlo Bertucci started two days after Mr. Krawiec received an email titled "Re: Congressional and FTC investigations into Amazon." Exs. H, S. Amazon claims the email has "nothing to do with" Plaintiffs' investigation, Opp. at 9, but that cannot be verified, because Amazon has withheld the email in its entirety. Ex. S. Regardless, the email's subject line also refers to a Congressional investigation, and it was sent days after the House Judiciary Committee issued a Request for Information to Amazon while investigating anticompetitive conduct.[1] Even if the September 2019 exchange between Mr. Krawiec and Mr. Bertucci concerned a Congressional

---

[1] *See* Request for Information to Amazon, H. Comm. on the Judiciary, 116th Cong. (Sept. 13, 2019), https://democrats-judiciary.house.gov/sites/democrats.judiciary.house.gov/files/documents/amazon%20rfi%20-%20signed.pdf.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   investigation rather than the FTC's investigation, it would support the conclusion that Amazon

2   executives were deleting messages related to antitrust enforcement. *See* Exs. H, S.[2] So would the

3   later August 2020 exchange, in which Mr. Bertucci sent a news article discussing antitrust

4   enforcement against technology companies and Mr. Krawiec turned on disappearing messages.

5   Exs. H, 18.

6         The other two examples cited by Plaintiffs show that Amazon executives were using

7   Signal to discuss substantive business issues: one is a chat between former CEO of Worldwide

8   Operations Dave Clark and Jeff Bezos discussing a contract with the U.S. Postal Service, Ex. I,

9   and the other is a message to Mr. Bezos from Drew Herdener, then Vice President for Global

10  Communications,[3] about press coverage of Amazon barring competing device makers from

11  buying advertising on Amazon's online superstore. Exs. J, 19.

12        Plaintiffs' preliminary showing of spoliation is not speculative, unlike *Little Hocking*

13  *Water Ass'n, Inc. v. E.I. du Pont de Nemours & Co.*, 2013 WL 5311292 (S.D. Ohio 2013). In

14  that case, the plaintiff relied solely on gaps in the defendant's data production and some

15  ambiguous 30(b)(6) testimony to argue that the court should infer data had been deleted, which

16  the defendant disputed. *See id.* at 1-3. The court did not find a preliminary showing of spoliation

17  on those facts, and instead directed the defendant to explain whether it could produce the

18  requested data. *See id.* at 4-5. Here, there is no question that Amazon destroyed Signal messages

19  during Plaintiffs' investigation. *See* Ex. B.

20        ***Second***, Plaintiffs established a preliminary showing of spoliation by showing that

21  Amazon did not take timely steps to adequately preserve Signal messages. *See Al Otro Lado*,

---

[2] Mr. Bertucci also deleted the Signal app (and all stored messages) from his phone after he received a document preservation notice for Plaintiffs' pre-Complaint investigation. *See* Ex. D at 6, Ex. 14 at 4-5.

[3] Drew Herdener, LinkedIn, https://www.linkedin.com/in/drew-herdener-3620b51 (last visited May 23, 2024).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

2020 WL 4432026, at *2. Amazon was required to preserve potentially relevant information after receiving the FTC's preservation letter. *See, e.g.*, *Su v. United States Postal Serv.*, 2024 WL 21670, at *5 (W.D. Wash. Jan. 2, 2024) (letter notifying defendant of government investigation "triggered [defendant's] duty to preserve potentially relevant evidence"); *FTC v. F&G Int'l Grp. Holdings, LLC*, 339 F.R.D. 325, 330-31 (S.D. Ga. 2021) (similar). Amazon knew its executives were using Signal, given that Amazon's General Counsel had been using Signal to communicate with other Amazon executives since April 2019. Ex. B at 3. Despite that, Amazon is vague about when it claims its counsel first learned that Amazon executives used Signal for work-related communications. *See* Opp. at 4-5. If Amazon had conducted timely custodial interviews with any of the Signal users who Amazon placed under a legal hold, it would have identified the need to preserve Signal messages. But Amazon chose to delay even basic preservation due diligence until a year later. *See* Ex. D at 9-10; Opp. at 4.

