THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | **CASE NO.: 2:23-cv-01495-JHC** <br><br> **PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL** |

Pursuant to Local Civil Rule 5(g), Plaintiffs respectfully submit this reply regarding Plaintiffs' Motion to Seal (Dkt. #199) and Plaintiffs' Response to Amazon's Motion to Seal (Dkt. #220).

Plaintiffs respectfully oppose Amazon's request to seal all of Exhibit B to the Declaration of Emily K. Bolles in Support of Plaintiffs' Motion to Compel Production of Documents Related to Spoliation ("Bolles Declaration") (Dkt. #201-1), and in the alternative, all of Exhibit B outside of the first two pages of the document. Amazon's Response to Plaintiffs' Motion to Seal, Dkt. #221 at 3, 6. Amazon's confidentiality concerns can be addressed by sealing the names of individuals not employed by Amazon, the names of Amazon executive assistants, and certain

PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL - 1
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

subject matter descriptions that do not appear to be relevant to this case and are detailed enough that they could conceivably prejudice Amazon or third parties. Plaintiffs do not oppose sealing those portions of Exhibit B, but Amazon has not shown good cause to permanently seal Exhibit B in its entirety.

Following Amazon's choice to publicly disclose a previously nonpublic FTC investigation in Amazon's Opposition to Plaintiffs' Motion to Compel (Dkt. #223), Plaintiffs withdraw their request to permanently seal portions of Exhibits B-E, G and L filed in connection with the Bolles Declaration (Dkt. # 201-1). Plaintiffs do not oppose Amazon's request to permanently seal portions of Exhibit E and Exhibits 20, 21, 22 and 23 filed in connection with the Declaration of Kosta S. Stojilkovic in Support of Amazon's Opposition to Plaintiffs' Motion to Compel Production of Documents ("Stojilkovic Declaration") (Dkt. # 224-225). Finally, Plaintiffs request that the Court permanently seal a portion of Exhibit 13 to the Stojilkovic Declaration (Dkt. #224-225) that refers to a nonpublic FTC investigation.

## ARGUMENT

**I.    AMAZON HAS NOT SHOWN GOOD CAUSE TO PERMANENTLY SEAL EXHIBIT B IN ITS ENTIRETY.**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a request to seal, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks and citations omitted); *see also* W.D. Wash LCR 5(g). To overcome this presumption in connection with a non-dispositive motion, the party seeking to seal a document must make a "particularized showing of good cause." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187

PLAINTIFFS' REPLY REGARDING PLAINTIFFS'
MOTION TO SEAL AND PLAINTIFFS' RESPONSE
TO AMAZON'S MOTION TO SEAL - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

F. 3d 1096, 1103 (9th Cir. 1999); *see* W.D. Wash. LCR 5(g)(3)(B). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to justify sealing. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d. Cir. 1986). Even if good cause is shown to seal portions of a document, "courts prefer 'limited and clear' redactions, if possible" rather than sealing a document in its entirety. *Fernandez v. Corelogic Credco, LLC*, 2023 WL 11445613, at *1 (S.D. Cal, Mar. 8, 2023) (quoting *Kamakana*, 447 F.3d at 183).

Exhibit B is a high-level log of Signal screenshots for certain Amazon executives whose files were searched in connection with Plaintiffs' pre-Complaint investigation. Other individuals are identified on the log only insofar as they were communicating with these executives through Signal. The log identifies the date of each communication, the participants, and the participants' disappearing messages ("DM") settings, including whether DM settings were changed during a conversation. For some entries, the log contains a high-level description of the subject matter of the communication.

Amazon is seeking to permanently seal all thirty-five pages of Exhibit B, or in the alternative, the thirty-three pages of Exhibit B that contain log entries. However, Amazon's statement only outlines broad allegations of harm if Exhibit B is made public and does not make any particularized showing that the disclosure of Amazon's Signal log would harm Amazon or impact any individual privacy interests.

To address Amazon's concerns, Plaintiffs have proposed narrow redactions to Exhibit B that would seal the names of individuals not employed by Amazon, the names of Amazon executive assistants, and certain subject matter descriptions that do not appear to be relevant to

PLAINTIFFS' REPLY REGARDING PLAINTIFFS'  
MOTION TO SEAL AND PLAINTIFFS' RESPONSE  
TO AMAZON'S MOTION TO SEAL - 3  
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

this case and are detailed enough that they might conceivably prejudice Amazon or third parties.[1] Those proposed redactions are highlighted in pink in the version of Exhibit B Plaintiffs are filing in connection with this reply brief. The rest of Exhibit B should be made public.

