THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | Case No. 2:23-cv-01495-JHC<br><br>**AMAZON'S SUR-REPLY TO PLAINTIFFS' MOTION TO SEAL** |

Pursuant to Local Civil Rule 5(g), § 5.6 of the Protective Order, Dkt. No. 160, and the Stipulated Motion and Order to Temporarily Seal Exhibit B entered by the Court on May 23, 2024 ("Stipulation & Order"), Dkt. No. 240, Defendant Amazon.com, Inc. respectfully submits this sur-reply in support of permanently sealing Exhibit B to Plaintiffs' pending non-dispositive motion to compel ("Motion to Compel").

Exhibit B is a detailed log of confidential and non-public Signal conversations by Amazon employees that was prepared by Amazon's counsel and shared with the FTC during its pre-Complaint investigation. Amazon's counsel logged all potentially work-related Signal messages, regardless of their relevance or lack thereof to the FTC's investigation. Indeed, there is no dispute that a large majority of the logged conversations *are irrelevant*, as Plaintiffs did not claim them to be relevant or request their production upon reviewing them in counsel's office. As Amazon has

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

maintained since before Plaintiffs filed the associated Motion to Compel, the document should be sealed in its entirety—or all but pages one and two—to protect sensitive corporate information and privacy interests. Plaintiffs implicitly endorse those interests in presenting a new proposal on redactions with their reply, but their redactions proposal is substantially insufficient for the reasons explained below.

## I.   BACKGROUND

On April 25, 2024, Plaintiffs filed the Motion to Compel, attaching Exhibit B (the Signal log) as support. Plaintiffs separately moved to temporarily seal Exhibit B to allow Amazon an opportunity to provide the basis for sealing. Pls.' Mot. to Seal at 2–3, Dkt. No. 199 ("Mot. to Seal"). Amazon filed a response on May 13, requesting to seal the exhibit because of sensitive commercial and privacy interests threatened by public disclosure. Amazon's Resp. to Mot. to Seal at 4–7, Dkt. No. 221 ("Amazon's Resp."). In the alternative, Amazon requested that the entire document be redacted in any publicly filed version except for pages one and two. *Id.* at 6–7. On May 23, Plaintiffs filed their reply and included their own proposal on redactions that would unseal the vast majority of the log. Pls.' Reply Regarding Mot. to Seal at 3–4, Dkt. No. 236 ("Pls.' Reply"); Ex. B to Decl. of Kara King in Supp. of Pls.' Reply, Dkt. No. 237-1. To avoid triggering another round of motion practice on Plaintiffs' new proposal, the Parties jointly sought the Court's permission to allow Amazon to file a sur-reply addressing it, which the Court granted. Stipulation & Order at 2.

## II.   ARGUMENT

Amazon removed its confidentiality designations from the vast majority of the material Plaintiffs cited so it could be filed publicly. Of the dozens of exhibits in the briefing for Plaintiffs' Motion to Compel, Exhibit B is the only one with a live sealing dispute. This limited issue is before the Court because Exhibit B contains sensitive commercial information, the publication of which would injure Amazon, and its unsealing would cause annoyance or embarrassment to Amazon and the individuals named in the document. *See* Decl. of Scott Fitzgerald in Supp. of Amazon's Resp.

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

to Mot. to Seal ¶ 3 ("Fitzgerald Decl."), Dkt. No. 222. Plaintiffs' newly-proposed redactions—never covering more than a handful of words on any page of the 35-page document—miss the primary point of Amazon's request to seal: It is a *compendium* of day-to-day communications of Amazon's executives that warrant protection. That protection is especially warranted here, where the parties are litigating a non-dispositive discovery dispute and sealing is governed by the good cause standard. Amazon has shown good cause to seal the exhibit in its entirety, or at least to seal the log entries themselves with only the prefatory language on pages one and two to be unsealed. Amazon's Resp. at 6–7.

