THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC.,

    Defendant.

Case no. 2:23-cv-01495-JHC

**REPLY OF AMERICAN BOOK-SELLERS ASS'N IN SUPPORT OF ITS MOTION TO INTERVENE**

NOTE ON MOTION CALENDAR:
May 31, 2024

**TABLE OF CONTENTS**

Page:

I.   ABA's Claim Is Closely Related to, and Asserted Under,
     Plaintiffs' Sherman Act Claims .............................................................. 1

II.  Denial of ABA's Motion Would Impede Pursuit of ABA's
     Claim as a Practical Matter .................................................................... 4

III. Granting ABA's Motion Would Not Cause Any Delay
     or Prejudice Any Party ............................................................................ 6

Conclusion ......................................................................................................... 9

**TABLE OF CITATIONS**

**Case Law**

*American Booksellers Assn., Inc. v. Barnes & Noble, Inc.*,
    135 F.Supp.2d 1031 (N.D. Cal. 2001) ............................................. 7-8

*Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007) .............. 2-4

*Brown v. Amazon.com, Inc.*,
    2023 WL 5793303 (W.D. Wash. Sept. 7, 2023) ............................... 4, 8

*California v. American Stores Co.*, 495 U.S. 271 (1995) ........................... 5

*California Dept. of Toxic Subst. Control v. Jim Dobbas, Inc.*,
    54 F.4th 1078 (9th Cir. 2022) ............................................................. 1

*Chroma Lighting v. GTE Products Corp.*,
    111 F.3d 653 (9th Cir. 1997) .............................................................. 9

*Community Publishers, Inc. v. Donrey Corp.*,
    892 F. Supp. 1146 (W.D. Ark. 1995),
    aff'd, 139 F.3d 1180 (8th Cir 1998) ................................................... 5

i

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) .................................................. 6

*Eisenbise v. Crown Equipment Corp.*,
    2015 WL 13828753 (S.D. Cal. Dec. 7, 2015) ................................................. 7

*Frame-Wilson v. Amazon.com, Inc.*,
    591 F.Supp.3d 975 (W.D. Wash. 2022) ........................................................... 2

*FTC v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020) ................................................. 3

*Heck v. Amazon.com, Inc.*,
    2024 WL 248712 (W.D. Wash. Jan. 23, 2024) ................................................ 8

*Intimate Bookshop, Inc. v. Barnes & Noble, Inc.*,
    88 F.Supp.2d 133 (S.D.N.Y. 2000) .................................................................. 8

*Nyab v. Capital One Bank*, 942 F.3d 480 (9th Cir. 2019) ............................................ 8

*Thurman Industries, Inc. v. Pay 'N Pak Stores, Inc.*,
    709 F. Supp. 985 (W.D. Wash. 1987) .............................................................. 8

*United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) ............................................... 6

*United States v. Stringfellow*, 783 F.2d 821 (9th Cir. 1986),
    *vacated on other grounds*, 480 U.S. 370 (1987) ............................................... 6

*U.S. Wholesale Outlet & Distribution, Inc. v.
Innovation Ventures, LLC*, 89 F.4th 1126 (9th Cir. 2023) ........................... 8-9

*Western Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009) ................................ 1

## Statutes

15 U.S.C. §26 ............................................................................................................ 9

**Rules**

Federal Rules of Civil Procedure,

    Rule 19 ................................................................................................... 7

    Rule 20 ................................................................................................... 7

    Rule 24 ................................................................................................... 7

    Rule 24(a)(2) ......................................................................................... 1

**Secondary Sources**

Areeda & Hovenkamp, Antitrust Law (2024),

    ¶303e1 .................................................................................................... 5

    ¶350b ..................................................................................................... 3

    ¶1604b ................................................................................................... 3

    ¶1604g ................................................................................................... 3

# I. ABA's Claim Is Closely Related to, and Asserted Under, Plaintiffs' Sherman Act Claims.

In opposing ABA's motion to intervene (Dkt. #205) under Rule 24(a)(2), Plaintiffs assert (Dkt. #234) that ABA's claim is somehow not sufficiently related to any of Plaintiffs' claims in this case. Yet ABA's motion (p. 3) expressly incorporated by reference Plaintiffs' Sherman Act claims as the basis for ABA's claim in this case.[1] Thus, ABA has adopted Plaintiffs' alleged nationwide relevant market consisting of online "superstores" — which expressly includes online retailing by Amazon itself (accounting for most of its revenue) of products it purchases from wholesalers such as book publishers, as well as online retailing by third parties through Amazon's Marketplace platform or platforms operated by competing superstores. *See* ABA Motion, pp. 1-2.

