# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAFARI MBADIWE and RACHEL MILLER on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | Civil Action No. 1:22-cv-09542-VSB |

**STIPULATION COORDINATING DISCOVERY AND ORDER**

i

Plaintiffs Tafari Mbadiwe and Rachel Miller, on behalf of themselves and all others similarly situated ("the *Mbadiwe* Plaintiffs"), and Defendant Amazon.com, Inc. ("Amazon," and together with the *Mbadiwe* Plaintiffs, the "Parties") have agreed and stipulated to certain issues regarding the coordination of discovery in the above-referenced action, and hereby jointly submit this Stipulation Coordinating Discovery and Proposed Order for approval and entry by this Court.

1. Fact discovery in the above-captioned case shall be coordinated with fact discovery in *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.) (the "*FTC* case") and *California* v. *Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the "*CA AG* case").

    a. Amazon shall continue to produce documents that Amazon produces in the *CA AG* case to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims in the above-captioned action.

    b. Amazon shall produce documents that Amazon produces in the *FTC* case to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims asserted in the above-captioned action.

    c. Amazon shall produce documents that Amazon has produced in *Frame-Wilson* v. *Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.) ("*Frame-Wilson*") to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims in the above-captioned action.

    d. Within thirty (30) days of entry of this order, the *Mbadiwe* Plaintiffs shall serve a document request pursuant to Fed. R. Civ. P. 34 on Amazon for nonparty discovery materials that have been produced in *Frame-Wilson*, the *CA AG* case, or the *FTC* case that are relevant to the "parity" claims in the above-captioned action. Amazon shall produce such discovery materials subject to the

1

  nonparty's right to object under the terms of the operative protective order in the case in which the documents were originally produced by the nonparty.

 e. The *Mbadiwe* Plaintiffs may participate in depositions as set forth in the Coordination Protocol and Order entered on April 17, 2024, in the *CA AG* case, to the extent they are relevant to the "parity" claims asserted in the above-captioned action. The Coordination Protocol and Order dated April 17, 2024 is attached hereto as Exhibit 1.

 f. The *Mbadiwe* Plaintiffs and Amazon shall use all reasonable efforts to coordinate the depositions of Amazon witnesses and nonparty witnesses across all of the coordinated cases (the *FTC* case, the *CA AG* case, *Frame-Wilson*, *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.), and *Brown* v. *Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.)), absent either (i) agreement of the parties or (ii) a showing of good cause and order of the Court. Such depositions shall be subject to time limitations and other conditions to be set forth in a stipulated-to deposition protocol that the parties submit to the Court for approval.

2. Consistent with the deadlines set forth in the *FTC* case and the *CA AG* case, the fact discovery deadline in the above-captioned case shall be August 8, 2025;

3. The Parties shall meet and confer regarding expert discovery within sixty (60) days of the close of fact discovery; and

4. Within 21 days of the resolution of all summary judgment motions in the *FTC* and *CA AG* cases, should this case still be pending, the parties shall meet and confer and submit a proposed schedule for class certification briefing in the above-captioned case.

5.      The Parties agree to the above-described schedule for the purpose of facilitating coordinated discovery. In the event Judge Chun denies Defendant Amazon.com, Inc.'s Motion for Coordinated Discovery Schedule, *see Frame-Wilson*, Dkt. No. 139, the Parties will meet and confer to submit an alternate proposed case management schedule within sixty (60) days of such denial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: May 20, 2024                                          Respectfully submitted,

/s/ Daniel Goldman
Daniel Goldman
dgoldman@bklwlaw.com
Bienert Katzman Littrell Williams LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700

/s/ Gordon Ball
Gordon Ball (*pro hac vice*)
gball@gordonball.com
Gordon Ball, PLLC
3728 West End Avenue
Nashville, Tennessee 37205
Tel: (865) 525-7028

*Counsel for Plaintiffs and the Putative Classes*

/s/ Amy J. Mauser
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Yotam Barkai
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

IT IS SO ORDERED.

