THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

**CASE NO.: 2:23-cv-01495-JHC**

**JOINT STATEMENT REGARDING PROPOSED ECONOMICS DAY HEARING**

Pursuant to the June 6, 2024 Case Status Conference ("CSC"), Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York, Connecticut, New Hampshire, Oklahoma, Oregon, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Puerto Rico, Rhode Island, Vermont, and Wisconsin, by and through their respective Attorneys General (together, "Plaintiff States," and collectively with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") submit this joint statement regarding a proposed economics day hearing (the "Hearing"), as discussed during the CSC.

I.       **PLAINTIFFS' PROPOSAL**

The Court has proposed "a hearing where [the Court] would hear from both sides' economists about the theories being advanced in this case," with the goal of being "as educated as possible regarding the economic theories in this case." June 6, 2024, Hr'g Tr. 4:14-24. Consistent with the Court's request, and subject to any additional proposals or revisions by the Court, Plaintiffs propose that the following protocol govern the Hearing:

A.       **HEARING PROTOCOL AND PROCEDURES**

- The Hearing shall be conducted in September 2024, or as soon thereafter as practicable, subject to the Court's and the economists' availability. Plaintiffs believe that an in-person hearing will be more efficient, but the parties' economists will be available to present in person or remotely, whichever is more convenient for the Court.

- Both sides' economist(s) will have equal time to present, with the Court having the opportunity to question the economists throughout the Hearing. Plaintiffs recommend allotting up to two hours for each side to present, with one hour reserved for any follow-on questions from the Court for either side, subject to the Court's preferences and availability.

- No cross-examination or legal argument by either side's lawyers will be permitted, and the parties' economists will not be permitted to question each other.

- The Hearing will be for educational purposes only. With the exception of informing the relevant scope of fact discovery, nothing stated or presented at the Hearing (including written presentation materials) shall be cited, considered, or

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 used in this litigation, admitted into evidence, or used in connection with any fact

2 or expert witness examination (including cross-examination and impeachment) at

3 deposition or trial.

4 • The Parties shall work in good faith to avoid issues relating to the disclosure of

5 confidential information, and to minimize or avoid the need for any redactions in

6 the Hearing materials.  The Hearing will be conducted in open court.

7 **B.** **SCOPE OF THE ECONOMISTS' PRESENTATIONS**

8 Both sides' economists will present on the economic principles and theories relevant to

9  this matter, including, but not limited to, topics relating to monopoly power, the nature of

10  competition in online markets, and the economic analysis of Amazon's challenged conduct and

11  its impact on competition.[1]  Because fact discovery remains ongoing, with expert opening reports

12  not due until October 3, 2025, the economists do not yet have access to the data, documents, and

13  testimony on which their analyses and opinions in this case will be based. Accordingly, the

14  economists will present their economic theories based on the facts alleged in Plaintiffs'

15  Amended Complaint, Dkt. #170, and any asserted procompetitive justifications disclosed in any

16  written response to Plaintiffs' pending Interrogatory No. 1 that Amazon submits sufficiently in

17  advance of the Hearing.[2]  The parties will exchange any presentations or demonstratives they

18  plan to use no later than two weeks before the Hearing to help identify "different economic

19

20  [1] Plaintiffs understand that the Court is seeking to hear from economists about the "economic
theories in this case," June 6, 2024, Hr'g Tr. at 4:14-19, and thus disagree with Amazon's

21  proposal to the extent it seeks to inject discussions regarding "legal theories and legal standards."
*See, e.g.*, Amazon's Position below, at 5-6. Amazon's proposal for up to four hours of lawyer-

22  led presentations on the "relevant legal framing" or other legal argument, divorced from any
motion or pretrial briefing, misses the mark.

23  [2] Amazon has represented that it will provide its initial substantive response to Plaintiffs'

24  interrogatory in July 2024.

JOINT STATEMENT RE ECONOMICS DAY HEARING - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    theories being advanced" to highlight during their presentations.  *See* June 6, 2024, Hr'g Tr.

2    11:10-13.[3]  Such presentations will not exceed 75 slides in length.

