UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., | CASE NO. 2:23-cv-01495-JHC |
| Plaintiffs, | ORDER ON MOTION TO COMPEL DOCUMENTS RELATED TO SPOLIATION |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

**I**

**INTRODUCTION**

Before the Court is Plaintiffs' Motion to Compel Documents Related to Spoliation.  Dkt. # 198.  For the reasons below, the Court DENIES the motion without prejudice.  After completion of the Rule 30(b)(6) deposition of Defendant's representative on document retention, Plaintiffs' may renew their motion if warranted.

**II**

**BACKGROUND**

Plaintiffs move to compel production of Defendant's "document preservation notices and its instructions about the use of ephemeral messaging applications, including Signal."  Dkt. # 198

at 4.  Specifically, Plaintiffs seek documents responsive to their Requests for Production (RFPs) 25 and 27.  Dkt. # 198 at 8–9.  These RFPs seek: "[a]ll litigation holds, preservation notices or similar documents sent by Amazon in connection with the June 17, 2019 preservation letters, August 5, 2019 Voluntary Access Letter, February 20, 2020 Civil Investigative Demand, and/or September 26, 2023 Complaint in this matter."  *Id.* at 8 (RFP No. 25).  And "[a]ll documents relating to instructions or advice given to employees about the use of ephemeral messaging, including but not limited to Signal or Wickr."  *Id.* at 9 (RFP No. 27).

Defendant responds that documents responsive to these RFPs are privileged and has refused to produce them.  *Id.* (citing Dkt # 202-17 and Dkt. # 202-18).

### III

### DISCUSSION

The Court agrees with Plaintiffs that the documents they seek may be necessary to their assessment of whether Defendant spoliated relevant evidence.  But Defendant correctly notes that "litigation hold notices are not discoverable, 'particularly when a party has made an adequate showing that the letters include material protected under attorney-client privilege or the work-product doctrine.'"  *Agne v. Papa John's Int'l, Inc.*, No. C10-1139-JCC, 2012 WL 12882903, at *3 (W.D. Wash. Feb. 6, 2012) (quoting *Major Tours, Inc. v. Colorel*, C05-3091, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009)); *see also Al Otro Lado, Inc. v. Wolf*, NO. 3:17-cv-02366-BAS-KSC, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020).  Confidential legal advice is similarly privileged.  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

Plaintiffs do not dispute these presumptions.  Dkt. # 198 at 9.  Instead, they assert that "[a] preliminary showing of spoliation overcomes the protections against disclosure that may otherwise apply to document preservation notices . . . and attorney-client communications about

ORDER ON MOTION TO COMPEL DOCUMENTS
RELATED TO SPOLIATION - 2

litigation holds or spoliation."  Dkt. # 198 at 9.  Many district courts have employed this "preliminary showing" approach.  *See, e.g.*, *Al Otro Lado, Inc.*, 2020 WL 4432026, at *2 (concluding that, despite the presumption of privilege, "plaintiffs have made a sufficient preliminary showing of spoliation to overcome the attorney-client privilege that presumably attached to the litigation hold notice); *see also Major Tours Inc.*, 2009 WL 2413631, at *5; *In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944-JST, 2023 WL 5667882, at *5 (N.D. Cal. Jan. 27, 2023) (facts provided by plaintiffs "suffice to make a preliminary showing of spoliation adequate to overcome the attorney-client privilege.").

Among its various responses to Plaintiffs' "preliminary showing" arguments, Defendant asserts that the proper relief would be not to order the production of the privileged documents but to "order a corporate deposition of the non-movant[.]"  Dkt. # 223 at 16.  The Court agrees.  This "deposition first" approach has also been employed by various district courts.  For example, in *Thomas v. Cricket Wireless, LLC*, the court declined to grant plaintiffs' motion to compel litigation hold notices before the Rule 30(b)(6) deposition.  No. 19-cv-07270-WHA (AGT), 2020 WL 7344742, at *2–*3 (N.D. Cal. Dec. 14, 2020) ("Plaintiffs have offered no convincing reason why the Court should deviate from the Rule 30(b)(6) deposition-first approach, and the Court declines to do so here.").  Similarly, in *Al Otro Lado*, the court found a preliminary showing of spoliation was made sufficient to warrant production of litigation hold letters, based in part on deposition testimony that had been obtained.  2020 WL 4432026, at *1–*2.

Plaintiffs assert that they "have already sought corporate testimony on Amazon's preservation efforts" and that "Amazon asserted privilege over and deliberately did not prepare its witness to answer questions about the contents of its legal holds."  Dkt. # 235 at 8 (citing Dkt. # 202-15 at 6).  They cite excerpts from the October 7, 2022, Investigational Hearing of Amazon's corporate representative, Robert Stangler, conducted during the pre-Complaint

investigation.  Dkt. # 202 at 4.  When the witness was asked about the document preservation notices that had been circulated at that point, counsel for Defendant explained "we view the hold notices, including and specifically how they are laid out and what's in them as privileged, and for that reason we have not had the witness review the specific hold notices, and so I don't think he's going to be able to answer that."  Dkt. # 202-15 at 6.  This, Plaintiffs assert, indicates that a Rule 30(b)(6) deposition would be fruitless.

Notwithstanding the foregoing, the Court does not believe that a deposition-first approach would necessarily be fruitless.  The Court orders that a Rule 30(b)(6) deposition of Defendant's representative on document retention take place within 30 days of this order.  During the deposition, Plaintiffs may inquire into (1) when and to whom the litigation hold notices were given, (2) what kinds and categories of information and data Defendant's employees were instructed to preserve and collect, and (3) what specific actions they were instructed to take to that end.  *See Thomas*, 2020 WL 7344742, at *3.  If, after the deposition, Plaintiffs have still not obtained the information necessary to analyze the "full extent of the possible spoliation[,]" Dkt. # 198 at 5, they may renew their motion to compel.  *See, e.g.*, *Thomas v. Cricket Wireless, LLC.*, No. 19-cv-07270-WHA(AGT), 2021 WL 1017114, at *1 (N.D. Cal. Mar. 16, 2021) (after denial without prejudice of plaintiffs' motion to compel defendant's litigation hold letters and related correspondence pending a Rule 30(b)(6) deposition, the court considered a renewed motion to compel after the deposition did not provide "relevant answers about the basic details surrounding the hold letters at issue.").

## IV
### CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion to compel without prejudice.  After the Rule 30(b)(6) deposition, Plaintiffs may renew their motion to compel if warranted.

Dated this 9th day of July, 2024.

John H. Chun
United States District Judge