THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | CASE NO.: 2:23-cv-01495-JHC<br><br>**PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S MOTION FOR RECONSIDERATION**<br><br>NOTE ON MOTION CALENDAR:<br>October 15, 2024 |

MOTION FOR RECONSIDERATION - 1
CASE NO. 2:23-cv-01495-JHC

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

Pursuant to Fed. R. Civ. P. 54(b) and LCR 7(h), Plaintiff Commonwealth of Pennsylvania (the "Commonwealth") hereby respectfully requests that this Court reconsider part of its September 30, 2024 Order granting in part and denying in part Defendant's Motion to Dismiss the Amended Complaint (Dkt. #289) (the "Decision"). The Commonwealth respectfully contends that the portion of the Court's Decision dismissing Count XVIII of the Amended Complaint misapprehends Pennsylvania state law and overlooks allegations which support the Commonwealth's Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") claims. Accordingly, the Commonwealth requests that the Court reconsider its Decision and issue an order reinstating the PUTPCPL claims for unfairness and failure to disclose a material fact that were dismissed by the Court.

The Pennsylvania Attorney General enforces the PUTPCPL and pled qualifying conduct in the Commonwealth's claims in the Amended Complaint (Dkt. #170).  Specifically, in Count XVIII, a failure to disclose a material fact is qualifying conduct in stating a violation of Section 3 of the PUTPCPL.  The Commonwealth pled that, "Amazon deceptively concealed from . . . consumers as to the actual characteristics of the marketplace being other than competitive and fair."  Am. Compl. ¶ 545.  Controlling Pennsylvania precedent in *Anadarko Petroleum Corp. v. Commonwealth*, 206 A.3d 51, 61 (Pa. Commw. 2019), *aff'd in part, rev'd in part on other grounds sub nom. Commonwealth v. Chesapeake Energy Corp.*, 665 Pa. 2, 247 A.3d 934 (Pa. 2021), holds that a failure to disclose anticompetitive conduct is actionable under the PUTPCPL.

In the Decision, this Court's analysis of the PUTPCPL cited only one section of the *Anadarko* holding, where the court found that Count III of the complaint in that case did not state a claim because it did not allege that the relevant conduct came within any of the 21 statutory definitions of unfair methods of competition and unfair or deceptive acts or practices.  Decision at 36:18-37:1 (quoting *Anadarko*, 206 A.3d at 60).  However, the *Anadarko* court on the next

MOTION FOR RECONSIDERATION - 2  
CASE NO. 2:23-cv-01495-JHC

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL  
Strawberry Square, 14th Floor  
Harrisburg, PA 17120  
(717) 787-4530

page of its opinion held that Count IV in that case stated a "UTPCPL-based antitrust claim" because Count IV did allege conduct coming within the ambit of the PUTPCPL. *Anadarko*, 206 A.3d at 61. That conduct was the failure to disclose the true characteristics of the marketplace and challenged agreements being other than "competitive and fair." *Id*.

Pennsylvania's claim here similarly alleges an actionable failure to disclose material information about Amazon's consumer-focused conduct. Specifically, the Amended Complaint contains allegations that Defendant Amazon.com, Inc. ("Amazon") failed to disclose a material fact in relation to the characteristics of the marketplace—that Amazon was using the Nessie pricing algorithm to increase prices and strategically turning it on and off at will to avoid consumers from catching on and to escape regulatory scrutiny. Am. Compl. ¶¶ 419, 421, 428-31, 432.[1] Indeed, the Court cited these allegations when it denied the motion to dismiss as to Count IV, the Federal Trade Commission's ("FTC") challenge to Amazon's Nessie pricing system. Decision at 25:1-7, 27:4-11, 27:12-14. Accordingly, the Commonwealth did not merely plead anticompetitive conduct in the absence of qualifying conduct; but rather, the Commonwealth pled Amazon failed to disclose a material fact in relation to the characteristics of the marketplace—qualifying conduct in accord with the *Anadarko* decision. *Anadarko*, 206 A.3d at 61.

