UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

   Plaintiffs,

   v.

AMAZON.COM, INC., a corporation,

   Defendant.

**CASE NO. 2:23-cv-01495-JHC**

**LCR 37 JOINT SUBMISSION
REGARDING REMOTE
DEPOSITIONS**

NOTING DATE: October 25, 2024

Pursuant to Local Civil Rule 37(a)(2) and the Court's Case Management Order authorizing the use of the expedited joint motion procedure for discovery disputes, Dkt. #161 at ¶ 8, Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed Order Regarding Remote Depositions. *See* Ex. A to the Declaration of Thomas J. Miller, Dkt. #315 ("Miller Decl."). Amazon respectfully requests that the Court deny Plaintiffs' motion and instead enter Amazon's Proposed Order Regarding Remote Depositions. *See* Miller Decl., Ex. B. The parties met and conferred regarding this issue on October 1, 2024, with further exchanges by email, and are at an impasse. *See* Miller Decl. ¶¶ 3-4.

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 1

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    **I.      INTRODUCTORY STATEMENTS**

2            **A.  Plaintiffs' Introductory Statement**

3            In a case that centers on Amazon's coercive and punitive tactics against sellers, it is

4    paramount that the Court enter an order allowing third-party testimony to be collected in a

5    manner that does not unnecessarily burden those witnesses, particularly when many of them will

6    be unrepresented. At bottom, the dispute presented in this submission is over whether third

7    parties should have a say in whether the depositions that are needed for this case will be

8    conducted in a manner that is most convenient for them, or most convenient for Amazon.

9            The Court has authorized Plaintiffs to take up to 70 third-party and 80 party depositions

10   before the close of fact discovery in early August 2025. *See* Dkt. #166 at 1. Given the breadth of

11   Amazon's business, relevant witnesses are scattered all over the country, often nowhere near the

12   parties' attorneys. Many of the third-party witnesses likely to be deposed in this action are

13   independent business owners for whom the costs and burden of appearing in person may pose

14   significant hardship. To facilitate the scheduling of depositions and reduce the burden of

15   participating in depositions for both witnesses and counsel, Plaintiffs anticipate taking many

16   depositions by remote means. Nothing about this approach is novel: remote depositions have

17   become routine in recent years and dramatically improve the efficiency of discovery, particularly

18   in complex cases that involve taking many depositions in a compressed timeframe and counsel

19   across coordinated cases.[1] Moreover, this approach ensures that third parties—whose

20   involvement in the matter is involuntary and whose livelihoods may be dependent upon their

21   access to Amazon's marketplace—are not pressured by Amazon into unnecessary and

22   burdensome in-person depositions.

23

24   _____

[1] As Plaintiffs explained in a recent submission to the Court, Amazon's delays in complying with discovery have compressed the time for depositions even further. *See* Dkt. #284 at 12-13.

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 2

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1        Amazon is no stranger to remote depositions and has acknowledged their value in the

2   past in agreeing to remote deposition protocols. *See infra* at 11-12. Nevertheless, Amazon has

3   demonstrated thus far in this matter that it intends to override the preferences of witnesses and

4   insist on in-person appearances even when both witnesses and Plaintiffs would prefer to proceed

5   remotely. Amazon offers no meaningful explanation as to why these depositions must proceed in

6   person. Given the important efficiency considerations here, it is Amazon's burden to make a

7   "particularized showing" as to how it would be prejudiced by remote depositions. *See Henry v.*

8   *Tacoma Police Dep't*, No. 22-5523, 2023 WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023)

9   (quoting *Brower v. McDonald's Corp.*, No. 19-02099, 2021 WL 3573633, at *2 (D. Nev. May

10  28, 2021)). Amazon has not made any such showing here. Plaintiffs accordingly request an order

11  from the Court authorizing Plaintiffs to take remote depositions.

12       The Court should reject Amazon's related tactics that would interfere with the efficient

13  taking of remote depositions. First, Amazon should not be allowed to force in-person depositions

14  for third parties over the objection of the deponent merely by cross-noticing the same deponent

15  for an in-person deposition. If the parties cannot agree on whether a particular third-party

16  deposition should proceed in-person or by remote means, the preference of the witness should

17  prevail. Second, Amazon's proposal to conduct "hybrid" depositions of third parties—i.e.,

18  Amazon attends in-person with the witness while other counsel participate through remote

19  means—does not resolve the issue. Most importantly, such an approach undermines the value of

20  remote depositions for the witnesses themselves, who face costs and burdens from appearing in

21  person that they do not face when permitted to attend virtually. It also creates the risk of

22  prejudice to parties appearing remotely, as Amazon and its counsel would potentially be the only

23  party in the room with witnesses, some of whom may not be represented by counsel.

24

LCR 37 JOINT SUBMISSION                    **FEDERAL TRADE COMMISSION**
REGARDING REMOTE DEPOSITIONS                600 Pennsylvania Avenue, NW
No. 2:23-cv-01495 - 3                              Washington, DC 20580
                                                      (202) 326-2222

1      The Court should rule on these issues now to provide certainty to the parties and avoid

2  the risk of repetitive motion practice over the same disputes. Plaintiffs' proposal would best

3  serve the efficient completion of discovery in this case.

4      **B.  Amazon's Introductory Statement**

5      This is a major and complex civil case in which the Federal Trade Commission and

6  nineteen state attorneys general challenge large swaths of Amazon's business, and seek far-

7  reaching relief that could fundamentally change the ways in which Amazon operates.  Such cases

8  routinely entail nationwide depositions, and the standard practice is for parties to go to the

9  witnesses to take their testimony.  In a complex case with high stakes, a defendant must be

10  allowed to test its adversary's allegations and prepare its defense using the discovery tools

11  provided by the Federal Rules, including by examining witnesses in person.

