# EXHIBIT A

1
2
3
4
5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

6
7
8

9  FEDERAL TRADE COMMISSION, *et al.*,

10              Plaintiffs,

11              v.

12  AMAZON.COM, INC., a corporation,

13              Defendant.

14

**CASE NO.: 2:23-cv-01495-JHC**

**[PROPOSED] ORDER**
**REGARDING REMOTE**
**DEPOSITIONS**

15       Plaintiffs Federal Trade Commission and the states and territories of New York,

16  Connecticut, New Hampshire, Oklahoma, Pennsylvania, Delaware, Maine, Maryland,

17  Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Puerto Rico,

18  Rhode Island, Vermont, and Wisconsin, acting by and through their respective Attorneys

19  General ("Plaintiffs") having filed a Joint Motion for an Order Regarding Remote Depositions

20  ("Motion"), and the Court having considered all papers filed in support and in opposition of the

21  Motion, including all filings and memoranda of law concerning this matter, the Motion is

22  GRANTED. Accordingly, the Court orders the following protocol regarding depositions in this

23  matter:

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**A.      General Principles**

The Federal Rules of Civil Procedure, Local Civil Rules of the Western District of Washington, this Court's Order re Deposition Limits (Dkt. #166), and this Court's other orders, rules, and procedures (collectively, the "Rules"), shall govern depositions in this action except where the provisions contained herein alter or supplement the Rules.

**B.      Deposition Format**

The depositions of witnesses in this case shall be conducted by a remote videoconference platform at the election of the noticing party unless otherwise agreed by all parties and the deponent. If a non-party has been cross-noticed for deposition by the parties and the parties disagree about whether to proceed by virtual deposition, the preference of the deponent shall prevail. For any deposition that proceeds in person, a videoconference platform will be available for parties who chose to participate remotely.

**C.      Procedures Applicable to Virtual Depositions**

**1.      Place of Examination**

As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.

**2.      Other Recording**

No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings. This shall include recording using any form of virtual transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, or other PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 2
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

3. **Conduct of Deponent**

While on the record the deponent will not use any communication device other than those to facilitate the deposition. While on the record, the deponent will not privately confer with anyone between a question and an answer except for the purpose of determining the existence and questions of privilege. This Order does not govern the conduct of anyone while not on the record.

4. **Contact with the Deponent During a Virtual Deposition**

While on the record, no one will communicate with the deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, such communications are discoverable.

5. **Identification of Individuals in Attendance**

Every person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reporter. Persons attending by telephone must identify themselves by name and by telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

6. **Conduct by Participants Appearing Virtually**

In addition to the provisions set forth above, each participant should attend from a quiet location. All attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

### 7.    Use of Deposition Testimony

Testimony given during a virtual deposition may be used to the same extent that in-person deposition testimony may be used consistent with the Rules.  The Parties expressly waive all objections to the admissibility of any testimony given during a virtual or hybrid deposition based solely on the fact that it was given at a virtual or hybrid deposition. Testimony given during a virtual deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions, or in other modes in this proceeding.

### 8.    Objections

Any objections to proceeding with a virtual deposition shall be raised promptly after receipt of the deposition notice. In the case of a non-party witness that has been subpoenaed prior to the entry of this Order, such objections shall be raised promptly after receipt of this Order. In the event that one or more such objections are raised, the parties, and any non-party witness, if applicable, shall meet and confer to resolve the objection(s) before seeking relief from the Court, in the case of a party, or, in the case of a nonparty, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d). If the parties and the non-party witness (if applicable) cannot resolve the dispute, then the party or non-party seeking an in-person deposition shall move the Court for good cause to do so and the deposition shall proceed as noticed absent an order from the Court.

### 9.    Court Reporter and Videographer

A court reporter may administer an oath concerning a virtual deposition.  The Parties shall not challenge the validity of any oath administered by the court reporter, even if the court

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  reporter is not a notary public in the state where the deponent resides.  In accordance with

2  Federal Rules of Civil Procedure, the court reporter or videographer (if noticed) may participate

3  in the virtual deposition, and that the deposition will be deemed to have been conducted "before"

4  that officer, even though the officer is not physically present with the deponent, so long as that

5  officer is able to identify the deponent. The court reporter will at all times have access to the

6  same interface as the witness.

7      **10.      Physical Presence with Deponent**

8      For virtual depositions, the only people permitted in the same room as the deponent are

9  attorneys representing the deponent.  The deponent and each attorney will each have their own

10  computer with camera, and individual or shared audio feeds via microphone or telephone.

11     **11.      Technology Requirements**

12     All virtual depositions will be stenographically recorded by a court reporter with real-

13  time feed capabilities. The deponent, the attorney defending the deponent, and the attorney for

14  any Party questioning the deponent must have a webcam-equipped device (such as a desktop,

15  laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the

16  deposition, and will allow themselves to be seen and heard at all times while on the record.

17  Unless directed otherwise by the court reporter, all other attendees will turn video off such that

18  their names appear instead of their images (but they may view the video feed of the deposition).

19  Before proceeding with a remote deposition, the deponent or their counsel shall confirm that the

20  deponent has access to the required equipment on the day of the deposition and that any

21  equipment checks or tests (as instructed by the deposition services vendor) have been completed

22  prior to the deposition.

