# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

    Defendant.

Case No. No. 2:23-cv-01495-JHC

**[AMAZON'S PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS**

~~Plaintiffs Federal Trade Commission and the states and territories of New York, Connecticut, New Hampshire, Oklahoma, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Puerto Rico, Rhode Island, Vermont, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiffs") having filed a Joint Motion for an Order Regarding Remote Depositions ("Motion"), and the Court having considered all papers filed in support and in opposition of the Motion, including all filings and memoranda of law concerning this matter, the Motion is GRANTED. Accordingly, the Court orders the following protocol regarding depositions in this matter:~~

<ins>Pursuant to Federal Rule of Civil Procedure 29(a), the parties agree to and the Court orders the following protocol regarding depositions in this matter:</ins>

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 1
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

A.  **General Principles:**

The Federal Rules of Civil Procedure, Local Civil Rules of the Western District of Washington, this Court's Order re Deposition Limits (Dkt. # 166), and this Court's other orders, rules, and procedures (collectively, the "Rules"), shall govern depositions in this action except where the provisions contained herein alter or supplement the Rules.

B.  **Deposition Format.**

~~The~~Consistent with Federal Rule of Civil Procedure 30(b)(4), depositions ~~of~~for all witnesses ~~in this case~~located within the United States shall ~~be conducted by a remote videoconference platform at the election of the noticing party~~occur in person unless ~~otherwise agreed by all~~ the Parties and the ~~deponent. If a non-party has been cross-noticed for deposition by the parties and the parties disagree about whether~~witness agree to proceed ~~by~~ either (i) entirely by remote means (a "virtual deposition~~, the preference of the deponent~~") or (ii) in a manner that allows counsel to participate by remote means (a "hybrid deposition").  For witnesses residing outside the United States, depositions shall ~~prevail. For any~~proceed as a virtual deposition ~~that proceeds in person, a videoconference platform will be available for parties who chose to participate remotely.~~unless the witness requests that the deposition proceed in person.

C.  **Procedures Applicable to Virtual and Hybrid Depositions**

  1.  **Place of Examination.**

  As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.

  2.  **Other Recording.**

  No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings. This shall include recording using any form of virtual transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, or other

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 2
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

3. **Conduct of Deponent.**

While on the record the deponent will not use any communication device other than those to facilitate the deposition. While on the record, the deponent will not privately confer with anyone between a question and an answer except for the purpose of determining the existence and questions of privilege. This ~~Order~~stipulation does not govern the conduct of anyone while not on the record.

4. **Contact with the Deponent During a Virtual Deposition.**

While on the record, no one will communicate with the deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, ~~such~~the parties agree that the communications are discoverable.

5. **Identification of Individuals in Attendance.**

Every person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reporter. Persons attending by telephone must identify themselves by name and by telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

6. **Conduct by Participants Appearing Virtually.**

In addition to the provisions set forth above, each participant should attend from a quiet location. All attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

7. **Use of Deposition Testimony.**

Testimony given during a virtual or hybrid deposition may be used to the same extent that in-person deposition testimony may be used consistent with the Rules. The Parties expressly

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 3
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

waive all objections to the admissibility of any testimony given during a virtual or hybrid deposition based solely on the fact that it was given at a virtual or hybrid deposition. Testimony given during a virtual or hybrid deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions, or in other modes in this proceeding.

~~**Objections**~~

~~Any objections to proceeding with a virtual deposition shall be raised promptly after receipt of the deposition notice. In the case of a non-party witness that has been subpoenaed prior to the entry of this Order, such objections shall be raised promptly after receipt of this Order. In the event that one or more such objections are raised, the parties, and any non-party witness, if applicable, shall meet and confer to resolve the objection(s) before seeking relief from the Court, in the case of a party, or, in the case of a nonparty, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d). If the parties and the non-party witness (if applicable) cannot resolve the dispute, then the party or non-party seeking an in-person deposition shall move the Court for good cause to do so and the deposition shall proceed as noticed absent an order from the Court.~~

**D.    Procedures Applicable Only to Virtual Depositions.**

~~8.~~**1.    Court Reporter and Videographer.**

A court reporter may administer an oath concerning a virtual deposition. The Parties ~~shall~~agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides. The parties stipulate, in accordance with Federal Rules of Civil Procedure, that the court reporter or videographer (if noticed) may participate in the virtual deposition, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 4
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

deponent, so long as that officer is able to identify the deponent. The court reporter will at all times have access to the same interface as the witness.

