UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

    Defendant.

Case No. No. 2:23-cv-01495-JHC

**ORDER REGARDING REMOTE DEPOSITIONS**

    Before the Court is the parties' LCR 37 Joint Submission Regarding Remote Depositions. Dkt. # 314. The Court appreciates that the parties have cooperated to use the expedited joint motion procedure of LCR 37(a)(2). The Court also appreciates the thoughtful presentations of the parties. Given the numerosity of witnesses at issue, the various locations of the witnesses, the number of counsel involved, and the need to complete fact discovery by August 8, 2025, the Court is persuaded by Plaintiffs' argument. Accordingly, the Court orders the following protocol regarding depositions in this matter:

**A.   General Principles**

    The Federal Rules of Civil Procedure, Local Civil Rules of the Western District of Washington, this Court's Order re Deposition Limits (Dkt. #166), and this Court's other orders,

rules, and procedures (collectively, the "Rules"), shall govern depositions in this action except where the provisions contained herein alter or supplement the Rules.

B. **Deposition Format**

The depositions of witnesses in this case shall be conducted by a remote videoconference platform at the election of the noticing party unless otherwise agreed by all parties and the deponent. If a non-party has been cross-noticed for deposition by the parties and the parties disagree about whether to proceed by virtual deposition, the preference of the deponent shall prevail. For any deposition that proceeds in person, a videoconference platform will be available for parties who chose to participate remotely.

C. **Procedures Applicable to Virtual Depositions**

1. **Place of Examination**

As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.

2. **Other Recording**

No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings. This shall include recording using any form of virtual transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, or other PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

3. **Conduct of Deponent**

While on the record the deponent will not use any communication device other than those to facilitate the deposition. While on the record, the deponent will not privately confer with

anyone between a question and an answer except for the purpose of determining the existence and questions of privilege. This Order does not govern the conduct of anyone while not on the record.

### 4. Contact with the Deponent During a Virtual Deposition

While on the record, no one will communicate with the deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, such communications are discoverable.

### 5. Identification of Individuals in Attendance

Every person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reporter. Persons attending by telephone must identify themselves by name and by telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

### 6. Conduct by Participants Appearing Virtually

In addition to the provisions set forth above, each participant should attend from a quiet location. All attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

### 7. Use of Deposition Testimony

Testimony given during a virtual deposition may be used to the same extent that in-person deposition testimony may be used consistent with the Rules.  The Parties expressly waive all objections to the admissibility of any testimony given during a virtual or hybrid deposition based solely on the fact that it was given at a virtual or hybrid deposition. Testimony given

during a virtual deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions, or in other modes in this proceeding.

### 8. Objections

Any objections to proceeding with a virtual deposition shall be raised promptly after receipt of the deposition notice. In the case of a non-party witness that has been subpoenaed prior to the entry of this Order, such objections shall be raised promptly after receipt of this Order. In the event that one or more such objections are raised, the parties, and any non-party witness, if applicable, shall meet and confer to resolve the objection(s) before seeking relief from the Court, in the case of a party, or, in the case of a nonparty, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d). If the parties and the non-party witness (if applicable) cannot resolve the dispute, then the party or non-party seeking an in-person deposition shall move the Court for good cause to do so and the deposition shall proceed as noticed absent an order from the Court.

### 9. Court Reporter and Videographer

A court reporter may administer an oath concerning a virtual deposition.  The Parties shall not challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.  In accordance with Federal Rules of Civil Procedure, the court reporter or videographer (if noticed) may participate in the virtual deposition, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that

officer is able to identify the deponent. The court reporter will at all times have access to the same interface as the witness.

### 10. Physical Presence with Deponent

For virtual depositions, the only people permitted in the same room as the deponent are attorneys representing the deponent.  The deponent and each attorney will each have their own computer with camera, and individual or shared audio feeds via microphone or telephone.

### 11. Technology Requirements

All virtual depositions will be stenographically recorded by a court reporter with real-time feed capabilities. The deponent, the attorney defending the deponent, and the attorney for any Party questioning the deponent must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition, and will allow themselves to be seen and heard at all times while on the record. Unless directed otherwise by the court reporter, all other attendees will turn video off such that their names appear instead of their images (but they may view the video feed of the deposition). Before proceeding with a remote deposition, the deponent or their counsel shall confirm that the deponent has access to the required equipment on the day of the deposition and that any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition.

### 12. Exhibits

All virtual depositions shall be conducted using a technology platform that allows for the electronic marking and sharing of exhibits.  The technology platform for exhibits should allow the deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the deponent may review the entire document. Alternatively, at the discretion of any Party

ORDER REGARING
REMOTE DEPOSITIONS - 5
(Case No. No. 2:23-cv-01495-JHC)

questioning the deponent, such Party may transmit each exhibit, either in advance of the deposition or as each exhibit is introduced, to the court reporter, the deponent, the attorney defending the deponent, and any other counsel appearing on the record at the deposition, via email or file-sharing link. If the exhibits are transmitted in advance of the deposition, any person receiving said exhibits agrees not to open or review the exhibits except at the direction of the attorney questioning the witness. Any copies of exhibits electronically downloaded but not used at the deposition are courtesy copies and shall be destroyed immediately after the conclusion of the virtual deposition.

**13.    Disruptions.**

In the event the video feed for the deponent, the attorney defending the deponent, the attorney questioning the deponent, is interrupted or otherwise becomes hidden from view, the deposition will be suspended. The deposition will resume only when all video streams have been restored. If the video feed of the attorney defending the deponent or the attorney questioning the deponent is interrupted, that attorney may request that any portion of the virtual deposition that was transcribed while they were disconnected be re-read, and that they be provided an opportunity to object to any questions or answers that occurred in their absence. Disruptions due to video streaming, phone line interruption, or other technical problems shall not be counted against record time. Should technical issues materially interfere with the parties' ability to take any deposition pursuant to this Order on the scheduled date and such technical issues cannot be remedied in a timely manner, the Parties shall meet, confer, and reasonably cooperate with one another and the witness to reschedule the deposition.

**D.    Other Provisions**

**14.    Costs.**

ORDER REGARING
REMOTE DEPOSITIONS - 6
(Case No. No. 2:23-cv-01495-JHC)

Noticing counsel is responsible for retaining, and covering the cost of the court reporter, videographer, and any other vendor retained to assist with any deposition. For any non-party depositions where the Parties have noticed a deposition for the same day, the Parties will meet and confer regarding which vendor(s) to use. Plaintiffs and Amazon will split the costs evenly for the deposition services that both sides request.  Each Party will bear its own costs for copies of transcripts, copies of video recordings of any deposition, and any other unique services obtained by a Party.

**15.    Notice to Non-Parties.**

This Order shall be provided to any non-party witness or such non-party witness's counsel concurrently with the service of any subpoena that requests a virtual deposition.

**16.    Modifications.**

The parties may modify the provisions of this Order as they apply to an individual deposition by the agreement of all parties.

Dated this 30th day of October, 2024.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE