1

2

3

4

5                UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
6                        AT SEATTLE

7

8    FEDERAL TRADE COMMISSION, *et al.*,        Case No. 2:23-cv-01495-JHC

9                      Plaintiffs,              **LCR 37 SUBMISSION REGARDING**
                                                **COORDINATION**
10           v.
                                                NOTE ON MOTION CALENDAR:
11   AMAZON.COM, INC., a corporation,           November 4, 2024

12                     Defendant.

13

14          Pursuant to Local Civil Rule 37(a)(2) and the Court's Case Management Order, ECF

15   No. 161 ¶ 8, Amazon respectfully requests that the Court enter Amazon's Proposed Coordination

16   Order.[1]  Plaintiffs respectfully request that the Court deny Amazon's motion and enter Plaintiffs'

17   Proposed Coordination Order.[2]  Pursuant to Local Civil Rule 37(a)(1), Amazon certifies that the

18   Parties are at an impasse after conferring in good faith on this issue since March 2024, including

19   through numerous telephonic conferences and the exchange of emails and draft orders.[3]

20

21   [1] A copy of Amazon's Proposed Coordination Order is attached as **Exhibit A.**
     [2] Plaintiffs' Proposed Coordination Order is attached as **Exhibit B**.  A redline comparison between the Parties'
22   proposed orders is attached as **Exhibit C**.
     [3] Teleconferences related to the draft Coordination Order occurred on at least March 25, 2024, June 3, 2024, August
23   13, 2024, October 1, 2024, and October 7, 2024.  Amazon was represented during those conferrals by Kevin M.
     Hodges and Andrew P. Lemens, among others.  Plaintiffs were represented during those conferrals by Edward H.
24   Takashima and Colin Herd, among others.  The Parties exchanged drafts and other information by email in between
     each of the above-referenced conferrals.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

## I.     INTRODUCTORY STATEMENTS

### A.  Amazon's Introductory Statement.

As the Court and the Parties have recognized, there are benefits to coordinating discovery across the pending antitrust matters that involve similar allegations against Amazon, including reducing the burden on witnesses common to those cases.  The Parties' efforts to achieve coordination will succeed only if there is a shared framework across the related actions that has been memorialized in a written protocol.

In November 2023, Amazon proposed a draft protocol to coordinate depositions in this case and related actions.  Not until March 2024, after the Court entered a case management and scheduling order, *see* ECF Nos. 159 & 161, did Plaintiffs began to engage with Amazon's proposed protocol.  The Parties have since spent months conferring, and have reached agreement on nearly every aspect of a proposed Coordination Order.  This protocol is intended to supplement and build on the Court's existing case management orders. Ex. A ¶ 6 (citing ECF Nos. 159, 161, and 166).  It is not intended to change the total number of depositions available to either Party, as previously ordered by the Court.  *See* ECF No. 166.

The Parties agree that every Amazon witness who sits for a coordinated deposition—one joined by plaintiffs in at least one related action[4]—can testify for up to 10 hours, and that up to 8 coordinated depositions can continue for up to 14 hours.  Ex. A ¶ 15.  The Parties have reached an impasse, however, with respect to two issues: (i) the number of extended 14-hour depositions, and whether witnesses who previously gave pre-Complaint testimony in these matters should be

---

[4] The Parties have agreed to coordinate with the *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the *California* action), *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct.), and three of the pending private actions: *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.); and *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.) (together, the "Private Cases").  *See* Ex. A ¶ 1(b). The Parties also have a mechanism to include by agreement additional coordinated actions going forward.  *Id.*

required to sit for 14-hour depositions; and (ii) whether depositions in this case should be coordinated with the related case *Mbadiwe, et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.).  In light of the impasse, to facilitate coordination efforts, and to ensure clarity to the Parties as they plan for and undertake depositions in the coming months, Amazon submits that Amazon's proposed Coordination Order, which is consistent with corresponding orders in the *California* and *Mbadiwe* cases, should be entered.

As to the disputed issue concerning deposition format, Amazon proposes that Plaintiffs be limited to designating up to 8 witnesses to sit for 14-hours of questioning, so long as such witnesses did not previously give pre-Complaint testimony. Ex. A ¶ 16.  This allows Plaintiffs 14 hours to question as many as 1 of every 10 witnesses contemplated by the Court's deposition order, and 10 hours to question every other witness in a coordinated deposition.  Plaintiffs disagree, and seek the right take up to 16 depositions of 14 hours, including those witnesses they know well based on extensive pre-Complaint testimony.

Amazon's proposal is based on the coordination order in the related *California* action, which has also been adopted in the *Mbadiwe* action.  It balances Plaintiffs' need for discovery, the benefits Plaintiffs have secured from their unique investigative tools, the efficiencies to be gained through coordinated depositions, and the burden to Amazon and its witnesses.  In particular, there are 45 Amazon witnesses—many of whom are or were senior leaders at the company—who already provided between 1 and 3 full days of transcribed testimony in pre-Complaint hearings.  Before filing the Complaint, Plaintiffs took over 200 hours of sworn testimony from 29 current and former Amazon witnesses.  Plaintiffs also had the benefit of participating in the California Attorney General's separate investigational hearings of 26 Amazon witnesses (10 of whom were subsequently re-deposed in Plaintiffs' investigation) that

1  resulted in more than 200 hours of additional testimony.  For these 45 witnesses who are already

2  well known to Plaintiffs, a 10-hour deposition is more than sufficient.  And to the extent

3  Plaintiffs reasonably believe they need more than 10 hours for a specific witness, Amazon is

4  willing to meet and confer in an effort to resolve the dispute without Court involvement.

5       In addition, this case should be coordinated with the *Mbadiwe* action.  *Mbadiwe* is related

6  to this case and to the Private Cases before this Court.  It also involves allegations that the same

7  Amazon's policies have caused increased prices.  *Mbadiwe* should not be treated any differently

8  from the Private Cases that the Parties in this action have agreed to include as coordinated

9  actions.  The parties in the *Mbadiwe* action adjusted their deadline for fact discovery to match

10 the deadline in this case, and have agreed to a coordination protocol that is substantively similar

11 to Amazon's proposed Coordination Order.  This Court has also already ordered the parties in

12 the Private Cases to coordinate discovery with the *Mbadiwe* action.  *See, e.g., Frame Wilson et*

13 *al. v. Amazon.com, Inc.*, No. 2:20-cv-424-JHC, ECF No. 172 (W.D. Wash. June 25, 2024).

14      For these reasons, pursuant to Federal Rule of Civil Procedure 26, Local Rule 26, and the

15 Court's broad authority to manage discovery[5], Amazon respectfully requests that the Court enter

16 Amazon's proposed Coordination Order to allow for coordinated depositions of both Amazon

17 and non-party witnesses among the pending actions.

18      **B.  Plaintiffs' Introductory Statement**

19      Plaintiffs have alleged that Amazon is engaged in an interrelated, exclusionary course of

20 conduct that unlawfully maintains Amazon's monopolies in two markets. This conduct spans

21 numerous arms of Amazon's businesses, including its first-party Retail and third-party

22

23

24

[5] *See Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 1433655, at *3 (W.D. Wash. Feb. 1, 2023) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)).

