1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DECLARATION OF KEVIN M. HODGES IN SUPPORT OF LCR 37 SUBMISSION REGARDING COORDINATION**

I, Kevin M. Hodges, declare as follows:

1.     I am a partner at Williams & Connolly LLP, counsel to Defendant Amazon.com, Inc. ( "Amazon") in this matter and in *California v. Amazon*, No. CGC-22-601826 (Cal. Superior Court, San Francisco County) (the "California Action").  I am over eighteen years of age and am competent to testify herein.  I make the following statements based on my personal knowledge.

2.     Attached as Exhibit A is Amazon's Proposed Deposition Coordination Protocol and Order.

3.     Attached as Exhibit B is Plaintiffs' Proposed Deposition Coordination Protocol and Order.

4.     Attached as Exhibit C is a redline comparing Amazon's proposal (Exhibit A) and Plaintiffs' proposal (Exhibit B).

DECLARATION OF KEVIN M. HODGES ISO
LCR 37 SUBMISSION REGARDING
COORDINATION - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

5.      Attached as Exhibit D is a true and correct copy of the Stipulated Coordination Protocol and Order entered on April 17, 2024 in *The People of the State of California v. Amazon.com, Inc.*, Case No. CGC-22-601826 (S.F. Super. Ct.) (the *California* Action).

6.      Attached as Exhibit E is a true and correct copy of a transcript of the April 16, 2024 Case Management Conference in the *California* Action.

7.      Attached as Exhibit F is a true and correct copy of the Stipulation Coordination Discovery and Order entered on May 23, 2024 in *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2024 in Washington, D.C.

_s/ Kevin M. Hodges_
Kevin M. Hodges

DECLARATION OF KEVIN M. HODGES ISO
LCR 37 SUBMISSION REGARDING
COORDINATION - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

# EXHIBIT A

1    THE HONORABLE JOHN H. CHUN

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9    FEDERAL TRADE COMMISSION, et al.,

10                          Plaintiffs,          Case No. 2:23-cv-01495-JHC

11         v.                                    **[AMAZON'S PROPOSED]
                                                 DEPOSITION COORDINATION
12    AMAZON.COM, INC., a corporation,           PROTOCOL AND ORDER**

13                          Defendant.

14

15

16         Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York,

17    Connecticut, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota,

18    Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Oregon, Puerto Rico, Rhode

19    Island, Vermont, and Wisconsin, acting by and through their respective Attorneys General

20    ("Plaintiff States," and together with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc.

21    ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition

22    discovery between the above-referenced action ("Action") and certain other matters, and hereby

23    jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order")

24    for approval and entry by the Court.

25

26

Amazon's Proposed Deposition Coordination          **MORGAN, LEWIS & BOCKIUS LLP**
Protocol and Order - 1                                        ATTORNEYS AT LAW
(Case No. 2:23-cv-01495-JHC)                        1301 SECOND AVENUE, SUITE 2800
                                                       SEATTLE, WASHINGTON 98101
                                                   TEL +1.206.274.6400   FAX +1.206.274.6401

**I.    DEFINITIONS**

1.    The following definitions shall apply for the purposes of this Order:

a.    <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of Amazon, or (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon.  Upon receipt of a deposition notice from Plaintiffs for a former employee or officer of Amazon, Counsel for Amazon shall promptly, and within no more than fourteen (14) calendar days, notify Plaintiffs in writing if the former employee or officer is represented by Counsel for Amazon.  If Counsel for Amazon does not provide notice that it represents a former employee or officer within fourteen (14) calendar days, the deposition shall be governed by the provisions of Section V covering Non-Party witnesses, unless otherwise agreed to by the Parties.

b.    <u>Coordinated Actions</u>: *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.); *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.); *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.); *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super Ct.) *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.); and any other civil action in or approaching active discovery involving substantially similar claims which is identified and agreed upon in writing by the Parties.

c.    <u>Coordinated Deposition</u>:  A deposition to be conducted pursuant to this Coordination Order that will be noticed and taken by Plaintiffs and Coordinated Plaintiffs' Attorneys for at least one of the Coordinated Actions.

d.    <u>Coordinated Plaintiffs' Attorneys</u>:  Counsel of record for plaintiffs in the Coordinated Actions.

e.    <u>Counsel for Amazon</u>: Counsel of record for Amazon.com, Inc. in this Action and the Coordinated Actions.

Amazon's Proposed Deposition Coordination
Protocol and Order - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

f. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

g. <u>Party or Parties</u>: Any entity named as a plaintiff or defendant in this Action.

**II.    GENERAL PROVISIONS**

2.    This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action.  Nothing in this Coordination Order shall preclude or otherwise restrict Amazon from engaging in further or different coordination efforts in the Coordinated Actions or in any other action, but no such efforts by Amazon shall modify this Coordination Order, be binding on Plaintiffs, affect Plaintiffs' ability to take discovery in this Action, or otherwise have any effect on the present Action.

3.    This Coordination Order shall be effective only upon agreement of the Parties, or by order of the Court.

4.    Any Party may seek to later modify this Coordination Order for good cause.  Prior to doing so, the Parties shall meet and confer in good faith regarding any proposed modifications. This Coordination Order may be amended only by subsequent written agreement among the Parties, or by order of the Court.

5.    Amazon represents that it is engaged in efforts to negotiate and have substantially similar orders entered in each of the Coordinated Actions.  To the extent that any dispute arises related to terms on coordination contained in orders in the Coordinated Actions that differ from or conflict with this Coordination Order, the Parties shall meet and confer to determine if proposed modifications of this Coordination Order may be necessary to facilitate efficient coordination with the Coordinated Actions.

6.    Unless otherwise agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's Case Scheduling Order (ECF 159), Case Management Order (ECF 161), and Order Re Deposition Limits (ECF 166) ("Deposition Order"), any other

Amazon's Proposed Deposition Coordination
Protocol and Order - 3
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  Court order in this Action, and any other applicable rules or orders that would apply to govern
2  discovery in the absence of this Coordination Order.

3      7.    All Parties reserve all rights to formally object (by motion or otherwise) to any
4  deposition or deposition examination on any grounds and seek appropriate relief from the Court
5  as warranted, including with respect to the taking of any deposition or to the timing or scope of
6  any deposition in this Action.

7      8.    Only depositions noticed by a Party in this Action shall be treated as having been
8  noticed and taken in this Action, absent an agreement between the Parties to the contrary.  Any
9  testimony by an Amazon Witness or a Non-Party witness in a Coordinated Deposition shall be
10  considered deposition testimony given in this Action, whether the examination was conducted by
11  Plaintiffs, by Coordinated Plaintiffs' Attorneys, or by Counsel for Amazon.  The Parties reserve
12  all rights to object to the admissibility or use of such testimony pursuant to the applicable rules.

13      9.    For any Coordinated Deposition, the Parties agree that the Parties, the Coordinated
14  Plaintiffs' Attorneys, and Counsel for Amazon in the Coordinated Actions may attend and
15  participate in such Coordinated Depositions to the fullest extent permitted under the applicable
16  rules, including this Coordination Order and any Order of the Court in this Action.  With respect
17  to any materials or testimony designated Confidential or Highly Confidential – Attorneys' Eyes
18  Only, the Parties' obligations will be governed by the Protective Order in this Action.  The
19  obligations of Amazon's Counsel in the Coordinated Actions and the Coordinated Plaintiffs'
20  Attorneys will be governed by the respective Protective Orders in the Coordinated Actions.

21      10.    To facilitate coordinated depositions of witnesses between this Action and the
22  Coordinated Actions, Plaintiffs may disclose materials and information derived from such
23  materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only
24  under the February 13, 2024 Protective Order ("Protective Order") (ECF 160) to Coordinated
25  Plaintiffs' Attorneys, provided that (i) such materials are reasonably necessary to facilitate such
26  coordinated depositions, including discussions about potential coordinated depositions of Amazon

Amazon's Proposed Deposition Coordination
Protocol and Order - 4
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

Witnesses, potential coordinated depositions of Amazon pursuant to Rule 30(b)(6) and/or Cal. Code Civ. Proc. § 2025.230, or potential coordinated depositions of Non-Party witnesses; and (ii) such Coordinated Plaintiffs' Attorneys have agreed in writing to treat those materials and information as Protected Material under the respective Protective Orders in the Coordinated Actions.  *See* Stipulation and Protective Order, *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. Jan. 27, 2023); Protective Order (ECF 90), *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash. Feb. 27, 2023); Stipulated Protective Order, *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash. Mar. 15, 2023); Stipulated Protective Order (ECF 51), *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash. Oct. 16, 2023); Protective Order Granted, *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct. Oct. 25, 2024). Coordinated Plaintiffs' Attorneys may disclose materials and information derived from such materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Orders in the Coordinated Actions to Plaintiffs.  Plaintiffs will treat those materials and information as Protected Material under the Protective Order in this Action.

11.    Nothing in this Coordination Order permits any Party to take more than one deposition of any witness without agreement of the Parties and witness or leave of Court.

**III.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN THIS ACTION**

12.    To the extent Plaintiffs seek the deposition of an Amazon Witness in the Action, Plaintiffs shall issue a deposition notice to Counsel for Amazon, for a date not sooner than forty-five (45) calendar days from the date the notice is served, and provide the deposition notice to the Coordinated Plaintiffs' Attorneys.

13.    Within seven (7) calendar days after receiving a deposition notice (or within fourteen (14) calendar days for a former employee or officer of Amazon), Counsel for Amazon shall use best efforts to confirm Plaintiffs' proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition.  If alternative dates are

Amazon's Proposed Deposition Coordination
Protocol and Order - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

provided, Counsel for Amazon shall use best efforts to provide at least one alternative date that is within fourteen (14) calendar days of Plaintiffs' initial proposed date, and will not propose any date that would require more than three (3) Amazon Witnesses to be deposed on the same date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

14.    Consistent with Federal Rule of Civil Procedure 30(d)(1) and the Court's Deposition Order, the Parties agree that Plaintiffs' examination of an Amazon Witness in a Coordinated Deposition shall be limited to no more than seven (7) hours on the record, with no more than seven (7) hours on the record per day, unless otherwise agreed to by all Parties and the Amazon Witness.

15.    For any Coordinated Deposition of an Amazon Witness, the Parties agree that the examination by Plaintiffs and Coordinated Plaintiffs' Attorneys shall be limited to no more than a combined total of ten (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed to all Parties and the Amazon Witness.

16.    Notwithstanding the limit set forth in Paragraph 15, Plaintiffs and the Coordinated Plaintiffs' Attorneys may jointly designate up to eight (8) Amazon Witnesses, where the Amazon Witness has not previously testified in a pre-Complaint investigational hearing in this Action or any of the Coordinated Actions, for whom the examination by Plaintiffs and the Coordinated Plaintiffs' Attorneys shall be limited to a combined total of fourteen (14) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed to by the Amazon Witness.  Plaintiffs and the Coordinated Plaintiffs' Attorneys shall make such designations by written notice no later than thirty (30) calendar days prior to the date of such deposition.  If Amazon objects to any such designation, it will provide written notice of that objection to Plaintiffs and the Coordinated Plaintiffs' Attorneys within five (5) business days, and Amazon, Plaintiffs, and the Coordinated Plaintiffs' Attorneys will meet and confer regarding that objection.  If a dispute remains, Amazon may seek relief from the Court in this action for Coordinated Depositions first

Amazon's Proposed Deposition Coordination
Protocol and Order - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  noticed in this action; however, absent agreement of the Parties or Order of the Court, the fourteen

2  (14) hour limit shall apply to such deposition.

3       17.    In the event Amazon seeks to coordinate testimony from one or more Amazon

4  Witnesses offered in response to a deposition notice to Amazon pursuant to Federal Rule of Civil

5  Procedure 30(b)(6) in this Action, Amazon shall identify the designated topics for which it

6  proposes offering coordinated testimony at the time Amazon serves its responses and objections

7  to such deposition notice.  Amazon shall provide Plaintiffs with the relevant Rule 30(b)(6) or Cal.

8  Code Civ. Proc. § 2025.230 notice(s) and Amazon's responses and objections thereto, whether or

9  not Amazon is proposing coordination. Plaintiffs, in their sole discretion, may also propose

10  coordination for some or all Rule 30(b)(6) topics. Following a proposal for coordination by either

11  side, the Parties agree to meet and confer in good faith concerning the coordination of such

12  deposition, including the scope of testimony and appropriate time limits for said deposition.  If no

13  party proposes coordination, or if the Parties are not able to reach an agreement regarding

14  coordination, Plaintiffs may, in their sole discretion, elect to proceed with the deposition on the

15  topics as noticed or as otherwise negotiated by the Parties.  If the Parties are not able to reach an

16  agreement regarding coordination after meeting and conferring in good faith, Amazon shall not

17  refuse to designate a witness (or witnesses) or schedule a deposition(s) based on any disputes

18  regarding coordination unless Amazon files a motion for a Protective Order.  Nothing in this

19  Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to Rule

20  30(b)(6) on any grounds.

21  **IV.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN**

22         **COORDINATED ACTIONS**

23       18.    In the event Amazon receives a deposition notice or subpoena for an Amazon

24  Witness in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and shall

25  provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days.

26

Amazon's Proposed Deposition Coordination
Protocol and Order - 7
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

19.     Upon receipt of a deposition notice from Amazon, and if Amazon's production of documents in response to Plaintiffs' discovery requests issued on or before July 1, 2024 has been substantially complete for at least thirty (30) calendar days, Plaintiffs shall have seven (7) calendar days to notify Counsel for Amazon in writing whether Plaintiffs intend to notice such Amazon Witness for deposition in the present Action such that the deposition will be a Coordinated Deposition, and whether Plaintiffs are reasonably able to proceed with such deposition on the date noticed in the Coordinated Action.  If Amazon's production of documents in response to Plaintiffs' discovery requests issued on or before July 1, 2024 has not been substantially complete for at least thirty (30) calendar days at the time Amazon provides notice, Plaintiff may indicate its intent to participate in the deposition of the Amazon Witness, but shall not be required to give such notice until forty (40) days after Amazon substantially completes its production of documents in response to Plaintiffs' discovery requests issued on or before July 1, 2024.

20.     To the extent Plaintiffs are not reasonably able to proceed with the deposition on the date noticed in the Coordinated Action, or to the extent Plaintiffs require reasonable additional time to prepare, Plaintiffs will use best efforts to coordinate with Amazon and Coordinated Plaintiffs' Attorneys to identify mutually agreeable dates for the Coordinated Deposition.

21.     If Plaintiffs elect to participate in a Coordinated Deposition first noticed in a Coordinated Action, the provisions in Paragraphs 14 through 16 above shall apply.

22.     If Amazon does not provide notice to Plaintiffs regarding a deposition notice issued in Coordinated Action as required in Paragraph 18, any later notice by Amazon shall have no effect on Plaintiffs' rights with respect to the deposition of that Amazon Witness in this Action. However, Plaintiffs, in their sole discretion, may elect to participate in a Coordinated Deposition of an Amazon Witness first noticed in a Coordinated Action by issuing a deposition notice for the Amazon Witness.  In such instance, the provisions in Paragraphs 14 to 16 above shall apply.

23.     If Amazon provides notice to Plaintiffs regarding a deposition notice issued for an Amazon Witness in a Coordinated Action as required in Paragraph 18, and Plaintiffs do not elect

Amazon's Proposed Deposition Coordination
Protocol and Order - 8
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1   to participate in a Coordinated Deposition for that Amazon Witness as required in Paragraph 19,

2   Plaintiffs may not seek a deposition of that same Amazon Witness in this Action without Amazon's

3   consent or leave of the Court.  Nothing in this Paragraph, or otherwise in the Coordination Order,

4   bars Plaintiffs from seeking agreement from Amazon or leave of Court to take additional testimony

5   from any Amazon Witness based on documents produced by Amazon after the date Amazon

6   represents it has substantially completed its document production.

7        24.    In the event Amazon receives a deposition notice to Amazon in its corporate

8   capacity in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and shall

9   provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days. Amazon

10   shall provide Plaintiffs with a copy of its responses and objections to any such deposition notice

11   contemporaneously with the service of Amazon's responses and objections.  In the event either

12   Party seeks to coordinate testimony as to one or more topics in a deposition notice to Amazon in

13   its corporate capacity issued in any Coordinated Action, the Party seeking coordinated testimony

14   shall identify the designated topics for which it proposes coordinated testimony either (i) at the

15   time Amazon serves its responses and objections to such deposition notice (for Amazon); or

16   (ii) within fourteen (14) calendar days of receiving Amazon's responses and objections to such

17   deposition notice (for Plaintiffs).  Thereafter, the Parties agree to meet and confer in good faith

18   concerning the coordination of such deposition, including the scope of testimony for any

19   coordinated proceeding and any appropriate time limits for said deposition.  If the Parties are not

20   able to reach an agreement regarding coordination after meeting and conferring in good faith,

21   Amazon shall not refuse to designate a witness (or witnesses) or schedule a deposition(s) based on

22   any disputes regarding coordination unless Amazon files a motion for a Protective Order.  Nothing

23   in this Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to

24   Rule 30(b)(6) on any grounds.

25

26

## V.    NON-PARTY WITNESS DEPOSITION COORDINATION

25.    The Parties agree that a Party seeking the deposition of a Non-Party witness will issue and send to the other Parties a deposition notice with a proposed date for the deposition, which absent mutual agreement or leave of Court for good cause, shall not be set for a date any earlier than forty-five (45) calendar days from the date the Party serves the deposition notice.  A Party may serve a deposition notice without first obtaining or issuing a subpoena to compel attendance of the Non-Party witness at the deposition.

26.    The Party receiving the deposition notice shall, within fourteen (14) calendar days, advise the Party seeking the deposition as to whether it intends to cross-notice the deposition and if so, shall either (i) confirm the proposed date, or (ii) propose reasonable alternative dates.

27.    If the Party receiving the deposition notice intends to seek documents in connection with the deposition of the Non-Party witness, the Party receiving the deposition notice shall also, without fourteen (14) calendar days, serve any subpoena for production of such documents on the Non-Party witness (or any other Non-Party affiliated with or previously affiliated with the Non-Party witness, as applicable).  The Party serving such document subpoena on a Non-Party shall use its best efforts to reach an agreement with the Non-Party regarding the scope and timing of document production, or to otherwise enforce the subpoena, so as to not unreasonably delay the taking of the Non-Party deposition noticed by the other Party.

28.    If the Non-Party witness or their counsel is not reasonably available on the date noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer within five (5) calendar days thereof regarding a date, time, and location for the noticed deposition that is acceptable to all Parties and the Non-Party witness.

29.    For depositions that are noticed by Plaintiffs and cross-noticed by Amazon, or vice versa, the Parties agree to work in good faith to equally allocate the time available to question each Non-Party witness between Amazon, on the one hand, and Plaintiffs and the Coordinated Plaintiffs' Attorneys, on the other hand.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

30.    The Parties agree to work in good faith to minimize the burden on and inconvenience to Non-Parties, including by discussing mutually agreeable modifications to the date, time, and location for each deposition that will (i) allow for reasonable coordination with depositions of the same Non-Party in the Coordinated Actions; and (ii) allow the Parties a reasonable opportunity to obtain documents related to the deposition from the Non-Party pursuant to a subpoena in advance of any such deposition.


        IT IS SO ORDERED

DATED this __ day of _____, 2023.


                                    _____
                                    THE HONORABLE JOHN H. CHUN
                                    UNITED STATES DISTRICT JUDGE

Amazon's Proposed Deposition Coordination
Protocol and Order - 11
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

# EXHIBIT B

THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**[PLAINTIFFS' PROPOSED]
DEPOSITION COORDINATION
PROTOCOL AND ORDER**

Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York, Connecticut, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Oregon, Puerto Rico, Rhode Island, Vermont, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiff States," and together with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition discovery between the above-referenced action ("Action") and certain other matters, and hereby jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order") for approval and entry by the Court.

1   **I.**    **DEFINITIONS**

2       1.    The following definitions shall apply for the purposes of this Order:

3       a.    <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of

4 Amazon, or (ii) a former employee or officer of Amazon who is represented by Counsel

5 for Amazon.  Upon receipt of a deposition notice from Plaintiffs for a former employee or

6 officer of Amazon, Counsel for Amazon shall promptly, and within no more than fourteen

7 (14) calendar days, notify Plaintiffs in writing if the former employee or officer is

8 represented by Counsel for Amazon.  If Counsel for Amazon does not provide notice that

9 it represents a former employee or officer within fourteen (14) calendar days, the

10 deposition shall be governed by the provisions of Section V covering Non-Party witnesses,

11 unless otherwise agreed to by the Parties.

12       b.    <u>Coordinated Actions</u>: *The People of the State of California v. Amazon.com,*

13 *Inc.*, No. CGC-22-601826 (Cal. Super. Ct.); *Frame-Wilson et al. v. Amazon.com, Inc.*, No.

14 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-

15 00693-JHC (W.D. Wash.); *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC

16 (W.D. Wash.); *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C.

17 Super. Ct.); and any other civil action in or approaching active discovery involving

18 substantially similar claims which is identified and agreed upon in writing by the Parties.

19       c.    <u>Coordinated Deposition</u>:  A deposition to be conducted pursuant to this

20 Coordination Order that will be noticed and taken by Plaintiffs and Coordinated Plaintiffs'

21 Attorneys for at least one of the Coordinated Actions.

22       d.    <u>Coordinated Plaintiffs' Attorneys</u>:  Counsel of record for plaintiffs in the

23 Coordinated Actions.

24       e.    <u>Counsel for Amazon</u>: Counsel of record for Amazon.com, Inc. in this

25 Action and the Coordinated Actions.

26

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1      f.    *Mbadiwe* Action: *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-

2   VSB (S.D.N.Y.).

3      g.    *Mbadiwe* Plaintiffs' Attorneys: Counsel of record for plaintiffs in the

4   *Mbadiwe* Action.

5      h.    Non-Party: Any natural person, partnership, corporation, association, or

6   other legal entity not named as a Party in this Action.

7      i.    Party or Parties: Any entity named as a plaintiff or defendant in this Action.

8   **II.    GENERAL PROVISIONS**

9      2.    This Coordination Order applies to the Parties in the Action, and provides protocols

10  applicable to conducting deposition discovery in this Action.  Nothing in this Coordination Order

11  shall preclude or otherwise restrict Amazon from engaging in further or different coordination

12  efforts in the Coordinated Actions or in any other action, but no such efforts by Amazon shall

13  modify this Coordination Order, be binding on Plaintiffs, affect Plaintiffs' ability to take discovery

14  in this Action, or otherwise have any effect on the present Action.

15     3.    This Coordination Order shall be effective only upon agreement of the Parties, or

16  by order of the Court.

17     4.    Any Party may seek to later modify this Coordination Order for good cause.  Prior

18  to doing so, the Parties shall meet and confer in good faith regarding any proposed modifications.

19  This Coordination Order may be amended only by subsequent written agreement among the

20  Parties, or by order of the Court.

21     5.    Amazon represents that it is engaged in efforts to negotiate and have substantially

22  similar orders entered in each of the Coordinated Actions.  To the extent that any dispute arises

23  related to terms on coordination contained in orders in the Coordinated Actions that differ from or

24  conflict with this Coordination Order, the Parties shall meet and confer to determine if proposed

25  modifications of this Coordination Order may be necessary to facilitate efficient coordination with

26  the Coordinated Actions.

