# EXHIBIT B

LAW OFFICES
WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 3, 2024

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

<u>Via Email</u>

Daniel Principato, Esq.
Leigh Barnwell, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20590
dprincipato@ftc.gov
lbarnwell@ftc.gov

  Re: <u>FTC v. Amazon.com, Inc.</u>, Case No. 2:23-cv-01495-JHC (W.D. Wash.)

Dear Dan & Leigh:

  I write to follow up on our April 10 and April 12, 2024 meet and confers and Plaintiffs' April 19 and April 23, 2024 letters ("Pltfs. Apr. 19 Ltr." and "Pltfs. Apr. 23 Ltr.," respectively) regarding Amazon's March 25, 2024 Responses and Objections ("Objections") to the Plaintiffs' Second Set of Requests for Production ("Requests") for Request Nos. 31-34, 38-39, 53, 55, 63, 86, and 185 through 200.

  As a preliminary matter, throughout Plaintiffs' April 19 and April 23 letters and in connection with Plaintiffs' discussion of specific requests, Plaintiffs assert that "Subject to agreement on search methodology, Amazon did not identify any objections based on which it intends to withhold documents responsive to [this Request] other than those discussed above." Amazon disagrees with this characterization. In many instances, the parties have yet to reach agreement on the scope of the Request and for that reason alone Amazon maintains its objections to relevance, overbreadth, and burden. And in all instances, Amazon preserves its objections with respect to the production of privileged information.

  In addition, and as the parties have discussed on our meet and confers, many of Plaintiffs' requests seek documents "relating to" the allegations in the Complaint. Amazon maintains its position that this language provides no guidance as to the specific information Plaintiffs seek in any given request, or how any such information is relevant to the claims in this litigation. While

WILLIAMS & CONNOLLY LLP
Daniel Principato, Esq., & Leigh Barnwell, Esq.
May 3, 2024
Page 3

Plaintiffs' April 19 letter, Plaintiffs identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Amazon agreed to review the cited document.

Based on a reasonable investigation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ mazon continues to object to this Request as, among other things, overly broad and irrelevant to the claims and defenses in this litigation. Plaintiffs suggested on our meet and confer that they seek these documents in order to understand who is involved in each business unit and what those employees are focused on. Such an explanation does little to clarify the relevance of the documents, themselves, to the claims in the litigation. This is particularly true where, as here, Plaintiffs conducted a more than 3-year investigation into Amazon, including receiving documents from more than 130 custodians and taking sworn testimony from 30 current and former employees. Moreover, as explained during the investigation, Amazon's personnel reviews do not include substantive information about projects, but rather are meant to evaluate an employee's performance against Amazon's Leadership Principles and whether they are meeting business objectives and goals.

Notwithstanding that this Request seeks documents far afield from the allegations in the Complaint, to the extent Plaintiffs can provide additional detail on precisely why they seek these documents, Amazon remains willing to meet and confer further with Plaintiffs in good faith regarding the scope of this Request.

**Request No. 33**

Request No. 33 seeks "[a]ll Documents created by, sent from, received by, or prepared for the Retail Leadership Team for North America or the Consumer Leadership Team for North America . . . relating to the allegations in the Complaint." On our April 10 meet and confer, Plaintiffs clarified that they were seeking information from the Retail Leadership Team and Consumer Leadership Team for North America, including whether either team went under a different name during the relevant time period. Amazon agreed to investigate whether either team (or its predecessors, if any) had a listserv from which documents could be collected, and, if not, whether either listserv had an administrator who stores documents sent to that listserv. After a reasonable inquiry, Amazon confirms that aliases for both teams exist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that neither team went by a different name during the relevant time period, and that it is not possible to collect documents from either email alias. Amazon is still investigating whether a central administrator exists for either listserv from which the documents Plaintiffs seek through this request can be collected, and will supplement this response once more information is available.

**WILLIAMS & CONNOLLY**LLP

Daniel Principato, Esq., & Leigh Barnwell, Esq.
May 3, 2024
Page 13

Prime program." Request No. 200 seeks "[a]ll Documents relating to fees Amazon charges Sellers for enrollment in or use of Fulfillment by Amazon, Multichannel Fulfillment, Merchant Fulfilled Network, Seller Fulfilled Prime, and Buy with Prime, and any companion service, including actual, proposed, and considered fees, and all Documents relating to the purpose and strategy associated with each fee, Sellers pass through of such costs to shoppers, and completion."

On our April 12 meet and confer, Plaintiffs asserted that they are seeking documents relating to fees that were considered or proposed but not implemented, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiffs also asserted that they are seeking documents relating to the structure of fees across all fee categories, meaning fees beyond those nominally deemed "participation fees." Plaintiffs also clarified that "any companion service" seeks optional programs Sellers can "add on," as opposed to mandatory services, and suggested that Buy with Prime is an example of such an optional service. This clarification raises ambiguity because all of Amazon's fulfillment services are optional for sellers. They pay for services that they choose to use. In any event, Amazon remains willing to conduct a reasonable investigation to identify whether responsive documents may be collected on a targeted basis that are sufficient to show fees Amazon charged or considered charging Sellers for participation in, enrollment in, or use of Seller Fulfilled Prime, Fulfillment by Amazon, Multichannel Fulfillment, and Merchant Fulfilled Network.

\* \* \*

Amazon is available to meet and confer as necessary to discuss the issues outlined above.

Sincerely,

*/s/ Katie Trefz*

Katie Trefz

cc:   Susan A. Musser, Edward H. Takashima, Daniel A. Principato, Colin M. Herd, FTC
      Michael Jo, New York State Office of the Attorney General
      Timothy D. Smith, Oregon Department of Justice
      Molly A. Terwilliger, Morgan, Lewis & Bockius LLP
      Robert Keeling, Sidley Austin LLP