# EXHIBIT C

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 15, 2024

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

<u>Via Email</u>

Michael Baker, Esq.
Amanda Butler, Esq.
Colin Herd, Esq.
Thomas Miller, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20590
mbaker1@ftc.gov
abutler2@ftc.gov
cherd@ftc.gov
tmiller2@ftc.gov

Re:   *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495-JHC (W.D. Wash.)

Dear Counsel:

I write to follow up on the parties' various correspondence regarding Amazon's March 25, 2024 Responses and Objections ("Objections") to the Plaintiffs' Second Set of Requests for Production ("Requests") for Request Nos. 29-30, 32, 35, 37-39, 62, 68, 83, 88, 97, 100, 114-15, 128, 135, 138, 155-56, 167-70, 185-90, 193-94, 197-200, 202-04, 209, 212, 214-16, 218, 221-25, 231-32, 234-43, 245-51, 255, 257, 260, 263, 266, 271, 274, 276, 281, 284, 286-87, 289-92, 296 and 299, and Amazon's July 29, 2024 Responses and Objections to the Plaintiffs' Fourth Set of Requests for Production ("Requests") for Request Nos. 356-59, 361-63, 365-67, 369, 371-74, 376-78, and 382-90.

### Request Nos. 29, 30, 291, & 292

Request Nos. 29, 30, 291, and 292 generally seek economic analyses and reports regarding the allegations in Plaintiffs' Complaint. In Plaintiffs' September 6 letter, Plaintiffs assert that in order to move forward in custodial negotiations and negotiations over these

**WILLIAMS & CONNOLLY**LLP®
Michael Baker, Esq., Amanda Butler, Esq., Colin Herd, Esq., & Thomas Miller, Esq.
October 15, 2024
Page 2

Requests, Plaintiffs require Amazon identify the heads of a number of different business units, including Store Economics and Science (SEAS), Core AI, Central Econ, and EconTech. It remains unclear to Amazon what deficiency Plaintiffs see in the custodial offer Amazon has already provided regarding these Requests.  Amazon believes that the custodians to which it has already agreed are more than sufficient to provide Plaintiffs with the relevant and responsive studies they seek, and that additional economist custodians would be both duplicative and disproportionate to the needs of the case.

### Request No. 32

Request No. 32 seeks "[a]ll Documents relating to personnel reviews, evaluations, and promotion materials (whether in draft or final form) concerning individuals with responsibilities relating to the conduct described in the Complaint."

Amazon agrees the parties are at an impasse on this Request. As Amazon has explained in numerous letters and filings to the Court, the materials sought by Request No. 32 are not themselves relevant to any allegation in Plaintiffs' Complaint. Plaintiffs have sought every personnel review, regardless of the substantive topic they cover, and regardless of the fact that the things Plaintiffs hope to get out of these documents—like to identify Amazon's goals and progress towards those goals—are much better found in the millions of business documents Plaintiffs will be receiving in response to their other substantive requests. Plaintiffs have also taken no steps to reasonably limit their Request. Despite Amazon offering both produce any personnel file that hits on Plaintiffs' search terms and is deemed responsive to Plaintiffs' other requests, and to consider a targeted production of personnel reviews for a limited number of individuals for whom Plaintiffs are concerned will not appear in custodial files, Plaintiffs nevertheless continue to demand the entire personnel file for every custodian in this case. Such a demand is unreasonable, unnecessary, and, given these documents' marginal relevance to Plaintiffs' allegations, deeply disproportionate to the needs of the case. As such, Amazon continues to object to producing documents in response to Request No. 32.

**WILLIAMS & CONNOLLY** LLP

Michael Baker, Esq., Amanda Butler, Esq., Colin Herd, Esq., & Thomas Miller, Esq.
October 15, 2024
Page 38

dozen requests is more than proportional to an agreement by Plaintiffs' to withdraw two of their own.

**Request No. 389**

Request No. 389 seeks "[a]ll Documents concerning any requests made by Amazon under the Freedom of Information Act, 5 U.S.C. § 552, or any analogous public records law in any state, in connection with, in the course of, or regarding Plaintiffs' pre-Complaint investigation, the allegations in the Amended Complaint, this Action, *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.), *District of Columbia v. Amazon.com, Inc.*, No., 2021 CA 001775 B (D.C. Super. Ct.), *Arizona ex rel. Mayes v. Amazon.com, Inc.*, No. CV2024-011990 (Ariz. Super. Ct.), or any Related Cases."

Amazon has identified a request ████████████████████████████████ ████████████████████████████. Amazon agrees to produce the documents received in response to that request. Please let Amazon know if Plaintiffs have any outstanding requests that should be addressed through a meet and confer.

\*   \*   \*

Amazon is available to meet and confer as necessary to discuss the issues outlined above.

Sincerely,

Katie Trefz

cc:   Susan A. Musser, Edward H. Takashima, Daniel A. Principato, FTC
      Michael Jo, New York State Office of the Attorney General
      Timothy D. Smith, Oregon Department of Justice
      Molly A. Terwilliger, Morgan, Lewis & Bockius LLP
      Robert Keeling, Sidley Austin LLP