# EXHIBIT K

LAW OFFICES
**WILLIAMS & CONNOLLY** LLP®

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 18, 2024

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

<u>Via Email</u>

Michael Baker, Esq.
Bahadur Khan, Esq.
Kara King, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20590
mbaker1@ftc.gov
bkhan1@ftc.gov
kking@ftc.gov

Re:    <u>FTC v. Amazon.com, Inc.</u>, Case No. 2:23-cv-01495-JHC (W.D. Wash.)

Dear Counsel:

I write to follow up on our August 5, August 6, and August 9, 2024 meet and confers, and your letter of August 19, 2024, regarding Amazon's March 25, 2024 Responses and Objections to the Plaintiffs' Second Set of Requests for Production, and Amazon's July 29, 2024 Responses and Objections ("Objections") to the Plaintiffs' Fourth Set of Requests for Production ("Requests"), for Request Nos. 178, and 356-393.

To the extent Plaintiffs have requested a response regarding a given Request in their August 19, 2024 letter, and that response is not provided below, Amazon will endeavor to respond by October 2, 2024.

**<u>Request No. 178</u>**

Request No. 178 seeks "[a]ll Documents relating to the use or potential use of Project Nessie, any predecessors or successors to Project Nessie, or a similar project outside the United States."

**WILLIAMS & CONNOLLY**LLP

Michael Baker, Esq., Bahadur Khan, Esq., & Kara King, Esq.
September 18, 2024
Page 12

badge for SFP was within the scope of this Request, but Plaintiffs already have Request No. 226, which seeks information specifically about an alternative badge for SFP. Thus, the instant Request is needlessly duplicative to the extent it seeks information about an alternative badge for SFP. Amazon responds that it maintains its original response as written in its Objections, but clarifies that its production would include any responsive SFP "alternatives" that may or may not retain the name "Seller Fulfilled Prime," and would exclude information about an alternative badge for SFP.

**Request Nos. 376, 377, & 387**

Request No. 376 seeks "[a]ll Documents relating to Amazon's actions, whether as formal commitments, voluntary commitments, or otherwise, undertaken or considered as the result of any investigation or inquiry by any government competition enforcer in any country or jurisdiction including without limitation, actions relating to implementation, monitoring, evaluation, and compliance, as well as the evaluation, consideration, proposal, study, or analysis of any alternatives." Request No. 377 similarly seeks "[a]ll Documents relating to Amazon's actions, whether as formal commitments, voluntary commitments, or otherwise, undertaken or considered as the result of requirements consistent with its designation under any regulatory scheme, such as the European Union's Digital Markets Act, as a gatekeeper, platform with strategic market status, or similar designation, including without limitation actions relating to implementation, monitoring, evaluation, and compliance, as well as the evaluation, consideration, proposal, study, or analysis of any alternatives." Request No. 387 seeks "[a]ll Documents and data, including any requests for information, responses, questionnaires, surveys, presentations, or charges received from and provided to any government competition enforcer in any country or jurisdiction in connection with an antitrust or competition-related investigation or inquiry."

As the parties have discussed repeatedly throughout these negotiations, materials related to non-United States jurisdictions are irrelevant to Plaintiffs' claims, which focus solely on United States conduct. Regardless of how Plaintiffs suggest to limit these Requests (such as by seeking only documents related to the EU's Digital Market Act, the UK's Digital Markets, Competition, and Consumers Bill, and Germany's Competition Act for Request No. 387), these Requests, at their core, seek irrelevant, ex-U.S. documents. Plaintiffs make that clear by suggesting Amazon conduct a "reasonable targeted collection of files outside the United States."

Additionally, and as Amazon noted in its Objections and again on the parties' August 9 meet and confer, many investigations into Amazon, inside or outside the United States, or regulatory schemes that Amazon as a business responds to, involve conduct or allegations that do not relate to Plaintiffs' claims.

Moreover, these all-encompassing Requests over any action Amazon has taken in response to regulatory schemes or government enforcers are perplexing given the Plaintiffs'

**WILLIAMS & CONNOLLY LLP**

Michael Baker, Esq., Bahadur Khan, Esq., & Kara King, Esq.
September 18, 2024
Page 13

four-year opportunity to investigate Amazon themselves and the reality that Plaintiffs have already settled on their Complaint in this matter.

In response to these objections, Plaintiffs proposed that Amazon provide a list of the investigations and inquiries it faced in other, non-United States jurisdictions. Amazon declines to do so. As with so many others of Plaintiffs' Requests, documents regarding the substantive changes Amazon made in response to investigations or regulatory schemes will be found in the custodial files of the business teams themselves proposing, evaluating, and implementing those changes. A fishing expedition by Plaintiffs imposes an inappropriate and disproportionate burden on Amazon to find documents of no clear relevance, a burden to which Amazon strenuously objects.

### Request No. 378

Request No. 378 seeks all documents relating to "any evaluation, consideration, proposal, study, or analysis by Amazon of the cessation of, potential alternatives to, or changes to Amazon Retail's first-party anti-discounting program." In its Objections, Amazon objected to the phrase "first-party anti-discounting program" and interpreted this Request to seek documents "reflecting Amazon's competitive price-matching strategy." Per Plaintiffs' June 21, 2024 letter, the phrase "first-party anti-discounting program" can be read to request documents related to external price matching. Also, in its Objections, Amazon objected to this Request as duplicative of Request Nos. 154–156, 294, and 300 and responded that it will produce materials responsive to this Request in response to those Requests. On the parties' August 5, 2024 meet and confer and in their August 29, 2024 letter, Plaintiffs asked Amazon to confirm it would produce materials relating to competitor promotion matching ("CPM") in response to this Request.

Although CPM is separate from competitive price matching, Amazon already has agreed to produce documents relating to CPM. To the extent Request No. 378 seeks documents relating to CPM, Amazon objects to this Request as duplicative of Request No. 173 ("All Documents relating to Competitor Promotion Matching") and refers Plaintiffs to its forthcoming custodial production in response to that Request. In addition, Amazon continues to refer Plaintiffs to the documents sufficient to describe Amazon's retail pricing strategies, which would include CPM, that will be produced in response to Request Nos. 155 and 156.

### Request No. 382

Request No. 382 seeks, "[a]ll agreements between Amazon and any third party providing fulfillment services or delivery services for orders placed on Amazon's Online Store."

During the parties' August 9 meet and confer, Amazon explained that this Request is extremely broad in that it seeks all agreements with any delivery provider, even if those delivery providers have agreements with Amazon wholly unrelated to fulfillment of orders placed in Amazon's store. Amazon asked Plaintiffs to articulate what exactly they're seeking. Plaintiffs

**WILLIAMS & CONNOLLY** LLP
Michael Baker, Esq., Bahadur Khan, Esq., & Kara King, Esq.
September 18, 2024
Page 21

cc: Susan A. Musser, Edward H. Takashima, Daniel A. Principato, FTC
Michael Jo, New York State Office of the Attorney General
Timothy D. Smith, Oregon Department of Justice
Molly A. Terwilliger, Morgan, Lewis & Bockius LLP
Robert Keeling, Sidley Austin LLP