THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOTE ON MOTION CALENDAR: DECEMBER 12, 2024

*ORAL ARGUMENT REQUESTED*

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. NEW JERSEY'S CONSUMER FRAUD ACT CLAIMS (COUNTS XIV AND XV) FAIL .......... 2

II. PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM (COUNT XIX) FAILS .......... 5

A. Pennsylvania's Deception Claim .......... 6

B. Pennsylvania's Unfairness Claim .......... 7

CONCLUSION .......... 9

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anadarko Petrol. Corp. v. Pennsylvania,*
206 A.3d 51 (Pa. Commw. Ct. 2019) ....................9

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ....................3, 5

*Ash v. Cont'l Ins. Co.*,
932 A.2d 877 (Pa. 2007) ....................9

*BCR Carpentry LLC v. FCA US, LLC*,
2024 WL 4570734 (D.N.J. Oct. 24, 2024)....................4, 5

*Coba v. Ford Motor Co.*,
2017 WL 3332264 (D.N.J. Aug. 4, 2017), *aff'd*, 932 F.3d 114 (3d Cir. 2019)....................5

*Coda v. Constellation Energy Power Choice, LLC*,
409 F. Supp. 3d 296 (D.N.J. 2019) ....................4

*Corsale v. Sperian Energy Corp.*,
412 F. Supp. 3d 556 (W.D. Pa. 2019)....................7

*Cox v. Sears Roebuck & Co.*,
647 A.2d 454 (N.J. 1994)....................1

*Coyle v. JSL Mech., Inc.*,
2023 WL 5985273 (E.D. Pa. Sept. 14, 2023) ....................7

*Daniyan v. Viridian Energy LLC*,
2015 WL 4031752 (D. Md. Jun. 30, 2015)....................6

*FTC v. Vyera Pharm. LLC,*
479 F. Supp. 3d 31 (S.D.N.Y 2020)....................9

*Hayden v. Knight*,
2023 WL 4683681 (W.D. Wash. July 21, 2023) ....................1

*In re HIV Antitrust Litig.*,
2023 WL 3006572 (N.D. Cal. Apr. 18, 2023) ....................9

*Hughes v. TD Bank, N.A.*,
856 F. Supp. 2d 673 (D.N.J. 2012) ....................3

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT - ii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Judge v. Blackfin Yacht Corp.*,
815 A.2d 537 (N.J. App. Div. 2003)....................5

*Landau v. Viridian Energy PA LLC*,
223 F. Supp. 3d 401 (E.D. Pa. 2016)....................6

*Leon v. Rite Aid Corp.*,
774 A.2d 674 (N.J. App. Div. 2001)....................4

*Leslie v. Quest Diagnostics, Inc.*,
2018 WL 1535235 (D.N.J. Mar. 29, 2018)....................4

*N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*,
725 A.2d 1133 (N.J. Super. Ct. App. Div. 1998)....................5

*Nike, Inc. v. McCarthy*,
379 F.3d 576 (9th Cir. 2004)....................5

*Pennsylvania v. Golden Gate Nat'l Senior Care LLL,*
194 A.3d 1010 (Pa. 2018)....................7

*Sickles v. Cabot Corp.*,
877 A.2d 267 (N.J. Super. Ct. App. Div. 2005)....................1, 3

*Silver v. Pep Boys-Manny, Moe & Jack of Del., Inc.*,
2018 WL 1535285 (D.N.J. Mar. 29, 2018)....................4

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
2024 WL 251404 (N.D. Cal. Jan. 23, 2024)....................5

*United States v. Alexander*,
106 F.3d 874 (9th Cir. 1997)....................8

*Wilson v. Gen. Motors Corp.*,
2006 WL 1767754 (N.J. Super. Ct. App. Div. June 29, 2006), *aff'd*, 921 A.2d 414 (N.J. 2007)....................3

*Yingst v. Novartis AG*,
63 F. Supp. 3d 412 (D.N.J. 2014)....................4

**Statutes**

73 Pa. Stat. § 201-2(4)....................9

73 Pa. Stat. § 201-2(4)(v)....................8

73 Pa. Stat. § 201-2(4)(xxi)....................8

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT - iii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**INTRODUCTION**

This Court dismissed several state-law claims that had nothing to do with the competition issues presented in the First Amended Complaint. These claims invoked consumer-protection causes of action and claims of "deception," "unconscionability," "fraud," or "unfair acts or practices." Dkt. 289 at 31–39. This Court dismissed those claims because "the Amended Complaint does not allege 'fraudulent or deceptive conduct' … and it does not allege that Amazon made misrepresentations." *Id.* at 37.

