THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**[FILED UNDER SEAL]**

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................2

ARGUMENT ......................................................................................................................3

I.    Plaintiffs Are Not Entitled to Every Personnel Review for 128 Custodians. ...................3

    A.    Plaintiffs' overbroad request seeks highly sensitive documents that are not proportional to Plaintiffs' needs. .................................................................4

        1.    Plaintiffs do not need these documents. ......................................................4

        2.    These documents are highly sensitive. ........................................................6

    B.    Consistent with a typical custodial review, Amazon will not withhold responsive personnel reviews captured in that review. ..........................................7

II.    The Court Should Also Deny Plaintiffs' Motion with Regard to Foreign Regulatory-Related Requests. ..........................................................................................9

    A.    Plaintiffs' requests are a fishing expedition for plainly irrelevant files. ................9

    B.    Plaintiffs' requests impose an undue burden. .......................................................11

    C.    Plaintiffs' requests violate principles of comity. ..................................................11

    D.    Amazon's agreement to produce custodial documents identified by search terms strikes the appropriate balance. .......................................................12

CONCLUSION ...................................................................................................................13

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

# TABLE OF AUTHORITIES

**Cases**          Page(s)

*Sanchez v. City of Santa Ana*,
  936 F.2d 1027 (9th Cir. 1990) ............................................................................................ 5

*Collens v. City of New York*,
  222 F.R.D. 249 (S.D.N.Y. 2004) ........................................................................................ 10

*Corker v. Costco Wholesale Corp.*,
  2020 WL 7122847 (W.D. Wash. Dec. 4, 2020) .................................................................. 3

*Doe v. Trump*,
  329 F.R.D. 262 (W.D. Wash. 2018) ................................................................................... 4

*Epic Games, Inc. v. Apple Inc.*,
  2020 WL 7779017 (N.D. Cal. Dec. 31, 2020) .................................................................. 10

*Floyd v. Amazon*,
  No. 2:22-cv-01599-KKE (W.D. Wash. Sept. 9, 2024) ...................................................... 10

*Frame-Wilson v. Amazon.com, Inc.*,
  2023 WL 4201679 (W.D. Wash. June 27, 2023) .............................................................. 11

*In re Apple iPhone Antitrust Litig.*,
  No. 4:11-cv-06714 (N.D. Cal. Aug 19, 2024) ............................................................. 10, 11

*In re Diisocyanates Antitrust Litig.*,
  2023 WL 424186 (W.D. Pa. Jan. 26, 2023) ...................................................................... 10

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  2010 WL 3420517, (E.D.N.Y. Aug. 27, 2010) ................................................................. 12

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
  2010 WL 9937917 (E.D.N.Y. Mar. 19, 2010) .................................................................. 12

*In re Plastics Additives Antitrust Litig.*,
  2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) .................................................................... 11

*In re Rubber Chems. Antitrust Litig.*,
  486 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................ 11

*Moya v. City of Clovis*,
  2019 WL 4193427 (D.N.M. Sept. 3, 2019) ........................................................................ 7

*Perez v. Am. Fam. Ins. Co.*,
  2021 WL 928180 (W.D. Wash. Mar. 11, 2021) ................................................................. 6

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - ii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

*Raddatz v. Standard Reg. Co.*,
   177 F.R.D. 446 (D. Minn. 1997) .................................................................................... 4

*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992) .................................................................................... 12

*Rosario v. Starbucks Corp.*,
   2017 WL 5999634 (W.D. Wash. Dec. 4, 2017) ........................................................... 4

*United States ex rel. Krahling v. Merck & Co.*,
   2016 WL 7042203 (E.D. Pa. Feb. 5, 2016) .................................................................. 7

*United States v. Google LLC*,
   No. 20-cv-03010 (D.D.C.) ........................................................................................ 6, 7

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 8

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - iii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

In response to Plaintiffs' voluminous 393 requests for production, Amazon agreed to a custodial review of 128 custodians and 1,349 search strings—a review of millions of documents after deduplication. This is in addition to targeted collections of thousands of general documents sought by Plaintiffs, such as policies, business strategy documents, and board materials; the millions of documents reproduced from the pre-Complaint investigation and the *California* action; and staggering volumes of data. These agreements have more than "accurately capture[d] the scope of [P]laintiffs' claims" and "the breadth of this litigation." Mot. to Compel (Dkt. 331), at 1.

