THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | **CASE NO.: 2:23-cv-01495-JHC** |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| AMAZON.COM, INC., a corporation, | NOTE ON MOTION CALENDAR: November 26, 2024 |
| Defendant. | **FILED UNDER SEAL** |

## **INTRODUCTION**

Amazon generally argues that custodial searches will be sufficient to provide Plaintiffs with relevant personnel files and documents relating to foreign investigations. At the same time, Amazon argues that the Court should not order targeted collections of the same documents because they are particularly sensitive (personnel files) or because production would violate principles of international comity (foreign investigation materials). These positions contradict one another and illustrate that Amazon's arguments are pretextual. If Amazon were concerned about the sensitivity of its personnel files, it would have withheld them from its custodial

1  productions. If Amazon were concerned about international comity, it would not produce any

2  documents that it believes violate that principle. Amazon has shown no undue burden, and the

3  relevant materials should be produced, whether from custodial files or centralized repositories.

4

5  **I.    AMAZON CANNOT JUSTIFY ITS REFUSAL TO PRODUCE RELEVANT PERSONNEL MATERIALS FROM ITS CENTRAL REPOSITORY.**

6      Amazon's asserted justifications for its refusal to collect and produce personnel reviews

7  and evaluations for agreed-upon document custodians from a central repository, Opp. 3-8 (Dkt.

8  #350), are self-defeating. On the one hand, Amazon argues that Plaintiffs "do not need these

9  documents" given the "limited insights they might provide" and that production is unwarranted

10 because of the "highly sensitive" nature of the materials. *Id.* at 4-7. But on the other hand,

11 Amazon claims that a production from its centralized files is unnecessary because "Plaintiffs are

12 already likely to receive additional personnel reviews" through Amazon's custodial review. *Id.* at

13 7-8. The fact that Amazon has agreed to produce responsive personnel materials in custodial files

14 shows that its other arguments for refusing to produce *those same materials* from its central

15 repository are pretextual.[1]

16      Amazon's attempts to minimize the relevance of personnel reviews are also undercut by

17 its own internal documents. In Amazon's telling, "by their nature, personnel reviews are not

18 where a business discusses its policies and practices" and instead simply "show that an employee

19 held a particular role" or "contributed to a project." *Id.* at 5-6. However, ███████████

20 ████████████████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████  For example, an ███████████████

22

23 ─────────────────
[1] At the same time, Amazon does not address the fact that a custodial collection will not capture

24 all relevant documents because custodians generally do not have access to their own personnel materials. *See* Mot. 5-6 (Dkt. #331).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 2

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3 •

4

5 Baker Decl. Ex. A[2], Amazon-FTC-CID_06768414 at -427.

6 •

7

8 •

9

10

11 •

12

13



14     These instructions, and the limited personnel materials Amazon produced in Plaintiffs'

15 pre-Complaint investigation, Mot. 4-5 (Dkt. #331), show that the requested materials are likely

16 to be a particularly rich source of information regarding Amazon's business goals and

17 operations. These materials are not the "cursory write-up[s]" Amazon previously represented

18 them to be. Aug. 28, 2024 Joint Status Report at 38 (Dkt. #273).

19     Contrary to Amazon's claim that Plaintiffs have "refused any reasonable narrowing,"

20 Opp. 3, Plaintiffs' narrowed request relates to files in a centralized repository and *is* limited to a

21 "discrete list of relevant personnel reviews proportionate to Plaintiffs' needs," *id.* at 7—

22

23

[2] Citations to "Ex. A" refer to the exhibit attached to the Declaration of Michael Baker (Dkt.
24 #364).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 3

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's document custodians. As Amazon recognizes, "[d]ocument custodians were

2    designated based on negotiations between the parties" and "custodians are employees who held

3    roles concerning business activities that Plaintiffs claim are relevant to their claims." *Id*. at 4 n.1.

4    Producing these materials will make discovery more efficient by allowing Plaintiffs to target and

5    prioritize custodians for depositions. *See* Mot. 6.

6          Finally, Amazon argues that "sensitivity concerns" warrant limiting Plaintiffs' access to

7    these materials and suggests that Plaintiffs intend to use those documents simply "to make

8    witnesses uncomfortable." Opp. 5-7. Plaintiffs have no interest in intentionally embarrassing

9    deponents, and Amazon has shown no basis to claim otherwise. Plaintiffs are interested only in

10   obtaining evidence to prove their claims and have a well-founded belief that the requested

11   materials are likely to materially assist in achieving that goal.

