THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8
9
10
11
12
13
14
15

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**OPPOSITION OF PLAINTIFFS NEW JERSEY AND PENNSYLVANIA TO AMAZON'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOTE ON MOTION CALENDAR:
DECEMBER 12, 2024

*ORAL ARGUMENT REQUESTED*

16
17
18
19
20
21
22
23
24

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - i
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

   I.   NEW JERSEY'S CONSUMER FRAUD ACT CLAIMS (COUNTS XIV AND XV)
       ARE PROPERLY PLEADED. ................................................................................. 3

     A.  The SAC Sufficiently Pleads that Amazon Engaged in Unconscionable Commercial
        Practices through its Deployment of Project Nessie. ................................................ 5

     B.  The SAC Also Sufficiently Pleads that Amazon Knowingly Concealed from
        Consumers That It Deployed A Secretive Tool That Manipulated Prices On and Off
        Amazon's Platform and Altered the Consumer Experience. ...................................... 11

  II.  PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER
       PROTECTION LAW CLAIM (COUNT XIX) IS PROPERLY PLEADED. ................. 13

     A.  Failure to Disclose is Unfair and Deceptive Conduct ............................................ 14

     B.  Misleading Statements in Amazon's Price Matching Policy Constitute Deceptive
        Conduct ............................................................................................................... 16

     C.  Violation of the FTC Act is Unfair Conduct in Violation of the PUTPCPL ............. 18

CONCLUSION ................................................................................................................... 21

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - ii
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Anadarko Petroleum Corp. v. Commonwealth,*
  206 A.3d 51 (Pa. Commw. Ct. 2019) ............................................................ 15, 20

4

*Ash v. Cont'l Ins. Co.,*
5  932 A.2d 877 (Pa. 2007) ........................................................................... 19, 21

6  *Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................................. 7

7

*Assocs. Home Equity Servs., Inc. v. Troup,*
8  778 A.2d 529 (N.J. Super. Ct. App. Div. 2001)................................................... 5

9  *Barry v. Arrow Pontiac, Inc.,*
  494 A.2d 804 (N.J. 1985)..................................................................................... 4

10

*BCR Carpentry LLC v. FCA US, LLC,*
11  2024 WL 4570734 (D.N.J. Oct. 24, 2024)........................................................ 10

12  *Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................................. 2

13

*Blizzard v. Floyd,*
14  613 A.2d 619 (Pa. Commw. Ct. 1992) .......................................................... 19, 20

15  *Charles of the Ritz Distributors Corp. v. Fed. Trade Comm'n,*
  143 F.2d 676 (2d Cir. 1944)............................................................................... 17

16

*Ciser v. Nestle Waters N. Am., Inc.,*
17  596 F. App'x 157 (3d Cir. 2015) ......................................................................... 7

18  *Commonwealth v. Bell Tel. Co. of Pa.,*
  551 A.2d 602 (Pa. Commw. Ct. 1988) .............................................................. 14

19

*Commonwealth v. Foster,*
20  57 Pa. D. & C.2d 203 (Pa. Com. Pl. 1972) ...................................................... 16

21  *Commonwealth v. Golden Gate Nat'l Senior Care LLC,*
  194 A.3d 1010 (Pa. 2018)............................................................................. 17, 18

22

*Commonwealth v. Hush-Tone Indus., Inc.,*
23  4 Pa. Cmwlth. 1 (1971).................................................................................... 17

24

*Commonwealth v. Monumental Properties, Inc.*,
   329 A.2d 812 (Pa. 1974) ............................................................................ passim

*Commonwealth v. Nickel*,
   26 Pa. D. & C.3d 115 (Pa. Com. Pl. 1983) ................................................ 15, 17, 18

*Commonwealth v. Peoples Benefit Serv., Inc.*,
   923 A.2d 1230 (Pa. Commw. Ct. 2007) ............................................................. 16

*Connecticut v. Sandoz, Inc.*,
   2024 WL 4753308 (D. Conn. Nov. 12, 2024) ..................................................... 15

*Cox v. Sears Roebuck & Co.*,
   647 A.2d 454 (N.J. 1994) ........................................................................ 4, 5, 6, 11

*Danganan v. Guardian Prot. Servs.*,
   179 A.3d 9 (Pa. 2018) ........................................................................................ 14

*D'Ercole Sales, Inc. v. Fruehauf Corp.*,
   501 A.2d 990 (N.J. Super. Ct. App. Div. 1985) .................................................... 9

*Dewey v. Volkswagen AG*,
   558 F. Supp. 2d 505 (D.N.J. 2008) ....................................................................... 6

*Doe v. Uber Techs., Inc.*,
   2024 WL 3717483 (9th Cir. Aug. 8, 2024) .......................................................... 20

*DuMont v. Litton Loan Servicing, LP*,
   2015 WL 1061138 (S.D.N.Y. Mar. 11, 2015) ....................................................... 7

*Fairhaven Health, LLC v. BioOrigyn, LLC*,
   2021 WL 5987023 (W.D. Wash. Dec. 17, 2021) .................................................. 3

*Fed. Trade Comm'n v. Vyera Pharms., LLC*,
   479 F. Supp. 3d 31 (S.D.N.Y. 2020) ................................................................... 20

*Fenwick v. Kay Am. Jeep, Inc.*,
   371 A.2d 13 (N.J. 1977) ....................................................................................... 4

*Gennari v. Weichert Co. Realtors*,
   691 A.2d 350 (N.J. 1997) .................................................................................... 12

*Gonzalez v. Wilshire Credit Corp.*,
   25 A.3d 1103 (N.J. 2011) .................................................................................... 12

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - iv
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

*Harnish v. Widener Univ. Sch. of Law*,
  931 F. Supp. 2d 641 (D.N.J. 2013) ....................................................... 12

*Hunt v. U.S. Tobacco*,
  2006 WL 2619806 (E.D. Pa. Sept. 11, 2006) ......................................... 15

*Hyland v. Aquarian Age 2,000, Inc.*,
  372 A.2d 370 (N.J. Super. Ct. Ch. Div. 1977) ........................................ 9

*Illinois Brick Co. v. Illinois*,
  431 U.S. 720 (1977) .................................................................................... 7

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  350 F. Supp. 2d 160 (D. Me. 2004) ......................................................... 9

*In re NorVergence, Inc.*,
  384 B.R. 315 (Bankr. D.N.J. 2008) ....................................................... 13

*In re O'Brien*,
  423 B.R. 477 (Bankr. D.N.J. 2010) ......................................................... 8

*Jefferson Loan Co., Inc. v. Livesay*,
  419 A.2d 1164 (N.J. Super. Ct. 1980) ..................................................... 9

*Judge v. Blackfin Yacht Corp.*,
  815 A.2d 537 (N.J. Super. Ct. App. Div. 2003) ................................ 12, 13

