THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

    Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

    Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS XIV, XV, AND XIX OF SECOND AMENDED COMPLAINT**

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ..................................................................................................1

I. New Jersey's Consumer Fraud Act Claims (Counts XIV and XV) Fail. ........................... 2

    A. New Jersey fails to state a claim of "unconscionable commercial practices." ....... 2

    B. New Jersey fails to state a claim of "knowing concealment." ............................... 6

II. Pennsylvania Fails to State a PUTPCPL Claim (Count XIX). ........................................... 7

    A. Pennsylvania cannot use the PUTPCPL to bring an antitrust claim. ...................... 7

    B. The factual allegations cannot support Pennsylvania's "failure to disclose" theory. ....................................................................................................................... 8

    C. The factual allegations cannot support Pennsylvania's claim that statements in Amazon's Price Matching Policy were deceptive. ........................................... 10

CONCLUSION ............................................................................................................................ 11

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anadarko Petrol. Corp. v. Pennsylvania*,
　206 A.3d 51 (Pa. Commw. Ct. 2019), *rev'd in part on other grounds sub nom.
　Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934 (Pa. 2021) ............................ 7, 10

*Arcand v. Brother Int'l Corp.*,
　673 F. Supp. 2d 282 (D.N.J. 2009) ................................................................................................ 6

*Ash v. Cont'l Ins. Co.*,
　932 A.2d 877 (Pa. 2007) ................................................................................................................ 8

*BCR Carpentry LLC v. FCA US, LLC*,
　2024 WL 4570734 (D.N.J. Oct. 24, 2024) ................................................................................... 6

*Commonwealth v. Monumental Props., Inc.*,
　329 A.2d 812 (Pa. 1974) ................................................................................................................ 8

*Commonwealth v. Peoples Benefit Servs., Inc.*,
　923 A.2d 1230 (Pa. Commonw. Ct. 2007) ................................................................................ 11

*Connecticut v. Sandoz, Inc.*,
　2024 WL 4753308 (D. Conn. Nov. 12, 2024) ........................................................................... 10

*Corsale v. Sperian Energy Corp.*,
　412 F. Supp. 3d 556 (W.D. Pa. 2019) ........................................................................................ 11

*Cox v. Sears Roebuck & Co.*,
　647 A.2d 454 (N.J. 1994) .............................................................................................................. 1

*Daniyan v. Viridian Energy LLC*,
　2015 WL 4031752 (D. Md. Jun. 30, 2015) ............................................................................... 11

*DeSimone v. U.S. Claims Servs., Inc.*,
　2020 WL 1164794 (E.D. Pa. Mar. 11, 2020) .............................................................................. 9

*FDA v. Brown & Williamson Tobacco Corp.*,
　529 U.S. 120 (2000) ........................................................................................................................ 4

*In re HIV Antitrust Litig.*,
　2023 WL 3006572 (N.D. Cal. Apr. 18, 2023) ............................................................................. 8

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Hunt v. U.S. Tobacco Co.*,
  2006 WL 2619806 (E.D. Pa. Sept. 11, 2006),
  *vacated on other grounds*, 538 F.3d 217 (3d Cir. 2008)..................................................8

*Island Mortg. of N.J. & Perennial Lawn Care, Inc. v. 3M*,
  860 A.2d 1013 (N.J. Super. Ct. Law. Div. 2004) .........................................................5

*Judge v. Blackfin Yacht Corp.*,
  815 A.2d 537 (N.J. Super. Ct. App. Div. 2003)...........................................................6

*Kovalev v. Lidl US, LLC*,
  647 F. Supp. 3d 319 (E.D. Pa. 2022) ........................................................................11

*Landau v. Viridian Energy PA LLC*,
  223 F. Supp. 3d 401 (E.D. Pa. 2016) ........................................................................11

*Leon v. Rite Aid Corp.*,
  774 A.2d 674 (N.J. Super. Ct. App. Div. 2001)...........................................................5

*In re Lidoderm Antitrust Litig.*,
  103 F. Supp. 3d 1155 (N.D. Cal. 2015) ......................................................................8

*McLean v. Big Lots Inc.*,
  542 F. Supp. 3d 343 (W.D. Pa. 2021) ......................................................................11

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
  2021 WL 3371938 (S.D.N.Y. Aug. 3, 2021)..............................................................11

