THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' OPPOSITION IN PART TO AMAZON'S MOTION TO SEAL PLAINTIFFS' MOTION TO COMPEL BRIEFING AND EXHIBITS**

## INTRODUCTION

Plaintiffs respectfully oppose Amazon's requests to permanently seal portions of Plaintiffs' Motion to Compel ("Motion"), Dkt. #331; Exhibits A, B, C, H, J, and O to Plaintiffs' Motion; Defendant's Opposition to Plaintiffs' Motion ("Opposition"), Dkt. #350; the Declaration of Katherine A. Trefz ("Trefz Declaration"), Dkt. #351; and Plaintiffs' Reply, Dkt. #363, because Amazon has not satisfied its burden of demonstrating good cause pursuant to Federal

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 1
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Rule of Civil Procedure 26(c) and Local Civil Rule 5(g). For the same reasons, Plaintiffs oppose
2  Amazon's request to permanently seal Exhibit I to Plaintiffs' Motion in its entirety.

## ARGUMENT

Local Rule 5(g) recognizes the "strong presumption of public access to the court's files." *See also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this presumption in connection with a non-dispositive motion, the party seeking to seal a document must make a "particularized showing of good cause." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *see also* W.D. Wash. LCR 5(g)(3)(B). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to justify sealing. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). While Plaintiffs do not oppose some materials remaining under seal, Amazon has failed to make the necessary particularized showings of good cause, relying instead on sweeping claims to justify sealing material, much of which is not confidential.

Below is a chart describing the information that Amazon seeks to keep under seal, and Plaintiffs' corresponding position. The first four columns below are identical to the chart included in Amazon's motion to seal.

| Document (Dkt. #) | Pincite if relevant | Description of Confidential Material Sought to be Sealed | Amazon's Requested Treatment | Plaintiffs' Position |
|---|---|---|---|---|
| Plaintiffs' Motion (Dkt. 331) | Pgs. 3-5, 10-11, 13-14 | Information regarding internal Amazon databases related to personnel files, the identity and evaluation of specific Amazon employees, and foreign investigation into and regulation of Amazon | Amazon requests continued redaction of the confidential information on Pgs. 3-5, 10-11, and 13-14. | Plaintiffs oppose redactions, with the exception of references to Exhibit N on pages 13–14. |

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 2
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Document (Dkt. #) | Pincite if relevant | Description of Confidential Material Sought to be Sealed | Amazon's Requested Treatment | Plaintiffs' Position |
|---|---|---|---|---|
| Exhibit A to the Motion (Dkt. 332-01) | Pgs. 2-3 | Information regarding the identity and organization of Amazon's business units | This document was provisionally sealed in its entirety. Amazon requests that a redacted version be filed redacting the information about business units and organization on Pgs. 2-3. | Plaintiffs oppose redactions. |
| Exhibit B to the Motion (Dkt. 332-02) | Pgs. 3-4 | Information identifying specific internal Amazon emails, databases, and tools, as well as contemplated business changes | Amazon requests continued redaction of the confidential information on Pg. 3 and 4. | Plaintiffs oppose redactions, except to Amazon email aliases on page 3 and a proposed fee on page 4. |
| Exhibit C to the Motion (Dkt. 332-03) | Pgs. 2-3 | Information regarding the identity and organization of Amazon's business units, including personal employee information and confidential investigation information | Amazon requests continued redaction of the confidential information on Pg. 2 and 3. | Plaintiffs oppose redactions. |
| Exhibit D to the Motion (Dkt. 332-04) | | Information regarding Amazon's internal data organization | Amazon requests that this document remain under seal, without filing a public version. | Plaintiffs do not oppose sealing the exhibit but believe that the excerpts cited in the Motion should not be sealed. |
| Exhibit E, F, G to the Motion (Dkt. 332-05, 06, 07) | | Personnel review files and evaluations of Amazon employees | Amazon requests that these documents remain under seal, without filing public versions. | Plaintiffs do not oppose sealing the exhibits but believe that the excerpts cited in the Motion should not be sealed. |

