THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S REPLY IN SUPPORT OF AMAZON'S MOTION TO SEAL PLAINTIFFS' MOTION TO COMPEL BRIEFING AND EXHIBITS**

Amazon seeks to seal narrowly-tailored categories of confidential information, including, where possible, through limited redaction. Plaintiffs agree that much of what Amazon seeks to seal is appropriate for sealing. The remaining items in dispute—the organization of specific business units, information about non-party employees, insights into Amazon's data practices, and information regarding the internal business decisions made as a result of foreign investigations—are no different. As Amazon explained in its Motion, disclosure of this information would competitively harm Amazon, invite misuse by malicious actors, and could expose Amazon's former and current employees to embarrassment or annoyance. Fed. R. Civ. P. 26(c).

There is therefore ample "good cause" to seal the remaining material at issue—the standard the parties agree applies to Amazon's requests regarding Plaintiffs' non-dispositive

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

Motion to Compel. "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). This is plainly the case with Plaintiffs' Motion: The Motion itself did not address any substantive issue in the case. Rather, documents filed in support of it were aimed at showing the history of the parties' discovery negotiations or justifying Plaintiffs' requests for additional materials as not covered by the parties' agreements. The Court should seal and redact the limited information Amazon seeks to keep confidential.

## I.  Updated Positions on Documents Subject to this Motion.

In the interest of narrowing the items in dispute, Amazon has reviewed the materials subject to its motion in light of Plaintiffs' Opposition (including information first provided there, *see* Pltfs.' Opp'n, Dkt. 387 at 12-13 & n.4). Amazon has attempted to further narrow its sealing requests where it is able to do so without compromising sensitive business information and employees' private information. In particular:

- Amazon withdraws its requests to seal: Ex. A (Dkt. 332-01), Ex. I (Dkt. 332-9), and Ex. J to the Motion (Dkt. 332-10); Amazon's Opposition (Dkt. 347); and the Declaration of Katherine Trefz (Dkt. 351);

- Amazon narrows its requested redactions for other documents: for the Motion (Dkt. 331), removing the redaction at pages 10:21-11:1; for Ex. B (Dkt. 332-02), narrowing the redactions on the top of page 3 to include only the words between "identified" and the end of the parenthetical (but keeping the agreed redactions on the bottom of page 3 and page 4); for Ex. C (Dkt. 332-03), removing the redaction on the last page.

An updated chart that identifies Amazon's understanding of the items ripe for decision is attached to this pleading as its Appendix. Amazon includes with its revised Proposed Order updated versions of Dkts. 331, 332-02, and 332-03 to reflect the above-noted narrowing.

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

## II. Plaintiffs Agree Certain Exhibits Can Be Sealed.

Plaintiffs do not oppose Amazon's requests to seal Exhibits D, E, F, G, L, M, or N to Plaintiffs' Motion, Exhibit A to Plaintiffs' Reply, or discussion of Exhibit N on pages 13-14 of Plaintiffs' Motion. Accordingly, and considering the good cause for sealing these documents, *see* Dkt. 376 at 5-6, the Court should order these documents sealed.

## III. There Is Good Cause to Redact Other Portions of the Briefing and Selected Exhibits to Plaintiffs' Motion.

As to the remaining items at issue—Exhibits B, C, H, and O to the Motion, and quotations in Plaintiffs' Motion of excerpts from Exhibits B, D, E, F, G, L, and M—Amazon requests that certain information continue to be redacted. As Amazon previously explained, these documents represent confidential or sensitive information that could harm Amazon's business or its employees.

### A. Granular information about Amazon's employees and how Amazon structures its business units is confidential.

Plaintiffs first take issue with Amazon's request to seal mentions of specific Amazon employees and business units, including in Exhibits C, H, & O. Plaintiffs claim that this information is simply "not confidential" because—according to Plaintiffs—Amazon discloses this information publicly. Dkt. 387 at 6, 9. This is incorrect.

