THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | CASE NO.: 2:23-cv-01495-JHC |
| Plaintiffs, | **PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.      BINDING NINTH CIRCUIT PRECEDENT AUTHORIZES THE FTC TO BRING
        THIS CASE. ...................................................................................................... 2

II.     COURTS HAVE CORRECTLY CONCLUDED THAT SECTION 13(B)
        AUTHORIZES THE FTC TO PURSUE PERMANENT INJUNCTIONS WITHOUT
        A PARALLEL ADMINISTRATIVE PROCEEDING........................................... 9

        A.      The Text of Section 13(b) Authorizes the FTC to Seek Injunctive Relief
                Without Filing an Administrative Proceeding. ....................................... 9

        B.      Legislative History Supports *Singer*'s Interpretation of Section 13(b). ............... 12

        C.      Amazon's "Constitutional Avoidance" Arguments Fail....................................... 14

        D.      Amazon's "Prejudice" Claims Are Irrelevant and Meritless. .............................. 18

CONCLUSION ........................................................................................................ 19

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>Cases</u>**

3

*Abbott v. United States*,
    562 U.S. 8 (2010) ............................................................................................................ 10

4

*Alaska v. United States*,
    545 U.S. 75 (2005) .................................................................................................... 10, 11

5

*AMG Capital Management LLC v. FTC*,
    593 U.S. 67 (2021) ................................................................................................... *passim*

6

*Bosse v. Oklahoma*,
    580 U.S. 1 (2016) ............................................................................................................ 15

7

*Bostock v. Clayton Cty.*,
    590 U.S. 644 (2020) .............................................................................................. 8, 11, 18

8

*Browder v. United States*,
    312 U.S. 335 (1941) .......................................................................................................... 7

9

10

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010) ............................................................................................ 2

11

*Encino Motorcars, LLC v. Navarro*,
    584 U.S. 79 (2018) .......................................................................................................... 13

12

*FTC v. Am. Future Sys. Inc*,
    2021 WL 3185777 (E.D. Pa. July 26, 2021) .................................................................... 5

13

14

*FTC v. Am. Nat'l Cellular, Inc.*,
    810 F.2d 1511 (9th Cir. 1987) ....................................................................................... 15

15

*FTC v. Amazon.com, Inc*,
    71 F. Supp. 3d 1158 (W.D. Wash. Dec. 1, 2014) ............................................................ 4

16

*FTC v. Commonwealth Mktg. Grp.*,
    72 F. Supp. 2d 530 (W.D. Pa. 1999) ............................................................................... 4

17

18

*FTC v. Consumer Defense, LLC*,
    926 F.3d 1208 (9th Cir. 2019) ......................................................................................... 6

19

*FTC v. Cyberspace.com, LLC*,
    2002 WL 32060289 (W.D. Wash. July 10, 2002) ........................................................... 4

20

*FTC v. Elec. Payment Solutions of Am. Inc.*,
    2021 WL 3661138 (D. Ariz. Aug. 11, 2021) ................................................................... 4

21

*FTC v. Elegant Solutions, Inc.*,
    2022 WL 2072735 (9th Cir. June 9, 2022) .................................................................. 1, 4

22

23

*FTC v. Evans Prod. Co.*,
    775 F.2d 1084 (9th Cir. 1985) ....................................................................................... 17

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - ii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*FTC v. H. N. Singer, Inc.*,
  668 F.2d 1107 (9th Cir. 1982) ...................................................................... *passim*

*FTC v. Hoyal & Assoc., Inc*,
  859 F. App'x 117 (9th Cir. 2021) ............................................................................ 1

*FTC v. NAFSO VLM, Inc.*,
  2012 WL 1131573 (E.D. Cal. Mar. 29, 2012) ........................................................ 4

*FTC v. Nat'l Urological Grp., Inc.*,
  80 F.4th 1236 (11th Cir. 2023) ............................................................................... 5

*FTC v. Neora LLC*,
  552 F. Supp. 3d 628 (N.D. Tex. 2021) .................................................................... 5

*FTC v. Noland*,
  2021 WL 4127292 (D. Ariz. Sept. 9, 2021) ............................................................ 5

*FTC v. Precision Patient Outcomes, Inc.*,
  2023 WL 3242835 (N.D. Cal. May 3, 2023) .......................................................... 16

*FTC v. Publrs. Bus. Servs.*,
  849 F. App'x. 700 (9th Cir. 2021) ........................................................................... 4

*FTC v. Pukke*,
  53 F.4th 80 (4th Cir. 2022) ...................................................................................... 5

*FTC v. QYK Brands LLC*,
  2024 WL 1526741 (9th Cir. 2024) .......................................................................... 4

*FTC v. Roomster Corp.*,
  654 F. Supp. 3d 244 (S.D.N.Y. 2023) ................................................................... 16

*FTC v. Simeon Mgmt. Corp.*,
  532 F.2d 708 (9th Cir. 1976) ................................................................................. 17

*FTC v. Sperry & Hutchinson Co.*,
  405 U.S. 233 (1972) .................................................................................................. 2

*FTC v. SuperTherm Inc.*,
  2021 WL 3419035 (D. Ariz. Aug. 5, 2021) ............................................................ 5

*FTC v. Syngenta Crop Prot. AG*,
  711 F. Supp. 3d 545 (M.D.N.C. 2024) .................................................................. 16

*FTC v. U.S. Anesthesia P'ners, Inc.*,
  2024 WL 2137649 (S.D. Tex. May 13, 2024) ............................................... 5, 12, 16

*FTC v. U.S. Anesthesia P'ners, Inc.*,
  2024 WL 5003580 (5th Cir. Aug. 15, 2024) ............................................................ 2

*FTC v. U.S. Oil & Gas Corp.*,
  748 F.2d 1431 (11th Cir. 1984) ......................................................................... 4, 10

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - iii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*FTC. v. Somenzi*,
   2017 WL 6049371 (C.D. Cal. July 24, 2017) ............................................................ 4

*Funbus Sys., Inc. v. State of Cal. Pub. Utilities Com'n*,
   801 F.2d 1120 (9th Cir. 1986) ............................................................................. 12

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ............................................................................... 6

*Hibbs v. Winn*,
   542 U.S. 88 (2004) ............................................................................................ 11

*Humphrey's Ex'r v. United States*,
   295 U.S. 602 (1935) .......................................................................................... 15

