THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF NEW YORK, STATE OF CONNECTICUT, COMMONWEALTH OF PENNSYLVANIA, STATE OF DELAWARE, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | Case No. 2:23-cv-01495-JCC<br><br>**REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS** |

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  AMAZON SEEKS *DISMISSAL*, NOT A "PARALLEL" PROCEEDING. ........................2

II.  *SINGER* CONFLICTS WITH SUBSEQUENT SUPREME COURT PRECEDENT. ..................................................................................................................3

III.  THE FTC'S TEXTUAL, HISTORICAL, AND CONSTITUTIONAL ARGUMENTS ARE ALL MERITLESS. ..............................................................................6

    A.  Section 13(b)'s Text Does Not Support the FTC's Interpretation. ..........................6

    B.  Legislative History Does Not Support the FTC's Interpretation. ...........................9

    C.  The FTC's Constitutional Avoidance Arguments Fail. ........................................11

CONCLUSION ..............................................................................................................................11

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS - i
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

**CASES**

*AMG Capital Management, LLC v. FTC*,
  593 U.S. 67 (2021)..................................................................................................... *passim*

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ................................................................................................4

*Bostock v. Clayton County, Georgia*,
  590 U.S. 644 (2020) ................................................................................................................8

*Bruesewitz v. Wyeth, LLC*,
  562 U.S. 223 (2011) ................................................................................................................9

*Cooper Indus., Inc. v. Aviall Servs., Inc.*,
  543 U.S. 157 (2004) ................................................................................................................5

*Coria v. Garland*,
  114 F.4th 994 (9th Cir. 2024) .............................................................................................3, 4

*Exxon Mobil Corp. v. Allapattah Services, Inc.*,
  545 U.S. 546 (2005) ................................................................................................................9

*FTC v. Abbott Labs.*,
  1992 WL 335442 (D.D.C. Oct. 13, 1992) ..............................................................................7

*FTC v. Elegant Solutions, Inc.*,
  2022 WL 2072735 (9th Cir. 2022) .........................................................................................4

*FTC v. Evans Products Co.*,
  775 F.2d 1084 (9th Cir. 1985) ................................................................................................7

*FTC v. H.N. Singer, Inc.*,
  668 F.2d 1107 (9th Cir. 1982) ......................................................................................*passim*

*FTC v. Hoyal & Assoc., Inc.*,
  859 Fed. App'x 117 (9th Cir. 2021) ...................................................................................4, 5

*FTC v. Mylan Labs., Inc.*
  62 F. Supp. 2d 25 (D.D.C. 1999) ............................................................................................7

*FTC v. National Urological Group, Inc.*,
  80 F.4th 1236 (11th Cir. 2023) ...............................................................................................5

*FTC v. Pukke*,
  53 F.4th 80 (4th Cir. 2022) .....................................................................................................5

*FTC v. Qualcomm Inc.*,
  969 F.3d 974 (9th Cir. 2020) ..................................................................................................7

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS - ii
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*FTC v. Simeon Mgmt. Corp.*,
    532 F.2d 708 (9th Cir. 1976) ...................................................................................2

*FTC v. U.S. Anesthesia Partners, Inc.*,
    2024 WL 5003580 (5th Cir. 2024) ...........................................................................5

*Gill v. United States*,
    2017 WL 497598 (W.D. Wa. Feb. 2, 2017) .............................................................3

*Gonzalez v. Arizona*,
    677 F.3d 383 (9th Cir. 2012) ....................................................................................3

*Humphrey's Executor v. United States*,
    295 U.S. 602 (1935) ...............................................................................................11

*Jama v. Immigration and Customs Enforcement*,
    543 U.S. 335 (2005) ..................................................................................................4

*League to Save Lake Tahoe, Inc. v. Trounday*,
    598 F.2d 1164 (9th Cir. 1979) ................................................................................10

*Microsoft Corp. v. Mountain West Computers, Inc.*,
    2015 WL 4479490 (W.D. Wa. Jul. 22, 2015) ..........................................................3

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003) ................................................................................3, 4

*Niz-Chavez v. Garland*,
    593 U.S. 155 (2021) ..................................................................................................8

*United States v. JS & A Group*,
    716 F.2d 451 (7th Cir. 1983) ....................................................................................6

*United States v. Palomar-Santiago*,
    593 U.S. 321 (2021) ..................................................................................................7

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
    529 U.S. 765 (2000) ..................................................................................................9

