THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JCC

**AMAZON'S MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

NOTE ON MOTION CALENDAR:
March 12, 2025

*ORAL ARGUMENT REQUESTED*

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Amazon served interrogatories in July 2024 that seek basic information about the core elements of Plaintiffs' claims. Amazon's interrogatories seek information on the markets that Plaintiffs allege Amazon monopolized, various Amazon policies and practices that Plaintiffs claim are anticompetitive, the effects Plaintiffs claim Amazon's conduct has caused in the supposedly monopolized markets, and the structural remedies Plaintiffs will seek to impose on Amazon should they succeed in proving liability. Amazon's interrogatories go to the basic building blocks of Plaintiffs' monopolization claims and, after more than a year of discovery following a four-year pre-Complaint investigation, Plaintiffs can and should provide substantive responses based on the considerable information in their possession.

Plaintiffs instead have stonewalled. Standing on boilerplate objections and untenable hyper-technicalities, Plaintiffs have provided inadequate responses to three interrogatories and *no* response to another twelve, foreclosing Amazon's access to core discovery information to which it is entitled.[1] Plaintiffs' objections should be overruled and the Court should compel Plaintiffs to provide substantive responses.[2]

**ARGUMENT**

Amazon's interrogatories ask for information regarding fundamental elements that Plaintiffs must prove as part of their antitrust claims. Such topics—concerning the alleged relevant markets, alleged competitive harm in those markets, and the allegedly anticompetitive conduct challenged in the Complaint—are elements of any monopolization case and squarely inbounds for purposes of interrogatory discovery. A party may obtain discovery of any information "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P.

---

[1] Attached as Exhibit 1 to the February 19, 2025 Declaration of Carl Metz is Plaintiffs' Objections and Responses to Amazon's First Set of Interrogatories. Plaintiffs fully responded to a single interrogatory, No. 6, to which Amazon is not compelling any further answer. Amazon moves to compel Plaintiffs' responses to the balance of the interrogatories.

[2] Amazon and Plaintiffs have conferred on these issues for many months, including in two teleconferences and multiple written exchanges. Metz Decl. ¶¶ 3–5. Throughout that process, Plaintiffs have expounded at length on their objections but have never agreed to provide timely, informative responses to Amazon's interrogatories.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

26(b)(1); *see* Fed. R. Civ. P. 33(a)(2). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quotation omitted). "The purpose of interrogatories is to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial.'" *Becker v. TIG Ins. Co.*, 2022 WL 13925733, at *1 (W.D. Wash. Oct. 24, 2022) (quotation omitted).

The interrogatories at issue divide into four categories: (i) Plaintiffs' alleged antitrust markets; (ii) alleged effects in those markets; (iii) Amazon's conduct; and (iv) Plaintiffs' proposed structural remedies. Each topic targets core elements of Plaintiffs' claims, and the Federal Rules confirm that Amazon is entitled to information from Plaintiffs now to ensure that it can pursue necessary discovery and avoid unfair surprise at trial. None of Plaintiffs' objections justify their refusal to provide answers now to the interrogatories as written. They incorrectly complain that Amazon's interrogatories are "premature," seek expert testimony, or invade attorney work product. But Amazon has not done so, and instead asked Plaintiffs to identify *facts* in their possession underlying specific allegations and relating to elements Plaintiffs must ultimately prove to prevail on their theories in the case. *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3, *6 (C.D. Cal. Sept. 23, 2016).

Finally, Plaintiffs include an overarching "compoundness" objection to overcount Amazon's interrogatories and avoid providing the basic, relevant information sought by the interrogatories. Plaintiffs' overly technical position is contrary to Rule 33, which counts as a single interrogatory a request asking for multiple pieces of information on a common subject or theme. Moreover, Plaintiffs' objection is not well taken, as they served a "single" interrogatory asking Amazon to identify and describe justifications for conduct alleged in over 100 paragraphs of the Complaint. By the logic of Plaintiffs' own objection, they more than exhausted all 40 of their interrogatories in this single request, yet Amazon has responded. Plaintiffs should do the same in response to Amazon's far narrower interrogatories.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

