1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

**CASE NO.: 2:23-cv-01495-JHC**

**PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF CONTENTS

**INTRODUCTION**................................................................................................ 1

**I.    AMAZON'S MOTION IS UNRIPE AS TO THE INTERROGATORY
RESPONSES PLAINTIFFS HAVE AGREED TO SUPPLEMENT**.......................... 2

**II.    AMAZON'S INTERROGATORIES ARE COMPOUND AND EXCEED THE 40-
INTERROGATORY LIMIT SET BY THE COURT** ................................................ 2

**III.    AMAZON'S MOTION IS PREMATURE AS TO INTERROGATORIES NOS. 9,
13, AND 16, WHICH ALSO SEEK IRRELEVANT INFORMATION** ..................... 6

**IV.    MULTIPLE AMAZON INTERROGATORIES SEEK PREMATURE EXPERT
DISCOVERY AND ARE OBJECTIONABLE FOR OTHER REASONS** ................. 9

**V.    PLAINTIFFS HAVE FULLY RESPONDED TO INTERROGATORY NO. 2** ....... 14

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - ii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

# TABLE OF AUTHORITIES

2

## **Cases**

3
*BB & T Corp. v. United States*,
  233 F.R.D. 447 (M.D.N.C. 2006) ...................................................................................... 9

4
*Cont'l Ore Co. v. Union Carbide & Carbon Corp.*,
5
  370 U.S. 690 (1962) ........................................................................................................ 15

6
*FTC v. Kroger Co.*,
  2024 WL 2805295 (D. Or. May 31, 2024) ...................................................................... 11

7
*Image Tech. Servs., Inc. v. Eastman Kodak Co.*,
  125 F.3d 1195 (9th Cir. 1997) ......................................................................................... 12

8
*In re eBay Seller Antitrust Litig.*,
9
  2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ........................................................ 7, 13, 14

10
*In re Litium Ion Batteries Antitrust Litig.*,
  2015 WL 1221924 (N.D. Cal. Mar. 17, 2015) ................................................................... 5

11
*In re Urethane Antitrust Litig.*,
  2009 WL 2058759 (D. Kan. Jul. 15, 2009) ................................................................ 10, 14

12
*Nat'l Prods., Inc. v. Aqua Box Prods., LLC*,
13
  2013 WL 12114634 (W.D. Wash. Feb. 22, 2013) ............................................................. 4

14
*Ohio v. Am. Express Co.*,
  585 U.S. 529 (2018) .......................................................................................................... 9

15
*Paananen v. Cellco P'ship*,
16
  2009 WL 3327227 (W.D. Wash. Oct. 8, 2009) ............................................................. 4, 5

17
*Pendleton v. Jordan*,
  2021 WL 3572697 (W.D. Wash. May 28, 2021) ............................................................... 4

18
*PLS.Com, LLC v. Nat'l Ass'n of Realtors*,
  32 F.4th 824 (9th Cir. 2022) .............................................................................................. 9

19
*Procaps S.A. v. Patheon, Inc.*,
20
  2015 WL 1608807 (S.D. Fla. Apr. 10, 2025) .................................................................. 12

21
*Rabel v. Univ. of Washington Med. Ctr.*,
  2024 WL 197370 (W.D. Wash. Jan. 18, 2024) .............................................................. 4, 5

22
*Robertson v. Cath. Cmty. Servs. of W. Washington*,
  2021 WL 2376610 (W.D. Wash. June 10, 2021), *aff'd*, 2022 WL 263303 (9th Cir. Jan. 27,
23
  2022) ................................................................................................................................. 4

24
*Sigman v. CSX Corp.*,
  2016 WL 7444947 (S.D. W. Va. Dec. 27, 2016) ............................................................ 14

*United States v. Anthem, Inc.*,
 2016 WL 11164045 (D.D.C. Oct. 10, 2016), *report and recommendation adopted*, 2016 WL
 11164029 (D.D.C. Oct. 14, 2016) ........................................................................................... 11

*United States v. Anthem, Inc.*,
 2016 WL 11755527 (D.D.C. Sept. 30, 2016), *report and recommendation adopted,* 2016
 WL 11755535 (D.D.C. Oct. 14. 2016) ..................................................................................... 12

*United States v. Google*,
 2024 WL 3647498 (D.D.C. Aug. 5, 2024) .................................................................................. 9

*United States v. Microsoft Corp.*,
 253 F.3d 34 (D.C. Cir. 2001) ................................................................................................. 7, 9

*Viamedia, Inc. v. Comcast Corp.*,
 951 F.3d 429 (7th Cir. 2020) ..................................................................................................... 7

*Walech v. Target Corp.*,
 2012 WL 1068068 (W.D. Wash. Mar. 28, 2012) ....................................................................... 5

*White v. Relay Res.*,
 2020 WL 758114 (W.D. Wash. Feb. 14, 2020) ........................................................................ 12

*Williams v. Perdue*,
 2020 WL 1703787 (W.D. Wash. Apr. 8, 2020) .......................................................................... 6

**Rules**

Fed. R. Civ. P. 33(a)(2) ................................................................................................................. 7

Fed. R. Evid. 702(a) ................................................................................................................... 10

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Since Amazon served interrogatories on Plaintiffs last July, Plaintiffs have engaged in good faith with Amazon's requests. Plaintiffs provided timely substantive responses where appropriate, explained their objections in detail, and sought to cooperate with Amazon to bridge the parties' respective positions without the Court's intervention. Yet after just two conferrals, Amazon now seeks that intervention, even though it has yet to respond to multiple proposals from Plaintiffs, who have already agreed to supplement their responses. Unsurprisingly, given the manifest unripeness of its motion, Amazon offers only sweeping generalizations and mischaracterizations that obscure the actual issues raised by its interrogatories.

