1          THE HONORABLE JOHN H. CHUN

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

FEDERAL TRADE COMMISSION, et al.,            Case No. 2:23-cv-01495-JCC
10
              Plaintiffs,
11                                           **AMAZON'S REPLY IN SUPPORT OF**
                                             **MOTION TO COMPEL FURTHER**
       v.                                    **RESPONSES TO ITS FIRST SET OF**
12                                           **INTERROGATORIES**
AMAZON.COM, INC., a corporation,
13
              Defendant.
14

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiffs' Opposition ("Opp."), ECF 434, to Amazon's Motion to Compel ("Mot."), ECF 414, only serves to confirm the necessity of this Court's intervention to compel Plaintiffs to comply with their discovery obligations by serving substantive interrogatory responses.

## I.    PLAINTIFFS CAN AND SHOULD PROVIDE FACTUAL INFORMATION UNDERLYING THEIR ALLEGATIONS NOW.

Last Friday, the Court heard presentations from the parties concerning the economic theories raised by Plaintiffs' novel and sweeping lawsuit. Although the parties fundamentally disagree on the merits, there is no disagreement that this lawsuit squarely puts at issue contested questions of market definition, pricing and fulfillment practices implemented by Amazon and its competitors, and the effects on competition of the conduct challenged in the Complaint. Yet despite this conceded relevance, Plaintiffs still refuse to provide basic facts underlying their theories in response to interrogatories Amazon served last July.

Amazon explained how its interrogatories target fundamental building blocks of Plaintiffs' claims and seek factual information underlying their allegations. *See* Mot. 4-10. This is information that Plaintiffs presumably have had since they filed their Complaint. In the main, Plaintiffs do not disagree that the material Amazon seeks is relevant. They instead erroneously complain that the interrogatories seek "expert" opinion (they do not) in an effort to defer their responses, and throw up every possible roadblock to avoid providing factual information. Their arguments are without merit.

Plaintiffs' general concerns about invading expert territory are mistaken. They rely on *BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006), but neglect to mention that the court there ordered protection from "contention <u>depositions</u> of a party's attorneys" in part <u>because</u> "a motion to compel answers to the interrogatories was not first pursued," *id.* at 449 (emphasis added). And Plaintiffs find no better support in *FTC v. Kroger Co.*, 2024 WL 2805295 (D. Or. May 31, 2024), because the interrogatories at issue there self-consciously sought expert testimony. *See id.* at \*2 ("[The interrogatory] requests 'all facts, documents, and data,' including

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

economic and legal analysis, that form the basis of plaintiffs' claim that the proposed merger will have an anticompetitive effect in supermarket markets."). Amazon's interrogatories are nothing of the sort. The market interrogatories, for example, seek basic facts about the *Plaintiffs'* alleged markets, such as their participants and market shares.[1]  *See* Mot. 4-6.

Amazon is entitled to the factual information in Plaintiffs' possession—which they necessarily had to form a Rule 11 basis for their allegations, and certainly obtained in connection with their four-year pre-Complaint investigation—so that Amazon can take necessary fact discovery, including from third-party market participants, and its experts can prepare reports based on evidence in the case. Plaintiffs concede, as they must, that they have some information about the content of their alleged markets, Opp. 11, yet they have limited their interrogatory responses concerning the alleged market to the superficial and incomplete overview disclosed in the Complaint, ECF 415 at 14-15, Resp. No. 1. Rather than providing all factual information in their possession, they suggest that Amazon should wait and see what facts Plaintiffs disclose in expert discovery. But such a sequence reverses the ordinary course of discovery and would severely prejudice Amazon's ability to pursue necessary discovery and then prepare expert reports that comprehensively analyze the facts in the case.[2]

Plaintiffs likewise should be compelled to respond to interrogatories concerning the pricing and fulfillment conduct challenged in the Complaint. With respect to Interrogatory Nos. 4 through 6, concerning alleged price increases, Plaintiffs conflate the concrete elements they must prove with their obligation to provide "information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.

