1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION ET AL., | CASE NO. 2:23-cv-01495-JHC |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS XIV, XV, AND XIX |
| v. | |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant Amazon's Motion to Dismiss Counts XIV, XV, and XIX of Plaintiffs' Second Amended Complaint. Dkt. # 340. Plaintiffs New Jersey and Pennsylvania claim that Amazon violates the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-2, by engaging in unconscionable commercial practices (Count XIV), Dkt. # 327, 144–46, ¶¶ 513–23; the NJCFA by knowingly concealing material facts (Count XV), *id.* at 147–49, ¶¶ 524–33; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (PUTPCPL), 73 Pa. Cons. Stat. §§ 201-1–201-10, by engaging in unfair methods of competition and unfair or deceptive acts (Count XIX), Dkt. # 327 at 152–64, ¶¶ 545–95. Amazon seeks dismissal of these claims under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted.  The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law.  Being fully advised, the Court GRANTS the motion and dismisses Counts XIV, XV, and XIX with prejudice.

## II
### BACKGROUND

The Federal Trade Commission (FTC), various states, and Puerto Rico sued Amazon for violating federal and state antitrust laws, Section 5 of the FTC Act, 15 U.S.C. § 45(a), and state consumer protection laws.  Dkt. # 289 at 1–2.  Pertinent here, Plaintiffs New Jersey and Pennsylvania claimed that Amazon violated: (1) the NJCFA by engaging in unconscionable commercial practices and deception, *id.* at 30–31; and (2) the PUTPCPL by engaging in monopolistic behavior and by misrepresenting that its pricing is fair, *id.* at 34–35.

Amazon moved to dismiss these claims in Plaintiffs' first amended complaint for failure to state a claim.  *Id.*  The Court dismissed the NJCFA and PUTPCPL claims without prejudice and granted leave to amend.  *Id.* at 30–37, 50–51.  Pennsylvania moved for reconsideration of the Court's dismissal of its PUTPCPL claim, and the Court denied the motion.  Dkt. ## 306; 308.  Plaintiffs filed a second amended complaint, in which New Jersey and Pennsylvania amended their NJCFA and PUTPCPL claims.  Dkt. # 327 at 144–46, 152–64, ¶¶ 513–23, 545–95.  New Jersey also asserts a new NJCFA claim, alleging that Amazon knowingly concealed material facts.  *Id.* at 147–49, ¶¶ 524–33.

New Jersey and Pennsylvania's NJCFA and PUTPCPL claims focus on Amazon's use of its Project Nessie algorithm.  They allege as follows: In the early 2010s, Amazon found that when it raises prices for products, many other online store competitors will also raise their prices. *Id.* at 127–28, ¶ 421. Amazon created Project Nessie, an algorithm that predicts the likelihood

that another online store will match Amazon's price increases.  *Id.* at 128, ¶ 422.  To increase its profits, Amazon began using Project Nessie in 2014 to focus its price increases on products that were also sold by online stores likely to match Amazon's prices.  *Id.* at 127–28, ¶¶ 421–22.  Because these online stores generally matched Amazon's price increases, shoppers were less likely to realize that they were paying inflated prices.  *Id.* at 127–28, ¶ 421.  Amazon temporarily turned Project Nessie "off" during periods of increased media focus and customer traffic, after which Amazon turned it back "on" to make up for lost profits.  *Id.* at 129–30, ¶¶ 428–29.

### III
### DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes all well-pleaded factual allegations as true and determines whether the complaint "state[s] a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1]  *Id.*  Although the Court draws all reasonable inferences in favor of Plaintiffs, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A.    New Jersey Consumer Fraud Act Claims

The NJCFA prohibits "any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . in connection with the sale or advertisement of

---

[1] The parties dispute whether NJCFA claims "must be alleged with particularity under a heightened pleading standard." Dkt. # 371 at 13–14.  The Court need not reach this issue because even under the usual pleading standard, New Jersey fails to state claims under the NJCFA.

any merchandise." N.J. Stat. Ann. § 56:8-2. New Jersey alleges that Amazon engages in unconscionable commercial practices and knowing concealment of material facts by covertly using Project Nessie to inflate its prices. Dkt. # 327 at 145–48, ¶¶ 519–20, 530–32.

