1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | CASE NO. 2:23-cv-01495-JHC <br><br> ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Amazon's Rule 12(c) Motion for Judgment on the Pleadings as to the FTC's Claims. Dkt. # 372. The Federal Trade Commission (FTC), various states, and Puerto Rico sued Amazon for violating federal and state antitrust laws, Section 5 of the FTC Act, 15 U.S.C. § 45(a), and state consumer protection laws. Dkt. # 289 at 1–2. Amazon contends that the FTC lacks statutory authority to seek a permanent injunction in federal district court without a pending administrative proceeding and thus judgment should be entered for Amazon on all the FTC's claims. The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. For the reasons below, the Court DENIES the motion.

The FTC relies on Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to sue directly in federal district court without a pending administrative proceeding. Dkt. # 327 at 17, ¶ 46. Section 13(b) provides:

> (b) Temporary restraining orders; preliminary injunctions
>
> Whenever the Commission has reason to believe—
>
> (1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and
>
> (2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—
>
> > the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however,* That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: *Provided further*, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction.

In *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982), the Ninth Circuit held that the second proviso—"*Provided further*, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction"—"gives the Commission the authority to seek, and gives the district court the authority to grant, permanent injunctions in proper cases even though the Commission does not contemplate any administrative proceedings." But Amazon says that *Singer* is not binding because "a published decision loses its precedential force when subsequent binding precedent has 'undercut the theory or reasoning

underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'" *United States v. Lynch*, 268 F. Supp. 3d 1099, 1103 (D. Mont. 2017) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)). This is a "high standard" that is not satisfied if courts "can apply prior circuit precedent consistently with or without running afoul of the intervening authority." *Tingley v. Ferguson*, 47 F.4th 1055, 1074–75 (9th Cir. 2022) (cleaned up).

Amazon contends that *Singer* is clearly irreconcilable with the Supreme Court's decision in *AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67 (2021).[1] In *AMG Cap. Mgmt.*, the FTC sued an individual and his companies for violating Section 5 of the FTC Act in a federal district court without using its own administrative proceedings. 593 U.S. at 70–71. The question presented was whether the use of the words "permanent injunction" in Section 13(b)(2)'s second proviso "grant the Commission authority to obtain monetary relief [e.g., restitution or disgorgement] directly from courts." *Id.* at 70, 74. The Supreme Court concluded that Section 13(b)(2)'s second proviso does not grant the FTC such authority in part because "[t]he language and structure of § 13(b), taken as a whole . . . focuses upon purely injunctive, not monetary relief." *Id.* at 75.

Amazon interprets this conclusion as "holding that subparts 13(b)(1) and (b)(2) are preconditions that apply every time the FTC seeks an injunction (whether preliminary or permanent)." Dkt. # 372 at 10. And because Section 13(b)(2) contemplates a federal district

---

[1] Amazon also contends that *Singer* is abrogated by precedent holding that courts interpreting a statute must first determine whether the text is ambiguous before relying on legislative history. Dkt. # 372 at 11–13. But even if a general change in approach to statutory interpretation could abrogate all prior cases decided under a different approach, the *Singer* court analyzed the text of Section 13(b) before turning to legislative history: "The [second] proviso in question does not on its face condition the issuance of a permanent injunction upon the initiation of administrative proceedings." 668 F.2d at 1110. Although Amazon says that this is "only a single sentence," it does not show how this analysis is clearly irreconcilable with a textualist approach. Dkt. # 372 at 12.

ORDER DENYING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 3

court's entry of a preliminary injunction pending an administrative proceeding, Amazon says that its second proviso cannot be interpreted as a separate grant of power allowing the FTC to seek a permanent injunction in a federal district court without a pending administrative proceeding.

But the Supreme Court's holding that Section 13(b) does not allow courts to award monetary relief does not imply that subparts 13(b)(1) and (b)(2) are preconditions that apply every time the FTC seeks an injunction. The Supreme Court expressly left open that interpretative question:

> [Words such as "pending the issuance of a complaint"] reflect that the provision addresses a specific problem, namely, that of stopping seemingly unfair practices from taking place while the Commission determines their lawfulness. And the appearance of the words "permanent injunction" (as a proviso) suggests that those words are directly related to a previously issued preliminary injunction. *They might also be read, for example, as granting authority for the Commission to go one step beyond the provisional and ("in proper cases") dispense with administrative proceedings to seek what the words literally say (namely, an* injunction*)*. But to read those words as allowing what they do not say, namely, as allowing the Commission to dispense with administrative proceedings to obtain monetary relief as well, is to read the words as going well beyond the provision's subject matter.

*AMG Cap. Mgmt.*, 593 U.S. at 76–77 (emphasis added) (internal citation omitted). Even if the emphasized portion above were dicta, Amazon does not explain why the Supreme Court's consideration of the alternative interpretation on which it relies (set forth in the first two sentences of the quoted passage above) is not also dicta. The only essential part of the Supreme Court's reasoning here is that the "subject matter" of Section 13(b) is injunctive, rather than monetary, relief. *See also id.* at 75 (the words "permanent injunction" do not imply awarding monetary relief because they "are buried in a lengthy provision that focuses upon purely injunctive, not monetary, relief."). The Supreme Court did not adopt a specific interpretation of Section 13(b)(2)'s second proviso, much less one that is clearly irreconcilable with that in *Singer*. *See FTC v. Elegant Sols., Inc.*, 2022 WL 2072735, at *2 (9th Cir. June 9, 2022) (*AMG*

*Cap. Mgmt.* "does not undermine *Singer*'s holding" that Section 13(b) "authorizes the FTC to seek, and the district court to grant, permanent injunctions in cases in which the FTC does not contemplate any administrative proceedings").

Thus, the Court concludes that *Singer* remains binding law, and DENIES Amazon's motion with prejudice.[2] And because this Order does not involve a legal question "as to which there is substantial ground for difference of opinion," the Court also DENIES Amazon's request for certification of this Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated this 8th day of April, 2025.

*John H. Chun*

John H. Chun
United States District Judge

---

[2] The Court need not reach the FTC's assertion that Amazon's claim is barred by the law of the case because even if the law of the case does not apply, Amazon's motion fails on its merits.