THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

        Plaintiffs,

        v.

AMAZON.COM, INC., a corporation,

        Defendant.

**CASE NO.: 2:23-cv-01495-JHC**

**PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS**

NOTE ON MOTION CALENDAR:

November 26, 2024

**FILED UNDER SEAL**

1

## <u>TABLE OF CONTENTS</u>

2   LEGAL STANDARD...................................................................................................... 2

3   ARGUMENT .................................................................................................................. 3

4   I.    THE COURT SHOULD ORDER AMAZON TO PRODUCE RELEVANT
        PERSONNEL REVIEW, EVALUATION, AND PROMOTION MATERIALS FROM

5       ITS CENTRAL REPOSITORY. ..................................................................... 3

6   II.   THE COURT SHOULD ORDER AMAZON TO PRODUCE DOCUMENTS
        REGARDING ITS RESPONSES TO FOREIGN INVESTIGATIONS AND

7       REGULATIONS AND COMMUNICATIONS WITH FOREIGN COMPETITION

8       ENFORCERS. ................................................................................................ 7

9       A.    DOCUMENTS CONCERNING AMAZON'S RESPONSES TO FOREIGN
              INVESTIGATIONS AND REGULATIONS....................................... 8

10      B.    DOCUMENTS AMAZON PROVIDED TO FOREIGN COMPETITION

11            ENFORCERS .............................................................................. 12

12      C.    RELATED SEARCH TERMS ...................................................... 14

    CONCLUSION.................................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- i
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975) ................................................................ 3

*Doe v. Trump*,
    329 F.R.D. 262 (W.D. Wash. 2018) ..................................................... 3

*Epic Games, Inc. v. Apple, Inc.*,
    67 F.4th 946 (9th Cir. 2023) ......................................................... 9, 12

*Epic Games, Inc. v. Apple, Inc.*,
    No. 20-cv-05640 (N.D. Cal. July 19, 2024), Dkt. #1008................... 11

*Floyd v. Amazon*,
    No. 22-cv-01599 (W.D. Wash. Sept. 9, 2024), Dkt. #138................. 13

*Frame-Wilson v. Amazon.com, Inc.*,
    2023 WL 4201679 (W.D. Wash. June 27, 2023)........................ 1, 3, 7

*Garner v. Amazon.com, Inc.*,
    2023 WL 6038011 (W.D. Wash. Sept. 15, 2023) ............................ 1, 2

*In re Apple iPhone Antitrust Litig.*,
    No. 4:11-cv-06714 (N.D. Cal. Aug. 19, 2024), Dkt. #919 ............. 8, 11

*In re Exactech Polyethylene Orthopedic Prod. Liab. Litig.*,
    2024 WL 4381076 (E.D.N.Y. Oct. 3, 2024) ................................... 13

*In re Google Play Store Antitrust Litigation*,
    21-md-02981 (N.D. Cal. April 11, 2024), Dkt. #952-1 ..................... 11

*In re Plastics Additives Antitrust Litig.*,
    2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ............................... 8, 13

*Moya v. City of Clovis*,
    2019 WL 4193427 (D.N.M. Sept. 3, 2019) ..................................... 6

*Sali v. Corona Reg'l Med. Ctr.*,
    884 F.3d 1218 (9th Cir. 2018) .......................................................... 2

*Smith v. Legacy Partners Inc.*,
    2022 WL 1194125 (W.D. Wash. Apr. 21, 2022)................................ 2

*Soto v. City of Concord*,
    162 F.R.D. 603 (N.D. Cal. 1995).................................................... 2

*United States ex rel. Krahling v. Merck & Co.*,
    2016 WL 7042203 (E.D. Pa. Feb. 5, 2016) ..................................... 4

*United States v. Google LLC*,
    No. 20-cv-03010 (D.D.C. June 29, 2021), Dkt. #151..................... 4, 6

*United States v. Google LLC*,
    No. 20-cv-03010 (D.D.C. Aug. 27, 2021), Dkt. #189 ...................... 4

*United States v. Microsoft Corp.*,
    253 F.3d 34 (D.C. Cir. 2001) (en banc) ......................................... 10

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- ii
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Whitman v. State Farm Life Ins. Co.*,
    2020 WL 5526684 (W.D. Wash. Sept. 15, 2020) ............................................................. 3

**Rules**

Fed. R. Civ. P. 26(b) ........................................................................................... 1, 2, 12, 14

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- iii
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to

2  any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3  This is a major government antitrust enforcement action involving allegations of long-running

4  anticompetitive conduct by Amazon—one of the largest companies in the world. Yet Amazon

5  refuses to produce key documents relating to custodians' personnel reviews, documents

6  regarding remedial measures Amazon has taken in response to similar challenges by foreign

7  competition enforcers, or even materials exchanged with those enforcers. Amazon has already

8  been cautioned by a court in this District for taking an "unreasonably narrow view of what [is]

9  relevant" and for failing, in responding to discovery requests, to "accurately capture the scope of

10  plaintiffs' claims or the breadth of this litigation." *Garner v. Amazon.com, Inc.*, 2023 WL

11  6038011, at *3-4 (W.D. Wash. Sept. 15, 2023). Amazon should not be permitted to do the same

12  here.

