# Exhibit 2

**From:** Robert D. Keeling
**To:** Musayev, Olga; Bernick, Daniel; "DeWilde, Kristen"; ktrefz; "Hodges, Kevin"; "molly.terwilliger@morganlewis.com"; Willard Zehmer, Lauren; Mitchell-Tombras, Katharine
**Cc:** Merber, Kenneth; Musser, Susan; "Jo, Michael"; tim.smith@doj.state.or.us; "Thomson, Jennifer A."; Takashima, Edward; Stevenson, Ethan; morgan.feder@ag.ny.gov; Zepp, Eric; Redgrave Amazon-FTC
**Subject:** RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon"s Clawbacks
**Date:** Tuesday, July 8, 2025 2:08:59 PM

You don't often get email from rkeeling@redgravellp.com. Learn why this is important

Olga,

I write in response to your Friday, June 27, 2025 email. Amazon rejects Plaintiffs' supposition that it has improperly clawed back any documents.

With respect to Amazon's clawback of documents first produced to the FTC in the CID investigation, Amazon does not agree that it "waived privilege by intentionally producing documents after privilege re-reviews," O. Musayev Email to D. Bernick (Jun. 27, 2025), nor does Amazon agree that these documents are subject to Federal Rule of Evidence 502(b). To the contrary, as it concerns Amazon's production of documents to the FTC Retail Plaintiffs, FTC Retail Plaintiffs explicitly agreed that documents produced to the FTC in the CID investigation are subject to 502(d).

In February 2024, as part of discussing the scope of the Protective Order in this matter as applied to Plaintiffs' pre-Complaint investigation, the FTC Retail Plaintiffs explicitly agreed that the Protective Order "pertains to documents produced in response to the FTC's August 5, 2019 request for documents from Amazon on a voluntary basis **and documents produced in response to the FTC's February 20, 2020 Civil Investigative Demand**." *See* E. Bolles Email to C. Forkner (April 2, 2024) (emphasis added). The Protective Order specifies that the "Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) ...." Protective Order, ECF No. 160 (Feb. 13, 2024) at Para. 12. That non-waiver provision was included with the ESI Order which was entered by the Court on June 11, 2024. Order Regarding Discovery of Electronically Stored Information ("ESI Order"), ECF No. 256 (Jun. 11, 2024) The ESI Order states:

> Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by

Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

ESI Order at Para. E.10. Therefore, it is clear that in February 2024, the Plaintiffs agreed to extend the protections of 502(d) contained in the ESI Order to the documents produced to the FTC in response to the FTC's CID.

Further, Amazon has not intentionally produced privileged documents after the privilege re-reviews. As Amazon has stated multiple times the re-review was completed in a compressed time frame and included a significant volume of documents, both of which serve to exacerbate the errors present in all document reviews. Nevertheless, and despite not being required to do so, Amazon has submitted to Private Plaintiffs evidence of inadvertence for documents first withheld or produced in the CID investigation and then re-reviewed and produced in downgraded form. Amazon will provide that correspondence to Plaintiffs in the present action.

With respect to the depositions, in one deposition you reference, counsel for Amazon clearly stated on the record that the document "does seem to me to potentially implicate privilege." [redacted] Dep. 246:18-19. Counsel for Amazon then suggested a way forward that would be efficient for both parties. Counsel for Amazon said Plaintiffs could question the witness on "factual questions" and "facts that may have come up in this document," *id.* at 246:22-24, while indicating that "questions about legal advice [the witness] may have received in connection with these discussions" *id.* at 246: 25 – 247: 2, would not be permitted. Counsel for Plaintiffs agreed to this approach. *Id.* at 247: 6-9 (MS. POMEROY: I'll go ahead and talk about it and then if you're going to instruct him not to answer, obviously we'll move to take additional steps at that time.").

Regards,
Robert

**ROBERT KEELING**
PARTNER | **REDGRAVE LLP** | (P) 202.436.0260

rkeeling@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

---

**From:** Musayev, Olga <omusayev@ftc.gov>
**Sent:** Friday, June 27, 2025 6:15 PM

**To:** Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Robert D. Keeling <rkeeling@redgravellp.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>
**Subject:** [EXTERNAL] FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

Counsel,

We write with regards to Amazon's improper clawbacks following depositions and privilege re-reviews, as well as Amazon's clawbacks of documents produced in Plaintiffs' pre-Complaint investigation.

