# Exhibit 3

| | |
|---|---|
| **From:** | Kristen Knapp |
| **To:** | Musayev, Olga; Robert D. Keeling; Bernick, Daniel; "DeWilde, Kristen"; ktrefz; "Hodges, Kevin"; "molly.terwilliger@morganlewis.com"; Willard Zehmer, Lauren; Mitchell-Tombras, Katharine |
| **Cc:** | Merber, Kenneth; Musser, Susan; "Jo, Michael"; tim.smith@doj.state.or.us; "Thomson, Jennifer A."; Takashima, Edward; Stevenson, Ethan; morgan.feder@ag.ny.gov; Zepp, Eric; Redgrave Amazon-FTC |
| **Subject:** | RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon"s Clawbacks |
| **Date:** | Friday, July 25, 2025 2:47:52 PM |

Olga, thank you for your email dated July 17, 2025. First, as explained in our July 8 email, Amazon did not intentionally produce privileged material after conducting its re-reviews. The re-reviews involved large volumes of documents and were completed in highly compressed time frames, which served to exacerbate the reviewer errors that commonly occur in privilege reviews.

Regardless, the ESI Order in this matter contains a Rule 502(d) non-waiver provision, which provides for the clawback of privileged documents whose production was "inadvertent *or otherwise*." (ESI Order ¶ 10) (emphasis added). Furthermore, ¶ 10 of the ESI Order expressly excludes the provisions of Rule 502(b), which by contrast includes an inadvertence requirement. (ESI Order ¶ 10) ("The provisions of Fed. R. Evid. 502(b) do not apply."). With respect to timing, Amazon has complied with the ESI Order's "good faith efforts" requirement, having made good faith efforts to provide notice within 15 days of its determination that privileged material was produced.

Second, the Rule 502(d) clawback provision in the ESI Order expressly applies to "the *production* of any documents, electronically stored information ("ESI") or information . . . in this proceeding." (ESI Order ¶ 11) (emphasis added). There can be no question that the CID documents were *produced* in this proceeding. Your argument to the contrary is meritless.

Third, Amazon has appropriately clawed back documents after becoming aware in depositions that they had been produced with privileged content. You have not cited any instances in which Amazon's counsel has expressly waived privilege after there was an attempt to use such documents.

Regards,
Kristen

**KRISTEN A. KNAPP**
PARTNER | **REDGRAVE LLP** | (P) 771.210.6844
kknapp@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are

confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

---

**From:** Musayev, Olga <omusayev@ftc.gov>
**Sent:** Monday, July 21, 2025 6:43 PM
**To:** Kristen Knapp <kknapp@redgravellp.com>; Robert D. Keeling <rkeeling@redgravellp.com>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** [EXTERNAL] RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

Thanks, Kristen. We are available on Monday 7/28 at 4:30 pm ET. Please send an invite to me and Mike Baker.

Thanks,
Olga

---

**From:** Kristen Knapp <kknapp@redgravellp.com>
**Sent:** Monday, July 21, 2025 3:27 PM
**To:** Musayev, Olga <omusayev@ftc.gov>; Robert D. Keeling <rkeeling@redgravellp.com>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

> You don't often get email from kknapp@redgravellp.com. Learn why this is important

Olga,

With respect to your request for times for a meet and confer, Amazon is available as

follows:

Friday, 7/25 at 12:30 PM, 2 PM, or 3-5PM ET
Monday, 7/28 at 10 AM, 10:30 AM, 12:30 PM, or 4:30 PM ET

Thanks,
Kristen

**KRISTEN A. KNAPP**
PARTNER | **REDGRAVE LLP** | (P) 771.210.6844

kknapp@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

---

**From:** Musayev, Olga <omusayev@ftc.gov>
**Sent:** Friday, July 18, 2025 6:45 PM
**To:** Kristen Knapp <kknapp@redgravellp.com>; Robert D. Keeling <rkeeling@redgravellp.com>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** [EXTERNAL] RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

Received, thanks.

