# Exhibit 4

LAW OFFICES
WILLIAMS & CONNOLLY LLP®

CONSTANCE T. FORKNER
(202) 434-5846
cforkner@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 24, 2024

CONFIDENTIAL

Via Email

Emily Bolles, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
ebolles@ftc.gov

Re: *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495-JHC (W.D. Wa.)

Dear Emily

I write in response to your January 19 letter concerning Amazon's proposal for documents and data produced in response to the FTC's 2020 Civil Investigative Demand ("CID").

In my January 16, 2024 letter, Amazon offered to deem documents and data produced pursuant to the CID as produced in this litigation once a Protective Order is entered and if Plaintiffs agreed to stipulate to certain conditions. Plaintiffs indicated that they are unwilling to stipulate to Amazon's sixth condition: "Plaintiffs may not share, provide, or discuss documents or data first produced in response to the CID and deemed produced in the litigation with any State or private litigant who is not a party to this litigation." Plaintiffs claim that documents and data produced pursuant to the CID should be treated the same as any other material produced in the litigation and pursuant to the Protective Order.

As a preliminary matter, and contrary to Plaintiffs' characterization of Amazon's January 16 proposal concerning RFP No. 12, there is no agreement on an "interim" Protective Order that would govern the production of documents in the litigation more generally and until the Court enters a Protective Order. *See* Jan. 23, 2024 Ltr. from C. Forkner to E. Bolles. As such, until the entry of a Protective Order in the litigation, Amazon will not agree to deem the documents or data first produced pursuant to the CID as produced in the litigation.

Moreover, Plaintiffs are asking Amazon to "deem" documents produced in the litigation, notwithstanding their acknowledgement that the documents and data go beyond the allegations in

the Complaint and therefore are not all responsive to Requests served in the litigation. Accordingly, Amazon reasonably seeks additional assurances from Plaintiffs concerning the handling and confidentiality of those documents and data. It is also unclear under what circumstances Plaintiffs believe they would be able to "share, provide, or discuss" the documents or data with States or private plaintiffs who are not a party to this litigation, including under the current terms of the draft Protective Order. There is no burden on Plaintiffs to not share, provide, or discuss documents or data first produced in response to the CID with any State or private litigant who is not a party to this litigation.

It would be helpful if Plaintiffs could articulate why they cannot agree not to "share, provide, or discuss" the documents with States or private litigants who are not a party to this litigation. We suggest discussing this on our meet and confer this Friday.

Sincerely,

Connie Forkner

Constance T. Forkner

cc: Susan A. Musser, Edward H. Takashima, Daniel A. Principato, Colin M. Herd, FTC
Michael Jo, New York State Office of the Attorney General
Timothy D. Smith, Oregon Department of Justice
Molly A. Terwilliger, Morgan, Lewis & Bockius LLP
Robert Keeling, Sidley Austin LLP