# Exhibit 5

**From:** Forkner, Constance
**To:** Bolles, Emily
**Cc:** DeWilde, Kristen; Hodges, Kevin; Mangum, Ray; molly.terwilliger@morganlewis.com; Jo, Michael; Musser, Susan; Principato, Daniel; Quinn, Danielle; tim.smith@doj.state.or.us; Takashima, Edward; Keeling, Robert; Donati, Victor; Tucker, Yolanda; Barnwell, Leigh
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)
**Date:** Friday, April 5, 2024 1:54:25 PM

Emily –

Apologies for the delay. We have an agreement.

Thanks,

Connie

**Constance (Connie) Forkner**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5846 | vcard | https://www.wc.com/Attorneys/Constance-T-Forkner
*She, Her, Hers*

**From:** Bolles, Emily <ebolles@ftc.gov>
**Sent:** Tuesday, April 2, 2024 8:50 PM
**To:** Forkner, Constance <CForkner@wc.com>
**Cc:** DeWilde, Kristen <kdewilde@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mangum, Ray <rmangum@sidley.com>; molly.terwilliger@morganlewis.com; Jo, Michael <michael.jo@ag.ny.gov>; Musser, Susan <smusser@ftc.gov>; Principato, Daniel <dprincipato@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; tim.smith@doj.state.or.us; Takashima, Edward <etakashima@ftc.gov>; Keeling, Robert <rkeeling@sidley.com>; Donati, Victor <vdonati@ftc.gov>; Tucker, Yolanda <ytucker@ftc.gov>; Barnwell, Leigh <lbarnwell@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)

Connie,

Plaintiffs agree to the below (that this agreement pertains to documents produced in response to the FTC's August 5, 2019 request for documents from Amazon on a voluntary basis and documents produced in response to the FTC's February 20, 2020 Civil Investigative Demand). Please confirm that we have an agreement.

Thanks,

Emily

______________
Emily K. Bolles
Bureau of Competition
Federal Trade Commission
ebolles@ftc.gov
(she/her)

**From:** Forkner, Constance <CForkner@wc.com>
**Sent:** Tuesday, March 19, 2024 4:09 PM
**To:** Bolles, Emily <ebolles@ftc.gov>
**Cc:** DeWilde, Kristen <kdewilde@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mangum, Ray <rmangum@sidley.com>; molly.terwilliger@morganlewis.com; Jo, Michael <michael.jo@ag.ny.gov>; Musser, Susan <smusser@ftc.gov>; Principato, Daniel <dprincipato@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; tim.smith@doj.state.or.us; Takashima, Edward <etakashima@ftc.gov>; Keeling, Robert <rkeeling@sidley.com>; Donati, Victor <vdonati@ftc.gov>; Tucker, Yolanda

<ytucker@ftc.gov>; Barnwell, Leigh <lbarnwell@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)

Emily –

Thanks for your email. Amazon's agreement pertains to documents produced in response to the FTC's August 5, 2019 request for documents from Amazon on a voluntary basis and documents produced in response to the FTC's February 20, 2020 Civil Investigative Demand.

Regards,
Connie

**Constance (Connie) Forkner**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5846 | vcard | https://www.wc.com/Attorneys/Constance-T-Forkner
*She, Her, Hers*

---

**From:** Bolles, Emily <ebolles@ftc.gov>
**Sent:** Friday, March 15, 2024 5:06 PM
**To:** Forkner, Constance <CForkner@wc.com>
**Cc:** DeWilde, Kristen <kdewilde@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mangum, Ray <rmangum@sidley.com>; molly.terwilliger@morganlewis.com; Jo, Michael <michael.jo@ag.ny.gov>; Musser, Susan <smusser@ftc.gov>; Principato, Daniel <dprincipato@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; tim.smith@doj.state.or.us; Takashima, Edward <etakashima@ftc.gov>; Keeling, Robert <rkeeling@sidley.com>; Donati, Victor <vdonati@ftc.gov>; Tucker, Yolanda <ytucker@ftc.gov>; Barnwell, Leigh <lbarnwell@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)

Connie,

Plaintiffs agree that we are limited by the Protective Order, Dkt. #160, with respect to the disclosure of Amazon Protected Materials (as defined in the Protective Order) to non-party States and private plaintiffs, including that Plaintiffs may not discuss Amazon Protected Material with private plaintiffs if that material has not been disclosed to those private plaintiffs. This is consistent with my letters dated January 19, 2024 and February 8, 2024, with Plaintiffs' position on our meet and confer on March 6, and with my email dated March 6 in the thread below. For the avoidance of doubt, by confirming this for Amazon, Plaintiffs are in no way changing or agreeing to different terms than those in the Protective Order, which does allow disclosure under certain circumstances, as detailed in Plaintiffs' above-mentioned correspondence.

Consistent with Plaintiffs' January 19 letter, Plaintiffs can agree to Amazon's conditions number #1-5 below, except that Amazon has never responded to Plaintiffs' request to confirm that this agreement pertains to all documents and data produced in Plaintiffs' pre-Complaint investigation. *See* Letter from E. Bolles to C. Forkner at 1 (Jan. 19, 2024); Letter from E. Bolles to C. Forkner at 2 (Feb. 8, 2024). Please confirm that as soon as possible and, if Amazon disagrees, please explain which pre-Complaint investigation materials Amazon does not agree to deem produced here.

