THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | **CASE NO.: 2:23-cv-01495-JHC**<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT - 1
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF CONTENTS

I.   STATUS OF LITIGATION ................................................................................................ 3

II.  JOINT REPORT ON THE STATUS OF DISCOVERY ................................................. 4

    A.   Party Discovery ...................................................................................................... 4

    B.   Third Party Discovery ............................................................................................. 6

III. OTHER ISSUES ............................................................................................................... 7

    A.   Amazon's Second Supplemental Initial Disclosures .............................................. 7

IV.  DISPUTED ISSUES ......................................................................................................... 9

    A.   Amazon's Late Disclosure of Its Possession of Third-Party Documents ............... 9

V.   PENDING MOTIONS .................................................................................................... 15

JOINT STATUS REPORT - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Pursuant to the February 13, 2024 Case Management Order ("CMO"), Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York, Connecticut, New Hampshire, Oklahoma, Oregon, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Puerto Rico, Rhode Island, Vermont, and Wisconsin, by and through their respective Attorneys General (together, "Plaintiff States," and collectively with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") submit this joint status report in advance of the parties' September 2, 2025 status conference with the Court.

## I.   STATUS OF LITIGATION

Plaintiffs filed the Complaint on September 26, 2023, Dkt. #1, and filed an Amended Complaint adding Puerto Rico and Vermont as Plaintiffs on March 14, 2024, Dkt. #170. Amazon filed a Motion to Dismiss the Complaint on December 8, 2023, Dkt. #127, which the parties agreed and the Court ordered would be deemed to be Amazon's Motion to Dismiss the Amended Complaint, Dkt. #175. The Court granted the motion as to certain state law claims and otherwise denied the motion on September 30, 2024, and granted leave to amend the dismissed state law claims, Dkt. #289. The Court also granted Plaintiffs' motion to bifurcate. *Id.*

Plaintiffs filed a Second Amended Complaint on October 31, 2024, amending state law claims under the laws of Maryland, Pennsylvania, and New Jersey. Dkt. #326. Amazon filed a motion to dismiss the amended Pennsylvania and New Jersey claims on November 14, 2024, Dkt. #340, and the Court granted that motion on March 20, 2025. Dkt. #450. Amazon also filed an Answer to the Second Amended Complaint on November 14, 2024. Dkt. #341. Amazon filed a Motion for Judgment on the Pleadings as to the FTC's claims on December 6, 2024. Dkt. #372.

JOINT STATUS REPORT - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

The Court denied that motion on April 8, 2025, and denied Amazon's request to certify the matter for an interlocutory appeal. Dkt. #463.

On June 4, 2025, the Court issued an Amended Case Scheduling Order, Dkt. #492, that included the following key dates:

| | |
|---|---|
| October 22, 2025 | Close of Fact Discovery |
| June 22, 2026 | Close of Expert Discovery |
| August 3, 2026 | Deadline to File Dispositive and *Daubert* Motions (with motions noted for October 12, 2026) |
| January 25, 2027 | Final Pretrial Conference |
| February 9, 2027 | Bench Trial |

## II.  JOINT REPORT ON THE STATUS OF DISCOVERY

### A.  Party Discovery

The parties are continuing to meet and confer regarding various discovery issues, including:

- Amazon's production of a refresh production of certain targeted collection and documents form the files of specific Amazon custodians. The parties have agreed to enter into a stipulation, subject to the Court's approval, that the production of these documents, and any disputes arising from the production of these documents, will occur after the close of fact discovery on October 22, 2025;
- Amazon's response to Plaintiffs' Interrogatory No. 14;
- Amazon's collection and production of documents in response to Plaintiffs' discovery requests, including Amazon's collection and production of messages from custodians' phones and devices;
- Amazon's privilege claims and the adequacy of Amazon's privilege logs;

JOINT STATUS REPORT - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

- Amazon's ongoing production of structured data, and associated data definitions; and

- The production of class certification expert materials from *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.,* No. 2:21-cv-00693-JHC (W.D. Wash.); and *Brown et al. v. Amazon.com, Inc.,* No. 2:22-cv-00965-JHC (W.D. Wash.).

