1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION ET AL.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO. 2:23-cv-01495-JHC

ORDER

# I
## INTRODUCTION

This matter comes before the Court on the parties' LCR 37 Joint Submission Regarding Privilege Claw Backs.  Dkt. # 522.  The Court has reviewed the submission, pertinent portions of the record, and the applicable law.  For the reasons below, the Court GRANTS Plaintiffs' motion in part and DENIES it in part.

# II
## BACKGROUND

Plaintiffs, the Federal Trade Commission and various states, sued Amazon, claiming violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), Section 2 of the Sherman

Act, 15 U.S.C. § 2, and various state competition and consumer protection laws.  Plaintiffs move to compel production of three sets of documents that Amazon has clawed back.  The parties' disputes are different for each set of documents, and the three sets are:

1) Documents that Amazon clawed back after its privilege re-review, discussed below at III.A.

2) Documents that Amazon first produced in the pre-suit investigation but later clawed back, discussed below at III.B.

3) Documents, including exhibits, over which Amazon permitted deposition questioning without immediately objecting, discussed below at III.C.

## III

### DISCUSSION

Generally, a party waives privilege with respect to a document if they produce it.  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116–17 (9th Cir. 2020).  Federal Rule of Evidence 502(b) provides that disclosure does not waive privilege when it is (1) inadvertent; (2) the privilege holder "took reasonable steps to prevent disclosure"; and (3) the privilege holder took prompt, reasonable steps to correct the error.  Fed. R. Evid. 502(b)(1)–(3).

Rule 502(d) provides that a court may order that the privilege is not waived by disclosure.  The parties stipulated to such an order, which the Court entered.  Order Regarding Discovery of Electronically Stored Information (ESI Order), Dkt. # 256.  As pertinent to this dispute, the ESI Order provides that

> Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

1    This Order shall be interpreted to provide the maximum protection allowed by Fed.
      R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

2

Dkt. # 256 at 10.

3        "[W]aiver of any privilege [i]s the threshold issue" when determining whether a clawed

4   back document is privileged.  *In re Qualcomm Litig.*, 2018 WL 6617294, at *4 (S.D. Cal. Dec.

5   18, 2018).  The party asserting the privilege bears the burden of proving that privilege is not

6   waived.  *Id.*

7   A.      Documents Clawed Back After Privilege Re-Review

8        The parties dispute whether Amazon may claw back documents produced after privilege

9   re-review.  Plaintiffs contend that Rule 502(d) and the ESI Order do not permit Amazon to claw

10  back documents intentionally disclosed, regardless of whether that disclosure was inadvertent.

11  Dkt. # 522 at 4.  They say that, here, Rule 502(d) does not apply when a party intentionally

12  produces documents after a privilege review (or a re-review).  *Id.* at 5–6.  They liken this

13  scenario to what happened in an antitrust case brought by private plaintiffs against Amazon, in

14  which this Court did not allow Amazon to claw back documents it had produced following a

15  privilege re-review.  Dkt. # 522 at 6 (citing *De Coster v. Amazon.com, Inc.*, 2025 WL 1237370,

16  at *5–6 (W.D. Wash. Apr. 29, 2025)).

17       Amazon responds that the ESI Order and Rule 502(d) allow claw backs for any purpose,

18  including inadvertent disclosures or "conscious but mistaken" disclosures unless Amazon

19  "selectively disclosed them for strategic benefit."  *Id.* at 8.  Amazon denies that its conduct was

20  strategic and says that Plaintiffs' reading essentially transforms Rule 502(d) into Rule 502(b) by

21  reading in a requirement that Amazon show inadvertence.  Amazon finally says that, even so,

22  their conduct was not intentional.

23

24

The Ninth Circuit does not appear to have determined whether "conscious but mistaken" disclosures may be clawed back under a Rule 502(d) protective order, such as the parties' ESI Order, Dkt. # 256.  The Court need not reach this question: Plaintiffs are correct that *De Coster* is instructive, but not for the reasons they offer.  This Court's order in *De Coster* turned on the pertinent protective order, which "did not 'articulate the desire' to forgo the Rule 502(b) waiver analysis." *De Coster*, 2025 WL 1237370, at *4.  But the ESI Order here *does* articulate such a desire, plainly stating that the "provisions of Fed. R. Evid. 502(b) do not apply."  Dkt. # 256 at 10.  Thus, the ESI Order gives the parties a free hand in clawing back documents produced "inadvertent or otherwise."  *See* Dkt. # 522 at 8 (citing Dkt. # 256 at 10 (ESI Order ¶ 10)).

