THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON.COM, INC.'S MOTION TO CLARIFY OR RECONSIDER PORTIONS OF THE COURT'S SEPTEMBER 16, 2025 ORDER**

NOTE ON MOTION CALENDAR:
September 30, 2025

Amazon moves for clarification or reconsideration of the Court's September 16, 2025 Order solely in relation to clawbacks of investigation-era documents to confirm that Amazon can claw back such documents where it shows or has shown inadvertent disclosure under Rule 502(b). *See* LCR 7(h)(1). While a party may not ask a court to rethink previous issues, courts have granted requests that amount to clarifications. *E.g.*, *Fraser v. Wash. State Dep't of Corr.*, 2012 WL 1022153, at *1 (W.D. Wash. Oct. 8, 2020) (confirming dismissal of a claim); *Williams v. PillPack LLC*, 2024 WL 51321, at *1 (W.D. Wash. Jan. 4, 2024) (clarifying notice implications of information to be produced). The decision to grant such relief "is committed to the sound discretion of the Court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

AMAZON.COM INC'S MOTION TO
CLARIFY OR RECONSIDER - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   On September 16, 2025, the Court ruled on three issues presented to the Court in a joint
2   motion under LCR 37. Dkt #522 ("Joint Submission"). Specifically, the Court ruled that:
3   (1) Amazon may claw back documents produced in this litigation under the Rule 502(d) Order,
4   even if those documents underwent privilege re-review; (2) documents that Amazon produced
5   during the FTC's pre-suit investigation can only be clawed back under the standards of Rule
6   502(b); and (3) Amazon may claw back certain documents that were introduced during two
7   depositions. *See* September 16, 2025 Order, Dkt. #540 at 5, 8–10. In its analysis of Issue (2), the
8   Court further stated: "In its briefing, Amazon does not claim, much less show, that it
9   (inadvertently) produced potentially privileged information *during that investigation*. Because
10  Amazon has neither argued nor shown this, it cannot satisfy the first prong of Rule 502(b)." *Id.*
11  (emphasis in original).

12  Amazon respectfully submits that it has argued that investigation-era documents were
13  inadvertently produced. *See* Joint Submission, Dkt. #522 at 20–21 ("For all Investigation
14  documents re-reviewed and produced in the Private Plaintiff cases, Amazon has provided evidence
15  of inadvertence in most cases."); *see also id.* (citing Exs. 7–8, 15–16 showing claw backs of
16  documents pursuant to Rule 502(b)'s inadvertence standard). Amazon seeks clarification by this
17  motion that it be afforded an opportunity to establish inadvertence with respect to the investigation-
18  era documents at issue in the Court's ruling. Although Amazon maintains its position articulated
19  in the Joint Submission regarding the applicable standard for investigation-era documents, for
20  purposes of this motion, Amazon seeks clarification that if Rule 502(b) applies to the investigation-
21  era documents, Amazon has the opportunity to meet the applicable standards so that it may claw
22  back the investigation-era documents that were inadvertently produced.

23  This Court appointed a Special Master to assess waiver and privilege disputes with respect
24  to documents produced in the related Private-Plaintiff cases, many of which overlap with the
25  investigation-era documents at issue here. *See* Special Master Appointment Order at 2–6,
26  *De Coster, et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash. July 7, 2025), ECF

AMAZON.COM INC'S MOTION TO
CLARIFY OR RECONSIDER - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1 No. 381.  On August 27, 2025, after consulting with this Court, the Special Master ruled that this
2 Court's orders "hold that Amazon must adduce specific facts showing that a particular document
3 was produced by mistake."  Ex. A, Order at 2, *Frame Wilson, et al. v. Amazon.com, Inc.*, JAMS
4 Ref. No. 1100119226 (Aug. 27, 2025) (finding that Amazon may submit attorney declarations
5 stating that documents were "mistakenly coded," "simply overlooked," or "so obviously
6 privileged" to show inadvertence under Rule 502(b)).

