THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | Case No.: 2:23-cv-01495-JHC <br><br> **PLAINTIFFS' RESPONSE TO AMAZON.COM INC.'S MOTION TO CLARIFY OR RECONSIDER PORTIONS OF THE COURT'S SEPTEMBER 16, 2025 ORDER** |

Pursuant to the Court's Minute Order, Dkt. No. 561, Plaintiffs provide the following response to Defendant's motion for reconsideration. Dkt. No. 545 ("Mot.").

### I.    Amazon Provides No Basis For Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Under the Local Civil Rules, such "disfavored" motions will ordinarily be denied "in the absence of a showing of a manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  LCR 7(h)(1); *see, e.g.*, Dkt. No. 308 (denying a motion for reconsideration for lack of any manifest error).  A "manifest error" is one "that is plain and indisputable" and that shows "a complete disregard of controlling law or the credible evidence in the record."  *Unimax Comm'ns LLC v. T-Mobile USA Inc.*, 2024 WL

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 1

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

3431165, at *1 (W.D. Wash. July 16, 2024) (citation omitted).

Amazon admits that it lacks any basis to "ask [the] [C]ourt to rethink previous issues"—it identifies no manifest error in the Court's Order, no new facts, and no case law—but claims to seek "clarification."[1]  Mot. at 1.  But there is nothing to clarify; the Court's Order was fully clear, and Amazon simply fails to address the Court's decision.  The parties had fully briefed the sufficiency of Amazon's Rule 502(b) showing, *see* Dkt. No. 522. at 14:14-22, 17:11-18, 20:22-21:16, 21:22-23, and the Court sided with Plaintiffs for three reasons:

***First***, the Court found that "Amazon [did] not claim… that it (inadvertently) produced potentially privileged information *during [the FTC's] investigation*."  Dkt. No. 540 ("Order") at 8:16-17 (emphasis in original).  That is correct.  Plaintiffs raised the issue of investigation clawbacks during meet-and-confers, well before filing their motion to compel, and Amazon never suggested that the clawbacks were justified on the basis of inadvertence.  Dkt. No. 523-2.  Instead, Amazon simply offered to provide to Plaintiffs correspondence that it had "submitted to Private Plaintiffs" for the limited set of documents "re-reviewed and produced in downgraded form" in that litigation.  *Id.* at 3.  Amazon never claimed to satisfy its Rule 502(b) obligations for the *entire* set of documents produced in the *investigation* and clawed back in *this* litigation.  Its position in briefing was that it "is not required to show inadvertence."  Dkt. No. 522 at 20:22-23.

Amazon does not appear to contest this.  Its motion for reconsideration states that Amazon "maintains its position articulated in the Joint Submission regarding the applicable standard for investigation-era documents"—i.e., that a showing of inadvertence is not required—

---

[1] Amazon's cited cases are inapposite.  *Fraser v. Wash. State Dep't of Corr.*, 2012 WL 1022153, at *1 (W.D. Wash. Oct. 8, 2020) involved extending a factual ruling to another claim having the same element.  *Williams v. PillPack LLC*, 2024 WL 51321, at *1 (W.D. Wash. Jan. 4, 2024) clarified a party's confidentiality obligations under a protective order.  None of these cases asked a court to do as Amazon demands:  re-open a prior order to allow a party to submit additional evidence.

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 2

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

but seeks "the opportunity to meet the applicable standards." Mot. at 2:18-22. Here, Amazon concedes that it did not seek to meet the applicable standards earlier (or, indeed, now), despite multiple opportunities to do so. This fact alone warrants denial of reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" (citation omitted)); *In re Qualcomm Litig.*, 2018 WL 6617294, at *2, 6 (S.D. Cal. Dec. 18, 2018) (on review of magistrate judge's decision, finding privilege waiver where party failed to make relevant argument in its initial briefing).

