UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | CASE NO. 2:23-cv-01495-JHC <br><br> ORDER |

# I
## INTRODUCTION

THIS MATTER comes before the Court on Defendant Amazon.com, Inc.'s motion for reconsideration. Dkt. # 545. The Court has reviewed the motion and response, pertinent portions of the record, and the applicable law. For the reasons below, the Court DENIES the motion.

# II
## BACKGROUND

On August 22, 2025, under Local Civil Rule 37, the parties filed a joint submission regarding Plaintiffs' motion to compel production (Joint Submission). Dkt. # 522. In that

ORDER - 1

motion, Plaintiffs sought production of three categories of documents that Amazon had clawed back. The Court denied the motion with respect to two of the categories of documents but granted it with respect to a third category: Documents that Amazon first produced during the pre-suit investigation (referred to as the "CID-era" or "investigation-era" production) but later clawed back. *See* Dkt. # 540 at 6–9. In so granting, the Court stated, "In its briefing, Amazon does not claim, much less show, that it (inadvertently) produced potentially privileged information *during that investigation*. Because Amazon has neither argued nor shown this, it cannot satisfy the first prong of Rule 502(b)." Dkt. # 540 at 8 (emphasis in original).

Amazon now moves for reconsideration.[1] *See* Dkt. # 545.

### III
#### DISCUSSION

A.     Legal Standards

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Accordingly, in this District, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h). Courts in this District "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

---

[1] While Amazon styles its motion as one to "clarify or reconsider portions of the Court's September 16, 2025 order," it seeks such clarification "to be afforded an opportunity to establish inadvertence with respect to the investigation-era documents at issue in the Court's ruling." Dkt. # 545 at 2. Thus, in this procedural context, the motion amounts to a request for reconsideration.

B.  Analysis

Amazon contends that, contrary to the language of the Order quoted above, "it ha[d] argued that investigation-era documents were inadvertently produced." *Id.* at 2. But the company does not clearly contend that it had argued that it inadvertently produced documents during the investigation.[2] In any event, it cites two places in the Joint Submission: "Dkt. #522 at 20–21 ('For all Investigation documents re-reviewed and produced in the Private Plaintiff cases, Amazon has provided evidence of inadvertence in most cases.'); *see also id.* (citing Exs. 7–8, 15–16 showing claw backs of documents pursuant to Rule 502(b)'s inadvertence standard)." *Id.*

But the Joint Submission at 20–21 does not—at least with any clarity—appear to argue that documents were inadvertently produced during the investigation. It states, "For all Investigation documents re-reviewed and produced *in the Private Plaintiff cases*, Amazon has provided evidence of inadvertence in most cases. This evidence sufficiently explains how vendor error or mistakes in coding by an individual reviewer in the course of a large-volume, complex review like this one demonstrates inadvertence. *See supra*, at 17." Dkt. # 522 at 20–21 (emphasis added). And page 17 in the Joint Submission shows no such evidence of inadvertent production in the investigation. Further, most of page 17 (through line 18) is Plaintiffs' argument, and the two lines of Amazon's argument on the rest of that page concern Rule 502(d) and do not refer to CID-era production.

In the next paragraph, on page 22 of the Joint Submission, Amazon states that "it took reasonable steps to prevent inadvertent disclosures during the rereview process, *see* Keeling Decl. Ex. 6, ¶¶ 11-19, and that Amazon sent clawback letters within a reasonable timeframe after

---

[2] In the Court's view, it is possible for a party to intentionally produce a document in an investigation and then later inadvertently produce it during a lawsuit; for example, if a different individual is associated with the later production and they have a different view of whether the document is protected.

ORDER - 3

learning of such disclosures, *e.g., id.*, ¶ 11 & Ex. 7 (clawing back document under Rule 502(d) within seven days of receiving a reproduction request from Plaintiffs)." "Keeling Decl. Ex. 6" appears to be a citation to Dkt. # 525-6, a copy of a declaration Amazon's counsel made as part of a submission to the special master in the private plaintiff cases.[3] But none of the cited paragraphs provide any indicia of inadvertence for specific documents necessary under Rule 502(b). They only detail steps Amazon has taken to prevent the disclosure of privileged information, without making a showing that any specific documents were inadvertently produced or stating whether the inadvertent production was during the investigation. *See* Dkt. # 525-6 at ¶¶ 11–19. And as noted above, Amazon cites "Ex. 7." Exhibit 7 to the Keeling Declaration does not contain any evidence of inadvertence, since it is a Rule 502(d) claw-back letter to the FTC. *See* Dkt. # 525-7.

Turning back to the instant motion, Amazon also provides this citation: "*see also id.* (citing Exs. 7–8, 15–16 showing claw backs of documents pursuant to Rule 502(b)'s inadvertence standard)" for its proposition that "it has argued that investigation-era documents were inadvertently produced." Dkt. # 545 at 2. Because the preceding citation is to Dkt. # 522 at 20–21, the "*see also id.*" citation should refer to those pages. But those pages do not include citations to all of "Exs. 7–8, 15–16." Presumably, there is a clerical error, and the reference may be to "Musayev Decl. Exs. 7-8, 15-16"—but that is a citation in *Plaintiffs*' argument in the Joint Submission. Dkt. # 522 at 17. In its argument in the Joint Submission, Amazon did cite Ex. 16 to the declaration of Olga Musayev, Dkt. # 524-12, which reproduces a 2025 email with attachments that Amazon sent Plaintiffs, regarding a claimed inadvertent production. But

---

[3] *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. No. 2:21-cv-00693-JHC (W.D. Wash.); and *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash).

ORDER - 4

Amazon cited that exhibit at Dkt. # 522 at 13, as part of its argument that Rule 502(d) applied and thus it did not need to show inadvertence.  Moreover, Exhibits 7, 8, 15, and 16 to the Musayev Declaration do not reveal with any clarity information regarding inadvertent production of material during the investigation.

Given the foregoing, the Court cannot conclude that Amazon argued in the Joint Submission that documents were inadvertently produced during the investigation.  And Amazon's argument is undermined by its statement that it seeks "an opportunity to establish inadvertence with respect to the investigation-era documents at issue in the Court's ruling." Dkt. # 545 at 2.

## IV
### CONCLUSION

For the reasons above, the Court DENIES the motion.  Dkt. # 545.

Dated this 8th day of December, 2025.

John H. Chun
United States District Judge