THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, Inc., a corporation,<br><br>Defendant. | Case No. 2:23-cv-01495-JHC<br><br>**DECLARATION OF ELLEN JALKUT IN SUPPORT OF BEST BUY CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND TESTIMONY RELATED TO BEST BUY'S THIRD-PARTY MARKETPLACE** |

I, Ellen Jalkut, under penalty of perjury, declare as follows:

1. I am an associate at Robins Kaplan LLP in the New York office, and represent Best Buy Co., Inc. ("Best Buy") in this matter. My application for pro hac vice is forthcoming. I make this declaration in support of Best Buy's Opposition to Plaintiffs' Motion to Compel Best Buy's Compliance with Subpoena. I have personal knowledge of the facts stated herein and if called up on to do so, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is a true and correct copy of the Deposition Subpoena for Production of Business Records served on Best Buy and issued on September 13, 2023, on behalf of Amazon.com, Inc. ("Amazon") in the action The People

of the State of California v. Amazon.com, Inc., Case No. CGC-22-601826 (Superior Ct of CA, Cty of San Francisco).

3. Attached as **Exhibit 2** is a true and correct copy of the California Department of Justice's Deposition Subpoena for Production of Business Records served on Best Buy, dated January 31, 2024 in the action *The People of the State of California v. Amazon.com, Inc.*, Case No. CGC-22-601826 (Superior Ct. of Cal., Cty of San Francisco).

4. Attached as **Exhibit 3** is a true and correct copy of a Subpoena to Produce Documents served on Best Buy by plaintiffs in *Frame-Wilson, et al. v. Amazon.com, Inc.*, Case No. 2:20-cv-00424-JHC (W.D. Wash.) on April 2, 2025.

5. Attached as **Exhibit 4** is a true and correct copy of a Subpoena to Produce Documents served on Best Buy by plaintiffs in *Brown, et al. v. Amazon.com, Inc.*, Case No. 2:22-cv-00965-JCH (W.D. Wash.) on April 2, 2025.

6. Attached as **Exhibit 5** is a true and correct copy of a Subpoena to Produce Documents served on Best Buy by plaintiffs in *De Coster, et al. v. Amazon.com, Inc.*, Case No. 2:21-cv-00693-JHC (W.D. Wash.) on April 2, 2025.

7. On November 21, 2025, counsel for Zulily reached out to schedule a meet and confer to discuss Best Buy's objections to Amazon reproducing in the *Zulily v. Amazon* matter, Case No. 2:23-cv-01900-JHC (W.D. Wash.), all of Best Buy's documents and deposition transcripts produced in this matter.

8. On December 3, 2025, counsel for the Attorney General in *State of Arizona ex rel Mayes v. Amazon.com, Inc.,* No. CV2024-011990 (Ariz. Super. Ct.), notified Best Buy that Arizona plans to appear at Best Buy's depositions and asked if Best Buy would consent to reproduction of the documents produced in this matter and subsequently produced pursuant to subpoenas in the *Frame-Wilson, Brown,* and *De Coster* matters.

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY (Case No. 2:23-cv-01495-JHC)

2

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422

ROBINS KAPLAN LLP

9. Also, on December 3, 2025, Amazon's counsel notified Best Buy that counsel for the Washington D.C. Attorney General planned to serve a Subpoena to Testify on Best Buy and attend Best Buy's depositions.

10. Attached as **Exhibit 6** is a true and correct copy of a Subpoena to Testify served on Best Buy by plaintiffs in *Frame-Wilson, et al. v. Amazon.com, Inc.*, Case No. 2:20-cv-00424-JHC (W.D. Wash.) on October 17, 2025.

11. Attached as **Exhibit 7** is a true and correct copy of a Subpoena to Testify served on Best Buy by plaintiffs in *Brown, et al. v. Amazon.com, Inc.*, Case No. 2:22-cv-00965-JCH (W.D. Wash.) on October 17, 2025.

