UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a corporation, <br><br> Defendant. | CASE NO. 2:23-cv-01495-JHC <br><br> ORDER |

# I
## INTRODUCTION

This matter comes before the Court on the LCR 37 Joint Submission Regarding Plaintiffs' Motion to Compel Documents and Testimony Related to Best Buy's Third Party Marketplace. *See* Dkt. # 570. The Court has reviewed the submission, including its associated declarations and exhibits, pertinent portions of the record, and the applicable law. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

# II
## BACKGROUND

Plaintiffs claim that Amazon violated the Federal Trade Commission Act, 15 U.S.C. § 45(a), Section 2 of the Sherman Act, 15 U.S.C. § 2, and various state competition and consumer

ORDER - 1

protection laws. Plaintiffs seek discovery from nonparty Best Buy Co., Inc. regarding the online marketplace that Best Buy launched in August 2025. *See* Dkt. # 570 at 2. Plaintiffs say that these materials are "relevant to the existence of an Online Marketplace Services market, how Amazon's conduct has impeded competition in this space, and how Amazon's conduct impacts market outcomes." *Id.* at 3.

Plaintiffs issued a subpoena to produce documents to Best Buy in April 2024. *See* Dkt. # 571-4. Best Buy responded and objected to the subpoena the next month. *See* Dkt. # 572–13. After Plaintiffs learned of Best Buy's planned online marketplace in January 2025, *see* Dkt. # 570 at 4, they issued a subpoena for a deposition under Federal Rule of Civil Procedure 30(b)(6). *See* Dkt. # 571-6.

Plaintiffs and Best Buy met and conferred regarding the scope of the discovery requests. *See generally* Dkt. # 571 at 1–2, ¶¶ 2–3; Dkt. # 572 at 5, ¶¶ 23–24. On March 13, 2025, They first arrived at an agreement regarding document custodians and search times for an eventual production. *See id.* ¶ 25; Dkt. # 572 at 5, ¶ 25. As to the deposition subpoena, Best Buy responded and objected on June 30, 2025. *See* Dkt. # 572–17.

Best Buy says it has produced over 2,000 documents and will permit testimony as to some of the proposed deposition topics. *See* Dkt. # 572 at 3–4, ¶¶ 16–17. But by September 2025, Best Buy had identified and then withheld 162 "highly-sensitive forward-looking" documents related to the planned online marketplace. *See* Dkt. # 572 at 5–6, ¶¶ 26–28. Unable to resolve their disagreements regarding the withheld documents and objections to the proposed deposition testimony, Plaintiffs and Best Buy filed this joint motion. In the motion, the parties submit two issues: (1) the propriety of discovery into the disputed materials, and (2) whether such discovery may be taken after the discovery cutoff. The parties do not dispute the second issue.

ORDER - 2

# III

## DISCUSSION

A.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Under Federal Rule of Civil Procedure 45, parties may issue subpoenas seeking discoverable information to nonparties. Courts in this Circuit have recognized that the "scope of discovery through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)." *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (nonparty respondent facing Rule 45 subpoena); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) ("[t]he same broad scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45") (citation omitted).

A court must quash or modify a subpoena to the extent that it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). And a court may quash or modify a subpoena requiring disclosure of trade secrets and other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i). But in these latter circumstances "the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party . . . shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C)(i). "While discovery is a valuable right and should not be unnecessarily restricted, . . . the necessary restrictions may be broader when a nonparty is the target of discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

The Court possesses an inherent power to manage its own docket and issue scheduling orders "designed to ensure," among other considerations, "an opportunity to engage in appropriate discovery." *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008).

B.   Analysis

   1.   Issue # 1: Discovery of Best Buy's marketplace materials

The disputed documents and deposition testimony concern Best Buy's planning and strategy regarding its online marketplace. The parties refer to the disputed documents and testimony as the "marketplace materials." *See* Dkt. # 570 at 2 n 1. According to Plaintiffs, Best Buy will not permit testimony about marketplace materials or produce them unless they were created before 2023, they pertain only to Best Buy's marketplace's operations (rather than its strategy or forward-looking plans), or the information is publicly available. *Id.* at 2.

Plaintiffs principally contend that the marketplace materials are relevant and "highly probative" to issues in the underlying case, including "the existence of an Online Marketplace Services market" and associated barriers to entry, as well as the "impact of Amazon's pricing conduct on market participants." *Id.* at 13. Plaintiffs also say that they have a substantial need for these materials and that the protective order, Dkt. # 160, provides Best Buy sufficient safeguards, since it allows an "attorneys' eyes only" designation for the marketplace materials. *Id.* at 14–15. Plaintiffs also say that Best Buy has negotiated a side agreement with Amazon limiting the latter's review of the marketplace materials to outside counsel only. *Id.* Last, Plaintiffs say that the limitations on deposition questioning would be "burdensome to implement and prejudicial" to them, as they would result in Best Buy's counsel interrupting and conferring with witnesses in the middle of the depositions. *Id.* at 16–17.

