1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

          Plaintiffs,

          v.

AMAZON.COM, INC., a corporation,

          Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' MOTION FOR**
**SPOLIATION SANCTIONS**

NOTE ON MOTION CALENDAR:
February 20, 2026

**PUBLIC REDACTED VERSION**

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................1

I.     AMAZON HAD A DUTY TO PRESERVE EVIDENCE AS OF JUNE 17, 2019 ........... 1

II.    AMAZON EMPLOYEES DELETED RAW NOTES AND OTHER DOCUMENTS
AT THE DIRECTION OF AMAZON'S IN-HOUSE COUNSEL OR WITHOUT
OBJECTIONS FROM COUNSEL ............................................................................... 3

III.   SENIOR AMAZON EXECUTIVES SELECTIVELY DELETED SIGNAL
MESSAGES........................................................................................................... 6

LEGAL STANDARD........................................................................................................9

ARGUMENT ..................................................................................................................10

I.     AMAZON SPOLIATED EVIDENCE ........................................................ 10

        A.     Amazon Had an Ongoing Duty to Preserve All Potentially Relevant
              Documents and Communications ................................................................ 10

        B.     Amazon Spoliated Evidence by Not Taking Reasonable Steps to Preserve
              Documents and Communications ................................................................ 12

        C.     Amazon's Deleted Documents and Communications Cannot Be
              Restored or Replaced ................................................................................. 13

II.    THE COURT SHOULD IMPOSE SANCTIONS FOR SPOLIATION.......................... 15

        A.     Plaintiffs are Prejudiced by Amazon's Destruction of Evidence
              (Fed. R. Civ. P. 37(e)(1)) ......................................................................... 15

        B.     Amazon Intended to Deprive Plaintiffs of the Deleted Documents
              (Fed. R. Civ. P. 37(e)(2)) ......................................................................... 17

        C.     The Court Should Apply an Adverse Inference and Bar Amazon From
              Introducing Certain Evidence .................................................................... 19

CONCLUSION.................................................................................................................20

PLAINTIFFS' MOT. FOR                     **FEDERAL TRADE COMMISSION**
SPOLIATION SANCTIONS - i              600 Pennsylvania Avenue, NW
No. 2:23-cv-01495-JHC                         Washington, DC 20580
                                        (202) 326-2222

1

# **TABLE OF AUTHORITIES**

2

***Cases***

3

*Apple Inc. v. Samsung Elecs. Co.*,
  881 F. Supp. 2d 1132 (N.D. Cal. 2012)........................................................................19

4

*Armstrong v. Holmes*,
  2024 WL 1345214 (D. Nev. Mar. 29, 2024) ..........................................................17, 19

5

*Baker v. O'Reilly*,
  2025 WL 1635253 (W.D. Wash. June 9, 2025) .............................................................17

6

*CBF Industria De Gusa S/A v. AMCI Holdings, Inc.*,
  2021 WL 4190628, (S.D.N.Y. Aug. 18, 2021) ..............................................................15

7

*Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*,
  337 F.R.D. 47 (S.D.N.Y. 2020)......................................................................................12

8

9

*Colonies Partners L.P. v. City of San Bernardino*,
  2020 WL 1496444 (C.D. Cal. Feb. 27, 2020) *adopted*,
  2020 WL 1491339 (C.D. Cal. Mar. 27, 2020) ..............................................................12

10

11

*Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*,
  2009 WL 1949124 (N.D. Cal. July 2, 2009) ..................................................................10

12

*Fast v. GoDaddy.com LLC*,
  340 F.R.D. 326 (D. Ariz. 2022)......................................................................................15

13

*FTC v. Amazon.com, Inc.*,
  No. 2:23-cv-00932-JHC (W.D. Wash. June 23, 2025) ..................................................20

14

15

*FTC v. Amazon.com, Inc.*,
  2025 WL 1907413 (W.D. Wash. July 10, 2025)......................................................15, 20

16

*FTC v. Noland*,
  2021 WL 3857413 (D. Ariz. Aug. 30, 2021) ...........................................................10, 13

17

*Gerlich v. U.S. Dep't of Just.*,
  711 F.3d 161 (D.C. Cir. 2013) .......................................................................................10

18

19

*Greenberg v. Amazon.com, Inc.*,
  No. 2:21-cv-00898-RSL (W.D. Wash, May 7, 2025) ......................................................2

20

*Greenberg v. Amazon.com, Inc.*,
  2025 WL 2639221 (W.D. Wash. Sept. 12, 2025) ......................................................2, 20

21

*In re Napster, Inc. Copyright Litig.*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006)....................................................................14, 19

22

23

*Jones v. Riot Hosp. Grp. LLC*,
  95 F.4th 730 (9th Cir. 2024)...............................................................................17, 18, 19

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - ii
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Knickerbocker v. Corinthian Colleges*,
    298 F.R.D. 670 (W.D. Wash. 2014)................................................................20

*Lee v. City of Los Angeles*,
    2025 WL 2505484 (C.D. Cal. Aug. 29, 2025), *reconsideration denied*,
    2025 WL 3211209 (C.D. Cal. Oct. 14, 2025) ........................................17, 19

*Leon v. IDX Systems Corp.*,
    464 F.3d 951 (9th Cir. 2006)......................................................................11

