1

2

THE HONORABLE JOHN H. CHUN

3

4

5

6                            **UNITED STATES DISTRICT COURT**
                          **WESTERN DISTRICT OF WASHINGTON**
7                                       **AT SEATTLE**

8
FEDERAL TRADE COMMISSION, *et al.*,          CASE NO.: 2:23-cv-01495-JHC
9
              Plaintiffs,                     **PLAINTIFFS' MOTION TO**
                                             **COMPEL THE PRODUCTION OF**
10            v.                              **DOCUMENTS CONCERNING**
                                             **AMAZON'S MANIPULATION OF**
11    AMAZON.COM, INC., a corporation,        **EVIDENCE**

12            Defendant.
                                             NOTE ON MOTION CALENDAR:
13                                           February 20, 2026

14                                           **PUBLIC REDACTED VERSION**

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## **TABLE OF CONTENTS**

2   INTRODUCTION ...................................................................................................... 1

3   BACKGROUND ....................................................................................................... 3

4   I.      AMAZON'S ANTITRUST COMMUNICATIONS POLICIES ....................................... 3

5           A.    Part One: Avoid Creating a Written Record Unfavorable to Amazon ..................... 4

6           B.    Part Two: Alter Business Documents to Support Amazon's Legal Positions ........... 8

7           C.    Part Three: Use Attorney-Client Privilege to Cloak Sensitive Discussions ............. 9

8   II.     AMAZON'S SYSTEMIC PATTERN OF PRIVILEGE ABUSE .................................. 11

9   III.    AMAZON IS WITHHOLDING P&C PROTOCOL DOCUMENTS ............................. 12

10  LEGAL STANDARD.............................................................................................. 12

11  ARGUMENT .......................................................................................................... 14

12  I.      THE P&C PROTOCOL AND ITS IMPLEMENTATION ARE NOT PRIVILEGED ... 15

13          A.    Neither a Communications Policy Nor Its Implementation Are Privileged Under
                  Ninth Circuit Law ............................................................................................. 15

14          B.    Work-Product Protection Does Not Apply ........................................................... 19

15  II.     THE CRIME-FRAUD (AND MISCONDUCT) EXCEPTION TO PRIVILEGE
            APPLIES TO THE P&C PROTOCOL................................................................... 20
16
    III.    AMAZON'S PRIVILEGE ABUSE WARRANTS EFFECTIVE RELIEF..................... 23
17
    CONCLUSION........................................................................................................ 25
18

19

20

21

22

23

24

## <u>TABLE OF AUTHORITIES</u>

*Cases*

*Altaa Invs., LLC v. Prod. Cap., LLC*,
   2022 WL 21309976 (C.D. Cal. July 15, 2022) ........................................................ 20

*Bittaker v. Woodford*,
   331 F.3d 715 (9th Cir. 2003) ...................................................................................... 23

*De Coster v. Amazon.com, Inc.*,
   No. 2:21-cv-00693-JHC (W.D. Wash. Jan. 31, 2025).......................................... 11, 25

*De Coster v. Amazon.com, Inc.*,
   2025 WL 904465 (W.D. Wash. Mar. 25, 2025)............................................. 13, 17, 19

*Dolby Labs. Licensing Corp. v. Adobe Inc.*,
   402 F. Supp. 3d 855 (N.D. Cal. 2019).......................................................................... 13

*Epic Games, Inc. v. Apple Inc.*,
   161 F.4th 1162 (9th Cir. 2025) ............................................................................... 15, 18

*Epic Games, Inc. v. Apple Inc.*,
   781 F. Supp. 3d 943 (N.D. Cal. 2025)..................................................................... 18, 24

*Fisher v. United States*,
   425 U.S. 391 (1976) ..................................................................................................... 13

*FTC v. Amazon.com, Inc.*,
   No. 2:23-cv-00932-JHC (W.D. Wash. Mar. 3, 2025)........................................... passim

*Garner v. Amazon.com, Inc.*,
   (W.D. Wash., Sept. 23, 2024) ...................................................................................... 11

*In re Domestic Drywall Antitrust Litig.*,
   2014 WL 5090032 (E.D. Penn. Oct. 9, 2014)....................................................... 15, 16

*In re Facebook, Inc.*,
   655 F. Supp. 3d 899 (N.D. Cal. Feb. 9, 2023)....................................................... 18, 22

*In re Grand Jury*,
   23 F.4th 1088 (9th Cir. 2021)................................................................................. passim

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) ............................................................................... 12, 14

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - iii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*In re Grand Jury Proceedings,*
    87 F.3d 377 (9th Cir. 1996) ................................................................. 20

*In re Grand Jury Subpoenas,*
    803 F.2d 493 (9th Cir. 1986) ............................................................... 16

*In re Napster, Inc. Copyright Litig.,*
    479 F.3d 1078 (9th Cir. 2007) ...................................................... 20, 22

*In re Sealed Case,*
    676 F.2d 793 (D.C. Cir. 1982) ............................................................. 19

*In re Sealed Case,*
    754 F.2d 395 (D.C. Cir. 1985) ............................................................. 21

*In re Teleglobe Commn's Corp.,*
    493 F.3d 345 (3d Cir. 2007) .......................................................... 13, 18

*L.D. v. United Behavioral Health,*
    2022 WL 3139520 (N.D. Cal. Aug. 5, 2022) ..................................... 14

*Mohawk Indus., Inc. v. Carpenter,*
    558 U.S. 100 (2009) ............................................................................ 20

*Moody v. I.R.S.,*
    654 F.2d 795 (D.C. Cir. 1981) ............................................................. 21

*Oracle Am., Inc. v. Google, Inc.,*
    2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ................................... 13

*Rambus, Inc. v. Infineon Techs. AG,*
    220 F.R.D. 264 (E.D. Va. 2004) ......................................................... 21

*Slack v. Swift Transp. Co. of Ariz., LLC,*
    2016 WL 11815753 (W.D. Wash. Nov. 3, 2016)................................ 19

*Sonrai Sys., LLC v. Romano,*
    2020 WL 7027567 (N.D. Ill. Nov. 30, 2020) ................................ 21, 23

*Stevens v. Corelogic, Inc.,*
    2016 WL 397936 (S.D. Cal. Feb. 2, 2016) ............................... 1, 15, 17

*U.S. v. Richey,*
    632 F.3d 559, 568 (9th Cir. 2011) ...................................................... 19

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*United States v. Christensen,*
   828 F.3d 763 (9th Cir. 2015) ........................................................ 12

*United States v. Google LLC,*
   747 F. Supp. 3d 1 (D.D.C. 2024) ................................................. 18

*United States v. Gray,*
   876 F.2d 1411 (9th Cir. 1989) ................................................ 12, 18

*United States v. Martin,*
   278 F.3d 988 (9th Cir. 2002) ........................................................ 20

*United States v. Zolin,*
   491 U.S. 554 (1989) ............................................................... 18, 20

*Upjohn Co. v. United States,*
   449 U.S. 383 (1981) ............................................................... 13, 18

*Wachtel v. Guardian Life Ins. Co.,*
   239 F.R.D. 376 (D.N.J. 2006) ..................................................... 21

