# Exhibit A

| | |
|---|---|
| **From:** | DeWilde, Kristen |
| **To:** | Steinberg, Shira; Trefz, Katherine; Michael Jo,; Victoria Field,; Alexandra C. Sosnowski,; Robert J. Carlson,; Jennifer A. Thomson,; Michael A. Undorf,; ChristinaMoylan-contact; SchonetteWalker-contact; Katherine W. Krems,; Scott A. Mertens,; Zach Biesanz,; LucusTucker-contact; Andrew Esoldi,; JeffHerrera-contact; Timothy D. Smith,; Zulma Carrasquillo Almena,; StephenProvazza-contact; Sarah L. J. Aceves,; Caitlin M. Madden, |
| **Cc:** | Pruski, Carol; Mariano, Halie; Hodges, Kevin; Patty A. Eakes,; Molly A. Terwilliger,; Austin Popham,; Andrew DeCarlow,; Hubbard, Heidi; Schmidtlein, John; Pitt, Jonathan; Metz, Carl; Lemens, Andrew; Reddington, Edward; Broecker, Kimberly; Schmidt, Bill; Ford Phelps,; Thomas O. Barnett,; Katharine Mitchell-Tombras,; Derek Ludwin,; Cortlin H. Lannin,; Kristen Knapp; Wintheiser, Cole; Takashima, Edward |
| **Subject:** | RE: FTC et al. v. Amazon - No. 23-cv-1495 |
| **Date:** | Thursday, January 22, 2026 1:02:53 PM |
| **Attachments:** | AMZN Edits 2026.01.21 Draft Stipulated Motion Regarding Extension of Word Limit(12138297.1).docx |

Shira,

Attached please see Amazon's edits which are intended to keep the stipulation neutral to both sides. If Plaintiffs cannot accept these edits, please file an unopposed motion instead. We will look for the stipulated sealing procedure motion.

At your convenience, please also let us know the list of documents you intend to attach to your motions so that we may consider our sealing positions in advance of a sealing meet and confer.

Additionally, please note that as we discussed on Tuesday's call, Amazon intends to ask the Court to refer these issues to the Special Master who has been appointed in the coordinated private cases. We understand Plaintiffs oppose any such request. Please let us know if we are mistaken.

Best,
Kristen

**Kristen DeWilde**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5305 | kdewilde@wc.com | www.wc.com

---

**From:** Steinberg, Shira <ssteinberg1@ftc.gov>
**Sent:** Wednesday, January 21, 2026 5:57 PM
**To:** DeWilde, Kristen <kdewilde@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>

**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Kristen,

Thank you for your email and for the engagement on our meet and confer yesterday. Your email, however, again mischaracterizes Plaintiffs' position in important respects.

My January 12 and January 19 emails to you highlighted a discrete set of documents which Amazon has clawed back under claims of privilege that Plaintiffs believe are unsupported and improper. (See below.*) Plaintiffs have asked Amazon to immediately produce these documents; we understand that Amazon has declined to do so. As articulated during our meet and confer, Amazon's continued maintenance of privilege claims on these clawed back documents is a clear sign of the parties' differences on the appropriate standard to apply to Amazon's privilege claims. As previously explained, Plaintiffs' position is that editing business documents in accordance with a document drafting policy is not protected legal advice under applicable precedent and that the involvement of lawyers in editing, or inclusion on a communication, does not change this. Contrary to your suggestion, Plaintiffs' position is neither unclear nor unsupported. ***See, e.g.,*** *Epic Games, Inc., v. Apple, Inc.*, 161 F.4th 1162, 1179 (9th Cir. 2025). Your email also states that Plaintiffs "could not articulate specific log entries" but that misstates our conversation. Plaintiffs have provided examples from Amazon's privilege log in which an entry related to a communications policy. However, the log entries for clawed back documents illustrate why a broader re-review is required. In those clawed back documents, lawyers implement a communications policy, but nothing in the corresponding log entry reveals this fact. For example, for AMZN-RTL-FTC-10835938, the log entry simply states that lawyer edits to a business document were "legal advice...regarding the legal implications" of the business document's subject matter. Plaintiffs disagree that this document contains legal advice, and nothing in the log indicates that the "legal advice" was provided in the form of revisions to a business document. Given that Amazon's log does not provide any sufficient information to distinguish between lawyer edits to business documents and lawyers providing legal advice, any burden associated with identifying documents in the former category is a function of the breadth of Amazon's own improper privilege claims and the insufficiency of its log.

