THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8 AT SEATTLE

9

FEDERAL TRADE COMMISSION, et al.,
10
             Plaintiffs,
11

12    v.

13 AMAZON.COM, INC., a corporation,

14              Defendant.

Case No. 2:23-cv-01495-JHC

**DEFENDANT AMAZON.COM, INC.'S MOTION TO APPOINT A SPECIAL MASTER**

NOTE ON MOTION CALENDAR:
February 27, 2026

15

16

17

18

19

20

21

22

23

24

25

26

1    In their inflammatory, close-of-discovery filings related to privilege and document

2    preservation, Plaintiffs lodge broad and reckless allegations while ignoring over seven years of

3    history between the parties, testimony from dozens of Amazon witnesses disproving their

4    allegations, and the 4.5 million documents that Amazon has produced.  The relief that Plaintiffs

5    seek—including, but not limited to, that the Court conduct multiple *in camera* reviews of

6    privileged documents and supervise Amazon's re-review of *all* privileged documents in this

7    case—would impose significant judicial burden under great time pressure.  In these circumstances,

8    an efficient process—one that has been directed by this Court and informed by the Court's

9    guidance—already exists to resolve disputes over Amazon's privilege and preservation practices.

10   Amazon respectfully requests that the Court refer the discovery-related disputes raised in

11   Plaintiffs' motions to the same Special Master the Court has already appointed in the Related

12   Cases.[1]  This is a practical and reasonable approach that will narrow the disputes between the

13   parties, ensure time- and cost-efficient decisions on substantially overlapping matters, avoid the

14   need for the Court in this bench trial to review inadmissible evidence, and avoid imposing an

15   unreasonable burden on the Court.

16   **I.      INTRODUCTION**

17       In its forthcoming oppositions to Plaintiffs' motions, Amazon will fully address Plaintiffs'

18   allegations, which are divorced from context and the factual record in this case.  The motions seek

19   extraordinary relief requiring substantial evidentiary proof of, *inter alia*, knowing and intentional

20   misconduct in addition to prejudice—evidence that is either utterly lacking from the record in this

21   case or gravely mischaracterized by Plaintiffs.  That Plaintiffs are raising these issues at the last

22   hour of fact discovery when they could have raised these issues months ago suggests that they are

23   seeking to distract from their lack of merits proof for their unfounded antitrust claims.

24

25   ---

26   [1] The private, Related Cases ("Related Cases") referenced throughout this motion include: *De Coster v.
Amazon*, No. 2:21-cv-00693-JHC (W.D. Wash.); *Frame-Wilson v. Amazon*, No. 2:20-cv-00424-JHC
(W.D. Wash.); and *Brown v. Amazon*, No. 2:22-cv-00965-JHC (W.D. Wash.).

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 2
(Case No. 2:23-cv-01495-JHC)

To be clear, Plaintiffs' made-up "P&C Protocol" has never existed at Amazon.  Instead, the dozens of depositions, litigation history, and millions of documents produced by Amazon undermine Plaintiffs' allegations that Amazon has somehow attempted to conceal its business decisions.  The evidence instead shows that employees of a complex company subject to countless regulatory schemes were trying their best to seek legal advice when appropriate and to conduct their business in a clear manner that would not be misunderstood—or, even worse, knowingly mischaracterized—by litigation adversaries.  Plaintiffs' spoliation allegations are similarly refuted by the dozens of depositions, millions of responsive documents, and hundreds of terabytes of data produced by Amazon to Plaintiffs.

Since filing this case in September 2023, Plaintiffs have demanded extensive discovery encompassing all aspects of Amazon's retail business.  In response to Plaintiffs' *407* document requests, Amazon has produced over 4.5 million documents, including documents produced in Plaintiffs' pre-filing investigation and in the Related Cases that have been coordinated with this case for discovery purposes.  Plaintiffs have taken over 60 depositions of Amazon witnesses and have participated in more than 60 depositions of third-party witnesses, with several more still pending (including some of Amazon's 30(b)(6) witnesses), not even counting the dozens of depositions taken during Plaintiffs' investigation preceding this litigation.  Plaintiffs have had the vast majority of Amazon's privilege log entries since April 2025.  Now, at the close of a two-year period of wide-ranging fact discovery, Plaintiffs have filed motions regarding Amazon's attorney-client privilege claims and retention of documents.

