1

THE HONORABLE JOHN H. CHUN

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9   FEDERAL TRADE COMMISSION, et al.,

10                  Plaintiffs,            Case No. 2:23-cv-01495-JHC

11         v.                             **AMAZON'S SECOND MOTION TO
                                          COMPEL FURTHER RESPONSES
12   AMAZON.COM, INC., a corporation,     TO ITS FIRST SET OF
                                          INTERROGATORIES**
13                  Defendant.
                                          NOTE ON MOTION CALENDAR:
14                                        March 10, 2026

15                                        ***ORAL ARGUMENT REQUESTED***

16

17

18

19

20

21

22

23

24

25

26

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    With fact discovery now closed, Plaintiffs continue to leave fundamental questions at the

2    core of their claims unanswered.  From the outset of this litigation, Plaintiffs have treated discovery

3    as a one-way road, depriving Amazon of even the most basic information necessary to prepare a

4    defense to this case while demanding and obtaining many millions of documents, hundreds upon

5    hundreds of hours of testimony, and thorough (and massive) responses to Plaintiffs'

6    interrogatories.  Amazon now seeks relief to obtain important, discoverable information so that it

7    can prepare its defense.

8    In June 2025, the Court ordered Plaintiffs fully to respond to one interrogatory and, as to

9    certain others, ruled that Plaintiffs should have the opportunity "to review more documents and

10   possibly take depositions" before responding.  June 2, 2025 Order Granting in Part and Denying

11   in Part Amazon's Motion to Compel ("June Order"), ECF No. 488 at 12, 18.  The June Order thus

12   confirmed that Amazon's interrogatories seek relevant information bearing on, among other topics,

13   Plaintiffs' views on what factors Amazon may permissibly consider when it selects which offers

14   to feature to customers in its store and what remedies they intend to seek if they succeed at the

15   liability phase.  In bringing an antitrust suit that purports to challenge Amazon's fundamental

16   commitment to featuring competitive prices, Plaintiffs should be unsurprised that they must

17   disclose what factors they contend Amazon *may* consider, if not price competitiveness, when

18   featuring offers in its store.  Likewise, Plaintiffs themselves argued that "fact discovery should

19   encompass both liability and remedies issues," ECF No. 173 at 1.  Having obtained bifurcation on

20   that representation, Plaintiffs cannot now use bifurcation as a shield against their discovery

21   obligations.  Plaintiffs should be held to their own commitment to identify *during fact discovery*

22   the remedies they might seek.

23   Yet eight months after the June Order, with fact discovery over, Plaintiffs continue to leave

24   Amazon in the dark about these fundamental issues.  Rather than providing straightforward

25   answers to these interrogatories, which seek basic information necessary to defend this antitrust

26   case, Plaintiffs have channeled their energy toward manufacturing increasingly farfetched

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

justifications for their refusal to comply with their discovery obligations. Every effort to confer has resulted in backwards movement, with Plaintiffs inventing new objections and new reasons they purportedly cannot meet their discovery obligations. Plaintiffs ran out the clock, even past the close of fact discovery, only to serve evasive non-responses to interrogatories that have been outstanding for over a year. Amazon regrets that it must bring this second Motion To Compel, but Plaintiffs' recalcitrance and delay tactics have placed Amazon in the untenable position of having to defend this lawsuit, and prepare its experts, while having little insight into how Plaintiffs intend to try this case or what remedies they intend to seek. Amazon therefore seeks an order compelling Plaintiffs to respond fully to Interrogatory Nos. 3, 13, and 16.

## ARGUMENT

### I.    The Court Should Compel Plaintiffs To Respond to Interrogatory No. 3.

The Court already ordered Plaintiffs to respond to Interrogatory No. 3, overruling Plaintiffs' objections. In the June Order, the Court ruled that "[b]ecause Plaintiffs do not respond to Amazon's motion to compel a full response to interrogatory no. 3, the Court grants the motion as to this interrogatory." June Order at 18. That should have been the end of discussion: Plaintiffs should have responded in full. Instead, Plaintiffs have refused to provide anything resembling a genuine and complete response.[1]

