THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9  | FEDERAL TRADE COMMISSION, *et al.*,

**CASE NO.: 2:23-cv-01495-JHC**

10 | Plaintiffs,

**PLAINTIFFS' OPPOSITION TO
AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER**

11 | v.

12 | AMAZON.COM, INC., a corporation,

NOTE ON MOTION CALENDAR:
March 10, 2026

13 | Defendant.

14
15
16
17
18
19
20
21
22
23
24

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT ....................................................................................................................... 3

I.      THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" THAT OVERCOME
        PLAINTIFFS' OBJECTION TO THE APPOINTMENT OF A SPECIAL MASTER. .... 3

II.     PLAINTIFFS' MANIPULATION OF EVIDENCE AND SPOLIATION MOTIONS
        ARE DESIGNED TO NOT UNDULY BURDEN THE COURT. .................................. 6

        A.      Plaintiffs' Request for an *In Camera* Review and Privilege Guidance in
                Their Manipulation of Evidence Motion Should Not Unduly Burden the
                Court. ...................................................................................................................... 7

        B.      Plaintiffs' Request for Spoliation Sanctions Should Not Unduly Burden
                the Court ................................................................................................................ 10

III.    THE COURT IS BETTER POSITIONED THAN SPECIAL MASTER LAPORTE TO
        EFFICIENTLY DECIDE PLAINTIFFS' MANIPULATION OF EVIDENCE AND
        SPOLIATION MOTIONS ........................................................................................... 11

IV.     APPOINTING A SPECIAL MASTER WOULD SIGNIFICANTLY PREJUDICE
        PLAINTIFFS WHILE UNFAIRLY BENEFITTING AMAZON .................................. 13

V.      IF THE COURT APPOINTS A SPECIAL MASTER, PLAINTIFFS MUST HAVE THE
        OPPORTUNITY TO PARTICIPATE IN THE SELECTION PROCESS ...................... 14

CONCLUSION .................................................................................................................... 15

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - ii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## <u>TABLE OF AUTHORITIES</u>

2

***Cases***

3

*Am. Motorists Ins. Co. v. Club at Hokuli'a, Inc.*,
    2011 WL 13593392 (D. Haw. Sept. 20, 2011) ......................................................... 14

4

*Brown v. Amazon.com, Inc.*,
    No. 2:22-cv-00965-JHC (W.D. Wash.) .............................................................. 1

5

*Burlington N. R.R. Co. v. Wash. Dep't of Revenue*,
    934 F.2d 1064 (9th Cir. 1991) ....................................................................... 2,11

6

*Cannata v. Wyndham Worldwide Corp.*,
    2012 WL 528224 (D. Nev. Feb. 17, 2012) ............................................................. 4

7

8

*Castellon v. Penn-Ridge Transportation, Inc.*,
    2020 WL 8768456 (C.D. Cal. Mar. 9, 2020) ....................................................... 14

9

*Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*,
    2024 WL 3598580 ....................................................................................... 6

10

*De Coster v. Amazon.com, Inc.*,
    No. 2:21-cv-00693-JHC (W.D. Wash.) ...................................................... *passim*

11

*Dorroh v. Deerbrook Ins. Co.*,
    2012 WL 4364149 (E.D. Cal. Sept. 21, 2012) ...................................................... 8

12

13

*Estakhrian v. Obenstine*,
    2016 WL 6275599 (C.D. Cal. May 17, 2016) ...................................................... 13

14

*Frame-Wilson v. Amazon.com, Inc.*,
    No. 2:20-cv-00424-JHC (W.D. Wash.) ............................................................. 1

15

16

*FTC v. Amazon.com, Inc.*,
    2025 WL 672885 (W.D. Wash. Mar. 3, 2025) ............................................... 7, 8

17

*FTC v. Qualcomm Inc.*,
    2018 WL 3868976 (N.D. Cal. Feb. 24, 2018) ...................................................... 8

18

19

*Hernandez v. Lynch*,
    2019 WL 6998774 (C.D. Cal. June 18, 2019) ..................................................... 12

20

*Highlander Holdings, Inc. v. Fellner*,
    2020 WL 3498174 (S.D. Cal. June 29, 2020) ....................................................... 3

21

22

*In re Grand Jury Investigation*,
    974 F.2d 1068 (9th Cir. 1992) ......................................................................... 7

23

*In re Grand Jury Subpoenas*,
    123 F.3d 695 (1st Cir. 1997) ........................................................................... 9

24

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - iii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*INGfertility, LLC v. Wis. Pharmacal Co.*,
    2009 WL 10674407 (E.D. Wash. Feb. 10, 2009)...................................................6

*La Buy v. Howes Leather Co.*,
    352 U.S. 249 (1957) ...........................................................................................2

*Mardiros v. City of Hope*,
    2020 WL 6106820 (C.D. Cal. July 9, 2020)........................................................4

*Petricevic v. Shin*,
    2020 WL 13855976 (D. Haw. Nov. 17, 2020)...................................................10

*Ross v. Johnson*,
    2023 WL 5333256 (D. Nev. Aug. 18, 2023) .......................................................2

