1

2

THE HONORABLE JOHN H. CHUN

3

4

5

6

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9    FEDERAL TRADE COMMISSION, *et al.*,

CASE NO.: 2:23-cv-01495-JHC

Plaintiffs,

10

v.

11   AMAZON.COM, INC., a corporation,

12                    Defendant.

**PLAINTIFFS' OPPOSITION TO
AMAZON'S SECOND MOTION TO
COMPEL FURTHER RESPONSES TO
ITS FIRST SET OF
INTERROGATORIES**

NOTE ON MOTION CALENDAR:
March 10, 2026

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 5

BACKGROUND .................................................................................................................. 6

ARGUMENT ....................................................................................................................... 7

I.    AMAZON'S DISSATISFACTION WITH THE SUBSTANCE OF PLAINTIFFS'
      RESPONSE TO INTERROGATORY NO. 3 DOES NOT MAKE IT DEFICIENT ........ 7

II.   PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 13 IS SUFFICIENT IN
      LIGHT OF APPLICABLE LAW ................................................................................. 13

III.  PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 16 IS SUFFICIENT IN
      LIGHT OF THE COURT'S BIFURCATION ORDER ................................................. 15

CONCLUSION ................................................................................................................... 16

## TABLE OF AUTHORITIES

*Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*,
   297 F.R.D. 611 (D. Kan. 2014)..................................................................12

*FTC v. Meta Platforms, Inc.*,
   2025 WL 3458822 (D.D.C. Dec. 2, 2025)................................................16

*FTC v. Qualcomm, Inc.*,
   969 F.3d 974 (9th Cir. 2020)....................................................................14

*Heilman v. Silva*,
   2015 WL 1632693 (S.D. Cal. Apr. 13, 2015) ............................................8

*Heilman v. Vojkufka*,
   2011 WL 677877 (E.D. Cal. Feb. 17, 2011) ..............................................9

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*,
   466 U.S. 2 (1984) ....................................................................................11

*Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*
   2023 WL 5177501 (N.D. Ill. Aug. 11, 2023) ..........................................16

*Long v. Amazon.com Services LLC*,
   2023 WL 6127301 (W.D. Wash. Sept. 19, 2023) .....................................10

*Massachusetts v. Microsoft Corp.*,
   373 F.3d 1199 (D.C. Cir. 2004) ...............................................................13

*McWane Inc. v. FTC*,
   783 F.3d 814 (11th Cir. 2015) ..................................................................11

*Muller v. Syndicated Office Sys., LLC*,
   2018 WL 2765535 (W.D. Wash. June 8, 2018) ........................................12

*Ohio v. Am. Express Co.*,
   585 U.S. 529 (2018) ................................................................................14

*PLS.com v. Nat'l Ass'n of Realtors*,
   32 F.4th 824 (9th Cir. 2022) ....................................................................14

*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992) ..................................................................12

*Times-Picayune Pub. Co. v. United States*,
   345 U.S. 594 (1953) ................................................................................11

*United States v. Dentsply Int'l, Inc.*,
   399 F.3d 181 (3d. Cir. 2005)....................................................................11

*United States v. Google LLC*,
   747 F. Supp. 3d 1 (D.D.C. Aug. 5, 2024) ................................................11

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - iii
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*United States v. Google LLC,*
    803 F. Supp. 3d 18 (D.D.C. Sept. 2, 2025)...................................................................13

*United States v. Google LLC,*
    No. 20-3010, Dkt. #1043 (D.D.C. Sept. 18, 2024) ......................................................16

*United States v. Google LLC,*
    No. 23-108, Dkt. #1428 (E.D. Va. May 2, 2025) .........................................................16

*United States v. Microsoft Corp.,*
    253 F.3d 34 (D.C. Cir. 2001)........................................................................................11

*United States v. U.S. Gypsum Co.,*
    340 U.S. 76 (1950) .......................................................................................................13

*Zivkovic v. S. Cal. Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002) ......................................................................................15

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# INTRODUCTION

Amazon once again mischaracterizes Plaintiffs' interrogatory responses as inadequate. In doing so, Amazon glosses over important factual and legal issues, and fundamentally attempts to impose a legal burden on Plaintiffs that they do not have. In addition, despite Plaintiffs' repeated efforts to ascertain what Amazon purportedly lacks but believes Plaintiffs owe, substantiate Plaintiffs' positions in correspondence, and satisfy Amazon's demands through multiple supplemental responses, Amazon's position on what information it lacks remains elusive. At bottom, Plaintiffs' interrogatory responses are sufficient—Amazon just does not *like* them. But Amazon is not entitled to responses that support its views of the case, nor is it entitled to information beyond what Plaintiffs have supplied.

