THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF MOTION TO APPOINT A SPECIAL MASTER**

## INTRODUCTION

Plaintiffs' Opposition does nothing to reduce the substantial burden that their Motions, Dkts. 598; 604, seek to impose on the Court.[1]  Plaintiffs' Motions require the Court to conduct multiple *in camera* reviews and engage in extensive fact-finding.  Plaintiffs want the Court "to resolve their motions as soon as is practicable," Opp. 9, but present no proposal for how to accomplish such a burdensome process in a case that has already moved past fact discovery.  Plaintiffs nonetheless resist the Special Master process, while failing to offer any credible objection to using that existing efficient and reasonable process.

---

[1] As explained in Amazon's Oppositions, Dkts. 637; 641, Plaintiffs' Motions are meritless and should be denied.

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 1
(Case No. 2:23-cv-01495-JHC)

Plaintiffs' Opposition—premised on a superseded legal standard—offers inconsistent arguments against appointing a Special Master.  Plaintiffs claim that their Motions could "significantly reshape the evidentiary record for trial," Opp. 3, but also that the Motions should not impact expert discovery or anything other than the trial itself, *id*. 9-10.  Plaintiffs concede that their Motions would require *in camera* review by the Court but that somehow the Court need only resolve "high-level issues," not "fact-specific discovery issues." Opp. 3.  And Plaintiffs wrongly characterize Special Master Laporte's involvement in privilege disputes as "limited," Opp. 12, when she has decided issues applicable to some of the very same documents at issue in Plaintiffs' Motions.

## I.    Plaintiffs Misstate the Legal Standard.

Plaintiffs rely on the wrong legal standard.  Courts appoint special masters under Rule 53(a)(1)(C)—even over objection—without requiring any showing of "exceptional circumstances." *See, e.g.*, *Thakur v. Cofiroute USA, LLC*, 2020 WL 10731939, at *4, *6 (C.D. Cal. Aug. 5, 2020) ("Defendants are incorrect that the Court may only appoint a special master under Rule 53(a)(1)(C) if exceptional circumstances exist."); *In re Capital One 360 Sav. Acct. Int. Rate Litig.*, 2024 WL 3463952, at *2-5 (E.D. Va. July 18, 2024) (appointing special master over objection, without reference to exceptional circumstances); *Mardiros v. City of Hope*, 2020 WL 6106820, at *4 (C.D. Cal. July 9, 2020) (same).  Courts may appoint special masters to "address pretrial and posttrial matters," including privilege issues, after considering the "fairness of imposing the likely expenses on the parties" and the possibility of "unreasonable expense or delay." *See* Fed. R. Civ. P. 53(a)(1)(C); *id.* 53(a)(3).

Plaintiffs cite superseded caselaw to argue otherwise, Opp. 2; the current Rule 53(a)(1)(C) does not mention "exceptional circumstances." *Thakur*, 2020 WL 10731939, at *4.[2]  Rule 53 was

---

[2] Plaintiffs invoke "exceptional condition" language from Rule 53(a)(1)(B)(i), which governs when a special master may "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury."  That provision does not apply here; Amazon seeks a special master to address "pretrial . . . matters" under Rule 53(a)(1)(C).

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

amended in 2003—over a decade after Plaintiffs' main case, *Burlington N. R.R. Co. v. Dep't of Revenue of Wash.*, 934 F.2d 1064 (9th Cir. 1991)—to remove the "exceptional condition" requirement for appointing special masters. *Compare* Fed. R. Civ. P. 53 (1991), *with* Fed. R. Civ. P. 53 (2003). *See also Steves & Sons, Inc. v. JELD-WEN, Inc.*, 345 F. Supp. 3d 614, 668-69 (E.D. Va. 2018) (recognizing the current Rule 53 superseded *Burlington*), *aff'd in part and vacated in part on other grounds*, 988 F.3d 690 (4th Cir. 2021).[3]

## II.   Plaintiffs' Proposal That the Court Conduct Extensive *In Camera* Review and Engage in Detailed Fact-Finding Is Unworkable.

Deciding Plaintiffs' Motions would impose a significant burden on the Court and require a lengthy process not included in the pretrial schedule. *See* Mot. 5.

