THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S REPLY IN SUPPORT OF SECOND MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

Amazon' Motion To Compel, ECF No. 626, seeks factual information going to the core of Plaintiffs' claims so that Amazon can adequately prepare its defense. Plaintiffs alternately complain that Amazon is "hound[ing] Plaintiffs for information they do not possess," Pls.' Opp. to Amazon's Mot. To Compel ("Opp."), ECF No. 644 at 2, and that the information Amazon seeks is somehow not relevant, *id.* at 9 & n.2, 11, 14, 15. But, by directing Plaintiffs to respond to these interrogatories after completing further discovery, the Court has already ruled that these requests seek relevant information. Discovery is not a one-way street, and Plaintiffs cannot be permitted to conduct trial by surprise. The Court should compel their responses.

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**ARGUMENT**

**I.    Plaintiffs Should Be Compelled To Respond To Interrogatory No. 3.**

Last February, Amazon moved to compel Plaintiffs' response to Interrogatory No. 3 so that it could learn facts underlying Plaintiffs' general allegation that "all sellers" are "coerced" into using Amazon's fulfillment services.  ECF No. 414 at 8.  Amazon's request, and subsequent motion, sought to sharpen the issues and avoid surprise down the line at summary judgment and at trial.  The Court "grant[ed] [Amazon's] motion as to this interrogatory" because "Plaintiffs d[id] not respond to Amazon's motion to compel a full response to interrogatory No. 3."[1]  June Order at 18.

Plaintiffs now try to qualify the Court's order by noting that they had—at the time Amazon's first motion to compel was briefed—represented they would supplement their response to Interrogatory No. 3.  Opp. at 12.  But the Court's ruling directed Plaintiffs to respond to Amazon's Interrogatory and provided no license for Plaintiffs to duck behind their mountain of boilerplate objections.

Plaintiffs are mistaken in suggesting they can somehow resurrect the objections they failed to assert in opposing Amazon's initial motion.  It is well settled that an objection not pressed in an opposition to a motion to compel is abandoned.[2]  *See, e.g.*, *Wells v. Global Tech. Indus., Inc.*, 2022 WL 4626014, at *2 n.4 (D. Nev. Sept. 30, 2022); *Sandpiper Isle Condo. Assoc., Inc. v. Empire Indemnity Ins. Co.*, 2023 WL 5720744, at *3 n.2 (M.D. Fla. Sept. 5, 2023); *see also* Mot. at 6.

---

[1] Interrogatory No. 3 asks: "For each purported 'coercive tactic involving its order fulfillment business' alleged in Your Complaint, Identify all Persons who were coerced by the purported 'tactic,' the products they were coerced into fulfilling through Amazon, when that occurred, and the fulfillment provider(s) they would have used but-for the alleged coercive tactic.  *See, e.g.*, Am. Compl. ¶¶ 7, 229, 259, 353, 414, 416."  ECF No. 628-2 at 11.

[2] Plaintiffs' authorities stand for the unremarkable proposition that an objection untimely asserted is waived. *See* Opp. at 12 (citing *Richmark Corp. v. Timber Falling* Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); *Muller v. Syndicated Office Sys., LLC*, 2018 WL 2765535, at *4 (W. D. Wash. June 8, 2018)).  That does not bear where, as here, Plaintiffs had an obligation to assert their objections, to the extent they intended to stand on them, when Amazon moved to compel their response.

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Plaintiffs could and should have asserted their objections when Amazon first moved to compel their response to Interrogatory No. 3. They entirely failed to do so. *See generally* ECF No. 434.

Plaintiffs otherwise provide a scattershot of contradictory arguments that they in fact have answered Amazon's interrogatory or that they should be excused from doing so. None has merit. *First*, Plaintiffs claim they need not answer Amazon's interrogatory as written because Amazon has "equal access" to discovery material. Opp. at 8. That is not a proper basis to refuse to answer an interrogatory. *See, e.g.*, *City Consumer Svcs., Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) ("It is not usually a ground for objection that information is equally available to the interrogator or is as matter of public record.") (quotation omitted); *accord* Wright & Miller, 8 Federal Practice & Procedure § 2014 (3d ed.). "The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses." *Bouto v. Guevara*, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020). The Federal Rules do not require *Amazon* to sift through the record and make its best guess as to what *Plaintiffs* might view as facts concerning concrete instances of coercion.

