THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS**

NOTE ON MOTION CALENDAR:
March 17, 2026

**PUBLIC REDACTED VERSION**

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

KEY FACTUAL BACKGROUND......................................................................................... 2

ARGUMENT ....................................................................................................................... 3

I.      AMAZON FAILED TO TAKE REASONABLE STEPS TO PRESERVE RELEVANT NOTES AND EPHEMERAL MESSAGES. ................................................................ 4

II.     AMAZON UNDERSTATES (AND WRONGLY ARGUES PLAINTIFFS MUST PROVE) WHAT WAS DESTROYED. ............................................................... 6

III.    AMAZON HAS NOT MET ITS BURDEN TO PROVE THE LOSS OF INFORMATION WAS NOT PREJUDICIAL. ................................................................ 8

IV.     AMAZON ACTED WILLFULLY AND WITH AN INTENT TO IMPACT LITIGATION................................................................................................... 9

CONCLUSION.................................................................................................. 10

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - ii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## TABLE OF AUTHORITIES

*Cases*

*Alexander v. Nat'l Farmers Org.*,
   687 F.2d 1173 (E.D. Va. 2011) ................................................................................. 8

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
   803 F. Supp. 2d 469 (E.D. Va. 2011) ....................................................................... 7

*Garcia v. Lennar Corp.*,
   2025 WL 1544328 (C.D. Cal. Apr. 21, 2025) ........................................................... 4

*Gregory v. Montana*,
   118 F. 4th 1069 (9th Cir. 2024) ............................................................................... 4

*In re Google Play Store Antitrust Litig.*,
   664 F. Supp. 3d 981 (N.D. Cal. 2023) ................................................................. 5, 8

*Leon v. IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2006) ................................................................................... 8

*Samsung Elec. Co., Ltd. v. Rambus, Inc.*,
   439 F. Supp.2d 524 (E.D. Va. 2006) ....................................................................... 7

*Rules*

Fed. R. Civ. P. 37(e) ..................................................................................... *passim*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - iii
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**INTRODUCTION**

Amazon concedes the remarkable factual circumstances that led us here: as described in Plaintiffs' motion—with no mention, much less rebuttal, in Amazon's opposition—Amazon employees, at times directed by or under the supervision of in-house counsel, dutifully obeyed a company directive to ▉▉▉▉▉▉ contemporaneous evidence that was relevant to this litigation. And Amazon executives intentionally enabled and disabled, at their discretion and with full knowledge of Amazon attorneys, the disappearing messages setting in the Signal messaging application, which they used to communicate about relevant matters at least as significant as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

Amazon does not meaningfully contest the first element of a Rule 37(e) violation: Amazon had a duty to preserve the relevant "raw notes" and Signal messages at issue in this motion. Against the backdrop of its ▉▉▉▉▉▉ directive and ephemeral messaging usage, Amazon's opposition fails to rebut each of the remaining elements:

1.    Amazon's directives to ▉▉▉▉▉▉ and its use of disappearing messages were **not reasonable**;

2.    Where Amazon (i) had a duty to preserve and (ii) directed the deletion of notes or used disappearing messages, Plaintiffs need not prove exactly what Amazon **destroyed**;

3.    Amazon cannot show Plaintiffs have not been **prejudiced**; and

4.    Amazon's willful destruction was **intended to avoid the discovery of spoliated evidence** by an adverse party.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon should not be rewarded for this latest attempt to manipulate the record to its advantage. The Court should grant Plaintiffs' Motion for Spoliation Sanctions ("Mot."). Dkt. #598.

## KEY FACTUAL BACKGROUND

The relevant facts are set forth in Plaintiffs' motion. Two points bear emphasis in this reply. First, there is no dispute that Amazon implemented and carried out a directive (also called ███████████████████████████████████ *see, e.g.*, Dkt. #599-12 at -763, Dkt. #599-10 at -467, Dkt. #599-19 at -694), to destroy contemporaneous evidence of relevant business meetings and decisions. Amazon's brief notably does not mention (much less defend) the company directive at the center of the "raw notes" issue in this motion. Plaintiffs addressed that directive at length in the opening brief and include an instance of those instructions again here for ease of reference.

