UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION ET AL., | CASE NO. 2:23-cv-01495-JHC |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant Amazon's Second Motion to Compel Further Responses to its First Set of Interrogatories.  Dkt. # 626.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court GRANTS in part and DENIES in part the motion.

**II**
**DISCUSSION**

Defendant seeks an order compelling Plaintiffs to fully respond to three interrogatories—Interrogatory Nos. 3, 13, and 16.  Dkt. # 626 at 3.  Defendant contends that Plaintiffs have failed

ORDER - 1

to provide full responses, despite Plaintiffs' discovery obligations, repeated conferrals among the parties, and the Court's June Order (Dkt. # 488), which partially granted Defendant's First Motion to Compel (Dkt. # 414). *See generally* Dkt. # 626. Plaintiffs respond that their "interrogatory responses are sufficient—Amazon just does not like them"—and that Defendant is not "entitled to information beyond what Plaintiffs have supplied." Dkt. # 644 at 5. The Court addresses each interrogatory below.

A.      Interrogatory No. 3

Defendant contends that Plaintiffs should be compelled to provide further responses to Interrogatory No. 3 because "[t]he Court already ordered Plaintiffs to respond to Interrogatory No. 3" in its June Order. Dkt. # 626 at 3. It argues that Plaintiffs' response to Interrogatory No. 3 is deficient, as Plaintiffs offer conclusory assertions and general case themes rather than concrete facts and specific information. *See id*. at 4–5. And it says that Plaintiffs' objections to this interrogatory are both waived and meritless. *Id*. at 6–7; *see also* Dkt. # 648 at 2–3.

Interrogatory No. 3 requests:

> For each purported "coercive tactic involving its order fulfillment business" alleged in Your Complaint, Identify all Persons who were coerced by the purported "tactic," the products they were coerced into fulfilling through Amazon, when that occurred, and the fulfillment provider(s) they would have used but-for the alleged coercive tactic.

Dkt. # 628-2 at 12. Plaintiffs' initial answer included a paragraph on Prime eligibility and also stated, "Plaintiffs have reason to believe that all sellers who use FBA do so in light of the Amazon policies and actions challenged in the Amended Complaint. Amazon has in its own possession the identities of all FBA sellers." *See* Dkt. # 415 at 18–19. Believing this answer to be "conclusory and uninformative[,]" Defendant moved to compel further responses. *See* Dkt. # 414 at 9. The Court granted Defendant's request in its June Order, concluding that "Plaintiffs do

ORDER - 2

not respond to Amazon's motion to compel a full response to interrogatory No. 3" and ordering Plaintiffs to "more fully respond" to this interrogatory. Dkt. # 488 at 18.

Plaintiffs then submitted various rounds of supplemental responses. *See* Dkt. ## 626 at 4–5; 644 at 6. But as of today's date, Plaintiffs' answer still fails to fully respond to the inquiries contained in Interrogatory No. 3. The response does not identify any specific "coercive tactics"; it merely alludes to Prime eligibility, notes that "contracts and policies" can create coercion in antitrust cases, and states that "sellers who use FBA do so in light of the Amazon policies and actions challenged in the Amended Complaint." *See generally* Dkt. # 628-2 at 12–18. It also does not list any alternative fulfillment providers, nor does it name any specific products that sellers were purportedly "coerced" into fulfilling through Amazon. *See id.* And while it states that "all" FBA sellers were coerced and provides some examples of these sellers, it does not actually "Identify all Persons who were coerced by the purported 'tactic[.]'" *See id.* Plaintiffs thus cannot be said to have "fully" or "completely" responded to Interrogatory No. 3.

