THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

    Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CONCERNING AMAZON'S MANIPULATION OF EVIDENCE**

NOTE ON MOTION CALENDAR:
March 17, 2026

**FILED UNDER SEAL**

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.    AMAZON'S P&C PROTOCOL IS PRIMARILY BUSINESS ADVICE ......................... 2

      A.    Amazon's Lawyers Ensuring "Accuracy" and "Common Purpose" in Business Documents, Through General Guidance or Direct Editing to Scrub Sensitive Terms, Is Primarily Business Advice ...................................................... 2

      B.    Amazon's Widespread Privilege Cloaking Confirms That Associated Communications Were Not Primarily Requests for Legal Advice ......................... 5

II.   THE CRIME-FRAUD (AND OTHER MISCONDUCT) EXCEPTION APPLIES TO THE P&C PROTOCOL ................................................................................. 7

III.  PRIOR PRIVILEGE PROCEEDINGS IN A RELATED CASE DO NOT UNDERMINE PLAINTIFFS' MOTION .................................................................. 9

IV.   PLAINTIFFS' REQUESTED RELIEF IS REASONABLE AND NECESSARY TO ADDRESS AMAZON'S CONDUCT ................................................................. 11

CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

*Cases*

*Barnum v. Equifax Info. Servs.*,
  2018 WL 1245492 (D. Nev. Mar. 9, 2018) ................................................................ 10

*De Coster v. Amazon.com, Inc.*,
  2025 WL 904465 (W.D. Wash. Mar. 25, 2025)............................................................ *passim*

*Entrata, Inc. v. Yardi Sys., Inc.*,
  2018 WL 3055755 (D. Utah June 20, 2018) ................................................................ 2

*Epic Games, Inc. v. Apple Inc.*,
  161 F.4th 1162 (9th Cir. 2025) ................................................................ 2, 4

*FTC v. Amazon.com, Inc.*,
  2025 WL 821890 (W.D. Wash. Mar. 14, 2025)................................................................ 6, 12

*Garner v. Amazon.com, Inc.*,
  2024 WL 4266665 (W.D. Wash. Sept. 23, 2024) ................................................................ 6, 12

*Hightower v. S. Cal., Permanente Grp.*,
  2022 WL 21737757 (C.D. Cal. May 2, 2022) ................................................................ 10

*In re Blue Cross Blue Shield Antitrust Litig.*,
  2017 WL 9807442 (N.D. Ala. Aug. 31, 2017) ................................................................ 5

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992)................................................................ 11, 12

*In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*,
  2019 WL 2003959 (S.D.N.Y. May 7, 2019) ................................................................ 11

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
  296 F. Supp. 3d 1230 (D. Or. 2017) ................................................................ 5

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
  2024 WL 4907142 (N.D. Cal. Nov. 27, 2024) ................................................................ 13

*Oracle Am., Inc. v. Google, Inc.*,
  2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ................................................................ 6

*Procaps S.A. v. Patheon Inc.*,
  2015 WL 11202476 (S.D. Fla. July 22, 2015) ................................................................ 13

*Rambus, Inc. v. Infineon Techs. AG*,
  220 F.R.D. 264 (E.D. Va. 2004) ................................................................ 8, 9

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - iii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Scott v. Hook,*
    2025 WL 586367 (9th Cir. Feb. 24, 2025) ........................................................... 10

*Sonrai Sys., LLC v. Romano,*
    2020 WL 7027567 (N.D. Ill. Nov. 30, 2020) .................................................... 8, 9

*Stevens v. Corelogic, Inc.,*
    2016 WL 397936 (S.D. Cal. Feb. 2, 2016) ........................................................... 4

***Rules***

Fed. R. Civ. P. 26(b) .........................................................................................................11

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - iv
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**INTRODUCTION**

Plaintiffs' Motion presented ample evidence of Amazon's overuse of unsupported privilege claims associated with the company's efforts to sanitize the evidentiary record that might wind up before regulators or a court. In its Opposition, Amazon protests that Plaintiffs minimize or ignore the important role of in-house attorneys in providing legal advice. This is a straw man. Attorneys can and should play an important role inside companies by ensuring their clients comply with the law, but that is not what this Motion is about. It is about a widespread practice at Amazon, implemented through a "P&C Protocol," of misusing privilege to shield evidence. As Amazon highlights, its lawyers commonly provide detailed advice on business "accuracy" related to the "language or framing" of business documents and regularly edit those documents. The parties agree that for communications like these, privilege only applies if legal advice is the primary purpose of the communication. The issue before the Court is thus whether the *primary purpose* of Amazon's P&C Protocol is to provide or receive legal advice. Amazon has not shown that its P&C Protocol is primarily legal in nature. Instead, Amazon's arguments show that its P&C Protocol is primarily *business* in nature and thus is not protected by privilege.

