THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | **CASE NO.: 2:23-cv-01495-JHC** |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT** |
| AMAZON.COM, INC., a corporation, | |
| Defendant. | |

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF CONTENTS

I.    STATUS OF LITIGATION ................................................................................................. 3

II.   JOINT REPORT ON THE STATUS OF DISCOVERY ..................................................... 4

      A.    Party Discovery............................................................................................... 4

      B.    Third Party Discovery..................................................................................... 5

      C.    Expert Discovery ............................................................................................ 5

III.  Economics Day ........................................................................................................... 5

IV.   PENDING MOTIONS................................................................................................... 6

      A.    Plaintiffs' Position on Amazon's *In Camera* Submission ...................................... 6

      B.    Amazon's Response to Plaintiffs' Position on Amazon's *In Camera*

            Submission.................................................................................................... 8

JOINT STATUS REPORT - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Pursuant to the February 13, 2024 Case Management Order ("CMO"), Plaintiffs Federal Trade Commission ("FTC") and the states and territories of New York, Connecticut, New Hampshire, Oklahoma, Oregon, Pennsylvania, Delaware, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Puerto Rico, Rhode Island, Vermont, and Wisconsin, by and through their respective Attorneys General (together, "Plaintiff States," and collectively with the FTC, "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") submit this joint status report in advance of the parties' June 1, 2026 status conference with the Court.

## I.    STATUS OF LITIGATION

Plaintiffs filed the Complaint on September 26, 2023, Dkt. #1, and filed an Amended Complaint adding Puerto Rico and Vermont as Plaintiffs on March 14, 2024, Dkt. #170. Amazon filed a Motion to Dismiss the Complaint on December 8, 2023, Dkt. #127, which the parties agreed and the Court ordered would be deemed to be Amazon's Motion to Dismiss the Amended Complaint, Dkt. #175. The Court granted the motion as to certain state law claims and otherwise denied the motion on September 30, 2024, and granted leave to amend certain state law claims, Dkt. #289. The Court also granted Plaintiffs' motion to bifurcate. Dkt. #289.

Plaintiffs filed a Second Amended Complaint on October 31, 2024, amending state law claims under the laws of Maryland, Pennsylvania, and New Jersey. Dkt. #326. Amazon filed a Motion to Dismiss the amended Pennsylvania and New Jersey claims on November 14, 2024, Dkt. #340, and the Court granted that motion on March 20, 2025. Dkt. #450. Amazon also filed an Answer to the Second Amended Complaint on November 14, 2024. Dkt. #341. Amazon filed a Motion for Judgment on the Pleadings as to the FTC's claims on December 6, 2024. Dkt. #372. The Court denied that motion on April 8, 2025, and denied Amazon's request to certify the matter for an interlocutory appeal. Dkt. #463.

JOINT STATUS REPORT - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

On December 15, 2025, after lifting a stay prompted by the 2025 United States government shutdown, the Court issued an Amended Case Scheduling Order, Dkt. #577, that included the following key dates:

| | |
|---|---|
| September 16, 2026 | Close of Expert Discovery |
| October 16, 2026 | Deadline to File Dispositive and *Daubert* Motions |
| March 15, 2027 | Final Pretrial Conference |
| March 29, 2027 | Bench Trial |

On February 2, 2026, the Court ordered a stay of all proceedings in this action during the 2026 United States government shutdown. Dkt. #614. The stay was lifted on February 3, 2026. Dkt. #615.

## II.   JOINT REPORT ON THE STATUS OF DISCOVERY

### A.   Party Discovery

The parties previously stipulated to and the Court ordered an extension of time for the parties to file discovery motions regarding certain of Plaintiffs' and Amazon's Requests for Production. Dkt. #667. The parties have reached an agreement on the scope of these requests, namely Plaintiffs' Requests for Production Nos. 402-406, Amazon's Requests for Production Nos. 72-73 and 75-84 to the FTC, and Amazon's Requests for Production Nos. 73-82 to certain Plaintiff States. The FTC and a majority of Plaintiff States have substantially completed their respective productions of documents. Amazon has agreed to substantially complete its production of documents by June 30, 2026, and to serve any privilege logs by July 17, 2026.

