Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION ET AL.,

Plaintiffs,

vs.

AMAZON.COM, INC.,

Defendant.

Case No.: 2:23-cv-01495-JHC

**LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**NOTE ON MOTION CALENDAR**:

**JULY 2, 2026**

## I.    RELIEF REQUESTED

Pursuant to Local Civil Rule 7(o) and the Court's inherent authority to permit participation by amici curiae, Lawyers for Civil Justice ("LCJ") respectfully moves for leave to file an amicus curiae brief addressing the questions identified in the Court's June 18, 2026 Order regarding the application of the attorney-client privilege to legal compliance training conducted by in-house corporate counsel.

This motion satisfies the requirements of Local Civil Rule 7(o)(2). LCJ identifies below the nature of its interest, the party it supports, the reasons an amicus brief is desirable, why its perspective is not adequately represented by the parties, and why its proposed submission is

LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF- 1
(CASE NO.2:23-CV-01495-JHC)

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

relevant to the disposition of the issues identified by the Court. The forthcoming brief will be filed within 7 days of the Court's order on the subject brief, together with a proposed order, as required by LCR 7(o).  LCJ takes no position on the merits of the parties' dispute and appears solely to address the broader privilege doctrine.

## II. INTRODUCTION

Federal courts possess broad discretion to permit the filing of amicus briefs when they may assist the Court in resolving significant legal issues. Consistent with Local Civil Rule 7(o), LCJ seeks leave to file an amicus brief because it offers institutional expertise and legal analysis concerning the application of the attorney-client privilege to communications made in the course of legal compliance training by in-house counsel. The proposed brief addresses questions specifically identified by the Court in its June 18, 2026 Order and is intended to aid the Court's resolution of those issues in a manner consistent with Federal Rule of Civil Procedure 1's directive that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. INTEREST OF AMICUS CURIAE

LCJ is a national organization founded more than thirty-nine years ago that is dedicated to promoting excellence and fairness in the civil justice system. LCJ advocates for procedural rules that further Federal Rule of Civil Procedure 1's mandate of the "just, speedy, and inexpensive determination of every action and proceeding."

LCJ actively participates in the federal rulemaking process and regularly submits written comments and oral testimony regarding proposed amendments to the Federal Rules of Civil

LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF- 2
(CASE NO.2:23-CV-01495-JHC)

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Procedure and the Federal Rules of Evidence. It has particular expertise concerning the interpretation and operation of federal discovery rules, including the attorney-client privilege and related protections.

LCJ's membership includes more than forty-five of America's leading corporations, approximately seventy-five law firms from across the country, and the nation's three principal defense bar organizations. Many of LCJ's corporate members rely on in-house counsel to provide legal compliance training and legal guidance to employees. Consequently, the privilege issues presented by the Court's Order have significant practical implications for LCJ's members and for organizations that routinely seek legal advice through their in-house legal departments.

Consistent with its mission, LCJ occasionally appears as amicus curiae in cases presenting important questions involving the interpretation of the Federal Rules or related doctrines within its areas of expertise. Amazon is an LCJ member and a party to this case but will not be involved in preparing the brief.

### IV. THE PROPOSED AMICUS BRIEF WILL ASSIST THE COURT

Local Civil Rule 7(o)(2) authorizes the filing of an amicus brief where the proposed amicus demonstrates why the brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case. Those considerations are satisfied here.

LCJ does not seek to advocate for either litigant's factual position. Rather, it seeks to assist the Court by providing the broader institutional perspective of organizations whose in-house legal departments routinely provide legal advice and compliance training to employees and whose operations depend upon predictable application of the attorney-client privilege.

LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF- 3
(CASE NO.2:23-CV-01495-JHC)

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Specifically, LCJ's proposed brief will provide:

1. historical and doctrinal context regarding attorney-client privilege as applied to communications between in-house counsel and corporate employees;

2. analysis of the role that legal compliance training serves in facilitating the provision of legal advice within modern corporations;

3. discussion of the practical consequences that the Court's ruling may have for corporate compliance programs nationwide; and

4. perspectives informed by LCJ's longstanding participation in the federal rulemaking process and its expertise concerning the Federal Rules of Civil Procedure and discovery practice.

Because LCJ's institutional interests extend beyond those of any individual litigant, its perspective is distinct from—and not duplicative of—the parties' anticipated submissions. The proposed amicus brief therefore will assist the Court in resolving the legal questions presented while advancing the Rule 1 objectives of promoting the just, speedy, and efficient administration of civil litigation.

## V.    POSITION OF THE PARTIES

Pursuant to LCR 7(o)(2), LCJ advises the Court that, due to the expedited schedule established by the Court's June 18, 2026 Order and the unusually large number of parties and counsel in this action, LCJ has not been able to ascertain the position of each party regarding this motion before filing. LCJ respectfully submits this motion promptly so that the Court may have the benefit of the amicus brief in connection with the issues identified in the Court's Order. LCJ will promptly notify the Court if any party advises LCJ that it opposes this motion.

LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF- 4
(CASE NO.2:23-CV-01495-JHC)

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## IV. CONCLUSION

For the foregoing reasons, and because this motion complies with Local Civil Rule 7(o), Lawyers for Civil Justice respectfully requests that the Court grant leave to file  an amicus curiae brief.

DATED this 25th  day of June, 2026.

BAKER STERCHI COWDEN & RICE, LLC

By ___/s/ Megan M. Coluccio_____
MEGAN M. COLUCCIO, WSBA #44178
2100 Westlake Avenue N., Suite 206
Seattle, WA  98109
megan.coluccio@bakersterchi.com
*Counsel for Proposed Amicus Curiae*

*I certify that this memorandum contains 917 words, in compliance with the Local Civil Rules.*

LAWYERS FOR CIVIL JUSTICE'S MOTION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF- 5
(CASE NO.2:23-CV-01495-JHC)

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669