THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**AMAZON'S UNOPPOSED MOTION TO SEAL THE DECLARATION OF CHARLES WRIGHT IN SUPPORT OF AMAZON'S SUPPLEMENTAL BRIEF**

NOTE ON MOTION CALENDAR:
June 25, 2026

On June 18, 2025, the Court ordered the parties to submit supplemental privilege briefing and ordered Defendant Amazon.com, Inc. ("Amazon") to submit an additional declaration. Dkt. #683. Under Local Rule 5(g), Amazon respectfully moves to seal only limited portions of the submitted declaration to the extent the declaration contains personal and identifying information of former and current Amazon employees. Plaintiffs do not oppose Amazon's motion.

Under the local rules, any party moving to seal materials must include: "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less

AMAZON'S UNOPPOSED MOTION TO SEAL THE
DECL. OF CHARLES WRIGHT ISO AMAZON'S
SUPPLEMENTAL BRIEF - 1
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

restrictive alternative to the relief sought is not sufficient." W.D. Wash. Civ. R. 5(g)(3)(B). A party need only show "good cause" to seal material attached to nondispositive briefing like the declaration at issue. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process . . . ." *Id.* Under Rule 26(c), protective orders are appropriate to, among other reasons, "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Amazon requests that the limited personal and identifying information in the declaration reflecting names of Amazon employees remain under seal and that Amazon be permitted to file a narrowly redacted version of the declaration, attached as Exhibit A. This Court in this case has found good cause to seal identifying and personal information filed in connection with nondispositive motions to protect privacy interests. *See* Order Granting Amazon's Motion to Seal Certain Materials Submitted in Connection with the Parties' Evidentiary Motion Briefing, Dkt. #676 (Apr. 28, 2026); Order Granting Amazon's Motion to Seal, Dkt. #542 (Sept. 26, 2025); Order Granting in Part and Denying in Part Defendant's Motion to Seal, Dkt. #462 (Apr. 4, 2025); Stipulated Motion and Order to Seal Portions of the Parties' LCR 37 Joint Submission and Certain Exhibits, Dkt. #433 (Mar. 6, 2025).

Case law from this Circuit also recognizes that it is appropriate to seal individuals' personal and identifying information. *See Cahill v. Nike Inc.*, 2025 WL 399737, at *3-5 (D. Or. Feb. 5, 2025) (granting motion to seal employee names in connection with nondispositive motion); *Chavez v. Allstate Northbrook Indem. Co.*, 2025 WL 875910, at *1-2 (S.D. Cal. Jan. 29, 2025) (finding good cause to seal identities of employees); *Benshoof v. Ferguson*, 2024 WL 5074945, at *1 (W.D. Wash. Dec. 10, 2024) (Chun, J.) (granting motion to seal personal address); *Gnassi v. del Toro*, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) (Chun, J.) (granting motion to seal third-party names to protect their privacy interests).

AMAZON'S UNOPPOSED MOTION TO SEAL THE
DECL. OF CHARLES WRIGHT ISO AMAZON'S
SUPPLEMENTAL BRIEF - 2
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Here, Amazon seeks to keep under seal the names and identifying information of former and current Amazon employees to protect their privacy interests. Amazon has proposed sealing the minimum amount of information necessary to protect its employee privacy interests, and there is no less-restrictive alternative to Amazon's request.

Amazon respectfully requests that the Court grant Amazon's Motion to Seal and order that the declaration, as reflected in Exhibit A and the Proposed Order, be publicly filed with redactions.

DATED: June 25, 2026.

