THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

AMAZON.COM, INC.,

Defendant.

Case No. 2:23-cv-01495-JCC

**AMAZON'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 18, 2026 ORDER**

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 1
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

"In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, 'constantly go to lawyers to find out how to obey the law.'" *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 661 (D. Or. 2019) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981)). This is true of Amazon, which operates multifaceted businesses in hundreds of domestic and international jurisdictions and is subject to an array of evolving laws. Dkt. 636-1 (Wright Decl.) ¶ 5.

The attorney-client privilege promotes the provision of "full and frank legal advice to the employees who will put into effect the client corporation's policy" and ensures that "the valuable efforts of corporate counsel to ensure their client's compliance with the law" are not impeded. *Upjohn*, 449 U.S. at 392. To promote legal compliance and minimize risk, in-house counsel in legal departments—including Amazon's—necessarily provide guidance and legal refreshers to employees on the application of those laws to the corporation's business. Dkt. 636-1 (Wright Decl.) ¶¶ 7, 13. That guidance may also include measures employees should take to maintain privilege over communications, including the application or scope of the attorney-client privilege itself and ways to avoid waiver of the privilege. Such guidance from counsel is properly privileged when designed to facilitate the provision of legal advice, mitigate legal risk, and ensure corporate compliance with applicable laws.

Amazon responds to the Court's questions in its June 18, 2026 Order as follows and has separately filed the requested declaration.

> **1.      Does the attorney-client privilege protect generalized training materials on legal issues and matters of legal compliance—such as when and how privilege law applies—when such materials are prepared and presented by in-house corporate counsel and shared widely throughout the organization?**

Yes. Materials prepared and presented by in-house counsel as a "training tool for employees" of a corporation can be privileged. *Freedom of the Press Found. v. U.S. Dep't of Just.*, 241 F. Supp. 3d 986, 1002 (N.D. Cal. 2017); *see United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("The attorney-client privilege applies to communications between lawyers and their

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 2
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

clients when the lawyers act in a counseling and planning role….").  Such trainings are necessary "in light of the vast and complicated array of regulatory legislation confronting the modern corporation."  *Upjohn*, 449 U.S. at 392.

When "shared among non-legal professionals" with a "need to know the substance of the legal advice given," such advice remains privileged.[1]  *Holiwell v. Higgins*, 2025 WL 1869613, at *1 (W.D. Wash. June 9, 2025); *Garvey v. Hulu, LLC*, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015) (same).  Adopting a bright-line rule that "widespread" distribution waives privilege would be inconsistent with *Upjohn*.  There, the Court emphasized that limiting the privilege to a narrow circle of senior executives "makes it more difficult to convey full and frank legal advice to the employees who will put into effect the client corporation's policy."  *Upjohn*, 449 U.S. at 392. Applying a "narrow scope" to the privilege would "threaten[] to limit the valuable efforts of corporate counsel to ensure their client's compliance with the law" by restricting the number of individuals who could access legal training materials without risking waiver.  *Id.*; *see also Davis v. City of Seattle*, 2007 WL 4166154, at *3 (W.D. Wash. Nov. 20, 2007) (test finding communications privileged if "not disseminated beyond those individuals who … need to know its contents" is "consistent" with *Upjohn*).

Consistent with this reasoning, individuals with access to privileged information do not have to be individually identifiable for the privilege to apply.  *See Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 652 (D.N.M. 2007) (no waiver by distributing "document to unnamed reporters, producers, and news-division personnel" within the company).  Materials remain privileged when they are distributed to those for whom the legal guidance is necessary and are kept confidential.  *See id.*; *Holiwell*, 2025 WL 1869613, at *1 (denying motion to compel where there was "no indication that the reports were disseminated outside the client organization or to

---

[1] The "need-to-know" test applies regardless of whether courts frame the inquiry as one of threshold confidentiality—asking whether distribution of a document was kept sufficiently "confidential" for the privilege to attach in the first instance, *see Garvey v. Hulu, LLC*, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015)—or one of waiver, *see Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 652-53 (D.N.M. 2007).

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 3
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

individuals who did not need to be involved in the communications"). "Confidentiality is not destroyed by the possibility that other … employees … could have accessed those documents over the [company] system." *Garvey*, 2015 WL 294850, at *3. "Material need not be kept under lock and key to remain confidential for purposes of the attorney-client privilege." *Id.* (internal quotations omitted).

