THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL.,<br>Plaintiffs,<br>v.<br>AMAZON.COM, INC., a corporation,<br>Defendant. | Case No. 2:23-cv-01495-JHC<br>**LCR 37 SUBMISSION REGARDING CONTINUANCE**<br>NOTE ON MOTION CALENDAR:<br>October 6, 2026 |

Pursuant to Local Civil Rule 37(a)(2), Amazon respectfully requests that the Court continue the trial date in this action for at least 60 days, from March 29, 2027, to a date in June 2027 that is convenient to the Court. Plaintiffs do not agree with Amazon's proposed continuance. Pursuant to Local Civil Rule 37(a)(1), Amazon certifies that the Parties are at an impasse after conferring in good faith on this issue.

## I. AMAZON'S STATEMENT

As the Court is aware, this is one of several civil antitrust actions involving claims against Amazon, many of which were coordinated for certain aspects of pretrial discovery. The first of these related and coordinated actions to be set for trial is *The People of the State of*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*California v. Amazon.com, Inc.*, No. CGC-22-601826 (S.F. Super. Ct.) (the "*California* action"), which is scheduled to be tried to a jury starting January 19, 2027. The above-captioned action will be the second to be tried, and that trial is currently set to begin on March 29, 2027.

At a recent hearing in the *California* action, the court expressed significant concerns about the feasibility of the pre-trial schedule in that action. The *California* court asked that Amazon and the California Attorney General consider an extension of the trial date to allow more time for pretrial submissions. The additional time would allow for improved sequencing of pretrial submissions, provide additional time for resolving pending dispositive and expert motions, and allow pretrial submissions to incorporate the court's adjudication of those motions, which are scheduled to be heard in December 2026. After further discussion among the parties and with the *California* court, the parties in the *California* action have tentatively proposed a two-month continuance of the trial—from January 19 to March 22—to address the *California* court's concerns, and the court has indicated that it is agreeable to this proposal.

The court and parties in the *California* action are mindful that the proposed continuance in that action would create an overlap with the scheduled trial in this case. This affects not only Amazon and its trial counsel, but also a considerable number of party, third-party, and expert witnesses who are expected to testify in both this action and the *California* action. Amazon has advised the *California* court that it cannot consent to the proposed continuance of that trial without first resolving that scheduling conflict with this action.

In light of these developments, in the interest of comity, and in an effort to preserve the existing sequence of trials between this action and the *California* action, Amazon respectfully requests that the Court continue the trial date in this action for at least 60 days, from March 29, 2027, to a date in June 2027 that is convenient to the Court. Amazon would thereafter meet and confer with Plaintiffs about any modifications to the pretrial schedule that might be needed based on the new trial date.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Amazon has conferred with Plaintiffs as to this proposed adjustment to the trial schedule, and Plaintiffs oppose Amazon's proposed continuance.

## A. BACKGROUND

### 1. The *California* Action Involves Overlapping Fact Witnesses, Expert Witnesses, and Trial Counsel.

On September 14, 2022, the California Attorney General filed a complaint against Amazon in the Superior Court of California, San Francisco County, raising claims relating to certain aspects of Amazon's operation of its consumer retail business. Hodges Decl. ¶ 2. The *California* action was assigned to the complex litigation department before The Honorable Ethan P. Schulman. *Id.* ¶ 3. Just over a year later, on September 26, 2023, the Federal Trade Commission and certain State Attorneys General filed a complaint in this Court that also asserts claims related to Amazon's consumer retail business. *See* ECF No. 1.

This case and the *California* action are among several pending civil actions against Amazon—both in this District and in other jurisdictions—with certain overlapping allegations and claims (the "Related Actions"). Hodges Decl. ¶ 4.[1] Given this overlap, the parties across the Related Actions have worked to coordinate discovery, including through agreements to reproduce documents across the Related Actions, agreements to take joint depositions of Amazon and third-party witnesses, and agreements to exchange expert materials across the Related Actions. *Id.* ¶ 5.[2] These coordination efforts resulted in joint depositions in this action and the *California* action of more than 50 current and former Amazon employees, and more than 60 third-party witnesses. *Id.* ¶ 6. Amazon expects, and this overlap indicates, that many of the same witnesses will be called at trial in both this action and the *California* action. The California

---

[1] The other Related Actions include: (i) *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); (ii) *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.); (iii) *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.); (iv) *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct.); and (v) *Zulily, LLC, et al. v. Amazon.com, Inc.*, No. 2:23-cv-1900-JHC (W.D. Wash.).

