THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION, ET AL.,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No. 2:23-cv-01495-JHC

**DECLARATION OF KEVIN M. HODGES IN SUPPORT OF LCR 37 SUBMISSION REGARDING CONTINUANCE**

I, Kevin M. Hodges, declare as follows:

1. I am a partner at Williams & Connolly LLP, and counsel to Defendant Amazon.com, Inc. ("Amazon") in this action. I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2. On September 14, 2022, the California Attorney General filed a complaint against Amazon in the Superior Court of California, San Francisco County, raising competition law challenges to certain aspects of Amazon's consumer retail business. That action is captioned *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (S.F. Super. Ct.) (the "*California* action").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

3. The *California* action was assigned to the complex litigation department of the Superior Court of California, San Francisco County, before The Honorable Ethan P. Schulman.

4. There are several pending civil actions against Amazon that assert civil antitrust claims involving Amazon's consumer retail business (the "Related Actions").

5. The parties across the Related Actions have coordinated discovery in certain respects, including by reproducing documents across the Related Actions, taking joint depositions of Amazon and third-party witnesses, and exchanging expert materials across the Related Actions.

6. Plaintiffs in this action and the *California* action jointly participated in the depositions of 50 current and former Amazon employees and more than 60 third-party witnesses.

7. Amazon has designated six expert witnesses that are common to both this action and the *California* action. Amazon expects that most or all these expert witnesses will testify in each action.

8. Amazon is represented by the same trial counsel in both this action and the *California* action.

9. The *California* trial is currently scheduled to commence on January 19, 2027.

10. In the *California* action, Amazon has filed dispositive motions, and both parties have filed motions to exclude expert testimony.

11. A hearing on the dispositive motions and motions to exclude expert testimony in the *California* action has been scheduled for December 16, 2026.

12. Amazon and the California Attorney General have agreed on a proposed continuance of the *California* trial from January 19, 2027, to March 22, 2027, with corresponding adjustments to certain other pretrial deadlines, to address concerns expressed by Judge Schulman at the August 27, 2026 Case Management Conference. Judge Schulman has indicated that he is available to conduct the trial beginning on March 22, 2027.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

13. On September 17, 2026, Amazon met and conferred with Plaintiffs in this case and proposed to continue the trial date in this case by at least sixty days. On September 24, 2026, the parties conferred again on Amazon's proposal.

14. Plaintiffs have advised that they oppose Amazon's requested continuance.

15. Attached as Exhibit 1 is a true and correct copy of excerpts from the transcript of an August 27, 2026 Case Management Conference in the *California* action.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2026, in Washington, D.C.

/s/ *Kevin M. Hodges*
Kevin M. Hodges



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# Exhibit 1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

BEFORE THE HONORABLE ETHAN P. SCHULMAN, JUDGE

DEPARTMENT NO. 304

---oOo---

THE PEOPLE OF THE STATE OF CALIFORNIA NO. CGC-22-601826

PLAINTIFF,

vs.

AMAZON.COM, INC.,

DEFENDANT.

/

REPORTER'S TRANSCRIPT OF PROCEEDINGS

400 McALLISTER

SAN FRANCISCO, CALIFORNIA

THURSDAY, AUGUST 27, 2026

DANIELLE L. DYER, C.S.R. #12232

A P P E A R A N C E S

For the People of the State of California:
Stephen Smerek, Deputy Attorney General
Emily C. Curran, Deputy Attorney General
Jamie L. Miller, Supervising Deputy Attorney General
Nell Moley, Deputy Attorney General
OFFICE OF THE CALIFORNIA ATTORNEY GENERAL
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102

For the Defendant Amazon:
Heidi K. Hubbard, Esq.
Kevin M. Hodges, Esq.
Jonathan B. Pitt, Esq.
Andrew Lemens, Esq.
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024

A P P E A R A N C E S

For Defendant Amazon:
Jeffrey M. Davidson, Esq.
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533

People first.

Mr. Smerek.

MR. SMEREK: Thank you, your Honor. And I'm going to try to answer each of your questions. I'm not sure that I'll go in order, but please direct me as you would like.

As your Honor noted, there were 150-plus unique deponents, fact witnesses in the case and there are 12 experts. For some context of that number, there were roughly 45 or so third-party sellers or vendors or related parties. There were advisors or consultants to third-party sellers and vendors.

