THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' MOTION TO EXCLUDE DEFENDANT'S REBUTTAL EXPERT OMAR HAQUE**

NOTE ON MOTION CALENDAR: December 23, 2026

**PUBLIC**



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF CONTENTS


INTRODUCTION ..... 1

BACKGROUND ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 4

I. MR. HAQUE SHOULD NOT BE PERMITTED TO OPINE [redacted] ..... 4

A. Mr. Haque Has No Specialized Knowledge About [redacted] ..... 5

B. Mr. Haque's Experience-Based Methodology Is Unreliable ..... 6

C. Mr. Haque's Opinions On [redacted] Are Irrelevant ..... 9

II. MR. HAQUE SHOULD NOT BE PERMITTED TO OFFER SWEEPING OPINIONS ABOUT [redacted] ..... 9

CONCLUSION ..... 12




**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF AUTHORITIES

***Cases***

*Alpha & Omega Semiconductor Ltd. v. Force MOS Tech. Co.*, 2026 WL 2161197 (N.D. Cal. July 27, 2026) .......... 5

*California v. Amazon,* No. CGC-22-601826 (Cal. Super. Ct.) .......... 1, 2

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036 (9th Cir. 2014) .......... 11

*City of Seattle v. Monsanto Co.*, 2023 WL 4288163 (W.D. Wash. June 30, 2023) .......... 11

*Corcoran v. CVS Health*, 2017 WL 1065135 (N.D. Cal. Mar. 21, 2017) .......... 8, 12

*CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 150 F.4th 1056 (9th Cir. 2025), 146 S. Ct. 1836 (2026) .......... 9

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) .......... 2, 3

*Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311 (9th Cir. 1995) .......... 3

*Erwin v. OBI Seafoods, LLC*, 2024 WL 553697 (W.D. Wash. Feb. 12, 2024) .......... 3, 7

*FTC v. Amazon*, No. 2:23-CV-00932-JHC, 2025 WL 2314745 (W.D. Wash. Aug. 11, 2025) .......... 4, 6, 7

*Humphreys v. Regents of Univ. of California*, 2006 WL 1867713 (N.D. Cal. July 6, 2006) .......... 7

*Jinro Am. Inc. v. Secure Investments, Inc.,* 266 F.3d 993 (9th Cir. 2001) .......... 10, 12

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) .......... 2, 3

*Laprade v. Volkswagen AG*, 2026 WL 1091292 (W.D. Wash. Apr. 22, 2026) .......... 11, 12

*Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594 (9th Cir. 1996) .......... 3

*Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193 (9th Cir. 2014) .......... 9

*Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223 (W.D. Wash. 2018) .......... 6



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Plunkett v. Best Buy Co.*,
2017 WL 4958579 (W.D. Wash. Oct. 31, 2017) ........................................................ 3

*Rambus Inc. v. Hynix Semiconductor Inc.*,
254 F.R.D. 597 (N.D. Cal. 2008) ............................................................................ 8, 12

*Samuels v. Holland Am. Line-USA Inc.*,
656 F.3d 948 (9th Cir. 2011) ....................................................................................... 8

*United States v. Alo-Kaonohi*,
635 F. Supp. 3d 1074 (D. Haw. 2022) ............................................................... 10, 12

*United States v. Hankey*,
203 F.3d 1160 (9th Cir. 2000) ..................................................................................... 3

*United States v. Laurienti*,
611 F.3d 530 (9th Cir. 2010) ....................................................................................... 6

*Wyatt B. v. Kate Brown,*
2022 WL 3445767 (D. Or. Aug. 17, 2022) ................................................................ 6

***Rules***

Fed. R. Civ. P. 702 ............................................................................................*passim*



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## INTRODUCTION

Plaintiffs move to exclude all opinions of Amazon's proffered rebuttal expert Omar Haque under Federal Rule of Evidence 702. Basing his opinions primarily on his limited experience working at two vendor companies[1] that transact with Amazon, Mr. Haque is nothing more than a paid fact witness cloaked as an expert and has less experience than numerous fact witnesses regarding the issues on which he opines. **First**, Mr. Haque [redacted] because he lacks specialized knowledge on retailers, does not have a reliable methodology, and presents irrelevant opinions. **Second**, Mr. Haque cannot opine on [redacted] because he does not provide a sufficient nexus between his limited experience at two companies and the conclusions he draws.

