THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' MOTION TO EXCLUDE DEFENDANT'S REBUTTAL EXPERT LAURA WEIL**

NOTE ON MOTION CALENDAR:
December 23, 2026

**PUBLIC**



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**TABLE OF CONTENTS**

INTRODUCTION ..... 1

BACKGROUND ..... 1

LEGAL STANDARD ..... 3

ARGUMENT ..... 5

I. MS. WEIL'S OPINIONS EXCEED THE SCOPE OF HER EXPERTISE AND ARE NOT HELPFUL TO THE COURT ..... 5

II. MS. WEIL'S OPINIONS ARE NOT THE PRODUCT OF RELIABLE PRINCIPLES OR METHODS APPLIED TO THE FACTS OF THE CASE ..... 8

CONCLUSION ..... 12



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF AUTHORITIES

***Cases***

*Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*,
2025 WL 1682270 (W.D. Wash. May 28, 2025) .......... 9

*Arjangrad v. JPMorgan Chase Bank, N.A.*,
2012 WL 1890372 (D. Or. May 23, 2012) .......... 8

*Church of the Gardens v. Quality Loan Servs. Corp.*,
2025 WL 2524463 (W.D. Wash. Sept. 2, 2025) .......... 9

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .......... 3, 4

*Daubert v. Merrell Dow Pharms., Inc.*,
43 F.3d 1311 (9th Cir. 1995) .......... 4

*Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*,
2022 WL 254348 (N.D. Cal. Jan. 27, 2022) .......... 7

*Engilis v. Monsanto Co.*,
151 F.4th 1040 (9th Cir. 2025) .......... 11

*Erwin v. OBI Seafoods, LLC*,
No. 2:22-cv-00893-JHC, 2024 WL 553697 (W.D. Wash. Feb. 12, 2024) .......... 4, 10

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010) .......... 8

*FTC v. Amazon*,
No. 2:23-cv-00932-JHC, 2025 WL 2314745 (W.D. Wash. Aug. 11, 2025) .......... *passim*

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997) .......... 12

*Humphreys v. Regents of Univ. of Calif.*,
2006 WL 1867713 (N.D. Cal. July 6, 2006) .......... 6

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999) .......... *passim*

*Li v. Ne. Univ.*,
2023 WL 3722227 (W.D. Wash. May 30, 2023) .......... 10



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594 (9th Cir. 1996) .......... 4

*Moussaris v. Microsoft Corp.*,
311 F. Supp. 3d 1223 (W.D. Wash. 2018) .......... 10

*Plunkett v. Best Buy Co.*,
2017 WL 4958579 (W.D. Wash. Oct. 31, 2017) .......... 4

*Rhine v. Buttigieg*,
2022 WL 7729817 (W.D. Wash. Sept. 15, 2022) .......... 7, 9

*Samuels v. Holland Am. Line-USA Inc.*,
656 F.3d 948 (9th Cir. 2011) .......... 6

*Sheehan v. Daily Racing Form, Inc.*,
104 F.3d 940 (7th Cir. 1997) .......... 8

*Strandquist v. Wash. State Dep't of Soc. & Health Servs.*,
2024 WL 4625337 (W.D. Wash. Oct. 30, 2024) .......... 10

*Tadros v. Wilmington Trust, Nat'l Assoc.*,
2018 WL 1924464 (D. Or. Apr. 23, 2018).......... 9, 10

*United States v. Castro-Alavez*,
167 F.4th 1056 (9th Cir. 2026) .......... 5

*United States v. Hankey*,
203 F.3d 1160 (9th Cir. 2000) .......... 4

*United States v. Valencia-Lopez*,
971 F.3d 891 (9th Cir. 2020) .......... 5

***Rules***

Fed. R. Civ. P. 26(a)(2)(B).......... 12

Fed. R. Evid. 702.......... *passim*

Fed. R. Evid. 702 advisory committee's notes (2000 Amendment).......... *passim*



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## INTRODUCTION

Plaintiffs move to exclude the testimony of Amazon's rebuttal expert Laura Weil under Federal Rule of Evidence 702. Rule 702 requires expert testimony to assist the trier of fact by providing relevant, reliable analysis supported by adequate facts and a sound methodological basis. Ms. Weil's opinions fall far short. She seeks to parlay her experience in apparel sales into sweeping conclusions about the state of competition and consumer preferences in all retail. But when pressed she admitted that she has minimal experience selling products in the relevant markets. She has never worked for an online superstore or online marketplace and has virtually no experience selling or advising companies selling on Amazon's U.S. marketplace. Her lack of methodology tracks her lack of expertise. Ms. Weil offers no identifiable or testable methodology beyond her experience to support her conclusions, and she bases those conclusions on a scant and curated set of materials. Accordingly, Plaintiffs respectfully move the Court to exclude her testimony in its entirety.