Amazon cannot reasonably claim it believed documents held by its founder and CEO were not relevant to a government investigation into "whether [Amazon] has engaged or is engaging in unfair methods of competition, through anticompetitive or exclusionary conduct related to online retail sales and distribution." Ex. K at 1; *see Knickerbocker v. Corinthian Colls.*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) (duty to preserve extends to "documents in the possession of employees who are 'key players' in the case."). Amazon understood the scope of Plaintiffs' investigation well enough to issue preservation notices to more than 100 other employees, *see* Ex. D at 5-9, and the broad scope of the investigation made it more likely, not less, that the company's ultimate decisionmaker would have potentially relevant information.[4]

---

[4] Amazon represents that Mr. Bezos was subject to legal holds for other matters before he received a hold for Plaintiffs' investigation. Opp. at 11. If Amazon took steps to preserve Mr. Bezos' Signal messages for other matters but not here, that highlights Amazon's failure to act in this case. If Amazon did not take steps to preserve Signal messages for other matters, Amazon's failure to meet its preservation obligations may extend beyond this case.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

All told, Amazon likely destroyed evidence by neglecting to interview hold recipients until over a year after it was on notice of Plaintiffs' investigation, neglecting to issue a legal hold to Mr. Bezos until April 2020, and not taking timely steps to preserve Signal messages. This establishes a preliminary showing of spoliation. *See, e.g.*, *In re Cathode Ray Tube Antitrust Litig.*, 2023 WL 5667882, at *3 (N.D. Cal. Jan. 27, 2023); *Al Otro Lado*, 2020 WL 4432026, at *2.

As an aside, Amazon suggests its Signal deletions are unimportant because it produced documents from other sources. *See* Opp. at 3, 14. A defendant's "contentions that plaintiffs have more than enough discovery to litigate this case" are "simply irrelevant to the issue now before the Court, which is whether [defendant's] hold letters should be produced in discovery." *Thomas v. Cricket Wireless, LLC*, 2021 WL 1017114, at *5 n.5 (N.D. Cal. Mar. 16, 2021). And candid messages from a secure backchannel between executives may be particularly relevant. *See Pable v. Chicago Transit Auth.*, 2023 WL 2333414 at *24 (N.D. Ill. Mar. 2, 2023) ("[R]eal-time, unguarded communications . . . utilizing an unsanctioned, end-to-end encrypted messaging application are irreplaceable.").

## II. THE COURT SHOULD ORDER AMAZON TO PRODUCE ITS PRESERVATION NOTICES AND INSTRUCTIONS.

Amazon argues that it should not have to produce its preservation notices and instructions even if Plaintiffs make a preliminary showing of spoliation, but the case law Amazon cites is either inapplicable or supports Plaintiffs. *Shenwick* and *Allen* did not involve a preliminary showing of spoliation. *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018); *Allen v. Purss*, 2022 WL 17733679, at *5 (D. Or. Dec. 16, 2022). The *Raynor*, *MedImpact Healthcare*, and *United Illuminated* courts found that the movants did not make a preliminary showing of spoliation, unlike here, and are further distinguishable. In *Raynor v. District of Columbia*, the only basis for the plaintiff's motion was the defendant's failure to

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

produce "a handful of documents." 2020 WL 13603997, at *1-2 (D.D.C. May 6, 2020). In *MedImpact Healthcare Sys. v. IQVIA, Inc.*, the primary basis for the defendants' motion was the plaintiffs' failure to produce six emails, the contents of which were "contained within larger email chains" in defendants' possession. 2022 WL 1694428, at *3 (S.D. Cal. May 26, 2022). And in *United Illuminating v. Whiting-Turning Contracting Co.*, the moving party agreed that "the names of the [hold] recipients would certainly be . . . meaningful on their own" during oral argument and failed to establish why the contents of the holds would be significant. Tr. at 36-39, No. 18-cv-327 (D. Conn. Oct. 29, 2020), Dkt. #272.

*Cricket Wireless* supports Plaintiffs' position. As Amazon notes, the court initially denied a motion to compel the production of legal holds, instead requiring a 30(b)(6) deposition about the defendant's preservation efforts. 2020 WL 7344742, at *2-3 (N.D. Cal. Dec. 14, 2020). But the plaintiffs later renewed their motion, alleging that the defendant's "witnesses either did not know, or were counseled not to answer, basic questions about what kinds and categories of information and documents were covered by the subject hold letters . . . and what specific actions Cricket employees were instructed to take regarding collection and preservation[.]" 2021 WL 1017114, at *4 (N.D. Cal. Mar. 16, 2021). The court granted that motion. *Id.* at *6. Plaintiffs have already sought corporate testimony on Amazon's preservation efforts; Amazon asserted privilege over and deliberately did not prepare its witness to answer questions about the contents of its legal holds. *See* Ex. O at 109:25-110:22, 111:18-112:15. Following *Cricket Wireless*, the Court should grant Plaintiffs' Motion.