Amazon's argument that "the vast majority of the entries in Exhibit B are plainly and indisputably of no relevance to this litigation," Response 6, Dkt #221, misses the point. Amazon's Signal log shows when and how frequently senior Amazon executives used Signal and shows that they used Signal to discuss business matters. The log also shows how Amazon executives turned disappearing messages on and off, and how they changed the timer setting for disappearing messages. That information is directly relevant to Plaintiffs' Motion to Compel.

Amazon contends that Exhibit B, if made public, "would reveal potentially sensitive business information and strategies." Response 4-5, Dkt #221. Amazon provides no support for this claim, much less a "particularized showing of good cause." *See* Fitzgerald Decl. ¶ 3, Dkt. #222.

Amazon claims that Exhibit B would "reveal[] the communication patterns and potentially sensitive areas of business focus of various Amazon executives." Response 5, Dkt. #221. However, it is unclear how any generalized "patterns" of executives' communications would cause any particularized harm to Amazon or embarrassment to its employees, especially given that most of the subject matter descriptions in the log are very broad. Similarly, the log offers little insight into the "potentially sensitive areas of business focus for various Amazon executives." For example, there is nothing sensitive about the fact that Amazon executives

---

[1] Plaintiffs previously met and conferred with Amazon about Amazon's request to seal Exhibit B, and Amazon took the position that Exhibit B should be sealed in its entirety. *See* Bolles Decl. ¶ 7, Dkt. #200. Amazon argues in its response that any targeted redactions "will invite speculation about whose names appear under redacted entries." Amazon's Response to Plaintiffs' Motion to Seal ("Response") 7, Dkt. #221.

PLAINTIFFS' REPLY REGARDING PLAINTIFFS'  
MOTION TO SEAL AND PLAINTIFFS' RESPONSE  
TO AMAZON'S MOTION TO SEAL - 4  
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

communicate about public relations and human resources issues. *See* Response 5, Dkt #221. Additionally, dozens of log entries do not include a subject matter description at all, and instead only list the conversation participants and when DM settings were changed. Amazon's request to seal Exhibit B in its entirety is not "narrowly tailored to confidential or proprietary information" and does not meet the good cause standard for sealing. *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 412864, at *2 (N.D. Cal., Feb. 1, 2013); *see also Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (denying a motion to seal when the document was not the "type of sensitive information that might typically be subject to an order to seal, such as financial data, proprietary or trade secret information, or personal health details").

Amazon's argument that the entire Signal log should be sealed because some conversations "relate to sensitive public relations and human resources issues" should not carry any weight. Response 5, Dkt #221. The subject matter descriptions in the log are sufficiently vague that it would be impossible for the public to discern the details of any conversations. The mere fact that Amazon executives communicate about public relations and personnel issues is not confidential, as illustrated by the fact that Amazon publicly describes those categories of communications in its brief. Response 5, Dkt. #221.

Finally, Amazon states that it is concerned that "[a]ny partial unsealing" of Signal log entries "will invite speculation about whose names appear under redacted entries, both from the public and from other Amazon employees." Response 7, Dkt. #221. It is not clear that Amazon has a cognizable interest in shielding Amazon information from Amazon employees. However, leaving that issue aside, these types of concerns about potential speculation do not constitute good cause to maintain a document under seal. *Bangert v. Cnty. of Placer*, 2019 WL 358518, at *5 (E.D. Cal Jan. 29, 2019) ("Defendants' argument that publicly disclosing the list of

PLAINTIFFS' REPLY REGARDING PLAINTIFFS'
MOTION TO SEAL AND PLAINTIFFS' RESPONSE
TO AMAZON'S MOTION TO SEAL - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

documents sought could fuel speculation as to what documents do and do not exist is not a 'particularized showing' that public disclosure of this email would cause 'annoyance, embarrassment, oppression, or an undue burden.'") (citation omitted).

## II. PLAINTIFFS WITHDRAW THEIR REQUEST TO PERMANENTLY SEAL PORTIONS OF EXHIBITS B-E, G, AND L.

Plaintiffs withdraw their request to permanently seal portions of Exhibits B through E, G, and L, which were filed with the Bolles Declaration (Dkt #201-1). Certain portions of those documents referred to an FTC investigation that was not public at the time of Plaintiffs' filing. Amazon has publicly disclosed the existence of that investigation in its Opposition to Plaintiffs' Motion to Compel (Dkt. #223). As a result, the FTC withdraws its request to maintain the relevant portions of those documents under seal.