> A. **Plaintiffs Concede That The Good Cause Standard Applies To This Motion, And Amazon Has Met That Standard As To Exhibit B.**

Plaintiffs agree that the standard for sealing material for non-dispositive motions is "the lesser 'good cause' determination" applicable under Rule 26(c) to protect material in regular discovery practice. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also* Mot. to Seal at 2, 3. This standard reflects that "discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Thus, "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

Plaintiffs argue that Amazon's request does not meet the good cause standard because it is not narrowly tailored. But the cases cited by Plaintiffs for this proposition are readily distinguishable because they concerned information that was already in the public domain. *Apple Inc. v. Samsung Electronics Co.* concerned information that was largely "publicly available, either through presentation at trial or through the parties' commercial activities." 2013 WL 412864, at *2 (N.D. Cal. 2013). Similarly, in *Skky, LLC v. Facebook, Inc.*, defendants sought to seal employee

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  names and employee counts in circumstances where "most, if not all, of the information . . .
2  appear[ed] to be publicly available." 191 F. Supp. 3d 977, 981 (D. Minn. 2016).

3   Here, by contrast, Exhibit B is a list of confidential conversations, topics, participants, and
4  actions that are not in the public domain individually—let alone as collected together. It was
5  prepared by Amazon's counsel to provide the FTC with a comprehensive accounting of collected
6  Signal messages accompanying their in-person review. Conversations, topics, participants, and
7  actions were listed in the log so long as the conversations potentially touched on work, regardless
8  of their subject matter or any relationship to this case.

9   Further, the *Skky* case cited by Plaintiffs is inapposite because it applied a presumption of
10 public access. 191 F. Supp. 3d at 381. In the Ninth Circuit, that presumption is associated with the
11 compelling-interest test—a higher burden for sealing than is applicable here. *See Kamakana*, 447
12 F.3d at 1178–80.

13  **B.  Plaintiffs' Proposed Redactions Are Insufficient.**

14  Plaintiffs' redactions proposal fails to adequately protect the information at issue, for at
15 least three reasons.

16  *First*, Plaintiffs' limited redactions would result in unsealing the vast majority of the log.
17 This would provide a public roadmap of communications involving numerous Amazon executives
18 on various topics with no relevance to this case, including who was involved in which conversation
19 and the number of collected screenshots. The log is equivalent to a business diary or detailed phone
20 log. Similar—indeed, *less* detailed—collections of information have been sealed by other courts
21 to protect unnecessary public intrusion. *See* Amazon's Resp. at 5. And unsealing this collection of
22 information is not necessary to advance Plaintiffs' motion: Amazon does not contest its accuracy
23 (after all, the log was prepared by Amazon's counsel); Amazon did not oppose the public
24 disclosure of the more generalized descriptions of Signal use and ephemeral settings included in
25 Plaintiffs' unsealed opening and reply briefs in support of their Motion to Compel; and Amazon
26

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

did not oppose the public filing—with limited and agreed-upon redactions—of the three Signal conversations that Plaintiffs viewed as pertinent to their motion. *See* Mot. Exs. H, I, & J.

*Second,* even as to the listed individuals, Plaintiffs' narrow proposal would lead to the public identification of dozens of individuals who have no relevance to this case or the investigation that preceded it. While Plaintiffs' Motion to Compel publicly named a handful of individuals and discussed their Signal use, Plaintiffs' narrow redactions to Exhibit B would publicly identify numerous others who were not custodians in or relevant to the FTC's investigation. There is good cause for keeping such individuals out of the public domain, and keeping the log entries under seal is the only practical way to accomplish that. Plaintiffs' minimal proposed redactions would expose the unredacted individuals to potential annoyance and embarrassment, and could also lead to colorable speculation about the identifies of the handful of names that Plaintiffs propose to redact given the large amount of information that would be publicly disclosed under their proposal.