Plaintiffs allege that Amazon has monopoly power in the online superstores market and has unlawfully maintained such power through exclusionary conduct designed to prevent third-party sellers from competing with Amazon Retail on any

---

[1] Accordingly, ABA was not required to essentially duplicate Plaintiffs' expansive complaint as an attachment to ABA's motion, which fully explained (as reiterated *infra*) ABA's interest in (reasons for) intervening, to support Plaintiffs' complaint on specified grounds fully consistent therewith, while expressly invoking *Western Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009), as clear authority that no formal pleading is required of an intervenor in such circumstances. By contrast, the motions to intervene in *California Dept. of Toxic Subst. Control v. Jim Dobbas, Inc.*, 54 F.4th 1078 (9th Cir. 2022), did not incorporate any pleading by reference.

1

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

competing superstore platform. ABA members include actual and potential third-party sellers of books on competing superstore platforms. Like Amazon itself, each independent bookstore maintains a brick-and-mortar 'warehouse' containing its inventory of books for sale either online or otherwise. Marketing its books through an online superstore magnifies the geographic scope of the bookstore's market, and but for Amazon's exclusionary conduct, more independent booksellers would do so. *Cf. Frame-Wilson v. Amazon.com, Inc.*, 591 F.Supp.3d 975, 982 (W.D. Wash. 2022) ("eBay, Amazon's nearest competitor, charges a seller about 16% to sell a $30 book, while Amazon charges 23%"). "'[M]onopolist's action[] ... to prevent .... potential competitors from gaining a foothold in the market ... is not only injurious to the potential competitor[s] but also to competition in general.'" *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 319 (3d Cir. 2007).

Plaintiffs' Complaint alleges one way Amazon abuses its monopoly power to prevent third-party sellers from competing with it on other online superstore platforms, *i.e.*, if the seller also uses Amazon's Marketplace, Amazon imposes a so-called 'Most Favored Nation' ("MFN") policy preventing the seller from charging less on a competing superstore platform than its total price on Amazon's Marketplace, including fees charged by Amazon. ABA members are also excluded in another way from competing with Amazon, on other superstore platforms or

2

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1  otherwise, even if they don't sell books through Amazon's Marketplace and thus are
2  not subject to Amazon's MFN policy, *i.e.*, Amazon abuses its monopoly power
3  monopsonistically by coercing book publishers to supply Amazon with books at
4  wholesale prices unreasonably below the wholesale prices paid by ABA members
5  for the same books.  *See* ABA Motion, pp. 2-6.

6  Pursuit in this case of the latter form of exclusionary conduct by Amazon (in
7  addition to the former) is much simpler than Plaintiffs and Amazon suggest (*see* pp.
8  7-9, *infra*), and will *not* require formal definition of any "submarket" for sales of
9  books through online superstores, just as Plaintiffs properly do not allege submarkets
10 for any other categories of products sold through online superstores.[2]  Rather,
11 Amazon's coercion of book publishers is direct evidence (independent of its
12 percentage share of any book market) of Amazon's exercise of dominant market
13 power, as is the resultant increase in the publishers' list prices for books, and
14 Amazon's alleged increases in book prices (Dkt #171, ¶423).[3]

---

[2] ABA referred colloquially in its Motion to a submarket for books simply to describe the affected product category, not to allege a separate product and geographic market for assessing Amazon's alleged conduct.

[3] *See* Areeda & Hovenkamp, Antitrust Law (2024), ¶350b, ¶1604b and ¶1604g as quoted in ABA's motion, notes 3 and 5; *Broadcom*, 501 F.3d at 307 & n.3; *FTC v. Qualcomm Inc.*, 969 F.3d 974, 989 (9th Cir. 2020).

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

Thus, Amazon is wrong in asserting (Dkt. #233) that ABA's motion is somehow inconsistent with Plaintiffs' Complaint. *See also Brown v. Amazon.com, Inc.*, 2023 WL 5793303, at *8, 11 (W.D. Wash. Sept. 7, 2023) (Amazon's imposition of wholesale price rebates may plausibly have resulted in higher retail pricing by third-party sellers through online superstores by "presur[ing] suppliers to sell their products to Amazon's competitors at [discriminatory higher] prices ... [thereby] restricting competition"); *Broadcom*, 501 F.3d at 318-319 (unlawful monopolization through upstream price discrimination, harming downstream competition); ABA Motion, p. 4 (additional such authority). Given the close relationship shown above between Plaintiffs' Complaint and ABA's claim (which Plaintiffs acknowledge "may well [be] ... legitimate") (Dkt. #234, p.1:2-3), ABA's preparedness to pursue a salient issue neglected by Plaintiffs (presumably due to limited resources) is a reason to grant intervention, not deny it. *See* ABA Motion, pp. 9, 13:1-6, 14:12-15 (quoting Ninth Circuit authority).