Dated: May 22, 2024                                          _____
                                                             Hon. Vernon S. Broderick
                                                             United States District Judge

3

# Exhibit 1

FILED
San Francisco County Superior Court

APR 17 2024

CLERK OF THE COURT
BY: _____
Deputy Clerk

1  ROB BONTA (SBN 202668)
   Attorney General of California
2  PAULA BLIZZARD (SBN 207920)
   Senior Assistant Attorney General
3  NATALIE S. MANZO (SBN 155655)
   JAMIE L. MILLER (SBN 271452)
4  Supervising Deputy Attorney General
   ROBERT B. MCNARY (SBN 253745)
5  STEPHEN R. SMEREK (SBN 208343)
   Deputy Attorneys General
6  300 South Spring Street, Suite 1702
   Los Angeles, CA 90013
7  Telephone: (213) 269-6000

8  *Attorneys for Plaintiff and Cross-Defendant*
   *The People of the State of California*
9
   HEIDI K. HUBBARD (*pro hac vice*)
10 WILLIAMS & CONNOLLY LLP
   680 Maine Ave. SW
11 Washington, DC 20024
   Tel.: (202) 434-5000
12
   Jeffrey M. Davidson (Bar No. 248620)
13 COVINGTON & BURLING, LLP
   415 Mission Street, Suite 5400
14 San Francisco, CA 94105
   Tel: (415) 591-6000
15
   *Attorneys for Defendant and Cross-Complainant*
16 *Amazon.com, Inc.*

17 (additional counsel listed below)

18 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19 **COUNTY OF SAN FRANCISCO**

20

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff / Cross-Defendant,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant / Cross-Complainant. | **CASE NO. CGC-22-601826**<br><br>**STIPULATED COORDINATION PROTOCOL AND [PROPOSED] ORDER**<br><br>Dept.: 304<br>Judge: Hon. Ethan P. Schulman<br><br>Case Filed: September 15, 2022<br>Trial Date: August 10, 2026 |

0

Plaintiff The People of the State of California ("The People") and Defendant Amazon.com, Inc. ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition discovery in the above-referenced action ("Action"), and hereby jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order") for approval and entry by the Court.

## I. DEFINITIONS

1. The following definitions shall apply for the purposes of this Order:

   a. <u>Amazon Representative</u>: Any person who is identified to testify on Amazon's behalf as a corporate representative in response to a deposition notice of Amazon.

   b. <u>Amazon Witness</u>: Any person who is (i) a current employee or officer of Amazon, (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon. Upon receipt of a deposition notice from The People for a former employee or officer of Amazon, Counsel for Amazon shall have fourteen (14) calendar days to notify The People in writing if the former employee or officer is represented by Counsel for Amazon. If Counsel for Amazon does not provide notice that it represents a former employee or officer within fourteen (14) calendar days, the deposition shall be governed by the provisions of Section V covering Non-Party witnesses, unless otherwise agreed to by the Parties.

   c. <u>Coordinated Deposition</u>: A deposition conducted pursuant to this Coordination Order wherein Other Plaintiffs' Attorneys for at least one of the Other Pending Actions participate in said deposition.

   d. <u>Counsel for Amazon</u>: Counsel of record for Amazon.com, Inc. in this Action.

   e. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

   f. <u>Other Pending Actions</u>: *Frame-Wilson et al. v. Amazon.com Inc.*, No. 2:20-cv-00424-JHC (W.D. Wa.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wa.); *Brown et al. v. Amazon.com, Inc.*, No. 22-cv-00965-JHC (W.D. Wa.); *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wa.); and any other civil action in or approaching active discovery involving substantially similar claims, which is identified and agreed by the Parties in writing.

1

   g. <u>Other Plaintiffs' Attorneys</u>: Counsel of record for plaintiffs in the Other Pending Actions as identified in the preceding subparagraph d.

   h. <u>Party or Parties</u>: Any entity named a plaintiff or defendant in this Action.

## II. GENERAL PROVISIONS

2. This Coordination Order shall be effective only upon agreement of the Parties and approval of the Court.

3. The close of fact discovery shall be extended to August 8, 2025. The Parties shall meet and confer and present the Court with proposed adjustments to the balance of the pretrial schedule within thirty (30) calendar days of the execution and entry of this Coordination Order.

4. This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action. Nothing in this Coordination Order shall preclude or otherwise restrict Amazon from engaging in further coordination efforts in the Other Pending Actions or in any other action, but no such efforts by Amazon shall modify this Coordination Order, be binding on The People, or otherwise have any effect on the present Action.

5. Either Party may seek to later modify this Coordination Order for good cause. Prior to doing so, the Parties shall meet and confer in good faith to reach agreement as to the appropriate scope of any modifications. For the avoidance of doubt, this Coordination Order may be amended only by subsequent written stipulation among the Parties and a corresponding approval by the Court; however, if the Parties jointly agree, they may agree to modify the time periods for providing notice set forth herein without modification of this Coordination Order or the Court's approval.