3

4    **II.    AMAZON'S PROPOSAL**

5            Amazon welcomes the Court's request for a discussion on economic issues to inform the

6    Court's management of the case.  Amazon has given consideration as to how best to structure

7    such a discussion to be most effective for the Court at this stage.  Given the Plaintiffs' wide-

8    ranging complaint, which challenges multiple parts of Amazon's business under what Amazon

9    believes are novel legal theories, there are numerous economic theories related to the Complaint

10   that could be debated.  Depending on which claims continue in this case, the expert portion of

11   this case may be significant, involving many days of testimony by many different experts,

12   including several economists.  The Parties are not scheduled to begin identifying experts and

13   disclosing their opinions until October 2025.[4]  Given the early timing of this economics

14   discussion,[5] Amazon is concerned that absent an orderly process for ensuring a tailored

15   _____

16   [3] Amazon asserts that the parties "have not been able to advance discussions on the more
     complex issue related to which economic issues should form the basis of the discussion," and
     proposes for the first time in this filing a process whereby the parties will submit disputes over
17   "which economic issues should form the basis of the discussion" for resolution by the Court.  *See*
     Amazon's Position below, at 5.  Until today's filing, Plaintiffs understood that the parties were in
18   agreement that the Court wanted each side's economist to address "the case at large," *i.e.*, the
     economic theories relevant to all aspects of the case.  *See* June 6, 2024, Hr'g Tr. 11:1-14.  While
19   Plaintiffs welcome further guidance from the Court regarding the topics that are of most interest,
     Plaintiffs believe that it would be most efficient for the parties to exchange materials prior to the
20   Hearing so that each side's economists can be prepared to address any theories the other side
     intends to address, as contemplated by Plaintiffs' proposal.

21   [4] *See* Case Management Order of Feb. 13, 2024, at 2, Dkt. #159.

22   [5] "Economics-day"-type sessions have often been scheduled in the context of a specific legal
     motion, such as a *Daubert* motion attacking the admissibility of a particular expert's opinion at
23   summary judgment or trial.  *See, e.g., In re: Capacitors Antitrust Litig.*, No. 14-3264, 2021 WL
     5407452, at * 1 (N.D. Cal. Nov. 18, 2021) (Daubert); *see also See In re: Google Play Store*

24

1   discussion that focuses on core economic theories, and without appropriate legal context for

2   those economic theories, any early economics discussion may not be as beneficial as other

3   economics discussions have been for other courts.

4          Amazon and the FTC have met and conferred on the appropriate approach to an

5   economics discussion, as reflected in this submission, but have not been able to advance

6   discussions on the more complex issue related to which economic issues should form the basis of

7   the discussion.  Amazon proposes for consideration that the Court ask the Parties to confer and to

8   submit by August 20 a list of economic issues that (i) all Parties agree should be addressed in the

9   discussion with the Court, and (ii) that either Plaintiffs or Amazon believe should be addressed

10  but for which there is not a consensus among all Parties.[6]  The Court could then provide

11  feedback to the Parties, and seek any additional clarification on the parties' proposed economic

12  issues for discussion, at the status conference scheduled for September 3.  If helpful to the Court,

13  attendance at that conference could be in person.

14         Amazon proposes that the Court then schedule a session in the Fall at which counsel for

15  the Parties would each have a set amount of time (*e.g.*, up to two hours) to provide the legal

16  framing and context for the economic issues identified by the Court as most useful to address at

17  this stage.  We understand that other similar economics discussions before other courts, in

18  addition to having the benefit of a factual record from which the experts can draw, also follow

19  significant prior legal briefing that has provided the Court with the legal framework for assessing

20

21  *Antitrust Litig.*, No. 20-CV-05761-JD, 2022 WL 17252587, at *3 (N.D. Cal. Nov. 28, 2022)
    (class certification).

22  [6] Amazon would be concerned that the FTC's proposal to have the experts base their
23  presentations solely on the unproven allegations of the Complaint and an early interrogatory
    response by Amazon would not provide the Court with the kind of substantive engagement on
24  the core economic issues that would be most useful in the litigation.

JOINT STATEMENT RE ECONOMICS DAY HEARING - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   the relevance and admissibility of the experts' opinions.[7]  The economic issues and theories in

2   this matter are closely intertwined with the antitrust legal theories and legal standards,

3   themselves often complex, about which the parties may have strongly differing views and which

4   will inform how the parties present economic theories for the economic discussion.  Amazon

5   proposes this relatively short initial session with counsel will thus be high-value and make any

6   subsequent economics discussion even more productive, by providing the Court with initial legal

7   framing that would help guide the Court in evaluating the myriad of economic issues that could

8   theoretically be relevant to the claims.