The preceding analysis from this Court's Decision applies equally to the Commonwealth's PUTPCPL claims through the allegations in Paragraphs 533 (unfairness) and 545 (deceptive concealment) of the Amended Complaint. In relevant part, the Commonwealth pled that "Amazon's conduct has been otherwise unfair or unconscionable because they offend public policy as established by statutes . . . ." Am. Compl. ¶ 533. Since the Decision found that

---

[1] These allegations were incorporated into the Commonwealth's PUTPCPL claim. Am. Compl. ¶¶ 529, 532, 543.

MOTION FOR RECONSIDERATION - 3
CASE NO. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1  Count IV stated a claim under Section 5 of the FTC Act as a method of unfair competition,

2  Count XVIII under the PUTPCPL should as well.  Controlling Pennsylvania precedent in *Ash v.*

3  *Cont'l Ins. Co.*, 932 A.2d 877, 881–82 (Pa. 2007) holds that a violation of another consumer

4  protection statute *in pari materia* with the PUTPCPL is actionable under the PUTPCPL.

5  　　　Both the FTC Act and the PUTPCPL broadly prohibit "unfair methods of competition

6  and unfair or deceptive acts or practices." 73 P.S. § 201–3; 15 U.S.C § 45 (a)(1) (same).

7  "Indeed, in all relevant respects the language of section 3 of the Consumer Protection Law and

8  section 5 of the FTC Act is identical." *Com., by Creamer v. Monumental Properties, Inc.*, 329

9  A.2d 812, 818 (Pa. 1974).  Here, with respect to the specific concealing conduct discussed *supra*

10 and in the Decision at 27:4-11, the FTC Act and the PUTPCPL both encompass this type of

11 conduct and, as a result, are statutes *in pari materia*.  As such, courts may look to the decisions

12 under the FTC Act for guidance and interpretation.  *Id*.  Thus, a claim that states an unfair

13 method of competition involving concealing conduct under the FTC Act should also state a claim

14 under the PUTPCPL.

15 　　　Based on the foregoing, the Commonwealth respectfully requests the Court reconsider its

16 Decision dismissing the Commonwealth's PUTPCPL claims relating to unfairness and failure to

17 disclose a material fact in Count XVIII and reinstate the count and those claims.

18

19 Dated: October 15, 2024　　　　　　　　Respectfully submitted,

20 　　　　　　　　　　　　　　　　　　　MICHELLE A. HENRY
　　　　　　　　　　　　　　　　　　　　Attorney General of Pennsylvania
21

　　　　　　　　　　　　　　　　　　　　*s/Tracy W. Wertz*_____
22 　　　　　　　　　　　　　　　　　　　Tracy W. Wertz (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Chief Deputy Attorney General
23

　　　　　　　　　　　　　　　　　　　　*s/ Jennifer A. Thomson*_____
24 　　　　　　　　　　　　　　　　　　　Jennifer A. Thomson (admitted *pro hac vice*)

MOTION FOR RECONSIDERATION - 4　　　　**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
CASE NO. 2:23-cv-01495-JHC　　　　　　　　　　　　　Strawberry Square, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　　Harrisburg, PA 17120
　　　　　　　　　　　　　　　　　　　　　　　　　　　(717) 787-4530

Senior Deputy Attorney General

*s/Brandon S. Sprecher*
Brandon S. Sprecher (admitted *pro hac vice*)
Deputy Attorney General

Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: twertz@attorneygeneral.gov
         jthomson@attorneygeneral.gov
         bsprecher@attorneygeneral.gov

*Attorneys for Plaintiff Commonwealth of Pennsylvania*


ELLEN F. ROSENBLUM
Attorney General of Oregon

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Local Counsel for Plaintiff Commonwealth of Pennsylvania*

MOTION FOR RECONSIDERATION - 5
CASE NO. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530