12      Rather than follow the default approach of in-person depositions, Plaintiffs seek to secure

13  a litigation advantage with a one-sided proposal that is highly prejudicial to Amazon.  They ask

14  the Court to create a presumption that non-party depositions will proceed entirely by remote

15  means.  They also argue that non-party depositions noticed or cross-noticed by Amazon should

16  proceed remotely at Plaintiffs' preference, overriding Amazon's chosen method of taking

17  testimony.  This would give Plaintiffs the power to *preclude* Amazon from questioning witnesses

18  in person, as specifically authorized by Rule 30.  Tellingly, Plaintiffs do not propose to play by

19  the same rules when deposing Amazon witnesses.  Plaintiffs do not agree to conduct these

20  depositions remotely, and Plaintiffs provide no mechanism for Amazon or its witnesses to decide

21  how such depositions should proceed.  Plaintiffs' willingness to proceed with as many as 80 in-

22  person depositions of Amazon witnesses, where Plaintiffs stand to benefit unilaterally, belies

23

24

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 4

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Plaintiffs purported burden concerns.  The Court should not allow Plaintiffs to rewrite the process for depositions in such a one-sided and biased way.

Plaintiffs' protocol also departs from the Court's prior instruction on this issue, as reflected in the Court's February 20, 2024 Order re Deposition Limits:

> Where the parties and the deponent **agree**, depositions **may** be held remotely.  The parties will meet and confer regarding a protocol for remote depositions.  Nothing in this Order prevents a party from seeking an in-person deposition.

Dkt. # 166 ¶ F (emphasis supplied).  Plaintiffs did not seek reconsideration of the Court's Order when it was entered, and nothing has occurred in the intervening months that warrants reconsideration.  The Court's prior Order reflects standard practice, and is supported by the weight of authority, including recent decisions in this District, which counsel against categorically requiring remote depositions in the absence of agreement of the Parties.  In fact, the FTC recently agreed to this same approach, permitting but not requiring remote depositions, in separate litigation with Amazon currently before this Court.  *See* Stipulated Motion and Order Regarding Depositions by Remote Means ¶ II.A, *FTC v. Amazon.com, et al.*, No. 2:23-cv-0932-JHC, Dkt. # 195 (Sept. 23, 2024).

Moreover, Plaintiffs fail to articulate, much less substantiate, why the customary process for depositions should be abandoned.  Plaintiffs rely entirely on unsupported assertions about the burdens associated with in-person depositions, and rely heavily on supposed concerns from non-party witnesses.  Plaintiffs present no declarations to substantiate the concerns of any non-party witness.  Plaintiffs also fail to explain why Rule 45(c)(1), which exists to minimize the burden on non-party witnesses, is insufficient to protect the claimed non-party interests.  And Plaintiffs ignore that the Parties are actively conducting and planning for non-party depositions, including in-person depositions, without incident.  To date, non-party depositions that have taken place at

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 5

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

times and locations agreed to and convenient to the witnesses.  Because the Parties have been able to participate in non-party depositions according to their respective preferences, there is no need for the Court to disrupt the status quo or deviate from the default under the Federal Rules.

Plaintiffs also implausibly complain that in-person depositions would burden the resources of large federal and state agencies.  This questionable assertion is at best a strawman. Amazon does not object to Plaintiffs participating in depositions by remote means, even when other parties appear in person.  This is the practice that has been used in depositions taken thus far in the case.  And Amazon recognizes that, in the appropriate circumstance, it may be necessary for a particular deposition to be held only by remote means.

Amazon's proposal, by contrast, is not one sided.  It reflects the standard, established practice for taking depositions, while providing an opportunity for counsel to participate either in-person or virtually at their election.  Amazon will continue to take efforts to minimize the burden on non-party witnesses, including by finding deposition locations that do not require the witness to travel, and by giving due consideration to proceeding entirely remotely in the case of extraordinary circumstances as to an individual witness.  But Amazon should not be foreclosed from proceeding in person based on its adversary's election.

## II.    PROPOSED ORDER CONCERNING REMOTE DEPOSITIONS

### A.    Plaintiffs' Proposed Sections B and C.8

Plaintiffs' Proposed Order Regarding Remote Depositions (*see* Miller Decl., Ex. A) contains the following proposed Section B and C.8:

> [B.] The depositions of witnesses in this case shall be conducted by a remote videoconference platform at the election of the noticing party unless otherwise agreed by all parties and the deponent. If a non-party has been cross-noticed for deposition by the parties and the parties disagree about whether to proceed by virtual deposition, the preference of the deponent

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 6

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

shall prevail. For any deposition that proceeds in person, a videoconference platform will be available for parties who chose to participate remotely.

[C.8] Any objections to proceeding with a virtual deposition shall be raised promptly after receipt of the deposition notice. In the case of a non-party witness that has been subpoenaed prior to the entry of this Stipulation, such objections shall be raised promptly after receipt of this Stipulation. In the event that one or more such objections are raised, the parties, and any non-party witness, if applicable, shall meet and confer to resolve the objection(s) before seeking relief from the Court, in the case of a party, or, in the case of a nonparty, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d). If the parties and the non-party witness (if applicable) cannot resolve the dispute, then the party or non-party seeking an in-person deposition shall move the Court for good cause to do so and the deposition shall proceed as noticed absent an order from the Court.

## B.    Plaintiffs' Position on Section B and C.8

The Court should adopt Plaintiffs' language for Section B of the Proposed Order Regarding Remote Depositions (Miller Decl., Ex. A), which authorizes Plaintiffs to notice remote depositions and permits third-party witnesses to decide whether to proceed remotely if the parties disagree on the format of the deposition.[2]

Both the Federal Rules of Civil Procedure and the Local Civil Rules authorize the Court to permit the taking of remote depositions. *See* Fed. R. Civ. P. 30(b)(4); Local Rules, W.D. Wash. LCR 30(b)(1). Remote depositions have become routine and courts have widely recognized their value in reducing the burdens of discovery on parties and non-parties.[3] Leave to proceed with remote depositions is granted liberally. *See, e.g.*, *Henry v. Tacoma Police Dep't*, No. 22-5523, 2023 WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023); *see also Scarlett v. Doe*,

---

[2] Plaintiffs' proposed Section C.8 is a related provision that requires a party objecting to remote depositions to file a motion for relief (if necessary) and allows a noticed remote deposition to proceed absent such a motion. Amazon has also proposed provisions governing hybrid depositions—i.e., third-party depositions in which one party's counsel is present at the deposition while other counsel participate remotely. For the reasons outlined in Section II.B.3, *infra*, Plaintiffs do not believe the Court should permit such depositions and accordingly have not included these provisions in their proposed order.