23

24

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 5
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1      **12.    Exhibits**

2          All virtual depositions shall be conducted using a technology platform that allows for the

3   electronic marking and sharing of exhibits.  The technology platform for exhibits should allow

4   the deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the

5   deponent may review the entire document. Alternatively, at the discretion of any Party

6   questioning the deponent, such Party may transmit each exhibit, either in advance of the

7   deposition or as each exhibit is introduced, to the court reporter, the deponent, the attorney

8   defending the deponent, and any other counsel appearing on the record at the deposition, via

9   email or file-sharing link. If the exhibits are transmitted in advance of the deposition, any person

10  receiving said exhibits agrees not to open or review the exhibits except at the direction of the

11  attorney questioning the witness. Any copies of exhibits electronically downloaded but not used

12  at the deposition are courtesy copies and shall be destroyed immediately after the conclusion of

13  the virtual deposition.

14     **13.    Disruptions.**

15         In the event the video feed for the deponent, the attorney defending the deponent, the

16  attorney questioning the deponent, is interrupted or otherwise becomes hidden from view, the

17  deposition will be suspended.  The deposition will resume only when all video streams have been

18  restored. If the video feed of the attorney defending the deponent or the attorney questioning the

19  deponent is interrupted, that attorney may request that any portion of the virtual deposition that

20  was transcribed while they were disconnected be re-read, and that they be provided an

21  opportunity to object to any questions or answers that occurred in their absence. Disruptions due

22  to video streaming, phone line interruption, or other technical problems shall not be counted

23  against record time. Should technical issues materially interfere with the parties' ability to take

24

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 6
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  any deposition pursuant to this Order on the scheduled date and such technical issues cannot be

2  remedied in a timely manner, the Parties shall meet, confer, and reasonably cooperate with one

3  another and the witness to reschedule the deposition.

4  **D.    Other Provisions**

5      **14.    Costs.**

6       Noticing counsel is responsible for retaining, and covering the cost of the court reporter,

7  videographer, and any other vendor retained to assist with any deposition. For any non-party

8  depositions where the Parties have noticed a deposition for the same day, the Parties will meet

9  and confer regarding which vendor(s) to use. Plaintiffs and Amazon will split the costs evenly

10  for the deposition services that both sides request.  Each Party will bear its own costs for copies

11  of transcripts, copies of video recordings of any deposition, and any other unique services

12  obtained by a Party.

13      **15.    Notice to Non-Parties.**

14      This Order shall be provided to any non-party witness or such non-party witness's

15  counsel concurrently with the service of any subpoena that requests a virtual deposition.

16      **16.    Modifications.**

17      The parties may modify the provisions of this Order as they apply to an individual

18  deposition by the agreement of all parties.

19

20

21

22

23

24

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 7
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## ORDER

2

3        IT IS SO ORDERED

4        Dated this __ day of _____ , 2024

5

6                                          _____
                                           JOHN H. CHUN
                                           UNITED STATES DISTRICT JUDGE
7

8

9

10      *Presented by*:

11

12      *s/ Thomas J. Miller*
        _____
        SUSAN A. MUSSER (DC Bar # 1531486)
13      EDWARD H. TAKASHIMA (DC Bar # 1001641)
        THOMAS J. MILLER (PA Bar # 316587)
14      Federal Trade Commission
        600 Pennsylvania Avenue, NW
15      Washington, DC 20580
        Tel.:   (202) 326-2122 (Musser)
                (202) 326-2464 (Takashima)
16      Email: smusser@ftc.gov
        etakashima@ftc.gov
17      tmiller2@ftc.gov

18      *Attorneys for Plaintiff Federal Trade Commission*

19

20

21

22

23

24

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 8
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Rahul A. Darwar*
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Robert J. Carlson*
Robert J. Carlson (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2885
Email: robert.carlson@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 9
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1
*s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)

2
Assistant Attorney General
Deputy Chief, Antitrust Division

3
Office of the Maryland Attorney General
200 St. Paul Place

4
Baltimore, MD 21202
Telephone: (410) 576-6474

5
Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

6
*s/ Katherine W. Krems*

7
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust

8
Division
Office of the Massachusetts Attorney General

9
One Ashburton Place, 18th Floor
Boston, MA 02108

10
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

11
*Counsel for Plaintiff Commonwealth of Massachusetts*

12
*s/ Scott A. Mertens*

13
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General

14
Michigan Department of Attorney General
525 West Ottawa Street

15
Lansing, MI 48933
Telephone: (517) 335-7622

16
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

17
*s/ Zach Biesanz*

18
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel

19
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400

20
Saint Paul, MN 55101
Telephone: (651) 757-1257

21
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 10
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *s/ Stephen N. Provazza*
   Stephen N. Provazza (admitted *pro hac vice*)
2  Special Assistant Attorney General
   Chief, Consumer and Economic Justice Unit
3  Department of the Attorney General
   150 South Main Street
4  Providence, RI 02903
   Telephone: (401) 274-4400
5  Email: sprovazza@riag.ri.gov
   *Counsel for Plaintiff State of Rhode Island*
6
   *s/ Sarah L. J. Aceves*
7  Sarah L. J. Aceves (admitted *pro hac vice*)
   Assistant Attorney General
8  Public Protection Division
   Vermont Attorney General's Office
9  109 State Street
   Montpelier, VT 05609
10 Telephone: (802) 828-3170
   Email: sarah.aceves@vermont.gov
11 *Counsel for Plaintiff State of Vermont*

12 *s/ Laura E. McFarlane*
   Laura E. McFarlane (admitted *pro hac vice*)
13 Assistant Attorney General
   Wisconsin Department of Justice
14 Post Office Box 7857
   Madison, WI 53707-7857
15 Telephone: (608) 266-8911
   Email: mcfarlanele@doj.state.wi.us
16 *Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 11
(Case No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222