**9.2.    Physical Presence with Deponent.**

For virtual depositions, the only people permitted in the same room as the deponent are attorneys representing the deponent.  The deponent and each attorney will each have their own computer with camera, and individual or shared audio feeds via microphone or telephone.

**10.3.    Technology Requirements.**

All virtual depositions will be stenographically recorded by a court reporter with real-time feed capabilities. The deponent, the attorney defending the deponent, and the attorney for any Party questioning the deponent must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition, and will allow themselves to be seen and heard at all times while on the record. Unless directed otherwise by the court reporter, all other attendees will turn video off such that their names appear instead of their images (but they may view the video feed of the deposition). Before proceeding with a remote deposition, the deponent or their counsel shall confirm that the deponent has access to the required equipment on the day of the deposition and that any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition.

**11.4.    Exhibits.**

All virtual depositions shall be conducted using a technology platform that allows for the electronic marking and sharing of exhibits.  The technology platform for exhibits should allow the deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the deponent may review the entire document. Alternatively, at the discretion of any Party questioning the deponent, such Party may transmit each exhibit, either in advance of the deposition or as each exhibit is introduced, to the court reporter, the deponent, the attorney defending the deponent, and any other counsel appearing on the record at the deposition, via email or file-sharing link. If the exhibits are transmitted in advance of the deposition, any person

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 5
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

receiving said exhibits agrees not to open or review the exhibits except at the direction of the attorney questioning the witness. Any copies of exhibits electronically downloaded but not used at the deposition are courtesy copies and shall be destroyed immediately after the conclusion of the virtual deposition.

**~~12.~~5.   Disruptions.**

In the event the video feed for the deponent, the attorney defending the deponent, the attorney questioning the deponent, is interrupted or otherwise becomes hidden from view, the deposition will be suspended.  The deposition will resume only when all video streams have been restored. If the video feed of the attorney defending the deponent or the attorney questioning the deponent is interrupted, that attorney may request that any portion of the virtual deposition that was transcribed while they were disconnected be re-read, and that they be provided an opportunity to object to any questions or answers that occurred in their absence. Disruptions due to video streaming, phone line interruption, or other technical problems shall not be counted against record time. Should technical issues materially interfere with the parties' ability to take any deposition pursuant to this ~~Order~~Stipulation on the scheduled date and such technical issues cannot be remedied in a timely manner, the Parties shall meet, confer, and reasonably cooperate with one another and the witness to reschedule the deposition.

**E.       Procedures Applicable Only to Hybrid Depositions.**

**1.       Technology Requirements.**

All hybrid depositions shall have a live video feed of the deponent, as well as a live audio feed of the deponent, the attorney questioning the deponent, and the attorney defending the deponent, made available to any attorney for a Party who attends the deposition by remote means.

**2.       Exhibits.**

All hybrid depositions shall be conducted using a technology platform that allows for the electronic marking and sharing of exhibits by any attorney for a Party that attends the deposition and questions the deponent by remote means.  The technology platform for exhibits should allow

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 6
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

the deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the deponent may review the entire document. Alternatively, at the discretion of any Party questioning the deponent, such Party may transmit each exhibit, either in advance of the deposition or as each exhibit is introduced, to the court reporter, the deponent, the attorney defending the deponent, and any other counsel appearing on the record at the deposition via email or file-sharing link. If the exhibits are transmitted in advance of the deposition, any person receiving said exhibits agrees not to open or review the exhibits except at the direction of the attorney questioning the witness. Any copies of exhibits electronically downloaded but not used at the deposition are courtesy copies and shall be destroyed immediately after the conclusion of the virtual deposition.

### 3. Disruptions.

In the event the video feed for an attorney questioning the deponent by remote means is interrupted, the deposition will be suspended. The deposition will resume only when the video streams has been restored. The attorney questioning the deponent may request that any portion of the virtual deposition that was transcribed while they were disconnected be re-read, and that they be provided an opportunity to object to anything that occurred in their absence. Disruptions due to video streaming, phone line interruption, or other technical problems shall not be counted against record time. Should technical issues materially interfere with the parties' ability to take any deposition pursuant to this Stipulation on the scheduled date and such technical issues cannot be remedied in a timely manner, the Parties shall meet, confer, and reasonably cooperate with one another and the witness to reschedule the deposition.