1   Marketplace units, online superstore, advertising services, Prime subscription program and

2   fulfillment services. Given the extended scope of Amazon's conduct at issue in this litigation,

3   Plaintiffs seek the right to take up to sixteen 14-hour depositions of Amazon witnesses, without

4   any restriction against using those depositions for witnesses who testified during pre-litigation

5   investigations.

6          Amazon's position that Plaintiffs should not be allowed to take 14-hour depositions for

7   any Amazon executives who gave investigation testimony is unfounded. Amazon took a similar

8   position in the Parties' dispute regarding the number of depositions allowed in this case, *see*

9   Dkt. #135 § 4(E); Dkt. #164, but it is well established that investigations serve a different

10  purpose than discovery in litigation. Courts have long recognized that a government agency's

11  pre-complaint investigation is not a substitute for, and should not limit, discovery. *See Okla.*

12  *Press Publ'g Co. v. Walling*, 327 U.S. 186, 201 (1946) (agency investigations are intended "to

13  discover and procure evidence, not to prove a pending charge or complaint, but upon which to

14  make one if, in the Administrator's judgment, the facts thus discovered should justify doing so");

15  *S.E.C. v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("[T]here is no authority which suggests that it

16  is appropriate to limit the SEC's right to take discovery based upon the extent of its previous

17  investigation into the facts underlying its case.") (quoting *S.E.C. v. Saul*, 133 F.R.D. 115, 118

18  (N.D. Ill. 1990)); *S.E.C. v. Jasper*, 678 F.3d 1116, 1128-29 (9th Cir. 2012) (pre-complaint

19  interview of defendant was not a substitute for a deposition because of "the difference in the

20  nature of the SEC's motivation during an early investigation, at which open-ended questions are

21  typically asked without expectation the witness will be needed at trial, and its motivation at an

22  adverse witness deposition, when battle lines have already been drawn"); *see also United States*

23  *v. GAF Corp.*, 596 F.2d 10, 14 (2d Cir. 1979) ("It is important to remember that the [Justice]

24

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 5
Case No. 2:23-cv-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Department's objective at the pre-complaint stage of the investigation is not to 'prove' its case

2    but rather to make an informed decision on whether or not to file a complaint.") (citation

3    omitted); *FTC v. Texaco, Inc.*, 555 F.2d 862, 874 (D.C. Cir. 1977) ("[I]n the pre-complaint stage,

4    an investigating agency is under no obligation to propound a narrowly focused theory of a

5    *possible* future case.").

6         Amazon also argues that Plaintiffs' request for sixteen 14-hour depositions is unduly

7    burdensome, claiming that 10 hours is more than sufficient for the vast majority of Plaintiffs'

8    coordinated depositions. That claim ignores the reality that Plaintiffs must split their time with

9    up to five other plaintiffs in each coordinated deposition—the People of the State of California,

10   the District of Columbia's Attorney General, and the private plaintiffs in three class action

11   lawsuits. *See supra* § (I)(A) at n. 4. Given the numerous parties involved here, Plaintiffs will

12   likely have less time for questioning in a coordinated 10-hour deposition than even the 7 hours of

13   testimony allowed by the Federal Rules. *See* Fed. R. Civ. P. 30(d)(1). Limiting Plaintiffs to only

14   eight 14-hour depositions would force unfair time limitations on Plaintiffs for some of the most

15   important witnesses in this matter. Additionally, this matter is significant in both its scope and

16   complexity. As Amazon notes in its briefing, Plaintiffs' case is the broadest in scope of the

17   related cases here. *See infra* § (II)(B)(3)(ii). Given the extended scope of Plaintiffs' claims,

18   Plaintiffs should be allowed to take up to sixteen 14-hour depositions to have sufficient time to

19   adequately conduct discovery in this matter.

20        With respect to the Parties' second dispute, the Court should not include the *Mbadiwe*

21   case as a "Coordinated Action" for the purposes of coordinating depositions. Plaintiffs are

22   willing to coordinate deposition logistics with the *Mbadiwe* plaintiffs to minimize the burden on

23   testifying witnesses. However, Plaintiffs object to Amazon's proposed provisions that would

24

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 6
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   force Plaintiffs to divide a fixed number of deposition hours with the *Mbadiwe* plaintiffs.

2   *Mbadiwe* is substantively different than the other coordinated actions, because the *Mbadiwe*

3   plaintiffs expressly limit their allegations concerning Amazon's anticompetitive conduct to the

4   time period before March 2019, when Amazon allegedly removed an express "Price Parity"

5   restriction from its agreements with third-party sellers in the United States. *Mbadiwe v.*

6   *Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y. Jan. 20, 2023), Dkt. #24 at 8, 34-36. The

7   *Mbadiwe* plaintiffs are not asserting any federal antitrust claims and are not seeking injunctive

8   relief. *Id.* Further, Plaintiffs are not currently coordinating any discovery efforts with the

9   *Mbadiwe* plaintiffs, and the *Mbadiwe* plaintiffs have never contacted Plaintiffs to discuss any

10  potential coordination.

11          For these reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed

12  Coordination Order to allow for the appropriate coordination of depositions, without unfairly

13  prejudicing Plaintiffs' ability to take discovery in this case.

14  **II.      DISPUTE # 1:  EXTENDED COORDINATED DEPOSITIONS.**

15          **A.  Relevant Language**

16          The disputed portion of the proposed Coordination Order as to coordinated depositions,

17  including the Parties' respective positions is copied here:

18          Notwithstanding the limit set forth in Paragraph 15, Plaintiffs and the Coordinated
            Plaintiffs' Attorneys may jointly designate up to [**Amazon:** eight (8) Amazon
19          Witnesses, where the Amazon Witness has not previously testified in a pre-
            Complaint investigational hearing in this Action or any of the Coordinated Actions]
20          [**Plaintiffs:** sixteen (16) Amazon Witnesses], for whom the examination by
            Plaintiffs and the Coordinated Plaintiffs' Attorneys shall be limited to a combined
21          total of fourteen (14) hours on the record, with no more than seven (7) hours on the
            record per day unless otherwise agreed to by the Amazon Witness.

22  *See* Ex. A ¶ 16 (Amazon's proposal).

23

24

1

**B.  Amazon's Position**

2

    **1.  The Proposed Coordination Order.**

3

    The Parties have reached agreement on nearly all aspects of a draft Coordination Order

4

that allows for coordinated depositions of both Amazon and non-party witnesses across the

5

related actions.  *See* Ex. A.  In general, the Parties have agreed to (i) notice and conferral

6

mechanisms to allow for the scheduling of coordinated depositions, Ex. A ¶¶ 12-13, 18-20, 25-

7

29; (ii) a mechanism for Plaintiffs in this action to share information with plaintiffs in the related

8

actions in order to facilitate the coordinated deposition of witnesses, Ex. A. ¶ 11; (iii) a process

9

for coordinated depositions of Amazon pursuant to Federal Rule of Civil Procedure 30(b)(6) and

10

the analogous provision under California law, Ex. A ¶ 17, 24; and (iv) opportunities for Plaintiffs

11

to participate in depositions first noticed in other actions, Ex. A ¶¶ 22-23.