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1      6.    Unless otherwise agreed to and ordered by this Coordination Order, discovery in
2   this Action shall be governed by the applicable provisions of the Federal Rules of Civil Procedure,
3   the Federal Rules of Evidence, the Court's Case Scheduling Order (ECF 159), Case Management
4   Order (ECF 161), and Order Re Deposition Limits (ECF 166) ("Deposition Order"), any other
5   Court order in this Action, and any other applicable rules or orders that would apply to govern
6   discovery in the absence of this Coordination Order.

7      7.    All Parties reserve all rights to formally object (by motion or otherwise) to any
8   deposition or deposition examination on any grounds and seek appropriate relief from the Court
9   as warranted, including with respect to the taking of any deposition or to the timing or scope of
10   any deposition in this Action.

11      8.    Only depositions noticed by a Party in this Action shall be treated as having been
12   noticed and taken in this Action, absent an agreement between the Parties to the contrary.  Any
13   testimony by an Amazon Witness or a Non-Party witness in a Coordinated Deposition shall be
14   considered deposition testimony given in this Action, whether the examination was conducted by
15   Plaintiffs, by Coordinated Plaintiffs' Attorneys, or by Counsel for Amazon.  The Parties reserve
16   all rights to object to the admissibility or use of such testimony pursuant to the applicable rules.

17      9.    For any Coordinated Deposition, the Parties agree that the Parties, the Coordinated
18   Plaintiffs' Attorneys, and Counsel for Amazon in the Coordinated Actions may attend and
19   participate in such Coordinated Depositions to the fullest extent permitted under the applicable
20   rules, including this Coordination Order and any Order of the Court in this Action.[1]  With respect
21   to any materials or testimony designated Confidential or Highly Confidential – Attorneys' Eyes
22   Only, the Parties' obligations will be governed by the Protective Order in this Action.  The
23   obligations of Amazon's Counsel in the Coordinated Actions and the Coordinated Plaintiffs'

24

---

[1] Plaintiffs further agree that the *Mbadiwe* Plaintiffs' Attorneys and Counsel for Amazon in the *Mbadiwe* Action
25   may attend, but will not participate in, Coordinated Depositions where the witness has been noticed for a deposition
in the *Mbadiwe* Action (for Amazon Witnesses) or has been subpoenaed for a deposition in the *Mbadiwe* Action (for
26   Non-Party witnesses). Plaintiffs acknowledge that the *Mbadiwe* Plaintiffs, Amazon, and Non-Parties, as applicable,
may agree on separate deposition time for the *Mbadiwe* Action after any such Coordinated Deposition.

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Attorneys will be governed by the respective Protective Orders in the Coordinated Actions.  The

2  obligations of Amazon's Counsel and the *Mbadiwe* Plaintiffs' Attorneys will be governed by the

3  Protective Order in the *Mbadiwe* Action.

4       10.    To facilitate coordinated depositions of witnesses between this Action and the

5  Coordinated Actions, Plaintiffs may disclose materials and information derived from such

6  materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only

7  under the February 13, 2024 Protective Order ("Protective Order") (ECF 160) to Coordinated

8  Plaintiffs' Attorneys, provided that (i) such materials are reasonably necessary to facilitate such

9  coordinated depositions, including discussions about potential coordinated depositions of Amazon

10  Witnesses, potential coordinated depositions of Amazon pursuant to Rule 30(b)(6) and/or Cal.

11  Code Civ. Proc. § 2025.230, or potential coordinated depositions of Non-Party witnesses; and (ii)

12  such Coordinated Plaintiffs' Attorneys have agreed in writing to treat those materials and

13  information as Protected Material under the respective Protective Orders in the Coordinated

14  Actions.  *See* Stipulation and Protective Order, *The People of the State of California v.*

15  *Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. Jan. 27, 2023); Protective Order (ECF

16  90), *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash. Feb. 27,

17  2023); Stipulated Protective Order, *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC

18  (W.D. Wash. Mar. 15, 2023); Stipulated Protective Order (ECF 51), *Brown et al. v. Amazon.com,*

19  *Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash. Oct. 16, 2023); Protective Order Granted, *District of*

20  *Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct., Oct. 25, 2024).

21  Coordinated Plaintiffs' Attorneys may disclose materials and information derived from such

22  materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only

23  under the Protective Orders in the Coordinated Actions to Plaintiffs.  Plaintiffs will treat those

24  materials and information as Protected Material under the Protective Order in this Action.

25       11.    Nothing in this Coordination Order permits any Party to take more than one

26  deposition of any witness without agreement of the Parties and witness or leave of Court.

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**III.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN THIS ACTION**

12.    To the extent Plaintiffs seek the deposition of an Amazon Witness in the Action, Plaintiffs shall issue a deposition notice to Counsel for Amazon, for a date not sooner than forty-five (45) calendar days from the date the notice is served, and provide the deposition notice to the Coordinated Plaintiffs' Attorneys.

13.    Within seven (7) calendar days after receiving a deposition notice (or within fourteen (14) calendar days for a former employee or officer of Amazon), Counsel for Amazon shall use best efforts to confirm Plaintiffs' proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition.  If alternative dates are provided, Counsel for Amazon shall use best efforts to provide at least one alternative date that is within fourteen (14) calendar days of Plaintiffs' initial proposed date, and will not propose any date that would require more than three (3) Amazon Witnesses to be deposed on the same date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

14.    Consistent with Federal Rule of Civil Procedure 30(d)(1) and the Court's Deposition Order, the Parties agree that Plaintiffs' examination of an Amazon Witness in a Coordinated Deposition shall be limited to no more than seven (7) hours on the record, with no more than seven (7) hours on the record per day, unless otherwise agreed to by all Parties and the Amazon Witness.

15.    For any Coordinated Deposition of an Amazon Witness, the Parties agree that the examination by Plaintiffs and Coordinated Plaintiffs' Attorneys shall be limited to no more than a combined total of ten (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed to all Parties and the Amazon Witness.

16.    Notwithstanding the limit set forth in Paragraph 15, Plaintiffs and the Coordinated Plaintiffs' Attorneys may jointly designate up to sixteen (16) Amazon Witnesses, for whom the examination by Plaintiffs and the Coordinated Plaintiffs' Attorneys shall be limited to a combined

1 total of fourteen (14) hours on the record, with no more than seven (7) hours on the record per day

2 unless otherwise agreed to by the Amazon Witness.  Plaintiffs and the Coordinated Plaintiffs'

3 Attorneys shall make such designations by written notice no later than thirty (30) calendar days

4 prior to the date of such deposition.  If Amazon objects to any such designation, it will provide

5 written notice of that objection to Plaintiffs and the Coordinated Plaintiffs' Attorneys within five

6 (5) business days, and Amazon, Plaintiffs, and the Coordinated Plaintiffs' Attorneys will meet and

7 confer regarding that objection.  If a dispute remains, Amazon may seek relief from the Court in

8 this action for Coordinated Depositions first noticed in this action; however, absent agreement of

9 the Parties or Order of the Court, the fourteen (14) hour limit shall apply to such deposition.

10        17.    In the event Amazon seeks to coordinate testimony from one or more Amazon

11 Witnesses offered in response to a deposition notice to Amazon pursuant to Federal Rule of Civil

12 Procedure 30(b)(6) in this Action, Amazon shall identify the designated topics for which it

13 proposes offering coordinated testimony at the time Amazon serves its responses and objections

14 to such deposition notice.  Amazon shall provide Plaintiffs with the relevant Rule 30(b)(6) or Cal.

15 Code Civ. Proc. § 2025.230 notice(s) and Amazon's responses and objections thereto, whether or

16 not Amazon is proposing coordination. Plaintiffs, in their sole discretion, may also propose

17 coordination for some or all Rule 30(b)(6) topics. Following a proposal for coordination by either

18 side, the Parties agree to meet and confer in good faith concerning the coordination of such

19 deposition, including the scope of testimony and appropriate time limits for said deposition.  If no

20 party proposes coordination, or if the Parties are not able to reach an agreement regarding

21 coordination, Plaintiffs may, in their sole discretion, elect to proceed with the deposition on the

22 topics as noticed or as otherwise negotiated by the Parties.  If the Parties are not able to reach an

23 agreement regarding coordination after meeting and conferring in good faith, Amazon shall not

24 refuse to designate a witness (or witnesses) or schedule a deposition(s) based on any disputes

25 regarding coordination unless Amazon files a motion for a Protective Order.  Nothing in this

26

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to Rule
2   30(b)(6) on any grounds.

3   **IV.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN**
4   **COORDINATED ACTIONS**

5   18.    In the event Amazon receives a deposition notice or subpoena for an Amazon
6   Witness in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and shall
7   provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days.

8   19.    Upon receipt of a deposition notice from Amazon, and if Amazon's production of
9   documents in response to Plaintiffs' discovery requests issued on or before July 1, 2024 has been
10  substantially complete for at least thirty (30) calendar days, Plaintiffs shall have seven (7) calendar
11  days to notify Counsel for Amazon in writing whether Plaintiffs intend to notice such Amazon
12  Witness for deposition in the present Action such that the deposition will be a Coordinated
13  Deposition, and whether Plaintiffs are reasonably able to proceed with such deposition on the date
14  noticed in the Coordinated Action.  If Amazon's production of documents in response to Plaintiffs'
15  discovery requests issued on or before July 1, 2024 has not been substantially complete for at least
16  thirty (30) calendar days at the time Amazon provides notice, Plaintiff may indicate its intent to
17  participate in the deposition of the Amazon Witness, but shall not be required to give such notice
18  until forty (40) days after Amazon substantially completes its production of documents in response
19  to Plaintiffs' discovery requests issued on or before July 1, 2024.

20  20.    To the extent Plaintiffs are not reasonably able to proceed with the deposition on
21  the date noticed in the Coordinated Action, or to the extent Plaintiffs require reasonable additional
22  time to prepare, Plaintiffs will use best efforts to coordinate with Amazon and Coordinated
23  Plaintiffs' Attorneys to identify mutually agreeable dates for the Coordinated Deposition.

24  21.    If Plaintiffs elect to participate in a Coordinated Deposition first noticed in a
25  Coordinated Action, the provisions in Paragraphs 14 through 16 above shall apply.

26

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

22.     If Amazon does not provide notice to Plaintiffs regarding a deposition notice issued in Coordinated Action as required in Paragraph 18, any later notice by Amazon shall have no effect on Plaintiffs' rights with respect to the deposition of that Amazon Witness in this Action. However, Plaintiffs, in their sole discretion, may elect to participate in a Coordinated Deposition of an Amazon Witness first noticed in a Coordinated Action by issuing a deposition notice for the Amazon Witness.  In such instance, the provisions in Paragraphs 14 to 16 above shall apply.

23.     If Amazon provides notice to Plaintiffs regarding a deposition notice issued for an Amazon Witness in a Coordinated Action as required in Paragraph 18, and Plaintiffs do not elect to participate in a Coordinated Deposition for that Amazon Witness as required in Paragraph 19, Plaintiffs may not seek a deposition of that same Amazon Witness in this Action without Amazon's consent or leave of the Court.  Nothing in this Paragraph, or otherwise in the Coordination Order, bars Plaintiffs from seeking agreement from Amazon or leave of Court to take additional testimony from any Amazon Witness based on documents produced by Amazon after the date Amazon represents it has substantially completed its document production.

24.     In the event Amazon receives a deposition notice to Amazon in its corporate capacity in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and shall provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days. Amazon shall provide Plaintiffs with a copy of its responses and objections to any such deposition notice contemporaneously with the service of Amazon's responses and objections.  In the event either Party seeks to coordinate testimony as to one or more topics in a deposition notice to Amazon in its corporate capacity issued in any Coordinated Action, the Party seeking coordinated testimony shall identify the designated topics for which it proposes coordinated testimony either (i) at the time Amazon serves its responses and objections to such deposition notice (for Amazon); or (ii) within fourteen (14) calendar days of receiving Amazon's responses and objections to such deposition notice (for Plaintiffs).  Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony for any

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  coordinated proceeding and any appropriate time limits for said deposition.  If the Parties are not

2  able to reach an agreement regarding coordination after meeting and conferring in good faith,

3  Amazon shall not refuse to designate a witness (or witnesses) or schedule a deposition(s) based on

4  any disputes regarding coordination unless Amazon files a motion for a Protective Order.  Nothing

5  in this Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to

6  Rule 30(b)(6) on any grounds.

7  **V.     NON-PARTY WITNESS DEPOSITION COORDINATION**

8          25.     The Parties agree that a Party seeking the deposition of a Non-Party witness will

9  issue and send to the other Parties a deposition notice with a proposed date for the deposition,

10  which absent mutual agreement or leave of Court for good cause, shall not be set for a date any

11  earlier than forty-five (45) calendar days from the date the Party serves the deposition notice.  A

12  Party may serve a deposition notice without first obtaining or issuing a subpoena to compel

13  attendance of the Non-Party witness at the deposition.

14          26.     The Party receiving the deposition notice shall, within fourteen (14) calendar days,

15  advise the Party seeking the deposition as to whether it intends to cross-notice the deposition and

16  if so, shall either (i) confirm the proposed date, or (ii) propose reasonable alternative dates.

17          27.     If the Party receiving the deposition notice intends to seek documents in connection

18  with the deposition of the Non-Party witness, the Party receiving the deposition notice shall also,

19  within fourteen (14) calendar days, serve any subpoena for production of such documents on the

20  Non-Party witness (or any other Non-Party affiliated with or previously affiliated with the Non-

21  Party witness, as applicable). The Party serving such a document subpoena on a Non-Party shall

22  use its best efforts to reach an agreement with the Non-Party regarding the scope and timing of

23  document production, or to otherwise enforce the subpoena, so as to not unreasonably delay the

24  taking of the Non-Party deposition noticed by the other Party.

25          28.     If the Non-Party witness or their counsel is not reasonably available on the date

26  noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

within five (5) calendar days thereof regarding a date, time, and location for the noticed deposition that is acceptable to all Parties and the Non-Party witness.

29.    For depositions that are noticed by Plaintiffs and cross-noticed by Amazon, or vice versa, the Parties agree to work in good faith to equally allocate the time available to question each Non-Party witness between Amazon, on the one hand, and Plaintiffs and the Coordinated Plaintiffs' Attorneys, on the other hand.

30.    The Parties agree to work in good faith to minimize the burden on and inconvenience to Non-Parties, including by discussing mutually agreeable modifications to the date, time, and location for each deposition that will (i) allow for reasonable coordination with depositions of the same Non-Party in the Coordinated Actions; (ii) allow the Parties a reasonable opportunity to obtain documents related to the deposition from the Non-Party pursuant to a subpoena in advance of any such deposition; and (iii) allow for reasonable coordination with depositions of the same Non-Party in the *Mbadiwe* Action.


IT IS SO ORDERED

DATED this __ day of _____, 2024.


_____
THE HONORABLE JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

[PLAINTIFFS' PROPOSED] DEPOSITON
COORDINATION PROTOCOL - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# EXHIBIT C

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

[~~PLAINTIFFS'~~ **AMAZON'S** PROPOSED] DEPOSITION COORDINATION PROTOCOL AND ORDER

Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York, Connecticut, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Oregon, Puerto Rico, Rhode Island, Vermont, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiff States," and together with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition discovery between the above-referenced action ("Action") and certain other matters, and hereby jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order") for approval and entry by the Court.

I.    **DEFINITIONS**

1.    The following definitions shall apply for the purposes of this Order:

a.    <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of Amazon, or (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon.  Upon receipt of a deposition notice from Plaintiffs for a former employee or officer of Amazon, Counsel for Amazon shall promptly, and within no more than fourteen (14) calendar days, notify Plaintiffs in writing if the former employee or officer is represented by Counsel for Amazon.  If Counsel for Amazon does not provide notice that it represents a former employee or officer within fourteen (14) calendar days, the deposition shall be governed by the provisions of Section V covering Non-Party witnesses, unless otherwise agreed to by the Parties.

b.    <u>Coordinated Actions</u>:  *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.); *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.); *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.); *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super~~. Ct~~.) *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.); and any other civil action in or approaching active discovery involving substantially similar claims which is identified and agreed upon in writing by the Parties.

c.    <u>Coordinated Deposition</u>:  A deposition to be conducted pursuant to this Coordination Order that will be noticed and taken by Plaintiffs and Coordinated Plaintiffs' Attorneys for at least one of the Coordinated Actions.

~~[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOL~~Amazon's Proposed Deposition Coordination Protocol and Order - 2
~~CASE NO~~(Case No. 2:23-cv-01495-JHC~~)~~

MORGAN, LEWIS & BOCKIUS LLP
~~FEDERAL TRADE COMMISSION~~ATTORNEYS AT LAW
~~600 Pennsylvania~~1301 SECOND AVENUE, ~~NW~~SUITE 2800
SEATTLE, WASHINGTON, ~~DC 20580~~ 98101
~~(202) 326-2222~~TEL +1.206.274.6400    FAX +1.206.274.6401

d.    Coordinated Plaintiffs' Attorneys:  Counsel of record for plaintiffs in the Coordinated Actions.

e.    Counsel for Amazon: Counsel of record for Amazon.com, Inc. in this Action and the Coordinated Actions.

~~f.    *Mbadiwe* Action: *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.).~~

~~g.    *Mbadiwe* Plaintiffs' Attorneys: Counsel of record for plaintiffs in the *Mbadiwe* Action.~~

f.    ~~h.~~ Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

g.    ~~i.~~ Party or Parties: Any entity named as a plaintiff or defendant in this Action.

## II.    GENERAL PROVISIONS

2.    This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action.  Nothing in this Coordination Order shall preclude or otherwise restrict Amazon from engaging in further or different coordination efforts in the Coordinated Actions or in any other action, but no such efforts by Amazon shall modify this Coordination Order, be binding on Plaintiffs, affect Plaintiffs' ability to take discovery in this Action, or otherwise have any effect on the present Action.

3.    This Coordination Order shall be effective only upon agreement of the Parties, or by order of the Court.

4.    Any Party may seek to later modify this Coordination Order for good cause. Prior to doing so, the Parties shall meet and confer in good faith regarding any proposed

~~[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOL~~Amazon's Proposed Deposition Coordination Protocol and Order - 3
~~CASE NO~~(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
~~FEDERAL TRADE COMMISSION~~ATTORNEYS AT LAW
~~600 Pennsylvania~~1301 SECOND AVENUE, ~~NW~~SUITE 2800
SEATTLE, WASHINGTON, ~~DC 20580~~ 98101
~~(202) 326-2222~~TEL +1.206.274.6400    FAX +1.206.274.6401

modifications.  This Coordination Order may be amended only by subsequent written agreement among the Parties, or by order of the Court.

5.     Amazon represents that it is engaged in efforts to negotiate and have substantially similar orders entered in each of the Coordinated Actions.  To the extent that any dispute arises related to terms on coordination contained in orders in the Coordinated Actions that differ from or conflict with this Coordination Order, the Parties shall meet and confer to determine if proposed modifications of this Coordination Order may be necessary to facilitate efficient coordination with the Coordinated Actions.

6.     Unless otherwise agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's Case Scheduling Order (ECF 159), Case Management Order (ECF 161), and Order Re Deposition Limits (ECF 166) ("Deposition Order"), any other Court order in this Action, and any other applicable rules or orders that would apply to govern discovery in the absence of this Coordination Order.

7.     All Parties reserve all rights to formally object (by motion or otherwise) to any deposition or deposition examination on any grounds and seek appropriate relief from the Court as warranted, including with respect to the taking of any deposition or to the timing or scope of any deposition in this Action.

8.     Only depositions noticed by a Party in this Action shall be treated as having been noticed and taken in this Action, absent an agreement between the Parties to the contrary.  Any testimony by an Amazon Witness or a Non-Party witness in a Coordinated Deposition shall be considered deposition testimony given in this Action, whether the examination was conducted by Plaintiffs, by Coordinated Plaintiffs' Attorneys, or by Counsel for Amazon.  The Parties reserve all rights to object to the admissibility or use of such testimony pursuant to the applicable rules.

9.      For any Coordinated Deposition, the Parties agree that the Parties, the Coordinated Plaintiffs' Attorneys, and Counsel for Amazon in the Coordinated Actions may attend and participate in such Coordinated Depositions to the fullest extent permitted under the applicable rules, including this Coordination Order and any Order of the Court in this Action.[1] With respect to any materials or testimony designated Confidential or Highly Confidential – Attorneys' Eyes Only, the Parties' obligations will be governed by the Protective Order in this Action.  The obligations of Amazon's Counsel in the Coordinated Actions and the Coordinated Plaintiffs' Attorneys will be governed by the respective Protective Orders in the Coordinated Actions.  The obligations of Amazon's Counsel and the *Mbadiwe* Plaintiffs' Attorneys will be governed by the Protective Order in the *Mbadiwe* Action.

10.     To facilitate coordinated depositions of witnesses between this Action and the Coordinated Actions, Plaintiffs may disclose materials and information derived from such materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the February 13, 2024 Protective Order ("Protective Order") (ECF 160) to Coordinated Plaintiffs' Attorneys, provided that (i) such materials are reasonably necessary to facilitate such coordinated depositions, including discussions about potential coordinated depositions of Amazon Witnesses, potential coordinated depositions of Amazon pursuant to Rule 30(b)(6) and/or Cal. Code Civ. Proc. § 2025.230, or potential coordinated depositions of Non-Party witnesses; and (ii) such Coordinated Plaintiffs' Attorneys have agreed in writing to treat those materials and information as Protected Material under the respective Protective Orders in the Coordinated Actions.  *See* Stipulation and Protective Order, *The People of the State of California*

---

[1] Plaintiffs further agree that the *Mbadiwe* Plaintiffs' Attorneys and Counsel for Amazon in the *Mbadiwe* Action may attend, but will not participate in, Coordinated Depositions where the witness has been noticed for a deposition in the *Mbadiwe* Action (for Amazon Witnesses) or has been subpoenaed for a deposition in the *Mbadiwe* Action (for Non-Party witnesses). Plaintiffs acknowledge that the *Mbadiwe* Plaintiffs, Amazon, and Non-Parties, as applicable, may agree on separate deposition time for the *Mbadiwe* Action after any such Coordinated Deposition.

[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOLAmazon's Proposed Deposition Coordination Protocol and Order - 5

CASE NO(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP FEDERAL TRADE COMMISSIONATTORNEYS AT LAW 600 Pennsylvania1301 SECOND AVENUE, NWSUITE 2800 SEATTLE, WASHINGTON, DC 2058098101 (202) 326-2222TEL +1.206.274.6400   FAX +1.206.274.6401

*v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. Jan. 27, 2023); Protective Order (ECF 90), *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash. Feb. 27, 2023); Stipulated Protective Order, *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash. Mar. 15, 2023); Stipulated Protective Order (ECF 51), *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash. Oct. 16, 2023); Protective Order Granted, *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct., Oct. 25, 2024).  Coordinated Plaintiffs' Attorneys may disclose materials and information derived from such materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Orders in the Coordinated Actions to Plaintiffs. Plaintiffs will treat those materials and information as Protected Material under the Protective Order in this Action.