Two states—New Jersey and Pennsylvania—have now amended the pleadings to add back in the same basic claims this Court dismissed. *See* Second Amended Complaint ("SAC"), Dkt. 327 ¶¶ 507-33, 545-95. This continued attempt to import consumer-protection issues into this case fares no better than the prior attempt: both states' claims suffer from the same pleading deficiencies as before. The claims should therefore be dismissed with prejudice this time. *Cf. Hayden v. Knight*, 2023 WL 4683681, at *5 (W.D. Wash. July 21, 2023) (dismissing plaintiff's second amended complaint with prejudice for failure to cure deficiencies the district court identified in first amended complaint).

**New Jersey.** New Jersey realleges the same "unconscionability" claim under the State's Consumer Fraud Act (Count XIV) and alleges an entirely new "knowing concealment" claim under the same Act (Count XV). For both counts, a plaintiff must point to conduct that has the "capacity to mislead." *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). But New Jersey alleges neither an affirmative act nor an omission that would mislead consumers. Rather, just as before, the SAC's competition-focused allegations fail to state a claim under a law that "was enacted to help eradicate consumer fraud, not to 'advance public policy in favor of competition.'" *Sickles v. Cabot Corp.*, 877 A.2d 267, 277 (N.J. Super. Ct. App. Div. 2005) (citation omitted).

**Pennsylvania.** Pennsylvania's deception and unfairness claims (Count XIX) fail for similar reasons: the SAC alleges no facts to support the types of consumer-protection claims

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

encompassed by Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"). This Court has already twice rejected Pennsylvania's effort to jam the round peg of Plaintiffs' competition-related factual allegations into the square hole of the PUTPCPL. The SAC pleads no new factual allegations that could support a PUTPCPL claim; instead Pennsylvania seeks to relitigate this Court's prior legal rulings and interject groundless consumer protection claims into this antitrust case. This Court should again dismiss the PUTPCPL claim, this time with prejudice.

## ARGUMENT

### I. NEW JERSEY'S CONSUMER FRAUD ACT CLAIMS (COUNTS XIV AND XV) FAIL.

This Court previously dismissed New Jersey's Consumer Fraud Act ("CFA") count because the State's "only legal theory 'is that defendants' alleged monopolistic conduct constitutes an unconscionable commercial practice,'" and such a theory is not cognizable under the CFA. Dkt. 289 at 33 (quoting *Sickles,* 877 A.2d at 277). Rather, as this Court explained, "the '*capacity to mislead* is the prime ingredient of deception or an unconscionable commercial practice." *Id.* at 33-34 (quoting *Sickles*, 877 A.2d at 277) (emphasis added). Because New Jersey failed to "point to any specific statement, promise, or advertising guaranteeing that Amazon offered the lowest prices … Amazon's actions as to Project Nessie are not deceptive." *Id.* at 32-33.

New Jersey tries again to bring a claim under the CFA, but it does not cure the fundamental problem the Court identified: it alleges no facts to support a consumer protection claim. The SAC features two separate counts under the CFA, both of which focus on "Project Nessie." Count XIV alleges that "Nessie" was an "unconscionable commercial practice." *See* SAC ¶¶ 519-21. Count XV alleges that Amazon knowingly concealed the fact of "Nessie's" existence. *See id.* ¶¶ 530-31. Despite this new packaging, the SAC alleges no new facts concerning any "specific, statement, promise, or advertising guaranteeing that Amazon offered the lowest prices." Dkt. 289 at 32-33. *Compare* First Amended Complaint ("FAC"), Dkt. 171 ¶¶ 418-34, *with* SAC ¶¶ 418-34.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Instead, as before, New Jersey is alleging what is, at bottom, an antitrust claim not actionable under the CFA.

Specifically, Count XIV alleges that Amazon engaged in an "unconscionable" practice because it used Nessie as a price-coordination mechanism to induce "other online stores into raising their prices." *Id.* ¶ 520; *see also id.* ¶ 531; ¶ 434 (alleging Nessie "undermine[d] competition"). But alleged suppression of price competition falls squarely within the ambit of the antitrust laws, not the consumer-protection provisions of the CFA. *See Sickles*, 877 A.2d at 277 ("The CFA was enacted to help eradicate consumer fraud, not to 'advance public policy in favor of competition and prevent practices which deprive consumers of the benefit of competitive markets….'") (citation omitted). Just as before, "[b]ecause the only acts and practices included in the complaint are [alleged to be] anti-competitive acts[,] … their complaint cannot state a claim for relief under the Consumer Fraud Act." *Wilson v. Gen. Motors Corp.*, 2006 WL 1767754, at *9 (N.J. Super. Ct. App. Div. June 29, 2006) (per curiam), *aff'd*, 921 A.2d 414 (N.J. 2007).[1]