Plaintiffs bring two issues before the Court. Amazon proposed reasonable compromises for each, but Plaintiffs did not engage. First, and notwithstanding Amazon's substantial production that will include relevant information related to custodians' business goals and roles, Plaintiffs seek every personnel review for each of the 128 current and former Amazon employees who are document custodians. Plaintiffs justify this intrusive request by speculating that the personnel files will contain information about these individuals' work-related goals and roles. Even if true, this does not justify such a large-scale invasion of employees' privacy. Plaintiffs will obtain business information concerning work-related goals and roles through the many other documents Amazon will produce.

Second, and notwithstanding that Plaintiffs' allegations concern only Amazon's U.S. conduct, Plaintiffs seek every document related to every action regarding any investigation by a foreign competition regulatory agency or pursuant to several different regulatory regimes, and every document or datum ever given to or received from those foreign agencies in connection with those investigations. Such information is by definition not related to the U.S. market that is solely at issue here. Plaintiffs' sweeping requests that Amazon produce its interactions with regulators around the globe is a burdensome fishing expedition that flies in the face of Rule 26 and international comity principles.

With respect to both types of documents at issue, Amazon has made clear it will not withhold from production nonprivileged documents identified by the parties' search terms and

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400  FAX +1 206 274 6401

which discuss responsive topics. Amazon has also invited Plaintiffs to narrow their requests in response to Amazon's concerns about sensitivity and breadth. Plaintiffs refused.

The Court should deny Plaintiffs' motion because Plaintiffs' requests are overbroad and call for Amazon to produce irrelevant, highly sensitive materials that are not proportional to the needs of the case. In the alternative, and at a minimum, before ordering the production of private personnel reviews, the Court should require 1) Plaintiffs to identify with specificity particular custodians and roles for whom they reasonably need information in addition to that produced from the custodial files and 2) to safeguard individuals' privacy, that any such production of personnel reviews be subject to redaction of irrelevant or sensitive information and accessible only by a limited number of attorneys. With respect to the foreign regulatory matters, if the Court does not deny Plaintiffs' motion to compel in its entirety, the Court should order Plaintiffs to narrow their requests by, for example, seeking only those relevant to particular foreign laws or regulatory investigations *and* Amazon business practices at issue in the Complaint.

## BACKGROUND

Plaintiffs' allegations focus on two types of purportedly anticompetitive practices: (1) an alleged "anti-discounting strategy" related to pricing practices and (2) alleged policies regarding the relationship between sellers' use of Amazon's fulfillment services and Amazon Prime eligibility. *Id.* at 3. The jurisdictional reach of the allegations is limited to the United States. *E.g.*, Second Am. Compl. ¶¶ 125, 166.

Despite a multi-year investigation that resulted in the production of almost two million documents and over 100 TB of data and testimony from dozens of Amazon employees, Plaintiffs still served nearly 400 requests for production here. Amazon agreed to review and produce millions of documents in response, a process that will cost millions of dollars. Those documents include those related directly to the pricing and fulfillment issues at the core of Plaintiffs' allegations, as well as documents reflecting Amazon's strategies and goals, discussions among senior executives and employees, and plans, implementations, and other documents related to the

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400  FAX +1 206 274 6401

1  business units involved in the decisions Plaintiffs challenge.  The custodial review to which
2  Amazon has agreed will cover 128 custodians, ████████████████████████████████
3  ████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████.  Nearly 1,350 search
5  queries will be conducted across these custodians' files to identify potentially responsive
6  documents.  This is all in addition to targeted collections of thousands of documents Plaintiffs have
7  requested.
8        Amazon negotiated the scope of the facially overbroad requests at issue here in good faith.
9  Plaintiffs refused any reasonable narrowing.