12         Amazon's arguments ring hollow given that it has already agreed to produce personnel

13   documents found in custodial files. The Court has entered a protective order governing

14   confidential information, which should address any real concerns about sensitive information.

15   *See* Protective Order ¶4.1 (Dkt. #160); *see also Hill v. Auto Owners Ins. Co.*, 2015 WL 2092680,

16   at *13-14 (D.S.D. May 5, 2015) ("Auto Owners argues that sensitive information weighs against

17   discovery, but the court has entered a protective order in this case to alleviate privacy

18   concerns."); *Moya v. City of Clovis*, 2019 WL 4193427, at *3 (D.N.M. Sept. 4, 2019) ("The

19   Court is cognizant of the many highly personal and sensitive materials in personnel files, but the

20   appropriate remedy is to craft a protective order for the Court's consideration that protects those

21   materials from public consumption, not unilaterally barring access to information."). Moreover,

22   if Amazon actually believed that specific restrictions on the use of personnel documents were

23   warranted, it could have proposed a further protective order at any time during months of

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  negotiations. That it did not do so—and has only sketched out vague restrictions for the first time

2  in its Opposition—shows that this is simply another delay tactic. The Court should not allow

3  Amazon to limit its production to the scattered and incomplete assortment of personnel

4  documents that may exist in custodial files when a full set can be efficiently collected from a

5  central repository.

6  **II.  AMAZON CANNOT JUSTIFY ITS BLANKET REFUSAL TO PRODUCE
     DOCUMENTS RELATING TO FOREIGN INVESTIGATIONS AND
7     REGULATORY REGIMES.**

8  **A.  Amazon Should Not Benefit From Its Refusal to Negotiate the Scope of These
9       Requests.**

10  Amazon argues that Plaintiffs' requests are overbroad and not limited "to any specific

11  investigation" or "topic." Opp. 10.[3] This claim wholly ignores Plaintiffs' offer to narrow the

12  scope of RFP Nos. 376 and 387 if Amazon would provide a list of competition investigations so

13  that the parties could discuss which investigations were relevant. *See* Mot. 8, 12. Amazon

14  refused. Amazon should not be allowed to parlay that strategic refusal to negotiate into a basis to

15  resist discovery, and it is too late to begin those negotiations now, as Amazon suggests in the

16  alternative. Opp. 13.

17  **B.  Amazon Has Not Addressed the Relevance of These Documents or
18       Substantiated Any Claim of Undue Burden.**

19  Amazon generally claims that Plaintiffs' requests seek "plainly irrelevant files," *id.* at 9,

20  but does not address Plaintiffs' arguments that Amazon documents related to foreign competition

21  investigations are relevant to the validity of Amazon's professed procompetitive justifications,

22

23  _____

24  [3] Amazon also incorrectly argues that Plaintiffs are seeking a "worldwide search for any and all
    regulatory materials," Opp. 13, but acknowledges that Plaintiffs have narrowed RFP No. 377 to
    three specific regulatory regimes, *id.* at 9.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 5

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    potential less restrictive alternatives, or potential remedies, Mot. 7-14. Amazon also does not

2    address Plaintiffs' identification of public foreign investigations that involve conduct similar to

3    the challenged conduct here. *See id.* at 9-11. Amazon instead argues that Plaintiffs' requests are

4    too broad—implicitly conceding that at least some of the documents Plaintiffs seek contain

5    relevant information. But Amazon notably fails to provide any factual support for its claim that

6    Plaintiffs are seeking "plainly irrelevant files," Opp. 9, and rejected Plaintiffs' efforts to

7    negotiate the scope of the requests at issue.

8        Amazon has also failed to substantiate any claims of undue burden. Amazon represents

9    that there is "no single repository" containing the requested materials, Roach Decl. ¶ 5 (Dkt.

10   #348), but that is hardly unusual, and Amazon has not suggested that it has so many relevant

11   document repositories that a search would be unduly burdensome. Plaintiffs are not seeking any

12   additional custodians in connection with these requests, and Amazon has agreed (for the first

13   time) to apply Plaintiffs' proposed search terms.[4] The only other burden issue is the potential that

14   some documents will require foreign language review. However, Amazon has not offered any

15   facts showing that foreign language review will be widely necessary or burdensome, much less

16   unduly burdensome. As a result, that cannot justify Amazon's refusal to produce documents. *See*

17   *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (party opposing discovery "has the

18   burden to show that discovery should not be allowed, and has the burden of clarifying,

19   explaining, and supporting its objections with competent evidence"); *Frame-Wilson v.*

20   *Amazon.com, Inc.*, 2023 WL 4201679, at *2, *4 (W.D. Wash. June 27, 2023) (rejecting undue

21   burden argument where Amazon failed to show "that the requested discovery here will be

22   disproportional").