*Katz v. Live Nation, Inc.*,
  2010 WL 2539686 (D.N.J. Jun. 17, 2010) ............................................... 6

*Kugler v. Romain*,
  279 A.2d 640 (N.J. 1971) ...................................................................... 5, 9

*Lacey v. Maricopa Cty.*,
  693 F.3d 896 (9th Cir. 2012) ......................................................... 1, 2, 4, 5

*Lemelledo v. Beneficial Mgmt. Corp.*,
  696 A.2d 546 (N.J. 1997) .......................................................................... 3

*Leon v. Rite Aid Corp.*,
  774 A.2d 674 (N.J. Super. Ct. App. Div. 2001) ................................. 10, 12

*Maniscalco v. Brother Int'l Corp. (USA)*,
  627 F. Supp. 2d 494 (D.N.J. 2009) ....................................................... 12

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - v
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

*Meshinsky v. Nichols Yacht Sales, Inc.*,
   541 A.2d 1063 (N.J. 1988) ................................................................................ 9, 10

*Mickens v. Ford Motor Co.*,
   900 F. Supp. 2d 427 (D.N.J. 2012) ............................................................................ 12

*N.J. Citizen Action v. Schering-Plough Corp.*,
   842 A.2d 174 (N.J. Super. Ct. App. Div. 2002) ........................................................... 5

*Neuman v. Corn Exch. Nat. Bank & Tr. Co.*,
   51 A.2d 759 (Pa. 1947) ..................................................................................... 15

*Shaw v. Shand*,
   217 A.3d 1180 (N.J. Super. Ct. App. Div. 2019) ........................................................... 3

*Sickles v. Cabot Corp.*,
   877 A.2d 267 (N.J. Super. Ct. App. Div. 2005) ........................................................... 7

*Skeer v. EMK Motors, Inc.*,
   455 A.2d 508 (N.J. Super. Ct. App. Div. 1982) ........................................................ 6, 9

*State v. Hudson Furniture Co.*,
   398 A.2d 900 (N.J. Super. Ct. App. Div. 1979) ........................................................ 4, 9

*Weinberg v. Sprint Corp.*,
   801 A.2d 281 (N.J. 2002) ..................................................................................... 10

*Westfield Grp. v. Campisi*,
   2006 WL 328415 (W.D. Pa. 2006) ............................................................................ 18

*Yingst v. Novartis AG*,
   63 F. Supp. 3d 412 (D.N.J. 2014) ............................................................................ 10

*Zwiercan v. Gen. Motors Corp.*,
   58 Pa. D. & C.4th 251 (Pa. Com. Pl. 2002) .................................................................. 15

**Statutes**

1 Pa. C.S. § 1924 ............................................................................................ 20

15 U.S.C. § 45a ......................................................................................... 14, 21

73 P.S. § 201-2(4) ............................................................................................ 19

73 P.S. § 201-3 ......................................................................................... 20, 21

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - vi
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

N.J. Stat. Ann. § 56:8-1 ................................................................................................ 3

N.J. Stat. Ann. § 56:8-2 ......................................................................................... 4, 9, 12

N.J. Stat. Ann. § 56:8-4(b) .......................................................................................... 8

N.J. Stat. Ann. § 56:9-12 ............................................................................................. 8

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................... 12

**Other Authorities**

House Resolution No. 577 .......................................................................................... 20

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - vii
Case No. 2:23-cv-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

# INTRODUCTION

The state law claims of Plaintiffs State of New Jersey ("New Jersey") and Commonwealth of Pennsylvania ("Pennsylvania" or "the Commonwealth") are well-pleaded and "contain sufficient factual matter, accepted as true, to state . . . claim[s] to relief that [are] plausible on [their] face." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (cleaned up). New Jersey and Pennsylvania have sufficiently repleaded their claims by clarifying the elements in Counts XIV, XV, and XIX of the Second Amended Complaint ("SAC") and the factual allegations underpinning those theories of liability. Further, Pennsylvania has added new factual allegations supporting its claims. While Amazon continues to spin arguments that rely on misunderstandings of New Jersey and Pennsylvania law, it fails to account for subsequent, key legislative changes that strengthen their claims, and asks this Court to dispose of fact-intensive issues—including Amazon's duty to disclose the existence of its secret pricing algorithm, named "Project Nessie," to consumers—prematurely. Its Motion to Dismiss New Jersey's and Pennsylvania's claims in the SAC falls short and should be denied.

The SAC plausibly alleges under New Jersey and Pennsylvania law that Amazon's actions are in turn unfair, deceptive, unconscionable, and constitute a knowing concealment of material fact in its sale of goods or services. *First*, as the SAC alleges, Amazon determined that in many cases, other online stores' pricing algorithms would match Amazon's price increases. SAC ¶ 421. Through this process, Amazon realized that it could increase its prices while reducing the risk of shoppers finding a lower price off Amazon if Amazon focused its price increases on products sold by competitors that were algorithmically matching Amazon's prices. *Id*. Armed with this understanding of how to manipulate its competitors' pricing algorithms, Amazon created "Project Nessie," an algorithm to charge shoppers higher prices while minimizing the chance that shoppers

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 1
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

would catch on. *Id.* By using Project Nessie to artificially inflate its own prices and inducing other online stores to follow suit, Amazon itself estimated that its profits increased by one billion dollars within a three-year period. SAC ¶ 425. Yet consumers, who did not realize these prices were artificially inflated, continued to believe they were paying fair market value for the goods. SAC ¶¶ 426, 427.

Meanwhile, Amazon also intentionally took steps to conceal Project Nessie both from regulators and from consumers. SAC ¶¶ 419, 424, 428-29, 520, 531, 555. Specifically, Amazon turned Project Nessie "on" and "off" whenever it grew concerned Project Nessie would be detected during periods "of increased media focus and customer traffic," including during the holiday shopping season and on Amazon's "Prime Day" event. SAC ¶ 428. In total, Amazon turned Project Nessie "on" and "off" at least eight times between 2015 and 2019. SAC ¶ 430. Coupled with Amazon's own statements, which, when juxtaposed against its use of Project Nessie, were misleading and deceptive, SAC ¶¶ 557-64, 567, 573, 582, 584, 590, the SAC plausibly alleges that Amazon exhibited a lack of good faith, honesty, and fair dealing—the hallmarks of unfair, deceptive, and unconscionable commercial practices that violate New Jersey's and Pennsylvania's laws.

Because both Plaintiffs New Jersey and Pennsylvania seek to end Amazon's unfair, deceptive, and unconscionable acts and practices, and the SAC plausibly alleges facts upon which their claims to relief can be based, Amazon's Motion to Dismiss should be denied.