*N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*,
  725 A.2d 1133 (N.J. Super. Ct. App. Div. 1998).........................................................6

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  350 F. Supp. 2d 160 (D. Me. 2004) ............................................................................5

*In re Rutter's Inc. Data Sec. Breach Litig.*,
  511 F. Supp. 3d 514 (M.D. Pa. 2021) ........................................................................9

*Sickles v. Cabot Corp.*,
  877 A.2d 267 (N.J. Super. Ct. App. Div. 2005)..............................................1, 3, 4, 5

*Wilson v. Gen. Motors Corp.*,
  2006 WL 1767754 (N.J. Super. Ct. App. Div. June 29, 2006),
  *aff'd*, 921 A.2d 414 (N.J. 2007).................................................................................2

*Yingst v. Novartis AG*,
  63 F. Supp. 3d 412 (D.N.J. 2014) ..............................................................................6

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - ii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Zwiercan v. Gen. Motors Corp.*,
  58 Pa. D. & C.4th 251, 2002 WL 31053838 (Pa. Ct. Com. Pl. Sept. 11, 2002)..........2, 8, 9, 10

*Zwiercan v. Gen. Motors Corp.*,
  2003 WL 1848571 (Pa. Ct. Com. Pl. Mar. 18, 2003) ...............................................................9

**Statutes**

15 U.S.C. § 45(a)(1) ....................................................................................................................7

N.J. Stat. § 56:8-2 ...................................................................................................................4, 6

N.J. Stat. § 56:8-4(a) ...................................................................................................................4

N.J. Stat. § 56:8-4(b) ...................................................................................................................4

N.J. Stat. § 56:9-18 .....................................................................................................................3

73 Pa. Stat. § 201-2(4) ................................................................................................................7

73 Pa. Stat. § 201-2(4)(v) ............................................................................................................7

73 Pa. Stat. § 201-2(4)(xxi) ..............................................................................................2, 8, 10

73 Pa. Stat. § 201-3 .....................................................................................................................7

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - iii
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**SUMMARY OF ARGUMENT**

In its prior order, this Court dismissed all consumer-protection claims brought by the plaintiff states. *See* Dkt. 289 ("Order") at 29-42. Two of the states—New Jersey and Pennsylvania—seek to replead their claims, but their Second Amended Complaint fails to address the central deficiencies identified by this Court. *See* Dkt. 327 ("SAC"). First, neither the New Jersey Consumer Fraud Act ("CFA") nor the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") creates liability under antitrust theories. Order at 33-34, 36-37. Second, the allegations in the previous complaint failed to state a claim of "unconscionable commercial practices" or "unfair or deceptive acts or practices" because the states did not allege Amazon made any deceptive statement or other statement with the "capacity to mislead." Order at 31-33, 35.

In their opposition, these states do not attempt to show how any new factual allegations in the Second Amended Complaint fix the pleading problems identified in the Order. Instead, the states' opposition brief reads like a rehearing petition: it mainly quarrels with the Court's legal basis for dismissing the states' initial claims. But the states cite no valid basis for revisiting this Court's legal conclusions, and the few new factual allegations fix nothing because the States are still trying to jam the square peg of antitrust claims into the round hole of state consumer-protection statutes. Counts XIV, XV, and XIX should thus be dismissed—this time with prejudice.

***New Jersey.*** It is well-established that allegations of "unfair methods of competition," standing alone, do not support liability under the CFA. *See Sickles v. Cabot Corp.*, 877 A.2d 267, 277 (N.J. Super. Ct. App. Div. 2005). New Jersey unpersuasively asserts that *Sickles*, on which this Court relied, is "obsolete," Dkt. 371 ("Response") at 8, but that is wrong: the intervening authority cited by the state has no bearing on the CFA's inapplicability to the conduct alleged here. Further, the New Jersey Supreme Court has referred to the "capacity to mislead" as "the prime ingredient" of a CFA claim, including a CFA claim of "unconscionable" commercial practices. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Count XIV fails because New Jersey

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

has not alleged any facts supporting a "capacity to mislead." Likewise, New Jersey's Count XV alleging "knowing concealment" fails because, as a matter of law, Amazon has no duty to disclose its pricing methodology.