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 3
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Document (Dkt. #) | Pincite if relevant | Description of Confidential Material Sought to be Sealed | Amazon's Requested Treatment | Plaintiffs' Position |
|---|---|---|---|---|
| Exhibit H to the Motion (Dkt. 332-08) | Pgs. 1-2 | Information regarding the identity and data of Amazon employees | Amazon requests continued redactions of the confidential information on Pg. 1 and 2. | Plaintiffs oppose redactions. |
| Exhibit I to the Motion (Dkt. 332-9) | | Information regarding foreign investigation into and regulation of Amazon | Amazon requests that this document remain under seal, without filing a public version. | Plaintiffs oppose sealing. |
| Exhibit J to the Motion (Dkt. 332-10) | Pg. 3 | Information regarding foreign investigation into and regulation of Amazon | Amazon requests continued redactions of the confidential information on Pg. 3. | Plaintiffs oppose redactions. |
| Exhibit L to the Motion (Dkt. 332-12) | | Information regarding Amazon's pricing and search algorithms | Amazon requests that this document remain under seal, without filing a public version. | Plaintiffs do not oppose sealing the exhibit but believe that the excerpts cited in the Motion should not be sealed. |
| Exhibit M to the Motion (Dkt. 332-13) | | Information regarding Amazon's business goals and strategies on international seller services | Amazon requests that this document remain under seal, without filing a public version. | Plaintiffs do not oppose sealing the exhibit but believe that the excerpts cited in the Motion should not be sealed. |
| Exhibit N to the Motion (Dkt. 332-14) | | Information regarding foreign investigation into Amazon | Amazon requests that this document remain under seal, without filing a public version. | Plaintiffs do not oppose sealing. |

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 4
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Document (Dkt. #) | Pincite if relevant | Description of Confidential Material Sought to be Sealed | Amazon's Requested Treatment | Plaintiffs' Position |
|---|---|---|---|---|
| Exhibit O to Motion (Dkt. 332-15) | ¶1, ¶3, ¶4, ¶6, ¶7, ¶14, ¶15, ¶16 | Information regarding the identity and organization of Amazon's business units, including the identity and personal information of specific employees | Amazon requests continued redactions of the confidential information in ¶1, ¶3, ¶4, ¶6, ¶7, ¶14, ¶15, and ¶16 of this email | Plaintiffs oppose redactions. |
| Amazon's Opposition (Dkt. 347) | Pgs. 3, 6, 13 | Information regarding the identity and data of Amazon employees, as well as details of the parties' discovery negotiations | Amazon requests continued redaction of lines 2-4 of Pg. 3, lines 10-12 of Pg. 6 and lines 24-25 of Pg. 12. | Plaintiffs oppose redactions. Plaintiffs believe the pincite to page 13 should be to page 12. |
| K. Trefz Decl. (Dkt. 351) | ¶3, ¶5, ¶6, ¶7, ¶8 | Information regarding the identity and data of Amazon employees, as well as confidential details of the parties' discovery negotiations | Amazon requests continued redaction of the sections from ¶3, ¶5, ¶6, ¶7, and ¶8. | Plaintiffs oppose redactions. |
| Plaintiffs' Reply (Dkt. 361) | Pgs. 2-3 | Information regarding Amazon's evaluation of its own employees and its guidelines on promotion | Amazon requests continued redaction of lines 19-21 of Pg. 2, and lines 1-4 and 6-13 of Pg. 3. | Plaintiffs oppose redactions. |
| Exhibit A to the Reply (Dkt. 362-01) | | Information regarding Amazon's evaluation of its own employees and its guidelines on promotion | Amazon requests that this document remain under seal, without filing public versions. | Plaintiffs do not oppose sealing the exhibit but believe that the excerpts cited in the Reply should not be sealed. |

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 5
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## I.  THE NAMES OF AMAZON EMPLOYEES ARE NOT CONFIDENTIAL.

Amazon argues that parts of Exhibits C, H, and O; the Trefz Declaration; and portions of Plaintiffs' Motion and Amazon's Opposition should be redacted because they contain "identifying information and evaluation about specific employees, which is highly personal and considered confidential within Amazon." Def.'s Mot. to Seal, Dkt. #376 at 6–7 (citing Roach Decl. ¶ 9, Dkt. #377). Amazon claims that redactions are necessary because disclosure of this information "will identify specific employees and may cause unnecessary embarrassment, and the information could be used to target or harass Amazon's systems or employees." Roach Decl. ¶ 9.