First, to the extent Plaintiffs argue that the information Amazon seeks to seal is already public, such a claim is belied by Plaintiffs' own actions. Plaintiffs appear to now argue that *all* of the information contained in Exhibit C was publicly disclosed because one relevant employee's title is publicly available on LinkedIn. But the portions of Exhibits C, H, and O that Amazon seeks to redact all reflect information Plaintiffs demanded Amazon provide *because* they were not able to find it on their own, either publicly or in the trove of Amazon confidential information they already had. Trefz Decl. ¶¶ 3-5. And with respect to Plaintiffs' arguments about Amazon's sealing positions for *different* information in connection with a *different* non-

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

dispositive motion, *see* Dkt. 387 at 6, the fact that Amazon was willing to forgo sealing with respect to information filed in a different context does not constitute an agreement that Amazon views all arguably similar information as non-confidential.

Second, Amazon does not seek to redact merely the names of employees or business units; rather, each of Exhibits C, H, and O reflect granular information about the identified employees, business structures, and/or internal methods for handling data. Courts often order redaction of the identification of third-party employees—particularly when that identification is coupled with substantive information. *See, e.g.*, *Stepien v. Raimondo*, 2024 WL 4043589, at *25-26 (W.D. Wash. Sept. 4, 2024) (continuing redaction of third-party employee's name in connection with dispositive motion); *Gnassi v. Toro*, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) (allowing redaction of third-party employees' names). And as Amazon noted in its opening brief, detailed confidential information about internal business organization is regularly sealed. *See* Dkt. 376 at 5, 7.

The information reflected in the requested redactions in Exhibits C, H, and O is competitively sensitive, and revealing it presents a risk that competitors and malicious actors will use it to Amazon's detriment. 2d Roach Decl. ¶¶ 3-4. For example, Exhibit C explains the internal structure (including which unit reports to which) and reorganization of several different business units. It explains which specific employees would have had exposure to specific substantive economic studies Amazon undertook, and when those individuals would have done so. Exhibit O also provides granular detail about the reporting and organization structure of specific business units, including which specific employees led them and when. And both Exhibit H and Exhibit O indicate how Amazon has maintained the data for a given employee. This information may encourage attempts to reverse-engineer Amazon's process for data retention, a confidential policy that, if broadly disclosed, could provide nefarious actors insight into what they might expect to find in Amazon's systems for any given employee. It is unclear why the public needs access to the particular names of employees referenced in these exhibits;

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  Plaintiffs' substantive point (that Amazon had limited data for some former employees) was
2  made by referencing the associated data volume, which Amazon has not sought to redact.

   **B.    How Amazon structures and maintains its internal data is confidential.**

   Plaintiffs also argue that the Court should not seal mention of specific tools and databases internal to Amazon for managing and accessing certain categories of data, including in Exhibits B, O, and in Plaintiffs' Motion describing Exhibits B and D.  This is exactly the type of information that courts typically seal.  It is almost uncontestable that disclosure of information about Amazon's internal data sources—including its repository of *all of its employee evaluations*—will make those sources a greater target of malicious actors looking to harm Amazon or its employees.  Amazon faces millions of attacks on its data systems every day. *See* James Rundle, *The AI Effect: Amazon Sees Nearly 1 Billion Cyber Threats a Day*, Wall St. J. (Nov. 21, 2024), https://www.wsj.com/articles/the-ai-effect-amazon-sees-nearly-1-billion-cyber-threats-a-day-15434edd.  Giving potential attackers insight into not only the existence of a data system, but also the specific *name and purpose* of that system and what an attacker is likely to find there, provides malicious actors with a leg up on fashioning sophisticated attacks.  Both for this reason and because of competitive concerns, the identification and description of data sources are regularly sealed.  *E.g.*, *Floyd v. Amazon.com Inc.*, 2024 WL 1533217, at *1 (W.D. Wash. Apr. 9, 2024) (sealing information regarding "internal systems and processes for protecting data"); *DotStrategy Co. v. Meta Platforms Inc.*, 2021 WL 5978328, at *1-2 (N.D. Cal. Nov. 18, 2021); *Lathrop v. Uber Tech., Inc.*, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016).  This Court should order mentions of Amazon's data systems in Exhibits B and O, as well of discussions of Exhibits B and D on page 3 in Plaintiffs' Motion, redacted.