*Ileto v. Glock, Inc.*,
   565 F.3d 1126 (9th Cir. 2009) ............................................................................. 15

*Illumina, Inc. v. FTC*,
   88 F.4th 1036 (5th Cir. 2023) ........................................................................ 15, 17

*In re Gilman*,
   887 F.3d 956 (9th Cir. 2018) ............................................................................. 6, 9

*Kasten v. Saint-Gobain Perf. Plastics Corp.*,
   563 U.S. 1 (2011) ............................................................................................... 7

*Koonwaiyou v. Blinken*,
   69 F.4th 1004 (9th Cir. 2023) ........................................................................... 8, 9

*Lorillard v. Pons*,
   434 U.S. 575 (1978) .......................................................................................... 14

*Meta Platforms, Inc. v. FTC*,
   723 F. Supp. 3d 64 (D.D.C. 2024) ....................................................................... 16

*Murphy Co. v. Biden*,
   65 F.4th 1122 (9th Cir. 2023) ........................................................................... 8, 9

*Nielsen v. Preap*,
   586 U.S. 392 (2019) .......................................................................................... 14

*Rep. of Iraq v. Beaty*,
   556 U.S. 848 (2009) ..................................................................................... 10, 11

*Tingley v. Ferguson*,
   47 F.4th 1055 (9th Cir. 2022) ............................................................................... 6

*United States v. Enmons*,
   410 U.S. 396 (1973) .......................................................................................... 12

*United States v. Hernandez*,
   322 F.3d 592 (9th Cir. 2003) ............................................................................. 15

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*United States v. Herrera,*
    974 F.3d 1040 (9th Cir. 2020) ................................................................... 8

*United States v. Jingles,*
    702 F.3d 494 (9th Cir. 2012) ..................................................................... 3

*United States v. JS&A Grp.,*
    716 F.2d 451 (7th Cir. 1983) ................................................................. 4, 10

*United States v. Lummi Indian Tribe,*
    235 F.3d 443 (9th Cir. 2002) ..................................................................... 3

*United States v. Morrow,*
    266 U.S. 531 (1925) ................................................................................. 10

*United States v. Nat'l Dynamics Corp.,*
    525 F. Supp. 380 (S.D.N.Y. 1981) ........................................................ 4, 10

*United States v. Pacheco,*
    977 F.3d 764 (9th Cir. 2020) ..................................................................... 8

*United States v. Shill,*
    740 F.3d 1347 (9th Cir. 2014) ................................................................. 14

*Wooden v. United States,*
    595 U.S. 360 (2022) ............................................................................... 8, 9

*Ysleta Del Sur Pueblo v. Texas,*
    596 U.S. 685 (2022) ................................................................................. 11

**Statutes**

15 U.S.C. § 53(b) ............................................................................... *passim*

28 U.S.C. § 1292(b) ..................................................................................... 2

**Other Authorities**

93 Cong. Rec. H36595 (daily ed. Nov. 12, 1973) ........................... 13, 14, 18

H.R. Rep. 93-624, 93d Cong., 1st Sess. (Nov. 7, 1973) ......................... 14

Pub. L. No. 103-312, 108 Stat. 1691 (1994) .......................................... 14

S. Rep. 93-151 93d Cong., 1st Sess. (May 14, 1973) ............................. 12

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - v
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# **INTRODUCTION**

More than a year into this case, and having just lost a motion to dismiss challenging the FTC's authority to pursue *some* claims in federal court without administrative proceedings, Amazon now returns with an even less tenable argument: that the FTC cannot bring *any* claims in this Court because the FTC has not initiated a parallel administrative proceeding. Dkt. #372 ("Mot."). That argument can be rejected quickly: The Ninth Circuit held decades ago in *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982), that the FTC does not need to file an administrative proceeding to seek permanent injunctive relief in federal court. *Singer* remains good law and controlling precedent; Amazon is simply wrong that *Singer* has been implicitly overruled. And while the Court need not reach the issue, Amazon is also wrong that a *de novo* statutory construction requires the FTC to bring an administrative proceeding when seeking a permanent injunction.

First, *Singer* was not implicitly overruled by *AMG Capital Management LLC v. FTC*, 593 U.S. 67 (2021), or by a nebulous "sea change in statutory interpretation." The Ninth Circuit has twice held that "[t]he Supreme Court's recent decision in *AMG* . . . does not undermine *Singer*'s holding." *FTC v. Elegant Solutions, Inc.*, 2022 WL 2072735, at *2 (9th Cir. June 9, 2022) (unpublished); *see also FTC v. Hoyal & Assoc., Inc*, 859 F. App'x 117, 119-20 (9th Cir. 2021) (unpublished) (rejecting same argument). Especially in the face of the Ninth Circuit's clear statements—which Amazon does not address—Amazon cannot show that *Singer* is "clearly irreconcilable" with *AMG*. Indeed, *AMG* itself states that "to read § 13(b) to mean what it says, as authorizing injunctive but not monetary relief, produces a coherent enforcement scheme" in which the FTC "may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, or *when it seeks only injunctive relief*." 593 U.S. at 76 (emphasis added). That reading of Section 13(b) is fully consistent with *Singer*, and multiple courts have concluded

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

that *AMG* supports the FTC's authority to seek permanent injunctive relief in district court. No court has endorsed Amazon's position. Likewise, *Singer* is fully consistent with contemporary norms of statutory interpretation, including its treatment of the plain text of Section 13(b) and use of accepted canons of statutory interpretation.

Second, even if the Court were to revisit the merits of *Singer*'s statutory interpretation (although there is no reason to do so), the case was correctly decided. The plain text of Section 13(b) authorizes the FTC to seek permanent injunctive relief without a parallel administrative proceeding. Amazon's arguments beyond the text—including a misleading accounting of Section 13(b)'s legislative history, irrelevant constitutional arguments, and broader policy complaints—do not come close to providing a basis to overturn decades of precedent. Just as it did with Amazon's prior motion to dismiss, the Court should reject Amazon's latest, desperate effort to avoid litigating the merits of its antitrust violations.[1]

## ARGUMENT

## I. BINDING NINTH CIRCUIT PRECEDENT AUTHORIZES THE FTC TO BRING THIS CASE.

As an initial matter, Amazon already presented a narrower version of its current argument to this Court—and lost. In its motion to dismiss, Amazon claimed that *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233 (1972), requires administrative adjudication of so-called

---

[1] Apparently expecting to lose this motion, Amazon asks the Court to certify this issue for interlocutory appeal. Mot. at 2. This request is premature and warrants full separate briefing. In any event, Amazon comes nowhere close to showing the kind of "substantial ground for difference of opinion" that might warrant interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 28 U.S.C. § 1292(b)). The issue raised by Amazon was settled decades ago by the Ninth Circuit and re-affirmed in other cases since. *See, e.g.*, *FTC v. U.S. Anesthesia P'ners, Inc.*, 2024 WL 5003580, at *2-4 (5th Cir. Aug. 15, 2024) (agreeing that "every single court" has rejected the argument that the "FTC overreached its Section 13(b) authority by suing it in federal court without bringing a concomitant administrative proceeding" and dismissing interlocutory appeal).