**STATUTES & RULES**

15 U.S.C. § 53(b) ............................................................................................... *passim*

28 U.S.C. § 1292(b) .....................................................................................................6

Fed. R. Civ. P. 12 .........................................................................................................6

Ninth Circuit Rule 36-3(a) ...........................................................................................4

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - iii
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**OTHER AUTHORITIES**

Random House Dictionary of the English Language (1967 Ed.) ....................................................... 7

Webster's Third New International Dictionary (2002 Ed.) .............................................................. 7

93 Cong. Rec. H36595 et seq. (daily ed. Nov. 12, 1973) ............................................................. 10

H.R. Rep. No. 624, 93d Cong., 1st Sess. (Nov. 7, 1973) ............................................................ 10

S. Rep. No. 93-151, 93d Cong., 1st Sess. (May 14, 1973) .................................................... 1, 9, 10

*Federal Trade Commission Reauthorization: Hearing Before the S. Comm. On Com., Sci., and Transp.*, 98th Cong. (1983) ................................................................................. 10

Brief of Appellant, *FTC v. National Urological Group, Inc.*, 2022 WL 728737 (11th Cir.) ..................................................................................... 5

Brief of Appellant, *FTC v. Pukke*, 2021 WL 5999763 (4th Cir.) .................................................................................... 5

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, *FTC v. Seven & I Holdings Co., Ltd.*, No. 1:23-cv-03600 (D.D.C.) ..................... 10

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - iv
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

## INTRODUCTION

The FTC asks the Court to interpret the "second proviso" of Section 13(b) of the FTC Act as a stand-alone grant of authority that is unrestricted by "the earlier text" of the statute, namely sub-parts 13(b)(1) and (b)(2). *See* FTC Opposition ("Opp."), ECF 399, at 9-10. But that reading, which is the linchpin for the FTC's claimed statutory authority to proceed directly in federal court in antitrust cases, has been foreclosed by the Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, 593 U.S. 67 (2021).

The FTC suggests that Amazon is overreading language in *AMG Capital* that instructs courts to read Section 13(b) "as a whole." Opp. 7. To the contrary, the expressly stated basis for the Supreme Court's holding that the FTC cannot use the second proviso to obtain monetary relief for *past* violations of law, is that to do so would be inconsistent with the *forward-looking* requirements of sub-part 13(b)(1). *See AMG Capital*, 593 U.S. at 76. That holding establishes that the second proviso is *not*, as the FTC claims, "an independent rule" untethered to the requirements found in the rest of the statute. Opp. 10. It is instead expressly limited by the conditions in sub-parts 13(b)(1) and (b)(2), including the requirement to seek injunctions only when doing so is in the interest of the public to support an administrative complaint.

The FTC also repeatedly contradicts its own past and current litigation positions in other cases. It now embraces the Senate's Report on what it calls the "prior bill," Opp. 12, while diminishing the relevance of the more contemporaneous Conference report for the actual bill cited by Amazon, *id.* at 13. But not only does that ignore the FTC's past repudiation of the Senate Report upon which it again relies, *see* Motion ("Mot."), ECF 372, at 8, it ignores *why* the FTC walked away from relying upon it in the first place. The FTC did so because the Senate report only suggests that it would have the ability to seek permanent injunctions "*in the routine fraud case*," *see* S. Rep. 93-151, at 32 (ECF 373, at 100), a statement that was decidedly

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 1
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

unhelpful to the FTC when it attempted to bring its first antitrust case in district court.[1] By re-embracing that report now to defend *Singer*,[2] the FTC not only contradicts the position it took in earlier litigation, it calls into question the very basis on which the FTC convinced courts that the authority recognized in *Singer* should be extended to complex antitrust cases like this one.

For these and other reasons more fully explained herein, Amazon's motion should be granted.

## ARGUMENT

### I.    AMAZON SEEKS *DISMISSAL*, NOT A "PARALLEL" PROCEEDING.

The FTC mischaracterizes Amazon's motion as calling for the FTC to institute a "parallel administrative proceeding"—a phrase it repeats more than a dozen times. Opp. 1-2, 4-5, 8-9, 11, 15-16, 18. That is not what Amazon is requesting.