## I. The Court Should Compel Plaintiffs to Respond to the "Market" Interrogatories.

Interrogatory Nos. 1, 8, 10, 11, 12, and 14 seek information bearing on the relevant markets alleged in the Complaint. Plaintiffs' claims under the Sherman Act, and state law equivalents, require them to establish at trial a "relevant market" in which Amazon "has market power." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008). The validity of an alleged "'relevant market' is typically a factual element," assessed and defined by reference to the product or products at issue as well as substitutes for those products, and thus should include the sellers or producers, "actual or potential," of those product substitutes. *Id.* (quotation omitted). Here, Plaintiffs allege that Amazon has market power in the "online superstore" and "online marketplace services" markets. Second Amended Complaint, ECF No. 327, ¶ 119 ("Compl.").

Amazon's interrogatories seek basic facts to understand, test, and respond to Plaintiffs' allegations. Interrogatory No. 1, for instance, asks Plaintiffs to identify the other participants in the relevant markets and their market shares, No. 11 asks when Amazon's competitors attained their status as "online superstores," and No. 12 asks whom Amazon competed with after allegedly obtaining market power. Amazon is entitled to discovery of the facts upon which Plaintiffs will rely to try to prove the existence and validity of these markets. *See Procaps S.A. v. Patheon, Inc.*, 2015 WL 1608807, at *3–4 (S.D. Fla. Apr. 10, 2015) (compelling Plaintiff to respond to interrogatory seeking market participants and shares or otherwise not rely on market share at trial). Plaintiffs, who created these alleged markets out of whole cloth, should be able to disclose the identities of the alleged participants, the dates on which they became participants, and their respective market shares.[3]

---

[3] At the eleventh hour, only after Plaintiffs had knowledge that Amazon had prepared and intended to file this motion, Plaintiffs for the first time offered to "supplement" their response to Interrogatory No. 1 by March 21. To be clear, any such "supplement" would represent Plaintiffs' first substantive answer to that interrogatory, nearly seven months after their response was due, and it would still leave the majority of Amazon's interrogatories without a substantive response. Moreover, Plaintiffs have not committed to what form their "supplement" would take, including whether it would contain factual answers to the interrogatory as drafted.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Similarly, Interrogatory Nos. 8, seeking information about purported "barriers to entry" in the alleged relevant markets, and 14, seeking information about companies that allegedly attempted to offer subscription services to compete with Amazon Prime, pursue about the details behind specific allegations that Plaintiffs injected into the case. As authors of the Complaint, Plaintiffs may fairly be asked to elaborate on "the factual basis behind the particular allegations in the amended complaint." *In re Plastics Additives Antitrust Litig.*, 2005 WL 8179862, at *2 (E.D. Pa. Mar. 28, 2005).

Although the Complaint identifies certain participants in Plaintiffs' alleged markets, it does not provide the additional information requested, indicate whether the identified companies represent a *complete* list of market participants, or indicate whether participants in the alleged markets have changed since Plaintiffs sued in September 2023. Plaintiffs provided no substantive response to any of these interrogatories and instead have stood on boilerplate objections. Plaintiffs complain, for instance, that each interrogatory is "premature" and seeks early expert discovery. *See* Ex. 1. To the contrary, the interrogatories at issue seek threshold information about Plaintiffs' claims, *see Epic Games, Inc. v. Apple Inc.*, 67 F.4th 946, 974 (9th Cir. 2023) (in most antitrust cases, a "'threshold step' is defining the relevant market"), such as when and why certain competitors became "superstores" according to Plaintiffs' understanding of that term and the timing of when Amazon supposedly became a monopolist. This type of "straightforward 'factual' contention interrogatories should be answered earlier in the discovery process." *Allergan*, 2016 WL 10719393, at *3 (quotation omitted).