Most fundamentally, Amazon falsely claims that it cannot pursue necessary discovery without further interrogatory responses from Plaintiffs. But the discovery record to date makes clear that is not the case. Amazon has had access to the factual information underlying Plaintiffs' complaint allegations since at least May 2024, when Plaintiffs substantially completed their production of material responsive to Amazon's requests for production, including all documents and data produced by third parties during Plaintiffs' pre-complaint investigation. Amazon is also actively pursuing discovery from multiple third parties and has superior knowledge of its own business and much of the information it demands from Plaintiffs. None of these avenues of inquiry depend on further responses to Amazon's interrogatories.

Indeed, Plaintiffs have already given sufficient answers to Amazon's interrogatories. In its motion, Amazon ignores Plaintiffs' valid objections and often mischaracterizes or glosses over the significant issues that Plaintiffs have raised. To date, the parties have encountered four key disputes. First, Plaintiffs object to multiple Amazon interrogatories as compound, resulting in a total of 48 interrogatories, well over the limit of 40 set by the Court. Next, several interrogatories are contention interrogatories that Plaintiffs cannot reasonably answer until

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Amazon provides further information in discovery. Third, several of Amazon's interrogatories

2  prematurely seek expert discovery. To the extent that they do not fall into one of these categories

3  and are not over the limit of 40 total interrogatories, Plaintiffs have already provided substantive

4  responses or offered to supplement. Finally, the parties' only true impasse is the sufficiency of

5  Plaintiffs' response to Interrogatory No. 2. Amazon contends that Plaintiffs must supplement this

6  interrogatory, but its motion never addresses what, if anything, is lacking from Plaintiffs'

7  response or what information it seeks to compel. Plaintiffs discuss each issue in turn below.

8  ## I.    AMAZON'S MOTION IS UNRIPE AS TO THE INTERROGATORY

9  ## RESPONSES PLAINTIFFS HAVE AGREED TO SUPPLEMENT

10  Critically, Amazon's motion largely ignores the fact that Plaintiffs have already agreed to

11  supplement several of their interrogatory responses. Specifically, as Amazon knew before filing

12  its motion, Plaintiffs have agreed to supplement their responses to Interrogatories Nos. 1, 3, 4, 7,

13  and 8 with additional factual information, no later than March 21, 2025. [1] *See* Ex. A.[2] Amazon's

14  motion as it relates to these interrogatories is thus unripe.

15  ## II.   AMAZON'S INTERROGATORIES ARE COMPOUND AND EXCEED THE 40-

16  ## INTERROGATORY LIMIT SET BY THE COURT

17  Plaintiffs have objected to thirteen of Amazon's sixteen interrogatories on the ground that

18  they are compound, resulting in 48 interrogatories in total, exceeding the limit of 40 agreed upon

19

20  [1] Amazon takes apparent issue with Plaintiffs' attempt to minimize disputes for the Court by supplementing their response to Interrogatory No. 1; it is not clear why this is objectionable. In

21  any event, Amazon has long known that Plaintiffs are willing to supplement their responses where appropriate, including as to Interrogatories Nos. 3, 4 ,7, and 8. *See* Amazon's Ex. 3 at 3;

22  Ex. B at 5-10.

23  [2] Citations to exhibits designated with letters refer to the exhibits attached to the Declaration of Chinwe Chukwuogo in support of Plaintiffs' Opposition to Amazon's Motion to Compel Further

24  Interrogatory Responses, filed herewith. Citations to exhibits designated with numbers refer to the exhibits attached to the Declaration of Carl Metz, Dkt. #415.

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

by the parties and set by the Court. Dkt. #161. Plaintiffs' position is supported by principles articulated in applicable case law—which Amazon itself has embraced when responding to Plaintiffs' interrogatories. It is Amazon, not Plaintiffs, that seeks to apply different rules depending on which party has served interrogatories. Plaintiffs seek the application of consistent rules for both sides.

After Plaintiffs served a single interrogatory in November 2023 asking Amazon to identify justifications for the conduct challenged in Plaintiffs' Complaint, Amazon initially declined to respond on the ground that the interrogatory comprised "at least 108 Interrogatories purporting to be one." *See* Ex. C at 6. Following months of negotiations on how interrogatories should be counted and only after the Court expressed concern about Amazon's failure to respond, Amazon responded to the interrogatory on July 31, 2024.[3] Amazon did so, however, on the express condition that the interrogatory be treated as six separate questions, stating that "[i]f Plaintiffs disagree with Amazon's approach, they should return these amended responses [.]" *See* Ex. D at 8 n. 1.

When Plaintiffs received Amazon's interrogatories, they sought to apply the same rule Amazon invoked: a single interrogatory that asks separate questions is compound. As Plaintiffs have explained to Amazon, most of Amazon's interrogatories have multiple subparts that contain separate and distinct lines of inquiry and are thus compound.[4] Plaintiffs accordingly responded substantively to Amazon's Interrogatories labeled Nos. 1 through 12, at which point Amazon

---

[3] *See* Dkt. #246; *see also* June 6, 2024 Tr. at 10:27 (The Court: "One thing that did catch my attention was the interrogatory regarding procompetitive justifications . . . I just wanted to let you know that I sort of raised my eyebrows when I saw that particular issue.").