---

[1] Plaintiffs argue that the date when Amazon supposedly became a monopolist is "irrelevant" for their monopoly maintenance claim. *See* Opp. 12 n.12. Regardless of what Plaintiffs intend to prove in their own case, Amazon needs the answer to that question in order to understand how Plaintiffs are defining its alleged monopoly power, so that they can know what it is they are accused of maintaining. If Plaintiffs do not know, they should say so in response to Amazon's interrogatories.

[2] The fact that Amazon has subpoenaed certain, possible competitors, *see* Opp. 11, is a non-sequitur unless Plaintiffs will confirm, in a verified interrogatory response, that those subpoena recipients reflect the totality of the alleged markets.

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2005) (quotation omitted).  To the extent Plaintiffs believe the response lies in voluminous records, they are free to invoke Rule 33(d) and identify specific documents with responsive information. But the fact that there are many documents in discovery, a problem largely of Plaintiffs' own creation, does not excuse them from responding to Amazon's interrogatories.[3]

Plaintiffs apparently agree that they can and should answer Interrogatory No. 7, which seeks facts underlying Plaintiffs' allegation that components of Amazon's "take rate" are higher than those of its competitors.  *See* Opp. 13.  The comparison Amazon has requested requires basic addition and subtraction—for example, are referral fees on Amazon higher or lower than referral fees on another channel, and by how much?  Plaintiffs' existing response is non-responsive to that question because it consists of outdated, aggregate information that does not allow for the apples-to-apples comparison the interrogatory calls for.

## II.    AMAZON'S MOTION IS RIPE AND NECESSARY.

Plaintiffs' suggestion that Amazon's motion is not ripe is misguided.  Plaintiffs stated in October that they would supplement their responses to just two of Amazon's interrogatories, yet, five months later, they still have not done so.  Plaintiffs did not budge further until Amazon explained its conclusion that a motion to compel was necessary.[4]  That does not show that the motion is unnecessary or unripe.  To the contrary, it illustrates why after months of refusals by Plaintiffs, moving to compel was the only step that would move things forward.

Moreover, Plaintiffs' offers to "supplement" are caveated with continued objections on relevance, numerosity, prematurity, and other grounds.  *See* ECF 415, at 48.  As explained here

---

[3] Plaintiffs' assertion that interrogatories requesting information about price increases (Nos. 4 & 5) call for expert testimony is wrong.  Opp. 10.  Amazon seeks "the material or principal facts which support [Plaintiffs'] contentions" concerning purported effects of the alleged conduct.  *In re Urethane Antitrust Litig.*, 2009 WL 2058759, at *2 (D. Kan. July 15, 2009) (citation omitted).  "Although plaintiffs' expert *may* identify additional price-increase announcements that support plaintiffs' claims, plaintiffs may not shirk their duty of answering [interrogatories] now with whatever information they have."  *Id.* (citation omitted; emphasis in original).

[4] *Compare, e.g.,* ECF 435-2, at 2 (asserting in late January that "Plaintiffs have satisfied their obligations to answer interrogatory number 1 at this time."), *with* ECF 414 at 3 n.3 (explaining that Plaintiffs had finally offered to respond to that interrogatory only after Amazon said it was moving to compel).

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 3
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1 and in Amazon's opening motion, these objections are meritless. Moreover, while Plaintiffs have

2 said that their experts are continuing to evaluate the answer to that question, that does not relieve

3 them of the obligations to have an existing factual basis for their allegations and to identify that

4 basis in discovery. *See* Fed. R. Civ. P. 11; Mot. 2.

5 **III.    AMAZON'S INTERROGATORIES ARE NOT OVERLY NUMEROUS.**

6          Plaintiffs argue that they are "seek[ing] the application of consistent rules for both sides"

7 regarding how interrogatories count toward the overall limit of 40. Opp. 3. Yet, their argument

8 that the Court should follow an objection that Amazon made in December 2023 and later did not

9 press, *id.*, shows that is not the case. While it is true that Amazon objected to Plaintiffs' first

10 interrogatory as being excessively compound (because it asked Amazon to justify over 100 alleged

11 facts), *id.*, the parties resolved that objection and Amazon agreed to count a re-stated version of

12 the interrogatory as containing just <u>six</u> discrete inquiries. Plaintiffs have since served other