1.     Unconscionable commercial practices (Count XIV)

New Jersey does not state a claim that Amazon's use of Project Nessie is unconscionable under the NJCFA. For conduct to be unconscionable, it must have the capacity to mislead. New Jersey suggests that because the NJCFA is disjunctive, "unconscionable" must have a meaning entirely distinct from that of other prohibited acts such as "deception." But New Jersey courts have held that, as with other conduct that is unlawful under the NJCFA, "capacity to mislead is the prime ingredient of . . . an unconscionable commercial practice." *Sickles v. Cabot Corp.*, 877 A.2d 267, 276 (N.J. Super. Ct. App. Div. 2005) (quoting *Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 16 (N.J. 1977)).

One federal district court suggests in dicta that by "prime ingredient," the Supreme Court of New Jersey means that capacity to mislead is a typical feature, rather than an indispensable element, of an NJCFA claim because "the [NJCFA] should be construed liberally in favor of consumers." *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 194 & n.54 (D. Me. 2004) (quoting *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 461 (N.J. 1994)). But because "unconscionable" appears in a list, it must, to some degree, "be equated with the concepts of deception, fraud, false pretense, misrepresentation, concealment and the like, which are stamped unlawful under [the NJCFA]." *Kugler v. Romain*, 279 A.2d 640, 652 (N.J. 1971). Although courts define unconscionability on a "case-by-case basis," the concept is most applicable when a commercial practice has the capacity to mislead a consumer who lacks the "ability to negotiate in a meaningful fashion." *Id.* at 651–52.

New Jersey raises three theories of unconscionability, none of which are persuasive. First, New Jersey says that Amazon's conduct is unconscionable because it uses Project Nessie to charge "exorbitant prices."  Dkt. # 371 at 13 (quoting *Skeer v. EMK Motors, Inc.*, 455 A.2d 508, 512 (N.J. Super. Ct. App. Div. 1982)).  But even if charging exorbitant prices alone were unconscionable, Amazon uses Project Nessie to charge prices that other online stores would match.  Dkt. # 327 at 128, ¶¶ 422–23.  Because Amazon uses Project Nessie to charge prices that adhere to "market forces present in our capitalist society," such conduct is not plausibly unconscionable.  *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 416–17 (D.N.J. 2014). New Jersey tries to distinguish *Yingst* by pointing out that Amazon extracted over a billion dollars in profits, Dkt. # 327 at 129, ¶ 425, but cites no authority suggesting that making exorbitant profits through a series of lawful transactions is unconscionable under the NJCFA.

Second, New Jersey conflates its claims in asserting that Amazon "misleads" consumers by not disclosing its use of Project Nessie.  Whether Amazon has a duty to disclose its use of Project Nessie relates to New Jersey's claim of knowing concealment, not unconscionability. For conduct to have the capacity to mislead for unconscionability purposes, an agreement must be "so one-sided as to 'shock the conscience' of the court."  *Yingst*, 63 F. Supp. 3d at 416 (quoting *Travelodge Hotels, Inc. v. Honeysuckle Enters., Inc.*, 357 F. Supp. 2d 788, 801 (D.N.J. 2005)).  Amazon's use of Project Nessie is not one-sided as to other online stores or purchasers of Amazon's products.  Project Nessie merely predicts the likelihood that other online stores will follow an Amazon price increase.[2]  Dkt. # 327 at 127–28, ¶¶ 421–22.  And because Amazon uses

---

[2] New Jersey alleges that Amazon uses "seller punishment tactics and high seller fees" to force sellers "to use Amazon's inflated prices as a price floor everywhere else in the marketplace, resulting in online shoppers facing artificially higher prices even when shopping somewhere other than Amazon." Dkt. # 327 at 146, ¶ 521.  But New Jersey does not explain in its response how this allegation is enough to state a claim of unconscionability under the NJCFA.  *See* Dkt. # 371 at 12–18.

Project Nessie to raise its prices before a consumer buys a product, the consumer can buy the product from a different seller at the same or lower price. To be sure, consumers may not find lower prices because other online stores match Amazon's prices. But this results from broader market forces, not conduct that plausibly has the capacity to mislead consumers who lack "real bargaining" power.[3] *Kugler*, 279 A.2d at 652.