13    Amazon has not shown, and cannot show, that any of the discovery requests at issue in

14  this motion are unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1). Amazon's anticompetitive

15  conduct affects tens of millions of American households, hundreds of thousands of sellers on

16  Amazon, and hundreds of billions of dollars in commerce every year. Judge Martinez recognized

17  that the related *Frame-Wilson* action "is a significant, substantial case," and that discovery

18  should be commensurate with the importance of the case. *Frame-Wilson v. Amazon.com, Inc.*,

19  2023 WL 4201679, at *4 (W.D. Wash. June 27, 2023). Those considerations are even stronger

20  here, in a government enforcement action challenging a broader range of Amazon's

21  anticompetitive conduct. Amazon is one of the largest and most technically sophisticated

22  companies in the world. Any incremental discovery burden on Amazon associated with the

23

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 1
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

disputes presented in this motion is proportional to the needs of the case. To quote Amazon itself: "We are big, we impact the world." [1] Discovery must scale accordingly.

## LEGAL STANDARD

The scope of discovery under Rule 26(b) is "extremely broad." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *see also Garner*, 2023 WL 6038011, at *1 ("Relevance under Rule 26(b)(1) is defined broadly and remains so even after the 2015 amendments of the Federal Rules of Civil Procedure."). The parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As courts in this District and Circuit have emphasized, relevance "should be 'construed liberally and with common sense, and discovery should be allowed unless the information sought has no conceivable bearing on the case.'" *Smith v. Legacy Partners Inc.*, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022) (quoting *Soto*, 162 F.R.D. at 610)).

When addressing burden or proportionality objections, Federal Rule of Civil Procedure 26(b)(1) directs courts to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit," taking into consideration "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues."

When a party fails to produce requested documents or other materials, "Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Once the moving party has made a minimal showing of relevance, the party opposing discovery "has the burden to show that

---

[1] Amazon Leadership Principles, Amazon.com, Inc., https://www.aboutamazon.com/about-us/leadership-principles (last visited Nov. 4, 2024).

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 2
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

2    objections with competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018)

3    (internal citations and quotations omitted); *see also Whitman v. State Farm Life Ins. Co.*, 2020

4    WL 5526684, at *2 (W.D. Wash. Sept. 15, 2020) ("The Ninth Circuit has held that there are

5    'liberal discovery principles' under the Federal Rules and that the party resisting discovery thus

6    carries a 'heavy burden of showing' why a request for discovery should be denied." (quoting

7    *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975))); *Frame-Wilson*, 2023 WL

8    4201679, at *2, *4.

9                                    **ARGUMENT**

10   **I.    THE COURT SHOULD ORDER AMAZON TO PRODUCE RELEVANT
            PERSONNEL REVIEW, EVALUATION, AND PROMOTION MATERIALS
11          FROM ITS CENTRAL REPOSITORY.**

12          Plaintiffs' RFP No. 32 seeks "[a]ll Documents relating to personnel reviews, evaluations,

13   and promotion materials (whether in draft or final form) concerning individuals with

14   responsibilities relating to the conduct described in the Complaint," including individuals in

15   specified business groups. Baker Decl., Ex. A at 11-12.[2] Amazon has committed to "produce any

16   personnel review found in custodial files that hit on Plaintiffs' search terms and [is] deemed

17   responsive for their substantive requests," Dkt. #273 at 38, Joint Status Report at 38 (Aug. 28,

18   2024) ("August 28, 2024 JSR"), but has refused to produce documents held in █████████

19   ██████████████████████████████████████████." Ex. B at 3; Ex. C at 2; Ex. D at 1, 4

20   ████████████████████████████████████████████

21   ███████████████   Plaintiffs have proposed that Amazon "collect and produce personnel

22   reviews, evaluations, and promotion materials from its centralized repository for all document

23   ────────────────────

24   [2] Citations to "Ex.__" refer to exhibits attached to the Declaration of Michael Baker (Dkt. #332).