Amazon has now clawed back documents after allowing questioning in four separate depositions: those of [redacted] (Ex.9, AMZN-RTL-FTC-13033124), [redacted] (Ex.22,CAAGLit-AMZ_14033998), [redacted] (Ex. 10, CAAGLit-AMZ 10659900), and [redacted] (Ex. 12, Amazon-FTC-CID 10337655). In the case of [redacted], Amazon clawed back an exhibit nearly three weeks after the document was subject to questioning in deposition. *See* May 23, 2025 Email from B. DeVaney to M. Baker. For [redacted], Amazon made no privilege objections of any sort during questioning, only to claw back the document a month later. [redacted] Depo. Tr. at 140-53. Similarly, Amazon clawed back [redacted] Exhibit 10 and [redacted] Exhibit 12 after allowing questioning on those documents. In addition, three of the documents (those used in the depositions of [redacted]. [redacted], and [redacted]) were produced after privilege re-review—as were dozens of other clawed-back documents. All of these clawbacks are improper.

***First***, Amazon's failure to object to the use of the four deposition exhibits constitutes waiver, regardless of the FRE 502(d) provision in the ESI order. *See Skansgaard v. Bank of America, N.A.*, 2013 WL 828210, at *3 (W.D. Wash. Mar. 6, 2013) (collecting cases holding that failure to object immediately results in waiver); *Hologram USA, Inc. v. Pulse Evol. Corp.*, 2016 WL 3654285, at **2-3 (D. Nev. July 5, 2016) (finding waiver from failure to object until 50 and 20 pages after questioning began; "failure to timely object to the introduction of an exhibit [at deposition] waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure.").

***Second***, Amazon waived privilege by *intentionally* producing documents after privilege re-reviews. The FRE 502(d) provision in the ESI order of this case does not cover intentional disclosures, whether in this or any other case. *See Smith v. Best Buy Stores, L.P.*, 2017 WL 3484158, at *3 (D. Idaho Aug. 14, 2017); *Certain Underwriters at Lloyd's, London v. Nat'l Railroad Passenger Corp.*, 218 F. Supp. 3d 197, 202 (E.D.N.Y. 2016). As Judge Chun recently

found, productions after privilege re-review constitute intentional disclosure. *See De Coster v. Amazon.com, Inc.*, 2025 WL 1237370, at *5 (W.D. Wash. Apr. 29, 2025) ("Amazon's production of the documents at issue was intentional."). Nor does FRE 502(b) protect these documents from privilege waiver. *Id.* Accordingly, Amazon's clawbacks of documents after privilege re-review are improper.

***Third***, the documents used in depositions, described above, do not contain or reflect legal advice or requests for legal advice, and thus are not privileged.

In addition, Amazon's clawbacks of documents produced in Plaintiffs' pre-Complaint investigation are also improper. As we explained in September 2024, documents that were produced in the investigation are not subject to the FRE 502(d) provision in the ESI Order. *See* Sept. 25, 2024 Email from M. Baker to R. Keeling. The ESI Order only provides an exception to waiver to documents produced "in this proceeding," not to waiver through disclosure in any other proceeding. *See* ESI Order ¶ 10; *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2024 WL 3620467, at *4 (W.D. Wash. Aug. 1, 2024 (the ESI order "applies to documents produced during this litigation and does not apply to documents produced in the underlying investigation or in other proceedings").

Notwithstanding the Court's clear prior ruling, Amazon has clawed back multiple documents that were produced during Plaintiffs' pre-Complaint investigation. Those clawbacks are subject to FRE 502(b). Even if Amazon could show that its production of those documents was inadvertent, Plaintiffs fail to see how Amazon can reasonably claim that its clawbacks satisfy FRE 502(b)(2) or (b)(3), given Amazon's delay in clawing back those documents and its reproduction of several documents in other related cases.

Please let us know by **July 2** whether Amazon will withdraw its clawbacks described above. If not, please provide the full basis for Amazon's refusal, including Amazon's full basis for asserting that its clawbacks of documents produced in Plaintiffs' pre-Complaint investigation satisfy FRE 502(b).

Thanks,
Olga