---

**From:** Kristen Knapp <kknapp@redgravellp.com>
**Sent:** Friday, July 18, 2025 3:38 PM
**To:** Musayev, Olga <omusayev@ftc.gov>; Robert D. Keeling <rkeeling@redgravellp.com>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.'

<jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

> You don't often get email from kknapp@redgravellp.com. Learn why this is important

Olga,

Please see the attached correspondence regarding inadvertence that was submitted to Private Plaintiffs.

Regards,
Kristen

**KRISTEN A. KNAPP**
PARTNER | **REDGRAVE LLP** | (P) 771.210.6844

kknapp@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

---

**From:** Musayev, Olga <omusayev@ftc.gov>
**Sent:** Thursday, July 17, 2025 7:12 PM
**To:** Robert D. Keeling <rkeeling@redgravellp.com>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** [EXTERNAL] RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

Robert,

Thank you for your response. You stated that Amazon has already submitted relevant evidence of inadvertence to Private Plaintiffs and represented that Amazon would provide this evidence to FTC plaintiffs. But Amazon has not yet done so. Please send the materials by July

21.

We disagree with the characterizations in your email. First, as my June 27 email makes clear, (1) Amazon's intentional production of documents after privilege re-review, and (2) Amazon's extreme delay in clawing back investigation-era documents are two *separate* bases for waiver of privilege. The independent waiver applies to different (if overlapping) sets of documents. Accordingly, we do not expect your response to Private Plaintiffs regarding re-reviewed investigation documents alone to address all of our concerns.

Second, we disagree with your characterization of the Protective Order. As the context of that correspondence makes clear, the quoted statements were made "with respect to disclosure of Amazon Protected Materials... to non-party States and private plaintiffs." Mar. 15, 2024 Bolles email to Forkner. Moreover, even under Amazon's interpretation, the ESI order only applies to investigation-era documents *as written*, and the order is limited to waiver of documents produced "in this proceeding." ESI Order ¶ 10. Amazon's continued clawbacks of investigation documents produced years ago fails to show reasonable care or prompt rectification, regardless of inadvertence.

Third, with respect to documents clawed back after use in depositions, your response addresses only one deposition. Even assuming that a clawback associated with any one deposition was justified (it was not), Amazon fails to explain its pattern of conduct of clawing back documents after allowing their use at deposition across four separate depositions.

It appears that the parties may be at an impasse on this issue. Please provide your availability for a meet-and-confer on July 21, 25, or 28.

Thanks,
Olga

---

**From:** Robert D. Keeling <rkeeling@redgravellp.com>
**Sent:** Tuesday, July 8, 2025 2:09 PM
**To:** Musayev, Olga <omusayev@ftc.gov>; Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>; Redgrave Amazon-FTC <redgraveamazonftc@redgravellp.com>
**Subject:** RE: FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

You don't often get email from rkeeling@redgravellp.com. Learn why this is important

Olga,

I write in response to your Friday, June 27, 2025 email. Amazon rejects Plaintiffs' supposition that it has improperly clawed back any documents.

With respect to Amazon's clawback of documents first produced to the FTC in the CID investigation, Amazon does not agree that it “waived privilege by intentionally producing documents after privilege re-reviews,” O. Musayev Email to D. Bernick (Jun. 27, 2025), nor does Amazon agree that these documents are subject to Federal Rule of Evidence 502(b). To the contrary, as it concerns Amazon’s production of documents to the FTC Retail Plaintiffs, FTC Retail Plaintiffs explicitly agreed that documents produced to the FTC in the CID investigation are subject to 502(d).