Regards,
Emily

Emily K. Bolles
Bureau of Competition
Federal Trade Commission
ebolles@ftc.gov

(she/her)

**From:** Forkner, Constance <CForkner@wc.com>
**Sent:** Tuesday, March 12, 2024 12:26 PM
**To:** Bolles, Emily <ebolles@ftc.gov>
**Cc:** DeWilde, Kristen <kdewilde@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mangum, Ray <rmangum@sidley.com>; molly.terwilliger@morganlewis.com; Jo, Michael <michael.jo@ag.ny.gov>; Musser, Susan <smusser@ftc.gov>; Principato, Daniel <dprincipato@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; tim.smith@doj.state.or.us; Takashima, Edward <etakashima@ftc.gov>; Keeling, Robert <rkeeling@sidley.com>; Donati, Victor <vdonati@ftc.gov>; Tucker, Yolanda <ytucker@ftc.gov>; Barnwell, Leigh <lbarnwell@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)

Emily,

Thanks for your email in response to my February 14 letter and our meet and confer of March 6. We understand from your email that Plaintiffs agree that they are limited by the Protective Order, Dkt. No. 160, with respect to the disclosure of Amazon Protected Materials to non-party States and private plaintiffs, including that Plaintiffs may not discuss Amazon Protected Material if that material has not been disclosed to private plaintiffs. We also understand from Plaintiffs' January 19, 2024 letter that Plaintiffs agree to stipulate to the following conditions as part of Amazon's agreement to deem documents and data produced pursuant to the CID as produced in this litigation.

Please confirm Amazon's understanding by responsive email.

Thanks,

Connie

1. The February 20, 2020 CID sought the production of documents and data from Amazon that go beyond the claims and allegations in the September 26, 2023 Complaint in *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495 ("the litigation").
2. The documents and data produced by Amazon in response to the CID are deemed produced in the litigation solely as a matter of convenience and in the interest of efficiency.
3. All documents and data produced to the FTC pursuant to the CID and deemed produced in the litigation will be treated as Highly Confidential-Attorneys Eyes Only pursuant to the Protective Order to be entered in the litigation and until such time as it is necessary to re-evaluate the designation.
4. By deeming the documents and data produced in response to the CID as produced in the litigation, Amazon is not conceding the responsiveness, relevance, or admissibility of any such document.
5. Amazon reserves all rights to challenge the responsiveness, relevance, and/or admissibility of any document or data produced in response to the CID in this litigation.

**Constance (Connie) Forkner**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5846 | vcard | https://www.wc.com/Attorneys/Constance-T-Forkner
*She, Her, Hers*

**From:** Bolles, Emily <ebolles@ftc.gov>
**Sent:** Wednesday, March 6, 2024 5:19 PM
**To:** Forkner, Constance <CForkner@wc.com>
**Cc:** DeWilde, Kristen <kdewilde@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mangum, Ray

<rmangum@sidley.com>; molly.terwilliger@morganlewis.com; Jo, Michael <michael.jo@ag.ny.gov>; Musser, Susan <smusser@ftc.gov>; Principato, Daniel <dprincipato@ftc.gov>; Quinn, Danielle <dquinn@ftc.gov>; tim.smith@doj.state.or.us; Takashima, Edward <etakashima@ftc.gov>; Keeling, Robert <rkeeling@sidley.com>; Donati, Victor <vdonati@ftc.gov>; Tucker, Yolanda <ytucker@ftc.gov>; Barnwell, Leigh <lbarnwell@ftc.gov>
**Subject:** FTC et al. v. Amazon, No. 2:23-cv-1495 (W.D. Wash.)

Connie,

On our meet and confer today, you requested a written response from Plaintiffs as to whether Plaintiffs agree that the Protective Order does not allow disclosure of Amazon Protected Material to the private plaintiffs in related cases. We are providing this written response after affirming this orally on our meet and confer in the hopes that it resolves the remaining dispute between the parties such that Amazon will agree to deem all investigation materials produced in the litigation.

As we have said several times, Plaintiffs will abide by the Protective Order. There are some scenarios where private plaintiffs may be covered by Section 5.2 or 5.3 of the Protective Order. For example, the Receiving Party may disclose Protected Material to "the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document." (Protective Order Section 5.2(a); Section 5.3(a)). Outside of Sections 5.2 and 5.3, we agree that the Protective Order does not allow "disclosure" of Amazon Protected Material to the private plaintiffs.

The Protective Order, on the other hand, does not bar Plaintiffs from "discussing" Amazon Protected Material with private plaintiffs insofar as that Protected Material has already been disclosed to those private plaintiffs. If Amazon disagrees, please point us to the provisions in the Protective Order that Amazon believes supports its position.

On our call, you expressed concern that we would not be able to determine whether certain Protected Material had previously been disclosed to the private plaintiffs. As we explained, we can make that determination on a case-by-case basis by, for example, comparing Bates numbers on documents. If Amazon is concerned that Plaintiffs are assuming that *all* investigation materials have been produced to the private plaintiffs, that concern is unwarranted.

Based on our discussion today and the above, please let us know by March 12 whether Amazon agrees to deem all materials Amazon produced during Plaintiffs' pre-Complaint investigation produced in discovery.

Regards,
Emily

Emily K. Bolles
Bureau of Competition
Federal Trade Commission
ebolles@ftc.gov
(she/her)

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.