Plaintiffs have taken the depositions of 54 Amazon employees or former employees and have noticed the depositions of an additional 7 Amazon employees or former employees. The parties have confirmed dates for 6 of these additional depositions. The parties are coordinating these depositions with the Coordinated Actions, as required by the Deposition Coordination Protocol and Order, Dkt. #337.

Plaintiffs have reserved all rights to seek to notice a deposition or reopen a deposition based on privilege downgrades made or ordered less than 21 days before the close of fact discovery, or after the close of fact discovery, and will do so within 21 days of the production of these documents. Amazon has reserved all rights to substantively challenge the reopening of any deposition, but, for this category of documents, would not do so based on the fact that fact discovery has closed.

The parties have agreed that that Amazon will produce any expert materials[1] from any Coordinated Action, *see* Deposition Coordination Protocol and Order ¶ 1.b, Dkt. # 337, including reports, deposition transcripts, and back-up materials, when Amazon either produces or receives such expert materials. Amazon's agreement to produce expert materials prepared by any coordinated plaintiff is contingent upon that plaintiff's consent. If the expert disclosure schedule

---

[1] The parties' agreement does not apply to class certification expert materials. This agreement does not prejudice Plaintiffs' ability to seek these class certification expert materials or Amazon's ability to contest the production of these class certification expert materials.

JOINT STATUS REPORT - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

in any case puts the disclosure of Amazon's expert materials or a coordinated plaintiff's expert materials ahead of the disclosure of Amazon's reports in this case, the parties have agreed to meet and confer in good faith regarding the production schedule of expert materials for Amazon-retained experts and plaintiff rebuttal experts. In such an event, Amazon will still produce the opening expert materials of any expert retained by a coordinated plaintiff when such materials are received by Amazon, subject to that plaintiff's consent.

### B. Third Party Discovery

Plaintiffs have served 38 document subpoenas to third-party online retailers and marketplaces, third-party logistics providers, and sellers, and will issue additional subpoenas as needed. Plaintiffs are conferring with third-party subpoena recipients regarding the scope of their responses to Plaintiffs' requests.

Amazon has served 51 third-party subpoenas seeking documents from online retailers and marketplaces, third-party logistics providers, and sellers. Amazon is in the process of conferring with those parties to reach agreement on the documents to be produced in response to Amazon's requests. Amazon expects to serve a limited number of additional third-party document subpoenas, including with respect to third parties that Plaintiffs have recently served with deposition subpoenas or otherwise identified in their supplemental initial disclosures.

The parties have agreed to regular exchanges of information about subpoenas to third parties and third parties' responses and objections. The parties have also agreed to hold joint meet and confers when requested by third parties in order to minimize the burden of discovery for them.

The parties have taken 29 depositions of third-party witnesses to date, including coordinated depositions. To date, the parties have noticed an additional 29 depositions of third-

JOINT STATUS REPORT - 6
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

party witnesses. Plaintiffs and Amazon may notice additional third-party depositions and would coordinate with plaintiffs in other cases in scheduling and conducting these depositions.

The parties have agreed to treat the depositions of two third parties whose depositions were taken in *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) (the *California* litigation), before the entry of the Deposition Coordination Protocol and Order, Dkt. # 337, as having been taken in this case.

### III. OTHER ISSUES

#### A. Amazon's Second Supplemental Initial Disclosures

**Plaintiffs' Position**

On August 22, 2025, the parties exchanged their Second Supplemental Initial Disclosures, supplementing disclosures first made in November 2023 and updated in March 2025. Amazon, for the first time, disclosed five long-standing Amazon employees[2] and 31 third parties as persons who may have discoverable information that Amazon may use to support its defenses in this case. This belated disclosure near the end of fact discovery substantially prejudices Plaintiffs.