Further, courts in this Circuit generally hesitate to allow claw backs under 502(d) orders when a party has used documents.  A scenario of this type is when a party discloses documents and uses them, such as in a deposition or a filing, and then seeks to claw them back.  *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3654285, at *2–3 (D. Nev. Jul. 5, 2016) (rejecting claw back of documents used in depositions and not objected to; collecting cases); *Brown v. Google LLC*, 2022 WL 12039375, at *5–6 (N.D. Cal. Oct. 20, 2022) (rejecting claw back where documents were "referenced in court filings by both the opposing and [privilege-]claiming party"); *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410, *10 (D. Nev. Sept. 23, 2013) (rejecting claw back of documents used by expert in report).  But Amazon has not actually used the documents it seeks to claw back.

Finally, many cases Plaintiffs cite are distinguishable or otherwise do not support their position.  While the court in *Smith v. Best Buy Stores, L.P.* did not allow a claw back of intentionally produced documents, it concluded that—unlike this case—there was no Rule 502(d) order in place, and so it applied the harsher rule of Rule 502(b).  2017 WL 3484158, at *3

1    (D. Idaho Aug. 14, 2017).  The court also relied on the apparently small volume of discovery and

2    the fact that the party seeking the claw back took six months to make the request.  *Id.* at *4.

3       Similarly, in *Potomac Electric Power Company and Subsidiaries v. United States*, there

4    was no Rule 502(d) order in place; there, the plaintiff sought, over the defendant's objection, a

5    Rule 502(d) protective order that would allow wide latitude in claw backs.  *See* 107 Fed. Cl. 725,

6    726–27 (Fed. Cl. 2012).  Further, that case's discussion of Rule 502(d) more concerns the

7    plaintiff's desire to allow disclosure to the defendant in that litigation but not to other parties in

8    other cases, a purpose that the Court of Federal Claims found incompatible with Rule 502(d).

9    *See id.* at 730–31.

10      *Certain Underwriters at Lloyd's, London v. National Railroad Passenger Corporation*

11   actually supports the proposition that Rule 502(d) protective orders do not extend to disclosed

12   information later used—in that case, at a deposition, *see* 218 F. Supp. 3d 197, 200–01 (E.D.N.Y.

13   2016).  The same is true for *Hostetler v. Dillard*, 2014 WL 6871262, at *4 (S.D. Miss. Dec. 3,

14   2014).

15      Amazon is correct that the thrust of these cases indicates that a Rule 502(d) protective

16   order does not apply when a party has used the documents that they seek to claw back.  *See* Dkt.

17   # 522 at 12.  In the instant motion, Plaintiffs stop short of contending that Amazon used these

18   documents, such as by citing them in a filing.  Instead, Plaintiffs only gesture at this in their

19   submission, *see* Dkt. # 522 at 2 (stating that Amazon sought to claw back documents because

20   they "apparently disliked the related testimony").  Rather, Plaintiffs essentially contend that

21   Amazon already had the chance to reassert privilege during its re-review and failed to make that

22   choice.

23      Thus, the Court denies the motion with respect to the first category of documents.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

B.    Documents Produced in the Pre-Suit Investigation

The parties dispute the application of Rule 502(b), Rule 502(d), the ESI Order, and the Protective Order, Dkt. # 160, to documents that Amazon produced in the FTC's pre-suit investigation.  The parties state that they entered an agreement on April 5, 2024 (the Agreement), after the Protective Order but before the ESI Order, that purports to govern the treatment of investigation-era production, but they disagree on its interpretation.