7       Pursuant to those Orders, Amazon has submitted, and continues to submit, evidence of
8 inadvertence for the investigation-era documents which it has sought to clawback.  *See supra*, at 2.
9 As for investigation-era materials that Amazon initially withheld or redacted but inadvertently
10 produced during this litigation and the related actions, the Special Master has permitted clawbacks
11 of specific documents where Amazon has met the standards for Rule 502(b).  Ex. B, Order re
12 Plaintiffs' Second Deposition Related Submission, *Frame Wilson, et al. v. Amazon.com, Inc.*,
13 JAMS Ref. No. 1100119226 (Sept. 4, 2025).  As for documents that Amazon produced while the
14 Investigation was ongoing, Amazon understands the Court's ruling would require Amazon to
15 similarly meet the requirements of 502(b), which would depend on a case-by-case assessment as
16 to whether Amazon "promptly took reasonable steps to rectify the error" upon discovery of the
17 error.  Fed. R. Evid. 502(b)(3); *Contreraz v. City of Tacoma*, 2023 WL 4174659, at *5 (W.D.
18 Wash. June 26, 2023) ("[A] party must begin taking steps to rectify an inadvertent production after
19 they are put on actual or constructive notice—*i.e.*, when they should know—that they may have
20 produced a privileged communication."); *United States v. United Health Grp., Inc.*, 2020 WL
21 10731257, at *4 (C.D. Cal. Nov. 9, 2020) (similar); *see also* Fed. R. Evid. 502 Advisory
22 Committee Notes ("The rule applies to inadvertent disclosures made to a federal office or agency,
23 including but not limited to an office or agency that is acting in the course of its regulatory,
24 investigative or enforcement authority.").

25       For the reasons set forth above, and in Amazon's prior submissions, Amazon respectfully
26 requests that the Court clarify that Amazon may claw back investigation-era documents if it shows

AMAZON.COM INC'S MOTION TO
CLARIFY OR RECONSIDER - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

or has shown that the production of such documents was inadvertent under the Rule 502(b) standard expounded by the Court and Special Master.  Alternatively, Amazon submits that it would be appropriate for the Special Master in the related private cases also to be engaged to consider claims of inadvertence with respect to investigation-era documents in this case.

DATED this 30th day of September, 2025.

*I certify that this memorandum contains 910 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

AMAZON.COM INC'S MOTION TO CLARIFY OR RECONSIDER - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

|  |  |
|---|---|
| 1 | |
| 2 | **COVINGTON & BURLING LLP** |
| 3 | Thomas O. Barnett (*pro hac vice*) |
| 4 | Derek Ludwin (*pro hac vice*) |
|   | Kate Mitchell-Tombras (*pro hac vice*) |
| 5 | One CityCenter |
|   | 850 Tenth Street, NW |
| 6 | Washington, DC 20001-4956 |
|   | Phone: (202) 662-5407 |
| 7 | Email: tbarnett@cov.com |
|   |        dludwin@cov.com |
|   |        kmitchelltombras@cov.com |
| 8 | *Attorneys for Defendant Amazon.com, Inc.* |

AMAZON.COM INC'S MOTION TO
CLARIFY OR RECONSIDER - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# Exhibit A

<u>JAMS REFERENCE NO. 1100119226</u>

FRAME-WILSON, *ET AL.*,

   *Plaintiffs*,

    v.

AMAZON.COM, INC.,

   *Defendants*.

**ORDER RE CLAWBACK STANDARD**

At the August 13, 2025 Preliminary Case Management Call, Amazon requested leave to provide additional briefing regarding the legal standards applicable to claw back attempts. The Special Master directed the parties to provide five-page supplemental briefs on this issue. On August 15, 2025, both parties filed their supplemental brief. Having reviewed the parties' submissions and consulted with Judge Chun, the Special Master rules as follows:

**A.   Standard for Inadvertence under Rule 502(b)**

Under the Court's orders, the question is whether Amazon "intended" the Documents to be produced or whether the production occurred as the result of a mistake. April 29 Order, 2025 WL 1237370, at *5 (quoting *T&W Holding Co., LLC*, 641 F. Supp. 3d at 382). If Amazon made a "conscious decision" to produce the Documents based on a "judgment call" about the applicability of the privilege, the production cannot be deemed inadvertent merely because Amazon now believes the judgment call was mistaken. March 25 Order, 2025 WL 904465, at *5; *accord Poertner v. Gillette Co.*, 2013 WL 12149369, at *4 (M.D. Fla. Mar. 12, 2013) (where document was reviewed multiple times by defendants' attorneys and not considered by them to be privileged, defendants could not establish inadvertence). To establish inadvertence, Amazon would need to show that a document was produced despite not having undergone a privilege review, or despite Amazon's determination that the document should be withheld (e.g., because the reviewer miscoded the document as not privileged despite correctly identifying it as privileged). *See Poertner*, 2013 WL 12149369, at *4 (to establish inadvertence, litigant would need to show that a document was "misfiled or mislabeled" or that it "eluded review despite reasonable procedures"). For example, in *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011), "although Defendant's team of lawyers carefully reviewed documents to identify privileged communications, a computer glitch truncated the documents, removing the portion conveying the request from counsel to conduct a factual investigation." *Id.* at *3. As a result of the glitch, the privileged portion of the email was never reviewed. *Id.* Similarly, in *B&G Foods N. Am., Inc. v. Embry*, 2024 WL 922900 (E.D. Cal. Mar. 4, 2024), the court found that an attorney had inadvertently produced a spreadsheet containing work product because the cover email indicated that the attorney intended to attach an entirely different document. *See id.* at *2–3.