**Second**, the Court held that Amazon did not "show[] that it (inadvertently) produced potentially privileged information." Order at 8:16-17. This, too, is correct. Plaintiffs had explained that even as to the incomplete set of documents for which Amazon had "agreed to share purported evidence of inadvertence," its proffer was conclusory, unverified attorney argument that "amount[s] to little more than statements that a 'reviewer made a mistake,' without explaining *how* the production was a mistake." Dkt. No. 522 at 14:18-21, 17:11-15. The Court agreed with Plaintiffs, and Amazon shows no "manifest error" in that decision.[2]

**Third**, the Court held that Amazon failed to address other prongs of Rule 502(b). Order at 8:9-13 (requiring "reasonable steps to prevent disclosure" and prompt action "to rectify the error"). As Plaintiffs explained, Amazon's attorney letters "do not even attempt to establish the other requirements of Rule 502(b)." Dkt. No. 522 at 17:15-16. That matters because "Amazon is seeking to claw back documents years after their initial disclosure, without explaining when it

---

[2] Here, too, Amazon does not contend that it has already shown inadvertence but only seeks "an opportunity to establish inadvertence." Mot. at 2:16-18; *see also id.* at 3:13-17 (discussing what the Court's Order "would require").

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 3

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

first discovered its privilege claims and what care it took to protect them," which "creates waiver." *Id*. at 17:15-18.  The Court agreed, in part because "Amazon had the chance to resist disclosure of these documents under the applicable regulations governing production in FTC investigations" and did not show such efforts.  Order at 8:20-22.

Amazon identifies no "manifest error" with the Court's Rule 502(b) analysis for these prongs.  There is none.  Nor does Amazon cite any case supporting reconsideration in this circumstance.  Amazon simply requests a "do over" to submit evidence that it had failed to provide initially.  Indeed, it claims to "understand[] the Court's ruling" to require a showing that it "promptly took reasonable steps to rectify the error" (the third prong), but makes no mention of its initial steps to prevent disclosure (the second prong).  Mot. at 3:13-17.  Thus, Amazon *still* does not address its initial efforts to "resist disclosure of these documents under the applicable regulations governing production in FTC investigation" and thus fails to address the Court's actual ruling.  Order at 8:20-22.

In short, the Court's Order shows no error, much less a "manifest" one.  And "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Santiago v. Gage*, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020).  Amazon had the chance to make the arguments presented here in its initial motion and failed to do so.  Having lost that dispute, Amazon has no basis to demand re-litigation of the issue.

**II.     Reconsideration Would Waste Judicial and Party Resources**

A motion for reconsideration does not "provide litigants with a second bite at the apple." *See Banken v. Driscoll*, 2025 WL 3035984, at *1 (W.D. Wash. Oct. 30, 2025) (citation omitted).  Nor should it be used "to ask a court to rethink what the court had already thought through— rightly or wrongly." *Id*.  That is because successive motions on the same issue undermine "the

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 4

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  interests of finality and conservation of judicial resources." *Kona*, 229 F.3d at 890 (citation

2  omitted). Amazon's motion for reconsideration exemplifies these harms.

3      Granting Amazon's motion for reconsideration would open a Pandora's Box requiring

4  additional and successive briefing on issues Amazon chose to elide in the first motion. For

5  example, the parties would have to brief (again) whether unverified attorney letters suffice for

6  the inadvertence prong of Rule 502(b). They would also have to brief Amazon's efforts (or lack

7  thereof) to resist disclosure under the applicable FTC investigation regulations. And, according

8  to Amazon, the Court would need to make a "case-by-case assessment" of Amazon's promptness

9  in clawing back investigation documents years after first producing them. Mot. at 3:13-17.

10 Amazon's choice not to raise these arguments in the initial motion to compel would thus require

11 substantial additional judicial resources to resolve for no reason other than a party's whim.

12     Worse still, Amazon uses its motion for "reconsideration" to make a wholly new and

13 unprecedented suggestion that a Special Master appointed in a *different litigation* should be used

14 for standards and decisions in this case. *Id*. at 3:25-4:4. This request is wholly inappropriate:

15 Plaintiffs played no role in selecting the Special Master, never consented to the use of a Special

16 Master, and had no opportunity to argue the issues purportedly setting forth binding standards in

17 this case. Plaintiffs object to this proposal and request an opportunity for full briefing on this

18 issue if the Court chooses to entertain it—which it should not do on this posture.

19     Amazon's motion exemplifies the reasons that reconsideration requests are "ordinarily"

20 denied. LCR 7(h)(1). It asks the Court to allow further briefing and submission of evidence on

21 topics that Amazon could have raised initially (but chose not to), or raises new and highly

22 disputed issues in passing, demanding that Plaintiffs respond in the brief space allowed by the

23 Court for procedural motion responses. Ordinary practice and common sense counsel toward

24

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 5

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

denying the motion.  Accordingly, Plaintiffs respectfully request that Amazon's motion for reconsideration be denied.