12. Attached as **Exhibit 8** is a true and correct copy of a Subpoena to Testify served on Best Buy by plaintiffs in *De Coster, et al. v. Amazon.com, Inc.*, Case No. 2:21-cv-00693-JHC (W.D. Wash.) on October 17, 2025.

13. On July 15, 2025, Lauren Pomeroy, Deputy Attorney General at the California Department of Justice, reached out to enquire whether we could accept service of a deposition subpoena on behalf of Best Buy. She notified us that the State of California would work with Amazon and the FTC to coordinate the date, time and location of the deposition.

14. Attached as **Exhibit 9** is a true and correct copy of a Subpoena in a Civil Case, Command to Appear, pursuant to Minnesota Rules of Civil Procedure, Rule 45 served on Best Buy by the California Department of Justice on July 18, 2025.

15. On December 6, 2025, Best Buy confirmed an agreement with the various parties that it will provide witnesses for the noticed depositions on January 23 and January 27, 2026.

16. In various productions prior to September 26, 2025, Best Buy produced

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY (Case No. 2:23-cv-01495-JHC)

3

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422

ROBINS KAPLAN LLP

around 325 documents to the Plaintiffs that were identified pursuant to subpoenas from the California Department of Justice, Amazon, and the FTC. The documents included vendor contracts, communications with vendors relating to product pricing, and explanations of Best Buy's pricing analysis and tools.

17. On September 26, 2025, Best Buy produced 1,716 documents in response to the FTC's Subpoena, and which were identified pursuant to search terms proposed by the FTC ("September 26 Production"). The September 26 Production included 497 documents that contained the term "marketplace" and 1,575 documents that include the term "Amazon."

18. On November 19, 2025, Best Buy produced transactional data to the FTC, California Department of Justice and Amazon, which included purchase data for twenty classes of products, representing tens of thousands of SKUs with millions of entries, quarterly aggregate sales data from the same twenty classes of products for the period January 1, 2017 through December 31, 2024, sales transaction data for the twenty classes of productions from January 1, 2021 through December 31, 2022, and purchase orders for the twenty classes of productions from January 1, 2021 through December 31, 2022.

19. Attached as **Exhibit 10** is a true and correct copy of a Powerpoint document produced in the September 26 Production in its native form and bearing the file name: BBYFTC0000960_HIGHLY_CONFIDENTIAL_OUTSIDE_COUNSEL_ONLY.

20. Attached as **Exhibit 11** is a true and correct copy of a Powerpoint document produced in the September 26 Production and bearing the Bates label BBYFTC0002836-67. This document is marked HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.

21. Attached as **Exhibit 12** is a true and correct copy of a Powerpoint

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY (Case No. 2:23-cv-01495-JHC)

4

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422

document produced in the September 26 Production in its native form and bearing the file name: BBYFTC0005238_HIGHLY_CONFIDENTIAL_OUTSIDE_COUNSEL_ONLY.

22. Attached as **Exhibit 13** is a true and correct copy of Response and Objections of Best Buy Co., Inc. to Federal Trade Commission's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Response and Objections") served on May 10, 2024.

23. After serving the Response and Objections, I met and conferred with FTC's counsel on June 14, 2024 and September 12, 2024 to discuss limiting the scope of the unduly burdensome Subpoena as required by Rule 45. During those meet and confers, counsel for Best Buy informed the FTC's counsel that Best Buy did not currently operate a marketplace as defined in the subpoena served by the FTC.

24. At a meet and confer call on January 14, 2025, the FTC's counsel notified counsel for Best Buy that it was aware that Best Buy had recently announced plans to open an online marketplace. The FTC's counsel advised Best Buy that it expected Best Buy to produce its planning and strategy documents. I objected on the grounds that Best Buy's future plans were not relevant to this lawsuit, and any such planning and strategy documents were highly confidential.

25. After significant negotiations, Best Buy and the FTC reached agreement on custodians and search terms on March 13, 2025.