Best Buy responds that the subpoenas should be quashed or modified because they seek confidential commercial information of a nonparty, disclosure of which would be harmful. *Id.* at

18. It also says that Plaintiffs have failed to show enough of a connection between the marketplace materials and the key areas of their case. *Id.* at 19–20. And Best Buy disputes that the protective order will adequately protect the marketplace materials, since they will still be revealed to "hundreds" of attorneys, including the Amazon attorneys who have already appeared in the case. *Id.* at 22–23. Best Buy also says that its depositions proposal is the only workable protocol. *Id.* at 23–24.

Court in this Circuit generally reject subpoenas that seek a nonparty's confidential strategy documents. For example, in *In re eBay Seller Antitrust Litigation*, the court denied the plaintiffs' request for disclosure of a nonparty's strategy documents concerning its understanding of its competition with eBay, since the documents "target the heart of [the nonparty's] confidential strategic thinking." 2009 WL 10677051, at *6 (W.D. Wash. Aug. 17, 2009). The court also rejected the same argument that Plaintiffs now make regarding the protective order, noting that it was "extremely reluctant to place [the nonparty] in the position of relying on a third party to protect its highly sensitive information from a competitor." *Id.* (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("It would be divorced from reality to believe that either party here would serve as the champion of its competitor . . . either to maintain the confidentiality [of the competitor's documents] or to limit public disclosure as much as possible during trial.")).

The court in *In re Apple iPhone Antitrust Litigation* reached a similar result. 2020 WL 5993223 (N.D. Cal. Oct. 9, 2020). Apple, the defendant in two antitrust suits regarding its app store, sought to argue that it faced competition regarding the distribution of mobile applications. *Id.* at *1–2. To that end, it attempted to subpoena high-level internal documents from its nonparty competitor, Samsung, regarding competition between mobile platforms in the marketplace for apps and app distribution, as well as the past and future performance of

Samsung's Galaxy Store. *Id.* In one request, Apple sought documents "created by or provided to Samsung executives and director's concerning Samsung's strategy and plans for marketing, publicizing, and positioning the Galaxy Store," much like the requests that Plaintiffs make here. *Id.* at 9. While the court noted the existence of the protective order between the parties in that case, it ultimately quashed the requests that sought the most sensitive competitive information and determined that the protective order was enough to secure Samsung's interests in the remaining, requests seeking less sensitive information. *Id.* at *12 n.4.

Here, many of Plaintiffs' requests for documents and proposed deposition topics seek the kind of information that other courts have rejected as improper under Rule 45(d)(3). For the documents subpoena, Request 8 seeks documents "sufficient to show the Company's marketing, strategic, and business Plans for its Online Retail Store." Dkt. # 571-4 at 7. Request 9 seeks "All Documents relating to competition between the Company and any other Online Retail Store or potential Online Retail Store, or competition between any other Online Retail Stores or potential Online Retail Stores" including "all analyses" of "Any other dimension of competition." *Id.* at 8. Request 10 seeks "All surveys, studies, or analyses relating to shoppers' perception" of both Best Buy's and Amazon's online marketplaces. *Id.* Request 15 seeks documents "sufficient to show [Best Buy's] marketing, strategic, and business Plans for its marketplace." *Id.* at 10. Request 20 seeks documents "sufficient to show any survey, study, or analysis of" sellers' perceptions of Best Buy's and Amazon's marketplaces. *Id.* at 12. And these are not the only documents requests that seek confidential strategic or analytic information about Best Buy's marketplace. And while Requests 19 and 40 do not explicitly ask for strategy documents, they do target strategic or competitive information, disclosure of which risks competitive harm to Best Buy. Request 19 demands "[a]ny analysis of which marketplace services other Online Retail Stores offer to Sellers and how such services compare to [Best

ORDER - 6

Buy's] marketplace services." *Id.* at 11. Similarly, Request 41 seeks documents "relating to any effect of Amazon's fulfillment services or policies" on Best Buy's "ability to attract Sellers to its marketplace or retain Sellers that used its marketplace," which appears to seek strategic and competitive information. *Id.* at 22. In sum, many of the documents sought by Plaintiffs' subpoena involve information too sensitive to reveal to one of Best Buy's primary competitors.