*Muhammad v. Jenkins*,
    2022 WL 4292341 (C.D. Cal. Aug. 26, 2022), *report and recommendation adopted*,
    2022 WL 4292308 (C.D. Cal. Sept. 15, 2022)................................................15

*Paisley Park Enters., Inc. v. Boxill*,
    330 F.R.D. 226 (D. Minn. 2019) ............................................................13, 17

*Rehn v. City of Seattle*,
    2025 WL 1207668 (W.D. Wash. Apr. 25, 2025) ........................................10, 16

*Stedeford v. Wal-Mart Stores, Inc.*,
    2016 WL 3462132 (D. Nev. June 24, 2016) ..................................................19

*United States v. Google LLC*,
    747 F. Supp. 3d 1 (D.D.C. 2024) ..............................................................13

*Youngevity Int'l v. Smith*,
    2020 WL 7048687 (S.D. Cal. July 28, 2020)..................................................10

*Zubulake v. UBS Warburg LLC*,
    229 F.R.D. 422 (S.D.N.Y. 2004)................................................................12

**Rules**

Fed. R. Civ. P. 37(e) ........................................................................ *passim*

**Other Authorities**

The Sedona Conference, *The Sedona Conference Primer on Social Media, Second Edition*,
    20 SEDONA CONF. J. 1 (2019) ..................................................................13

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - iii
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**INTRODUCTION**

Plaintiffs file this motion to address Amazon's failure to retain relevant business records. Amazon has maintained a years-long practice of deliberately deleting unedited "raw" notes from business meetings, even after Amazon's document preservation obligations went into effect at the outset of Plaintiffs' pre-Complaint investigation. This practice has deprived Plaintiffs and the Court of the most candid record of Amazon employees discussing conduct squarely at issue in this case. These raw notes would have been far more reliable and probative than the replacement documents Amazon chose to preserve and produce: carefully written "key takeaways" generated after meetings, often sanitized by Amazon's in-house counsel[1] and intentionally omitting records of how or why decisions were made, or by whom. Separately, but no less concerning, candid conversations between top Amazon executives have been lost due to their extensive and calculated use of ephemeral messaging.

Plaintiffs are prejudiced by the loss of these materials and seek appropriate relief, including an adverse inference against Amazon. In the alternative, the Court should grant Plaintiffs leave to conduct additional discovery into the extent of Amazon's spoliation, with Amazon bearing the costs.

**BACKGROUND**

**I.    AMAZON HAD A DUTY TO PRESERVE EVIDENCE AS OF JUNE 17, 2019**

Amazon was on notice of its duty to "preserve all documents . . . and cease all document destruction" of records potentially relevant to this case no later than June 17, 2019, when the FTC notified Amazon that it was investigating Amazon's online retail business, and that "[t]he

---

[1] Amazon's related effort to manipulate evidence that could be used against the company in antitrust litigation is addressed in a separate motion. *See* Plaintiffs' Motion to Compel The Production of Documents Concerning Amazon's Manipulation of Evidence, filed separately ("Manipulation Mot.").

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 1
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  destruction of documents" could violate criminal law. Ex. 1 at 1-2.[2] ████████

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████[3]

5       Each DPN recipient's compliance with document retention obligations is significant in

6  part because Amazon's automated retention system "preserves only a custodian's email, Slack,

7  and Chime records," while other materials, "including Word documents, presentations, notes,

8  spreadsheets, PDFs, etc., [are] not automatically preserved." *Greenberg v. Amazon.com, Inc.*,

9  2025 WL 2639221, at *3 (W.D. Wash. Sept. 12, 2025);[4] ████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████

19

20

21  ――――――――――――――――――

  [2] Citations in the form Ex.__ refer to the exhibits to the Declaration of Amanda L. Butler, Dkt. #599.

22  [3] Amazon has issued at least ████████ of DPNs and has represented that ████████ employees are currently
subject to a DPN for this case. Ex. 2 (████) at 26:1-26:11, 27:2-16. However, several employees who should
have received DPNs, including ████████, discussed further below, did not. *See* Ex. 9 (identifying all DPN

23  recipients).

  [4] *See also* Stangler Decl. at ¶ 3, *Greenberg v. Amazon.com, Inc.*, 2:21-cv-00898-RSL (W.D. Wash, May 7, 2025),

24  Dkt. #142 (automated protections of litigation hold limited to email, Slack, and Chime).

## II. AMAZON EMPLOYEES DELETED RAW NOTES AND OTHER DOCUMENTS AT THE DIRECTION OF AMAZON'S IN-HOUSE COUNSEL OR WITHOUT OBJECTIONS FROM COUNSEL

Despite Amazon's obligation to preserve documents relevant to Plaintiffs' investigation and subsequent Complaint, Amazon adopted guidelines that "raw notes" memorializing relevant business meetings should be deleted or shredded. Following these guidelines, Amazon employees—at times, directed by in-house counsel or in the presence of counsel, without any objections—deleted "raw notes" of relevant meetings and other materials.