*Wright v. Allstate Fire & Cas. Ins. Co.,*
   2022 WL 1213444 (W.D. Wash. Apr. 25, 2022) ........................ 24

**Rules**

Fed. R. Civ. P. 26(b) ...................................................... 5, 14, 20

Fed. R. Civ. P. 37(a) ............................................................ 14

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - v
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Amazon has engaged in a years-long effort to manipulate evidence that could be used against the company in antitrust litigation. Pursuant to its internal antitrust communications policies, Amazon lawyers, employees, and executives alter internal business documents to remove potentially incriminating language regarding Amazon's anticompetitive conduct and intent; insert Amazon's legal justifications in the guise of business judgments; and scrub discussions of sensitive topics, including competition, pricing, and Buy Box suppression. These changes to business documents to implement Amazon's communications policies are not legal advice. Yet, Amazon has withheld them as privileged. At the same time, Amazon has sought to hide candid discussions of many topics relevant to this case by training its employees to mark all communications concerning "sensitive" business issues as privileged and confidential. Collectively, these communications policies, the documents reflecting the implementation of those policies, and Amazon's related privilege marking instructions are referred to herein as Amazon's "P&C Protocol."

The Court should order Amazon to produce all withheld documents that describe and implement the P&C Protocol for two reasons:

**First**, the attorney-client privilege does not apply to the P&C Protocol because its primary purpose is not to provide or receive legal advice. The P&C Protocol is ultimately a corporate communications policy, and thus is not privileged. *See In re Grand Jury*, 23 F.4th 1088, 1094 (9th Cir. 2021); *Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *4 (S.D. Cal. Feb. 2, 2016). The involvement of Amazon attorneys in the development and enforcement of the P&C Protocol does not mean the protocol is privileged. A company may not conduct its operations in secret simply by using in-house counsel to implement a communications policy. Amazon

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   attorneys acting under the P&C Protocol are "███████████ not legal advisors, as shown by

2   the fact that non-attorneys also enforce the protocol. As this Court has held, "[p]rivilege does not

3   descend like a giant fog bank over every document that is in some way connected with an effort

4   to achieve legal compliance." *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, Dkt. #242, at

5   5-6 (W.D. Wash. Mar. 3, 2025) (citation omitted). That is even more the case here, where the

6   issue at hand is compliance with a *business* policy. Finally, allowing Amazon to assert privilege

7   over the P&C Protocol would not serve the purpose underlying privilege: the P&C Protocol does

8   not encourage Amazon to make full disclosures to its attorneys because it does not concern

9   actual requests for or the provision of legal advice, and allowing Amazon to claim privilege here

10  will undermine, not promote, the fair administration of justice.

11          ***Second***, in the alternative, the crime-fraud exception to privilege applies to the P&C

12  Protocol. Amazon cloaked business decisions behind improper privilege markings and altered

13  and destroyed ordinary course business records to sanitize the evidentiary record. In doing so,

14  Amazon aims to undermine the truth-finding function of the adversarial system. This constitutes

15  litigation misconduct that should bar the extension of privilege to the P&C Protocol.

16          Amazon cannot carry its burden to establish privilege. Accordingly, Plaintiffs

17  respectfully request that the Court compel Amazon to produce all P&C Protocol documents it is

18  withholding on privilege grounds. Plaintiffs have identified some of those documents in this

19  motion. *See infra* at Background III. However, as explained below, a re-review of Amazon's

20  privilege log is the only way to identify and produce other P&C Protocol documents Amazon has

21  improperly withheld. Accordingly, the Court should order Amazon to conduct a comprehensive

22  re-review of all privilege claims it is asserting in this case and ensure that Amazon has applied

23  the correct privilege standard.

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# **BACKGROUND**

## I.    AMAZON'S ANTITRUST COMMUNICATIONS POLICIES

For years, Amazon has feared antitrust scrutiny.[1] In response, it has adopted antitrust-related communications policies designed to create a sanitized record for government enforcers and, ultimately, the courts: the P&C Protocol. The P&C Protocol has three parts: (1) rules to avoid creating a written record that could be used against Amazon in investigations or litigation; (2) revisions to documents to implement those rules and support Amazon's legal positions; and (3) a systemic practice of marking documents relating to sensitive topics as privileged so that Amazon can withhold unsanitized or unfavorable documents.

Amazon has asserted privilege over a large number of P&C Protocol documents, including the communications policies themselves; documents reflecting the implementation of the protocol, where attorneys and other employees altered business documents to remove language unfavorable to Amazon or to add material supporting Amazon's anticipated antitrust defenses; and documents concerning Amazon's widespread practice of using boilerplate requests for legal advice to shield documents from discovery. In some cases, Amazon has gone so far as to instruct employees to delete documents that violated these policies and preserve only versions that had been sanitized. Spoliation issues are addressed in a separate motion. *See* Plaintiffs' Motion For Spoliation Sanctions, filed separately ("Spoliation Mot.").

---

[1] As early as 2017, Amazon ███████████████████████████████████████████████ Ex. 1 at -019. All exhibit citations refer to the Declaration of Lance B. McCaskey, Dkt. # 605.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**A.      Part One: Avoid Creating a Written Record Unfavorable to Amazon**

     *1.      Do Not Write Things Down*

Amazon's P&C Protocol directs employees to avoid creating—or at times to destroy—written records that could be used against the company in investigations or litigation. █

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

As part of the P&C Protocol, Amazon also has detailed rules for writing about competition and programs subject to antitrust scrutiny.

     *2.      Strict Censorship for Writing about Competition*

████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 4
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



² Pursuant to Rule 26(b)(5)(B), Plaintiffs are submitting the clawed-back versions of Exhibits 8, 9, 10, 11, 12, 13, and 14 under seal "for a determination of [Amazon's] claim" of privilege. *See* ESI Order at ¶13, Dkt. #256. The clawed-back versions of those exhibits have an "A" suffix—e.g., Ex. 8A. Amazon's privilege log entries for the clawed-back documents are excerpted in Exhibit 15. Plaintiffs were aware of the contents of each of these clawed-back documents before they were clawed back. Notably, several were used in depositions or briefing before Amazon's clawbacks. *See* Exs. 8, 11, 13, and 14; Dkt. #421 at Ex. 3. Out of an abundance of caution, Plaintiffs are not quoting from or paraphrasing any clawed-back material, and instead are citing that material where it may aid the Court's assessment of Amazon's privilege claims. All exhibits, including clawed-back material, are marked in accordance with LCR 10(e)(10).

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222



3.  *Amazon's Strict Censorship for Policies and Programs Subject to Potential Investigations and Litigation*

Amazon has long been aware that certain policies and programs at issue in this case would attract antitrust scrutiny, including its price parity mandate, "Buy Box" suppression, and the "Seller Fulfilled Prime" (SFP) program. Similarly, Amazon has been aware that its responses to rivals' attempts to compete, including Walmart's Pickup Discount Program, would likely attract the attention of antitrust enforcers. Amazon has prepared for this expected scrutiny with a company-wide effort to proactively scrub unfavorable evidence from its internal documents.