Given the parties' established differences on how to apply legal standards to the documents at issue here, Plaintiffs do not agree that it is either too early (as some of your statements suggest) or too late (as others suggest) to present this dispute to the court. And without the dispute being resolved, further re-review of Amazon's privilege claims will not be productive, as evidenced by Amazon's unsupported clawbacks of relevant documents even after prior re-reviews. To be clear, Plaintiffs intend to ask the Court to order Amazon to produce all documents as to which Amazon has made unsupported privilege claims in this litigation. That includes documents appearing on the FTC Retail Log, FTC Rereview Log and FTC Refresh. Plaintiffs anticipate that doing so would require Amazon to perform a re-review of its claims in those logs.

As to the parties' dispute over spoliation, Plaintiffs believe the existing record supports an adverse inference under applicable standards. ***See*** Fed. R. Civ. P. 37(e). Should the court disagree, further discovery about the extent of spoliation may be appropriate, as we discussed during the meet and confer.

Thank you for providing Amazon's position on word limits and sealing procedures. We have prepared a stipulation regarding Plaintiffs' request to file over-length briefs and attached it for your review. To ensure we have time to file our request for overlength briefing tomorrow, please respond confirming Amazon's position on the stipulation motion prepared by Plaintiffs by no later than 3:00 PM on January 22. We will provide a stipulation regarding sealing shortly as well.
--------------

* (1) AMZN RTL FTC 11947661; (2) AMZN-RTL-FTC-10835938; (3) AMZN-RTL-FTC-08629847; (4) AMZN-RTL-FTC-10818914; (5) Amazon-FTC-CID_05827170; (6) Dkt. 523, Exs. 10, 11 (CAAGLit-AMZ_10659900).

Best,

**Shira A. Steinberg**
Anticompetitive Practices Division II
Federal Trade Commission
(202) 569-7761 |
ssteinberg1@ftc.gov

---

**From:** DeWilde, Kristen <kdewilde@wc.com>
**Sent:** Tuesday, January 20, 2026 4:29 PM
**To:** Steinberg, Shira <ssteinberg1@ftc.gov>; Trefz, Katherine <KTrefz@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact

<LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Shira,

We are writing to follow up with our understanding of our respective positions following the meet and confer.

As for privilege, Amazon understands that Plaintiffs intend to ask the Court to provide guidance on the legal standard to apply when reviewing documents for privilege and to ask for Amazon to re-review all documents appearing on the "FTC Retail Log" tab of the 1/12/2026 privilege log under that standard. As Amazon articulated on the call, it has already engaged in an extensive review in this case following legal standards articulated by Judge Chun; and as Amazon has done in other Related Cases, Amazon is willing to work with Plaintiffs on any questions Plaintiffs have for specific log entries. Plaintiffs, however, could not articulate specific log entries (other than Appendix A, which Amazon has already agreed to re-review), any criteria by which to identify documents, or any basis for why they believe Amazon has not followed an appropriate privilege standard during its review. Plaintiffs also failed to justify their extensive delay in raising these issues. Finally, Plaintiffs further could not articulate what privilege standard Plaintiffs think Amazon should apply instead. Plaintiffs contended that they were not required to identify specific log entries or describe how a re-review should be conducted, and thus Amazon understands Plaintiffs will move the Court for this relief despite their inability to articulate the specific basis of the relief they seek or the rule in which they seek Judge Chun to order Amazon to follow that has not already been followed.

As for preservation, Amazon understands that Plaintiffs plan to file a motion for sanctions requesting adverse inferences, and that Plaintiffs are not planning to complete the pending discovery on these issues before filing. Amazon also understands that Plaintiffs, in the alternative, plan to request additional discovery into spoliation, but Plaintiffs are not willing to discuss additional discovery options or the alternative motion with Amazon due to timing.

Amazon also understands that Plaintiffs intend to brief this on an ordinary motion schedule rather than as an expedited motion under LCR 37, and that Plaintiffs will file their request for over-length briefs at least three days prior to filing the motion itself. Amazon consents to Plaintiffs' request for extra words for its briefs assuming Plaintiffs will also consent to Amazon having a corresponding extension. Amazon also agrees to apply the sealing procedures in the Court's October 28, 2024 Order.