Plaintiffs' filings concern largely the same Amazon document productions, privilege claims, and other controversies that have been litigated in the Related Cases.  In the Related Cases, the Court appointed a Special Master to address challenges involving the Amazon document production that is the subject of Plaintiffs' motion.  Some of the documents that Plaintiffs insist the Court should order Amazon to produce here even contain redactions that have already been

1  addressed (and approved) by rulings of this Court and the Special Master in the Related Cases.

2  *See*, *infra*, Part III.A. The Special Master's experience with and knowledge of Amazon's extensive

3  document production would relieve the burden on the Court, narrow and simplify any disputes

4  before they are presented to the Court, and advance this case toward the merits efficiently.

5  **II.    LEGAL STANDARD**

6         Under Federal Rule of Civil Procedure 53(a), the Court may appoint a Special Master to

7  "address pretrial and posttrial matters that cannot be effectively and timely addressed by an

8  available district judge or magistrate judge of the district," among other instances. Fed. R. Civ. P.

9  53(a)(1)(A)-(C); *id.* Committee Notes on Rules—2003 Amendment (appropriate grounds under

10  (a)(1)(C) include "privilege").  "Courts may appoint a special master with broad authority to

11  'supervise and conduct pretrial matters, including discovery activity, the production and

12  arrangement of exhibits and stipulations of fact, the power to hear motions for summary judgment

13  or dismissal and to make recommendations thereto.'" *Thakur v. Cofiroute USA, LLC*, 2020 WL

14  10731939, at *4 (C.D. Cal. Aug. 5, 2020) (quoting *Burlington N. R.R. Co. v. Dep't of Revenue of*

15  *Wash.*, 934 F.2d 1064, 1073 (9th Cir. 1991)).  "In appointing a master, the court must consider the

16  fairness of imposing the likely expenses on the parties and must protect against unreasonable

17  expense or delay," but may appoint a master over party objection. Fed. R. Civ. P. 53(a)(3); *e.g.*,

18  *Mardiros v. City of Hope*, 2020 WL 6106820, at *4 (C.D. Cal. July 9, 2020) (appointing a master

19  over objection because of the parties' "contentious" relationship and because the "resolution" of

20  "[a]nticipated [d]iscovery [d]isputes … will consume a significant amount of judicial resources,

21  far in excess of, if not multiples of, the ninety judicial hours already expended"); *Cannata v.*

22  *Wyndham Worldwide Corp.*, 2012 WL 528224, at *4-6 (D. Nev. Feb. 17, 2012) (similar).

23

24

25

26

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## III.    ARGUMENT

### A.    The vast scope of Plaintiffs' requested relief would impose a significant burden under tight timing.

Plaintiffs filed their motions on January 30, 2026, the last day of fact discovery.  With the parties now moving into expert discovery,[2] these motions would need to be resolved quickly.  Yet Plaintiffs ask the Court for an extensive and time-intensive process that would strain judicial resources under real time constraints.

For example, Plaintiffs' motion concerning privilege makes a number of demands on the Court.  It starts with the request that the Court conduct an *in camera* review of certain documents and 100 of Amazon's privilege log entries, ECF No. 604 at 14, 23-24 (citing Ex. 16, which contains 100 privilege log entries); *see also* ECF No. 604-1 ¶ 1 (Proposed Order), but it does not stop there: Plaintiffs ask the Court to oversee a re-review by Amazon—within 30 days—of "*all* privilege claims it is asserting in this case and ensure that Amazon has applied the correct privilege standard."[3]  ECF No. 604 at 2 (emphasis added); ECF No. 604-1 ¶¶ 2-3 (Proposed Order). Plaintiffs next ask the Court to perform a post re-review *in camera* review of privilege claims to ensure that Amazon has correctly applied privilege law to individual documents or portions of documents.  ECF No. 604 at 25; ECF No. 604-1 ¶ 4 (Proposed Order).  This is in addition to Plaintiffs' request that the Court make a "broad finding" that Amazon's privilege claims are unsupported and that all subject documents must be produced.  ECF No. 604 at 23.  The Court cannot issue such a broad ruling on Amazon's privilege claims without a more comprehensive review of the documents involved.  *See In re Grand Jury Subpoenas*, 123 F.3d 695, 699-700 (1st Cir. 1997).