Interrogatory No. 3 asks: "For each purported 'coercive tactic involving its order fulfillment business' alleged in Your Complaint, Identify all Persons who were coerced by the purported 'tactic,' the products they were coerced into fulfilling through Amazon, when that occurred, and the fulfillment provider(s) they would have used but-for the alleged coercive tactic. *See, e.g.*, Am. Compl. ¶¶ 7, 229, 259, 353, 414, 416." ECF No. 416 at 14. As written, the interrogatory calls for ***facts*** concerning supposed instances in which Amazon coerced sellers to

---

[1] In light of the Court's earlier ruling, and Plaintiffs' refusal to abide by it, the Court may deem this portion of the instant Motion to be more appropriately styled as a motion for the issuance of an order to show cause why Plaintiffs should not be held in contempt of court. To the extent that is the Court's preference, Amazon is prepared to refile this portion of its Motion accordingly.

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

use its fulfillment services, such as Fulfilled by Amazon ("FBA").  Because Plaintiffs parroted

their general case themes—"Plaintiffs have reason to believe that all sellers who use FBA do so in

light of the Amazon policies and actions challenged in the Amended Complaint," *id.* at 15—

instead of supplying facts, Amazon moved to compel Plaintiffs' response.  The Court granted

Amazon's motion, without qualification, with respect to Interrogatory No. 3.  June Order at 18.

On June 12, Plaintiffs served a supplemental response in which they restated, and withheld

responsive information on the basis of, their objections—even though the Court had ordered them

to *respond*—and "repeat[ed] their" deficient, initial response that "all sellers who use FBA" are

purportedly coerced.  Ex. 1, Pls.' 1st Supp. Resp. Interrog. No. 3, at 17.[2]  They further purported

to summarize selective testimony by some third parties who supposedly agreed that the Prime

badge "affect[ed]" their fulfillment decisions, provided "advantages," or somehow led to higher

sales.  *Id.* at 17-20.  Even Plaintiffs' indulgent characterization of this testimony does not describe

conduct approaching coercion.   Plaintiffs, moreover, excused themselves altogether from

providing any detail whatsoever as to any ***product*** that any seller was purportedly coerced into

fulfilling through Amazon, the identity of the alternative fulfillment service(s) sellers purportedly

would have used absent the alleged coercion, or when the supposed coercion occurred, depriving

Amazon of the ability to investigate and disprove these assertions.  *See id.*

Amazon identified these deficiencies in Plaintiffs' June 12 supplemental response.  *See*

Ex. 2, J. Pitt Sept. 12, 2025 Ltr. to S. Steinberg, at 3.  The parties conferred by telephone on

September 11, 2025, and Amazon reiterated the information sought by Interrogatory No. 3—

though the scope is clear on the face of the request and was further explained in Amazon's initial

motion to compel.  *See* ECF No. 414 at 8 ("Interrogatory No. 3 asks Plaintiffs to substantiate their

allegations about supposed 'coercive tactic[s]' involved in Amazon's order fulfillment business,

by identifying the facts about specific events alluded to generically in the Complaint.").  Amazon

also cautioned that a further supplement peddling more conclusory assertions in lieu of facts and

---

[2] All numbered exhibits are to the contemporaneously filed declaration of Jonathan B. Pitt.

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

details would fail to satisfy Plaintiffs' obligations pursuant to the Interrogatory and the Court's Order. Ex. 2, J. Pitt Sept. 12, 2025 Ltr. to S. Steinberg, at 3.

Plaintiffs nonetheless rehashed their uninformative *ipse dixit* in a September 19 supplement. Ex. 3, Pls.' 2d Supp. Resp. Interrog. No. 3, at 10-14. They again ignored Amazon's request to provide specific facts concerning instances of alleged coercion, failed to identify any alternative fulfillment service that any seller would have allegedly used, and summarized deposition testimony regarding Amazon Prime and FBA. *Id.* Plaintiffs' recalcitrance persisted through the parties' conferral. Far from claiming that they had provided a complete response consistent with the Court's June Order, Plaintiffs **conceded** that they did not respond to the portion of Interrogatory No. 3 seeking identification of alternative fulfillment services. Ex. 4, S. Steinberg Dec. 12, 2025 Ltr. to J. Pitt, at 1. In the face of the Court's Order, Plaintiffs simply decided not to respond to that inquiry on the grounds of their unilateral declaration that such information is not "Plaintiffs' burden to prove." *Id.* Finally, on February 9, 2026, after Amazon informed Plaintiffs it would move to compel interrogatory responses and Plaintiffs requested an extension of the deadline to attempt yet another supplementation—and without any explanation or justification for their approach—Plaintiffs provided a ***third*** substantively identical response that merely tacks on a single additional anecdote from a third-party deposition that suffers from all the same infirmities as their other purported summaries of testimony. Ex. 5, Pls.' Feb. 9, 2026 Supp. Interrog. Resps. at 11-17.