*Saint Alphonsus Health All., Inc. v. Corizon, LLC*,
    2021 WL 2381794 (D. Idaho June 10, 2021) ...................................................11

*Storz Mgmt. Co. v. Carey*,
    2022 WL 2181661 (E.D. Cal. June 16, 2022) ...................................................11

*Zulily LLC v. Amazon.com, Inc.*,
    No. 2:23-cv-01900 (Dec. 31, 2024) ................................................................11

**Rules**

Fed. R. Civ. P. 53.......................................................................................*passim*

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Plaintiffs have filed two motions against Amazon that may significantly reshape the record for trial in this case. Plaintiffs' Motion to Compel the Production of Documents Concerning Amazon's Manipulation of Evidence, Dkt. #604, would force Amazon to produce documents concerning and reflecting its efforts to alter business documents to remove potentially incriminating language, insert Amazon's legal justifications in the guise of business judgments, and scrub discussions of sensitive topics, all under the cloak of privilege. Plaintiffs' Motion for Spoliation Sanctions, Dkt. #598, asks the Court to adopt an adverse inference and bar Amazon from relying on certain evidence in order to prevent Amazon from benefitting from its intentional spoliation of evidence, including its years-long practice of deliberately deleting "raw" meeting notes. Amazon now attempts to avoid scrutiny from the Court, delay the resolution of these issues, and impose costs on Plaintiffs by having the Manipulation of Evidence and Spoliation motions referred to Special Master Elizabeth D. Laporte, based largely on Special Master Laporte's limited role in the related Private Plaintiff cases.[1] In doing so, Amazon grossly exaggerates the scope of the document-specific review Plaintiffs have requested and inaccurately claims that Plaintiffs have asked the Court to "oversee" Amazon's privilege re-review.[2] Dkt. #618 ("Mot.") at 5.

The Court should deny Amazon's motion for four reasons. First, Amazon has not met its burden to show any "exceptional circumstances" sufficient to overcome Plaintiffs' objection to

---

[1] *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.); *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); and *Brown v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.).

[2] Though Amazon addresses the substance of the Manipulation of Evidence and Spoliation motions, *see* Mot. at 2-3, Plaintiffs are not responding to those arguments here, as they are irrelevant to whether a special master should be appointed. Plaintiffs will respond in their reply briefs.

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    the appointment of a special master. Second, Plaintiffs' Manipulation of Evidence and Spoliation

2    motions are designed to avoid any undue burden on the Court. Third, the Court is much better

3    positioned than Special Master Laporte to efficiently decide the broad, high-level legal issues

4    presented in Plaintiffs' motions. Fourth, appointing a special master at this time would

5    significantly prejudice Plaintiffs while unfairly benefiting Amazon.

6                                      **LEGAL STANDARD**

7           Where a party objects to the appointment of a special master, "a court may appoint a

8    master only to . . . address pretrial and posttrial matters that cannot be effectively and timely

9    addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P.

10   53(a)(1)(C). A district court should appoint a special master only in "***exceptional***

11   ***circumstances***." *Burlington N. R.R. Co. v. Wash. Dep't of Revenue*, 934 F.2d 1064, 1072 (9th

12   Cir. 1991) (emphasis added); *see id.* at 1071 (explaining that referrals to a special master "shall

13   be the exception and not the rule," and that courts "strictly apply Rule 53(b) to require a showing

14   of exceptional conditions to justify [an] appointment."). "The Advisory Committee notes to Rule

15   53 instruct that a pretrial special master 'should be appointed only when the need is clear.'" *Ross*

16   *v. Johnson*, 2023 WL 5333256, at *1 (D. Nev. Aug. 18, 2023) (quoting Fed. R. Civ. P. 53

17   advisory committee's note to 2003 amendment) (citing *La Buy v. Howes Leather Co.*, 352 U.S.

18   249, 259 (1957) (noting that special masters are to be used sparingly and only when the use of

19   the court's time is not justified)).

20          When appointing a special master, "the court must consider the fairness of imposing the

21   likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R.

22   Civ. P. 53(a)(3).

23

24

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# ARGUMENT

## I.     THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" THAT OVERCOME PLAINTIFFS' OBJECTION TO THE APPOINTMENT OF A SPECIAL MASTER.

Appointing a special master as a "discovery referee should not be the first resort," *Highlander Holdings, Inc. v. Fellner*, 2020 WL 3498174, at *9 (S.D. Cal. June 29, 2020), especially where there are no exceptional circumstances justifying the appointment. Plaintiffs' Manipulation of Evidence and Spoliation motions involve high-level issues that may significantly reshape the evidentiary record for trial—not the run-of-the-mill, fact-specific discovery issues typically assigned to special masters.

Plaintiffs' Manipulation of Evidence Motion shows that Amazon is engaged in an ongoing pattern of privilege abuse and seeks to compel the production of documents improperly withheld or redacted in connection with Amazon's "P&C Protocol," so that the Court can decide this matter based on a full factual record. *See* Dkt. #604. Plaintiffs' Spoliation motion explains how Amazon has improperly destroyed meeting notes and mobile messages and seeks relief to address any advantage Amazon would draw from intentionally destroying evidence. *See* Dkt. #598.