Plaintiffs have responded to Amazon's interrogatories consistent with their obligations. Amazon has repeatedly asserted that Plaintiffs have withheld responsive information, but that is incorrect. In May 2024 (nearly two years ago), Plaintiffs substantially completed their production of all responsive, non-privileged communications with third parties from Plaintiffs' pre-Complaint investigation. Further, Amazon has equal access to all factual information developed in this litigation, as well as its own ordinary course documents and data.

Amazon complains that discovery here is a one-way street. That is not so, as Plaintiffs have met and continue to meet their discovery obligations. But to the extent Amazon's gripe is that it has produced considerably more information than Plaintiffs, this is hardly surprising. This is a monopoly maintenance case against a lone defendant: Amazon. Plaintiffs are federal and state antitrust enforcers and do not possess their own business documents or data, or employ their own business executives. Unsurprisingly then, the parties' discovery focused more heavily on Amazon than Plaintiffs. But any purported asymmetry does not negate the sufficiency of Plaintiffs' interrogatory responses, and Amazon's dissatisfaction with the information it has

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 5
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   received does not justify expending this Court's resources to hound Plaintiffs for information

2   they do not possess. For the reasons discussed herein, the Court should deny Amazon's motion.

3   ## **BACKGROUND**

4   On July 30, 2024, Amazon served interrogatories on Plaintiffs. Plaintiffs timely served

5   their responses and objections on August 29, 2024. *See* Dkt. #416. The parties met and conferred

6   twice and corresponded several times throughout the fall of 2024 through early 2025. With

7   negotiations ongoing, Amazon elected to file a motion to compel on February 19, 2025.

8   Dkt. #414. On March 6, 2025, Plaintiffs opposed that motion because, among other issues,

9   Amazon did not yet have the supplemental interrogatory responses Plaintiffs had already

10  committed to serving and the motion was thus premature. Dkt. #434 at 6. On March 21, 2025,

11  with Amazon's motion to compel still pending, Plaintiffs supplemented several interrogatory

12  responses, as promised, including their response to Interrogatory No. 3.

13  On June 2, 2025, the Court denied Amazon's motion in significant part and granted it in

14  other parts. Dkt. #488. Importantly, the Court did not have reason to review Plaintiffs'

15  supplemental responses, nor did it rule on all of Plaintiffs' objections raised in their opposition to

16  Amazon's motion to compel. *See, e.g.*, *id.* at 12 n.4. Following the Court's order to "more fully

17  respond to Interrogatory No. 3," given that Amazon had "not withdrawn its motion," *id.* at 2, 18,

18  Plaintiffs again supplemented their responses on June 12, 2025. *See* Dkt. #628.

19  The parties exchanged more correspondence, and Plaintiffs again supplemented their

20  response to Interrogatory No. 3 on September 19, 2025. *See* Dkt. #628-1. Plaintiffs also

21  supplemented their responses to Interrogatory Nos. 3, 4, 9, 13, and 16 on February 9, 2026. *See*

22  Dkt. #628-2.

23  Plaintiffs' response to Interrogatory No. 3 identifies multiple third-party sellers on

24  Amazon who have testified that they have used Amazon's fulfillment services in light of the

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    policies challenged in Plaintiffs' Complaint, including effectively conditioning Prime eligibility,

2    which is critical for sales, on the use of Amazon's fulfillment service. *See* Dkt. #628-2 at 14-17.

3    Plaintiffs' response to Interrogatory No. 4 identifies, at a similar level of detail, multiple sellers

4    who have testified that Amazon's price parity policies tend to cause them to maintain higher

5    prices off Amazon. *See id.* at 17-23. (Amazon has not challenged this response.) Plaintiffs'

6    response to Interrogatory No. 9 identifies multiple ways in which Amazon could meet the aims it

7    claims are associated with its challenged conduct without adversely affecting competition. *See*

8    *id.* at 25-45. (Amazon has also not challenged this response.) Plaintiffs' response to Interrogatory

9    No. 13 states that Plaintiffs need not identify "every factor" that "Amazon permissibly can take

10   into account" in determining which third-party product to feature in Amazon's Buy Box but

11   points to Plaintiffs' detailed response to Interrogatory No. 9 about less restrictive alternatives to

12   Amazon's anticompetitive conduct. *See id.* at 45-48. Plaintiffs' response to Interrogatory No. 16

13   identifies remedies that may be appropriate for the Court to consider following a trial on liability,

14   which the Court has bifurcated from remedy proceedings. *See id.* at 48-51; Dkt. #289 at 51.