Plaintiffs ask the Court to review documents *in camera*, order Amazon to re-review its entire privilege log (which Plaintiffs unrealistically allot 30 days for), and then to conduct a second time-intensive review of Amazon's privilege assertions. Dkts. 604, 604-1. Plaintiffs' Privilege Motion would wrongfully invade the attorney-client privilege and should be denied. Relevant here, Plaintiffs grossly understate the burden the Motion imposes on the Court. Plaintiffs incorrectly argue that the Court can order Amazon to produce large swaths of documents over which Amazon has claimed privilege without document-specific inquiries. But Plaintiffs' broad relief would ***necessitate*** document-by-document inquiries. *See* Dkt. 637 at 17-18; *In re Grand Jury Subpoenas*, 123 F.3d 695, 699-700 (1st Cir. 1997). Plaintiffs miss the point in attempting to distinguish *In re Grand Jury*. Opp. 9, n.5. The district court did no *in camera* review, but ***that is why the First Circuit remanded***—the district court wrongly concluded documents were not privileged without "a more complete inquiry into the question." *In re Grand Jury*, 123 F.3d at 700.

---

[3] Even if exceptional circumstances *were* required, they exist—Plaintiffs' Motions require a burdensome process that must be completed expeditiously because the case has already moved past fact discovery.

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 3
(Case No. 2:23-cv-01495-JHC)

Plaintiffs therefore invite error by suggesting the Court take shortcuts here.  Plaintiffs cannot sidestep the time-intensive document-specific approach required to resolve Plaintiffs' Motions by characterizing them as raising only "high-level" issues. Opp. 3-5.  The Court may not, *contra* Opp. 3, 12, set aside Amazon's privilege determinations on a "broader, case-wide" basis, Opp. 4, without first considering specific documents and redactions.  And to resolve the Preservation Motion, which Plaintiffs also use to support their Privilege Motion, Dkt. 604 at 4, the Court must make factual findings.  The Preservation Motion identifies three meetings for which rough draft notes were not produced; whether Plaintiffs were prejudiced by the unavailability of those notes depends in part on whether Plaintiffs obtained the information that would have been in those materials from other sources. *See* Dkt. 641 at 12-13.  The same is true of allegedly missing Signal messages.  Resolving the Preservation Motion therefore will require review of exhibits, discovery correspondence between the parties, and testimony.

Plaintiffs concede that to resolve Plaintiffs' Privilege Motion, the Court must "assess documents," specifically review *in camera* at least ***157*** documents, and that the challenge "is not limited to those documents."  Opp. 3, 5.[4]  And Plaintiffs grossly understate the burden that the 39,000-document re-review places on the Court by dismissively asserting that the burden is borne by Amazon alone. Opp. 8.  Plaintiffs would require *the Court* to "ensure that Amazon . . . applied the correct privilege standard."  Dkt. 604 at 2.  Plaintiffs urge the Court to decide the Motions "as soon as is practicable," Opp. 9, but emphasize "the significance of the issues" and the "potential impact" of the Motions on this case, Opp. 6.  It is not practicable to ask the Court to set aside existing obligations to resolve Motions that, in Plaintiffs' telling, may "significantly reshape

---

[4] Not to mention the "further relief" Plaintiffs may seek after a re-review if one is ordered.  Dkt. 604 at 24, n.6.

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the record for trial in this case," Opp. 1, all while maintaining the pretrial schedule that has already shifted into expert discovery.[5]

Finally, Plaintiffs' contention, Opp. 8-9, that a Special Master is unnecessary because Amazon did not request one in the *Prime Case* is unpersuasive. The decision whether to appoint a Special Master is fact-specific. This case, unlike *Prime*, is closely coordinated with the Private Plaintiff cases and indeed involves many of the very same issues, documents, and privilege claims. And unlike in *Prime*, there is a Special Master who has spent months resolving similar discovery disputes. Even under Plaintiffs' incorrect standard, a Special Master is warranted: Plaintiffs filed far-reaching Motions that require extensive *in camera* document review and fact-finding. The Court should resist Plaintiffs' demand that it expend significant judicial resources to resolve the Motions on the expedited basis required to keep the case on track.

## III.   The Special Master Is Well-Suited to Decide the Issues Presented by Plaintiffs' Motions.

The burden that Plaintiffs' Motions would impose on the Court is particularly unwarranted given that Special Master Laporte is well-suited to handle the Motions. Plaintiffs' objections are unfounded.

*First*, Plaintiffs argue (relying on the superseded "exceptional circumstances" standard) that this Court must decide Plaintiffs' Motions in the first instance. Opp. 3-6. But the Special Master would not decide issues of ultimate liability, as Plaintiffs' case cite implies.[6] Plaintiffs' Motions require evaluating Amazon's privilege claims and evidence preservation, tasks well within the Special Master's purview. Indeed, this Court previously appointed the Special Master to decide issues presented by Plaintiffs' Motions, including "[w]hether specific documents that

---

[5] To be clear, Plaintiffs' Motions will not "reshape the record for trial," Opp. 1. Plaintiffs have already received a massive amount of discovery information concerning the Amazon business practices that are at issue.