*Second*, Plaintiffs' contention that Amazon merely "disagree[s]" with its response totally ignores the motion. Amazon's interrogatory is designed to uncover specific facts—who was coerced into using Amazon's fulfillment services, by which "coercive tactic," on which date, for which product, and what fulfillment service would the "coerced" seller have used otherwise— underlying Plaintiffs' general "coercion" theory. Mot. at 5-7. By their own acknowledgement, Plaintiffs instead provided a response that summarizes their erroneous "position" that "all sellers who use FBA" are coerced. Opp. at 8-9. But Amazon did not ask for Plaintiffs' theoretical "position;" rather, Amazon seeks specific facts to avoid surprise at trial. Contrary to Plaintiffs' argument, *discovery*, not "trial or summary judgment," is the appropriate time to disclose factual details. *See id.* at 8.

*Third*, Plaintiffs distract from their deficient response with irrelevant arguments about how an antirust plaintiff can establish "coercion." They argue that in some circumstances, a

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

"contractual arrangement" can be coercive.  *See* Opp. at 11.  But Amazon did not serve its interrogatory to initiate a debate over what hypothetically might or might not rise to "coercion" as a legal matter and instead seeks to identify specific facts surrounding Plaintiffs allegations that Amazon used purported "coercive tactic[s]."  Plaintiffs' supplemental response, at best, indicates that they think Amazon's use of the Prime badge constitutes a "coercive tactic."  *See* ECF No. 628-2 at 14-17.  Their inability to identify any other alleged "coercive tactic" suggests they have not identified evidence that any such tactic exists, but their evasive response leave that far from clear.  To the extent Plaintiffs intend to present evidence at summary judgment or trial to suggest Amazon used any other alleged "coercive tactic[s]," Plaintiffs should identify the relevant facts now.

*Fourth*, Plaintiffs' refusal to identify alternative fulfillment providers that sellers would have used but for the alleged coercion is meritless.  Amazon explained why this information is relevant to Plaintiffs' claims, including because Plaintiffs themselves put these "alternatives" at issue in their Complaint by alleging that sellers would have used them in the absence of alleged coercion.  *See* Mot. at 6.  Plaintiffs offer no response.[3]

## II.    Plaintiffs Should Be Compelled To Respond To Interrogatory No. 13.

Plaintiffs have not responded to Interrogatory No. 13.[4]  An interrogatory response "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers."  *Pac. Lumber Co. v. Nat'l Union Fire Ins.*, *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2005

---

[3] Remarkably, despite studiously refusing to identify any alternative fulfillment services in their responses to Interrogatory No. 3, Plaintiffs finally name three in their opposition.  *See* Opp. at 9.  If those are the services Plaintiffs believe the allegedly coerced sellers would have used, they should explain that in a sworn interrogatory response, and should be foreclosed from surprising Amazon at trial by seeking to introduce evidence of others.

[4] Interrogatory No. 13 asks, "Identify every factor that you believe Amazon permissibly can take into account in deciding whether third-party offers should not be 'Featured Offers' in Amazon's store, and Identify the impact upon the marketplace of Amazon withholding 'Featured Offer' status on that basis." ECF No. 628-2 at 45.

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 4
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

WL 318811, at *4 (N.D. Cal. Jan. 5, 2005). Plaintiffs do not even try to defend their wholesale incorporation-by-reference of other responses addressed to wholly different interrogatories.[5]

Plaintiffs twist themselves into knots to contend they could not possibly identify what factors Amazon could take into consideration when determining which offers to feature in its store. Plaintiffs are mistaken that they bear no obligation to identify factors that Amazon *can* consider, if it *cannot* consider price. That question is implicated by the third step of the rule of reason analysis under which Plaintiffs would have the burden at the liability phase "to show that there are substantially less restrictive alternative[s]" that would achieve the "same procompetitive benefits" established by Amazon. *Nat'l Collegiate Athletic Assoc. v. Alston*, 594 U.S. 69, 100 (2021) (quotation omitted). It is no secret that Amazon believes customers want to shop for competitively priced offers and so reap tremendous value from features Amazon has invented to promote such offers in its store. Ultimately, whether Amazon's practice of featuring competitive offers amounts to an antitrust violation "necessarily depends on a careful analysis of market realities," *id.* at 93, which will require scrutinizing how alternative configurations would affect consumers. Plaintiffs cannot possibly suggest that they could prevail on their challenge to Amazon's practice of featuring competitively priced offers in a vacuum and without any consideration of how the resulting Featured Offer experience would affect competition. *See, e.g.*, *id.* (emphasizing "the sensitivity of antitrust analysis to market realities"); *see also Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999) ("Rule of reason analysis is a case-by-case study in which the fact finder weighs all of the circumstances of a case." (internal quotation omitted)).