Dkt. #599-12 at -763; *see also* Dkt. #599-15 at -989.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 2
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

Second, Amazon executives knowingly enabled a disappearing messages feature on an application they used to communicate about relevant issues. Amazon's executives knew they were under document holds and understood the functionality of the disappearing messages feature of Signal. Mot. 6. They used it anyway, because the company condoned Signal usage, trusting employees with the responsibility of turning off disappearing messages ████████████ ████████████ Dkt. #639 (Defendant Amazon.com, Inc.'s Response to Plaintiffs' Motion for Spoliation Sanctions) ("Opp.") at 15. Unsurprisingly, Amazon was forced to acknowledge the unavailability of messages from custodians ████████████████████ ██████████ Dkt. #250-2 at 4. The relevant (and material) issues discussed in the now-deleted Signal messages include ████████████████████████████ ██████████████ Mot. 9.

## ARGUMENT

The basic standards laid out in Rule 37(e) are not in dispute. The Court may sanction Amazon for spoliation if Plaintiffs have shown (1) that the ESI "should have been preserved in the anticipation or conduct of litigation," (2) that Amazon "failed to take reasonable steps to preserve" the ESI; (3) that the ESI is lost; (4) prejudice to Plaintiffs from the loss of the ESI; and, to impose an adverse inference sanction, (5) that Amazon "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e). Amazon goes beyond Ninth Circuit precedent, however, with the invention of a new and impossible-to-meet

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

standard requiring the Court to make particularized findings about "each piece" of spoliated evidence. Opp. 10. That is not the law, and the Court should decline Amazon's invitation to misread precedent and incentivize bad actors to destroy evidence so effectively as to render the rule meaningless. Simply put, the findings required to impose sanctions are those spelled out in the five factors under Rule 37(e). *See Gregory v. Montana*, 118 F.4th 1069, 1078-80 (9th Cir. 2024).[1]

Amazon opens each section of its argument regarding what it labels "rough draft notes" and "Signal messages" by addressing the second factor—reasonableness—and then proceeds through factors three to five, effectively conceding the first factor, that it had a duty to preserve the relevant ESI at issue. *See Garcia v. Lennar Corp.*, 2025 WL 1544328, at *4 (C.D. Cal. Apr. 21, 2025) (a party concedes a factor that it fails to address). For the following reasons, each remaining factor favors Plaintiffs.

## I.    AMAZON FAILED TO TAKE REASONABLE STEPS TO PRESERVE RELEVANT NOTES AND EPHEMERAL MESSAGES.

Plaintiffs acknowledge that Amazon has produced a substantial volume of documents in this case. But this dispute is about certain categories of key documents—prepared in settings that were particularly likely to lead to candid statements about relevant business issues—that have been lost. The relevant question is therefore whether the deliberate actions Amazon took to destroy *those* documents were reasonable. With respect to both the lost raw notes and ephemeral messages, Amazon's actions were unreasonable.

First, Amazon's directives to ▮▮▮▮▮▮ raw notes—and its employees' execution of these directives—were unreasonable. Amazon's defense of its general preservation efforts avoids

---

[1] Amazon cites three district court decisions, *see* Opp. 10, each decided before the Ninth Circuit opinion in *Gregory*, none of which support Amazon's expansive new rule requiring specific findings as to "each piece of ESI."

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

the directives entirely and instead focuses on the production of other meeting-related documents and the handful of raw notes that Amazon preserved, despite its instructions and efforts to the contrary. Opp. 4-6, 10-11. That defense dodges the issue. This motion is not about whether Amazon was required to preserve every document the company generated. The issue is Amazon's specific directives to destroy documents, employees' actions to carry out those directives, and the unknown quantity of highly relevant raw notes—unfiltered, contemporaneous evidence—that *were* admittedly destroyed. *See, e.g.*, Dkt. #599-18 at -583 ███████████ ██████████████████████████████.[2] These actions are not reasonable.