Rather than argue that they have fully responded to Interrogatory No. 3, Plaintiffs respond to Defendant's Second Motion to Compel by offering a laundry list of reasons for why the Court should not issue an order to compel. *See generally* Dkt. # 644 at 7–13. But none of these reasons provide an adequate justification for Plaintiffs' failure to fully and completely respond to Interrogatory No. 3. For example, Plaintiffs argue that the motion is baseless because "Amazon has long had equal access to all relevant evidence in this case, including about sellers affected by Amazon's anticompetitive fulfillment policies." *Id.* at 8. But while perhaps true, "a party may not decline to respond to discovery requests on the ground that the information sought is equally available to the propounding party." *Kalter v. Keyfactor, Inc.*, 2022 WL 16985062, at *2 (S.D. Cal. Nov. 16, 2022) (collecting cases). Defendant's purported access to Plaintiffs' information is thus unrelated to the adequacy of Plaintiffs' answer.

ORDER - 3

Plaintiffs also argue that "Amazon's demand that Plaintiffs identify the fulfillment providers sellers would have used if not coerced to use FBA is tantamount to imposing third-party discovery obligations on Plaintiffs solely for the purpose of responding to Amazon's interrogatory request." Dkt. # 644 at 9 n.2. But this argument misses the mark. Although parties are generally not required to obtain discovery from third parties to respond to an interrogatory,[1] compelling Plaintiffs to provide further responses to Interrogatory No. 3 would not have such an effect. Here, unlike in *Heilman*, the third-party information at issue forms part of Plaintiffs' claims: the Complaint alleges that Defendant violated the Sherman Act in part because it coerced sellers into using FBA, despite these sellers preferring to use an alternative fulfillment provider. *See* Dkt. # 326 at 110, 138. And Plaintiffs have already made efforts to acquire, and have in fact acquired, at least some of this information via their own independent discovery efforts. *See, e.g.*, Dkt. # 644 at 9 (listing the names of alternative fulfillment providers). *Heilman*'s holding—that a party need not conduct third-party discovery on the other party's behalf—is thus inapplicable to the present issue—whether Plaintiffs must fully respond to Interrogatory No. 3 by disclosing information on FBA sellers that they currently have in their possession.

As for Plaintiffs' other arguments, the Court finds them inapt, inaccurate, or otherwise unrelated to the actual issues presented by Defendant's Second Motion to Compel.[2] It thus

---

[1] *See* Fed. R. Civ. P. 33(a) (interrogatories can be served only on parties); *see also Heilman v. Vojkufka*, 2011 WL 677877, at *13 (E.D. Cal. Feb. 17, 2011), *report and recommendation adopted*, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011) (denying motion to compel because the "defendant is not obliged to discover information from third parties on plaintiff's behalf.").

[2] Plaintiffs argue that: (1) "Plaintiffs' response to Interrogatory No. 4 . . . contains a similar level of detail [as their response to Interrogatory No. 3], and Amazon has not challenged that response in its motion"; (2) "Amazon takes issue with Plaintiffs' use of the term 'coerce'" but Plaintiffs' "usage of the term is consistent with applicable antitrust principles"; (3) Defendant "incorrectly suggests the Court has already found Plaintiffs' response to Interrogatory No. 3 deficient in some way"; (4) "Contrary to Amazon's assertion that the Court 'overrul[ed] Plaintiffs' objections' . . . the Court did not have a reason

ORDER - 4

concludes that Plaintiffs have failed to provide a legitimate justification for not providing a more complete answer to Interrogatory No. 3, as required by the Court's June Order and Plaintiffs' discovery obligations. Accordingly, the Court GRANTS Defendant's Second Motion to Compel as to Interrogatory No. 3.