Amazon's privilege abuse warrants Plaintiffs' requested relief. First, *in camera* review by the Court of select documents identified in Plaintiffs' motion will likely reveal that Amazon has broadly misapplied legal standards to relevant business documents. The Court's review will in turn set standards for a broader privilege re-review that Amazon should conduct. The privilege misconduct here has infected the company's documents to such a large—and currently unknowable—extent that an Amazon re-review, under the correct legal standards, is necessary.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 1
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**ARGUMENT**

**I.    AMAZON'S P&C PROTOCOL IS PRIMARILY BUSINESS ADVICE**

Plaintiffs and Amazon largely agree on key underlying facts: Amazon's in-house lawyers have a practice of providing "language or framing" advice in internal business documents and frequently edit those documents. Dkt. #635 (Opp.) 2. Plaintiffs and Amazon also agree on the legal standard: When legal advice is the *primary purpose* of a communication with an in-house attorney, that communication is privileged. *See Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1179 (9th Cir. 2025). However, Amazon's own arguments and the record show that legal advice is *not* the primary purpose of the P&C Protocol. Instead, under the P&C Protocol, Amazon in-house lawyers seek to ensure "accuracy" in business documents, by providing directives on how to write and by directly editing business documents to avoid sensitive terms and topics. *See* Dkt. #604 (Mot.) 3-9. In addition, in-house attorneys are frequently included in candid business communications to establish a privilege cloak. *See id*. 9-11. These functions pertain primarily to business advice, not legal advice.

**A.    Amazon's Lawyers Ensuring "Accuracy" and "Common Purpose" in Business Documents, Through General Guidance or Direct Editing to Scrub Sensitive Terms, Is Primarily Business Advice**

Amazon argues that its in-house lawyers provide employees guidance for "precision and accuracy" of business records and to reflect "guiding principles that inform how employees think about [business] issues day-to-day." Opp. 7-8. Because "[d]ocuments authored by one group of employees may later be used by different or future employees," the company defends its lawyers by arguing that it "encourages *all* employees"—including non-lawyers—"to strive for accurate and common terminology." *Id.* at 7. Plainly, generally ensuring "accuracy" in business documents is primarily a business function. *See De Coster v. Amazon.com, Inc.*, 2025 WL 904465, at \*6 (W.D. Wash. Mar. 25, 2025); *Entrata, Inc. v. Yardi Sys., Inc.*, 2018 WL 3055755,

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

at *3 (D. Utah June 20, 2018) ("[T]he attorney-client privilege does not attach to simple editing or 'word-smithing' by counsel.").

Attorneys acting as language police to ensure that employees avoid sensitive terms in business documents are not providing legal advice. Amazon argues that attorneys advised on terms that had "legal risks." Opp. 7. But the purported "legal issues" Amazon cites are *issues of fact* when addressed in business documents and at most involve an incidental connection to the law. For example, Amazon defends policing the term "market" in business documents. *Id.* But the term is used in business documents separate and apart from the fact that it is also used in the law. The fact that a commonplace word may have a legal meaning does not automatically render it a legal term. Under this logic, "agreement" would also be a legal term. Most fundamentally, Amazon does not and cannot explain how instructing employees to avoid the term "market" shapes Amazon's conduct toward complying with antitrust or any other laws—which is the core purpose of the attorney-client privilege. Mot. 18.