On April 29, 2026, the Court granted Plaintiffs "leave to conduct additional discovery into the extent of Amazon's spoliation." Dkt. #678 at 35. Accordingly, on May 15, 2026, Plaintiffs issued their Ninth Set of Requests for Production and Fifth Set of Interrogatories to Amazon seeking discovery into Amazon's spoliation of evidence. Amazon has agreed to serve

JOINT STATUS REPORT - 4
CASE NO. 2:23-cv-01495-JHC

its objections and responses to Plaintiffs' Ninth Set of Requests for Production and its objections to Plaintiffs' Fifth Set of Interrogatories by May 29, 2026, and to serve its responses to Plaintiffs' Fifth Set of Interrogatories by June 15, 2026.

Plaintiffs have taken the depositions of 66 Amazon employees or former employees and two Rule 30(b)(6) depositions of Amazon.

**B.    Third Party Discovery**

Plaintiffs have served 44 document subpoenas to third-party online retailers and marketplaces, third-party logistics providers, and sellers. Plaintiffs have completed conferring with third-party subpoena recipients regarding the scope of their responses to Plaintiffs' requests.

Amazon has served 48 third-party subpoenas seeking documents from online retailers and marketplaces, third-party logistics providers, and sellers. Amazon has completed conferring with those third parties regarding the documents to be produced in response to Amazon's requests.

The parties have taken 65 depositions of third-party witnesses, including coordinated depositions. The parties have completed deposing all anticipated third-party witnesses at this time.

**C.    Expert Discovery**

On March 27, 2026, the parties exchanged opening expert reports.

**III.    ECONOMICS DAY**

The parties request guidance as to whether the Court would like to hold a second Economics Day and, if so, the timing and topics for such a hearing. If the Court would like to hold a second Economics Day, the parties propose that it be scheduled for a time convenient for the Court between November 30, 2026 and December 18, 2026. That timing would permit the Court to hear from the parties' primary economists after the opening and opposition briefs for

JOINT STATUS REPORT - 5
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

any *Daubert* and dispositive motions have been filed, which may help the parties focus on the most relevant economic issues and areas of dispute.[1] At the June 2025 status conference, the Court agreed with the parties' joint proposal that a further Economics Day hearing, if any, should be held after the close of expert discovery.

## IV.    PENDING MOTIONS

On April 29, 2026, the Court ordered that it would "conduct an *in camera* review of 30 documents to evaluate whether [Amazon] properly applied the attorney-client privilege." Dkt. #678 at 35. On May 15, 2026, Plaintiffs provided the Court with "a list of 30 such documents" and other information, as directed by the Court. Dkt. #679. The Court ordered Amazon to submit the 30 documents identified by Plaintiffs to the Court by May 22, 2026, in unredacted form, for *in camera* review. Dkt. #678 at 36. On May 22, 2026, Amazon provided the Court with the unredacted documents via secure file transfer.

### A.    Plaintiffs' Position on Amazon's *In Camera* Submission

In its opposition to Plaintiffs' motion, Amazon argued that a re-review of its privilege log was unwarranted because, in part, "Amazon has already reviewed (or re-reviewed in some cases) all documents produced in this litigation following the Court's privilege guidance[.]" Dkt. #635 at 18. Amazon represented that "[w]hen this Court rendered decisions in the Related Cases about privilege standards, Amazon applied those rulings both in those cases *and* this litigation[.]" *Id.* Despite that, Amazon has now downgraded 5 of the 30 documents (16.6%) Plaintiffs identified

---

[1] Dispositive and *Daubert* motions are due on October 16, 2026. Opposition briefs are due on November 25, 2026. Reply briefs are due on December 23, 2026. Dkt. #577.

JOINT STATUS REPORT - 6
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

for the Court's *in camera* review, completely dropping or substantially narrowing its privilege claims.[2] *See* Doc. Nos. 18, 23-26.[3]

Amazon also took the liberty of submitting "additional" privilege log descriptions for *every document* identified by Plaintiffs—material not called for in the Court's April 29, 2026 Order. The fact that Amazon saw the need to volunteer an "additional description" for all 30 documents subject to the Court's review shows that Amazon's privilege log is insufficient to support its claims. Moreover, Amazon's "additional description[s]" effectively rewrite Amazon's privilege log for at least 10 documents (33.3%). *See* Doc. Nos. 2, 5, 9, 16, 20-22, 25, 28, 30. This supports Plaintiffs' position that a re-review is necessary because, among other issues, Amazon's privilege log "does not provide information that would let Plaintiffs or the Court identify which documents were implicated by Amazon's P&C Protocol." Dkt. #604 at 24.