*I certify that this memorandum contains 561 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
        jschmidtlein@wc.com
        khodges@wc.com
        jpitt@wc.com
        ereddington@wc.com
        cmetz@wc.com
        cpruski@wc.com
        ktrefz@wc.com

AMAZON'S UNOPPOSED MOTION TO SEAL THE
DECL. OF CHARLES WRIGHT ISO AMAZON'S
SUPPLEMENTAL BRIEF - 3
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
          dludwin@cov.com
          kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S UNOPPOSED MOTION TO SEAL THE
DECL. OF CHARLES WRIGHT ISO AMAZON'S
SUPPLEMENTAL BRIEF - 4
(Case No. 2:23-cv-01495-JHC)

# CERTIFICATION

I certify that prior to making this submission, the Parties conferred on June 24, 2026 regarding Amazon's motion to seal. Shira Steinberg and Ed Takashima for the Plaintiffs conferred with Kevin Hodges, Katherine Trefz, Kimberly Broecker, Kristen DeWilde, Jenny Wheeler, and Molly Terwilliger for Amazon.

DATED: June 25, 2026 in Washington, D.C.

*/s/ Katherine Trefz*
Katherine Trefz, *Attorney for Amazon.com, Inc.*

AMAZON'S UNOPPOSED MOTION TO SEAL THE
DECL. OF CHARLES WRIGHT ISO AMAZON'S
SUPPLEMENTAL BRIEF - 5
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# EXHIBIT A

Redacted

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

                Plaintiffs,

    v.

AMAZON.COM, INC., a corporation,

                Defendant.

Case No. 2:23-cv-01495-JHC

**DECLARATION OF CHARLES WRIGHT IN SUPPORT OF AMAZON'S SUPPLEMENTAL BRIEF**

*PUBLIC REDACTED*

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 1
(Case No. 2:23-cv-01495-JHC)

I, Charles Wright, declare as follows:

1.     I am over 18 years of age and competent to testify to the matters herein.

2.     I submit this declaration for the purpose of providing information requested by the Court's June 18, 2026 Order, Dkt. #683, 2:23-cv-01495-JHC.

3.     I am an attorney admitted to practice law in the State of Washington and a member in good standing of the Washington State Bar. I am also a member of the bar of the Western District of Washington. I received a J.D. from the University of Washington Law School in 2001. From 2002 to 2012, I worked at Davis Wright Tremaine LLP, where I was a Partner.

4.     Since June 11, 2012, I have served as in-house counsel for Amazon.com, Inc. From June 11, 2012 to October 1, 2016, I served in Amazon's Litigation and Regulatory Department where I helped manage litigation and regulatory investigations and provided litigation and regulatory counseling. Starting on October 1, 2016, I began a role as Director, North American Consumer Legal, where I have worked with Amazon's business employees in North American Consumer to advise on their daily operations. In this role, I was promoted to Vice President on September 1, 2022, and have continued to serve as Vice President, North American Consumer Legal to present day.

5.     Based on my roles in Amazon's Litigation and Regulatory Department and North American Consumer Legal, I am familiar with the Amazon Legal Department and with general practices of the attorneys within the Legal Department, including communications practices, trainings, and other legal guidance provided by Members of the Legal Department.

6.     I am aware of, informed of, and have reviewed the investigation of information concerning the documents and matters stated in this declaration. I make this declaration based on my general knowledge of the Amazon Legal Department and on information obtained during the course of the investigation.

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 2
(Case No. 2:23-cv-01495-JHC)

7. The Court has requested that Amazon provide a brief description of the intended and actual audience for the presentations and trainings in Document Nos. 3, 4, 7, 10, 11, 12, and 13, including who at Amazon was obligated or encouraged to attend such trainings.  In response, I provide the following information:

a. Amazon's Litigation and Regulatory Department drafts and updates legal presentations and trainings and makes them accessible to Amazon attorneys who are assigned to work day-to-day with Amazon's business units.  The attorneys who work daily with Amazon's business units are familiar with the specific legal issues that arise within the business units they closely advise.  These attorneys may use, and modify as needed, the Litigation and Regulatory Department's legal trainings and presentations for their business units and, based on the needs of those business units, present such legal trainings to their respective business units.  After completing those presentations, attorneys may at times upload their trainings to Amazon's internal systems with varying levels of detail about the history of the training, and those trainings may be accessible by other attorneys or business employees at Amazon depending on where the trainings are stored.  Aside from legal trainings generated by Amazon's Litigation and Regulatory Department, attorneys working with business employees may at times also generate legal trainings without input from Amazon's Litigation and Regulatory Department.