In-house counsel may prepare training materials to share legal advice and educate employees on potential legal issues they may confront in their work. Dkt. 636-1 (Wright Decl.) ¶¶ 7-8. Courts recognize these materials as privileged. In *Meyer v. County of San Diego*, 2025 WL 776192 (S.D. Cal. Mar. 11, 2025), the court sustained privilege over presentations "prepared and presented by attorneys" to employees on how to "avoid prospective litigation," *id.* at *8. A PowerPoint that "described legal issues and scenarios" and was used as a "training tool for employees" was likewise privileged in *Freedom of the Press Foundation*. 241 F. Supp. 3d at 1002. There the court recognized that "the presentation was, at least in part, the method by which [counsel] provided … employees with legal advice." *Id.* The presentations prepared by counsel in *Hipschman v. County of San Diego*, 2025 WL 1222504 (S.D. Cal. Apr. 28, 2025), compelled the same result. While noting that some "advice given during the trainings may have had a more general purpose," the court held the presentations were privileged because they were intended "to avoid prospective civil and dependency litigation." *Id.* at *2; *see also Hipschman v. Cnty. of San Diego*, 2024 WL 5081631, at *5–6 (S.D. Cal. Dec. 11, 2024) (upholding privilege over documents "prepared by attorneys whose duties included 'provid[ing] representation and legal advice to County social workers…' and provided or presented to the social workers in a confidential manner").

These cases do not distinguish between privileged and nonprivileged material based on the subject matter of the legal advice provided. As discussed *infra*, Question 2, these holdings apply to trainings on when and how privilege law applies, and how to preserve privilege, because legal guidance on such topics is no different from any other legal advice.

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 4
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Courts outside the Ninth Circuit have reached similar results, holding that "training materials prepared by in-house counsel to advise employees on the law applicable to their jobs are entitled to protection because they provide legal advice." *McKnight v. Honeywell Safety Prods. USA, Inc.*, 2019 WL 452741, at *2 (D.R.I. Feb. 5, 2019). In *Anaya*, the court upheld an assertion of privilege over sections of a report authored by in-house counsel "to provide [the company's] reporters, producers, editors, and management personnel occupation-relevant legal advice." 251 F.R.D. at 652. "[P]resentations provid[ing] legal advice to … employees regarding legal issues, such as libel and privacy" were similarly determined to be privileged in *Friedman v. Bloomberg LP*. 2019 WL 9089585, at *1 (D. Conn. Jan. 14, 2019). And trainings provided to an insurance company's employees that "explain[ed] legal concepts and procedures and specific policy issues" have likewise been deemed privileged. *State ex rel. Montpelier U.S. Ins. Co. v. Bloom*, 757 S.E.2d 788, 798-99 (W. Va. 2014).

Training materials may contain both privileged and non-privileged subjects. Portions that contain specific legal advice or reflect the legal opinions of the authoring lawyer are privileged.[2] *See Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *6 (N.D. Cal. Feb. 2, 2016) (ordering in camera review to determine whether policies contained "specific advice" and were privileged or were "more akin to a reference or instructional guide"); *In re Domestic Drywall Antitrust Litig.*, 2014 WL 5090032, at *4 (E.D. Pa. Oct. 9, 2014) (compelling production of a policy that was "primarily a business policy" only after determining it did "not contain any specific advice" and was "more akin to a reference" guide). Presentations that "describ[e] the application of the antitrust laws to specific aspects" of a business or "reveal client confidences regarding certain of [the company's] business practices" are privileged. *In re Brand Name Prescription Drugs Antitrust Litig.*, 1996

---

[2] The Ninth Circuit applied the same principle in *ACLU of Northern California v. Department of Justice*, 880 F.3d 473 (9th Cir. 2018), holding that portions of an internal resource manual that contained "legal analyses and specific arguments" were protected while sections containing "technical information" or merely "list[ing] relevant case law and recit[ing] case holdings" were not protected, *id.* at 488-49. Notably, *ACLU* did not address application of the attorney-client privilege and based its rulings solely on the parties' arguments regarding attorney work product protection. *See id.* at 483.

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 5
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

WL 5180, at *2 (N.D. Ill. Jan. 3, 1996). So too are training materials that go beyond mere recitation of the law to "reflect" the company's "legal opinion on specific topics." *State ex rel. Montpelier U.S. Ins. Co.*, 757 S.E.2d at 799.