[2] The Parties in this action, for example, agreed to, and the Court entered, a Deposition Coordination Protocol and Order that governed the procedures for joint depositions in the Related Actions. *See* ECF No. 337. Corresponding protocols and orders were entered in the Related Actions. Hodges Decl. ¶ 5.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Attorney General, for example, has indicated that it expects to present between 40 and 50 witnesses at the *California* trial, including as many as 20 current or former Amazon employees and 30 third-party witnesses. Ex. 1 at 25:3-26:13. In addition, Amazon has designated six expert witnesses that are common to both this action and the *California* action, and Amazon expects that most or all these expert witnesses will testify in each action. Hodges Decl. ¶ 7. Finally, Amazon is represented by the same trial counsel in both this action and the *California* action. *Id.* ¶ 8.

Although the Related Actions were coordinated by agreement during discovery, they have not been consolidated, and each action has maintained its own pretrial schedule and trial date. That said, the schedules across the Related Actions have routinely been adjusted, including to allow for coordinated discovery and fact depositions, to address postponements resulting from the federal government shutdown, and for other causes.

**2. The *California* Court Has Expressed Concerns About the Schedule in that Case and Has Suggested a Continuance of that Trial Date.**

As noted, the *California* trial is scheduled to commence on January 19, 2027. Hodges Decl. ¶ 9. The parties in the *California* action have completed expert discovery, and pursuant to the pretrial schedule in that case, Amazon has filed dispositive motions and both parties have filed motions to exclude expert testimony. *Id.* ¶ 10. A hearing on those motions has been scheduled for December 16, 2026. *Id.* ¶ 11.

At a recent case management conference, Judge Schulman expressed significant concerns about the feasibility of proceeding to trial in January 2027. Ex. 1 at 36-41. Specifically, he noted the compressed time period between the hearing on dispositive motions and the trial date, and that many important pretrial filings were scheduled either before or only shortly after the point at which the court expected to be able to resolve dispositive and expert motions. *Id.* For example, Judge Schulman noted that under the current schedule, the joint statement of the case, witness lists, deposition designations, proposed jury instructions, proposed verdict forms, and



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

stipulations of fact not in dispute were due on December 18, 2026, which is only two days after the hearing on dispositive and expert motions. *Id.* at 37:23-38:13. He also noted that motions *in limine* are scheduled to be filed in advance of any anticipated decision on dispositive and expert motions, and that the motions *in limine* would not be heard until the week prior to trial. *Id.* at 37:17-22, 38:21-24.

Given the timing of when these pretrial motions would be resolved, and the likelihood that the parties would need to amend important pretrial filings, Judge Schulman expressed concern about the ability of the parties and the court to present an orderly and manageable case to the jury on the existing schedule. Ex. 1 at 39:17-20, 40:2-10. For example, Judge Schulman expressed concern that the jury would be delayed if there was a need to revise previously submitted jury instructions because of rulings close in time to the trial. *Id.* at 43:1-7.

At the hearing, Judge Schulman stated: "I don't think this schedule is workable or realistic." Ex. 1 at 36:13-14. He expressed his view that the schedule is "a huge problem, and I think we've got to work together to solve it." *Id.* at 41:12-13; *see also id.* at 39:17-20 ("Is there anyway for you all to get this all done and start presenting the trial on January 19th or even start selecting a jury January 19? Frankly, I think the answer is no."); *id.* at 38:25-39:2 ("I just don't see how this schedule works. It's horrifying to me frankly."); *id.* at 39:5-6 ("[H]ow everybody gets all this done and in an intelligible way by the time that we're set for trial is beyond me to understand.").

Judge Schulman suggested that a solution could be to continue the trial date and adjust certain of the pretrial deadlines. Ex. 1 at 41:4-6. He asked the parties to work collectively to address the scheduling concerns, including in view of a potential conflict with the trial date in this action. *Id.* at 39:21-40:4, 41:11-13.