There were roughly 25 to 30 competitors, unique competitor depositions, representing over a dozen other entities including along the line of competitors of Amazon. And there were over 75 Amazon employees who were deposed.

We think at this point, as was mentioned, we are in the midst of working to prepare for trial. The parties had begun to contemplate these questions and that caused the parties to meet and confer regarding the pretrial filing schedule that we submitted, which includes, I think, the first dates for exchanging witness lists and exhibit lists in early November.

Right now, we expect that we would have in the range of 20, 20 to 25 third-party seller and vendors offering testimony at trial. We expect in the range of 10 or so retailer witnesses to be offering testimony.

With respect to Amazon witnesses, I think that number is a

little bit more challenging for us. I think on the substantive testimony, it would probably be in the magnitude of 20 or so Amazon witnesses. And I say that that's a challenge for us because the parties have yet to meet and confer regarding the admissibility of documents. And so there may be additional deponents that are mostly necessary in order to authenticate and enter trial exhibits at trial, but we would be open to negotiating the entry agreement on trial exhibits to get rid of additional Amazon witnesses beyond that range.

And we have five expert witnesses. With that, the total number of witnesses that we would expect to present at trial would be in the range of 40 to 50 of fact and expert witnesses together.

Our estimation -- and I think recognizing that January 19th is a Tuesday, it is the day after Martin Luther King day, so it is a shortened week. We would expect jury selection to take at least two days, maybe two to three days, and opening with jury selection and opening to take the better part of three to four days.

And with that, we would expect our case-in-chief to take on the magnitude of three to four weeks in part depending upon if we're on a four-day week or a five-day week.

I would note that after that -- again, as was mentioned, we have not met and conferred, so I do not know Amazon's reaction to this, nor have they heard this before, nor have I heard

before what their reaction will be. We have discussed that for these witnesses, that any of the testimony that we would be providing, these fact witnesses, would likely be called just once.

And so we would provide evidence, and then Amazon also would provide their evidence. So my understanding of our case-in-chief the majority of fact witnesses would likely go in at that time. But after that first four weeks, Amazon still has seven of its own experts. They would have the ability for additional fact witnesses if they were not in our case-in-chief. And, of course, we would have the ability for rebuttal fact witnesses if necessary.

We would expect that to take another one to two weeks. And so, at this juncture, our approximation for the length of trial would be five to six weeks. I think, given as you mentioned, the trial dates following this, regarding claims against Amazon, I note that their FTC trial is scheduled to start March 29th and the final pretrial case -- final pretrial is currently scheduled for March 15th. We understand that that's the next trial after this that will be scheduled on these matters.

THE COURT: May I interrupt? The D.C. case is set for trial, at least based on materials that you supplied me, January 25, 2027?

MS. HUBBARD: Your Honor, I should probably speak for Amazon instead of Mr. Smerek.

So I said at the outset that we have a big problem here. And let me explain what I mean and then let's talk about it. My hope is that we can all work collaboratively to deal with this. I don't think we're going to solve it today, but I want to bring to your attention what I'm concerned about.

Let me start out by saying -- by offering a bit of a math problem. My usual practice when sophisticated counsel stipulate to something, including schedule, is to defer to you and sign off on the order without thinking about it very much.

As I sat down and prepared for today's hearing, I went back and looked at what you've agreed to. And I'm not going to bury the lead here, I'm going to give it to you right up front, I'm glad you're all sitting down. I don't think this schedule is workable or realistic. I want to explain why and I want to walk through it. As then, as I say, I want to kick it back to you all to think about what to do about it.

We've already talked about the prop and about the dispositive motions and the Sargon motions. There are five dispositive motions that Amazon has brought. There are a total of six Sargon motions that are directed in whole or in part from expert witnesses.

I'm not asking you to worry about that, that's my problem. It's a lot of work on our part. I would say having just been through this on a major case that, thank goodness, settled at the last minute, that Sargon motions are particularly directed

to damages and economics experts that are a heavy lift, at least for this judge.

But that's a lot of work and we will get it done, and I think we can get it done in the timeframe allotted, which anticipates that those motions will be heard, argued on December 16th.

Okay. Where's the problem? The problem is, not only have the People left this motion for preliminary injunction to the last minute, no offense intended, but you all have left these motions to the last minute. December 16 is barely -- what is it? Three days -- more than 30 days before trial.