## BACKGROUND

Amazon offers Mr. Haque as an expert based on his "[redacted]" in retail working at two vendor companies.[2] Nowhere in his report or his testimony does Mr. Haque specify his field of expertise. [redacted]

[1] Vendors sell goods to retailers, such as Amazon, Walmart, and Target, who in turn, sell those goods directly to consumers.

[2] Ex. 1, Rebuttal Expert Report of Omar Haque (Jun. 10, 2026) ("Report") at ¶1. Citations in the form of Ex. __ refer to the exhibits to the Declaration of Olivia Jerjian (Dkt. #718).

[3] "First-party" selling refers to when a retailer (like Amazon) buys products from a vendor and then sells them to customers. *See, e.g.*, Order on Def.'s Mot. to Dismiss (Dkt. #289) at 14; Report ¶8; Ex. 4, Deposition of Omar Haque (Aug. 7, 2026), *California v. Amazon*, No. CGC-22-601826 (Cal. Super. Ct.) ("CA Dep.") 13:19-14:6.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted].[4] Mr. Haque's report[5] boils down to opining that [redacted] based primarily on his industry experience.[6] This experience consists of his past eCommerce sales and marketing positions at two companies where he [redacted]”[7]: (1) Bimbo Bakeries USA (“Bimbo”)—the largest baked goods company in the country,[8] and Colgate-Palmolive (“Colgate”)—a consumer goods company selling everyday products that are rapidly consumed, like toothpaste.[9] Mr. Haque describes his methodology as applying his industry experience to interpret (1) Professor Johnson's report, (2) trade publications, and (3) email exchanges between Amazon vendor managers and vendors.[10]

## LEGAL STANDARD

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (“*Daubert I*”), the Supreme Court held that Rule 702 assigns trial courts “a gatekeeping role” in “ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.” *Id.* at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (extending trial court's “gatekeeper” role to all types of expert testimony). Rule 702 requires that to offer an expert opinion a witness must be “qualified as an expert by knowledge, skill, experience, training, or

---

[4] *See* Report ¶¶10-19 (summarizing Haque's assignment and Plaintiffs' allegations).

[5] Mr. Haque provided a near identical rebuttal report in a related matter, *California v. Amazon*, No. CGC-22-601826 (Cal. Super. Ct.) (“*California*”). *See* Ex. 2, Deposition of Omar Haque (Sept. 2, 2026) (“Dep.”) 13:13-17:7 (acknowledging that the challenged conduct and the opinions in his reports in *California* and this case were similar). *Compare* Report *with* Ex. 3, Expert Rebuttal Report of Omar Haque (Apr. 29, 2026), *California v. Amazon*, No. CGC-22-601826 (Cal. Super. Ct.).

[6] *See* Report §3; Dep. 17:8-19, 24:5-20, 26:23-27:5; CA Dep. 24:2-22, 28:17-29:12.

[7] Report ¶8.

[8] Report ¶¶1-2, 8.

[9] Report ¶¶1, 3, 8.

[10] Dep. 17:9-19; *see also* CA Dep. 28:17-29:12.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

education" and the party proffering the opinion must "demonstrate[] to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case."