## BACKGROUND

Amazon offers Ms. Weil as a purported retail industry expert [redacted]"[1] Ms. Weil previously served as an executive at [redacted].[2] She has also served on the board of directors for [redacted], and she has provided consulting services to [redacted]

[1] *See* Ex. 1, Rebuttal Expert Report of Laura Weil (Jun. 10, 2026) ("Report") at ¶6. Citations in the form of Ex. __ refer to the exhibits to the Declaration of Mark Suter ISO Plaintiffs' Motion to Exclude Defendant's Rebuttal Expert of Laura Weil.

[2] *See* Report ¶2 & App'x A at 1-2.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted]

Ms. Weil was asked by counsel for Amazon to respond to the reports of Plaintiffs' economic experts Dr. David Evans and Professor Keith Chen, and to evaluate their opinions as they relate to [redacted].[5] Ms. Weil offers the opinions that: [redacted][6] [redacted][7] [redacted].[9]

Ms. Weil does not [redacted].[10] Instead, she bases her opinions on [redacted].[11] Ms. Weil claims to [redacted]

---

[3] *See* Report App'x A at 1, 3-4; Ex. 2, Deposition of Laura Weil (Aug. 28, 2026) ("Dep.") at 30:4-31:2, 34:19-35:8; Ex. 4, Deposition of Laura Weil (Aug. 5, 2026), *California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.) ("CA Dep.") at 18:8-25, 19:16-21, 68:3-24 [redacted].

[4] *See* Dep. 25:12-26:2.

[5] *See* Report ¶6.

[6] *See id.* at §2.

[7] *See id.* at §3.

[8] *See id.* at §4.

[9] *See id.* at §5.

[10] *See* Dep. 19:8-20:1, 22:8-15, 73:8-76:22, 99:13-103:10, 104:10-20, 168:21-170:10, 182:10-15, 189:9-16, 236:15-23.

[11] *See* Report App'x B at 2-74; Dep. 57:25-59:3, 315:25-317:25.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted].[12] However, she relies upon only [redacted].[14] She submitted a substantially similar rebuttal report in the State of California's action against Amazon and sat for depositions in both cases.[15]

## LEGAL STANDARD

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ("*Daubert I*"), the Supreme Court held that Rule 702 assigns trial courts "a gatekeeping role" in "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (extending trial court's "gatekeeper" role to all types of expert testimony). Rule 702 requires that to offer an expert opinion a witness must be "qualified as an expert by knowledge, skill, experience, training, or

---

[12] *See* Report ¶¶44, 75, 89, 190. She describes this approach as [redacted] Dep. 169:5-16; *see id.* at 22:8-19 [redacted] *id.* at 120:11-23 [redacted] *id.* at 168:21-169: [redacted]

[13] *See* Report App'x B at 1-2, 73-74; Dep. 49:4-19, 53:11-18, 61:19-63:23.

[14] *See, e.g.*, Report ¶¶18, 25, 28, 44, 50, 55, 62, 67, 70, 74, 75, 94, 97, 101, 104, 106, 120, 123, 126, 133, 144, 147, 155, 162, 183, 190, 230, 233, 245-46, 256, 270, 288, 291, 294, 296, 303, 306, 309, 317, 320 [redacted] *id.* at ¶176 [redacted] *id.* at ¶¶13, 117, 170, 294 [redacted] *id.* at ¶43 [redacted]; *id.* at ¶239 [redacted]

[15] *See* Dep. 318:1-320:4; Ex. 3, Expert Rebuttal Report of Laura Weil (Apr. 29, 2026), *California v. Amazon.com, Inc.*, No. CGC-22601826 (Cal. Super. Ct.).



FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

education" and the party proffering the opinion must "demonstrate[] to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*See also Erwin v. OBI Seafoods, LLC*, No. 2:22-cv-00893-JHC, 2024 WL 553697, at *1 (W.D. Wash. Feb. 12, 2024) (Chun, J.) (*citing Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)) (holding proponent of expert opinion must show it is more likely than not that expert opinion is admissible). District courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho*, 526 U.S. at 152; *see also United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Reliability depends not on "the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("*Daubert II*"). An expert opinion must be both reliable and helpful; that is, it "must assist the trier of fact in understanding or determining a fact in issue." *Plunkett v. Best Buy Co.*, 2017 WL 4958579 at *2 (W.D. Wash. Oct. 31, 2017) (citing *Daubert I*, 509 U.S. at 591-92).

"When the expert witness relies 'solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Erwin*, 2024 WL 553697 at *2 (quoting Fed. R. Evid. 702 advisory committee's notes (2000 Amendment)). "[C]ourts are mindful that reliability becomes more, not less, important when the experience-based expert opinion is . . . not subject to routine testing, error rate, or peer review type analysis,



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

like science-based expert testimony." *FTC v. Amazon*, No. 2:23-cv-00932-JHC, 2025 WL 2314745, at *3 (W.D. Wash. Aug. 11, 2025) (Chun, J.) ("*Amazon ROSCA*") (quotations and citations omitted).

**ARGUMENT**

## I. MS. WEIL'S OPINIONS EXCEED THE SCOPE OF HER EXPERTISE AND ARE NOT HELPFUL TO THE COURT

Ms. Weil's proffered opinions fail Rule 702 because they vastly exceed any plausible scope of her expertise. *See* Fed. R. Evid. 702(a); *United States v. Castro-Alavez*, 167 F.4th 1056, 1068 (9th Cir. 2026) (noting "expertise, alone, does not qualify [an expert] to testify about every matter remotely related to [a particular issue]") (citing *United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020)). In another case, Ms. Weil may well be credentialed to discuss first-party brick-and-mortar clothing sales. Her background demonstrates experience in that area. But this case is about online superstores and online marketplaces. Ms. Weil admits that [redacted].[16]

Rule 702 requires that an expert witness be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "If the witness is relying solely or primarily on experience, then the witness must explain . . . why that experience is a sufficient basis for the opinion." Fed. R. Evid. 702 advisory committee's notes (2000 Amendment). Amazon proffers Ms. Weil to opine broadly on [redacted], but her limited industry experience does not equip her to offer expert testimony on any of these topics.[17] Critically, her professional

[16] *See* Report ¶¶1-4 & App'x A; Dep. 25:6-27:8, 31:3-32:8, 34:19-35:8; *see also* CA Dep. 51:14-16.
[17] *See* Report ¶6.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

experience has been entirely confined to [redacted].[18] Courts reject expert testimony where, like here, the proposed witness's industry experience is too attenuated to support their opinions. *See Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (affirming exclusion where expert "worked in the travel industry for over 30 years, but never for a cruise line" and was offering opinions about cruise line operations); *Humphreys v. Regents of Univ. of Calif.*, 2006 WL 1867713, at *3 (N.D. Cal. July 6, 2006) (excluding testimony where expert "never actually worked for such a firm" and his "limited experience does not meet the 'reliability' standard for expert testimony"). Despite the limited scope of her professional background, Ms. Weil repeatedly offers far-reaching pronouncements that venture beyond anything her experience could meaningfully support. For instance, Ms. Weil asserts that [redacted] sweeping propositions that extend well beyond the narrow slice of the retail industry in which she has actually worked.

Although Ms. Weil claims to respond to the reports of Plaintiffs' expert economists Dr. Evans and Prof. Chen, she concedes that [redacted]

---

[18] *See* Report ¶¶1-4 & App'x A; Dep. 25:6-27:8, 31:3-32:8, 34:19-35:8; *see also* CA Dep. 51:14-16.
[19] *See* Report ¶¶26, 73; Dep. 170:18-171:13, 183:15-189:18.
[20] *Id.* at 144:3-12.
[21] *Id.* at 264:23-265:14.
[22] *See* Dep. 9:13-10:6, 10:20-11:2, 12:12-13:18, 14:15-15:13; CA Dep. 34:6-36:14.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted][26] When her generalized commentary is stripped of the expert label, it provides no specialized insight that would assist the Court in understanding either Dr. Evans or Prof. Chen's opinions or resolving any disputed issue. Her professional background does not align with the subject matter of her opinions, preventing her from applying any relevant expertise to the facts of this case.