The only case Amazon cites where a court found a preliminary showing of spoliation but did not order the production of preservation notices is *Community Health Network*. 2023 WL 4761664 at *10-11. The court denied the relator's motion to compel because the issue in that

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

case was the defendant's "failure to issue any litigation hold whatsoever—written or otherwise—to certain custodians," rather than the "scope or effectiveness of the hold notices." *Id.* at *10. Here, the contents of Amazon's preservation notices and instructions are the only way to answer key questions about whether Amazon took reasonable steps to preserve Signal messages, including whether Amazon directed employees to stop using disappearing messages and whether Amazon took any further preservation steps when its employees continued to do so.

### III. IN CAMERA REVIEW IS NOT A SUBSTITUTE FOR THE PRODUCTION OF AMAZON'S PRESERVATION NOTICES AND INSTRUCTIONS.

Amazon suggests an *in camera* review as an alternative to producing responsive documents. *See* Opp. at 14-15. Amazon is mischaracterizing the type of *in camera* review some courts have employed in cases like this. In all three of the cases cited by Amazon, the court reviewed documents *in camera* to screen out any privileged material that did not relate to preservation issues, and then ordered the production of preservation-related materials. *See Cricket Wireless*, 2021 WL 1017114, at *6; Order Approving Special Master's Report & Recommendation at 2, *Cathode Ray Tube Antitrust*, No. 4:07-cv-5944-JST (N.D. Cal. Feb. 24, 2023), Dkt. #6166; *Al Otro Lado*, 2020 WL 4432026, at *3. Plaintiffs have no objection to an *in camera* review consistent with those cases.

### CONCLUSION

The Court should grant Plaintiffs' Motion and order Amazon to produce all documents responsive to RFP Nos. 25 and 27.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: May 23, 2024

*I certify that this brief contains 2,473 words, in compliance with LCR 7(e)(4), LCR 7(f)(4), and the Court's May 9, 2024 Order.*

Respectfully submitted,

*s/ Emily K. Bolles*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
EMILY K. BOLLES (NY Reg. # 5408703)
KARA KING (DC Bar # 90004509)
ERIC ZEPP (NY Reg. #5538491)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
         (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        ebolles@ftc.gov
        kking@ftc.gov
        ezepp@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| *s/ Michael Jo* | *s/ Timothy D. Smith* |
| Michael Jo (admitted *pro hac vice*) | Timothy D. Smith, WSBA No. 44583 |
| Assistant Attorney General, Antitrust Bureau | Senior Assistant Attorney General |
| New York State Office of the Attorney General | Antitrust and False Claims Unit |
| 28 Liberty Street | Oregon Department of Justice |
| New York, NY 10005 | 100 SW Market St |
| Telephone: (212) 416-6537 | Portland, OR 97201 |
| Email: Michael.Jo@ag.ny.gov | Telephone: (503) 934-4400 |
| *Counsel for Plaintiff State of New York* | Email: tim.smith@doj.state.or.us |
| | *Counsel for Plaintiff State of Oregon* |
| *s/ Rahul A. Darwar* | *s/ Jennifer A. Thomson* |
| Rahul A. Darwar (admitted *pro hac vice*) | Jennifer A. Thomson (admitted *pro hac vice*) |
| Assistant Attorney General | Senior Deputy Attorney General |
| Office of the Attorney General of Connecticut | Pennsylvania Office of Attorney General |
| 165 Capitol Avenue | Strawberry Square, 14th Floor |
| Hartford, CT 06016 | Harrisburg, PA 17120 |
| Telephone: (860) 808-5030 | Telephone: (717) 787-4530 |
| Email: Rahul.Darwar@ct.gov | Email: jthomson@attorneygeneral.gov |
| *Counsel for Plaintiff State of Connecticut* | *Counsel for Plaintiff Commonwealth of Pennsylvania* |
| *s/ Alexandra C. Sosnowski* | |
| Alexandra C. Sosnowski (admitted *pro hac vice*) | *s/ Michael A. Undorf* |
| Assistant Attorney General | Michael A. Undorf (admitted *pro hac vice*) |
| Consumer Protection and Antitrust Bureau | Deputy Attorney General |
| New Hampshire Department of Justice | Delaware Department of Justice |
| Office of the Attorney General | 820 N. French St., 5th Floor |
| One Granite Place South | Wilmington, DE 19801 |
| Concord, NH 03301 | Telephone: (302) 683-8816 |
| Telephone: (603) 271-2678 | Email: michael.undorf@delaware.gov |
| Email: Alexandra.c.sosnowski@doj.nh.gov | *Counsel for Plaintiff State of Delaware* |
| *Counsel for Plaintiff State of New Hampshire* | |
| | *s/ Christina M. Moylan* |
| *s/ Caleb J. Smith* | Christina M. Moylan (admitted *pro hac vice*) |
| Caleb J. Smith (admitted *pro hac vice*) | Assistant Attorney General |
| Assistant Attorney General | Chief, Consumer Protection Division |
| Consumer Protection Unit | Office of the Maine Attorney General |
| Office of the Oklahoma Attorney General | 6 State House Station |
| 15 West 6th Street, Suite 1000 | Augusta, ME 04333-0006 |
| Tulsa, OK 74119 | Telephone: (207) 626-8800 |
| Telephone: (918) 581-2230 | Email: christina.moylan@maine.gov |
| Email: caleb.smith@oag.ok.gov | *Counsel for Plaintiff State of Maine* |
| *Counsel for Plaintiff State of Oklahoma* | |