## III. THE COURT SHOULD PERMANENTLY SEAL PORTIONS OF EXHIBIT 13.

Plaintiffs request that the Court permanently seal the subject line of Exhibit 13 filed with the Stojilkovic Declaration (Dkt. # 224-225) because it refers to a nonpublic FTC investigation, which the FTC generally does not disclose as a matter of policy. Policy Concerning Disclosures of Nonmerger Competition and Consumer Protection Investigations, 63 Fed. Reg. 63477 (Nov. 13, 1998). Pursuant to longstanding FTC policy, the FTC discloses investigations only pursuant to certain limited exceptions that are not applicable here. These confidentiality considerations are good cause to maintain this portion of Exhibit 13 under seal and there are no less restrictive alternatives to sealing portions of this exhibit that refer to a nonpublic FTC investigation. Amazon does not oppose this proposed redaction. Amazon's Motion to Seal Exhibits to Opposition to Plaintiffs' Motion to Compel 5, Dkt. #220.

PLAINTIFFS' REPLY REGARDING PLAINTIFFS'
MOTION TO SEAL AND PLAINTIFFS' RESPONSE
TO AMAZON'S MOTION TO SEAL - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

IV. **PLAINTIFFS DO NOT OPPOSE AMAZON'S REQUEST TO PERMANENTLY SEAL PORTIONS OF EXHIBIT E AND EXHIBITS 20, 21, 22 AND 23.**

Plaintiffs do not oppose Amazon's request to permanently seal portions of Exhibit E filed with the Bolles Declaration (Dkt. #201-1) or Amazon's request to permanently seal Exhibits 20-23 filed with the Stojilkovic Declaration (Dkt. #224-225).

## CONCLUSION

Plaintiffs respectfully request that the Court enter the attached Proposed Order.

Dated: May 23, 2024

*I certify that this brief contains 1660 words, in compliance with LCR 7(e)(4).*

Respectfully submitted,

*s/ Kara King*
SUSAN A. MUSSER (DC Bar #1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
EMILY K. BOLLES (NY Reg. # 5408703)
KARA KING (DC Bar # 90004509)
ERIC ZEPP (NY Reg. #5538491)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2122 (Musser)
        (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        ebolles@ftc.gov
        kking@ftc.gov
        ezepp@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Rahul A. Darwar*
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2230
Email: caleb.smith@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

<div style="columns:2">

*s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Michael Mackenzie*
Michael Mackenzie (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2369
Email: michael.mackenzie@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo-Almena*
Zulma Carrasquillo (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

</div>

PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| 1 | *s/ Stephen N. Provazza* |
| | Stephen N. Provazza (admitted *pro hac vice*) |
| 2 | Special Assistant Attorney General |
| | Chief, Consumer and Economic Justice Unit |
| 3 | Department of the Attorney General |
| | 150 South Main Street |
| 4 | Providence, RI 02903 |
| | Telephone: (401) 274-4400 |
| 5 | Email: sprovazza@riag.ri.gov |
| | *Counsel for Plaintiff State of Rhode Island* |
| 6 | |
| | *s/ Sarah L. J. Aceves* |
| 7 | Sarah L. J. Aceves (admitted *pro hac vice*) |
| | Assistant Attorney General |
| 8 | Public Protection Division |
| | Vermont Attorney General's Office |
| 9 | 109 State Street |
| | Montpelier, VT 05609 |
| 10 | Telephone: (802) 828-3170 |
| | Email: sarah.aceves@vermont.gov |
| 11 | *Counsel for Plaintiff State of Vermont* |
| 12 | *s/ Gwendolyn J. Cooley* |
| | Gwendolyn J. Cooley (admitted *pro hac vice*) |
| 13 | Assistant Attorney General |
| | Wisconsin Department of Justice |
| 14 | Post Office Box 7857 |
| | Madison, WI 53707-7857 |
| 15 | Telephone: (608) 261-5810 |
| | Email: cooleygj@doj.state.wi.us |
| 16 | *Counsel for Plaintiff State of Wisconsin* |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

PLAINTIFFS' REPLY REGARDING PLAINTIFFS' MOTION TO SEAL AND PLAINTIFFS' RESPONSE TO AMAZON'S MOTION TO SEAL - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222