*Third*, the log is not a listing of communications that may be relevant to this case; it broadly lists potentially work-related Signal conversations that Amazon collected, including on topics completely unrelated to this case and conversations that included personal matters. The logged conversations themselves were not produced to the FTC during its investigation because they did not meet the parameters for production that the agency negotiated with Amazon. Instead, Amazon allowed the FTC to inspect the conversations at outside counsel's office, and produced the log accompanying those inspections, to show that Signal use was *not* relevant or material. Even after Plaintiffs filed suit in this case and sought additional discovery, they only requested production of a small minority of the screenshots they had viewed. *See* Amazon's Resp. at 6. And for good reason: The vast majority of the log entries are plainly irrelevant, and Plaintiffs have failed to explain why they should be unsealed. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. St. Joseph's/Candler Health Sys.*, 2022 WL 17978822, at *12 (S.D. Ga. 2022) (finding good cause to seal records "irrelevant to the issues in this case").

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Bangert v. County of Placer*, relied on by Plaintiffs, does not support a different conclusion. That case concerned an email between counsel for the parties with a list of discovery sought. 2019 WL 358518, at *7 (E.D. Cal. 2019). Unlike Exhibit B, the discovery email in *Bangert* was akin to the letter excerpts the parties here attached to briefing in connection with the Motion to Compel without sealing. *See, e.g.*, Mot. Ex. Q; Opp'n Ex. 16. Exhibit B, by contrast, is not a listing of discovery demands or positions; it is a detailed log of confidential Signal conversations including numerous participants who Plaintiffs do not claim to be relevant to this case. Thus, Amazon respectfully requests that the Court reject Plaintiffs' proposed redactions and seal Exhibit B in its entirety.

        **C.**     **Amazon's Sealing Alternative Adequately Protects Its Interests.**

Even if the Court is not inclined seal the entirety of Exhibit B, respectfully, it should follow the approach in *Campbell v. Facebook Inc.*, 2015 WL 12965295 (N.D. Cal. 2015).[1] There, the court found good cause to seal most of a document akin to Exhibit B, which contained "a table that provides identifying information about the senders and recipients of 19 private messages" and "list[ed] the time and date of the messages, the URL contained in the message, and the production numbers of those documents." 2015 WL 12965295, at *3. The court found that the "exposure of such information risks subjecting the persons identified in this document to annoyance, embarrassment, or other significant harm, and the public has no meaningful need to obtain this information at this time." *Id.* The good cause standard was thus met to seal the core information in the document: the columns in the table with "the names and Facebook identifications of the messages' senders and recipients, [and] the date and time of the communication[s]." *Id.* The only parts that were unsealed were "the table's headings [and] the production numbers, as such information does not risk the possibility of releasing identifying information of those named." *Id.*

---

[1] Plaintiffs did not address *Campbell* in their reply.

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Here, Amazon's alternative proposal on sealing—to unseal the first two pages of Exhibit B that explain in general terms how the log was created and what it contains—would serve the same purpose as unsealing the table headings in *Campbell*. The remainder of Exhibit B does not contain table headings or production numbers; it contains a detailed accounting of the individuals, date ranges, and messaging settings of private conversations, and should remain sealed.

### III.   CONCLUSION

Amazon respectfully requests that the Court grant the Motion to Seal and order that Exhibit B be filed entirely under seal. In the alternative, Amazon respectfully requests that the Court grant the Motion to Seal in part and unseal only pages one and two of Exhibit B, while keeping the remainder of the document sealed.

DATED this 31st day of May, 2024.

*I certify that this memorandum contains 2,045 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine A. Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
cmetz@wc.com
ktrefz@wc.com
cpruski@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

**WILKINSON STEKLOFF LLP**

Kosta S. Stojilkovic (*pro hac vice*)
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email: kstojilkovic@wilkinsonstekloff.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S SUR-REPLY TO PLAINTIFFS'
MOTION TO SEAL - 8
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401