## II. Denial of ABA's Motion Would Impede Pursuit of ABA's Claim as a Practical Matter.

Importantly, ABA's claim, like Plaintiffs' claims, is limited to equitable relief. ABA seeks only precise and narrow structural relief that has already been partially implemented (for digital e-books) by Amazon at the behest of the major book publishers. *See* ABA Motion, pp. 5-6. As a practical matter, however, ABA's claim

4

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

for such structural relief may be significantly impeded unless the Court recognizes ABA's right to pursue its claim in this case brought by the government. One such impediment is the understandable perception that "the government is more likely than the private plaintiff to have the resources, the competence, and the motivation to propose wise remedies .... especially ... when ... industry reorganization is in issue." Areeda & Hovenkamp, ¶303e1.

The best solution in this regard is the one contemplated by ABA's motion because its intervention would enable at least some degree of collaboration between the government (which may need to administer any structural relief ordered) and an aggrieved private party, at least allowing for informed vetting and input by the former based on factual information developed by the latter. Thus, *California v. American Stores Co.*, 495 U.S. 271 (1995), held that private parties may pursue structural relief in antitrust cases, while recognizing that such relief is "capable of nice 'adjustment and reconciliation between the public interest and private needs'" (*id*. at 284). *See Community Publishers, Inc. v. Donrey Corp.*, 892 F. Supp. 1146 (W.D. Ark. 1995), *aff'd*, 139 F.3d 1180 (8th Cir 1998) (awarding antitrust structural relief on consolidated claims by private party and federal government).

The Ninth Circuit has accordingly held that a private party's claim was jeopardized by denial of intervention in a case brought by the federal government

5

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

both because the prospective intervenor sought "[equitable] remedies that differ from those sought by the original plaintiffs" and because of the potential impact of *stare decisis* given common questions of fact or law. *United States v. Stringfellow*, 783 F.2d 821, 826-827 (9th Cir. 1986), *vacated on other grounds*, 480 U.S. 370 (1987). *See also United States v. Oregon*, 839 F.2d 635, 638-639 (9th Cir. 1988) (similar). Both such factors likewise apply here (although either suffices, as *Stringfellow* makes clear).

Apart from the remedial concerns addressed above, ABA's claim overlaps Plaintiffs' claims on antitrust liability issues such as market definition, market power, and exclusionary conduct, thus raising *stare decisis* concerns as well. Amazon has moved to dismiss Plaintiffs' claims for inadequate allegations of exclusionary conduct and has strongly signaled that it will challenge Plaintiffs' allegations of monopoly power in a relevant market consisting of online superstores. *Cf. Donnelly v. Glickman*, 159 F.3d 405, 410, 412 (9th Cir. 1998) ("'relationship' requirement" of Rule 24(a)(2) satisfied if resolution of plaintiffs' claims "will affect applicant" as where applicant's claim involves "common factual proof").

### III. Granting ABA's Motion Would Not Cause Any Delay or Prejudice Any Party.

This case will not be delayed by ABA's intervention because ABA will be subject to all existing procedural orders, as though it had been a party from the start

6

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

of this case.[4]  Plaintiffs will not be prejudiced by ABA's intervention because ABA will take full responsibility for pursuing its claim, at least to the extent Plaintiffs continue to choose not to participate therein.  Amazon will not be prejudiced, not only because its own coercive anticompetitive conduct gives rise to ABA's claim, but also because pursuit of that claim would be far less burdensome than the parties presently assert, as exemplified by the decision in *American Booksellers Assn., Inc. v. Barnes & Noble, Inc.*, 135 F.Supp.2d 1031 (N.D. Cal. 2001) ("*B&N*") (denying summary judgment for defendant on equitable claim).

*B&N* upheld a comparable claim (under the Robinson-Patman Act) for antitrust injunctive relief against a nationwide book retailer for inducing wholesale price discrimination by book publishers that undermined competition by ABA members.  *B&N* is instructive here in that because defendant, like Amazon, purchased virtually all printed trade books published domestically, the court could find *prima facie* unlawful price discrimination without evidence of any specific book

---

[4] Amazon, but not Plaintiffs, nonetheless suggests that ABA's motion is untimely. *But see* ABA Motion, note 12 and accompanying text.  Amazon ignores that ABA's counsel, retained last fall, required time to (*inter alia*) duly consider case law relating to applicability of the Sherman Act and the Robinson-Patman Act and the standards for intervening in this case.  The March 14, 2024 deadline for joinder of additional parties (per Rules 19 and 20) under the Court's scheduling order (Dkt. #159) was not applicable to prospective intervenors (per Rule 24).  *See Eisenbise v. Crown Equipment Corp.*, 2015 WL 13828753, at *3 (S.D. Cal. Dec. 7, 2015) (similar scheduling order deadline inapplicable to subsequent motion to intervene).