6. Amazon represents that it is engaged in efforts to negotiate and have substantially similar orders entered in each of the Other Pending Actions. To the extent that any dispute arises regarding the conduct of Coordinated Depositions related to terms of coordination contained in orders entered in Other Pending Actions that differ from or conflict with this Coordination Order, the Parties shall meet and confer to determine if modifications of this Coordination Order may be necessary to facilitate efficient coordination with the Other Pending Actions.

7. Unless otherwise expressly agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the California Rules of Court, the California

Code of Civil Procedure, and the California Evidence Code, and any other applicable provisions that would apply to govern discovery in the absence of this Coordination Order.

8. Both Parties reserve all rights to formally object (by motion or otherwise) to any deposition or deposition examination on any grounds and seek appropriate relief from the Court as warranted. For the avoidance of doubt, and notwithstanding anything in this Coordination Order, Amazon shall retain all rights to object (by motion or otherwise) to the taking of a particular deposition or to the timing or length of such a deposition in this Action or in the Other Pending Actions. For the further avoidance of doubt, and notwithstanding anything in this Coordination Order, The People shall retain all rights to seek (by motion or otherwise) additional time for the taking of a particular deposition in this Action.

9. For any Coordinated Deposition, each Party or Other Plaintiffs' Attorneys may notice, take, defend, or otherwise participate in any such deposition either in person, or remotely, in their sole discretion notwithstanding how any other Party or Other Plaintiffs' Attorneys elect to notice, take, defend, or otherwise participate in such deposition. For the avoidance of doubt, if a deposition is noticed to take place in person, nothing in this Coordination Order shall permit the witness to appear other than in person except by agreement of the noticing Party.

10. For the avoidance of doubt, any testimony in a Coordinated Deposition will be deposition testimony given in this Action whether the examination was conducted by The People or Other Plaintiffs' Attorneys. For the further avoidance of doubt, both Parties reserve all rights to object to the admissibility of such testimony pursuant to the applicable provisions of the California Rules of Court, the California Code of Civil Procedure, the California Evidence Code, and any other applicable law.

11. With respect to any Coordinated Deposition of an Amazon Witness or Amazon Representative that The People intend to notice pursuant to this Coordination Order, the Parties agree that The People may share (and receive from the Other Plaintiffs' Attorneys) materials produced by Amazon in this Action that are reasonably contemplated by The People to be shown to the witness subject to a Coordinated Deposition, or necessary to understand the import of such documents, or information derived from such materials, designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the January 27, 2023 Stipulation and Protective Order (the "Protective Order") with any participating Other Plaintiffs' Attorneys for the sole purpose of preparing for and/or taking such

3

Coordinated Deposition provided that such Other Plaintiffs' Attorneys agree to maintain the confidentiality of such materials as if they had been so designated under the operative protective orders entered in the Other Pending Actions. For the avoidance of doubt, the sharing contemplated by this Paragraph shall be constrained to what is reasonably necessary for the purposes of executing Coordinated Depositions and shall not generally supersede or negate discovery limitations or protective order restrictions otherwise applicable in each individual case.

12. For the further avoidance of doubt, nothing in this Coordination Order permits any Party to take more than one deposition of any witness without agreement of the Parties and witness and/or leave of Court.

### III. DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THIS ACTION

13. To the extent The People seek the deposition of Amazon or an Amazon Witness in the Action, The People shall issue a deposition notice to Counsel for Amazon, for a date not sooner than sixty (60) calendar days from the date the notice is served. Counsel for Amazon shall provide the deposition notice to the Other Plaintiffs' Attorneys for the purpose of facilitating potential coordination of such deposition as may be appropriate in connection with the Other Pending Actions.

14. Counsel for Amazon shall use best efforts to confirm The People's proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition within fourteen (14) calendar days of receiving The People's deposition notice. If alternative dates are provided, Counsel for Amazon shall use best efforts to provide at least one alternative date within fourteen (14) calendar days of The People's initial proposed date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

15. Notwithstanding anything in this Coordination Order, The People shall retain all rights to depose any Amazon Witness by providing the notice required by statute if the sixty (60) day notice period contemplated herein would require the deposition of Amazon or an Amazon Witness to take place after the close of fact discovery in this Action. If the witness is not reasonably available on the date noticed, Amazon shall promptly notify The People, and the Parties shall meet and confer within five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the noticed deposition,

1  which may be conducted after the close of fact discovery in the event the Amazon Witness cannot
2  reasonably be made available on an earlier agreed-date.