9       While the parties do not agree on the details of the format for this initial economics

10  discussion, the parties are in agreement that: (a) the parties will organize their presentations in a

11  manner that will not involve the disclosure of confidential information covered by the Protective

12  Order in this case; and (a) nothing presented may be used as evidence, cited in further written

13  submissions, or used to cross-examine witnesses in the course of subsequent proceedings or trial

14  in this case.

15      Amazon submits that, with the benefit of a process to tailor the appropriate economic

16  theories for which early discussion with the Court will be fruitful, as well as an initial session to

17  provide relevant legal framing, subsequent economics discussions later in the case will be useful

18  to the Court in addressing any claims that survive to that point.

19                        *          *          *          *

20      The Court's willingness to engage on economic issues at this stage is welcomed, and

21  Amazon looks forward to working to make the process as helpful as possible at this pre-

22  discovery stage.

23  _____

24  [7] *Cf.* note 2 *supra.*

JOINT STATEMENT RE ECONOMICS DAY HEARING - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Dated: June 27, 2024            Respectfully submitted,

2

                             */s/ Susan A. Musser*
                             SUSAN A. MUSSER (DC Bar # 1531486)

3                              EDWARD H. TAKASHIMA (DC Bar # 1001641)
                             KENNETH H. MERBER (DC Bar # 985703)

4                              COLIN M. HERD (NY Reg. # 5665740)
                             ERIC ZEPP (NY Reg. # 5538491)

5                              Federal Trade Commission
                             600 Pennsylvania Avenue, NW

6                              Washington, DC 20580
                             Tel.:    (202) 326-2122 (Musser)

7                                            (202) 326-2464 (Takashima)
                             Email:   smusser@ftc.gov

8                                            etakashima@ftc.gov
                                           kmerber@ftc.gov

9                                            cherd@ftc.gov
                                           ezepp@ftc.gov

10

11                              *Attorneys for Plaintiff Federal Trade Commission*

12

13

14

15

16

17

18

19

20

21

22

23

24

JOINT STATEMENT RE ECONOMICS DAY HEARING - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
2   Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
3   General
28 Liberty Street
4   New York, NY 10005
Telephone: (212) 416-6537
5   Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

6

*s/ Rahul A. Darwar*
7   Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
8   Office of the Attorney General of Connecticut
165 Capitol Avenue
9   Hartford, CT 06016
Telephone: (860) 808-5030
10   Email: Rahul.Darwar@ct.gov
*Counsel for Plaintiff State of Connecticut*

11

*s/ Alexandra C. Sosnowski*
12   Alexandra C. Sosnowski (admitted *pro hac vice*)
13   Assistant Attorney General
Consumer Protection and Antitrust Bureau
14   New Hampshire Department of Justice
Office of the Attorney General
15   One Granite Place South
Concord, NH 03301
16   Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
17   *Counsel for Plaintiff State of New Hampshire*

18   *s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
19   Assistant Attorney General
Consumer Protection Unit
20   Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
21   Tulsa, OK 74119
Telephone: (918) 581-2230
22   Email: caleb.smith@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

23

24

JOINT STATEMENT RE ECONOMICS DAY HEARING - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Gary Honick*
    Gary Honick (admitted *pro hac vice*)
2   Assistant Attorney General
    Deputy Chief, Antitrust Division
3   Office of the Maryland Attorney General
    200 St. Paul Place
4   Baltimore, MD 21202
    Telephone: (410) 576-6474
5   Email: Ghonick@oag.state.md.us
    *Counsel for Plaintiff State of Maryland*

6
    *s/ Michael Mackenzie*
7   Michael Mackenzie (admitted *pro hac vice*)
    Deputy Chief, Antitrust Division
8   Office of the Massachusetts Attorney General
    One Ashburton Place, 18th Floor
9   Boston, MA 02108
    Telephone: (617) 963-2369
10  Email: michael.mackenzie@mass.gov
    *Counsel for Plaintiff Commonwealth of*
11  *Massachusetts*

12  *s/ Scott A. Mertens*
    Scott A. Mertens (admitted *pro hac vice*)
13  Assistant Attorney General
    Michigan Department of Attorney General
14  525 West Ottawa Street
    Lansing, MI 48933
15  Telephone: (517) 335-7622
    Email: MertensS@michigan.gov
16  *Counsel for Plaintiff State of Michigan*

17  *s/ Zach Biesanz*
    Zach Biesanz (admitted *pro hac vice*)
18  Senior Enforcement Counsel
    Office of the Minnesota Attorney General
19  445 Minnesota Street, Suite 1400
    Saint Paul, MN 55101
20  Telephone: (651) 757-1257
    Email: zach.biesanz@ag.state.mn.us
21  *Counsel for Plaintiff State of Minnesota*