[3] This Court's Local Rules append a draft deposition protocol that provides for remote depositions by default. *See* LCR app. C, at 1 ("The depositions of witnesses in this case shall be conducted by a remote videoconference platform until otherwise agreed.").

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 7

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

No. 19-1418, 2020 WL 13517858, at *2 (W.D. Wash. July 20, 2020) ("The court . . . encourages the parties to utilize remote methods of discovery wherever possible."). To evaluate whether to order remote depositions, courts: (1) assess whether there is a "legitimate reason" for seeking a remote deposition; and (2) "if the movant articulates a legitimate reason, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial." *Henry*, 2023 WL 5530201, at *2 (quoting *Brower*, 2021 WL 3573633, at *2).

### 1.   Plaintiffs Have Legitimate Reasons to Proceed with Remote Depositions

The large number of anticipated depositions, the geographic dispersion of witnesses, and the number of counsel involved across coordinated cases all make flexibility to take remote depositions a practical necessity in this case. The Court has authorized Plaintiffs to take up to 70 third-party depositions and 80 party depositions, Dkt.# 166 at 1, all of which must be completed in less than 10 months. Given the staggering reach of Amazon's monopoly, relevant third parties are located all over the country. Plaintiffs have already noticed the depositions of witnesses associated with several third-party sellers on Amazon's platform, each of whom is located hundreds (or even thousands) of miles away from Plaintiffs' counsel, who are themselves scattered across the country.[4] Plaintiffs anticipate that counsel from coordinated cases will seek to attend many of the depositions noticed in this case. The Office of the California Attorney General has attended recent coordinated depositions and plans to attend others.

Amazon has taken the blanket position that it should be able to force the in-person attendance of third-party witnesses when Plaintiffs seek to proceed remotely, regardless of the

---

[4] For example, Plaintiffs have noticed the remote depositions of three witnesses who reside in Connersville, Indiana; Redmond, Washington; and Dallas, Texas.

1    preference of the witness. This position imposes significant burdens on third parties, many of

2    whom will prefer remote depositions. Indeed, some third parties noticed for depositions so far

3    have already expressed that preference, both because of the associated cost savings and for other

4    reasons. Amazon's position also will impose significant costs in terms of cross-country travel

5    and lodging on Plaintiffs (and counsel in coordinated cases) in order to avoid being

6    disadvantaged versus Amazon's in-person presence—all to attend depositions that could easily

7    and effectively proceed remotely. These costs are not just financial. The accompanying travel

8    time to and from in-person depositions will inevitably disrupt the scheduling of other

9    depositions, all of which must occur between now and the close of fact discovery in August

10   2025.

11          In short, forcing depositions to proceed in person would impose substantial financial

12   burdens on third parties, Plaintiffs, and coordinated case counsel. Sparing third-party witnesses

13   from unnecessary burdens is a powerful reason to proceed with remote depositions. *See, e.g.,*

14   *F & B Assocs. v. McKnight*, No. 23-0222, 2023 WL 8351507, at *2 (S.D. Cal. May 9, 2023)

15   ("Here, Mr. Gallagher's request that his deposition be conducted by remote means is reasonable

16   considering his status as a nonparty and the travel costs related to his counsel's attending the

17   deposition in person."). Avoiding unnecessary costs and conserving the limited resources of

18   public law enforcement agencies is likewise good cause to permit Plaintiffs to elect to proceed

19   with remote depositions. *See In re Broiler Chicken Antitrust Litig.*, No. 16-08637, 2020 WL

20   3469166, at *7 (N.D. Ill. June 25, 2020) ("A desire to save money taking out-of-state depositions

21   can suffice to show good cause to take a deposition by remote means.") (citing *Guillen v. Bank*

22   *of Am. Corp.*, No. 10-5825, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011)); *Carrico v.*

23   *Samsung Elecs. Co.*, No. 15-2087, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Courts in

24

LCR 37 JOINT SUBMISSION                          **FEDERAL TRADE COMMISSION**
REGARDING REMOTE DEPOSITIONS                     600 Pennsylvania Avenue, NW
No. 2:23-cv-01495 - 9                             Washington, DC 20580
                                                 (202) 326-2222

this district have found that remote videoconference depositions can be an effective and efficient means of reducing costs.").

Finally, this motion is both time-sensitive and ripe for disposition. While most depositions in this case will occur next year, third-party depositions have begun. Already, the parties have disagreed repeatedly on whether these depositions should proceed remotely or in-person. Amazon has already forced two depositions that Plaintiffs noticed as remote depositions to take place in person, over the objections of the third-party witnesses, and is taking the same position with respect to other upcoming third-party depositions. The relief sought in this motion will ensure that third parties' interests will be protected in forthcoming depositions, some of which are scheduled as early as late this month. Moreover, the relief sought in this motion will avoid the need for Plaintiffs (or third parties themselves) to seek piecemeal relief from the Court for dozens of depositions, which would delay discovery and unnecessarily burden the Court. Particularly given Amazon's failure to identify any prejudice from proceeding remotely, discussed below, the Court should grant this motion and ensure the orderly and efficient taking of depositions in this case.

### 2.   Amazon Has Failed to Meet its Burden to Show Particularized Prejudice from Proceeding with Remote Depositions

Against these practical realities, Amazon offers nothing resembling a "particularized showing that conducting the deposition by remote means would be prejudicial." *Henry*, 2023 WL 5530201, at *2. Pressed for weeks to identify the prejudice of proceeding with certain third-party depositions remotely, Amazon's counsel stated only that "in-person testimony is more effective and will best allow Amazon to gather evidence to defend against Plaintiffs' claims." *See* Miller Decl., Ex. D, Email from A. Lemens to E. Takashima (Sept. 30, 2024).

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 10

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    The Court need not credit Amazon's general preference for in-person depositions or

2    vague assertions that they are a better way to take discovery. *See, e.g.*, *Learning Res., Inc. v.*

3    *Playgo Toys Enters.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) ("[R]emote depositions are a

4    presumptively valid means of discovery even without the in-person interaction . . . and many

5    courts have held that remote videoconference depositions offer the deposing party a sufficient

6    opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility.")