~~D.~~**F.**   Other Provisions

1.   **Costs.**

Noticing counsel is responsible for retaining, and covering the cost of the court reporter, videographer, and any other vendor retained to assist with any deposition. For any non-party depositions where the Parties have noticed a deposition for the same day, the Parties will meet and confer regarding which vendor(s) to use. Plaintiffs and Amazon will split the costs evenly

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 7
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

for the deposition services that both sides request. Each Party will bear its own costs for copies of transcripts, copies of video recordings of any deposition, and any other unique services obtained by a Party.

**2.    Notice to Non-Parties.**

This ~~Order~~Stipulation shall be provided to any non-party witness or such non-party witness's counsel concurrently with the service of any subpoena that requests a virtual deposition, and the deposition shall proceed by remote means only if said non-party agrees to the provisions of this Stipulation.

**3.    Modifications.**

The parties may modify the provisions of this ~~Order~~Stipulation as they apply to an individual deposition by the agreement of all parties.

**[PROPOSED] ORDER**

IT IS SO ORDERED

Dated this __ day of _____, _____, 2024

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

_____

~~s/ Thomas J. Miller_____~~
~~SUSAN A. MUSSER (DC Bar # 1531486)~~
~~EDWARD H. TAKASHIMA (DC Bar # 1001641)~~
~~THOMAS J. MILLER (PA Bar # 316587)~~
~~Federal Trade Commission~~
~~600 Pennsylvania Avenue, NW~~
~~Washington, DC 20580~~
~~Tel.:    (202) 326-2122 (Musser)~~
~~         (202) 326-2464 (Takashima)~~
~~Email: smusser@ftc.gov~~
~~etakashima@ftc.gov~~

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 8
(Case No. 2:23-cv-01495-JHC)

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  ~~tmiller2@ftc.gov~~

2  *~~Attorneys for Plaintiff Federal Trade Commission~~*

[PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS - 9
(Case No. No. 2:23-cv-01495-JHC)

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  ~~s/ Michael Jo~~
   ~~Michael Jo (admitted *pro hac vice*)~~
2  ~~Assistant Attorney General, Antitrust Bureau~~
   ~~New York State Office of the Attorney General~~
3  ~~28 Liberty Street~~
   ~~New York, NY 10005~~
4  ~~Telephone: (212) 416-6537~~
   ~~Email: Michael.Jo@ag.ny.gov~~
5  ~~Counsel for Plaintiff State of New York~~

6  ~~s/ Rahul A. Darwar~~
   ~~Rahul A. Darwar (admitted *pro hac vice*)~~
7  ~~Assistant Attorney General~~
   ~~Office of the Attorney General of Connecticut~~
8  ~~165 Capitol Avenue~~
   ~~Hartford, CT 06016~~
9  ~~Telephone: (860) 808-5030~~
   ~~Email: Rahul.Darwar@ct.gov~~
10 ~~Counsel for Plaintiff State of Connecticut~~

11 ~~s/ Alexandra C. Sosnowski~~
   ~~Alexandra C. Sosnowski (admitted *pro hac vice*)~~
12 ~~Assistant Attorney General~~
   ~~Consumer Protection and Antitrust Bureau~~
13 ~~New Hampshire Department of Justice~~
   ~~Office of the Attorney General~~
14 ~~One Granite Place South~~
   ~~Concord, NH 03301~~
15 ~~Telephone: (603) 271-2678~~
   ~~Email: Alexandra.c.sosnowski@doj.nh.gov~~
16 ~~Counsel for Plaintiff State of New Hampshire~~

17 ~~s/ Robert J. Carlson~~
   ~~Robert J. Carlson (admitted *pro hac vice*)~~
18 ~~Assistant Attorney General~~
   ~~Consumer Protection Unit~~
19 ~~Office of the Oklahoma Attorney General~~
   ~~15 West 6th Street, Suite 1000~~
20 ~~Tulsa, OK 74119~~
   ~~Telephone: (918) 581-2885~~
21 ~~Email: robert.carlson@oag.ok.gov~~
   ~~Counsel for Plaintiff State of Oklahoma~~
22