12

    The Coordination Order also sets time limits for coordinated depositions of Amazon

13

witnesses.  The Parties agree that every coordinated deposition of an Amazon witness—that is, a

14

deposition conducted jointly by Plaintiffs in this action and plaintiffs in at least one of the related

15

actions—can last for up to 10 hours on the record.  Ex. A ¶ 15.  The Parties further agree that

16

Plaintiffs' examination of the witness in a coordinated deposition will be limited to no more than

17

7 hours on the record, Ex. A ¶ 14, meaning that there will be at least 3 hours in each coordinated

18

deposition for follow-up questioning by other participating plaintiffs.  Any testimony from a

19

coordinated deposition will be considered testimony given in this action, regardless of who

20

conducted the questioning of the witness.  Ex. A ¶ 8.

21

    The Parties recognize that there may be a need for additional time with respect to some

22

number of coordinated depositions of Amazon witnesses, and have thus agreed that Plaintiffs,

23

together with plaintiffs in the related actions, can designate Amazon witnesses to sit for 14 hours

24

of testimony.  Ex. A ¶ 16.  The Parties, however, disagree as to (i) the number of extended

depositions that are needed, and (ii) whether witnesses who have previously provided testimony

in a pre-Complaint hearing should be required to sit for a 14-hour deposition (as Plaintiffs

propose) or whether 10 hours is sufficient (as Amazon proposes).  Ex. A ¶ 16.  Amazon believes

that 8 extended depositions are appropriate—which reflects ten percent of the party depositions

available to Plaintiffs, *see* ECF No. 166—and that such depositions should exclude any Amazon

witness who previously gave pre-Complaint testimony, Ex. A ¶ 16.  Plaintiffs seek 16 extended

14-hour depositions, and refuse to exclude from those 14-hour sessions witnesses who already

gave extensive pre-Complaint testimony.  Ex. A ¶ 16.

## 2. Amazon's Efforts to Coordinate Discovery in the Related Actions.

Amazon has been actively engaged with plaintiffs in the related actions—in parallel with

its discussions with Plaintiffs—to negotiate and enter similar coordination orders.

In April 2024, the court in the *California* action modified the pretrial schedule to extend

the deadline for fact discovery to August 8, 2025, which mirrors the deadline in this action.  The

*California* court also entered a coordination protocol and order.[6]  The *California* coordination

order is substantially similar to Amazon's proposed Order in this action, and is identical with

respect to the disputed issues here.  In particular:

- Depositions that occur only in the *California* action and are not coordinated are limited to 7 hours on the record.  Ex. D ¶ 17.

- Depositions that are coordinated across at least two of the actions are limited to no more than 10 hours on the record.  Ex. D ¶ 18.

---

[6] A copy of the Coordination Protocol and Order in the *California* action is attached as **Exhibit B**.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

- The California Attorney General, together with other plaintiffs in related actions, may identify up to 8 Amazon witnesses to sit for up to 14 hours of deposition testimony so long as the witness has not previously testified in a pre-Complaint hearing in the *California* action or any of the related actions.  Ex. D ¶ 19.

As the *California* court recognized when addressing the proposed coordination order during an April 2024 case management conference[7], the California Attorney General had a "head start" with respect to witnesses who had previously testified in a pre-Complaint hearing, and it was reasonable to expect that such depositions could be completed more quickly.  Ex. E at 38-39.  The *California* court further recognized that this limitation addressed the "legitimate concern" of unduly burdening Amazon and its witnesses with duplicative depositions.  *See* Ex. E at 41.

In the *Mbadiwe* action, the parties agreed to, and the district court has entered, a stipulated order concerning the coordination of discovery.  *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB, ECF 69 (S.D.N.Y. May 23, 2024).  That order states that fact discovery in the *Mbadiwe* matter shall be coordinated with this action and the *California* action.  *Id.* at 1.  And it contemplates that the coordination of deposition discovery will follow the process set forth in the coordination order entered in the *California* action.  *Id.* at 2.

As the Court is familiar with the *Frame Wilson*, *De Coster*, and *Brown* actions, Amazon notes only that it is continuing to pursue a coordination protocol in light of the Court's June 25, 2024 order extending the schedule for fact discovery in those actions and ordering the parties in those actions to "use all reasonable efforts to coordinate the depositions of Amazon witnesses and non-party witnesses" with this action, the *California* action, and the *Mbadiwe* action.  *Frame Wilson*, No. 2:20-cv-424-JHC, ECF No. 172.

---

[7] A transcript of the April 16, 2024 Case Management Conference in the *California* action is attached as **Exhibit C.**

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1       **3.    The Court Should Adopt Amazon's Approach to Coordinated Depositions.**

2           Amazon respectfully requests that the Court adopt Amazon's proposal concerning

3   extended coordinated depositions in Paragraph 16 of the Coordination Order.  Imposing

4   reasonable limits on depositions encourages coordination, provides clarity to the Parties, and

5   limits the burden on the witnesses to be deposed.  And Plaintiffs still benefit through additional

6   deposition time and the opportunity to recognize efficiencies by pooling resources and effort

7   with other plaintiffs.

8           To that end, Amazon's proposed approach, which is consistent with the coordination

9   protocol entered in the *California* action, accounts for the burden on the current and former

10  Amazon executives who are expected to be noticed for a deposition in this action and who have

11  already testified during the investigations preceding this action and/or the *California* action.[8]  It

12  also accounts for the considerable discovery opportunities already available to Plaintiffs—*e.g.*,

13  the opportunity to depose 80 Amazon witnesses for at least 7 hours, ECF No. 166.  Plaintiffs'

14  proposal, by contrast, seeks to impose an unnecessary and undue burden on Amazon and its

15  witnesses by seeking to gain, under the auspices of coordination, unnecessary additional

16  deposition time that will burden current executives (many of whom hold senior positions) and

17  former executives (many of whom left Amazon years ago) with a third, fourth, or even fifth day

18  of testimony in connection with these actions.

19                  **i.    Amazon's Proposal Minimizes the Burden on Witnesses.**

20          In the normal course, and absent coordination, depositions would be limited to one day

21  and 7 hours under Rule 30 and this Court's order.  Fed. R. Civ. P. 30(d)(1); ECF No. 166.  In an

22  effort to facilitate coordination, Amazon has agreed that every Amazon witness sitting for a

23  _____

24  [8] The FTC and States involved in the pre-Complaint investigation also attended the investigative hearings conducted by the California Attorney General and have transcripts of that witness testimony.

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 11
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   coordinated deposition, including the 45 witnesses who previously provided sworn testimony,

2   can be questioned for up to 10 hours (which allows for follow-up questioning by parties in the

3   related actions).  Ex. A ¶ 15.  Amazon has also agreed that all such testimony, even if obtained

4   through questioning by a plaintiff in a related action, will be available to Plaintiffs in this action.

5   Ex. A ¶ 8.

6           Amazon, however, does not agree that the 45 witnesses who previously provided sworn

7   testimony should be required to sit for another 14 hours of questioning.  For these witnesses,

8   Plaintiffs will come to any coordinated deposition able to streamline and focus their questioning

9   given that they will have considerable understanding of the witness' role, background, and

10  recollection of events.  And they will still have the opportunity to question those witnesses for up

11  to 10 hours.  For this reason alone, there is no need for four additional hours of testimony per

12  witness who testified in a pre-Complaint hearing, as Plaintiffs' propose.