11.    Nothing in this Coordination Order permits any Party to take more than one deposition of any witness without agreement of the Parties and witness or leave of Court.

## III.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN THIS ACTION

12.    To the extent Plaintiffs seek the deposition of an Amazon Witness in the Action, Plaintiffs shall issue a deposition notice to Counsel for Amazon, for a date not sooner than forty-five (45) calendar days from the date the notice is served, and provide the deposition notice to the Coordinated Plaintiffs' Attorneys.

13.    Within seven (7) calendar days after receiving a deposition notice (or within fourteen (14) calendar days for a former employee or officer of Amazon), Counsel for Amazon shall use best efforts to confirm Plaintiffs' proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition.  If alternative dates are provided, Counsel for Amazon shall use best efforts to provide at least one alternative date that is within fourteen (14) calendar days of Plaintiffs' initial proposed date, and will not propose any

[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOL Amazon's Proposed Deposition Coordination Protocol and Order - 6
CASE NO. (Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
FEDERAL TRADE COMMISSION ATTORNEYS AT LAW
600 Pennsylvania 1301 SECOND AVENUE, NW SUITE 2800
SEATTLE, WASHINGTON, DC 20580 98101
(202) 326-2222 TEL +1.206.274.6400    FAX +1.206.274.6401

date that would require more than three (3) Amazon Witnesses to be deposed on the same date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

14.    Consistent with Federal Rule of Civil Procedure 30(d)(1) and the Court's Deposition Order, the Parties agree that Plaintiffs' examination of an Amazon Witness in a Coordinated Deposition shall be limited to no more than seven (7) hours on the record, with no more than seven (7) hours on the record per day, unless otherwise agreed to by all Parties and the Amazon Witness.

15.    For any Coordinated Deposition of an Amazon Witness, the Parties agree that the examination by Plaintiffs and Coordinated Plaintiffs' Attorneys shall be limited to no more than a combined total of ten (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed to all Parties and the Amazon Witness.

16.    Notwithstanding the limit set forth in Paragraph 15, Plaintiffs and the Coordinated Plaintiffs' Attorneys may jointly designate up to ~~sixteen~~eight (~~16~~8) Amazon Witnesses, where the Amazon Witness has not previously testified in a pre-Complaint investigational hearing in this Action or any of the Coordinated Actions, for whom the examination by Plaintiffs and the Coordinated Plaintiffs' Attorneys shall be limited to a combined total of fourteen (14) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed to by the Amazon Witness. Plaintiffs and the Coordinated Plaintiffs' Attorneys shall make such designations by written notice no later than thirty (30) calendar days prior to the date of such deposition. If Amazon objects to any such designation, it will provide written notice of that objection to Plaintiffs and the Coordinated Plaintiffs' Attorneys within five (5) business days, and Amazon, Plaintiffs, and the Coordinated Plaintiffs' Attorneys will meet and confer regarding that objection. If a dispute remains, Amazon may seek relief from the Court in this action for

Coordinated Depositions first noticed in this action; however, absent agreement of the Parties or Order of the Court, the fourteen (14) hour limit shall apply to such deposition.

17.     In the event Amazon seeks to coordinate testimony from one or more Amazon Witnesses offered in response to a deposition notice to Amazon pursuant to Federal Rule of Civil Procedure 30(b)(6) in this Action, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice.  Amazon shall provide Plaintiffs with the relevant Rule 30(b)(6) or Cal. Code Civ. Proc. § 2025.230 notice(s) and Amazon's responses and objections thereto, whether or not Amazon is proposing coordination. Plaintiffs, in their sole discretion, may also propose coordination for some or all Rule 30(b)(6) topics. Following a proposal for coordination by either side, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony and appropriate time limits for said deposition. If no party proposes coordination, or if the Parties are not able to reach an agreement regarding coordination, Plaintiffs may, in their sole discretion, elect to proceed with the deposition on the topics as noticed or as otherwise negotiated by the Parties.  If the Parties are not able to reach an agreement regarding coordination after meeting and conferring in good faith, Amazon shall not refuse to designate a witness (or witnesses) or schedule a deposition(s) based on any disputes regarding coordination unless Amazon files a motion for a Protective Order.  Nothing in this Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to Rule 30(b)(6) on any grounds.

[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOLAmazon's Proposed Deposition Coordination Protocol and Order - 8
CASE NO(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
FEDERAL TRADE COMMISSIONATTORNEYS AT LAW
600 Pennsylvania1301 SECOND AVENUE, NWSUITE 2800
SEATTLE, WASHINGTON, DC 2058098101
(202) 326-2222TEL +1.206.274.6400    FAX +1.206.274.6401

1

2

## IV.    DEPOSITIONS OF AMAZON WITNESSES FIRST NOTICED IN COORDINATED ACTIONS

3

4     18.    In the event Amazon receives a deposition notice or subpoena for an Amazon

5  Witness in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and

   shall provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days.

6

7     19.    Upon receipt of a deposition notice from Amazon, and if Amazon's production of

8  documents in response to Plaintiffs' discovery requests issued on or before July 1, 2024 has been

9  substantially complete for at least thirty (30) calendar days, Plaintiffs shall have seven (7)

10 calendar days to notify Counsel for Amazon in writing whether Plaintiffs intend to notice such

11 Amazon Witness for deposition in the present Action such that the deposition will be a

12 Coordinated Deposition, and whether Plaintiffs are reasonably able to proceed with such

13 deposition on the date noticed in the Coordinated Action.  If Amazon's production of documents

14 in response to Plaintiffs' discovery requests issued on or before July 1, 2024 has not been

15 substantially complete for at least thirty (30) calendar days at the time Amazon provides notice,

16 Plaintiff may indicate its intent to participate in the deposition of the Amazon Witness, but shall

17 not be required to give such notice until forty (40) days after Amazon substantially completes its

18 production of documents in response to Plaintiffs' discovery requests issued on or before July 1,

   2024.

19

20    20.    To the extent Plaintiffs are not reasonably able to proceed with the deposition on

21 the date noticed in the Coordinated Action, or to the extent Plaintiffs require reasonable

22 additional time to prepare, Plaintiffs will use best efforts to coordinate with Amazon and

23 Coordinated Plaintiffs' Attorneys to identify mutually agreeable dates for the Coordinated

   Deposition.

24

25

26 [PLAINTIFFS' PROPOSED] DEPOSITON
   COORDINATION PROTOCOLAmazon's
   Proposed Deposition Coordination Protocol and
   Order - 9
   CASE NO(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
FEDERAL TRADE
COMMISSIONATTORNEYS AT LAW
600 Pennsylvania1301 SECOND AVENUE,
NWSUITE 2800
SEATTLE, WASHINGTON, DC 2058098101
(202) 326-2222TEL +1.206.274.6400    FAX
+1.206.274.6401

21.    If Plaintiffs elect to participate in a Coordinated Deposition first noticed in a Coordinated Action, the provisions in Paragraphs 14 through 16 above shall apply.

22.    If Amazon does not provide notice to Plaintiffs regarding a deposition notice issued in Coordinated Action as required in Paragraph 18, any later notice by Amazon shall have no effect on Plaintiffs' rights with respect to the deposition of that Amazon Witness in this Action.  However, Plaintiffs, in their sole discretion, may elect to participate in a Coordinated Deposition of an Amazon Witness first noticed in a Coordinated Action by issuing a deposition notice for the Amazon Witness.  In such instance, the provisions in Paragraphs 14 to 16 above shall apply.

23.    If Amazon provides notice to Plaintiffs regarding a deposition notice issued for an Amazon Witness in a Coordinated Action as required in Paragraph 18, and Plaintiffs do not elect to participate in a Coordinated Deposition for that Amazon Witness as required in Paragraph 19, Plaintiffs may not seek a deposition of that same Amazon Witness in this Action without Amazon's consent or leave of the Court.  Nothing in this Paragraph, or otherwise in the Coordination Order, bars Plaintiffs from seeking agreement from Amazon or leave of Court to take additional testimony from any Amazon Witness based on documents produced by Amazon after the date Amazon represents it has substantially completed its document production.

24.    In the event Amazon receives a deposition notice to Amazon in its corporate capacity in any Coordinated Action, Counsel for Amazon shall promptly notify Plaintiffs and shall provide Plaintiffs with a copy of the deposition notice within seven (7) calendar days.  Amazon shall provide Plaintiffs with a copy of its responses and objections to any such deposition notice contemporaneously with the service of Amazon's responses and objections.  In the event either Party seeks to coordinate testimony as to one or more topics in a deposition notice to Amazon in its corporate capacity issued in any Coordinated Action, the Party seeking

coordinated testimony shall identify the designated topics for which it proposes coordinated testimony either (i) at the time Amazon serves its responses and objections to such deposition notice (for Amazon); or (ii) within fourteen (14) calendar days of receiving Amazon's responses and objections to such deposition notice (for Plaintiffs).  Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony for any coordinated proceeding and any appropriate time limits for said deposition.  If the Parties are not able to reach an agreement regarding coordination after meeting and conferring in good faith, Amazon shall not refuse to designate a witness (or witnesses) or schedule a deposition(s) based on any disputes regarding coordination unless Amazon files a motion for a Protective Order.  Nothing in this Paragraph shall affect Amazon's right to object to any deposition notice issued pursuant to Rule 30(b)(6) on any grounds.

## V.    NON-PARTY WITNESS DEPOSITION COORDINATION

25.    The Parties agree that a Party seeking the deposition of a Non-Party witness will issue and send to the other Parties a deposition notice with a proposed date for the deposition, which absent mutual agreement or leave of Court for good cause, shall not be set for a date any earlier than forty-five (45) calendar days from the date the Party serves the deposition notice.  A Party may serve a deposition notice without first obtaining or issuing a subpoena to compel attendance of the Non-Party witness at the deposition.

26.    The Party receiving the deposition notice shall, within fourteen (14) calendar days, advise the Party seeking the deposition as to whether it intends to cross-notice the deposition and if so, shall either (i) confirm the proposed date, or (ii) propose reasonable alternative dates.

27.    If the Party receiving the deposition notice intends to seek documents in connection with the deposition of the Non-Party witness, the Party receiving the deposition

[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOLAmazon's Proposed Deposition Coordination Protocol and Order - 11
CASE NO(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP FEDERAL TRADE COMMISSIONATTORNEYS AT LAW 600 Pennsylvania1301 SECOND AVENUE, NWSUITE 2800 SEATTLE, WASHINGTON, DC 2058098101 (202) 326-2222TEL +1.206.274.6400   FAX +1.206.274.6401

notice shall also, ~~within~~without fourteen (14) calendar days, serve any subpoena for production of such documents on the Non-Party witness (or any other Non-Party affiliated with or previously affiliated with the Non-Party witness, as applicable).  The Party serving such ~~a~~ document subpoena on a Non-Party shall use its best efforts to reach an agreement with the Non-Party regarding the scope and timing of document production, or to otherwise enforce the subpoena, so as to not unreasonably delay the taking of the Non-Party deposition noticed by the other Party.

28.    If the Non-Party witness or their counsel is not reasonably available on the date noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer within five (5) calendar days thereof regarding a date, time, and location for the noticed deposition that is acceptable to all Parties and the Non-Party witness.

29.    For depositions that are noticed by Plaintiffs and cross-noticed by Amazon, or vice versa, the Parties agree to work in good faith to equally allocate the time available to question each Non-Party witness between Amazon, on the one hand, and Plaintiffs and the Coordinated Plaintiffs' Attorneys, on the other hand.

30.    The Parties agree to work in good faith to minimize the burden on and inconvenience to Non-Parties, including by discussing mutually agreeable modifications to the date, time, and location for each deposition that will (i) allow for reasonable coordination with depositions of the same Non-Party in the Coordinated Actions; and (ii) allow the Parties a reasonable opportunity to obtain documents related to the deposition from the Non-Party pursuant to a subpoena in advance of any such deposition~~; and (iii) allow for reasonable coordination with depositions of the same Non-Party in the *Mbadiwe* Action~~.

IT IS SO ORDERED

~~[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOL~~Amazon's Proposed Deposition Coordination Protocol and Order - 12
~~CASE NO~~(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
~~FEDERAL TRADE COMMISSION~~ATTORNEYS AT LAW
~~600 Pennsylvania~~1301 SECOND AVENUE, ~~NW~~SUITE 2800
~~SEATTLE,~~ WASHINGTON, ~~DC 20580~~ 98101
~~(202) 326-2222~~TEL +1.206.274.6400    FAX +1.206.274.6401

1

2   DATED this __ day of _____, ~~2024~~2023.

3

4                                                    _____
                                                     THE HONORABLE JOHN H. CHUN
5                                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ~~[PLAINTIFFS' PROPOSED] DEPOSITON COORDINATION PROTOCOL~~Amazon's
26   Proposed Deposition Coordination Protocol and Order - 13
     ~~CASE NO~~(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
~~FEDERAL TRADE COMMISSION~~ATTORNEYS AT LAW
~~600 Pennsylvania~~1301 SECOND AVENUE, ~~NW~~SUITE 2800
SEATTLE, WASHINGTON, ~~DC 20580~~98101
~~(202) 326-2222~~TEL +1.206.274.6400    FAX +1.206.274.6401

# EXHIBIT D

**FILED**
San Francisco County Superior Court

APR 1 7 2024

CLERK OF THE COURT

BY: _____
Deputy Clerk

1  ROB BONTA (SBN 202668)
   Attorney General of California
2  PAULA BLIZZARD (SBN 207920)
   Senior Assistant Attorney General
3  NATALIE S. MANZO (SBN 155655)
   JAMIE L. MILLER (SBN 271452)
4  Supervising Deputy Attorney General
   ROBERT B. MCNARY (SBN 253745)
5  STEPHEN R. SMEREK (SBN 208343)
   Deputy Attorneys General
6  300 South Spring Street, Suite 1702
   Los Angeles, CA  90013
7  Telephone: (213) 269-6000

8  *Attorneys for Plaintiff and Cross-Defendant*
   *The People of the State of California*
9
   HEIDI K. HUBBARD (*pro hac vice*)
10 WILLIAMS & CONNOLLY LLP
   680 Maine Ave. SW
11 Washington, DC 20024
   Tel.: (202) 434-5000
12
   Jeffrey M. Davidson (Bar No. 248620)
13 COVINGTON & BURLING, LLP
   415 Mission Street, Suite 5400
14 San Francisco, CA 94105
   Tel: (415) 591-6000
15
   *Attorneys for Defendant and Cross-Complainant*
16 *Amazon.com, Inc.*

17 *(additional counsel listed below)*

18              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19                      **COUNTY OF SAN FRANCISCO**

20

21 **THE PEOPLE OF THE STATE OF**          **CASE NO. CGC-22-601826**
   **CALIFORNIA,**
22                                          **STIPULATED COORDINATION**
             Plaintiff / Cross-Defendant,  **PROTOCOL AND [PROPOSED] ORDER**
23
             **v.**                         Dept.:  304
24                                          Judge: Hon. Ethan P. Schulman
   **AMAZON.COM, INC.,**
25                                          Case Filed: September 15, 2022
             Defendant / Cross-Complainant.  Trial Date: August 10, 2026
26

27

28

Plaintiff The People of the State of California ("The People") and Defendant Amazon.com, Inc. ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition discovery in the above-referenced action ("Action"), and hereby jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order") for approval and entry by the Court.

## I.    DEFINITIONS

1.    The following definitions shall apply for the purposes of this Order:

a.    <u>Amazon Representative</u>:  Any person who is identified to testify on Amazon's behalf as a corporate representative in response to a deposition notice of Amazon.

b.    <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of Amazon, (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon.  Upon receipt of a deposition notice from The People for a former employee or officer of Amazon, Counsel for Amazon shall have fourteen (14) calendar days to notify The People in writing if the former employee or officer is represented by Counsel for Amazon.  If Counsel for Amazon does not provide notice that it represents a former employee or officer within fourteen (14) calendar days, the deposition shall be governed by the provisions of Section V covering Non-Party witnesses, unless otherwise agreed to by the Parties.

c.    <u>Coordinated Deposition</u>:  A deposition conducted pursuant to this Coordination Order wherein Other Plaintiffs' Attorneys for at least one of the Other Pending Actions participate in said deposition.

d.    <u>Counsel for Amazon</u>: Counsel of record for Amazon.com, Inc. in this Action.

e.    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

f.    <u>Other Pending Actions</u>: *Frame-Wilson et al. v. Amazon.com Inc.*, No. 2:20-cv-00424-JHC (W.D. Wa.); *De Coster et al. v. Amazon, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wa.); *Brown et al. v. Amazon.com, Inc.*, No. 22-cv-00965-JHC (W.D. Wa.); *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wa.); and any other civil action in or approaching active discovery involving substantially similar claims, which is identified and agreed by the Parties in writing.

g.   <u>Other Plaintiffs' Attorneys</u>: Counsel of record for plaintiffs in the Other Pending Actions as identified in the preceding subparagraph d.

h.   <u>Party or Parties</u>: Any entity named a plaintiff or defendant in this Action.

## II.   GENERAL PROVISIONS

2.   This Coordination Order shall be effective only upon agreement of the Parties and approval of the Court.

3.   The close of fact discovery shall be extended to August 8, 2025. The Parties shall meet and confer and present the Court with proposed adjustments to the balance of the pretrial schedule within thirty (30) calendar days of the execution and entry of this Coordination Order.

4.   This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action. Nothing in this Coordination Order shall preclude or otherwise restrict Amazon from engaging in further coordination efforts in the Other Pending Actions or in any other action, but no such efforts by Amazon shall modify this Coordination Order, be binding on The People, or otherwise have any effect on the present Action.

5.   Either Party may seek to later modify this Coordination Order for good cause. Prior to doing so, the Parties shall meet and confer in good faith to reach agreement as to the appropriate scope of any modifications. For the avoidance of doubt, this Coordination Order may be amended only by subsequent written stipulation among the Parties and a corresponding approval by the Court; however, if the Parties jointly agree, they may agree to modify the time periods for providing notice set forth herein without modification of this Coordination Order or the Court's approval.

6.   Amazon represents that it is engaged in efforts to negotiate and have substantially similar orders entered in each of the Other Pending Actions. To the extent that any dispute arises regarding the conduct of Coordinated Depositions related to terms of coordination contained in orders entered in Other Pending Actions that differ from or conflict with this Coordination Order, the Parties shall meet and confer to determine if modifications of this Coordination Order may be necessary to facilitate efficient coordination with the Other Pending Actions.

7.   Unless otherwise expressly agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the California Rules of Court, the California

1  Code of Civil Procedure, and the California Evidence Code, and any other applicable provisions that

2  would apply to govern discovery in the absence of this Coordination Order.

3         8.     Both Parties reserve all rights to formally object (by motion or otherwise) to any deposition

4  or deposition examination on any grounds and seek appropriate relief from the Court as warranted. For

5  the avoidance of doubt, and notwithstanding anything in this Coordination Order, Amazon shall retain all

6  rights to object (by motion or otherwise) to the taking of a particular deposition or to the timing or length

7  of such a deposition in this Action or in the Other Pending Actions. For the further avoidance of doubt,

8  and notwithstanding anything in this Coordination Order, The People shall retain all rights to seek (by

9  motion or otherwise) additional time for the taking of a particular deposition in this Action.

10         9.     For any Coordinated Deposition, each Party or Other Plaintiffs' Attorneys may notice, take,

11  defend, or otherwise participate in any such deposition either in person, or remotely, in their sole discretion

12  notwithstanding how any other Party or Other Plaintiffs' Attorneys elect to notice, take, defend, or

13  otherwise participate in such deposition. For the avoidance of doubt, if a deposition is noticed to take

14  place in person, nothing in this Coordination Order shall permit the witness to appear other than in person

15  except by agreement of the noticing Party.

16        10.    For the avoidance of doubt, any testimony in a Coordinated Deposition will be deposition

17  testimony given in this Action whether the examination was conducted by The People or Other Plaintiffs'

18  Attorneys. For the further avoidance of doubt, both Parties reserve all rights to object to the admissibility

19  of such testimony pursuant to the applicable provisions of the California Rules of Court, the California

20  Code of Civil Procedure, the California Evidence Code, and any other applicable law.

21        11.    With respect to any Coordinated Deposition of an Amazon Witness or Amazon

22  Representative that The People intend to notice pursuant to this Coordination Order, the Parties agree that

23  The People may share (and receive from the Other Plaintiffs' Attorneys) materials produced by Amazon

24  in this Action that are reasonably contemplated by The People to be shown to the witness subject to a

25  Coordinated Deposition, or necessary to understand the import of such documents, or information derived

26  from such materials, designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes

27  Only under the January 27, 2023 Stipulation and Protective Order (the "Protective Order") with any

28  participating Other Plaintiffs' Attorneys for the sole purpose of preparing for and/or taking such

Coordinated Deposition provided that such Other Plaintiffs' Attorneys agree to maintain the confidentiality of such materials as if they had been so designated under the operative protective orders entered in the Other Pending Actions. For the avoidance of doubt, the sharing contemplated by this Paragraph shall be constrained to what is reasonably necessary for the purposes of executing Coordinated Depositions and shall not generally supersede or negate discovery limitations or protective order restrictions otherwise applicable in each individual case.

12.  For the further avoidance of doubt, nothing in this Coordination Order permits any Party to take more than one deposition of any witness without agreement of the Parties and witness and/or leave of Court.

### III.  DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THIS ACTION

13.  To the extent The People seek the deposition of Amazon or an Amazon Witness in the Action, The People shall issue a deposition notice to Counsel for Amazon, for a date not sooner than sixty (60) calendar days from the date the notice is served. Counsel for Amazon shall provide the deposition notice to the Other Plaintiffs' Attorneys for the purpose of facilitating potential coordination of such deposition as may be appropriate in connection with the Other Pending Actions.

14.  Counsel for Amazon shall use best efforts to confirm The People's proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition within fourteen (14) calendar days of receiving The People's deposition notice. If alternative dates are provided, Counsel for Amazon shall use best efforts to provide at least one alternative date within fourteen (14) calendar days of The People's initial proposed date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

15.  Notwithstanding anything in this Coordination Order, The People shall retain all rights to depose any Amazon Witness by providing the notice required by statute if the sixty (60) day notice period contemplated herein would require the deposition of Amazon or an Amazon Witness to take place after the close of fact discovery in this Action. If the witness is not reasonably available on the date noticed, Amazon shall promptly notify The People, and the Parties shall meet and confer within five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the noticed deposition,

1  which may be conducted after the close of fact discovery in the event the Amazon Witness cannot

2  reasonably be made available on an earlier agreed-date.

3       16.    The Parties agree that the Parties, Other Plaintiffs' Attorneys, and Counsel for Amazon in

4  the Other Pending Actions may attend and participate in Coordinated Depositions to the fullest extent

5  permitted under applicable rules, including this Coordination Order and any Order of the Court in this

6  Action. The Parties' use of Coordinated Deposition testimony, or exhibits, designated as "Confidential"

7  or Highly-Confidential" shall be governed by the Protective Order (and use of such materials by Other

8  Plaintiffs' Attorneys shall be governed by the operative protective orders entered in the Other Pending

9  Actions) provided that no Party, their counsel, or Other Plaintiffs' Attorneys shall be excluded from any

10 portion of a Coordinated Deposition or prohibited access to deposition exhibits marked at a Coordinated

11 Deposition. For the avoidance of doubt, both Parties reserve all rights to object to the admissibility of

12 such testimony pursuant to the applicable provisions of the California Rules of Court, the California Code

13 of Civil Procedure, the California Evidence Code, and any other applicable law.