Further, as this Court has recognized, a plaintiff cannot state a claim under the CFA unless it alleges conduct that has the "*capacity to mislead*." Dkt. 289 at 31 (quoting *Cox*, 647 A.2d at 462) (emphasis added). This is true for claims regarding "affirmative acts" (Count XIV) and claims regarding "knowing omissions" (Count XV). *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 296 (D.N.J. 2009) ("common thread" underlying "*all types*" of conduct made unlawful by the CFA is the "*capacity to mislead*." (emphases added)). To satisfy this standard, "[t]he practice must be misleading and outside the norm of a reasonable business practice." *Hughes v. TD Bank, N.A.*, 856 F. Supp. 2d 673, 680 (D.N.J. 2012). And to survive a motion to dismiss, misleading and unreasonable practices must be alleged with particularity. *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 301 (D.N.J. 2019).

---

[1] New Jersey also alleges that Amazon violated the CFA with the policies toward third-party sellers that underlie Plaintiffs' Sherman Act claims. *See* SAC ¶ 521. As before, these allegations of "monopolistic conduct" do not state a claim under the CFA. Dkt. 289 at 33.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

This Court already concluded that the prior allegations regarding Nessie's price effects did not allege a practice with the "capacity to mislead." Dkt. 289 at 32-33. New Jersey has not even attempted to remedy that deficiency by alleging deceptive statements or omissions, let alone with particularity. Count XIV thus fails because New Jersey does not—and cannot—allege that Amazon misled consumers as to the actual prices they would pay. New Jersey courts consistently reject the notion that a company's decisions about pricing strategy are unconscionable under the CFA when, as here, consumers are charged the prices that the company advertises.[2] Even when a defendant fails to inform its customers of "specific prices," that failure "only becomes relevant [to the CFA] when juxtaposed against [the defendant's] advertising." *Leon v. Rite Aid Corp.*, 774 A.2d 674, 680 (N.J. App. Div. 2001); *see also* Dkt. 289 at 32. And here, the SAC does not even suggest that Amazon misled consumers about the specific prices of the goods they bought. Indeed, New Jersey has abandoned its prior claim of deceptive advertising. *Cf.* FAC ¶ 515(b).

The same result follows for Count XV, which alleges deceptive "concealment." SAC ¶¶ 422, 530. New Jersey alleges that, for certain goods at certain times, Amazon used an "algorithmic tool" (Nessie) that raised prices and that Amazon did not disclose this proprietary pricing algorithm to the public. SAC ¶¶ 422-24; *see also* Dkt. 127 at 4 (summarizing allegations regarding Nessie). But to state a claim of "knowing concealment" or "knowing omission" under the CFA, the plaintiff must plausibly allege that the defendant had a duty to disclose the omitted fact. *See Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 543 (N.J. App. Div. 2003). "Implicit in the showing of an omission is the underlying duty on the part of the defendant to disclose what he concealed to induce the purchase. Obviously, there can be no fraud, or reliance for that matter,

---

[2] *See, e.g.*, *BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *7 (D.N.J. Oct. 24, 2024) (upholding auto distributor's mark-up); *Silver v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*, 2018 WL 1535285, at *5 (D.N.J. Mar. 29, 2018) ("Plaintiff has pointed to no authority, and there is in fact no law, which requires Defendant to charge the same prices for products, sold through different distribution channels, at different times, in the absence of some specific representation promising to do so."); *Leslie v. Quest Diagnostics, Inc.*, 2018 WL 1535235, at *3 (D.N.J. Mar. 29, 2018) (rejecting argument that "differential pricing" violates the CFA); *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 416 (D.N.J. 2014) ("Plaintiff does not cite any case, and the Court is aware of none, in which an 'unconscionable commercial practice' was found under the NJCFA based solely upon the disparate pricing of substantively identical products manufactured by the same defendant.").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

if the defendant was under no obligation to disclose the information in the first place." *Arcand*, 673 F. Supp. 2d at 297; *see also Coba v. Ford Motor Co.*, 2017 WL 3332264, at *3 (D.N.J. Aug. 4, 2017), *aff'd*, 932 F.3d 114 (3d Cir. 2019).