## ARGUMENT

Plaintiffs seek court intervention for two disputes far removed from the core of their claims. Despite their allegations implicating no one individual, and challenging no foreign conduct, Plaintiffs insist they are entitled to every personnel review for every Amazon employee who is a custodian, and every document relating to every action Amazon has ever taken in response to a foreign competition investigation or regulation in a central repository anywhere in the world. Discovery must be both relevant and proportional to the case's needs.  *See Corker v. Costco Wholesale Corp.*, 2020 WL 7122847, at *1 (W.D. Wash. Dec. 4, 2020).  Plaintiffs' Complaint is focused on Amazon's business conduct in the United States.  These requests for the private personnel reviews of every individual employee identified as a document custodian, and regulatory matters involving Amazon's business conduct outside of the U.S., are overbroad requests that are not proportional to the needs of this case.

**I.     Plaintiffs Are Not Entitled to Every Personnel Review for 128 Custodians.**

Plaintiffs demand "[a]ll Documents relating to personnel reviews, evaluations, and promotional materials (whether in draft or final form)," for all 128 employees who have been

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400  FAX +1 206 274 6401

designated as document custodians,[1] regardless of whether those reviews relate to relevant roles those custodians held or discuss any substantive issues responsive to document requests here. As discussed below, the Court should deny Plaintiffs' motion or impose limitations on Plaintiffs' access to these sensitive materials.

### A. Plaintiffs' overbroad request seeks highly sensitive documents that are not proportional to Plaintiffs' needs.

"Discovery requests that are overly broad and encompass documents or information not relevant to this matter undermine the discovery process and are counter-productive to the progress of this litigation." *Rosario v. Starbucks Corp.*, 2017 WL 5999634, at *3 (W.D. Wash. Dec. 4, 2017). Plaintiffs have the burden of establishing that their requested discovery is relevant. *See Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018). Plaintiffs' demand for the personnel reviews of 128 employees is the type that the discovery rules rein in as disproportionate to the needs of the case. Personnel reviews are sensitive and highly confidential, and they are unlikely to contain non-duplicative responsive information not already contained in the many other documents Amazon will produce.

#### 1. Plaintiffs do not need these documents.

This case is about the policies, practices, and actions of Amazon, not any individual employee. Dkt. 289 at 2-3. An employee's personnel reviews do not become relevant merely because that employee has been designated a custodian through negotiations of the parties. *See, e.g.*, *Raddatz v. Standard Reg. Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) ("The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." (cleaned up)).

Plaintiffs seem to understand that they need something more to justify this invasion of privacy. They therefore speculate that the reviews will allow Plaintiffs to glean "important

---

[1] Document custodians were designated based on negotiations between the parties. The custodians are employees who held roles concerning business activities that Plaintiffs claim are relevant to their claims.

AMAZON'S OPPOSITION TO PLAINTIFFS'  
MOTION TO COMPEL - 4  
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP  
ATTORNEYS AT LAW  
1301 SECOND AVENUE, SUITE 3000  
SEATTLE, WASHINGTON 98101  
TEL +1 206 274 6400   FAX +1 206 274 6401

information regarding Amazon's competitive strategies and business goals" and will show "the responsibilities, knowledge, and credibility of the Amazon employees closest to the conduct at issue in this case." Dkt. 331 at 4.  But by their nature, personnel reviews are not where a business discusses its policies and practices.  Rather, that information is found in the mountain of business documents that Amazon already is producing to Plaintiffs.  Months ago, Amazon committed to giving Plaintiffs the information that they claim they need by producing business records, such as documents reflecting goals, strategy documents for relevant business units, and, for most custodians,[2] the emails and projects in which they discuss, execute, and demonstrate the very responsibilities and knowledge Plaintiffs hope to understand.  These are the proportional sources of documents regarding the business practices at issue here, and Amazon's production of this information will satisfy Plaintiffs' stated needs in a far less intrusive manner.  *Cf. Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990) (no abuse of discretion in denying production of personnel files when less intrusive means of discovery sufficed).  Plaintiffs' argument that they are entitled to personnel reviews to assess a custodian's "credibility" is the kind of speculative catch-all that would swallow any limiting rule.[3]