23   _____

24   [4] As a result, the Court should at minimum order section 3(f) of Plaintiffs' Proposed Order (Dkt.
     #333-1).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 6

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    **C.    Amazon Has Not Shown That International Comity is an Issue Here.**

2    Amazon incorrectly claims that Plaintiffs' document requests "threaten to violate

3    principles of international comity." Opp. 11. While Plaintiffs recognize the importance of

4    international comity, *see, e.g.*, U.S. Dep't of Just. & Fed. Trade Comm'n, Antitrust Guidelines

5    for International Enforcement & Cooperation § 4.1 (Jan. 13, 2017), those principles do not

6    provide a basis for Amazon to withhold the requested documents here. Amazon has not made the

7    required particularized showing with respect to specific documents or implicated U.S. and

8    foreign laws, policies, and interests.

9    A proper analysis of international comity requires application of a multi-factor test.

10   *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482

11   U.S. 522, 544 n.28 (1987); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476

12   (9th Cir. 1992). Amazon addresses only one factor. Opp. 11-12. Amazon also misstates that

13   factor, claiming that it is "'whether the disclosure would affect important substantive policies or

14   interests' of the countries whose legal and regulatory documents are sought." *Id*. at 12

15   (misleadingly quoting *Richmark*). The relevant factor, as explained in *Richmark*, actually calls

16   for a *balancing* of the interests of the United States with those of foreign nations. 959 F.2d at

17   1476 ("We must assess the interests of *each nation* in requiring or prohibiting disclosure, and

18   determine whether disclosure would 'affect important substantive policies or interests *of either*

19   *the United States* or the [other country].'") (emphasis added). Amazon's inaccurate statement of

20   the law completely fails to address the United States' interests here, in a government

21   enforcement action.

22   Even as to the potential interests of foreign sovereigns, Amazon has failed to provide the

23   required "particularized analysis of the respective interests of the foreign nation and the

24   requesting nation." *Aerospatiale*, 482 U.S. at 543-44. Amazon has not shown how any specific

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 7

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    foreign interests are implicated, or even identified which jurisdictions' interests would be

2    implicated. Amazon relies on a single citation to a general principle from an amicus brief filed

3    by one foreign competition agency 14 years ago, Opp. 12 (citing Memorandum of Law of

4    *Amicus Curiae* the European Union, *In re Payment Card Interchange Fee & Merchant Disc.*

5    *Antitrust Litig.*, 2010 WL 9937917 (E.D.N.Y. Mar. 19, 2010)), but never addresses how the

6    assertions regarding the two documents at issue there have any applicability here. Nor has

7    Amazon further addressed international comity as it relates to any particular documents sought

8    by Plaintiffs in this case. *Aerospatiale*, 482 U.S. at 545-46; *id.* at 544 n.29 (a foreign statute is

9    relevant "to the court's particularized comity analysis only to the extent that its terms and its

10   enforcement identify the nature of the sovereign interests in nondisclosure of specific kinds of

11   material"). Amazon's argument that *any* response to these requests for production violates

12   principles of comity lacks the necessary specificity. In particular, Amazon has not addressed how

13   producing a non-privileged ordinary course document discussing a change made to Amazon's

14   conduct in a foreign jurisdiction would violate principles of comity. Nor could it. Memorandum

15   and Order, *In re Payment Card*, 2010 WL 3420517, at *10 (E.D.N.Y. Aug. 27, 2010)

16   ("[P]laintiffs are entitled to discovery of the defendants' existing business documents, including

17   those that were disclosed to the European Commission."). The Court should disregard Amazon's

18   sweeping, unsubstantiated attempt to raise international comity in order to shirk its obligations to

19   produce relevant discovery.