## STANDARD OF REVIEW

A complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Lacey*, 693 F.3d at 911. Furthermore, "Rule 12(b)(6) may

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 2
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

not be used to challenge specific allegations in a complaint." *Fairhaven Health, LLC v. BioOrigyn, LLC*, 2021 WL 5987023, at *5 (W.D. Wash. Dec. 17, 2021).  In other words, "a motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *Id.* (cleaned up).

## ARGUMENT

### I.    NEW JERSEY'S CONSUMER FRAUD ACT CLAIMS (COUNTS XIV AND XV) ARE PROPERLY PLEADED.

This Court should deny Defendant's Motion to Dismiss New Jersey's Counts XIV and XV for three independent reasons.  First, Amazon's claim that suppression of price competition falls squarely within the ambit of antitrust and not consumer fraud protections is based on abrogated law that does not account for subsequent legislative action.  Second, Amazon's Motion conflates the elements required to plead "unconscionable practices" and "knowing concealment or suppression" under New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1-229 ("CFA").  And third, Amazon's argument about its duty to advise the public is a fact-specific question ill-suited for disposition at the motion to dismiss stage.  Simply put, Amazon's arguments are meritless and misapply New Jersey law.

New Jersey's CFA applies to all consumer transactions that involve the sale of merchandise or services generally sold to the public at large.  *Lemelledo v. Beneficial Mgmt. Corp.*, 696 A.2d 546, 551 (N.J. 1997).  A remedial statute, the CFA is consistently broadly applied "to root out consumer fraud."  *Id.*; *see also Shaw v. Shand*, 217 A.3d 1180, 1193 (N.J. Super. Ct. App. Div. 2019) ("The legislative language throughout the statute and the evils sought to be eliminated point to an intent to protect the consumer in the context of the ordinary meaning of that term in the

NEW JERSEY AND PENNSYLVANIA'S OPP. TO AMAZON'S MOT. TO DISMISS COUNTS XIV, XV & XIX OF SECOND AM. COMPL. - 3 Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL** Strawberry Square, 14th Floor Harrisburg, PA 17120 (717) 787-4530

1    market place.") (quotations omitted); *accord Barry v. Arrow Pontiac, Inc.*, 494 A.2d 804, 811 (N.J.

2    1985); *Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 15 (N.J. 1977).

3         In pertinent part, the CFA provides:

4    The act, use or employment by any person of any commercial practice that is
     unconscionable or abusive, deception, fraud, false pretense, false promise,
5    misrepresentation, or the knowing[] concealment, suppression, or omission of any
     material fact with intent that others rely upon such concealment, suppression, or
6    omission, in connection with the sale or advertisement of any merchandise or real
     estate, or with the subsequent performance of such person as aforesaid, whether or
7    not any person has in fact been misled, deceived or damaged thereby, is declared
     to be an unlawful practice. . . .

8

9    N.J. Stat. Ann. § 56:8-2.  This plain language delineates different types of unlawful practices, each

10   of which requires different elements to state a claim: (1) affirmative acts, including unconscionable

11   commercial practices; and (2) knowing concealment, suppression or omission of a material fact.

12   *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) (citing legislative history).  It is also

13   well-settled that the CFA's disjunctive structure means that a plaintiff has satisfied the statute if

14   an unconscionable commercial practice *or* a fraudulent omission is proven.  *See State v. Hudson*

15   *Furniture Co.*, 398 A.2d 900, 902 (N.J. Super. Ct. App. Div. 1979).

16        New Jersey has properly pleaded that Amazon violated the CFA in two separate amended

17   counts, *each* of which "contain sufficient factual matter, accepted as true, to state a claim to relief

18   that is plausible on its face."  *Lacey*, 693 F.3d at 911.  In Count XIV of the SAC, New Jersey

19   asserts that Amazon engaged in unconscionable commercial practices, pointing to specific actions

20   Amazon took with respect to Project Nessie that were designed to covertly inflate prices for

21   consumers to benefit Amazon's profit margin.  For example, New Jersey alleges that Amazon used

22   Project Nessie to manipulate other online stores into raising their prices.  SAC ¶¶ 4, 23, 418-20,

23   422, 426, 428-30, 432-33.  In Count XV, New Jersey asserts that Amazon concealed material facts

24

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 4
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

from its consumers and alleges specific acts Amazon took to cover up Project Nessie's existence, such as turning Project Nessie off during periods of heightened outside scrutiny.  SAC ¶¶ 4, 23, 418-20, 428-30, 432-33.  Setting aside that New Jersey courts have approached the dismissal of CFA claims at the motion to dismiss stage "with hesitation" because they raise issues of fact, *see N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176-77 (N.J. Super. Ct. App. Div. 2002), Amazon's legal arguments fail to discredit *either* of New Jersey's well-substantiated CFA claims.

### A.     The SAC Sufficiently Pleads that Amazon Engaged in Unconscionable Commercial Practices through its Deployment of Project Nessie.

Amazon's Motion should be denied because Count XIV of the SAC "contain[s] sufficient factual matter, accepted as true, to state a claim" that Amazon engaged in unconscionable commercial practices under the New Jersey CFA.  *Lacey*, 693 F.3d at 911.

The term "unconscionable commercial practice" is not defined under the CFA.  That is by design.  Added to the CFA in 1971 to expand the reach of the CFA's prohibition on "unlawful practice[s]," an "unconscionable commercial practice" under New Jersey law is "an amorphous concept designed to establish a broad business ethic" that implies "a lack of 'good faith, honesty in fact and observance of fair dealing.'"  *Cox*, 647 A.2d at 462 (quoting *Kugler v. Romain*, 279 A.2d 640, 651-52 (N.J. 1971)).  Thus, to capture the full range of conduct intended to be covered by the Legislature's deployment of the term, New Jersey courts are clear that "the word 'unconscionable' must be interpreted liberally so as to effectuate the public purpose of the CFA."  *Assocs. Home Equity Servs., Inc. v. Troup*, 778 A.2d 529, 543 (N.J. Super. Ct. App. Div. 2001).  Whether a particular practice is unconscionable is fact-specific and must be determined on a case-by-case basis.  *Kugler*, 279 A.2d at 652.

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 5
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

Here, Count XIV in the SAC specifically contends that Amazon engaged in unconscionable commercial practices, including, but not limited to:

i.    Covertly and deliberately manipulating prices on its platform by using Project Nessie, a secret tool through which Amazon was able to engineer prices that shoppers pay to optimize its profits, while also concealing the existence of the tool and the inflated pricing, turning it off during periods of heightened outside scrutiny and "increased media focus and customer traffic" to avoid detection and then back on when Amazon thought no one was watching (SAC ¶¶ 4, 23, 418-420, 428-430, 432-433); and

ii.    Using Project Nessie to hike consumer prices overall by manipulating other online stores into raising their prices, thereby keeping prices artificially inflated across the spectrum (SAC ¶¶ 422, 426, 440).