*Pennsylvania.* Although Pennsylvania's repleaded PUTPCPL claim focuses on the alleged "Nessie" pricing algorithm, the claim suffers from the same deficiencies as before. Pennsylvania cannot use the PUTPCPL to bring antitrust claims where the allegations do not support a showing of "fraudulent or deceptive conduct." 73 Pa. Stat. § 201-2(4)(xxi). There can be no violation where the allegedly deceptive statements are "neither false nor misleading" but rather are "broad or vague or both." Dkt. 340 ("Motion") at 6. Nor can there be a violation for "failure to disclose" in the absence of a "duty to speak" about pricing methodology. *Zwiercan v. Gen. Motors Corp.*, 58 Pa. D. & C.4th 251, 2002 WL 31053838, at *2 (Pa. Ct. Com. Pl. Sept. 11, 2002). As Pennsylvania has not alleged any false statements or identified facts that would establish an affirmative duty on Amazon's part to disclose any of its pricing methods, including Nessie, Count XIX also should be dismissed.

I.   **New Jersey's Consumer Fraud Act Claims (Counts XIV and XV) Fail.**

   A.   **New Jersey fails to state a claim of "unconscionable commercial practices."**

*Antitrust Claims Under the CFA.* In dismissing New Jersey's initial consumer protection claims, this Court observed that "courts have rejected NJCFA claims where the only legal theory 'is that defendants' alleged monopolistic conduct constitutes an unconscionable commercial practice.'" Order at 33 (quoting *Sickles*, 877 A.2d at 277). Where "the only acts and practices included in the complaint are [alleged to be] anti-competitive acts," no claim under the CFA has been pleaded. *Wilson v. Gen. Motors Corp.*, 2006 WL 1767754, at *9 (N.J. Super. Ct. App. Div. June 29, 2006) (per curiam), *aff'd*, 921 A.2d 414 (N.J. 2007). Accordingly, this Court dismissed New Jersey's first CFA claim because it was based on the "presum[ption] that any antitrust violation also is a consumer-protection violation." Order at 33 (quoting Dkt. 178 at 12).

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

In its response, New Jersey does not argue that its "unconscionability" allegations are distinct from an allegation of anticompetitive practices. Rather, New Jersey argues (Response at 8) in effect that the Court erred in previously holding that "unfair methods of competition" are not by themselves sufficient to state a claim under the CFA. *See* Order at 33 (citing *Sickles*). According to New Jersey, *Sickles* is "obsolete," and this Court erred in relying on it. Response at 8.

That is incorrect. In *Sickles*, an indirect purchaser plaintiff had sought to use a CFA unconscionability action as a means of circumventing the New Jersey Antitrust Act's limitation on the plaintiff's standing. The court dismissed the CFA action, holding that the antitrust claims could not be "recast" as CFA claims, at least in part because the alternative "would essentially permit an end run around" the Antitrust Act's limitations. 877 A.2d at 277 (internal quotation marks omitted).

Here, New Jersey argues that the General Assembly's lifting of the Antitrust Act's limitation on the standing of indirect purchasers has rendered *Sickles* null. Response at 8. This makes no sense. Just because indirect purchasers in New Jersey now have standing "to recover damages for *antitrust violations*," *id.* (emphasis added), does not mean that plaintiffs may now use the CFA to bring *non*-antitrust consumer-protection claims.

Indeed, this case is a prime example of why *Sickles* has continuing vitality. Just like the federal Sherman Act, the New Jersey Antitrust Act does not support a claim regarding Nessie, which involved no alleged conspiracy. *See* N.J. Stat. § 56:9-18. New Jersey thus raised an unconscionability count in an effort to avoid the Antitrust Act's conspiracy requirement. Under *Sickles*, it may not do so. In any event, *Sickles*'s holding that antitrust theories are not cognizable under the CFA was not based solely on the anticircumvention concern but also on the understanding that "the CFA was enacted to help eradicate consumer fraud, not to advance public policy in favor of competition and prevent practices which deprive consumers of the benefit of competitive markets which is the overriding purpose of the New Jersey Antitrust Act." *Sickles*, 877 A.2d at 277 (internal quotation marks omitted).