The documents at issue identify some Amazon employees and former employees as custodians, reflect custodian negotiations regarding other employees and former employees, and contain document metrics for some custodians. That information is not confidential. Notably, in prior filings, Amazon agreed that comparable information should not be sealed. *See* Def.'s Response to Pls.' Mot. to Seal, Dkt. #221 at 3 (stating that Amazon agreed to remove confidentiality designations from "the names and circumstances of investigation custodians who used Signal"); Pls.' Mot. to Compel Docs. Relating to Spoliation, Ex. D, Dkt. #202-4 (public exhibit listing certain Amazon employees who received a document preservation notice during Plaintiffs' pre-Complaint investigation, and identifying which employees were investigation custodians). The identities of agreed custodians and disputed custodians have also been publicly disclosed in the *California* litigation. Baker Decl. Ex. 1,[1] Joint Case Management Statement, *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct. Oct. 23, 2023), at 12–13, 15. Amazon has failed to explain why the identification of specific

---

[1] Citations to "Ex.__" refer to exhibits attached to the Declaration of Michael Baker (Dkt. #388).

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 6
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

employees warrants sealing materials in connection with Plaintiffs' Motion but did not warrant sealing in prior filings in this and other cases. *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (finding no good cause to seal "Samsung's identification of custodians and search terms"). Moreover, Amazon has not offered any reason to believe that identifying Amazon employees involved in this case would "cause unnecessary embarrassment" or would likely "be used to target or harass Amazon's . . . employees." Roach Decl. ¶ 9.

## II.     THE NUMBER OF AGREED-UPON CUSTODIANS IS NOT CONFIDENTIAL.

Amazon is seeking to redact references in its Opposition and in the Trefz Declaration to the number of custodians that fall within certain categories (e.g., fulfillment) and estimates of the number of documents produced for certain custodians. Amazon argues that the information would reveal the details of the parties' discovery negotiations. Def.'s Mot. to Seal at 3, 7. The Roach Declaration does not address these redactions.

Amazon tellingly has not offered any showing that the public disclosure of this information would prejudice Amazon. Nor could it. In its Opposition, the same filing that it now seeks to redact, Amazon has publicly disclosed that the parties have agreed to 128 custodians, Opp. at 3, and has publicly represented that it has "produced tens of thousands of business documents" for certain custodians, *id.* at 6. Amazon has not made any attempt to show that it will be harmed by the public disclosure of slightly more granular information, and thus has not shown good cause to maintain that information under seal. *See Apple*, 2013 WL 412864, at *2 (finding no good cause to seal various letters regarding custodian disputes).

## III.    AGREED-UPON SEARCH TERMS ARE NOT CONFIDENTIAL.

Amazon is seeking to redact four agreed-upon search terms from Amazon's Opposition and the Trefz Declaration. Amazon argues that the information would reveal the details of the

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 7
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  parties' discovery negotiations. Def.'s Mot. to Seal at 7. However, Amazon has previously
2  publicly referred to other search terms under negotiation, and none of the search terms at issue
3  contain information unique to Amazon. As a result, there is no reason why these agreed-upon
4  terms should be sealed. *See* August 28, 2024 Joint Status Report, Dkt. #273 at 33 (Amazon
5  referencing proposed search terms); *see also Apple*, 2013 WL 412864, at *2 ("[N]umerous
6  search terms are generic and Samsung has not shown how they would be detrimental if
7  revealed.").

### IV. THE NAMES AND ORGANIZATION OF AMAZON'S BUSINESS UNITS ARE NOT CONFIDENTIAL.

Exhibits A, C, and O identify certain Amazon business units. The portion of Exhibit A to the Motion that Amazon seeks to redact is a list of business units Plaintiffs identified as relevant to this case in Plaintiffs' Request for Production ("RFP") No. 32. *See* Dkt. #378 at 3–4 (Amazon's proposed redaction of Exhibit A). Exhibits C and O reflect discovery negotiations discussing certain business units. Amazon argues that this information should be redacted to "protect personally identifying information about non-party employees, as well as Amazon's internal data sources, and organization." Roach Decl. ¶ 9. Amazon contends that the disclosure of this information "could cause Amazon competitive harm because it could give competitors an understanding of how Amazon structures its business" or "could be used to target or harass Amazon's systems or employees." *Id.* ¶¶ 4, 9.