   **C.    The excerpts of personnel reviews cited in Plaintiffs' Motion are confidential.**

   Although Plaintiffs do not oppose sealing the personnel reviews themselves, Plaintiffs argue that discussion in their Motion of three personnel reviews for Amazon's employees should not be redacted because these excerpts are not confidential.  Amazon has explained that it treats

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

its personnel reviews as some of the most confidential and sensitive documents in its possession. *See, e.g.*, Dkt. 273 (8/28/2024 JSR) at 38; Roach Decl. ¶ 6.  The overwhelming majority of Amazon's employees do not have access to these specific documents, let alone the general public.

Plaintiffs suggest that the portions of these confidential reviews they quoted in their Motion constitute non-confidential information about a particular employee's role.  A read of the Motion makes clear that is not the case: Plaintiffs quote from these documents not only a particular employee's roles and responsibilities, but also the reviewer's evaluation and enumeration of the challenges facing that employee and their teams.  *See* Dkt. 331 at 4-5.  Plaintiffs seek to unseal that information and the associated names of the employees.  In addition to revealing confidential information about Amazon's business, this sort of employee-specific information—used here by Plaintiffs to tie particular non-party employees to conduct Plaintiffs allege is illegal, *id.* at 5—is well within the scope of confidential information appropriate for sealing.  *See* p. 4, *supra*.

Plaintiffs also note that one of Amazon's redactions on page 5 of Plaintiffs' Motion was publicly filed verbatim earlier in the case.  But in that previous filing, Plaintiffs obscured which employee the document was referring to (identifying them only as an "employee").  *Compare* Dkt. 331 at 5, *with* Dkt. 273 at 22 n.9.  Plaintiffs now seek to identify the specific employee referenced, an unnecessary level of detail that could subject that non-party employee to embarrassment or annoyance.  The Court should order the discussions of Exhibits E, F, and G on pages 4-5 of Plaintiffs' Motion redacted.

**D.  The excerpts of Amazon's promotional guide cited in Plaintiffs' Reply are confidential.**

Plaintiffs also contend that discussion of Amazon's guide to promotions in their Reply should not be redacted.  (They do not contest sealing the document itself.)  But the excerpts Plaintiffs quote—exactly how Amazon structures an employee evaluation, and the concrete steps

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

and data that the guide demands—are the very things that provide insight into how Amazon values and evaluates its employees. No portion of this document is publicly available, and for good reason: disclosure would provide competitors with information about how Amazon prioritizes and values information, as well as how it assesses a core competitive advantage—its employees. The Court should order the discussion of Exhibit A to Plaintiffs' Reply redacted for that reason.

### E. Discussions of business decisions made pursuant to foreign competition investigations are confidential.

Finally, Plaintiffs argue that their discussion, in their Motion, about actions Amazon took in response to certain foreign investigations need not be sealed. Quotations from Exhibit L and M on pages 10 and 11 of Plaintiffs' Motion continue to be appropriate candidates for sealing. Contrary to Plaintiffs' assertion, the cited passages *do* discuss specific changes Amazon considered and business strategies Amazon adopted in response to these investigations. *See* Dkt. 331 at 10. While Amazon can agree that mention of Amazon's commitments to the European Commission (from page 10 to page 11 of Plaintiffs' Motion) can be unsealed because Plaintiffs represent that this information solely relies on a public document, the other discussions reflect confidential business deliberations by Amazon employees. Disclosure of this information could harm Amazon's competitive position and current and future investigations, including by making clear to competitors the specific considerations Amazon weighs in making these sensitive business decisions, as well as the potential decisions themselves, whether implemented or not.

### CONCLUSION

Amazon respectfully requests that the Court grant Amazon's Motion to Seal and order that the above-described documents be filed under seal or redacted.

//

//

AMAZON'S REPLY IN SUPPORT OF AMAZON'S
MOTION TO SEAL PLAINTIFFS' MOTION TO
COMPEL BRIEFING AND EXHIBITS - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 31st day of December, 2024.

[*I certify that this memorandum contains 2,095 words, in compliance with the Local Civil Rules.*]

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine A. Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
ktrefz@wc.com
cpruski@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S REPLY IN SUPPORT OF AMAZON'S MOTION TO SEAL PLAINTIFFS' MOTION TO COMPEL BRIEFING AND EXHIBITS - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401