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  "standalone" Section 5 claims, and that Section 13(b)—which was enacted after *Sperry* and

2  allows the FTC to pursue "proper" cases in federal court without administrative proceedings—

3  does not extend to standalone Section 5 claims. Dkt. #127 at 17. Thus, Amazon argued that the

4  FTC's "standalone" Section 5 claims should be dismissed. *See id.* at 17-18. Applying settled

5  Ninth Circuit precedents—including *Singer*—the Court rejected Amazon's argument, observing

6  that under Section 13(b), "a district court has 'authority to grant a permanent injunction against

7  violations of *any provisions of law enforced by the Commission*.'" Dkt. #289 at 23. The Court

8  held that this authority extends to standalone Section 5 claims, even without an administrative

9  proceeding, in light of the established standards that apply to these claims. *See id.* at 22-23.

10  Based on its prior ruling, the Court may apply the "law of the case" to summarily deny

11  Amazon's motion as previously resolved by "necessary implication." *See United States v. Lummi*

12  *Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2002) (law of the case applies to issues "decided

13  explicitly or by necessary implication"). This Court has ruled that Section 13(b) authorizes the

14  FTC to bring *some* claims in district court without an administrative proceeding. The "necessary

15  implication" of the Court's prior decision is irreconcilable with Amazon's current argument that

16  the FTC cannot bring *any* of its claims without an administrative proceeding. *See United States*

17  *v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012) (finding an issue resolved "by necessary

18  implication" where a litigant's argument would be inconsistent with prior holding). Amazon had

19  its "bite at the apple," and has not offered any justification for a "second bite." *See id.*

20  In any event, binding appellate precedent directly resolves the issue presented here. In

21  *Singer*, the Ninth Circuit held that "Section 13(b) gives the Commission the authority to seek,

22  and gives the district court the authority to grant, permanent injunctions in proper cases even

23  though the Commission does not contemplate any administrative proceedings." 668 F.2d at

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1111. Courts in this circuit have followed *Singer*'s binding holding for years.[2] Courts in other

circuits have also followed *Singer* in finding that Section 13(b) authorizes the FTC to seek

permanent injunctive relief without a parallel administrative proceeding.[3] In an effort to escape

*Singer*'s binding rule—which Amazon does not dispute—Amazon argues that *Singer* was

implicitly overruled because it is "clearly irreconcilable" with the Supreme Court's decision in

*AMG*. Mot. at 10. But as every court to address this issue has concluded, Amazon is wrong.

The Ninth Circuit has already rejected Amazon's argument, twice. In *Elegant Solutions*,

the defendants, like Amazon here, argued that *AMG* overruled Ninth Circuit precedent on the

FTC's ability to proceed in federal court under Section 13(b). 2022 WL 2072735, at *2. The

court rejected the argument, explaining that while *AMG* held that monetary relief is not available

under Section 13(b), *AMG* "does not undermine *Singer's* holding" that the FTC may seek

"permanent injunctions in cases in which the FTC does not contemplate any administrative

proceedings." *Id.* The Ninth Circuit also rejected the same argument in *Hoyal*; while vacating a

monetary judgment based on *AMG*, the court affirmed a permanent injunction because "[w]e

have long held that the FTC can obtain injunctive relief without initiating administrative

proceedings." 859 F. App'x at 120 (citing *Singer*). District courts in the Ninth Circuit have

---

[2] *See, e.g.*, *FTC v. Elec. Payment Solutions of Am. Inc.*, 2021 WL 3661138, at *16 (D. Ariz. Aug. 11, 2021); *FTC. v. Somenzi*, 2017 WL 6049371, at *7 (C.D. Cal. July 24, 2017); *FTC v. NAFSO VLM, Inc.*, 2012 WL 1131573, at *1 (E.D. Cal. Mar. 29, 2012). In the decades since *Singer*, the FTC has brought numerous federal actions for injunctive relief without a parallel administrative proceeding. *See, e.g., FTC v. QYK Brands LLC*, 2024 WL 1526741 (9th Cir. 2024) (unpublished); *FTC v. Publrs. Bus. Servs.*, 849 F. App'x. 700 (9th Cir. 2021) (unpublished); *FTC v. Amazon.com, Inc*, 71 F. Supp. 3d 1158 (W.D. Wash. Dec. 1, 2014); *FTC v. Cyberspace.com, LLC*, 2002 WL 32060289 (W.D. Wash. July 10, 2002).

[3] *See, e.g., United States v. JS&A Grp.*, 716 F.2d 451, 456 (7th Cir. 1983); *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434-35 (11th Cir. 1984); *FTC v. Commonwealth Mktg. Grp.*, 72 F. Supp. 2d 530, 535-36 (W.D. Pa. 1999); *United States v. Nat'l Dynamics Corp.*, 525 F. Supp. 380, 381 (S.D.N.Y. 1981).

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   reached the same conclusion. *See FTC v. SuperTherm Inc.*, 2021 WL 3419035, at *6 (D. Ariz.

2   Aug. 5, 2021) ("*Singer*'s and *Evans Products*' holdings . . . remain binding on district courts

3   within the Ninth Circuit" post-*AMG*); *FTC v. Noland*, 2021 WL 4127292, at *17-18 (D. Ariz.

4   Sept. 9, 2021) (rejecting argument that *AMG* overruled *Singer* and concluding that *Singer*

5   "remain[s] binding on district courts within the Ninth Circuit"). Amazon does not address any of

6   these decisions.

7        Multiple other circuit and district courts have unanimously upheld the FTC's authority to

8   seek permanent injunctive relief in federal court without administrative proceedings after *AMG*—

9   often finding that *AMG* affirmatively *supports* the FTC's authority to pursue injunctive relief

10  under Section 13(b). *See FTC v. Nat'l Urological Grp., Inc.*, 80 F.4th 1236, 1243 (11th Cir.