Amazon's motion seeks exactly what its title suggests: a judgment dismissing the FTC's claims. The reason for that request is that the FTC lacks statutory authority to litigate a case on the merits directly in federal court. Mot. 13-17. The FTC cannot bring such a case in "parallel" with an administrative case, because it cannot bring one at all in federal court. All that Section 13(b) authorizes the FTC to do in federal court is to seek a preliminary or permanent injunction "*pending*" the filing, adjudication, and review of an FTC administrative case. 15 U.S.C. § 53(b)(2). That does not create "parallel" proceedings; it creates two different proceedings with different standards and potential relief. The purpose of an FTC administrative proceeding is to adjudicate the merits of a case. In contrast, the purpose of the proceeding authorized by Section 13(b) is for the FTC to seek injunctions supporting that administrative proceeding. *FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 715 (9th Cir. 1976); Mot. 4-5 & n.5. The present case, seeking a full adjudication on the merits from this Court, is wholly unauthorized by the text, structure, and history of Section 13(b).

---

[1] All emphases are added unless otherwise stated.

[2] *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982).

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 2 (Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## II. *SINGER* CONFLICTS WITH SUBSEQUENT SUPREME COURT PRECEDENT.

The FTC makes much of *Singer's* "binding" nature as a precedent from the Ninth Circuit. Opp. 2, 3, 4, 9. But no less binding are the *en banc* decisions from that Court issued in *Miller v. Gammie* and *Gonzalez v. Arizona*, which instruct district courts to disregard panel decisions like *Singer* when the "theory or reasoning" underlying them conflicts with one or more subsequent decisions of the Supreme Court.[3] Notwithstanding the FTC's suggestion that "this is a 'high standard' to meet," Opp. 5-6, it is one that the Ninth Circuit and district courts consistently follow where, as here, the Supreme Court has directed lower courts to apply a particular analysis or interpretation that was not applied in the earlier panel decision.[4]

The FTC's half-hearted attempt to argue that *Singer* and *AMG Capital* "can be read in harmony," Opp. 6, is entirely undone just a few pages later when the FTC concedes that *Singer* requires treating sub-parts 13(b)(1) and (b)(2) as conditions for the issuance of preliminary injunctions, but not for permanent injunctions sought under the "second proviso" of Section 13(b), *id.* at 9-10. That reasoning cannot be reconciled with *AMG Capital*, because the Supreme Court in that case ***applied*** sub-part 13(b)(1) to substantively limit the FTC's ability to obtain relief under the second proviso. 593 U.S. at 76. Had the Supreme Court agreed with the FTC (and with *Singer*) "that the conditions for seeking preliminary relief laid out earlier" in the statute do not "apply to the second proviso authorizing permanent relief," Opp. 10, then it would have had no basis for applying sub-part 13(b)(1) to limit the reach of that proviso. But the Court did apply it. And by doing so, it confirmed that the statute's sub-parts are requirements for permanent injunctions just as much as they are for preliminary ones, contradicting *Singer*. For

---

[3] *Miller*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*) ("*district courts* should consider themselves bound by the intervening higher authority"); *Gonzalez*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (*en banc*).

[4] *See, e.g., Microsoft Corp. v. Mountain West Computers, Inc.*, 2015 WL 4479490, *6 (W.D. Wa. Jul. 22, 2015) (concluding that a Supreme Court decision rendered a prior Ninth Circuit opinion non-controlling); *Gill v. United States*, 2017 WL 497598, *4 (W.D. Wa. Feb. 2, 2017) (same); *Coria v. Garland*, 114 F.4th 994, 1008-09 (9th Cir. 2024) (same and collecting cases); *see also* Mot. 9, 11 (citing additional cases). Importantly, the issue before this Court and the one decided by the Supreme Court "need not be identical in order to be controlling." *Coria*, 114 F.4th at 1008 (quoting *Miller*, 335 F.3d at 900).

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS - 3
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

that reason, this Court "should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion [in *Singer*] as having been effectively overruled." *Coria*, 114 F.4th at 1008 (quoting *Miller*, 335 F.3d at 893).

Finding itself unable to explain away the conflict generated by that clear holding of the Supreme Court, the FTC resorts to relying upon inconclusive *dicta* that Amazon told the Court it anticipated would be the basis for the FTC's arguments. Opp. 6-7; Mot. 8-9. But the Supreme Court's statements about how the statute "might" be read if and when a case presenting that question eventually came before it, *AMG Capital*, 593 U.S. at 76, cannot override the Court's clear holding that Section 13(b)'s sub-parts are substantive conditions that limit the availability of permanent injunctive relief, *id*. at 76-77. "Dictum settles nothing, even in the court that utters it." *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 351 n.12 (2005).