Plaintiffs' reference to expert discovery is misguided. Amazon's interrogatories seek *facts*, not expert opinion. Plaintiffs do not need the assistance of experts to say, for example, which companies and subscription services were allegedly deterred from competing with Amazon Prime, as asserted in Paragraph 224 in the Complaint (Ex. 1, Resp. No. 14). And even if experts will ultimately opine on certain topics, that future expert testimony only underscores that Plaintiffs

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

must disclose responsive *factual* information already in their possession, which is what Amazon's interrogatories seek.[4]

Plaintiffs do no better by objecting on the ground that certain interrogatories seek "information more readily available to Amazon than Plaintiffs." *E.g.*, Ex. 1, Resp. No. 10. This objection assumes, incorrectly, that Amazon agrees with Plaintiffs' characterizations of the markets at issue. Amazon does not agree that it competes with only the narrow subset of the retail industry potentially represented in Plaintiffs' proposed markets, and it does not in the ordinary course of business study Plaintiffs' hypothetical and gerrymandered market definitions.

The balance of Plaintiffs' objections complains that specific phrasing in certain requests is "vague" (Ex. 1, Resp. Nos. 8, 11) or seeks information that is not relevant to some "extent" (*id.*, Resp. No. 8). Amazon respectfully submits that those general form objections do not excuse providing substantive responses and should be overruled. Regardless, even if such objections justified limited or qualified responses (for example, substantive information accompanied by Plaintiffs' understanding of the meaning of a supposedly unclear term), they do not warrant Plaintiffs' outright refusal to respond.

## II. The Court Should Compel Plaintiffs to Respond to the "Market Effects" Interrogatories.

Interrogatory Nos. 4 and 5 seek information regarding the alleged harm to competition that resulted from the Amazon practices and policies challenged in the Complaint. An antitrust plaintiff must "show that diminished consumer choices and increased prices are the result of a less competitive market due to either artificial restraints or predatory and exclusionary conduct," *FTC v. Qualcomm, Inc.*, 969 F.3d 974, 990 (9th Cir. 2020), and, here, Plaintiffs contend that certain of Amazon's practices and policies harmed competition by causing price increases by other

---

[4] Plaintiffs' response, effectively, is to tell Amazon that they will fulfill their discovery obligations later because "six months of fact discovery" remain. Ex. 2, 2/11/2025 Chukwuogo Ltr. at 2. Such a position would be totally unacceptable to Plaintiffs, who recently denied Amazon's request for the courtesy of a modest extension to respond to Plaintiffs' third set of interrogatories. Ex. 3, 2/18/2025 Baker Email. Amazon should not be made to wait for over a year for meaningful responses to their initial interrogatories.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

participants in the market.  Amazon served interrogatories asking Plaintiffs to identify who raised prices off of Amazon in response to the challenged conduct, *see* Ex. 1, Interrog. No.4, and for which products were prices raised and what would their prices be absent the alleged anticompetitive conduct, *id.* No. 5.  Despite the Complaint's allegations of sweeping marketwide effects, *e.g.*, Compl. ¶ 21 ("**Many sellers** raise their prices off Amazon to avoid punishment." (emphasis added)), in their interrogatory responses Plaintiffs identify just two sellers who supposedly raised prices due to Amazon's policies (Ex. 1, Resp. No. 4) and fail to identify any product whose retail price increased due to the challenged conduct (*id.* No. 5).  The responses are insufficient.  *See, e.g.*, *In re Urethane Antitrust Litig.*, 2009 WL 2058759, at *2 (D. Kan. July 15, 2009) (compelling response to interrogatory seeking identification of price increases resulting from alleged antitrust conspiracy).

Plaintiffs' objections largely repeat the baseless arguments addressed above.  They claim that these interrogatories are "premature," target expert opinion testimony, or seek information that Amazon already has.  Each objection fails.  These interrogatories ask for basic facts supporting contentions included in the Complaint; Amazon properly served them during fact discovery to understand the bases for Plaintiffs' claims, and to test those claims through third-party discovery, and the preparation of its own experts' reports.  *See supra* § I.

**III.    The Court Should Compel Plaintiffs to Respond to the "Conduct" Interrogatories.**

Interrogatory Nos. 2, 3,7, 9, 13, and 15 seek information about the pricing and fulfillment practices at issue in the Complaint.  Plaintiffs provided incomplete responses to Nos. 3 and 7 but otherwise refused to answer.  They should be ordered to provide complete responses to all six of these interrogatories.