[4] In correspondence with Amazon, Plaintiffs identified each interrogatory they considered compound, each subpart Plaintiffs considered as a separate line of inquiry, and the legal standard underpinning their objections. *See* Exhibit 6 to the Declaration of Carl Metz, Dkt. #415-1 at 2-5 ("Amazon's Ex. 6").). Amazon, however, has never substantively engaged with Plaintiffs on this matter, simply contending that Plaintiffs are misapplying the caselaw. *See* Ex. E.

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    reached its 40-interrogatory limit. No further response was required for Interrogatories Nos. 13

2    through 16. *See Robertson v. Cath. Cmty. Servs. of W. Washington*, 2021 WL 2376610, at *4-6

3    (W.D. Wash. June 10, 2021), *aff'd*, 2022 WL 263303 (9th Cir. Jan. 27, 2022) (party serving

4    interrogatories "and discrete subparts" in excess of limit could not compel responses).[5]

5           Plaintiffs' position is supported by applicable case law. Plaintiffs and Amazon appear to

6    agree that interrogatory "subparts are to be counted as one interrogatory . . . if they are logically

7    or factually subsumed within and necessarily related to the primary question." *Rabel v. Univ. of*

8    *Washington Med. Ctr.*, 2024 WL 197370, at *4 (W.D. Wash. Jan. 18, 2024). But in the instant

9    motion, Amazon ignores the corollary principle: once an interrogatory subpart "introduces a line

10   of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory

11   that precedes it, the subpart must be considered a separate interrogatory no matter how it is

12   designated." *Id.* at *13.

13          Amazon points to Interrogatory No. 1 as an example of purported overcounting, but the

14   interrogatory contains four distinct lines of inquiry. Interrogatory No. 1 asks Plaintiffs to

15   identify: (1) participants in the online superstore market; (2) participants in the online

16   marketplace services market; (3) market shares in the online superstore market; and (4) market

17   shares in the online marketplaces services market.[6] Amazon asserts that the interrogatory seeks

18   information on a common theme, "[b]ut if the first question can be answered fully and

19

20   [5] *See also Nat'l Prods., Inc. v. Aqua Box Prods., LLC*, 2013 WL 12114634, at *4 (W.D. Wash.
     Feb. 22, 2013) (responding party should object to interrogatories exceeding limit "as additional
21   interrogatories may not be served without leave of Court."); *Paananen v. Cellco P'ship*, 2009
     WL 3327227, at *4-5 (W.D. Wash. Oct. 8, 2009); *Pendleton v. Jordan*, 2021 WL 3572697, at *2
22   (W.D. Wash. May 28, 2021).

23   [6] The interrogatory states: "Identify each and every Person that You claim participates in each of
     the relevant antitrust markets alleged in your Complaint, and Identify their respective market
24   shares for each year since 2015." *See* Exhibit 1 to the Declaration of Carl Metz, Dkt. #415-1 at
     11 ("Exhibit 1").

1  completely without answering the second question, then the questions are distinct." *Paananen v.*

2  *Cellco P'ship*, 2009 WL 3327227, at *2 (citation omitted). The inquiry into one market is not

3  subsumed into the other; Plaintiffs could identify market participants in the online superstore

4  market without identifying participants in the online marketplace services market. *See Walech v.*

5  *Target Corp.*, 2012 WL 1068068, at *6 (W.D. Wash. Mar. 28, 2012) (interrogatory asking to

6  identify workplace policies, how policies applied, and how they were made known constituted

7  three interrogatories because "identifying a particular policy can be answered fully and

8  completely without identifying how the policy applied to plaintiff"). Similarly, identifying

9  market shares for each relevant market is a separate and distinct line of inquiry: Identifying firms

10  that participate in a market is an analysis that can be completed without identifying market

11  shares. Accordingly, Interrogatory No. 1 should be counted as four interrogatories. The same

12  analysis applies to twelve of Amazon's remaining interrogatories.[7]

13         The interrogatories in the cases that Amazon relies on are distinct from those at issue

14  here. In *Rabel*, for example, the court found that an interrogatory requesting a single "internal

15  valuation" of employee medical and pension benefits constituted one interrogatory. 2024 WL

16  197370, at *5. However, the court went on to find that another interrogatory seeking information

17  about (i) employees who missed work; and (ii) missed work shifts, due to COVID-19, "contains

18  two discrete subparts" and should be counted as two interrogatories. *Id.* at *6. In *In re Lithium*

19  *Ion Batteries Antitrust Litig.*, the court addressed interrogatories that included a primary question

20  and subparts that sought supporting details "concerning a common theme"—again different from

21  the interrogatories at issue here. 2015 WL 1221924, at *3 (N.D. Cal. Mar. 17, 2015).

22

23

24
[7] Plaintiffs' position on each interrogatory, as clearly communicated to Amazon, is set forth in Amazon's Ex. 6.