13 interrogatories with multiple sub-parts that could easily be counted as exceeding 40

14 interrogatories—and yet Amazon answered them as well. A "consistent" rule would be for

15 Plaintiffs to (finally) do the same.

16          There is also no mystery as to why Amazon counts Interrogatory No. 9 as containing six

17 distinct inquiries, but all others as containing one each. Opp. 6. Interrogatory No. 9 is the mirror

18 image of Plaintiffs' Interrogatory No. 1, and it therefore logically covers the same number of topics

19 and should be counted equally. The other interrogatories are different because they all target

20 specific, individual subject matter and thus relate to a "common theme." Mot. 11-12. Amazon's

21 Interrogatory No. 3 asks Plaintiffs to provide information concerning alleged "coercion" by

22 Amazon "involving its order fulfillment business," No. 7 asks Plaintiffs to describe the fees and

23 costs that they believe are assessed at a lower rate to sellers in other retail channels, and No. 8

24 seeks information about claimed "barriers to entry" that exist for Plaintiffs' alleged relevant

25 markets.

26

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 4
(Case No. 2:23-cv-01495-JHC)

1    Plaintiffs agree that Amazon's motion cites the correct legal standard.  Mot. 10; Opp. 4.

2  But they misapply that caselaw by parsing interrogatories into multiple closely-related questions

3  and labeling them all "distinct."  Opp. 4-5.  That is not how courts apply this standard, as Amazon's

4  citations showed.  Mot. 11 (citing cases that counted multiple inquiries on a common theme to

5  count as just one interrogatory).[5]  For example, Interrogatory No. 3, mentioned above, asks

6  Plaintiffs to identify persons, products, fulfillment providers, and dates relevant to each instance

7  of alleged "coercion."  ECF 415 at 17-18, Interrog. No. 3.  Plaintiffs claim this constitutes "four

8  separate questions," presumably because Amazon asked for four logically-subsumed components

9  of each occurrence of alleged coercion.  But Plaintiffs' cases refute their request to atomize

10  Amazon's interrogatories.[6]  *See Paananen v. Cellco P'ship*, 2009 WL 3327227, at *3 (W.D. Wash.

11  Oct. 8, 2009) (cited in Opp. 3) ("This interrogatory also only inquires into one distinct area:

12  Verizon's backup procedures.  The types of media storage, their size and brand, which computers

13  are backed up, and the timing of those backups are all secondary inquiries subsumed within the

14  primary inquiry.").

15  **IV.    INTERROGATORIES NO. 9, 13, AND 16 ARE NOT "PREMATURE."**

16    Plaintiffs' argument that three of Amazon's requests are "premature," Opp. 7, at this stage

17  more than a year into discovery, lays bare their efforts to stall their own discovery obligations.

18  The FTC has been in possession of discovery from Amazon since 2019.  Plaintiffs filed their

19  Complaint four years later, while in the possession of millions of pages of documents and dozens

20  of deposition transcripts.  Discovery has been underway in the case itself for more than a year,

21

22  [5] Plaintiffs argue that Amazon has not explained that position, Opp. 6, but to the contrary, it did so by letter
23  on October 15, in a telephonic meet and confer held on October 18, and in a subsequent email sent on
December 18.

24  [6] Likewise, Interrogatory No. 7 targets the subject of fees charged by other retailers and includes "secondary
inquiries"—the fee or cost, its amount, and third parties with knowledge of facts relating to Plaintiffs'
25  allegations about seller fees—that are not separate interrogatories.  And Interrogatory No. 8 seeks
subsidiary information—potential entrants, the "barrier" that prevented each from coming to market, and
26  an explanation of how each prospective entrant was prepared to launch—bearing on the distinct topic of
barriers to entry.