Finally, New Jersey contends that because it adequately states a claim under the New Jersey Antitrust Act (NJAA), N.J. Stat. Ann. §§ 56:9-1–56:9-19,[4] it also states a claim of unconscionability under the NJCFA. New Jersey says that *Sickles*, which observes that anticompetitive conduct must have a capacity to mislead to be unconscionable, 877 A.2d at 276–77, is outdated because of subsequent legislation. In *Sickles*, a purchaser of tires filed a class action against companies that produce, manufacture, and sell a primary ingredient in tires. *Id.* at 269. In dismissing the plaintiff's NJCFA claim, the court noted that there was "nothing inherently misleading in defendants' alleged acts of controlling the supply and overcharging for the price-fixed products." *Id.* at 277. The court also held that the plaintiff lacked standing because allowing him to sue under the NJCFA would allow an end-run around the NJAA, which did not grant standing to indirect purchasers like the plaintiff. *Id.*

After the *Sickles* decision, the New Jersey Legislature allowed indirect purchasers to sue under the NJAA, N.J. Stat. Ann. § 56:9-12, and amended the NJCFA to provide that "any commercial practice that violates State or federal law is conclusively presumed to be an unlawful practice under [§ 56:8-2]." N.J. Stat. Ann. § 56:8-4(b). These legislative developments,

---

[3] Because New Jersey does not adequately allege that Amazon's use of Project Nessie has the capacity to mislead for unconscionability purposes, the Court need not reach whether New Jersey must also allege a specific deceptive statement.

[4] *See* Dkt. # 289 at 44–45.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COUNTS XIV, XV, AND XIX - 6

however, did not eliminate the requirement that for conduct to be unconscionable under the NJCFA, it must have the capacity to mislead. That indirect purchasers can now sue under the NJAA does not mean that any NJAA claim is also cognizable under the NJCFA. And even if a violation of state or federal antitrust laws creates a presumption of an unlawful practice under the NJCFA, Amazon has rebutted that presumption by showing that its use of Project Nessie does not have the capacity to mislead consumers.

Thus, the Court dismisses with prejudice New Jersey's claim that Amazon engages in unconscionable commercial practices under the NJCFA (Count XIV).

2.      Knowing concealment of material facts (Count XV)

New Jersey does not adequately allege that Amazon violates the NJCFA by knowingly concealing its use of Project Nessie from consumers. For there to be knowing concealment, a defendant must have a duty to disclose the facts that are withheld. *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 542–43 (N.J. Super. Ct. App. Div. 2003). "Duty is a question of law" that "must be determined in light of the factual circumstances." *Id.* at 542. Even if a business has a duty to disclose that it is charging significantly more than the value of a product, *see, e.g.*, *In re NorVergence, Inc.*, 384 B.R. 315, 359–60 (Bankr. D.N.J. 2008), New Jersey does not allege that Amazon uses Project Nessie to drastically inflate prices. Nor does New Jersey allege facts showing that Amazon has a duty to disclose to consumers how it sets its prices. *See BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *8 (D.N.J. Oct. 24, 2024) (no duty to disclose that charges were inflated to produce a profit).

Thus, the Court dismisses with prejudice New Jersey's claim that Amazon violates the NJCFA by knowingly concealing material facts (Count XV).

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COUNTS XIV, XV, AND XIX - 7

B.      Pennsylvania Unfair Trade Practices and Consumer Protection Law Claim (Count XIX)

The PUTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  73 Pa. Cons. Stat. § 201-3(a).  Pennsylvania contends that Amazon violates the PUTPCPL by (1) failing to disclose its use of Project Nessie; (2) making misleading statements in its Price Matching Policy; and (3) violating Section 5 of the FTC Act.

1.      Failure to disclose material facts

Pennsylvania fails to state a claim that Amazon violates the PUTPCPL by failing to disclose its use of Project Nessie.  Failure to disclose a material fact can be deceptive conduct. *See Com., by Creamer v. Monumental Properties., Inc.*, 329 A.2d 812, 829–30 (Pa. 1974).  But for "silence to be actionable there must be a duty to speak."  *Zwiercan v. Gen. Motors Corp.*, 2002 WL 31053838, at *2 (Pa. Com. Pl. Sept. 11, 2002).  Pennsylvania contends that Amazon has a duty to disclose its use of Project Nessie because it is anticompetitive conduct.