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 3
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  custodians agreed upon by the parties or ordered by the Court." August 28, 2024 JSR at 23.

2  Amazon has refused to do so, on the grounds that materials sought by this request "are not

3  themselves relevant to any allegation in Plaintiffs' Complaint" and the request is unduly

4  burdensome. Ex. C at 2.

5       The personnel reviews, evaluations, and promotion materials Plaintiffs seek will provide

6  important information regarding Amazon's competitive strategies and business goals, and shed

7  light on the responsibilities, knowledge, and credibility of the Amazon employees closest to the

8  conduct at issue in this case. Such information is central to any antitrust case; accordingly,

9  performance evaluations are commonly produced and used in antitrust litigation. *See, e.g.*, Joint

10  Status Report at 7-8, *United States v. Google LLC*, No. 20-cv-03010 (D.D.C. Aug. 27, 2021),

11  Dkt. #189 (citing *United States v. Am. Express Co.*, No. 10-cv-4496 (E.D.N.Y. 2014), *United*

12  *States v. Aetna Inc.*, No. 16-cv-1494 (D.D.C. 2016), and *United States v. Sabre Corp.*, No. 19-

13  cv-1548 (D. Del. 2020)); *see also* Hr'g Tr. at 29:8-23, *United States v. Google LLC*, No. 20-cv-

14  03010 (D.D.C. June 29, 2021), Dkt. #151 (recognizing that performance evaluations are

15  "unique" materials that provide "an interesting insight and window into the thinking of the

16  assessor in terms of reflecting on the work that they've done and how they think that benefited

17  the company"); *id.* at 32:18-24 (ordering production for deposition witnesses); *United States ex*

18  *rel. Krahling v. Merck & Co.*, 2016 WL 7042203, at *3 (E.D. Pa. Feb. 5, 2016) (noting

19  performance reviews were relevant to assess the credibility of witnesses' testimony).

20       Amazon's argument that personnel materials are not relevant to this case is contradicted

21  by the limited personnel materials Amazon produced in Plaintiffs' pre-Complaint investigation.

22  For example, a request to promote ███████████████████████████████████

23  ████████████████████████████████████████████████████—described

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 4
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  ███████████████████████████████████████████ "challenges [that] remain

2  as we push the envelope on monetization through increased prominence of placements,

3  placement parity, and increasing placement density." Ex. E, Amazon-FTC-CID_07679127

4  at -127, -130. Those efforts, and Amazon's intent to ███████████████████ are

5  relevant to Plaintiffs' allegations that Amazon has profitably degraded the quality of its search

6  results by cluttering organic search results with expensive, irrelevant advertisements. *See* SAC

7  ¶¶ 231-42 (Dkt. #327). In another example, a promotion memo for ████████████████

8  ████████████████ highlights that ██████████████████████████████████

9  ████████████—all of which are relevant to Amazon's ability to profitably hike seller

10  fees without losing meaningful business, *see* SAC ¶¶ 251-58 (Dkt. #327)—and notes that

11  ██████████████████████████████████████████████████████

12  ████████████████████████████████████ Ex. F, Amazon-FTC-

13  CID_02265294 at -296. And a promotion request for ████████████████████

14  ████████████████ identified him as ████████████████████████

15  ███████████████████████████████████████████████████

16  ██████████████████████████████████████████████

17  ████ Ex. G, Amazon-FTC-CID_01916541 at -550-51. As the promotion document explains,

18  the ████████████████████████████████████████████

19  ████████ *id.* at -542; accordingly, materials assessing ██████████████ work are squarely

20  relevant to Plaintiffs' anti-discounting allegations. *See, e.g.*, SAC ¶ 265 (Dkt. #327). All three

21  individuals are agreed-upon custodians.

22      Amazon has argued that a non-custodial collection in response to RFP No. 32 is

23  unnecessary because relevant personnel reviews will be produced if they are captured by

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 5
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's search and review of custodial documents. *See* August 28, 2024 JSR at 39. This

2    approach fails to address Amazon's admission that custodians generally do not have access to

3    their own personnel review, evaluation, and promotion materials. *See id.* at 22. Amazon also has

4    not retained emails and other documents for all custodians. *See, e.g.*, Ex. H. A collection from

5    Amazon's centralized repository is thus necessary to ensure that personnel materials for

6    custodians—including custodians who may be deponents and trial witnesses—are produced.