In February 2024, as part of discussing the scope of the Protective Order in this matter as applied to Plaintiffs’ pre-Complaint investigation, the FTC Retail Plaintiffs explicitly agreed that the Protective Order "pertains to documents produced in response to the FTC's August 5, 2019 request for documents from Amazon on a voluntary basis **and documents produced in response to the FTC’s February 20, 2020 Civil Investigative Demand**." *See* E. Bolles Email to C. Forkner (April 2, 2024) (emphasis added). The Protective Order specifies that the “Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) ....” Protective Order, ECF No. 160 (Feb. 13, 2024) at Para. 12. That non-waiver provision was included with the ESI Order which was entered by the Court on June 11, 2024. Order Regarding Discovery of Electronically Stored Information (“ESI Order”), ECF No. 256 (Jun. 11, 2024) The ESI Order states:

> Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

ESI Order at Para. E.10. Therefore, it is clear that in February 2024, the Plaintiffs agreed to extend the protections of 502(d) contained in the ESI Order to the documents produced to the FTC in response to the FTC’s CID.

Further, Amazon has not intentionally produced privileged documents after the privilege

re-reviews. As Amazon has stated multiple times the re-review was completed in a compressed time frame and included a significant volume of documents, both of which serve to exacerbate the errors present in all document reviews. Nevertheless, and despite not being required to do so, Amazon has submitted to Private Plaintiffs evidence of inadvertence for documents first withheld or produced in the CID investigation and then re-reviewed and produced in downgraded form. Amazon will provide that correspondence to Plaintiffs in the present action.

With respect to the depositions, in one deposition you reference, counsel for Amazon clearly stated on the record that the document "does seem to me to potentially implicate privilege." [redacted] Dep. 246:18-19. Counsel for Amazon then suggested a way forward that would be efficient for both parties. Counsel for Amazon said Plaintiffs could question the witness on "factual questions" and "facts that may have come up in this document," *id.* at 246:22-24, while indicating that "questions about legal advice [the witness] may have received in connection with these discussions" *id.* at 246: 25 – 247: 2, would not be permitted. Counsel for Plaintiffs agreed to this approach. *Id.* at 247: 6-9 (MS. POMEROY: I'll go ahead and talk about it and then if you're going to instruct him not to answer, obviously we'll move to take additional steps at that time.").

Regards,
Robert

**ROBERT KEELING**
PARTNER | **REDGRAVE LLP** | (P) 202.436.0260
rkeeling@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

---

**From:** Musayev, Olga <omusayev@ftc.gov>
**Sent:** Friday, June 27, 2025 6:15 PM
**To:** Bernick, Daniel <DBernick@cov.com>; 'DeWilde, Kristen' <kdewilde@wc.com>; ktrefz <ktrefz@wc.com>; 'Hodges, Kevin' <KHodges@wc.com>; 'molly.terwilliger@morganlewis.com' <molly.terwilliger@morganlewis.com>; Robert D. Keeling <rkeeling@redgravellp.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Mitchell-Tombras, Katharine <KMitchellTombras@cov.com>
**Cc:** Merber, Kenneth <kmerber@ftc.gov>; Musser, Susan <smusser@ftc.gov>; 'Jo, Michael' <michael.jo@ag.ny.gov>; tim.smith@doj.state.or.us; 'Thomson, Jennifer A.' <jthomson@attorneygeneral.gov>; Takashima, Edward <etakashima@ftc.gov>; Stevenson, Ethan <estevenson1@ftc.gov>; morgan.feder@ag.ny.gov; Zepp, Eric <ezepp@ftc.gov>

**Subject:** [EXTERNAL] FTC v. Amazon, No. 2:23-cv-01495 (W.D. Wash.) - Amazon's Clawbacks

Counsel,

We write with regards to Amazon's improper clawbacks following depositions and privilege re-reviews, as well as Amazon's clawbacks of documents produced in Plaintiffs' pre-Complaint investigation.