Amazon suggests that Plaintiffs' supplemental disclosures similarly contained a large number of new third parties, but this ignores several important distinctions. Plaintiffs' "new" witnesses include seven witnesses that have already been deposed in either this action or the *California* litigation, and 15 that have been noticed for deposition in one of the actions. Amazon was well aware of these witnesses at the time of their appearance on Plaintiffs' disclosures. For the remaining seven, newly identified witnesses, Plaintiffs have become aware of them through discovery in this case. As to these witnesses, and more generally, Plaintiffs and Amazon are differently situated. Unlike Amazon, Plaintiffs do not have independent business relationships with firms that participate in relevant markets and instead have had to identify firms with

---

[2] Amazon also disclosed its current CEO, Andy Jassy, in its Second Supplemental Initial disclosures, who Plaintiffs already planned to (and did) depose.

JOINT STATUS REPORT - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

relevant information through discovery in this case. In a similar vein, Plaintiffs are not parties to the *California* litigation and do not have access to the information Amazon has through that litigation about third parties with relevant information.

Amazon disclosed this information to Plaintiffs after the Court-ordered deadline to identify potential disputes for this Joint Status Report, Case Management Order, Dkt. # 161. However, Plaintiffs plan to address this issue at the September 2, 2025 Status Conference. If the Court would prefer, Plaintiffs are amenable to rescheduling the Joint Status Conference.

**Amazon's Position**

As proposed by Plaintiffs, and as agreed by Amazon, the Parties served Second Supplemental Initial Disclosures on August 22, 2025.  Plaintiffs added 3 new Amazon witnesses and 29 new third parties to their initial disclosures.  Amazon added 6 current employees and 31 third parties to their initial disclosures.  As to the new witnesses on Amazon's supplemental disclosures, Plaintiffs have long been aware of each of the six Amazon employees' potential involvement in this case.  One such employee is the CEO of Amazon—an individual that Plaintiffs questioned during a pre-Complaint investigational hearing and then recently deposed in this litigation.  Two other employees were listed on the Plaintiffs' own disclosures as early as November 2023.  Another served as a document custodian in the pre-Complaint and post-Complaint discovery taken from Amazon.  With respect to the last two Amazon witnesses, Amazon substantially reproduced all of the custodial documents for these witnesses that were produced in the *California* action in 2024.

As to the 31 third parties, Amazon's disclosures were reasonable and appropriate, particularly in light of the Parties' agreement to exchange supplemental disclosures in March 2025, and then again on August 22, 2025.  Plaintiffs have been aware of at least 9 of these third parties for some time.  Five were identified on Plaintiffs' own supplemental disclosures, and Amazon has previously reproduced documents or deposition transcripts associated with the other four third parties to Plaintiffs.  There had been no effort to seek discovery from 16 of the 22 remaining third parties in any of the coordinated cases prior to the last agreed exchange of disclosures in March 2025.  And for these 22 third parties, Amazon only recently determined that

JOINT STATUS REPORT - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

it may rely on discovery from these third parties in this action.   There are still two months left in discovery if Plaintiffs wish to seek depositions from any third party.  With this context, there is nothing objectionable about Amazon's disclosure of third-party witnesses on the Parties' agreed timetable and consistent Amazon's disclosure obligations under the Rules.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## IV.    DISPUTED ISSUES

### A. Amazon's Late Disclosure of Its Possession of Third-Party Documents

**Plaintiffs' Position**

More than a year ago, Amazon agreed to reproduce to Plaintiffs all documents produced or provided to Amazon in the *California* litigation or any Related Cases in response to Plaintiffs' Request for Production No. 18. Joint Brief Regarding Interim Deadlines at 19 (Sept. 17, 2024), Dkt. # 284 ("Reproduction of any future productions in those actions will be made within approximately two weeks of the original production."). However, Amazon has failed to even inform Plaintiffs of a number of productions that it received in the *California* litigation. It now seeks to affirmatively use these productions in this litigation. It should be precluded from doing so.