The Agreement states that investigation-era production is "deemed produced solely as a matter of convenience and in the interests of efficiency."  *See* Dkt. # 522 at 15, 18–19.  Plaintiffs say that the Agreement only confirms that, under the Protective Order, they cannot share investigation-era production with third parties.  But they say that they did not agree to retroactively apply any future Rule 502(d) orders, none of which were in force when the parties negotiated the Agreement.  Plaintiffs say that Amazon's conduct also shows that it believed that Rule 502(b) applies to investigation-era production.  Amazon counters that "deemed produced" means that the investigation-era production is to be treated like any other production in the instant litigation, such that any Rule 502(d) protective order will apply to it.  Amazon says that Plaintiffs "sought to apply the very ESI Order at issue" to investigation-era documents.  Dkt. # 522 at 19.  The company also says that Plaintiffs raised no objection when, 15 months ago, Amazon clawed back a document, under the ESI Order, produced as part of the investigation.  Lastly, Amazon says that even if the ESI Order does not apply, Amazon has shown and can further show inadvertence required under Rule 502(b).

The issue is whether the parties' Agreement that the investigation-era production is "deemed produced in this litigation solely as a matter of convenience and in the interests of efficiency" triggers the protections of the later ESI Order; if not, then Rule 502(b) applies.  The parties provide no caselaw to guide the Court in resolving this issue.  "[W]hile Rule 502 allows

parties to modify individualized protective orders, unless those modifications contain 'concrete directives' regarding each prong of Rule 502(b), the prongs of Rule 502(b) remain the standard for evaluating a claw back request[. P]articularly when the modifying language is not sufficiently clear and adequate, the prongs of Rule 502(b) control." *United States v. United Health Grp., Inc.*, 2020 WL 10731257, at *3 (C.D. Cal. Nov. 9, 2020) (citing *Great-W. Life & Annuity Ins. Co*, 2013 WL 5332410, at *13 ("It goes without saying that parties must adequately articulate the desire to supplant analysis under Rule 502(b) in any agreement under Rule 502(d) or (e)")); s*ee also Brown v. Google LLC*, 2022 WL 12039375, at *5–6 (citing *United Health Grp.*, 2020 WL 10731257, at *3).

Nothing in the Agreement indicates that the parties agreed to subject the investigation-era production to any future Rule 502(d) order. Indeed, the Agreement does not mention Rule 502 at all, even though the parties already understood, at the time they made the Agreement, that they would stipulate to a future Rule 502(d) order, as provided for by their preceding Protective Order. *See* Dkt. # 160. The only language that Amazon offers as to the parties' purported "desire to supplant analysis under Rule 502(b)" in the Agreement itself is the statement that the investigation-era production is treated as produced "solely as a matter of convenience and in the interests of efficiency," Dkt. # 522 at 20, which Amazon says means that the parties agreed to apply any future Rule 502(d) order. But the retroactive application of a Rule 502(d) order would have significant legal effect, and it cannot be assumed that Plaintiffs would have implicitly agreed to it through the phrase "solely as a matter of convenience and in the interests of efficiency." Amazon could have insisted on the inclusion of a provision that Rule 502(d) would apply retroactively, but it did not. The company's retelling of the Agreement's negotiation history does not show that it sought to negotiate for the retroactive application of a Rule 502(d) order. Dkt. # 522 at 18. Amazon's own citations to Plaintiffs' negotiation statements that

investigation documents would be "treated the same as materials Amazon produces for the first time," Dkt. # 522 at 19, or "not be treated different from other documents produced by Amazon in the litigation," *id.*, plainly show that they refer to Plaintiffs' promise not to share those documents with third parties (under the Protective Order), not any promise to apply a future Rule 502(d) order retroactively.  That promise not to share investigation documents had originally been Amazon's proposed sixth provision to the Agreement, which the parties dropped once Plaintiffs represented that the Protective Order already prevented such sharing.  *See* Dkt. # 522 at 15, 18.

Because the Court concludes that Rule 502(b) standards apply, Amazon may not claw back the documents from the investigation-era complaint that it produced under the Agreement. Rule 502(b) rejects waiver only when the disclosure was "inadvertent[,] the holder of the privilege . . . took reasonable steps to prevent disclosure[,] and[] the holder promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b).  An "inadvertent disclosure is simply where the work-product protected document was produced as the result of a mistake." *B&G Foods N. Am., Inc. v. Embry*, 2024 WL 922900, at *2 (E.D. Cal. Mar. 4, 2024) (citation omitted). In its briefing, Amazon does not claim, much less show, that it (inadvertently) produced potentially privileged information *during that investigation*.  Because Amazon has neither argued nor shown this, it cannot satisfy the first prong of Rule 502(b).  *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *3 (N.D. Cal. Mar. 11, 2011) (a production is inadvertent under Rule 502(b) where it is made "by mistake or unintentionally").  Moreover, Amazon had the chance to resist disclosure of these documents under the applicable regulations governing production in FTC investigations.  *See* 16 C.F.R. § 2.11(a)(1) ("Any person withholding information or material responsive to . . . [a] CID . . . or any other request for production of material issued under this part, shall assert a claim of protected status").  These regulations