1

Amazon argues that "the Court gave no indication that it was creating a bright line rule that a document can never be inadvertently produced if it is produced with redactions after re-review." Amazon Supp. Br. at 2; *see also id.* at 3 ("it is not appropriate" to read the Court's orders to "effectively create a *per se* rule that would prevent any claw backs in these cases where the reviewers simply made a mistake in coding or redacting a document.") (emphasis in original). The Special Master does not read the Court's orders to establish a "bright line rule" that a document that has been subject to re-review can never be clawed back. The Court's orders simply hold that Amazon must adduce specific facts showing that a particular document was produced by mistake. *See* March 25 Order, 2025 WL 904465, at *4. Generalized statements about the size and complexity of the review are not sufficient. But a declaration from an attorney who reviewed the document, stating that the attorney intended to label the document as privileged but mistakenly coded it as non-privileged, would likely suffice. *See San Bernardino Cnty. v. Ins. Co. Of State Of Pennsylvania*, 2022 WL 20582049, at *3 (C.D. Cal. Nov. 3, 2022) (inadvertence was established where attorney declared that he identified certain reports as privileged and requested that they be removed from the production, but his co-counsel "inadvertently used an early version of the proposed production which included the October 20, 2021 Report"). A declaration establishing that a document was "simply overlooked"—i.e., never reviewed by anyone—would likely also be sufficient. *Cf. Pac. Coast Steel v. Leany*, 2011 WL 4704217, at *1 (D. Nev. Oct. 4, 2011). In addition, a particular document could be so obviously privileged—and its disclosure so obviously harmful—that a mistake is the only plausible explanation for the production.

### B. Whether Rule 502(b) Applies to Documents that Were Not Previously Subjected to a Privilege Review in this Case

The February 28, 2023 ESI Protocol states: "Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not … constitute a waiver by the producing party of any privilege applicable to those documents …." April 29 Order, 2025 WL 1237370, at *3 (quoting ESI Protocol). The July 29, 2024 Protective Order "invokes the protections afforded by Fed. R. Evid. 502(b)"; based on this language, the Court determined that the parties intended to require a showing of inadvertence in connection with claw backs governed by the Protective Order. *See id.* at *4. The Protective Order includes a carve-out, stating that it does not modify "whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review." *Id.* at *3 (quoting Protective Order). Thus, the Court held that the Protective Order "applies to documents that the producing party reviewed for privilege," while the ESI Protocol applies if there was no privilege review. *Id.*

After the April 29 Order was issued, Plaintiffs sought clarification as to which court's orders applied to documents that were reproduced to Plaintiffs after having been originally produced in the *FTC* and *California AG* cases. Amazon argued that claw backs related to documents originally produced in the *FTC* and *California AG* cases should be governed by the orders in the original cases, not the orders in this case. *See* Plaintiffs' Exhibit B (ID: 1337261). In the July 17 Order, Judge Chun granted Plaintiffs' motion in part and denied it in part, holding: "To claw back any documents in Plaintiffs' cases, Amazon must make a showing of inadvertence under Rule of Evidence 502(b), regardless of whether the documents were produced to Plaintiffs after having been previously produced in another action, or initially withheld in another action on the basis of privilege and produced first to Plaintiffs…. The Court

2

declines to find waiver or award fees and costs." *Frame-Wilson, et al. v. Amazon*, 2:21-cv-00693-JHC, Doc. 389 at 2 (citing March 25 Order and April 29 Order).

Having reviewed the relevant Court Orders and consulting with Judge Chun, the Special Master concludes that the ESI Protocol applies if a document was produced "without prior privilege review" specific to *this* case, while the Protective Order applies to documents that were subject to such a review. Under the July 17 Order, whether a document was produced or withheld in a related case is not controlling. Amazon's actions in this case are what matters. If a document was originally produced in the *FTC* or *California AG* case was included in Amazon's privilege re-review in this case, "Amazon must make a showing of inadvertence under Rule of Evidence 502(b), regardless of whether" the protective orders in the *FTC* or *California AG* cases would separately require a showing of inadvertence. If the document was never reviewed in this case, however, the ESI Protocol applies, and a showing of inadvertence is not required.