Dated: December 1, 2025

Respectfully submitted,

*s/ Olga Musayev*
EDWARD H. TAKASHIMA (DC Bar # 1001641)
OLGA MUSAYEV (CA Bar # 354373)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:
    (202) 326-2464 (Takashima)
    (202) 304-2893 (Musayev)
Email:
    etakashima@ftc.gov
    omusayev@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 6

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| *s/ Michael Jo* | *s/ Timothy D. Smith* |
| Michael Jo (admitted *pro hac vice*) | Timothy D. Smith, WSBA No. 44583 |
| Assistant Attorney General, Antitrust Bureau | Attorney-in-Charge |
| New York State Office of the Attorney General | Antitrust and False Claims & Privacy Section |
| 28 Liberty Street | Oregon Department of Justice |
| New York, NY 10005 | 100 SW Market St |
| Telephone: (212) 416-6537 | Portland, OR 97201 |
| Email: Michael.Jo@ag.ny.gov | Telephone: (503) 934-4400 |
| *Counsel for Plaintiff State of New York* | Email: tim.smith@doj.state.or.us |
| | *Counsel for Plaintiff State of Oregon* |
| *s/ Victoria Field* | *s/ Jennifer A. Thomson* |
| Victoria Field (admitted *pro hac vice*) | Jennifer A. Thomson (admitted *pro hac vice*) |
| Assistant Attorney General | Senior Deputy Attorney General |
| Office of the Attorney General of Connecticut | Pennsylvania Office of Attorney General |
| 165 Capitol Avenue | Strawberry Square, 14th Floor |
| Hartford, CT 06016 | Harrisburg, PA 17120 |
| Telephone: (860) 808-5030 | Telephone: (717) 787-4530 |
| Email: Victoria.Field@ct.gov | Email: jthomson@attorneygeneral.gov |
| *Counsel for Plaintiff State of Connecticut* | *Counsel for Plaintiff Commonwealth of Pennsylvania* |
| *s/ Alexandra C. Sosnowski* | |
| Alexandra C. Sosnowski (admitted *pro hac vice*) | *s/ Michael A. Undorf* |
| Assistant Attorney General | Michael A. Undorf (admitted *pro hac vice*) |
| Consumer Protection and Antitrust Bureau | Deputy Attorney General |
| New Hampshire Department of Justice | Delaware Department of Justice |
| Office of the Attorney General | 820 N. French St., 5th Floor |
| One Granite Place South | Wilmington, DE 19801 |
| Concord, NH 03301 | Telephone: (302) 683-8816 |
| Telephone: (603) 271-2678 | Email: michael.undorf@delaware.gov |
| Email: Alexandra.c.sosnowski@doj.nh.gov | *Counsel for Plaintiff State of Delaware* |
| *Counsel for Plaintiff State of New Hampshire* | |
| | *s/ Christina M. Moylan* |
| *s/ Cameron Capps* | Christina M. Moylan (admitted *pro hac vice*) |
| Cameron Capps (admitted *pro hac vice*) | Assistant Attorney General |
| Deputy Attorney General, Consumer Protection | Chief, Consumer Protection Division |
| Office of the Oklahoma Attorney General | Office of the Maine Attorney General |
| 313 N.E. 21st Street | 6 State House Station |
| Oklahoma City, OK 73105 | Augusta, ME 04333-0006 |
| Telephone: (405) 522-0858 | Telephone: (207) 626-8800 |
| Email: Cameron.Capps@oag.ok.gov | Email: christina.moylan@maine.gov |
| *Counsel for Plaintiff State of Oklahoma* | *Counsel for Plaintiff State of Maine* |

| | |
|---|---|
| PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S MOTION TO CLARIFY OR RECONSIDER PORTIONS OF THE COURT'S SEPTEMBER 16, 2025 ORDER<br>No. 2:23-cv-01495 - 7 | FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(202) 326-2222 |