26. Upon review of the documents identified by the search terms, Best Buy realized that the search terms captured highly-sensitive forward-looking plans and strategies related to its marketplace.

27. Following receipt of the Subpoena to Testify at a Deposition in a Civil Action pursuant to Rule 30(b)(6) ("Deposition Subpoena") on June 16, 2025, I met and

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY (Case No. 2:23-cv-01495-JHC)

5

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422

conferred with the counsel for the FTC on June 25, 2025. During the meet and confer, I notified the FTC that Best Buy could not produce a narrow subset of the marketplace-related documents collected using the search terms as the documents were too commercially sensitive.

28. At a meet and confer on September 26, 2025, I informed attorneys for the California Department of Justice, the FTC, and Amazon that Best Buy was withholding 162 documents related to Best Buy's marketplace and associated family documents.

29. At a meet and confer on September 30, 2025, the FTC informed us that if Best Buy was going to maintain its objections on discovery into the most-competitively sensitive areas of Best Buy's marketplace, the FTC would file a motion to compel. Shortly thereafter, the case was stayed due to the government shutdown.

30. On November 21, 2025, I attended a meet and confer with the FTC in which counsel for the FTC reiterated that they planned to file a motion to compel Best Buy to produce its most competitively-sensitive marketplace-related documents and allow inquiry into all aspects of its marketplace at depositions.

31. In an effort to assist the parties in reaching an agreement, Best Buy made Gordon Vizecky, Vice President and Associate General Counsel, available on September 26, 2025, to answer the parties' questions regarding Best Buy's concerns and the categories of marketplace topics that Best Buy considered highly confidential.

32. After the November 21, 2025 meet and confer, Best Buy provided the FTC with the October 27, 2025 letter sent to Amazon's counsel detailing over a dozen lines of inquiry into Best Buy's marketplace that it would allow the parties to pursue, and carving out the minor exceptions of "(1) Future plans, aspirations, or intent for the growth and development of the Best Buy marketplace: (2) Raw data from customer surveys since

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY (Case No. 2:23-cv-01495-JHC)

6

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422

January 1, 2023; (3) Strategies that were not implemented; and (4) Speculation regarding competitor reactions."

33. Attached as **Exhibit 14** is a true and correct copy of a Powerpoint document produced to the Plaintiffs on May 23, 2025 in its native form and bearing the file name: BBYCAL0001516_HIGHLY_CONFIDENTIAL_OUTSIDE_COUNSEL_ONLY.

34. Attached as **Exhibit 15** is a true and correct copy of an email produced to the Plaintiffs on January 29, 2025 and bearing the Bates label BBYCAL0001063. This document is marked HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY.

35. Attached as **Exhibit 16** is a true and correct copy of a Powerpoint document produced to the Plaintiffs on May 23, 2025 in its native form and bearing the file name: BBYFTC0000013_HIGHLY_CONFIDENTIAL_OUTSIDE_COUNSEL_ONLY.

36. On June 30, 2025, Best Buy served its Objections and Responses to Plaintiffs' Subpoena to Testify Issued to Best Buy Co., Inc. Alerted to a scrivener's error, Best Buy served Amended Objections and Responses to Plaintiffs' Subpoena to Testify Issued to Best Buy Co., Inc. on July 11, 2025, a true and correct copy is attached herein as **Exhibit 17**. Best Buy specifically objected to Topic 7 on grounds of relevance and that it "seeks confidential, proprietary, or commercially or competitively sensitive information.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2025 in New York, New York.

*/s/ Ellen Jalkut*
Ellen Jalkut

DECL. OF ELLEN JALKUT ISO BEST BUY'S OPPOSITION TO THE PLAINTIFFS' LCR 37 MOTION TO COMPEL DOCUMENTS AND TESTIMONY
(Case No. 2:23-cv-01495-JHC)

7

**ROBINS KAPLAN LLP**
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
(212) 980-7422