The deposition topics are similar. The first topic covers Best Buy's "business strategies and decision-making concerning" Best Buy's "Competitors" and Best Buy's "efforts to compete for Customers, Vendors, [and] Sellers." Dkt. # 571-6 at 5. Topics 3 and 4 cover Best Buy's understanding of customer, vendor, and seller behavior, which would presumably compel Best Buy to discuss any confidential studies it has generated on the subject. *Id.* at 6. Topic 7 inquires into the "planning and launching" of Best Buy's marketplace. *Id.* Topic 16 covers the "impact of Amazon's conduct (including any practices related to pricing, selection, fulfillment, or delivery) on [Best Buy's] business, including with respect to the pricing and selection of Products offered for sale in [Best Buy's] Store, [Best Buy's] competition for Customers with any other Store or Channel, and [Best Buy's] competition for Vendors or Sellers in any Channel." *Id.* at 8. Like the document requests, these deposition topics go to information too sensitive to reveal to Amazon.

Importantly, Plaintiffs have not laid out the connection between the information they seek and their case beyond general assertions of that information's relevance, much less shown a "substantial need" for that information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). Plaintiffs say that the marketplace materials they seek "may be relevant to barriers to entry in the Online Superstore Market and Amazon's dominant position in that market, among other issues," Dkt. # 570 at 14; but this does not provide enough information for the Court to determine why Best Buy should be forced to disclose its highly sensitive competitive thinking. *See In re eBay*, 2009 WL 10677051,

ORDER - 7

at *5 ("An antitrust action does not come with an automatic entitlement to force non-parties to reveal their competitive thinking."). Courts have quashed nonparty subpoenas served on nonparties where the requesting party has not articulated why the sought-after information is necessary for their case. *See, e.g.*, *In re Apple*, 2020 WL 5993223, at *9 ("Apple has not clearly or convincingly explained how this sort of information is necessary to show the nature and extent of direct competition between the App Store and the Galaxy Store, or to show how the Galaxy Store actually competes with other app marketplaces in the Android ecosystem[.]"); *In re eBay*, 2009 WL 10677051, at *6 ("Plaintiffs have not explained how Amazon's assessment of the competitive threat eBay poses, or its effort to address that threat, are important to their suit against eBay," even though that information may be "potentially relevant.").

Accordingly, the Court quashes the documents subpoena with respect to the following requests (as listed in Dkt. # 571-4):

- Request 8
- Request 9
- Request 10
- Request 15
- Request 16
- Request 18
- Request 19
- Request 20
- Request 22
- Request 24
- Request 25

ORDER - 8

- Request 28
- Request 29
- Request 33
- Request 35
- Request 36
- Request 37
- Request 41
- Request 42

The Court allows the remaining requests because they do not appear to seek materials so sensitive that their disclosure would risk competitive harm to Best Buy. *Cf. In re Apple*, 2020 WL 5993223, at *7 ("the information sought by this Request does not detail future plans or involve strategic assessments, and thus there is no substantial risk of competitive or economic harm to" the nonparty.)

And the Court quashes the deposition subpoena with respect to the following topics (as listed in Dkt. # 571-6):

- Topic 1.b
- Topic 3
- Topic 4
- Topic 7
- Topic 13
- Topic 14
- Topic 16

ORDER - 9

The Court allows the remaining topics because they do not appear to go to information so sensitive that its disclosure would risk competitive harm to Best Buy. *Cf. In re Apple*, 2020 WL 5993223, at *7.

2. Issue # 2: Timing of discovery

Because the Court has not quashed Plaintiffs' deposition subpoena in its entirety, it agrees with Plaintiffs that it will be necessary for them to depose the head of Best Buy's marketplace business after the close of fact discovery. Since Best Buy has said that it does not object, the Court will permit the parties to conduct such a deposition, notwithstanding that fact discovery closed on October 22, 2025 under the Amended Case Scheduling Order (Dkt. # 492 at 1). *See W. R. Grace*, 526 F.3d at 508–09 (district courts possess an inherent power to issue scheduling orders that provide parties "an opportunity to engage in appropriate discovery.").

## IV
### CONCLUSION

For the reasons above, the Court GRANTS IN PART and DENIES IN PART[1] Plaintiffs' Motion to Compel Documents and Testimony as explained in this order.

Dated this 14th day of January, 2026.

John H. Chun
United States District Judge

---

[1] Best Buy does not make clear whether it objects to every request in the documents subpoena and every topic in the deposition subpoena. Given this circumstance, and because this Order permits certain document requests and deposition topics—as requested by Plaintiffs—the Court has decided to state that it is granting the motion in part as well as denying it in part.

ORDER - 10