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 3
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 4
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 5
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222



Plaintiffs have identified multiple instances where Amazon's campaign to delete documents that could be used against it in antitrust litigation appears to have been effective. For instance, Amazon has been unable to identify raw notes for several meetings relevant to Plaintiffs' claims. Ex. 23 at 6-7. This includes notes of the July 2021 ASB business review and November 2021 ASB leadership team meetings referenced above and an April 2021 meeting with Amazon's outgoing and incoming CEOs concerning grocery strategy. *Id.* In each instance, raw notes would be the best evidence of decisions made at Amazon and the unfiltered views of senior Amazon executives.

## III.    SENIOR AMAZON EXECUTIVES SELECTIVELY DELETED SIGNAL MESSAGES

Senior Amazon executives violated Amazon's document preservation obligations by using ephemeral messaging, largely over Signal, to irrevocably destroy records of their communications. They did so after Amazon was aware of the FTC's investigation and, in some cases, after the individual executives received DPNs. This use of ephemeral messaging dovetails with the purpose behind Amazon's policies and practices regarding raw notes: it allowed

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 6
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  Amazon executives to communicate electronically without a verbatim record that Amazon might

2  have to produce to an enforcer or in litigation.

3       As Plaintiffs have previously raised with the Court, senior Amazon executives, including

4  then-CEO Jeff Bezos and General Counsel David Zapolsky, began using Signal's "disappearing

5  message" feature in April 2019 and continued using it well after Amazon was aware of

6  Plaintiffs' pre-Complaint investigation and Amazon's duty to preserve documents. *See, e.g.*, Ex.

7  24 at 3; Ex. 1 at 1-2.[5] Because Mr. Zapolsky heads Amazon's legal department, Amazon knew or

8  should have known of this use of Signal in April 2019. *See* Ex. 24 at 3. Amazon, however, in a

9  May 20, 2022 letter from its counsel, contends that the company did not learn about its

10 executives' use of Signal disappearing messages until the summer of 2020. Ex. 25 at 3 & n.4

11 ("While conducting custodian-facing diligence in Summer 2020, Amazon learned that some

12 custodians had used Signal.").



13

14

15

16

17

18

19

20

21

22  _____

[5] A Signal user must manually engage Signal's disappearing message feature, which permanently deletes the

23  messages from *all* participants' phones—sender's and recipients'—after a pre-determined time elapses. The only
    record of the conversation is the time at which disappearing messages were toggled on or off. *See* Ex. 26,
    https://support.signal.org/hc/en-us/articles/360007320771-Set-and-manage-disappearing-messages. WhatsApp has a

24  similar feature. *See* Ex. 27, https://faq.whatsapp.com/673193694148537/?helpref=uf_share.

PLAINTIFFS' MOT. FOR                          **FEDERAL TRADE COMMISSION**
SPOLIATION SANCTIONS - 7                       600 Pennsylvania Avenue, NW
No. 2:23-cv-01495-JHC                              Washington, DC 20580
                                                      (202) 326-2222

An untold number of messages were deleted in the three and a half years between April 2019, when Amazon knew or should have known that its executives were using ephemeral messaging, and at least

While the contents of the deleted messages cannot be established, messages that Amazon has produced show that executives used mobile messaging applications for relevant, substantive communications.

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 8
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  ████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ██████████████████████████████████████████████████████████

5  ████████████████████████████, ████████████████████ —

6  communications that were serendipitously preserved only because Amazon's counsel collected

7  Mr. Bezos's phone within a week of those messages being sent. *See* Ex. 42 at 15. Furthermore,

8  the rare surviving Signal messages produced in litigation include messages on substantive

9  antitrust topics, showing that Amazon executives used Signal to discuss issues relevant to this

10  case. *See, e.g.,* Ex. 43 (sending Mr. Jassy news coverage of antitrust enforcement), ██████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ██████████████████████

15  **LEGAL STANDARD**

16  Rule 37(e) authorizes the Court to sanction a party for spoliation when (1) the party's

17  electronically stored information "should have been preserved in the anticipation or conduct of

18  litigation," (2) the ESI is "lost because a party failed to take reasonable steps to preserve it," and

19  (3) the ESI "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

20  "[U]pon finding prejudice to another party from loss of the information," the Court may order

21  measures designed to cure the prejudice, Rule 37(e)(1), but "upon finding that the party acted

22  with the intent to deprive another party of the information's use in the litigation," the Court may

23

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 9
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    impose further sanctions, including adopting a "presum[ption] that the lost information was

2    unfavorable to the party." Rule 37(e)(2).

3         The burden is on the moving party to prove spoliation by a preponderance of the

4    evidence. *Rehn v. City of Seattle*, 2025 WL 1207668, at *2-*3 (W.D. Wash. Apr. 25, 2025). If

5    spoliation is proven, the burden shifts to the spoliating party to prove the loss of information is

6    not prejudicial. *Id* at *3 (*citing Youngevity Int'l v. Smith*, 2020 WL 7048687, at *3 (S.D. Cal.

7    July 28, 2020)). "In the Ninth Circuit, spoliation of evidence raises a presumption that the

8    destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to

9    the party that destroyed it." *Id.* at *1 (*citing Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009

10   WL 1949124, at *10 (N.D. Cal. July 2, 2009)).

11        Here, the evidence establishes Amazon's intentional spoliation of relevant evidence and

12   that the appropriate remedy is an adverse inference and other measures to ensure that Amazon

13   does not reap a benefit from its improper destruction of evidence.