Amazon instructed employees

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11    The SFP program was treated as particularly sensitive

12

13

14

15

16

17

18    Amazon's document sanitization efforts extended to the company's responses to rivals.

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮

3 **B.    Part Two: Alter Business Documents to Support Amazon's Legal Positions**

4 When documents were created that did not adhere to the company's antitrust

5 communications policies, Amazon in-house attorneys and other executives have acted ▮▮▮

6 ▮▮▮▮▮▮▮▮ to sanitize and rewrite those documents. *See* Ex. 36 at -652 ▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. These edits cut material

8 unfavorable to Amazon and add material to support Amazon's anticipated defenses in any

9 antitrust investigation or litigation.

10 Amazon directs employees to route business documents through attorneys with

11 boilerplate "privileged and confidential" markings so that they can be sanitized in line with the

12 P&C Protocol. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 ████████████████████████████████████████████████████

2 ████████████████████████

3    Under the P&C Protocol, Amazon lawyers make and direct changes to *internal* business

4 documents to insert Amazon's purported justifications for its policies with an *outside* audience in

5 mind. For example, ████████████████████████████████

6 ████████████████████████████████████

7 ████████████████████████████████████

8 ████████████████████████████████████████

9 ████████████████████████████████

10 ██████████████████████████. Where these edits are made by attorneys, they are

11 undetectable in the final version of the document as seen by senior executives. ████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████████

14 ████████████████████████████████

15 ████████████████████████████

16    **C.    Part Three: Use Attorney-Client Privilege to Cloak Sensitive Discussions**

17    The first two parts of the P&C Protocol have created a more favorable evidentiary record

18 for Amazon. However, those parts leave two gaps. First, candid discussions are sometimes

19 necessary to operate Amazon's business. Second, where documents violated the P&C Protocol

20 drafting rules and required revisions, those revisions would themselves constitute incriminating

21 evidence. Amazon's solution to both issues is to "privilege cloak" discussions of sensitive topics

22 by covering them with outward indicia of privilege. Employees are directed ████████████

23 ████████████████████████████. Ex. 49 at -860; Ex. 32

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    at -097 ████████████████████████████████████████████; Ex. 3

2    at -763; Ex. 11A at -032. Employees routinely preface emails with generic requests of ████

3    ████████████████████████████████████████████████████

4    ██. *See, e.g.*, Ex. 50 at -796; *see also* Ex. 39 at -723; Ex. 51 at -007; Ex. 52 at -557; Ex. 11A

5    at -032.

6        Amazon employees consistently apply privilege markings based on subject matter, *not*

7    based on whether they are seeking or conveying legal advice. Topics where employees apply

8    privilege cloaking include, among others: ████████████ Ex. 51 at -007; Ex. 53 at -494;

9    ████████████████████████████████████████, Ex.

10   54 at -665; ████████████████████ Ex. 52 at -557; ████████████ Ex.

11   55 at -824; ████████████████, Ex. 56 at -008; and ████████████████

12   ████, Ex. 57 at -636. Several Amazon employees have testified ████████████████

13   ████████████████████████████████████████

14   ████████████████████████████████████; *see*

15   *also FTC v. Amazon.com, Inc.*, 2:23-cv-932 (JHC), Dkt. #404, at 5 (W.D. Wash. July 10, 2025)

16   (finding Amazon wrongfully withheld non-privileged document in which Mr. Ghani instructed

17   employees to be "diligent" about marking documents relating to nonconsensual enrollment in

18   Prime as "P&C").

19       In some cases, Amazon employees expressly stated an intent to ████████████████

20   ████████████████████████████████. *See, e.g.*, Ex. 61 at -279

21   ████████████████████████████████████████

22   ████████████████████████████████████████

23   ████████████████████████████████████"); Ex. 62

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 10
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  at -847 ████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████"); Ex. 63 at -031 ("████████████████████████████

4  ████████████████████████████"); *see also* Ex. 32 at -097. The breadth of this

5  practice has reached the point that some employees joke about *actual* requests for legal advice:

6  for example, ████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████ Ex. 64 at -564.

9  **II.    AMAZON'S SYSTEMIC PATTERN OF PRIVILEGE ABUSE**

10          This case is just one of *four* instances to date—three before this Court—in which

11  Amazon has abused privilege protections to shield non-privileged documents from discovery by

12  systematically adding indicia of privilege, such as "privileged and confidential" labels or by

13  addressing emails to in-house counsel. These repeated instances of widespread privilege over-

14  designation reflect a deliberate and strategic choice on the part of the company. *See FTC v.*

15  *Amazon.com, Inc.*, 2:23-cv-932-JHC, Dkt. #404, at 5-6, 8 (W.D. Wash., July 10, 2025)

16  (sanctioning Amazon for improperly withholding almost 70,000 documents, including

17  documents where employees were instructed to apply a version of the P&C Protocol); *De Coster*

18  *v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC ("*De Coster*"), Dkt. #302, at 11, 14-15 (W.D.

19  Wash. Jan. 31, 2025) (ordering Amazon to produce over 60% of documents submitted for *in*

20  *camera* privilege review, and finding that Amazon "improperly designated operational, business,

21  and strategic documents as attorney-client communications or attorney-work product"); *Garner*

22  *v. Amazon.com, Inc.*, Dkt. #291 (W.D. Wash., Sept. 23, 2024) (ordering Amazon to produce

23  "almost 80%" of documents submitted for *in camera* privilege review and finding that "Amazon

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 11
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    improperly attempted to cloak operational, business, and strategic documents . . . with the

2    attorney client privilege").

3    **III.    AMAZON IS WITHHOLDING P&C PROTOCOL DOCUMENTS**

4          Although Amazon has produced some P&C Protocol documents despite their improper

5    privilege markings, Amazon continues to withhold (or redact) many more. The clawed-back

6    versions of Exhibits 8A through 14A illustrate this. It is not clear from Amazon's privilege log

7    what other P&C Protocol materials Amazon is continuing to redact or withhold in their entirety.

8    Although Plaintiffs have attempted to identify privilege log entries that appear to be part of the

9    P&C Protocol, *see* Ex. 16, Plaintiffs' ability to do so based on Amazon's privilege log is limited.

10   Amazon's log entries, including for the documents that Amazon has clawed-back, do not

11   describe the basis for withholding those documents with sufficient specificity to determine

12   whether the privilege claim relates to the P&C Protocol. *See* Ex. 15, *infra* Argument III. But

13   Amazon's privilege log and the evidence detailed above suggests that Amazon continues to

14   withhold and redact P&C Protocol documents on a widespread basis.

15                              **LEGAL STANDARD**

16         In the Ninth Circuit, "[t]he party asserting the attorney-client privilege has the burden of

17   proving that the privilege applies to a given set of documents or communications." *In re Grand*

18   *Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). The attorney-client privilege must be

19   "narrowly and strictly construed." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989);

20   *see United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) ("privilege should be 'strictly

21   confined within the narrowest possible limits'"). Because attorney-client privilege "has the effect

22   of withholding relevant information from the fact-finder, it applies only where necessary to

23   achieve its purpose," which is to "encourage clients to make full disclosure to their attorneys."