Best,
Kristen

**Kristen DeWilde**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5305 | kdewilde@wc.com | www.wc.com

---

**From:** Steinberg, Shira <ssteinberg1@ftc.gov>
**Sent:** Monday, January 19, 2026 5:39 PM
**To:** DeWilde, Kristen <kdewilde@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Steinberg, Shira <ssteinberg1@ftc.gov>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Counsel,

As previewed, we disagree with many of the characterizations in your email that we now address, below. The issues Plaintiffs raised in our January 12 email have persisted throughout this litigation. As Amazon is aware, the parties have had numerous discussions regarding Amazon's privilege claims and document retention issues in the context of multiple meet and confers, depositions, and Amazon discovery responses.

**Privilege.** Your email suggests that Plaintiffs' position on the parties' fundamental dispute over Amazon's privilege claims is unclear. This is surprising given the parties' extensive exchanges over the course of this litigation, as referenced in my January 12 email. As already explained, documents that Amazon has clawed back pursuant to privilege claims highlight the parties' dispute. Amazon has continued to assert privilege over—and even clawed back—documents containing discussions of how to write and edit business documents and over communications involving lawyers but containing no protected request for legal advice. My January 12 email highlights examples of such clawbacks. Other clawbacks have been addressed at multiple depositions and in prior briefing or correspondence. *See, e.g.*, Dkt. 523, Exs. 10, 11; K. Trefz Letter to C. Herd at 10 (Aug. 16, 2024)(clawing back Amazon-FTC-CID_05827170).

Plaintiffs' position is clear: Amazon's privilege claims over these and similar documents are unsupported and improper. Amazon should immediately produce these and similar documents in unredacted form.
Amazon's offer to re-review the privilege claims associated with the documents identified in Appendix A to my January 12 email is noted. But conducting another privilege review without guidance from the court on the proper standard for such a review will not resolve the parties' fundamental dispute.

Your email states that Amazon has "never indicated that all writing guidance is subject to a claim of privilege." K. DeWilde Email to S. Steinberg (Jan. 15, 2026). This is not, however, Plaintiffs' view of Amazon's position. Rather, Plaintiffs believe that many of the privilege claims that Amazon *has* widely maintained are unsupported.

Your email also states that if Plaintiffs had raised these disputes earlier, "the parties could have worked through them during the lengthy pendency of fact discovery…" K. DeWilde Email to S. Steinberg (Jan. 15, 2026). Plaintiffs have raised these disputes repeatedly but Amazon has maintained its position, even after it has already agreed to re-review the same privilege claims. *See* Dkt. #403. It is telling that only now, once Plaintiffs have informed Amazon we intend to seek the Court's assistance resolving this dispute, that Amazon suddenly offers to "work[] together" to resolve Plaintiffs' concerns. K. DeWilde Email to S. Steinberg (Jan. 15, 2026). Given that Amazon has maintained its privilege assertions despite multiple opportunities to revise them, it appears the parties fundamentally disagree about privilege and are at impasse.

Finally, Plaintiffs note that AMZN-RTL-FTC-08629847 is not included on Amazon's most recent privilege log as of January 12; please correct Amazon's log and provide a corrected one promptly.

**Document Retention**. Plaintiffs' second concern is about Amazon's spoliation of evidence during the investigation and litigation. Amazon claims "Plaintiffs [have not] identified mobile messages, meeting notes, or other documents that have been intentionally and improperly

deleted." To the extent Amazon believes Plaintiffs must identify particular documents that have been spoliated as a result of Amazon's document preservation failings, we respectfully disagree. To the extent Amazon suggests that Plaintiffs have not raised concerns about spoliation generally, we again disagree. Plaintiffs have highlighted instances of intentional deletion of "raw notes" in at least two depositions. *See e.g.*, [redacted] Tr. 242:7-18 (June 11, 2025); [redacted] Tr., 184:20-184:25 (Sept. 30, 2025); AMZN-RTL-FTC-11162914 [redacted] Amazon has confirmed it could not locate the "raw notes" associated with at least three meetings—including one meeting where an Amazon employee instructed colleagues [redacted] AMZN-RTL-FTC-02728694 at 69; S. Steinberg Ltr. to K. Trefz at 3 (Dec. 22, 2025). And, as you know, Plaintiffs have repeatedly raised concerns about spoliation through the use of the disappearing messages function in Signal. Amazon's response suggests again that Plaintiffs must prove a negative of identifying something "not already included" in the production. Again, we respectfully disagree.