---

[2] Due to witness availability and similar scheduling issues, the parties have agreed to conduct a limited number of fact depositions after the January 30, 2026 fact discovery deadline.

[3] Amazon's privilege logs provided first in this litigation contain over 39,000 entries.  This is not disproportionate to the 1.2 million documents uniquely produced first in this litigation.  There are also thousands of additional privilege log entries resulting from the additional 3.3 million documents that Amazon produced during the investigation or reproduced from cases coordinated with this action for discovery purposes.

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Moreover, such a sweeping ruling would require the Court to reconsider its rulings in the

2    Related Cases.  To take an example, in the Related Cases, this Court already considered and upheld

3    Amazon's redactions to a document that Plaintiffs now assert was improperly clawed back.

4    *Compare* Order, *De Coster*, ECF No. 302, at 20 (Mar. 25, 2025) (approving redactions applied

5    to Document 91 (CAAG Log No. AMZ_CAAG_00023500)), *with* ECF No. 605-8 (challenging

6    redaction of the same content the Court previously approved redacting in *De Coster*, ECF

7    No. 302).  As another example: In the Related Cases, the Special Master already considered and

8    approved Amazon's redactions to one of the documents that Plaintiffs argue should now be

9    produced based on the log entry alone.  *Compare* Special Master Order, *De Coster*, ECF No.

10   441-5, at 2-3 (Oct. 6, 2025) (approving redactions applied to Section 3 of "Featured Offer

11   Disqualification (FOD) CX Messaging" document), *with* ECF No. 605-16, Row 70 (challenging

12   redactions of the same content in the document at log entry FTCRTL0022890).

13   Plaintiffs' motion concerning document preservation issues imposes similar burdens.

14   Plaintiffs request relief that includes evidentiary rulings and the drawing of an adverse inference.

15   Aside from other reasons why this requested relief should not be granted (which Amazon will

16   address in its opposition filing), Plaintiffs' motion makes clear that any such relief would be based

17   on the inability to "produce and identify" specific documents, which requires factual findings

18   as to particular documents.  ECF No. 598 at 20.  Notably, Plaintiffs' motion on privilege issues

19   incorporates their arguments concerning document preservation.  *See* ECF No. 604 at 3, 4.  And

20   their motion on spoliation issues incorporates their arguments on privilege.  ECF No. 598 at 1 &

21   n.1, 13-14, 16.  So although Plaintiffs have filed two separate motions, in reality their arguments

22   are intertwined and built upon one another such that the motions must be considered together.

23   **B.    An efficient process for addressing privilege issues already exists.**

24   In the Related Cases, the Court appointed many months ago a Special Master to assist

25   the Court in reviewing and addressing similar claims.  The Special Master is well suited to help

26   carry the burden imposed by Plaintiffs' motions, especially given their breadth and timing.  The

1  Honorable Elizabeth D. Laporte, appointed by the Court as the Special Master in the Related Cases,

2  served as a Magistrate Judge in the Ninth Circuit for over 20 years. The document production at

3  issue in the Related Cases has also been produced in this action, meaning that the Special Master

4  has already spent considerable time addressing disputes over Amazon's document productions in

5  this case and applying the legal guidance for privilege already articulated by this Court in the

6  Related Cases.[4] *See* Order re: Appointing a Special Master, *De Coster*, ECF No. 381 (July 7,

7  2025).