The Court should enforce its June Order and compel Plaintiffs fully to respond to Interrogatory No. 3 as written. Amazon's first motion to compel explained that Plaintiffs' generic assertion that "all sellers who use FBA do so in light of Amazon policies and actions" is conclusory and non-responsive. *See* ECF No. 414 at 9 (citing *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3, *6 (C.D. Cal. Sept. 23, 2016)).[3] That "response," to the extent it can be

---

[3] As Plaintiffs know, the suggestion that "all sellers" are coerced into using Amazon's fulfillment services is demonstrably false—sellers have testified precisely to the contrary. *E.g.*, Ex. 6, at 54:2-5 (seller uses FBA because it is the "easiest and most cost effective product on the market hands down").

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   characterized as such, merely assumes the premise of Plaintiffs' overall legal theory without

2   identifying which alleged "coercive tactics" coerced which sellers into using Amazon's fulfillment

3   services to fulfill order for which products. The actual interrogatory, by contrast, seeks factual

4   information, and thus Amazon moved for an order compelling a complete, informative answer.

5   Plaintiffs did not respond to these arguments in their opposition brief. *See* ECF No. 434 *passim*.

6   The Court therefore ordered their response, full stop. June Order at 18. The Court did not invite

7   Plaintiffs to withhold responsive information based on their overruled objections or to rewrite

8   Amazon's interrogatory based on their self-proclaimed (and belatedly asserted) "relevance"

9   limitations. *See* Ex. 4 at 2 ("Plaintiffs have already responded to the *relevant* parts of the

10  interrogatory.") (emphasis added).

11      Even if Plaintiffs' objections to Interrogatory No. 3 had merit—and, for the reasons

12  discussed below, they do not—Plaintiffs have waived them. When Amazon moved to compel and

13  asked the Court to overrule Plaintiffs' objections, Plaintiffs were required to "specifically show

14  how each discovery request is objectionable." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*,

15  297 F.R.D. 611, 614 (D. Kan. 2014). "Objections initially raised but not supported in the objecting

16  party's response to a motion to compel," as has been the case for Plaintiffs' objection to

17  Interrogatory No. 3, "are deemed abandoned." *Id.* It is therefore too late for Plaintiffs to stand on

18  waived objections to withhold information.

19      In any event, Plaintiffs' objections are meritless. For example, Plaintiffs categorically

20  refuse to identify any alternative fulfillment services that sellers would have used absent the

21  alleged coercion on "relevance" grounds. But such information is plainly relevant. *See, e.g.*,

22  *Erickson v. Microaire Surgical Instruments LLC*, 2010 WL 1881946, at *2 (W.D. Wash. May 6,

23  2010) ("Relevant information need not be admissible at the trial if the discovery appears

24  reasonably calculated to lead to the discovery of admissible evidence."). Plaintiffs themselves put

25  the identity of these alternative fulfillment services directly at issue in their Complaint. *See, e.g.*,

26  2d Am. Compl. ¶ 357 ("Absent Amazon's restrictions, many sellers would prefer to use an

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   independent fulfillment provider that would allow them to more easily fulfill orders placed on both
2   Amazon and non-Amazon marketplaces.").  Indeed, identification of these alternative fulfillment
3   services bears on competition for "marketplace services," one of the supposed markets that
4   Plaintiffs allege Amazon monopolized.   Alternatives that are costlier, slower, or less convenient
5   than Amazon's services would undercut Plaintiffs' allegations of "coercion" and instead suggest
6   Amazon outcompetes its rivals on the merits.  Alternatives that are attractive to sellers would
7   undercut Plaintiffs' allegations that Amazon does not face competition in their so-called
8   "marketplace services" antitrust market.