Neither of Plaintiffs' motions require, as Amazon contends, "guidance on line-by-line redactions contained within documents." Mot. 8. Plaintiffs' Manipulation of Evidence motion asks the Court to rule on a broad course of privilege abuse, informed by a narrow *in camera* review, and to conduct a later, even narrower *in camera* review to ensure that Amazon has followed the Court's orders. Dkt. #604 at 23-25. Plaintiffs' Spoliation motion asks the Court to judge whether Amazon has intentionally spoliated evidence and to impose an appropriate remedy. Dkt. #598 at 19-20. While both motions will require the Court to assess documents—as

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 3
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   is the case for many, if not most, motions at this stage in litigation—they reach far beyond

2   individual documents and raise broader, case-wide issues.

3          Neither of the two cases Amazon cites where a special master was appointed over one

4   party's objections involved anything similar to the broad issues raised in Plaintiffs' motions. *See*

5   Mot. 4. In *Mardiros v. City of Hope*, 2020 WL 6106820 (C.D. Cal. July 9, 2020), the court

6   appointed a special master to rule on discovery issues primarily because the plaintiff raised "a

7   whole slew of new [discovery] issues," and failed to explain how a special master would cause

8   "undue delay." *Id.* at *3-4. The parties identified a list of "twenty-five upcoming disputes for

9   which they anticipated seeking the Court's intervention," soon, *id.* at *3, including: disputes

10  about search terms and ESI search methods; various disputes about specific requests for

11  production, including about the sufficiency and timing of the defendant's productions; disputes

12  about the defendants' responses to interrogatories and requests for admission; discrete privilege

13  disputes, including certain privilege log entries and a claim that the defendant's log was

14  deficient; disputes about depositions; confidentiality designations; disputes about documents

15  concerning the plaintiff's attorney fees; the number of requests for admission served by plaintiff;

16  and the scope of the plaintiff's damages claims. *Mardiros*, No. 2:19-cv-02196 (C.D. Cal. June

17  15, 2020), Dkt. #107; *Mardiros*, No. 2:19-cv-02196 (C.D. Cal. June 15, 2020), Dkt. #106.

18  Plaintiffs' motions do not involve anything like this shotgun blast of scattered disputes: instead,

19  they raise high-level and far-reaching but focused disputes about Amazon's discovery conduct.

20  Amazon's other cited case is even less applicable here. In *Cannata v. Wyndham Worldwide*

21  *Corp.*, 2012 WL 528224, at *2 (D. Nev. Feb. 17, 2012), the court appointed a special master to

22  "review and approve search terms" so that "ESI discovery can be completed in a timely fashion."

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    In the Private Plaintiff cases, Special Master Laporte has not been involved in the types

2 of broad, case-wide issues raised by Plaintiffs' motions. Instead, pursuant to an agreement

3 between the parties, the Court limited her authority to the following discovery matters:[3]

4        a.  Whether **specific** documents that Amazon has redacted or fully withheld on the
            basis of attorney-client privilege and/or the attorney work product doctrine are
5           privileged;

6        b.  Whether Amazon's redactions for attorney-client privilege and/or attorney work
            product comply with the applicable legal standards;
7
         c.  Whether Amazon has waived privilege over **specific** documents; [and]
8
         d.  If applicable, whether Amazon has made a showing of inadvertent production for
9           any documents it seeks to claw back as inadvertently produced.

10 *De Coster*, No. 2:21-cv-00693-JHC (W.D. Wash. July 7, 2025), Dkt. #381 at ¶ 8 (emphasis

11 added). Neither of Plaintiffs' motions falls within these parameters. While Plaintiffs'

12 Manipulation of Evidence motion asks the Court to review a sample of documents to inform a

13 broader assessment of Amazon's privilege abuse, Plaintiffs' privilege challenge is not limited to

14 those documents. Likewise, Plaintiffs' request that the Court review a small sample of

15 documents after Amazon completes a Court-ordered privilege review is to verify that Amazon

16 has finally applied the correct legal standard for privilege: it does not reflect a dispute concerning

17 only the reviewed documents. And Plaintiffs' Spoliation motion does not call for any document-

18 by-document review, other than an assessment of the evidence identified in the parties' briefing.[4]

19

20 _____

21 [3] In its summary of "[t]he circumstances that led to the appointment of the Special Master," Mot.
7, Amazon fails to note that Private Plaintiffs proposed the appointment of a special master and
Amazon agreed. *De Coster*, Dkt. #189 (Plaintiff's Motion for Appointment of a Special Master);
22 *De Coster*, Dkt. #385 (Stipulated Motion re Appointment of a Special Master).

23 [4] To the extent Amazon argues in its forthcoming opposition that an *in camera* review or other
in-depth fact-finding assessment is necessary to decide Plaintiffs' Spoliation motion, that is an
24 issue raised by Amazon's defense, rather than Plaintiffs' motion, and Plaintiffs will address it in
their reply brief.

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    There are no "exceptional circumstances" that justify the appointment of a special master.