15   Together, Plaintiffs' supplemental responses total over 50 pages. Amazon filed this motion to

16   compel on February 17, 2026. Dkt. #626.[1]

17                                    **ARGUMENT**

18   **I.    AMAZON'S DISSATISFACTION WITH THE SUBSTANCE OF PLAINTIFFS'
            RESPONSE TO INTERROGATORY NO. 3 DOES NOT MAKE IT DEFICIENT**

19          Amazon's Interrogatory No. 3 asks: "For each purported 'coercive tactic involving its

20   order fulfillment business' alleged in Your Complaint, Identify all Persons who were coerced by

21

22   _____
     [1] Though filed on February 17, 2026, Amazon's motion states that "fact discovery closes today."
23   Mot. at 9. Fact discovery in this case closed on January 30, 2026. Dkt. #577 at 2. The quoted
     language suggests that Amazon had drafted its motion by January 30 and may not have given
24   due consideration to the supplemental interrogatory responses Plaintiffs served on February 9,
     2026.

1     the purported 'tactic,' the products they were coerced into fulfilling through Amazon, when that

2     occurred, and the fulfillment provider(s) they would have used but-for the alleged coercive

3     tactic." Amazon contends Plaintiffs have not sufficiently responded, but that is incorrect.

4         Most fundamentally, Amazon has long had equal access to all relevant evidence in this

5     case, including about sellers affected by Amazon's anticompetitive fulfillment policies. Amazon

6     claims it is "entitled to all information in Plaintiffs' possession, custody, or control that underlies

7     Plaintiffs' assertions of coercion," Dkt. #627 Ex. 2 at 3, but Amazon already *has* that

8     information. Plaintiffs long ago produced relevant materials from their pre-Complaint

9     investigation, and Amazon has had equal access to all discovery, including third-party discovery,

10    in this litigation. Simply put, Amazon has all of the evidence Plaintiffs have. To the extent

11    Amazon believes the evidence of Amazon's coercive and anticompetitive conduct is not enough

12    to support Plaintiffs' claims, it will have the opportunity to press its point at trial or summary

13    judgment. "[M]ere disagreement with [a party's] answers does not render them evasive or

14    incomplete." *Heilman v. Silva*, 2015 WL 1632693, at *2 (S.D. Cal. Apr. 13, 2015), *aff'd on*

15    *reconsideration*, 2015 WL 14103223 (S.D. Cal. June 8, 2015). Further, "[the propounding party]

16    may use interrogatories to discover what the facts are *as the responding party sees them*—not to

17    require the responding party to adopt the facts as [the propounding party] sees them." *Id.* at *5

18    (emphasis added).

19        Plaintiffs' response to Interrogatory No. 3 amply details Plaintiffs' position and

20    summarizes relevant evidence. First, Plaintiffs state that "all sellers who use FBA do so in light

21    of the Amazon policies and actions challenged in the Second Amended Complaint" and that

22    Amazon's conduct "affects substantially all or a wide range of sellers' products." Dkt. #628-2 at

23    13. Plaintiffs further note that "Amazon has in its own possession the identities of all FBA sellers

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

and all products fulfilled through FBA." *Id*. And Plaintiffs further state that "[i]f sellers were not

constrained by Amazon's conduct, sellers on Amazon could choose any fulfillment provider—

whether Amazon or another provider—to fulfill orders placed on Amazon." *Id*. Plaintiffs'

response goes on to identify numerous third-party sellers who testified during depositions

conducted in this case—which Amazon participated in—about the impact of Amazon's

fulfillment policies on their businesses. *Id*. at 14-17. Absent Amazon's anticompetitive conduct,

these sellers could have used alternative fulfillment providers, including firms that have also

been subject to discovery in this case, such as Flowspace, GEODIS, Ingram Micro, and

ShipBob.[2]