[6] Opp. 6 (*citing Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*, 2024 WL 3598580 (W.D. Wash. July 31, 2024)).

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Amazon has redacted or fully withheld . . . are privileged," and "[w]hether Amazon's [privilege] redactions . . . comply with the applicable legal standards." *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-000693, Dkt. 381 at 2.

*Second*, Plaintiffs wrongly claim that Special Master Laporte had only "limited involvement" in the Related Cases. Opp. 12. In fact, Special Master Laporte issued guidance on the showing needed under Rule 502(b) for clawbacks of privileged documents. *De Coster*, Dkt. 441-1. Even in document-specific disputes, the resulting guidance set out broader legal principles that inform the treatment of similar documents. *See, e.g.*, *id*., Dkt. 441-04 at 2, 4; Dkt. 441-08 at 5-6. For example, the Special Master ratified withholding as privileged a memorandum including recommendations to "mitigate . . . legal risk" and material that was "factual in nature and focused on business objectives" because "even in situations where no specific legal risk [was] identified," it was "not a situation where it would be easy to separate the legal material from the remainder of the document." *Id.*, Dkt. 448-01 at 5. That guidance informed Amazon's treatment of similar memoranda. The Special Master likewise ratified withholding two annual competition legal group reviews because "the primary purpose of these documents is to give legal advice." *Id*. at 1. That decision could apply to similar reviews, like the ones relied on in Plaintiffs' Privilege Motion. *See* Dkt. 637 at 9-10.

Moreover, some document-specific disputes that the Special Master resolved involved the very documents implicated by Plaintiffs' Motions. Dkt. 638-3, Keeling ¶ 27. Plaintiffs minimize the overlap in privilege disputes between the cases, Opp. 9, but the overlap is substantial, *see* Dkt. 637 at 18-19. Amazon's re-review of privilege claims here was based on this Court's guidance in the Related Cases, which also formed the basis for the Special Master's many subsequent privilege decisions there.

*Third*, it is not more efficient for the Court to consider these discovery issues in the first instance, as Plaintiffs advocate. Opp. 12. Plaintiffs' Motions ask the Court to evaluate individual

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 6
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

documents and privilege claims in successive rounds of reviews. Dkt. 604 at 23-24. That imposes an unnecessary burden on the Court when there is a Special Master with experience with these same issues and documents. It is more efficient to allow the Special Master to address these document-intensive privilege and evidentiary issues first. And appointing a Special Master will not interfere with the Court's ability to consider substantive and evidentiary issues. *Contra* Opp. 6. Rather, it would preserve judicial resources by involving the Court only after the parties narrow and refine their disputes so that the Court need not adjudicate document-by-document and line-by-line disputes in the first instance. *See* Dkt. 618-1 at 8-9.

## IV. Plaintiffs Would Not Be Prejudiced by the Appointment of Special Master Laporte.

Plaintiffs would not be prejudiced by the appointment of the Special Master that this Court selected to oversee privilege issues in the Related Cases.

Plaintiffs express concern about "significant costs," arguing that Amazon has "gamed" the fee-shifting provision that governs the Special Master process in the Related Cases. Opp. 13. But the loser-pays system promotes efficiency and properly incentivizes both parties to save time and resources by resolving colorable issues informally, since nobody pays any fees unless the Special Master expends time adjudicating a dispute. And Plaintiffs will not bear Special Master costs if Amazon makes privilege assertions that are not upheld.

Plaintiffs also "request an opportunity to submit" Special Master candidates, Opp. 15, although they propose no candidate of their own.[7] Special Master Laporte is experienced with the issues and documents; appointing her in this case will serve the goals of efficiency and reducing burden and delay.

### CONCLUSION

Amazon respectfully requests that the Court appoint Special Master Laporte.

---

[7] Plaintiffs suggest Amazon should have proposed appointing a Special Master across all Related Cases when the issue first arose in the Private Plaintiff cases. But Plaintiffs filed their motions quite recently, making such a cross-case appointment both substantively premature and procedurally impossible until now.

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 7
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 10th day of March, 2026.

*I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
         molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
         jschmidtlein@wc.com
         khodges@wc.com
         jpitt@wc.com
         ereddington@wc.com
         cmetz@wc.com
         cpruski@wc.com
         ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
         dludwin@cov.com
         kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON.COM INC.'S REPLY IN SUPPORT OF
MOTION TO APPOINT A SPECIAL MASTER - 8
(Case No. 2:23-cv-01495-JHC)