Plaintiffs do no better by complaining that Amazon's interrogatory asks them to "predict this Court's factual findings." Opp. at 13-14. Plaintiffs' argument puts the judicial process in reverse. The Court's factual findings necessarily will follow the parties' presentation of evidence

---

[5] Although they tout their response to Interrogatory No. 9, Plaintiffs are conspicuously silent as to any information in that answer that is responsive to Interrogatory No. 13. *See* Opp. at 14-15. There is none. Plaintiffs' complaints that Amazon asks them to identify "every" possible factor ring hollow when they have refused to identify *any* permissible factor.

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

at trial.  It is for this reason that Amazon seeks discovery of Plaintiffs' alternative considerations now, so that it can tailor its defenses to Plaintiffs' theories appropriately.

### III.    Plaintiffs Should Be Compelled To Respond To Interrogatory No. 16.

Plaintiffs concede they have not responded to Interrogatory No. 16.[6]  While Amazon's interrogatory asks Plaintiffs to identify remedies they "intend to seek," ECF. No. 628-2 at 48, Plaintiffs responded "with a list of *goals* that any remedies sought would be designed to achieve," Opp. at 15 (emphasis added).  That does not answer the question.  Plaintiffs assert that providing any "more detailed" response would be "costly," without any attempt to justify their purported burden.  That it is hardly surprising, as Plaintiffs never asserted a burden objection in their response to Interrogatory No. 16.  *See* ECF No. 628-2 at 48-49.

Plaintiffs' principal response is to recast Amazon's interrogatory as a request for a formal "remedy proposal."  Opp. at 15-16.  But, again, that is not what Interrogatory No. 16 seeks. Amazon only asks Plaintiffs to identify the remedies they currently "intend to seek."  Plaintiffs' overriding reliance on the bifurcation order is therefore misplaced because Plaintiffs themselves acknowledge that the "order does not limit the scope of fact discovery."  ECF No. 628-2 at 48 (citing Bifurcation Order, ECF No. 289 at 49).  Indeed, Plaintiffs themselves emphasized, when proposing bifurcation, that the "proposal does not limit Amazon's ability to explore potential remedies through normal discovery processes."  ECF No. 173 at 1.  It is impossible to square Plaintiffs' purported understanding of the Court's order and their prior litigation position with their unwillingness to provide a straightforward list of the remedies they intend to seek.

Having no explanation, Plaintiffs try to shift responsibility to Amazon to justify why Plaintiffs should respond to Interrogatory No. 16.  *See* Opp. at 16.  That is not how civil discovery works.  Interrogatory No. 16 seeks indisputably relevant information, and it is Plaintiffs' burden to justify their self-imposed limitations.  Although Amazon agrees that the Court's liability

---

[6] Interrogatory No. 16 asks, "Describe each and every remedy and form of relief that You intend to seek in this Action, including, but not limited to, any 'structural remedy.' Compl., Section X." ECF 628-2 at 48.

findings may obviate the need for (or, at a minimum, further narrow) any remedies proposal, that does not mean that Plaintiffs should not or cannot identify specific potential remedies now.  It strains credulity to suggest that they have proceeded with their investigations and litigation this far without having in mind the remedies they intend to seek.

## CONCLUSION

Amazon's motion to compel should be granted.

DATED: March 10, 2026.

*I certify that this memorandum contains 2,089 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:  patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email:  hhubbard@wc.com
        jschmidtlein@wc.com
        khodges@wc.com
        jpitt@wc.com
        ereddington@wc.com
        cmetz@wc.com
        cpruski@wc.com
        ktrefz@wc.com

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 7
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
        dludwin@cov.com
        kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S REPLY ISO SECOND
MOTION TO COMPEL - 8
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401