Amazon seizes on Plaintiffs' deposition questions about a few meetings to claim, broadly, that *no* lost raw notes could have been important. Opp. 5-6. But that conjecture is also misguided. How Plaintiffs questioned executives about meetings related to destroyed documents is not a free pass for Amazon to spoliate evidence. That Plaintiffs did ask questions in their limited deposition time about raw notes from several other meetings shows the value of such evidence when it is not destroyed. *See, e.g.*, Ex. B (████████) at 322:13-324:16, Ex. C (████) at 379:1-379:20, Ex. D (██████) at 177:16-179:3, Ex. E (████) at 395:22-397:4.[3]

Second, Amazon executives' use of disappearing messages to discuss relevant topics was unreasonable. *See In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 993 (N.D. Cal. 2023) (finding it unreasonable to give employees "carte blanche to make his or her own call about what might be relevant in this complex antitrust case, and whether a Chat communication should be preserved"). Companies as large and sophisticated as Amazon should both know better

---

[2] Amazon alleges Plaintiffs "selectively omitted the attachment" to Ex. 18. Opp. 5. That is wrong. As indicated by the court reporter's yellow exhibit sticker, Plaintiffs' Ex. 18 is the full and complete version of the document used by private plaintiffs in the deposition of ████████. Ex. A (████) at 192:6-193:6. And Plaintiffs' motion cited Ex. 18 not as an example of missing notes, but rather as an example of the notetaker's acknowledgment of instructions to delete their notes. Mot. 5.

[3] Citations to Exs. A-G refer to the exhibits to the Declaration of Amanda L. Butler, Dkt. #652.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

and have the ability to avoid spoliation through the use of ephemeral messaging. This is evidenced by steps that Amazon later took to avoid the destruction of mobile messages—but only after an unknown number of messages were lost.

The unreasonableness of Amazon's actions is underscored by the seniority and responsibilities of the employees involved. The destruction of "raw notes" was not the result of sloppy work by low-level employees, as Amazon suggests. It was a policy directive issued from ███████████████████████████████, enforced at the direction of or under the supervision of Amazon's attorneys, and carried out by designated notetakers and their superiors. Mot. 3-6. Executives at the highest levels of the company used disappearing messages, ████ ███████████████████████████. *Id.* at 6-9. In this context, Amazon cannot seek absolution by virtue of the non-deleted information it chose to preserve and produce.

## II.    AMAZON UNDERSTATES (AND WRONGLY ARGUES PLAINTIFFS MUST PROVE) WHAT WAS DESTROYED.

There can be little doubt that Amazon employees commonly took raw notes at relevant business meetings—the very fact that senior Amazon leaders developed and distributed guidelines about taking (and destroying) raw notes strongly suggests as much. Amazon also cannot deny that it follows a common business practice, ingrained in the Amazon meeting invitation format, of appointing assigned notetakers. *See, e.g.*, Ex. F at -110. The fact that not *every* meeting had a notetaker does not relieve Amazon of its obligation to preserve the notes that were taken, nor does it shift to Plaintiffs the burden of identifying every meeting where raw notes were taken and then destroyed. There is ample evidence that raw notes were destroyed pursuant to Amazon's ████████ directive. *See, e.g.*, Dkt. #599-16 at -465 ████████████ ██████████████████████████████.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon first seeks to reframe and unilaterally shrink the scope of the deleted "raw notes" issue to just three of 15 meetings that *Amazon* selected from what it concedes is ███████████ ███████████████████████████████████████████ ██████████ Opp. 11; Dkt. #599-23 at 5.[4] Amazon then disputes that any material amount of unique information was lost, and charges Plaintiffs with both identifying with specificity which documents were destroyed and showing how they were distinctly relevant. Opp. 11-12. These 15 meetings are the limited subset for which Amazon *admits* that ████████████████ ███████████████████████████████████████████ Dkt. #599-23 at 6. The universe of deleted raw notes is likely much larger. The question now is whether Amazon should be allowed to benefit from its professed inability—or Plaintiffs' inability—to pinpoint and describe what evidence was lost due to Amazon's directive to ████████ raw notes.