B.      Interrogatory No. 13

Defendant contends that Plaintiffs should be compelled to provide further responses to Interrogatory No. 13 because "Plaintiffs have provided no response" despite having now "taken and reviewed all the discovery they said they needed" to properly respond. Dkt. # 626 at 8. Defendant says that the supplemental response's "broad-stroke cross-referencing" to other interrogatories is both improper and inadequate, as "Plaintiffs' response to Interrogatory No. 9 contains *no information* responsive to Interrogatory No. 13." *Id*. at 11 (emphasis in original). And it argues that asking Plaintiffs to identify permissible factors does not place an improper burden on Plaintiffs, as Plaintiffs are required to present this information at step three of the rule of reason analysis and so it forms part of their claims. *See* Dkt. # 648 at 5.

to rule on the sufficiency of Plaintiffs' initial responses" and so their objections are preserved; (5) Defendant's arguments about the nature and extent of Plaintiffs' evidence are inappropriate for a pretrial discovery motion and more appropriate for trial or summary judgment; and (6) Defendant is not entitled to an order to compel because it "has not explained what additional detail it seeks beyond what Plaintiffs have already provided." Dkt. # 644 at 7–13. But (1) Plaintiffs' response to Interrogatory No. 4, and Defendant's decision not to challenge that response, is unrelated to Defendant's challenge to Plaintiffs' answer to Interrogatory No. 3, i.e., a distinct interrogatory answer; (2) Plaintiffs' use of the term "coerce" is not challenged in Defendant's motion, nor is it relevant to the question before the Court—whether Plaintiffs have fully responded to Interrogatory No. 3, including by listing specific tactics that they believe to be coercive; (3) irrespective of the precise scope of the June Order's deficiency finding, the Court finds Plaintiffs' response deficient as of today and is thus compelling further responses on this basis; (4) Plaintiffs' supplemental responses raise the same objections as their initial response, and such objections were overruled by implication when the Court ordered Plaintiffs to provide further responses in its June Order; (5) Defendant is not arguing that Plaintiffs have failed to meet their evidentiary burden: Defendant is arguing that Plaintiffs have failed to disclose pertinent factual information in violation of their discovery obligations, which is exactly what a pretrial discovery motion is supposed to address; and (6) Defendant's motion adequately and repeatedly explains what details it seeks—specific facts in response to the inquiries contained in Interrogatory No. 3.

ORDER - 5

Interrogatory No. 13 states:

> Identify every factor that you believe Amazon permissibly can take into account in deciding whether third-party offers should not be "Featured Offers" in Amazon's store, and Identify the impact upon the marketplace of Amazon withholding "Featured Offer" status on that basis.

Dkt. # 628-2 at 46.  Plaintiffs did not initially provide a substantive answer to this interrogatory. *See generally* Dkt. # 415 at 34–36.  And when Defendant moved to compel a response, Plaintiffs argued, among other things, that a more complete response was premature.  *See* Dkt. # 434 at 12. In its June Order, the Court sided with Plaintiffs, concluding that it would be premature to compel Plaintiffs to respond to Interrogatory No. 13 given the discovery timeline, and declining to reach Plaintiffs' "alternative contentions."  *See* Dkt. # 488 at 12 n.4.

After the June Order (and completion of additional discovery), Plaintiffs updated their answer to Interrogatory No. 13 to read:

> Plaintiffs have identified in their response to Interrogatory No. 9 potential less restrictive alternatives to Amazon's anti-discounting conduct and incorporate that response by reference here. Employing any of these alternatives would result in less restrictive impacts on competition than the antidiscounting conduct Plaintiffs challenge in this case. In addition, Plaintiffs have identified in their response to Interrogatory No. 16 potential remedies that may be appropriate for the Court to consider during the remedies phase of this case and incorporate that response by reference here. With any of these remedies in place, Amazon would likely be able to consider a range of factors when determining how to display third-party offers on its marketplace, including product quality and availability, delivery speed and returns experience, customer reviews and complaints, and the historical performance of a third-party seller.

Dkt. # 628-2 at 48–49.  As pertinent here, Plaintiffs' answer to Interrogatory No. 9 identifies numerous "potential less restrictive alternatives to Amazon's anti-discounting conduct," such as Amazon Funded Discounts, lower seller fees, seller fee promotions, and CP caps and floors.  *Id*. at 26–46.  And Plaintiffs' answer to Interrogatory No. 16 identifies various remedies and forms of relief that may be appropriate in this action.  *See id.* at 50–52.  But neither answer appears to identify any "factors" that Amazon may permissibly consider when declining "Featured Offer"

ORDER - 6

status. *See generally id.* at 26–46, 50–52. Nor, by default, does either identify any "impact upon the marketplace of Amazon withholding 'Featured Offer' status" based on those factors. *See id.* The Court thus cannot find that Plaintiffs "fully" and "completely" responded to Interrogatory No. 13.