The same is true for other sensitive terms. For instance, Amazon asserts that the term "Buy Box" "was replaced to avoid misinterpretation and to promote accuracy." Opp. 8. But Amazon does not offer a legal basis for this change, only that the term "Featured Offer" aligns more with "marketing concepts." *Id.* (quoting Dkt. #605-25 at -164-65). Amazon also argues that it instructed employees to stop using the term "price parity" because they were using it incorrectly. But Amazon does so by primarily citing to the testimony of *business executives* explaining why the term was incorrectly used as a business matter. *Id*. 9. Attorney advice about these concepts' "accuracy" is business advice because it reflects a business purpose or business judgment. Amazon's own arguments demonstrate that the *primary purpose* of these communications was business, not legal, in nature.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon counsel's own alterations to business documents, removing sensitive terms and topics, are similarly not privileged. Amazon seems to imply that in-house attorneys are *always* providing legal advice when revising business documents. *Id*. 9. But the record here shows that the P&C Protocol alterations are primarily business edits, not legal edits. For example, some of the key documents at issue are core business strategy documents, known as "OP1s." *E.g.*, Dkt. #606-1 at -705. The involvement of in-house counsel in drafting and editing these documents does not make them "legal" documents, as Amazon claims. And Amazon again ignores the record when it argues that "[e]arly legal review" of documents—before employees send them to senior executives—"promotes efficiency." Opp. 10. The record is clear that Amazon designed the P&C Protocol to prevent enforcers from using or asking about sensitive documents in depositions of senior executives. Dkt. #606-8 at -097; *see also* Dkts. #607-7 at -847, #607-8 at -031. Put simply, the facts do not support Amazon's arguments that the P&C Protocol alterations to business documents are primarily legal in nature.

Plaintiffs are not seeking communications where the primary purpose of an in-house attorney's involvement was to provide legal advice. Rather, Plaintiffs are attempting to uncover documents where Amazon attorneys made changes to business documents that, in Amazon's words, concern business concept "language or framing." Opp. 2. Such in-house counsel communications are not presumptively legal in nature. *See Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *4 (S.D. Cal. Feb. 2, 2016). Nor does a bare connection to a legal issue make these communications privileged. *See Epic*, 161 F.4th at 1179-80 (business documents addressing effects of compliance with court injunction not privileged).

Critically, Amazon's unsupported privilege claims are prejudicial to Plaintiffs. In-house attorney alterations to business documents, in order to excise material unfavorable to Amazon or

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

to add material supporting Amazon's anticipated defenses, are especially problematic because Plaintiffs generally only have the sanitized "final versions" of the documents—not the original documents or attorneys' intervening edits. Mot. 8-9. Amazon's sanitization practice conceals important context and unvarnished ordinary course communications around the conduct central to this case.

The cases Amazon relies on do not support its position that in-house counsel policing language in business documents automatically renders associated communications privileged. Opp. 14-15; *see In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1244 (D. Or. 2017) (finding drafts of business documents supervised by outside counsel not privileged and distinguishing legal advice from attorneys "acting more as couriers of factual information"); *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 9807442, at *6 (N.D. Ala. Aug. 31, 2017) (finding that "legal advice" from outside counsel on how to shape conduct, namely "how to go about conducting [multi-company] Blue Caucus meetings in compliance with antitrust laws," was privileged).

### B.      Amazon's Widespread Privilege Cloaking Confirms That Associated Communications Were Not Primarily Requests for Legal Advice

As detailed in Plaintiffs' opening brief, Amazon employees have widely marked business documents privileged and confidential and copied lawyers on business communications. Mot. 9-11. Amazon's Opposition confirms this practice. Opp. 10-13. A staggering *one quarter* of all documents produced by Amazon in this litigation—nearly *one million* documents in total—have a privilege marking or lawyer associated with them. *Id.* 19.

Amazon asserts that employees use "shorthand requests" for advice and mark documents and emails privileged to ask lawyers to "issue-spot" and identify legal issues "as needed." *Id.* 11-12. But the process Amazon describes falls well short of any particular or specific request for

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

legal advice that would support its claim of attorney-client privilege. *See Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011) ("clear showing" of legal purpose required); *see also FTC v. Amazon.com, Inc.* ("Prime Case"), 2025 WL 821890, at *4 (W.D. Wash. Mar. 14, 2025) (correspondence with in-house attorney copied and "even called out by name with a vague request that he add 'changes' to the document" not privileged because "there [was] no discernable request for or providing of legal advice in these emails"); *Garner v. Amazon.com, Inc.*, 2024 WL 4266665, at *2 (W.D. Wash. Sept. 23, 2024) (similar).

The record again undermines Amazon's argument that privilege markings are associated with *bona fide* requests for legal advice rather than designed to broadly cloak business documents in privilege. Employees who failed to include privilege markings or requests—*i.e.*, employees clearly *not* requesting legal advice—were admonished by more senior employees and told to follow "the protocol" in the future. Dkt. #607-7 at -847. The express purpose of this practice was to prevent documents addressing sensitive topics from being "discoverable" by regulators or in litigation. *See* Dkts. #605-2 at -316, #605-9 at -900.00001-002, #605-11 at -938, #606-8 at -097, #606-20 at -677, #607-7 at -847, #607-8 at -031.