Overall, Amazon has narrowed or revised its privilege claims for 14 of the 30 documents (46.6%) Plaintiffs identified for the Court's *in camera* review.[4] Plaintiffs respectfully submit that the Court should consider these actions in determining whether Amazon is improperly withholding non-privileged documents and whether a comprehensive re-review—under threat of sanctions if Amazon continues to improperly withhold documents—is appropriate.

---

[2] Amazon represents that it previously produced "other emails in the same thread" as Doc. Nos. 18 and 26. To the best of Plaintiffs' knowledge, none of the emails previously produced by Amazon contain all of the material in those two documents.

[3] For the Court's reference, Plaintiffs note that the redacted portion of Doc. No. 23 starts at 1:21:52.

[4] Amazon took these steps only on the eve of the Court's *in camera* review—after Plaintiffs had selected documents for the Court's review—even though Plaintiffs identified the broader set of withheld documents in Plaintiffs' motion on January 12, 2026. *See* Dkt. #607-14 at 13-16.

JOINT STATUS REPORT - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**B.      Amazon's Response to Plaintiffs' Position on Amazon's *In Camera* Submission**

Amazon's *in camera* submission complied with the Court's Order and included brief cover sheets providing additional context to aid the Court's review.  The cover sheets provide the kind of additional information Amazon offered to provide Plaintiffs regarding logged documents before they brought their motion, but which Plaintiffs declined.  The small number of privilege downgrades reflects Amazon's good-faith, ongoing review process—refinements that could have been resolved earlier had Plaintiffs accepted Amazon's repeated offers to address specific privilege concerns cooperatively rather than insisting on a wholesale re-review.  *See* Dkt. #635, at 19-20.  None of this supports the sweeping re-review Plaintiffs seek; to the contrary, it confirms that Amazon's privilege review process has functioned as intended and as is common for reviews of this scope and nature.  Targeted resolution through the normal meet-and-confer process—which Plaintiffs have consistently avoided in their campaign to obtain blanket sanctions against Amazon—is the appropriate path forward.

Dated: May 27, 2026                      Respectfully submitted,

                                         *s/ Shira A. Steinberg*
                                         EDWARD H. TAKASHIMA (DC Bar # 1001641)
                                         SHIRA A. STEINBERG (NY Reg. # 5695580)
                                         ERIC J. ZEPP (NY Reg. # 5538491)
                                         Federal Trade Commission
                                         600 Pennsylvania Avenue, NW
                                         Washington, DC 20580
                                         Tel.:   (202) 326-2464 (Takashima)
                                         Email:  etakashima@ftc.gov
                                                 ssteinberg1@ftc.gov

                                         *Attorneys for Plaintiff Federal Trade Commission*

JOINT STATUS REPORT - 8                                      **FEDERAL TRADE COMMISSION**
CASE NO. 2:23-cv-01495-JHC                                   600 Pennsylvania Avenue, NW
                                                             Washington, DC 20580
                                                             (202) 326-2222

s/ Michael Jo
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

s/ Nicole Demers
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

s/ Christopher J. Campbell
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

s/ Timothy D. Smith
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

s/ Jennifer A. Thomson
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

s/ Michael A. Undorf
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

s/ Christina M. Moylan
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

JOINT STATUS REPORT - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Schonette Walker*
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: ana.atta-alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Anthony Juzaitis*
Anthony Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 561-7565
Email: ajuzaitis@nmdoj.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

JOINT STATUS REPORT - 10
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*s/ Alexander Carnevale*
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevalea@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L.J. Aceves*
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

JOINT STATUS REPORT - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
      molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Katherine A. Trefz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
      jschmidtlein@wc.com
      khodges@wc.com
      jpitt@wc.com
      ereddington@wc.com
      cmetz@wc.com
      ktrefz@wc.com
      cpruski@wc.com

JOINT STATUS REPORT - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Katharine Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
        dludwin@cov.com
        kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

JOINT STATUS REPORT - 13
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222