b. Document No. 3, titled, "2016-10-05 Antitrust and Communications Training ▮ (2729505)" is a presentation providing legal advice and guidance on antitrust and privilege law and contains training material that originated from the Litigation and Regulatory Department.  This presentation was presented by ▮ (Senior Legal Counsel) assigned to work with Amazon's Kindle and Digital team.  ▮ presented this training to the intended and actual audience of the Kindle and Digital team and would have expected and encouraged such attendance.  The following individuals attended this training: ▮ ▮ and ▮ .

c.      Document No. 4, titled, "Attorney-client privilege refresher & updates - PowerPoint (July 2023)" is a draft presentation providing legal advice and guidance on privilege law and contains training material that originated from the Litigation and Regulatory Department.  The presentation was drafted by several attorneys in the Litigation and Regulatory Department.  The attorneys in the Litigation and Regulatory Department intentionally shared the training amongst other attorneys in the Department for eventual finalization and distribution to Amazon business attorneys who could further modify and present the presentation to their business teams as needed.

d.      Document No. 7, titled, "Privileged and Confidential and Anti-Trust Training (2300178) v.1" is a presentation providing legal advice and guidance on antitrust and privilege law and contains training material that originated from the Litigation and Regulatory Department.  This training was presented by ███████ (Corporate Counsel) assigned to work on product safety and health compliance issues.  ███████ presented this training to the intended and actual audience of the Amazon Health, Safety, Security, and Compliance team ("HS3C") and would have expected and encouraged such attendance.  An attendance record for this presentation has not been identified.

e.      Document No. 10, titled, "Attorney-Client Privilege - Amazon Broadcast" is a presentation providing legal advice and guidance on privilege law and contains training material that originated from the Litigation and Regulatory Department.  This training was published on Amazon's Legal University page ("ALU").  Amazon's ALU is accessible only to lawyers at Amazon.  The intended and actual audience for this session was Amazon attorneys who attended or accessed the training through ALU, and the purpose of the session was to educate and familiarize those attorneys with the basic principles and concepts that underlie the attorney-client privilege and how those principles and concepts apply in a corporate environment.  An attendance record for this presentation has not been identified.

f.      Document No. 11, titled, "Legal Training - Privileged Communication" is a presentation providing legal advice and guidance on privilege law and contains training material that originated from the Litigation and Regulatory Department.  This video was published on Amazon Broadcast, an Amazon page accessible to all employees, by ██████ ███ (former Senior Compliance Manager).

g.      Document No. 12, titled, "Privileged and Confidential Communications Best Practices" is a presentation providing legal advice and guidance on privilege law and contains training material that originated from the Litigation and Regulatory Department.  This video was published on Amazon Broadcast, an Amazon page accessible to all employees, by the Amazon Security Learning Team.  The training was published with the intention of providing training to Amazon employees regarding privileged communications and instructions on the practices required to preserve privilege and was later intended for and shared with employees onboarding onto Amazon's Global Road Safety team.

h.      Document No. 13, titled, "Think+Speak+Write+Slides+(2023-12-13)+DRAFT" is a presentation providing legal advice and guidance on privilege law and contains training material that originated from the Litigation and Regulatory Department.  This training was presented by ████████████ (former Corporate Counsel).  ██████████ presented this training to the intended and actual audience of the Home and Lifestyle Innovation Technology and Home Improvement teams and would have expected and encouraged such attendance.  An attendance record for this presentation has not been identified.