**2.  Does the attorney-client privilege apply differently to legal guidance on the application of privilege law as opposed to legal guidance on the application of other laws?**

No. An attorney's guidance is privileged when it concerns a legal issue, regardless of whether the legal issue relates to privilege or another subject matter. The law regarding the scope of privilege falls within an attorney's legal knowledge because attorneys are better able "to make judgments about compliance with the attorney-client privilege" than individuals without legal training. *See United States v. Omni Int'l Corp.*, 634 F. Supp. 1414, 1422 (D. Md. 1986). This fits squarely with the Ninth Circuit's test to determine whether information is protected by the attorney-client privilege. *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025). The threshold question asks whether "legal advice *of any kind* is sought." *Id.* at 1224 (emphasis added). Privilege determinations are not based on the subject of the of legal advice, and advice on the application of privilege law is not singled out for different treatment. Rather, the Ninth Circuit considers whether "legal advice is sought 'from a professional legal advisor in his capacity as such,'" drawing on "his knowledge and discretion in the law," *Chen*, 99 F.3d at 1501-02, and whether "the communications relat[e] to that purpose," *Greer*, 127 F.4th at 1224.

Lawyers can and do advise clients about steps they should take and avoid to preserve applicable privileges. "Although … the privilege is the client's prerogative, as the legal expert, it is the attorney who is necessarily the guardian of the privilege" and "who must advise the client when the privilege exists and counsel the client to assert the privilege." Edna Epstein, *The Attorney-Client Privilege & the Work-Product Doctrine* § 1.I.C (7th ed. 2025). In advising on privilege, the lawyer is advising on the law. For example, a lawyer would draw on legal knowledge to advise a corporate employee whether a particular method of communication would be deemed sufficiently confidential to protect its privileged nature. *See In re Asia Global Crossing, Ltd.*,

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 6
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

322 B.R. 247, 257 (S.D.N.Y. 2005) (setting out four factors to determine whether employee had expectation of confidentiality in his work "computer files and e-mail").  Providing guidance that privilege may not apply if communications are made in the presence of third parties is providing legal advice.  *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1079 (N.D. Cal. 2002) ("notes relate[d] to a meeting at which all of the participants were employees (attorneys and nonattorneys)" of the corporation were privileged, but "notes reflect[ing] discussions at a [company] meeting attended by [a] third party" were not).  Each of these examples advises on an element of the legal test for privilege and is legal advice.

Notably, the Court in the Related Cases[3] previously recognized that legal guidance on privilege can itself be privileged when it approved redactions to "guidance on when to seek legal advice."  Dkt. 636-3 (Keeling Decl.) ¶ 24 (discussing Document 42 from the Court's March 25, 2025 Order in *DeCoster*, Dkt. 302).

**3.        Does the attorney-client privilege apply to guidance from a lawyer on corporate procedures, such as whom to include on an email, how to format a document, or where to save a document in the system?**

It depends.  Whether lawyer guidance on corporate procedures is privileged turns on whether that guidance has a legal purpose.  Guidance on corporate procedures may be protected, such as how to implement legal advice or avoid waiving privilege.  Those communications are privileged because they are "made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship."  *Matter of App. Advocs. v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 228 N.E.3d 588, 593 (N.Y. 2023).

For example, it is legal advice for a lawyer to advise that communications to non-employees could result in waiver of the privilege, which would include whom to include on an email.  *See In re Dealer Mgmt. Sys. Antitrust Litig.*, 335 F.R.D. 510, 514 (N.D. Ill. 2020).  And it would constitute legal guidance to advise on methods of communications to avoid when discussing

---

[3] The Related Cases referenced include: *De Coster v. Amazon*, No. 2:21-cv-00693-JHC (W.D. Wash.); *Frame-Wilson v. Amazon*, No. 2:20-cv-00424-JHC (W.D. Wash.); and *Brown v. Amazon*, No. 2:22-cv-00965-JHC (W.D. Wash.).

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 7
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

privileged information, such as avoiding conversations in public places or using public computer systems. *See, e.g.*, Epstein, *supra*, § 1.III.Element 3.B.

Advice on how courts assess whether communications are privileged likewise constitutes protected legal advice. For example, courts can consider whether the client "failed to take adequate steps to preserve the confidentiality of the e-mails," by "label[ing] the documents 'confidential' or 'privileged' so as to put others on notice of their privileged nature." *Atronic Int'l GMBH v. SAI Semispecialists of Am., Inc.*, 232 F.R.D. 160, 164 (E.D.N.Y. 2005); *see also ChevronTexaco*, 241 F. Supp. 2d at 1075 (whether communications were "protected by the privilege depend[ed] on whether [Defendant] and its counsel properly maintained their confidentiality"). It is a matter of the lawyer's legal knowledge to explain to non-lawyer employees the procedures—including how and with whom to communicate—needed to maintain "the confidentiality necessary to maintain the privilege." *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 772668, at *7 (N.D. Cal. Feb. 28, 2013).