Amazon and the California Attorney General have agreed on a proposed continuance of the *California* trial from January 19, 2027, to March 22, 2027, with corresponding adjustments to certain other pretrial deadlines, to address the concerns expressed by Judge Schulman. Hodges



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Decl. ¶ 12. Judge Schulman has indicated that he is available to conduct the trial beginning on March 22, 2027. *Id.*

Because the proposed continuance of the *California* trial would create a conflict with the scheduled trial in this action, Amazon has made clear that the proposed continuance in *California* is contingent on this Court granting a similar continuance of its trial, which is scheduled to commence on March 29, 2027. Amazon thus respectfully seeks a continuance of the trial date in this action by at least 60 days, from March 29, 2027, until a date in June 2027. Amazon does not make this request merely for the purpose of delay. Amazon proposes the same sequence of trials remain in place, and Amazon will work with the courts and counsel in the Related Actions to seek any necessary extensions.

Amazon presented this proposal to Plaintiffs on September 17, 2026. Hodges Decl. ¶ 13. Plaintiffs have since advised that they oppose Amazon's requested continuance. *Id.* ¶ 14.

**B. DISCUSSION**

Courts may modify case deadlines, including trial dates, upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *see Plintron Techs. USA LLC v. Phillips*, 2025 WL 2381127, at *1-2 (W.D. Wash. July 29, 2025). There is good cause for an extension of the trial date in this action. The proposed extension would serve to address the scheduling concerns articulated by the court in the coordinated *California* action and avoid overlapping trial schedules for Amazon, witnesses, and counsel. Courts have recognized that good cause exists when overlapping trial dates cause scheduling conflicts for witnesses and counsel. *Price v. Equilon Enters., LLC*, 2018 WL 6816425, at *1-2 (W.D. Wash. May 24, 2018) (finding that rescheduled trial in related case with overlapping parties "create[d] a clear conflict" and justified a continuance); *see also Tierney v. Carrington Mortg. Servs., LLC*, 2021 WL 4267821, at *1 (W.D. Wash. Sep. 7, 2021) ("Unavailability of trial counsel typically constitutes good cause for continuance of trial."); *Kupalyan v. Mitsubishi Motor Sales of Am., Inc.*, 2009 WL 10673217, at *2 (C.D. Cal. July 17, 2009) (continuing trial date in light of witness availability).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Amazon's request for a continuance is not due to lack of diligence. Since this Court entered the operative scheduling order in December 2025, the Parties have completed fact discovery, exchanged three rounds of expert disclosures, and finished expert discovery on schedule. *See* ECF No. 700 at 3-5. Although Amazon is prepared to bring the case to trial on the current schedule, Amazon, its counsel, and its witnesses cannot "be in San Francisco and Seattle at the same time," as the *California* court recognized. Ex. 1 at 43:15-19.

Amazon is not proposing any modifications to the existing pretrial deadlines for dispositive or *Daubert* motions. The proposed extension would allow additional time for the Court to rule on any motions and for the parties to prepare pretrial filings and trial presentations in light of any Court rulings.

Plaintiffs will not be prejudiced by this request. This case has been pending since September 2023, and the schedule has been extended several times previously. Amazon seeks only a two-month continuance so that the scheduling concerns raised by Judge Schulman in California can be addressed. *See Fair Hous. Council of Cent. Cal., Inc. v. Tylar Prop. Mgmt. Co.*, 2013 WL 1737019, at *3 (E.D. Cal. Apr. 22, 2013) (allowing continuance of trial despite one party's "prefer[ence] to keep the current schedule," because "[a] further delay of a few months will be minimally prejudicial").

**C. CONCLUSION**

For these reasons, Amazon respectfully requests that the Court continue the trial date for at least 60 days, from March 29, 2027, to a date in June 2027 that is convenient for the Court. Amazon would thereafter meet and confer with Plaintiffs on any modifications to the pretrial schedule that might be needed based on the new trial date.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. PLAINTIFFS' POSITION

The Court should deny Amazon's motion because it has not shown good cause to continue the trial date in this case.

Plaintiffs are ready to take this case to trial as scheduled in March 2027, and Amazon agrees that it can proceed on the current case schedule. *Supra* at 7. There is no scheduling conflict between the *California* action and this case: the *California* court has not yet set a new schedule, and has not indicated that it would set a schedule that conflicts with the trial date here. As a result, Amazon's motion amounts to a request that the Court upend the schedule in this case and rearrange its docket so that the *California* action can be tried first. That is not good cause to delay the trial of this case. Further, rescheduling this case to June 2027 would set off a chain reaction of scheduling conflicts in the related *De Coster* and *District of Columbia* actions, which are set for trial in June 2027 and September 2027, respectively.