And to make matter -- and so even if I were to rule immediately on December 16, and given the complexities of some of this stuff, I don't think you can make that assumption, you're not going to have rulings from me until nearly the end of the year.

Now, what else does your schedule contemplate? It contemplates that motions in limine are to be filed on November 20th, i.e., a month before you have my ruling on the dispositive motions and the Sargon motions. You don't know the rulings on the scope of the case, you don't know which experts' opinions are in or out and yet you're filing motions in limine.

There was a reference earlier by, I think, Ms. Hubbard -- I can't remember who it was, maybe it was Mr. Smerek to the joint pretrial statement, your schedule calls for the parties to

submit on December 18, two days after the hearing, on all those motions, a joint statement of the case, a trial exhibit list, a trial witness list, deposition designations, proposed jury instructions, proposed verdict forms, proposed jury questionnaires and a stipulation of facts not in dispute.

How are you going to do that if you don't have rulings on the dispositive and Sargon motions? And if you do do it by December 18 -- and there are a lot of resources on both sides of the table here and very talented lawyers, I recognize all of that. But the rulings, you know, you're going to have a lot of people staying up late at night and working through all of this and the rulings may require you to redo a lot of the same work that you've just done. That's a problem.

And then, you know, just to make things even worse, you have trial briefs due on January 6th. So if I hear the motions on December 16 and I get you rulings right before or right after Christmas, there go your holidays writing your trial briefs because -- or at least rewriting them or editing them because how do you finalize them until, you know, which way I'm ruling on the merits and on the experts?

And then in limine motions, you haven't in your stipulations set a date for hearing. I assume you had in mind that those would be heard at the pretrial conference. That's January 13th, less than a week before trial.

So, as I say, I take some responsibility for this, but I

just don't see how this schedule works. It's horrifying to me frankly. And I say that not just from -- well, not even primarily from a selfish standpoint. As I say I've got my work cut out for me, that's fine, that's what I signed up for. But how everybody gets all this done and in an intelligible way by the time that we're set for trial is beyond me to understand.

Now, let me say this: There's a lot at stake in this case and I recognize this. There's a lot at stake on the People's part. There's a lot at stake on Amazon's part. The issues are hugely important. No question about it.

Put aside how long a trial takes and what we can do to shorten it and make it more streamlined and more efficient.

Ms. Hubbard, you were preaching to choir when you started talking about chess clock and making hard decisions and the like. I have in mind talking to you about all of those issues and some of those were on my list here.

But the larger question is: Is there anyway for you all to get this all done and start presenting the trial on January 19th or even start selecting a jury January 19? Frankly, I think the answer is no.

Now, what can we do about it? Judges have the power to arrange their own calendars and to continue things on their own motion. And I could do that unilaterally, but I'm not going to. And that's because I do recognize that Amazon, at least is looking at these other trials, March 29 and the FTC action, June

14, and the class action in federal court.

And because my hope is that we can work collectively to solve what I view as a really significant logistical obstacle to getting this all done.

You've got a lot to educate me on. We're going to have a lot to do to work with the jury, educate them on stuff that ain't easy. And to do it all in a rush where we may have to do things over and over again, as my rulings come in and you all are already filing other things that may become moot or in part. I just can't get my head around that.

So rather than acting unilaterally and I don't want to. I thought what I would do is bring to your attention the concerns that I have here, suggest to you that, for the moment, we leave undisturbed the briefing schedule on the dispositive motions and the Sargon motions.

I don't want to disturb that at all. By the way, I'll just say, as an aside, if as I start working my way through those -- and at this point all I've read all the notices of motion, but I can see the task that awaits.

Obviously, if I can get rulings out earlier than December 16 and circulate tentative rulings and schedule earlier hearings, I will do that. But let's leave that schedule undisturbed. I don't want to vacate or change anything in that regard.

What I do want to suggest is that you all, if you haven't

already, sort of laying awake at night and worried about this as I have been, that you start worrying, talk to one another about it and that we reconvene pretty soon, in a few weeks and see what you suggest. It may be as simple as putting off a trial date by 30 days or 60 days and adjusting some of the in limine and joint pretrial statement kind of stuff.

Again, I'm recognizing there may be a real conflict there, and that's a problem.