*See also Erwin v. OBI Seafoods, LLC*, No. 2:22-CV-00893-JHC, 2024 WL 553697, at *1 (W.D. Wash. Feb. 12, 2024) (Chun, J.) (citing *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)) (holding proponent of expert opinion must show it is more likely than not that expert opinion is admissible). District courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho*, 526 U.S. at 152; *see also United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Reliability depends not on "the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("*Daubert II*"). An expert opinion must be both reliable and helpful; that is, it "must assist the trier of fact in understanding or determining a fact in issue." *Plunkett v. Best Buy Co.*, 2017 WL 4958579, at *2 (W.D. Wash. Oct. 31, 2017) (citing *Daubert I*, 509 U.S. at 591-92).

"When the expert witness relies 'solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Erwin*, 2024 WL 553697 at *2 (quoting Fed. R. Evid. 702 advisory committee's notes (2000 Amendment)). "[C]ourts are mindful that reliability becomes more, not less, important when the experience-based expert opinion is . . . not subject to routine testing, error rate, or peer review type analysis,



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

like science-based expert testimony." *FTC v. Amazon*, No. 2:23-cv-00932-JHC, 2025 WL 2314745, at *3 (W.D. Wash. Aug. 11, 2025) (Chun, J.) ("*Amazon ROSCA*") (quotations and citations omitted).

## ARGUMENT

### I. MR. HAQUE SHOULD NOT BE PERMITTED TO OPINE ON [redacted]

Relying primarily on his industry experience at two *vendor* companies, as well as examples in Professor Johnson's opening report and trade publications,[11] Mr. Haque offers several general opinions [redacted].[12] For example, he opines on:

- [redacted];"[13]
- [redacted];"[14]
- [redacted];"[15] and
- [redacted].[16]

Mr. Haque then opines that [redacted]. For example, he states:

- "[redacted];"[17] and

[11] *See* Dep. 17:9-19, 24:5-20; Report ¶31 [redacted].

[12] [redacted]

[13] Report ¶23(a), §2.2.1.

[14] Report ¶23(b), §2.2.2.

[15] Report ¶23(c), §2.2.3.

[16] *See* Report ¶27, §3.2.

[17] Report ¶26(b).



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

- "[redacted]."[18]

Mr. Haque's opinions regarding [redacted] because (a) he does not have specialized knowledge [redacted], (b) he does not have a reliable methodology based on sufficient facts and data, and (c) his opinions are not helpful to the factfinder. *See* Fed. R. Evid. 702.

**A. Mr. Haque Has No Specialized Knowledge About [redacted]**

Mr. Haque lacks any credible expertise to render opinions about [redacted]. He has never worked [redacted].[19] Tellingly, Mr. Haque disclaimed knowledge of [redacted]."[21] For the same reason, he is unqualified to testify as to [redacted]. It simply would not make sense for a witness who is unable to speak to the [redacted].

Mr. Haque cannot remedy his [redacted] with other forms of specialized knowledge. *See Alpha & Omega Semiconductor Ltd. v. Force MOS Tech. Co.*, 2026 WL 2161197, at *5-6 (N.D. Cal. July 27, 2026). According to his CV and his report, he has not conducted any research on [redacted]; nor has he published any peer-reviewed articles or taught

[18] Report ¶28, §3.3.
[19] *See* Dep. 34:24-35:10.
[20] *See* Dep. 69:5-17.
[21] *See* Dep. 213:23-214:18.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

any classes.[22] While he has an MBA [redacted],[23] Mr. Haque does not explain how his education provides him with specialized knowledge about [redacted] "as part of his [MBA] degree[]." *See id.* at *6 (excluding expert in part because he did not explain how his degree related to the subject matter of his expertise). Mr. Haque is also not an economist,[24] yet he purports to offer opinions in response to Plaintiffs' expert economist Professor Justin Johnson.