At core, Ms. Weil's opinions are no more than generalized lay commentary on consumer and retail trends—subjects that fact witnesses with similar or more pertinent qualifications already address (testimony that her report largely ignores).[27] Rather than bringing specialized knowledge to bear in a way that will prove useful to the Court, Ms. Weil's opinions "merely summarize[]" cherry-picked evidence and "gratuitously interpret[] it with a conclusion that offers nothing more than what [] counsel could argue to the [factfinder] in closing arguments." *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 254348, at *10 (N.D. Cal. Jan. 27, 2022) (quotation and citation omitted); *Rhine v. Buttigieg*, 2022 WL 7729817, at *3 (W.D. Wash. Sept. 15, 2022) (excluding expert testimony where the expert "is merely providing his summary of the evidence and telling the [factfinder] what result to reach"). Labeling her an "expert" risks granting her narrative a level of deference that it has not earned, indirectly

---

[23] *See* Dep. 12:2-11, 14:10-15:13, 99:24-101:11; Ex. 6, Expert Reply Report of M. Keith Chen, Ph.D. (Aug. 19, 2026), at ¶¶30, 39, 70-73, 107.
[24] *See* Dep. 14:10-15:13, 18:5-19:6, 98:21-99:2; Ex. 7, Expert Reply Report of David S. Evans (Aug. 19, 2026) at ¶¶608-09, 612, 617-18, 675, 683-84.
[25] *See* Dep. 47:18-48:1.
[26] *See* Ex. 8, Deposition of Gautam Gowrisankaran, Ph.D. Dep. (Sep. 16, 2026) at 22:9-25:8; Ex. 7 at ¶609.
[27] *See, e.g.*, Ex. 5, Expert Report of M. Keith Chen, Ph.D. (Mar. 26, 2026) at ¶¶30, 38, 56-57 (describing testimony of third-party sellers and consultants).



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

elevating her testimony above that of fact witnesses who offer materially stronger and more relevant grounding in the record.

## II. MS. WEIL'S OPINIONS ARE NOT THE PRODUCT OF RELIABLE PRINCIPLES OR METHODS APPLIED TO THE FACTS OF THE CASE

Ms. Weil's testimony is unreliable both in foundation and in method. Her opinions are derived from a selectively curated and exceedingly thin subset of the record and rest heavily on a smattering of internet sources. In addition, she employs no identifiable or testable methodology and never explains how her retail experience leads to the conclusions she draws. Taken together, these flaws render her opinions inadmissible under Rule 702.

District courts "must ensure that expert testimony, whether it is based on 'professional studies or personal experience, employs . . . the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1035–36 (9th Cir. 2010) (quoting *Kumho*, 526 U.S. at 152); *see* Fed. R. Evid. 702 advisory committee's notes (2000 Amendment) (factors considered include "[w]hether the expert 'is being as careful as he would be in his regular professional work outside his paid litigation consulting.'") (quoting *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997)).

Ms. Weil's opinions in this case rest on a narrow review of the available evidence that falls far short of the reliable analysis required by Rule 702. Courts require that even experience-based experts anchor their opinions in an adequate factual foundation. *See Arjangrad v. JPMorgan Chase Bank, N.A.*, 2012 WL 1890372, at *6 (D. Or. May 23, 2012) (finding proposed expert "lacked sufficient facts or data to make a reliable analysis" and holding that completeness of materials proposed expert reviewed goes to admissibility of testimony, not its weight). Here, the record evidence Ms. Weil considered is exceedingly thin, making it



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

impossible for her to meet that standard. To support her opinions, she only consulted [redacted].[28] Courts routinely exclude proposed expert opinions built on such unduly narrow record review as insufficient under Rule 702. *See Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*, 2025 WL 1682270, at *6-7 (W.D. Wash. May 28, 2025) (proposed industry expert's testimony was not based on sufficient facts or data where witness only relied upon 11 party documents in addition to online articles); *Rhine*, 2022 WL 7729817, at *3-4 (where proposed expert relied solely on "16 items given to him by Plaintiff to review in formulating his opinions" and "took no steps to verify the information he was given or to seek additional information," his "opinions [were] inherently unreliable," "because [he] did not obtain and review all relevant material").