| | |
|---|---|
| s/ Gary Honick<br>Gary Honick (admitted *pro hac vice*)<br>Assistant Attorney General<br>Deputy Chief, Antitrust Division<br>Office of the Maryland Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>Telephone: (410) 576-6474<br>Email: Ghonick@oag.state.md.us<br>*Counsel for Plaintiff State of Maryland* | s/ Lucas J. Tucker<br>Lucas J. Tucker (admitted *pro hac vice*)<br>Senior Deputy Attorney General<br>Office of the Nevada Attorney General<br>100 N. Carson St.<br>Carson City, NV 89701<br>Telephone: (775) 684-1100<br>Email: LTucker@ag.nv.gov<br>*Counsel for Plaintiff State of Nevada* |
| s/ Michael Mackenzie<br>Michael Mackenzie (admitted *pro hac vice*)<br>Deputy Chief, Antitrust Division<br>Office of the Massachusetts Attorney General<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Telephone: (617) 963-2369<br>Email: michael.mackenzie@mass.gov<br>*Counsel for Plaintiff Commonwealth of Massachusetts* | s/ Ana Atta-Alla<br>Ana Atta-Alla (admitted *pro hac vice*)<br>Deputy Attorney General<br>New Jersey Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Telephone: (973) 648-3070<br>Email: Ana.Atta-Alla@law.njoag.gov<br>*Counsel for Plaintiff State of New Jersey* |
| s/ Scott A. Mertens<br>Scott A. Mertens (admitted *pro hac vice*)<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 West Ottawa Street<br>Lansing, MI 48933<br>Telephone: (517) 335-7622<br>Email: MertensS@michigan.gov<br>*Counsel for Plaintiff State of Michigan* | s/ Jeffrey Herrera<br>Jeffrey Herrera (admitted *pro hac vice*)<br>Assistant Attorney General<br>New Mexico Office of the Attorney General<br>408 Galisteo St.<br>Santa Fe, NM 87501<br>Telephone: (505) 490-4878<br>Email: jherrera@nmag.gov<br>*Counsel for Plaintiff State of New Mexico* |
| s/ Zach Biesanz<br>Zach Biesanz (admitted *pro hac vice*)<br>Senior Enforcement Counsel<br>Office of the Minnesota Attorney General<br>445 Minnesota Street, Suite 1400<br>Saint Paul, MN 55101<br>Telephone: (651) 757-1257<br>Email: zach.biesanz@ag.state.mn.us<br>*Counsel for Plaintiff State of Minnesota* | s/ Zulma Carrasquillo-Almena<br>Zulma Carrasquillo (admitted *pro hac vice*)<br>Assistant Attorney General<br>Antitrust Division<br>Puerto Rico Department of Justice<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00901-0192<br>Telephone: (787) 721-2900<br>Email: zcarrasquillo@justicia.pr.gov<br>*Counsel for Plaintiff Commonwealth of Puerto Rico* |

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 11
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Gwendolyn J. Cooley*
Gwendolyn J. Cooley (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 12
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222