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

1  sales, based simply on the average differential between the standard discounts made

2  available to ABA members — 40-to-46% of the publishers' list price for any book

3  — and the greater discounts given to defendant, allegedly 60-to-65% of any such list

4  price.[5]

5        Further, defendant in *B&N* was assigned the burden of presenting *prima facie*

6  evidence of any asserted justification for such price disparity.  See 135 F.Supp.2d at

7  1055-1056, 1062, following *Thurman Industries, Inc. v. Pay 'N Pak Stores, Inc.*, 709

8  F. Supp. 985, 996 (W.D. Wash. 1987); *U.S. Wholesale Outlet & Distribution, Inc.*

9  *v. Innovation Ventures, LLC*, 89 F.4th 1126, 1135 (9th Cir. 2023) (same).[6]  Amazon

10 would have the same burden under the Sherman Act.  *See Brown*, *supra*, at *8.[7]

---

[5] *See id*. at 1037-1040, 1043; *Intimate Bookshop, Inc. v. Barnes & Noble, Inc.*, 88 F.Supp.2d 133, 135 (S.D.N.Y. 2000).  In the present case, ABA contemplates focusing on the five major U.S. book publishers, who collectively publish some 80% of all domestically printed trade books (a broad category including virtually all fiction and most nonfiction books), and whose contracts with Amazon are reportedly quite similar.

[6] *See also Nyab v. Capital One Bank*, 942 F.3d 480, 494 (9th Cir. 2019) (similar); *Heck v. Amazon.com, Inc.*, 2024 WL 248712, at *2-3 (W.D. Wash. Jan. 23, 2024) (similar).

[7] By contrast, in the *Bookends* case referenced by Amazon (Dkt. #233, p. 2 & n.5), which (unlike ABA's instant claim) was not brought under the Sherman Act, plaintiff was assigned the burden of negating Amazon's theoretical defenses as part of plaintiff's *prima facie* case (and likewise proving the magnitude of wholesale price discounts covered up by Amazon), contrary to case law in the Ninth Circuit cited above.  The *Bookends* case shows that like other small businesses, ABA members continue to struggle resiliently (and newcomers step up to replace others)

8

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

Absent proof by Amazon that any such defenses rendered the *prima facie* price discrimination insubstantial, such that it did not even threaten to injure competition among retail booksellers,[8] ABA should be entitled to its requested equitable relief.

## Conclusion

For the foregoing reasons, ABA respectfully submits that the Court should grant ABA's motion to intervene as of right in this case, and alternatively requests that the Court permit ABA to intervene in this case.

DATED this 31st day of May, 2024.

*I certify that this memorandum contains 2067 words, in compliance with the Local Civil Rules.*

**POTOMAC LAW GROUP, PLLC**

By: */s/ William D. Fisher*
William D. Fisher, WSBA No. 27475
1455 NW Leary Way, Suite 400
Seattle, WA 98107
Phone: (206) 599-8888
Email: wfisher@potomaclaw.com

---

despite stacking-of-the-deck against them by Amazon (and by its bricks-and-mortar counterpart, Barnes & Noble).

[8] *See U.S. Wholesale*, 89 F.4th at 1134; *Chroma Lighting v. GTE Products Corp.*, 111 F.3d 653 (9th Cir. 1997); 15 U.S.C. §26.

9

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888

| | |
|---|---|
| 1 | Timothy W. Bergin (admitted *pro hac vice*) |
| 2 | 1717 Pennsylvania Ave., NW, Suite 1025 |
| 3 | Washington DC 20006 |
| 4 | Phone: 703-447-4032 |
| 5 | Email: tbergin@potomaclaw.com |
| 6 | |
| 7 | *Attorneys for Intervenor American* |
| 8 | *Booksellers Association, Inc.* |

10

REPLY OF AMERICAN BOOK-
SELLERS ASS'N IN SUPPORT
OF ITS MOTION TO INTERVENE
in Case No. 2:23-cv-01495-JHC

Potomac Law Group, PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel. (703) 447-4032; (206) 599-8888