3  16. The Parties agree that the Parties, Other Plaintiffs' Attorneys, and Counsel for Amazon in
4  the Other Pending Actions may attend and participate in Coordinated Depositions to the fullest extent
5  permitted under applicable rules, including this Coordination Order and any Order of the Court in this
6  Action. The Parties' use of Coordinated Deposition testimony, or exhibits, designated as "Confidential"
7  or Highly-Confidential" shall be governed by the Protective Order (and use of such materials by Other
8  Plaintiffs' Attorneys shall be governed by the operative protective orders entered in the Other Pending
9  Actions) provided that no Party, their counsel, or Other Plaintiffs' Attorneys shall be excluded from any
10 portion of a Coordinated Deposition or prohibited access to deposition exhibits marked at a Coordinated
11 Deposition. For the avoidance of doubt, both Parties reserve all rights to object to the admissibility of
12 such testimony pursuant to the applicable provisions of the California Rules of Court, the California Code
13 of Civil Procedure, the California Evidence Code, and any other applicable law.

14 17. For any deposition of an Amazon Witness where Amazon provided notice to the Other
15 Plaintiffs' Attorneys contemplated by Paragraph 13, but the Other Plaintiffs' Attorneys do not participate,
16 the Parties agree that the examination by The People generally shall be limited to no more than one (1)
17 day, with no more than seven (7) hours on the record.

18 18. For any Coordinated Deposition of an Amazon Witness, the Parties agree that examination
19 by The People and Other Plaintiffs' Attorneys shall be limited to no more than a combined total of ten
20 (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed
21 to by the Amazon Witness.

22 19. Notwithstanding the limit set forth in Paragraphs 17 and 18, The People, together with
23 Other Plaintiffs' Attorneys, may identify up to a combined total of eight (8) Amazon Witnesses, where
24 the Amazon Witness has not previously testified in a pre-Complaint investigational hearing in this Action
25 or any of the Other Pending Actions, for whom their Coordinated Deposition shall be limited to no more
26 than a combined total of fourteen (14) hours on the record, with no more than seven (7) hours per day
27 unless otherwise agreed by the Parties and the Amazon Witness. The People, and the Other Plaintiffs'
28 Attorneys, shall identify such Amazon Witnesses by providing Counsel for Amazon with written notice

no later than thirty (30) calendar days prior to the date of such deposition. Amazon reserves the right to object to such extended deposition time limit for any specific Amazon Witness by providing written notice of such objection to The People, and Other Plaintiffs' Attorneys, within five (5) business days. Thereafter, the Parties shall meet and confer to try to resolve any such objection. If a dispute remains, Amazon may seek relief from the Court in this action for Coordinated Depositions first noticed in this action; however, absent agreement of the Parties or Order of the Court, the fourteen (14) hour limit shall apply to such deposition.

20. Notwithstanding the time limits set forth in Paragraphs 18 and 19, should Amazon agree to higher time limits for any Coordinated Depositions, or should any order in the Other Pending Actions be entered permitting higher time limits for any Coordinated Depositions, such higher time limits shall apply to any such Coordinated Depositions taken in this action.

21. In the event Amazon seeks to coordinate testimony from one or more Amazon Representatives offered in response to a deposition notice to Amazon pursuant to Section 2025.230 of the California Code of Civil Procedure, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice. Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony and appropriate time limits for said deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People may elect to proceed with the deposition on the topics as noticed, or to meet and confer concerning coordination, in their sole discretion. For the avoidance of doubt, nothing in this Paragraph shall affect Amazon's right to object to any deposition notice issued by The People pursuant to Section 2025.230 on any grounds.

### IV. DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THE OTHER PENDING ACTIONS.

22. In the event Amazon receives a notice or subpoena for the deposition of Amazon or an Amazon Witness in any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and provide The People a copy thereof within seven (7) calendar days of receiving such deposition notice, and at least fifty-three (53) calendar days before the date on which the deposition is noticed. For the avoidance of doubt, notice fails to comply with this Paragraph if it is not provided at

least fifty-three (53) calendar days before the date on which the deposition is first noticed unless Amazon is served with the deposition notice less than sixty (60) calendar days before the date on which the deposition is first noticed, in which case, notice to The People fails to comply with this Paragraph if Amazon does not provide such notice within three (3) business days after timely service upon Amazon in such Other Pending Actions and at least thirty (30) calendar days before the date on which the deposition is first noticed.