    *s/ Lucas J. Tucker*
    Lucas J. Tucker (admitted *pro hac vice*)
    Senior Deputy Attorney General
    Office of the Nevada Attorney General
    100 N. Carson St.
    Carson City, NV 89701
    Telephone: (775) 684-1100
    Email: LTucker@ag.nv.gov
    *Counsel for Plaintiff State of Nevada*

    *s/ Ana Atta-Alla*
    Ana Atta-Alla (admitted *pro hac vice*)
    Deputy Attorney General
    New Jersey Office of the Attorney General
    124 Halsey Street, 5th Floor
    Newark, NJ 07101
    Telephone: (973) 648-3070
    Email: Ana.Atta-Alla@law.njoag.gov
    *Counsel for Plaintiff State of New Jersey*

    *s/ Jeffrey Herrera*
    Jeffrey Herrera (admitted *pro hac vice*)
    Assistant Attorney General
    New Mexico Office of the Attorney General
    408 Galisteo St.
    Santa Fe, NM 87501
    Telephone: (505) 490-4878
    Email: jherrera@nmag.gov
    *Counsel for Plaintiff State of New Mexico*

    *s/ Zulma Carrasquillo-Almena*
    Zulma Carrasquillo (admitted *pro hac vice*)
    Assistant Attorney General
    Antitrust Division
    Puerto Rico Department of Justice
    P.O. Box 9020192
    San Juan, Puerto Rico 00901-0192
    Telephone: (787) 721-2900
    Email: zcarrasquillo@justicia.pr.gov
    *Counsel for Plaintiff Commonwealth of Puerto*
    *Rico*

22

23

24

JOINT STATEMENT RE ECONOMICS DAY HEARING - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Stephen N. Provazza*
    Stephen N. Provazza (admitted *pro hac vice*)
2   Special Assistant Attorney General
    Chief, Consumer and Economic Justice Unit
3   Department of the Attorney General
    150 South Main Street
4   Providence, RI 02903
    Telephone: (401) 274-4400
5   Email: sprovazza@riag.ri.gov
    *Counsel for Plaintiff State of Rhode Island*

6
    *s/ Sarah L. J. Aceves*
7   Sarah L. J. Aceves (admitted *pro hac vice*)
    Assistant Attorney General
8   Vermont Attorney General's Office
    109 State Street
9   Montpelier, VT 05609
    Telephone: (802) 828-3170
10  Email: sarah.aceves@vermont.gov
    *Counsel for Plaintiff State of Vermont*

11
    *s/ Laura E. McFarlane*
12  Laura E. McFarlane (admitted *pro hac vice*)
    Assistant Attorney General
13  Wisconsin Department of Justice
    Post Office Box 7857
14  Madison, WI 53707-7857
    Telephone: (608) 266-8911
15  Email: mcfarlanele@doj.state.wi.us
    *Counsel for Plaintiff State of Wisconsin*

16

17

18

19

20

21

22

23

24

JOINT STATEMENT RE ECONOMICS DAY HEARING - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**MORGAN, LEWIS & BOCKIUS LLP**

2

By: _s/ Patty A. Eakes_
Patty A. Eakes, WSBA #18888

3

Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000

4

Seattle, WA 98101
Phone: (206) 274-6400

5

Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

6

7

**WILLIAMS & CONNOLLY LLP**

8

Heidi K. Hubbard (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)

9

John E. Schmidtlein (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)

10

Carl R. Metz (*pro hac vice*)
Katherine A. Trefz (*pro hac vice*)

11

Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW

12

Washington, DC 20024
Phone: (202) 434-5000

13

Email: hhubbard@wc.com
        khodges@wc.com

14

        jschmidtlein@wc.com
        jpitt@wc.com

15

        cmetz@wc.com
        ktrefz@wc.com

16

        cpruski@wc.com

**COVINGTON & BURLING LLP**

17

Thomas O. Barnett (*pro hac vice*)

18

Derek Ludwin (*pro hac vice*)
Katharine Mitchell-Tombras (*pro hac vice*)

19

One CityCenter
850 Tenth Street, NW

20

Washington, DC 20001-4956
Phone: (202) 662-5407

21

Email: tbarnett@cov.com
        dludwin@cov.com

22

        kmitchelltombras@cov.com

23

*Attorneys for Defendant Amazon.com, Inc.*

24

JOINT STATEMENT RE ECONOMICS DAY HEARING - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222