7    (cleaned up); *Carrico*, 2016 WL 1265854, at *2 (rejecting "vague concerns that remote

8    depositions will be ineffective or inaccurate" as "too speculative"); *Gee v. Suntrust Mortg., Inc.*,

9    No. 10-1509, 2011 WL 5597124, at *3 (N.D. Cal. Nov. 15, 2011) (explaining that defendant's

10   "argument that conducting the depositions via videoconference would be detrimental to its

11   ability to question and observe the deponents is unconvincing" and "[p]arties routinely conduct

12   depositions via videoconference, and courts encourage the same, because doing so minimizes

13   travel costs and permits the jury to make credibility evaluations not available when a transcript is

14   read by another."). To the contrary, courts have long recognized that remote depositions can be

15   both a practical and effective option for discovery.[5]

16   Amazon's objections are also undermined by its own acknowledgement of the value of

17   remote depositions. Amazon has previously recognized the efficiency of proceeding with remote

18   depositions, even in much less complicated cases. *See* Stipulated Mot., *Garner v. Amazon.com*

19   *Inc.*, No. 21-0750 (W.D. Wash. July 27, 2023), Dkt. # 188 at 2 (stipulating that "[f]or the sake of

20   efficiency, resources, and convenience, no witnesses will be required to travel for depositions").

21

22   ---

[5] *See, e.g.*, *Lopez v. CIT Bank, N.A.*, No. 15-00759, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (noting that
23   "[m]odern videoconference software permits participants to quickly and conveniently share documents and images
     with each other"). Even prior to modern videoconference technology and remote depositions becoming routine,
     courts acknowledged the cost saving benefits of remote depositions. *See* Manual for Complex Litigation, Fourth,
24   § 11.452 (2004) (explaining that "[t]elephonic or videoconferenced depositions can reduce travel costs").

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 11

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's acceptance of the suitability of remote depositions in other cases undermines any

2    prejudice argument here. *See, e.g.*, *Kerr Mach. Co. v. Li Gear, Inc.*, No. 19-6942, 2022 WL

3    2982456, at *2 (N.D. Ill. July 28, 2022) ("Defendant asks that its own employees also be

4    deposed by remote means if the Court grants Plaintiff's Motion. At some level, then, it appears

5    that Defendant concedes that remote depositions can be an adequate alternative to in-person

6    depositions in this case at least if both parties are required to play by the same rules. . ."). In

7    short, there is simply no reason to force third parties to appear for in-person depositions when

8    "counsel has experience with conducting remote depositions, and the parties can work together

9    to select a reliable and effective means for taking remote depositions." *Lopez*, 2015 WL

10   10374104, at *2 (N.D. Cal. Dec. 18, 2015).

11          Of course, if there is some concrete need for the parties to conduct a particular deposition

12   in-person, Plaintiffs are willing to meet and confer on the issue and can reach appropriate

13   accommodations. Plaintiffs' proposal also allows any party to seek relief from the Court if it

14   believes that a deposition noticed to take place remotely must be in-person. But given the need to

15   avoid the costs associated with the extensive discovery in this case—and Amazon's failure to

16   carry its burden to show particularized prejudice for proceeding with remote depositions—the

17   default in this case should be the parties having discretion to notice remote depositions.

18          **3.      The Court Should Not Permit Amazon to Force In-Person Depositions
                       for Third Parties through Cross Notices or Hybrid Depositions**

19

20   When Plaintiffs have noticed remote depositions for third parties in this case, Amazon

21   has sought to undermine the efficiency of proceeding remotely by either cross-noticing the same

22   witness for an in-person deposition or offering a hybrid arrangement in which Amazon attends

23   in-person while other counsel appear remotely. The Court should reject both approaches. There

24   is nothing unusual about Plaintiffs' request for an order affording discretion to the noticing party

LCR 37 JOINT SUBMISSION                                **FEDERAL TRADE COMMISSION**
REGARDING REMOTE DEPOSITIONS                           600 Pennsylvania Avenue, NW
No. 2:23-cv-01495 - 12                                 Washington, DC 20580
                                                       (202) 326-2222

1    on whether to proceed remotely. *See, e.g.*, *Carrico*, 2016 WL 1265854, at *1 ("Generally . . . the

2    examining party may unilaterally choose a deposition's location.") (citing Fed. R. Civ. P. 30(b)(1));

3    *see also* Order, *In re Valve Antitrust Litigation*, No. 21-0563 (W.D. Wash. Aug. 8, 2023), Dkt. #

4    132 at 6 (deposition protocol stating that "[a] Party can notice a deposition to be taken via remote

5    means or in-person, at its election"). But there are also specific problems with Amazon's

6    proposed approaches.

7            First, to the extent the parties disagree about whether a third-party deposition should

8    proceed in-person or remotely, the preference of the deponent should determine how the

9    deposition proceeds. Allowing Amazon to force in-person depositions merely by issuing cross-

10   notices for third-party witnesses would leave the parties essentially where they are now: at an

11   impasse about how to proceed with depositions and facing the substantial costs of traveling to in-

12   person depositions. As outlined above, protecting third parties from the costs and burden of in-

13   person depositions can be adequate cause for a remote deposition. *See supra* at 9-10. Plaintiffs

14   accordingly believe that depositions should proceed remotely where at least one noticing party

15   *and* the witness prefer to proceed remotely.

16           Second, Amazon's proposal for hybrid depositions (i.e., where one side's counsel appears

17   in person and other counsel appear remotely) is not a workable solution for third-party

18   depositions. One of the key reasons to permit Plaintiffs to notice remote depositions is to reduce

19   the burden on third-party witnesses, many of whom will prefer to proceed remotely. A hybrid

20   deposition imposes all the same burdens on a witness as an in-person deposition. Indeed, even if

21   Amazon can locate a physical facility reasonably close to a third-party witness's location, the

22   witness may have distant counsel that would have to travel, at cost, to the deposition. *See F & B*

23   *Assocs.*, 2023 WL 8351507, at *2. Further, there is an additional and obvious risk of prejudice

24   where one party's counsel is present in the room (potentially with an unrepresented witness)

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 13

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  while the other party's counsel appears remotely. Many of the third-party witnesses likely to be

2  deposed in this case are independent sellers—i.e., small business owners who do not have in-

3  house legal counsel and are, in many cases, reluctantly testifying about their experiences on

4  Amazon, the largest online marketplace in the country and the source of much of their revenue.

5  Particularly given the lack of any specific showing of prejudice to Amazon from appearing

6  remotely, the Court's order should make clear that when Plaintiffs notice a remote deposition for

7  third parties, all counsel will appear remotely. *See H & T Fair Hills, Ltd. v. All. Pipeline L.P.*,

8  No. 19-1095, 2020 WL 5512517, at *4 (D. Minn. Sept. 14, 2020) (rejecting plaintiffs' argument

9  that "they should have the option to be in the same room . . . while the deposition is taken"

10  because they "have made no showing of prejudice or hardship to counsel that cannot be

11  overcome when participating remotely along with all other participants").