23
   ~~s/ Timothy D. Smith~~
24 ~~Timothy D. Smith, WSBA No. 44583~~
   ~~Senior Assistant Attorney General~~
25 ~~Antitrust and False Claims Unit~~
   ~~Oregon Department of Justice~~
26 ~~100 SW Market St~~
   ~~Portland, OR 97201~~
27

[AMAZON'S PROPOSED] ORDER REGARING
REMOTE DEPOSITIONS - 1
(Case No. No. 2:23-cv-01495-JHC)

1  ~~Telephone: (503) 934-4400~~
   ~~Email: tim.smith@doj.state.or.us~~
2  ~~*Counsel for Plaintiff State of Oregon*~~

3  ~~*s/ Jennifer A. Thomson*~~
   ~~Jennifer A. Thomson (admitted *pro hac vice*)~~
4  ~~Senior Deputy Attorney General~~
   ~~Pennsylvania Office of Attorney General~~
5  ~~Strawberry Square, 14th Floor~~
   ~~Harrisburg, PA 17120~~
6  ~~Telephone: (717) 787-4530~~
   ~~Email: jthomson@attorneygeneral.gov~~
7  ~~*Counsel for Plaintiff Commonwealth of Pennsylvania*~~

8  ~~*s/ Michael A. Undorf*~~
   ~~Michael A. Undorf (admitted *pro hac vice*)~~
9  ~~Deputy Attorney General~~
   ~~Delaware Department of Justice~~
10 ~~820 N. French St., 5th Floor~~
   ~~Wilmington, DE 19801~~
11 ~~Telephone: (302) 683-8816~~
   ~~Email: michael.undorf@delaware.gov~~
12 ~~*Counsel for Plaintiff State of Delaware*~~

13 ~~*s/ Christina M. Moylan*~~
   ~~Christina M. Moylan (admitted *pro hac vice*) Assistant Attorney General~~
14 ~~Chief, Consumer Protection Division~~
   ~~Office of the Maine Attorney General~~
15 ~~6 State House Station~~
   ~~Augusta, ME 04333-0006~~
16 ~~Telephone: (207) 626-8800~~
   ~~Email: christina.moylan@maine.gov~~
17 ~~*Counsel for Plaintiff State of Maine*~~

18

19

20 ~~*s/ Gary Honick*~~
   ~~Gary Honick (admitted *pro hac vice*)~~
21 ~~Assistant Attorney General~~
   ~~Deputy Chief, Antitrust Division~~
22 ~~Office of the Maryland Attorney General~~
   ~~200 St. Paul Place~~
23 ~~Baltimore, MD 21202~~
   ~~Telephone: (410) 576-6474~~
24 ~~Email: Ghonick@oag.state.md.us~~
   ~~*Counsel for Plaintiff State of Maryland*~~
25
   ~~*s/ Katherine W. Krems*~~
26 ~~Katherine W. Krems (admitted *pro hac vice*)~~
   ~~Assistant Attorney General, Antitrust Division~~
27

[AMAZON'S PROPOSED] ORDER REGARDING
REMOTE DEPOSITIONS - 2
(Case No. No. 2:23-cv-01495-JHC)

~~Office of the Massachusetts Attorney General~~
~~One Ashburton Place, 18th Floor~~
~~Boston, MA 02108~~
~~Telephone: (617) 963-2189~~
~~Email: katherine.krems@mass.gov~~
~~*Counsel for Plaintiff Commonwealth of Massachusetts*~~

~~*s/ Scott A. Mertens*~~
~~Scott A. Mertens (admitted *pro hac vice*)~~
~~Assistant Attorney General~~
~~Michigan Department of Attorney General~~
~~525 West Ottawa Street~~
~~Lansing, MI 48933~~
~~Telephone: (517) 335-7622~~
~~Email: MertensS@michigan.gov~~
~~*Counsel for Plaintiff State of Michigan*~~