13          This concern is particularly acute with respect to Amazon's most senior leaders who have

14  been subject to extensive questioning already.  For example, three Amazon executives (two of

15  whom are no longer with the company) have provided three full days of testimony in pre-

16  Complaint investigational hearings held by Plaintiffs and the California Attorney General.

17  Another seven current and former Amazon leaders have already given two full days of testimony

18  in pre-Complaint investigational hearings.  And with limited exceptions, the remaining 35

19  witnesses sat for a full day of testimony in at least one investigation.

20          In light of this extensive prior testimony available to Plaintiffs on the issues in this action,

21  adopting Amazon's proposed Coordination Order is consistent with Rule 26, which allows the

22  Court to "protect a party *or person* from annoyance, embarrassment, oppression, or *undue*

23  *burden* or expense."  Fed. R. Civ. P. 26(c)(1).  Amazon's proposal still allows for considerable

24

1  discovery of those witnesses who have previously testified, but reasonably limits the burden on

2  these witnesses.  It is also in accord with the approach to the depositions of senior executives or

3  "apex" witnesses, where courts have limited or even precluded depositions in light of the

4  "particular danger for abuse or harassment in requests to depose high-level executives." *Encinas*

5  *v. Univ. of Wash.*, 2023 WL 6066522, at *2 (W.D. Wash. Sept. 18, 2023) (collecting cases); *see*

6  *also Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259 (N.D. Cal. 2012).  Amazon's proposal is

7  also consistent with the coordination orders in the related *California* and *Mbadiwe* actions.

8  Finally, Amazon's proposal accounts for the unique pre-Complaint investigative tools available

9  to Plaintiffs.  Because Plaintiffs made extensive use of these tools before filings this action, the

10  burden of investigational hearings on Amazon's witnesses is appropriately considered.[9]

11  Because Amazon's proposed approach accounts for the particular interests of witnesses

12  who have already provided testimony that is available to Plaintiffs, Amazon respectfully requests

13  that the Court adopt Amazon's proposed limit on Plaintiffs' ability to seek a 14-hour deposition

14  of a witness who has previously testified in a pre-Complaint hearing.

15  **ii.  Amazon's Proposes A Reasonable Number of Extended Depositions.**

16  There is no need for this Court to depart from the approach taken in the *California* action

17  with respect to the number of 14-hour coordinated depositions, where the Court approved

18  8 coordinated depositions for up to 14 hours, and agreed that such depositions should not occur

19  for witnesses who previously testified in a pre-Complaint investigational hearing.

20  Nothing about this action requires an increase in the number of extended depositions

21  beyond the coordination order in the *California* action.  Plaintiffs suggest that coordination,

23  [9] If Plaintiffs were seeking a second deposition in the normal course of litigation under Rule 30(d)(1), they would bear the burden of justifying the need for additional discovery.  *See Hall v. Marriott Int'l, Inc.*, 2022 WL 3718838, at *5 (S.D. Cal. 2022) (collecting cases).

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

alone, justifies extending one of every five party depositions in this action (16 of 80) for twice

the time contemplated by Rule 30(d)(1).  Plaintiffs' allegations overlap substantially with those

in the *California* action and the Private Cases, and any differences can easily be addressed by the

additional time reflected in Amazon's proposal.  Plaintiffs' Complaint presents the broadest set

of allegations against Amazon.  The plaintiffs in the related cases make allegations that are

subsets of Plaintiffs' allegations with only minor deviations.  The issues that those related cases

present will be covered in the seven hours of questioning available to Plaintiffs and the

additional time allotted for questioning by other plaintiffs.  The 14-hour depositions that Amazon

has proposed are more than sufficient to account for witnesses not previously questioned who

may have relevant knowledge in the limited areas that might be unique to one or more of the

related actions.[10]

### iii.  Plaintiffs Will Not Be Prejudiced by Amazon's Proposal.

Plaintiffs have already obtained, and continue to seek, extensive discovery in this action.

Prior to filing their Complaint, Plaintiffs received approximately 1.7 million documents (totaling

nearly 10 million pages) from more than 130 custodians, more than 100 terabytes of data, and

130 pages of written responses to 21 interrogatories (not including subparts).  As discussed,

Plaintiffs also have access to more than 400 hours of testimony from 45 Amazon witnesses.

Since filing the Complaint, Plaintiffs have propounded 393 document requests on

Amazon.  Although negotiations are ongoing, Plaintiffs will receive additional documents from

---

[10] To the extent Plaintiffs suggest that *United States v. Google LLC*, No. 1:20-cv-3010-APM (D.D.C.), is a relevant comparator, that assertion is misplaced.  The district court in that case did order 16 14-hour depositions of Google witnesses across coordinated actions, but that the court also ordered that all other depositions (including coordinated depositions) were limited to 7 hours on the record.  *See Google*, ECF No. 108 at 12 (Feb. 3, 2021) ("Depositions of party fact witnesses are limited to no more than a 7 hour day, excepting that each side may choose to extend 16 depositions up to 14 hours." (cleaned up)).  Here, by contrast, Amazon has agreed that all coordinated depositions of its witnesses will presumptively extend to 10 hours.

dozens of custodians, in addition to numerous targeted collections of responsive documents and additional productions of data.  As to depositions, and even under Amazon's proposal, Plaintiffs can take testimony from up to 80 Amazon witnesses for at least 7 hours (if not 10 hours, in the case of every coordinated deposition, or 14 hours, in the case of up to 8 new witnesses).  With even conservative expectations about coordination, Plaintiffs will be able to take over 700 hours of testimony from Amazon witnesses under Amazon's proposal.[11]

Finally, in the unlikely circumstance where Plaintiffs have a legitimate and genuine need for additional time as to particular witnesses—beyond the limits reflected in Amazon's proposal—they can seek such relief from the Court.  *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

On this record, Plaintiffs do not need to convert 8 additional 10-hour coordinated depositions into 14-hour depositions, and they do not need 14 hours with Amazon witnesses who already provided pre-Complaint sworn testimony.

**C. Plaintiffs' Position**

Under the Federal Rules of Civil Procedure, Plaintiffs are empowered to depose each witness who has not "already been deposed in this case" for up to seven hours. *See* Fed. R. Civ. P. 30(a)(2), (d)(1). In an effort to facilitate coordination and reduce the burden on Amazon and witnesses, Plaintiffs have agreed to share deposition time with up to five other plaintiffs,

---

[11] Amazon conservatively assumes that 40 depositions will be unilateral and 40 depositions will be coordinated.  Under Amazon's proposal, that would result in 40 7-hour depositions, 32 10-hour coordinated depositions, and 8 14-hour coordinated depositions, which results in 712 hours of testimony.  As a comparison, the Court ordered that plaintiffs could take 80 party depositions.  If each of those were a 7-hour deposition, that would be a total of 560 hours, or 152 hours less than the number of party deposition hours under Amazon's proposal for coordinated depositions.