14      17.    For any deposition of an Amazon Witness where Amazon provided notice to the Other

15 Plaintiffs' Attorneys contemplated by Paragraph 13, but the Other Plaintiffs' Attorneys do not participate,

16 the Parties agree that the examination by The People generally shall be limited to no more than one (1)

17 day, with no more than seven (7) hours on the record.

18      18.    For any Coordinated Deposition of an Amazon Witness, the Parties agree that examination

19 by The People and Other Plaintiffs' Attorneys shall be limited to no more than a combined total of ten

20 (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed

21 to by the Amazon Witness.

22      19.    Notwithstanding the limit set forth in Paragraphs 17 and 18, The People, together with

23 Other Plaintiffs' Attorneys, may identify up to a combined total of eight (8) Amazon Witnesses, where

24 the Amazon Witness has not previously testified in a pre-Complaint investigational hearing in this Action

25 or any of the Other Pending Actions, for whom their Coordinated Deposition shall be limited to no more

26 than a combined total of fourteen (14) hours on the record, with no more than seven (7) hours per day

27 unless otherwise agreed by the Parties and the Amazon Witness. The People, and the Other Plaintiffs'

28 Attorneys, shall identify such Amazon Witnesses by providing Counsel for Amazon with written notice

no later than thirty (30) calendar days prior to the date of such deposition. Amazon reserves the right to object to such extended deposition time limit for any specific Amazon Witness by providing written notice of such objection to The People, and Other Plaintiffs' Attorneys, within five (5) business days. Thereafter, the Parties shall meet and confer to try to resolve any such objection. If a dispute remains, Amazon may seek relief from the Court in this action for Coordinated Depositions first noticed in this action; however, absent agreement of the Parties or Order of the Court, the fourteen (14) hour limit shall apply to such deposition.

20.    Notwithstanding the time limits set forth in Paragraphs 18 and 19, should Amazon agree to higher time limits for any Coordinated Depositions, or should any order in the Other Pending Actions be entered permitting higher time limits for any Coordinated Depositions, such higher time limits shall apply to any such Coordinated Depositions taken in this action.

21.    In the event Amazon seeks to coordinate testimony from one or more Amazon Representatives offered in response to a deposition notice to Amazon pursuant to Section 2025.230 of the California Code of Civil Procedure, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice. Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony and appropriate time limits for said deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People may elect to proceed with the deposition on the topics as noticed, or to meet and confer concerning coordination, in their sole discretion. For the avoidance of doubt, nothing in this Paragraph shall affect Amazon's right to object to any deposition notice issued by The People pursuant to Section 2025.230 on any grounds.

**IV.    DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THE OTHER PENDING ACTIONS.**

22.    In the event Amazon receives a notice or subpoena for the deposition of Amazon or an Amazon Witness in any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and provide The People a copy thereof within seven (7) calendar days of receiving such deposition notice, and at least fifty-three (53) calendar days before the date on which the deposition is noticed. For the avoidance of doubt, notice fails to comply with this Paragraph if it is not provided at

least fifty-three (53) calendar days before the date on which the deposition is first noticed unless Amazon is served with the deposition notice less than sixty (60) calendar days before the date on which the deposition is first noticed, in which case, notice to The People fails to comply with this Paragraph if Amazon does not provide such notice within three (3) business days after timely service upon Amazon in such Other Pending Actions and at least thirty (30) calendar days before the date on which the deposition is first noticed.

23.    Upon receipt of a notice from Amazon for the deposition of an Amazon Witness, The People shall have fourteen (14) calendar days to notify Counsel for Amazon in writing whether The People also intend to notice such Amazon Witness for deposition in the present Action such that the deposition will be a Coordinated Deposition, and whether The People are able to proceed with such deposition as noticed in the Other Pending Action. For avoidance of doubt, the timing provisions for issuing a deposition notice under Paragraph 13 shall not apply in such circumstances.

24.    To the extent The People elect to proceed with a Coordinated Deposition but are unavailable to proceed with the deposition on the date noticed in an Other Pending Action, or to the extent The People require reasonable additional time to prepare, the Parties will use best efforts to coordinate with each other and the appropriate Other Plaintiffs' Attorneys in the Other Pending Actions to identify mutually-agreeable dates for the coordinated deposition taking into consideration the status of discovery and operative case schedules in this Action and the relevant Other Pending Actions.

25.    The People in their sole discretion may elect to participate in a Coordinated Deposition whether or not Amazon provides notice in compliance with Paragraph 22. To the extent The People elect to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action, the Coordinated Deposition will be subject to the deposition time limits set forth above in Paragraphs 18 and 19.

26.    To the extent The People decline to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action which occurs on a date more than sixty (60) calendar days after Amazon provides written confirmation that is has substantially completed its document production in response to The People's requests for production of documents through and including Set Six, and for which Amazon has provided notice to The People in accordance with Paragraph 19, The

1  People may not seek the deposition of that same Amazon Witness in this Action without Amazon's

2  consent or leave of the Court. For the avoidance of doubt, the limitations of this Paragraph shall have no

3  effect, and The People shall be free to notice and take any deposition of an Amazon Witness, where

4  Amazon fails to provide notice that complies with Paragraph 22 and The People decline to participate in

5  a Coordinated Deposition of that Amazon Witness. For the further avoidance of doubt, nothing in this

6  Paragraph, or otherwise in the Coordination Order, bars The People from seeking agreement from Amazon

7  or leave of Court to take additional testimony from any Amazon Witness based on documents produced

8  by Amazon after the date Amazon represents it has substantially completed its document production.

9      27.    In the event Amazon seeks to coordinate testimony from one or more Amazon

10  Representatives offered in response to a deposition notice to Amazon in its corporate capacity issued in

11  any Other Pending Action, Amazon shall identify the designated topics for which it proposes offering

12  coordinated testimony at the time Amazon serves its responses and objections to such deposition notice.

13  Amazon shall provide a copy of any such deposition notice, and any responses and objections thereto,

14  contemporaneously with the service of Amazon's responses and objections. Thereafter, the Parties agree

15  to meet and confer in good faith concerning the coordination of such deposition, including the scope of

16  testimony for any coordinated proceeding, the participants, and any appropriate time limits for said

17  deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People

18  may elect to meet and confer concerning coordination in their sole discretion.

19  **V.    NON-PARTY WITNESS DEPOSITION COORDINATION**

20      28.    In the event Amazon receives a notice or subpoena for the deposition of a Non-Party in

21  any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and

22  provide The People a copy thereof within seven (7) calendar days of receipt. Thereafter, should either

23  Party seek to depose such Non-Party in a Coordinated Deposition in this Action, the Parties agree to meet

24  and confer to facilitate such coordination to the fullest extent reasonably practicable.

25      29.    The Parties agree that a Party seeking the deposition of a Non-Party witness will issue and

26  send to the other Party a deposition notice with a proposed date for the deposition, which absent mutual

27  agreement or leave of Court for good cause, shall not be set for a date any earlier than sixty (60) calendar

28  days from the date the Party serves the deposition notice. For the avoidance of doubt, under this

Paragraph, a Party may serve a deposition notice without first obtaining or issuing a subpoena to compel attendance of the Non-Party witness at the deposition.

30.    The Party receiving the deposition notice shall, within fourteen (14) calendar days, advise the Party seeking the deposition as to whether it intends to cross notice the deposition and either (i) confirm the proposed date, or (ii) use best efforts to propose reasonable alternative dates within fourteen (14) calendar days of the originally noticed date.

31.    If the Party receiving the deposition notice wishes to seek documents to prepare for or participate in the deposition of the Non-Party, the Party receiving the deposition notice shall also, within fourteen (14) calendar days, either (i) serve any subpoena for production of such documents on the Non-Party; or (ii) in the event a subpoena must be domesticated for service in a foreign jurisdiction, provide notice of a forthcoming subpoena to the original noticing Party and the Non-Party, including a copy of said subpoena, and use best efforts to promptly domesticate and serve such subpoena. The Party serving such a document subpoena on a Non-Party shall use its best efforts to enforce the subpoena, so as not unreasonably delay the taking of the Non-Party deposition noticed by the other Party.

32.    If the Party receiving the deposition notice fails to comply with the timing requirements set forth in the preceding Paragraph 28, it shall waive all rights to move to continue or reopen the deposition of the Non-Party, or seek any other relief, based on production of responsive documents after the deposition.

33.    Notwithstanding any agreed date and to minimize, to the extent possible, the burden on and inconvenience to Non-Parties, the Parties further agree to work in good faith to make any mutually agreeable modifications to the date(s) for each deposition, including to coordinate, to the extent reasonably possible, with the Other Plaintiffs' Attorneys for their respective depositions of the same Non-Party in the Other Pending Actions and to account for the availability of the Non-Party, the availability of counsel for the Parties and Non-Parties, any burden and inconvenience to the Non-Party, and the needs of the Parties to seek documents from each other or the Non-Party and/or its affiliated entities in advance of the deposition if a subpoena for production of documents is timely served or noticed pursuant to Paragraph 28.

34.    Notwithstanding anything in this Coordination Order, the Parties shall retain all rights to depose any Non-Party witness by providing the notice required by statute if the sixty (60) day notice

9

period contemplated herein would require the deposition of a Non-Party witness to take place after the close of fact discovery in this Action. If the Non-Party witness is not reasonably available on the date noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer within five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the noticed deposition, which may be conducted after the close of fact discovery in the event the Non-Party witness cannot reasonably be made available on an earlier agreed-date.

35. Notwithstanding anything in this Coordination Order, apart from the failure to timely serve or notice a subpoena for production of documents as outlined in Paragraph 28, the Parties retain all rights to formally object (by motion or otherwise) to the taking of any Non-Party's deposition or to the timing or scope of any such deposition in this Action. For the avoidance of doubt, provided a Party complies with the timing requirements set forth in Paragraph 28 regarding service or providing notice of a subpoena for documents, the Party retains all rights to formally object (by motion or otherwise) to the taking of any Non-Party's deposition or to the timing or scope of any such deposition in this Action.

36. This Coordination Order does not impose, modify, or waive any discovery obligation, objection, or applicable privilege the Parties may have with respect to the production of documents relating to any Non-Parties except as expressly provided herein. The Parties do not waive any objections to and shall retain all rights to formally object (by motion or otherwise) to any Non-Party discovery in the Action except as expressly provided herein.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2    DATED: April 17, 2024                    Respectfully Submitted,

3    By: /s/ Stephen R. Smerek                By: /s/ Jeffrey M. Davidson
         Stephen R. Smerek                        Jeffrey M. Davidson
4
5    Rob Bonta (SBN 202668)                   Heidi K. Hubbard (pro hac vice)
     Attorney General of California           Kevin M. Hodges (pro hac vice)
6    Paula Blizzard (SBN 207920)              Jonathan B. Pitt (pro hac vice)
     Senior Assistant Attorney General        Carl R. Metz (pro hac vice)
7    Natalie S. Manzo (SBN 155655)            Carol J. Pruski (Bar No. 275953)
     Jamie L. Miller (SBN 271452)             WILLIAMS & CONNOLLY LLP
8    Supervising Deputy Attorneys General     680 Maine Ave. SW
     Robert B. McNary (SBN 253745)            Washington, DC 20024
9    Stephen R. Smerek (SBN 208343)           Tel.: (202) 434-5000
10   Lauren J. Pomeroy (SBN 291604)           Fax: (202) 434-5029
     Carolyn D. Jeffries (SBN 319595)
11   Nell G. Moley (SBN 295498)               Jeffrey M. Davidson (Bar No. 248620)
     Komal Patel (SBN 342765)                 Cortlin H. Lannin (Bar No. 266488)
12   Deputy Attorneys General                 Neema T. Sahni (Bar No. 274240)
13   300 South Spring Street, Suite 1702      COVINGTON & BURLING, LLP
     Los Angeles, CA 90013                    415 Mission Street, Suite 5400
14   Tel: (213) 269-6058                      San Francisco, CA 94105
                                              Tel: (415) 591-6000
15   Attorneys for Plaintiff and Cross-Defendant,   Fax: (415) 591-6091
     The People of the State of California    Attorneys for Defendant and Cross-Claimant,
16                                            Amazon.com, Inc.

17

18

19
                              [PROPOSED] ORDER
20

21        Pursuant to the above stipulation, IT IS SO ORDERED

22

23   DATED: _Apr. 17, 2024_                   _____
24                                            Hon. Ethan P. Schulman
                                              Judge of the Superior Court
25

26

27

28

30                                    11

**CERTIFICATE OF ELECTRONIC SERVICE**
(CCP 1010.6(6) & CRC 2.260(g))

I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On April 17, 2024, I electronically served STIPULATED COORDINATION PROTOCOL AND ORDER via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:  APR 1 7 2024

Brandon E. Riley, Court Executive Officer

By: _Felicia Green_
Felicia Green, Deputy Clerk

# EXHIBIT E

```
                                              Page 1
 1          SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2               FOR THE COUNTY OF SAN FRANCISCO
 3
 4   THE PEOPLE OF THE STATE OF        )
     CALIFORNIA,                       )
 5                                     )
             Plaintiff,                )
 6                                     )
             vs.                       ) Case No.
 7                                     ) CGC-22-601826
     AMAZON.COM, INC.,                 )
 8                                     )
             Defendant.                )
 9   _____   )
10
11
12          REPORTER'S TRANSCRIPT OF PROCEEDINGS
13             CASE MANAGEMENT CONFERENCE
14                  DEPARTMENT 304
15
16          HEARD BEFORE JUDGE ETHAN P. SCHULMAN
17                 Tuesday, April 16, 2024
18                 San Francisco, California
19
20
21
22
23   Stenographically Reported By:
24   Hanna Kim, CLR, CSR No. 13083
25   Job No. 6614754
```

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF SAN FRANCISCO

3

4    THE PEOPLE OF THE STATE OF        )
     CALIFORNIA,                       )
5                                      )
             Plaintiff,                )
6                                      )
             vs.                       ) Case No.
7                                      ) CGC-22-601826
     AMAZON.COM, INC.,                 )
8                                      )
             Defendant.                )
9    _____   )

10

11

12          REPORTER'S TRANSCRIPT OF PROCEEDINGS, CASE

13   MANAGEMENT CONFERENCE, heard before His Honor, Judge

14   Ethan P. Schulman, on Tuesday, April 16, 2024, in

15   Department 304, 400 McAllister Street,

16   San Francisco, California, before Hanna Kim, CLR,

17   Certified Shorthand Reporter, No. 13083.

18

19

20

21

22

23

24

25

Page 3

1                   APPEARANCES OF COUNSEL:

2

3    For Plaintiff, The People of the State of

4    California:

5               DEPARTMENT OF JUSTICE

6               BY:  STEPHEN R. SMEREK, ESQ.

7               BY:  LAUREN POMEROY, ESQ.

8               300 S. Spring Street

9               Los Angeles, California 90013

10              213.269.6409

11              stephen.smerek@doj.ca.gov

12

13

14   For Defendant Amazon.com, Inc.:

15              WILLIAMS & CONNOLLY LLP

16              BY:  KEVIN HODGES, ESQ.

17              BY:  CARL R. METZ, ESQ.

18              BY:  ANDREW LEMENS, ESQ.

19              680 Maine Avenue, SW

20              Washington, DC 20024

21              202.434.5899

22              khodges@wc.com

23              cmetz@wc.com

24              alemens@wc.com

25

Page 4

1          APPEARANCES OF COUNSEL:   (CONTINUED)

2

3   For Defendant Amazon.com, Inc.:

4           COVINGTON & BURLING LLP

5           SALESFORCE TOWER

6           415 Mission Street

7           San Francisco, California 94105

8           415.591.7021

9           jdavidson@cov.com

10

11

12   Also Present:

13           FELICIA GREEN, Clerk of the Court

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

1          REPORTER'S TRANSCRIPT OF PROCEEDINGS

2               CASE MANAGEMENT CONFERENCE

3                San Francisco, California

4                Tuesday, April 16, 2024

5              1:30 p.m., Pacific Daylight Time

6                       --o0o--

7          THE COURT:  Good afternoon.

8          Have a seat.

9          MR. SMEREK:  Good afternoon.

10         MR. HODGES:  Good afternoon, Your Honor.

11         THE COURT:  All right.  People versus

12    Amazon.

13         May I have principal appearances.

14         MR. SMEREK:  Your Honor, Stephen Smerek

15    from the Department of Justice.

16         With me today are Lauren Pomeroy and Nell

17    Mally [phonetic], also Deputy Attorneys General.

18         THE COURT:  Good afternoon.

19         MR. HODGES:  Good afternoon, Your Honor.

20    Kevin Hodges from Williams & Connolly on behalf of

21    Amazon.

22         With me today are Carl Metz, Jeff

23    Davidson, and Andrew Lemens.

24         THE COURT:  All right.

25         Good afternoon, everybody.  I've reviewed

Page 6

 1   your joint case management statement, including the
 2   appended draft stipulated coordination protocol, and
 3   I've also reviewed the revised Appendix A that Mr.
 4   Smerek provided me with by e-mail, I think it was
 5   yesterday, but perhaps it was Friday.
 6            I think that there are really only two
 7   issues to address today, although, as always, I'm
 8   open to discussing anything else that you think is
 9   important.
10            The first is the overall case schedule.
11   And the second is the one remaining contested issue
12   in the coordination pro- -- protocol, which relates
13   to limits on -- on time limits on depositions.
14            If there are other issues, as always,
15   I'm -- I'm happy to hear from the parties.  And if
16   I've missed something, I am sure you will let me
17   know.
18            With respect to the -- well, and -- and --
19   and let me say, by way of introduction to both of
20   these issues, that what we are going to do today,
21   we'll have a discussion about both of them.  And I
22   will then issue final orders on both of them because
23   I think the parties need the certainty provided by
24   the overall case schedule and by any coordination
25   protocol.

1          And rather than continue to meet and

2    confer about this and continue to have case

3    management conferences on it, I think -- I think we

4    need to get to somewhere.

5          That somewhere may not be a place that one

6    party or the other is entirely happy with, but I

7    think the good news about both of these is, they do

8    provide enough certainty for the parties to engage

9    in advanced planning, particularly, as I'm thinking

10   about the case schedule.

11         And the time frame that we're talking

12   about, at least from this vantage point, seems far

13   enough away that we ought to be able to make this

14   work.

15         I'll -- I'll just add one more kind of

16   time honored epigram to all of this, which is at

17   some point, from a judicial standpoint, what the

18   parties need is a ruling.  Whether it's a good

19   ruling or a bad ruling, they need some certainty.

20   And that's -- that's what I hope to provide.

21         I do hope to provide it in a reasonable

22   way and with your input, but I do think you need

23   those rulings.

24         So let's turn to the case schedule first.

25         The -- the revised Appendix A that

Page 8

1    Mr. Smerek provided me with, I take it, summarizes

2    the parties' most recent positions as to the

3    proposed deadlines that you all have been able to

4    arrive at.

5             Is that right?

6             MR. SMEREK:  That is correct, Your Honor.

7             MR. HODGES:  That's correct.

8             THE COURT:  Okay.

9             And from a big picture, obviously what's

10   driving this is the need, as much as possible, to

11   coordinate what goes on in this litigation with the

12   FTC action and the dates set by Judge Chun in that

13   case.

14            So the parties have agreed, for example,

15   to the same deadlines that Judge Chun set -- again,

16   if I'm pronouncing his name correctly; I hope I

17   am --

18            MR. HODGES:  That's correct.

19            THE COURT:  -- with respect to the

20   deadline to serve written discovery requests to file

21   discovery motions and the close of fact discovery,

22   the latter on August 8th of 2025.

23            Where the parties -- well, and I'll add,

24   your discussions have led to a narrowing of your

25   differences later in the schedule where the parties

Page 9

```
 1   diverge is -- tends to be toward the end of the
 2   schedule leading up to the trial date.
 3            And, of course, the trial date that's been
 4   set in here is approximately 60 days before the
 5   trial date that's set in the Federal Court.
 6            Our trial date is Oct- -- is, I'm sorry,
 7   August 10, 2026.  The FTC trial date, August -- boy,
 8   I don't know what my problem is today -- October 13,
 9   2026.
10            And as I look at, if you will, the end of
11   the schedule, that is, particularly looking at the
12   discovery, the expert discovery deadlines and then
13   the dispositive motion deadlines, Amazon's position
14   for the most part tracks exactly the dates that are
15   in place in the Federal Court and the FTC action.
16   The Attorney General is seeking somewhat earlier
17   dates, although the gaps have really narrowed pretty
18   considerably.
19            I am inclined to adopt The People's latest
20   proposal, but I want to explain why, and, of course,
21   I do want to hear from Amazon.
22            First, the -- with respect to dispositive
23   motions, the -- The People's position is that the
24   deadline to file dispositive motions should be
25   March 6, 2026.
```

Page 10

1          Amazon suggested a date 30 days

2   thereafter, on April 6th, 2026, the same date that

3   Judge Chun said, and then basically the -- the

4   schedule on those motions differs by approximately

5   that 30 days.

6          The -- the concern -- the concerns that I

7   have with respect to Amazon's proposal are twofold:

8          Number 1 -- and this is a -- admittedly a

9   small point -- as I read Judge Chun's order, the --

10  if I can find it -- the dispositive motions would be

11  to use his language "noted," which I think we say

12  "notice" under State procedure, for hearing on

13  June 15, 2026, with the last day to file them being

14  April 6, 2026.

15         That would not accord with California

16  procedure, which, of course, requires at least

17  75 days' notice for a dispositive motion.  If my

18  computer calendar is correct, that would afford only

19  seven-day -- 70 days' notice.  So that wouldn't work

20  under California procedure.

21         More significantly, because we can agree

22  to disagree about five days -- or I suppose seven

23  days of when -- it's two days for electronic

24  service -- the schedule that Amazon's proposing here

25  would have the briefing completed on June 15, 2026,

Page 11

1  which means that the Court would not be able to

2  actually hold a hearing on those motions until

3  presumably at least a week or so thereafter, so that

4  I would have an opportunity to read the reply brief

5  or briefs.

6          And by that point, we are really pushing

7  up very uncomfortably close to the August 10 trial

8  date, which I'm reluctant to do.  I'm reluctant to

9  do that from my own selfish perspective in terms of

10  my own workload right before trial, but, more

11  significantly, more in terms of the parties'

12  positions.

13          We've already discussed this, I think,

14  before, that it would be preferable if there are

15  motions that could be brought what in Federal Court

16  would be called motions for partial summary judgment

17  and here we call motions for summary adjudication,

18  for example, of a given cause of action, if they

19  could be brought earlier in the case, not only from

20  the standpoint of judicial workload; but, again,

21  more importantly, so that the parties have some

22  certainty by the time we get to a trial date as to

23  which issues are going to go to trial and which

24  aren't.