Here, Amazon had no duty to disclose its pricing algorithms generally, let alone the variation in its algorithm that the SAC calls "Project Nessie." Indeed, firms across the economy typically keep their pricing strategies confidential. *E.g.*, *Nike, Inc. v. McCarthy*, 379 F.3d 576, 586 (9th Cir. 2004); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2024 WL 251404, at *10 (N.D. Cal. Jan. 23, 2024); *see also* Dkt. 160 at 5 (designating Amazon's "algorithms" and "business strategy documents" as "highly confidential"). Further, under New Jersey law, a party generally "has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other.'" *N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. App. Div. 1998) (citation omitted). None of these circumstances describe the arms-length relationship between Amazon and its consumers. To the contrary, New Jersey courts have rejected CFA claims seeking to hold companies liable for refusing to disclose how they arrived at the prices they charge, explaining that merchants have no duty to disclose such strategic information to consumers. *See, e.g.*, *BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *8 (D.N.J. Oct. 24, 2024). In sum, because Amazon had no duty to disclose the "algorithmic tool[s]" it used to decide on prices, its "concealment" of such tools—including, as alleged, Nessie—does not violate the CFA.

## II. PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM (COUNT XIX) FAILS.

This Court previously dismissed Pennsylvania's deception and unfairness claims under the PUTPCPL. Dkt. 289 at 34-37. Pennsylvania's amendments do not address the fundamental deficiencies this Court identified. The Court should therefore again dismiss these claims, this time with prejudice.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**A. Pennsylvania's Deception Claim**

The PUTPCPL does not reach "non-actionable puffery" in which "'the impression created by [a] statement is one of exaggeration or overstatement expressed in broad language.'" Dkt. 289 at 35 (quoting *Piccioli v. Faust Heating & A/C Co.*, 299 A.3d 877 (Pa. Super. Ct. 2023) (citation omitted)). This Court thus rejected Pennsylvania's argument that Amazon somehow deceived consumers by describing itself as "Earth's most customer-centric company." *Id.* at 35. The statement is "broad *and* vague" and thus "does not suffice to support a claim for deception." *Id.* (emphasis added). Pennsylvania has now amended its PUTPCPL deception claim to include statements from Amazon's "Price Matching Policy." *See* SAC ¶¶ 550-63. But these statements are similarly broad or vague or both. Equally important, they are neither false nor misleading, and nothing in the SAC plausibly suggests that they are.

As the SAC recounts, the Price Matching Policy statements say that Amazon will "wor[k] toward maintaining competitive prices," SAC ¶¶ 557–58, and that Amazon will "strive to maintain low and competitive prices," *id.* at ¶ 559. The assertion that Amazon's prices are "competitive" or "low" is too vague to be actionable. Courts have consistently rejected similar claims that a seller's "broadly worded claims of affordability" are deceptive. *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 416 (E.D. Pa. 2016); *see also Daniyan v. Viridian Energy LLC*, 2015 WL 4031752, at *2 (D. Md. Jun. 30, 2015) ("Viridian's generalized statements that its energy is competitively priced and often costs less than the utility's rates amount to nothing more than vague generalities and puffery"); *Corsale v. Sperian Energy Corp.*, 412 F. Supp. 3d 556, 563 (W.D. Pa. 2019) ("[A] vague claim of 'competitive' rates is puffery and, therefore, not actionable.").

In any event, Pennsylvania does not plausibly allege—let alone with the requisite specificity—that Amazon's Price Matching Policy is false or misleading, as is required under the PUTPCPL. *See Pennsylvania v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1023 (Pa. 2018); *Coyle v. JSL Mech., Inc.*, 2023 WL 5985273, at *4 (E.D. Pa. Sept. 14, 2023) (explaining Rule 9 pleading standard applies to PUTPCPL). Again, Plaintiffs allege that, in certain

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

cases and at certain times, Nessie adjusted Amazon's algorithmic pricing tool so that Amazon would "temporarily have higher prices than at least one other online store" in hopes competitors might sometimes match Amazon's price. SAC ¶ 423. But that is *consistent* with the representations that Amazon's prices are "competitive" and "low," in the sense that they are comparable to other low-priced offers. *See* SAC ¶¶ 422-23 (alleging that Amazon's competitors frequently set prices near those prices influenced by Nessie).

**B. Pennsylvania's Unfairness Claim**

Pennsylvania previously alleged that "Amazon engaged in unfair methods of competition and unfair acts or practices by impairing consumer choice and competition in violation of 73 Pa. Cons. Stat. § 201-2(4)(xxi)" Dkt. 289 at 34. As this Court explained, however, "monopolistic behavior, joint ventures, or market sharing agreements" can "give rise to viable [PUTPCPL] actions [only] if they fit within one of the categories of behavior deemed, by rule or in the Law itself, 'unfair methods of competition' or 'unfair or deceptive acts or practices.'" *Id.* at 36-37 (citations omitted).