Plaintiffs cherry-pick a few examples of personnel reviews produced in the pre-Complaint investigation and highlight certain information from them that Plaintiffs assert is relevant.  *See* Dkt. 331 at 4-5.  But this misses the point: Amazon's position is that the production of such documents *en masse* is not proportional to the needs of the case given the limited insights they might provide, the large volume of documents that will better address Plaintiffs' purported needs, and the high sensitivity of such documents.  Indeed, the examples that Plaintiffs highlight in their brief further support Amazon's position: they primarily show that the custodians are likely to possess responsive information, which is why Amazon agreed to them as custodians in the first

---

[2] For custodians who are former employees, Amazon may have more limited custodial data.

[3] Additionally, this argument about credibility suggests Plaintiffs intend to confront employees with their reviews—an invasive use of sensitive information of which the employees themselves may not be aware that seems primarily designed to make witnesses uncomfortable.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

1  place. Beyond that, the personnel reviews are just less probative versions of the many thousands
2  of documents that constitute those individuals' actual contributions to relevant issues. For
3  example, the reviews show that an employee held a particular role, *see* Dkt. 331 at 5, which has
4  already been disclosed through other documents and written discovery responses. And they show
5  that an employee contributed to a project, *see id.* at 4-5, a fact that is revealed by the business
6  documents about the project. This type of information will be contained in the millions of
7  documents Amazon will produce, and such documents will do so more reliably than a draft of an
8  argument in favor of a custodian's promotion, like that captured in Ex. F to Plaintiffs' Motion, *see*
9  Dkt. 332-7. In the pre-Complaint investigation alone, Amazon produced tens of thousands of
10 business documents involving the individuals identified as examples in Plaintiffs' motion—
11 
12 Trefz Decl. ¶¶ 5-7. And Plaintiffs downplay
13 the fact that their request covers *all* documents and information relating to each and every
14 personnel review for each custodian; it is not limited to relevant information or roles. If there is
15 information Plaintiffs seek that is not met by the many documents that Amazon will produce, any
16 remaining gaps can be addressed during party depositions.

           **2.     These documents are highly sensitive.**

18      Personnel reviews contain highly sensitive information about company employees. Roach
19 Decl. ¶¶ 3-4. They are filled with appraisals of an employee's strengths and weaknesses, and
20 suggest in granular detail why some were promoted and some were not. *See, e.g.*, Ex. E at -132, -
21 135 to -140 (identifying personal management weaknesses); *see also Perez v. Am. Fam. Ins. Co.*,
22 2021 WL 928180, at *2 (W.D. Wash. Mar. 11, 2021) (noting the discovery of personnel files "is
23 more likely to lead to embarrassment and undue burden or expense for Defendant and its
24 employees").

25      This sensitivity was acknowledged by the court in the lead example Plaintiffs cite—where
26 production was ordered only under stringent conditions. In *United States v. Google LLC*, No. 20-

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

cv-03010 (D.D.C.), the government sought unfettered access to every personnel file of every custodian. The court expressed "concern[] about the breadth of the government's ask," and ordered that the parties establish extra procedures for requesting particular personnel files, redacting sensitive information, and ensuring secured and limited access to the files among the government team. Hr'g Tr. at 29:24-32:2, *United States v. Google LLC*, No. 20-cv-03010 (D.D.C. June 30, 2021), Dkt. 151. Plaintiffs do not identify a single example where a court permitted the comprehensive access to personnel reviews that Plaintiffs seek here. *See United States ex rel. Krahling v. Merck & Co.*, 2016 WL 7042203, at *3 (E.D. Pa. Feb. 5, 2016) (seeking reviews for a single employee); *Moya v. City of Clovis*, 2019 WL 4193427, at *1-3 (D.N.M. Sept. 3, 2019) (same). And while Plaintiffs wave away sensitivity concerns by pointing to the Court's protective order, *see* Dkt. 331 at 6, that order does not protect Amazon's employees from the use of their private and sensitive information in court filings, at depositions, and in later open court proceedings.