20

21

22

23

24

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 8

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Dated: November 26, 2024

*I certify that this brief contains 2,099 words, in compliance with the Local Civil Rules*

2

Respectfully submitted,

3

*s/ Michael Baker*

4    SUSAN A. MUSSER (DC Bar # 1531486)
     EDWARD H. TAKASHIMA (DC Bar # 1001641)
     MICHAEL BAKER (DC Bar # 1044327)

5    AMANDA L. BUTLER (IL Bar # 6299218)
     J. WELLS HARRELL (DC Bar # 995368)

6    COLIN M. HERD (NY Reg. # 5665740)
     BAHADUR S. KHAN (NY Reg. # 5370705)

7    SHIRA STEINBERG (NY Reg. # 5695580)

8    Federal Trade Commission
     600 Pennsylvania Avenue, NW
     Washington, DC 20580

9    Tel.:   (202) 326-2122 (Musser)
             (202) 326-2464 (Takashima)

10   Email:  smusser@ftc.gov
             etakashima@ftc.gov

11           mbaker1@ftc.gov
             abutler2@ftc.gov

12           jharrell@ftc.gov
             cherd@ftc.gov

13           bkhan1@ftc.gov
             ssteinberg1@ftc.gov

14   *Attorneys for Plaintiff Federal Trade Commission*

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 9

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2 s/ Michael Jo
Michael Jo (admitted *pro hac vice*)
3 Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
General
4 28 Liberty Street
New York, NY 10005
5 Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
6 *Counsel for Plaintiff State of New York*

7 s/ Rahul A. Darwar
Rahul A. Darwar (admitted *pro hac vice*)
8 Assistant Attorney General
Office of the Attorney General of Connecticut
9 165 Capitol Avenue
Hartford, CT 06016
10 Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
11 *Counsel for Plaintiff State of Connecticut*

12 s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski (admitted *pro hac
13 vice*)
Assistant Attorney General
14 Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
15 Office of the Attorney General
One Granite Place South
16 Concord, NH 03301
Telephone: (603) 271-2678
17 Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*
18
s/ Robert J. Carlson
19 Robert J. Carlson (admitted *pro hac vice*)
Assistant Attorney General
20 Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
21 Tulsa, OK 74119
Telephone: (918) 581-2885
22 Email: robert.carlson@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

23

24

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
*Counsel for Plaintiff State of Oregon*

s/ Jennifer A. Thomson
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

s/ Michael A. Undorf
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

s/ Christina M. Moylan
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2  *s/ Schonette Walker*
   Schonette Walker (admitted *pro hac vice*)
3  Assistant Attorney General
   Chief, Antitrust Division
   Office of the Maryland Attorney General
4  200 St. Paul Place
   Baltimore, MD 21202
5  Telephone: (410) 576-6474
   Email: swalker@oag.state.md.us
6  *Counsel for Plaintiff State of Maryland*

7  *s/ Katherine W. Krems*
   Katherine W. Krems (admitted *pro hac vice*)
8  Deputy Chief, Antitrust Division
   Office of the Massachusetts Attorney General
   One Ashburton Place, 18th Floor
9  Boston, MA 02108
   Telephone: (617) 963-2189
10 Email: katherine.krems@mass.gov
   *Counsel for Plaintiff Commonwealth of*
11 *Massachusetts*

12 *s/ Scott A. Mertens*
   Scott A. Mertens (admitted *pro hac vice*)
13 Assistant Attorney General
   Michigan Department of Attorney General
14 525 West Ottawa Street
   Lansing, MI 48933
15 Telephone: (517) 335-7622
   Email: MertensS@michigan.gov
16 *Counsel for Plaintiff State of Michigan*

17 *s/ Zach Biesanz*
   Zach Biesanz (admitted *pro hac vice*)
18 Senior Enforcement Counsel
   Office of the Minnesota Attorney General
19 445 Minnesota Street, Suite 1400
   Saint Paul, MN 55101
20 Telephone: (651) 757-1257
   Email: zach.biesanz@ag.state.mn.us
21 *Counsel for Plaintiff State of Minnesota*

22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi  (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: Andrew.Esoldi  @law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo-Almena*
Zulma Carrasquillo (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto
Rico*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 11

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2
_s/ Stephen N. Provazza_
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General

3
Chief, Consumer and Economic Justice Unit
Department of the Attorney General

4
150 South Main Street
Providence, RI 02903

5
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov

6
*Counsel for Plaintiff State of Rhode Island*

7
_s/ Sarah L. J. Aceves_
Sarah L. J. Aceves (admitted *pro hac vice*)

8
Assistant Attorney General
Vermont Attorney General's Office

9
109 State Street
Montpelier, VT 05609

10
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

11
*Counsel for Plaintiff State of Vermont*

12
_s/ Laura E. McFarlane_
Laura E. McFarlane (admitted *pro hac vice*)

13
Assistant Attorney General
Wisconsin Department of Justice

14
Post Office Box 7857
Madison, WI 53707-7857

15
Telephone: (608) 261-5810
Email: cooleygj@doj.state.wi.us

16
*Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DOCUMENTS
No. 2:23-cv-01495 - 12

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222