In other words, Count XIV in the SAC alleges that Amazon deliberately and systemically deployed a secretive pricing scheme (Project Nessie) that harmed consumers by inflating prices, while taking specific steps to conceal Project Nessie's existence. Not only are these allegations sufficient for this Court to draw an inference that Amazon failed to deal with its consumer customers in good faith and with honesty, *see Cox*, 647 A.2d at 462, they also fall squarely within the CFA's prohibition on the use of "exorbitant prices, unfair bargaining advantages [or] incomplete disclosures[,]" *see Skeer v. EMK Motors, Inc.*, 455 A.2d 508, 512 (N.J. Super. Ct. App. Div. 1982).

Notwithstanding this clear delineation of conduct that fits neatly within the term "unconscionable practice" under New Jersey law, Amazon seeks dismissal of the amended claims. As an initial matter, Amazon's claim that Count XIV must be alleged with particularity under a heightened pleading standard, Dkt. #340 at 7, is wrong. "Unconscionable commercial practice claims are distinct from CFA claims sounding in fraud, and so the heightened pleading standard of [Federal] Rule [of Civil Procedure] 9(b) does not apply." *Katz v. Live Nation, Inc.*, 2010 WL 2539686, at *5 (D.N.J. Jun. 17, 2010) (citing *Dewey v. Volkswagen AG,* 558 F. Supp. 2d 505, 525-

NEW JERSEY AND PENNSYLVANIA'S OPP. TO AMAZON'S MOT. TO DISMISS COUNTS XIV, XV & XIX OF SECOND AM. COMPL. - 6 Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

27 (D.N.J. 2008)); *see also DuMont v. Litton Loan Servicing, LP*, 2015 WL 1061138, at *13 (S.D.N.Y. Mar. 11, 2015) ("[C]ourts within the District of New Jersey that have addressed the pleading standards applicable to CFA violations based on the 'unconscionable commercial practices' clause have instead applied Rule 8 to those causes of action."); *Ciser v. Nestle Waters N. Am., Inc.*, 596 F. App'x 157, 160 (3d Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (applying *Twombly-Iqbal* plausibility standard instead of Rule 9(b) in determining whether plaintiff sufficiently pleaded its CFA claim for unconscionable commercial practice).

Amazon argues that Count XIV fails to state a claim for relief under the CFA because (1) New Jersey only alleges anti-competitive acts, which Amazon asserts are not actionable under the CFA; (2) New Jersey has not alleged conduct that has the "capacity to mislead"; and (3) New Jersey has not alleged a specific deceptive statement. None of these arguments has merit.

*First*, Amazon's contention that "suppression of price competition falls squarely within the ambit of the antitrust laws, not the consumer-protection provisions of the CFA," Dkt. #340 at 7 (citing *Sickles v. Cabot Corp.*, 877 A.2d 267 (N.J. Super. Ct. App. Div. 2005)), is premised on outdated law. *Sickles*, which was decided in 2005, held that indirect purchasers lacked standing to sue under the CFA for anticompetitive conduct. *Id.* at 277. The court's primary concern in *Sickles* was that allowing such claims would permit an "end run" around the New Jersey Antitrust Act's ("ATA") limitations on indirect purchaser lawsuits, which at the time mirrored the federal *Illinois Brick*[1] doctrine. *Id.* Thus, the *Sickles* court sought to harmonize the CFA with the ATA, which it interpreted as barring indirect purchaser antitrust claims. *Id.*

---

[1] *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (holding that indirect purchasers, or those who purchased the defendants' product further down the distribution chain, have no standing to seek damages under federal antitrust law).

NEW JERSEY AND PENNSYLVANIA'S OPP. TO AMAZON'S MOT. TO DISMISS COUNTS XIV, XV & XIX OF SECOND AM. COMPL. - 7
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

But Amazon fails to recognize that New Jersey's legal landscape has shifted dramatically since *Sickles* was decided in 2005.  More specifically, the New Jersey Legislature has enacted two key changes that render Amazon's *Sickles*-based argument obsolete.  In 2022 the Legislature enacted an *Illinois Brick* repealer statute, N.J. Stat. Ann. § 56:9-12, which explicitly allows indirect purchasers to recover damages for antitrust violations.  *See* N.J. Stat. Ann. § 56:9-12.  Thus, the New Jersey Legislature abrogated the *Sickles* court's central rationale for barring CFA claims based on anticompetitive conduct.  In other words, the court's concern about circumventing the ATA is no longer valid because the ATA now permits the very type of relief *Sickles* sought to prevent.  That same year, the Legislature also amended the CFA, adding N.J. Stat. Ann. § 56:8-4(b), which creates a conclusive presumption that any commercial practice violating state or federal law is an unlawful practice under the CFA in actions brought by the Attorney General.  *See* N.J. Stat. Ann. § 56:8-4(b).  As a result, Amazon's position that New Jersey's claims are "*not cognizable under the CFA*," is patently incorrect. Dkt. #340 at 6 (emphasis added). N.J. Stat. Ann. § 56:8-4(b) creates an express presumption whereby an antitrust violation is deemed unlawful and actionable under the CFA.

*Second*, Amazon's argument that "capacity to mislead" is a necessary element of an unconscionability claim under the CFA is wrong.  Dkt. #340 at 7.  As an initial matter, the plain language of the statute enumerates no such requirement.  Moreover, courts examining the reach of the CFA routinely acknowledge that "[t]he terms—unconscionable commercial practice, deception, fraud and false promise—are used disjunctively so it is conceivable that a commercial practice might not be fraudulent or deceptive but would, nevertheless, be unconscionable."  *In re O'Brien*, 423 B.R. 477, 488 (Bankr. D.N.J. 2010).  And it is well-settled that a defendant's conduct may be considered unconscionable within the meaning of the CFA even if it does not rise to the

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 8
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

level of deception or fraud.  *See State v. Hudson Furniture Co.*, 398 A.2d 900, 902 (N.J. Super. Ct. App. Div. 1979) (disjunctive structure of N.J. Stat. Ann. § 56:8-2 means that violation of statute is complete if an unconscionable commercial practice is proved; deceptive or fraudulent act need not also be shown); *accord D'Ercole Sales, Inc. v. Fruehauf Corp.*, 501 A.2d 990, 996 (N.J. Super. Ct. App. Div. 1985); *Skeer*, 455 A.2d at 511; *Hyland v. Aquarian Age 2,000, Inc.*, 372 A.2d 370, 372-73 (N.J. Super. Ct. Ch. Div. 1977).