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    New Jersey also asserts that it can bring an antitrust claim under the CFA because of the enactment of N.J. Stat. § 56:8-4(b), "which creates a conclusive presumption that any commercial practice violating state or federal law is an unlawful practice under the CFA." Response at 8. But that presumption can apply only in actions brought "to accomplish the objectives and carry out the duties prescribed by [the Consumer Fraud Act]." N.J. Stat. § 56:8-4(a). Again, however, these objectives are specifically limited to fraudulent or other deceptive conduct, *see* N.J. Stat. § 56:8-2, and do not include "advanc[ing] public policy in favor of competition," *Sickles*, 877 A.2d at 277 (internal quotation marks omitted). *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). New Jersey cites no case law adopting its absurdly overbroad construction—a construction that would implausibly make companies liable under the CFA for *any* violation of federal law, no matter how far afield from the purposes of the CFA, such as workplace safety or air pollution.

***Capacity to Mislead.*** In its dismissal order, this Court correctly observed that "[t]he capacity to mislead is the prime ingredient of all types of consumer fraud" and thus is a necessary element of New Jersey's claim of "unconscionable" commercial practices. Order at 31-32 (quoting *Cox*, 647 A.2d at 462). Because a practice must have the "capacity to mislead" to be prohibited by the CFA, "the NJCFA does not require one 'to charge the same prices for products, sold through different distribution channels, at different times, in the absence of some specific representation promising to do so.'" Order at 32 (quoting *Silver v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*, 2018 WL 1535285, at *5 (D.N.J. Mar. 29, 2018)). New Jersey's failure to identify a misleading "statement, promise, or advertisement" was therefore fatal to its claims. Order at 32.

New Jersey's amended factual allegations do not plug that hole. "New Jersey does not—and cannot—allege that Amazon misled consumers as to the actual prices they would pay." Motion at 4. Rather, New Jersey argues that it need not allege a practice with the capacity to mislead. Response at 8-9. That flies in the face of this Court's thoroughly reasoned conclusion that the

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

"capacity to mislead is the prime ingredient of deception or an unconscionable commercial practice." Order at 33-34 (quoting *Sickles*, 877 A.2d at 277 and *Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 16 (N.J. 1977)). It is also squarely contradicted by the case law. *See, e.g.*, *Island Mortg. of N.J. & Perennial Lawn Care, Inc. v. 3M*, 860 A.2d 1013, 1016 (N.J. Super. Ct. Law. Div. 2004) ("Plaintiffs have failed to set forth any factual allegation that would satisfy the requirement that a claim for unconscionable commercial practices demonstrate 'a capacity to mislead.'"); *Sickles*, 877 A.2d at 274 ("[D]emonstrating a capacity to mislead [is] a fundamental predicate for maintaining a claim under the CFA." (cleaned up)).[1] New Jersey attempts to rebut the "capacity to mislead" requirement by pointing to cases that rejected a requirement of "actual deceit." *See* Response at 9-10 (citing, *inter alia*, *Meshinsky v. Nichols Yacht Sales, Inc.*, 541 A.2d 1063, 1067 (N.J. 1988)). But those cases are irrelevant; they demonstrate only the truism that a practice can have the *capacity* to mislead (and thus be unlawful under the CFA) without actually deceiving identified victims. Here, New Jersey has not pleaded facts showing *either* actual deceit *or* a capacity to mislead.

New Jersey also has no response to Amazon's observation that, in case after case, "New Jersey courts consistently reject [unconscionability claims] under the CFA when, as here, consumers are charged the prices that the company advertises." Motion at 4 & n.2 (citing cases). New Jersey tries to distinguish those cases on their facts, Response at 10, but cites no case that contradicts our basic point: a pricing strategy cannot be unconscionable for CFA purposes unless the associated advertising has the capacity to mislead consumers. *See Leon v. Rite Aid Corp.*, 774 A.2d 674, 680 (N.J. Super. Ct. App. Div. 2001) (in a CFA "unconscionable commercial practices" claim, a seller's pricing strategy "only becomes relevant when juxtaposed against [the seller's] advertising"). New Jersey pleads no facts plausibly establishing that element of liability.