Plaintiffs oppose Amazon's proposed redactions. The names of Amazon's business units are public information available on Amazon's own website.[2] Amazon cannot publicly describe

---

[2] *See, e.g.,* Exhibit 2, *Retail Pricing Systems*, Amazon, https://www.amazon.jobs/en/teams/retail-pricing-systems (last visited Dec. 23, 2024); Exhibit 3, *Amazon Ads*, Amazon, https://www.amazon.jobs/content/en/teams/advertising (last visited Dec. 23, 2024); Exhibit 4

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 8
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

these teams, including to prospective job applicants, and then seek to keep this information under seal on the grounds that it could cause Amazon competitive harm. *See Robbins Co. v. JCM Northlink LLC*, 2016 U.S. Dist. LEXIS 105137, at *3 (W.D. Wash. Aug. 9, 2016) (quoting *Hodges v. Apple, Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use th[e] information to obtain an unfair advantage is insufficient."). Plaintiffs also oppose Amazon's proposed redactions to Exhibits C and O, which simply describe employees' roles within certain business units. This information is not confidential, and some of the information is included in current employees' publicly available LinkedIn pages. *See, e.g.*, Exhibit 5, Chris Nosko, LinkedIn, https://www.linkedin.com/in/cnosko/.

Amazon's citation to *In re Qualcomm Litigation*, 2018 WL 3831288, at *1 (S.D. Cal. Aug. 13, 2018), is inapposite. The court in that case found good cause to seal documents discussing "Qualcomm's internal evaluation of its business model and internal organization," *id.* at *1, while the exhibits at issue here are brief, high-level descriptions of the organization of certain business units that Amazon provided to Plaintiffs in discovery correspondence. Amazon has not demonstrated good cause for sealing.

### V. THE NAMES AND DESCRIPTIONS OF AMAZON'S INTERNAL REPOSITORIES ARE NOT CONFIDENTIAL.

Amazon is seeking to permanently maintain redactions to Exhibits B and O, seal Exhibit D in its entirety, and redact portions of Plaintiffs' Motion discussing and quoting these documents. These materials contain the names and descriptions of certain Amazon centralized

---

*Business Analyst, Amazon Selection Monitoring*, Amazon, https://www.amazon.jobs/en/jobs/2720700/business-analyst-amazon-selection-monitoring (last visited Dec. 23, 2024).

PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION TO SEAL - 9
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  repositories. Amazon is seeking to seal these materials on the grounds that they contain
2  information about Amazon's employees, data sources, and organization and that redactions
3  would prevent the "target[ing] or harass[ment] [of] Amazon's systems or employees." Roach
4  Decl. ¶¶ 5, 9. While Plaintiffs do not oppose Amazon's request to seal Exhibit D, Amazon has
5  failed to show good cause to permanently maintain the redactions to Exhibits B and O or the
6  corresponding redactions in Plaintiffs' Motion.

7        The existence of one of the centralized repositories in question is not confidential: it was
8  discussed in the parties' August 28, 2024 Joint Status Report, which is public. Dkt. #273 at 22
9  ("Amazon has confirmed that a central repository exists for these documents."). The parties have
10 also previously described other internal Amazon databases in public court filings. *See, e.g.*, *id.* at
11 19 ("Amazon's 'Kingpin' database . . . contain[s] information about Senior Leadership Team
12 business goals."). Amazon has not offered any explanation why disclosing the names and
13 descriptions of internal repositories would allow malicious actors to target or harass Amazon's
14 systems, much less offered a "particularized showing of good cause." *San Jose Mercury News*,
15 187 F.3d at 1103.