11  2023) ("*AMG* reaffirmed district courts' authority to award prospective injunctive relief" without

12  administrative proceedings); *FTC v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022) ("*AMG* did not

13  impair courts' ability to enter injunctive relief under Section 13(b)"); *FTC v. U.S. Anesthesia*

14  *P'ners, Inc.*, 2024 WL 2137649, at *6-7 (S.D. Tex. May 13, 2024) (rejecting argument that *AMG*

15  impairs FTC's ability to seek permanent injunctions; "*AMG* indicates the opposite"); *FTC v.*

16  *Neora LLC*, 552 F. Supp. 3d 628, 635-36 (N.D. Tex. 2021) (*AMG* "indicates that permanent

17  injunctions are, in fact, available under 13(b) even in the absence of parallel administrative

18  proceedings"); *FTC v. Am. Future Sys. Inc*, 2021 WL 3185777, at *1 n.1 § A (E.D. Pa. July 26,

19  2021) ("*AMG Capital* does not stand for the proposition that a permanent injunction under

20  Section 13(b) must be sought in conjunction with an administrative proceeding"). Amazon

21  likewise fails to address this authority.

22       Amazon accordingly advances an argument that multiple courts have rejected by

23  claiming that *AMG*'s reasoning is "clearly irreconcilable" with *Singer*. But this is a "high

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  standard" to meet. *Tingley v. Ferguson*, 47 F.4th 1055, 1074-75 (9th Cir. 2022). A district court

2  is not free to "disagree with [its] learned colleagues on [its] own court of appeals who have ruled

3  on a controlling legal issue." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). To show

4  overruling through inconsistent reasoning alone, "[i]t is not enough for there to be 'some tension'

5  between cases or for intervening authority to 'cast doubt' on . . . prior authority." *Tingley*, 47

6  F.4th at 1075. Instead, the cases must be "so fundamentally inconsistent" that the "prior

7  decision[] cannot stand." *In re Gilman*, 887 F.3d 956, 962 (9th Cir. 2018). By contrast, if the

8  cases can be "reasonably harmonized," they "must" be. *Tingley*, 47 F.4th at 1075; *see also FTC*

9  *v. Consumer Defense, LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019) ("We explained that if we can

10  apply our precedent consistently with that of the higher authority, we must do so.").

11       Here, as every court to consider the issue has recognized, *Singer* can be read in harmony

12  with *AMG*: namely, *AMG* set aside lower court holdings about the FTC's ability to seek

13  *monetary relief* in district court under Section 13(b) but left in place holdings about the FTC's

14  ability to seek *injunctive relief* regardless of administrative proceedings. Indeed, *AMG* itself

15  supports harmonizing the cases in this way. There, the Supreme Court explained that Section

16  13(b) might be read "as granting authority for the Commission to go one step beyond the

17  provisional and ('in proper cases') dispense with administrative proceedings to seek what the

18  words literally say (namely, an *injunction*)." 593 U.S. at 76. The Court further explained:

> [T]o read § 13(b) to mean what it says, as authorizing injunctive but
> not monetary relief, produces a coherent enforcement scheme: The
> Commission may obtain monetary relief by first invoking its
> administrative procedures and then § 19's redress provisions (which
> include limitations). And the Commission may use § 13(b) to obtain
> injunctive relief while administrative proceedings are foreseen or in
> progress, or *when it seeks only injunctive relief*.

23  *Id.* at 78 (emphasis added). In other words, *AMG* itself undermines Amazon's argument that the

24  decision is "clearly irreconcilable" with *Singer*. *AMG* illustrates how *Singer*'s interpretation of

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Section 13(b) produces a "coherent enforcement scheme" that gives the FTC the authority to

2   bring cases for injunctive relief in federal court.[4]

3          Amazon's efforts to cast *AMG* in its favor simply misread the opinion. Contrary to

4   Amazon's assertion, *AMG* did not hold that "subparts 13(b)(1) and (b)(2) are preconditions that

5   apply every time the FTC seeks an injunction (whether preliminary or permanent)." Mot. at 10.

6   *AMG* said nothing whatsoever about "preconditions" for seeking an injunction; as to subparts

7   13(b)(1) and (b)(2), it said only that that they concern "prospective" and "injunctive" (rather than

8   monetary) relief. *See* 593 U.S. at 75-77. Amazon's contention to the contrary appears to rest on

9   the Court's statement that "[t]he language and structure" Section 13(b) must be "taken as

10  whole," but this blatantly mischaracterizes the opinion. *AMG* was simply applying the well-

11  known interpretive canon that construction of any statutory phrase "depends upon reading the

12  whole statutory text." *Kasten v. Saint-Gobain Perf. Plastics Corp.*, 563 U.S. 1, 7 (2011). Nor did

13  *AMG*'s "suggest[ion]" that a permanent injunction may "relate to a previously issued preliminary

14  injunction" show any irreconcilable inconsistency; the very next sentence indicates that Section

15  13(b) may be read to allow the FTC to "dispense with administrative proceedings" when seeking

16  a permanent injunction. 593 U.S. at 76. *AMG*'s reasoning is fully consistent with *Singer*.

17         Finally, Amazon fails to show that a vague "sea change in statutory interpretation" has

18  abrogated *Singer*. Mot. at 12. As an initial matter, the text of the statute has always been the

19  principal consideration in statutory interpretation. *See Browder v. United States*, 312 U.S. 335,

20  338 (1941) ("No single argument has more weight in statutory interpretation" than the "plain

21  meaning of the words of the act."). And modern statutory interpretation doctrine does not

22

---

23  [4] Notably, Amazon seeks to have it both ways, arguing both that these statements in *AMG* should

24  be disregarded because the Court was addressing a different question, Mot. at 8-9, and that other
    statements in *AMG* implicitly overrule *Singer*. *Id.* at 11.

PLAINTIFF FTC'S OPPOSITION TO                          **FEDERAL TRADE COMMISSION**
AMAZON'S MOTION FOR JUDGMENT                           600 Pennsylvania Avenue, NW
ON THE PLEADINGS - 7                                   Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                             (202) 326-2222

1    preclude consideration of a statute's history, legislative history, or purpose. *See United States v.*

2    *Herrera*, 974 F.3d 1040, 1047-51 (9th Cir. 2020) (considering all three elements to interpret a

3    statute); *Wooden v. United States*, 595 U.S. 360, 371 (2022) (considering legislative history).