It is also simply not true that either this Court or the Ninth Circuit have "already rejected" the arguments presented in this motion. Opp. 3-4. This Court was not previously asked to decide whether the FTC has the authority to file antitrust lawsuits in federal court, and the Court's Order denying Amazon's motion to dismiss on other grounds does not create any "law of the case" applicable to this motion. Opp. 3.[5] Moreover, the two unpublished Ninth Circuit decisions upon which the FTC relies, Opp. 4, "are not precedent." *See* 9th Cir. R. 36-3(a). But even if they were, they evidence no indication of addressing, much less rejecting, any of the specific arguments made by Amazon. In one, *FTC v. Elegant Solutions, Inc.*, 2022 WL 2072735 (9th Cir. 2022), the court merely included a brief explanation of the holding in *AMG Capital*, with no indication of what the defendants had argued about it. *Id.* at *2. In the other, the court identified *Singer* as having been "overruled on other grounds," but gave no indication that the

---

[5] Even if the Court *had* directly decided this issue (which it has not), the law of the case doctrine still would not apply. *See, e.g., Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case."). The cases upon which the FTC relies, Opp. 3, apply when a *higher* court has decided an issue by necessary implication and then remanded for further proceedings, which has not occurred here.

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 4
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

1  defendants had argued that *AMG Capital* contradicted *Singer* in other ways.  *FTC v. Hoyal &*
2  *Assoc., Inc.*, 859 Fed. App'x 117, 120 (9th Cir. 2021).  These and the other cited cases, Opp. 5,
3  did not address, much less reject, Amazon's arguments here.  "Questions which merely lurk in
4  the record, neither brought to the attention of the court nor ruled upon, are not to be considered
5  as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*,
6  543 U.S. 157, 170 (2004) (quotation omitted).[6]

7  Only one appellate court has been presented with the same or similar arguments post-
8  *AMG Capital*, and its ruling is misdescribed by the FTC.  The U.S. Court of Appeals for the Fifth
9  Circuit did not "re-affirm[]" *Singer* after *AMG Capital*, and neither did it "agree[]" with the
10 decisions of other courts rendered before *AMG Capital*.  Opp. 2 n.1.  Rather, the language the
11 FTC is quoting is taken from a "Background" section in which the court was describing the
12 contents of a non-final district court order that the defendant was attempting to appeal.  *FTC v.*
13 *U.S. Anesthesia Partners, Inc.*, 2024 WL 5003580, at *2 (5th Cir. 2024) (unpublished).  The
14 Fifth Circuit dismissed that appeal without addressing the merits of the defendant's arguments,
15 because it found that the issues presented were reviewable after a final judgment.  *Id.* at *3-*4.

16 There is, accordingly, no controlling or even highly-persuasive authority subsequent to
17 *AMG Capital* to which this Court must defer.  It has a clean slate on which to consider the effect
18 the Supreme Court's decision has on the "theory [and] reasoning" underlying *Singer*.

19 Finally, *Singer* is also irreconcilable with the many Supreme Court cases cited in
20 Amazon's motion documenting the rising prominence of textualism in statutory interpretation
21 since *Singer* was decided.  Mot. 12.  The FTC's attempt to portray *Singer* as a textualist decision
22 in its own right, Opp. 8, is wholly unconvincing.  Both the district court and the Ninth Circuit in

---

[6] The FTC overstates the issues facing the Fourth and Eleventh Circuits in cases subsequent to *AMG Capital*.  Opp. 5.  In *FTC v. National Urological Group, Inc.*, 80 F.4th 1236 (11th Cir. 2023), the *defendants* argued that "§ 13(b) of the FTC Act expressly permits" the FTC to seek a permanent injunction "regardless of whether administrative action has first been taken." Appellants' Br., 2022 WL 728737, *21-*22.  In *FTC v. Pukke*, 53 F.4th 80 (4th Cir. 2022), the defendant only invoked *AMG Capital* to challenge monetary relief.  Appellant's Br., 2021 WL 5999763, *18-*19.