A plaintiff pursuing monopolization claims must show that the defendant engaged in anticompetitive conduct, *see, e.g.*, *Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004), and here, in their 603-paragraph Complaint, Plaintiffs take issue with numerous policies Amazon has enacted to compete with other retailers, including ways in which

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Amazon features low prices, offers fast delivery, and provides a suite of services for sellers operating in Amazon's marketplace. Plaintiffs should provide in discovery the facts that they contend support these allegations of anticompetitive conduct.

Interrogatory Nos. 2, 7, and 15 ask Plaintiffs to identify competitors who engage in similar or different practices respecting third-party pricing policies, seller fees, and first-party price matching. Interrogatory No. 7 asks Plaintiffs to identify the bases for their allegation that Amazon's "take rate" is *currently* "higher than its rivals," including by identifying any specific *categories* of fees that are higher at Amazon than they are in other retail channels. In response, Plaintiffs identified a single 2017 Amazon document discussing revenue from seller fees and optional services (such as advertising and fulfillment services) in the aggregate. Ex. 1 at Resp. 7. That cursory response ignores the interrogatory's request for *current* information and fails to account (for example) for the vast amount of responsive information from Amazon's competitors in Plaintiffs' possession. Its use of aggregated information, rather than individualized fees, moreover, makes the answer uninformative. For example, sellers do not utilize advertising or fulfillment services in every retail channel, so comparing the "total" amount paid in each channel, regardless of differences in services utilized, is an apples-to-oranges comparison. Plaintiffs should amend their response to answer the question asked with actual facts that support their allegations.

Interrogatory Nos. 9 and 13 ask Plaintiffs to explain alternative means by which Amazon could have accomplished its customer-focused results without inhibiting competition. Amazon answered Plaintiffs' reciprocal interrogatories concerning the procompetitive justifications for the challenged conduct, and so Amazon asked Plaintiffs for the facts that "demonstrate that procompetitive efficiencies could be reasonably achieved through less anticompetitive means."[5]

---

[5] Interrogatory No. 9 seeks disclosure of the "less anticompetitive means" that may be relevant to Plaintiffs' affirmative case. *See* Ex. 1 at Interrog. No. 9. Plaintiffs' first interrogatory to Amazon asked it to describe "each justification Amazon contends is associated with the interrelated conduct challenged as unlawful in the Complaint." *See* Ex. 4 (Pls.' 11/14/2023 1st Interrogs. to Amazon). Although Amazon objected on the grounds that this interrogatory was premature—Plaintiffs propounded it before making any initial showing that Amazon engaged in anticompetitive conduct harming competition—compound, and improper in other respects, at Plaintiffs' insistence Amazon responded to the multiple queries posed by Interrogatory No. 1

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

*Ohio v. Am. Express Co.*, 585 U.S. 529, 541–42 (2018).  Amazon's interrogatories also ask what factors Amazon may consider when determining whether to "feature" a third-party offer in its store, bearing on Plaintiffs' possible responses to Amazon's proffered procompetitive justifications.  These are appropriate inquiries that serve to narrow the issues as the parties prepare for a future trial.  *See Becker*, 2022 WL 13925733, at *1.

Finally, Interrogatory No. 3 asks Plaintiffs to substantiate their allegations about supposed "coercive tactic[s]" involved in Amazon's order fulfillment business, by identifying the facts about specific events alluded to generically in the Complaint.  Plaintiffs' response that "*all* sellers who use FBA do so *in light* of the Amazon policies and actions challenged in the Amended Complaint," Ex. 1, Resp. No. 3, is conclusory and uninformative.  At most it states the theory behind Plaintiffs' allegations of coercion, but it is entirely nonresponsive to the interrogatory's request for *factual* information.  *See Allergan*, 2016 WL 10719393, at *3.