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's position is incoherent even as applied to its own interrogatories. Amazon

2    concedes that Interrogatory No. 9 contains multiple separate lines of inquiry. Mot. at 11 n.7.[8]

3    Despite multiple opportunities to do so, including in its current motion, Amazon has not

4    explained how its assessment of Interrogatory No. 9 is consistent with its position as to

5    Amazon's other interrogatories. Plaintiffs, by contrast, have applied the same standard for all of

6    Amazon's interrogatories.

7         Plaintiffs have repeatedly offered to try to resolve how to count interrogatories using the

8    same principles regardless of which party served the interrogatories and requested authority

9    supporting Amazon's ever-shifting positions. Amazon never seriously engaged with Plaintiffs

10   and instead filed the current motion.[9] The Court should deny Amazon's motion to compel

11   responses to Interrogatories Nos. 13-16 as exceeding Amazon's allotted 40 interrogatories.

12   **III.     AMAZON'S MOTION IS PREMATURE AS TO INTERROGATORIES NOS. 9,**

13   **13, AND 16, WHICH ALSO SEEK IRRELEVANT INFORMATION**

14        As noted above, Amazon's Interrogatories Nos. 13 and 16 exceed the limit set by the

15   Court. But even if they did not, these interrogatories seek information that Plaintiffs cannot

16   provide until Amazon produces additional information in discovery. Interrogatory No. 9, which

17   Plaintiffs have agreed to supplement after receiving further information from Amazon, presents

18   similar issues. These interrogatories also seek information that is irrelevant. The Court should

19   deny Amazon's motion as to these interrogatories on these additional grounds.

20

21   [8] Interrogatory No. 9 seeks, for each anticompetitive practice challenged in Plaintiffs' complaint, identification of "alternative means of achieving the same ends." *See* Amazon's Ex. 1, Resp. 9.
22   Amazon concedes that this should be treated as six separate questions; Plaintiffs have counted seven lines of inquiry.

23   [9] Amazon has not established "that [its] efforts to meet and confer resulted in a genuine impasse" on how to count Amazon's interrogatories, given that Amazon has never explained why Interrogatory No. 9 is differently situated than its other compound interrogatories. *Williams v.*
24   *Perdue*, 2020 WL 1703787, at *1 (W.D. Wash. Apr. 8, 2020).

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Interrogatories Nos. 9, 13, and 16 are contention interrogatories that call on Plaintiffs to describe less restrictive alternatives they may assert at trial and remedies that Plaintiffs may seek during the remedies phase of the bifurcated proceedings. Interrogatories seeking "an opinion or contention" subject to ongoing discovery "need not be answered until designated discovery is complete." Fed. R. Civ. P. 33(a)(2). For good reason, courts "tend to deny contention interrogatories" unless discovery is almost complete. *See In re eBay Seller Antitrust Litig*., 2008 WL 5212170, at *4 (N.D. Cal. Dec. 11, 2008) (denying motion to compel response to contention interrogatory as premature).

Plaintiffs cannot reasonably answer these interrogatories until Amazon provides further information in discovery, including documents related to its asserted procompetitive justifications. In a monopolization case, once a plaintiff successfully establishes a prima facie case demonstrating that challenged conduct is anticompetitive, the monopolist may proffer a "procompetitive justification" for its conduct. Only *after* "the monopolist asserts a procompetitive justification" does the burden shift "back to the plaintiff to rebut that claim." *United States v. Microsoft Corp*., 253 F.3d 34, 59 (D.C. Cir. 2001). "This burden-shifting has evolved based on which party has access to the various categories of evidence and information, with any evidence of procompetitive justifications likely to be under the defendant's control." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 464 (7th Cir. 2020).

Plaintiffs have diligently sought discovery into Amazon's procompetitive justifications and information that will inform potential less restrictive alternatives. Plaintiffs served their Interrogatory No. 1, seeking information into Amazon's procompetitive justifications, in November 2023, and served document requests relevant to Amazon's claimed justifications on February 1, 2024. *See* RFP No. 294 (calling for "All Documents relating to any justification Amazon contends is associated with the interrelated conduct challenged as unlawful in the

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Complaint"), Ex. F at 79-80; *see also* RFP No. 375 (calling for "All Documents relating to any

2   alternatives to Seller Fulfilled Prime that Amazon evaluated, considered, proposed, studied,

3   analyzed, or tested, whether or not such alternatives were adopted"), Ex. G at 16. Amazon did

4   not serve a substantive response to Interrogatory No. 1 until July 2024, Ex. D at 17, and

5   significantly supplemented its response on February 14, 2025, Ex. H at 1. Amazon's production

6   of custodial documents is ongoing and is not scheduled to be complete until March 24, 2025.[10]

7   Plaintiffs will need time to review and evaluate what could be a large volume of documents, and

8   may need further information from depositions, before they can reasonably answer

9   Interrogatories Nos. 9 and 13.

10          Interrogatory No. 16, seeking information about potential remedies, is similarly difficult

11  to answer until Amazon provides further information in discovery. When the Court bifurcated

12  remedy and liability proceedings in this case, it recognized the economy in considering specific

13  remedies, if merited, only in the context of specific liability findings after trial. Dkt. #289 at 51.

14  At this time Amazon has not even completed its production of documents and Plaintiffs have not

15  been able to conduct depositions that might touch on information related to potential remedies.

16  *See, e.g.*, RFP No. 376 (calling for documents relating to remedies Amazon considered or took in

17  response to antitrust enforcement actions in other jurisdictions), Ex. G at 16-17.