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

with Amazon producing millions more pages of documents.  Plaintiffs have had years to discover the bases for their claims, and to contemplate what remedies they intend to seek if they succeed in proving their claims.[7]  Indeed, Plaintiffs asked for a vague set of remedies when they filed the Complaint more than a year ago, and Amazon is simply asking them to say what that meant so that they can take discovery into the feasibility of any proposed remedies (No. 16), or less restrictive means (Nos. 9 and 13).[8]

Plaintiffs' principal justification for shirking their obligation to answer these three interrogatories is that they have served massive discovery of Amazon.  *See* Opp. 7-9.  But Amazon's considerable efforts to produce millions of pages of documents in response to nearly 400 requests for production only reinforces that Plaintiffs must now perform their corresponding duty to answer Amazon's much more limited requests of them.  The substantial material available to Plaintiffs makes their reliance on *eBay*, in which the court refused to compel responses to contention interrogatories <u>before document productions had even begun</u>, misplaced.  2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).

Finally, Plaintiffs complain that interrogatories going to less-anticompetitive alternatives or potential remedies are "irrelevant."  *See* Opp. 8-9.  Even if Plaintiffs were correct that they need only show one or some less anticompetitive alternatives to prevail under rule of reason analysis, that does not relieve them of their obligation to disclose in discovery all facts in their possession about such less anticompetitive alternatives.  Amazon, like Plaintiffs, is entitled to discovery of any information "relevant to any party's claim or defense and proportional to the needs of the

---

[7] Moreover, "straightforward 'factual' contention interrogatories should be answered earlier in the discovery process." *In re Allergan, Inc. Securities Litig.*, 2016 WL 10719393, *3 (C.D. Cal. Sept. 23, 2016) (quotation omitted).

[8] Plaintiffs' objection is particularly unfounded for Interrogatory No. 9 since Amazon told them its competitive justifications last July and recently supplemented that response to provide even more information.  And Plaintiffs ignore that they urged the Court that "fact discovery should encompass both liability and remedy issues," Mot. 10 (quoting ECF 167), only to turn around the next year and refuse to provide remedies discovery.

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 6
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  case," Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 33(a)(2), and its discovery rights are not limited

2  by how Plaintiffs might or might not choose to present their case at trial.

3  **V.    PLAINTIFFS DELIBERATELY MISREAD INTERROGATORY NO 2.**

4       Interrogatory No. 2 asks Plaintiffs, "[f]or each purported 'anti-discounting tactic' alleged

5  in Your Complaint, Identify each and every Third Party You know or have a reason to believe has

6  also engaged in one or more of the same or similar 'tactics.' See, e.g., Am. Compl. ¶¶ 7, 229, 259,

7  414, 415." Plaintiffs' response essentially is that "no one" engages in any tactic similar to those

8  alleged because "no one" else is a monopolist. *See* ECF 415 at 15-17, Resp. No. 2. That is plainly

9  non-responsive to the interrogatory posed, and improperly presumes that Plaintiffs will prove their

10  claims. Plaintiffs are free to make whatever legal argument they want about the consequence of

11  other market participants engaging in similar conduct, *see* Opp. 15, but, for purposes of fact

12  discovery, they must answer the interrogatory as written.

13  **CONCLUSION**

14       Amazon respectfully requests that its motion to compel be granted.

15       DATED this 12th day of March, 2025.

16            Respectfully submitted,

17            *I certify that this memorandum contains 2,416*
          *words, in compliance with the Local Civil Rules.*

18

19            **MORGAN, LEWIS & BOCKIUS LLP**

20            By: *s/ Molly A. Terwilliger*
          Patty A. Eakes, WSBA #18888

21            Molly A. Terwilliger, WSBA #28449
          1301 Second Avenue, Suite 3000

22            Seattle, WA 98101
          Phone: (206) 274-6400

23            Email: patty.eakes@morganlewis.com
                 molly.terwilliger@morganlewis.com

24            **WILLIAMS & CONNOLLY LLP**

25            Heidi K. Hubbard (*pro hac vice*)

26            John E. Schmidtlein (*pro hac vice*)
          Kevin M. Hodges (*pro hac vice*)

AMAZON'S REPLY ISO MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET OF
INTERROGATORIES - 7
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
            jschmidtlein@wc.com
            khodges@wc.com
            jpitt@wc.com
            ereddington@wc.com
            cmetz@wc.com
            ktrefz@wc.com
            cpruski@wc.com

### COVINGTON & BURLING LLP

Thomas O. Barnett (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
            kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401