Although failure to disclose anticompetitive conduct can violate the PUTPCPL, Amazon does not have a duty to disclose its use of Project Nessie.  In *Anadarko Petrol. Corp. v. Commonwealth*, the court held that failure to disclose anticompetitive conduct can violate § 201-2(4)(xxi), a catch-all provision of the PUTPCPL that prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 206 A.3d 51, 61 (Pa. Commw. Ct. 2019) (en banc), *aff'd in part, rev'd in part sub nom. Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934 (Pa. 2021); *see also Connecticut v. Sandoz, Inc.*, 2024 WL 4753308, at *22–23 (D. Conn. Nov. 12, 2024) (relying on *Anadarko*). But in *Anadarko*, the plaintiff alleged that the defendant failed to disclose a joint venture agreement and a market allocation agreement.  206 A.3d at 66 (Covey, J., concurring in part and

DISMISS COUNTS XIV, XV, AND XIX - 8

dissenting in part).  Because Project Nessie is a predictive pricing tool rather than an agreement, its use is too attenuated from any anticompetitive ends to be subject to a duty to disclose.

### 2.    Misleading statements

Pennsylvania also fails to state a claim that Amazon violates the PUTPCPL by making misleading statements in its Price Matching Policy.  Under the PUTPCPL, "deception need not be an outright false statement; representations of implied claims that are false is deceptive even if the explicit claims are true."  *Com. ex rel. Corbett v. Peoples Benefit Servs., Inc.*, 895 A.2d 683, 694 (Pa. Commw. Ct. 2006) (citing *Miller v. Am. Fam. Publishers*, 663 A.2d 643 (N.J. Super. Ct. Ch. Div. 1995)).  Amazon tells consumers that it does not offer price matching because it "consistently works toward maintaining competitive prices," "strive[s] to maintain low and competitive prices," and "constantly compare[s] [its] prices to [its] competitors' prices to make sure that [they] are as low or lower than all relevant competitors."  Dkt. # 327 at 154–55, ¶¶ 558– 59.  Although these statements are generally true because Amazon uses Project Nessie to raise— but not exceed—the floor of prices in the marketplace, Pennsylvania asserts that these statements are misleading because they imply that Amazon offers uninflated prices.

Amazon's bare statements that it offers low and competitive prices are not actionable under the PUTPCPL.  Pennsylvania does not point to a direct statement by Amazon that it offers low prices, but merely to Amazon's justifications for not offering a price matching policy.  These justifications cannot be construed as claims that Amazon sets prices free from anticompetitive influence.  Because they are "vague promises of cost savings and competitive rates" rather than "measurable factual assertions" about its products, Amazon's justifications are non-actionable puffery.  *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 416–17 (E.D. Pa. 2016); *cf. Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1024 (Pa.

2018) (a nursing home's promises to provide food, water, and clean linens are not puffery as a matter of law because consumers could take these promises seriously).

       3.      Violation of Section 5 of the FTC Act

       Pennsylvania contends that because Plaintiffs' challenge to Project Nessie under Section 5 of the FTC Act survived the previous motion to dismiss, Dkt. # 289 at 22–27, its PUTPCPL claim should also proceed. The Court rejected this contention in its previous order dismissing Pennsylvania's PUTPCPL claim, *id.* at 34–37, and in its order denying Pennsylvania's motion for reconsideration, Dkt. ## 306; 308. Pennsylvania says that the law of the case does not bar this contention because it alleges new factual allegations and clarifies the elements to state its claim. Even if the law of the case does not apply, this contention is unpersuasive.

       Pennsylvania relies on two Pennsylvania Supreme Court decisions. In *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 881 (Pa. 2007), the court cited 1 Pa. Cons. Stat. § 1932, which provides, "(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things" and "(b) Statutes in pari materia shall be construed together, if possible, as one statute." Pennsylvania says that the FTC Act and the PUTPCPL are *in pari materia* because the Pennsylvania Supreme Court has observed that "in all relevant respects the language of section 3 of the [PUTPCPL] and section 5 of the FTC Act is identical." *Monumental Properties*, 329 A.2d at 462. Thus, Pennsylvania contends that violating Section 5 of the FTC Act also violates the PUTPCPL.