7         The burden associated with producing these documents is minimal. Amazon has made no

8    showing and offered no specific arguments that the burden of producing personnel review,

9    evaluation, and promotion materials for the carefully negotiated set of custodians outweighs their

10   clear relevance to the case. Nor can it. Any burden associated with producing documents in

11   response to this request is minimal given that there is a centralized repository housing these

12   materials. *See* Hr'g Tr. at 28:9-29:6, 30:21-31:1, *United States v. Google LLC*, No. 20-cv-03010

13   (D.D.C. June 29, 2021), Dkt. #151 (court noting that, where personnel materials are stored in a

14   central repository, "the burden of obtaining them is relatively modest"). And producing these

15   materials will economize discovery by allowing Plaintiffs to efficiently target and prioritize

16   custodians for depositions.

17        Amazon's concerns about the "sensitivity" of these files are not a basis to limit discovery.

18   *See* August 28, 2024 JSR at 39. Amazon has not claimed or shown that the documents housed in

19   its central repository are more sensitive than the personnel documents it has agreed to produce

20   from custodial files. Moreover, any confidentiality concerns are fully addressed by the Protective

21   Order. *See* Protective Order ¶ 4.1 (Dkt. #160); *see also Moya v. City of Clovis*, 2019 WL

22   4193427, at *3 (D.N.M. Sept. 3, 2019) (recognizing the appropriate remedy to protect sensitive

23   information in personnel files is a protective order).

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 6
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    **II.    THE COURT SHOULD ORDER AMAZON TO PRODUCE DOCUMENTS**
2    **REGARDING ITS RESPONSES TO FOREIGN INVESTIGATIONS AND**
     **REGULATIONS AND COMMUNICATIONS WITH FOREIGN COMPETITION**
3    **ENFORCERS.**

4    Through three related RFPs, Plaintiffs have requested documents relating to (1) Amazon

5    actions in response to related competition investigations in foreign jurisdictions; (2) Amazon

6    actions in response to three competition regulations in specific foreign jurisdictions; and (3)

7    communications with foreign competition enforcers. These requests are designed to enable

8    comparisons that may illuminate the purpose and effect of Amazon's conduct in the United

9    States. Amazon's responses to related investigations or competition regulations in foreign

10   jurisdictions may, for example, shed light on the validity of Amazon's asserted procompetitive

11   justifications in the United States. Similarly, remedial actions Amazon has taken or evaluated in

12   foreign markets may inform whether less restrictive alternatives are available here. Finally,

13   while this case is broader than any foreign competition investigation Plaintiffs are aware of,

14   remedies imposed or agreed to in other jurisdictions may provide information relevant to

15   potential remedies here.

16   Amazon has refused to provide this relevant information, even though the company can

17   produce these documents with minimal burden: Plaintiffs are not seeking any additional

18   custodians in connection with these requests and are only requesting a limited set of additional

19   search terms.

20   Courts generally permit discovery into foreign practices and production of materials

21   shared with foreign enforcers, particularly in the antitrust context, where foreign conduct provides

22   points of comparison for anticompetitive conduct in the United States. *See, e.g., Frame-Wilson*,

23   2023 WL 4201679, at *3 (finding production of foreign data permissible for "comparative

24   analyses"); Order at 4-6, *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714 (N.D. Cal. Aug.

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 7
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

19, 2024), Dkt. #919 (ordering production of Apple's foreign regulatory responses as relevant to purported pro-competitive justifications). Further, documents produced to foreign enforcers are routinely produced by defendants in antitrust matters. *See, e.g.*, *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *13-14 (E.D. Pa. Nov. 29, 2004) (ordering production of documents "produced to foreign investigatory authorities").

### A. Documents Concerning Amazon's Responses to Foreign Investigations and Regulations

Plaintiffs' RFP Nos. 376 and 377 call for documents relating to "Amazon's actions . . . undertaken or considered as the result of any investigation or inquiry by any government competition enforcer in any country or jurisdiction" (RFP No. 376), or actions "undertaken or considered as the result of requirements consistent with [Amazon's] designation under any regulatory scheme . . . as a gatekeeper, platform with strategic market status, or similar designation" (RFP No. 377). Ex. I at 49-52. Plaintiffs have narrowed the latter request to the European Union's Digital Markets Act; the United Kingdom's Digital Markets, Competition, and Consumers Bill; and Section 19(e) of Germany's Competition Act. Ex. J at 17. Plaintiffs offered to consider narrowing RFP No. 376 to address Amazon's expressed concern that not every antitrust investigation into Amazon's conduct might be relevant, and asked Amazon to provide a list of investigations in other jurisdictions to further discussions. *Id.* Amazon refused to provide that information. Ex. K at 13.