Amazon has now clawed back documents after allowing questioning in four separate depositions: those of [redacted] (Ex.9, AMZN-RTL-FTC-13033124), [redacted] (Ex.22,CAAGLit-AMZ_14033998), [redacted] (Ex. 10, CAAGLit-AMZ 10659900), and [redacted] (Ex. 12, Amazon-FTC-CID 10337655). In the case of [redacted] Amazon clawed back an exhibit nearly three weeks after the document was subject to questioning in deposition. *See* May 23, 2025 Email from B. DeVaney to M. Baker. For [redacted], Amazon made no privilege objections of any sort during questioning, only to claw back the document a month later. [redacted] Depo. Tr. at 140-53. Similarly, Amazon clawed back [redacted] Exhibit 10 and [redacted] Exhibit 12 after allowing questioning on those documents. In addition, three of the documents (those used in the depositions of [redacted]. [redacted], [redacted], and [redacted]) were produced after privilege re-review—as were dozens of other clawed-back documents. All of these clawbacks are improper.

***First***, Amazon's failure to object to the use of the four deposition exhibits constitutes waiver, regardless of the FRE 502(d) provision in the ESI order. *See Skansgaard v. Bank of America, N.A.*, 2013 WL 828210, at *3 (W.D. Wash. Mar. 6, 2013) (collecting cases holding that failure to object immediately results in waiver); *Hologram USA, Inc. v. Pulse Evol. Corp.*, 2016 WL 3654285, at **2-3 (D. Nev. July 5, 2016) (finding waiver from failure to object until 50 and 20 pages after questioning began; "failure to timely object to the introduction of an exhibit [at deposition] waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure.").

***Second***, Amazon waived privilege by *intentionally* producing documents after privilege re-reviews. The FRE 502(d) provision in the ESI order of this case does not cover intentional disclosures, whether in this or any other case. *See Smith v. Best Buy Stores, L.P.*, 2017 WL 3484158, at *3 (D. Idaho Aug. 14, 2017); *Certain Underwriters at Lloyd's, London v. Nat'l Railroad Passenger Corp.*, 218 F. Supp. 3d 197, 202 (E.D.N.Y. 2016). As Judge Chun recently found, productions after privilege re-review constitute intentional disclosure. *See De Coster v. Amazon.com, Inc.*, 2025 WL 1237370, at *5 (W.D. Wash. Apr. 29, 2025) ("Amazon's production of the documents at issue was intentional."). Nor does FRE 502(b) protect these documents from privilege waiver. *Id.* Accordingly, Amazon's clawbacks of documents after privilege re-review are improper.

***Third***, the documents used in depositions, described above, do not contain or reflect legal advice or requests for legal advice, and thus are not privileged.

In addition, Amazon's clawbacks of documents produced in Plaintiffs' pre-Complaint investigation are also improper. As we explained in September 2024, documents that were produced in the investigation are not subject to the FRE 502(d) provision in the ESI Order. *See* Sept. 25, 2024 Email from M. Baker to R. Keeling. The ESI Order only provides an exception to waiver to documents produced "in this proceeding," not to waiver through disclosure in any other proceeding. *See* ESI Order ¶ 10; *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2024 WL 3620467, at *4 (W.D. Wash. Aug. 1, 2024 (the ESI order "applies to documents produced during this litigation and does not apply to documents produced in the underlying investigation or in other proceedings").

Notwithstanding the Court's clear prior ruling, Amazon has clawed back multiple documents that were produced during Plaintiffs' pre-Complaint investigation. Those clawbacks are subject to FRE 502(b). Even if Amazon could show that its production of those documents was inadvertent, Plaintiffs fail to see how Amazon can reasonably claim that its clawbacks satisfy FRE 502(b)(2) or (b)(3), given Amazon's delay in clawing back those documents and its reproduction of several documents in other related cases.

Please let us know by **July 2** whether Amazon will withdraw its clawbacks described above. If not, please provide the full basis for Amazon's refusal, including Amazon's full basis for asserting that its clawbacks of documents produced in Plaintiffs' pre-Complaint investigation satisfy FRE 502(b).

Thanks,
Olga