On August 7, 2025, Plaintiffs learned that third-party Staples Inc., which Amazon had noticed for a 30(b)(6) deposition now scheduled to take place in mid-September, had made two productions to Amazon pursuant to a subpoena issued by Amazon in the *California* litigation in May and June 2025. When asked why Plaintiffs had not received this material, Amazon reported that Staples had not given consent for Amazon to reproduce the materials. When asked if there were other third parties whose materials Amazon had not yet produced to Plaintiffs, Amazon waited 12 days before responding with the identification of seven other third-parties—Ace Hardware, Cassida Corporation, Clinique, Delta Faucets, Forde McGovern & Associates, Shein, and Ulta—that had produced documents to Amazon in the *California* litigation. Plaintiffs asked about the quantity of documents, how long Amazon has been in possession of the documents, the contact information for these third parties, and questions relating to Amazon's diligence in

JOINT STATUS REPORT - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

seeking any necessary consent to reproduce the documents to Plaintiffs in this case. On August 22, 2025, Amazon provided information about the quantity of documents and contact information, but refused to answer how long it had been in possession of these materials or address its diligence in seeking consent from the third parties.

As discussed above, on August 22, 2025, Amazon supplemented its initial disclosures under Rule 26(a) and disclosed, for the first time, 31 third parties as persons who may have discoverable information that Amazon may use to support its defenses in this case. Included among the 31 third parties were seven of the eight third parties that Amazon had received documents from in the *California* litigation but had not reproduced to Plaintiffs in this litigation.[3]

In other words, Amazon issued subpoenas and received responsive documents in the *California* litigation and apparently used the information learned in the discovery it conducted under the *California* case caption to inform its decisions about depositions it noticed in *this* litigation and who should appear on its supplemental initial disclosures in *this* litigation.[4] At the same time, it refused to disclose these documents to Plaintiffs, or even disclose the existence of these documents, thereby benefiting from unilateral access to discovery material.

Fact discovery closes in only 56 days. Amazon's disclosure of this information—only after Plaintiffs independently became aware of this issue in part—substantially prejudices Plaintiffs. Amazon's conduct is all the more telling in light of Amazon's position in October 2024 after Plaintiffs inadvertently failed to reproduce to Amazon a small number of screenshots received from a third party. Amazon claimed that Plaintiffs' failure to disclose this information was "inconsistent with the Court's Case Management Order" in this case, that this late disclosure "has prejudiced Amazon, including with respect to decisions around the documents or categories

---

[3] Staples was not included on Amazon's Second Supplemental Initial Disclosures. On August 22, 2025, Plaintiffs received a production directly from Staples that included the materials it had produced in the *California* litigation.

[4] Amazon argues that Plaintiffs' position that Amazon has *used* information obtained through discovery in the *California* litigation is baseless because this information was not used in deposition. (*Supra* n. 5.) That of course ignores the fact that Amazon received documents in that case, failed to disclose these documents, and then added those third parties to its initial disclosures.

JOINT STATUS REPORT - 10
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

of documents that were sought by Amazon's document subpoena to [third party], as well as Amazon's ability to prepare for the fast approaching deposition date," and accused Plaintiffs of "seek[ing] to benefit from unilateral access to discovery material." Email from A. Lemens to C. Herd et. al. (Oct 17, 2024). At the time, the close of fact discovery was 10 months away and the incident involved very few documents from one third party. Here, discovery closes in 56 days and Amazon has refused to disclose—until now—the existence of these documents from eight third parties that it has possessed for an unknown period of time.

Not only do Plaintiffs lack sufficient time to seek documents from and depose these seven third parties before the close of fact discovery (on top of Amazon's first-time disclosures of five Amazon employees and 24 other third parties), but there is a cap of 70 third-party depositions in this case. Order re Deposition Limits, Dkt. # 166. 55 third-party depositions have already been taken or noticed in this action, and Plaintiffs are evaluating whether to notice or cross-notice other third-party depositions. Now Plaintiffs must determine whether to depose these additional third parties, which were not previously on their radar, but have been on Amazon's for an unknown period of time.

Amazon tries to somehow defend its conduct by pointing to the fact that Plaintiffs have also added third parties to its second supplemental initial disclosures. As noted above, unlike Amazon, Plaintiffs have not conducted discovery of any third parties in parallel, related litigation.