"mirror the requirements of Rule 502(b)." *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *7 (N.D. Cal. Mar. 11, 2022) (citing 16.C.F.R. § 2.11(d)(1)(i). Accordingly, Amazon may not claw back investigation-era production.

C.    Documents Discussed in Depositions

The parties dispute whether Amazon may claw back two documents that Plaintiffs introduced at two depositions that Amazon claims are privileged. Plaintiffs say that Amazon may not claw those documents back because they permitted questioning on those documents and waited hours after their introduction before objecting. Amazon says that they immediately raised issues with the documents (though stopping short of objecting) and then ultimately did object to the documents before the conclusion of those depositions, and so their objections were valid and they may claw the documents back.

Generally, failing to object to the use of documents at a deposition waives privilege. *See Hologram USA*, 2016 WL 3654285, at *2 ("failure to timely object to the introduction of an exhibit waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure") (citing *Skansgaard v. Bank of Am., N.A.*, 2013 WL 828210, at *3 (W.D. Wash. Mar. 6, 2013)); *Terrell v. Cent. Wash. Asphalt, Inc.*, 2015 WL 461823, at *8 (D. Nev. Feb. 4, 2015) (citing *United States v. Gurtner*, 474 F.2d 297, 299 (9th Cir. 1973) ("[T]he failure to assert the privilege when the evidence was first presented constituted a voluntary waiver of the right."). But most of the cases that Plaintiffs cite involve a failure to object at a deposition and then a belated assertion of privilege days, weeks, or months after the depositions, if at all. *See, e.g.*, *Skansgaard*, 2013 WL 828210, at *3 (privilege holder failed to object to a purportedly privileged document's use at a deposition and then waited two months before attempting claw back); *Hologram USA*, 2016 WL 3654285, at *2 (same; 11 days before attempting to claw back); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *1–2 (privilege

holder permitted questioning on a purportedly privileged document at two separate depositions without specific objection, then objected and attempted to claw back at third deposition).  By contrast, courts in this Circuit have declined to find waiver when privilege holders do make objections or attempt claw backs within hours of a document's disclosure.  *See e.g.*, *Valenzuela v. Union Pac. R.R. Co.*, 2016 WL 7385037, at *5–6 (D. Ariz. Dec. 21, 2016) (finding no waiver when privilege holder waited "a matter of hours" before lodging objection, during the deposition); *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 6540510, at *5 (C.D. Cal. Sept. 28, 2020), *rev'd on other grounds*, 2020 WL 7094077 (C.D. Cal. Oct. 29, 2020) (no waiver when objection made after permitting 20 minutes of questioning; collecting cases); *Datel Holdings, Ltd.*, 2011 WL 866993, at *1, 5 (no waiver where objection made during deposition).

Here, Amazon's objections occurred during the depositions.  *See* Dkt. # 522 at 25–26. Amazon lodged objections within three and a half hours at both depositions at issue.  *Id.* Plaintiffs do not assert that any time beyond a matter of hours elapsed between their use of the privileged documents and Amazon's objections.  Given the apparent practice of courts in this Circuit, on the facts presented, the Court does not find that Amazon waived privilege over the two documents.

## IV
### CONCLUSION

For the reasons above, the Court GRANTS in part and DENIES in part the motion.  The Court grants the motion with respect to documents Amazon first disclosed in the pre-Complaint investigation; and the Court denies the remaining requests in the motion.  Amazon is ordered to re-produce all documents first disclosed in the pre-complaint investigation, and that Amazon sought to claw back in litigation, in their pre-claw back form.

//

ORDER - 10

Dated this 16th day of September, 2025.

John H. Chun
United States District Judge