### C. Conclusion

For the reasons explained, the Special Master will apply the inadvertence standard set forth above in reviewing documents that were produced after a privilege review in this case. For documents that were produced without a case-specific privilege review, the ESI Protocol applies, and Amazon will not be required to show inadvertence.

IT IS SO ORDERED.

*[signature: Elizabeth D. Laporte]*

Hon. Elizabeth D. Laporte (Ret.)
Special Master

Dated: August __, 2025

3

# Exhibit B

**JAMS REFERENCE NO. 1100119226**

FRAME-WILSON, *ET AL.*,

   *Plaintiffs*,

       v.

AMAZON.COM, INC.,

   *Defendants*.

**ORDER RE PLAINTIFFS' SECOND DEPOSITION RELATED SUBMISSION**

On August 29, 2025, Plaintiffs filed their Second Emergency Deposition-Related Challenge pursuant to Section 12 of the Special Master Order as to two copies of the same document: CAAGLit-AMZ_01871082 and CAAGLit-AMZ_10836256 (the "Document"). On September 2, Amazon filed a Response to the Challenge, along with copies of the Document for *in camera* review. Amazon also provided a copy of the cover email for the Document. Having reviewed the parties' arguments and submissions, the Special Master rules as follows:

**I.    LEGAL STANDARD**

The Special Master has authority to review and decide discovery disputes, including "[w]hether specific documents that Amazon has redacted or fully withheld on the basis of the attorney-client privilege and/or the attorney work product doctrine are privileged," "[w]hether Amazon's redactions for attorney-client privilege and/or attorney work product comply with the applicable legal standards," and "[i]f applicable, whether Amazon has made a showing of inadvertent production for any documents it seeks to claw back as inadvertently produced. July 7, 2025 Order Appointing Special Master, ¶ 8.

Section 12 of the Special Master Order creates a procedure for emergency deposition-related challenges. *See id.*, ¶ 12. This section allows Plaintiffs to "challenge up to five documents at a time on an emergency basis," by identifying the documents by bates number. *Id.*, ¶ 12(b)(i). "After receiving Plaintiffs' request, Amazon must make the documents available to the Special Master within 48 hours. Amazon's response will not exceed one page per document and will indicate whether Amazon will provide a declaration supporting its claim of privilege. If Amazon indicates that it will provide such declaration, it must produce the declaration within two business days after submitting its response." *Id.*, ¶ 12(b)(iii).

In resolving privilege disputes, "the Special Master must follow the Court's prior orders in these cases, including its February 3, March 25, and April 2025 Orders and applicable federal privilege law and principles governing privilege and protections in the Ninth Circuit." *Id.*, ¶ 10. The relavent law regarding privilege is set forth in the Special Master's prior orders. The relevant law regarding the clawback standard is set forth in the Order re Clawback Standard.

…

## II. ANALYSIS
### A. Inadvertence

Amazon represents that the Documents were produced as part of the privilege re-review in these cases. Accordingly, Amazon must show that the production was inadvertent. As explained in the Order re Clawback Standard, that requires Amazon to "adduce specific facts showing that a particular document was produced by mistake," rather than relying on "[g]eneralized statements about the size and complexity of the review."

The Keeling Declaration includes specific facts showing that the production of this Document was inadvertent. Keeling declares that that four different reviewers marked the Document as privileged in its entirety, but one junior reviewer (who did not have access to the cover email, and thus lacked important context) came to a different conclusion, and his conclusion ended up overriding the contrary conclusion of the other reviewers. That is sufficient to establish inadvertence under the applicable standard.

### B. Privilege

The Special Master has reviewed the Document in detail and concludes that the primary purpose of the memorandum is to give legal advice. Additional information about the Special Master's conclusion is set forth in a confidential memorandum that will be shared with the Court upon request. Accordingly, Amazon's claim of privilege is sustained.

## III. CONCLUSION

The Challenge is denied.[1]

IT IS SO ORDERED.

*Elizabeth D. Laporte*

Hon. Elizabeth D. Laporte (Ret.)
Special Master

Dated: September 04, 2025

---

[1] Plaintiffs shall be responsible for the fees and costs incurred by the Special Master and the Law Clerk in adjudicating this submission.