| | |
|---|---|
| *s/ Schonette Walker* | *s/ Lucas J. Tucker* |
| Schonette Walker (admitted *pro hac vice*) | Lucas J. Tucker (admitted *pro hac vice*) |
| Assistant Attorney General | Senior Deputy Attorney General |
| Chief, Antitrust Division | Office of the Nevada Attorney General |
| Office of the Maryland Attorney General | 100 N. Carson St. |
| 200 St. Paul Place | Carson City, NV 89701 |
| Baltimore, MD 21202 | Telephone: (775) 684-1100 |
| Telephone: (410) 576-6473 | Email: LTucker@ag.nv.gov |
| Email: swalker@oag.state.md.us | *Counsel for Plaintiff State of Nevada* |
| *Counsel for Plaintiff State of Maryland* | |
| | *s/ Andrew Esoldi* |
| *s/ Katherine W. Krems* | Andrew Esoldi (admitted *pro hac vice*) |
| Katherine W. Krems (admitted *pro hac vice*) | Deputy Attorney General |
| Assistant Attorney General, Antitrust Division | New Jersey Office of the Attorney General |
| Office of the Massachusetts Attorney General | 124 Halsey Street, 5th Floor |
| One Ashburton Place, 18th Floor | Newark, NJ 07101 |
| Boston, MA 02108 | Telephone: (973) 648-7819 |
| Telephone: (617) 963-2189 | Email: andrew.esoldi@law.njoag.gov |
| Email: katherine.krems@mass.gov | *Counsel for Plaintiff State of New Jersey* |
| *Counsel for Plaintiff Commonwealth of Massachusetts* | |
| | *s/ Anthony Juzaitis* |
| *s/ Scott A. Mertens* | Anthony Juzaitis (admitted *pro hac vice*) |
| Scott A. Mertens (admitted *pro hac vice*) | Deputy Attorney General, Civil Affairs |
| Assistant Attorney General | New Mexico Office of the Attorney General |
| Michigan Department of Attorney General | 408 Galisteo St. |
| 525 West Ottawa Street | Santa Fe, NM 87501 |
| Lansing, MI 48933 | Telephone: (505) 561-7565 |
| Telephone: (517) 335-7622 | Email: ajuzaitis@nmdoj.gov |
| Email: MertensS@michigan.gov | *Counsel for Plaintiff State of New Mexico* |
| *Counsel for Plaintiff State of Michigan* | |
| | *s/ Zulma Carrasquillo Almena* |
| *s/ Zach Biesanz* | Zulma Carrasquillo Almena (admitted *pro hac vice*) |
| Zach Biesanz (admitted *pro hac vice*) | Puerto Rico Department of Justice |
| Senior Enforcement Counsel | P.O. Box 9020192 |
| Office of the Minnesota Attorney General | San Juan, Puerto Rico 00902-0192 |
| 445 Minnesota Street, Suite 1400 | Telephone: (787) 721-2900, Ext. 1211 |
| Saint Paul, MN 55101 | Email: zcarrasquillo@justicia.pr.gov |
| Telephone: (651) 757-1257 | *Counsel for Plaintiff Commonwealth of Puerto Rico* |
| Email: zach.biesanz@ag.state.mn.us | |
| *Counsel for Plaintiff State of Minnesota* | |

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S MOTION TO CLARIFY OR RECONSIDER PORTIONS OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 8

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    *s/ Stephen N. Provazza*
    Stephen N. Provazza (admitted *pro hac vice*)
2    Special Assistant Attorney General
    Chief, Consumer and Economic Justice Unit
3    Department of the Attorney General
    150 South Main Street
4    Providence, RI 02903
    Telephone: (401) 274-4400
5    Email: sprovazza@riag.ri.gov
    *Counsel for Plaintiff State of Rhode Island*

6

    *s/ Sarah L. J. Aceves*
7    Sarah L. J. Aceves (admitted *pro hac vice*)
    Assistant Attorney General
8    Public Protection Division
    Vermont Attorney General's Office
9    109 State Street
    Montpelier, VT 05609
10   Telephone: (802) 828-3170
    Email: sarah.aceves@vermont.gov
11   *Counsel for Plaintiff State of Vermont*

12   *s/ Laura E. McFarlane*
    Laura E. McFarlane (admitted *pro hac vice*)
13   Assistant Attorney General
    Wisconsin Department of Justice
14   Post Office Box 7857
    Madison, WI 53707-7857
15   Telephone: (608) 266-8911
    Email: mcfarlanele@doj.state.wi.us
16   *Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' RESPONSE TO AMAZON.COM, INC.'S
MOTION TO CLARIFY OR RECONSIDER PORTIONS
OF THE COURT'S SEPTEMBER 16, 2025 ORDER
No. 2:23-cv-01495 - 9

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222