14                                    **<u>ARGUMENT</u>**

15   I.    **AMAZON SPOLIATED EVIDENCE**

16        A.    **Amazon Had an Ongoing Duty to Preserve All Potentially Relevant
               Documents and Communications**

17        Amazon's documents and communications "should have been preserved in the

18   anticipation or conduct of litigation," Fed. R. Civ. P. 37(e), at least as of June 17, 2019, when the

19   FTC informed Amazon of its investigation and advised Amazon to "take the necessary measures

20   to preserve all documents and cease all document destruction activities[.]" *See* Ex. 1 at 1; *see*

21   *also FTC v. Noland*, 2021 WL 3857413, at *9 (D. Ariz. Aug. 30, 2021) (preservation obligations

22   arose on receipt of notice from FTC); *Gerlich v. U.S. Dep't of Just.*, 711 F.3d 161, 171 (D.C. Cir.

23   2013) (duty to preserve triggered by government investigation).

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 10
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1      Amazon's preservation obligations extended to all "potentially relevant" evidence. *Leon*

2    *v. IDX Systems Corp.*, 464 F.3d 951, 1001 (9th Cir. 2006) (citation omitted). Amazon has

3    effectively conceded the relevance of meetings with missing raw notes by producing documents

4    associated with the same meetings, such as pre-reads and sanitized notes. And Amazon

5    executives clearly used Signal to discuss some matters relevant to this case, as discussed above.

6    *See supra* at 8-9.[9] It is impossible to know what exactly Amazon executives discussed using

7    ephemeral messaging, but it strains credulity to think that even though Amazon's senior

8    leadership used Signal to discuss work-related matters for over three years, they never used

9    ephemeral messaging to discuss matters relevant to this case. Further, when the relevance of

10   deleted documents "cannot be clearly ascertained because the documents no longer exist, a party

11   can hardly assert any presumption of irrelevance as to the destroyed documents." *Leon*, 464 F.3d

12   at 959 (internal quotation marks omitted).

13       An instance in which raw notes were *not* deleted shows that they contain relevant

14   information. ████████████████████████████████████████████

15   ████████████████████████████████████████████████████████

16   ████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████████████

21   _____

22   [9] Amazon's claim that Signal was only used for "sensitive topics like public relations or human resources," plus
     "non-substantive purposes (such as scheduling, travel, or to prompt someone to check their email)" and "a narrow

23   range of issues clearly unrelated to the [investigation] (e.g., security or issues in foreign countries)," *see* Dkt. #223 at
     3-4, is undermined by its admissions that Signal was also used for substantive conversations such as the acquisitions

24   of MGM and ████, and by records showing that executives used Signal to discuss antitrust issues and other matters
     related to this case. ████

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 11
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8    **B.    Amazon Spoliated Evidence by Not Taking Reasonable Steps to Preserve Documents and Communications**

9    The evidence at issue here was "lost because [Amazon] failed to take reasonable steps to

10   preserve it." Fed. R. Civ. P. 37(e). Amazon and its counsel were obliged "to oversee compliance

11   with the litigation hold notices" and "monitor…efforts to retain the documents subject to the

12   hold." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 62 (S.D.N.Y.

13   2020); *see also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).[10] Instead,

14   counsel *instructed* or acquiesced in the deletion of raw notes and other documents, with deletion

15   continuing for years after Plaintiffs' pre-Complaint investigation began. *See supra* at 3-6.

16

17   , and aligns with the use of ephemeral messaging by Amazon's top

18   executives, including its CEOs and general counsel.

19

20   Spoliation by Amazon's executives is imputed to the company. *See Colonies Partners L.P. v.*

21

22

23   ───────────────────

[10] Amazon's failure to preserve documents and communications is inexcusable given its "sophistication with regard

24   to litigation" and its substantial financial and legal resources. *See* Fed. R. Civ. P. 37 advisory committees note (2015).

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 12
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222



*City of San Bernardino*, 2020 WL 1496444, at *7, *10 (C.D. Cal. Feb. 27, 2020), *adopted*, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020).

Amazon also acted unreasonably in not taking basic, timely steps to preserve mobile messages, including by not adequately distributing instructions to not use ephemeral messaging and not ensuring that Signal users disabled its disappearing messages function. As a result, executives continued using disappearing messages to selectively delete messages they did not want preserved. *See supra* at 6-9; *see also United States v. Google LLC*, 747 F. Supp. 3d 1, 187 (D.D.C. 2024) ("Any company that puts the onus on its employees to identify and preserve relevant evidence does so at its own peril."). "'[U]se of ephemeral messaging for relevant communications after a duty to preserve has arisen may be particularly problematic, as it would have the potential to deprive adversaries and the court of relevant evidence.'" *Noland*, 2021 WL 3857413, at *7 (quoting The Sedona Conference, *The Sedona Conference Primer on Social Media, Second Edition*, 20 SEDONA CONF. J. 1, 90-91 (2019)).