24

1    *Fisher v. United States*, 425 U.S. 391, 403 (1976). Thus, it applies only where the underlying

2    client disclosures "might not have been made absent the privilege." *Id.*

3        The free flow of information between attorneys and clients is protected "because it

4    promotes compliance with law and aids administration of the judicial system." *In re Teleglobe*

5    *Commn's Corp.*, 493 F.3d 345, 360-61 (3d Cir. 2007) (emphasis omitted); *see also Upjohn Co. v.*

6    *United States*, 449 U.S. 383, 389 (1981) (explaining that privilege is meant to "encourage full

7    and frank communication between attorneys and their clients and thereby promote broader public

8    interests in the observance of law and administration of justice"). Privilege is not applied

9    "mechanically . . . anytime it might increase the flow of information"; it requires a "nuanced

10   inquiry into whether according a type of communication protection is likely to encourage

11   *compliance-enhancing* communication that makes our system for resolving disputes more

12   operable." *Teleglobe*, 493 F.3d at 361 (emphasis in original).

13       Unlike outside counsel, in-house attorneys "frequently serve as integral players in

14   business decisions or activities," and there is "no presumption" that their communications "are

15   protected by attorney-client privilege." *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp.

16   3d 855, 866 (N.D. Cal. 2019) (citation omitted). "Even when an in-house attorney leads a

17   discussion or takes an active role in a meeting, this does not necessarily make the entire

18   communication privileged." *De Coster*, 2025 WL 904465, at *5 (W.D. Wash. Mar. 25, 2025).

19   Thus, a party asserting privilege over communications with in-house counsel must make a "clear

20   showing" that "the 'speaker' made the communication for the purpose of obtaining or providing

21   legal advice" from in-house counsel in their capacity as a "legal advisor." *Oracle Am., Inc. v.*

22   *Google, Inc.*, 2011 WL 3794892, at *3, 4 (N.D. Cal. Aug. 26, 2011) (simplified).

23

24

1    A party challenging a privilege claim may seek "an order compelling disclosure or

2    discovery" under Federal Rule of Civil Procedure Rule 37(a). A party challenging a clawback

3    may also "move the Court for an order compelling disclosure," Dkt. #256 (ESI Order) ¶ 13, and

4    "present the [allegedly privileged] information to the court under seal for a determination of the

5    claim." Fed. R. Civ. P. 26(b)(5)(B).

6    The Court can conduct an *in camera* review "to determine whether disputed materials fit

7    within the privilege." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992); *see*

8    *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, Dkt. #242 at 4. The threshold for *in camera*

9    review is "not high." *L.D. v. United Behavioral Health*, 2022 WL 3139520, at *11 (N.D. Cal.

10   Aug. 5, 2022). The moving party need only show "a factual basis sufficient to support a good

11   faith belief that *in camera* inspection may reveal evidence that information in the materials is not

12   privileged." *In re Grand Jury*, 974 F.2d at 1074-75.

13   ## ARGUMENT

14   Amazon is engaged in systematic privilege abuse intended to manipulate evidence for

15   litigation, hide damaging evidence from enforcers and the Court, and pass off Amazon's

16   purported justifications for its policies as bona fide business judgments. To ensure the integrity

17   of this judicial proceeding, Plaintiffs and the Court must know the full extent of Amazon's

18   manipulation.

19   Plaintiffs respectfully request that the Court conduct an *in camera* review of the clawed-

20   back documents submitted with this motion to evaluate Amazon's privilege claims over those

21   documents and the broader universe of P&C Protocol documents. *See supra,* Background III.

22   Plaintiffs further request that the Court compel Amazon to produce *all* P&C Protocol documents

23   it has withheld on privilege grounds, including (1) instructions for writing business documents,

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

(2) documents reflecting the implementation of the P&C Protocol, including lawyers' revisions

of business documents, and (3) instructions to privilege cloak or destroy business documents. To

that end, the Court should order Amazon to conduct a comprehensive privilege re-review based

on the appropriate legal standard and, to confirm compliance with that order, should conduct an

*in camera* review of a sample of the documents Amazon maintains are privileged after its re-

review to ensure that Amazon is applying the correct privilege standard.

## I.    THE P&C PROTOCOL AND ITS IMPLEMENTATION ARE NOT PRIVILEGED

### A.    Neither a Communications Policy Nor Its Implementation Are Privileged Under Ninth Circuit Law

When communications "implicate both legal and business concerns," privilege only

applies if "the primary purpose of the communication is to give or receive legal advice," rather

than business advice. *In re Grand Jury*, 23 F.4th at 1091-92; *Epic Games, Inc. v. Apple Inc.*, 161

F.4th 1162, 1179 (9th Cir. 2025). Communications are not privileged merely because they

concern compliance with a corporate policy. *See Grand Jury*, 23 F.4th at 1094 (classifying

compliance with corporate policy as a "business reason[]"); *Stevens v. Corelogic, Inc.*, 2016 WL

397936, at *4 (S.D. Cal. Feb. 2, 2016) ("[A] corporate legal compliance policy . . . even if based

on the advice of legal counsel, is primarily a 'business' policy rather than a 'legal' policy."); *see

also Epic*, 161 F.4th at 1179-1180 (documents concerning compliance with court order were not

privileged). Although "conversations between counsel and the corporate client leading up to the

adoption of [a] policy" may be privileged, "the policy itself would not be protected." *Stevens*,

2016 WL 397936, at *4. Otherwise, a company could claim that "because its decision on how to

market or advertise a product . . . was based on legal advice," "the company's business policies

are themselves privileged." *In re Domestic Drywall Antitrust Litig.*, 2014 WL 5090032, at *4

(E.D. Penn. Oct. 9, 2014) (rejecting such an argument). "The privilege does not permit an

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 15
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  attorney to conduct his client's business affairs in secret," *In re Grand Jury Subpoenas*, 803 F.2d

2  493, 496 (9th Cir. 1986), and does not allow a client to shroud its business in secrecy by using

3  lawyers to establish and implement business communications policies.

4          Documents concerning the P&C Protocol are not privileged, because the "primary

5  purpose" of those documents is not the provision or receipt of legal advice. The P&C Protocol is

6  a "communication policy." *See, e.g.*, Ex. 16 at FTCRTL0000159, FTCRTL0000204,

7  FTCRTL0000230. ████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████

9  ██████████████████████ Further, because the P&C Protocol is a communications

10 policy, not legal advice, both lawyers and non-lawyers enforce the same protocol to manipulate

11 evidence for antitrust proceedings. *See* Ex. 65 at -817 (████████████████████████

12 ██████████████████); Ex. 55 at -824 ████████████████████████████

13 ██; Ex. 66 at -275 ██████████████████████████████████████████

14 ██████████████████

15         Even if the P&C Protocol arose out of legal concerns, the protocol, communications

16 about the protocol, and edits made under the protocol, are not privileged. Many corporate

17 policies are motivated by legal concerns, but that does not make them privileged and does not

18 extend privilege to documents subject to those policies. *See, e.g.*, *Domestic Drywall*, 2014 WL

19 5090032 at *4 (antitrust compliance policy whose "purpose is to help insure [sic] that its

20 employees do not violate the antitrust laws" was not privileged). If privilege applied so broadly,

21 any company could adopt a communications policy based on potential or pending litigation

22 concerns and use it to strategically shield documents from discovery. *See, e.g.*, *Grand Jury*, 23

23 F.4th at 1093 (rejecting expansion of attorney client privilege to documents created "'because of'

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 16
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  litigation concerns" as "it would create perverse incentives for companies to add layers of

2  lawyers to every business decision in hopes of insulating themselves from scrutiny in any future

3  litigation.").