Finally, Amazon generally points to its willingness to make a 30(b)(6) witness available regarding related issues as an indication it is willing to further engage with Plaintiffs regarding the issues raised here. Given the nature of the parties' disputes, Plaintiffs believe a 30(b)(6) deposition for Topic Nos. 21-23—on the topics as they were initially served on Amazon—would be more productive after Plaintiffs' motions have been briefed and the Court has had an opportunity to rule on these issues.

If Plaintiffs' concerns are not fully addressed on the meet and confer, Plaintiffs await Amazon's response on questions raised in my January 12 email regarding word limits for Plaintiffs' anticipated motions, along with Plaintiffs' request to apply the sealing procedures contained in the Court's October 28, 2024 order, Dkt. #320.

Best,

**Shira A. Steinberg**
Anticompetitive Practices Division II
Federal Trade Commission
(202) 569-7761 |
ssteinberg1@ftc.gov

---

**From:** Steinberg, Shira
**Sent:** Friday, January 16, 2026 2:51 PM
**To:** DeWilde, Kristen <kdewilde@wc.com>; Trefz, Katherine <KTrefz@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena,

<zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Kristen,

We are in receipt of your email. We disagree with many of your characterizations and will further respond to your email separately. Plaintiffs are available to meet and confer at the time proposed. I have circulated a calendar invitation in parallel for January 20 at 10 AM for our use.

Best,

**Shira A. Steinberg**
Anticompetitive Practices Division II
Federal Trade Commission
(202) 569-7761 |
ssteinberg1@ftc.gov

---

**From:** DeWilde, Kristen <kdewilde@wc.com>
**Sent:** Thursday, January 15, 2026 4:25 PM
**To:** Trefz, Katherine <KTrefz@wc.com>; Steinberg, Shira <ssteinberg1@ftc.gov>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>;

Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Shira,

Plaintiffs' email below presents an inaccurate picture of Amazon's practices and the litigation to date, ignores the discovery taken and pending, and fails to comply with Plaintiffs' obligations to conduct actual and meaningful meet-and-confers. It imposes an unreasonable timeline for Amazon to consider and for the parties to discuss several important topics on which the parties have not meaningfully conferred. And it proposes never-before-floated stipulations that it cannot seriously expect Amazon to accept. Plaintiffs make four new demands related to issues on which Plaintiffs have taken discovery (and have some discovery pending). Amazon and Plaintiffs have not had a meaningful conferral on any of these new demands, as required by the local rules; moreover, many of the issues described in Plaintiffs' email are implicated by the forthcoming 30(b)(6) deposition. Under these circumstances, Plaintiffs' unilateral declaration of impasse, list of demands, and threat to take these issues straight to Court all in days' time are rash and improper, suggesting that Plaintiffs are more interested in briefing unsupported aspersions than discovering facts relevant to their competition claims. Amazon is available to meet and confer on **Tuesday, January 20, from 10-11am ET**.

In the meantime, we note the following:

First, Amazon notes that Plaintiffs make several unfounded accusations. For example, Amazon has never indicated that all writing guidance is subject to a claim of privilege. Indeed, Amazon has produced and Plaintiffs have taken testimony on much of that guidance. Amazon has legitimately claimed privilege over writing guidance provided by an attorney for the purpose of providing legal advice. But, even in these circumstances, Amazon has always been willing to confer on such claims with Plaintiffs. As Plaintiffs are aware, writing guidance is a topic about which Amazon has agreed to make a 30(b)(6) witness available. Any attempt to make sweeping claims concerning this issue before Plaintiffs have taken that deposition suggests Plaintiffs have predetermined their position on this issue.

Moreover, to the extent Plaintiffs have had concerns about lack of preservation of evidence, as expressed in Plaintiffs' email, Plaintiffs had the opportunity to ask Amazon witnesses in depositions whether any responsive information had been deleted. Nothing in your email identifies any fact that Plaintiffs were unable to discover based on the extensive discovery taken to date. We invite Plaintiffs to identify any non-duplicative, responsive, material information they have a basis to believe was not retained.