8      The circumstances that led to the appointment of the Special Master are relevant here. In

9  the Related Cases, Amazon undertook a re-review of privileged documents that had been withheld

10  during the preceding investigations by the FTC and the California Attorney General. *De Coster*,

11  ECF No. 302, at 2. Near the end of that re-review, the Private Plaintiffs continued to broadly

12  attack Amazon's privilege assertions. Following a hearing, on February 3, 2025, the Court

13  provided guidance on the applicable legal standard that Amazon should utilize as the re-review

14  continued and further agreed to review 100 disputed documents *in camera*. Order Granting in

15  Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents from Amazon's

16  Privilege Logs and for Appointment of a Special Master, *De Coster*, ECF No. 277 (Feb. 3, 2025).

17  At the same time that the Court issued its privilege guidance in the Related Cases, Amazon

18  agreed with Plaintiffs in this action to reproduce the set of investigation documents re-reviewed

19  in the Related Cases and to also re-review *another* set of pre-Complaint investigation documents

20  along with all documents that been withheld or redacted in this litigation up until that

21  point. Stipulation and Order Regarding Amazon's Privilege Re-Review, ECF No. 405 (Jan. 23,

22  2025).

23

24

---

25  [4] Nearly 70% of all documents produced in the Related Cases and to the Plaintiffs in this case are the exact
same documents. Plaintiffs in this action have received certain additional documents in this case primarily
26  because Amazon produced documents to Plaintiffs during the pre-filing investigation that covered topics
that are not at issue in the Related Cases.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1         As the re-reviews proceeded in both actions, broad-scale privilege disputes continued in

2 the Related Cases.[5]  The Court completed its review of the 100 *in camera* documents but noted

3 that "[n]either party has provided a practical approach to resolve their disagreements about the

4 potentially thousands of disputed privilege log entries across these three cases without imposing

5 an unreasonable burden on the Court" and suggested that it was "inclined to refer the parties to a

6 special master." *De Coster*, ECF No. 302, at 20.  Several months later, given continuing privilege

7 disputes, the Court appointed the Special Master.  *De Coster*, ECF No. 381, at 2.  Since then,

8 the Special Master has resolved ongoing privilege disputes over clawback standards; legal

9 memoranda, emails, and documents marked privileged and confidential; documents considering

10 legal risks; and documents containing legal advice related to anticipatory regulatory action or

11 litigation, among other matters.  The Special Master has also provided guidance on line-by-line

12 redactions contained within documents.  *See, e.g.*, Special Master Orders, *De Coster*, ECF Nos.

13 441-1–441-11 (Oct. 6, 2025).

14         The Special Master would also be well-positioned to handle the supposed preservation

15 issues, given her experience with the document production at issue and with applying the Court's

16 prior rulings to disputes concerning that production.  Plaintiffs' requests for a comprehensive

17 re-review of Amazon's privilege claims, and multiple *in camera* reviews, is unwarranted.  But to

18 the extent that the Court determines that further work is needed, the Court should refer Plaintiffs'

19 motions to the Special Master based on her experience and familiarity and, as discussed below, in

20 order to provide for a more efficient process.

21        **C.**    **The Special Master process will narrow party disputes.**

22         The Special Master process will also serve as a vital mechanism for the Parties to narrow

23 their disputes to only those that actually require judicial involvement.  That is because this Court

24

25 ─────────────────────

26 [5] Although the Private Plaintiffs in the Related Cases raised their continued log-wide disputes with Amazon during and immediately following the completion of Amazon's re-review, the Plaintiffs here have waited until now to bring their log-wide objections.

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 8
(Case No. 2:23-cv-01495-JHC)

1   ordered in the Related Cases that the parties shoulder the cost "in proportion to their success (or
2   lack thereof) on the merits of their claims." *De Coster*, ECF No. 381, at 2.

3         The events over the past two weeks illustrate this necessity. Plaintiffs first presented their
4   list of demands relating to privilege and preservation to Amazon on January 12. When Amazon
5   sought to clarify their demands, Plaintiffs refused to meaningfully engage. Instead, they moved
6   the goalposts in a way seemingly designed to ensure that Amazon could not meet them, and
7   to ensure Court involvement would be required. When Amazon suggested the use of a Special
8   Master for these issues because of the anticipated burden to the Court, Plaintiffs flatly rejected the
9   idea. ECF No. 607-14, Ex. A (Jan. 22, 2026 Email from K. DeWilde to S. Steinberg).