9       Amazon is entitled, moreover, to understand the full list of sellers that Plaintiffs will
10  contend Amazon "coerced" into using its fulfillment services, the specific "coercive tactic"
11  Amazon used, and the products these sellers were supposedly "coerced" into fulfilling through
12  Amazon.   This is not information that Amazon seeks out of mere curiosity; Plaintiffs' full
13  disclosure is necessary for orderly and fair proceedings.  If Amazon moves for summary judgment
14  as to Plaintiffs' claim that Amazon maintained monopoly power by coercing sellers to use its
15  fulfillment services, *see* 2d Am. Compl., Count VI, Plaintiffs will be required to respond with
16  ***evidence*** (not rhetoric) to support their claim.  Provided with a general theory in place of specific
17  facts, Amazon will be unable to target its motion, creating potential for unfair surprise to Amazon
18  and an unwieldy motion practice for the Court.

19      The Court should order Plaintiffs to respond to Interrogatory No. 3.  To the extent Plaintiffs
20  cannot or will not identify specific instances of "coercion," they should be barred from proceeding
21  at summary judgment or trial by offering evidence that any specific seller was "coerced" into using
22  Amazon's fulfillment services.  *See, e.g.*, *Cambridge Electronics Corp. v. MGA Electronics, Inc.*,
23  227 F.R.D. 313, 321 (C.D. Cal. 2004) ("Excluding evidence at trial as a sanction for failure to
24  disclose under Rule 26(e)(2) in a timely fashion is automatic and mandatory unless the party can
25  show the violation is either justified or harmless." (internal quotation omitted)).

26

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 6
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  ## II.    The Court Should Compel Plaintiffs To Respond to Interrogatories 13 and 16.

2          With fact discovery closed and expert disclosures fast approaching, Plaintiffs should be

3  compelled to respond to Interrogatories Nos. 13 and 16.  These interrogatories ask Plaintiffs to

4  identify factors that Amazon permissibly can consider in determining which offers to feature in its

5  store (No. 13), and the remedies Plaintiffs intend to seek if they succeed in proving liability

6  (No. 16).[4]  Plaintiffs have provided no response to any of these requests.

7          In March 2025, Plaintiffs opposed Amazon's motion to compel their responses to these

8  interrogatories on the grounds that they needed "additional information in discovery" from

9  Amazon before they could answer.  ECF No. 434 at 6.  As for Interrogatory No. 13, Plaintiffs

10 pointed specifically to Amazon's then-ongoing production of custodial documents, now long since

11 completed,[5] and suggested that they "may need further information from depositions" to provide

12 initial responses.  ECF No. 434 at 8.  Plaintiffs similarly complained that they were unable to

13 answer Interrogatory No. 16 last March because "Amazon ha[d] not even completed its production

14 of documents and Plaintiffs have not been able to conduct depositions that might touch on

15 information related to potential remedies."  *Id.*  They did not argue that any of these contention

16 interrogatories called for expert discovery. *Id.* at 9-14.  In June, the Court denied Amazon's motion

17 with respect to these interrogatories to give Plaintiffs the opportunity to "review more documents

18 and, if necessary, conduct depositions."  June Order at 12.

19         Since that order, Plaintiffs have taken and reviewed all the discovery they said they needed

20 to provide responses to Interrogatories Nos. 13 and 16.  Amazon has produced millions of

21 documents in response to over 400 requests for production served by Plaintiffs.  Amazon's

22

23 [4] Interrogatory No. 13 asks, "Identify every factor that you believe Amazon permissibly can take into
   account in deciding whether third-party offers should not be 'Featured Offers' in Amazon's store, and
24 Identify the impact upon the marketplace of Amazon withholding 'Featured Offer' status on that basis."
   *Id.* at 31.  Interrogatory No. 16 asks, "Describe each and every remedy and form of relief that You intend
25 to seek in this Action, including, but not limited to, any 'structural remedy.' Compl., Section X."  *Id.* at 36.