2    Given the significance of the issues raised by Plaintiffs' motions and their potential impact on

3    this case, Plaintiffs respectfully submit that the Court is best positioned to address both motions

4    in the first instance. *See generally Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr.*

5    *Series AHP Servicing*, 2024 WL 3598580, at *3 (explaining that while "special masters may

6    oversee pretrial discovery *by ensuring compliance with the Court's discovery orders*," the court

7    could not delegate substantive issues bearing on liability, such as contract interpretation)

8    (emphasis added). Having the Court directly address both motions may also make future

9    proceedings in this case more efficient. *See INGfertility, LLC v. Wis. Pharmacal Co.*, 2009 WL

10    10674407, at *1 (E.D. Wash. Feb. 10, 2009) ("The court will be better equipped to rule on future

11    substantive and evidentiary issues, including possible sanctions, by maintaining a working

12    familiarity with the discovery issues of the case and the conduct of counsel and the parties.").

13    **II.    PLAINTIFFS' MANIPULATION OF EVIDENCE AND SPOLIATION MOTIONS
          ARE DESIGNED TO NOT UNDULY BURDEN THE COURT.**

14

15        Amazon wildly exaggerates the scope of the *in camera* review requested in Plaintiffs'

16    Manipulation of Evidence motion, portraying it as an insurmountable task and claiming that

17    Plaintiffs have asked the Court to "oversee" Amazon's privilege re-review. *See* Mot. 5. Amazon

18    is wrong. Far from requiring "an extensive and time-intensive process," *id.*, Plaintiffs have

19    tailored their motion to avoid any undue burden on the Court. The Court also has the discretion

20    to narrow the scope of any *in camera* review as it sees fit. Likewise, Plaintiffs' Spoliation

21    motion, contrary to Amazon's arguments, *id.* at 8, does not require any *in camera* review. In

22    sum, Plaintiffs' motions will not unduly burden the Court or warrant the appointment of a special

23    master.

24

**A.    Plaintiffs' Request for an *In Camera* Review and Privilege Guidance in Their Manipulation of Evidence Motion Should Not Unduly Burden the Court.**

In their Manipulation of Evidence Motion, Plaintiffs have requested: (1) an *in camera* review of seven clawed-back documents submitted with the motion, Dkt. #604 at 14; (2) an *in camera* review of 100 discrete documents identified in the motion, if the Court finds that review necessary or if the Court reaches the issue of the crime-fraud exception, *id.* at 12, 20; (3) an order for Amazon to conduct a "comprehensive privilege re-review pursuant to the appropriate legal standard" with the "threat of sanctions," *id.* at 24; and (4) a subsequent *in camera* review of a sample of 50 documents to validate Amazon's privilege re-review. *See id.* at 23-25.

An *in camera* review is "an acceptable means to determine whether disputed materials fit within the privilege." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992); *see also FTC v. Amazon.com, Inc.*, ("Prime Case"), 2025 WL 672885, at *2 (W.D. Wash. Mar. 3, 2025) (Chun, J.). Plaintiffs present their factual basis showing "a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged" in their Manipulation of Evidence motion. *See In re Grand Jury Investigation*, 974 F.2d at 1074.

This is Plaintiffs' first request for an *in camera* review in this matter, and the Court has conducted several *in camera* reviews in other cases where Amazon is a defendant, without referring those disputes to a special master. *See De Coster*, Dkt. #302 (85 documents); *Prime Case*, Dkts. #179 at 18-19 (17 documents), #196 (6 documents); *Prime Case*, 2025 WL 821890, at *5 (W.D. Wash. Mar. 14, 2025) (9 documents). An *in camera* review will not be more burdensome in this case than in those matters, and may actually be less burdensome given the Court's experience with Amazon's documents and privilege claims. In addition, the Court may in its discretion review fewer documents, for instance if the *in camera* review quickly establishes that Amazon has been applying the wrong legal standards.

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1        Amazon strains to portray Plaintiffs' request for an order compelling Amazon to re-

2   review its privilege claims as burden on the *Court*, rather than on Amazon. *See* Mot. 5. That

3   attempt is misguided at best. It is common for courts to provide specific guidance on legal

4   standards governing discovery without having to supervise the application of those standards in

5   detail. *See, e.g.*, *FTC v. Qualcomm Inc.*, 2018 WL 3868976, at *2 (N.D. Cal. Feb. 24, 2018)

6   (denying appointment of special master because the court "may effectively address these

7   [privilege] concerns directly," ordering Qualcomm to re-review thousands of privilege claims

8   and to produce all "improvidently withheld documents"); *Dorroh v. Deerbrook Ins. Co.*, 2012

9   WL 4364149, at *10 (E.D. Cal. Sept. 21, 2012) (denying request for "discovery referee," but

10  setting forth explicit guidelines for deposition conduct and advising counsel that "failure to

11  follow these guidelines will result in the probability of heavy sanctions against the offending

12  attorney or party"). In fact, Amazon agreed to a near-identical re-review less than a year ago in

13  the *Prime Case*, after the FTC moved for sanctions due to Amazon's abuse of privilege. *See*

14  *Prime Case*, Dkt. #302 at 4 (Amazon's Response to FTC's Motion for Sanctions). Amazon

15  conceded that it had not applied the appropriate privilege standard, *see id.* at 4, and agreed to re-

16  review 76,676 documents on an "accelerated timeframe" within four months, in light of "several

17  rulings" from the Court "clarifying its view on privilege in mixed legal and business

18  communications," *id.*; *see also Prime Case*, Dkt. #303 (Rippey Decl.), at ¶ 8. That re-review

19  proved to be crucial to the factual record, as Amazon subsequently produced 69,909

20  documents—downgrading over *90 percent* of its privilege claims. *Prime Case*, 2025 WL

21  1907413, at *2 (W.D. Wash. July 10, 2025) (granting FTC's motion for sanctions).