Notably, Plaintiffs' response to Interrogatory No. 4, about sellers affected by Amazon's

price parity policies, contains a similar level of detail, and Amazon has not challenged that

response in its motion. Further, the court in the related *California* action found the plaintiff had

satisfied its obligation to respond to a similar interrogatory by "providing . . . a succinct

summary of the allegations . . . disclosed in the complaint." Ex. A at 46:15-20, 49:11-17, 50:17-

21. Here, Plaintiffs have provided substantially more information to Amazon.

In its motion to compel, Amazon chastises Plaintiffs for not "providing any detail

whatsoever as to any product that any seller was purportedly coerced into fulfilling through

Amazon." Mot. at 3. Again, Amazon's arguments about the nature of the evidence in this case

---

[2] Amazon's demand that Plaintiffs identify the fulfillment providers sellers would have used if not coerced to use FBA is tantamount to imposing third-party discovery obligations on Plaintiffs solely for the purpose of responding to Amazon's interrogatory request. *See Heilman v. Vojkufka*, 2011 WL 677877, at *12-13 (E.D. Cal. Feb. 17, 2011), *report and recommendation adopted*, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011) (holding that, to respond to an interrogatory, there is no obligation to discover information from third parties on opponent's behalf; also denying plaintiff's motion to compel on certain interrogatories because defendant properly answered by providing "the facts as he kn[ew] them, as plaintiff asked.").

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   are appropriate for trial or summary judgment, not a pre-trial discovery motion. Further, Amazon

2   has not explained what additional detail it seeks beyond what Plaintiffs have already provided.

3   When conferring with Plaintiffs, Amazon denied that it was seeking product-level data. Dkt.

4   #627 Ex. 4 at 2. Now, Amazon insists the narrative response Plaintiffs provided ("substantially

5   all or a wide range of sellers' products") is deficient, *see* Mot. at 6, but still has not explained

6   what level of detail it desires but presently lacks. *See, e.g.*, Dkt. #627 Ex. 4 at 2-3. It is Amazon's

7   burden to explain what is missing. *See Long v. Amazon.com Servs. LLC*, 2023 WL 6127301, at

8   *3 (W.D. Wash. Sept. 19, 2023) (on a motion to compel discovery, as part of the moving party's

9   initial burden of demonstrating relevance, "the moving party must identify each disputed

10  discovery request, the response to each request, and an argument why the response is

11  deficient."). Yet, despite multiple requests from Plaintiffs in pre-motion meet and confers,

12  Amazon has not done so.

13        Amazon also complains it is entitled "to understand the full list of sellers that Plaintiffs

14  will contend Amazon 'coerced' into using its fulfillment services, the specific 'coercive tactic'

15  Amazon used, and the products these sellers were supposedly 'coerced' into fulfilling through

16  Amazon." Mot. at 6. Plaintiffs have already satisfied this demand by stating that "all sellers who

17  use FBA" do so in light of the challenged Amazon policies and noting that Amazon has in its

18  own possession the identities of these sellers and all associated products fulfilled through FBA.

19  Dkt. #628-2 at 13. Plaintiffs' response was unequivocal on each point.

20        Amazon's position that more is required is contradicted by relevant legal principles.

21  Amazon takes issue with Plaintiffs' use of the term "coerce" and wants to impose its own narrow

22  interpretation of that term, irrespective of context. But as Plaintiffs have explained to Amazon,

23  their usage of the term is consistent with applicable antitrust principles. Dkt. #435-2 at 5; Dkt.

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  #628-2 at 11-13. Coercion in antitrust cases can be effectuated through contracts and policies;

2  there is no requirement that a third party be deprived of any specific choice for their conduct to

3  be coerced. For example, a contractual arrangement may be coercive where a seller uses its

4  market power to "force a purchaser to do something that he would not do in a competitive

5  market." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 14 (1984); *see also Times-*

6  *Picayune Pub. Co. v. United States*, 345 U.S. 594, 605 (1953) ("By conditioning his sale of one

7  commodity on the purchase of another, a seller coerces the abdication of buyers' independent

8  judgment as to the 'tied' product's merits and insulates it from the competitive stresses of the

9  open market."). Simply put, coercion in antitrust cases does not require evidence of a gun to a

10  counterparty's head.