A spoliating party cannot skirt accountability by demanding proof of precisely what it spoliated. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 498-99 (E.D. Va. 2011) (moving party "cannot be expected to[ ] demonstrate with certainty the content of destroyed documents" (quoting *Samsung Elec. Co., Ltd. v. Rambus, Inc.*, 439 F. Supp. 2d 524, 561 (E.D. Va. 2006))). Even if Plaintiffs were somehow better positioned to identify and catalog the specific instances in which Amazon implemented its guidelines to ████████ documents—and to be sure, they are not—that burden falls squarely on the party that destroyed evidence. To the extent Amazon argues that the lost documents pertained exclusively to meetings that were irrelevant, "a party can hardly assert any presumption of irrelevance as to the destroyed

---

[4] Amazon's Response to Interrogatory No. 23 describes the artificial parameters it chose to apply to its search for meetings subject to a deletion directive, thus enabling Amazon to focus on so few meetings. *See* Dkt. #599-23 at 6-7.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

documents." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173, 1205 (8th Cir. 1982)). Amazon also cannot seriously contend that *Plaintiffs* should have known to designate notetakers as document custodians to avoid the loss of relevant materials. Even if designating notetakers as custodians would have preserved some additional notes, which is doubtful given Amazon's instructions to ███████████ raw notes, Amazon represented to Plaintiffs during custodian negotiations that more junior employees █████████████████████████████████████████ Ex. G at 4. Amazon was in a position to know whether this was true (apparently, it was not); Plaintiffs were not.

## III.    AMAZON HAS NOT MET ITS BURDEN TO PROVE THE LOSS OF INFORMATION WAS NOT PREJUDICIAL.

Amazon's contention that Plaintiffs were not prejudiced cannot be squared with the law and the facts. As to the law, the Advisory Committee Notes to Rule 37(e)(2) explain that a finding of intent is often sufficient to draw an inference of prejudice. *See Google*, 664 F. Supp. 3d at 994 (finding of prejudice "is not strictly necessary because the finding of intent under subdivision (e)(2) supports 'not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position'"). As discussed below, Amazon intentionally destroyed the raw notes and Signal messages at issue here.

As for the facts, Amazon focuses on its unsupported assertion that the lost information is narrow in scope and merely duplicates other material it has already produced. Opp. 12-13, 16-18. But that argument wrongly assumes that the problem is limited to a handful of meetings where Amazon admits that █████████████████████████████████████ Dkt. #599-23 at 6. In reality, Amazon's raw notes problem likely extends to ███████████ of

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

additional meetings, *see supra* Section II, and Plaintiffs cannot realistically reconstruct what Amazon intentionally destroyed.[5] Similarly, the scope of Amazon's lost Signal messages is broader than Amazon says—██████████████████████ ████████████████████████████████ ████████████████ Mot. 8-9.