Yet despite Plaintiffs' incomplete response, the Court also does not find that Defendant is entitled to the full answer that it seeks. Contrary to Defendant's position, it is not Plaintiffs' burden to identify *every* possible factor that Defendant may lawfully consider. *See, e.g.*, *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 834 (9th Cir. 2022) (explaining the burden-shifting framework). Nor does the Court find that Plaintiffs must provide a high degree of detail on "impact," especially if Defendant has not "sufficiently identified procompetitive justifications" in its own discovery responses. *See* Dkt. # 628-2 at 47. But Defendant is also correct that to prevail on their claims, Plaintiffs must identify at least *one* factor that Amazon may permissibly consider to satisfy their burden at step three of the rule of reason analysis.[3] And Plaintiffs' response to Interrogatory No. 13 currently identifies no such factors. *See* Dkt. # 628-2 at 48–49. The Court thus finds additional information warranted, and so it GRANTS in part and DENIES in part Defendant's Second Motion to Compel as to Interrogatory No. 13.

C.      Interrogatory No. 16

Defendant contends that Plaintiffs should be compelled to provide further responses to Interrogatory No. 16 because they have provided "a laundry list of every conceivable potential remedy that may be available to a hypothetical antitrust plaintiff in a hypothetical case" rather than answering the question. Dkt. # 626 at 12; *see also* Dkt. # 648 at 6. It also argues that

---

[3] At step three of the rule of reason analysis, Plaintiffs must "demonstrate that the procompetitive efficiencies [of the challenged restraint] could be reasonably achieved through less anticompetitive means." *PLS.Com*, 32 F.4th at 834.

ORDER - 7

Plaintiffs' bifurcation arguments are misplaced, as nothing in the Court's bifurcation order was intended to limit the scope of fact discovery into remedies at this stage of the litigation. *See* Dkt. ## 626 at 11–12; 648 at 6.

Interrogatory No. 16 states:

> Describe each and every remedy and form of relief that You intend to seek in this Action, including, but not limited to, any "structural remedy."

Dkt. # 628-2 at 49. Plaintiffs' initial answer did not mention any remedies or forms of relief. *See generally* Dkt. # 415 at 39–40. Following the June Order and additional discovery, however, Plaintiffs provided a more thorough response to Interrogatory No. 16. *See* Dkt. # 628-2 at 50–52.

But Plaintiffs' supplemental response still fails to respond to the question asked by Interrogatory No. 16: what remedies and relief do you (Plaintiffs) intend to seek. As stated by Plaintiffs themselves, "Plaintiffs responded to Interrogatory No. 16 with a list of goals that any remedies sought would be designed to achieve and provided specific examples of potential remedies across the various categories of Amazon's conduct Plaintiffs challenge as unlawful." Dkt. # 644 at 15. But a "list of goals" is different from a list of remedies and relief. And providing examples of potential remedies, especially when such examples begin with "it may be appropriate for the Court to order[,]" is different from listing "every remedy and form of relief" that Plaintiffs currently intend to seek. Plaintiffs' answer to Interrogatory No. 16 is therefore deficient.