Faced with this record, Amazon cites the self-serving deposition testimony of company employees. Opp. 11-12 & nn.5-6. But Amazon's cited testimony further undermines its own claims. It shows that employees marked emails about certain sensitive topics, such as pricing, "privileged and confidential" even where these emails did not include specific requests for legal advice. Mot. 10. The testimony is also directly refuted by contemporaneous, ordinary-course business documents. *Id*. 9-11. One executive even said the quiet part out loud: "I original[ly] wrote '(for real!:))' next to my request for advice but deleted it thinking that would jeopardize all my previous requests for privileged legal advice :)[.]" Dkt. #607-9 at -564.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon argues that because it has produced many documents with privilege markings, it is correctly applying relevant legal standards to its privilege claims. Opp. 19. But the fact that Amazon has produced many such documents does *not* mean it has properly asserted privilege over all P&C Protocol documents. As detailed in Plaintiffs' Motion, in multiple other cases before this Court and others, privilege challenges have resulted in court determinations that Amazon has broadly made unsupported privilege claims over documents that resulted from the same processes and corporate culture. Mot. 11-12. There is no reason to think this case is any different.

Finally, to the extent the staggering number of Amazon's privilege markings flow from lawyer instructions to improperly apply privilege markings to documents addressing sensitive topics, without regard to whether they involve *bona fide* requests for legal advice, those instructions are not protected by the attorney-client privilege because they involve misconduct. *See infra* Section II.

## II.    THE CRIME-FRAUD (AND OTHER MISCONDUCT) EXCEPTION APPLIES TO THE P&C PROTOCOL

The Court should rule that the P&C Protocol and related documents are not primarily legal advice and are thus not privileged. If the Court finds, however, that the P&C Protocol is primarily legal advice, it should find that the attorney-client privilege does not protect the P&C Protocol under the crime-fraud exception. Amazon attorneys' practices of altering business documents to create a sanitized record for regulators and courts are sufficient to invoke the crime-fraud exception. And Amazon attorneys expressly instructing employees to mark non-privileged documents privileged to shield them from regulators and courts is misconduct—not protected legal advice.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 7
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Amazon asserts that Plaintiffs' argument—that Amazon's privilege cloaking practice was designed to conceal documents from regulators and courts —"misstates the record." Opp. 21. On the contrary, the record is clear. Amazon routinely used the P&C Protocol with the intent to shield evidence from future proceedings. Dkts. #605-2 at -316, #605-9 at -900.00001-002, #605-11 at -938-939, #606-8 at -097, #606-20 at -677, #607-7 at -847, #607-8 at -031. And Amazon's attorneys instructing employees to over-designate business documents as privileged, with the express intent to prevent producing evidence to regulators, is misconduct "fundamentally inconsistent with the basic premises of the adversary system." *Sonrai Sys., LLC v. Romano*, 2020 WL 7027567, at *8 (N.D. Ill. Nov. 30, 2020) (quoting *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 281 (E.D. Va. 2004)).

Amazon also asserts that "Plaintiffs badly mischaracterize the documents; no document supports their claim that Amazon counsel 'systematically altered' evidence." Opp. 22. But considered together, the evidence Plaintiffs have presented to the Court—the entire P&C Protocol and related documents—shows that Amazon systematically altered evidence. For clarity's sake: Amazon's policies around language and approved terms prevented candid written discussion about business decisions relevant to Plaintiffs' claims. And lawyers routinely made edits to business documents with the intent to sanitize the record for regulators and the Court. Altogether, the scheme had a wide-reaching impact on the evidence in this case. Amazon misses the forest for the trees.

Amazon further argues that its misconduct does not prejudice Plaintiffs because Plaintiffs possess *some* documents in both edited and unedited forms. *Id*. 21-22. That is not universally true. Mot. 8-9. In any event, Amazon's argument ignores the fact that Amazon has withheld as privileged the alterations themselves. Without these alterations, Plaintiffs lack the source,

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 8
CASE NO. 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

context, and reasoning for substantive edits to key business documents relevant to Plaintiffs' claims in this case. And the record shows that these alterations were made to create a sanitized record for regulators and the Court, evidencing Amazon's misconduct.[1] Dkts. #606-8 at -097, #606-20 at -677, #607-7 at -847, #607-8 at -031.