8.      The Court has requested that Amazon provide a brief description of the intended and actual audience for the document writing tips and communications practices in Document Nos. 2, 5, 6, 8, 9, 16, and 27, including who was able to access them and/or with whom they were deliberately shared.  In response to this Request, I provide the following information:

a.      Attorneys within Amazon's Litigation and Regulatory Department may at times draft document writing tips and communications guidance that is intended to address

matters of and minimize legal risk and exposure. At times, the Litigation and Regulatory Department may make such guidance generally available to all employees in quick, easily accessible, and digestible formats to mitigate legal risk across departments. At other times, the Litigation and Regulatory Department may provide such guidance to other attorneys at Amazon, who may modify the guidance and share it with particular business teams as needed. Aside from document writing tips and communications best practices generated by Amazon's Litigation and Regulatory Department, attorneys working with business employees may at times also generate writing tips and communications best practices without input from Amazon's Litigation and Regulatory Department.

   b.  Document No. 2, titled, "Document writing top tips," is an internal Amazon webpage that contains redacted legal advice and guidance on protecting privileged communications and avoiding or minimizing legal risk by accurately describing Amazon products and services. The document is generally accessible by all Amazon employees and provides a quick reference guide on written communications practices. The overall document was created by       (VP, Worldwide Marketing at the time). The redacted portions of the document originated from Amazon counsel and likely contained input from Amazon's Litigation and Regulatory Department. With respect to the portions that were generated by Amazon's Litigation and Regulatory Department and other Amazon counsel, the purpose of providing such guidance was to provide Amazon employees with clear and easy-to-follow reminders on document and communications practices that can minimize legal liability and exposure for the company and ensure that communications intended for the purpose of seeking legal advice are maintained as privileged.

   c.  Document No. 5, titled, "Full Communications Policy," is a policy that provides legal advice and guidance concerning the legal risk associated with business documents being potentially misconstrued in litigation and giving rise to liability, and how to avoid waiver of the attorney-client privilege. The policy was published by Amazon's Legal Department to be

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 6
(Case No. 2:23-cv-01495-JHC)

accessible by all Amazon employees.  Amazon's Legal Department prepared this document to provide a quick reference guide on written communications practices.  In particular, the policy provided employees with clear and easy-to-follow reminders on document and communications practices that can minimize legal liability and exposure for the company and ensure that communications intended for the purpose of seeking legal advice are maintained as privileged.

      d.     Document No. 6, titled, "NA Stores Legal - Dos & Donts of Business Docs," is a document that contains legal advice and guidance concerning the litigation- and antitrust law-specific considerations of which employees should be cognizant when writing.  The document contains material that originated from Amazon's Litigation and Regulatory Department.  Amazon attorneys working with Amazon's North American Stores business modified and finalized this guidance, shared it with Amazon's North American Stores business team, and encouraged North American Stores business employees to access this guidance.  The guidance is also accessible by any attorney at Amazon and business employees working on Worldwide Stores, Amazon's Grand Challenge, IMDb, Advertising, Fuse, and the Business Finance teams.  The business employees who had access to this guidance, in addition to the NA Stores team employees, would have been encouraged to access this guidance on a self-service basis.

      e.     Document No. 8, titled, "Dos & Donts of Business Docs," is a document that contains legal advice and guidance concerning the litigation- and antitrust law-specific considerations of which employees should be cognizant when writing.  The document contains material that originated from Amazon's Litigation and Regulatory Department.  Amazon attorneys working with Amazon's North American Stores business modified and finalized this guidance, shared it with Amazon's North American Stores business team, and encouraged North American Stores business employees to access this guidance.  The guidance is also accessible by any attorney at Amazon and business employees working on Amazon's Worldwide Stores, Worldwide Licensing and Distribution, North American Core Retail Consumer Public Relations,

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 7
(Case No. 2:23-cv-01495-JHC)

Financial Ops, Worldwide Stores Finance, Health Services Human Resources, Sustainability, Advertising, IMDb, Grand Challenge, Stores Tech Human Resources, North American Core Retail Communications, Global Tax, Stores Accounting, Internal Audit, Emerging Products Health Tech, Talent Acquisition, Shopping, Audio, Twitch, and Games, Amazon Inter Stores Shopping Human Resources, and Stores Security teams. The business employees who had access to this guidance, in addition to the North American Stores team employees, would have been encouraged to access this guidance on a self-service basis.