> **4.    How do courts apply the attorney-client privilege to communications policies and guidelines that are limited to communications guidance but are designed and implemented by in-house counsel for the purpose of mitigating legal risk?**

Courts follow the rules announced above: In-house counsel's communications guidance is privileged when the guidance is given to mitigate legal risk and ensure legal compliance. Communications between in-house counsel and employees regarding "how to minimize any legal risk" are "clearly … for the express purpose of obtaining legal advice." *Lewis v. Cap. One Servs.*, 2004 U.S. Dist. LEXIS 26978, at *19-20 (E.D. Va. June 10, 2004); *see also Feinberg v. T. Rowe Price Grp., Inc.*, 2019 U.S. Dist. LEXIS 217544, at *13-14 (D. Md. Dec. 17, 2019) (in-house counsel and employee communications focusing on "risk mitigation" and "litigation risk" were "squarely" and "clearly" privileged). Corporate counsel are critical to ensuring compliance with the legal frameworks within which their companies operate. *See Upjohn*, 449 U.S. at 392. When the corporation is the client, "any advice sought … will obviously be, on some level, for the

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 8
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

purposes of determining how that corporation should conduct its business," and when "the primary purpose … is to discern the legal ramifications of a potential course of action, that communication is for a 'legal' purpose." *Premiere Dig. Access, Inc. v. Cent. Telephone Co.*, 360 F.Supp.2d 1168, 1174 (D. Nev. 2005).

Courts have recognized communications guidance to be privileged when they involve the "possible legal consequences of [the] proposed [language] or an action being contemplated." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1244 (D. Or. 2017). In *Premera*, the court explained that counsel's advice on a draft article would be privileged if it concerned "how the article should be written to minimize legal exposure, [and] whether its contents could impact [the business's] risk of liability." 329 F.R.D. at 663. Counsel's review of external messaging was privileged when their comments were intended to "communicate legal advice," such as "legal concern[s]" about whether the "wording … could lead to liability." *Club Gene & Georgetti, LP v. XL Ins. Am., Inc.*, 2021 WL 1517929, at *1 (N.D. Ill. Apr. 16, 2021) (citations omitted); *see Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 571 (6th Cir. 2015) ("Given the potential for legal liability, [counsel's] input on how to draft a media response was essential."); *In re Diisocyanates Antitrust Litig.*, 2024 WL 3412641, at *2-3 (W.D. Pa. June 10, 2024) (privilege sustained over documents including "draft external communications," where attorney provided legal assistance with the draft communications).

Similarly, in *Klein v. Meta Platforms, Inc.*, 2022 WL 767096 (N.D. Cal. Mar. 11, 2022), an in-house lawyer's advice was privileged when it concerned the company's response to press inquiries about whether Meta was engaged in "anti-competitive" conduct. *Id.* at *3. Meta explained that "it coordinate[d] its response to press inquiries with its legal team because the company's public statements may be deemed admissions in litigation." *Id.*

Courts recognize that "[c]onsultation as to the scope of the provisions of the [applicable laws], as to language, and as to how best to legally comply with … regulations, for instance, are precisely the type of day-to-day guidance for which a corporation would likely rely on counsel."

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 9
(Case No. 2:23-cv-01495-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Roth v. Aon Corp.*, 254 F.R.D. 538, 541 (N.D. Ill. 2009).  Similarly, a lawyer's guidance to employees on how to "conduct meetings in compliance with antitrust laws" is privileged.  *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 9807442, at *2, *6 (N.D. Ala. Aug. 31, 2017).

Consistent with these principles, this Court has sustained privilege claims on communications involving legal guidance on writing practices due to regulatory risks and how to communicate with third parties in light of those risks.  Dkt. 636-3 (Keeling Decl.) ¶ 24 (discussing Documents 91 and 71 from the Court's March 25, 2025 Order in *DeCoster*, Dkt. 302).  The Special Master in the Related Cases has sustained redactions over documents that discussed legal risks and gave guidance on certain types of business communications, Dkt. 636-39 (Sept. 17, 2025 Special Master Order), at 3; Dkt. 636-41 (Sept. 2, 2025 Special Master Order), at 2-3, and documents involving Amazon's in-house counsel's guidance "on the phrasing of language in a document in a way that would avoid misunderstanding by litigants or regulators," *see* Dkt. 636-2 (Aug. 27, 2025 Special Master Order), at 5.

DATED: June 25, 2026.

*I certify that this memorandum contains 3,148 words, in compliance with the Local Civil Rules and the Court's Order dated 6/18/26.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 10
(Case No. 2:23-cv-01495-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
        jschmidtlein@wc.com
        khodges@wc.com
        jpitt@wc.com
        ereddington@wc.com
        cmetz@wc.com
        cpruski@wc.com
        ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
        dludwin@cov.com
        kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S
JUNE 18, 2026 ORDER - 11
(Case No. 2:23-cv-01495-JHC)