In addition, as explained below, the scheduling concerns raised by the *California* court are the foreseeable result of a schedule negotiated by Amazon and Amazon's decision to file ten dispositive and expert motions in *California*, all scheduled to be heard just over one month before a jury trial. Having contributed to the circumstances that led the *California* court to find its current schedule unworkable, Amazon cannot reasonably expect three other cases across two different courts to reorder their schedules because Amazon would like the *California* action to be tried first.

Finally, the strong public interest in the swift resolution of government antitrust suits weighs against any continuance of the trial date. The Court has previously extended the case schedule twice to meet the specific needs of this case, but there is no such need here.

Accordingly, the Court should deny Amazon's motion and maintain the current trial schedule.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**A. Amazon Agrees It Can Meet the Current Case Schedule, and Has Not Shown Any Need for a Continuance in this Case.**

The Court has discretion to modify the case schedule upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "For purposes of Rule 16, 'good cause' means the scheduling deadlines cannot be met despite the party's diligence." *Paz v. City of Aberdeen*, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th. Cir. 1992)); *see* Local Rules W.D. Wash. LCR 16(b)(6) ("The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent."); Local Rules W.D. Wash. LCR 16(m) ("In order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced.").

"The focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Amazon's motion fails at that first step, because it has not shown that the deadlines in the current scheduling order cannot be met. Amazon has not identified any reason why this case cannot proceed to trial as scheduled on March 29, 2027—to the contrary, Amazon says it "is prepared to bring [this] case to trial on the current schedule." *Supra* at 7. Instead, Amazon is seeking to move the trial date because Amazon and California have "*tentatively proposed* a two-month continuance of the [*California*] trial . . . to address the *California* court's concerns, and the court has indicated that it is agreeable to [that] proposal." *Supra* at 2 (emphasis added). Amazon argues that a change to the case schedule is justified "[i]n light of these developments, in the interest of comity, and in an effort to preserve the existing sequence of trials between this action and the *California* action." *Id.* None of those arguments warrant delaying the scheduled trial in this case.

*First*, there is no scheduling conflict at this time, and the *California* court has not suggested that it would set a new trial date that conflicts with the trial date in this case. *See* Ex. 1 at 39:21-40:1 (*California* court noting currently-scheduled trial dates for this case and *De*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Coster*).[3] The issue is not that the *California* court has issued a schedule that conflicts with the schedule here; the issue is that Amazon wants to delay the trial in this case (and then in *De Coster*, and potentially in other Related Actions) to clear the way for a trial in the *California* action.

Plaintiffs agree that it would be unworkable to try this case and the *California* action at the same time, given that Amazon has the same lead counsel in both cases. However, if the *California* court needs to reschedule its trial, the most logical path forward would be to find an open time frame that will not disrupt a scheduled trial, or potentially to schedule the *California* trial to run in parallel with a Related Action trial where Amazon is represented by different lead counsel.[4] It does not reasonably follow that this Court should reschedule the March 29, 2027 trial in this case to June 2027, and in doing so kick off a cascade of scheduling conflicts in *De Coster* (scheduled for trial on June 14, 2027) and *District of Columbia* (scheduled for trial on September 20, 2027). *See De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.), Dkt. #505; Takashima Decl. Ex. A (*District of Columbia* scheduling order).

Plaintiffs have conferred with the plaintiffs in those cases, and can represent that they oppose this motion to the extent that it would impact their scheduled trial dates. Takashima Decl. ¶ 2. Plaintiffs have also agreed to convey the following position statement from the *De Coster* plaintiffs:

> "Counsel for the certified, nationwide *De Coster* class oppose Amazon's motion to continue the *FTC* trial to June 2027. *De Coster*, which has been pending for more than five years, has a June 14, 2027 trial date. *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC, Dkt. #505. Moving the *FTC* trial to the same month as the *De Coster* trial would create the very overlap Amazon says it must avoid. Amazon has not moved to continue the *De Coster* trial, nor has

---

[3] Because there is no actual scheduling conflict between this case and the *California* action, Amazon's cited cases are inapposite. Amazon's leading case for the proposition that "good cause exists when overlapping trial dates cause scheduling conflicts," *supra* at 6, is a stipulation between parties to move their trial to avoid a scheduling conflict and follow another trial between "identical parties." *Price v. Equilon Enters., LLC*, 2018 WL 6816425, at *1 (W.D. Wash. May 24, 2018). Amazon's other cases also involve actual conflicts.