I don't know. And to be perfectly honest with you, I wish I looked at this more carefully earlier, but I was so inclined to defer to counsel that I just didn't. But I just think that it's a huge problem, and I think we've got to work together to solve it.

So anybody want to react? Or do you want to run out of the courtroom, Mr. Smerek?

MR. SMEREK: I would like to do one of those two things.

I do have a reaction, your Honor, which I think is -- we hear you, and we are certainly -- the parties, as we mentioned, have not met and conferred about the specific questions as to trial length, as to the number of witnesses that you've presented. And so we're happy to meet and confer with Amazon. And if your Honor would like us to file something or to appear we are happy to come back before your Honor to discuss this.

THE COURT: Okay.

MR. SMEREK: I think the --

THE COURT: Do I hear a "but" coming?

MR. SMEREK: Yes. And your Honor has seen that foreshadowing. That said, I think it is important to respond and I would pick up with two main points.

The first one is, you indicated, pointing to our prop of the day (indicating), that there's a lot of work for you in the motions that have recently been filed, Amazon filing 10 earlier this week. But you will get that work done because that's what you signed up for.

And what I would say is, your Honor, your sleepless nights, what has kept you up at night as you think about this case has kept me up at night for the better part of the last two years in thinking about all of these dates. And the parties did meet and confer, at length, over many weeks with respect to the specific schedule that was presented to your Honor, and that you did sign that was stipulated.

So I would say the parties collectively through that stipulation have absolutely given great attention to the amount of work and the schedule and each of the issues that your Honor raised. And certainly for the People, we do know the amount of work that will be required and some of the potential eventualities that you articulated could come to fruition, could come to rise, that would require additional work, and that is, like your Honor, what we have signed up for.

THE COURT: If I can interrupt you. It's not what the jury signed up for, though. If the jury is delayed because, you know, all of a sudden we have to rewrite the jury instructions in the middle of a trial because of the cascading effect of a motion or because I hadn't gotten a particular filing from you timely, or because the motions in limine come in and they have to be done.

Please be clear, I'm not criticizing anybody here. I indulged in self-criticism, but rather I'm just trying to articulate objectively where I think we are and the problems that it raises. And I don't think the prejudice to the People of what would probably be a modest schedule change would overcome some of the risks of these problems occurring that I articulated.

Now, Amazon may be in a different position because they're going to start telling me in a moment that their experts and other witnesses are scheduled to testify in Seattle, and how can they be in San Francisco and Seattle at the same time. And I get that, and we'll hear from that in a minute.

MR. SMEREK: Sure, your Honor, I appreciate that. I wanted to share our immediate reactions.

THE COURT: Sure.

MR. SMEREK: And yes, it would be a very different state of play if your Honor was discussing a two- or a four-week continuance of the start date. It is our understanding, based

on prior discussions, that we have had, and we might hear differently, that there is not an opportunity for that type of continuance and that the trials, starting with the FTC then run more or less concurrently through sometime 6 to 12 months out.

And so that was part of our calculus in agreeing to these dates. So that's the first thing, but I understand that.

I do want to say two other things quickly, and I'll see.

The first one is with respect to the motions that were brought. Your Honor has been clear from the outset that you didn't want a lot of motions filed at the last minute. Amazon did file five MSAs earlier this week. I want to point out we would certainly be open to an earlier hearing date. Those motions are set to be completely briefed by the beginning of November. And so if there is an opportunity, even to schedule some of them to be heard earlier, that -- we are certainly open to that.

We would note and we'll brief this, but we do not think all of the motions are actually appropriate motions for summary adjudication, and that they don't actually resolve an issue.

And we would say, in every case, invariably this problem arises to some extent. And we don't see that the jury will be delayed here. Jury instructions frequently need to be addressed or readdressed depending upon the evidence that comes in at trial. And those are -- while there's often guidance or preliminary rulings in most every case, they are not finalized

until shortly before the charge is given.

So we intend to do what we can to make this as streamlined and efficient as possible. And I'll not address those other issues because those are for down the road. But we would just say we do not -- we would not agree, we do not want, recognizing your Honor's inherent power, to see this case be -- to be materially delayed from the January 19 start date. And we understand the amount of work that needs to happen to make that date stay.

THE COURT: Okay. Thank you.

Ms. Hubbard?