### B. Mr. Haque's Experience-Based Methodology Is Unreliable

Even if Mr. Haque were qualified, his methodology is not reliable. Though "an expert's opinion may be based on the expert's experience and knowledge of the industry as a whole," *Wyatt B. v. Kate Brown*, 2022 WL 3445767, at *4 (D. Or. Aug. 17, 2022) (citing *United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010)), "[e]xperts that rely primarily on experience must explain 'how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Amazon ROSCA*, 2025 WL 2314745, at *3 (quoting *Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1246 (W.D. Wash. 2018)). "[C]ourts are mindful that reliability becomes more, not less, important when the experience-based expert opinion is . . . not subject to routine testing, error rate, or peer review type analysis, like science-based expert testimony." *Id.* at *3 (quotations and citations omitted). Despite his extensive opinions regarding the practices of *retailers*, Mr. Haque never "show[s] how his experience" at two *vendor* companies "informs his conclusions" about [redacted] *See id.* at *4 (excluding expert due to his "inability to articulate how his

[22] Dep. 36:23-25; CA Dep. 127:8-11.
[23] Report ¶9, App. A; CA Dep. 126:17-19.
[24] *See* Dep. 36:19-22.
[25] Haque refers to "his own experience" but does not explain anything further. *See* Report ¶¶100, 188.



FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

education, training, and experience [in human factors engineering] have led him to his conclusions [on dark patterns]").

For instance, [redacted]"[26] Mr. Haque opines that [redacted][27] Mr. Haque does not explain when or how his experiences at vendors gave him any reliable insight into [redacted]"[28] *See Erwin*, 2024 WL 553697, at *2-3 (excluding expert where she "fail[ed] to demonstrate how her experience has informed her conclusions" on standard HR practices). Similarly, Mr. Haque opines that [redacted],"[29] [redacted] "draws no methodological nexus between his conclusions and his experience, education, and training . . . other than to say his conclusions are based on his experience." *Amazon ROSCA*, 2025 WL 2314745, at *3. This type of "circular reasoning" is unreliable. *Id.*

Like the excluded expert in *Humphreys v. Regents of University of California*, [redacted] and, therefore, his "limited experience does not meet the 'reliability' standard for expert testimony." 2006 WL 1867713, at *3 (N.D. Cal. July 6, 2006) (excluding senior executive's expert testimony on search firm procedures because he "never actually worked for such a firm" and his experience was "limited to having been recruited twice

---

[26] Report ¶99.
[27] Report ¶100.
[28] Dep. 213:23-214:18.
[29] Report ¶188.
[30] Dep. 196:14-19.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

to new positions by such firms . . . [and] having hired such firms to conduct searches on numerous occasions”); *see Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (“We also conclude that the district court did not abuse its discretion by excluding the material portions of [a proposed expert declaration addressing cruise safety, which] . . . established that she has worked in the travel industry for over 30 years, but never for a cruise line.”).

Mr. Haque conceded he does not [redacted]”[31] He took “no steps to discover the actual opinions” of [redacted] *Corcoran v. CVS Health*, 2017 WL 1065135, at *12 (N.D. Cal. Mar. 21, 2017) (excluding testimony where expert “conducted no specific investigation” that would support his opinions); *see Rambus Inc. v. Hynix Semiconductor Inc.*, 254 F.R.D. 597, 608 (N.D. Cal. 2008) (where a propounded expert’s experience is “limited” in the particular subject, a “sufficient showing should include some minimum effort to survey industry publications or consider the efforts of multiple persons in the field . . . at least absent evidence of extensive experience . . . in the [relevant] industry”). Mr. Haque did not speak with [redacted],[32] when forming his opinions. He did not even review the [redacted] to compare [redacted].[33] He also did not conduct any empirical analyses, including any statistical ones.[34]

---

[31] CA Dep. 204:20-206:9.

[32] Dep. 18:11-18.

[33] *Compare, e.g.*, Dep. 257:23-258:17 [redacted]); CA Dep. 209:6-18 ([redacted] *with* Report ¶¶123(d), (g) ([redacted].

[34] Dep. 23:10-22.