[redacted].[29] Given her sharply constrained and selective factual review, her opinions lack the factual foundation required for admissibility. *See Church of the Gardens v. Quality Loan Servs. Corp.*, 2025 WL 2524463, at *8-10 (W.D. Wash. Sept. 2, 2025) (excluding testimony where witness "relies on publicly available documents or unrelated emails, . . . draws broad conclusions . . . based on his subjective interpretation" and "merely offers his own individual interpretation of these documents, devoid of any relevant expertise"); *Tadros v. Wilmington Trust, Nat'l Assoc.*, 2018 WL 1924464, at *4 (D. Or. Apr. 23, 2018) (excluding testimony where proposed witness "appears to have gathered all this foundational information through searching websites on the

---

[28] *See* Report App'x B at 1-2, 73-74; Dep. 49:4-19, 53:11-18, 54:13-55:10, 61:19-63:23, 76:19-79:19.
[29] *Compare* Dep. 51:9-53:9, 64:10-65:8 *with id.* at 27:13-29:24, 32:9-34:18, 120:11-121:9.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

internet" and "does not appear to have brought any scientific, technical, or other specialized knowledge to bear in reach[ing] his conclusions") (quotations and citations omitted). Put simply, an expert cannot reliably apply experience to facts that the expert never meaningfully examined.

Ms. Weil also fails to articulate any reliable method for selecting her sources, applying her experience, or forming her conclusions. When a proposed expert witness relies "solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached." Fed. R. Evid. 702 advisory committee's notes (2000 Amendment) (emphasis added). In other words, the witness must show "a methodological nexus between her experience and her conclusions." *Erwin*, 2024 WL 553697, at *3 (citations omitted); *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, 2024 WL 4625337, at *6 (W.D. Wash. Oct. 30, 2024) (excluding testimony where witness "relies exclusively on her personal experiences with different employers to reach the conclusions in the report" and "does not show a methodological nexus between her experiences and conclusions"). A proposed expert witness "cannot 'rely on the mere fact of his experience . . . to support his conclusion." *Amazon ROSCA*, 2025 WL 2314745, at *3 (quoting *Moussaris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1246 (W. D. Wash. 2018)).

Ms. Weil relies on [redacted] but fails to connect that experience to her opinions.[30] Like the excluded expert in *Li v. Northeastern University*, she never "makes the leap from h[er] experience . . . to the conclusions here." *See* 2023 WL 3722227 at *25 (W.D. Wash. May 30, 2023) (excluding testimony from witness who "sometimes guises his conclusory statements . . . by employing

[30] *See id.* at 12:2-11, 12:23-13:9, 17:11-24.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

phrases like . . . 'in my experience[ ]' . . . but he never returns to connect the dots"). Nor could she—her experience falls far short of supporting the expansive opinions she wishes to present the Court. *See* Part I, *supra*. Ms. Weil also claims to rely on an array of experiences and examples that she never explains or identifies in her report—further underscoring the opaque and untestable nature of her opinions.[31] *See Engilis v. Monsanto Co.*, 151 F.4th 1040, 1051 (9th Cir. 2025) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii)) ("An expert's written report must contain, among other things, 'a complete statement of all opinions the witness will express and the basis and reasons for them,' and 'the facts or data considered by the witness in forming them.'").

[redacted].[33]

[redacted]

---

[31] [redacted] *See* Report ¶¶2-3; Dep. 22:21-25:5, 69:20-73:7, 250:21-255:1, 259:13-260:10.

[32] *See id.* at 259:13-24.

[33] Ms. Weil specifically identifies her experiences at [redacted] as support for her opinions about how consumers shop and her experiences at [redacted] for her opinions about retail competition. *See* Report ¶¶51, 58, 73, 95, 108, 130, 140, 160, 171; Dep. 190:7-192:22. She cites only her experiences working with [redacted] as support for her opinions about seller distribution options and a single example from [redacted] for her opinions about Prime. *See* Report ¶¶238, 278, 283, 301; Dep. 69:20-73:7, 250:21-255:1, 259:13-260:10.