23. Upon receipt of a notice from Amazon for the deposition of an Amazon Witness, The People shall have fourteen (14) calendar days to notify Counsel for Amazon in writing whether The People also intend to notice such Amazon Witness for deposition in the present Action such that the deposition will be a Coordinated Deposition, and whether The People are able to proceed with such deposition as noticed in the Other Pending Action. For avoidance of doubt, the timing provisions for issuing a deposition notice under Paragraph 13 shall not apply in such circumstances.

24. To the extent The People elect to proceed with a Coordinated Deposition but are unavailable to proceed with the deposition on the date noticed in an Other Pending Action, or to the extent The People require reasonable additional time to prepare, the Parties will use best efforts to coordinate with each other and the appropriate Other Plaintiffs' Attorneys in the Other Pending Actions to identify mutually-agreeable dates for the coordinated deposition taking into consideration the status of discovery and operative case schedules in this Action and the relevant Other Pending Actions.

25. The People in their sole discretion may elect to participate in a Coordinated Deposition whether or not Amazon provides notice in compliance with Paragraph 22. To the extent The People elect to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action, the Coordinated Deposition will be subject to the deposition time limits set forth above in Paragraphs 18 and 19.

26. To the extent The People decline to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action which occurs on a date more than sixty (60) calendar days after Amazon provides written confirmation that is has substantially completed its document production in response to The People's requests for production of documents through and including Set Six, and for which Amazon has provided notice to The People in accordance with Paragraph 19, The

People may not seek the deposition of that same Amazon Witness in this Action without Amazon's consent or leave of the Court. For the avoidance of doubt, the limitations of this Paragraph shall have no effect, and The People shall be free to notice and take any deposition of an Amazon Witness, where Amazon fails to provide notice that complies with Paragraph 22 and The People decline to participate in a Coordinated Deposition of that Amazon Witness. For the further avoidance of doubt, nothing in this Paragraph, or otherwise in the Coordination Order, bars The People from seeking agreement from Amazon or leave of Court to take additional testimony from any Amazon Witness based on documents produced by Amazon after the date Amazon represents it has substantially completed its document production.

27. In the event Amazon seeks to coordinate testimony from one or more Amazon Representatives offered in response to a deposition notice to Amazon in its corporate capacity issued in any Other Pending Action, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice. Amazon shall provide a copy of any such deposition notice, and any responses and objections thereto, contemporaneously with the service of Amazon's responses and objections. Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony for any coordinated proceeding, the participants, and any appropriate time limits for said deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People may elect to meet and confer concerning coordination in their sole discretion.

## V. NON-PARTY WITNESS DEPOSITION COORDINATION

28. In the event Amazon receives a notice or subpoena for the deposition of a Non-Party in any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and provide The People a copy thereof within seven (7) calendar days of receipt. Thereafter, should either Party seek to depose such Non-Party in a Coordinated Deposition in this Action, the Parties agree to meet and confer to facilitate such coordination to the fullest extent reasonably practicable.

29. The Parties agree that a Party seeking the deposition of a Non-Party witness will issue and send to the other Party a deposition notice with a proposed date for the deposition, which absent mutual agreement or leave of Court for good cause, shall not be set for a date any earlier than sixty (60) calendar days from the date the Party serves the deposition notice. For the avoidance of doubt, under this

Paragraph, a Party may serve a deposition notice without first obtaining or issuing a subpoena to compel attendance of the Non-Party witness at the deposition.

30. The Party receiving the deposition notice shall, within fourteen (14) calendar days, advise the Party seeking the deposition as to whether it intends to cross notice the deposition and either (i) confirm the proposed date, or (ii) use best efforts to propose reasonable alternative dates within fourteen (14) calendar days of the originally noticed date.

31. If the Party receiving the deposition notice wishes to seek documents to prepare for or participate in the deposition of the Non-Party, the Party receiving the deposition notice shall also, within fourteen (14) calendar days, either (i) serve any subpoena for production of such documents on the Non-Party; or (ii) in the event a subpoena must be domesticated for service in a foreign jurisdiction, provide notice of a forthcoming subpoena to the original noticing Party and the Non-Party, including a copy of said subpoena, and use best efforts to promptly domesticate and serve such subpoena. The Party serving such a document subpoena on a Non-Party shall use its best efforts to enforce the subpoena, so as not unreasonably delay the taking of the Non-Party deposition noticed by the other Party.

32. If the Party receiving the deposition notice fails to comply with the timing requirements set forth in the preceding Paragraph 28, it shall waive all rights to move to continue or reopen the deposition of the Non-Party, or seek any other relief, based on production of responsive documents after the deposition.