12       **C.    Amazon's Position.**

13            **a.  The Court Should Not Enter Plaintiffs' Proposed Protocol.**

14       Plaintiffs' motion should be denied.  Plaintiffs propose a framework that unilaterally

15  benefits Plaintiffs, imposes unfair burdens on Amazon, and is inconsistent with the Federal Rules

16  and this Court's case management order.  Plaintiffs have not met their burden to justify a

17  significant departure from the normal approach to civil deposition discovery.  Although remote

18  depositions may have been necessary during the height of the COVID-19 pandemic, and

19  although they remain an appropriate tool in some circumstances, there is no consensus that they

20  should now be the norm and nothing about this case justifies Plaintiffs proposed approach.

21  Instead, there is every reason to think that in-person interactions are still preferable and further

22  the truth-seeking function of litigation.  As Plaintiffs concede, they must justify proceeding with

23

24

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 14

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  depositions only by remote means.  Plaintiffs come nowhere close to satisfying their burden, and

2  the Court should decline the enter Plaintiffs' proposed protocol.

3                    **i.  Plaintiffs' One-Sided Framework Unfairly Burdens Amazon.**

4         Plaintiffs' proposal is carefully crafted to provide Plaintiffs with the unjustified

5  advantage to determine the format for each deposition.  Under their proposed protocol, Plaintiffs

6  could require that any non-party deposition—including a non-party witness subpoenaed for

7  testimony by both Plaintiffs and Amazon—must proceed entirely by remote means, unless

8  Amazon moves the Court to compel and demonstrate good cause to conduct the deposition in

9  person.[6]  Plaintiffs ask the Court to enter this order without considering the circumstances of any

10  particular witness and based on no evidence.  Doing so would deny Amazon the right to prepare

11  its defense in the manner it deems most effective.

12         While denying Amazon the ability to take testimony in person, Plaintiffs' proposal would

13  simultaneously permit Plaintiffs to require in-person depositions of Amazon witnesses (because

14  Plaintiffs would be the only noticing Party) and impose a one-sided burden on Amazon.  And

15  although Plaintiffs contemplate that non-party witnesses should have some say, there is no

16  analogous provision for current or former Amazon employees.

17         By seeking to require remote depositions for non-party witnesses (discovery that Amazon

18  will also seek to take), but preserving the ability to take in-person depositions of Amazon

19  witnesses (discovery that only Plaintiffs will seek), Plaintiffs' proposal is an obvious attempt to

20  prejudice Amazon.  And Plaintiffs' willingness to proceed with up to 80 in-person depositions of

21  Amazon witnesses exposes as pretense the burden arguments that Plaintiffs now advance.

22

23  _____
[6] Amazon does not oppose Plaintiffs proceeding by remote means when they are the only Party to notice the
deposition of a non-party witness.  But Amazon should not be required, at Plaintiffs' discretion, to take non-party
24  testimony by remote means when Amazon also chooses to notice the witness for deposition.

LCR 37 JOINT SUBMISSION                          **FEDERAL TRADE COMMISSION**
REGARDING REMOTE DEPOSITIONS                     600 Pennsylvania Avenue, NW
No. 2:23-cv-01495 - 15                                      Washington, DC 20580
                                                                (202) 326-2222

ii. **Plaintiffs' Protocol Is Inconsistent with the Federal Rules, the Court's Order Concerning Depositions, and the FTC's Practice.**

"Under the Federal Rules of Civil Procedure, in-person depositions are the default." *Hardy v. Ace Ins. Co. of the Midwest*, 2024 WL 3952319, at *1 (M.D. Fla. Aug. 27, 2024). Rule 30(b)(1) empowers a party seeking a deposition to "state the time and place of the deposition." Rule 45(c)(1) balances this right with the concerns of non-party witnesses by requiring that depositions occur in the state where the witness resides, or within 100 miles of the witness' residence or place of employment. And Rule 30(b)(4) allows depositions by "telephone or other remote means," but only by agreement of the Parties or Court order. Plaintiffs cannot square their protocol with these Rules.[7] Plaintiffs do not even attempt to explain how this framework— and specifically the protections for non-party witnesses in Rule 45(c)(1)—fails to mitigate the alleged undue burden on non-party witnesses that Plaintiffs assert (without support).

In addition, the Court's February 20, 2024 Order re Deposition Limits directly addressed when a deposition may proceed by remote means. As set forth in that Order:

> Where the parties and the deponent agree, depositions may be held remotely. The parties will meet and confer regarding a protocol for remote depositions. Nothing in this Order prevents a party from seeking an in-person deposition.

Dkt. # 166 ¶ F. Plaintiffs never sought reconsideration of this Order, and instead now propose a protocol that is inconsistent with the Court's guidance. There is no good cause to depart from this Order, particularly when it is consistent with both the Rules, as well as a recent decision in this District that cautions against allowing a party to avoid in-person depositions "carte blanche." *Smartwings, A.S. v. Boeing Co.*, 2023 WL 3075698, at *2 (W.D. Wash. Apr. 25, 2023); *see also*

---

[7] The procedures necessitated by the COVID-19 pandemic—including virtual hearings and depositions—are thankfully in the rear-view mirror. But there have been no post-pandemic changes to the Federal Rules that modify the long-established default rule that depositions proceed in-person absent agreement or court order.

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 16

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 2024 WL 3048495, at *5 (E.D. Mich. June

2   18, 2024) (declining to require "the taking of depositions by remote means across the board").