~~*s/ Zach Biesanz*~~
~~Zach Biesanz (admitted *pro hac vice*)~~
~~Senior Enforcement Counsel~~
~~Office of the Minnesota Attorney General~~
~~445 Minnesota Street, Suite 1400~~
~~Saint Paul, MN 55101~~
~~Telephone: (651) 757-1257~~
~~Email: zach.biesanz@ag.state.mn.us~~
~~*Counsel for Plaintiff State of Minnesota*~~

~~*s/ Lucas J. Tucker*~~
~~Lucas J. Tucker (admitted *pro hac vice*)~~
~~Senior Deputy Attorney General~~
~~Office of the Nevada Attorney General~~
~~100 N. Carson St.~~
~~Carson City, NV 89701~~
~~Telephone: (775) 684-1100~~
~~Email: LTucker@ag.nv.gov~~
~~*Counsel for Plaintiff State of Nevada*~~

~~*s/ Andrew Esoldi*~~
~~Andrew Esoldi (admitted *pro hac vice*)~~
~~Deputy Attorney General~~
~~New Jersey Office of the Attorney General~~
~~124 Halsey Street, 5th Floor~~
~~Newark, NJ 07101~~
~~Telephone: (973) 648-7819~~
~~Email: andrew.esoldi@law.njoag.gov~~
~~*Counsel for Plaintiff State of New Jersey*~~

~~*s/ Jeffrey Herrera*~~

[AMAZON'S PROPOSED] ORDER REGARDING
REMOTE DEPOSITIONS - 3
(Case No. No. 2:23-cv-01495-JHC)

1  ~~Jeffrey Herrera (admitted *pro hac vice*)~~
   ~~Assistant Attorney General~~
2  ~~New Mexico Office of the Attorney General~~
   ~~408 Galisteo St.~~
3  ~~Santa Fe, NM 87501~~
   ~~Telephone: (505) 490-4878~~
4  ~~Email: jherrera@nmag.gov~~
   ~~Counsel for Plaintiff State of New Mexico~~
5
   ~~*s/ Zulma Carrasquillo Almena*~~
6  ~~Zulma Carrasquillo Almena (admitted *pro hac vice*)~~
   ~~Puerto Rico Department of Justice~~
7  ~~P.O. Box 9020192~~
   ~~San Juan, PR 00902-0192~~
8  ~~Telephone: (787) 721-2900, Ext. 1211~~
   ~~Email: zcarrasquillo@justicia.pr.gov~~
9  ~~Counsel for Plaintiff Commonwealth of Puerto Rico~~

10

11

12

13 ~~*s/ Stephen N. Provazza*~~
   ~~Stephen N. Provazza (admitted *pro hac vice*)~~ Special Assistant Attorney General
14 ~~Chief, Consumer and Economic Justice Unit~~
   ~~Department of the Attorney General~~
15 ~~150 South Main Street~~
   ~~Providence, RI 02903~~
16 ~~Telephone: (401) 274-4400~~
   ~~Email: sprovazza@riag.ri.gov~~
17 ~~Counsel for Plaintiff State of Rhode Island~~

18 ~~*s/ Sarah L. J. Aceves*~~
   ~~Sarah L. J. Aceves (admitted *pro hac vice*)~~
19 ~~Assistant Attorney General~~
   ~~Public Protection Division~~
20 ~~Vermont Attorney General's Office~~
   ~~109 State Street~~
21 ~~Montpelier, VT 05609~~
   ~~Telephone: (802) 828-3170~~
22 ~~Email: sarah.aceves@vermont.gov~~
   ~~Counsel for Plaintiff State of Vermont~~
23
   ~~*s/ Laura E. McFarlane*~~
24 ~~Laura E. McFarlane (admitted *pro hac vice*)~~
   ~~Assistant Attorney General~~
25 ~~Wisconsin Department of Justice~~
   ~~Post Office Box 7857~~
26 ~~Madison, WI 53707-7857~~
   ~~Telephone: (608) 266-8911~~
27

[AMAZON'S PROPOSED] ORDER REGARDING
REMOTE DEPOSITIONS - 4
(Case No. No. 2:23-cv-01495-JHC)

1  ~~Email: mcfarlanele@doj.state.wi.us~~
   *~~Counsel for Plaintiff State of Wisconsin~~*

[AMAZON'S PROPOSED] ORDER REGARING
REMOTE DEPOSITIONS - 5
(Case No. No. 2:23-cv-01495-JHC)