1   meaning that under Plaintiffs' proposal, Plaintiffs may already have less than seven hours with

2   each witness. Ex. B at ¶¶ 14-15. Plaintiffs have also expressly agreed that their examination of a

3   witness in any coordinated deposition will be capped at seven hours on the record. *Id.* at ¶ 14.

4       Amazon insists that the Court go further, contrary to the Federal Rules. Amazon's

5   proposal to bar 14-hour depositions for witnesses who have testified during investigations—

6   including in the investigation that led to the *California* action—would unfairly limit Plaintiffs'

7   time with some of the most relevant witnesses in this case, including Jeff Bezos (Chairman and

8   former CEO), Andy Jassy (CEO), Jeff Wilke (former CEO, Worldwide Consumer), and Doug

9   Herrington (CEO, Worldwide Amazon Stores). Amazon's cap of eight 14-hour depositions

10  would similarly limit Plaintiffs' ability to question witnesses who are noticed in multiple

11  coordinated cases. Amazon is effectively seeking a protective order limiting Plaintiffs' ability to

12  conduct discovery, without the required showing of undue burden, and the Court should not

13  endorse Amazon's attempt to limit discovery under the guise of coordination. *See supra* at

14  § (II)(B)(3)(i); Fed. R. Civ. P. 26(c); *Rathod v. Providence Health & Servs.*, 2021 WL 5182362,

15  at *1 (W.D. Wash. June 21, 2021). A prohibition against using 14-hour depositions for

16  investigation witnesses is not appropriate in light of the well-established differences between a

17  government investigation and discovery in litigation. Plaintiffs' proposal for sixteen 14-hour

18  depositions is appropriate given the scope and complexity of this case, and the number of

19  coordinated plaintiffs involved. Accordingly, the Court should adopt Plaintiffs' proposal for

20  Paragraph 16.

### 1. Amazon's Proposal Limiting Deposition Time for Investigation Witnesses Would Unfairly Prejudice Plaintiffs.

21

22      The Court should not bar Plaintiffs from using a 14-hour deposition for a witness who

23  testified during an investigation. Plaintiffs conducted investigational hearings of Amazon

24

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 16
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1    executives, among others, to obtain the information they needed to determine whether litigation

2    was warranted in this matter. That should not limit Plaintiffs' ability to obtain deposition

3    testimony from the same executives that focuses on the precise allegations and issues in this

4    case. Further, many of the Amazon witnesses who gave testimony during Plaintiffs' pre-

5    Complaint investigation were the subject of investigational hearings precisely because they had

6    broad responsibilities for or involvement in Amazon's relevant conduct. Those executives are

7    some of the most likely witnesses with whom Plaintiffs will need their allotted time given their

8    roles at Amazon and their importance to different coordinated cases.

9            It is well established that government investigations, unlike litigation matters, are not

10   intended to "prove a pending charge or complaint." *Okla. Press Publ'g Co.*, 327 U.S. at 201.

11   Instead, investigations are intended to allow regulators to "make an informed decision on

12   whether or not to file a complaint." *GAF Corp.*, 596 F.2d at 14 (citation omitted). Courts have

13   recognized that hearings in investigations are conducted differently and have different aims than

14   depositions in litigation. During investigations, "open-ended questions are typically asked

15   without expectation the witness will be needed at trial," while during "adverse witness

16   depositions [in litigation], battle lines have already been drawn." *Jasper*, 678 F.3d at 1128-29.

17   Plaintiffs are not aware of any significant antitrust enforcement action in which a court has

18   limited the government's time to depose witnesses because those witnesses had previously

19   testified during a pre-litigation investigation, and Amazon has not offered any such authority.[12]

20   In fact, the court in *FTC v. Meta Platforms, Inc.* recently refused to shorten the FTC's time with

21

22   _____

23   [12] Amazon points to the *California* action's case management conference to argue that different deposition limits
     should be set for investigation witnesses. *See supra* § (II)(2). However, the court there recognized that the *California*
     Case Management Order only applied to the *California* action, *see* Ex. E at 60, and its order expressly provided that
     "if there is either an agreement or an order in the Federal Court that sets a different limit, then [sic] that necessarily

24   would apply here." *Id.*; Ex. D at ¶ 6.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   witnesses based on their prior investigation testimony, stating it "would be unfair to deduct that

2   time" from the agency's litigation depositions. *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590

3   (D.D.C. Mar. 8, 2022), Dkt. #109 at 15:25-16:3.

4          Plaintiffs' investigational hearings are not a substitute for depositions.[13] The fact that an

5   Amazon executive gave testimony in the course of an investigation, years ago, should not

6   preclude Plaintiffs from being able to use one of their limited number of 14-hour depositions—

7   shared with other coordinated plaintiffs—to obtain up-to-date testimony that focuses on the

8   issues in this case. The FTC uses investigational hearings as a tool to determine whether there is

9   reason to believe that a company is violating or is about to violate the law. *See generally* 15

10  U.S.C. § 53(b). As a result, some of the testimony taken during Plaintiffs' pre-Complaint

11  investigation relates to matters that are not at issue in this case. Matters that are relevant to this

12  litigation may need to be re-examined, given the different purposes of investigational hearings

13  and depositions. In addition, the Amazon executives who testified during investigations did so

14  several years ago, in 2021 and 2022. Party depositions in this case are not likely to begin until

15  2025, and this case is set for trial in October 2026. As a result, Plaintiffs will likely need to

16  revisit some of the issues covered during the investigation.

17          Amazon's conduct is also ongoing, and there have already been relevant changes since

18  Plaintiffs brought suit: for example, Amazon reopened Seller Fulfilled Prime to new enrollment

19  in October 2023, shortly after this case was filed.[14] Plaintiffs have reason to believe that Amazon

20

21  [13] Amazon also argues that Plaintiffs should not be allowed to take 14-hour depositions of witnesses who testified in
    investigational hearings conducted by the People of the State of California. *See supra* § (II)(3)(i). Although

22  Plaintiffs were able to attend those investigational hearings, witnesses were chosen by California without Plaintiffs'
    input, and the questioning was based on the issues in California's investigation. Given that Plaintiffs' claims in this
    case are broader than those in the *California* action, it is imperative that Plaintiffs be given adequate time with

23  Amazon witnesses that only testified in California's investigation.
    [14] *New seller enrollment has reopened for Seller Fulfilled Prime*, AMAZON SELLER FORUMS,
    https://sellercentral.amazon.com/seller-forums/discussions/t/ff5fcef8-c5d5-4035-b94f-c9922954912e (last visited

24  Oct. 30, 2024).

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 18
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

will continue to make changes to its policies and practices throughout discovery in this case, all in the service of its exclusionary course of conduct. Plaintiffs need appropriate time to question executives on Amazon's evolving exclusionary conduct regardless of whether these executives testified during Plaintiffs' pre-Complaint investigation.

Finally, if the Court were to adopt Amazon's proposal to limit depositions based on investigation testimony, the impact could be felt well beyond the current litigation. Government enforcers would need to consider the risk that taking testimony from a witness during an investigation could limit their ability to depose that witness in later litigation. That could hamstring law enforcement efforts by the FTC and other federal and state enforcers, particularly if it deters enforcers from obtaining investigation testimony that they would otherwise seek.