25          But just leaving open the possibility that

Page 12

```
 1   I'm going to be deciding significant issues at the
 2   last minute before trial is not an attractive
 3   prospect.
 4            So that's a concern that I have, and
 5   that's why I'm kind of, as I say, leaning
 6   tentatively toward adopting The People's so-called
 7   compromised proposal that's set forth in this
 8   revised Appendix A.
 9            With respect to the -- the somewhat
10   earlier deadlines with respect to expert discovery,
11   you know, I -- I'm -- I'm a little less -- I'm a
12   little more agnostic, I guess is the way I can put
13   it.  The Code, of course, in California does not
14   require fact discovery to be closed before expert
15   discovery commences.  But the -- the -- again, the
16   differences there seem relatively minor.
17            They're 30 to 45 to 60 days at most, so
18   I'm not sure those really make a huge difference.
19   But, anyway.
20            So that -- that's where I think I'm coming
21   out on all of this.  And I don't want us to be
22   jammed right before the trial date.  And, therefore,
23   I would prefer the -- the slightly earlier schedule
24   that The People have proposed.
25            Let me put aside for one moment the
```

Page 13

1   $64 million question here, which is, whether there's

2   even going to be a trial in both cases on the dates

3   that both judges have -- have already set; whether

4   those trial dates will hold and how one case may

5   affect the other.  That's -- those are imponderables

6   that I don't think any of us is in a position to

7   predict at this point.

8          That they are imponderables, however,

9   leads me to think that some of the fine distinctions

10  that the parties are trying to draw here may end up

11  becoming academic in any event.

12         But be that as it may, I think we have to

13  go on the assumption that both cases will move on

14  the schedules that were set.

15         So I -- I'm sorry for talking at such

16  length.

17         Mr. Hodges, did you want to address my

18  tentative inclination here to adopt The People's

19  proposal?

20         MR. HODGES:  I do.  Thank you, Your Honor.

21         And I want to say I think the parties have

22  made a good deal of progress --

23         THE COURT:  Yes.

24         MR. SMEREK:  -- on this.  We -- we have

25  talked to the FTC, and I think we generally agree,

Page 14

1   and we agree on what the new fact discovery deadline

2   should be.  It's aligned with the FTC.  We agree

3   generally with the -- with the sequencing of expert

4   reports.  It's just the particular dates.

5           THE COURT REPORTER:  Excuse me, Your

6   Honor.  I'm sorry, Your Honor.

7           THE COURT:  Yes.

8           THE COURT REPORTER:  Could counsel speak

9   into the microphone, please?

10          THE COURT:  So, unfortunately, Mr. Hodges,

11  we need to do something about this.

12          That mic is a dead mic.  If you could take

13  the mic from your counsel table --

14          MR. HODGES:  I will do that.

15          THE COURT: -- and bring it to the podium,

16  I would appreciate it.

17          MR. HODGES:  I can certainly do that.

18          THE COURT:  We have raised this with court

19  staff, and it's...

20          MR. HODGES:  Is this better?

21          (Discussion off the record, with an audio

22          test, 1:47 p.m.)

23          MR. HODGES:  So -- so with respect to the

24  schedule, what -- let -- let me start backwards

25  with -- with the expert issues.

Page 15

1              What -- what we have tried to do is to
2      align our schedule with the schedule in the FTC
3      case, and we think --
4              THE COURT:  Right.
5              MR. HODGES:  -- that there are very good
6      reasons to do that.
7              One is that we don't think it makes sense
8      to identify experts and subjects for experts two
9      months or one month before the close of discovery
10     because we expect that what is going to happen is
11     that there will be a lot of depositions that are
12     taken during that time period.
13             And while hopefully we'll have a lot of
14     expert work done in advance, final decisions about
15     who we will need, what they will need to speak to,
16     will be heavily influenced by the discovery that
17     happens at the very end of the fact discovery
18     period.
19             THE COURT:  Really?
20             MR. HODGES:  Yes.
21             THE COURT:  I ask skeptically, don't you
22     all really know after a -- a lengthy pre-filing
23     investigation and an extensive complaint what the
24     issues are and what experts are going to be asked to
25     address?

Page 16

1              MR. HODGES:  This will be an expert

2      intensive case.

3              THE COURT:  No question about it.

4              MR. HODGES:  And -- and I think that the

5      expert opinions will be very detailed and probably

6      very comprehensive.  And a lot of that will be built

7      on what the testimony is that comes in during the

8      case.

9              My experience is, particularly in a case

10     where you have multiple parties coordinating

11     depositions, that a lot of depositions tend to move

12     to the very end of the period.  And so I -- I think

13     we're going to get not only a lot of depositions at

14     the end, but a lot of days of testimony that will

15     need to be processed, and it will -- it will

16     influence our lineup of experts and what they will

17     testify to.

18             And the -- the -- the prehearing

19     investigation was, you know, obviously by the

20     Attorney General's office, not by us.  So while we

21     know what our witnesses said, we don't know the

22     entirety of that record.

23             There -- there's no reason why expert

24     disclosures need to be made before the close of fact

25     discovery.  That -- that's not the case in the

 1  current schedule.  It doesn't really have

 2  significant benefit.  It -- the -- the -- the AG's

 3  schedule does make dispositive motions about two

 4  weeks earlier, but I submit that that problem is not

 5  solved by anyone's schedule right now.

 6        You know, we were here last time, and --

 7  and you expressed concerns about the length that

 8  would be needed to dis- -- to resolve summary

 9  judgment motions and to process them and to make use

10  of them at trial.  I -- I think all of these time

11  periods are short.

12        And I don't think that moving expert

13  discovery into the fact discovery period really

14  solves the problem.  So I -- I don't think there's

15  much benefit.

16        THE COURT:  Well, but, I mean, really,

17  if -- if I may interrupt, it's not really a question

18  of moving it into the fact discovery period.

19        The parties agreed that fact discovery

20  will close August 8th of 2025; right?

21        MR. HODGES:  That's correct.

22        THE COURT:  And the opening reports, the

23  competing deadlines here are the -- the date that

24  The People is proposing is August 29th, roughly

25  three weeks later, and you all are proposing October

Page 18

1    3rd of 2025.

2            So it's not a huge difference; but, in any

3    event, it is following the close of fact discovery

4    in each case.

5            MR. HODGES:  Well -- well, the -- the

6    initial disclosures are not.  The initial

7    disclosures of expert information are made in July

8    of 2025.

9            THE COURT:  Right, but that's just --

10   presumably that's the identity of the experts and

11   their CVs and --

12           MR. HODGES:  And subject matters.

13           THE COURT:  -- a brief substance -- you

14   know, a brief summary of the -- of their testimony,

15   which I shouldn't say this, but is often quite

16   uninformative.

17           MR. HODGES:  Although it does -- it does

18   require substantive decisions about which experts --

19           THE COURT:  Sure.

20           MR. HODGES:   -- will cover which topics.

21           THE COURT:  Sure.

22           MR. HODGES:  But -- but there are other

23   reasons why lining up the FTC and the schedule in

24   this case makes sense.  I mean, these are

25   overlapping cases.  There will be coordinated

1  discovery.  We will be issuing expert reports that

2  will largely overlap.

3          It doesn't make much sense to have expert

4  reports staggered a couple weeks apart so that an

5  expert issues a report and then issues a -- a

6  similar report a couple weeks later.

7          We -- you know, we will have experts that

8  have other commitments and requiring them to have

9  these kind of staggered every couple weeks deadlines

10 is -- is burdensome for them, and it doesn't really

11 add any value.  And we -- we are going to be issuing

12 similar reports in all the cases, and we have -- we

13 have lined up the fact discovery deadlines in the

14 two cases.  It would make sense to line up the

15 expert discovery deadlines in the same way.

16         THE COURT:  All right.  Well, let me ask

17 you a question, and I'll Mr. Smerek the same

18 question.

19         MR. HODGES:  Uh-huh.

20         THE COURT:  If I'm convinced by you on

21 this issue, that is, as to the expert -- the timing

22 of the expert reports, you have not yet addressed my

23 concerns about dispositive motions.

24         But what if I were to split the baby, as

25 it were, and adopt Amazon's proposal with respect to

Page 20

```
1    the expert deadlines and The People's proposal with
2    respect to the dispositive motions, how would that
3    work?
4              You've got expert discovery closing in
5    that situation February 23, 2026, and a deadline to
6    file any motions -- dispositive motions on
7    March 6th, which is really just, what, two weeks
8    later.
9              MR. HODGES:  It's very quick.  It's very
10   quick.
11             THE COURT:  That's -- I mean, that's a
12   concern.
13             MR. HODGES:  I understand.  No, I -- I
14   understand.
15             But if we -- the -- the problem is, we're
16   going to have two overlapping but different sets of
17   deadlines for --
18             THE COURT:  But that's --
19             MR. HODGES:  -- probably the same experts.
20             THE COURT:  Right.
21             But that -- that -- that tension flows
22   from the fact that you have two parallel cases here
23   with two different trial dates.
24             MR. HODGES:  I -- I understood that.
25             THE COURT:  And by the way, to add to
```

Page 21

1    my -- I'm sorry to go off on a tangent, but to add
2    to my sort of laundry list of the other
3    imponderables, there's another interesting issue,
4    which is, how long are these trials going to take?
5            I dare say that if I asked both sides that
6    question right now, you would look at me blankly and
7    say, "I have no idea.  We're going to have to really
8    get into discovery to figure that out."
9            So, you know, it's -- it's another
10   interesting question whether -- if there's, in fact,
11   a trial that begins here on August 10th of 2026,
12   whether it's going to be over by the time the FTC
13   trial is scheduled to commence on October 13 of the
14   same year.
15           MR. HODGES:  Understood.
16           And that's -- and that's difficult to
17   predict.
18           We've also taken to heart your suggestion
19   that we file early dispositive motions, partial
20   dispositive motions, and we hope to be able to do
21   that.  And we hope that that will have an influence
22   on what the expert discovery will look like.  And so
23   we'd like for there to be enough time in the
24   schedule that we could actually make use of any
25   rulings that the Court issues on those --

Page 22

1          THE COURT:  All right.

2          Well, then, let me -- let me ask you a

3    slight variance on the question that I just asked

4    you.

5          Should I split the baby by adopting

6    Amazon's position with respect to the expert

7    disclosure deadlines, but The People's position on

8    the dispositive motions?  Would you be comfortable

9    with that as an outcome?

10          MR. HODGES:  Yes, I think we would.

11          THE COURT:  Okay.  All right.

12          MR. HODGES:  Just -- just one other -- one

13    other point, Your Honor.

14          THE COURT:  Yeah.

15          MR. HODGES:  You mentioned the noting date

16    in the FTC action.  The -- the noting date is the

17    date that's selected that determines the briefing

18    schedule un- -- under the local rules --

19          THE COURT:  Okay.

20          MR. HODGES:  -- of the Western District of

21    Washington.  It's not the date of argument.

22          THE COURT:  Okay.

23          MR. HODGES:  It -- it could be, but it --

24    it doesn't determine the date of argument.

25          THE COURT:  Okay.  All right.

Page 23

1              I wasn't sure quite what it meant, but I

2    didn't have the time or, frankly, interest to read

3    the local rules of the Western District of

4    Washington.

5              MR. HODGES:  Thank you, Your Honor.

6              THE COURT:  All right.  Thank you.

7              Mr. Smerek, let me -- let me ask you to

8    start where I left off with Mr. Hodges.

9              What if I split the baby here and adopted

10   expert disclosure deadlines that your friends have

11   suggested and the dispositive motion deadlines that

12   The People have suggested, would you be amenable to

13   that, if not, thrilled by it?

14             MR. SMEREK:  So, Your Honor, I guess

15   answering in reverse order, I -- I can say that I

16   wouldn't necessarily be thrilled by that, but I -- I

17   do think that that would be an option with one

18   caveat.

19             THE COURT:  All right.

20             MR. SMEREK:  And -- and that caveat would

21   revolve around the -- the dates for the exchange,

22   as -- as Your Honor noted, of the identities of the

23   experts.

24             THE COURT:  Okay.

25             MR. SMEREK:  And what I would say kind of

Page 24

1    stepping back is, Your Honor's comments at the start
2    as to why you were tentatively favoring our proposal
3    were exactly the reasons that we offered it as a
4    compromise in the first place.

5            And so, we worked from the comments that
6    Your Honor had made at the last case management
7    conference; first, that you were skeptical about
8    having a close of fact discovery earlier.  We had
9    initially proposed April, four months earlier, with
10   the ability to coordinate depositions after that.
11   And you showed some skepticism with respect to how
12   that would actually be accomplished and how that
13   would impact expert discovery.

14           And then the other comment you made at the
15   last CMC was that you would like to have more time
16   with the briefing and the comments that you repeated
17   today.

18           THE COURT:  Right.

19           MR. SMEREK:  And so this proposal and --
20   and, in particular, our -- our last compromise was
21   directed with that in mind.

22           I think the starting point to recognize
23   here is, we did agree that coordination -- we do
24   agree that coordination would be a positive thing.
25   And we did volunteer request, if Your Honor might

Page 25

```
 1    remember, to continue our fact discovery period for
 2    six months to provide an opportunity that there
 3    could actually be some meaningful coordination of
 4    Amazon depositions.
 5              At -- at the same time we made that, we
 6    also understood we're -- we're having difficulty
 7    getting documents, which we've started to get
 8    documents through the litigation; and so, that
 9    additional time was also separately necessary.
10              We did not seek to align the schedules at
11    first because we recognize the difficulties, the
12    imponderables that Your Honor mentioned, with
13    respect to what -- what that meant for -- on the
14    back end for the -- the expert and summary judgment
15    motion and trial dates.
16              And recognizing that we filed our case a
17    full year earlier than the FTC action, when we met
18    and conferred, we agreed for Amazon to -- to exceed
19    to Amazon's request for coordination purposes so
20    that their likely more senior people, who will be
21    deposed at the end of the fact period, would not be
22    subject to multiple depositions in different cases.
23    We agreed to extend fact discovery through
24    August 8th, so a full ten-month discovery period.
25              So we've -- we've already agreed to an
```

Page 26

 1  extension for the benefit of Amazon for the

 2  coordination of those depositions, which now,

 3  because they're exactly aligned, any overlapping

 4  deposition is -- now potentially will be coordinated

 5  with orders entered in both cases.

 6         With that in mind, we did not want to

 7  disrupt at least what is currently our trial

 8  schedule on the assumption, as Your Honor put out,

 9  we cannot predict the future, but we can assume that

10  the dates will hold and we have to plan and

11  prosecute the case accordingly.

12         And so with that in mind and recognizing

13  the concerns that Amazon had raised about

14  overlapping expert discovery, we agreed to push out

15  the opening expert reports where the opinions will

16  be disclosed until, as Your Honor noted, not only

17  after the close of fact discovery, but three weeks

18  after.

19         But importantly there, we think there is

20  no reason that the parties cannot identify the

21  experts that they intend to have -- to have

22  providing reports.  And indeed the -- the real issue

23  there, as we see it, as Amazon represented at the

24  last conference, they are likely to have as -- as

25  many as ten or more experts, experts that we might

Page 27

1    not at this point even necessarily imagine that they

2    would have.  And we will need to retain,

3    potentially, experts for rebuttal reports for

4    opinions that they have.

5              And so, we think it is a risk to the

6    current schedule if those experts -- if we don't at

7    least know who the experts are who will be

8    presenting opinions so that both parties can know

9    that they have the experts lined up to be giving the

10   reports thereafter.

11             THE COURT:  All right.

12             So if I may interrupt you at this point,

13   the substance in here may imply yet another

14   compromise, which is that the Court keep the earlier

15   disclosure deadlines, i.e., July 7 and August 7,

16   2025, for the identities of witnesses, but perhaps,

17   and to your dismay, perhaps keep the -- the report

18   deadlines in line with those set in the Federal

19   Court.

20             MR. SMEREK:  Your Honor, and -- I -- I

21   think you went exactly where -- where I was going,

22   and that was my caveat.  And that is, I don't think

23   we would have an issue with the current report dates

24   and the close of expert discovery if it is that the

25   initial disclosures remained as we have proposed.

Page 28

1          And act- -- actually what I would say to
2    Your Honor is, and then if the dates for summary
3    judgment -- for the filing of summary judgment
4    motions and the briefing remained as we have
5    proposed, we would agree with that schedule.
6          And -- and just to be clear, the -- the
7    real difference in our schedule we saw as that
8    starting of the -- the first opening expert reports
9    and most of the time periods that the parties agreed
10   to thereafter were either identical or very close.
11         We had proposed to Amazon early in the
12   negotiations, before the original pretrial schedule,
13   a shorter period of time between the close of expert
14   discovery and dispositive motions, and they pushed
15   back.  And I think the original schedule had maybe
16   two or three months for them to file opening
17   reports.
18         Given the direction from Your Honor and
19   what we heard today about the hope to have earlier
20   dispositive motions, we absolutely think that
21   Your Honor could adopt a schedule exactly if you --
22   as you have proposed now, which keeps our initial
23   disclosure dates, Amazon's expert report dates, and
24   then our proposed dates for dispositive motions.
25              THE COURT:  All right.

1           So just to be clear, because this is what

2    I'm coming up with and it's a mess, I'm -- I'm

3    holding up my copy of the revised appendix with a

4    lot of scribbling on it.

5           The suggestion is, then, that the July 7

6    and August 7, 2025, deadlines for exchange of

7    information would be adopted by the Court.

8    Thereafter, in the next four rows, the Amazon

9    deadlines for expert reports would be adopted, i.e.,

10   October 3, 2025; December 1, 2025; January 26, 2026;

11   and February 23, 2026.

12          And thereafter, then the dispositive

13   motion deadlines would be those proposed by The

14   People beginning on March 6 of 2026 and going

15   through April 17 and May 15.

16          MR. SMEREK:  Thank you, Your Honor.

17          THE COURT:  What do you think, Mr. Hodges?

18          MR. HODGES:  I -- I -- I think --

19          THE COURT:  I feel like I'm presiding over

20   a mediation here, but maybe we're getting closer to

21   something that everybody can live with.

22          MR. HODGES:  Yeah, a mediation or an

23   auction, Your Honor.

24          THE COURT:  Exactly.

25          MR. HODGES:  I -- I -- I find it hard to

Page 30

```
 1   object too strenuously, but I -- I do think
 2   that's -- identifying experts and subjects before
 3   the close of discovery is going to lead to
 4   supplemental disclosures after discovery is -- is
 5   over.  So I'm -- I'm not sure, you know, how much
 6   merit there is to -- to doing it this way.
 7              I also find it hard to believe that either
 8   party will have to go out and retain experts after
 9   seeing disclosures in a case of this nature.  So
10   I -- I -- I don't think those concerns are really
11   big motivators here.
12              THE COURT:  Okay.
13              MR. HODGES:  But I -- I -- I don't object
14   to that approach.
15              THE COURT:  All right.
16              Well, that will be the approach that's
17   adopted.
18              And let me add one more final modest
19   proposed amendment here, which is in the third --
20   no.
21              In the fourth row of revised Appendix A,
22   you have competing proposals for the deadline for
23   the parties to issue their demand.
24              It seems to me that, in effect, by
25   ordering the date for disclosure, the demand is, in
```

Page 31

```
 1   effect, deemed to have been made.  And I don't think
 2   you need a box for that.
 3             MR. SMEREK:  We can agree with that,
 4   Your Honor.
 5             MR. HODGES:  We -- we agree.
 6             THE COURT:  Okay.  All right.
 7             So with some difficulty and with the hope
 8   that I don't mess this up when I adopt it, that will
 9   be the case schedule.
10             The first three are -- are agreed upon.
11   We're omitting the fourth, which we just mentioned.
12   And then we've got the other deadlines that -- that
13   we've discussed.  Okay.
14             Coordination protocol.
15             The parties disagree on one topic, which
16   is contained in competing versions of Paragraph 17
17   of the coordination protocol relating to deposition
18   time limits.  And you've argued at some length on
19   both sides about your competing versions of that.
20             I guess I want to ask a couple of
21   questions, and then I actually have my own idea on
22   where this ought to come out.  But I don't want
23   that -- unlike on the case schedule, I don't want to
24   tip my hand until I hear from you first.
25             So, you know, one of the issues relates --
```

Page 32

1  and maybe we'll start with this issue, first.

2          One of those issues -- one of the issues

3  relates to the cases in which the parties are

4  agreeing that a coordinated deposition may be taken

5  for two days rather than one day.  I'm

6  oversimplifying here, but you know which provision

7  I'm talking about.  And so, this is subparagraph b,

8  as in "boy," of The People's proposed Paragraph 17

9  and subparagraph d, as in "dog," of Amazon's.

10          And essentially the thought is here that,

11  where there are going to be coordinated witness

12  depositions that is coordinated with other

13  Plaintiffs' counsel, whether it's the FTC or private

14  Plaintiffs' class-action lawyers in the other

15  coordinated actions, that there are going to be some

16  number of witnesses, who you all will agree in

17  advance, tend be deposed for two full days, provided

18  that certain conditions are met, rather than the

19  kind of default that you've agreed to, which is a --

20  a full day of -- a single full-day deposition.

21          And my question is a simple one.

22          The People's proposal is that those folks

23  would be limited to three -- I'm -- I'm sorry,

24  Amazon's proposal is that those -- those witnesses

25  would be limited to three.  The People's proposal is

Page 33

```
 1   that there would be ten such witnesses.
 2             And my question is, where do those numbers
 3   come from?  The -- I -- I -- what I want to
 4   understand is, obviously, The People have had a
 5   peek -- more than a peek into a number of Amazon's
 6   witnesses by way of those witnesses from whom they
 7   elicited testimony during your pre-file
 8   investigation, but that presumably is not going to
 9   be the entirety of the witnesses whom they will seek
10   to depose.  And we'll talk about that issue
11   separately.
12             But my question is for both sides, and
13   maybe I'll start with Mr. Smerek first:  Is the
14   reason that you proposed to that be ten because
15   there are ten identifiable individuals whom you
16   already have in mind who you think will require
17   these extraordinarily lengthy depositions by
18   comparisons of the default rule?  Or is it more just
19   kind of in the abstract, trying to anticipate and
20   plan for, you know, the worst case depending on how
21   things go?
22             MR. SMEREK:  Thank you, Your Honor.
23             So I -- I think the answer is a little bit
24   of both.
25             THE COURT:  Okay.
```

Page 34

1            MR. SMEREK:  So first we'll start with,

2    as -- as we've set forth and as Your Honor's

3    recognized, the -- the complex case does not have

4    a -- a default time limit.  And here we're talking

5    about depositions that are coordinated, as -- as

6    you've --

7            THE COURT:  Right.

8            MR. SMEREK:  -- indicated.  And so we're

9    talking in some cases about three or four different

10   sets of Plaintiffs' counsel being involved in the

11   examination.  And absolutely there are overlapping

12   issues, but there are many substantive

13   nonoverlapping issues.

14           So the first one is, we actually believe

15   that a default of 14 hours for all of the

16   depositions that we would take would be justifiable

17   where there is, at a minimum, three distinct cases

18   that are really being litigated in the subject

19   matter with third-party vendors, with who- -- excuse

20   me, third-party sellers who sell through the Amazon

21   platform, wholesale suppliers or vendors who sell,

22   and then fulfillment issues, which are not involved

23   in our case, but are a central part of the FTC

24   action.  And then, as well, you have class

25   certification issues that are involved in the

Page 35

1    various Plaintiffs' class actions.