The PUTPCPL comprehensively enumerates the categories of prohibited conduct in § 201-2(4). In the previous Complaint, Pennsylvania relied on two of the enumerated categories: (1) "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have," 73 Pa. Stat. § 201-2(4)(v); and (2) "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," *id.* at (xxi). *See* FAC ¶ 551. This Court rejected Pennsylvania's unfairness claim because "the Amended Complaint does not allege 'fraudulent or deceptive conduct' to state a claim under Section (xxi) of the PUTPCPL and it does not allege that Amazon made misrepresentations to state a claim under Section (v) of the PUTPCPL." Dkt. 289 at 37.

Pennsylvania again claims that Amazon's conduct fits within those two categories and only those two categories; the only difference is that Pennsylvania limits those claims to Nessie (as

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

opposed to all of the alleged conduct covered in the FAC). Again, however, Amazon's alleged use of the Nessie tool was not "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding," the essential prerequisite to any claim under Section (xxi) of the PUTPCPL. *See* Part I *supra*. The SAC does not allege that Nessie concealed prices or other important terms from consumers, and consumers paid the prices they saw. And, despite quoting repeatedly from various vintages of Amazon's Price Matching Policy, Pennsylvania has not in fact identified any misrepresentation that could violate Section (v). *See* Part II.A *supra*.

Indeed, Pennsylvania's amendments to the PUTPCPL unfairness claim *include no new factual allegations*. Pennsylvania has instead amended its claim to include *legal arguments*. Pennsylvania appears to argue that the PUTPCPL incorporates the same standard as the FTC Act and that therefore allegations stating a claim under the FTC Act also state a claim under the PUTPCPL, whether or not they fall within PUTPCPL's enumerated categories of conduct. SAC ¶¶ 567-68. But this Court already rejected that argument, *see* Dkt. 308, when it denied Pennsylvania's motion for reconsideration, *see* Dkt 306. Under the law of the case, the PUTPCPL does not incorporate the substantive standards of Section 5 of the FTC Act, except where the conduct prohibited by the FTC Act "fit[s] within one of the categories of behavior deemed, by rule or in the Law itself, 'unfair methods of competition' or unfair or deceptive acts or practices.'" Dkt. 289 at 36-37 (quoting *Anadarko*, 206 A.3d at 60); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

The Court's prior holding on these points was correct. *Ash v. Cont'l Ins. Co.*, 932 A.2d 877 (Pa. 2007), on which Pennsylvania relied, *see* Dkt. 306 at 4, stands only for the narrow proposition that conduct *can* violate the PUTPCPL even if it violates another consumer-protection statute. *See* 932 A.2d at 88182 (stating PUTPCPL applies "even where the unlawful practice is directly addressed by another consumer-related statute"). It does not follow that every violation of a statute protecting consumers is also a PUTPCPL violation; again, the scope of the PUTPCPL's prohibition on "unfair methods of competition" and "unfair or deceptive acts or practices" is



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

strictly defined by law and is not nearly as broad as Section 5 of the FTC Act. *See* 73 Pa. Stat. § 201-2(4); *Anadarko Petrol. Corp. v. Pennsylvania*, 206 A.3d 51, 60 (Pa. Commw. Ct. 2019) (en banc) ("[T]he scope of actionable antitrust behavior under the UTPCPL is narrower than under federal antitrust law."); *In re HIV Antitrust Litig.*, 2023 WL 3006572, at *4 (N.D. Cal. Apr. 18, 2023) ("[T]he UTPCPL does not parallel the FTC [Act]"); *FTC v. Vyera*, 479 F. Supp. 3d 31, 50 (S.D.N.Y. 2020).

In any event, Pennsylvania's effort to equate federal and state law standards would not save this claim. The gravamen of Pennsylvania's state law Nessie claim is that Amazon made "false" and "misleading" statements to consumers about price, SAC ¶ 567, and "otherwise engaged in conduct with the capacity or tendency to deceive," *id.* ¶ 568. These are *consumer protection* claims of a type that the FTC elected *not* to bring under Section 5's "unfair or deceptive acts or practices" standard. If the FTC had included such claims, they, too, would be subject to dismissal for the same reason that the PUTPCPL claim should be dismissed: the SAC's factual allegations sound in antitrust and do not support consumer protection claims.

**CONCLUSION**

Counts XIV, XV, and XIX should be dismissed with prejudice.

DATED this 14th day of November, 2024.

*I certify that this memorandum contains 3,152 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401