### B. Consistent with a typical custodial review, Amazon will not withhold responsive personnel reviews captured in that review.

Despite the likely limited relevance and high sensitivity of personnel reviews, Amazon advised Plaintiffs it will not withhold personnel reviews that are identified through the agreed-upon search term queries and that discuss responsive subjects. Such an approach is consistent with a typical review for responsiveness and privilege. In the hopes of avoiding unnecessary motions practice, Amazon also offered to consider a discrete list of relevant personnel reviews proportionate to Plaintiffs' needs. Plaintiffs refused to provide one.

Plaintiffs argue that Amazon's approach is insufficient because personnel reviews may not be contained within custodial files. That argument starts from the mistaken premise that personnel reviews are proportionally relevant, which they are not. But that aside, the parties have agreed to 128 custodians of a wide range of seniority. Many custodians' supervisors are themselves custodians, including Amazon's most senior executives, and therefore may contain material

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 7
(Case No. 2:23-cv-01495-JHC)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1 206 274 6400  Fax +1 206 274 6401

responsive to these requests. As Plaintiffs are aware, certain personnel reviews—including the three Plaintiffs cite—were produced through the use of search queries during the FTC's pre-Complaint investigation. *See* Dkt. 331 at 4-5. Given that the parties have agreed on more expansive terms and custodians here, Plaintiffs are already likely to receive additional personnel reviews.

Plaintiffs also argue that not every custodian will have full email files due to the historical application of standard retention policies. It is not clear why this would justify a need for a custodian's performance reviews. The issues in the case center on Amazon's business conduct; the kind of background information about an employee's responsibilities or accomplishments found in a sensitive personnel review is simply far afield from the issues relevant to the merits of this case. If Plaintiffs truly believe they are missing insight into the relevant role of a particular custodian, Amazon has already told Plaintiffs that it is willing to discuss limited supplemental discovery. Aug. 28, 2024 Joint Status Report, Dkt. 273 at 38. Plaintiffs' current approach sweeps too broadly given the sensitive nature of the materials and the other documents they will receive. *See* Fed. R. Civ. P. 26(b)(1).

*       *       *

Plaintiffs' demand for every personnel review for all custodians is overbroad, seeking tangentially relevant but highly sensitive material that is disproportionate to the needs of the case given the expansive set of material Amazon has already agreed to produce. The Court should deny any further relief. To the extent the Court believes additional files should be subject to production, Amazon respectfully requests that the Court order Plaintiffs to propose a narrow set of individuals for whom they seek personnel reviews, limit the reviews to relevant roles, and impose additional protections to address the sensitivity of the documents—such as by granting Amazon the ability to redact non-relevant or sensitive information and restricting access to a limited set of Plaintiffs' attorneys.

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

## II. The Court Should Also Deny Plaintiffs' Motion with Regard to Foreign Regulatory-Related Requests.

Plaintiffs seek to compel production of documents responsive to sweeping requests related to non-U.S. regulatory enforcement actions. Although Amazon is willing to apply the search terms Plaintiffs propose in their motion, their requests remain overly broad and unduly burdensome.

With virtually no regard to the merits or specific subject matter of any action, and with no limitation as to which specific actions would be covered, Plaintiffs seek all documents related to:

- Any action Amazon undertook or considered in response to any investigation by any government competition enforcer anywhere, *see* Ex. I to Dkt. 332-10 at 49;
- Any action Amazon undertook or considered in response to the European Union's, United Kingdom's, and Germany's respective regulatory schemes, *see id.* at 51; Dkt. 331 at 8; and
- Any document, data, or request for information provided to Amazon by any government competition enforcer or by Amazon to any government competition enforcer anywhere in connection with any antitrust investigation or inquiry, *see* Ex. I to Dkt. 332-10 at 62.