Indeed, New Jersey courts have found that a practice violates the CFA without also finding that the alleged conduct had the "capacity to mislead."  *See, e.g.*, *Meshinsky v. Nichols Yacht Sales, Inc.*, 541 A.2d 1063, 1067 (N.J. 1988) ("To prove a violation of [the CFA] it is not necessary to show actual deceit or a fraudulent act; any unconscionable commercial practice is prohibited."); *Kugler*, 279 A.2d at 652-53 (finding that defendants violated the CFA's prohibition on unconscionable conduct by unilaterally charging exorbitant prices for educational materials at a rate six or seven times the defendants' wholesale price, and approximately two and one-half times the maximum reasonable price in the relevant market for such materials).  In other words, while the "capacity to mislead" may be potentially relevant to establishing violations of the CFA, it is not an indispensable element of a CFA claim.  *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 194 (D. Me. 2004) (examining the sufficiency of a CFA claim and rejecting the necessity of proving capacity to mislead); *Jefferson Loan Co., Inc. v. Livesay*, 419 A.2d 1164, 1169 (N.J. Super. Ct. 1980) (holding that the CFA's "unconscionability rule," while "not designed to upset the terms of a contract resulting from superior bargaining strength," was enacted "to prevent oppression and unfair surprise").

*Third*, Amazon's contention that Count XIV must be dismissed because it does not include a specific deceptive statement runs contrary to New Jersey law.  New Jersey need not allege a

NEW JERSEY AND PENNSYLVANIA'S OPP. TO AMAZON'S MOT. TO DISMISS COUNTS XIV, XV & XIX OF SECOND AM. COMPL. - 9 Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL** Strawberry Square, 14th Floor Harrisburg, PA 17120 (717) 787-4530

"specific statement, promise, or advertising guaranteeing that Amazon offered the lowest prices."

Dkt. #289 at 32-33; Dkt. #340 at 6.  Rather, it is well-established that "[a] false statement of fact

is not . . . an essential ingredient of a plaintiff's cause of action based on affirmative wrongdoing."

*Leon v. Rite Aid Corp.*, 774 A.2d 674, 679 (N.J. Super. Ct. App. Div. 2001) (finding plaintiff

adequately alleged CFA claim for affirmative misconduct regarding defendant's pricing system

without alleging false statement of fact).  In particular, when the State brings an action under the

CFA, no showing of reliance by a consumer is necessary to establish a violation, and a practice

can be unlawful under the CFA even if no person was in fact misled or deceived by it.  *See*

*Meshinsky*, 541 A.2d at 1067.  For this reason, Amazon's reliance on cases brought by private

parties finding no CFA violation where "consumers [we]re charged the prices the company

advertises" is misplaced. Dkt. #340 at 8 n.2 (listing cases).  And in any event, these inapposite

pricing cases were all resolved on factual grounds and in no way resemble the present action.

*Compare BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *4 (D.N.J. Oct. 24, 2024)

(dismissing private suit where plaintiffs were "fully informed of the destination charge" and

therefore could not show ascertainable loss), with *Weinberg v. Sprint Corp.*, 801 A.2d 281, 291

(N.J. 2002) (reaffirming that no showing of injury is required for government actions under the

CFA); *compare also Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 416 (D.N.J. 2014) (finding a

"slight price differential" based on defendant's utilization of "traditional market forces"

insufficient to show unconscionable commercial practice), with SAC ¶¶ 424-25, 431 (detailing

Amazon's deployment of Project Nessie on a grand scale to set prices for millions of products and

extract over one billion dollars in profits from consumers).  In sum, Amazon's misreading of the

CFA would frustrate the broad, remedial purpose of the statute by cabining the State's ability to

corral conduct that otherwise clearly fails to live up to the CFA's implied promise of good faith

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 10
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1    and fair dealing. *See Cox*, 647 A.2d at 462. This Court should reject Amazon's attempt to draw a

2    bright-line rule where none exists.

3         Count XIV of the SAC contains ample factual matter to plausibly claim that Amazon,

4    through its use of Project Nessie, has engaged in unconscionable commercial practices in violation

5    of the CFA. Amazon unilaterally deployed a sophisticated and secret tool, Project Nessie, to

6    artificially inflate prices for consumers on its platform and induce other online stores into raising

7    prices so that Amazon could reap increased profits. SAC ¶¶ 4, 23, 418-19, 422, 428-30, 432-33.

8    Amazon also repeatedly paused Project Nessie when it grew concerned the public might detect the

9    higher prices set by Project Nessie, *id.*; used the algorithms generated by Project Nessie to induce

10   competitors to raise their prices for thousands of products at times when they were most likely to

11   follow Amazon's price hikes, *id.* at ¶¶ 418-23, 426; and continued to sell the products at the

12   inflated prices on its platform after it successfully induced competitors to raise their prices. *Id.* As

13   a result, consumers believed that they were buying goods on Amazon priced at fair market value,

14   when in fact those prices were "artificially inflated." *Id.* at ¶ 440. Through Project Nessie,

15   Amazon extracted over one billion dollars in additional profits from consumers on a massive scale.

16   *See id.* at ¶¶ 424-27. Because Amazon's failures to act in good faith, with honesty, and to engage

17   in fair dealing with consumers on its platform all fall squarely within the CFA's unconscionability

18   standard, its Motion to Dismiss Count XIV should be denied.

19        **B.    The SAC Also Sufficiently Pleads that Amazon Knowingly Concealed from
                  Consumers That It Deployed A Secretive Tool That Manipulated Prices On
20                and Off Amazon's Platform and Altered the Consumer Experience.**

21        Amazon's Motion to Dismiss Count XV should likewise be denied because Count XV in

22   the SAC pleads ample facts to state a claim that Amazon knowingly concealed material facts from

23   consumers in violation of the CFA.

24

1    To state a claim for omission under New Jersey's CFA, "[a] plaintiff must show that

2    defendant (1) knowingly concealed (2) a material fact (3) with the intention that plaintiff rely upon

3    the concealment." *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 541 (N.J. Super. Ct. App. Div.

4    2003) (citing *Leon*, 774 A.2d at 678 (interpreting N.J. Stat. Ann. § 56:8-2)). "The definition of []

5    omission is intentionally open-ended, in order to capture the myriad schemes that human ingenuity

6    may engender." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012) (citing

7    *Gonzalez v. Wilshire Credit Corp.*, 25 A.3d 1103, 1115 (N.J. 2011)). Indeed, to counteract newly-

8    devised stratagems that undermine the integrity of the marketplace, "[t]he history of the [CFA]

9    [has been] one of constant expansion of consumer protection." *Gennari v. Weichert Co. Realtors*,

10   691 A.2d 350, 364 (N.J. 1997). Importantly, the "heightened pleading standard of [Fed. R. Civ.

11   P.] 9(b) allows essential elements of the omission under the CFA, such as intent, to be alleged

12   generally." *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 500 (D.N.J. 2009);

13   Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be

14   alleged generally[.]"); *see also Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 652

15   (D.N.J. 2013) ("[L]ike intent, "knowing" can be alleged generally under Rule 9(b).").