---

[1] New Jersey insists (at 9) the out-of-state case of *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004), "reject[ed] the necessity of proving capacity to mislead," but the court in fact did not reach the issue. *See id.* at 194.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    Finally, even if New Jersey is correct in its assertion (based only on dicta) that "exorbitant prices" without any "capacity to mislead" are enough to state an unconscionability claim, Response at 6, the SAC nowhere alleges facts to support the conclusion that prices were "exorbitant." To the contrary, the SAC faults Amazon for keeping prices *low*, *e.g.*, SAC ¶ 331, and the Nessie allegations do not dispute that the allegedly affected prices remained on par with those offered by most of its competitors, *id.* ¶ 423. Such prices were thus "within the bounds of reasonableness and concomitantly outside the ambit of the NJCFA." *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 416 (D.N.J. 2014).

**B.    New Jersey fails to state a claim of "knowing concealment."**

The CFA also prohibits the "knowing[] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression[,] or omission." N.J. Stat. § 56:8-2. New Jersey fails to state a knowing concealment claim because "to state a claim of 'knowing concealment' or 'knowing omission' under the CFA, the plaintiff must plausibly allege that the defendant had a duty to disclose the omitted fact," and "Amazon had no duty to disclose its pricing algorithms generally, let alone the variation in its algorithm that the SAC calls 'Project Nessie.'" Motion at 4-5 (citing *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 543 (N.J. Super. Ct. App. Div. 2003)).

New Jersey argues only that "the question of whether Amazon had a duty to disclose the existence of Project Nessie to consumers is a fact-specific inquiry" to be resolved at a later stage of litigation. Response at 13. But "[d]uty is a question of law" routinely resolved on a motion to dismiss. *Judge*, 815 A.2d at 542; *e.g., BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *8 (D.N.J. Oct. 24, 2024); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 307 (D.N.J. 2009). And here New Jersey completely fails to allege facts, such as a confidential relationship, that could conceivably support the conclusion that Amazon had a duty to disclose its pricing methodology. *See N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. App. Div. 1998).

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. Pennsylvania Fails to State a PUTPCPL Claim (Count XIX).

### A. Pennsylvania cannot use the PUTPCPL to bring an antitrust claim.

Pennsylvania argues that "a claim that states an unfair method of competition under the FTC Act should also state a claim under" the PUTPCPL. Response at 21. But Pennsylvania made this precise argument in connection with its original PUTPCPL claim—and this Court has twice rejected it. *See* Dkt. 308; Order at 36-37.

In this third go-round, Pennsylvania largely rehashes prior arguments that have already been shown to lack a legal basis. Pennsylvania argues that the FTC Act and the PUTPCPL "encompass th[e] same type of conduct" and are "*in pari materia*." Response at 21. But even though both statutes prohibit "unfair methods of competition and unfair or deceptive acts or practices," 73 Pa. Stat. § 201-3; 15 U.S.C. § 45(a)(1), they have different mechanisms for giving concrete meaning to those broad prohibitions. The PUTPCPL defines "unfair methods of competition" and "unfair or deceptive acts or practices" at 73 Pa. Stat. § 201-2(4). Thus, "the only manner in which [allegedly anticompetitive] activities can give rise to viable actions [under the PUTPCPL] is if they fit within one of the categories of behavior deemed" by the statue to be "'unfair methods of competition' or 'unfair or deceptive acts or practices.'" *Anadarko Petrol. Corp. v. Pennsylvania*, 206 A.3d 51, 60 (Pa. Commw. Ct. 2019) (en banc), *rev'd in part on other grounds sub nom. Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934 (Pa. 2021).

None of those categories resemble an "unfair methods of competition" under the federal FTC Act, and so "the scope of actionable antitrust behavior under the [PUTPCPL] is *narrower* than under federal antitrust law." *Anadarko*, 206 A.3d at 60 (emphasis added). Indeed, as before, the SAC seeks to wedge Pennsylvania's antitrust claims into only two of the PUTPCPL's definitions of unfair: (a) "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have," 73 Pa. Stat. § 201-2(4)(v); and (b) "Engaging in any other fraudulent or deceptive conduct which creates a

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

likelihood of confusion or of misunderstanding," *id.* § 201-2(4)(xxi). *See* SAC ¶ 574. These are each far narrower and distinct from antitrust conduct that constitutes an "unfair method[] of competition."[2]