16
17 **VI.    THE EXCERPTS OF PERSONNEL REVIEWS CITED IN THE MOTION ARE
        NOT CONFIDENTIAL.**

18        Amazon is seeking to permanently seal three personnel review files and evaluations of
19 Amazon employees (Exhibits E, F, and G), and to redact portions of Plaintiffs' Motion
20 discussing and quoting those documents. Plaintiffs do not oppose Amazon's request to seal the
21 underlying exhibits but oppose Amazon's proposed redactions to Plaintiffs' Motion. While
22 Amazon argues these exhibits are confidential because they contain "personal information
23 regarding several Amazon employees," Def.'s Mot. to Seal at 6, including "particulars of their
24

1  performance reviews," Roach Decl. ¶ 6, Amazon fails to show why any of the excerpts cited in

2  Plaintiffs' Motion are confidential and warrant sealing.

3        The references to Exhibit E in Plaintiffs' Motion include the name of an employee and

4  their current and future job title, neither of which is confidential information. Amazon also

5  requests redactions to a quotation from the document, even though the same quotation already

6  appears unredacted, in full, in a prior Joint Status Report. *Compare* Mot. 5:1–3, *with* Dkt. #273 at

7  22 n.9. The references to Exhibits F and G similarly describe an employee, their job title, some

8  of their responsibilities, and challenges associated with their teams—none of which is

9  particularly sensitive information nor embarrassing to the employee. To the contrary, these

10 excerpts are laudatory of the employee. Amazon has not shown good cause to permanently

11 maintain any redactions to Plaintiffs' Motion.

12 **VII.  EXCERPTS OF AMAZON'S INTERNAL GUIDE TO EMPLOYEE
       EVALUATIONS AND PROMOTIONS CITED IN PLAINTIFFS' REPLY ARE
13     NOT COMPETITIVELY SENSITIVE.**

14       Amazon is seeking to permanently seal Exhibit A to Plaintiffs' Reply, an internal guide

15 to employee evaluations and promotions, and to redact portions of Plaintiffs' Reply discussing

16 and quoting from this document. Plaintiffs do not oppose Amazon's motion to seal the

17 underlying exhibit but oppose Amazon's proposed redactions to Plaintiffs' Reply. Amazon

18 argues that Exhibit A to Plaintiffs' Reply is competitively sensitive because disclosure "would

19 provide Amazon's competitors considerable insight into what Amazon values in employees and

20 its employment considerations and would cause Amazon competitive harm." Def.'s Mot. to Seal

21 at 6 (citing Roach Decl. ¶ 7). However, Amazon has not justified sealing any portions of

22 Plaintiffs' Reply. The portions of Exhibit A quoted and discussed in Plaintiffs' Reply do not

23 address the values that Amazon is looking for in its employees. Rather, the quoted material has

24 to do with the type of information to include in promotion documents and the ways in which to

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 11
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

frame the information. Amazon has not claimed that information is competitively sensitive or otherwise shown good cause for sealing.

## VIII. REFERENCES TO PUBLIC FOREIGN AND STATE INVESTIGATIONS ARE NOT CONFIDENTIAL.

Amazon is seeking to redact portions of Exhibits C and J and to permanently seal Exhibit I based on their references to certain state and foreign investigations.[3] Amazon argues that Exhibits C and J "reveal confidential information about state and foreign government investigations and communications with Amazon," Def.'s Mot. to Seal at 6, the disclosure of which "risks imperiling foreign comity and subjecting Amazon to reputational harm, as well as jeopardizing both current and future investigations into Amazon." Roach Decl. ¶ 10. Amazon is also seeking to permanently seal Exhibit I but does not provide any arguments in support of that request.

Plaintiffs oppose Amazon's proposed redactions in Exhibit C that simply reflect that Amazon has submitted a FOIA request to a particular jurisdiction. Public records requests are not confidential, and the fact that Amazon has made a request does not reveal any confidential information about any government investigations. Amazon's claim that publicly disclosing that it made a public records request would "jeopardiz[e] both current and future investigations into Amazon" is particularly unavailing given the context and does not establish good cause for Amazon's proposed redaction.

Plaintiffs also oppose Amazon's proposed redactions to Exhibit J, a discovery letter written by Plaintiffs referencing various foreign and state investigations into Amazon's conduct.

---

[3] Amazon has also moved to seal Exhibit N on similar grounds. As noted above, Plaintiffs do not oppose Amazon's request as to Exhibit N.