4           At most, the authority cited by Amazon stands for the limited proposition that courts

5    should not rely on non-textual considerations to *change* the meaning of *unambiguous* statutory

6    text. *See Bostock v. Clayton Cty.*, 590 U.S. 644, 673-74 (2020). By contrast, nothing prohibits a

7    court from examining non-textual factors to clarify ambiguity, *see United States v. Pacheco*, 977

8    F.3d 764, 768-9 (9th Cir. 2020), or to confirm the unambiguous meaning of text. *See Murphy Co.*

9    *v. Biden*, 65 F.4th 1122, 1135 (9th Cir. 2023) (finding statute unambiguous and examining

10    legislative history to "confirm[] our reading of the statute's plain language"); *Koonwaiyou v.*

11    *Blinken*, 69 F.4th 1004, 1011 (9th Cir. 2023) (noting that court "need not" look at legislative

12    history but considering it to "support[]" textual interpretation).

13           *Singer*'s reasoning is entirely consistent with these statutory interpretation principles. In

14    *Singer*, the Ninth Circuit examined the plain text of Section 13(b) and found that the statute

15    "does not *on its face* condition the issuance of a permanent injunction upon the initiation of

16    administrative proceedings." 668 F.2d at 1110 (emphasis added). Amazon dismisses this holding

17    as "only a single sentence," Mot. at 12, but that single sentence addressed the plain text of the

18    statute and found that it unambiguously did not require a parallel administrative proceeding.[5]

19    *Singer* then turned to other evidence to confirm the plain text, finding that "[w]hat little

20    legislative history there is supports" its holding. *Id*. Amazon faults *Singer* for considering

21

22    _____

      [5] As explained above, the Supreme Court in *AMG* also stated that "read[ing] § 13(b) to mean
      what it says, as authorizing injunctive but not monetary relief," would allow the FTC to "obtain

23    injunctive relief" in federal court without administrative proceedings "when it seeks only
      injunctive relief." 593 U.S. at 78. It thus also considered the statute to unambiguously "mean

24    what it says" in supporting the FTC's interpretation.

PLAINTIFF FTC'S OPPOSITION TO                    **FEDERAL TRADE COMMISSION**
AMAZON'S MOTION FOR JUDGMENT                     600 Pennsylvania Avenue, NW
ON THE PLEADINGS - 8                             Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                       (202) 326-2222

1   legislative history to confirm (rather than alter) the plain text meaning of the statute, but modern

2   statutory interpretation follows the same approach. *See, e.g.*, *Wooden*, 595 U.S. at 371; *Murphy*,

3   65 F.4th at 1135; *Koonwaiyou*, 69 F.4th at 1011. In short, *Singer* presents nothing like

4   "fundamentally inconsistent" reasoning. *Gilman*, 887 F.3d at 962. *Singer* resolves this motion.

## II.     COURTS HAVE CORRECTLY CONCLUDED THAT SECTION 13(B) AUTHORIZES THE FTC TO PURSUE PERMANENT INJUNCTIONS WITHOUT A PARALLEL ADMINISTRATIVE PROCEEDING.

7       Because binding Ninth Circuit precedent authorizes the FTC to proceed with this action,

8   the Court need not conduct a *de novo* interpretation of Section 13(b). Nevertheless, the plain

9   language of the statute and other tools of statutory interpretation demonstrate that the FTC has

10  clear authority to pursue a permanent injunction in federal court without needing to file a parallel

11  administrative proceeding. Every court to have addressed the issue agrees. Amazon's arguments

12  to the contrary misread the statute and are inapposite.

### A.     The Text of Section 13(b) Authorizes the FTC to Seek Injunctive Relief Without Filing an Administrative Proceeding.

14      The plain text of the second proviso ("*Provided Further*") of Section 13(b) permits the

15  FTC to seek a permanent injunction in federal court without an administrative proceeding. The

16  second proviso states that "in proper cases the Commission may seek, and after proper proof, the

17  court may issue, a permanent injunction." 15 U.S.C. § 53(b). As the Ninth Circuit has explained,

18  that proviso "does not on its face condition the issuance of a permanent injunction upon the

19  initiation of administrative proceedings." *Singer*, 668 F.2d at 1110. By contrast, the earlier text

20  of Section 13(b) expressly concerns preliminary injunctions "pending issuance of a complaint by

21  the Commission."[6] 15 U.S.C. § 53(b). "No similar language is found in the second proviso

---

[6] The first proviso likewise provides an exception ("*Provided, however*") stating that notwithstanding the conditions laid out in Section 13(b), any preliminary injunction must be dissolved if the Commission fails to bring a complaint within twenty days. 15 U.S.C. § 53(b).

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

relating to permanent injunctive relief," and Congress "undoubtedly would have included [such] language" if it intended those conditions to apply. *JS&A Grp.*, 716 F.2d at 456; *see also U.S. Oil & Gas Corp.*, 748 F.2d at 1434 ("Congress did not limit the court's powers under the final proviso of § 13(b)"); *Nat'l Dynamics Corp.*, 525 F. Supp. at 381 ("While Section 13(b) conditions the continuance of a temporary restraining order or a preliminary injunction upon the prompt issuance by the Commission of an administrative complaint, no such condition attaches to the issuance of a permanent injunction.").

Amazon's arguments against this straightforward reading of Section 13(b) boil down to a single claim: that the conditions for seeking preliminary relief laid out earlier in Section 13(b)(2) apply to the second proviso authorizing permanent relief. But Amazon misunderstands the role of provisos in the statute and negates any purpose for the second proviso. The "general office of a proviso is to except something from the enacting clause." *Rep. of Iraq v. Beaty*, 556 U.S. 848, 858 (2009) (quoting *United States v. Morrow*, 266 U.S. 531, 534 (1925)).[7] But provisos may also be used to "state a general, independent rule," *Alaska v. United States*, 545 U.S. 75, 106 (2005), and to "introduce independent legislation." *Beaty*, 556 U.S. at 858. Here, the two provisos provide exceptions to the main text, and the second proviso provides an independent rule authorizing permanent injunctions without administrative proceedings.