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS - 5
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Singer* reached key conclusions that were grounded *only* in the Senate's report on bill S.356, a tangentially-related piece of legislative history. Mot. 5-6. Those courts were not "confirm[ing]," Opp. 9, what the text already said. They were displacing the text with language from a committee report that played no role in Section 13(b)'s enactment. *Infra* at § III.B (explaining why that report has no validity as legislative history).[7]

### III. THE FTC'S TEXTUAL, HISTORICAL, AND CONSTITUTIONAL ARGUMENTS ARE ALL MERITLESS.

The FTC argues that a *de novo* interpretation of Section 13(b) should result in exactly the same reading as was reached in *Singer* and *United States v. JS & A Group*, 716 F.2d 451 (7th Cir. 1983). Opp. 9-10. But, as Amazon demonstrated, those cases openly conflict with *AMG Capital*, Mot. 15-16, and they both rely upon an incomplete and misleading understanding of the statute's legislative history, *id.* 6-7, 19-21.

#### A. Section 13(b)'s Text Does Not Support the FTC's Interpretation.

The FTC argues that a "straightforward reading of Section 13(b)" leads to the conclusion that sub-parts 13(b)(1) and (b)(2) are inapplicable to requests for a permanent injunction. Opp. 10. But there is nothing straightforward about that at all. There is no text anywhere in the statute indicating that those sub-parts apply to some portion of it, but not to the rest. Indeed, as Amazon pointed out, the language empowering the FTC to seek permanent injunctions is part of the *same sentence* as the language empowering it to seek preliminary injunctions. Mot. 16. Nowhere in that sentence is there a textual marker indicating where sub-parts (b)(1) and (b)(2) supposedly stop applying. The FTC fails to respond to that point. Instead, it argues that those

---

[7] The FTC wrongly implies that Amazon lacks confidence in its argument because it presented it to the Court in a Rule 12(c) motion rather than in its Rule 12(b)(6) motion to dismiss, Opp. 1, and because it foreshadowed its intention to seek 1292(b) certification in the event that the motion is denied, *id.* at 2 n.1. Nothing could be further from the truth. Amazon had substantial grounds to seek dismissal of every claim filed by every Plaintiff (relief that it partially obtained), whereas this motion only pertains to the FTC and merited substantial briefing that it could not have received in a combined motion. Amazon does, however, agree with the FTC that any request for 1292(b) certification "warrants full separate briefing." Opp. 2 n.1.

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 6
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

sub-parts do not apply to permanent injunctions because "no similar language is found in the second proviso[.]" Opp. 9-10. But that is meaningless, because the language of sub-parts (b)(1) and (b)(2) is *also* not found in the portion of the statute authorizing *preliminary* injunctions. Instead, those sub-parts sit atop *all* of the subsequent provisions allowing the FTC to seek injunctions, and nothing in the text draws any lines beyond which they cease to apply.

Moreover, the FTC has long insisted that sub-part *(b)(1)* applies to actions for permanent injunctions, because that is the basis upon which it expanded its litigation authority from the "routine fraud cases" originally allowed by *Singer*, to "any provision of law enforced by" the FTC, including the Sherman Act. Mot. 7-8, 14 n.16; *see FTC v. Evans Products Co.*, 775 F.2d 1084, 1086 (9th Cir. 1985) (citing sub-part (b)(1) as the reason why the FTC may seek to enjoin violations of "any provision of law" it enforces); *FTC v. Abbott Labs.*, 1992 WL 335442, *2 (D.D.C. Oct. 13, 1992) (same in an antitrust case); *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 36 (D.D.C. 1999) (same). Likewise, the Supreme Court and Ninth Circuit have established that sub-part (b)(1) applies to permanent injunctions.[8] But the FTC offers no explanation of any kind, much less a "straightforward" one, for how sub-part (b)(1) could apply to the statute's second proviso, if sub-part (b)(2) does not. After all, those two provisions are joined together by the conjunctive word "and," *see* 15 U.S.C. § 53(b)(1), creating the inescapable interpretation that wherever sub-part (b)(1) has an application, so too does sub-part (b)(2). *See United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021) ("conjunctive" term "and" is "mandatory").

In the face of that clear language, the FTC offers two other textual arguments, both of which are unavailing. First, it argues that the key to interpreting the statute in its favor lies in a single word—"*further*"—which the FTC reads as conveying that the second proviso is a "'further exception' to the main text," *rendering everything that came before it inapplicable* to

---

[8] *AMG Capital*, 593 U.S. at 76; *FTC v. Qualcomm Inc.*, 969 F.3d 974, 1005 (9th Cir. 2020).