Plaintiffs' objections here largely conform to those discussed above and fail for the same reasons.[6]  Plaintiffs further object to Interrogatory No. 9 on the grounds that those requests invade the protection for attorney work product, but that is not correct.  First, Plaintiffs asked this same interrogatory to Amazon.  Second, the interrogatory seeks facts on which the allegations are based, which is not protected work product.  *Hernandez v. Best Buy Co., Inc.*, 2014 WL 5454505, at *6 (S.D. Cal. Oct. 27, 2014); *In re Plastics*, 2005 WL 8179862, at *2.

Likewise, Interrogatory No. 13 does not implicate Plaintiffs' attorney work product.  Plaintiffs claim that Amazon acts unlawfully by evaluating third-party seller offers based on factors such as price competitiveness, shipping times, reliability, and customer satisfaction to

---

last July and has subsequently supplemented those responses after numerous follow-on questions from Plaintiffs.  Having obtained substantive responses from Amazon concerning the same issues, there is no basis for Plaintiffs to exempt themselves from identifying "alternative means" in response to Amazon's interrogatory unless Plaintiffs provide written confirmation that do not intend to put forth alternative means as part of their case.

[6] *See supra* § I (explaining why Plaintiffs' objections that the interrogatories are "premature," improperly seek expert testimony, and seek information equally available to Amazon are meritless).

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 8
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

determine which offers should be "Featured" in its store.  The interrogatory simply asks whether Plaintiffs contend that Amazon could make "Featured Offer" decisions based on some other, lawful criteria, to identify those criteria, and describe how their implementation would affect the marketplace.  This kind of interrogatory "does not 'encroach upon an attorney's work product'" because "the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts." *Hernandez*, 2014 WL 5454505, at *6 (quotation omitted).

The Court should overrule Plaintiffs' objections and order Plaintiffs to respond to the interrogatories.

## IV. The Court Should Compel Plaintiffs to Respond to the "Remedies" Interrogatory.

Interrogatory No. 16 asks Plaintiffs to identify the remedies they will seek should they prevail at trial.  The Complaint already states that Plaintiffs intend to seek "structural relief," *see* Compl. At 167:8, but does not explain what that means.  It also says that certain Plaintiff States will seek "equitable monetary relief," *id.* at 167:13, but again does not specify what form that relief would take.  Although the Court has bifurcated liability and damages for purposes of trial, Plaintiffs must still disclose now the remedies that they presently intend to seek, as their Complaint refutes any suggestion that Plaintiffs have not yet contemplated potential remedies.  Indeed, Plaintiffs have taken all manner of discovery concerning Amazon's operations that could bear on potential structural remedies, going so far as to move to compel documents that "may provide information relevant to potential remedies." ECF No. 333, at 7.  In urging the Court to bifurcate trial on liability and damages, Plaintiffs themselves argued that "fact discovery should encompass both liability and remedy issues." ECF No. 167 at 2, 12.  There is no reason they should not now answer Amazon's interrogatory so that Amazon can pursue discovery with knowledge regarding the remedies Plaintiffs intend to seek.

Plaintiffs again erroneously invoke the work product doctrine to avoid responding to Interrogatory No. 16.  *Hernandez*, 2014 WL 5454505, at *6.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 9
(Case No. 2:23-cv-01495-JHC)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400   Fax +1.206.274.6401

### V. Amazon Has Not Exceeded the Interrogatory Limit.

In another attempt to resist providing information, Plaintiffs repeatedly object that the interrogatories are "compound" and thus urge that Amazon's 16 interrogatories actually exceed the 40-interrogatory limit set by the Court. This objection should be rejected.

First, Plaintiffs' objection to *responding* to discovery is diametrically opposite the manner in which they have *sought* information of Amazon. As noted, Plaintiffs' first interrogatory demanded Amazon's justifications for conduct described across over 100 paragraphs of the Complaint. When Amazon pointed out that Interrogatory No. 1 comprised dozens of discrete interrogatories masquerading as a single request, Plaintiffs disagreed, urging that the interrogatory was "directed at eliciting details concerning a *common theme*." Ex. 5, 4/4/2024 Stevenson Ltr. at 1 (quotation omitted). With the shoe on the other foot, they have reversed course and now artificially parse each of Amazon's interrogatories to them.