18          These interrogatories are also improper because they seek information that is not relevant

19  to this case, to the extent they demand Plaintiffs identify "any alternative means of achieving"

20  Amazon's allegedly procompetitive ends "without inhibiting competition" (No. 9), or "every

21  factor [Plaintiffs] believe Amazon permissibly can take into account" (No. 13). Plaintiffs need

22

23  ────────────

[10] With Amazon's recent request to extend its deadline to provide a privilege log for the Initial
24  Set, *see* Dkt. #421, it may be even longer before Plaintiffs are able to review Amazon's complete
    production.

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  only show that any legally cognizable, non-pretextual procompetitive efficiencies could be

2  achieved by "less anticompetitive means." *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th

3  824, 834 (9th Cir. 2022) (quoting *Ohio v. Am. Express Co.*, 585 U.S. 529, 542 (2018)). Plaintiffs

4  are not required to identify *every* factor Amazon can take into account, as Amazon demands.

## IV.     MULTIPLE AMAZON INTERROGATORIES SEEK PREMATURE EXPERT DISCOVERY AND ARE OBJECTIONABLE FOR OTHER REASONS

7        Amazon's Interrogatories Nos. 5, 10-12, 14, and 15 seek information that is subject to

8  expert discovery. Setting aside Plaintiffs' plans to supplement their responses, as Amazon does,

9  the same is true of Interrogatories Nos. 1, 4, 7, and 8. Premature contention interrogatories

10  seeking expert discovery are frequently discouraged by courts, where the parties anticipate

11  producing expert reports that "will touch on the very contentions at issue," as Plaintiffs intend to

12  do here. *BB & T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006). Plaintiffs have

13  already provided substantive responses to these interrogatories to the extent they do not seek

14  expert discovery and are not over the 40-interrogatory limit. Amazon's demand for additional

15  information is premature until this case reaches expert discovery.

16        Interrogatory No. 5, for example, asks Plaintiffs to "identify every product for which

17  retail prices were raised as a result of the alleged anticompetitive conduct, and the prices for

18  which they would have been available but-for the alleged anticompetitive conduct." As a

19  threshold issue, this interrogatory seeks information that is not relevant to any claims or defenses

20  in this case. Plaintiffs are not required to prove competitive conditions "but for" Amazon's

21  anticompetitive conduct to show that Amazon violated the law. *See, e.g.*, *United States v. Google*,

22  2024 WL 3647498, at *104 (D.D.C. Aug. 5, 2024) (quoting *United States v. Microsoft*, 253 F.3d

23  at 79). However, to the extent any answer to Interrogatory No. 5 is warranted, that answer is a

24  matter for expert discovery. Amazon's request to identify every product for which retail prices

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    were raised as a result of the alleged conduct encompasses millions of unique products. *See*

2    Second Amended Complaint, Dkt. #326 ("SAC"), at ¶ 69. The only way for Plaintiffs to feasibly

3    respond to this question is through analyzing data from both Amazon and relevant third parties.

4    This is well within the scope of an expert's opinion as requiring "technical or other specialized

5    knowledge" to respond to Amazon's interrogatory. Fed. R. Evid. 702(a).

6        As noted above, Plaintiffs have agreed to supplement their response to Interrogatory

7    No. 4 with additional factual information, making Amazon's motion unripe. But to the extent

8    Amazon seeks more, this interrogatory presents a similar issue to No. 5. It directs Plaintiffs to

9    "identify every Person that raised its prices in a retail store other than Amazon in response to any

10   of the alleged anticompetitive conduct, the product(s) [and] the store(s) in which they raised

11   prices, and when that occurred." Plaintiffs have already identified third parties who testified that

12   Amazon's policies do not allow them to discount product prices on other online retailers and

13   testified to raising their prices in stores other than Amazon in response to Amazon's

14   anticompetitive conduct, Amazon's Ex. 1, Resp. 4, and have agreed to supplement that response.

15   To the extent Amazon is demanding an answer that addresses market-wide price impacts from

16   Amazon's conduct, that again is a matter for expert discovery.

17       Amazon's reliance on *In re Urethane Antitrust Litigation* is misplaced. Mot. at 6. There,

18   defendants served an interrogatory seeking information about specific price increases known to

19   plaintiffs that provide the basis for their contentions. *See* 2009 WL 2058759, at *1 (D. Kan. Jul.

20   15, 2009). By contrast, Amazon's interrogatories seek information that is unknown to Plaintiffs

21   and necessarily entails expert analyses.

22       Interrogatories Nos. 10-12 and 15 seek detailed information about market definition

23   topics, such as the dates market participants entered the relevant markets. *See* Amazon's Ex. 1,

24   Resp. 10-12, 15. Amazon tries to paint these requests as merely seeking factual information, but

PLAINTIFFS' OPPOSITION TO AMAZON'S                    **FEDERAL TRADE COMMISSION**
MOTION TO COMPEL FURTHER RESPONSES                    600 Pennsylvania Avenue, NW
TO ITS FIRST SET OF INTERROGATORIES - 10              Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                            (202) 326-2222

1  that ignores the underlying analyses necessary to respond. Because a "disclosure of the bases and

2  methodologies of market analysis necessarily implies an application of antitrust law to facts[,]

3  [t]his type of discovery is more appropriately reserved for the expert discovery period." *FTC v.*

4  *Kroger Co.*, 2024 WL 2805295, at *8 (D. Or. May 31, 2024). While Plaintiffs have agreed to

5  supplement their response to Interrogatory No. 1 with additional *factual* information, *supra* § I,

6  to the extent Amazon seeks information subject to expert analysis, this interrogatory presents

7  similar issues.