       But even if a state statute can be *in pari materia* with a federal statute under 1 Pa. Cons. Stat. § 1932, *Monumental Properties* does not hold that the PUTPCPL is *in pari materia* with the FTC Act. In *Monumental Properties*, the court considered "whether the [PUTPCPL] covers allegedly unfair or deceptive practices *in connection with the leasing of housing*." 329 A.2d at 815 (emphasis added). The court was concerned with whether the subject matter of leases—not

1    specific unfair or deceptive practices—fell under the PUTPCPL.  By contrast, the issue here is

2    whether Amazon's use of Project Nessie is an unfair or deceptive practice under the PUTPCPL.[5]

3           Whereas the FTC Act does not define "unfair or deceptive acts," the PUTPCPL prohibits

4    "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any

5    trade or commerce *as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act*

6    *and regulations promulgated under section 3.1 of this act*."  73 Pa. Cons. Stat. § 201-3(a)

7    (emphasis added).  Thus, the court in *Anadarko* concluded that "the scope of actionable antitrust

8    behavior under the [PUTPCPL] is narrower than under federal antitrust law."  206 A.3d at 60.

9    Although § 201-2(4)(xxi) of the PUTPCPL is a catch-all provision, it is limited to "fraudulent or

10   deceptive conduct which creates a likelihood of confusion or of misunderstanding."  Because

11   conduct that does not involve fraud or deception does not fall under this catch-all provision, the

12   Court agrees with other courts that have relied on *Anadarko* to hold that claims of pure

13   anticompetitive conduct are not actionable under the PUTPCPL.  *See In re HIV Antitrust Litig.*,

14   2023 WL 3006572, at *4 & n.2 (N.D. Cal. Apr. 18, 2023).

15          Contrary to Pennsylvania's assertions, *Anadarko*'s interpretation of the PUTPCPL

16   adheres to *Ash* and *Monumental Properties*.  In *Ash*, the court concluded that the PUTPCPL and

17   the bad faith insurance statute, 42 Pa. Cons. Stat. § 8371, are not *in pari materia* because unlike

18   the PUTPCPL, which reaches a broad range of conduct, the bad faith insurance statute "applies

19   only in limited circumstances."  932 A.2d at 881–82.  Similarly, the FTC Act is not *in pari*

20

21   _____

         [5] For this reason, the Court rejects Pennsylvania's assertion that anticompetitive conduct must fall
22   within the reach of the PUTPCPL because the statute does not expressly exclude antitrust claims.
     Pennsylvania relies on an observation in *Monumental Properties* that "[w]hen the Legislature deemed it
23   necessary to make an exception from the Law's scope, it did so in clear language."  329 A.2d at 815 n.5.
     But the court made this statement in the context of observing that the PUTPCPL expressly excludes entire
     "classes of transactions," such as an exception for printers acting in good faith.  *Id.*  The court did not
24   hold that the lack of an exception for a type of unfair or deceptive act implies that such conduct is
     actionable under the PUTPCPL.

     ORDER GRANTING DEFENDANT'S MOTION TO
     DISMISS COUNTS XIV, XV, AND XIX - 11

*materia* with the PUTPCPL because the FTC Act, unlike the PUTPCPL, does not define unfair or deceptive acts.  And although the court in *Monumental Properties* declined to hold that the canon of *ejusdem generis* constrains the scope of the PUTPCPL's catch-all provision, the court held that the catch-all provision—which "was designed to cover generally all unfair and deceptive acts or practices"—is intended to reach a broad range of fraudulent, rather than anticompetitive, conduct.  329 A.2d at 826–27.

Thus, the Court dismisses with prejudice Pennsylvania's claim that Amazon violates the PUTPCPL (Count XIX) by allegedly failing to disclose its use of Project Nessie, making misleading statements in its Price Matching Policy, and violating Section 5 of the FTC Act.

## IV
### CONCLUSION

For these reasons, the Court GRANTS Amazon's Motion to Dismiss.  The Court DISMISSES Counts XIV, XV, and XIX of Plaintiffs' Second Amended Complaint with prejudice.

Dated this 20th day of March, 2025.

John H. Chun
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COUNTS XIV, XV, AND XIX - 12