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 8
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Plaintiffs are aware of public investigations in at least the European Union,[3] United

2    Kingdom,[4] Germany,[5] and Japan,[6] among others, that involve conduct similar to the conduct at

3    issue in this case. Authorities in the European Union and the United Kingdom investigated

4    Amazon's selection of sellers eligible for the Buy Box, which is part of the Amazon anti-

5    discounting conduct Plaintiffs challenge here. *See* SAC ¶¶ 271-287 (Dkt. #326). Authorities in

6    Germany and Japan investigated Amazon's use of contractual price parity terms. Amazon

7    engaged in the same practice in the United States, *id.* ¶ 274, and continues to use SC-FOD to

8    enforce the same "expectations and policies," *id.* ¶¶ 276-278. There may be other related non-

9    public investigations that are known to Amazon but not Plaintiffs.

10    Documents showing how Amazon changed its conduct, or considered changing its

11    conduct, in response to foreign competition investigations or laws bear on two key aspects of an

12    antitrust case: (1) whether Amazon's purported "procompetitive efficiencies could be

13    reasonably achieved through less anticompetitive means," *Epic Games, Inc. v. Apple, Inc.*, 67

14    F.4th 946, 990 (9th Cir. 2023) (explaining rule of reason framework); *see also United States v.*

15

16    ─────────────
[3] European Commission, *CASE AT.40462 - Amazon Marketplace and AT.40703 – Amazon Buy
17    Box* 5 (2022),
https://ec.europa.eu/competition/antitrust/cases1/202310/AT_40703_8990760_1533_5.pdf
18    (investigation and decision regarding "the conditions and criteria that govern the selection of the
offer that features in the 'Buy Box'").
[4] Competition & Markets Authority, *Decision to accept binding commitments under the*
19    *Competition Act 1998 from Amazon in relation to conduct on its UK online marketplace* 10
(2023), https://assets.publishing.service.gov.uk/media/6544cbaed36c91000d935d20/Non-
20    confidential_decision_pdfa_4.pdf (investigating Amazon's criteria for selecting Featured Offers
in the Buy Box).
[5] Bundeskartellamt, *Case Report: Amazon removes price parity obligation for retailers on its*
21    *Marketplace platform* (2013),
https://www.bundeskartellamt.de/SharedDocs/Entscheidung/EN/Fallberichte/Kartellverbot/2013/
22    B6-46-12.pdf?__blob=publicationFile&v=2 (investigating Amazon's price parity agreement).
[6] Japan Fair Trade Commission, *Closing the Investigation on the Suspected Violation of the*
23    *Antimonopoly Act by Amazon Japan G.K.* at ¶ 6(iv) (2017),
https://www.jftc.go.jp/en/pressreleases/yearly-2017/June/170601_files/170601-2.pdf (Amazon
proposed voluntary measures to address concerns regarding Amazon's price parity clauses).

24

1   *Microsoft Corp.*, 253 F.3d 34, 58-59 (D.C. Cir. 2001) (en banc); and (2) whether these changes

2   were effective at remedying the anticompetitive effects of Amazon's conduct.

3         For example, public sources indicate that Amazon proposed voluntary measures to

4   address concerns raised by the Japan Fair Trade Commission (JFTC) about the anticompetitive

5   effects of Amazon's price parity clauses. *See supra* note 6 at ¶¶ 5–6. Amazon has also begun

6   implementing commitments it made to the European Commission under the supervision of a

7   trustee appointed in February 2023.[7] Documents showing what those voluntary measures were,

8   how Amazon implemented them, and their effects, if any—as detailed in the annual report

9   Amazon was ordered to file as part of its agreement to close the JFTC's investigation, *id.* at

10  ¶ 6(iv), among other sources—may contain information relevant to potential alternatives to the

11  policies and practices Plaintiffs are challenging in this case.

12        The limited materials related to foreign competition proceedings that Amazon has

13  produced to date further indicate that Amazon has changed some of its conduct in response to

14  foreign competition investigations. For example, an Amazon internal memorandum from July

15  2022 highlighted "concerns about increased regulatory exposure" and discussed delaying "SC-

16  FOD IC expansion in all countries . . . ." *See* Ex. L, AMZN-RTL-FTC-02635813 at -816.

17  Amazon employees explained the pause was intended to allow Amazon more time to

18  "determine what the [European Commission's] claims against us are and make any necessary

19  changes to SC FOD that might be required in light of their claims." *Id.* Approximately five

20  months later, the European Commission resolved its investigation into Amazon's

21  anticompetitive conduct after Amazon made commitments in response to the Commission's

22

23  [7] Amazon's Commitments to the European Commission, ALCIS, https://www.alcis-advisers.com/#amazons-commitments-to-the-european-commission (last visited Nov. 5, 2024).