Amazon should not be allowed to use discovery in the *California* litigation to benefit it in this litigation without proper disclosure of the discovery. Accordingly, Plaintiffs ask that Amazon be precluded from relying on any information relating to Staples and the seven third parties that Amazon has received documents from in the *California* litigation on some unknown date and identified on their initial disclosures for the first time on August 22, 2025. In the alternative, Plaintiffs request the ability to conduct any required depositions of witnesses associated with these third parties after the scheduled October 22, 2025, close of fact discovery.

JOINT STATUS REPORT - 11
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**Amazon's Position**

Both Amazon and Plaintiffs have expended considerable efforts to conduct third-party discovery in this action. Dozens of third parties have collectively produced hundreds of thousands of documents in response to subpoenas issued by both Amazon and/or Plaintiffs. Amazon is also engaged in third-party discovery across five other coordinated actions aside from the present case. And consistent with Amazon's discovery obligations in this case, it is working to promptly and efficiently reproduce to Plaintiffs those third-party documents produced in other actions where Amazon can do so in accordance with its obligations under the protective orders in those other actions—*i.e.*, where the third party has consented to the reproduction of documents to Plaintiffs in this case. Notwithstanding the extraordinary efforts that Amazon has undertaken to coordinate third party discovery and ignoring the thousands of documents that have been reproduced to Plaintiffs on behalf of consenting third parties, Plaintiffs complain about (i) the status of Amazon's efforts to obtain consent to reproduce 296 documents from eight third parties who produced documents in response to subpoenas issued in the *California* action; and (ii) Amazon's timely disclosure of third-parties who have discoverable information that Amazon may use to support its defenses in this case under an agreed timeline. Because there is no basis for the extraordinary remedy that Plaintiffs seek, the Court should deny Plaintiffs' request.

Plaintiffs allege that Amazon has violated its obligation to reproduce third-party documents first produced in one of the coordinated actions. Plaintiffs cannot dispute that they have received rolling productions from Amazon of third-party materials from the coordinated actions ***for those third parties that have consented to reproduction in this action***. Amazon's agreement to reproduce documents in response to Plaintiffs' Request for Production No. 18, which sought such materials, was premised on the need for consent because Amazon would otherwise violate its obligations under the protective orders in the coordinated actions with respect to any third-party materials that were designated under those orders. Although Amazon has made diligent efforts to secure consent from third parties who produced documents in the coordinated actions, several of those third parties have not been immediately willing to agree to

JOINT STATUS REPORT - 12
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

reproduce their confidential business information to the FTC and State Plaintiffs.  There is one third party (Staples) that only recently consented to reproduction, and seven others who have yet to consent.

Plaintiffs' statement implies that Amazon has been withholding from Plaintiffs a substantial amount of third party discovery for strategic advantage, and that Amazon has been doing so for some time.  The facts tell a very different story.  Staples made an initial production of 48 documents in the *California* action on May 30, 2025, and then a second production of data compiled in 46 spreadsheets on June 6, 2025.  Amazon immediately engaged with counsel for Staples to attempt to obtain consent to reproduce those documents in this action, but Staples did not provide consent to do so until late July.  As Amazon was preparing to produce the 94 documents to Plaintiffs after obtaining Staples' consent, counsel for Staples advised Amazon that it preferred to engage directly with Plaintiffs on the issue of reproduction.  Staples subsequently produced these 94 documents to Plaintiffs in this action, as well as a third production of approximately 88 documents on August 22, 2025 (the same time that Amazon received this third production of documents).  Plaintiffs also ignore that Amazon served a deposition subpoena on Staples in this action on June 2, 2025, and that Plaintiffs subsequently served both deposition and document subpoenas on Staples.  Plaintiffs also identified Staples in their own supplemental disclosures served on August 22, 2025.  Plaintiffs further fail to mention Amazon's offer to work with Plaintiffs to reschedule the deposition of a Staples witness—currently set for mid-September—for a mutually agreeable date.  This undercuts any suggestion that Plaintiffs were prejudiced in any way with respect to the reproduction of documents from Staples.