### C.   Amazon's Deleted Documents and Communications Cannot Be Restored or Replaced

The materials at issue here "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The destroyed documents and messages cannot be recovered, and there is no replacement for the spontaneous and candid conversations embodied in raw notes and ephemeral messages. *See Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 234 (D. Minn. 2019) (noting the "potential and reality of finding the modern-day litigation equivalent of a 'smoking gun' in text messages."). Amazon has not been able to identify recovered versions of raw notes that have been deleted, *see* Ex. 23 at 6-7, and Signal disappearing messages are permanently erased. *See* Ex. 52 ▮▮▮) at 46:18-47:2. The lost information cannot be replaced by other internal documents, which are the product of a careful corporate strategy to manipulate

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 13
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  the factual record for litigation, *see* Manipulation Mot., or by testimony about the deleted

2  materials—particularly testimony not anchored by documents. *See, e.g.*, Ex. 53 (████) at

3  246:23-257:7; *see In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1076 (N.D. Cal.

4  2006) ("[P]laintiffs would certainly be better off with documentary evidence than with

5  witnesses' personal recollections of events and communications that occurred years ago.").

6       Plaintiffs asked Amazon to identify raw notes for meetings subject to instructions or

7  guidance to delete or destroy raw notes or "verbatim commentary." *See* Ex. 23 at 4-5. Amazon

8  generally failed to do so, but did identify three instances in which "notes of this meeting have not

9  been identified," conceding that at least some documents were destroyed and irretrievably lost

10  from among the fourteen meetings it identified. *See id.* at 7-8.[11] Amazon's interrogatory response

11  wholly fails to address the breadth of its directives concerning raw notes, █████████████

12  ██████████████████████████████████████. *See supra* at 4-6. However, given the

13  breadth and consistency of Amazon's instructions to delete documents, along with the

14  involvement of counsel and senior executives, it is likely that the documents Plaintiffs have been

15  able to identify through the remaining record are only a sample from a much broader set of lost

16  evidence.

17

18

19

20

---

21  [11] Plaintiffs asked Amazon to identify raw notes for (a) all monthly, quarterly, and annual meetings from four
distinct business divisions and (b) any other division where employees were instructed or encouraged to delete

22  notes. *See* Ex. 54 at 1-2. In response, Amazon identified only 14 particular meetings. Similarly, in response to an
interrogatory asking Amazon to describe "the actions taken . . . to preserve and recover" any documents that have
been "destroyed, deleted, [or] lost," Amazon claimed it had "not presently identified any non-duplicative

23  information." Ex. 23 at 8-9. Amazon did not address whether any documents had been destroyed, and there is no
way Amazon can know what information was contained in responsive documents that it destroyed, deleted, or

24  otherwise failed to preserve. *See* Ex. 54 at 2-3.

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 14
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  **II.    THE COURT SHOULD IMPOSE SANCTIONS FOR SPOLIATION**

2      Amazon's egregious and intentional spoliation of evidence warrants an adverse

3  inference.[12] In another case, this Court recently admonished Amazon and its counsel that "their

4  conduct during discovery was tantamount to bad faith," and that "[s]imilar conduct may lead to

5  more serious sanctions." *FTC v. Amazon.com, Inc.*, 2025 WL 1907413, at *4 (W.D. Wash. July

6  10, 2025). Like the overbroad privilege claims at issue in that case, spoliation is "gamesmanship

7  [that] defies the Federal Rules of Civil Procedure, which require the parties to 'to put all their

8  "cards" on the table before trial.'" *Id.* Amazon's destruction of potential evidence that it would

9  otherwise have to "████████," ███, has created

10  deliberate gaps in the evidentiary record. With those gaps beyond repair, the Court should not

11  allow Amazon to benefit from its document destruction and gain a strategic advantage in this

12  litigation.

13      **A.    Plaintiffs are Prejudiced by Amazon's Destruction of Evidence**
            **(Fed. R. Civ. P. 37(e)(1))**

14      "Prejudice exists when spoliation prohibits a party from presenting evidence that is

15  relevant to its underlying case." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 339 (D. Ariz.

16  2022); *see also CBF Industria De Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4190628, at *17

17  (S.D.N.Y. Aug. 18, 2021) ("[C]urative sanctions, . . . [available] if the existing evidence

18  plausibly 'suggests' that the spoliated ESI could support the moving party's case.") (citation

19  omitted).

20

21

22

---

23  [12] Plaintiffs' motion is timely. *See Muhammad v. Jenkins*, 2022 WL 4292341, at *7 (C.D. Cal. Aug. 26, 2022),
    *report and recommendation adopted*, 2022 WL 4292308 (C.D. Cal. Sept. 15, 2022) (holding that "because

24  spoliation is a discovery-related issue, motions for spoliation sanctions typically must be brought during the
    discovery period").

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 15
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon's destruction of evidence has prejudiced Plaintiffs. Amazon cannot rebut the presumption that the destroyed evidence was relevant and adverse to Amazon. *See Rehm*, 2025 WL 1207668, at *3–4. As detailed in a separate motion, Amazon has extensive communications policies intended to avoid creating evidence that could be used against Amazon in an antitrust enforcement action. *See* Manipulation Mot.;

The documents Amazon preserved were subject to an intense effort to create a sanitized record for government enforcers and this Court. Raw notes and real-time ephemeral messages, on the other hand, are unfiltered—and have been destroyed.

In particular, the raw notes Amazon has deleted are often the only source of key information about what was said and who made decisions in meetings.

But it is impossible to know exactly what—and how much—is missing from the record.