4      In his deposition, Amazon in-house counsel ██████ disputed that Amazon altered

5  documents to minimize evidence that could be used against Amazon in litigation, but his

6  explanations confirm that the P&C Protocol is not legal advice. ██████ testified that ██████

7  ████████████████████████████████████████

8  ████████████████████████████████. Ex. 67 at 114:13-

9  115:1, 185:10-20, 250:2-252:12. These are all business purposes, and ████████████

10 ████████████████████████████████████████

11 ████████████████████████ *Id.* at 264:25-265:13.

12 When "edits [to a document] do not reflect any legal analysis or advice" and "[t]here is also no

13 request for legal advice in the document," then the document "is not privileged." *De Coster*,

14 2025 WL 904465 at *6 (W.D. Wash. Mar. 25, 2025). Thus, in-house attorneys' edits to business

15 documents and guidance about how to write business documents are not privileged: they reflect

16 communications advice, not legal advice, in their capacity as business advisors. This is

17 particularly true where such guidance is broadly distributed within the company. *See, e.g.*,

18 *Stevens*, 2016 WL 397936, at *5 (rejecting argument that compliance policy distributed widely

19 within company was confidential for purposes of attorney client privilege); *see* Ex. 11

20 (████████████████████████████); Ex. 11A; Ex. 13 at -882

21 (████████████████████████████); Ex. 13A.

22     Tellingly, allowing Amazon to claim privilege over the P&C Protocol and related

23 documents is not necessary to "effectuate" privilege's "limited purpose" to encourage "complete

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 17
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    disclosure by the client." *Gray*, 876 F.2d at 1415 (citations omitted). Companies like Amazon—

2    that generate hundreds of billions of dollars in revenue and employ hundreds of thousands of

3    people—are not going to stop writing business documents, communicating internally about their

4    business, or enforcing corporate policies because those documents are discoverable in litigation.

5    That is because the primary purpose of such communications is to *operate the business*, not to

6    seek or provide legal advice. Those communications are not privileged. *See Grand Jury*, 23 F.4th

7    at 1092.

8        Permitting Amazon to cloak its manipulation of evidence through privilege also will not

9    promote "the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389.

10   Amazon's P&C Protocol does not shape Amazon's business conduct to comply with the law.

11   Rather, it is a means of obscuring Amazon's business conduct to prevent fair adjudication by the

12   courts. It "refers not to prior wrongdoing, but to future wrongdoing" and its concealment, which

13   undermines "the proper functioning of [the] adversary system of justice." *United States v. Zolin*,

14   491 U.S. 554, 562-63 (1989) (citation and emphasis omitted). Extending privilege protections to

15   the P&C Protocol would not be "compliance-enhancing"—it would undermine the judicial

16   system. *Teleglobe*, 493 F.3d at 360-61 (emphasis omitted).

17       Courts are facing widespread privilege abuse by companies attempting to hide their

18   unlawful conduct, particularly in major antitrust enforcement cases. *See, e.g.*, *United States v.*

19   *Google LLC*, 747 F. Supp. 3d 1, 186-87 (D.D.C. 2024) (describing Google's "Communicate with

20   Care" program designed to "avoid creating a paper trail for regulators and litigants"); *Epic*

21   *Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 996-97 (N.D. Cal. 2025) (finding that privilege

22   claims were used "to conceal Apple's real decisionmaking process"), *aff'd in relevant part,* 161

23   F.4th 1162 (9th Cir. 2025); *see also In re Facebook, Inc.*, 655 F. Supp. 3d 899, 933 (N.D. Cal.

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 | 2023) (practice of teaching employees "to improperly 'privilege' documents based on their

2 | perceived sensitivity" supported finding of bad faith);[3] *see also supra* Background I.C

3 | (explaining Amazon's systemic practice of abusing privilege designations). Attorney-client

4 | privilege does not "require [courts] to acquiesce" to such "manipulation." *See In re Sealed Case*,

5 | 676 F.2d 793, 822 (D.C. Cir. 1982). Accordingly, the Court should reject Amazon's privilege

6 | claims over its efforts to manipulate the evidentiary record.

7 | **B.    Work-Product Protection Does Not Apply**

8 | In the handful of instances where Amazon asserts work product protection,[4] the doctrine

9 | does not apply because the documents at issue concern business decisions and were not prepared

10 | because of anticipated litigation. *Grand Jury*, 23 F.4th at 1091.

11 | "It is well established that documents prepared in the ordinary course of business are not

12 | protected by the work-product doctrine because they would have been created regardless of the

13 | litigation." *Slack v. Swift Transp. Co. of Ariz., LLC*, 2016 WL 11815753, at *2 (W.D. Wash.

14 | Nov. 3, 2016); *see also U.S. v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (work-product applies

15 | only to documents that "would not have been created in substantially similar form but for the

16 | prospect of litigation."). Here, Amazon implemented and enforced the P&C Protocol to create

17 | broadly applicable communications policies and to alter business documents that *would* have

18 | been created independent of litigation. *See, e.g.*, Ex. 8A at -001 to -002; Ex. 9A at -938 to -940;

19 | Ex. 12A at -914 to -915. Moreover, work-product provides only "qualified" protection that is

20

---

21 | [3] *See also* U.S. Dep't of Justice, Assistant Attorney General Gail Slater Delivers Remarks to the Ohio State University Law School (Aug. 29, 2025), *available at* https://www.justice.gov/opa/speech/assistant-attorney-general-gail-slater-delivers-remarks-ohio-state-university-law-school (describing recent privilege abuse: "The vast majority of the problematic conduct the Antitrust Division sees takes place below the surface.").

22 | [4] Ex. 15 (excerpted log entries for Exs 8, 9, 12); Ex. 16 (FTCRTL003961, FTCRTL0006065, FTCRTL0021995, FTCRTL0022465, FTCRTL0022890, FTCRTL0039746, FTCRTL0039747). Where Amazon did not assert work-product protection for a P&C Protocol document in its privilege log, any such claim is waived. *See De Coster*, 2025 WL 904465, at *7 (W.D. Wash. Mar. 25, 2025) (finding that Amazon waived work-product protection by failing to include the assertion in its privilege log).

23

24

---

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 19
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    defeated here by Plaintiffs' "substantial need" for the materials that—by design—are not

2    available through other means. Fed. R. Civ. P. 26(b)(3)(A)(ii).