Second, to facilitate a meaningful meet-and-confer, we address here briefly and preliminarily Plaintiffs' specific requests in the email below:

Plaintiffs make two new demands regarding privilege. We are surprised at the timing of these demands. As Plaintiffs are aware, Amazon has consistently worked to address privilege questions in the coordinated actions. If Plaintiffs had raised such issues in a timely way, the parties could have worked through them during the lengthy pendency of fact discovery, as opposed to in response to a sudden demand at the end. That said, Amazon remains willing to work with Plaintiffs on their stated concerns.

To that end, Amazon will re-review the set of 140 documents identified for the first time three days ago (on January 12, 2026). Plaintiffs' request that Amazon "agree to withdraw all privilege claims and produce, by January 16, all documents in the Appendix A (attached), which are illustrative of unsupported or improper privilege claims" is unreasonable on its face. This is the first time Plaintiffs raised concerns with any of these log entries; indeed, this is the first time Plaintiffs have raised questions about *any* specific privilege log entries in this case. It is improper for Plaintiffs to demand immediate production of a list of documents in four days' time without an opportunity for Amazon to review and then confer with Plaintiffs regarding any remaining disputes.

As for Plaintiffs' request that Amazon "agree to conduct a comprehensive privilege re-review of all documents regarding or relating to Amazon's internal antitrust communication policies," Amazon needs to better understands the scope of, and basis for, Plaintiffs' request.

Plaintiffs' other two requests appear to go to issues of preservation. Plaintiffs demand that Amazon stipulate to an adverse inference and forgo the introduction of evidence. Again, we note that this is the first time Plaintiffs have even mentioned such extreme requests or demanded Amazon consider them. On this record, it is hard to understand how Plaintiffs would go about justifying them. We are, of course, happy to talk with you to better understand these demands, which appear as written to be inflammatory and impulsive.

On the merits, to the extent we can make any sense of them, the requests appear unwarranted and extreme. Documents could be absent from the production for a variety of reasons that have nothing to do with intentional deletion of information. For example, mobile messages or meeting notes may not have hit on agreed-upon search terms and custodians or may not have reached the TAR cut-off. For meeting notes, as Amazon has explained, the company does not have a uniform practice concerning the taking of rough-draft meeting notes. Different note-takers may, for example, only take notes of key takeaways or action items; take notes in real-time and then edit the same document to generate final notes; circulate draft notes for review before editing them into final notes; or follow any number of other personal note-taking styles. For some meetings, notes may not be taken at all. *See* Amazon's Responses & Objections to Plaintiffs' Fourth Set of Interrogatories 6 (Oct. 22, 2025). Plaintiffs have failed to explain why the absence of a message or a meeting note in a production should be automatically treated as an intentional deletion of such message or meeting note.

Further, Plaintiffs have identified no mobile message, meeting notes, or other document that they believe contained information material to their claims not already included within the millions of documents Amazon has produced to Plaintiffs. Nor have Plaintiffs identified mobile messages, meeting notes, or other documents that have been intentionally and improperly deleted. It would be unreasonable and unwarranted for Amazon to be subject to a blanket adverse-inference when Plaintiffs have not even articulated the basic elements of a

spoliation claim.

Finally, it is not clear to Amazon what arguments Plaintiffs' motion(s) would actually contain or the format or schedule on which Plaintiffs would seek to brief these issues. We request the opportunity to understand Plaintiffs' arguments before they are presented to the Court to determine whether there is a way forward to narrow these issues.

Best,
Kristen

**Kristen A. DeWilde**
**Associate | Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5305 | kdewilde@wc.com | www.wc.com

---

**From:** Trefz, Katherine <KTrefz@wc.com>
**Sent:** Wednesday, January 14, 2026 1:45 PM
**To:** 'Steinberg, Shira' <ssteinberg1@ftc.gov>; DeWilde, Kristen <kdewilde@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>
**Subject:** RE: FTC et al. v. Amazon - No. 23-cv-1495

Shira,

We are in receipt of your email. We don't believe the parties are at an impasse and would like to confer further. We are working on a more detailed response that can facilitate a conferral and

will send that to you today or tomorrow.