10        With respect to privilege, Plaintiffs first raised their concerns in an email dated January 12,
11  2026. They demanded that Amazon (1) produce 140 documents on Amazon's privilege log and
12  (2) conduct a re-review of "Amazon's internal antitrust communication policies … including but
13  not limited to instances where Amazon lawyers altered business documents, instructed employees
14  on language to use or not use, and any training or implementation regarding employees marking
15  materials privileged when there is no discernable request for legal advice in those materials." *Id.*
16  (Jan. 12, 2026 Email from S. Steinberg to K. Trefz). Three days later, Amazon agreed to re-review
17  the 140 documents in Plaintiffs' first request and asked about the contours of Plaintiffs' second
18  request. *Id.* (Jan. 15, 2026 Email from K. DeWilde to S. Steinberg). Rather than working with
19  Amazon on the scope of their second request, Plaintiffs suddenly asserted that "many of the
20  privilege claims that Amazon *has* widely maintained are unsupported," including *any* document
21  marked privileged, that no re-review could placate Plaintiffs "without guidance from the court on
22  the proper standard for such a review," and that a full privilege re-review of *all* of Amazon's
23  39,000+ log entries would be necessary. *Id.* (Jan. 19. and Jan. 21, 2026 Emails from S. Steinberg
24  to K. Trefz).

25
26

With respect to preservation, on January 12, 2026, Plaintiffs demanded for the first time that Amazon acquiesce to two extreme evidentiary sanctions. *Id.* (Jan. 12, 2026 Email from S. Steinberg to K. Trefz). When Amazon requested Plaintiffs' bases for their sanction demands, Plaintiffs responded that they had already raised "concerns about spoliation generally"—far below the standard of what is required to impose spoliation sanctions—and ultimately refused to work through the issues with Amazon because Plaintiffs' time clock to preserve their spoliation claims had run out. *Id.* (Jan. 15, Jan. 19, and Jan. 20, 2026 Emails between K. DeWilde and S. Steinberg). A Special Master process will help sort through the factual underpinnings of preservation disputes and help to resolve or narrow those disputes. For example, Plaintiffs complain about a supposed failure to preserve some documents without acknowledging that the custodian- and search-term-based document production process—to which the parties agreed—by its very nature does not result in the production of every single document that Plaintiffs might now want.

Plaintiffs have also had the opportunity to inquire in depositions about the content of the supposed missing documents and have failed to establish that those documents would have contained material, nonduplicative information. A Special Master would be well-positioned to consider these types of fact-intensive issues.

Plaintiffs' ever-changing negotiation positions raise questions about the tactical motivations behind Plaintiffs' motions. But more importantly, they emphasize the need for a mechanism to force narrowing, clarifying, and engagement on the issues. The Special Master, already familiar with these types of issues and this document production, would greatly assist in addressing these issues in an efficient and timely manner.

### D.    Appointing the Special Master from the Related Cases will be cost-effective.

Appointing a Special Master with pre-existing knowledge of these documents and privilege issues is the most time- and cost-effective way to address Plaintiffs' allegations. Plaintiffs will benefit from, while not having to bear, any of the cost already expended by Amazon and other

parties to bring the Special Master up to speed on the Related Cases. If Plaintiffs truly believe in their claims, they should have no objection to the Court's apportionment of costs to the Party who loses the challenge, especially given that the process provides that Amazon will be responsible for costs of the Special Master if "*any* material is determined to have been improperly withheld." *De Coster*, ECF No. 381, at 2 (emphasis in original).

Courts have appointed special masters over parties' expense concerns when those concerns are outweighed by the need for a special master to assist with complex issues. *E.g.*, *Am. Motorists Ins. Co. v. Club at Hokuliʻa, Inc.*, 2011 WL 13593392, at *1-2 (D. Haw. Sept. 20, 2011) (appointing special master to assist with e-discovery and spoliation allegations over defendant's expense objection); *Mardiros*, 2020 WL 6106820, at *1 (appointing special master over plaintiff's unsupported objection to "material costs" that would present "undue hardship"). Moreover, the FTC itself has requested a special master to review privilege issues before. *Fed. Trade Comm'n v. Qualcomm, Inc.*, 2018 WL 3868976, at *1 (N.D. Cal. Feb. 24, 2018) (requesting appointment of special master to resolve privilege disputes); *see also* Response of Plaintiffs, *Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. 20-cv-02266, ECF No. 90, at 1 (E.D. Pa. May 14, 2021) (FTC "[did] not object to the Court's appointment of a Special Master … to resolve discovery disputes and other pretrial motions that may be filed by the parties").