26 [5] Amazon agreed to provide "refresh" productions from the files of a subset of document custodians, and
   even those follow-on productions are complete.

production has been substantially complete for well over seven months.  Amazon also has provided

hundreds of pages of detailed interrogatory responses and written answers to Plaintiffs' follow-up

inquiries.  Plaintiffs have taken the depositions of **more than 60** Amazon employees and former

employees, including senior executives and personnel who have had involvement with the policies

and practices challenged in the Complaint.  Plaintiffs have taken an additional 19 hours of

testimony from corporate representatives testifying on Amazon's behalf.  Plaintiffs have likewise

participated in more than **three dozen** third-party depositions, and they received document

productions from many of these witnesses, which include retailers and marketplaces, third-party

logistics providers, and sellers.

Yet when it comes to **their** obligation to provide discovery, Plaintiffs continue to stonewall,

refusing to provide even partial answers to those critical Interrogatories.  To take just one example,

Amazon cannot adequately prepare to assess whether Plaintiffs' proposed approach to featuring

offers in Amazon's store would be harmful to shoppers and unworkable if Amazon does not even

know what alternative, if any, Plaintiffs intend to present at trial. Although they have now long

possessed the specific discovery they invoked in their opposition to avoid answering Amazon's

interrogatories, Plaintiffs have repeatedly moved the goal posts to justify their extraordinary delay

in providing responses. *First*, during the parties' September 11, 2025 conferral, Plaintiffs claimed

they needed deposition testimony from unspecified Walmart personnel before responding to

Interrogatories Nos. 13 and 16.[6]  Ex. 2, J. Pitt Sept. 12, 2025 Ltr. to S. Steinberg, at 2.  *Next*,

Plaintiffs claimed that they could not answer these interrogatories until they took Rule 30(b)(6)

deposition testimony of Amazon—discovery that Plaintiffs did not even request until September

5, 2025.  And *finally*, Plaintiffs most recently claimed that these interrogatories call for "expert

---

[6] Such testimony has no conceivable bearing, for instance, on the remedies that Plaintiffs might seek as to Amazon if they succeed in establishing liability.

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 8
(Case No. 2:23-cv-01495-JHC)

opinion" and thus suggested they would not respond until their expert disclosures are due following the close of fact discovery.[7]

Plaintiffs should be ordered to respond to these two Interrogatories now. The discovery they specifically identified as prerequisite to their ability to respond and referenced by the Court, June Order 11-12, has been completed, and fact discovery closes today. Under these circumstances, any continuing claim that Plaintiffs cannot respond to these Interrogatories is prejudicial to Amazon and contrary to law. *See In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (courts tend to compel responses to contention interrogatories "if discovery almost is complete"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 349 (N.D. Cal. 1985) (compelling responses to contention interrogatories "within 60 days after substantial completion of the document production initiated by plaintiffs['] First [RFPs]").

First, Plaintiffs should be ordered to identify the factors it contends Amazon may take into consideration when deciding which third-party offers to feature, in response to Interrogatory No. 13. A central component of Plaintiffs' case is that Amazon supposedly acts unlawfully by choosing to feature competitively priced third-party offers, a practice in which numerous of its competitors engage. Plaintiffs' challenge begs the question: If, as Plaintiffs would have it, Amazon *must not* consider price (and perhaps other offer characteristics, such as delivery speed) in its product promotion decisions, what *may* it consider? The answer to Amazon's interrogatory bears on how Plaintiffs' case is likely to degrade Amazon's Marketplace by making it more difficult for customers to identify attractive offers. Plaintiffs have taken depositions of numerous Amazon personnel with responsibilities relating to how Amazon determines which offers to feature; even if fact discovery had not already closed, any further discovery on this issue would be of marginal use in view of the information Plaintiffs have obtained through two years of discovery and four years of investigation. They should be ordered to respond.

---

[7] In opposing Amazon's motion to compel, Plaintiffs did not advance any objection that Interrogatories 13 or 16 called for expert information and so Plaintiffs have abandoned that objection.