22       At no point in the *Prime Case* did Amazon argue that the FTC's requested re-review was

23  too vast and required a special master, or that it imposed an undue burden on the Court. Further,

24  the *Prime Case* shows that a re-review will not be unduly burdensome for Amazon: if Amazon

---

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    could re-review more than 76,000 privilege claims in four months in the *Prime Case*, it can

2    plainly complete a faster re-review of the approximately 39,000 documents at issue here.[5]

3         Amazon claims that Plaintiffs' requested *in camera* review will require the Court to

4    reconsider its privilege rulings in the Private Plaintiff cases. *See* Mot. 6. There may be some

5    overlap between related cases—which exists whether or not the Court appoints a special

6    master—but Amazon has not shown that there is any significant issue here. Amazon's argument

7    is based on *one* document the Court previously reviewed for privilege in the Private Plaintiff

8    cases, *id.*, and *one* additional document that Special Master Laporte reviewed in the same cases.[6]

9    *Id.* The minimal overlap between privilege disputes in this case and in the Private Plaintiffs cases

10   does not come close to establishing the "exceptional circumstances" justifying the appointment

11   of a special master. Further, Plaintiffs are entitled to a decision from the Court on their distinct

12   arguments. The document reviewed solely by Special Master Laporte was not escalated for the

13   Court's consideration, and Plaintiffs here are raising different arguments than the Private

14   Plaintiffs did.

15        Finally, Amazon argues that Plaintiffs' motions must be "resolved quickly" given that the

16   parties are "now moving into expert discovery." Mot. 5. While Plaintiffs are hopeful that the

17   Court will be able to resolve their motions as soon as is practicable, there is no connection

18   between the motions and the parties' expert discovery deadlines. There is enough time for the

19

20   [5] Amazon relies on *In re Grand Jury Subpoenas*, 123 F.3d 695, 699-700 (1st Cir. 1997) to argue
that the Court cannot make a "broad finding" that Amazon's privilege claims are unsupported

21   "without a more comprehensive review of the documents involved." Dkt. #618 at 5. However, in
that case, "an *in camera* review of the documents was never conducted." *In re Grand Jury*

22   *Subpoenas*, 123 F.3d at 700. Here, an *in camera* review will inform the Court's decision about
whether Amazon has abused privilege and whether a privilege re-review is warranted, and will

23   allow the Court to provide specific guidance for that re-review.

24   [6] Amazon appears to be referring to *De Coster*, Dkt. #605-23, rather than Dkt. #605-16. *See* Mot.
6.

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Court to address and resolve the motions, given that trial in this matter is over a year away. *See*

2   Dkt. #577.

3       **B.    Plaintiffs' Request for Spoliation Sanctions Should Not Unduly Burden the
            Court.**

4       Amazon cannot show that Plaintiffs' Spoliation motion would unduly burden the Court if

5   it is not referred to a special master. Mot. 6; *see also Petricevic v. Shin*, 2020 WL 13855976, at

6   *2 (D. Haw. Nov. 17, 2020). Amazon argues that the Spoliation motion requires "factual

7   findings as to particular documents," Mot. 6, and that Plaintiffs' motions are "intertwined." *Id.*

8   Both arguments fail.

9       First, Plaintiffs' Spoliation motion does not require any *in camera* review. The core

10  factual issues relevant to that motion—whether Amazon had a duty to preserve evidence,

11  whether that evidence has been lost and cannot be restored or replaced through additional

12  discovery, whether Plaintiffs have been prejudiced as a result, and whether Amazon acted with

13  "the intent to deprive another party of the information's use in the litigation"—can be decided

14  based on the parties' submissions to the Court. *See* Dkt. #598 at 9-10.

15      Second, although Plaintiffs' Manipulation of Evidence and Spoliation motions are

16  related, in that they both address Amazon's efforts to sanitize and conceal evidence from

17  Plaintiffs and the Court, they are independent motions. The Spoliation motion refers to the

18  Manipulation of Evidence motion when discussing Amazon's efforts to sanitize documents, Dkt.

19  #598 at 1 n.1, 13-14, 16, and the Manipulation of Evidence motion notes that "[s]poliation issues

20  are addressed in a separate motion," Dkt. #604 at 3, but both motions stand on their own. As a

21  result, the Court can decide the Spoliation motion without any *in camera* review.

22

23

24

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

III.    **THE COURT IS BETTER POSITIONED THAN SPECIAL MASTER LAPORTE TO EFFICIENTLY DECIDE PLAINTIFFS' MANIPULATION OF EVIDENCE AND SPOLIATION MOTIONS.**

Amazon argues that Special Master Laporte is better suited than the Court to decide Plaintiffs' Manipulation of Evidence and Spoliation motions because she has already reviewed some Amazon privilege claims in the Private Plaintiff cases. Mot. 6-8. However, Plaintiffs' motions present new, overarching questions that the Court has not yet addressed and is better positioned to decide.