11      Amazon's demand that Plaintiffs name the fulfillment provider(s) that coerced sellers

12  "would have used but-for the alleged coercive tactic" similarly runs afoul of relevant law. As

13  Plaintiffs have repeatedly explained to Amazon,[3] Plaintiffs are not required to prove competitive

14  conditions but-for Amazon's anticompetitive conduct to show that Amazon violated the law. *See,*

15  *e.g.*, *United States v. Google LLC*, 747 F. Supp. 3d 1, 153 (D.D.C. Aug. 5, 2024) (quoting *United*

16  *States v. Microsoft Corp.*, 253 F.3d 34, 79 (D.C. Cir. 2001)); *McWane Inc. v. FTC*, 783 F.3d 814,

17  833 (11th Cir. 2015) (citing *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 187 (3d. Cir.

18  2005)).

19      Amazon also incorrectly suggests the Court has already found Plaintiffs' response to

20  Interrogatory No. 3 deficient in some way. As of the time of Amazon's prior motion to compel,

21  Plaintiffs had already committed to supplement their response to Interrogatory No. 3 (among

22

23  _____
[3] Plaintiffs have objected to providing this information since Amazon first served its
interrogatories. *See*, *e.g.*, Dkt. #416 at 15; Dkt. #415 Ex. 2 at 3; Dkt. # 435-2 at 6; Dkt. #627 Ex.

24  4 at 1-2; Dkt. #628 at 16; Dkt. #628-1 at 9-10; Dkt. #628-2 at 12.

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND          **FEDERAL TRADE COMMISSION**
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST          600 Pennsylvania Avenue, NW
SET OF INTERROGATORIES - 11          Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC          (202) 326-2222

1   others). *See* Dkt. #488 at 2. In its June 2, 2025 order on Amazon's prior motion, the Court

2   ordered Plaintiffs to "more fully respond" to Amazon's Interrogatory No. 3. *Id.* at 18. Plaintiffs

3   did so when they supplemented their response to Interrogatory No. 3 (and others) on March 21,

4   2025—as they had already agreed they would. *Id.* at 2. Plaintiffs further supplemented their

5   response to Interrogatory No. 3 on June 12, 2025. *See* Dkt. #628. Contrary to Amazon's assertion

6   that the Court "overrul[ed] Plaintiffs' objections," Mot. at 2, in its June 5, 2025 order, the Court

7   did not have a reason to rule on the sufficiency of Plaintiffs' initial response to Interrogatory No.

8   3 or their March 21, 2025 supplemental response. *See* Dkt. #488 at 5-6, 11 (only analyzing

9   Interrogatory No. 3 for purposes of counting total interrogatories served).

10      Finally, Plaintiffs are not required to respond to Interrogatory No. 3 as Amazon demands

11  merely because their core response to Amazon's prior motion to compel was to note that they

12  had already agreed to supplement their response to Interrogatory No. 3. *See* Mot. at 5 (arguing

13  that Plaintiffs waived their objections). As an initial matter, since the time of their March 21,

14  2025 supplemental response to Interrogatory No. 3, Plaintiffs have further supplemented their

15  substantive response. Further, Plaintiffs timely asserted relevant objections in their initial

16  responses and reasserted them in every supplemental response thereafter, as well as in associated

17  correspondence with Amazon. *See, e.g.*, Dkt. #416 at 1-11, 14-16, Dkt. #415 Ex. 2 at 2-4; Dkt.

18  #628 at 2-12, 15-20; Dkt. #628-1 at 1-14; Dkt. #627 Ex. 4 at 1-2; Dkt. #628-2 at 1-17; Dkt.

19  #435-2 at 1-2, 5-6; Dkt. #435-1 at 1-2; Dkt. #434 at 1-2. Under governing precedent, this is

20  enough to preserve Plaintiffs' objections. *See generally Richmark Corp. v. Timber Falling*

21  *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Muller v. Syndicated Office Sys., LLC*, 2018

22  WL 2765535, at *4 (W.D. Wash. June 8, 2018). Amazon's reliance on *dicta* in an out-of-Circuit

23  district court decision involving very different circumstances is thus misplaced. *See Black &*

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 297 F.R.D. 611, 614 (D. Kan. 2014) (granting motion to compel production of purportedly privileged documents with limited analysis of waiver).[4]

## II.    PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 13 IS SUFFICIENT IN LIGHT OF APPLICABLE LAW

Amazon's Interrogatory No. 13 demands Plaintiffs "Identify every factor that you believe Amazon permissibly can take into account in deciding whether third-party offers should not be 'Featured Offers' in Amazon's store, and Identify the impact upon the marketplace of Amazon withholding 'Featured Offer' status on that basis." Amazon's interrogatory is based on an erroneous premise that successful antitrust litigation results in a declaration about what conduct is permissible, as opposed to an injunction against unlawful conduct.