## IV.    AMAZON ACTED WILLFULLY AND WITH AN INTENT TO IMPACT LITIGATION.

Given its explicit directive to ██████████ raw notes, Amazon's destruction of raw notes was plainly willful. Amazon likewise concedes that its executives communicated through disappearing Signal messages, after taking affirmative steps to enable the setting. Opp. 6. Worse still, these actions were often taken by or under the direction and supervision of Amazon's attorneys, who knew or should have known of the company's duty to preserve potentially relevant information. Amazon now contests whether it destroyed information for the purpose of avoiding its discovery by an adverse party. Opp. 14. But that position is difficult to square with evidence that Amazon executives continued to selectively enable disappearing messages after repeated and escalating instructions to disable the feature, and evidence that Amazon affirmatively instructed employees to ██████████ raw notes in light of concerns that ████ ████████████████████████████████████████████

*See* Mot. 17-19; Dkt. #599-10 at -467. The Court can and should determine from that evidence

---

[5] Amazon correctly notes an incorrect citation in Plaintiffs' opening brief at pages 11-12. Opp. 13. Plaintiffs' comparison of "raw notes" with a sanitized version mistakenly cited to Ex. 48, Dkt. #600-17; the correct comparison is to Dkt. #640-41. Plaintiffs apologize for the error and appreciate the opportunity to correct it. But Amazon's conclusions are plainly wrong. A review of the raw notes (Dkt. #600-16) against the final email notes (Dkt. #640-41) shows that the sanitized version omits multiple sensitive topics, including repeated references to ████████ whether ██████████████████████ and whether ████████████████████ among other material changes.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 9
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

that Amazon acted with the intent to destroy materials that could be used against the company in litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for spoliation sanctions should be granted.

Dated: March 17, 2026                    Respectfully submitted,

                                             *s/ Edward H. Takashima*
                                             EDWARD H. TAKASHIMA (DC Bar # 1001641)
AMANDA L. BUTLER (IL Bar # 6299218)
HANA VERWILT (CA Bar # 360731)
JESSE VELLA (NY Reg.# 5655550)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2464 (Takashima)
Email:  etakashima@ftc.gov
          abutler2@ftc.gov
          hverwilt@ftc.gov
          jvella@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 2,776 words, in compliance with the Court's order in Dkt. #592.

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Nicole Demers*
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Christopher J. Campbell*
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

s/ Schonette Walker
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Massachusetts Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of
Massachusetts*

s/ Scott A. Mertens
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

s/ Zach Biesanz
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

s/ Andrew Esoldi
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

s/ Anthony R. Juzaitis
Anthony R. Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

s/ Zulma Carrasquillo Almena
Zulma Carrasquillo Almena (admitted *pro
hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of
Puerto Rico*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Alexander Carnevale*
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L.J. Aceves*
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Western District of Washington's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel via secure FTP service:

Patricia A. Eakes
Molly A. Terwilliger
MORGAN LEWIS & BOCKIUS LLP
1301 Second Ave, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: patty.eakes@morganlewis.com
　　　molly.terwilliger@morganlewis.com

Thomas O. Barnett
Katherine Mitchell-Tombras
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: 202-662-5407
Email: tbarnett@cov.com
　　　kmitchelltombras@cov.com

Heidi K. Hubbard
John E. Schmidtlein
Kevin M. Hodges
Jonathan B. Pitt
Carl R. Metz
Carol J. Pruski
Katherine Trefz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Email: hhubbard@wc.com
　khodges@wc.com
　jpitt@wc.com
　cmetz@wc.com
　cpruski@wc.com
　ktrefz@wc.com

Kosta S. Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email:
kstojilkovic@wilkinsonstekloff.com

*Counsel for Defendant Amazon.com, Inc.*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael Jo
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New
 Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of
Pennsylvania*

Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of
Massachusetts*

Scott A. Mertens
Michigan Department of Attorney
General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael A. Undorf
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

Christina M. Moylan
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Lucas J. Tucker
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

Andrew Esoldi
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

Anthony R. Juzaitis
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov

*Counsel for Plaintiff State of New Mexico*

Zach Biesanz
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Zulma Carrasquillo-Almena
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov

*Counsel for Plaintiff Commonwealth of Puerto Rico*

Alexander Carnevale
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

Sarah L. J. Aceves
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

*Counsel for Plaintiff State of Vermont*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 16
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY ISO MOT. FOR
SPOLIATION SANCTIONS - 17
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222