Despite these deficiencies, however, Plaintiffs still request that the Court deny Defendant's Second Motion to Compel as to Interrogatory No. 16. They say that denial is proper because: (1) Plaintiffs' "response is appropriate at this stage of the case and fully justified by the Court's order bifurcating liability and remedy proceedings"; and (2) "Requiring a more detailed

ORDER - 8

remedy proposal before the trial record has been developed and the Court has made its findings of fact would result in a premature, costly, and potentially unnecessary hypothetical exercise not tailored to the Court's ultimate findings." Dkt. # 644 at 15. The Court disagrees. Contrary to Plaintiffs' position, the Court's bifurcation order explicitly acknowledged that "Nothing in this Order shall . . . limit the scope of fact discovery in this case." Dkt. # 289 at 51. And while the Court agrees that a "detailed remedy proposal" is unnecessary at this stage of the litigation, there is a wide gap between a "detailed remedy proposal" and what Plaintiffs submitted—a collection of vague goals and hypothetical remedies.[4] The Court thus concludes that Plaintiffs have failed to justify their deficient response. And so it GRANTS Defendant's Second Motion to Compel as to Interrogatory No. 16.

### III
### CONCLUSION

For these reasons, the Court GRANTS in part and DENIES in part Defendant's Second Motion to Compel Further Responses to its First Set of Interrogatories (Dkt. # 626). Plaintiffs are ORDERED to provide further interrogatory responses on or before May 1, 2026, subject to the following instructions:

- *Interrogatory No. 3.* Based on Plaintiffs' representations—that "all sellers who use FBA" were coerced and that Defendant already has a list of such sellers—Plaintiffs need not provide further responses to the portion of the interrogatory that states, "Identify all Persons who were coerced by the purported 'tactic.'" Plaintiffs must otherwise respond to the interrogatory. At a minimum, Plaintiffs' response must

---

[4] Plaintiffs also appear to suggest that it is Defendant's burden to explain why a full response is needed. *See* Dkt. # 644 at 16. But this is not the correct standard. *See, e.g.*, *Lee & Hayes, P.C. v. Continuous Composites Inc.*, 2025 WL 1886667, at *2 (E.D. Wash. May 9, 2025) ("The party opposing discovery bears the burden of resisting disclosure.").

ORDER - 9

indicate: (1) the specific tactics that Amazon used that Plaintiffs deem to be "coercive tactics" (under Plaintiffs' own theory of coercion); (2) when such "coercive tactics" were used; (3) the names of the alternative fulfillment providers currently in Plaintiffs' possession; and (4) the names of the products that sellers were purportedly coerced into fulfilling through Amazon.  If it is Plaintiffs' contention that *all* products (or whole categories of products) are affected, Plaintiffs may say so without listing each specific product.  But the current answer—"substantially all or a wide range of sellers' products"—does not suffice.  *See* Dkt. # 628-2 at 14.

- *Interrogatory No. 13.*  Plaintiffs need not provide *every* factor but must provide at least *one* factor that they believe Amazon may permissibly consider when deciding whether third-party offers should not be "Featured Offers" in Amazon's store. Plaintiffs should also identify any impact of withholding "Featured Offer" status based on the identified factor(s), but need only do so to the extent that such information relates to Plaintiffs' burden at step three of the rule of reason analysis. Plaintiffs also need not provide information on alternative factors and their impact if such information is impossible to provide based on Defendant's purported failure to "sufficiently identif[y] procompetitive justifications or alternatives considered for the challenged conduct" in its own discovery responses.  *See* Dkt. # 628-2 at 47.

- *Interrogatory No. 16.*  Plaintiffs must enumerate "each and every remedy and form of relief" that they intend to seek as of today's date.  Plaintiffs' list need not be highly detailed, but it must disclose to Defendant the remedies and relief that Plaintiffs are *currently* contemplating in this action.  Discussions of "goals" or examples of potential remedies, preceded by phrases such as "it may be appropriate for the Court to order," will not suffice.

ORDER - 10

- *Generally.* Although Plaintiffs must provide further responses to Interrogatory Nos. 3, 13, and 16, that are accurate as of today's date, nothing in this Order should be read to preclude Plaintiffs from later amending or correcting these responses based on new information or developments.

Dated this 6th day of April, 2026.

John H. Chun
United States District Judge

ORDER - 11