Alternatively, Amazon argues its conduct is insufficient to invoke the crime-fraud exception because the cases Plaintiffs cite "involved extreme attorney misconduct and criminal activity." Opp. 22-23. These cases, however, show that litigation misconduct—here, a systemic pattern of misusing privilege to avoid producing business documents—is sufficient to invoke the crime-fraud exception. *See* Mot. 21. And the cases demonstrate what is sufficient, but not necessary, for courts to invoke the crime-fraud exception. Less severe misconduct, like spoliation, can warrant invoking the crime-fraud exception. *See Rambus,* 220 F.R.D. at 282-83 (finding evidence of spoliation sufficient to invoke crime-fraud exception); *Sonrai*, 2020 WL 7027567, at *8-10.

III.    **PRIOR PRIVILEGE PROCEEDINGS IN A RELATED CASE DO NOT UNDERMINE PLAINTIFFS' MOTION**

Amazon turns to the Special Master's ruling in a related matter, *De Coster v. Amazon*, to support its position that providing advice on business language is privileged. *See* Opp. 7. But the Special Master's ruling is narrow, applying only to a single document that is not at issue here, contains limited reasoning, and cannot be extrapolated to other documents. Plaintiffs here present different arguments based on a broad analysis of Amazon's privilege-related practices and seek a ruling from the Court on generally applicable privilege standards. Private Plaintiffs did not raise the same arguments for the Special Master's consideration, so the Special Master had no

---

[1] Amazon argues that Plaintiffs' Exhibit 13, Dkt. #605-18, is "precisely the type of advice the Special Master . . . has recognized is privileged." Opp. 22. This argument fails for the reasons explained below. *See infra* Section III.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

opportunity to rule on these issues. Dkt. #636-2 at 5 (Item #77); Ex. A.[2] In any event, Plaintiffs have not been involved in any proceedings before the Special Master and are not bound by her rulings.[3]

Amazon similarly argues that this Court has already found relevant communications to be privileged. But Amazon points only to a single overlapping document that the Court has reviewed for a privilege determination in *De Coster*. *See* Dkt. #634 at 9; *see also* Opp. 13-14. Despite this, Amazon argues that Plaintiffs fail to "reconcile their position that communications guidance is never privileged with the Court's prior rulings." Opp. 14. But Plaintiffs do not argue that communications guidance is never privileged. In any event, again, Plaintiffs here advance different arguments, based on a different record, than Private Plaintiffs did in *De Coster* and are entitled to a ruling on their arguments and record.

More broadly, Amazon suggests that Plaintiffs' concerns have already been addressed by the prior proceedings in *De Coster* and no remedy is warranted. *See, e.g.*, *id.* 7. But Amazon asserted privilege claims that are at the core of Plaintiffs' Motion *after* the Court's order in *De Coster*. Mot. 25. And Amazon clawed back even more documents as purportedly privileged after Plaintiffs filed their Motion, presumably applying Amazon's incorrect interpretation of relevant standards. McCaskey Decl. ¶¶ 4-6.

---

[2] Exhibit citations refer to the accompanying Declaration of Lance B. McCaskey.

[3] Amazon again asks that Plaintiffs' motion be referred in its entirety to the Special Master. Opp. 23. As Plaintiffs have explained elsewhere, Dkt. #634, Amazon has not shown anything exceptional meriting such a referral. *See Barnum v. Equifax Info. Servs.*, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018); *see also Scott v. Hook,* 2025 WL 586367, at *1 (9th Cir. Feb. 24, 2025); *Hightower v. S. Cal., Permanente Grp.*, 2022 WL 21737757, at *1 (C.D. Cal. May 2, 2022). To the contrary, Amazon's protest that Plaintiffs seek "sweeping relief," Opp. 1, confirms that Plaintiffs' motion is better decided by the Court than by a special master.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## IV.   PLAINTIFFS' REQUESTED RELIEF IS REASONABLE AND NECESSARY TO ADDRESS AMAZON'S CONDUCT

Plaintiffs' requested relief—that the Court review select documents *in camera* and then order Amazon to re-review its privilege claims based on instructions from the Court—is justified here because the P&C Protocol is a wide-reaching and fundamental issue that impacts a large number of documents Amazon has withheld as privileged. And the record strongly suggests that these documents relate to topics and issues that are highly relevant to Plaintiffs' claims.