f. Document No. 9, titled, "WW Ops Legal - Communications & Privilege," is a document that contains legal advice and guidance concerning the litigation- and antitrust law-specific considerations of which employees should be cognizant when writing. The document contains material that originated from Amazon's Litigation and Regulatory Department. Amazon attorneys working with Amazon's Worldwide Operations business team modified and finalized this guidance, shared it with Amazon's Worldwide Operations business team, and encouraged Worldwide Operations business employees to access this guidance. The guidance is accessible by any attorney at Amazon and business employees working within the Worldwide Operations business unit.

g. Document No. 16, titled, "Legal only - Communicating platform guidelines - 2017-07-27" is a document providing legal advice and guidance on how to ensure appropriate use of terminology in business documents that can have separate antitrust meaning. The document is stored on an internal Amazon webpage accessible only to Amazon lawyers. The document was likely drafted by attorneys in the Amazon Litigation and Regulatory Department. While it is stored specifically on an Amazon Litigation and Regulatory Department webpage, the document was prepared to be delivered to other Amazon lawyers working closely with Amazon's business units.

h. Document No. 27, titled, "Privileged & Confidential - Guidelines on use of platform, ecosystem and related terms (Aug 2017)," is a memorandum providing legal advice

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 8
(Case No. 2:23-cv-01495-JHC)

and guidance on how to accurately describe Amazon products and services in internal and external communications, considering possible legal consequences.  The document was sent by ▮▮▮▮▮▮ (former Amazon Corporate Counsel) to ▮▮▮▮▮▮ (Director of Amazon's Customer Behavior Analytics team at the time).  The document was likely drafted by or contained input from attorneys in the Amazon Litigation and Regulatory Department.  Although this document was shared with the Director of Amazon's Customer Behavior Analytics team, the document was prepared to be delivered to other business leaders across Amazon's business units with the purpose of mitigating legal risk in written documents.

9.    With regard to Document No. 23, the Court has requested that Amazon clarify who is speaking in the redacted portion of the meeting and whether and when "in-house counsel" is speaking throughout the full meeting.  The document is a recording of a team meeting for Amazon's Featured Merchant Algorithm ("FMA") team.  The individual speaking during the redacted portion of the meeting is ▮▮▮▮▮▮, the business leader of FMA.  Amazon Corporate Counsel assigned to work with the team, ▮▮▮▮▮▮ did not speak at the meeting and instead requested that Mr. ▮▮▮ convey the redacted privileged information to his team.  ▮▮▮▮▮▮ had shared the redacted privileged information through a series of emails with Mr. ▮▮▮ and his team before the meeting and requested that Mr. ▮▮▮ recap the legal advice in these emails at the meeting.

10.    The Court has requested that Amazon clarify the purpose for which Document No. 21 was prepared, and with whom it was shared.  This document is a memorandum prepared at the request of attorneys in Amazon's Litigation and Regulatory Department in order to provide them with background information that would allow the attorneys to assess and advise on the legal risk associated with potential changes to Amazon's policies concerning pricing practices. The document was originally prepared by ▮▮▮▮▮▮ (former, Senior Product Manager, Pricing) with inputs from other Pricing Senior Product Managers and a UX Designer at the time. The document was also shared with ▮▮▮▮▮▮ (Corporate Counsel) who worked closely

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 9
(Case No. 2:23-cv-01495-JHC)

with the business employees and other attorneys in Amazon's Litigation and Regulatory Department, including ███ ████.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on my knowledge, information, and belief.

Executed this 25th day of June, 2026.

/s/ Charles Wright
Charles Wright, WSBA #31940

DECL. OF CHARLES WRIGHT IN SUPPORT OF
AMAZON'S SUPPLEMENTAL BRIEF - 10
(Case No. 2:23-cv-01495-JHC)