[4] There may also be other ways to address the *California* court's scheduling concerns. *See, e.g.*, Ex. 1 at 44:8-44:16 (*California* plaintiffs discussing the possibility of setting an earlier hearing date for Amazon's motions). Amazon's lead counsel firm is Dunn Isaacson Rhee LLP in *De Coster* and *District of Columbia.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

> Amazon even broached the subject with the *De Coster* plaintiffs. That Amazon agreed to a problematic schedule in a different case, in a different court is not good cause to delay the resolution of one of the largest cases ever to go to trial and to prejudice hundreds of millions of *De Coster* class members."

Takashima Decl. ¶ 3.

*Second*, the principle of comity does not require the Court to delay the trial in this case, and Amazon offers no authority to support the idea that it does. To the extent comity has any application here, it weighs against Amazon's motion, because a change to the schedule in one case should not unnecessarily disrupt established schedules in other cases.

*Third*, Amazon's desire to "preserve the existing sequence of trials between this action and the *California* action," *supra* at 1, or the "sequence of trials" among Related Actions, *supra* at 6, is not a reason to reschedule and delay the trial in this matter. While the *California* case was filed first, this case has effectively caught up. Plaintiffs and Amazon are both prepared to bring this case to trial on March 29, 2027. *Supra* at 7. Fact discovery was coordinated among the Related Actions, but the cases have proceeded independently since the close of fact discovery. The trial schedule in this case has never been conditioned on the schedule in the *California* case, and Amazon has not articulated any logical reason it should be now. A defendant facing multiple related cases is not entitled to set the order in which those cases go to trial, or to insist on rescheduling cases to "preserve the existing sequence of trials."

Amazon has not shown that the current scheduling deadlines in this case cannot be met. As a result, Amazon has not shown good cause to modify the scheduling order.

### B. Amazon Could Have Reasonably Foreseen the Scheduling Issues in the *California* Action.

The movant's diligence is usually the primary issue under Rule 16(b), if the existing schedule "cannot reasonably be met." *See Johnson*, 604 F.2d at 609 (citation omitted). Plaintiffs do not dispute that Amazon has been diligent in moving *this* case forward since the Court last set a schedule, in December 2025. Dkt. #577. However, it is noteworthy that the scheduling



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

concerns raised by the *California* court are driven, at least in part, by the combination of a schedule Amazon jointly proposed and Amazon's decision to file five dispositive motions and five *Sargon* motions to exclude expert witness testimony, all noticed for hearing on December 16, 2026—just over one month before the scheduled *California* jury trial. *See* Ex. 1 at 36:10-36:21 ("I don't think this schedule is workable or realistic. . . . There are five dispositive motions that Amazon has brought. There are a total of six *Sargon* motions that are directed in whole or in part from expert witnesses."); *id.* at 37:7-37:11 ("[Y]ou all have left these motions to the last minute. December 16 is barely . . . Three days—more than 30 days before trial.").

"To demonstrate diligence under Rule 16's 'good cause' standard," a party seeking to modify a case schedule "may be required to show . . . that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jones v. Marriott Int'l, Inc.*, 2026 WL 2178890, at *2 (W.D. Wash. July 29, 2026) (citation omitted). Amazon may not have foreseen any specific scheduling issues in the *California* action in December 2025, when it agreed to the current schedules in this case and in *California*, but it could reasonably anticipate that any disruption to the *California* schedule might require that trial to be rescheduled after the trial in this case. *See* Joint Status Report at 6-8 (Dec. 10, 2025), Dkt. #564 (submitting agreed-upon schedule); Takashima Decl., Ex. B (Dec. 12, 2025 stipulation to schedule in *California*). And when Amazon filed ten substantive motions to be decided one month before a jury trial, it could have reasonably foreseen that doing so could derail the *California* trial date. Simply put, Amazon negotiated the schedule in the *California* case and helped create the situation the *California* court has described as "horrifying," and "a huge problem." Ex. 1 at 38:25-39:2, 41:11-41:13. Having done so, it cannot reasonably ask to push out the trial schedule in this case or other Related Actions.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