MS. HUBBARD: Thank you, your Honor. A few things. I think the first thing, most important is, hear you loud and clear. I hear you asking us to meet and confer about the existing pretrial schedule. I don't think the state meant to say they're not willing to do that because we already conferred extensively about it, we should do it again. We hear you and it is packed.

That's -- the first thing I want to say is: We are committing to meet and confer with the state and hope they are too about this pretrial schedule and its workability or lack thereof.

THE COURT: I hear a "but" coming here as well.

MS. HUBBARD: No.

THE COURT: No.

MS. HUBBARD: I'm saying it because I wasn't sure whether the state were saying they've already done it and we --

THE COURT: No. I've heard Mr. Smerek loud and clear that they would meet and confer about these issues.

MS. HUBBARD: Great.

The second thing, your Honor, is that the FTC trial is set to start -- and this is not about -- this is just the facts, set to start March 29, does have many overlapping witnesses and overlapping trial counsel and the overlapping trial team.

So we want to work hard to figure out what can be done in light of the fact that many of us and our witnesses, fact and expert, need to be in trial in Seattle starting March 29.

THE COURT: Let me ask two questions about that.

MS. HUBBARD: Yes.

THE COURT: A, what's the estimate of the length of that trial? And B, is there any prospect that that trial date may slip?

MS. HUBBARD: So we haven't engaged with Judge Chun yet on the very good question that your Honor is engaging with us today. And that's something that I anticipate happening, you know, the next time that we're in front of him, but that may not be for a few months.

Because it's a bench trial those are a little --

THE COURT: Easier to deal with.

MS. HUBBARD: There can be some more flexibility.

THE COURT: Right.

MS. HUBBARD: And your question about, because there is this stacked schedule for the rest of 2027, is there any give any place, we need to go back and look, is there any give any place?

And is it even an option if this slipped, this case could move by a few weeks and could that make it all work. I mean, we just have to look at all the permutations and say, is it possible to do something here?

The third thing I wanted to mention, which is by way of an apology but also an explanation about the prop and the motions, is that a lot of them require the completion of expert discovery before they could be made. And expert discovery just closed. And so, otherwise, they would be sort of contingent in the air, let's see how expert discovery goes.

The other thing I would say about them is that we did -- and I hope the Court got it, we did submit an index that identified -- and a letter that identified the scope of each motion and kind of an order for the motions. Not all of them are broad-sweeping motions. But we said in that letter to the Court, which was yesterday.

We think that there should be some of those motions that could be submitted on the papers. We need to meet and confer with the other side and then come back to the Court and say, you know, we could submit these on the papers, so we don't need to

wait for an oral argument.

And if it's useful for the Court to have some earlier argument or to have some preliminary argument where the Court can ask us questions, you know, in the course of working through it, we would be happy to do that.

So there may be things we could do to help a little bit, and we are prepared to do it.

THE COURT: Okay. All right. Well, look, I thought it best that I surface these issues now. Let's talk in a minute about how long you all need to think about this and get back to me.

Before we do that, just while I'm thinking about it, let me just give you almost random a couple of reactions to the discussions that came up about the trial procedure.

First, I absolutely expect that the parties, in the course of your meet and confer, will stipulate to the authenticity and ideally the admissibility of key exhibits on both sides, and will avoid the need to call witnesses for the sole purpose of authenticating some Amazon document. I mean, that's not the way we're going to spend trial time here, folks, and we shouldn't have to. It should go without saying, but I've said it.

I will also say -- and this is sort of from sad experience, but the real trial lawyers in the room will understand what I'm saying. When you stipulate to a trial exhibit list, please do not succumb -- this is going to fall on deaf ears, but I'm going

COUNTY OF SAN FRANCISCO )
) ss.
STATE OF CALIFORNIA )

I, DANIELLE DYER, do hereby certify:

That I am a Certified Shorthand Reporter in the State of California, in the Superior Court for the County of San Francisco, State of California;

That I fully and correctly reported the within-entitled matter before the Honorable Ethan P. Schulman, Judge;

That the foregoing pages are a full, true and correct transcription of my shorthand notes taken at the aforementioned time and place to the best of my ability.

IN WITNESS WHEREOF, I have hereunto subscribed my name this 28th day of August, 2026.

DANIELLE DYER, C.S.R. #12232