**C. Mr. Haque's Opinions [redacted] Are Irrelevant**

Even assuming Mr. Haque has specialized knowledge and uses a reliable methodology, his opinions are not helpful to the trier of fact. *See* Fed. R. Evid. 702(a). While "[t]he relevancy bar is low," expert testimony must have "a valid connection to the pertinent inquiry." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196–97 (9th Cir. 2014). Whether [redacted] is a red herring, and does not bear on the question of whether its conduct was anticompetitive. It is well settled that benign or even procompetitive practices used by other firms can be anticompetitive when used by a monopolist. *See CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 150 F.4th 1056, 1072 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 1836, 224 L. Ed. 2d 272 (2026) ("[A] firm with monopoly power is precluded from employing otherwise lawful practices that unnecessarily exclude competition from a relevant market" (internal citations omitted)). Thus, Mr. Haque's views about [redacted] which are not grounded in any relevant expertise or reliable methodology—are not relevant to the question of whether Amazon's conduct is anticompetitive.

## II. MR. HAQUE SHOULD NOT BE PERMITTED TO OFFER SWEEPING OPINIONS ABOUT [redacted]

Primarily extrapolating from his Colgate and Bimbo experience, Mr. Haque proffers opinions on [redacted] including:

- [redacted];"[35]
- [redacted];"[36]
- [redacted];"[37] and

[35] Report ¶22(a), §2.1.1.
[36] Report ¶¶22(b)-(c), §§2.1.2, 2.1.3.
[37] Report ¶26(c), §3.1.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

- [redacted]."[38]

While Mr. Haque may well have experience with [redacted]. Such opinions exceed his experience, and he does not claim otherwise. As with his opinions on [redacted] Mr. Haque's experience *is* his methodology.[39] His limited experience at two vendor companies is not a sufficient foundation for his sweeping opinions [redacted].

First, Colgate and Bimbo are distinct [redacted]. *See Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004, 1006 (9th Cir. 2001) (excluding unreliable expert testimony on Korean business culture where expert made "sweeping generalizations, derived from his limited experience and knowledge [concerning Korean businesses]—plainly a skewed sample"); *United States v. Alo-Kaonohi*, 635 F. Supp. 3d 1074, 1080 (D. Haw. 2022) ("There must be a threshold number of experiences from which the expert's knowledge is drawn. . . . Those experiences must be sufficiently similar in nature to form a valid basis for comparison." (internal citations omitted)). Though Mr. Haque refers to companies of all sizes and categories in his report,[40] at no point does he explain how his experience at Colgate and Bimbo enables him to offer [redacted].[41] [redacted]

[38] Report ¶29.
[39] Dep. 24:5-20.
[40] *See, e.g.*, Report ¶¶170 n.278 [redacted]), 213-14 ([redacted]).
[41] Mr. Haque also testified that [redacted] *See* Dep. 31:10-33:11.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted].[42] [redacted].[43] Both operate in very specific product categories—principally personal care products and baked goods, respectively.[44] As a result, during Mr. Haque's time at the vendors, [redacted].[45] [redacted], [redacted].[46] Mr. Haque has no reliable basis to testify about [redacted]. He is at best in the same position as many other fact witnesses.

Second—and even more concerning—is Mr. Haque's admitted unfamiliarity with GMM and MCP agreements. Mr. Haque states that [redacted].[47] As a result, he has no firsthand experience with GMM or MCP agreements. He concludes, with no "more than bald assertions," that [redacted].[48] *City of Seattle v. Monsanto Co.*, 2023 WL 4288163, at *4 (W.D. Wash. June 30, 2023) (citing *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014)). However, Mr. Haque's lack of experience—[redacted], is a woefully inadequate foundation for the opinion that [redacted]. *See Laprade*

[42] *See* Ex. 5, Colgate-Palmolive Co., Annual Report (Form 10-K) (Feb. 13, 2025), at 4 (Colgate is "a truly global company, with employees in over 100 countries"), CA Dep. 32:21-33:8 [redacted]), 39:5-6 ([redacted]); Ex. 6, Grupo Bimbo, 2025 Integrated Annual Report 7 (2026) (Bimbo operates directly in 39 countries).