[34] *See* Report ¶¶13, 23.

[35] *See* Report App'x B at 2-74; Dep. 57:25-59:3, 315:25-317:25.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted] She "draws no methodological nexus between [her] conclusions and [her] experience . . . other than to say [her] conclusions are based on [her] experience." *See Amazon ROSCA*, 2025 WL 2314745 at *3 ("This circular reasoning is insufficiently reliable."). Ms. Weil cannot, however, rely on the mere fact of her experience in retail to support her conclusions; her untethered *ipse dixit* is not enough to satisfy *Daubert*'s reliability requirement. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

Ms. Weil's unsupported, conclusory, and opaque approach will not assist the Court and denies Plaintiffs and the factfinder the opportunity to examine the basis for her opinions. Her say so is not enough—her testimony should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to exclude the testimony of Laura Weil should be granted.

---

[36] *See* Dep. 82:24-83: 24 [redacted] *id.* at 113:10-114:5 [redacted] *id.* at 114:7-21 [redacted] ; *id.* at 185:2-11 [redacted] CA Dep. 40:17-41:10 [redacted]

[37] *See, e.g.*, Dep. 81:1-7, 113:10-114:5, 115:1-9, 119:20-120:6.

[38] *See* CA Dep. 41:11-42:18.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Dated: October 16, 2026

Respectfully submitted,

*s/ Mark Suter*

EDWARD H. TAKASHIMA (DC Bar # 1001641)
MARK R. SUTER (PA Bar # 322922)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
msuter@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 4,122 words, in compliance with the Local Civil Rules.

*s/ Michael Jo*
Michael Jo (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
*Counsel for Plaintiff State of New York*

*s/ Nicole Demers*
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Christopher J. Campbell*
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

s/ Schonette Walker
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

s/ Scott A. Mertens
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

s/ Zach Biesanz
Zach Biesanz (admitted *pro hac vice*)
Senior Enforcement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

s/ Andrew Esoldi
Andrew Esoldi (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

s/ Anthony R. Juzaitis
Anthony R. Juzaitis (admitted *pro hac vice*)
Deputy Attorney General, Civil Affairs
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

s/ Zulma Carrasquillo Almena
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

*s/ Alexander Carnevale*
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Sarah L.J. Aceves*
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2026, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Western District of Washington's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel via secure FTP service:

Patricia A. Eakes
Molly A. Terwilliger
MORGAN LEWIS & BOCKIUS LLP
1301 Second Ave, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

Heidi K. Hubbard
John E. Schmidtlein
Kevin M. Hodges
Jonathan B. Pitt
Carl R. Metz
Carol J. Pruski
Katherine Trefz
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Email: hhubbard@wc.com
khodges@wc.com
jpitt@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

Thomas O. Barnett
Katherine Mitchell-Tombras
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: 202-662-5407
Email: tbarnett@cov.com
kmitchelltombras@cov.com

Kosta S. Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Phone: (202) 847-4045
Email:
kstojilkovic@wilkinsonstekloff.com

*Counsel for Defendant Amazon.com, Inc.*

Michael Jo
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov

*Counsel for Plaintiff State of New York*

Alexandra C. Sosnowski
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

Christopher J. Campbell
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Jennifer A. Thomson
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

Gary Honick
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6474
Email: Ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Katherine W. Krems
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov

*Counsel for Plaintiff Commonwealth of Massachusetts*

Scott A. Mertens
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michael A. Undorf
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

Christina M. Moylan
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

Lucas J. Tucker
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

Andrew Esoldi
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-7819
Email: andrew.esoldi@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

Anthony R. Juzaitis
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov

*Counsel for Plaintiff State of New Mexico*

Zach Biesanz
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Zulma Carrasquillo-Almena
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: zcarrasquillo@justicia.pr.gov

*Counsel for Plaintiff Commonwealth of Puerto Rico*

Alexander Carnevale
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

Sarah L. J. Aceves
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov

*Counsel for Plaintiff State of Vermont*

Timothy D. Smith
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

Caitlin M. Madden
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*