33. Notwithstanding any agreed date and to minimize, to the extent possible, the burden on and inconvenience to Non-Parties, the Parties further agree to work in good faith to make any mutually agreeable modifications to the date(s) for each deposition, including to coordinate, to the extent reasonably possible, with the Other Plaintiffs' Attorneys for their respective depositions of the same Non-Party in the Other Pending Actions and to account for the availability of the Non-Party, the availability of counsel for the Parties and Non-Parties, any burden and inconvenience to the Non-Party, and the needs of the Parties to seek documents from each other or the Non-Party and/or its affiliated entities in advance of the deposition if a subpoena for production of documents is timely served or noticed pursuant to Paragraph 28.

34. Notwithstanding anything in this Coordination Order, the Parties shall retain all rights to depose any Non-Party witness by providing the notice required by statute if the sixty (60) day notice

9

period contemplated herein would require the deposition of a Non-Party witness to take place after the close of fact discovery in this Action. If the Non-Party witness is not reasonably available on the date noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer within five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the noticed deposition, which may be conducted after the close of fact discovery in the event the Non-Party witness cannot reasonably be made available on an earlier agreed-date.

35. Notwithstanding anything in this Coordination Order, apart from the failure to timely serve or notice a subpoena for production of documents as outlined in Paragraph 28, the Parties retain all rights to formally object (by motion or otherwise) to the taking of any Non-Party's deposition or to the timing or scope of any such deposition in this Action. For the avoidance of doubt, provided a Party complies with the timing requirements set forth in Paragraph 28 regarding service or providing notice of a subpoena for documents, the Party retains all rights to formally object (by motion or otherwise) to the taking of any Non-Party's deposition or to the timing or scope of any such deposition in this Action.

36. This Coordination Order does not impose, modify, or waive any discovery obligation, objection, or applicable privilege the Parties may have with respect to the production of documents relating to any Non-Parties except as expressly provided herein. The Parties do not waive any objections to and shall retain all rights to formally object (by motion or otherwise) to any Non-Party discovery in the Action except as expressly provided herein.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: April 17, 2024                                    Respectfully Submitted,

By: */s/ Stephen R. Smerek*                              By: */s/ Jeffrey M. Davidson*
    Stephen R. Smerek                                        Jeffrey M. Davidson

Rob Bonta (SBN 202668)                                   Heidi K. Hubbard (*pro hac vice*)
Attorney General of California                           Kevin M. Hodges (*pro hac vice*)
Paula Blizzard (SBN 207920)                              Jonathan B. Pitt (*pro hac vice*)
Senior Assistant Attorney General                        Carl R. Metz (*pro hac vice*)
Natalie S. Manzo (SBN 155655)                            Carol J. Pruski (Bar No. 275953)
Jamie L. Miller (SBN 271452)                             WILLIAMS & CONNOLLY LLP
Supervising Deputy Attorneys General                     680 Maine Ave. SW
Robert B. McNary (SBN 253745)                            Washington, DC 20024
Stephen R. Smerek (SBN 208343)                           Tel.: (202) 434-5000
Lauren J. Pomeroy (SBN 291604)                           Fax: (202) 434-5029
Carolyn D. Jeffries (SBN 319595)
Nell G. Moley (SBN 295498)                               Jeffrey M. Davidson (Bar No. 248620)
Komal Patel (SBN 342765)                                 Cortlin H. Lannin (Bar No. 266488)
Deputy Attorneys General                                 Neema T. Sahni (Bar No. 274240)
300 South Spring Street, Suite 1702                      COVINGTON & BURLING, LLP
Los Angeles, CA 90013                                    415 Mission Street, Suite 5400
Tel: (213) 269-6058                                      San Francisco, CA 94105
                                                         Tel: (415) 591-6000
*Attorneys for Plaintiff and Cross-Defendant,*           Fax: (415) 591-6091
*The People of the State of California*                  *Attorneys for Defendant and Cross-Claimant,*
                                                         *Amazon.com, Inc.*

[~~PROPOSED~~] ORDER

Pursuant to the above stipulation, IT IS SO ORDERED

DATED: Apr. 17, 2024

_____
Hon. Ethan P. Schulman
Judge of the Superior Court

11

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On April 17, 2024, I electronically served STIPULATED COORDINATION PROTOCOL AND ORDER via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: APR 17 2024

Brandon E. Riley, Court Executive Officer

By: _____
Felicia Green, Deputy Clerk