3          Finally, Plaintiffs' protocol is inconsistent with the approach to remote depositions

4   agreed to by Amazon and the FTC in the separate action pending before this Court.  On

5   September 23, 2024—four days after proposing a protocol to Amazon in this action—the FTC

6   filed in that separate action a stipulation with the following process for remote depositions:

7   > [C]ounsel for the party requesting a deposition in this case ("Deposing Counsel")
    > may subpoena or notice the deposition to occur by Remote Means, and the
8   > deposition shall occur by Remote Means unless the witness who will be deposed or
    > another party objects to the deposition occurring by Remote Means within 7 days
9   > of service of the subpoena or notice. If the witness who will be deposed or another
    > party objects to the deposition occurring by Remote Means, then the deposition
10  > shall not proceed by Remote Means absent agreement of all parties and the witness.

11  *FTC v. Amazon.com, et al.*, No. 2:23-cv-0932-JHC, Dkt. # 195 ¶ II.A (W.D. Wash. Sept. 23, 2024).

12  Plaintiffs do not explain the need to take a different approach in this action.[8]

13         **iii.**   **Plaintiffs Do Not Justify the Need for Remote Depositions.**

14         Plaintiffs must show an "undue burden" or "exceptional circumstances" to overcome the

15  default rule and proceed by remote means.  *Smartwings*, 2023 WL 3075698, at *2; *Claiborne v.*

16  *FedEx Ground Package Sys., Inc.*, 2023 WL 8529132, at *6 (W.D. Pa. Dec. 8, 2023) (requiring

17  "unreasonable hardship or special circumstances justifying a departure from the default

18  procedure").  This is evaluated on a case-by-case basis.  *Smartwings*, 2023 WL 3075698, at *2;

19  *Henry*, 2023 WL 5530201, at *2 (cited by Plaintiffs).  It is only after Plaintiffs make this

20

21

22  ---
    [8] The separate action between the FTC and Amazon is more analogous than the single other action involving
23  Amazon that Plaintiffs identify.  In *Garner v. Amazon.com, Inc.*, the Parties agreed that "no witnesses will be
    required to travel for depositions."  No. 21-cv-0750, Dkt. # 188 at 2 (W.D. Wash. July 27, 2023).  To date, and to
    Amazon's knowledge, no non-party witness in this action has been asked or required to travel more than fifty miles
24  in order to attend a deposition.

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 17

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    showing that Amazon is required to explain why a particular deposition should proceed in

2    person.  Here, Plaintiffs have not advanced a legitimate reason for a remote deposition.

3        ***First***, Plaintiffs suggest that in-person testimony—the default procedure under the

4    Federal Rules—is an inappropriate attempt to impose undue burdens on nonparty witnesses (but

5    only if such in-person testimony is sought by Amazon).  Plaintiffs' argument is not substantiated

6    with declarations from any non-party, let alone anything that would support their apparent

7    position that all non-party witnesses here will be subject to undue burden on account of standard

8    deposition procedures consistent with Rule 45.

9        Plaintiffs offer only the generalized and unsupported assertion that "some third parties

10    noticed for deposition" are interested in remote depositions "because of the associated cost

11    savings and for other reasons."  Plaintiffs do not articulate any specific concern with respect to

12    any specific witness, and their arguments about hypothetical or unidentified witnesses are

13    grossly insufficient to constitute a legitimate reason to order remote depositions.  *Smartwings*,

14    2023 WL 3075698, at *2; *Claiborne*, 2023 WL 8529132, at *6; *In re Chrysler*, 2024 WL

15    3048495, at *5.[9]

16        Although Plaintiffs hypothesize that their protocol will avoid the need to address

17    "piecemeal" requests for relief with respect to "dozens of depositions."  But under Plaintiffs'

18    proposal, Amazon would need to file a motion with the Court each time that it seeks to take an

19    in-person deposition.  Moreover, the course of the litigation to date contradicts Plaintiffs'

20    hypothetical concerns.  Of the three non-party depositions that have taken place in person so far,

21

22    [9] Plaintiffs' cited authority is distinguishable, including because Plaintiffs do not substantiate any analogous circumstances as to any anticipated witnesses.  *See Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) (allowing remote depositions for witnesses in South Korea); *Henry*, 2023 WL 5530201, at *2 (declining to require an unemployed and injured plaintiff to travel from Georgia to Washington); *F & B Assocs. v. McKnight*, 2023 WL 8351507, at *2 (S.D. Cal. May 9, 2023) (counsel for individual non-party witness not required to travel from Montana to San Diego).

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 18

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    two occurred in the city where the non-party witness lived, and the third was conducted at a

2    location that the non-party witness specifically requested.  For upcoming depositions, Amazon

3    has identified locations within close proximity to the witness' place of residence, and well within

4    the requirements of Rule 45(c)(1).  This appropriately balances any burden on the non-party

5    witness.  *HI.Q, Inc. v. ZeetoGroup, LLC*, 2022 WL 17345784, at *4 (S.D. Cal. Nov. 29, 2022)

6    (Rule 45(c) exists to "protect nonparties from inconvenience"); *Claiborne*, 2023 WL 8529132, at

7    *6 (remote depositions unnecessary where depositions would occur in cities where deponents

8    resided).  And Amazon has already agreed, in the case of a witness residing overseas, that his

9    deposition could proceed entirely by remote means.  Amazon is acting reasonably and consistent

10   with the Federal Rules.  Indeed, the Parties and the non-party witnesses have had no meaningful

11   dispute about the location of a deposition, much less an impasse over one.  This further

12   underscores that requiring remote depositions in this action is unnecessary.

13       Plaintiffs also argue that any disagreement as between Plaintiffs and Amazon concerning

14   the format for a deposition should be decided by the witness.  This aspect of Plaintiffs' proposal

15   would upend the process contemplated by the Federal Rules, encourage Plaintiffs to suggest

16   witnesses ask for remote depositions, and unfairly place non-party witnesses in the middle of

17   disagreements between the Parties.  For these reasons, it is unsurprising that Plaintiffs offer no

18   legal authority in support of this approach, nor any case where a similar order was entered.

19       ***Second***, Plaintiffs argue that the number of anticipated depositions and dispersion of

20   witnesses are exceptional circumstances justifying their unilateral right to require any deposition

21   by remote means.  These factors are not unique to this case.  It is, therefore, unsurprising that

22   courts routinely reject these factors as a legitimate basis to require remote depositions.