### 2. Amazon's Proposal for Eight 14-Hour Depositions Is Not Adequate for This Case.

Plaintiffs have alleged that Amazon, one of the world's largest companies, is engaged in a multi-faceted scheme of anticompetitive conduct that has foreclosed its rivals from gaining the scale needed to compete effectively against Amazon and harms both shoppers and sellers. Throughout this course of conduct, which has extended over a decade, Amazon has wielded its Buy Box, pricing algorithms, seller contracts, Prime eligibility, and proprietary fulfillment service to maintain its monopolies. In addition to Plaintiffs, two other government enforcers and three groups of private plaintiffs have alleged that aspects of this conduct are illegal. While coordination among those plaintiffs is a reasonable goal to reduce the burden on Amazon and witnesses, such coordination should not materially constrain Plaintiffs' ability to question important witnesses about Amazon's extensive course of conduct. To ensure adequate and fair time for each of the coordinated plaintiffs, Plaintiffs should be allowed to conduct up to sixteen 14-hour coordinated depositions in this matter.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

Courts have adopted similar discovery terms for 14-hour depositions in other major antitrust cases. *See e.g.*, *United States v. Google LLC*, No. 20-cv-03010 (D.D.C. Feb. 3, 2021), Dkt. #108-1 at 10 (up to sixteen 14-hour depositions). Amazon argues that the *Google* deposition cap is not a relevant comparator because all other coordinated depositions in that case were limited to seven hours on the record. *See supra* § (II)(B)(3)(ii) at n.10. However, in *Google*, there were only two groups of plaintiffs. *Google*, No. 20-cv-03010, Dkt. #108-1 at 1. Here, coordinated depositions may involve up to three groups of government enforcers and three private plaintiffs. Given the number of plaintiffs involved, which will limit Plaintiffs' time with each witness, it is reasonable to allow for sixteen 14-hour depositions.

Amazon states that it is willing to meet and confer with Plaintiffs regarding potential extended depositions, and that Plaintiffs may come to the Court for relief if the Parties cannot reach agreement on extended deposition limits. *See supra* §§ (I)(A); (II)(B)(3)(iii). That is not an effective solution to the Parties' dispute. The purpose of a coordination order is to allow the Parties to coordinate a complex case with numerous plaintiffs efficiently and with as much certainty as possible. The Court should grant leave now for Plaintiffs to take up to sixteen 14-hour depositions so that the coordinated plaintiffs can plan accordingly, without expending resources on further meet and confers and motion practice when the Parties are unable to reach agreement.[15]

### 3. Amazon Has Not Shown that Plaintiffs' Proposed Coordination Order Is Unduly Burdensome.

Amazon acknowledges that it is effectively seeking a protective order limiting discovery pursuant to Federal Rule of Civil Procedure 26(c). *See supra* § (II)(B)(3)(i). To show good cause

---

[15] The Parties have agreed that Amazon may object to the use of a 14-hour deposition for any given witness, and that Amazon may seek relief from the Court regarding any such dispute. Ex. B at ¶ 16.

1    under Rule 26(c), Amazon must show "'that specific prejudice or harm will result' if the

2    protective order is not granted." *Rathod*, 2021 WL 5182362, at *1 (citation omitted). However,

3    Amazon has not shown that any witnesses will suffer any "specific prejudice or harm," and it

4    cannot reasonably do so, given that Plaintiffs' Proposed Coordination Order limits Plaintiffs'

5    examination of any witness to seven hours, consistent with the Federal Rules and the Court's

6    February 20, 2024 Order re: Deposition Limits. *See* Ex. B at ¶ 14; Dkt. #166 ¶ D. And Amazon

7    has not even attempted to show that "the burden or expense of the proposed discovery outweighs

8    its likely benefit," taking into consideration "the importance of the issues at stake in the action,

9    the amount in controversy, the parties' relative access to relevant information, the parties'

10   resources, [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P.

11   26(b)(1).[16] As a result, Amazon has not shown good cause for a protective order. *See Beachman*

12   *Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[b]road allegations of harm,

13   unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)

14   test."); *Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 4201679, at *2, *4 (W.D. Wash. June 27,

15   2023) (rejecting undue burden argument where Amazon failed to show "that the requested

16   discovery here will be disproportional").

17          Amazon also claims that its position is "in accord" with the limitations some courts have

18   imposed on "apex" depositions, *see supra* § (II)(B)(3)(i), but does not even attempt to satisfy the

19   standard set out in the cases it cites. The *Encinas* and *Apple* courts both explain that when

20   considering whether to limit apex depositions, "courts consider (1) whether the deponent has

21   unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the

22

23   ---
     [16] As Judge Martinez recognized in *Frame-Wilson v. Amazon.com, Inc.*, "this is a significant, substantial case," and
     discovery should be commensurate with the importance of the case. 2023 WL 4201679, at *3 (W.D. Wash. June 27,
24   2023). Likewise, "[i]n antitrust cases, courts have generally allowed liberal discovery." *Cyntegra, Inc. v. IDEXX
     Lab'ys, Inc.*, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007) (collecting cases).

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 21
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   party seeking the deposition has exhausted other less intrusive discovery methods." *Encinas v.*

2   *Univ. of Wash.*, 2023 WL 6066522, at *2 (W.D. Wash., Sept. 18, 2023) (citations omitted);

3   *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal). That is necessarily a witness-

4   specific inquiry, but Amazon does not even identify which or how many witnesses it claims

5   would be "apex" witnesses—a designation that only applies to "an official at the highest level or

6   apex of corporate management." *Robinett v. Opus Bank*, 2013 WL 5850873, at *5 (W.D. Wash.

7   Oct. 30, 2013). Amazon further does not address the fact that "[w]hen a lawsuit concerns

8   important aspects of a company's business model that are plainly the result of high-level

9   executive decisions, we should expect that high-level executives will be deposed, and their

10  testimony will be relevant and proportional." *Garner v. Amazon.com, Inc.*, 2023 WL 6038012, at

11  *2 (W.D. Wash. Sept. 15, 2023) (citation omitted). This case goes to the heart of Amazon's

12  business model, and the decisions made by Amazon's senior executives are an integral part of

13  the conduct at issue.

14       **D.  Amazon's Reply.**

15       This is not about limiting discovery, but what ***additional*** discovery is appropriate.

16  Plaintiffs can already take 560 hours of testimony from Amazon witnesses.  Amazon's proposal

17  contemplates at least another 150 hours.  That is more than sufficient when balanced against the

18  burden on witnesses.

19       As to witnesses who already sat for 1 to 3 days of testimony, a 10-hour deposition is

20  reasonable.  Amazon is not seeking to preclude Plaintiffs from any discovery (*see Jasper*), or

21  arguing that these witnesses are off-limits (*see Saul*).[17]  And Plaintiffs' reliance on *Meta* is

22

23

24  [17] Plaintiffs other cited authority—*Walling*, *GAF Corp.*, and *Texaco*—is entirely irrelevant.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   misplaced.  That court refused to reduce the total number of deposition hours, but party witness

2   depositions were still limited to 7 hours.  *Meta*, ECF No. 103 at 5-6.