2          So three substantive areas, at least a

3    procedural area for questioning.  So we think that

4    even with the wit- -- ev- -- with witnesses who will

5    have overlap into multiple of those areas, 14 hours

6    in lieu of where we're coordinating the potential of

7    two, three, or even four separate depositions, if it

8    weren't coordinated, would not be unreasonable.

9          But here what we've said is, we have

10   looked at the information that we have.  And we have

11   identified areas within Amazon, sometimes specific

12   individual witnesses or groups, areas within Amazon,

13   where we are still getting information that's still

14   being produced to us, who have responsibility that

15   covers multiple of those aspects such that we would

16   understand there are some witnesses who are, for

17   example, not likely to have information about the

18   wholesale or vendor relationships.

19         And so it's unlikely that we would need

20   perhaps a -- a full two days with people who don't

21   have information broader than only vendors and

22   suppliers or only fulfillment, which we might not

23   participate in at all unless they also had some

24   overlapping information.

25         And so we looked at the number of

Page 36

```
 1    custodians that we have.  We looked at the number of
 2    potential likely witnesses we had and the number of
 3    them who have responsibilities that lie over
 4    multiple different areas where there will be
 5    examination.
 6              And that led us to conclude that ten --
 7    that we would be willing to agree to restrict,
 8    right, what otherwise would be a right under the
 9    Code by agreement down to ten.
10              I would note, as we pointed out in the
11    paper, in the joint statement, that the FTC has
12    proposed a similar structure.  They -- they are
13    still waiting a response from Amazon on that
14    structure, but they've proposed a similar structure.
15    And they have suggested that, based on their view,
16    they need at least 20 of those depositions.
17              And as -- as part of the basis for that,
18    they -- they were not able or they -- they, like --
19    like us, have not identified specific individual
20    witnesses, but they did identify the experience in
21    the recent Google action in which the parties agreed
22    that there would be 16 de- -- or the parties didn't
23    agree.  The -- the Court ordered that as many as 16
24    depositions could go forward in a coordinated
25    fashion between a state action pending in that same
```

Page 37

```
 1   court and a federal action, a -- an action by the
 2   states and an action by the federal government.
 3           And so, they looked at it and said six- --
 4   the -- with the 16 there and given the complexities
 5   in our case, given the multiple different
 6   substantive areas, which wasn't an issue in the
 7   Google case, that 20 was the number.
 8           And so, what we've put forward is that we
 9   are willing to limit, right, what would otherwise be
10   our right under the Code down to ten.  And will we
11   take all ten at two days.  And I do not know that we
12   will.
13           We have not -- we have not gotten all --
14   all of the documents yet.  We're still processing
15   the discovery.  It -- so it may be that we only use
16   eight or nine.  It may be that we need all ten.
17           But here we've also included a provision
18   that if the FTC was -- a coordination order was
19   either agreed to by Amazon and the FTC or entered in
20   that case, that the number of depositions that we
21   would be subject to that two-day cutoff would align
22   with the FTC for the obvious reason that the
23   coordinated deposition would need to align.
24           THE COURT:  Where does it say that?
25           MR. SMEREK:  I believe it's the last line
```

Page 38

1    of the paragraph, but let me pull it out.  It is on

2    page 6, lines 2 to 4.  If -- oh, excuse me, hold on.

3              THE COURT:  Oh, I see, in Paragraph C --

4              MR. SMEREK:  Yes.

5              THE COURT:  -- "Should any order in the

6    other pending actions."  [As read]

7              MR. SMEREK:  Thank you.

8              THE COURT:  All right.

9              MR. SMEREK:  But -- so we have -- we have

10   put thought into this.  We have identified some

11   witnesses that we think are likely to need 14 hours.

12   But also this will depend on our coordination with

13   the FTC and the other private Plaintiffs with

14   respect to how much time they believe they need for

15   witnesses for topics that are not at issue in our

16   case.

17             THE COURT:  All right.

18             Let me -- let -- let me start hinting

19   where I'm going on this.

20             One of the other issues of the three that

21   are teed up here relates to a distinction between

22   witnesses who did testify in the pre-filing

23   investigation and those who didn't.

24             And Amazon points out quite rightly that

25   one can reasonably anticipate that the former

1    category, that is, folks whom you've already had an

2    opportunity to depose, that those depositions, you,

3    in effect, having a head start on them, if you will,

4    and presumably could be completed more quickly than

5    those of witnesses where you've never met the person

6    before and you're starting with their CV and where

7    they went to high school and whatever you all ask in

8    your introductory questions.

9            What if we were to take paragraph --

10   subparagraph b of your proposal, putting aside for

11   the moment how many folks are going to fall within

12   that category, whether it's three or ten or eight or

13   nine or some other number, and take Amazon's

14   carveout to say that that category will not include

15   witness- -- will not include witnesses who have

16   previously testified in a pre-filing investigation.

17           In other words, the folks who fall within

18   the -- the two-day category, The People can

19   coordinate to identify up to some total of those

20   folks, quote, "where the Amazon witness has not

21   previously testified in a pre-complaint

22   investigational hearing in this action or any of the

23   other pending actions."  [As read]

24           That, it seems to me, is a reasonable

25   proposal, and it helps, I think, narrow the

Page 40

```
 1    differences between the parties here in terms of

 2    where you come out.

 3              MR. SMEREK:  So, Your Honor, I -- I guess

 4    I would start with that that is certainly a better

 5    proposal than Amazon has made.  I think it would --

 6    it is certainly a better proposal than -- than

 7    having a seven-hour limit apply so that the default,

 8    this -- the ten-hour time limit would -- would apply

 9    to those.  And -- and so, for that reason, I think

10    it is -- as you've said, it's a move in a reasonable

11    position.

12              I -- I think I -- I would come back to two

13    things:  The -- the first one is just the

14    recognition that part of what we're doing here is --

15    will dictate how fu- -- future investigations are --

16    are completed and what has to be understood in

17    future investigations.

18              So the -- the IH is the depositions taken

19    in this -- in this investigation had a limited focus

20    to learning facts that were necessary to make

21    decisions about what things to continue to

22    investigate, what things not to continue to

23    investigate, and what information needed to be

24    developed to make a determination as to whether it

25    was warranted to file a complaint.
```

Page 41

1           Limitations around time periods, because
2    there was an IH, will raise the specter that in
3    future investigations we -- we need to be mindful
4    that our -- our rights to take litigation
5    depositions of witnesses might be limited sheerly
6    because we -- we did the investigation, which may
7    cause the investigation to go on longer or to take
8    longer with individuals because we will know that we
9    have limited time after litigation commences.
10          The -- so I -- I'm just --
11          THE COURT:  In all candor, I'm not going
12   to lose much sleep over the, quote/unquote,
13   "precedent" that this order may set for your future
14   investigations.  That's, I -- I mean, to say that
15   that's an imponderable -- it's an imponderable upon
16   an imponderable.  I -- I can't worry about that.
17          I -- I -- I really have to worry about the
18   practical realities of this litigation and -- and,
19   you know, Amazon's legitimate concern here that it
20   not be unduly burdened by duplicative depositions
21   and that you all spend a reasonable amount of time
22   in conference rooms taking these depositions.
23          MR. SMEREK:  And -- and that -- thank you,
24   Your Honor.
25          And that leads to the second point, which

Page 42

```
 1    is the -- the risk that that particular limitation
 2    puts would be how it practically -- how it
 3    practically relates to coordination that would be
 4    ordered in the FTC or other private cases inasmuch
 5    as if -- if those cases were permitted to have some
 6    number of depositions go 14 hours and not be limited
 7    in the way Your Honor has proposed, it would lead
 8    to, as a practical reality, a -- a discrepancy or a
 9    question with respect to how individual depositions
10    could or should be noticed, where, for example, the
11    FTC took an IH that we did not, the FTC noticed a
12    deposition under their coordination proposal, if it
13    did not have the same limitation, and whether our
14    time -- where -- whether our time would be limited
15    to -- or how our time would be limited as a
16    practical matter.  If the FTC was allowed to take
17    seven hours, would we be allowed to take seven hours
18    or how would it interact.
19              So I think as a practical matter --
20              THE COURT:  And -- and I'm sorry to
21    interrupt you.  I'm getting a little lost in all of
22    this.
23              And it -- it may be -- I mean, what --
24    what I've done, frankly, in preparation for this
25    hearing was, I've drafted my own hybrid version, if
```

Page 43

```
 1   you will, of this Paragraph 17 in a way that made
 2   sense to me.
 3           I want to -- I want to hear you out, and
 4   then I want to hear from Mr. Hodges.
 5           But maybe what I want to do here, because
 6   it just may be easier, is, having heard both sides,
 7   I want to take a break -- so I'm just throwing this
 8   out as an idea -- take a break, go back to my
 9   computer, bang out some language that tries to
10   combine the two, because I'm -- I'm realizing that,
11   for example, I missed the language about the --
12   about what happens, if there's an order in one of --
13   in the FTC action that allows higher time limits,
14   and that's important.
15           And maybe come back -- it won't take me
16   long; I'm a pretty fast typist -- and come back and
17   hand out, which is what I propose to do, kind of a
18   combined proposal, if you will, that I would propose
19   to adopt, and then get your input on it.
20           That's kind of what I'm thinking might be
21   the most productive use of our time, although it may
22   take a few minutes.
23           MR. SMEREK:  That -- that sounds -- we
24   would agree with that approach.  It sounds like a
25   reasonable approach.
```

Page 44

```
 1          THE COURT:  All right.
 2          So tell me in the remaining minutes that
 3   I'm going to give you here, tell me of all the
 4   issues that are raised here, right, and -- and --
 5   and they are of course the three that we've been
 6   talking about, the -- the seven-hour limit, the
 7   ten-hour limit, the 14-hour limit, whether a witness
 8   previously testified, and the distinction between
 9   coordinated and un- -- uncoordinated depositions,
10   what is most important to The People as -- on the
11   issues that -- that separate the two parties here?
12          MR. SMEREK:  I -- I think, Your Honor,
13   we've probably talked about them.  I think --
14          THE COURT:  Okay.
15          MR. SMEREK:  -- the IH limitation is -- is
16   a particular challenging one for us.
17          THE COURT:  Right, but I've --
18          MR. SMEREK:  -- especially --
19          THE COURT:  -- I've -- I've thrown out an
20   idea --
21          MR. SMEREK:  Yes.
22          THE COURT: -- that might satisfy you on
23   that.  And, again, you've indicated you're -- you're
24   grudgingly prepared to accept it.
25          MR. SMEREK:  And -- and the only caveat to
```

Page 45

```
 1   that would be, as a practical matter, how it
 2   interacted with orders that would be entered into
 3   the other cases if they were entered without that
 4   type of limitation.
 5               THE COURT:  So we could add that on in a
 6   further subparagraph and then we'd be done.
 7               MR. SMEREK:  I -- I -- reserving the right
 8   to receive whatever Your Honor and comment on it,
 9   yes.
10               THE COURT:  I -- I should say, I do not
11   promise not to be an expert wordsmith, and I'm sure
12   that the parties will have good reasons to criticize
13   what I come up with, but I'm -- I'm just trying to
14   find a way through all this because it's -- it's --
15   in -- in all candor, it's very hard to talk about
16   articulately for the record and to figure out where
17   we are.
18               And maybe the easiest way to do it is to
19   hear both sides' principal concerns, and then give
20   me a chance to -- to bang something out for you all
21   to take a look at.
22               MR. SMEREK:  We would appreciate that.
23   Thank you.
24               THE COURT:  All right.
25               Mr. Hodges.
```

1            MR. HODGES:  Thank you, Your Honor.

2            So it -- it's an interesting idea, and

3    we -- we would very much like to see what Your Honor

4    comes up with.  We think it's a -- it's a good

5    starting point.  It might moot some of the

6    individual provisions in our proposal.

7            THE COURT:  Right.

8            MR. HODGES:  So I -- I won't talk about

9    all those.

10           I do think that having a seven-hour limit

11   on depositions is important if there is going to be

12   coordination.  I know that it's not the norm, but

13   there are going to be quite a few depositions in

14   this case.  The FTC has said it may take up to 80

15   party depositions.  The Attorney General has said it

16   may take up to 60.  It doesn't make sense to have

17   time limits on coordinated depositions and then no

18   time limits whatsoever on uncoordinated depositions.

19           THE COURT:  So let -- let me tell you

20   where I was going on that one.  And, you know, maybe

21   this is an example of a situation where my

22   wordsmithing will not be subject to high praise by

23   both sides.

24           But the -- the current Amazon proposal

25   says, "For any deposition of an Amazon witness where

Page 47

 1  the other Plaintiffs' attorneys do not participate,"
 2  that is the so-called uncoordinated depositions,
 3  "the parties agree that the examination by The
 4  People shall be limited to no more than one day,
 5  with no more than seven hours on the record." [As
 6  read]
 7          What I had in mind there was very minor
 8  and would provide what I suppose might be referred
 9  to as wiggle room, which is simply to insert the
10  word "generally."
11          The parties agree that the examination by
12  The People generally shall be limited to no more
13  than one day, with no more than seven hours on the
14  record.
15          That qualifier implicitly -- and maybe we
16  need to add some explicit language, but implicitly
17  says, look, if you get to the end of the day and
18  both sides agree in good faith we're about to
19  complete Topic D, well, we really only really need
20  an hour or two, that you could agree in real time,
21  all right, let's -- let's do that now or let's do
22  that tomorrow morning, depending on how tired the
23  witness is, but it wouldn't be carved in stone.
24  That was my thought.
25          But it does set, as you've suggested, kind

Page 48

1   of a presumptive rule or, if you will, expectation.

2   That was my thought on how to deal with that one.

3          I -- I -- I do think that it's very hard

4   at the beginning of a case -- and I recognize this

5   case is further along than perhaps most in the

6   beginning of most litigation cases, but it's very

7   hard to anticipate all of the twists and turns and

8   where things may go and how much time people may

9   need and what's going to be coordinated and what

10  isn't and how much overlap there really is and -- so

11  I think there's a need for some wiggle room.

12         Now, some of it I think is implicit in

13  everything that we're doing here, which is to say

14  that once these orders are entered, the overriding

15  assumption is that counsel are going to meet and

16  con- -- confer in good faith and that there are

17  going to be informal agreements.  Yeah, we can go

18  for another half an hour; or, yeah, you can get into

19  that additional topic, but the witness has to get on

20  a flight tomorrow morning at noon or -- whatever the

21  case may be; right?  But that was just my thought on

22  how to deal with that.

23         MR. HODGES:  It -- I think that will work.

24  I mean truly there's only one uncoordinated piece of

25  this case that doesn't overlap with the FTC case.

Page 49

```
 1   It's a -- it's a [verbatim] allegation involving how

 2   pricing is done for vendors or -- or wholesalers to

 3   Amazon.  It -- it shouldn't be a seven-hour day.

 4   And that -- that would be the only uncoordinated

 5   type of deposition.

 6            So I -- I think what Your Honor proposes

 7   would -- should work.

 8            THE COURT:  All right.

 9            Are there other things that are -- and you

10   think it's important, now that we've had this

11   discussion -- and I admittedly have interrupted a

12   lot as -- as my.

13            Are there other things that are critical

14   from your perspective?

15            MR. HODGES:  The -- the only thing I want

16   to say is we've talked a lot about coordination in

17   terms of easing burden on witnesses, and -- and that

18   is very important.  That's a very important goal --

19            THE COURT:  Sure.

20            MR. HODGES:  -- to Amazon.  But it also

21   benefits all of the Plaintiffs, the Attorney

22   General, the FTC, all of the states that have sued.

23   They -- they are going to have the ability to pull

24   resources, to divide up responsibility for

25   depositions, to assign different -- deposition
```

Page 50

```
 1   questioning to different people, so we shouldn't
 2   talk about coordination as if these are separate
 3   cases that will just simply be where there'd be
 4   questioning seriatim.
 5           This is -- this is going to be
 6   coordinated, and it allows all the parties to do
 7   more than they would have.  And so when we were
 8   thinking in terms of time limits, that's how we were
 9   thinking about how coordinated depositions would
10   work.  And -- and we still think that that's --
11   that's the right way to view the coordination
12   proposal.
13           THE COURT:  Okay.  Let me -- let me ask
14   you one more very specific questions [verbatim], the
15   question I started out by asking Mr. Smerek, I'm not
16   sure I got a complete answer to it, but the initial
17   question was a very elementary one, which is, okay,
18   if we're talking about these two-day deponents,
19   where did the ten come from and where did the three
20   come from?
21           So where did the three come from?
22           MR. HODGES:  So we had originally offered
23   up ten hours for witnesses that had not been deposed
24   before.  And --
25           THE COURT:  Right.
```

1      MR. HODGES:  -- that combined with the 49

2  investigative hearing depositions that had been

3  taken, we thought that was sufficient.  We offered

4  up three simply as a compromise, as a way to try to

5  reach an agreement.  We think there is not a need

6  for two-day depositions, honestly.

7      If Your Honor thinks that two-day

8  depositions are needed on the terms that you've

9  described, then our ten-day proposal doesn't need to

10  be in this order at all.  I said ten day.  I meant

11  ten hour.  I apologize.

12      THE COURT:  Okay.  So you're -- you're --

13      MR. HODGES:  So let -- let me -- let me

14  back up because that was confusing.

15      So we had originally said that -- we -- we

16  had asked for a seven-hour limit on depositions --

17      THE COURT:  Right.

18      MR. HODGES:  -- as I've discussed.  We

19  said that if it -- if there was a witness who had

20  not testified in an IH previously, we would be

21  agreeable to ten hours.

22      THE COURT:  Right.

23      MR. HODGES:  If what Your Honor is saying

24  is that there would be 14-hour depositions for

25  witnesses who have not testified previously --

1          THE COURT:  Right.

2          MR. HODGES:  -- then there would not be a

3   need --

4          THE COURT:  For the ten-hour limit.

5          MR. HODGES:  -- that ten-hour deposition.

6          THE COURT:  But the seven-hour limit would

7   apply to all depositions that are outside the

8   two-day limit whether coordinated or not?

9          MR. HODGES:  Correct.

10         THE COURT:  All right.  We're making some

11  progress here.

12         MR. SMEREK:  Your Honor, I -- I -- I -- I

13  think we're not making progress, or I'm very

14  confused at the last comment that was just made,

15  the --

16         THE COURT:  I think this is -- let me --

17  let me see if I -- because it's important that I

18  understand it.

19         MR. SMEREK:  Yes.

20         THE COURT:  I think the proposal now is

21  that there be a presumptive seven-hour limit or

22  one-day limit on all the deponents other than those

23  who fall in the two-day category, which would

24  exclude witnesses who have previously testified in

25  the investigational hearing, if that's -- if

Page 53

1    that's -- did I understand that correctly,
2    Mr. Hodges?
3              MR. HODGES:  That's -- that's my
4    understanding.
5              THE COURT:  All right.
6              MR. SMEREK:  Your Honor, that's simply
7    Amazon's proposal and --
8              THE COURT:  Right.  But I wanted -- I
9    wanted to understand his proposal.
10             MR. SMEREK:  Oh, okay.  Thank you.
11             If -- if that -- I -- I just wanted to be
12   clear if that -- that that is Amazon's proposal and
13   not the compromise that you had suggested that we
14   thought was --
15             THE COURT:  I'm trying to find a way
16   toward -- just as I did with the case schedule, find
17   a way toward -- a way of crafting an order that
18   would be acceptable to both sides.  If -- if the
19   number on the two-day group I mean is large enough,
20   then presumably you shouldn't have too much of a
21   problem with that.
22             MR. SMEREK:  And -- and -- and it may be,
23   Your Honor, that I should reserve comment until I
24   see what you come back with.
25             THE COURT:  I'm -- I'm sorry to keep

1    interrupting.  I just -- this is -- this is -- maybe

2    this just illustrates I'm not a very good chess

3    player.  I'm not sure.

4             Is it your -- are you still wedded to the

5    idea of essentially having three categories here, a

6    seven-hour limit or presumptive rule, whatever we

7    want to call it, presumptive standard, a ten-hour

8    rule for coordinated depositions, and then a -- an

9    exceptional category, if you will, for two-day

10   depositions?  Do you think that's critical or --

11            MR. SMEREK:  If -- if there's --

12            THE COURT:  -- important from your

13   standpoint?

14            MR. SMEREK:  -- if there's going to be

15   a -- a limit on depositions that are taken only in

16   our case, we agree that that -- that should be

17   separate from coordinated deposi- -- the answer is

18   yes.

19            If there's going to be a first limit, we

20   think that should be separate.  The ten-hour limit

21   for coordinated depositions, that is the default

22   that we agreed to.

23            THE COURT:  Right.

24            MR. SMEREK:  And that is the default that

25   we agreed to and Amazon had agreed to back in

1   January when we were first talking about it.  They

2   didn't have this carveout for IHs.  That was new

3   based on comments you made at one of the CMCs.

4            And for that, essentially -- if we get rid

5   of that category, what you're essentially doing is

6   eliminating our -- our ability to take testimony on

7   the nonoverlapping issues in our case.  And that's

8   because already --

9            (Simultaneous speaking.)

10           THE COURT REPORTER:  I'm sorry --

11           THE COURT:  I'm sorry.  Madam Reporter, I

12   apologize.  Bad habit of mine.

13           Essentially what you're saying is the --

14   which makes sense to me, is that the coordinated

15   depositions, because they involve multiple

16   Plaintiffs' counsel and because they involve

17   somewhat broader and nonoverlapping issues, or at

18   least an issue, are going to take longer necessarily

19   than -- than the -- than depositions that are taken

20   just on this case?

21           MR. SMEREK:  Correct.

22           THE COURT:  Okay.

23           MR. HODGES:  I would -- I would not agree

24   with that, Your Honor.  I -- there is -- Amazon is a

25   large organization.  Peo- -- people have subject

Page 56

 1    merit -- matter areas that they work at.

 2            So if you propose a witness who works in

 3    the fulfillment area --

 4            THE COURT:  Right.

 5            MR. HODGES:  -- you don't need to ask him

 6    about other parts of the business.  You don't have

 7    to ask him about advertising, for example, because

 8    that witness is not going to know some- -- anything

 9    about advertising.

10            So the idea that all these witnesses need

11    to be deposed on all topics just isn't going to be

12    accurate.

13            THE COURT:  All right.

14            I -- I guess I have one overriding

15    question here, which I probably should have asked at

16    the beginning.

17            The parties, excuse me, are negotiating a

18    coordination protocol that would affect the other

19    cases.  You've represented to me, I think, at the

20    last CMC, that the parties were in touch with the

21    FTC and that the FTC was generally amenable to the

22    kinds of provisions that we're talking about.  But

23    there's nonetheless a carveout here that says, well,

24    if there's some other agreement that's either agreed

25    to or ordered by another court, i.e. the Federal

Page 57

1  Court, then that will govern.

2           So where is the FTC on these issues?  Are

3  they -- are they okay with the ten-hour limit?

4           MR. HODGES:  They -- they haven't told us

5  that they're okay with the ten-hour limit.  They

6  have marked up a proposal that substantially

7  corresponds to the proposal in this case.

8           THE COURT:  Whose proposal in this case?

9           MR. HODGES:  Well, it was -- it was ours.

10  It was ours in the first instance.

11          THE COURT:  All right.

12          MR. HODGES:  They do want more 14-hour

13  depositions, although we asked them the question,

14  "How did you arrive at that number?"  And -- and

15  they didn't have a specific list of witnesses or

16  anything like that, which may -- led me to believe

17  that perhaps that number could come down.