Plaintiffs seek these documents irrespective of subject matter, what substantive law applied, whether the materials relate in any way to Amazon's U.S. business, or what entity was the subject of the investigation. As discussed below, these requests seek facially irrelevant documents, are disproportionate to the needs of the case, and put principles of international comity at risk.

### A. Plaintiffs' requests are a fishing expedition for plainly irrelevant files.

This case alleges that Amazon's U.S. conduct violated U.S. competition laws. The document requests at issue, however, are aimed at Amazon's business conduct outside of the U.S., at foreign law, and at foreign enforcement. Foreign governments have unique laws and regulations that can vary significantly. U.S. courts therefore tend to require that Plaintiffs show how foreign regulatory documents addressing foreign conduct are specifically relevant to an alleged violation

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

of U.S. law. Plaintiffs must "explain why documents concerning foreign activities are relevant to U.S. claims or defenses" and "how the foreign documents [sought] would tend to prove or disprove claims . . . that by definition have a limited geographic reach." *Epic Games, Inc. v. Apple Inc.*, 2020 WL 7779017, at *1-2 (N.D. Cal. Dec. 31, 2020). "[F]oreign conduct is relevant, and thus discoverable, *only* if it has 'a direct, substantial, and reasonably foreseeable effect' on domestic commerce and is otherwise proportional to the needs of the case." *In re Diisocyanates Antitrust Litig.*, 2023 WL 424186, at *5 (W.D. Pa. Jan. 26, 2023) (emphasis added) (quoting 15 U.S.C. § 6a(1)). Courts regularly deny motions to compel discovery of non-U.S. documents and foreign enforcement actions in these sorts of cases. For example, two months ago, another judge on this Court denied a plaintiff's motion to compel the production of documents given to foreign regulators because, *inter alia*, those investigations were pursuant to foreign law and involved extraterritorial conduct that could not be a basis for liability. *See* Slip Op. at 6, *Floyd v. Amazon*, No. 2:22-cv-01599-KKE (W.D. Wash. Sept. 9, 2024), Dkt. 138; *see also Epic Games*, 2020 WL 7779017, at *1.

Plaintiffs cannot defend the breadth of their requests. They have not shown how documents related to *any* competition enforcer or regulatory regimes that are not applicable in the U.S. are relevant to this case. Instead, Plaintiffs speculate that there *must* be investigations or inquiries of Amazon that *probably* relate to Plaintiffs' claims, and they point to a few examples of foreign investigatory documents that may be responsive. The problem with Plaintiffs' requests is that they sweep far and wide: as written, they are not limited to any specific investigation or even to any specific topic, and Plaintiffs' Motion does not limit them either. Rather, the facial breadth of the requests betrays a classic "'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses," something "courts should not grant." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

The unbounded nature of Plaintiffs' requests distinguishes them from the cases Plaintiffs cite in their brief where courts have ordered production. The *In re Apple iPhone Antitrust*

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

*Litigation* plaintiffs did not seek documents related to *all actions* taken in response to the EU's Digital Markets Act, as Plaintiffs do here; rather, they sought documents with respect to three discrete changes Apple was required to implement that were relevant to the U.S. case. *See* Order at 4-6, *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714 (N.D. Cal. Aug 19, 2024), Dkt. 919. The *In re Plastics Additives* court likewise ordered production only of documents "related to plastic additives that were produced to foreign investigatory authorities," not (as requested here) all documents related to any competition investigation. *See In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *12-14 (E.D. Pa. Nov. 29, 2004). And in *Frame-Wilson*, the Court ordered production of foreign transaction data for a specific and articulable use—i.e., a particular expert data analysis—not "all documents" pursuant to a general argument about relevance. *Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 4201679, at *3 (W.D. Wash. June 27, 2023).