16   Here, Count XV of the SAC contends that Amazon violated the CFA by knowingly

17   concealing or suppressing material facts about its business operations, including but not limited to

18   using Project Nessie to manipulate prices for shoppers while simultaneously concealing Project

19   Nessie's existence from consumers by turning Project Nessie off "during periods of heightened

20   outside scrutiny and 'increased media focus and customer traffic' to avoid detection and then back

21   on" when it thought no one was watching. SAC ¶¶ 4, 23, 418-20, 428-30, 432-33. In short, Count

22   XV plausibly alleges not only that Amazon deployed Project Nessie to artificially manipulate

23   prices not reflective of true fair market value, but also that it took active steps to conceal its

24

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 12
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

existence from the public and the media.  And the fact that it selectively turned Project Nessie on and off is sufficient to state a claim that Amazon deliberately hid this scheme from consumers, intending for those consumers to be blind to the pricing scheme and to think that the prices they were paying amounted to fair market value.

Amazon, while not disputing that its use of Project Nessie amounted to a material fact in its engagement with the public, nevertheless argues that it did not have a duty to disclose Project Nessie's existence.  But the question of whether Amazon had a duty to disclose the existence of Project Nessie to consumers is a fact-specific inquiry ill-suited for disposition at the motion to dismiss stage.  *Judge*, 815 A.2d at 542 ("Whether a duty existed must be determined in light of the factual circumstances."); *see also In re NorVergence, Inc*., 384 B.R. 315, 360 (Bankr. D.N.J. 2008) (denying motion to dismiss claims under the CFA as premature where further discovery would reveal the extent of the defendants' knowledge about a fraudulent scheme, including whether they had a duty to disclose that the items sold were worthless).  Because Count XV of the SAC plausibly claims that Amazon took intentional steps to actively conceal Project Nessie's existence from the public—including "repeatedly paus[ing] Project Nessie when it grew concerned that the public might detect the higher prices Product Nessie produced," *see* SAC ¶ 419—and that it intended for consumers to rely on these actions to fatten its bottom line, Amazon's Motion should be denied.

## II.    PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM (COUNT XIX) IS PROPERLY PLEADED.

The Commonwealth alleges in the SAC that Amazon's failure to disclose Project Nessie to consumers violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 13
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

("PUTPCPL").[2]  Amazon used Project Nessie to manipulate market prices and concealed its manipulation from consumers.  Amazon used its superior bargaining position to deny consumers the ability to make a meaningful choice.  Amazon kept consumers in the dark about Project Nessie. Had consumers known, they could have made a choice other than purchasing from Amazon.  In addition, the Commonwealth alleged that Amazon's statements explaining why it does not offer price matching to consumers, SAC ¶¶ 557-63 (the "Price Matching Policy"), were misleading when juxtaposed against Amazon's use of Project Nessie to raise not only its prices but also its competitors' prices.  The misleading statements in Amazon's Price Matching Policy are not puffery, but rather justifications for that policy.  Plainly stated, this is not a case about puffery; it is about a major internet retailer saying one thing to a consumer, but then doing something very different.

The Commonwealth also alleged that a violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45a ("FTC Act"), constitutes a violation of the PUTPCPL.  The Pennsylvania Supreme Court recognizes "the wide range of conduct the Law was designed to address, including equalizing the bargaining power of the seller and consumer, ensuring the fairness of market transactions, and preventing deception and exploitation."  *Danganan v. Guardian Prot. Servs.*, 179 A.3d 9, 16 (Pa. 2018).

### A.    Failure to Disclose is Unfair and Deceptive Conduct

Failure to disclose a material fact is unfair and deceptive conduct under the PUTPCPL. *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812, 829 (Pa. 1974); *Commonwealth v.*

---

[22] Amazon has asserted the "law of the case" doctrine.  Dkt. #340 at 8.  That doctrine is not applicable here, as the Commonwealth has alleged new factual allegations to support its claims at SAC ¶¶ 550-64 and otherwise clarified the elements to state its claims.

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 14
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

*Bell Tel. Co. of Pa.*, 551 A.2d 602, 604 (Pa. Commw. Ct. 1988). "'The deliberate nondisclosure of a material fact amounts to culpable misrepresentation no less than does an intentional affirmation of a material falsity . . . .'" *Monumental Properties*, 329 A.2d at 829 n. 49 (citing *Neuman v. Corn Exch. Nat. Bank & Tr. Co.*, 51 A.2d 759, 764 (Pa. 1947), *supplemented by* 52 A.2d 177 (1947)). It is a violation of subclauses (v) and (xxi) of the PUTPCPL to impair another's bargaining position by concealing or not disclosing a material fact. *Commonwealth v. Nickel*, 26 Pa. D. & C.3d 115, 133 (Pa. Com. Pl. 1983). Accordingly, "a duty to speak exists, in the context of a business transaction with an ordinary non-business consumer, when the seller has superior knowledge of a material fact that is unavailable to the consumer." *Zwiercan v. Gen. Motors Corp.*, 58 Pa. D. & C.4th 251 (Pa. Com. Pl. 2002).

Failure to disclose anticompetitive conduct is actionable under the PUTPCPL. *Connecticut v. Sandoz, Inc.*, 2024 WL 4753308, at *22 (D. Conn. Nov. 12, 2024) (failure to disclose market allocation agreement is cognizable under subclause xxi of Section 2(4)). A PUTPCPL-based antitrust claim was sufficiently pleaded where defendants deceived and acted unfairly by failing to disclose information, regarding whether the open market and the terms of agreements "were competitive and fair." *Anadarko Petroleum Corp. v. Commonwealth*, 206 A.3d 51, 61 (Pa. Commw. Ct. 2019), *aff'd in part, rev'd in part and remanded sub nom. Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934 (Pa. 2021). In a private action, a PUTPCPL claim was also sufficiently pleaded where Defendants failed to disclose a price-fixing agreement. *Hunt v. U.S. Tobacco*, 2006 WL 2619806 (E.D. Pa. Sept. 11, 2006), *vacated on other grounds*, 538 F.3d 217 (3d. Cir. 2008).

Here, the Commonwealth pleaded that, "Amazon deceptively concealed from, or otherwise misled, consumers as to the actual characteristics of the marketplace being other than competitive,

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 15
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1    fair and free of any manipulation." SAC ¶ 582. Moreover, the Commonwealth pleaded facts to

2    support the cognizable claim. *Id*. ¶¶ 550-64. Particularly, "Amazon turned Project Nessie on and

3    off to avoid regulatory scrutiny and consumers from catching on." *Id*. ¶ 555. Amazon did not

4    want consumers to know that it was raising its own prices and, in turn, manipulating other online

5    stores to raise their prices. *Id*. ¶ 551-53. Amazon's artificial price manipulation misrepresented

6    the fair market value in being other than competitive and fair. *Id*. ¶ 554. Through Project Nessie,

7    Amazon exploited consumers in generating increased profits of over a billion dollars within a

8    three-year period. SAC ¶¶ 424-27. In accord with *Anadarko* and *Monumental Properties*, the

9    Commonwealth has sufficiently pleaded a claim of both unfair and deceptive conduct based on

10   Amazon's failure to disclose.

11   **B.      Misleading Statements in Amazon's Price Matching Policy Constitute
            Deceptive Conduct**

12

13   Amazon engaged in deceptive conduct in violation of the PUTPCPL through its misleading

14   statements in its Price Matching Policy. Those statements become misleading when juxtaposed

15   against Amazon's use of Project Nessie to raise or manipulate prices.