Pennsylvania relies on *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812 (Pa. 1974), which observed that the Legislature included § 201-2(4)(xxi) as a catch-all that declares unlawful "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 329 A.2d at 826-27. Contrary to Pennsylvania's argument, *Anadarko* did not "diverge" from *Monumental Properties*. Response at 20. By its own terms, § 201-2(4)(xxi) "catch-all" applies to "fraudulent or deceptive conduct" and does not cover (allegedly) anticompetitive conduct as such. *See Hunt v. U.S. Tobacco Co.*, 2006 WL 2619806, at *2 (E.D. Pa. Sept. 11, 2006), ("[A]ntitrust violations can never state a cause of action under the UTPCPL in the absence of fraudulent, deceptive or disparaging conduct committed by a defendant."), *vacated on other grounds*, 538 F.3d 217 (3d Cir. 2008); *In re HIV Antitrust Litig.*, 2023 WL 3006572, at *3 (N.D. Cal. Apr. 18, 2023) (The PUTPCPL "lists 21 specific qualifying practices, none of which involves anticompetitive conduct."); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1171 (N.D. Cal. 2015) ("The language of the UPTCPL catchall section 'requires fraud or deception'"). *Monumental Properties* does not say otherwise.

B.  **The factual allegations cannot support Pennsylvania's "failure to disclose" theory.**

Pennsylvania alternatively tries to frame its claims in consumer-protection terms, contending that Amazon violated the PUTPCPL because it failed to "disclose" the alleged "anticompetitive conduct." Response at 15. To be sure, "the deliberate non-disclosure of a material fact" may be actionable under the PUTPCPL. *Zwiercan v. Gen. Motors Corp.*, 2002 WL 31053838,

---

[2] Pennsylvania's reliance on *Ash v. Continental Insurance Co.*, 932 A.2d 877 (Pa. 2007) fails for the reasons that Amazon has already explained: this case "stands only for the narrow proposition that conduct can violate the PUTPCPL even if it violates another consumer-protection statute." Motion at 8-9. Pennsylvania offers no response.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  at *2 (Pa. Com. Pl. Sept. 11, 2002). But, just as under New Jersey law, "in order for silence to be actionable there must be a *duty to speak*." *Id.* (emphasis added).

Neither Pennsylvania's SAC allegations nor its response to this motion identifies any plausible factual basis for concluding that Amazon had a duty to disclose its pricing methodology. In particular, Pennsylvania does not allege any type of "fiduciary or confidential relationship between parties." *Id.* Nor does Pennsylvania deny that Amazon fully disclosed the actual prices that it charged consumers for particular transactions.

Nonetheless, citing dicta in *Zwiercan*, Pennsylvania argues that "a duty to speak exists, in the context of a business transaction with an ordinary non-business consumer, when the seller has superior knowledge of a material fact that is unavailable to the consumer." Response at 15-16. But *Zwiercan* does not support the untenable notion that retailers have a duty to disclose their pricing methodologies to consumers, particularly where the prices themselves were transparent. Instead, *Zwiercan* involved disclosure obligations triggered by the sale of defective merchandise to consumers. Based on products liability law, *Zwiercan* determined "that a manufacturer has a duty to disclose a known latent defect to a purchaser when the purchaser is unsophisticated and does not have access to the same information as the manufacturer." 2002 WL 31053838, at *3. Nothing in that decision remotely suggests that ordinary retailers assume disclosure duties when selling non-defective products—as the court itself subsequently emphasized. *See also Zwiercan v. Gen. Motors Corp.*, 2003 WL 1848571, at *2 (Pa. Ct. Com. Pl. Mar. 18, 2003) (explaining holding in earlier *Zwiercan* decision was "limited to finding a duty to disclose known serious and life threatening latent defects"). Other courts in Pennsylvania applying the PUTPCPL have likewise limited the disclosure duty of a seller with "superior knowledge" to latent defects (as in *Zwiercan*). *See, e.g.*, *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 543-44 (M.D. Pa. 2021); *DeSimone v. U.S. Claims Servs., Inc.*, 2020 WL 1164794, at *5 (E.D. Pa. Mar. 11, 2020).