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 12
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

All of these investigations have been publicly disclosed, and Plaintiffs' letter does not contain any confidential information about these investigations.[4]

Exhibit I is an excerpt of Defendant's Objections and Responses to Plaintiffs' RFP Nos. 376, 377, and 387, which Amazon seeks to keep entirely sealed. Amazon's only statement in support of this request is a short statement in its summary chart that the exhibit contains "[i]nformation regarding foreign investigations into and regulation of Amazon." Def.'s Mot. to Seal at 3. Amazon does not make any other argument in favor of permanently sealing Exhibit I outside of this single sentence, including in the Roach Declaration. Nor could it. Exhibit I largely consists of Amazon's objections to Plaintiffs' document requests, and does not contain any substantive information, nonpublic or otherwise, about any specific investigations into Amazon. Amazon has also failed to demonstrate what information it seeks to keep sealed in Exhibit I that has not already been publicly disclosed in Exhibit K. Dkt. #332-11.

---

[4] *See, e.g.*, (1) European Commission Press Release IP/22/7777, Antitrust: Commission accepts commitments by Amazon barring it from using marketplace seller data, and ensuring equal access to Buy Box and Prime (Dec. 19, 2022); (2) U.K. Competition & Markets Auth., *Investigation into Amazon's Marketplace*, U.K. Gov. (July 6, 2022), https://www.gov.uk/cma-cases/investigation-into-amazons-marketplace; (3) Fed. Rep. of Germany, Bundeskartellamt, *Extension of Ongoing Proceedings Against Amazon to also Include an Examination Pursuant to Section 19a of the German Competition Act (GWB)* (Nov. 14, 2022), https://www.bundeskartellamt.de/SharedDocs/Meldung/EN/Pressemitteilungen/2022/14_11_2022_Amazon_19a.html; (4) Japan Fair Trade Commission, *Approval of the Commitment Plan Submitted by Amazon G.K.* (Sept. 10, 2020), https://www.jftc.go.jp/en/pressreleases/yearly-2020/September/200910.html; (5) *Japan Competition Authorities Raid Amazon Japan, Source Says*, Reuters (Nov. 26, 2024, 5:03 AM), https://www.reuters.com/technology/japan-authorities-raid-amazon-japan-possible-anti-competitive-practices-nikkei-2024-11-26/; (6) *Mexican Regulators Recommend that Amazon Wall off Prime TV, Reveals its Algorithms and Open Delivery*, Associated Press (Feb. 16, 2024), https://apnews.com/article/mexico-antitrust-amazon-online-competition-mercado-libre-768cb71d8ca960ccdda00f6a5dc156fc; (7) Government of Canada, *Competition Bureau Continues its Investigations into Amazon's Marketing Practices* (June 12, 2024), https://www.canada.ca/en/competition-bureau/news/2024/06/competition-bureau-continues-its-investigation-into-amazons-marketing-practices.html; (8) Italian Competition Authority, *A528 – Italian Competition Authority: Amazon Fined Over € 1,128 Billion for Abusing its Dominant Position* (Dec. 9, 2021), https://en.agcm.it/en/media/press-releases/2021/12/A528; (9) Wash. State Off. of the Att'y Gen., *AG Ferguson Investigation Shuts Down Amazon Price-Fixing Program Nationwide* (Jan. 26, 2022), https://www.atg.wa.gov/news/news-releases/ag-ferguson-investigation-shuts-down-amazon-price-fixing-program-nationwide.

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 13
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

### IX. EXCERPTS OF EXHIBITS RELATING TO FOREIGN COMPETITION PROCEEDINGS ARE NOT CONFIDENTIAL.

Amazon is seeking to permanently seal Exhibits L and M, which are Amazon business documents discussing foreign competition proceedings, and to redact portions of Plaintiffs' Motion discussing and quoting from those documents. Plaintiffs do not oppose Amazon's motion to seal the underlying exhibits but oppose Amazon's proposed redactions to Plaintiffs' Motion. Amazon argues that Exhibits L and M "contain confidential business, strategic, and litigation-related documents that would cause competitive harm to Amazon if released." Def.'s Mot. to Seal at 5 (citing Roach Decl. ¶¶ 5, 7). However, Amazon has not justified why the portions of those documents discussed in Plaintiffs' Motion must be kept under seal. The information cited in Plaintiffs' Motion concerns Amazon potentially making changes to its conduct due to foreign competition proceedings but does not disclose any specifics of those potential changes. Further, one of Amazon's proposed redactions relates to publicly disclosed changes Amazon made in response to the European Commission's investigation into Amazon's anticompetitive conduct. Mot. 10:21–11:1. The source of that information, as cited in Plaintiffs' Motion, is a public statement from the European Commission, not Exhibits L or M. *See* Mot. 10–11 (citing European Commission, *CASE AT.40462 – Amazon Marketplace and AT.40703 – Amazon Buy Box* 43–45 (2022), https://ec.europa.eu/competition/antitrust/cases1/202310/AT_40703_8990760_1533_5.pdf).

### CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny Amazon's requests to permanently seal portions of Plaintiffs' Motion; Exhibits A, B, C, H, J, and O to Plaintiffs' Motion; Defendant's Opposition; the Declaration of Katherine A. Trefz; and Plaintiffs' Reply, because Amazon has not satisfied its burden of demonstrating good cause

PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION TO SEAL - 14
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5(g). For the same reasons, Plaintiffs respectfully request that the Court deny Amazon's request to permanently seal Exhibit I to Plaintiffs' Motion in its entirety and enter the attached Proposed Order.

Dated: December 23, 2024

*I certify that this brief contains 3,825 words, in compliance with LCR 7(e)(4).*

Respectfully submitted,

*s/ Michael Baker*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
MICHAEL BAKER (DC Bar # 1044327)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2122 (Musser)
        (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
        etakashima@ftc.gov
        mbaker1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 15
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| *s/ Michael Jo*<br>Michael Jo (admitted *pro hac vice*)<br>Assistant Attorney General, Antitrust Bureau<br>New York State Office of the Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>Telephone: (212) 416-6537<br>Email: Michael.Jo@ag.ny.gov<br>*Counsel for Plaintiff State of New York* | *s/ Timothy D. Smith*<br>Timothy D. Smith, WSBA No. 44583<br>Senior Assistant Attorney General<br>Antitrust and False Claims Unit<br>Oregon Department of Justice<br>100 SW Market St<br>Portland, OR 97201<br>Telephone: (503) 934-4400<br>Email: tim.smith@doj.state.or.us<br>*Counsel for Plaintiff State of Oregon* |
| *s/ Rahul A. Darwar*<br>Rahul A. Darwar (admitted *pro hac vice*)<br>Assistant Attorney General<br>Office of the Attorney General of Connecticut<br>165 Capitol Avenue<br>Hartford, CT 06016<br>Telephone: (860) 808-5030<br>Email: Rahul.Darwar@ct.gov<br>*Counsel for Plaintiff State of Connecticut* | *s/ Jennifer A. Thomson*<br>Jennifer A. Thomson (admitted *pro hac vice*)<br>Senior Deputy Attorney General<br>Pennsylvania Office of Attorney General<br>Strawberry Square, 14th Floor<br>Harrisburg, PA 17120<br>Telephone: (717) 787-4530<br>Email: jthomson@attorneygeneral.gov<br>*Counsel for Plaintiff Commonwealth of Pennsylvania* |
| *s/ Alexandra C. Sosnowski*<br>Alexandra C. Sosnowski (admitted *pro hac vice*)<br>Assistant Attorney General<br>Consumer Protection and Antitrust Bureau<br>New Hampshire Department of Justice<br>Office of the Attorney General<br>One Granite Place South<br>Concord, NH 03301<br>Telephone: (603) 271-2678<br>Email: Alexandra.c.sosnowski@doj.nh.gov<br>*Counsel for Plaintiff State of New Hampshire* | *s/ Michael A. Undorf*<br>Michael A. Undorf (admitted *pro hac vice*)<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French St., 5th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 683-8816<br>Email: michael.undorf@delaware.gov<br>*Counsel for Plaintiff State of Delaware* |
| *s/ Robert J. Carlson*<br>Robert J. Carlson (admitted *pro hac vice*)<br>Assistant Attorney General<br>Consumer Protection Unit<br>Office of the Oklahoma Attorney General<br>15 West 6th Street, Suite 1000<br>Tulsa, OK 74119<br>Telephone: (918) 581-2885<br>Email: robert.carlson@oag.ok.gov<br>*Counsel for Plaintiff State of Oklahoma* | *s/ Christina M. Moylan*<br>Christina M. Moylan (admitted *pro hac vice*)<br>Assistant Attorney General<br>Chief, Consumer Protection Division<br>Office of the Maine Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>Telephone: (207) 626-8800<br>Email: christina.moylan@maine.gov<br>*Counsel for Plaintiff State of Maine* |