Amazon claims that the word "further" suggests the second proviso "is not a stand-alone power," Mot. at 16, but this argument is meritless. "Further" indicates a "further exception" to the main text, since the first proviso is also an exception ("Provided, *however*"). Amazon then argues that Congress does not "hide elephants in mouseholes," *id.* at 17, but "where's the

---

[7] *Abbott v. United States* is not to the contrary; an exception is "grammatically and logically" related to the rule it excepts. 562 U.S. 8, 25-26 (2010). In any event, a proviso may also be used to "state a general, independent rule." *Beaty*, 556 U.S. at 858; *Morrow*, 266 U.S. at 534.

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  mousehole?" *Bostock*, 590 U.S. at 680. "Use of a proviso to state a general, independent rule" is

2  "hardly a novelty." *See Beaty*, 556 U.S. at 858 (finding that principal clause "granted the

3  President a power" while a second proviso granted him "an *additional* power"); *Alaska*, 545 U.S.

4  at 77 (finding that proviso states "an independent and general rule uncoupled from the initial

5  clause"). As discussed further below, the relevant amendments to Section 13(b) were designed to

6  expand the FTC's enforcement authority—including by authorizing suits for permanent

7  injunctions—and did so concisely. *See* Section II.B, *infra*.

8          Amazon's incorrect reading of the statute depends on eliding the core textual distinction

9  between preliminary and permanent relief, and it renders the second proviso superfluous.

10  References to administrative proceedings in Section 13(b) relate to the FTC seeking preliminary

11  relief in connection with a parallel administrative proceeding—i.e., to preserve the status quo

12  while the Commission adjudicates its administrative proceeding. Section 13(b) states that when

13  the Commission has reason to believe it "would be in the interest of the public" to enjoin conduct

14  "pending the issuance of [an administrative] complaint . . . until such complaint is dismissed by

15  the Commission or set aside by the court on review, or until the order of the Commission made

16  thereon has become final," the Commission "may bring suit in a district court of the United

17  States to enjoin any such act or practice." 15 U.S.C. § 53(b). If the conditions pertaining to these

18  sentences applied equally to standalone suits for permanent injunctions, the second proviso

19  would serve no purpose. *See Hibbs v. Winn*, 542 U.S. 88, 89 (2004) (rule against superfluities

20  "instructs courts to interpret a statute to effectuate all its provisions, so that no part is rendered

21  superfluous"). Amazon's interpretation gives the second proviso "no work to perform,"

22  rendering it "superfluous, void, or insignificant," and thus fails. *Ysleta Del Sur Pueblo v. Texas*,

23  596 U.S. 685, 698-99 (2022).

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's remaining arguments are also meritless. Amazon again mischaracterizes *AMG*,

2  inserting the words "most naturally" between the actual text of the opinion and ignoring that the

3  very next sentence in the opinion supports the FTC's interpretation. Mot. at 16-17; *see* 593 U.S.

4  at 76; *see also U.S. Anesthesia P'ners Inc.*, 2024 WL 2137649, at *6 ("Lest there be any doubt,

5  two pages later, [*AMG*] declared: 'the Commission may use § 13(b) to obtain injunctive relief

6  while administrative proceedings are foreseen or in progress, *or when it seeks only injunctive*

7  *relief*.'"). Amazon also argues that "obvious parallels" between Section 13(b) and Section 13(a)

8  support its reading. Mot. at 15. This argument is even more off base. Section 13(a) does not

9  contain the second proviso of Section 13(b) authorizing standalone suits for permanent

10  injunctions. The purported "minor differences in wording," *id.*, are the very basis on which

11  courts have uniformly found that the FTC may seek permanent injunctions in federal court.

12        **B.    Legislative History Supports *Singer*'s Interpretation of Section 13(b).**

13        Amazon claims that the legislative history supports its position. It does not. Amazon

14  spills much ink explaining—as *Singer* expressly acknowledges—that the Senate Committee

15  Report discussing permanent injunctions relates to a prior bill. *See* 668 F.2d at 1110 (explaining

16  that Section 13(b) was "originally part of the Senate bill for the Federal Trade Improvement Act"

17  and later enacted in a different bill). Contrary to Amazon's suggestion, the operative language of

18  the earlier bill was identical to the enacted proviso. *See* Dkt. #373 at 113 (S. Rep. 93-151 (1973),

19  Section 210). Statements from the earlier bill are thus "wholly relevant" to interpreting this

20  provision, *see United States v. Enmons*, 410 U.S. 396, 404 n.14 (1973), even when the earlier bill

21  was "not ultimately enacted." *See Funbus Sys., Inc. v. State of Cal. Pub. Utilities Com'n*, 801

22  F.2d 1120, 1127 n.1 (9th Cir. 1986). And the Senate Committee Report makes clear that in

23

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  addition to authorizing preliminary relief, Congress authorized the "Commission to seek and,

2  after a hearing, for a court to grant a permanent injunction." Dkt. #373 at 99 (S. Rep. 93-151).

3         Regardless, the legislative history of the enacted bill also supports the FTC's

4  interpretation. While the FTC had requested the power to seek preliminary injunctions (among

5  other powers), *id.* at 36*,* Congress also sought to "dramatically expand the authority of the [FTC]

6  by allowing it to take its enforcement actions directly into Federal courts." *Id.* at 60. Amazon

7  points to a statement that Section 13(b) was not intended to change the FTC's "substantive

8  powers," Mot. at 20, but omits the key context accompanying that same statement:

9              The bill makes no changes whatever in the substantive powers of the
               FTC. **It does, on the other hand, allow the Commission to**
10             **exercise the powers it now has in a more efficient and less**
               **bureaucratic manner** . . . What does this bill really do to the powers
11             of the Federal Trade Commission? **It will permit the FTC to go to**
               **court and ask for injunctions to restrain violations of the laws it**
12             **enforces.** I am fully confident that the U.S. courts are capable of
               determining when an injunction may be necessary to protect the
13             public.

14  Dkt. #373 (S. Rep. 93-151) at 58 (emphasis added). There is, in short, ample evidence that

15  "[w]hat little legislative history there is supports" the FTC. *Singer*, 668 F.2d at 1110.