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 7
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  permanent injunctions. Opp. 10. But "further" simply means "in addition,"[9] which is another

2  conjunctive term indicating a connection between that proviso and the preceding language (as

3  the Supreme Court already said in *AMG Capital*, 593 U.S. at 76; Mot. 14-15). The FTC's

4  interpretation requires giving "further" the opposite of its plain meaning, treating it as saying

5  something more like "unrelated to any of the preceding text." Opp. 10. The Court must construe

6  the language of the statute as an "ordinary reader" would, *Niz-Chavez v. Garland*, 593 U.S. 155,

7  161 (2021), and no ordinary reader would understand "further" to mean "unrelated."

8        Another problem with the FTC's attempt to place so much weight on the word "further"

9  is that it exacerbates the problem of the FTC claiming to find sweeping power in vague sources.

10  Mot. 17. The FTC asks "where's the mousehole?" Opp. 10-11. But that quip is no answer to

11  the uncontested fact that the entirety of Section 13(b) was enacted as an ancillary part of the

12  Trans-Alaska Pipeline legislation and that the proviso that the FTC says gave it transformative

13  powers is itself only a minor element within that ancillary provision. Mot. 3, 17. When the

14  Supreme Court asked "where's the mousehole?" in *Bostock v. Clayton County, Georgia*, its point

15  was that the statute under consideration was "a major piece of federal … legislation" that had

16  been "written in starkly broad terms." 590 U.S. 644, 680 (2020). It is difficult to imagine a less

17  apt comparison than between that major legislation, and a twenty-one-word proviso enacted as

18  part of unrelated energy legislation, the meaning of which supposedly turns on an

19  unconventional interpretation of the single word "further."

20        Second, the FTC argues that Amazon's interpretation "renders the second proviso

21  superfluous." Opp. 11. But that is not so. Under any correct interpretation of the statute, there

22  would be "proper cases" in which the FTC "after proper proof" could seek a permanent

23  injunction. 15 U.S.C. § 53(b). But those cases must also be ones in which the FTC complies

24  with the requirements of sub-parts 13(b)(1) and (b)(2), meaning that it believes someone is

---

[9] *Further*, Webster's Third New Int'l Dictionary (2002 Ed.); *Further*, Random House Dictionary of the English Language (1967 Ed.).

REPLY IN SUPPORT OF AMAZON'S RULE
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO THE FTC'S CLAIMS - 8
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

violating or is about to violate a law enforced by the FTC, and that the permanent injunction it seeks would be in the interest of the public during the adjudication or judicial review of an administrative proceeding. *Id.* §§ 53(b)(1), (b)(2). That may render the second proviso a *minor* part of the statutory scheme—as other textual and historical clues suggest it was intended to be, Mot. 17 n.19; *id.* 21—but it does not make it superfluous.[10]

### B.  Legislative History Does Not Support the FTC's Interpretation.

Without addressing its own past inconsistency on the relevance of Senate Report 93-151, *see* Mot. 7-8, the FTC argues that *Singer* was correct to rely on that report because "the operative language of the earlier bill was identical to the enacted proviso." Opp. 12. That misses the point: committee reports are only considered evidence of legislative intent when they helped inform members of Congress about what they were voting on. Mot. 20 n.24 (citing *Vt. Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 783 n.12 (2000) (committee report was "utterly irrelevant, since it was not prepared in connection with" the enacted legislation)); *see also Bruesewitz v. Wyeth, LLC*, 562 U.S. 223, 242 (2011) (same); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 568 (2005) (same). But if none of the voting members had the report in mind at the time they cast their votes, then it is evidence of nothing. *Id.* Senate Report 93-151 is of the latter type, because it concerns draft legislation that did not come up for a vote after the report was written, and when a modified version of that legislation was voted on six months later, it was accompanied by a different report that said different things. Mot. 20-21.

Moreover, *Singer* did not use the Senate report to find that "Congress authorized" permanent injunctions in some cases. Opp. 12-13. That authorization exists on the face of the statute. It used the report to reach the non-textual conclusion that in a "routine fraud case" the FTC could seek a permanent injunction even though it did not plan to institute administrative

---

[10] For example, if the FTC determined administratively that a particular trade practice was deceptive, it could submit "proper proof" of that finding and ask a district court to convert a previously-issued preliminary injunction into a permanent one.