*Second*, Amazon has not exceeded the limit. Interrogatory "subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Pisciotti v. Brittingham*, 2022 WL 539092, at *2 (W.D. Wash. Feb. 23, 2022) (quotation and alteration omitted); *Homesite Ins. Co. of the Midwest v. Howell*, 2022 WL 17601176, at *2 (W.D. Wash. Dec. 13, 2022) (same). "Subparts relating to a common theme should generally be considered a single interrogatory." *Paananen v. Cellco P'ship*, 2009 WL 3327227, at *2 (W.D. Wash. Oct. 8, 2009) (quotation omitted). Plaintiffs agree that the "common theme" standard applies, yet they misapply it by treating logically and factually related sub-parts as separate, individual questions.

Take Interrogatory No. 1 for example: "Identify each and every Person that You claim participates in each of the relevant antitrust markets alleged in Your Complaint, and Identify their respective market shares for each year since 2015. *See* Am. Compl. ¶¶ 124, 188." Plaintiffs argue that this question actually constitutes "four distinct lines of inquiry," Ex. 6 11/15/2024 Chukwuogo Ltr. at 2, because they have alleged that Amazon is a monopolist in two distinct relevant markets,

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

and Amazon has asked to have the other participants in those markets be identified in two ways, by name and market share.

Courts do not endorse Plaintiffs' overly narrow view. For example, an interrogatory in an employment case that asked the respondent to identify "each" co-worker by [i] name, "[ii] dates of employment . . . , [iii] job titles of positions held, and [iv] duties and responsibilities of positions held" constituted "only one interrogatory" because each part of the question related to a common theme. *Paananen*, 2009 WL 3327227, at *3. Likewise, an interrogatory asking for the defendant's valuation of plaintiff's "medical benefits and pension benefits" was a single interrogatory because the core question was about the value of the plaintiff's benefits, and asking the response to be broken out into different categories constituted "secondary inquiries that 'relate to this common theme.'" *Rabel*, 2024 WL 197370, at *5 (quoting *Paananen*, 2009 WL 3327227, at *3); *see also In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *3 (N.D. Cal. Mar. 17, 2015) (interrogatory asking defendant "to identify actual or proposed agreements with competitors relating to pricing, material inputs, production/output levels and inventory levels" constituted one interrogatory) (quotation omitted).

Interrogatory No. 1 poses one question, regarding the relevant markets, and seeks information on a common theme. Counting that as multiple interrogatories because *Plaintiffs* chose to sub-divide their monopolization claims into two markets would punish Amazon based on Plaintiffs' decisions in drafting their Complaint. Counting No. 1 as multiple interrogatories because Amazon has asked for identification of its competitors both by name and by market share, moreover, finds no support in law. The same analysis refutes Plaintiffs' attempt to split other, single-theme interrogatories into multiple questions. *See, e.g.*, Interrog. Nos. 2 (alleged "anti-discounting" tactics); 3 (alleged "coercive tactic[s]"); 4 (alleged price increases off of Amazon).[7]

---

[7] Only Interrogatory No. 9, which seeks information about six distinct categories of information, should be construed as multiple interrogatories. But even with such treatment, Amazon is well below the 40-interrogatory cap.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 11
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

Plaintiffs' objection that Amazon has exhausted its 40 interrogatories is meritless and should be overruled. If the Court agrees with Plaintiffs' objection concerning compound interrogatories, Amazon respectfully submits that the same rule should apply equally to both sides.[8]

## CONCLUSION

Amazon's motion to compel should be granted.

DATED this 19th day of February, 2025.

Respectfully submitted,

*I certify that this memorandum contains 3,974 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000

---

[8] Under such a standard, Plaintiffs' 22 interrogatories, numerous of which contain multiple subparts, far exceeds the limit.

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 12
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

| | |
|---|---|
| 1 | Email: hhubbard@wc.com |
| 2 | jschmidtlein@wc.com |
| | khodges@wc.com |
| 3 | jpitt@wc.com |
| 4 | ereddington@wc.com |
| | cmetz@wc.com |
| 5 | ktrefz@wc.com |
| | cpruski@wc.com |

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

---

AMAZON'S MOT. TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 13
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401