8         In their interrogatory responses, Plaintiffs described the characteristics of the relevant

9  markets and referenced estimated market shares. *See* Amazon's Ex. 1, Resp. 1. Plaintiffs have

10  also produced documents and data that were sources of their complaint allegations, and offered

11  to consider providing additional factual information if Amazon could explain what it believed

12  was missing from Plaintiffs' responses. Amazon's Ex. 6 at 2. Amazon did not respond to that

13  offer.

14         Amazon's complaint that it needs more information "to understand, test, and respond to

15  Plaintiffs' allegations," Mot. at 3, is baseless. Amazon already has all the non-privileged

16  information underlying the allegations in Plaintiffs' Complaint. Amazon regularly conducts

17  extensive benchmarking and analysis of other ecommerce retailers and has equal access to

18  information provided by third parties in discovery. The information provided by Plaintiffs,

19  combined with the information already in Amazon's possession, is enough for Amazon to

20  conduct any reasonable discovery regarding market definition.[11] Tellingly, Amazon has

21  subpoenaed at least eleven online stores, issuing several of those before Plaintiffs. *See* C.

22  Chukwuogo Decl. at ¶¶ 3, 4. Accordingly, Amazon's motion to compel as to these interrogatories

23

24  _____

[11] Additionally, the Court has set aside over four months for expert-related discovery allowing
Amazon ample time to prepare its case on these issues. Dkt. #159 at 2-3.

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

should be denied. *See United States v. Anthem, Inc.*, 2016 WL 11164045, at *5 (D.D.C. Oct. 10,

2016), *report and recommendation adopted*, 2016 WL 11164029 (D.D.C. Oct. 14, 2016)

(denying motion to compel interrogatory response related to relevant markets because defendant

"has access to all of the underlying data upon which the United States based its market share and

HHI calculations."); *see also United States v. Anthem, Inc.*, 2016 WL 11755527, at *5, *8

(D.D.C. Sept. 30, 2016) (denying motion to compel because "[m]arket shares are not themselves

'facts' in the traditional sense of the word, but instead a legal and economic interpretation of

other underlying facts"), *report and recommendation adopted*, 2016 WL 11755535 (D.D.C. Oct.

14, 2016).

Amazon relies on *Procaps S.A. v. Patheon, Inc.* to assert that it is "entitled to discovery of

the facts upon which Plaintiffs will rely to try to prove the existence and validity of these

markets." However, the *Procaps* parties had already exchanged their expert reports. 2015 WL

1608807, at *3 (S.D. Fla. Apr. 10, 2025). To the extent *Procaps* has any bearing here, it supports

*Plaintiffs'* position, not Amazon's.[12]

---

[12] Interrogatories Nos. 10, 12, and 15 are subject to other objections. Interrogatories Nos. 10 and 12 call for information that is not relevant to the extent they require Plaintiffs to identify precisely when Amazon became a monopolist. Plaintiffs claim Amazon has unlawfully *maintained* monopoly power in the relevant markets. Plaintiffs are not "required to do independent research in order to acquire information merely to answer interrogatories," as opposed to providing information it "would gather . . . in the preparation of its own case." *Procaps*, 2015 WL 1608807 at *2 (cleaned up). *See also White v. Relay Res.*, 2020 WL 758114, at *3 (W.D. Wash. Feb. 14, 2020). Interrogatory No. 15 is functionally over the limit set by the Court, *supra* § II, and seeks information subject to ongoing third-party discovery, *supra* § III. It also calls for information that is not relevant or proportional to the needs of the case, to the extent it seeks information about "each firm . . . that does not engage in a practice of matching competitors' prices." Amazon's Ex. 1, Resp. 15. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1217 (9th Cir. 1997) (behavior practiced by other market participants "can take on exclusionary connotations when practiced by a monopolist.") (quotations omitted).

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs have agreed to supplement Interrogatories Nos. 7 and 8 with additional factual

2 information, *supra* § I, but like other interrogatories, Amazon's arguments suggest that it expects

3 information subject to expert analysis. Interrogatory No. 7 seeks information on the "take rate"

4 of Amazon's competitors.[13] Plaintiffs have already responded to the first inquiry in the

5 interrogatory and provided the basis for Amazon's "take rate" being "higher than its rivals." Ex.

6 1, Resp. 7. The interrogatory otherwise demands information about "every fee or cost" that is

7 assessed at a lower rate to sellers in channels outside Amazon. Many fees and costs assessed to

8 sellers change depending on the year, seller, or product. Plaintiffs' experts will rely on data,

9 documents, and testimony to study fees and costs assessed to sellers.

10    Plaintiffs also object to Interrogatory No. 7 as placing an undue burden on Plaintiffs to

11 calculate and provide information that is not relevant to Plaintiffs' claims. *See In re eBay Seller*

12 *Antitrust Litig.,* 2008 WL 5212170, at *3 (limiting discovery "if it can be obtained from another

13 source or the burden or expense of the proposed discovery outweighs its likely benefit.").