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 10
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    concerns, including regarding SC-FOD. *See supra* note 3 at 43–45; *see also* Ex. M, Amazon-

2    FTC-CID_04140046 at -056 ████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████

5        The relevance of a defendant's foreign conduct has been recognized in several recent

6    antitrust cases. In *Epic Games, Inc. v. Apple, Inc.*, the court ordered discovery into Apple's

7    reactions to investigations and regulations in foreign jurisdictions to understand its response to a

8    potential injunction in the United States. *See* Discovery Order re Dkt. Nos. 1000, 1002, 1003,

9    No. 20-cv-05640 (N.D. Cal. July 19, 2024), Dkt. #1008 at 2. In *In re Google Play Store*

10   *Antitrust Litigation*, Plaintiffs' expert cited Google's alleged evasion of Korean law as a reason

11   why specific remedies were needed to avoid similar evasion in the United States. *See* Statement

12   of B. Douglas Bernheim at 2 n.6, 21-md-02981 (N.D. Cal. April 11, 2024), Dkt. #952-1. And in

13   *In re Apple iPhone Antitrust Litigation*, the court agreed that materials related to "Apple's

14   responses to the European Union's Digital Markets Act" were relevant because they "may show

15   that Apple's pro-competitive justifications . . . are not as important as Apple says they are."

16   Order at 4-6 (N.D. Cal. Aug. 19, 2024), Dkt. #919. Here, similarly, discovery into Amazon's

17   responses to foreign investigations and competition regulations will provide relevant

18   information.

19       Plaintiffs are not seeking any additional custodians in connection with these requests.

20   Plaintiffs are requesting only that Amazon be ordered to produce any responsive documents

21   held in centralized locations, and any responsive documents captured by Amazon's search of

22   custodial documents for agreed-upon custodians. Plaintiffs have proposed a targeted set of

23

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 11
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  additional search terms to capture materials responsive to RFP Nos. 376 and 377. *See infra*

2  Section III.C.

3       Amazon has not made any specific showing of burden associated with these RFPs and

4  cannot show that the "burden or expense of the proposed discovery outweighs its likely benefit,"

5  Fed. R. Civ. P. 26(b)(1). While Plaintiffs have attempted to engage with Amazon to navigate any

6  burden, Amazon has wholesale refused to engage. Ex. K at 12-13. Plaintiffs accordingly request

7  that the Court order Amazon to search for and produce documents in response to RFP Nos. 376

8  and 377.

9       **B.     Documents Amazon Provided to Foreign Competition Enforcers**

10      Plaintiffs' RFP No. 387 calls for materials "received from and provided to any

11  government competition enforcer in any country or jurisdiction in connection with an antitrust or

12  competition-related investigation or inquiry." Ex. I at 62. As with RFP No. 376, Plaintiffs

13  offered to narrow the scope of this request if Amazon would provide a list of antitrust

14  investigations for Plaintiffs' review; Amazon refused to do so. Ex. K at 12-13.

15      As discussed *supra*, any documents Amazon sent to foreign competition enforcers in

16  connection with investigations into conduct that is similar or related to the conduct challenged in

17  this case are likely to contain information that is relevant to this case, including information

18  about Amazon's operations and business decisions and potential changes to or alternatives to

19  Amazon's conduct—all of which would be relevant at least to whether Amazon's purported

20  "procompetitive efficiencies could be reasonably achieved through less anticompetitive means."

21  *See Epic*, 67 F.4th at 990. Documents Amazon received from those enforcers will provide

22  necessary context for Amazon's responses.

23      Communications and documents shared with government enforcers are regularly

24  produced in discovery, particularly in antitrust cases. Such discovery occurs often as "defendants

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 12
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    in antitrust litigation regularly agree through joint discovery schedules to produce documents

2    submitted to . . . investigatory authorities concerning the basis for the antitrust civil suit." *In re*

3    *Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *12. Where the allegations at issue in a

4    case overlap with a government investigation, the burden to produce documents is often low and

5    proportionality weighs in favor of production, as these materials already exist and often are

6    easily collectible. *See id.* (finding "minimum burden" associated with the production of

7    documents provided to government enforcers). The relevance of documents submitted to

8    government enforcers does not change solely because the materials were provided to a foreign

9    enforcer. *See In re Exatech Polyethylene Orthopedic Prod. Liab. Litig.*, 2024 WL 4381076, at

10   *5 (E.D.N.Y. Oct. 3, 2024) ("Courts generally permit discovery of documents and

11   communications from foreign agencies when the requests are narrowed to specific countries,

12   regulatory agencies, or subject areas.").