The remaining seven third parties that Plaintiffs identify—who have not yet consented to document reproduction in this action—have produced a total of 202 documents.  Amazon has provided Plaintiffs with contact information for counsel for these third parties so that they can directly engage with them.  Amazon fully expects that these third parties will provide the necessary consent to production as have all other third parties in the *California* action and the Plaintiffs here can issue subpoenas in this action to obtain them if they continue to refuse to

JOINT STATUS REPORT - 13
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

consent. Under these circumstances, Plaintiffs cannot credibly assert that Amazon should be precluded from relying on discovery from these third parties in this case, or show that it is necessary, at this point, for the Court to authorize Plaintiffs to conduct depositions these third parties after the close of fact discovery.[5]

Plaintiffs complain that, unlike Amazon, Plaintiffs are not engaged in coordinated third-party discovery in other actions. But Plaintiffs are actively coordinating with plaintiffs in the coordinated actions on a variety of issues, including third-party discovery, and Amazon's role as a party in those other actions does not change the fact, as discussed above, *see* Section III, *supra*, that Amazon disclosed to Plaintiffs the third parties it intended to rely on in this action on the date agreed to by the Parties, and consistent with Amazon's obligations under Rule 26(a)(i).

Plaintiffs offer no authority for the draconian remedy they seek, and there certainly is no justification for the Court to preclude Amazon from using or relying on fewer than 300 documents from a limited number of third parties when there are more than two months left in the fact discovery schedule.[6] Plaintiffs have more than enough time to take additional discovery from these third parties if necessary—that was the point of having final supplemental disclosures 60 days before the close of fact discovery. Amazon, of course, will have to do the same with the third parties that Plaintiffs just disclosed. The Court should deny Plaintiffs' request.

---

[5] Plaintiffs' suggestion that Amazon somehow made use in discovery in this case of information it obtained in discovery in other cases but was not allowed to reproduce here is baseless. That information is subject to protective orders in those other cases and Amazon did not use it in depositions here.

[6] Plaintiffs selectively quote portions of the Parties' exchange in October 2024, which related only to a specific incident where Plaintiffs failed to produce documents received informally from a third-party witness who was scheduled to sit for a deposition at the end of that month.

JOINT STATUS REPORT - 14
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## V. PENDING MOTIONS

The chart below lists the motions that are pending before the Court:

| Motion | Response | Reply | Notice Date |
|---|---|---|---|
| LCR Joint Submission Regarding Privilege Clawbacks (Dkt. # 522) | N/A (joint submission) | N/A (joint submission) | August 22, 2025 |

Dated: August 27, 2025

Respectfully submitted,

<u>s/Michael Baker</u>
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
MICHAEL BAKER (DC Bar # 1044327)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:  (202) 326-2122 (Musser)
       (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
       etakashima@ftc.gov
       mbaker1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

JOINT STATUS REPORT - 15
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Victoria Field*
Victoria Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Victoria.Field@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Cameron Capps*
Cameron Capps (admitted *pro hac vice*)
Deputy Attorney General, Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Cameron.Capps@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

JOINT STATUS REPORT - 16
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Schonette Walker*
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Billy Jimenez*
Billy Jimenez (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 527-2694
Email: bjimenez@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

JOINT STATUS REPORT - 17
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 | *s/ Stephen N. Provazza*
Stephen N. Provazza (admitted *pro hac vice*)
2 | Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
3 | Department of the Attorney General
150 South Main Street
4 | Providence, RI 02903
Telephone: (401) 274-4400
5 | Email: sprovazza@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

6 |
*s/ Sarah L.J. Aceves*
7 | Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
8 | Public Protection Division
Vermont Attorney General's Office
9 | 109 State Street
Montpelier, VT 05609
10 | Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
11 | *Counsel for Plaintiff State of Vermont*

12 | *s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
13 | Assistant Attorney General
Wisconsin Department of Justice
14 | Post Office Box 7857
Madison, WI 53707-7857
15 | Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
16 | *Counsel for Plaintiff State of Wisconsin*

17
18
19
20
21
22
23
24
JOINT STATUS REPORT - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine A. Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
ktrefz@wc.com
cpruski@wc.com

JOINT STATUS REPORT - 19
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Katharine Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
　　　　dludwin@cov.com
　　　　kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

JOINT STATUS REPORT - 20
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222