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 16
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Amazon is unwilling or unable to catalog instances where raw notes were prepared and

2   subsequently deleted, leaving the full scope of its spoliation unclear. *See* Ex. 23 at 4-9; Ex. 54 at

3   1-3.

4          Amazon's willful destruction of documents has deprived Plaintiffs of important, relevant

5   information and threatens to distort the resolution of the case, as Plaintiffs are unable to review

6   or present the deleted materials. *See Paisley Park*, 330 F.R.D. at 236 (finding prejudice where

7   "Plaintiffs are left with an incomplete record of the communications that Defendants had"); *see*

8   *also Baker v. O'Reilly*, 2025 WL 1635253, at *7 (W.D. Wash. June 9, 2025) ("find[ing]

9   sanctions proper under Rule 37(e)(1), given the evidence of a breach of the duty and prejudice").

10         **B.      Amazon Intended to Deprive Plaintiffs of the Deleted Documents
                      (Fed. R. Civ. P. 37(e)(2))**

11         Intent under Rule 37(e) "is most naturally understood as involving the willful destruction

12  of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hosp.*

13  *Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). "Because intent can rarely be shown directly, a

14  district court may consider circumstantial evidence in determining whether a party acted with the

15  intent required for Rule 37(e)(2) sanctions." *Id.*

16         1.      *Amazon executives deleted documents after receiving preservation notices*

17         Spoliation after receipt of a document preservation notice supports a finding that the

18  spoliation was intentional. *See, e.g.*, *Armstrong v. Holmes*, 2024 WL 1345214, at *4 (D. Nev.

19  Mar. 29, 2024); *Lee v. City of Los Angeles*, 2025 WL 2505484, at *11, *17 (C.D. Cal. Aug. 29,

20  2025), *reconsideration denied*, 2025 WL 3211209 (C.D. Cal. Oct. 14, 2025). ███████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ████████████████████

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 17
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   ███████████████████████████████████

2   ████████████████████████████████ *See supra* at 3–6. Further,

3   senior Amazon executives deleted Signal messages by manually enabling disappearing messages

4   ██████████████████████████████████████

5   ████████████████████████████████████

6   ████████████████████████████ *See, e.g.*, Ex. 24 at

7   3-35 (listing instances between April 2019 and May 2022 when certain custodians used

8   disappearing messages).

9               2.     *Amazon Took Affirmative Steps to Delete Documents*

10          Another relevant consideration in assessing intent is whether the spoliator took

11  "affirmative steps… to delete evidence." *Jones*, 95 F.4th at 735. Amazon employees took

12  "affirmative steps" when they deleted raw notes, or instructed others to do so. Amazon

13  executives likewise took "affirmative steps" when they enabled disappearing messages in Signal.

14  *See* Ex. 52 (████) at 46:4–46:8 (explaining actions required to use disappearing messages).

15  Enabling that feature caused messages to be deleted, on a timeframe specified by the user. *Id*. at

16  42:13-17. In some instances, Amazon executives set the deletion timer to as short as ten seconds

17  or one minute, resulting in almost immediate deletion. *See, e.g.*, Ex. 24 at 6, 7.

18          "[S]elective preservation" of evidence is also indicative of intent. *Jones*, 95 F.4th at 735.

19  Here, Amazon employees engaged in selective preservation by keeping sanitized summaries of

20  meetings while deleting more candid raw notes. Even more telling, key senior executives did not

21  enable disappearing messages for *all* Signal exchanges. Instead, they enabled that feature for

22  particular parts of individual conversations, toggling the function on and off to delete specific

23  exchanges that they did not want preserved. For example, a Signal conversation between Mr.

24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 18
No. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Bezos and Mr. Jassy between October 7, 2019 and March 9, 2022 involved 15 different instances of either Mr. Bezos or Mr. Jassy enabling or disabling disappearing messages or changing the deletion timer. *See* Ex. 24 at 8. This conscious targeting of particular evidence for destruction supports a finding of intentional spoliation. *See Jones*, 95 F.4th at 736 (finding intentional spoliation where a party "affirmatively selected certain text messages for deletion while otherwise preserving text messages sent around the same time"); *Armstrong*, 2024 WL 1345214, at *4 (party's conduct was "indicative of intent" where she kept certain messages but deleted others); *Lee*, 2025 WL 2505484, at *14 (defendants' "selective preservation [of text messages] is telling and pushes [their] conduct outside the realm of a negligence finding and into an inference of intent to deprive").

### C.   The Court Should Apply an Adverse Inference and Bar Amazon From Introducing Certain Evidence

To remedy Amazon's intentional destruction of evidence, the Court should enter an order that "(1) deter[s] [Amazon] from engaging in spoliation; (2) place[s] the risk of an erroneous judgment on [Amazon,] who wrongfully created the risk; and (3) restore[s] [Plaintiffs] to the same position [they] would have been absent the wrongful destruction of evidence by the opposing party." *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012) (citations omitted). An appropriate remedy may include adopting an adverse inference, as well as "exclud[ing] witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence." *See In re Napster*, 462 F. Supp. 2d at 1066; *see also Stedeford v. Wal-Mart Stores, Inc.*, 2016 WL 3462132, at *13 (D. Nev. June 24, 2016) (precluding defendant from introducing contradictory evidence, testimony, or argument regarding the subject matter of the spoliated evidence).