3    **II.    THE CRIME-FRAUD (AND MISCONDUCT) EXCEPTION TO PRIVILEGE APPLIES TO THE P&C PROTOCOL**

4    

5        If the Court finds that any part of the P&C Protocol is protected, the crime-fraud

6    exception to privilege is an independent reason the Court should compel the production of those

7    documents. Should the Court reach this issue, it should conduct an *in camera* review of clawed-

8    back Exhibits 8A through 14A and the documents identified in Exhibit 16 to determine the scope

9    of the exception.

10       Under the crime-fraud doctrine, communications between a lawyer and their client "made

11   in furtherance of a crime, fraud, or other misconduct[,] which includes future or ongoing

12   wrongdoings," are not privileged. *Altaa Invs., LLC v. Prod. Cap., LLC*, 2022 WL 21309976, at

13   *1 (C.D. Cal. July 15, 2022) (citing *United States v. Zolin*, 491 U.S. 554, 562 (1989)); *see United

14   States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002). "A party seeking to vitiate the attorney-

15   client privilege under the crime-fraud exception must satisfy a two-part test." *In re Napster, Inc.

16   Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk

17   Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). "First, the party must show that 'the client was

18   engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to

19   further the scheme.'" *Id.* (citation omitted). Second, it must show that the attorney-client

20   communications are "sufficiently related to" and made "in furtherance of" that scheme. *Id.* A

21   party need not prove misconduct "beyond a reasonable doubt," or show a "*completed* crime or

22   fraud"; it need only provide "reasonable cause to believe" that "the client . . . consulted the

23   attorney in an *effort* to complete one." *See In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th

24   Cir. 1996) (citations omitted).

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 20
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Courts have found that litigation misconduct similar to that at issue here is sufficient to

2   invoke the crime-fraud exception. "The title of crime-fraud exception 'is a bit of a misnomer'

3   given that 'many courts have applied the exception to situations falling well outside of the

4   definitions of crime or fraud,' so long as the other 'types of misconduct are fundamentally

5   inconsistent with the basic premises of the adversary system.'" *Sonrai Sys., LLC v. Romano*,

6   2020 WL 7027567, at *8 (N.D. Ill. Nov. 30, 2020) (quoting *Rambus, Inc. v. Infineon Techs. AG*,

7   220 F.R.D. 264, 281 (E.D. Va. 2004)) (cleaned up). For example, courts have applied the

8   exception to spoliation. *See In re Sealed Case*, 754 F.2d 395, 400–02 (D.C. Cir. 1985) (applying

9   exception to "pervasive and systematic scheme to destroy or alter subpoenaed evidence");

10  *Sonrai*, 2020 WL 7027567, at *8–9 (deletion of data). Courts have also applied the exception to

11  other bad faith litigation conduct. *See Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 382–83

12  (D.N.J. 2006) (ordering *in camera* review based on evidence of misleading statements to law

13  enforcement, obstruction, non-preservation of documents, and failure to conduct adequate search

14  for documents). Similarly, "a lawyer's unprofessional conduct may vitiate the work product

15  privilege," because "[t]he integrity of the adversary process is not furthered by protecting a

16  lawyer who steps outside his role as 'an officer of the court . . . .'" *Moody v. I.R.S.*, 654 F.2d 795,

17  800 (D.C. Cir. 1981).

18      Amazon's use of privilege markings to cloak business documents from discovery, its

19  instructions to delete raw notes, and the systematic alteration and sanitization of relevant

20  documents, with ███████████████████████████

21  ███, is litigation misconduct that falls outside the protection of the attorney-client privilege. As

22  explained above, Amazon has instructed its employees to systematically apply privilege

23  markings to relevant business documents, even when employees are not seeking or providing

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 21
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    legal advice, with the intent to conceal them from enforcers and the Court. *See supra*

2    Background I.C. For example, an Amazon attorney requested ███████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ██████████████████████████████████ Ex. 61 at -279. Deliberately applying

6    privilege markings to discussions of sensitive topics, rather than requests for legal advice, is

7    evidence of bad faith. *See In re Facebook, Inc.*, 655 F. Supp. 3d at 933. Such an approach is an

8    attempt to abuse the attorney client privilege, even when some of the improperly marked

9    documents are ultimately produced. *Napster*, 479 F.3d at 1090 ("The client's abuse of the

10   attorney-client relationship, not his or her successful criminal or fraudulent act, vitiates the

11   privilege."); *cf. supra* Background II (summarizing Amazon's adjudicated misuse of privilege to

12   improperly withhold tens of thousands of documents in multiple cases).

13        As also explained above, ████████████████████████████████

14   ████████████████████████████████████████████████

15   ███████████████████████████████████████████ By deleting some

16   documents and hiding changes to others behind privilege claims, Amazon attempts to deprive the

17   Court of the ability to see and consider the full, unsanitized record.

18        The involvement of attorneys in Amazon's P&C Protocol is clear. As just described,

19   Amazon attorneys instructed employees to use baseless privilege markings. *See* Ex. 61 at -279.

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████

24



PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 22
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1 █████████████████████████████████████████████████

2 ████████████████████████████████████████████

3       Amazon's P&C Protocol is, at the very least, "misconduct . . . fundamentally inconsistent

4 with the basic premises of the adversary system." *Sonrai Sys.*, 2020 WL 7027567 at *8 (citation

5 omitted). The intentional effect of the P&C Protocol, put simply, is to sanitize or conceal

6 evidence relevant to Plaintiffs' claims, directly undermining the adversarial system and

7 implicating the crime-fraud exception to privilege.[5] An *in camera* review, which is warranted on

8 these facts, would likely reveal direct evidence of an intent to mislead regulators and the Court in

9 eventual litigation. *See* Ex. 44 at -677, Ex. 18 at -162; *see also* Ex. 9A at -938; Ex. 10A at -661.

10 **III.    AMAZON'S PRIVILEGE ABUSE WARRANTS EFFECTIVE RELIEF**

11       As detailed above, Amazon's P&C Protocol was designed to manipulate and cloak in

12 privilege a broad range of communications to prevent discovery by enforcers or in litigation. *See*

13 *supra* Background I. This is part of an extensive pattern of privilege abuse by the company. *See*

14 *supra* Background II. These facts support a broad finding that Amazon's privilege claims over

15 P&C Protocol documents are unsupported, and that Amazon must produce these documents to

16 Plaintiffs.

17       The Court should order Amazon to produce the unredacted, clawed-back versions of

18 Exhibits 8A, 9A, 10A, 11A, 12A, 13A, and 14A, and the documents identified in Exhibit 16. The

19 Court should also order Amazon to produce *all* P&C Protocol documents after conducting a

20

---

21 [5] If the Court decides that any subset of P&C Protocol documents contains protected legal advice and is not subject
22 to the crime-fraud exception, Plaintiffs may bring further challenges to ensure the fairness of the proceedings. Under
the "fairness principle," a party may not use privilege "as both a shield and a sword" by "asserting claims the
opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331
23 F.3d 715, 719 (9th Cir. 2003). The court "gives the holder of the privilege a choice: If you want to litigate this claim,
then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend
against it." *Id.* at 720. Thus, if Amazon maintains its privilege claims, the Court should preclude it from introducing
24 evidence and making arguments that are implicated by P&C Protocol documents.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF          **FEDERAL TRADE COMMISSION**
DOCUMENTS CONCERNING AMAZON'S                        600 Pennsylvania Avenue, NW
MANIPULATION OF EVIDENCE - 23                        Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                           (202) 326-2222

1  comprehensive privilege re-review pursuant to the appropriate legal standard—not the standard

2  that Amazon has apparently applied in prior reviews and re-reviews. The Court should then

3  ensure Amazon is applying the correct privilege standard by conducting an *in camera* review of

4  50 assertedly privileged documents chosen by Plaintiffs.[6]

5          A privilege re-review—under threat of sanctions if Amazon continues to improperly

6  withhold non-privileged documents—is appropriate in these circumstances. *Cf. Epic*, 781 F.