**Katie Trefz**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(P) 202-434-5038 | (C) 949-285-0410
ktrefz@wc.com | www.wc.com/ktrefz

---

**From:** Steinberg, Shira <ssteinberg1@ftc.gov>
**Sent:** Monday, January 12, 2026 8:31 PM
**To:** Trefz, Katherine <KTrefz@wc.com>; DeWilde, Kristen <kdewilde@wc.com>; Michael Jo, <Michael.Jo@ag.ny.gov>; Victoria Field, <Victoria.Field@ct.gov>; Alexandra C. Sosnowski, <Alexandra.c.sosnowski@doj.nh.gov>; Robert J. Carlson, <robert.carlson@oag.ok.gov>; Jennifer A. Thomson, <jthomson@attorneygeneral.gov>; Michael A. Undorf, <michael.undorf@delaware.gov>; ChristinaMoylan-contact <Christina.Moylan@maine.gov>; SchonetteWalker-contact <swalker@oag.state.md.us>; Katherine W. Krems, <katherine.krems@mass.gov>; Scott A. Mertens, <MertensS@michigan.gov>; Zach Biesanz, <zach.biesanz@ag.state.mn.us>; LucusTucker-contact <LTucker@ag.nv.gov>; Andrew Esoldi, <andrew.esoldi@law.njoag.gov>; JeffHerrera-contact <jherrera@nmag.gov>; Timothy D. Smith, <tim.smith@doj.state.or.us>; Zulma Carrasquillo Almena, <zcarrasquillo@justicia.pr.gov>; StephenProvazza-contact <sprovazza@riag.ri.gov>; Sarah L. J. Aceves, <sarah.aceves@vermont.gov>; Caitlin M. Madden, <maddencm@doj.state.wi.us>
**Cc:** Pruski, Carol <CPruski@wc.com>; Mariano, Halie <hmariano@wc.com>; Hodges, Kevin <KHodges@wc.com>; Patty A. Eakes, <patty.eakes@morganlewis.com>; Molly A. Terwilliger, <molly.terwilliger@morganlewis.com>; Austin Popham, <Austin.popham@morganlewis.com>; Andrew DeCarlow, <Andrew.Decarlow@morganlewis.com>; Hubbard, Heidi <HHubbard@wc.com>; Schmidtlein, John <JSchmidtlein@wc.com>; Pitt, Jonathan <JPitt@wc.com>; Metz, Carl <CMetz@wc.com>; Lemens, Andrew <ALemens@wc.com>; Reddington, Edward <EReddington@wc.com>; Broecker, Kimberly <Kbroecker@wc.com>; Schmidt, Bill <wschmidt@wc.com>; Ford Phelps, <fphelps@cov.com>; Thomas O. Barnett, <tbarnett@cov.com>; Katharine Mitchell-Tombras, <kmitchelltombras@cov.com>; Derek Ludwin, <dludwin@cov.com>; Cortlin H. Lannin, <clannin@cov.com>; Kristen Knapp <kknapp@redgravellp.com>; Wintheiser, Cole <cwintheiser@wc.com>; Takashima, Edward <etakashima@ftc.gov>; Steinberg, Shira <ssteinberg1@ftc.gov>
**Subject:** FTC et al. v. Amazon - No. 23-cv-1495

Counsel,

I write regarding Plaintiffs' continued concerns about Amazon's privilege claims and spoliation of evidence.

Plaintiffs have previously stated their disagreement with multiple of Amazon's privilege claims, including claims asserted during depositions of Amazon witnesses and in connection with documents Amazon has clawed back. *See*, *e.g.*, Ltr. from L. Barnwell to R. Keeling, May 9, 2025. This includes disagreement with Amazon's privilege claims over documents containing discussions of how to write and edit business documents, *see e.g.*,

AMZN RTL FTC 11947661 (clawed back on June 17, 2025); AMZN-RTL-FTC-10835938 (clawed back on August 25, 2025), and documents containing no indicia Amazon employees are seeking legal advice, *see, e.g.*, [redacted] Tr. 208:7-211:21, August 20, 2025).

In response, Amazon has maintained throughout this litigation that such documents "are plainly privileged" even though they do not show any clear request for or provision of legal advice. Ltr. from R. Keeling to L. Barnwell, May 23, 2025 at 2. Plaintiffs have inquired into the basis for Amazon's widespread privilege claims over attorneys giving directions or instructions to non-attorney employees about how to write documents, or policies and practices directing or instructing employees to indicate that documents are privileged and confidential when those documents contain no discernable request for legal advice. But Amazon has disagreed even with the factual basis for Plaintiffs' requests. Instead, Amazon has asserted it is an "erroneous factual assumption . . . that Amazon directs or has directed any employees to improperly mark documents or communications as privileged and/or confidential" or "that Amazon improperly directs or has directed attorneys or non-attorney employees to 'use or not use' particular words." *See* Amazon's Objections and Responses to Plaintiffs' Notice of Deposition of Amazon.com, Inc. (Sept. 26, 2025) at 43-44.