## IV.    CONCLUSION

Plaintiffs have raised inflammatory privilege and preservation issues at the close of discovery, rebuffed Amazon's efforts to understand them, and rejected proposals for a process to address them. For the reasons set forth above, Amazon respectfully requests that the Court appoint in this case the same Special Master appointed in the Related Cases, using the same Special Master procedures used in the Related Cases.[6] *See De Coster*, ECF No. 381.

---

[6] In Amazon's Proposed Order attached to this Motion, Amazon has proposed the same Order that the Court adopted in the Related Cases other than slight modifications made for relevancy to this Action.

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 11
(Case No. 2:23-cv-01495-JHC)

1    DATED this 6th day of February, 2026.

2                                          *I certify that this memorandum contains 3,431*
                                           *words, in compliance with the Local Civil Rules.*
3

4                                          **MORGAN, LEWIS & BOCKIUS LLP**

5                                          By:  *s/ Molly A. Terwilliger*
                                           Patty A. Eakes, WSBA #18888
6                                          Molly A. Terwilliger, WSBA #28449
                                           1301 Second Avenue, Suite 3000
7                                          Seattle, WA 98101
                                           Phone: (206) 274-6400
8                                          Email: patty.eakes@morganlewis.com
                                                   molly.terwilliger@morganlewis.com
9
                                           **WILLIAMS & CONNOLLY LLP**
10
                                           Heidi K. Hubbard (*pro hac vice*)
11                                         John E. Schmidtlein (*pro hac vice*)
                                           Kevin M. Hodges (*pro hac vice*)
12                                         Jonathan B. Pitt (*pro hac vice*)
                                           Edward C. Reddington (*pro hac vice*)
13                                         Carl R. Metz (*pro hac vice*)
                                           Carol J. Pruski (*pro hac vice*)
14                                         Katherine Trefz (*pro hac vice*)
                                           680 Maine Avenue SW
15                                         Washington, DC 20024
                                           Phone: (202) 434-5000
16                                         Email: hhubbard@wc.com
                                                   jschmidtlein@wc.com
17                                                 khodges@wc.com
                                                   jpitt@wc.com
18                                                 ereddington@wc.com
                                                   cmetz@wc.com
19                                                 cpruski@wc.com
                                                   ktrefz@wc.com
20
                                           **COVINGTON & BURLING LLP**
21
                                           Thomas O. Barnett (*pro hac vice*)
22                                         Derek Ludwin (*pro hac vice*)
                                           Kate Mitchell-Tombras (*pro hac vice*)
23                                         One CityCenter
                                           850 Tenth Street, NW
24                                         Washington, DC 20001-4956
                                           Phone: (202) 662-5407
25                                         Email: tbarnett@cov.com
                                                   dludwin@cov.com
26                                                 kmitchelltombras@cov.com

                                           *Attorneys for Defendant Amazon.com, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATION**

I certify that prior to making this submission, the Parties conferred telephonically on January 20, 2026 and attempted to resolve, among other issues, Amazon's request that Plaintiffs' preservation and privilege disputes be resolved by an appointed Special Master.  The meet and confer was attended by, among others, Shira Steinberg, Amanda Butler, and Lance McCaskey for the Plaintiffs and Katherine Trefz, Kristen DeWilde, and Kristen Knapp for Amazon.

DATED:  February 6, 2026 at Washington, D.C.

/s/ Katherine Trefz
Katherine Trefz, *Attorney for Amazon.com, Inc.*

AMAZON.COM, INC'S MOTION TO APPOINT
A SPECIAL MASTER - 13
(Case No. 2:23-cv-01495-JHC)