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

Plaintiffs' recent supplement does not approach a suitable response. Following multiple pages of objections, all Plaintiffs state in "response" is that their views on what factors Amazon may permissibly consider in connection with the featured offer lie somewhere in their response to Interrogatory No. 9. *See* Ex. 5 at 47 ("Plaintiffs have identified in their response to Interrogatory No. 9 potential less restrictive alternatives to Amazon's anti-discounting conduct and incorporate that response by reference here."). That type of broad-stroke cross-referencing is not "responsive to the question"; "[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005); *see also Rumble, Inc. v. Google, LLC*, 2024 WL 3225907, at *2 (N.D. Cal. June 28, 2024) ("The Court believes that it is proper at this stage of the litigation for Rumble to respond separately to each contention interrogatory without cross referencing to a single, lengthy interrogatory response.").

More significantly, Plaintiffs' response to Interrogatory No. 9 contains ***no information*** responsive to Interrogatory No. 13. In their response to Interrogatory No. 9, Plaintiffs posit that Amazon might promote competitive prices by subsidizing seller offers, reducing seller fees by some unidentified amount, or prioritizing competitively priced offers using some undisclosed threshold to be dictated by Plaintiffs. The pitfalls of these "alternatives" notwithstanding, none addresses what offer characteristic Amazon may actually consider in connection with featuring products in its stores. Plaintiffs' approach thus leaves the puzzling impression that they might think that Amazon—a retailer that prioritizes showing customers attractive offers—may not be able to feature offers in any manner.

Second, Plaintiffs should be ordered to disclose the remedies they intend to seek in response to Interrogatory No. 16. In urging the Court to bifurcate liability and remedies, Plaintiffs assured the Court and Amazon that "Plaintiffs' bifurcation proposal does not limit Amazon's ability to explore potential remedies through normal discovery processes." ECF No. 173 at 1. Indeed, they emphasized repeatedly and unequivocally that they "agree[d] that fact discovery

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 10
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    should encompass both liability and remedies issues." *Id.*; *see also* ECF No. 167 at 2, 12.  Plaintiffs

2    acted accordingly for discovery they sought, even moving to compel Amazon to produce

3    documents "relevant to potential remedies."  ECF No. 333 at 7.  But Plaintiffs have not followed

4    through on that representation for purposes of their own obligation to produce discovery.  What

5    Amazon seeks with Interrogatory No. 16 is perhaps the most basic form of remedies discovery—

6    for Plaintiffs to identify the remedies they intend to seek.

7    　　　Yet Plaintiffs continue to refuse to provide that information.  Whereas in response to

8    Interrogatory No. 13 Plaintiffs say nothing, for Interrogatory No. 16 they provide a laundry list of

9    every conceivable potential remedy that may be available to a hypothetical antitrust plaintiff in a

10   hypothetical case.  Their answer is closer to a law student's outline than a factual disclosure

11   provided in discovery.  To illustrate, Plaintiffs state that they might seek: injunctions, with no

12   qualification, of business practices they have challenged; injunctions as to unspecified contracts;

13   "divestiture of all or certain parts of Amazon businesses"; to require "prior notice to Plaintiffs" of

14   unspecified transactions; to require "prior notice to Plaintiffs" of unspecified policy changes;

15   and/or appointment of a court-appointed monitor to oversee these unidentified remedies.  Ex. 5 at

16   48-51.  These vacuous and overinclusive assertions border on parody.  It is deeply troubling that,

17   after an inordinately extensive and burdensome discovery process, Amazon is no closer to

18   understanding the remedies Plaintiffs might in fact seek in connection with their theories of

19   liability than it was seven years ago, when the FTC opened its investigation.  Plaintiffs should be

20   ordered to provide a sufficient and informative response to Interrogatory No. 16.

## CONCLUSION

22   　　　Amazon's motion to compel should be granted.

23   //

24   //

25   //

26   //

DATED:  February 17, 2026

*I certify that this memorandum contains 3,850 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
           molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
           jschmidtlein@wc.com
           khodges@wc.com
           jpitt@wc.com
           ereddington@wc.com
           cmetz@wc.com
           cpruski@wc.com
           ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
           dludwin@cov.com
           kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S SECOND MOTION TO COMPEL
FURTHER RESPONSES TO ITS FIRST SET
OF INTERROGATORIES - 12
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401