This Court is much more familiar with the issues and factual record in this matter than Special Master Laporte, or any potential special master. *See Burlington,* 934 F.2d at 1072. ("[I]n light of the judge's familiarity with the cases and experience in the area, he could dispose of the cases more efficiently than anyone else."). The Court has overseen this matter since its filing in September 2023 and held nine regular status conferences with the parties, several of which have involved disputed issues. *See* Dkts. #135, #246, #273, #355, #429, #484, #527, #564, #630. The Court has ruled on Amazon's Motion to Dismiss, Dkt. #289, and Amazon's Motion for Judgment on the Pleadings, Dkt. #463, held an Economics Day hearing and received pre-hearing submissions from the parties, Dkts. #426, #427, #429, and has decided several discovery disputes, Dkts. #324, #329, #389, #488, #540, #588. There is little benefit to appointing a special master now, at the end of fact discovery. *See, e.g.*, *Storz Mgmt. Co. v. Carey*, 2022 WL 2181661, at *7 (E.D. Cal. June 16, 2022) ("The Court has effectively and timely ruled on multiple discovery disputes in this case thus far"); *Saint Alphonsus Health All., Inc. v. Corizon, LLC*, 2021 WL 2381794, at *12 (D. Idaho June 10, 2021) (finding "little need to appoint a discovery master at this stage where much of the discovery in this case has already concluded.").

This Court also has relevant experience from related cases, having ruled on a motion for class certification in *De Coster*, Dkt. #420, a motion to dismiss in *Zulily LLC v. Amazon.com,*

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Inc.*, No, 2:23-cv-01900, Dkt. #46 (Dec. 31, 2024) (Chun, J.), and several privilege disputes in the Private Plaintiff and *Prime* cases, including following *in camera* reviews. *See supra*, at 7.

Special Master Laporte, by contrast, has only had limited involvement: she has reviewed fifteen documents for privilege determinations, and has focused more on line-by-line redactions of small batches of documents rather any higher-level issues or guidance. *De Coster*, Dkts. #441-4 (reviewing 3 documents); #441-5 (3 documents); #441-7 (3 documents); #441-8 (4 documents) ; #441-10 (1 document); #441-11 (1 document). Special Master Laporte has also not considered any spoliation issues, which would be beyond the scope of her appointment. Amazon has not made any showing that referring spoliation issues to Special Master Laporte would be efficient, relying instead on a cursory claim that she could help decide "the factual underpinnings of preservation disputes and help to resolve or narrow those disputes." Mot. 10.[7]

Overall, the Court is best-positioned to decide Plaintiffs' Manipulation of Evidence and Spoliation motions. The Court has more experience with the issues relevant to this case and specifically has more experience with Amazon's privilege claims in related cases. The Court is also in a better position to rule on the broader issues raised in Plaintiffs' motions, which do not entail document-by-document challenges or line-by-line redactions.

Finally, having the Court directly decide Plaintiffs' motions will be more efficient. It is highly likely that any decisions by a special master on those motions will be appealed to the Court, at which point the Court would need to engage in a *de novo* review of both factual findings and legal conclusions. *See* Fed. R. Civ. P. 53(f)(3) & (4); *see, e.g.*, *Hernandez v. Lynch*,

---

[7] Amazon also accuses Plaintiffs of changing its negotiation positions in the meet-and-confers leading up to filing the two motions. Mot. 9-10. However, the communications between the parties show that Plaintiffs have remained consistent in the relief requested in the two motions. *See* Dkt. #607-14 (email communications between Plaintiffs and Amazon requesting that Amazon conduct a comprehensive privilege re-review and stipulate to an adverse inference as to spoliated documents).

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

2019 WL 6998774, at *2 (C.D. Cal. June 18, 2019) ("The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed *de novo*") (citations omitted); *Estakhrian v. Obenstine*, 2016 WL 6275599, at *1 (C.D. Cal. May 17, 2016) (court conducted *de novo* review of special master's order granting motion for discovery sanctions). Appointing a special master will thus inevitably be less efficient and delay a decision on Plaintiffs' motions.

## IV. APPOINTING A SPECIAL MASTER WOULD SIGNIFICANTLY PREJUDICE PLAINTIFFS WHILE UNFAIRLY BENEFITTING AMAZON.

"In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). Here, appointing a special master would prejudice Plaintiffs by forcing Plaintiffs—government law enforcement agencies, funded by the American taxpayers—to bear significant costs to challenge Amazon's systemic abuse of privilege. In the Private Plaintiff cases, Amazon appears to have repeatedly gamed the fee-shifting procedures agreed to between the parties by withdrawing privilege claims *only* after Private Plaintiffs have submitted challenges to the Special Master. The result is that Amazon can assert privilege without any risk and withdraw weak or unfounded claims when challenged, and shift a higher proportion of costs to Private Plaintiffs—after forcing Private Plaintiffs to bring document-by-document challenges. *See, e.g.*, *De Coster*, Dkts. #441-4 (downgrading 6 out of 13 documents); #441-5 at 4 (downgrading 8 out of 19 documents); #441-10 at 4 (downgrading 10 out of 11 documents). That approach is time-consuming, expensive for plaintiffs, and lets Amazon improperly withhold documents until the last minute, with few consequences. The Court should not impose that procedure here.