Plaintiffs seek to stop and remedy particular illegal behavior; specifically, the conduct Plaintiffs challenge in the Second Amended Complaint. This case will not result in a declaration of all the things Amazon may permissibly do (which is a theoretically unbounded thought exercise), nor is Amazon entitled to such a declaration at the conclusion of this litigation. *See*, *e.g.*, *United States v. Google LLC*, 803 F. Supp. 3d 18, 68 (D.D.C. Sept. 2, 2025) ("'[T]he district court is empowered to fashion appropriate *restraints* on [defendant's] future activities both to avoid a recurrence of the violation and to eliminate its consequences.' . . . Consistent with that authority, the court may *prohibit* 'practices connected with acts actually found to be illegal.' . . .") (emphases added) (quoting *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1216 (D.C. Cir. 2004); *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 89 (1950)). Further, Amazon's interrogatory functionally asks Plaintiffs to predict this Court's factual findings and attempt to

---

[4] Amazon's waiver argument on Interrogatories Nos. 13 and 16 fails for the same reason it does for Interrogatory No. 3. Further, in concluding in its June 2025 order that "responses to these interrogatories are premature before additional discovery, the Court [did] not reach Plaintiffs' alternative contentions as to these interrogatories." Dkt. #488 at 12 n.4.

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   prescribe the contours of a remedy before such findings and a liability determination have been

2   made. *See infra* section III. In the unlikely event the Court sees fit to provide Amazon with an

3   exhaustive list of permissible factors it can consider or actions it may take, that would be part of

4   the remedies phase of this case. Forcing Plaintiffs to engage in this sort of hypothetical exercise

5   now would defeat the purpose of the Court's bifurcation order.

6       Since serving their initial interrogatory responses, Plaintiffs have consistently maintained

7   this interrogatory "misconstrues the applicable legal inquiry" and improperly places the burden

8   on Plaintiffs to show "every factor" that "Amazon [can] permissibly take into account" or any

9   associated "impact upon the marketplace."[5] At most, to the extent Amazon is able to establish

10  legally cognizable, non-pretextual procompetitive justifications for its conduct, Plaintiffs need

11  only show that these aims could be achieved by "less anticompetitive means." *PLS.com v. Nat'l*

12  *Ass'n of Realtors*, 32 F.4th 824, 834 (9th Cir. 2022) (quoting *Ohio v. Am. Express Co.*, 585 U.S.

13  529, 541 (2018)); *FTC v. Qualcomm, Inc.*, 969 F.3d 974, 992 (9th Cir. 2020) (same).

14      Even though Amazon has not established non-pretextual justifications for its conduct,

15  Plaintiffs have identified potential less restrictive alternatives to the challenged conduct in their

16  response to Interrogatory No. 9 and identified potential remedies in their response to

17  Interrogatory No. 16. Dkt. #628-2 at 25-45, 48-51.[6] Amazon has not and cannot explain what

18  further response would be warranted. Critically, Amazon has not cited any case law showing it is

19  Plaintiffs' burden to identify everything that is permissible under the antitrust laws in lieu of

20  anticompetitive conduct. Plaintiffs have asked Amazon to provide any support for its position,

21

22

---

[5] *See, e.g.*, Dkt. #416 at 31-33; Dkt. #628-2 at 45-46.

23  [6] Notably, Amazon does not challenge the level of detail in Plaintiffs' response to Interrogatory
    No. 9. Nonetheless, Plaintiffs may supplement their response to this interrogatory in the course

24  of expert discovery, after Amazon serves its relevant expert report(s), if merited.

---

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   and Amazon has remained silent. *See, e.g.*, Dkt. #415 Ex. 2 at 2 ("During the January 30 meet

2   and confer, Amazon maintained this inquiry was relevant and appropriate for Plaintiffs to

3   answer. In our January 28 letter and during the January 30 meet and confer, Plaintiffs requested

4   Amazon provide caselaw substantiating its position. If Amazon has any such authority, we are

5   willing to consider it and discuss this objection further.").