First, contrary to Amazon's assertions, Plaintiffs have demonstrated that the clawed-back documents attached to the Motion warrant *in camera* review.[4] Amazon claims that Plaintiffs only argue "that the clawed-back material involves communications guidance, which in their view, is never privileged." Opp. 17. But Plaintiffs are not arguing that *only* the clawed-back documents involve non-privileged communications guidance. Rather, Plaintiffs contend that the clawed-back documents are representative examples of a wide-ranging and comprehensive scheme designed to sanitize business records. Mot. 3-12. Nor are Plaintiffs claiming that communications guidance is never privileged. Plaintiffs' point is that legal advice was not the primary purpose of the P&C Protocol and related documents. An *in camera* review of the clawed-back documents is merited to confirm this. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992).

Amazon also objects that "Plaintiffs do not justify requiring production of 100 documents based *only* on their log entries." Opp. 17. Amazon again mischaracterizes Plaintiffs' argument. It

---

[4] Amazon argues Plaintiffs should not have attached and cited clawed-back materials in the Motion. Opp. 16-17. Plaintiffs sequestered the clawed-back documents, and it is clear that the parties are at an impasse regarding Amazon's privilege claims. As a result, Plaintiffs are "present[ing] the [clawed-back] information to the court under seal for a determination" on Amazon's privilege claim. Fed. R. Civ. P. 26(b)(5)(B). Plaintiffs may use information learned before a clawback to challenge a privilege claim. *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2003959, at *2-3 (S.D.N.Y. May 7, 2019). This also comports with the parties' practice in a prior joint motion. *See* Dkt. #522.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

is *Amazon's* burden to establish that its withheld documents are privileged. *Grand Jury*, 974 F.2d at 1070. It has failed to do so here, justifying Plaintiffs' request for the production of these documents. But at a minimum, as with the clawed-back documents, an *in camera* review of this representative sample of documents is merited to determine the extent to which Amazon (again) has abused privilege. Mot. 23. Plaintiffs cannot be certain that wholly withheld documents (or redacted material) are part of the P&C Protocol because Plaintiffs cannot see those documents. But Plaintiffs reasonably expect, based on the evidence submitted to the Court, Amazon's privilege log, prior *in camera* review outcomes, and the significant volume of privilege downgrades in connection with re-reviews in *De Coster, Garner,* and the *Prime Case*, that a substantial portion of withheld documents are not properly privileged. *See id*. 11-12.

Amazon also argues that a privilege re-review is improper because "Plaintiffs must first identify specific, deficient, privilege log entries and request supplementation." Opp. 19. But before filing this Motion and in connection with it, Plaintiffs have identified: (i) a limited number of clawed-back documents; and (ii) 100 privilege log entries, that are representative of broader problems with Amazon's privilege claims.[5] *See* Dkts. #605-9 to #605-22, #606-23.[6] The Court's ruling on these representative claims should settle the parties' dispute over the proper application of relevant privilege law to Amazon's practice of broadly marking and asserting privilege over business documents. *See* Dkt. #634 at 3-4. Following this approach will not require the Court to

---

[5] Amazon argues that—despite Plaintiffs filing the Motion within the fact discovery period—the Motion is somehow untimely because "Plaintiffs have had most of Amazon's privilege logs since April 2025." Opp. 1. That is, at best, misleading. Amazon produced a "comprehensive" privilege log, containing new or edited privilege claims and descriptions, on January 12, 2026, less than three weeks before fact discovery closed. Amazon has supplemented and replaced that log with additional logs in the interim. McCaskey Decl. at ¶¶ 3, 7.

[6] If the Court decides to review a smaller set of documents *in camera*, Plaintiffs can provide a shorter list of documents or the Court can review a sample of the documents identified by Plaintiffs.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

conduct a document-by-document review of every privilege claim Amazon has made in this case.