### C. Any Delay in the Trial Date Will Prejudice the Public and Plaintiffs.

Since the outset of this case, Plaintiffs have sought to move this case forward as quickly as possible. Amazon's ongoing monopolistic conduct impacts over one hundred million American households, over one million sellers on Amazon, and hundreds of billions of dollars in commerce every year. Every day that passes is another day of harm inflicted on shoppers, sellers, and competition. Moreover, Congress has expressed a "clear intent to prioritize speedy and efficient resolution of government antitrust suits." *United States v. Google LLC*, 661 F. Supp. 3d 480, 493 (E.D. Va. 2023); *see FTC v. Vyera Pharms, LLC*, 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition."); *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (explaining that Congress recognized "the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct").

The Court has extended the schedule twice, in circumstances very different than those presented here. In June 2025, the Court granted Plaintiffs' request to extend the fact discovery schedule by two and half months and to extend the expert discovery schedule by six weeks. Dkt. #492. As Plaintiffs explained at the time, that extension was necessary to allow the parties to complete fact discovery in an orderly manner and allow both sides time to analyze and respond to each other's expert reports, given Amazon's efforts to delay discovery and its then-ongoing production of structured data. Joint Status Report at 6-13 (May 28, 2025), Dkt. #484. In December 2025, the Court modified the schedule again to account for the Court-ordered stay during the 2025 federal government shutdown. Dkt. #577. Both of those changes were driven by the needs of this case. There is no comparable need here.

For the reasons above, Plaintiffs respectfully request that the Court deny Amazon's motion and maintain the current trial schedule.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## III. AMAZON'S REPLY

Judge Schulman proposed a continuance of the *California* trial because of concerns with the pretrial schedule. Ex. 1 at 36-41. A brief extension of this trial will address those concerns and avoid a scheduling conflict.

Plaintiffs argue that Judge Schulman's concerns can be addressed by conducting the *California* trial in parallel with the Related Actions. But the overlap in trial witnesses makes that unworkable. An effective solution is a short continuance of this trial and Related Actions trials. A stipulated motion for continuance has been filed in the *Zulily* case, providing scheduling flexibility.

Plaintiffs blame Amazon for filing dispositive and expert motions, as per California practice, following expert discovery. Plaintiffs' misplaced finger-pointing does nothing to address Judge Schulman's scheduling concerns.

Plaintiffs do not articulate specific prejudice from a two-month continuance in a case filed in 2023 and which has had prior schedule extensions.

Continuing the trial date to accommodate Judge Schulman's concerns is consistent with coordination efforts to date and constitutes good cause. The Court should grant a short continuance of the trial date.

DATED this 6th day of October, 2026.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
dludwin@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

*s/ Edward H. Takashima*
EDWARD H. TAKASHIMA (DC Bar # 1001641)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-2464
Email: etakashima@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Nicole Demers*
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Christopher J. Campbell*
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

<u>*s/ Schonette Walker*</u>
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

<u>*s/ Katherine W. Krems*</u>
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

<u>*s/ Scott A. Mertens*</u>
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

<u>*s/ Zach Biesanz*</u>
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

<u>*s/ Lucas J. Tucker*</u>
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

<u>*s/ Ana Atta-Alla*</u>
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: ana.atta-alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

<u>*s/ Anthony Juzaitis*</u>
Anthony Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 561-7565
Email: ajuzaitis@nmdoj.gov
*Counsel for Plaintiff State of New Mexico*

<u>*s/ Zulma Carrasquillo Almena*</u>
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

_s/ Alexander Carnevale_
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevalea@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

_s/ Sarah L.J. Aceves_
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

_s/ Caitlin M. Madden_
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

**CERTIFICATION**

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this dispute in accordance with LCR 37(a). I further certify that Amazon's total text in this submission contains 2,413 words, and that Amazon's reply contains 174 words, in compliance with the Local Civil Rules.

DATED: October 6, 2026

*s/ Molly A. Terwilliger*
Molly A. Terwilliger

**CERTIFICATION**

I certify that Plaintiffs' total text in this submission contains 2,297 words, in compliance with the Local Civil Rules.

DATED: October 6, 2026

*s/ Edward H. Takashima*
Edward H. Takashima



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401