[43] *See* CA Dep. 34:10-17, 35:1-5 ([redacted]).

[44] CA Dep. 34:18-22 (Colgate), 39:14-16 (Bimbo).

[45] *See* CA Dep. 113:6-10 (Colgate), 115:9-12 ([redacted]).

[46] *See, e.g.*, CA Dep. 323:11-17.

[47] *See* Dep. 228:13-229:1; CA Dep. 222:22-223:4.

[48] Report ¶¶149-50, 157 (GMMs) and 161 (MCPs).



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*v. Volkswagen AG*, 2026 WL 1091292, at *8–9 (W.D. Wash. Apr. 22, 2026) (excluding expert testimony where proffered expert "formed his conclusion [on the maximum reasonable temperature for a seat heater] upon the fact that he had never seen [a temperature] this high before") (internal quotation omitted).

Mr. Haque has no experience [redacted]. Despite his lack of experience, Mr. Haque took no steps to investigate [redacted]. *See Corcoran*, 2017 WL 1065135, at *12; *Rambus*, 254 F.R.D. at 608. For example, he did not seek information from any other vendors or from Amazon vendor managers who negotiate with vendors[49] [redacted].[50] [redacted].

When Mr. Haque's unreliable opinions about [redacted] are pared away, what remains of his report is lay testimony about [redacted]. But Rule 702 does not permit a party to hire a witness as an "expert" and have that "expert" testify to broad factual matters beyond their ken. *See Jinro*, 266 F.3d at 1006; *Alo-Kaonohi*, 635 F. Supp. 3d at 1080. And Mr. Haque's opinions on how vendors transact with Amazon are particularly unhelpful to the factfinder given that multiple vendor witnesses were deposed and may testify at trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude the expert testimony of Amazon's proffered expert Omar Haque.

---

[49] *See* Dep. 293:11-17.

[50] *See* CA Dep. 378:18-379:4.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: October 16, 2026

Respectfully submitted,

s/ Olivia Jerjian

EDWARD H. TAKASHIMA (DC Bar # 1001641)
OLIVIA JERJIAN (DC Bar # 1034299)
JESSE VELLA (DC Bar # 1033101)
SHIRA A. STEINBERG (NY Reg.# 5695580)
BRIAN SHIUE (DC Bar # 1618751)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
ojerjian@ftc.gov
jvella@ftc.gov
ssteinberg1@ftc.gov
bshiue@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 3,758 words, in compliance with the Local Civil Rules.

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Nicole Demers*
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Christopher J. Campbell*
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

*s/ Schonette Walker*
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Andrew Esoldi*
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Anthony R. Juzaitis*
Anthony R. Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

s/ Alexander Carnevale
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

s/ Sarah L.J. Aceves
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2026, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Western District of Washington's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel via secure FTP service:

Patricia A. Eakes
Molly A. Terwilliger
MORGAN LEWIS & BOCKIUS LLP
1301 Second Ave, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

Heidi K. Hubbard
John E. Schmidtlein
Kevin M. Hodges
Jonathan B. Pitt
Carl R. Metz
Carol J. Pruski
Katherine Trefz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Email: hhubbard@wc.com
khodges@wc.com
jpitt@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

Thomas O. Barnett
Katherine Mitchell-Tombras
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: 202-662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

Kosta S. Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email:
kstojilkovic@wilkinsonstekloff.com

*Counsel for Defendant Amazon.com, Inc.*

Michael Jo
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

Scott A. Mertens
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael A. Undorf
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

Christina M. Moylan
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Lucas J. Tucker
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

Andrew Esoldi
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

Anthony R. Juzaitis
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov

*Counsel for Plaintiff State of New Mexico*

Zach Biesanz
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Zulma Carrasquillo-Almena
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov

*Counsel for Plaintiff Commonwealth of Puerto Rico*

Alexander Carnevale
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

Sarah L. J. Aceves
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

*Counsel for Plaintiff State of Vermont*

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*