23   *Smartwings*, 2023 WL 3075698, at *2 (rejecting the "inconvenience of travel" as a basis to order

24

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 19

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  remote depositions); *Claiborne*, 2023 WL 8529132, at *6 (rejecting the "desire to

2  lower . . . litigation and travel expenses" as a basis to order remote depositions); *In re Chrysler*,

3  2024 WL 3048495, at *5 (similar).[10]

4      Plaintiffs' purported burden concerns are particularly suspect given that the well-funded

5  and powerful state and federal agencies are represented by at least the 75 attorneys (located

6  throughout the country) who have entered appearances to date.  Plaintiffs also benefit from their

7  efforts to coordinate resources with related actions, including with the California Attorney

8  General and counsel for the private parties engaged in litigation against Amazon in this Court.

9  When Plaintiffs advocated for 225 depositions per side, *see* Dkt. # 162, they did not raise any

10 concerns about resource constraints or the need for remote depositions.  Plaintiffs cannot

11 credibly represent to the Court that they collectively lack the financial or human capital resources

12 to conduct in-person depositions.

13     Plaintiffs also argue that remote depositions are necessary in light of the "compressed

14 timeframe" for discovery.  Fact discovery opened in November 2023, and will continue until

15 August 2025.  Plaintiffs, to date, have not sought to minimize the purported burden by

16 participating remotely in recent depositions.  Plaintiffs argue that there would be an "obvious

17 risk of prejudice" if undersigned counsel for Amazon were to attend a deposition in-person

18 without counsel for Plaintiffs also present in the same room.  The only prejudice that could result

19 would be if in person questioning were more effective—exactly why Amazon should not be

20 denied the opportunity to take it.

21

22 _____

[10] Plaintiffs' cited authority on this point is inapplicable, particularly those decisions issued in response to concerns

23 about the COVID-19 pandemic, which is an argument Plaintiffs do not advance.  *See, e.g., In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (ordering remote depositions to avoid delays in the litigation on account of the COVID-19 pandemic); *Scarlett v. Doe*, 2020 WL 13517858, at *2 (W.D. Wash. July

24 20, 2020) ("The court is aware of the difficulties caused by the COVID-19 pandemic.").

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 20

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs further rely on the speculative assertion that non-party witnesses may be

2    intimidated by outside counsel for Amazon if a government attorney is not also physically

3    present.  This assertion is offensive and irreconcilable with our civil system, which depends on

4    the ability of attorneys representing parties to question those who may have relevant evidence.

5    Plaintiffs' own cited authority recognizes that this type of argument is inappropriate.  *Henry*,

6    2023 WL 5530201, at *2 ("Mr. Henry's accusations that Defendants have acted in bad faith and

7    are attempting to intimidate him by threatening an in-person deposition despite undue burden

8    and alternative options are not well taken." (cleaned up)).  And in any event, Plaintiffs' in-person

9    participation to date reflects that Plaintiffs recognize advantages to proceeding in person.

10            **iv.   Amazon Would Be Prejudiced by Plaintiffs' Proposal.**

11    Because Plaintiffs are unable to establish any extraordinary circumstances or undue

12   burden that would constitute a legitimate reason for a remote deposition, Amazon is not

13   obligated to make any showing of prejudice.  *Smartwings*, 2023 WL 3075698, at *2; *Henry*,

14   2023 WL 5530201, at *2.  But even if the Court were to reach the issue, there are many reasons

15   that Plaintiffs proposal would prejudice Amazon.

16    ***First***, Plaintiffs' proposal is designed to allow Plaintiffs to conduct all non-party

17   discovery remotely, and then require in-person depositions of Amazon witnesses.  That Plaintiffs

18   seek to preserve their right to take depositions in-person makes clear that their arguments about

19   the effectiveness of remote depositions and the burden of in person ones are self-serving at best.

20    ***Second***, Plaintiffs have set up a process whereby they benefit from information

21   disparities and long-standing relationships with non-party witnesses.  Amazon understands that

22   Plaintiffs are seeking to depose non-party witnesses with whom Plaintiffs have been interacting

23   for months, and in some cases years, including in the course of Plaintiffs' pre-suit investigations

24

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 21

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

of Amazon.  This is an opportunity that has not been available to Amazon given the unique investigative tools available to government attorneys.

**Third**, it is possible that some or all of the non-party depositions may eventually be introduced as trial testimony in the event that a witness is unavailable.  Because these depositions may be Amazon's first and only opportunity to cross-examine witnesses as to testimony adduced by Plaintiffs, including as a result of Plaintiffs' years-long pre-Complaint investigation, Amazon will be significantly prejudiced if it is unable to proceed in person.  *See D.M. v. Cnty. of Merced*, 2022 WL 229865, at *4 (E.D. Cal. 2022) ("The Plaintiffs have legitimate and reasonable reasons for desiring to conduct depositions in-person . . . .  In the Court's experience, in-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility."); *In re Chrysler Pacifica*, 2024 WL 3048495, at *5 (similar).

**Fourth**, Plaintiffs' proposal, which could potentially apply to every non-party deposition in this action, seeks to avoid established authority that requires the party seeking a remote deposition (here, Plaintiffs) to justify the extraordinary circumstances necessitating a change from the default approach.  *Smartwings*, 2023 WL 3075698, at *2.  According to Plaintiffs, their proposal would shift to Amazon the burden to identify "some concrete need for the parties to conduct a particular deposition in-person, and to seek relief from the Court to compel an in-person deposition."  This would burden the Court with motions practice, and Amazon would be prejudiced by a remote deposition protocol that imposed such a burden.  Plaintiffs must meet their burden on a deposition-by-deposition basis, before any burden shifts to a party opposing a remote deposition.

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 22

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1          **b.  The Court Should Enter Amazon's Proposed Protocol.**

2          If the Court is inclined to enter a protocol for remote depositions, Amazon's proposed

3     order provides the procedures necessary for the parties to utilize, when appropriate, remote

4     depositions, as contemplated by the Court's prior Order providing that such procedures *may* be

5     used where the parties *agree*, Dkt. # 166 ¶ F.  And unlike Plaintiffs' extraordinary request,

6     Amazon's protocol would give neither party a veto over the other party's ability to attend

7     depositions in person.  Amazon's proposal allows for "hybrid" depositions that provide each

8     Party with the flexibility to participate either in-person or virtually based on their preferences and

9     needs.  Amazon's proposed approach is also consistent with the approach that the FTC recently

10    agreed to in this Court, and maintains the structure and burdens associated with determining the

11    format of depositions contemplated by the Federal Rules and recent decisions in this District.