3       As to the number of 14-hour depositions, Amazon's proposal balances Plaintiffs' needs

4   with the burden on witnesses.  Plaintiffs do not need 14 hours with one of every five Amazon

5   witnesses (16 of 80).  They can coordinate questioning, and will benefit from testimony obtained

6   by other parties.

7   **III.    ISSUE #2:  COORDINATION WITH THE *MBADIWE* ACTION**

8       **A.  Relevant Language**

9       Amazon proposes to include *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB

10  (S.D.N.Y.) as a Coordinated Action:

11      <u>Coordinated Actions</u>: *The People of the State of California v. Amazon.com, Inc.*,
        No. CGC-22-601826 (Cal. Super. Ct.); *Frame-Wilson et al. v. Amazon.com, Inc.*,
12      No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No.
        2:21-cv-00693-JHC (W.D. Wash.); *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-
13      00965-JHC (W.D. Wash.); *District of Columbia v. Amazon.com, Inc.*, No. 2021-
        CA-001775-B (D.C. Super. Ct.) *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-
14      9542-VSB (S.D.N.Y.); and any other civil action in or approaching active discovery
        involving substantially similar claims which is identified and agreed upon in
15      writing by the Parties.

16  *See* Ex. A ¶ 1(b) (Amazon's proposal).

17      Plaintiffs have proposed to allow for the logistical coordination of depositions with the

18  *Mbadiwe* case:

19      Plaintiffs further agree that the *Mbadiwe* Plaintiffs' Attorneys and Counsel for
        Amazon in the *Mbadiwe* Action may attend, but will not participate in, Coordinated
20      Depositions where the witness has been noticed for a deposition in the *Mbadiwe*
        Action (for Amazon Witnesses) or has been subpoenaed for a deposition in the
21      *Mbadiwe* Action (for Non-Party witnesses). Plaintiffs acknowledge that the
        *Mbadiwe* Plaintiffs, Amazon, and Non-Parties, as applicable, may agree on separate
22      deposition time for the *Mbadiwe* Action after any such Coordinated Deposition.

23  *See* Ex. B (Plaintiffs' Proposal) at 4 n.1.

24

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 23
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

The Parties agree to work in good faith to minimize the burden on and inconvenience to Non-Parties, including by discussing mutually agreeable modifications to the date, time, and location for each deposition that will (i) allow for reasonable coordination with depositions of the same Non-Party in the Coordinated Actions; and (ii) allow the Parties a reasonable opportunity to obtain documents related to the deposition from the Non-Party pursuant to a subpoena in advance of any such deposition; and (iii) allow for reasonable coordination with depositions of the same Non-Party in the *Mbadiwe* Action.

*Id.* ¶ 30; *see also id.* ¶ 1(f), (g) (definitions); ¶ 9 (Protective Order material).

**B. Amazon's Position.**

Consistent with this Court's order in the Private Cases, *see, e.g., Frame Wilson*, No. 2:20-cv-424-JHC, ECF No. 172, and the agreement with the parties in the Private Cases that the *Mbadiwe* action should be coordinated, *see, e.g., id.* ECF No. 123 ¶ 3, the Court should include the *Mbadiwe* action currently pending in the Southern District of New York as a "Coordinated Action" for purposes of the Coordination Order in this action. *See* Ex. A ¶ 1(b). The *Mbadiwe* action involves issues that overlap with the issues in this action, the *California* action, and the Private Cases. All of these cases are directed at Amazon's pricing policies and allege that those policies cause increased prices for consumers. Fact discovery is underway in the *Mbadiwe* action, and the parties in that action have stipulated that fact discovery will continue in that action until August 8, 2025, which is the same deadline this Court set for fact discovery in this case. The parties in the *Mbadiwe* action are prepared to proceed with both coordinated party and non-party discovery. And they have adopted the same coordination protocol reflected in the Order entered in the *California* action, which is substantively the same as Amazon's proposed Order in this case. Amazon respectfully submits that this is a more than sufficient basis to coordinate deposition discovery in this case with the *Mbadiwe* action.

**C. Plaintiffs' Position**

Including the *Mbadiwe* action as a "Coordinated Action" for purposes of the

1    Coordination Order in this action is unnecessary and unwarranted. *Mbadiwe* is substantively

2    different than the other coordinated actions. Unlike the other cases with which Plaintiffs have

3    agreed to coordinate depositions, the *Mbadiwe* plaintiffs expressly limit their allegations

4    concerning Amazon's anticompetitive conduct to the time period before March 2019, when

5    Amazon allegedly removed an express "Price Parity" restriction from its agreements with third-

6    party sellers in the United States. *Mbadiwe v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB

7    (S.D.N.Y. Jan. 20, 2023), Dkt. #24 at 8, 34-36. The *Mbadiwe* plaintiffs are not asserting any

8    federal antitrust claims, and are not seeking injunctive relief; rather, they are asserting claims

9    based on the antitrust and consumer protection laws of 29 states. *Id.* Plaintiffs have previously

10   explained why, given the differences between this case and *Mbadiwe*, coordination between the

11   actions is not likely to "avoid conflicts, conserve resources, [or] promote an efficient

12   determination of this action." Dkt. #5 at 2 (quoting LCR 3(h)).

13       Coordination is already well underway with all other coordinated plaintiffs but is

14   nonexistent with *Mbadiwe*. Plaintiffs have made considerable efforts to facilitate coordination

15   where there are meaningful overlaps between cases, and have had extensive discussions on this

16   front with other government enforcers and private plaintiffs in *The People of the State of*

17   *California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.), *District of Columbia v.*

18   *Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct.), *Frame-Wilson v. Amazon.com,*

19   *Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.), *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693-

20   JHC (W.D. Wash.), and *Brown v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.). By

21   contrast, there are no coordination efforts between Plaintiffs and the *Mbadiwe* plaintiffs, and the

22   *Mbadiwe* plaintiffs have never contacted Plaintiffs to discuss any potential coordination.

23       Amazon points to coordination orders in other cases that include *Mbadiwe*, but neither

24

Amazon nor the *Mbadiwe* plaintiffs discussed those coordination orders with Plaintiffs in this case. Amazon has insisted on taking a piecemeal, hub-and-spoke approach to coordination, including by negotiating coordination orders separately for each case. Amazon should not be allowed to strategically leverage orders in other cases (that it never discussed with Plaintiffs) to force Plaintiffs to divide a fixed number of deposition hours with the *Mbadiwe* plaintiffs, particularly given the substantive differences between this case and *Mbadiwe*.

Plaintiffs' Proposed Coordination Order would allow the *Mbadiwe* plaintiffs to attend (but not participate in) coordinated depositions where the witness has been noticed for a deposition or subpoenaed in *Mbadiwe*, and acknowledges that the *Mbadiwe* parties may agree on separate deposition time for the *Mbadiwe* case after any such coordinated deposition. Ex. B at 4 n.1. That logistical coordination will minimize the burden on deposition witnesses, without encroaching on Plaintiffs' ability to conduct depositions or forcing coordination where there is none.