18          THE COURT:  And what was their number?

19          MR. HODGES:  Their number was 20.  Their

20  number was 20.  But these are -- I'll go back to the

21  point these are going to be coordinated.  The -- the

22  overlapping issues are going to be addressed by a

23  questioner.  It's not as if each Plaintiff must come

24  in and repeat the same questions over and over.

25          There is going to be some sort of

1  coordination on the Plaintiffs' side, and they are
2  going to arrive at what questions they want to ask
3  in what length of time.
4        THE COURT:  All right.
5        Let -- let me ask you one more question.
6  I'm -- you know, we're -- we're horse trading here.
7        MR. HODGES:  Mm-hmm.
8        THE COURT:  Assuming that what I'm
9  suggesting is acceptable to the parties in
10  principle, which is to say that part ^ -- out of the
11  two-day group can be witnesses who previously
12  testified in an IH, do you think the number that The
13  People have proposed of such depositions, i.e. ten,
14  is a reasonable one?
15        MR. HODGES:  I think it could be lower
16  than ten.
17        THE COURT:  All right.
18        I think that gives me enough to fool
19  around with this for a couple of minutes and come
20  back to you all.
21        And so if you don't mind taking a break.
22  I know the reporter will welcome one.  Why don't we
23  take about 15 minutes?
24        And, Madam Reporter, my apologies.  I
25  mean, I'm sorry to interrupt so much.

                                        Page 59

 1              (Short recess taken, 2:45 p.m. -
 2         2:58 p.m.)
 3         THE COURT:  All right.
 4              We'll go back on the record, and I will
 5    try not to interrupt you.
 6              So let's see what you think of my draft.
 7    What I've attempted to do here is essentially
 8    combine the parties' proposals and -- and find a --
 9    a reasonable solution that strikes me as sensible.
10    You'll see in yellow highlighting some of the
11    language that I just wanted to -- to flag.
12              But essentially I've kept the
13    three-category division among so-called
14    uncoordinated depositions, i.e. depositions held
15    solely in this case for which there would be a
16    presumptive seven-hour limit; coordinated
17    depositions, ten hours; and then a third
18    extraordinary category of so-called two-day
19    depositions that would exclude witnesses who had
20    previously testified in the investigational -- in
21    any investigational hearing, but would be limited to
22    eight rather than the ten proposed by The People
23    under the three proposed plans.
24              And then, finally, a catch-all in
25    subparagraph d that would recognize the practical

Page 60

1    reality, that if there is either an agreement or an

2    order in the Federal Court that sets a different

3    limit, that that necessarily would apply here.

4           That's my thought.  Do you all want to

5    take a minute to think about it, talk between

6    yourselves, and -- and answer the similar question,

7    which is, even if it wouldn't thrill you, are you

8    nonetheless grudgingly amenable to accepting it?

9           MR. HODGES:  If we could have a -- a few

10   minutes --

11          THE COURT:  Of course.

12          MR. HODGES:  -- amongst ourselves, we'd

13   appreciate it.

14          THE COURT:  Of course.

15          I -- I should say one other thing, which

16   is I've -- I've tried, as best I can, not to alter

17   the existing language.  So that, for example, the --

18   you know, there's no -- there's no real disagreement

19   about the -- the -- the -- the ten-hour language --

20   well, all right.  Let me -- let me try to do that --

21   all I'm saying is I have not really altered any of

22   you -- your language.

23          What I've done is I've picked and chosen

24   among different provisions and tried to combine them

25   in a way that struck me as sensible.

```
 1            But why don't -- why don't you take the
 2    time necessary to compare them, and I'm happy to
 3    wait.
 4            (Off the record, 3:00 p.m. - 3:03 p.m.)
 5            THE COURT:  Mr. Smerek, would you like to
 6    go first?
 7            MR. SMEREK:  Thank you, Your Honor.
 8            I guess returning back to the comment I
 9    made about your proposal on coordination originally,
10    we're not necessarily thrilled, but I think that
11    this is -- is something that we could be amenable
12    to.
13            I would make two points.
14            THE COURT:  All right.
15            MR. SMEREK:  The first one, on Paragraph
16    A, we would propose that the -- the section "and
17    after no more than one day" [as read], and there
18    what I -- I would point out, we -- we -- we believe
19    that most all, if not all, of the depositions that
20    are not part of a coordinated proceeding can be
21    resolved in a day.
22            The concern we have over inserting seven
23    hours is that invariably at seven hours there will
24    be some kind of, all right, the day is over.  And
25    rather than having the day -- having there be
```

 1   dispute over if it's seven hours and five minutes or
 2   seven hours and 15 minutes, we think it would be
 3   sufficient guidance here that it just ended at --
 4   the provision ended at a single day.
 5          So we would --
 6          THE COURT:  Doesn't -- doesn't the legal
 7   word "generally" solve that problem?
 8          MR. SMEREK:  Your Honor, in experience
 9   what -- what we will say is generally and what
10   Amazon will say in the moment is seven hours, and
11   they'll give some statement like, "We'll allow the
12   witness to answer two more questions, but we're
13   essentially done here."
14          THE COURT:  Okay.
15          MR. SMEREK:  And we think that it's --
16   it's just not warranted here.  We did have an
17   investigation.  The majority of depositions were
18   completed in a day.  Many of them went less than
19   seven hours.  Some of them went more than seven
20   hours.
21          If there are any -- as Your Honor noted,
22   if there are any issues, they can be brought to
23   Your Honor's attention, but we think it would be
24   sufficient guidance for the parties without that
25   clause, and that clause is just going to cause

Page 63

1    more -- more problems or strife than it solves.

2               THE COURT:  Okay.  What's your second

3    comment?

4               MR. SMEREK:  The second comment, on

5    Paragraph C, to the extent that this contemplates

6    investigational hearings that were conducted not by

7    us, just that it -- it be premised on an

8    understanding that Amazon agrees that it has

9    produced all of those transcripts to us because I --

10   I do not believe that that's necessarily the case.

11              And so we're -- we would not be thrilled

12   by that, but we can agree to it provided that we do

13   have the benefit actually of the transcripts that --

14   that would give rise to including this in the

15   provision.

16              THE COURT:  Okay.

17              Mr. Hodges?

18              MR. HODGES:  So I -- I understood the

19   first paragraph I think the same way Your Honor did,

20   and I -- I don't see that that's going to be a -- a

21   basis for a dispute.

22              I have some questions about Paragraph B.

23   So I assume what it means is that no -- well, The --

24   The People won't question a witness for more than

25   seven hours even if the deposition is ten hours, but

Page 64

1  that's -- but that's a question for Your Honor.

2         THE COURT:  No, that's -- that's not -- I

3  mean, this wasn't my language.  This was somebody

4  else's language.  But that's not what it says.

5         They -- I mean, how they divvy up the time

6  is up to them.  The point here was to say no more

7  than seven hours on the record per day; in other

8  words, you can't make the poor deponent testify into

9  the darkness.  But it's not seven hours for The

10 People.

11        If -- if for some reason, which I don't

12 anticipate, the FTC says, "Okay.  We're -- we're

13 happy with 20 minutes.  You guys take nine hours and

14 40 minutes' worth," they're free to divvy it up any

15 way they want to.  That's the last thing I want to

16 start micromanaging here.

17        MR. HODGES:  Well, I -- I would suggest

18 that the FTC is limited to seven hours in its -- in

19 its questioning of any witness.  And I would suggest

20 that a similar limit should apply here for the good

21 of the order so that we have corresponding and

22 similar agreements; right?

23        I don't think that any party -- I don't

24 think that The People's seven hours should be

25 extended if they find themselves in a coordinated

Page 65

1   deposition and the FTC says, "No, we -- we're not
2   going to take any of that time."  That -- that's
3   a -- that's a way to get around the limit.
4           THE COURT:  With respect, that's an issue
5   that nobody brought up in this joint case management
6   statement, and it -- it's -- it's -- it's at a level
7   of micromanagement that I don't think is warranted
8   here.
9           MR. HODGES:  Okay.
10          THE COURT:  But go ahead.
11          MR. HODGES:  Okay.  Understood.
12          And then the second question for Paragraph
13  B is that -- that this would apply to -- to all
14  witnesses.  This would be the -- the presumptive
15  limit, witnesses who were deposed in an IH
16  previously, witnesses who were not deposed
17  previously, unless they were subject to the 14 hours
18  of Paragraph C.
19          Is that correct?
20          THE COURT:  That's -- that was my
21  intention in drafting it --
22          MR. HODGES:  Okay.
23          THE COURT:  -- to the extent that my
24  intention matters here.
25          MR. HODGES:  Okay.

Page 66

1          THE COURT:  I think what matters more is
2     the words and that you all understand them.
3          MR. HODGES:  Okay.  I think I do.  I --
4     you know, this is not what we would have come up
5     with on our own, but I think it's something we can
6     live with.
7          THE COURT:  All right.
8          So can you just answer Mr. Smerek's
9     question?  Has Amazon produced transcripts of all
10    investigational hearings that were held by other
11    agencies?
12         MR. SMEREK:  I -- I don't think they were
13    ever requested in discovery, believe it or not.  Our
14    understanding was that -- that The People had them
15    from the FTC.
16         THE COURT:  Okay.  Well, let me -- and I'm
17    getting negative head shaking at The People's table.
18    Let me -- let me suggest, then, that if they haven't
19    been requested in discovery -- and, again, I'm --
20    I'm seeing body language that suggests that The
21    People think they have -- that you all ought to be
22    able to work that out informally and -- and have
23    those things produced.
24         MR. SMEREK:  Your Honor, this is
25    Mr. Smerek.  We -- we made that request of Amazon in

1    connection with the meet and confer when they --

2    they proposed that their limit extend beyond IHs

3    that -- investigative hearings that we took, and --

4    and they were noncommittal and then suggested that

5    we needed to serve additional discovery requests.

6            They absolutely have been requested.  And

7    what -- what I would suggest is if Amazon wishes to

8    argue for inclusion of this in the order, they --

9    they should commit on the record, right, the -- the

10   basis for this is that it will be easier for us,

11   that we will need less time because we will have the

12   benefit of these transcripts.  We have made known

13   that we believe they've been requested.  We

14   definitely need them in order to take advantage of

15   this.  And we'd just like a confirmation that we're

16   not going to have a battle over production of those.

17           THE COURT:  Can you make that

18   representation, Mr. Hodges?

19           MR. HODGES:  I -- I -- I can, but I -- I

20   would like to know whether The -- The People already

21   have them from the FTC, because that was our

22   understanding.

23           THE COURT:  Okay.  Let -- let me ask

24   counsel to deal with this issue offline.  I'm

25   confident that you'll be able to resolve it.

Page 68

1            MR. SMEREK:  Thank you, Your Honor.

2            THE COURT:  All right.

3            MR. HODGES:  Thank you, Your Honor.

4            THE COURT:  All right.

5            So what I'm going to ask somebody to do,

6    and one or the other of you is going to raise your

7    hand and volunteer to do this, is to incorporate

8    this language without change, other than deleting

9    the highlighting, into the proposed coordination

10   protocol, finalize that document, circulate it for

11   signature, and submit it to me for signature.

12            Does somebody want to volunteer to do

13   that?

14            MR. METZ:  We will -- we will do that.

15            THE COURT:  All right.  Okay.

16            So those are the two topics that you

17   raised to address -- for me to address today.

18            All right.  You know, I'd like to get a

19   sense, if I may, just informally here, as to where

20   things stand with respect to document discovery,

21   which is presumably where you all are now, and just

22   to get a -- a brief overview and a sense as to when

23   you anticipate that fact depositions may commence,

24   recognizing that we're talking about a large volume

25   of documents, multiple productions, multiple issues

Page 69

1    having to do, I'm sure, with privilege logs and

2    redactions and -- and confidentiality designations

3    and the like.

4            But maybe I can hear from both sides

5    quickly just to tell me where things stand.

6            You're the Plaintiff, but if you want to

7    defer --

8            MR. SMEREK:  Yeah.

9            THE COURT:  -- to Mr. Hodges, that's fine.

10           MR. SMEREK:  He -- he was standing, and

11   I -- I didn't want to try to jump in front of him.

12           Your Honor, first, before -- before I

13   answer that question, housekeeping, on the schedule,

14   will -- will Your Honor take care of the schedule?

15   I know we've discussed dates.  Did you want the

16   parties to prepare something on that as well or --

17           THE COURT:  I will issue an order.

18           MR. SMEREK:  Okay.  Thank you, Your Honor.

19           THE COURT:  And you all will correct me if

20   I got it wrong because there was a lot of back and

21   forth, but I'm -- I'm pretty confident that my notes

22   now reflect what it is.

23           MR. SMEREK:  Excellent.

24           Thank you, Your Honor.

25           With respect to discovery, the -- the

1   parties have agreed on a technology-assisted review

2   process.  Amazon has been providing updates with

3   respect to that process.  And in the last week to

4   ten days has -- has started substantial production

5   of documents.

6          I know we got, I -- I think, maybe two or

7   three productions since Friday.  So we are

8   processing those materials.  I -- I don't have

9   details with respect to the volume of materials in

10  those productions or updates and specifically where

11  we are on the TAR process for validation.

12         We are -- I think the issues have been

13  narrowed on -- and that is for the custodial

14  collection and production.

15         THE COURT:  Right.

16         MR. SMEREK:  The issues I think have been

17  narrowed on the centralized repositories, the -- the

18  information.  So I -- I think we've made progress on

19  that.

20         I -- I will apologize, but I -- I am not

21  able to speak to what, if any, kind of issues remain

22  outstanding on that front, but the parties have made

23  progress.  The documents have become -- started to

24  come in.

25         And as Your Honor has indicated, I do

Page 71

1  believe that there is a large volume of materials
2  that we've started to get over the last few days at
3  least.
4         With respect to where we are after that,
5  our focus is on trying to close out the document
6  production now in the next couple of months,
7  especially now focused on reaching agreement on the
8  centralized repositories and getting that process
9  through.
10        And then we would expect now, with
11  coordination closed, that -- we have been continuing
12  on third-party discovery.  And we would anticipate
13  that A- -- Amazon witnesses in the latter half of
14  this year and the beginning of next.
15             THE COURT:  Okay.  That's a useful
16  summary.  So -- and when you say continue, there
17  have actually been some third-party depositions?
18             MR. SMEREK:  There have been third-party
19  depositions.  I think the next few are scheduled for
20  June -- June -- June and July at the moment.
21             THE COURT:  Okay.  Thank you.
22             MR. HODGES:  I -- I generally agree with
23  all of that, Your Honor.
24             THE COURT:  Okay.
25             MR. HODGES:  I -- I think, you know, the

Page 72

```
 1    FTC case is proceeding more slowly because it was

 2    filed later.  And so there's ongoing written

 3    discovery in that case and -- and document

 4    productions in that case.  And I think that that

 5    will probably slow down the pace at which

 6    coordinated depositions can occur.  But I -- I think

 7    in this case we're making good progress on

 8    discovery.

 9              THE COURT:  Okay.  One thing that occurs

10    to me based on recent experience where there were

11    parallel proceedings in this Court and in that case

12    in an MDL, at -- at some point there may be a reason

13    for me to communicate directly with Judge Chun

14    and/or the magistrate judge that's assigned there,

15    if there is such a person.

16              I don't know that I need formal permission

17    from the parties to do that, but I would -- I would

18    ask that you consider that request.

19              Right now there's no immediate need that I

20    can see, but I just want to throw that out there as

21    an issue.  Sometimes coordination is better achieved

22    by communications between courts as opposed to among

23    counsel, but we'll see.

24              So I think that concludes our business

25    today, other than setting a date for our next
```

Page 73

 1   meeting.

 2            I will tell you that I think you've

 3   requested a date in June.  And due to my trial

 4   schedule, at least at the moment, my first available

 5   dates are not until July.  But I don't think that

 6   that's going to be an insuperable problem here for

 7   anybody.

 8            So what if we looked at, say, the second

 9   or third week of July, roughly 90 days out?

10            THE CLERK:  July 9 at 10:00 a.m.

11            THE COURT:  How about July 9 at

12   10:00 a.m.?  Does anybody have a conflict with that?

13            MR. HODGES:  No, Your Honor.

14            MR. SMEREK:  No, Your Honor.

15            THE COURT:  All right.

16            And -- and you're aware, of course, that

17   there's flexibility here, so that if there's a

18   reason to continue or advance a -- a date, to the

19   extent I can accommodate you, I'm happy to do that,

20   just communicate that with the clerk.

21            MR. HODGES:  Thank you.

22            MR. SMEREK:  Thank you.

23            THE COURT:  All right.

24            Thank you all for your patience and your

25   good faith in working through these complicated

Page 74

1  scheduling and drafting issues and putting up with

2  my drafting and my interruptions.

3            MR. SMEREK:   Thank you, Your Honor.

4            MR. HODGES:   Thank you, Your Honor.

5            (Proceedings adjourned, 3:18 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 75

1              COURT REPORTER'S CERTIFICATE

2    STATE OF CALIFORNIA        )

3                               )  ss.

4    COUNTY OF SAN FRANCISCO   )

5    _____  )

6              I, Hanna Kim, hereby certify:

7              I am a duly qualified Certified Shorthand

8    Reporter, in the State of California, holder of

9    Certificate Number CSR 13083, issued by the Court

10   Reporters Board of California and which is in full

11   force and effect.

12             I am not financially interested in this

13   action and am not a relative or employee of any

14   attorney of the parties, or of any of the parties.

15             I am the reporter that stenographically

16   recorded the testimony in the foregoing proceeding

17   and the foregoing transcript is a true record of the

18   testimony given.

19

                  April 23, 2024

20   Dated:  _____

21

22

23             _____

               Hanna Kim, CLR, CSR No. 13083

24

25

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TAFARI MBADIWE and RACHEL MILLER
on behalf of themselves and all others similarly
situated,

                          Plaintiffs,

                v.

AMAZON.COM, INC.,

                     Defendant.

Civil Action No. 1:22-cv-09542-VSB

---

## STIPULATION COORDINATING DISCOVERY AND ORDER

i

Plaintiffs Tafari Mbadiwe and Rachel Miller, on behalf of themselves and all others similarly situated ("the *Mbadiwe* Plaintiffs"), and Defendant Amazon.com, Inc. ("Amazon," and together with the *Mbadiwe* Plaintiffs, the "Parties") have agreed and stipulated to certain issues regarding the coordination of discovery in the above-referenced action, and hereby jointly submit this Stipulation Coordinating Discovery and Proposed Order for approval and entry by this Court.

1.      Fact discovery in the above-captioned case shall be coordinated with fact discovery in *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.) (the "*FTC* case") and *California* v. *Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the "*CA AG* case").

   a.   Amazon shall continue to produce documents that Amazon produces in the *CA AG* case to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims in the above-captioned action.

   b.   Amazon shall produce documents that Amazon produces in the *FTC* case to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims asserted in the above-captioned action.

   c.   Amazon shall produce documents that Amazon has produced in *Frame-Wilson* v. *Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.) ("*Frame-Wilson*") to the *Mbadiwe* Plaintiffs on a rolling basis, to the extent they are relevant to the "parity" claims in the above-captioned action.

   d.   Within thirty (30) days of entry of this order, the *Mbadiwe* Plaintiffs shall serve a document request pursuant to Fed. R. Civ. P. 34 on Amazon for nonparty discovery materials that have been produced in *Frame-Wilson*, the *CA AG* case, or the *FTC* case that are relevant to the "parity" claims in the above-captioned action.   Amazon shall produce such discovery materials subject to the

1

> nonparty's right to object under the terms of the operative protective order in the case in which the documents were originally produced by the nonparty.

> e. The *Mbadiwe* Plaintiffs may participate in depositions as set forth in the Coordination Protocol and Order entered on April 17, 2024, in the *CA AG* case, to the extent they are relevant to the "parity" claims asserted in the above-captioned action. The Coordination Protocol and Order dated April 17, 2024 is attached hereto as Exhibit 1.

> f. The *Mbadiwe* Plaintiffs and Amazon shall use all reasonable efforts to coordinate the depositions of Amazon witnesses and nonparty witnesses across all of the coordinated cases (the *FTC* case, the *CA AG* case, *Frame-Wilson*, *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.), and *Brown* v. *Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.)), absent either (i) agreement of the parties or (ii) a showing of good cause and order of the Court. Such depositions shall be subject to time limitations and other conditions to be set forth in a stipulated-to deposition protocol that the parties submit to the Court for approval.

2. Consistent with the deadlines set forth in the *FTC* case and the *CA AG* case, the fact discovery deadline in the above-captioned case shall be August 8, 2025;

3. The Parties shall meet and confer regarding expert discovery within sixty (60) days of the close of fact discovery; and

4. Within 21 days of the resolution of all summary judgment motions in the *FTC* and *CA AG* cases, should this case still be pending, the parties shall meet and confer and submit a proposed schedule for class certification briefing in the above-captioned case.

5. The Parties agree to the above-described schedule for the purpose of facilitating coordinated discovery. In the event Judge Chun denies Defendant Amazon.com, Inc.'s Motion for Coordinated Discovery Schedule, *see Frame-Wilson*, Dkt. No. 139, the Parties will meet and confer to submit an alternate proposed case management schedule within sixty (60) days of such denial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: May 20, 2024                                       Respectfully submitted,


/s/ Daniel Goldman                                       /s/ Amy J. Mauser
Daniel Goldman                                           Karen L. Dunn (*pro hac vice*)
dgoldman@bklwlaw.com                                     William A. Isaacson (*pro hac vice*)
Bienert Katzman Littrell Williams LLP                    Amy J. Mauser (*pro hac vice*)
903 Calle Amanecer, Suite 350                            Yotam Barkai
San Clemente, CA 92673                                   PAUL, WEISS, RIFKIND, WHARTON &
Tel: (949) 369-3700                                        GARRISON LLP
                                                         2001 K Street, NW
/s/ Gordon Ball                                          Washington, DC 20006
Gordon Ball (*pro hac vice*)                             Tel: (202) 223-7300
gball@gordonball.com                                     Fax: (202) 223-7420
Gordon Ball, PLLC                                        kdunn@paulweiss.com
3728 West End Avenue                                     wisaacson@paulweiss.com
Nashville, Tennessee 37205                               amauser@paulweiss.com
Tel: (865) 525-7028                                      ybarkai@paulweiss.com

*Counsel for Plaintiffs and the Putative*               *Attorneys for Defendant Amazon.com, Inc.*
*Classes*



IT IS SO ORDERED.