### B. Plaintiffs' requests impose an undue burden.

Consistent with its position on personnel files, Amazon has already agreed that if a document responsive to this request is identified by a search query, Amazon will not withhold it. But Plaintiffs also demand production of any and all responsive documents that may be located in central repositories anywhere in the world. Surveying Amazon's entire global business to locate such documents imposes an undue and unjustified burden on Amazon given the dubious relevance of the requested information. Roach Decl. ¶ 5. The production of information from dozens of foreign investigations and regulatory responses also would require review in foreign languages for relevance and privilege, as well as consideration against any unique confidentiality or other laws that impact production in those other jurisdictions. *See* Section II.C, *infra*.

### C. Plaintiffs' requests violate principles of comity.

Requiring production of these foreign materials would also threaten to violate principles of international comity. "Rule 26 grants the court discretion to limit discovery on several grounds, including international comity." *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007). To determine whether discovery should be limited on principles of comity, the

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 11
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

"most important factor" courts consider is "whether disclosure would affect important substantive policies or interests" of the countries whose legal and regulatory documents are sought. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476 (9th Cir. 1992) (cleaned up).

The sovereigns implicated by Plaintiffs' requests (like the European Union) protect the "confidentiality of the investigative and adjudicative process" because they recognize that confidential proceedings "encourage candor by the targets of the investigation . . . which in turn serves [the sovereign's] interest in detecting and punishing violations of its laws." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2010 WL 3420517, at *9 (E.D.N.Y. Aug. 27, 2010). For example, the applicable rules governing European Commission proceedings prohibit the disclosure of documents received from or prepared for the Commission in the course of a competition investigation. *See* Memorandum of Law of *Amicus Curiae* the European Commission, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 2010 WL 9937917 (E.D.N.Y. Mar. 19, 2010) (citations omitted) (objecting to the production of documents "created in connection with and solely for the purposes of an antitrust investigation conducted by the Commission"). Ordering disclosure of materials those foreign sovereigns kept confidential threatens comity principles. The sovereign interests in pending and resolved investigations and litigations by other foreign nations in confidential proceedings far outweigh "the importance of the contested documents to this litigation." *In re Payment Card*, 2010 WL 3420517, at *9.

### D. Amazon's agreement to produce custodial documents identified by search terms strikes the appropriate balance.

Rule 26(b)'s principles are appropriately reflected in Amazon's agreement to produce responsive documents that are identified by search queries and are relevant to Amazon's U.S.-based conduct at issue here. ███████████████████████████████████████████████████████████████████ Trefz Decl. ¶ 8. Amazon also agrees to run the additional terms identified in Plaintiffs' motion, and produce to Plaintiffs the resulting non-

AMAZON'S OPPOSITION TO PLAINTIFFS'  
MOTION TO COMPEL - 12  
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP  
ATTORNEYS AT LAW  
1301 SECOND AVENUE, SUITE 3000  
SEATTLE, WASHINGTON 98101  
TEL +1 206 274 6400   FAX +1 206 274 6401

privileged documents that relate to relevant, U.S.-based conduct. Dkt. 331 at 14, App. A. But it is not reasonable to demand, as Plaintiffs have, that Amazon undertake a worldwide search for any and all regulatory materials regardless of potential relevance. If the Court finds that more is required of Amazon, the Court should order Plaintiffs to appropriately tailor their requests to seek specific relevant information by identifying particular foreign laws or regulatory investigations and the Amazon business practices that are directly relevant to the U.S.-based conduct at issue in the Complaint.

## CONCLUSION

For the reasons stated above, Amazon respectfully requests the Court deny Plaintiffs' Motion to Compel or order Amazon's proposed alternative relief.

Dated this 20th day of November, 2024.

*I certify that this memorandum contains 4,162 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
　　　　molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 13
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401

Phone: (202) 434-5000
Email: hhubbard@wc.com
        jschmidtlein@wc.com
        khodges@wc.com
        jpitt@wc.com
        ereddington@wc.com
        cmetz@wc.com
        cpruski@wc.com
        ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
       kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

---

AMAZON'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL - 14
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1 206 274 6400   FAX +1 206 274 6401