16   To establish a violation, the Commonwealth is not required to show actual deception; but

17   rather, a tendency or a capacity to deceive. *Commonwealth v. Peoples Benefit Serv., Inc.*, 923

18   A.2d 1230, 1236 (Pa. Commw. Ct. 2007). Moreover, the Commonwealth is not required to show

19   an intention to deceive; but rather, the acts or practices are capable of being interpreted in a

20   misleading way. *Id*. The test of whether a statement is deceptive is based on the net impression it

21   is likely to make upon a person of average intelligence and not whether it may be literally or

22   technically construed to not constitute a misrepresentation. *Commonwealth v. Foster*, 57 Pa. D. &

23   C.2d 203 (Pa. Com. Pl. 1972). The PUTPCPL "is intended to protect the ignorant and unthinking

24

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 16
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

and credulous members of the general public." *Commonwealth v. Hush-Tone Indus., Inc.*, 4 Pa. Cmwlth. 1, 22 (1971) (citing *Charles of the Ritz Distributors Corp. v. Fed. Trade Comm'n*, 143 F.2d 676 (2d Cir. 1944)). "Statements, therefore, literally can be true and still be deceptive and enjoinable." *Nickel*, 26 Pa. D. & C.3d at 132.

Here, the Commonwealth pleaded that, "Amazon deceptively misrepresented to consumers that Amazon's pricing in the online superstore market was competitive, fair and free of any manipulation." SAC ¶ 581. Moreover, the Commonwealth pleaded facts to support the cognizable claim. *Id.* ¶¶ 550-64. Particularly, Amazon made misleading statements to consumers regarding its Price Matching Policy while concealing its use of Project Nessie to raise its prices and to manipulate increased prices of other online stores. *Id.* ¶¶ 557-63. These misleading statements created a net impression by consumers of low or competitive prices. *Id.* ¶ 563.

Painted in a corner, Amazon raises a puffery defense. However, Amazon cannot have its cake and eat it too. Or, put another way, Amazon cannot be both reliant on and dismissive of the same statements in its Price Matching Policy. "[W]here a plaintiff establishes that a statement contains believable, inaccurate statements of fact, the statement falls beyond the reach of a puffery defense." *Commonwealth v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1024 (Pa. 2018). Amazon induced consumers to believe that it does not offer price matching to shoppers because Amazon's prices are low. It did so through affirmative statements regarding its Price Matching Policy. But, when juxtaposed against Amazon using Project Nessie to raise or manipulate prices, the statement is inaccurate and to the contrary. The Commonwealth pleaded that, "Amazon 'constantly' or 'consistently' monitors prices and intends for consumers to rely upon these statements as part of its policy to not match prices." SAC ¶ 562. "[T]he determination as to whether a statement is deemed puffery is a question of fact to be resolved by the finder of

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 17
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1   fact except in the unusual case where the answer is so clear that it may be decided as a matter of

2   law." *Golden Gate*, 194 A.3d at 1024.  Given that Amazon made statements about low prices to

3   justify its Price Matching Policy, these statements cannot be determined to be puffery as a matter

4   of law.  Further, Amazon, at times, nuanced the Price Matching Policy for certain products

5   notwithstanding its low prices pledge. SAC ¶¶ 557-58.  Here, the puffery defense is not available

6   to Amazon, and the Commonwealth has stated a claim for deceptive conduct for misleading

7   statements in its Price Matching Policy when juxtaposed against Amazon's use of Project Nessie

8   to raise or manipulate prices.

9       **C.      Violation of the FTC Act is Unfair Conduct in Violation of the PUTPCPL**

10          The SAC contains specific allegations that Amazon used Project Nessie to increase its

11  prices and to manipulate other online stores to increase their prices and concealed Project Nessie

12  by strategically turning it on and off at will to avoid consumers from catching on and to escape

13  regulatory scrutiny.  SAC ¶¶ 418-34.[3]  Indeed, the Court cited these allegations when it denied

14  Amazon's Motion to Dismiss as to Count IV, the Federal Trade Commission's ("FTC") challenge

15  to Project Nessie.  Order on Def. Mot. to Dismiss, Dkt. #289 ("MTD Order") at 25:1-7, 27:4-11,

16  27:12-14.

17          An act or practice need not be deceptive to be declared "unfair."  *Westfield Grp. v. Campisi*,

18  2006 WL 328415, at *18 (W.D. Pa. 2006); *Nickel*, 26 Pa. D. & C.3d. at 120-21.  The

19  Commonwealth pleaded that, "[r]egardless of the nature or quality of Amazon's aforementioned

20  acts or practices on the competitive process or competition, Amazon's conduct has been otherwise

21  unfair or unconscionable because they **offend public policy as established by statutes**, the

22

23  _____

    [3] These allegations were incorporated into the Commonwealth's PUTPCPL claim.  SAC ¶¶ 545, 550.

24

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 18
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

common law, or otherwise, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." SAC ¶ 566 (emphasis added). Since the MTD Order found that Count IV in the Amended Complaint stated a claim under Section 5 of the FTC Act as an unfair method of competition, the Commonwealth's unfairness claim in Count XIX in the SAC under the PUTPCPL should as well. Controlling Pennsylvania precedent in *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 881-82 (Pa. 2007), holds that a violation of another consumer protection statute *in pari materia* with the PUTPCPL is actionable under the PUTPCPL.

The PUTPCPL prohibits **all** unfair or deceptive acts or practices. *Monumental Properties*, 329 A.2d at 826 (PUTPCPL generally covers all unfair and deceptive acts or practices in the conduct of trade or commerce) (emphasis added). "[S]ection 3 of the Consumer Protection Law . . . broadly declares unlawful **all** 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Id.* at 827 (emphasis added). The definitions in Section 2 (4) of the PUTPCPL are but "enumerated examples" which do not circumscribe the plain legislative intent in Section 3 of the PUTPCPL. *Id.* Moreover, subclause xxi of Section 2(4) of the PUTPCPL is not narrowed or otherwise bound by the enumerated examples of unfair conduct in subclauses i to xx under the doctrine of ejusdem generis. *Id.* at 827 (rejecting application of doctrine to the catch-all provision).