Pennsylvania cites no relevant authority for the notion that "[f]ailure to disclose anticompetitive conduct is actionable under the PUTPCPL." Response at 15. The cases

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Pennsylvania cites for that novel proposition hold instead that failure to disclose must be of a "fraudulent or deceptive" character and must "creat[e] a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201-2(4)(xxi). In the examples Pennsylvania cites, each of the defendants' alleged failures to disclose were bound up with *affirmative misrepresentations*, such as concealing bid rigging by lying about reasons for not bidding, that are not present here. *See, e.g., Connecticut v. Sandoz, Inc.*, 2024 WL 4753308, at *23 (D. Conn. Nov. 12, 2024); *Anadarko*, 206 A.3d at 61; Class Action Complaint at 25-26, 31-37, *Hunt v. U.S. Tobacco Co.*, No. 2:06-cv-01099 (E.D. Pa. Mar. 20, 2006), Dkt. 3-1; *see also Zwiercan*, 2002 WL 31053838, at *3 (duty might arise where "party has made a partial or ambiguous statement" with capacity to mislead); Civil Complaint at 42-43, *Commonwealth v. Chesapeake Energy Corp.*, No. 1:16-cv-01012-CCC, (M.D. Pa. July 5, 2016), Dkt. 26-3 (complaint in *Anadarko*, alleging defendants effectively failed to disclose the true royalty payment by concealing potential deductions). Plaintiff alleges no such misrepresentations here.

### C. The factual allegations cannot support Pennsylvania's claim that statements in Amazon's Price Matching Policy were deceptive.

Finally, Pennsylvania asserts that Amazon violated the PUTPCPL because Amazon's statements in its Price Matching Policy have "a tendency or a capacity to deceive." Response at 16. That assertion cannot be squared with the actual statements. SAC ¶¶ 557-59 (reproducing statements). The Price Matching Policy statements say that Amazon will "wor[k] toward maintaining competitive prices," *id.* ¶¶ 557-58, and that Amazon will "strive to maintain low and competitive prices," *id.* ¶ 559. There is nothing deceptive, false, or otherwise misleading about these statements. "Low" and "competitive" does not mean "lowest" in every instance. And prices obviously can still be "low" or "competitive" even if "one other online store" undercuts them. *Id.* ¶ 423.

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    Pennsylvania's opposition has no response to these arguments. *See* Motion at 6. Nor does Pennsylvania acknowledge the numerous decisions cited by Amazon in which, just like this case, courts held that a merchant's claims of "low" or "competitive" prices is not actionable under the PUTPCPL. *See Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 416 (E.D. Pa. 2016); *Daniyan v. Viridian Energy LLC*, 2015 WL 4031752, at *2 (D. Md. Jun. 30, 2015); *Corsale v. Sperian Energy Corp.*, 412 F. Supp. 3d 556, 563 (W.D. Pa. 2019).

Instead, Pennsylvania argues that Amazon's statements in the Price Matching Policy "cannot be determined to be puffery as a matter of law." Response at 18. This fails on two levels. First, the statements *are* "puffery as a matter of law," and courts routinely dismiss claims on that basis where, as here, the statement in question is merely a "vague and general claim of superiority." *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 342-43 (E.D. Pa. 2022) (cleaned up); *see, e.g.*, *id.* at 353 (dismissing PUTPCPL claim because seller's "vague" claim was puffery as a matter of law); *Landau*, 223 F. Supp. 3d at 416 (same); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2021 WL 3371938, at *25 (S.D.N.Y. Aug. 3, 2021) (same). Second, even if the statements were not puffery, they were *true*: Amazon's prices *were* "low" and "competitive," even if "temporarily … higher … than at least one other competitor," SAC ¶ 423, and the Complaint alleges no facts showing otherwise. *See, e.g.*, *McLean v. Big Lots Inc.*, 542 F. Supp. 3d 343, 351-52 (W.D. Pa. 2021) (dismissing claim because defendants disclosed the actual price and so "[d]efendants' conduct cannot be considered deceptive"); *see also Commonwealth v. Peoples Benefit Servs., Inc.*, 923 A.2d 1230, 1236 (Pa. Commonw. Ct. 2007) (plaintiff has burden to show statement "has the capacity or tendency to deceive").

## CONCLUSION

Counts XIV, XV, and XIX should be dismissed with prejudice.

//

//

//

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 11
(Case No. 2:23-cv-01495-JHC)

DATED this 12th day of December, 2024.

*I certify that this memorandum contains 3,929 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S REPLY IN SUPPORT OF
MOTION TO DISMISS SAC - 12
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401