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 16
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | | |
|---|---|---|
| 1 | _s/ Schonette Walker_ | _s/ Lucas J. Tucker_ |
| | Schonette Walker (admitted _pro hac vice_) | Lucas J. Tucker (admitted _pro hac vice_) |
| 2 | Assistant Attorney General | Senior Deputy Attorney General |
| | Chief, Antitrust Division | Office of the Nevada Attorney General |
| 3 | Office of the Maryland Attorney General | 100 N. Carson St. |
| | 200 St. Paul Place | Carson City, NV 89701 |
| 4 | Baltimore, MD 21202 | Telephone: (775) 684-1100 |
| | Telephone: (410) 576-6473 | Email: LTucker@ag.nv.gov |
| 5 | Email: swalker@oag.state.md.us | _Counsel for Plaintiff State of Nevada_ |
| | _Counsel for Plaintiff State of Maryland_ | |
| 6 | | _s/ Andrew Esoldi_ |
| | _s/ Katherine W. Krems_ | Andrew Esoldi (admitted _pro hac vice_) |
| 7 | Katherine W. Krems (admitted _pro hac vice_) | Deputy Attorney General |
| | Assistant Attorney General, Antitrust Division | New Jersey Office of the Attorney General |
| 8 | Office of the Massachusetts Attorney General | 124 Halsey Street, 5th Floor |
| | One Ashburton Place, 18th Floor | Newark, NJ 07101 |
| 9 | Boston, MA 02108 | Telephone: (973) 648-7819 |
| | Telephone: (617) 963-2189 | Email: andrew.esoldi@law.njoag.gov |
| 10 | Email: katherine.krems@mass.gov | _Counsel for Plaintiff State of New Jersey_ |
| | _Counsel for Plaintiff Commonwealth of_ | |
| 11 | _Massachusetts_ | _s/ Jeffrey Herrera_ |
| | | Jeffrey Herrera (admitted _pro hac vice_) |
| 12 | _s/ Scott A. Mertens_ | Assistant Attorney General |
| | Scott A. Mertens (admitted _pro hac vice_) | New Mexico Office of the Attorney General |
| 13 | Assistant Attorney General | 408 Galisteo St. |
| | Michigan Department of Attorney General | Santa Fe, NM 87501 |
| 14 | 525 West Ottawa Street | Telephone: (505) 490-4878 |
| | Lansing, MI 48933 | Email: jherrera@nmag.gov |
| 15 | Telephone: (517) 335-7622 | _Counsel for Plaintiff State of New Mexico_ |
| | Email: MertensS@michigan.gov | |
| 16 | _Counsel for Plaintiff State of Michigan_ | _s/ Zulma Carrasquillo Almena_ |
| | | Zulma Carrasquillo Almena (admitted _pro hac_ |
| 17 | _s/ Zach Biesanz_ | _vice_) |
| | Zach Biesanz (admitted _pro hac vice_) | Puerto Rico Department of Justice |
| 18 | Senior Enforcement Counsel | P.O. Box 9020192 |
| | Office of the Minnesota Attorney General | San Juan, Puerto Rico 00902-0192 |
| 19 | 445 Minnesota Street, Suite 1400 | Telephone: (787) 721-2900, Ext. 1211 |
| | Saint Paul, MN 55101 | Email: zcarrasquillo@justicia.pr.gov |
| 20 | Telephone: (651) 757-1257 | _Counsel for Plaintiff Commonwealth of Puerto_ |
| | Email: zach.biesanz@ag.state.mn.us | _Rico_ |
| 21 | _Counsel for Plaintiff State of Minnesota_ | |

PLAINTIFFS' OPPOSITION TO  
AMAZON'S MOTION TO SEAL - 17  
No. 2:23-cv-01495  

FEDERAL TRADE COMMISSION  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

*s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L.J. Aceves*
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: maddencm@doj.state.wi.us
*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO SEAL - 18
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222