16         Amazon's remaining legislative history arguments fail. Amazon cites a House Committee

17  Report that purportedly "fails to contain" a statement about permanent injunctions. Mot. at 21.

18  But that failure is irrelevant because "silence in the legislative history cannot lend any clarity" to

19  statutory text. *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 90 (2018). Amazon then implies

20  that the inclusion of the second proviso authorizing permanent injunctive relief was inadvertent,

21  but the same legislative history shows Congress carefully considered the bill. *See* Dkt. #373 (93

22  Cong. Rec. H36595 (1973)) at 45 ("A great deal of thought has gone into this piece of legislation

23  . . . The American people are entitled to know, and they should be protected, and agencies of the

24

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Federal Government should have the right to go into the courts and correct these things if

necessary.").[8] Indeed, Congress amended Section 13(b) in 1994, twelve years after *Singer* was

decided, and did not make any changes to the statute based on *Singer*'s established interpretation

of the second proviso. *See* Pub. L. No. 103-312, 108 Stat. 1691 (1994). "Congress is presumed to

be aware of an administrative or judicial interpretation of a statute and to adopt that

interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580

(1978). In short, as the *Singer* court concluded, the legislative history fully supports the

unambiguous text of Section 13(b).[9]

### C.    Amazon's "Constitutional Avoidance" Arguments Fail.

Amazon also cites the canon of constitutional avoidance to support its interpretation.

Mot. at 21-23. The Court need not consider these arguments for three reasons. First, that doctrine

is "only applicable where a statute is genuinely susceptible to two constructions." *United States*

*v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014) (cleaned up). "The canon has no application absent

ambiguity," *Nielsen v. Preap*, 586 U.S. 392, 419 (2019), and Section 13(b) is unambiguous here.

---

[8] *See also* Dkt. #373 (93 Cong. Rec. H36595) at 45 ("Some of the provisions of the Senate bill that are not directly related to oil and gas pipeline rights-of-way were accepted by the conferees, with modifications, *after careful examination of their merit*. The most controversial of those provisions relate to the right of the Federal Trade Commission to represent itself in court[.]") (emphasis added). Even if legislative comment did not exist for Section 13(b), courts typically presume that Congress intends what is said in its laws. *See Sanho Corp. v Kaijet Tech. Int'l Ltd.*, 108 F.4th 1376, 1382 (Fed. Cir. 2024) ("We assume Congress means what it says and says what it means."); *Engine Mfrs. Assn. v. South Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004) ("Statutory construction must begin with the language emloyed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.") (internal quotations and citation omitted).

[9] Amazon also cites a statement that the FTC would have different burdens of proof than "litigation between private parties," Mot. at 21, but that statement was referring to preliminary injunction standards, where the traditional legal test balancing private harms and separately considering the public interest does not apply to a government agency that brings an action on behalf of the public—rather than to prevent its own "irreparable damage." Dkt. #373 (H.R. Rep. 93-624 (1973)) at 159.

---

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Second, Amazon must show "grave doubts" and "serious" problems—not mere potential issues—about the constitutionality of Section 13(b) to invoke the doctrine. *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1143 (9th Cir. 2009). There are no "grave doubts" here because courts have repeatedly rejected the constitutional challenges Amazon raises in its motion. Third, Amazon's proposed construction of Section 13(b) does nothing to "avoid[] unnecessarily addressing constitutional questions." *United States v. Hernandez*, 322 F.3d 592, 601 (9th Cir. 2003). All of Amazon's purported constitutional challenges remain regardless of whether Section 13(b) requires parallel administrative proceedings. The argument thus fails on its own terms.

Amazon's first purported "serious question" is whether Congress improperly delegated executive power to the FTC by providing that the agency's Commissioners cannot be removed at-will. The Supreme Court resolved this issue nearly a century ago and has declined numerous times to revisit its holding, including as recently as four years ago. *See Humphrey's Ex'r v. United States*, 295 U.S. 602 (1935).[10] That Court alone has the prerogative of revisiting these decisions. *See Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016). Unsurprisingly, lower courts have uniformly rejected identical challenges to the FTC's authority. *See FTC v. Am. Nat'l Cellular, Inc.*, 810 F.2d 1511, 1513-14 (9th Cir. 1987) (holding FTC Commissioner removal restrictions constitutional under *Humphrey's Executor*); *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023) ("[T]he question of whether the FTC's authority has changed so fundamentally as to render *Humphrey's Executor* no longer binding is for the Supreme Court, not us, to answer.");

---

[10] In *Seila Law LLC v. CFPB*, the Supreme Court held that Congress cannot restrict the President's power to remove a single head of department, but expressly stated that "we need not and do not revisit our prior decisions allowing certain limitations on the President's removal power" in other contexts, including the Supreme Court's decision in *Humphrey's Executor*. 591 U.S. 197, 204 (2020). Nor are there grounds to conclude that Congress' amendments to Section 13(b) bear on the Supreme Court's analysis of the issue, given that *Seila Law* was decided after those amendments. *See FTC v. Am. Nat'l Cellular, Inc.*, 810 F.2d 1511, 1513-14 (9th Cir. 1987).

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*FTC v. Precision Patient Outcomes, Inc.*, 2023 WL 3242835, at *1 (N.D. Cal. May 3, 2023) (non-removal argument is "clearly foreclosed by Supreme Court precedent"); *Meta Platforms, Inc. v. FTC*, 723 F. Supp. 3d 64, 87 (D.D.C. 2024) ("[T]his Court lacks authority (or reason) to disregard the Supreme Court's holding in *Humphrey's Executor* that the for-cause removal restriction contained in the FTC Act passes constitutional muster").[11]

In addition, Amazon's argument is a non-sequitur. Amazon's proposed interpretation of Section 13(b) does nothing to "avoid" any purported constitutional issues. Amazon's constitutional challenge would be the same regardless of whether the FTC had brought a parallel administrative action. Further, as multiple courts have noted, the "remedy" for any removal-at-will issue would be to sever the FTC Act's removal criteria for Commissioners, not to dismiss particular law enforcement actions. *See Roomster*, 654 F. Supp. 3d at 260 ("[E]ven if Defendants could plausibly challenge the constitutionality of the for cause removal protections for the FTC commissioners, that challenge would not invalidate this action or necessitate its dismissal."); *Syngenta*, 711 F. Supp. 3d at 589 ("[N]o case cited [by Defendant] suggests that the appropriate remedy would be to excise the FTC's executive power. To the contrary, the Supreme Court's cases on removal suggest the exact opposite."). While Amazon presses its non-removability argument to avoid litigating in federal court here, Amazon has notably raised a similar non-removability argument against the National Labor Relations Board seeking to block an

---

[11] *See also FTC v. Syngenta Crop Prot. AG*, 711 F. Supp. 3d 545, 588 (M.D.N.C. 2024) (rejecting same argument, noting that defendant was "effectively ask[ing] this court to overrule Supreme Court precedent."); *U.S. Anesthesia P'ners*, 2024 WL 2137649, at *8 ("The defendants ask this Court to declare the FTC is unconstitutionally constituted because its commissioners are not removable at will by the President. Precedent forecloses this argument."); *FTC v. Roomster Corp.*, 654 F. Supp. 3d 244, 259 (S.D.N.Y. 2023) (rejecting challenge to FTC's authority based on non-removability of Commissioners because "binding Supreme Court precedent" means the "FTC clearly has the authority to bring this suit").