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 9
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

proceedings. *Singer*, 668 F.2d at 1110-11. But if the FTC is back to arguing that Senate Report 93-151 contains the relevant history courts should follow, what basis does it have to bring the claims that are at issue in this case? This is not a "fraud" case, and it is also not a "routine" case. It is a complex antitrust litigation, and the FTC's ambition to pursue such cases is the very reason it long ago abandoned reliance upon Senate Report 93-151. Mot. 8. Whatever the legislative history might say about routine fraud cases, the only thing it says about antitrust cases is that the FTC did not believe it had the authority to bring them long after Section 13(b) was enacted. *See* Mot. 17 n.21; ECF 373 at 164-65.

The FTC also seeks to minimize the importance of the Conference report cited by Amazon. Opp. 13; Mot. 21. However, in other pending litigation, the FTC identifies that exact same report as containing the "'strongest evidence'" of Congressional intent for this enactment, because it "'represents the final word on the final version of the statute[.]'"[11] "[T]he expressed understanding of the Conference Committee, commended to the full Congress in the Conference Report and subsequently adopted, is not lightly to be disregarded[.]" *League to Save Lake Tahoe, Inc. v. Trounday*, 598 F.2d 1164, 1172 (9th Cir. 1979). The understanding distributed to Congress for this legislation was that Section 13(b) "relates to the standard of proof to be met by the [FTC] for the issuance of a temporary restraining order or a preliminary injunction." ECF 373 at 159. There was no mention of the FTC bypassing administrative proceedings to file cases for permanent injunctions, and thus no evidence that that is what Congress intended.

The FTC also gains no support from the expanded floor remarks of Representative Dingell that it mistakenly cites as the Senate's report. Opp. 13. Consistent with his statement, Section 13(b) *did* give the FTC more powers than it had before November 1973. It *does* "permit the FTC to go to court and ask for injunctions," something it could not do previously. *Id.* But what Representative Dingell did not say, and what no valid source says, is that Congress

---

[11] Plaintiff's Mem. of Points and Authorities in Opposition to Defendants' Motion to Dismiss, *FTC v. Seven & I Holdings Co., Ltd.*, No. 1:23-cv-03600 (D.D.C.), ECF 29, at 21 n.14 (alteration omitted).

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 10
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

understood and intended that the FTC would go to court to seek permanent injunctions that are wholly unrelated to its administrative work. That is the transformation rendered by *Singer*, and it has no basis in the statute's history.

Finally, the FTC recycles yet another argument that was expressly rejected in *AMG Capital*: the suggestion that Congress ratified its misinterpretation of Section 13(b) when it passed minor amendments to the statute in 1994. Opp. 14. When presented with the identical argument, the Supreme Court unanimously held otherwise: "Those two amendments … simply revised § 13(b)'s venue, joinder, and service rules, not its remedial provisions." *AMG Capital*, 593 U.S. at 81. "They tell us *nothing* about the words 'permanent injunction' in § 13(b)." *Id.*

### C. The FTC's Constitutional Avoidance Arguments Fail.

The FTC's response to Amazon's arguments under the canon of constitutional avoidance starts with a staggering proposition: there is only one plausible interpretation of Section 13(b), and it is the FTC's. Opp. 14. That incredible overreach ignores that since the time of its enactment there have been multiple interpretations of Section 13(b), and the FTC's current one is the least plausible of all. Mot. 4-8; 17 n.21.

Likewise, it is no answer that the Supreme Court "alone has the prerogative" of resolving constitutional concerns. Opp. 15. The canon's purpose is to interpret statutes according to the belief that Congress would not intentionally pass unconstitutional laws. Mot. 22. Had Congress given the FTC the powers it claims, it would have given it executive power that did not exist at the time *Humphrey's Executor* was decided. *Id.* This Court should not lightly reach any such conclusion.

## CONCLUSION

Amazon's motion should be granted.

//

//

//

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 11
(Case No. 2:23-cv-01495-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 4th day of February, 2025.

Respectfully submitted,

*I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Patty A. Eakes*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
　　　　molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**
Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
　　　　jschmidtlein@wc.com
　　　　khodges@wc.com
　　　　jpitt@wc.com
　　　　cmetz@wc.com
　　　　cpruski@wc.com

**COVINGTON & BURLING LLP**
Thomas O. Barnett (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com

*Attorneys for Defendant Amazon.com*

---

REPLY IN SUPPORT OF AMAZON'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FTC'S CLAIMS - 12
(Case No. 2:23-cv-01495-JCC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401