14 Plaintiffs have not alleged anything about the "component[s]" of Amazon's take rate, *see* SAC at

15 ¶ 254, nor are Plaintiffs required to show the different components of Amazon's take rate to

16 support their allegations. Amazon's request imposes an undue burden on Plaintiffs when

17 Amazon is in the same, if not better, position as Plaintiffs to acquire the requested information.

18 Amazon has access to the same discovery as Plaintiffs and dedicates significant resources to

19 competitive intelligence and gathering information about other marketplaces.

---

[13] Amazon's demand for this information is also premature because fact discovery is ongoing. Plaintiffs have not yet received materials from many third parties necessary to inform Plaintiffs' complete responses. *See In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 (denying motion to compel interrogatories in part because document production was not complete and "the tentative nature" of interrogatory responses "generated at this stage would be of questionable value to the goal of efficiently advancing the litigation").

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Similarly, Interrogatories No. 8, which Plaintiffs have also agreed to supplement with

2    factual information (*supra* § I), and No. 14, which is over the limit (*supra* § II), seek information

3    about potential market participants and barriers to entry that are properly subject to expert

4    analysis. Interrogatory No. 8 seeks information about prospective entrants to the relevant markets

5    and barriers to entry, while Interrogatory No. 14 seeks information about firms that have

6    "struggled to make serious inroads" or faced barriers to entry with subscription services

7    comparable to Amazon's Prime. In antitrust cases, it is routine for parties to rely on expert

8    opinion regarding potential barriers to entry. *See, e.g.*, *In re Urethane Antitrust Litig.*, 152 F.

9    Supp. 3d 357, 361 (D.N.J. 2016) (Plaintiff's expert "examined the scope of the relevant market,

10   the market share held by relevant suppliers, [and] barriers to entry"). Here, Plaintiffs' experts will

11   analyze potential barriers to entry and their expert reports will render these contention

12   interrogatories moot. *See Sigman v. CSX Corp.*, 2016 WL 7444947, at * 2 (S.D. W. Va. Dec. 27,

13   2016) (denying motion to compel responses to contention interrogatories where expert reports

14   had not yet been exchanged).[14]

15   **V.    PLAINTIFFS HAVE FULLY RESPONDED TO INTERROGATORY NO. 2**

16   Plaintiffs acknowledge that they have reached impasse on Amazon's Interrogatory No. 2.

17   But tellingly, Amazon does not address the parties' specific disagreement over the sufficiency of

18   Plaintiffs' response. Interrogatory No. 2 asks Plaintiffs, "For each purported 'anti-discounting

19   tactic' alleged in [Plaintiffs'] Complaint, Identify each and every Third Party [Plaintiffs] know or

20   have a reason to believe has also engaged in one or more of the "same or similar 'tactics.'"

21

22   [14] As with Interrogatory No. 7, Plaintiffs cannot fully respond to Amazon's demand that
     Plaintiffs "[i]dentify how [a] prospective entrant intended and was prepared to enter [] a market"

23   (No. 8) or to "[d]escribe all of the reasons that [a firm] 'struggled to make serious inroads,' (No.
     14) when fact discovery is ongoing and relevant third parties have not completed their document

24   productions to Plaintiffs. *See supra* § III; *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at
     *2.

PLAINTIFFS' OPPOSITION TO AMAZON'S             **FEDERAL TRADE COMMISSION**
MOTION TO COMPEL FURTHER RESPONSES                 600 Pennsylvania Avenue, NW
TO ITS FIRST SET OF INTERROGATORIES - 14              Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                              (202) 326-2222

Plaintiffs have fulfilled their obligation to answer Interrogatory No. 2 as it is written. Plaintiffs are not aware of any third party that engages in the "same" or "similar" tactics as laid out in Plaintiffs' Complaint. Plaintiffs have alleged that Amazon uses "an interwoven set of algorithmic and contractual tactics" to suppress price competition and maintain Amazon's monopolies, all of which rely on "Amazon's massive web-crawling apparatus that constantly tracks online prices." SAC ¶¶ 259-260. In addition, as Plaintiffs have previously explained, "the various components of Amazon's scheme work together to perpetuate Amazon's monopoly position." They cannot "be judged by dismembering [the scheme] and viewing its separate parts, but only by looking at it as a whole." *See* Plaintiffs' Opp. to Amazon's Mot. to Dismiss, Dkt. #149 (Feb. 6, 2024) at 7 (citing *Cont'l Ore Co. v. Union Carbide & Carbon Corp*., 370 U.S. 690, 699 (1962)). Plaintiffs' response is straightforward: Plaintiffs are not aware of any third party that engages in the "same" anti-discounting conduct described in the SAC, or in "similar" conduct.

Amazon does not address what, if anything, is lacking from Plaintiffs' response, or what additional information it seeks to compel from Plaintiffs. The Court should deny Amazon's request to compel a further response to Interrogatory No. 2: Plaintiffs have satisfied their obligation to respond and Amazon has provided no argument to the contrary in its Motion.

Dated this 6th day of March, 2025.