13       *Floyd v. Amazon* is not to the contrary. There, the court rejected the plaintiffs' request for

14   documents submitted to Italian and Spanish competition regulators as speculative, because it

15   found that the plaintiffs did not articulate a clear use for the documents. *See Floyd v. Amazon*,

16   No. 22-cv-01599 (W.D. Wash. Sept. 9, 2024), Dkt. #138 at 6. The plaintiffs argued that these

17   materials were helpful to compare the positions Amazon had taken in "analogous proceedings"

18   but did not show that the investigations were "meaningfully analogous" to their case. *Id.* By

19   contrast, Plaintiffs here have shown that certain investigations they are aware of involve some of

20   the same conduct Plaintiffs allege is anticompetitive, and have identified concrete areas of

21   overlap for each investigation, along with the relevance of these overlaps to this case. *See supra*

22   notes 3–6. Moreover, the scope of these investigations is not necessarily limited to the foreign

23   jurisdictions in question; in some cases, foreign competition enforcers ███████████████

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 13
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  ████████████████████████████████  *See* Ex. N, AMAZON-FTC_00016721 at -726

2  ██████████████████████████████████████████████████

3  ██████████████████████████████████████████████████

4  ████████████████████  *id.* at -727 ████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████  Plaintiffs should be allowed to obtain information Amazon has provided to

7  other enforcers about conduct related to or similar to the conduct at issue in this case, and

8  certainly should be allowed to see what representations Amazon has made about its conduct and

9  operations in the United States.

10  Plaintiffs are not seeking any additional custodians or search terms for this request.

11  Plaintiffs are requesting only that Amazon be ordered to produce any responsive documents held

12  in centralized locations, and any responsive documents otherwise captured by Amazon's search

13  of custodial documents.

14  Amazon has not made any specific showing of burden associated with this RFP and

15  cannot show that the "burden or expense of the proposed discovery outweighs its likely benefit."

16  Fed. R. Civ. P. 26(b)(1). Plaintiffs accordingly request that the Court order Amazon to search for

17  and produce documents in response to RFP No. 387.

18  **C.    Related Search Terms**

19  In connection with RFP Nos. 376 and 377, the Court should order Amazon to run a

20  narrow set of additional search terms designed to capture the names of foreign competition

21  enforcers and regulations. *See* Appx. A (listing search terms and Amazon's most recent hit

22  counts provided for those terms); Ex O. Amazon has refused to provide Plaintiffs with

23  information about foreign investigations that would allow Plaintiffs to narrow these search

24

PLAINTIFFS' MOTION TO COMPEL          **FEDERAL TRADE COMMISSION**
PRODUCTION OF DOCUMENTS- 14          600 Pennsylvania Avenue, NW
No. 2:23-cv-01495                    Washington, DC 20580
                                     (202) 326-2222

terms—such as, for instance, a list of foreign investigations into Amazon's conduct or case numbers. Amazon has also not made any counterproposals regarding search terms.  Plaintiffs accordingly request that the Court order Amazon to run the search terms Plaintiffs have proposed.

## <u>CONCLUSION</u>

For the reasons above, the Court should grant Plaintiffs' motion and order Amazon to (1) produce documents responsive to RFP No. 32; (2) produce documents responsive to RFP Nos. 376, 377, and 387; and (3) run the search terms identified in Appendix A.

Dated: November 5, 2024

*I certify that this brief contains 4,196 words, in compliance with the Local Civil Rules*

Respectfully submitted,

*s/Michael Baker*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
MICHAEL BAKER (DC Bar # 1044327)
AMANDA L. BUTLER (IL Bar # 6299218)
J. WELLS HARRELL (DC Bar # 995368)
COLIN M. HERD (NY Reg. # 5665740)
BAHADUR S. KHAN (NY Reg. # 5370705)
SHIRA STEINBERG (NY Reg. # 5695580)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
         (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        mbaker1@ftc.gov
        abutler2@ftc.gov
        jharrell@ftc.gov
        cherd@ftc.gov
        bkhan1@ftc.gov
        ssteinberg1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 15
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1
_s/ Michael Jo_
Michael Jo (admitted _pro hac vice_)
2  Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
3  General
28 Liberty Street
4  New York, NY 10005
Telephone: (212) 416-6537
5  Email: Michael.Jo@ag.ny.gov
_Counsel for Plaintiff State of New York_

6

_s/ Rahul A. Darwar_
7  Rahul A. Darwar (admitted _pro hac vice_)
Assistant Attorney General
8  Office of the Attorney General of Connecticut
165 Capitol Avenue
9  Hartford, CT 06016
Telephone: (860) 808-5030
10  Email: Rahul.Darwar@ct.gov
_Counsel for Plaintiff State of Connecticut_