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 19
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    To ensure that Amazon does not benefit from its spoliation of evidence, the Court should

2  (1) adopt an adverse inference that spoliated evidence was unfavorable to Amazon on all issues

3  disputed at trial, including market definition, monopoly power, the anticompetitive nature of

4  Amazon's conduct, and the harm from Amazon's conduct, and (2) bar Amazon from introducing

5  or relying on, in support of pro-competitive justifications or as rebuttal evidence, evidence

6  regarding meetings or in the sanitized or summarized notes of those meetings where Amazon has

7  been unable to produce and identify "raw notes" for the meeting.

8    If the Court finds it premature to sanction Amazon at this time, it should (1) grant

9  Plaintiffs leave to conduct additional discovery into the extent of Amazon's spoliation, with

10  leave to renew this issue after that discovery, and (2) order Amazon to pay the costs Plaintiffs

11  bear in connection with the additional discovery. *See Greenberg,* 2025 WL 2639221, at *4

12  (ordering discovery into spoliation); *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 682

13  (W.D. Wash. 2014) (awarding "sanctions in the form of attorney's fees" on account of "bad faith

14  discovery practices"); *see also FTC v. Amazon*, 2025 WL 1907413, at *4 (admonishing Amazon

15  regarding the possibility of "more serious sanctions"); *FTC. v. Amazon*, No. 2:23-cv-00932-JHC

16  (W.D. Wash. June 23, 2025), Dkt. #371 (granting Plaintiff's request for discovery costs and

17  attorney fees due to Amazon's abuse of privilege).

## **CONCLUSION**

19    For the reasons discussed above, the Court should grant Plaintiffs' motion for sanctions.

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 20
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Dated: January 30, 2026                Respectfully submitted,

2                                           *s/ Amanda L. Butler*

3                                           AMANDA L. BUTLER (IL Bar # 6299218)
                                            EDWARD H. TAKASHIMA (DC Bar # 1001641)
4                                           HANA VERWILT (CA Bar # 360731)
                                            SHIRA A. STEINBERG (NY Reg. # 5695580)

5                                           Federal Trade Commission
                                            600 Pennsylvania Avenue, NW
6                                           Washington, DC 20580
                                            Tel.:    (202) 326-2464 (Takashima)
7                                           Email: abutler2@ftc.gov
                                                     etakashima@ftc.gov
8                                                    hverwilt@ftc.gov
                                                     ssteinberg1@ftc.gov

9                                           *Attorneys for Plaintiff Federal Trade Commission*

10                                          I certify that this memorandum contains 6,273
                                            words, in compliance with the Court's order in Dkt.
11                                          #592.

12

13

14

15

16

17

18

19

20

21

22

23

24

1

_s/ Michael Jo_
Michael Jo (admitted _pro hac vice_)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
_Counsel for Plaintiff State of New York_

_s/ Victoria Field_
Victoria Field (admitted _pro hac vice_)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Victoria.Field@ct.gov
_Counsel for Plaintiff State of Connecticut_

_s/ Alexandra C. Sosnowski_
Alexandra C. Sosnowski (admitted _pro hac vice_)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
_Counsel for Plaintiff State of New Hampshire_

_s/ Christopher J. Campbell_
Christopher J. Campbell (admitted _pro hac vice_)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
_Counsel for Plaintiff State of Oklahoma_

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
_Counsel for Plaintiff State of Oregon_

_s/ Jennifer A. Thomson_
Jennifer A. Thomson (admitted _pro hac vice_)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
_Counsel for Plaintiff Commonwealth of Pennsylvania_

_s/ Michael A. Undorf_
Michael A. Undorf (admitted _pro hac vice_)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
_Counsel for Plaintiff State of Delaware_

_s/ Christina M. Moylan_
Christina M. Moylan (admitted _pro hac vice_)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
_Counsel for Plaintiff State of Maine_

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 22
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   _s/ Schonette Walker_
    Schonette Walker (admitted _pro hac vice_)
2   Assistant Attorney General
    Chief, Antitrust Division
3   Office of the Maryland Attorney General
    200 St. Paul Place
4   Baltimore, MD 21202
    Telephone: (410) 576-6473
5   Email: swalker@oag.state.md.us
    _Counsel for Plaintiff State of Maryland_
6
    _s/ Katherine W. Krems_
7   Katherine W. Krems (admitted _pro hac vice_)
    Assistant Attorney General, Antitrust Division
8   Office of the Massachusetts Attorney General
    One Ashburton Place, 18th Floor
9   Boston, MA 02108
    Telephone: (617) 963-2189
10  Email: katherine.krems@mass.gov
    _Counsel for Plaintiff Commonwealth of_
11  _Massachusetts_

12  _s/ Scott A. Mertens_
    Scott A. Mertens (admitted _pro hac vice_)
13  Assistant Attorney General
    Michigan Department of Attorney General
14  525 West Ottawa Street
    Lansing, MI 48933
15  Telephone: (517) 335-7622
    Email: MertensS@michigan.gov
16  _Counsel for Plaintiff State of Michigan_

17  _s/ Zach Biesanz_
    Zach Biesanz (admitted _pro hac vice_)
18  Senior Enforcement Counsel
    Office of the Minnesota Attorney General
19  445 Minnesota Street, Suite 1400
    Saint Paul, MN 55101
20  Telephone: (651) 757-1257
    Email: zach.biesanz@ag.state.mn.us
21  _Counsel for Plaintiff State of Minnesota_