7  Supp. 3d at 996-97 (sanctioning party whose strategic privilege claims were "unwarranted,

8  wasted party resources, and delayed the Court's ability to effectuate relief"). A re-review is also

9  the only way to ensure that Amazon does not continue to withhold P&C Protocol documents,

10  because Amazon's privilege log does not provide information that would let Plaintiffs or the

11  Court identify which documents were implicated by Amazon's P&C Protocol. *See Wright v.*

12  *Allstate Fire & Cas. Ins. Co.*, 2022 WL 1213444, at *6 (W.D. Wash. Apr. 25, 2022) ("[F]ailure

13  to provide sufficient detail for a court to evaluate claims of attorney-client privilege . . . waives

14  any claimed protection."). For example, Amazon's privilege log entry for Exhibit 9 claims the

15  document ███████████████████████████████ of the business

16  document's subject matter. Ex. 15 at FTCRTL0045250. That privilege log entry is at best

17  misleading. If Amazon had not produced the underlying document (before clawing it back), there

18  is no way Plaintiffs could have identified it as affected by Amazon's P&C Protocol. The

19  privilege log entries for other clawed-back documents cited in this motion are similarly

20  misleading, *see* Ex. 15 at FTCRTL0022526, AMZ_LOG_000204132, or so vague as to be

21  meaningless, *see* Ex. 15 at 0043501.

22

23

---

24  [6] Plaintiffs reserve their rights to seek further relief, including sanctions, based on the results of that review.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 24
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Finally, an *in camera* review of Amazon's post-re-review privilege claims is necessary to

2  provide effective relief. Amazon has represented that it engaged in extensive privilege review

3  and re-review processes for this and related cases, consistent with the standard articulated by this

4  Court. *See, e.g.*, *De Coster*, Dkt. #203 at 1-2; *De Coster*, Dkt. #255 at ¶ 11 & Ex. 1 at ¶¶ 14-16,

5  29-33; Dkt. #405. Moreover, in the Private Plaintiff cases, the Court has already ordered Amazon

6  to produce all documents "for which it cannot make a clear showing that a primary purpose of

7  the communication was to request or provide legal advice." *De Coster*, Dkt. #277 at 1. But the

8  clawed-back documents cited in this motion—*all* of which were clawed back after the Court's

9  order in *De Coster*—show that Amazon is misapplying that standard. If Plaintiffs and the Court

10  cannot rely on Amazon to faithfully apply the law to its privilege calls and produce an accurate

11  privilege log, a review and enforcement mechanism is needed to ensure Amazon's compliance

12  with the law and ensure that the Court can decide this case informed by the full documentary

13  record.

14                                      **CONCLUSION**

15    For the foregoing reasons, Plaintiffs' motion to compel should be granted.

16

17

18

19

20

21

22

23

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 25
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: January 30, 2026

Respectfully submitted,

*s/ Olga Musayev*

EDWARD H. TAKASHIMA (DC Bar # 1001641)
OLGA MUSAYEV (CA Bar # 354373)
LANCE B. MCCASKEY (DC Bar # 90002072)
SHIRA A. STEINBERG (NY Reg. # 5695580)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
        omusayev@ftc.gov
        lmccaskey@ftc.gov
        ssteinberg1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 7,861 words, in compliance with the Court's order in Dkt. #592.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE - 26
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  *s/ Michael Jo*
   Michael Jo (admitted *pro hac vice*)
2  Assistant Attorney General, Antitrust Bureau
   Office of the New York State Attorney
3  General
   28 Liberty Street
4  New York, NY 10005
   Telephone: (212) 416-6537
5  Email: Michael.Jo@ag.ny.gov
   *Counsel for Plaintiff State of New York*

6

7  *s/ Victoria Field*
   Victoria Field (admitted *pro hac vice*)
   Assistant Attorney General
8  Office of the Attorney General of Connecticut
   165 Capitol Avenue
9  Hartford, CT 06016
   Telephone: (860) 808-5030
10 Email: Victoria.Field@ct.gov
   *Counsel for Plaintiff State of Connecticut*

11

12 *s/ Alexandra C. Sosnowski*
   Alexandra C. Sosnowski (admitted *pro hac
   vice*)
13 Senior Assistant Attorney General
   Consumer Protection and Antitrust Bureau
14 New Hampshire Department of Justice
   Office of the Attorney General
15 One Granite Place South
   Concord, NH 03301
16 Telephone: (603) 271-2678
   Email: Alexandra.c.sosnowski@doj.nh.gov
17 *Counsel for Plaintiff State of New Hampshire*

18 *s/ Christopher J. Campbell*
   Christopher J. Campbell (admitted *pro hac
19 vice*)
   Assistant Attorney General
20 Office of the Oklahoma Attorney General
   313 N.E. 21st Street
21 Oklahoma City, OK 73105
   Telephone: (405) 522-0858
22 Email: Chris.Campbell@oag.ok.gov
   *Counsel for Plaintiff State of Oklahoma*

23

24

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE -27
CASE NO. 2:23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  s/ Schonette Walker
   Schonette Walker (admitted *pro hac vice*)
2  Assistant Attorney General
   Chief, Antitrust Division
3  Office of the Maryland Attorney General
   200 St. Paul Place
4  Baltimore, MD 21202
   Telephone: (410) 576-6473
5  Email: swalker@oag.state.md.us
   *Counsel for Plaintiff State of Maryland*
6
   s/ Katherine W. Krems
7  Katherine W. Krems (admitted *pro hac vice*)
   Assistant Attorney General, Antitrust Division
8  Office of the Massachusetts Attorney General
   One Ashburton Place, 18th Floor
9  Boston, MA 02108
   Telephone: (617) 963-2189
10 Email: katherine.krems@mass.gov
   *Counsel for Plaintiff Commonwealth of*
11 *Massachusetts*

12 s/ Scott A. Mertens
   Scott A. Mertens (admitted *pro hac vice*)
13 Assistant Attorney General
   Michigan Department of Attorney General
14 525 West Ottawa Street
   Lansing, MI 48933
15 Telephone: (517) 335-7622
   Email: MertensS@michigan.gov
16 *Counsel for Plaintiff State of Michigan*