Plaintiffs have also repeatedly raised concerns regarding Amazon's spoliation of relevant evidence, initially during the government's investigation and continuing into the litigation. *See* Dkt. #202-3 at 3 & n.2 (acknowledging that as of March 2, 2022, messages from six employees, including Mr. Bezos, were no longer available for collection); K. Trefz Email to M. Baker (Sept. 30, 2024 (confirming "Amazon currently has a limited set of documents" for at least six agreed-upon custodians and only had "WorkDocs and documents from other sources . . . but no email" for at least seven custodians); AMZN-RTL-FTC-14063464 (Amazon in-house counsel advising employee to delete raw notes). Plaintiffs have sought to understand the extent of any spoliation, but Amazon has objected to providing this information and claims it is unduly burdensome. Defendant Amazon.com, Inc.'s Objections and Responses to Plaintiffs' Fourth Set of Interrogatories (Oct. 22, 2025) at 5-6. Despite the concerns raised by Plaintiffs, Amazon has maintained that it is unaware of "any non-duplicative information that was responsive . . . to address Plaintiffs' Requests for Production but that has not been produced." *Id.* at 9. More broadly, Amazon has wholly denied that "Amazon improperly directs or has directed employees to improperly 'destroy or delete' communications or other documents subject to a litigation hold." *See* Amazon's Objections and Responses to Plaintiffs' Notice of Deposition of Amazon.com, Inc. (Sept. 26, 2025) at 45.

To address Plaintiffs' concerns about Amazon's privilege claims and spoliation of evidence, Plaintiffs request Amazon, at a minimum:

> (1) agree to withdraw all privilege claims and produce, by January 16, all documents in the Appendix A (attached), which are illustrative of unsupported or improper privilege claims;
>
> (2) agree to conduct a comprehensive privilege re-review of all documents regarding or relating to Amazon's internal antitrust communication policies and produce all non-privileged documents by February 6, including but not limited to instances where Amazon lawyers altered business documents, instructed employees on language to use or not use, and any training or implementation regarding

employees marking materials privileged when there is no discernable request for legal advice in those materials;

(3) stipulate to an adverse inference that documents destroyed by Amazon, including deleted "raw notes" and Signal DM messages, or other intentionally deleted mobile messages, were unfavorable to Amazon on all issues disputed at trial; and

(4) agree that Amazon will not introduce evidence of topics discussed at meetings or in the sanitized or summarized notes of those meetings in support of asserted pro-competitive justifications or as rebuttal evidence, for any meeting where Amazon has been unable to produce and identify "raw notes" for the meeting;

We reserve all rights to seek further relief from Amazon or the Court based on any further information or documents produced by Amazon.

Plaintiffs have made our concerns known regarding Amazon's privilege claims and failure to preserve evidence throughout the parties' litigation. Yet the parties have not made progress reaching agreement on even the underpinning factual bases for Plaintiffs' concerns. Accordingly, Plaintiffs believe the parties are too far apart regarding these issues to reach resolution and that the parties are at impasse. If Amazon believes the parties can reach resolution regarding these topics, Plaintiffs can be available to meet and confer on January 13-15.

If the parties cannot reach an agreement on these issues, Plaintiffs intend to seek relief from the Court regarding Amazon's spoliation of evidence and privilege claims. Plaintiffs plan on filing a request with the Court for permission to file over-length briefs pursuant to Local Civil Rule 7(e)(4) requesting 8,000 words and 6,500 words for Plaintiffs' respective opening briefs. Please let us know Amazon's position on those requests by the end of the day on January 14.

Additionally, for these motions, we propose applying the sealing procedures contained in the Court's October 28, 2024 order. Dkt. #320. Please let us know if you agree and the times on Thursday you are available to meet-and-confer on sealing.

Best,

**Shira A. Steinberg**
Anticompetitive Practices Division II
Federal Trade Commission
(202) 569-7761 |
ssteinberg1@ftc.gov

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.