Plaintiffs' Manipulation of Evidence Motion aims to avoid this scenario by asking the Court to rule on Amazon's overall misuse of privilege and then order Amazon to conduct a full

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   re-review. Plaintiffs then ask that the Court review a sample of 50 documents Amazon maintains

2   are privileged, chosen by Plaintiffs. If Amazon withdraws its privilege claims over any of those

3   documents, Plaintiffs ask that the Court review them nonetheless. *See* Dkt. #604 at 23-25; Dkt.

4   #604-1 (Proposed Order). That will allow the Court to see what documents Amazon claimed

5   were privileged until they were challenged—and thus allow the Court to gauge whether Amazon

6   conducted an appropriate re-review or whether Amazon is improperly withholding other

7   documents. This process should disincentivize Amazon from engaging in further gamesmanship

8   on its privilege claims.

9       Amazon's argument that "[c]ourts have appointed special masters over parties' expense

10  concerns," Mot. 11, relies on cases that are inapposite. In those cases, the cost of a special master

11  was the primary reason for the objection to one being appointed. *See Am. Motorists Ins. Co. v.*

12  *Club at Hokuli'a, Inc.*, 2011 WL 13593392, at *1-2 (D. Haw. Sept. 20, 2011) ( "1 terabyte of e-

13  discovery" necessitated a special master despite the "proposed expenses associated therewith");

14  *Mardiros*, 2020 WL 6106820 at *1 (plaintiff provided no evidence that special master costs

15  "would pose a financial hardship"). Here, Plaintiffs object to the appointment of a special master

16  both for its expense and for the other harms described in this brief. The Court should consider all

17  of these harms under Rule 53.

18  **V.    IF THE COURT APPOINTS A SPECIAL MASTER, PLAINTIFFS MUST HAVE
        THE OPPORTUNITY TO PARTICIPATE IN THE SELECTION PROCESS.**

19

20      Under Rule 53(b)(1), "[t]o warrant the appointment of a special master . . . , the parties

21  must have notice and an opportunity to be heard." *Castellon v. Penn-Ridge Transportation, Inc.*,

22  2020 WL 8768456, at *3 (C.D. Cal. Mar. 9, 2020) (citing Fed. R. Civ. P. 53(b)(1)). Plaintiffs did

23  not have an opportunity to be heard in the appointment of Special Master Laporte in the Private

24  Plaintiff cases. Amazon could have proposed an appointment across related cases, but chose not

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  to do so—possibly because it did not know who the Court would appoint. If the Court decides to

2  appoint a special master, Plaintiffs request an opportunity to submit candidates for the Court's

3  consideration.

4                                  **<u>CONCLUSION</u>**

5        For the foregoing reasons, Plaintiffs respectfully request the Court deny Amazon's

6  Motion to Appoint a Special Master, Dkt. #618.

7  Dated: March 3, 2026                    Respectfully submitted,

8                                          *s/ Olivia Jerjian*
                                           EDWARD H. TAKASHIMA (DC Bar # 1001641)
9                                          OLIVIA JERJIAN (DC Bar # 1034299)
                                           CAROLINE N. HOLLAND (NY Reg. # 4487815)
10                                         SHIRA A. STEINBERG (NY Reg. # 5695580)

11                                         Federal Trade Commission
                                           600 Pennsylvania Avenue, NW
12                                         Washington, DC 20580
                                           Tel.:   (202) 326-2464 (Takashima)
13                                         Email: etakashima@ftc.gov
                                                   ojerjian@ftc.gov
14                                                 cholland@ftc.gov
                                                   ssteinberg1@ftc.gov

15
                                           *Attorneys for Plaintiff Federal Trade*
16                                         *Commission*

17                                         I certify that this memorandum contains 4,194
                                           words, in compliance with LCR 7.
18

19

20

21

22

23

24

PLS.' OPP. TO AMAZON'S MOTION TO
APPOINT A SPECIAL MASTER - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   s/ Michael Jo                                    s/ Timothy D. Smith
    Michael Jo (admitted pro hac vice)               Timothy D. Smith, WSBA No. 44583
2   Assistant Attorney General, Antitrust Bureau     Attorney-in-Charge
    Office of the New York State Attorney            Economic Justice Section
3   General                                          Oregon Department of Justice
    28 Liberty Street                                100 SW Market St
4   New York, NY 10005                               Portland, OR 97201
    Telephone: (212) 416-6537                        Telephone: (503) 934-4400
5   Email: Michael.Jo@ag.ny.gov                      Email: tim.smith@doj.oregon.gov
    Counsel for Plaintiff State of New York          Counsel for Plaintiff State of Oregon
6
    s/ Nicole Demers                                 s/ Jennifer A. Thomson
7   Nicole Demers (admitted pro hac vice)            Jennifer A. Thomson (admitted pro hac vice)
    Assistant Attorney General                       Senior Deputy Attorney General
8   Office of the Attorney General of                Pennsylvania Office of Attorney General
    Connecticut                                      Strawberry Square, 14th Floor
9   165 Capitol Avenue                               Harrisburg, PA 17120
    Hartford, CT 06016                               Telephone: (717) 787-4530
10  Telephone: (860) 808-5030                        Email: jthomson@attorneygeneral.gov
    Email: Nicole.Demers@ct.gov                      Counsel for Plaintiff Commonwealth of
11  Counsel for Plaintiff State of Connecticut       Pennsylvania