6   **III.   PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 16 IS SUFFICIENT IN
        LIGHT OF THE COURT'S BIFURCATION ORDER**

7        Amazon grossly mischaracterizes Plaintiffs' response to Interrogatory No. 16,[7] which

8   asks, "Describe each and every remedy and form of relief that You intend to seek in this Action,

9   including, but not limited to, any 'structural remedy.'" In their February 9, 2026 supplemental

10  responses, Plaintiffs responded to Interrogatory No. 16 with a list of goals that any remedies

11  sought would be designed to achieve and provided specific examples of potential remedies

12  across the various categories of Amazon's conduct Plaintiffs challenge as unlawful. *See* Dkt.

13  #628-2 at 48-51.

14       Plaintiffs' response is appropriate at this stage of the case and fully justified by the

15  Court's order bifurcating liability and remedy proceedings. Dkt. #289 at 51. While that order

16  does not limit the scope of fact discovery, it recognizes that bifurcation may economize this

17  litigation. *Id.* at 49. Economy includes the ability to shape and weigh detailed remedy proposals

18  in light of the evidence presented at the liability trial and the specific factual and legal findings

19  the Court may make following the trial. Requiring a more detailed remedy proposal before the

20  trial record has been developed and the Court has made its findings of fact would result in a

21  premature, costly, and potentially unnecessary hypothetical exercise not tailored to the Court's

22  ultimate findings. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)

23

24  _____
    [7] *See* Mot. at 7 ("Plaintiffs have provided no response to any of these requests.").

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   (bifurcation may "defer[] costly and possibly unnecessary proceedings pending resolution of

2   potentially dispositive preliminary issues."); *Kraft Foods Glob., Inc. v. United Egg Producers,*

3   *Inc.*, 2023 WL 5177501, at *10 (N.D. Ill. Aug. 11, 2023) (bifurcation allows parties and the court

4   to focus on remedies that are "actually in play after [a] liability verdict"). For these reasons,

5   detailed remedy proposals have been advanced *after* liability findings in similar bifurcated cases.

6   *See, e.g.*, Order, *United States v. Google LLC*, No. 23-108, Dkt. #1428 (E.D. Va. May 2, 2025)

7   (setting schedule for post-trial remedies proposals and related proceedings); Order, *United States*

8   *v. Google LLC*, No. 20-3010, Dkt. #1043 (D.D.C. Sept. 18, 2024) (same); *cf. FTC v. Meta*

9   *Platforms, Inc.*, 2025 WL 3458822 (D.D.C. Dec. 2, 2025) (outcome of liability proceedings

10  rendered remedy phase unnecessary, pending appeal).

11       Amazon cannot answer why more is needed now, and Plaintiffs have satisfied their

12  obligations to respond to Interrogatory No. 16 as written. Moreover, the Court's bifurcation order

13  justifies the level of detail in Plaintiffs' response, as it is appropriately tailored to this stage of the

14  proceedings. In advance of a trial record and the Court's legal and factual findings to guide the

15  contours of any proposed remedy, Plaintiffs' response is more than sufficient.

16                                   **CONCLUSION**

17       For the foregoing reasons, Amazon's motion to compel should be denied.

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 16
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: March 4, 2026

Respectfully submitted,

*s/ Cathleen Williams*
EDWARD H. TAKASHIMA (DC Bar # 1001641)
CATHLEEN WILLIAMS (MD Bar # 1312190321)
SHIRA A. STEINBERG (NY Reg. # 5695580)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
         cwilliams@ftc.gov
         ssteinberg1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 3,817 words, in compliance with the Local Civil Rules.

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 17
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

s/ Michael Jo
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

s/ Nicole Demers
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

s/ Christopher J. Campbell
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: chris.campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

s/ Jennifer A. Thomson
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of
Pennsylvania*

s/ Michael A. Undorf
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

s/ Christina M. Moylan
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    *s/ Schonette Walker*
     Schonette Walker (admitted *pro hac vice*)
2    Assistant Attorney General
     Deputy Chief, Antitrust Division
3    Office of the Maryland Attorney General
     200 St. Paul Place
4    Baltimore, MD 21202
     Telephone: (410) 576-6473
5    Email: swalker@oag.state.md.us
     *Counsel for Plaintiff State of Maryland*
6
     *s/ Katherine W. Krems*
7    Katherine W. Krems (admitted *pro hac vice*)
     Assistant Attorney General, Antitrust Division
8    Office of the Massachusetts Attorney General
     One Ashburton Place, 18th Floor
9    Boston, MA 02108
     Telephone: (617) 963-2189
10   Email: katherine.krems@mass.gov
     *Counsel for Plaintiff Commonwealth of*
11   *Massachusetts*