The cases Amazon relies on to argue that a re-review is unwarranted do not support its position. Opp. 18-20. In *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, the court declined to order a wholesale re-review "at this time" (the first time Uber's privilege claims were contested), instead issuing specific directives to review specific categories of log entries. *See* 2024 WL 4907142, at *8-9 (N.D. Cal. Nov. 27, 2024). This is exactly what Plaintiffs are requesting here: an order directing Amazon to review privilege claims relating to its P&C Protocol. Amazon also points to *Procaps S.A. v. Patheon Inc.*, where the court declined to order a re-review based on "speculation" that "an attorney might be communicating non-privileged business advice." 2015 WL 11202476, at *2 (S.D. Fla. July 22, 2015). Plaintiffs here have presented ample evidence showing the high likelihood that Amazon is improperly withholding non-privileged documents, including its established history of doing so. *See* Mot. 11-12.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to compel.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: March 17, 2026

Respectfully submitted,

*s/ Lance B. McCaskey*

EDWARD H. TAKASHIMA (DC Bar # 1001641)
LANCE B. MCCASKEY (DC Bar # 90002072)
OLGA MUSAYEV (CA Bar # 354373)
OLIVIA JERJIAN (DC Bar # 1034299)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:   (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
       lmccaskey@ftc.gov
       omusayev@ftc.gov
       ojerjian@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 3,937 words, in compliance with the Court's order in Dkt. #592.

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 14
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

s/ Michael Jo
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

s/ Nicole Demers
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

s/ Christopher J. Campbell
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

s/ Jennifer A. Thomson
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

s/ Michael A. Undorf
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

s/ Christina M. Moylan
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 15
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

s/ Schonette Walker
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Massachusetts Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

s/ Scott A. Mertens
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

s/ Zach Biesanz
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

s/ Andrew Esoldi
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

s/ Anthony R. Juzaitis
Anthony R. Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

s/ Zulma Carrasquillo Almena
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 16
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

_s/ Alexander Carnevale_
Alexander Carnevale (admitted _pro hac vice_)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov
_Counsel for Plaintiff State of Rhode Island_

_s/ Sarah L.J. Aceves_
Sarah L.J. Aceves (admitted _pro hac vice_)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
_Counsel for Plaintiff State of Vermont_

_s/ Caitlin M. Madden_
Caitlin M. Madden (admitted _pro hac vice_)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
_Counsel for Plaintiff State of Wisconsin_

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 17
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Western District of Washington's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel via secure FTP service:

| | |
|---|---|
| Patricia A. Eakes | Thomas O. Barnett |
| Molly A. Terwilliger | Katherine Mitchell-Tombras |
| MORGAN LEWIS & BOCKIUS LLP | COVINGTON & BURLING LLP |
| 1301 Second Ave, Suite 3000 | One City Center |
| Seattle, WA 98101 | 850 Tenth Street NW |
| Telephone: (206) 274-6400 | Washington, DC 20001 |
| Email: patty.eakes@morganlewis.com | Telephone: 202-662-5407 |
| molly.terwilliger@morganlewis.com | Email: tbarnett@cov.com |
| | kmitchelltombras@cov.com |
| | |
| Heidi K. Hubbard | |
| John E. Schmidtlein | Kosta S. Stojilkovic |
| Kevin M. Hodges | WILKINSON STEKLOFF LLP |
| Jonathan B. Pitt | 2001 M Street NW, 10th Floor |
| Carl R. Metz | Washington, DC 20036 |
| Carol J. Pruski | Phone: (202) 847-4045 |
| Katherine Trefz | Email: |
| WILLIAMS & CONNOLLY LLP | kstojilkovic@wilkinsonstekloff.com |
| 680 Maine Avenue SW | |
| Washington, DC 20024 | *Counsel for Defendant Amazon.com, Inc.* |
| Telephone: 202-434-5000 | |
| Email: hhubbard@wc.com | |
| khodges@wc.com | |
| jpitt@wc.com | |
| cmetz@wc.com | |
| cpruski@wc.com | |
| ktrefz@wc.com | |

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 18
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael Jo
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

Scott A. Mertens
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 19
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Michael A. Undorf
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

Christina M. Moylan
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Lucas J. Tucker
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

Andrew Esoldi
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

Anthony R. Juzaitis
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov

*Counsel for Plaintiff State of New Mexico*

Zach Biesanz
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Zulma Carrasquillo-Almena
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov

*Counsel for Plaintiff Commonwealth of Puerto Rico*

Alexander Carnevale
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

Sarah L. J. Aceves
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

*Counsel for Plaintiff State of Vermont*

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 20
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY ISO MTC
PRODUCTION OF DOCUMENTS CONCERNING
AMAZON'S MANIPULATION OF EVIDENCE - 21
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222