12         **D.     Plaintiffs' Reply**

13         Plaintiffs' protocol is not "one-sided": if the parties disagree about a deposition's format,

14    the witness's choice controls. Plaintiffs also expect to take depositions remotely for most

15    Amazon witnesses. Amazon never raised the issue during the parties' discussions and has not

16    made any proposal regarding a protocol for party depositions.

17         The Court's February 20 Order does not bar this motion. Moreover, Plaintiffs were

18    forced to file this motion after Amazon unreasonably insisted on in-person depositions for

19    multiple third parties over their objections, unnecessarily burdening both them and Plaintiffs.

20         Amazon's cited cases are inapposite. They concern party witnesses rather than third

21    parties (and so do not account for the burden on third parties), and do not account for the public

22    interest in conserving government resources. *See Smartwings*, 2023 WL 3075698, at *2

23    (depositions of plaintiffs); *Claiborne*, 2023 WL 8529132, at *6 (same); *In re Chrysler*, 2024 WL

24

LCR 37 JOINT SUBMISSION                              **FEDERAL TRADE COMMISSION**
REGARDING REMOTE DEPOSITIONS                         600 Pennsylvania Avenue, NW
No. 2:23-cv-01495 - 23                               Washington, DC 20580
                                                     (202) 326-2222

3048495, at *5 (same). Similarly, FTC's Prime ROSCA case only involves a small number of third-party witnesses—all of whom Amazon has noticed for remote depositions. Miller Decl. ¶ 10.

## III.   CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed Order Regarding Remote Depositions. Amazon, by contrast, respectfully requests that Plaintiffs' motion be denied and that if any order is to be entered, the Court enter Amazon's Proposed Order Regarding Remote Depositions.

Dated: October 25, 2024                          Respectfully submitted,

*s/ Thomas J. Miller*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
THOMAS J. MILLER (PA Bar # 316587)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
         (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        tmiller2@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

LCR 37 JOINT SUBMISSION
REGARDING REMOTE DEPOSITIONS
No. 2:23-cv-01495 - 24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   _s/ Michael Jo_____
    Michael Jo (admitted *pro hac vice*)
2   Assistant Attorney General, Antitrust Bureau
    New York State Office of the Attorney
3   General
    28 Liberty Street
4   New York, NY 10005
    Telephone: (212) 416-6537
5   Email: Michael.Jo@ag.ny.gov
    *Counsel for Plaintiff State of New York*
6
    _s/ Rahul A. Darwar_____
7   Rahul A. Darwar (admitted *pro hac vice*)
    Assistant Attorney General
8   Office of the Attorney General of Connecticut
    165 Capitol Avenue
9   Hartford, CT 06016
    Telephone: (860) 808-5030
10  Email: Rahul.Darwar@ct.gov
    *Counsel for Plaintiff State of Connecticut*
11
    _s/ Alexandra C. Sosnowski_____
12  Alexandra C. Sosnowski (admitted *pro hac
    vice*)
13  Assistant Attorney General
    Consumer Protection and Antitrust Bureau
14  New Hampshire Department of Justice
    Office of the Attorney General
15  One Granite Place South
    Concord, NH 03301
16  Telephone: (603) 271-2678
    Email: Alexandra.c.sosnowski@doj.nh.gov
17  *Counsel for Plaintiff State of New Hampshire*

18  _s/ Robert J. Carlson_____
    Robert J. Carlson (admitted *pro hac vice*)
19  Assistant Attorney General
    Consumer Protection Unit
20  Office of the Oklahoma Attorney General
    15 West 6th Street, Suite 1000
21  Tulsa, OK 74119
    Telephone: (918) 581-2885
22  Email: robert.carlson@oag.ok.gov
    *Counsel for Plaintiff State of Oklahoma*
23

24

_s/ Timothy D. Smith_____
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

_s/ Jennifer A. Thomson_____
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

_s/ Michael A. Undorf_____
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

_s/ Christina M. Moylan_____
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

_s/ Gary Honick_
Gary Honick (admitted _pro hac vice_)
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us
_Counsel for Plaintiff State of Maryland_

_s/ Katherine W. Krems_
Katherine W. Krems (admitted _pro hac vice_)
Assistant Attorney General, Antitrust
Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
_Counsel for Plaintiff Commonwealth of Massachusetts_

_s/ Scott A. Mertens_
Scott A. Mertens (admitted _pro hac vice_)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
_Counsel for Plaintiff State of Michigan_

_s/ Zach Biesanz_
Zach Biesanz (admitted _pro hac vice_)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
_Counsel for Plaintiff State of Minnesota_

_s/ Lucas J. Tucker_
Lucas J. Tucker (admitted _pro hac vice_)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
_Counsel for Plaintiff State of Nevada_

_s/ Andrew Esoldi_
Andrew Esoldi (admitted _pro hac vice_)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
_Counsel for Plaintiff State of New Jersey_

_s/ Jeffrey Herrera_
Jeffrey Herrera (admitted _pro hac vice_)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
_Counsel for Plaintiff State of New Mexico_

_s/ Zulma Carrasquillo Almena_
Zulma Carrasquillo Almena (admitted _pro hac vice_)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
_Counsel for Plaintiff Commonwealth of Puerto Rico_

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Laura E. McFarlane*
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
         molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
         jschmidtlein@wc.com
         khodges@wc.com
         jpitt@wc.com
         ereddington@wc.com
         cmetz@wc.com
         cpruski@wc.com
         ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Katherine Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
         kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

**CERTIFICATION**

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this dispute in accordance with LCR 37(a), as further described in the Declaration of Thomas J. Miller, Dkt. #315. I further certify that Plaintiffs' total text in this submission contains 3,207 words, and that Plaintiffs' reply is 175 words or fewer with respect to each issue in dispute, in compliance with the Local Civil Rules.


DATED:  October 25, 2024

*s/ Thomas J. Miller*
Thomas J. Miller


**CERTIFICATION**

I certify that Amazon's total text in this submission contains 3,690 words, in compliance with the Local Civil Rules.


DATED:  October 25, 2024

*s/ Patty A. Eakes*
Patty A. Eakes