### D. Amazon's Reply

Plaintiffs offer no basis for refusing to coordinate with *Mbadiwe*. *First*, Plaintiffs claim *Mbadiwe* has different claims and issues. But *Mbadiwe* involves the same purported "price parity" provision at issue here, *e.g.*, Compl., ECF No. 1 ¶¶ 272-76. *Mbadiwe* also involves claims under the laws of 29 states, including 13 of the Plaintiff States that assert state-law claims for related conduct. And no other coordinated action is coextensive with Plaintiffs' claims; *e.g.*, the *California* action does not include federal claims. *Second*, Plaintiffs question the *Mbadiwe* plaintiffs' interest in coordination, but they have adopted the same fact discovery deadline, and the *California* coordination order, confirming their intent to coordinate. *See* Ex. F. *Third*, Plaintiffs accuse Amazon of taking a "piecemeal" approach to coordination. But Amazon's

1  consistent interest has been to achieve maximum coordination to minimize burden on

2  witnesses.  Amazon is negotiating separate orders out of necessity, given that the cases are not

3  consolidated.  *Fourth*, Plaintiffs' proposal for partial coordination is ineffective, as it leaves

4  *Mbadiwe* standing alone and will require additional time and burden to witnesses.

5  **IV.    CONCLUSION**

6          For the reasons above, Amazon respectfully request that the Court enter Amazon's

7  Proposed Coordination Order. Plaintiffs respectfully request that the Court deny Amazon's

8  motion and enter Plaintiffs' Proposed Coordination Order.

9  Dated: November 4, 2024                    Respectfully submitted,

10                                         **MORGAN, LEWIS & BOCKIUS LLP**

11                                         By: *s/ Patty A. Eakes*
                                           Patty A. Eakes, WSBA #18888
12                                         Molly A. Terwilliger, WSBA #28449
                                           1301 Second Avenue, Suite 2800
13                                         Seattle, WA 98101
                                           Phone: (206) 274-6400
14                                         Email: patty.eakes@morganlewis.com
                                                   molly.terwilliger@morganlewis.com

15                                         **WILLIAMS & CONNOLLY LLP**

16                                         Heidi K. Hubbard (*pro hac vice*)
                                           John E. Schmidtlein (*pro hac vice*)
17                                         Kevin M. Hodges (*pro hac vice*)
                                           Jonathan B. Pitt (*pro hac vice*)
18                                         Edward C. Reddington (*pro hac vice*)
                                           Carl R. Metz (*pro hac vice*)
19                                         Carol J. Pruski (*pro hac vice*)
                                           Katherine Trefz (*pro hac vice*)
20                                         680 Maine Avenue SW
                                           Washington, DC 20024
21                                         Phone: (202) 434-5000
                                           Email:  hhubbard@wc.com
22                                                  jschmidtlein@wc.com
                                                    khodges@wc.com
23                                                  jpitt@wc.com
                                                    ereddington@wc.com
24                                                  cmetz@wc.com
                                                    cpruski@wc.com
                                                    ktrefz@wc.com

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 27
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

**COVINGTON & BURLING LLP**

2

Thomas O. Barnett (*pro hac vice*)
Katherine Mitchell-Tombras (*pro hac vice*)
3    One CityCenter
850 Tenth Street, NW
4    Washington, DC 20001-4956
Phone: (202) 662-5407
5    Email: tbarnett@cov.com
        kmitchelltombras@cov.com
6
*Attorneys for Defendant Amazon.com, Inc.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

                                         *s/ Kara King*
                                         SUSAN A. MUSSER (DC Bar # 1531486)
                                         EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                         COLIN HERD (NY Reg. # 5665740)
                                         KARA KING (DC Bar # 90004509)
                                         Federal Trade Commission
                                         600 Pennsylvania Avenue, NW
                                         Washington, DC 20580
                                         Tel.:   (202) 326-2122 (Musser)
                                                 (202) 326-2464 (Takashima)
                                         Email: smusser@ftc.gov
                                                 etakashima@ftc.gov
                                                 kking@ftc.gov
                                                 cherd@ftc.gov

                                         *Attorneys for Plaintiff Federal Trade Commission*

| | |
|---|---|
| _s/ Michael Jo_ | _s/ Timothy D. Smith_ |

1
_s/ Michael Jo_
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

_s/ Rahul A. Darwar_
Rahul A. Darwar (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
*Counsel for Plaintiff State of Connecticut*

_s/ Alexandra C. Sosnowski_
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

_s/ Robert J. Carlson_
Robert J. Carlson (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2885
Email: robert.carlson@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

_s/ Jennifer A. Thomson_
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

_s/ Michael A. Undorf_
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

_s/ Christina M. Moylan_
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

1   *s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)
2   Assistant Attorney General
Deputy Chief, Antitrust Division
3   Office of the Maryland Attorney General
200 St. Paul Place
4   Baltimore, MD 21202
Telephone: (410) 576-6474
5   Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*
6
*s/ Katherine W. Krems*
7   Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
8   Division
Office of the Massachusetts Attorney General
9   One Ashburton Place, 18th Floor
Boston, MA 02108
10   Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
11   *Counsel for Plaintiff Commonwealth of Massachusetts*
12
*s/ Scott A. Mertens*
13   Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
14   Michigan Department of Attorney General
525 West Ottawa Street
15   Lansing, MI 48933
Telephone: (517) 335-7622
16   Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*
17
*s/ Zach Biesanz*
18   Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
19   Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
20   Saint Paul, MN 55101
Telephone: (651) 757-1257
21   Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*
22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   *s/ Stephen N. Provazza*
    Stephen N. Provazza (admitted *pro hac vice*)
2   Special Assistant Attorney General
    Chief, Consumer and Economic Justice Unit
3   Department of the Attorney General
    150 South Main Street
4   Providence, RI 02903
    Telephone: (401) 274-4400
5   Email: sprovazza@riag.ri.gov
    *Counsel for Plaintiff State of Rhode Island*
6
    *s/ Sarah L.J. Aceves*
7   Sarah L.J. Aceves (admitted *pro hac vice*)
    Assistant Attorney General
8   Public Protection Division
    Vermont Attorney General's Office
9   109 State Street
    Montpelier, VT 05609
10  Telephone: (802) 828-3170
    Email: Sarah.Aceves@vermont.gov
11  *Counsel for Plaintiff State of Vermont*

12  *s/ Laura E. McFarlane*
    Laura E. McFarlane (admitted *pro hac vice*)
13  Assistant Attorney General
    Wisconsin Department of Justice
14  Post Office Box 7857
    Madison, WI 53707-7857
15  Telephone: (608) 266-8911
    Email: mcfarlanele@doj.state.wi.us
16  *Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 32
Case No. 2:23-cv-01495-JHC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATION

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this dispute in accordance with LCR 37(a). I further certify that Defendants' total text in this submission contains 4,055 words, and that Defendants' reply is 175 words or fewer with respect to each issue in dispute, in compliance with the Local Civil Rules.

DATED: November 4, 2024

*s/ Patty A. Eakes*
Patty A. Eakes

## CERTIFICATION

I certify that Plaintiffs' total text in this submission contains 3879 words, in compliance with the Local Civil Rules.

DATED: October 30, 2024

*s/ Kara King*
Kara King

LCR 37 JOINT SUBMISSION
REGARDING COORDINATION - 33
Case No. 2:23-cv-01495-JHC

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401