Dated: May 22, 2024                _____
                                   Hon. Vernon S. Broderick
                                   United States District Judge

# Exhibit 1

1  ROB BONTA (SBN 202668)
   Attorney General of California
2  PAULA BLIZZARD (SBN 207920)
   Senior Assistant Attorney General
3  NATALIE S. MANZO (SBN 155655)
   JAMIE L. MILLER (SBN 271452)
4  Supervising Deputy Attorney General
   ROBERT B. MCNARY (SBN 253745)
5  STEPHEN R. SMEREK (SBN 208343)
   Deputy Attorneys General
6  300 South Spring Street, Suite 1702
   Los Angeles, CA 90013
7  Telephone: (213) 269-6000

8  *Attorneys for Plaintiff and Cross-Defendant*
   *The People of the State of California*
9

10 HEIDI K. HUBBARD (*pro hac vice*)
   WILLIAMS & CONNOLLY LLP
   680 Maine Ave. SW
11 Washington, DC 20024
   Tel.: (202) 434-5000
12

13 Jeffrey M. Davidson (Bar No. 248620)
   COVINGTON & BURLING, LLP
   415 Mission Street, Suite 5400
14 San Francisco, CA 94105
   Tel: (415) 591-6000
15

16 *Attorneys for Defendant and Cross-Complainant*
   *Amazon.com, Inc.*
17

18 *(additional counsel listed below)*

**FILED**
San Francisco County Superior Court

APR 17 2024

CLERK OF THE COURT
BY: _____
Deputy Clerk

18       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19             **COUNTY OF SAN FRANCISCO**

20

21 | THE PEOPLE OF THE STATE OF CALIFORNIA, | **CASE NO. CGC-22-601826** |

22 | Plaintiff / Cross-Defendant, | **STIPULATED COORDINATION PROTOCOL AND [PROPOSED] ORDER** |

23 | v. | Dept.: 304 |

24 | AMAZON.COM, INC., | Judge: Hon. Ethan P. Schulman |

25 | Defendant / Cross-Complainant. | Case Filed: September 15, 2022 |
   | | Trial Date: August 10, 2026 |

26

27

28

0

Plaintiff The People of the State of California ("The People") and Defendant Amazon.com, Inc. ("Amazon") have agreed and stipulated to certain issues regarding the coordination of deposition discovery in the above-referenced action ("Action"), and hereby jointly submit this Stipulated Coordination Protocol and Proposed Order ("Coordination Order") for approval and entry by the Court.

## I.   DEFINITIONS

1.   The following definitions shall apply for the purposes of this Order:

a.   <u>Amazon Representative</u>:  Any person who is identified to testify on Amazon's behalf as a corporate representative in response to a deposition notice of Amazon.

b.   <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of Amazon, (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon.  Upon receipt of a deposition notice from The People for a former employee or officer of Amazon, Counsel for Amazon shall have fourteen (14) calendar days to notify The People in writing if the former employee or officer is represented by Counsel for Amazon.  If Counsel for Amazon does not provide notice that it represents a former employee or officer within fourteen (14) calendar days, the deposition shall be governed by the provisions of Section V covering Non-Party witnesses, unless otherwise agreed to by the Parties.

c.   <u>Coordinated Deposition</u>:  A deposition conducted pursuant to this Coordination Order wherein Other Plaintiffs' Attorneys for at least one of the Other Pending Actions participate in said deposition.

d.   <u>Counsel for Amazon</u>: Counsel of record for Amazon.com, Inc. in this Action.

e.   <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

f.   <u>Other Pending Actions</u>: *Frame-Wilson et al. v. Amazon.com Inc.*, No. 2:20-cv-00424-JHC (W.D. Wa.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wa.); *Brown et al. v. Amazon.com, Inc.*, No. 22-cv-00965-JHC (W.D. Wa.); *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wa.); and any other civil action in or approaching active discovery involving substantially similar claims, which is identified and agreed by the Parties in writing.

1

g.     <u>Other Plaintiffs' Attorneys</u>: Counsel of record for plaintiffs in the Other Pending Actions as identified in the preceding subparagraph d.

h.     <u>Party or Parties</u>: Any entity named a plaintiff or defendant in this Action.

## II.    GENERAL PROVISIONS

2.     This Coordination Order shall be effective only upon agreement of the Parties and approval of the Court.

3.     The close of fact discovery shall be extended to August 8, 2025. The Parties shall meet and confer and present the Court with proposed adjustments to the balance of the pretrial schedule within thirty (30) calendar days of the execution and entry of this Coordination Order.

4.     This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action. Nothing in this Coordination Order shall preclude or otherwise restrict Amazon from engaging in further coordination efforts in the Other Pending Actions or in any other action, but no such efforts by Amazon shall modify this Coordination Order, be binding on The People, or otherwise have any effect on the present Action.

5.     Either Party may seek to later modify this Coordination Order for good cause. Prior to doing so, the Parties shall meet and confer in good faith to reach agreement as to the appropriate scope of any modifications. For the avoidance of doubt, this Coordination Order may be amended only by subsequent written stipulation among the Parties and a corresponding approval by the Court; however, if the Parties jointly agree, they may agree to modify the time periods for providing notice set forth herein without modification of this Coordination Order or the Court's approval.

6.     Amazon represents that it is engaged in efforts to negotiate and have substantially similar orders entered in each of the Other Pending Actions. To the extent that any dispute arises regarding the conduct of Coordinated Depositions related to terms of coordination contained in orders entered in Other Pending Actions that differ from or conflict with this Coordination Order, the Parties shall meet and confer to determine if modifications of this Coordination Order may be necessary to facilitate efficient coordination with the Other Pending Actions.

7.     Unless otherwise expressly agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the California Rules of Court, the California

1 Code of Civil Procedure, and the California Evidence Code, and any other applicable provisions that

2 would apply to govern discovery in the absence of this Coordination Order.

3        8.     Both Parties reserve all rights to formally object (by motion or otherwise) to any deposition

4 or deposition examination on any grounds and seek appropriate relief from the Court as warranted. For

5 the avoidance of doubt, and notwithstanding anything in this Coordination Order, Amazon shall retain all

6 rights to object (by motion or otherwise) to the taking of a particular deposition or to the timing or length

7 of such a deposition in this Action or in the Other Pending Actions. For the further avoidance of doubt,

8 and notwithstanding anything in this Coordination Order, The People shall retain all rights to seek (by

9 motion or otherwise) additional time for the taking of a particular deposition in this Action.

10        9.     For any Coordinated Deposition, each Party or Other Plaintiffs' Attorneys may notice, take,

11 defend, or otherwise participate in any such deposition either in person, or remotely, in their sole discretion

12 notwithstanding how any other Party or Other Plaintiffs' Attorneys elect to notice, take, defend, or

13 otherwise participate in such deposition. For the avoidance of doubt, if a deposition is noticed to take

14 place in person, nothing in this Coordination Order shall permit the witness to appear other than in person

15 except by agreement of the noticing Party.

16       10.     For the avoidance of doubt, any testimony in a Coordinated Deposition will be deposition

17 testimony given in this Action whether the examination was conducted by The People or Other Plaintiffs'

18 Attorneys. For the further avoidance of doubt, both Parties reserve all rights to object to the admissibility

19 of such testimony pursuant to the applicable provisions of the California Rules of Court, the California

20 Code of Civil Procedure, the California Evidence Code, and any other applicable law.

21       11.     With respect to any Coordinated Deposition of an Amazon Witness or Amazon

22 Representative that The People intend to notice pursuant to this Coordination Order, the Parties agree that

23 The People may share (and receive from the Other Plaintiffs' Attorneys) materials produced by Amazon

24 in this Action that are reasonably contemplated by The People to be shown to the witness subject to a

25 Coordinated Deposition, or necessary to understand the import of such documents, or information derived

26 from such materials, designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes

27 Only under the January 27, 2023 Stipulation and Protective Order (the "Protective Order") with any

28 participating Other Plaintiffs' Attorneys for the sole purpose of preparing for and/or taking such

3

Coordinated Deposition provided that such Other Plaintiffs' Attorneys agree to maintain the confidentiality of such materials as if they had been so designated under the operative protective orders entered in the Other Pending Actions. For the avoidance of doubt, the sharing contemplated by this Paragraph shall be constrained to what is reasonably necessary for the purposes of executing Coordinated Depositions and shall not generally supersede or negate discovery limitations or protective order restrictions otherwise applicable in each individual case.

12.     For the further avoidance of doubt, nothing in this Coordination Order permits any Party to take more than one deposition of any witness without agreement of the Parties and witness and/or leave of Court.

## III.     DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THIS ACTION

13.     To the extent The People seek the deposition of Amazon or an Amazon Witness in the Action, The People shall issue a deposition notice to Counsel for Amazon, for a date not sooner than sixty (60) calendar days from the date the notice is served. Counsel for Amazon shall provide the deposition notice to the Other Plaintiffs' Attorneys for the purpose of facilitating potential coordination of such deposition as may be appropriate in connection with the Other Pending Actions.

14.     Counsel for Amazon shall use best efforts to confirm The People's proposed date or, to the extent the witness or counsel is unavailable, provide one or more alternative dates for the deposition within fourteen (14) calendar days of receiving The People's deposition notice. If alternative dates are provided, Counsel for Amazon shall use best efforts to provide at least one alternative date within fourteen (14) calendar days of The People's initial proposed date. The Parties shall thereafter meet and confer on a reasonable and appropriate date, time, and location for the noticed deposition.

15.     Notwithstanding anything in this Coordination Order, The People shall retain all rights to depose any Amazon Witness by providing the notice required by statute if the sixty (60) day notice period contemplated herein would require the deposition of Amazon or an Amazon Witness to take place after the close of fact discovery in this Action. If the witness is not reasonably available on the date noticed, Amazon shall promptly notify The People, and the Parties shall meet and confer within five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the noticed deposition,

1 which may be conducted after the close of fact discovery in the event the Amazon Witness cannot

2 reasonably be made available on an earlier agreed-date.

3     16. The Parties agree that the Parties, Other Plaintiffs' Attorneys, and Counsel for Amazon in

4 the Other Pending Actions may attend and participate in Coordinated Depositions to the fullest extent

5 permitted under applicable rules, including this Coordination Order and any Order of the Court in this

6 Action. The Parties' use of Coordinated Deposition testimony, or exhibits, designated as "Confidential"

7 or Highly-Confidential" shall be governed by the Protective Order (and use of such materials by Other

8 Plaintiffs' Attorneys shall be governed by the operative protective orders entered in the Other Pending

9 Actions) provided that no Party, their counsel, or Other Plaintiffs' Attorneys shall be excluded from any

10 portion of a Coordinated Deposition or prohibited access to deposition exhibits marked at a Coordinated

11 Deposition. For the avoidance of doubt, both Parties reserve all rights to object to the admissibility of

12 such testimony pursuant to the applicable provisions of the California Rules of Court, the California Code

13 of Civil Procedure, the California Evidence Code, and any other applicable law.

14     17. For any deposition of an Amazon Witness where Amazon provided notice to the Other

15 Plaintiffs' Attorneys contemplated by Paragraph 13, but the Other Plaintiffs' Attorneys do not participate,

16 the Parties agree that the examination by The People generally shall be limited to no more than one (1)

17 day, with no more than seven (7) hours on the record.

18     18. For any Coordinated Deposition of an Amazon Witness, the Parties agree that examination

19 by The People and Other Plaintiffs' Attorneys shall be limited to no more than a combined total of ten

20 (10) hours on the record, with no more than seven (7) hours on the record per day unless otherwise agreed

21 to by the Amazon Witness.

22     19. Notwithstanding the limit set forth in Paragraphs 17 and 18, The People, together with

23 Other Plaintiffs' Attorneys, may identify up to a combined total of eight (8) Amazon Witnesses, where

24 the Amazon Witness has not previously testified in a pre-Complaint investigational hearing in this Action

25 or any of the Other Pending Actions, for whom their Coordinated Deposition shall be limited to no more

26 than a combined total of fourteen (14) hours on the record, with no more than seven (7) hours per day

27 unless otherwise agreed by the Parties and the Amazon Witness. The People, and the Other Plaintiffs'

28 Attorneys, shall identify such Amazon Witnesses by providing Counsel for Amazon with written notice

5

no later than thirty (30) calendar days prior to the date of such deposition. Amazon reserves the right to object to such extended deposition time limit for any specific Amazon Witness by providing written notice of such objection to The People, and Other Plaintiffs' Attorneys, within five (5) business days. Thereafter, the Parties shall meet and confer to try to resolve any such objection. If a dispute remains, Amazon may seek relief from the Court in this action for Coordinated Depositions first noticed in this action; however, absent agreement of the Parties or Order of the Court, the fourteen (14) hour limit shall apply to such deposition.

20.     Notwithstanding the time limits set forth in Paragraphs 18 and 19, should Amazon agree to higher time limits for any Coordinated Depositions, or should any order in the Other Pending Actions be entered permitting higher time limits for any Coordinated Depositions, such higher time limits shall apply to any such Coordinated Depositions taken in this action.

21.     In the event Amazon seeks to coordinate testimony from one or more Amazon Representatives offered in response to a deposition notice to Amazon pursuant to Section 2025.230 of the California Code of Civil Procedure, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice. Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony and appropriate time limits for said deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People may elect to proceed with the deposition on the topics as noticed, or to meet and confer concerning coordination, in their sole discretion. For the avoidance of doubt, nothing in this Paragraph shall affect Amazon's right to object to any deposition notice issued by The People pursuant to Section 2025.230 on any grounds.

## IV.   DEPOSITIONS OF AMAZON AND AMAZON WITNESSES FIRST NOTICED IN THE OTHER PENDING ACTIONS.

22.     In the event Amazon receives a notice or subpoena for the deposition of Amazon or an Amazon Witness in any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and provide The People a copy thereof within seven (7) calendar days of receiving such deposition notice, and at least fifty-three (53) calendar days before the date on which the deposition is noticed. For the avoidance of doubt, notice fails to comply with this Paragraph if it is not provided at

least fifty-three (53) calendar days before the date on which the deposition is first noticed unless Amazon is served with the deposition notice less than sixty (60) calendar days before the date on which the deposition is first noticed, in which case, notice to The People fails to comply with this Paragraph if Amazon does not provide such notice within three (3) business days after timely service upon Amazon in such Other Pending Actions and at least thirty (30) calendar days before the date on which the deposition is first noticed.

23. Upon receipt of a notice from Amazon for the deposition of an Amazon Witness, The People shall have fourteen (14) calendar days to notify Counsel for Amazon in writing whether The People also intend to notice such Amazon Witness for deposition in the present Action such that the deposition will be a Coordinated Deposition, and whether The People are able to proceed with such deposition as noticed in the Other Pending Action. For avoidance of doubt, the timing provisions for issuing a deposition notice under Paragraph 13 shall not apply in such circumstances.

24. To the extent The People elect to proceed with a Coordinated Deposition but are unavailable to proceed with the deposition on the date noticed in an Other Pending Action, or to the extent The People require reasonable additional time to prepare, the Parties will use best efforts to coordinate with each other and the appropriate Other Plaintiffs' Attorneys in the Other Pending Actions to identify mutually-agreeable dates for the coordinated deposition taking into consideration the status of discovery and operative case schedules in this Action and the relevant Other Pending Actions.

25. The People in their sole discretion may elect to participate in a Coordinated Deposition whether or not Amazon provides notice in compliance with Paragraph 22. To the extent The People elect to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action, the Coordinated Deposition will be subject to the deposition time limits set forth above in Paragraphs 18 and 19.

26. To the extent The People decline to participate in the Coordinated Deposition of an Amazon Witness first noticed in any Other Pending Action which occurs on a date more than sixty (60) calendar days after Amazon provides written confirmation that is has substantially completed its document production in response to The People's requests for production of documents through and including Set Six, and for which Amazon has provided notice to The People in accordance with Paragraph 19, The

People may not seek the deposition of that same Amazon Witness in this Action without Amazon's consent or leave of the Court. For the avoidance of doubt, the limitations of this Paragraph shall have no effect, and The People shall be free to notice and take any deposition of an Amazon Witness, where Amazon fails to provide notice that complies with Paragraph 22 and The People decline to participate in a Coordinated Deposition of that Amazon Witness. For the further avoidance of doubt, nothing in this Paragraph, or otherwise in the Coordination Order, bars The People from seeking agreement from Amazon or leave of Court to take additional testimony from any Amazon Witness based on documents produced by Amazon after the date Amazon represents it has substantially completed its document production.

27. In the event Amazon seeks to coordinate testimony from one or more Amazon Representatives offered in response to a deposition notice to Amazon in its corporate capacity issued in any Other Pending Action, Amazon shall identify the designated topics for which it proposes offering coordinated testimony at the time Amazon serves its responses and objections to such deposition notice. Amazon shall provide a copy of any such deposition notice, and any responses and objections thereto, contemporaneously with the service of Amazon's responses and objections. Thereafter, the Parties agree to meet and confer in good faith concerning the coordination of such deposition, including the scope of testimony for any coordinated proceeding, the participants, and any appropriate time limits for said deposition. If Amazon fails to provide timely notice as contemplated under this Paragraph, The People may elect to meet and confer concerning coordination in their sole discretion.

## V. NON-PARTY WITNESS DEPOSITION COORDINATION

28. In the event Amazon receives a notice or subpoena for the deposition of a Non-Party in any Other Pending Actions, Counsel for Amazon shall notify The People of such notice or subpoena and provide The People a copy thereof within seven (7) calendar days of receipt. Thereafter, should either Party seek to depose such Non-Party in a Coordinated Deposition in this Action, the Parties agree to meet and confer to facilitate such coordination to the fullest extent reasonably practicable.

29. The Parties agree that a Party seeking the deposition of a Non-Party witness will issue and send to the other Party a deposition notice with a proposed date for the deposition, which absent mutual agreement or leave of Court for good cause, shall not be set for a date any earlier than sixty (60) calendar days from the date the Party serves the deposition notice. For the avoidance of doubt, under this

Paragraph, a Party may serve a deposition notice without first obtaining or issuing a subpoena to compel attendance of the Non-Party witness at the deposition.

30. The Party receiving the deposition notice shall, within fourteen (14) calendar days, advise the Party seeking the deposition as to whether it intends to cross notice the deposition and either (i) confirm the proposed date, or (ii) use best efforts to propose reasonable alternative dates within fourteen (14) calendar days of the originally noticed date.

31. If the Party receiving the deposition notice wishes to seek documents to prepare for or participate in the deposition of the Non-Party, the Party receiving the deposition notice shall also, within fourteen (14) calendar days, either (i) serve any subpoena for production of such documents on the Non-Party; or (ii) in the event a subpoena must be domesticated for service in a foreign jurisdiction, provide notice of a forthcoming subpoena to the original noticing Party and the Non-Party, including a copy of said subpoena, and use best efforts to promptly domesticate and serve such subpoena. The Party serving such a document subpoena on a Non-Party shall use its best efforts to enforce the subpoena, so as not unreasonably delay the taking of the Non-Party deposition noticed by the other Party.

32. If the Party receiving the deposition notice fails to comply with the timing requirements set forth in the preceding Paragraph 28, it shall waive all rights to move to continue or reopen the deposition of the Non-Party, or seek any other relief, based on production of responsive documents after the deposition.

33. Notwithstanding any agreed date and to minimize, to the extent possible, the burden on and inconvenience to Non-Parties, the Parties further agree to work in good faith to make any mutually agreeable modifications to the date(s) for each deposition, including to coordinate, to the extent reasonably possible, with the Other Plaintiffs' Attorneys for their respective depositions of the same Non-Party in the Other Pending Actions and to account for the availability of the Non-Party, the availability of counsel for the Parties and Non-Parties, any burden and inconvenience to the Non-Party, and the needs of the Parties to seek documents from each other or the Non-Party and/or its affiliated entities in advance of the deposition if a subpoena for production of documents is timely served or noticed pursuant to Paragraph 28.

34. Notwithstanding anything in this Coordination Order, the Parties shall retain all rights to depose any Non-Party witness by providing the notice required by statute if the sixty (60) day notice

1   period contemplated herein would require the deposition of a Non-Party witness to take place after the

2   close of fact discovery in this Action.  If the Non-Party witness is not reasonably available on the date

3   noticed, the noticing Party shall promptly notify all Parties, and the Parties shall meet and confer within

4   five (5) calendar days thereof regarding a reasonable and appropriate date, time, and location for the

5   noticed deposition, which may be conducted after the close of fact discovery in the event the Non-Party

6   witness cannot reasonably be made available on an earlier agreed-date.

7         35.    Notwithstanding anything in this Coordination Order, apart from the failure to timely serve

8   or notice a subpoena for production of documents as outlined in Paragraph 28, the Parties retain all rights

9   to formally object (by motion or otherwise) to the taking of any Non-Party's deposition or to the timing

10  or scope of any such deposition in this Action.  For the avoidance of doubt, provided a Party complies

11  with the timing requirements set forth in Paragraph 28 regarding service or providing notice of a subpoena

12  for documents, the Party retains all rights to formally object (by motion or otherwise) to the taking of any

13  Non-Party's deposition or to the timing or scope of any such deposition in this Action.

14        36.    This Coordination Order does not impose, modify, or waive any discovery obligation,

15  objection, or applicable privilege the Parties may have with respect to the production of documents relating

16  to any Non-Parties except as expressly provided herein.  The Parties do not waive any objections to and

17  shall retain all rights to formally object (by motion or otherwise) to any Non-Party discovery in the Action

18  except as expressly provided herein.

19

20

21

22

23

24

25

26

27

28

30

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2  DATED: April 17, 2024            Respectfully Submitted,

3  By: */s/ Stephen R. Smerek*        By: */s/ Jeffrey M. Davidson*
4     Stephen R. Smerek               Jeffrey M. Davidson

5  Rob Bonta (SBN 202668)          Heidi K. Hubbard (*pro hac vice*)
   Attorney General of California      Kevin M. Hodges (*pro hac vice*)
6  Paula Blizzard (SBN 207920)       Jonathan B. Pitt (*pro hac vice*)
   Senior Assistant Attorney General    Carl R. Metz (*pro hac vice*)
7  Natalie S. Manzo (SBN 155655)     Carol J. Pruski (Bar No. 275953)
   Jamie L. Miller (SBN 271452)       WILLIAMS & CONNOLLY LLP
8  Supervising Deputy Attorneys General  680 Maine Ave. SW
9  Robert B. McNary (SBN 253745)    Washington, DC 20024
   Stephen R. Smerek (SBN 208343)   Tel.: (202) 434-5000
10 Lauren J. Pomeroy (SBN 291604)   Fax: (202) 434-5029
   Carolyn D. Jeffries (SBN 319595)
11 Nell G. Moley (SBN 295498)      Jeffrey M. Davidson (Bar No. 248620)
   Komal Patel (SBN 342765)        Cortlin H. Lannin (Bar No. 266488)
12 Deputy Attorneys General         Neema T. Sahni (Bar No. 274240)
13 300 South Spring Street, Suite 1702  COVINGTON & BURLING, LLP
   Los Angeles, CA 90013         415 Mission Street, Suite 5400
14 Tel: (213) 269-6058           San Francisco, CA 94105
                           Tel: (415) 591-6000
15 *Attorneys for Plaintiff and Cross-Defendant,*  Fax: (415) 591-6091
   *The People of the State of California*   *Attorneys for Defendant and Cross-Claimant,*
16                            *Amazon.com, Inc.*

17

18

19                          **[~~PROPOSED~~] ORDER**

21     Pursuant to the above stipulation, IT IS SO ORDERED

23  **DATED:** _Apr. 17, 2024_

24                   Hon. Ethan P. Schulman
                      Judge of the Superior Court

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On April 17, 2024, I electronically served STIPULATED COORDINATION PROTOCOL AND ORDER via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: APR 1 7 2024

Brandon E. Riley, Court Executive Officer

By: _Felicia Green_

Felicia Green, Deputy Clerk