Thus, based on the Pennsylvania Supreme Court's clear and unambiguous use of the word "all" in its construction of the statute, the definition of what constitutes unfair methods of competition and unfair or deceptive acts or practices is not exhaustive pursuant to binding precedent. Because the PUTPCPL is a statute that must be liberally construed to effectuate its objective to prevent unfair or deceptive business practices, the definition of "unfair methods of competition and unfair or deceptive acts or practices" as provided in 73 P.S. § 201-2(4) should not be considered exhaustive. *See Blizzard v. Floyd*, 613 A.2d 619, 621 (Pa. Commw. Ct. 1992). In

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 19
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

other words, for an act that must be liberally construed, a definition of a term and any enumeration therein should not be considered exhaustive.  *Id*.  All means all.

"There is no indication of an intent to exclude a class or classes of transactions from the ambit of the Consumer Protection Law.  When the Legislature deemed it necessary to make an exception from the Law's scope, it did so in clear language."  *Monumental Properties*, 329 A.2d at 816 n.5.  To be sure, the PUTPCPL does not expressly exclude antitrust claims from its scope. 73 P.S. § 201-3 (Unlawful acts or practices; exclusions).  Exceptions expressed in a statute shall be construed to exclude all others not expressed.  1 Pa. C.S. § 1924.  This includes the suggested exceptions in the *dicta* Amazon is often keen to cite from *Anadarko* at p. 60.  In that case, the Commonwealth Court diverged from the Pennsylvania Supreme Court's holding in *Monumental Properties*.[4]  "When interpreting state law, [courts] are bound to follow the decisions of the state's highest court[.]"  *Doe v. Uber Techs., Inc.*, 2024 WL 3717483, at *2 (9th Cir. Aug. 8, 2024).  The Pennsylvania Supreme Court has already spoken on the scope of the PUTPCPL and the recognition of only legislatively expressed exclusions from Section 3.

Indeed, the Pennsylvania General Assembly asked the Office of Attorney General to investigate the possibility of collusion in the setting of price for motor vehicle emissions testing and any potential violations of the PUTPCPL in House Resolution No. 577 from the Session of 2004.[5]

The Pennsylvania Supreme Court approvingly stated that the "statute is broad enough to encompass all claims of unfair and deceptive acts or practices in the conduct of any trade or

---

[4] Another federal court has relied on *Anadarko*'s mistaken dicta. *Fed. Trade Comm'n v. Vyera Pharms., LLC*, 479 F. Supp. 3d 31, 51 (S.D.N.Y. 2020). Likewise, its holding diverged from *Monumental Properties* and is not in accord with Pennsylvania binding precedent.

[5] House Resolution No. 577 from Session of 2004 is attached as Exhibit A.

NEW JERSEY AND PENNSYLVANIA'S OPP. TO AMAZON'S MOT. TO DISMISS COUNTS XIV, XV & XIX OF SECOND AM. COMPL. - 20 Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL** Strawberry Square, 14th Floor Harrisburg, PA 17120 (717) 787-4530

commerce." *Ash*, 932 A.2d at 882. Both the FTC Act and the PUTPCPL broadly prohibit "unfair methods of competition and unfair or deceptive acts or practices." 73 P.S. § 201–3; 15 U.S.C. § 45(a)(1) (same). "Indeed, in all relevant respects the language of section 3 of the Consumer Protection Law and section 5 of the FTC Act is identical." *Monumental Properties*, 329 A.2d at 818. Here, with respect to the specific conduct discussed *supra* and in the MTD Order, Dkt. #289 at 27:4-11, the FTC Act and the PUTPCPL both encompass this type of conduct and, as a result, are statutes *in pari materia*. As such, courts may look to the decisions under the FTC Act for guidance and interpretation. *Id*. Thus, a claim that states an unfair method of competition under the FTC Act should also state a claim under the PUTPCPL.

## CONCLUSION

Plaintiffs State of New Jersey and Commonwealth of Pennsylvania respectfully submit that the Court should deny Amazon's Motion to Dismiss Counts XIV, XV, and XIX of the SAC.

Dated: December 5, 2024                    *I certify that this memorandum contains 6,652 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

MATTHEW J. PLATKIN
Attorney General of New Jersey

*s/ Andrew F. Esoldi*
Andrew F. Esoldi (admitted *pro hac vice*)
Deputy Attorney General

*s/ Isabella R. Pitt*
Isabella R. Pitt (admitted *pro hac vice*)
Deputy Attorney General
Assistant Section Chief - Antitrust

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 21
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530

1   New Jersey Office of the Attorney General
2   124 Halsey Street, 5th Floor
    Newark, NJ 07101
    Telephone: 973-648-7819
3   Email:  Andrew.Esoldi@law.njoag.gov
              Isabella.Pitt@law.njoag.gov
4
    *Attorneys for Plaintiff State of New Jersey*
5

6   MICHELLE A. HENRY
    Attorney General of Pennsylvania
7
    *s/ Tracy W. Wertz*
8   Tracy W. Wertz (admitted *pro hac vice*)
    Chief Deputy Attorney General
9
    *s/ Joseph S. Betsko*
10  Joseph S. Betsko (admitted *pro hac vice*)
    Assistant Chief Deputy Attorney General
11
    *s/ Jennifer A. Thomson*
12  Jennifer A. Thomson (admitted *pro hac vice*)
    Senior Deputy Attorney General
13
    *s/Brandon S. Sprecher*
14  Brandon S. Sprecher (admitted *pro hac vice*)
    Deputy Attorney General
15
    Pennsylvania Office of Attorney General
16  Strawberry Square, 14th Floor
    Harrisburg, PA 17120
17  Telephone: (717) 787-4530
    Email: twertz@attorneygeneral.gov
18        jbetsko@attorneygeneral.gov
          jthomson@attorneygeneral.gov
19        bsprecher@attorneygeneral.gov

20  *Attorneys for Plaintiff Commonwealth of
    Pennsylvania*
21

22  ELLEN F. ROSENBLUM
    Attorney General of Oregon
23

24

NEW JERSEY AND PENNSYLVANIA'S OPP.    **PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
TO AMAZON'S MOT. TO DISMISS COUNTS    Strawberry Square, 14th Floor
XIV, XV & XIX OF SECOND AM. COMPL. - 22    Harrisburg, PA 17120
Case No. 2:23-CV-01495-JHC    (717) 787-4530

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Local Counsel for Plaintiffs State of New Jersey and Commonwealth of Pennsylvania*

NEW JERSEY AND PENNSYLVANIA'S OPP.
TO AMAZON'S MOT. TO DISMISS COUNTS
XIV, XV & XIX OF SECOND AM. COMPL. - 23
Case No. 2:23-CV-01495-JHC

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**
Strawberry Square, 14th Floor
Harrisburg, PA 17120
(717) 787-4530