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 16
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  administrative proceeding. *See Amazon.com Servs. LLC v. Nat'l Labor Relations Bd.*, Case No.

2  24-9654, Dkt #1 (C.D. Cal. filed Sept. 5, 2024).

3      As for Amazon's second purported "serious question"—that Section 13(b) is an

4  "unconstitutional delegation of legislative power" because Congress failed to provide adequate

5  guidance on what qualifies as a "proper" case—Amazon already made and lost a version of this

6  argument in its motion to dismiss. Dkt. #127 at 18. The Court correctly rejected the argument,

7  holding that the FTC may pursue its standalone Section 5 claims in federal court because "courts

8  have laid out standards by which this Court can determine whether Amazon's conduct is unfair

9  in this situation." *See* Dkt. #289 at 24. Amazon now argues that the statute is so devoid of

10  guiding principles that *any* case the FTC brings under Section 13(b) is unconstitutional. But

11  Amazon's rehashed argument fails for similar reasons as before: "proper cases" means

12  "violations of any provisions of law enforced by the Commission,"[12] *Evans Prods.*, 775 F.2d at

13  1086, and "the Supreme Court has repeatedly found an intelligible principle in various statutes

14  authorizing regulation in the public interest." *See Illumina*, 88 F.4th at 1046 (rejecting similar

15  constitutional challenge).

16      In any event, Amazon never explains how its interpretation of Section 13(b) would

17  "avoid[]" this "constitutional question[]." *See* Mot. at 23. If, as Amazon claims, "[n]othing in the

18  statute even begins to describe how the FTC should determine when a particular case is a

19

20

21  ---

[12] *See, e.g., FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 712 (9th Cir. 1976) ("In 1973 Congress

22  amended the Act by adding a new section 53(b), authorizing the FTC to seek an injunction when
it believes there is a violation of 'any provision of law' it enforces. This section thus applies to a
broad range of violations other than false food and drug advertising, and it also contains

23  procedural provisions not included in section 53(a)."); *FTC v. Evans Prod. Co.*, 775 F.2d 1084,
1087 (9th Cir. 1985) (citing *Singer* in rejecting defendant's "attempt[] to limit § 13(b) to cases

24  involving 'routine fraud' or violations of previously established FTC rules").

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 17
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  'proper' exercise of that authority," *id.*, construing the statute to require a parallel administrative

2  proceeding would not avoid that issue. Amazon's constitutional avoidance arguments lack merit.

3      **D.**    **Amazon's "Prejudice" Claims Are Irrelevant and Meritless.**

4      Finally, Amazon asserts that having to defend FTC law enforcement actions in federal

5  court "deprives defendants of important rights." Mot. at 17. "Gone here is any pretense of

6  statutory interpretation; all that's left is a suggestion we should proceed without the law's

7  guidance to do as we think best" based on "naked policy appeals." *Bostock*, 590 U.S. at 680.

8  Such policy appeals are not a proper basis for statutory interpretation and should be disregarded.

9  *Id.* In any event, Amazon's argument falls apart under even passing scrutiny. Amazon paints the

10  FTC's ability to seek a permanent injunction in federal court as something akin to a due process

11  violation. But all the "rights" it claims to be deprived of are the inevitable implications of having

12  a district court evaluate whether to grant injunctive relief—*i.e.*, having an Article III judge,

13  instead of the Commission, be the impartial decisionmaker and fashion appropriate injunctive

14  relief; litigating under federal and local procedural rules rather than agency rules; and facing

15  appeals to a particular circuit court rather than the court of a defendant's choosing.[13] The Court

16  need not accept Amazon's depiction of Congress's decision to authorize these effects as a loss of

17  its "rights." The "place" to address such concerns "lies in Congress." *Id.* at 681. Moreover, the

18  argument does not bolster Amazon's position. Amazon's apparent dissatisfaction with litigating

19  before this Court would remain even if the FTC had filed a parallel administrative proceeding.

20

21  ───────────────

22  [13] As the legislative history demonstrates, Congress believed that federal courts might have
discretion to issue injunctive relief that the Commission could not. *See* Dkt. #373 (93 Cong. Rec.

23  H36595) at 55 ("This is not to indicate that there will not be serious and careful checks upon the
use of this injunctive power. The Commission itself will not be empowered to issue injunctions.
It will have to go to a U.S. district court judge and establish a series of carefully delineated

24  preconditions before the judge will be empowered to issue an injunction.").

PLAINTIFF FTC'S OPPOSITION TO
AMAZON'S MOTION FOR JUDGMENT
ON THE PLEADINGS - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## CONCLUSION

2         For the reasons above, the Court should deny Amazon's motion.

3    Dated: January 14, 2025            *I certify that this brief contains 6,326 words, in*
                                        *compliance with LCR 7(e)(3).*
4
                                        *Respectfully submitted,*
5
                                        *s/ Thomas J. Miller*
6
                                        SUSAN A. MUSSER (DC Bar # 1531486)
7                                       EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                        CHINWE CHUKWUOGO (DC Bar # 1617332)
                                        THOMAS J. MILLER (PA Bar # 316587)
8                                       OLGA MUSAYEV (CA Bar # 354373)

9                                       Federal Trade Commission
                                        600 Pennsylvania Avenue, NW
                                        Washington, DC 20580
10                                      Tel.:    (202) 326-2122 (Musser)
                                                 (202) 326-2464 (Takashima)
11                                      Email: smusser@ftc.gov
                                               etakashima@ftc.gov
12                                             cchukwuogo@ftc.gov
                                               tmiller2@ftc.gov
13                                             omusayev@ftc.gov

14                                      *Attorneys for Plaintiff Federal Trade Commission*

15

16

17

18

19

20

21

22

23

24