*I certify that this brief contains 4,889 words, in compliance with Dkt. #428.*

s/ Chinwe Chukwuogo
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
CHINWE CHUKWUOGO (DC Bar # 1617332)
SHIRA STEINBERG (NY Reg. # 5695580)

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
          (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
          etakashima@ftc.gov
          cchukwuogo@ftc.gov
          ssteinberg1@ftc.gov


*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 16
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

*s/ Michael Jo*

Michael Jo (admitted *pro hac vice*)

2

Assistant Attorney General, Antitrust Bureau

New York State Office of the Attorney

3

General

28 Liberty Street

4

New York, NY 10005

Telephone: (212) 416-6537

5

Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

6

*s/ Victoria Field*

7

Victoria Field (admitted *pro hac vice*)

Assistant Attorney General

8

Office of the Attorney General of Connecticut

165 Capitol Avenue

9

Hartford, CT 06016

Telephone: (860) 808-5030

10

Email: Victoria.Field@ct.gov

*Counsel for Plaintiff State of Connecticut*

11

*s/ Alexandra C. Sosnowski*

12

Alexandra C. Sosnowski (admitted *pro hac vice*)

13

Assistant Attorney General

Consumer Protection and Antitrust Bureau

14

New Hampshire Department of Justice

Office of the Attorney General

15

One Granite Place South

Concord, NH 03301

16

Telephone: (603) 271-2678

Email: Alexandra.c.sosnowski@doj.nh.gov

17

*Counsel for Plaintiff State of New Hampshire*

18

*s/ Robert J. Carlson*

Robert J. Carlson (admitted *pro hac vice*)

19

Assistant Attorney General

Consumer Protection Unit

20

Office of the Oklahoma Attorney General

15 West 6th Street, Suite 1000

21

Tulsa, OK 74119

Telephone: (918) 581-2885

22

Email: robert.carlson@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

23

24

*s/ Timothy D. Smith*

Timothy D. Smith, WSBA No. 44583

Senior Assistant Attorney General

Antitrust and False Claims Unit

Oregon Department of Justice

100 SW Market St

Portland, OR 97201

Telephone: (503) 934-4400

Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*

Jennifer A. Thomson (admitted *pro hac vice*)

Senior Deputy Attorney General

Pennsylvania Office of Attorney General

Strawberry Square, 14th Floor

Harrisburg, PA 17120

Telephone: (717) 787-4530

Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*

Michael A. Undorf (admitted *pro hac vice*)

Deputy Attorney General

Delaware Department of Justice

820 N. French St., 5th Floor

Wilmington, DE 19801

Telephone: (302) 683-8816

Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*

Christina M. Moylan (admitted *pro hac vice*)

Assistant Attorney General

Chief, Consumer Protection Division

Office of the Maine Attorney General

6 State House Station

Augusta, ME 04333-0006

Telephone: (207) 626-8800

Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Schonette Walker*
    Schonette Walker (admitted *pro hac vice*)
2   Assistant Attorney General
    Deputy Chief, Antitrust Division
3   Office of the Maryland Attorney General
    200 St. Paul Place
4   Baltimore, MD 21202
    Telephone: (410) 576-6473
5   Email: swalker@oag.state.md.us
    *Counsel for Plaintiff State of Maryland*
6
    *s/ Katherine W. Krems*
7   Katherine W. Krems (admitted *pro hac vice*)
    Assistant Attorney General, Antitrust Division
8   Office of the Massachusetts Attorney General
    One Ashburton Place, 18th Floor
9   Boston, MA 02108
    Telephone: (617) 963-2189
10  Email: katherine.krems@mass.gov
    *Counsel for Plaintiff Commonwealth of*
11  *Massachusetts*

12  *s/ Scott A. Mertens*
    Scott A. Mertens (admitted *pro hac vice*)
13  Assistant Attorney General
    Michigan Department of Attorney General
14  525 West Ottawa Street
    Lansing, MI 48933
15  Telephone: (517) 335-7622
    Email: MertensS@michigan.gov
16  *Counsel for Plaintiff State of Michigan*

17  *s/ Zach Biesanz*
    Zach Biesanz (admitted *pro hac vice*)
18  Senior Enforcement Counsel
    Office of the Minnesota Attorney General
19  445 Minnesota Street, Suite 1400
    Saint Paul, MN 55101
20  Telephone: (651) 757-1257
    Email: zach.biesanz@ag.state.mn.us
21  *Counsel for Plaintiff State of Minnesota*

22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Stephen N. Provazza*
    Stephen N. Provazza (admitted *pro hac vice*)
2   Special Assistant Attorney General
    Chief, Consumer and Economic Justice Unit
3   Department of the Attorney General
    150 South Main Street
4   Providence, RI 02903
    Telephone: (401) 274-4400
5   Email: sprovazza@riag.ri.gov
    *Counsel for Plaintiff State of Rhode Island*
6
    *s/ Sarah L.J. Aceves*
7   Sarah L.J. Aceves (admitted *pro hac vice*)
    Assistant Attorney General
8   Public Protection Division
    Vermont Attorney General's Office
9   109 State Street
    Montpelier, VT 05609
10  Telephone: (802) 828-3170
    Email: Sarah.Aceves@vermont.gov
11  *Counsel for Plaintiff State of Vermont*

12  *s/ Caitlin M. Madden*
    Caitlin M. Madden (admitted *pro hac vice*)
13  Assistant Attorney General
    Wisconsin Department of Justice
14  Post Office Box 7857
    Madison, WI 53707-7857
15  Telephone: (608) 267-1311
    Email: maddencm@doj.state.wi.us
16  *Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO AMAZON'S
MOTION TO COMPEL FURTHER RESPONSES
TO ITS FIRST SET OF INTERROGATORIES - 19
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222