11
_s/ Alexandra C. Sosnowski_
12  Alexandra C. Sosnowski (admitted _pro hac vice_)
13  Assistant Attorney General
Consumer Protection and Antitrust Bureau
14  New Hampshire Department of Justice
Office of the Attorney General
15  One Granite Place South
Concord, NH 03301
16  Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
17  _Counsel for Plaintiff State of New Hampshire_

18  _s/ Robert J. Carlson_
Robert J. Carlson (admitted _pro hac vice_)
19  Assistant Attorney General
Consumer Protection Unit
20  Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
21  Tulsa, OK 74119
Telephone: (918) 581-2885
22  Email: robert.carlson@oag.ok.gov
_Counsel for Plaintiff State of Oklahoma_

23

24

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
_Counsel for Plaintiff State of Oregon_

_s/ Jennifer A. Thomson_
Jennifer A. Thomson (admitted _pro hac vice_)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
_Counsel for Plaintiff Commonwealth of Pennsylvania_

_s/ Michael A. Undorf_
Michael A. Undorf (admitted _pro hac vice_)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
_Counsel for Plaintiff State of Delaware_

_s/ Christina M. Moylan_
Christina M. Moylan (admitted _pro hac vice_)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
_Counsel for Plaintiff State of Maine_

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 16
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Gary Honick*
Gary Honick (admitted *pro hac vice*)
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Jeffrey Herrera*
Jeffrey Herrera (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo-Almena*
Zulma Carrasquillo (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00901-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 17
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

_s/ Stephen N. Provazza_

Stephen N. Provazza (admitted _pro hac vice_)

2   Special Assistant Attorney General

Chief, Consumer and Economic Justice Unit

3   Department of the Attorney General

150 South Main Street

4   Providence, RI 02903

Telephone: (401) 274-4400

5   Email: sprovazza@riag.ri.gov

_Counsel for Plaintiff State of Rhode Island_

6

_s/ Sarah L. J. Aceves_

7   Sarah L. J. Aceves (admitted _pro hac vice_)

Assistant Attorney General

8   Vermont Attorney General's Office

109 State Street

9   Montpelier, VT 05609

Telephone: (802) 828-3170

10  Email: sarah.aceves@vermont.gov

_Counsel for Plaintiff State of Vermont_

11

_s/ Laura E. McFarlane_

12  Laura E. McFarlane (admitted _pro hac vice_)

Assistant Attorney General

13  Wisconsin Department of Justice

Post Office Box 7857

14  Madison, WI 53707-7857

Telephone: (608) 261-5810

15  Email: cooleygj@doj.state.wi.us

_Counsel for Plaintiff State of Wisconsin_

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 18
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

**Appendix A**

2

| Competition Authorities | | | | | |
| --- | --- | --- | --- | --- | --- |
| Search Term | Hits | Hits Plus Family | Unique Hits | Unique Hits Plus Family | Unique Families |
| DG-Comp* | | | | | |
| AGCM | | | | | |
| Autorita Garante della Concorrenza | | | | | |
| bureau W/2 compet* | | | | | |
| Cartel Office | | | | | |
| Comision Federal de Competencia Economica | | | | | |
| "Competition and Markets Authority" | | | | | |
| CMA | | | | | |
| Competition Bureau | | | | | |
| Competition Commission | | | | | |
| Competition Tribunal | | | | | |
| Directorate-General W/5 competit* | | | | | |
| European Commission | | | | | |
| Italian Competition Authority | | | | | |
| BKartA | | | | | |
| Bunderskartellamt | | | | | |
| Cofece | | | | | |
| CompCom | | | | | |
| DG Comp* OR DMU | | | | | |
| Japan* W/2 Fair Trade Commission | | | | | |
| JFTC | | | | | |

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 19
No. 2:23-cv-01495

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| Regulatory Regimes | | | | | |
| Search Term | Hits | Hits Plus Family | Unique Hits | Unique Hits Plus Family | Unique Families |
| designated company | | | | | |
| Digital Markets Act | | | | | |
| Digital Markets Competition | | | | | |
| Ending Platform Monopolies Act | | | | | |
| GWB | | | | | |
| paramount significance for competition | | | | | |
| promot* W/2 platform compet* | | | | | |
| regulatory regime W/10 designated | | | | | |
| Sec. 19a | | | | | |
| strategic market status | | | | | |
| DMA | | | | | |
| DMCC | | | | | |
| Gatekeeper | | | | | |

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS- 20
No. 2:23-cv-01495

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222