22

23

24

    _s/ Lucas J. Tucker_
    Lucas J. Tucker (admitted _pro hac vice_)
    Senior Deputy Attorney General
    Office of the Nevada Attorney General
    100 N. Carson St.
    Carson City, NV 89701
    Telephone: (775) 684-1100
    Email: LTucker@ag.nv.gov
    _Counsel for Plaintiff State of Nevada_

    _s/ Andrew Esoldi_
    Andrew Esoldi (admitted _pro hac vice_)
    Deputy Attorney General
    New Jersey Office of the Attorney General
    124 Halsey Street, 5th Floor
    Newark, NJ 07101
    Telephone: (973) 648-7819
    Email: andrew.esoldi@law.njoag.gov
    _Counsel for Plaintiff State of New Jersey_

    _s/ Anthony R. Juzaitis_
    Anthony R. Juzaitis (admitted _pro hac vice_)
    Deputy Attorney General, Civil Affairs
    New Mexico Office of the Attorney General
    408 Galisteo St.
    Santa Fe, NM 87501
    Telephone: (505) 651-7565
    Email: AJuzaitis@nmag.gov
    _Counsel for Plaintiff State of New Mexico_

    _s/ Zulma Carrasquillo Almena_
    Zulma Carrasquillo Almena (admitted _pro hac vice_)
    Senior Attorney & Special Prosecutor
    Puerto Rico Department of Justice
    P.O. Box 9020192
    San Juan, Puerto Rico 00902-0192
    Telephone: (787) 721-2900, Ext. 1211
    Email: zcarrasquillo@justicia.pr.gov
    _Counsel for Plaintiff Commonwealth of Puerto Rico_

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 23
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  | <u>s/ Stephen N. Provazza</u>
   | Stephen N. Provazza (admitted *pro hac vice*)
2  | Special Assistant Attorney General
   | Chief, Consumer and Economic Justice Unit
3  | Department of the Attorney General
   | 150 South Main Street
4  | Providence, RI 02903
   | Telephone: (401) 274-4400
5  | Email: sprovazza@riag.ri.gov
   | *Counsel for Plaintiff State of Rhode Island*
6
   | <u>s/ Sarah L.J. Aceves</u>
7  | Sarah L.J. Aceves (admitted *pro hac vice*)
   | Assistant Attorney General
8  | Public Protection Division
   | Vermont Attorney General's Office
9  | 109 State Street
   | Montpelier, VT 05609
10 | Telephone: (802) 828-3170
   | Email: Sarah.Aceves@vermont.gov
11 | *Counsel for Plaintiff State of Vermont*

12 | <u>s/ Caitlin M. Madden</u>
   | Caitlin M. Madden (admitted *pro hac vice*)
13 | Assistant Attorney General
   | Wisconsin Department of Justice
14 | Post Office Box 7857
   | Madison, WI 53707-7857
15 | Telephone: (608) 267-1311
   | Email: caitlin.madden@wisdoj.gov
16 | *Counsel for Plaintiff State of Wisconsin*

17
18
19
20
21
22
23
24

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS - 24
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2026, I electronically filed a true and correct copy of

the foregoing document using the United States District Court for the Western District of

Washington's CM/ECF System.

     I FURTHER CERTIFY that I served the foregoing document on the following counsel

via secure FTP service:


Patricia A. Eakes
Molly A. Terwilliger
MORGAN LEWIS & BOCKIUS LLP
1301 Second Ave, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: patty.eakes@morganlewis.com
     molly.terwilliger@morganlewis.com

Heidi K. Hubbard
John E. Schmidtlein
Kevin M. Hodges
Jonathan B. Pitt
Carl R. Metz
Carol J. Pruski
Katherine Trefz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Email: hhubbard@wc.com
     khodges@wc.com
     jpitt@wc.com
     cmetz@wc.com
     cpruski@wc.com
     ktrefz@wc.com

Thomas O. Barnett
Katherine Mitchell-Tombras
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: 202-662-5407
Email: tbarnett@cov.com
     kmitchelltombras@cov.com

Kosta S. Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email:
kstojilkovic@wilkinsonstekloff.com

*Counsel for Defendant Amazon.com, Inc.*

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS -25
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael Jo
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New
Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

Victoria Field
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Victoria.Field@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

Scott A. Mertens
Michigan Department of Attorney
General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS -26
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael A. Undorf
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

Christina M. Moylan
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Lucas J. Tucker
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

Andrew Esoldi
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

Anthony R. Juzaitis
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov

*Counsel for Plaintiff State of New Mexico*

Zach Biesanz
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Zulma Carrasquillo-Almena
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov

*Counsel for Plaintiff Commonwealth of Puerto Rico*

Stephen N. Provazza
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

Sarah L. J. Aceves
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

*Counsel for Plaintiff State of Vermont*

PLAINTIFFS' MOT. FOR
SPOLIATION SANCTIONS -27
No. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

2

3

4

*Counsel for Plaintiff State of Oregon*

5

6

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*

7

*s/ Amanda L. Butler*
AMANDA L. BUTLER

8

*Attorney for Plaintiff Federal Trade Commission*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24