17 s/ Zach Biesanz
   Zach Biesanz (admitted *pro hac vice*)
18 Senior Enforcement Counsel
   Office of the Minnesota Attorney General
19 445 Minnesota Street, Suite 1400
   Saint Paul, MN 55101
20 Telephone: (651) 757-1257
   Email: zach.biesanz@ag.state.mn.us
21 *Counsel for Plaintiff State of Minnesota*

   s/ Lucas J. Tucker
   Lucas J. Tucker (admitted *pro hac vice*)
   Senior Deputy Attorney General
   Office of the Nevada Attorney General
   100 N. Carson St.
   Carson City, NV 89701
   Telephone: (775) 684-1100
   Email: LTucker@ag.nv.gov
   *Counsel for Plaintiff State of Nevada*

   s/ Andrew Esoldi
   Andrew Esoldi (admitted *pro hac vice*)
   Deputy Attorney General
   New Jersey Office of the Attorney General
   124 Halsey Street, 5th Floor
   Newark, NJ 07101
   Telephone: (973) 648-7819
   Email: andrew.esoldi@law.njoag.gov
   *Counsel for Plaintiff State of New Jersey*

   s/ Anthony R. Juzaitis
   Anthony R. Juzaitis (admitted *pro hac vice*)
   Deputy Attorney General, Civil Affairs
   New Mexico Office of the Attorney General
   408 Galisteo St.
   Santa Fe, NM 87501
   Telephone: (505) 651-7565
   Email: AJuzaitis@nmag.gov
   *Counsel for Plaintiff State of New Mexico*

   s/ Zulma Carrasquillo Almena
   Zulma Carrasquillo Almena (admitted *pro hac vice*)
   Senior Attorney & Special Prosecutor
   Puerto Rico Department of Justice
   P.O. Box 9020192
   San Juan, Puerto Rico 00902-0192
   Telephone: (787) 721-2900, Ext. 1211
   Email: zcarrasquillo@justicia.pr.gov
   *Counsel for Plaintiff Commonwealth of Puerto Rico*

22

23

24

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE -28
CASE NO. 2:23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    <u>s/ Stephen N. Provazza</u>
     Stephen N. Provazza (admitted *pro hac vice*)
2    Special Assistant Attorney General
     Chief, Consumer and Economic Justice Unit
3    Department of the Attorney General
     150 South Main Street
4    Providence, RI 02903
     Telephone: (401) 274-4400
5    Email: sprovazza@riag.ri.gov
     *Counsel for Plaintiff State of Rhode Island*
6
     <u>s/ Sarah L.J. Aceves</u>
7    Sarah L.J. Aceves (admitted *pro hac vice*)
     Assistant Attorney General
8    Public Protection Division
     Vermont Attorney General's Office
9    109 State Street
     Montpelier, VT 05609
10   Telephone: (802) 828-3170
     Email: Sarah.Aceves@vermont.gov
11   *Counsel for Plaintiff State of Vermont*

12   <u>s/ Caitlin M. Madden</u>
     Caitlin M. Madden (admitted *pro hac vice*)
13   Assistant Attorney General
     Wisconsin Department of Justice
14   Post Office Box 7857
     Madison, WI 53707-7857
15   Telephone: (608) 267-1311
     Email: caitlin.madden@wisdoj.gov
16   *Counsel for Plaintiff State of Wisconsin*

17

18

19

20

21

22

23

24

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2026, I electronically filed a true and correct copy of

the foregoing document using the United States District Court for the Western District of

Washington's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel

via secure FTP service:

Patricia A. Eakes
Molly A. Terwilliger
MORGAN LEWIS & BOCKIUS LLP
1301 Second Ave, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

Heidi K. Hubbard
John E. Schmidtlein
Kevin M. Hodges
Jonathan B. Pitt
Carl R. Metz
Carol J. Pruski
Katherine Trefz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Email: hhubbard@wc.com
        khodges@wc.com
        jpitt@wc.com
        cmetz@wc.com
        cpruski@wc.com
        ktrefz@wc.com

Thomas O. Barnett
Katherine Mitchell-Tombras
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: 202-662-5407
Email: tbarnett@cov.com
        kmitchelltombras@cov.com

Kosta S. Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email:
kstojilkovic@wilkinsonstekloff.com

*Counsel for Defendant Amazon.com, Inc.*

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE -29
CASE NO. 2:23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Michael Jo
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

Victoria Field
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Victoria.Field@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

Scott A. Mertens
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE -30
CASE NO. 2:23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Michael A. Undorf                        Zach Biesanz
     Delaware Department of Justice            Office of the Minnesota Attorney
2    820 N. French St., 5th Floor             General
     Wilmington, DE 19801                      445 Minnesota Street, Suite 1400
3    Telephone: (302) 683-8816                Saint Paul, MN 55101
     Email: michael.undorf@delaware.gov       Telephone: (651) 757-1257
4                                              Email: zach.biesanz@ag.state.mn.us
     *Counsel for Plaintiff State of Delaware*
5                                              *Counsel for Plaintiff State of Minnesota*

6    Christina M. Moylan
     Office of the Maine Attorney General     Zulma Carrasquillo-Almena
7    6 State House Station                    Puerto Rico Department of Justice
     Augusta, ME 04333-0006                   P.O. Box 9020192
8    Telephone: (207) 626-8800                San Juan, Puerto Rico 00902-0192
     Email: christina.moylan@maine.gov        Telephone: (787) 721-2900
9                                              Email: zcarrasquillo@justicia.pr.gov
     *Counsel for Plaintiff State of Maine*
10   Lucas J. Tucker                          *Counsel for Plaintiff Commonwealth of*
     Office of the Nevada Attorney General    *Puerto Rico*
11   100 N. Carson St.
     Carson City, NV 89701                    Stephen N. Provazza
12   Telephone: (775) 684-1100                Department of the Attorney General
     Email: LTucker@ag.nv.gov                 150 South Main Street
13                                             Providence, RI 02903
     *Counsel for Plaintiff State of Nevada*  Telephone: (401) 274-4400
14                                             Email: sprovazza@riag.ri.gov
     Andrew Esoldi
15   New Jersey Office of the Attorney General *Counsel for Plaintiff State of Rhode*
     124 Halsey Street, 5th Floor             *Island*
16   Newark, NJ 07101
     Telephone: (973) 648-7819                Sarah L. J. Aceves
17   Email: andrew.esoldi@law.njoag.gov       Vermont Attorney General's Office
                                              109 State Street
18   *Counsel for Plaintiff State of New Jersey* Montpelier, VT 05609
                                              Telephone: (802) 828-3170
19   Anthony R. Juzaitis                      Email: sarah.aceves@vermont.gov
     New Mexico Office of the Attorney General
20   408 Galisteo St.                         *Counsel for Plaintiff State of Vermont*
     Santa Fe, NM 87501
21   Telephone: (505) 651-7565
     Email: AJuzaitis@nmag.gov
22
     *Counsel for Plaintiff State of New Mexico*

23

24

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*

*s/ Olga Musayev*
OLGA MUSAYEV

*Attorney for Plaintiff Federal Trade Commission*

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS CONCERNING AMAZON'S
MANIPULATION OF EVIDENCE -32
CASE NO. 2:23-CV-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222