12  s/ Alexandra C. Sosnowski                        s/ Michael A. Undorf
    Alexandra C. Sosnowski (admitted pro hac         Michael A. Undorf (admitted pro hac vice)
13  vice)                                            Deputy Attorney General
    Senior Assistant Attorney General               Delaware Department of Justice
14  Consumer Protection and Antitrust Bureau         820 N. French St., 5th Floor
    New Hampshire Department of Justice              Wilmington, DE 19801
15  Office of the Attorney General                   Telephone: (302) 683-8816
    One Granite Place South                          Email: michael.undorf@delaware.gov
16  Concord, NH 03301                                Counsel for Plaintiff State of Delaware
    Telephone: (603) 271-2678
17  Email: Alexandra.c.sosnowski@doj.nh.gov          s/ Christina M. Moylan
    Counsel for Plaintiff State of New Hampshire     Christina M. Moylan (admitted pro hac vice)
18                                                   Assistant Attorney General
    s/ Christopher J. Campbell                       Chief, Consumer Protection Division
19  Christopher J. Campbell (admitted pro hac        Office of the Maine Attorney General
    vice)                                            6 State House Station
20  Assistant Attorney General                       Augusta, ME 04333-0006
    Office of the Oklahoma Attorney General          Telephone: (207) 626-8800
21  313 N.E. 21st Street                             Email: christina.moylan@maine.gov
    Oklahoma City, OK 73105                          Counsel for Plaintiff State of Maine
22  Telephone: (405) 522-0858
    Email: Chris.Campbell@oag.ok.gov
23  Counsel for Plaintiff State of Oklahoma

24

1  *s/ Schonette Walker*
   Schonette Walker (admitted *pro hac vice*)
2  Assistant Attorney General
   Chief, Antitrust Division
3  Office of the Maryland Attorney General
   200 St. Paul Place
4  Baltimore, MD 21202
   Telephone: (410) 576-6473
5  Email: swalker@oag.state.md.us
   *Counsel for Plaintiff State of Maryland*
6
   *s/ Katherine W. Krems*
7  Katherine W. Krems (admitted *pro hac vice*)
   Assistant Attorney General, Antitrust Division
8  Office of the Massachusetts Attorney General
   One Ashburton Place, 18th Floor
9  Boston, MA 02108
   Telephone: (617) 963-2189
10 Email: katherine.krems@mass.gov
   *Counsel for Plaintiff Commonwealth of*
11 *Massachusetts*

12 *s/ Scott A. Mertens*
   Scott A. Mertens (admitted *pro hac vice*)
13 Assistant Attorney General
   Michigan Department of Attorney General
14 525 West Ottawa Street
   Lansing, MI 48933
15 Telephone: (517) 335-7622
   Email: MertensS@michigan.gov
16 *Counsel for Plaintiff State of Michigan*

17 *s/ Zach Biesanz*
   Zach Biesanz (admitted *pro hac vice*)
18 Senior Enforcement Counsel
   Office of the Minnesota Attorney General
19 445 Minnesota Street, Suite 1400
   Saint Paul, MN 55101
20 Telephone: (651) 757-1257
   Email: zach.biesanz@ag.state.mn.us
21 *Counsel for Plaintiff State of Minnesota*

22

23

24

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Anthony R. Juzaitis*
Anthony R. Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

1  *s/ Alexander Carnevale*
   Alexander Carnevale (admitted *pro hac vice*)
2  Special Assistant Attorney General
   Rhode Island Office of the Attorney General
3  150 South Main Street
   Providence, RI 02903
4  Telephone: (401) 274-4400
   Email: acarnevale@riag.ri.gov
5  *Counsel for Plaintiff State of Rhode Island*

6  *s/ Sarah L.J. Aceves*
   Sarah L.J. Aceves (admitted *pro hac vice*)
7  Assistant Attorney General
   Public Protection Division
8  Vermont Attorney General's Office
   109 State Street
9  Montpelier, VT 05609
   Telephone: (802) 828-3170
10 Email: Sarah.Aceves@vermont.gov
   *Counsel for Plaintiff State of Vermont*
11
   *s/ Caitlin M. Madden*
12 Caitlin M. Madden (admitted *pro hac vice*)
   Assistant Attorney General
13 Wisconsin Department of Justice
   Post Office Box 7857
14 Madison, WI 53707-7857
   Telephone: (608) 267-1311
15 Email: caitlin.madden@wisdoj.gov
   *Counsel for Plaintiff State of Wisconsin*

16

17

18

19

20

21

22

23

24