12   *s/ Scott A. Mertens*
     Scott A. Mertens (admitted *pro hac vice*)
13   Assistant Attorney General
     Michigan Department of Attorney General
14   525 West Ottawa Street
     Lansing, MI 48933
15   Telephone: (517) 335-7622
     Email: MertensS@michigan.gov
16   *Counsel for Plaintiff State of Michigan*

17   *s/ Zach Biesanz*
     Zach Biesanz (admitted *pro hac vice*)
18   Senior Enforcement Counsel
     Office of the Minnesota Attorney General
19   445 Minnesota Street, Suite 1400
     Saint Paul, MN 55101
20   Telephone: (651) 757-1257
     Email: zach.biesanz@ag.state.mn.us
21   *Counsel for Plaintiff State of Minnesota*

     *s/ Lucas J. Tucker*
     Lucas J. Tucker (admitted *pro hac vice*)
     Senior Deputy Attorney General
     Office of the Nevada Attorney General
     100 N. Carson St.
     Carson City, NV 89701
     Telephone: (775) 684-1100
     Email: LTucker@ag.nv.gov
     *Counsel for Plaintiff State of Nevada*

     *s/ Andrew Esoldi*
     Andrew Esoldi (admitted *pro hac vice*)
     Deputy Attorney General
     New Jersey Office of the Attorney General
     124 Halsey Street, 5th Floor
     Newark, NJ 07101
     Telephone: (973) 648-7819
     Email: andrew.esoldi@law.njoag.gov
     *Counsel for Plaintiff State of New Jersey*

     *s/ Anthony R. Juzaitis*
     Anthony R. Juzaitis (admitted *pro hac vice*)
     Assistant Attorney General
     New Mexico Office of the Attorney General
     408 Galisteo St.
     Santa Fe, NM 87501
     Telephone: (505) 651-7565
     Email: ajuzaitis@nmag.gov
     *Counsel for Plaintiff State of New Mexico*

     *s/ Zulma Carrasquillo Almena*
     Zulma Carrasquillo Almena (admitted *pro hac vice*)
     Puerto Rico Department of Justice
     P.O. Box 9020192
     San Juan, Puerto Rico 00902-0192
     Telephone: (787) 721-2900, Ext. 1211
     Email: zcarrasquillo@justicia.pr.gov
     *Counsel for Plaintiff Commonwealth of Puerto Rico*

22

23

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST
SET OF INTERROGATORIES - 19
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    _s/ Alexander Carnevale_
     Alexander Carnevale (admitted *pro hac vice*)
2    Special Assistant Attorney General
     Rhode Island Office of the Attorney General
3    150 South Main Street
     Providence, RI 02903
4    Telephone: (401) 274-4400
     Email: acarnevale@riag.ri.gov
5    *Counsel for Plaintiff State of Rhode Island*

6    _s/ Sarah L.J. Aceves_
     Sarah L.J. Aceves (admitted *pro hac vice*)
7    Assistant Attorney General
     Public Protection Division
8    Vermont Attorney General's Office
     109 State Street
9    Montpelier, VT 05609
     Telephone: (802) 828-3170
10   Email: Sarah.Aceves@vermont.gov
     *Counsel for Plaintiff State of Vermont*

11
     _s/ Caitlin M. Madden_
12   Caitlin M. Madden (admitted *pro hac vice*)
     Assistant Attorney General
13   Wisconsin Department of Justice
     Post Office Box 7857
14   Madison, WI 53707-7857
     Telephone: (608) 267-1311
15   Email: caitlin.madden@wisdoj.gov
     *Counsel for Plaintiff State of Wisconsin*

16

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO AMAZON'S SECOND          **FEDERAL TRADE COMMISSION**
MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST        600 Pennsylvania Avenue, NW
SET OF INTERROGATORIES - 20                                Washington, DC 20580
CASE NO. 2:23-cv-01495-JHC                                    (202) 326-2222