THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | CASE NO. 2:23-cv-01495-JHC<br><br>**PLAINTIFFS' MOTION TO EXCLUDE DEFENDANT'S REBUTTAL EXPERT CATHERINE BRIEN**<br><br>NOTE ON MOTION CALENDAR: December 23, 2026<br><br>**PUBLIC** |



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 1

LEGAL STANDARD ........ 2

ARGUMENT ........ 3

I. MS. BRIEN'S OPINIONS ARE NOT HELPFUL TO THE COURT'S EVALUATION OF PROJECT NESSIE ........ 3

A. Ms. Brien's Opinions Fail to Help Determine the Facts at Issue in Plaintiffs' Project Nessie Claims ........ 4

B. Ms. Brien's Analysis Is [redacted] ........ 6

II. MS. BRIEN'S OPINIONS ARE NOT BASED ON SUFFICIENT FACTS OR DATA ... 7

III. MS. BRIEN'S OPINIONS ARE NOT THE PRODUCT OF RELIABLE PRINCIPLES OR METHODS APPLIED TO THE FACTS OF THE CASE ........ 9

A. Ms. Brien's [redacted] Do Not Constitute a Reliable Method of Analysis ........ 10

B. Ms. Brien Relies Solely on Her Experience and Offers No Objective Standards Supporting Her Opinions ........ 12

CONCLUSION ........ 13




**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

# TABLE OF AUTHORITIES

***Cases***

*Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*,
2025 WL 1682270 (W.D. Wash. May 28, 2025) .......... 8, 9, 12, 13

*Arjangrad v. JPMorgan Chase Bank, N.A.*,
2012 WL 1890372 (D. Or. May 23, 2012) .......... 7, 12

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) .......... 2, 3, 4

*Daubert v. Merrell Dow Pharm., Inc.*,
43 F.3d 1311 (9th Cir. 1995) .......... 3

*Erwin v. OBI Seafoods, LLC*,
No. 2:22-cv-00893-JHC, 2024 WL 553697 (W.D. Wash. Feb. 12, 2024) .......... 3

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010) .......... 9

*FTC v. Amazon*,
No. 2:23-cv-00932-JHC, 2025 WL 2314745 (W.D. Wash. Aug. 11, 2025) .......... 3, 9, 12

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997) .......... 4

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) .......... 2, 3, 9

*Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594 (9th Cir. 1996) .......... 3

*Messick v. Novartis Pharm. Corp.*,
747 F.3d 1193 (9th Cir. 2014) .......... 3, 4

*Moussouris v. Microsoft Corp.*,
311 F. Supp. 3d 1223 (W.D. Wash. 2018) .......... 7, 9

*Plunkett v. Best Buy Co., Inc.*,
2017 WL 4958579 (W.D. Wash. Oct. 31, 2017) .......... 3

*United States v. Alo-Kaonohi*,
635 F. Supp. 3d 1074 (D. Haw. 2022) .......... 7

*United States. v. Hankey*,
203 F.3d 1160 (9th Cir. 2000) .......... 3

*United States v. Hermanek*,
289 F.3d 1076 (9th Cir. 2002) .......... 12

***Rules***

Fed. R. Civ. P. 702 .......... *passim*

***Statutes***

Federal Trade Commission Act § 5, 15 U.S.C. § 45(a)(1) .......... 1, 2



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

## INTRODUCTION

Plaintiffs move under Federal Rule of Evidence 702 to exclude the opinions of Amazon's rebuttal expert Catherine Brien as unhelpful to the finder of fact, unsupported by sufficient facts or data, and the product of an unreliable methodology. Her opinions purport to defend Project Nessie, Amazon's systematic attempt to raise prices across the board for American consumers that Plaintiffs allege succeeded to the tune of more than a billion dollars.

Ms. Brien's report is composed exclusively of [redacted] from her past work as [redacted]. She uses these [redacted] These opinions are irrelevant and not helpful to the Court. Ms. Brien's [redacted] sheds no light on whether Project Nessie and Amazon violated the law. Furthermore, she relies on [redacted] lacking a sufficient basis for her opinions. Finally, she discloses no reliable methodology for [redacted]. For all these reasons, this Court should exclude Ms. Brien's opinions for failure to meet Rule 702's standard for admissible expert testimony.

## BACKGROUND

Project Nessie is an algorithmic pricing tool that Amazon designed and used to raise prices on and off Amazon based on predictions from Amazon's vast stores of data that other online stores would follow an Amazon price increase. Plaintiffs allege that Nessie constitutes an unfair method of competition violating Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1),



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

and various state laws.[1] Amazon offers Ms. Brien's testimony as rebuttal to [redacted] of the expert testimony of Plaintiffs' expert Dr. Andreas Groehn.[2] Her opinions are based on her [redacted] Ms. Brien's conclusion is that [redacted]

**LEGAL STANDARD**

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ("*Daubert I*"), the Supreme Court held that Rule 702 assigns trial courts "a gatekeeping role" in "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (extending trial court's "gatekeeper" role to all types of expert testimony). Rule 702 requires that to offer an expert opinion a witness must be "qualified as an expert by knowledge, skill, experience, training, or education" and the party proffering the opinion must "demonstrate[] to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] Dkt. #326 at ¶¶418–34.

[2] Ex. 1, Rebuttal Expert Report of Catherine Brien (Jun. 10, 2026), at ¶1; *see also* Ex. 2, Deposition of Catherine Brien (Sept. 16, 2026), at 14:3-16. Citations in the form of Ex. __ refer to the exhibits to the Declaration of Cathleen Williams In Support of Plaintiffs' Motion to Exclude Defendant's Rebuttal Expert Catherine Brien.

[3] *See* Ex. 1 at ¶3.

[4] *See id.* at ¶2.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*See also Erwin v. OBI Seafoods, LLC*, No. 2:22-CV-00893-JHC, 2024 WL 553697, at *1 (W.D. Wash. Feb. 12, 2024) (Chun, J.) (citing *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)) (holding proponent of expert opinion must show it is more likely than not that expert opinion is admissible). District courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho*, 526 U.S. at 152; *see also United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Reliability depends not on "the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("*Daubert II*"). An expert opinion must be both reliable and helpful; that is, it "must assist the trier of fact in understanding or determining a fact in issue." *Plunkett v. Best Buy Co., Inc.*, 2017 WL 4958579, at *2 (W.D. Wash. Oct. 31, 2017) (citing *Daubert I*, 509 U.S. at 591-92).

"When the expert witness relies 'solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Erwin*, 2024 WL 553697 at *2 (quoting Fed. R. Evid. 702 advisory committee's notes (2000 Amendment)). "[C]ourts are mindful that reliability becomes more, not less, important when the experience-based expert opinion is . . . not subject to routine testing, error rate, or peer review type analysis, like science-based expert testimony." *FTC v. Amazon*, No. 2:23-cv-00932-JHC, 2025 WL 2314745, at *3 (W.D. Wash. Aug. 11, 2025) (Chun, J.) ("*Amazon ROSCA*") (quotations and citations omitted).

## ARGUMENT

### I. MS. BRIEN'S OPINIONS ARE NOT HELPFUL TO THE COURT'S EVALUATION OF PROJECT NESSIE

Expert testimony must have "a valid connection to the pertinent inquiry." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1197 (9th Cir. 2014) (cleaned up). Rule 702 requires an



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

expert's testimony to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). This is primarily a question of relevance, and whether the testimony is a proper "fit" for the facts of the case. *Daubert I*, 509 U.S. at 591. Courts have declined to admit expert opinion if it "is connected to existing data only by the *ipse dixit* of the expert" or if "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Ms. Brien's opinions fail to meet these criteria. [redacted] they have no bearing on the factual questions at the heart of Plaintiffs' claims regarding Project Nessie [redacted]

### A. Ms. Brien's Opinions Fail to Help Determine the Facts at Issue in Plaintiffs' Project Nessie Claims

Per the Court's decision denying Amazon's motion to dismiss, the key facts at issue regarding Project Nessie relate to whether the "intent or purpose in Amazon's execution of Project Nessie" was to raise rivals' prices and harm consumers. *FTC v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC, 2024 WL 4448815, at *14 (W.D. Wash. Sept. 30, 2024) (cleaned up). But none of Ms. Brien's opinions, as discussed below, assist the Court in answering that question. And she concedes that she is not offering any opinion as to whether [redacted] Thus, her opinions are irrelevant and unhelpful, and should be excluded under Rule 702(a).

First, Ms. Brien opines that [redacted] But this bare factual assertion does nothing to address whether "the intent or purpose" in Amazon's execution of Project Nessie was to raise rivals' prices and harm

---

[5] Ex. 2 at 106:17-107:2.

[6] Ex. 1 at ¶13.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

consumers. Indeed, Ms. Brien conceded that [redacted] Second, Ms. Brien opines that [redacted] But she testified that she is [redacted] Even if she could define it, she admitted that [redacted] Finally, Ms. Brien opines that [redacted] Again, what [redacted] is irrelevant to establishing whether Amazon's intent or purpose in operating Project Nessie was to increase prices. Ms. Brien conceded that [redacted] says nothing about Nessie's purpose or effect, much less whether that purpose was to raise rivals' prices or harm consumers. Her failure to opine on these issues renders her opinion irrelevant and unhelpful to the Court.

---

[7] Ex. 2 at 108:6-109:17.
[8] Ex. 1 at ¶14.
[9] Ex. 2 at 157:15-21.
[10] *Id.* at 157:22-158:3.
[11] Ex. 1 at ¶15.
[12] *Id.* at ¶16. Ms. Brien concluded Project Nessie [redacted] Nevertheless, and as discussed below, [redacted] is irrelevant to this case.
[13] Ex. 2 at 105:12-106:10.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

### B. Ms. Brien's Analysis Is [redacted]

Ms. Brien's opinions are also unhelpful because they do not acknowledge that Project Nessie is [redacted] she ignores the facts that Project Nessie was designed to predict whether rivals would increase prices, and that Amazon [redacted] Ms. Brien's attempt to [redacted] thus goes beyond merely comparing apples to oranges—it attempts to compare fruit to vegetables without recognizing or considering the obvious differences. An opinion premised on an internally false comparison is patently unreliable and, as such, her opinions should be excluded as unhelpful to the Court.

First, Plaintiffs allege that Project Nessie was an algorithm that predicted whether rivals would increase prices in response to price increases by Amazon.[16] But as she [redacted] Nor does she [redacted]

Second, Ms. Brien's opinion ignores Amazon's [redacted] While Dr. Groehn offers the opinion that [redacted]

---

[14] *See* Ex. 1 at ¶¶13-15.
[15] *See* Dkt. #326 at ¶¶265, 268-269, 418-434; Ex. 2 at 107:3-18, 124:17-125:7.
[16] Dkt. #326 at ¶¶23, 422.
[17] *See, e.g.*, Ex. 2 at 119:14-17 [redacted]; *id.* at 121:2-7 [redacted] *id.* at 121:12-18 [redacted]; *id.* at 121:22-122:5 [redacted]
[18] Ex. 2 at 148:6-10.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted] Ms. Brien never mentions or considers [redacted].[20] Similarly, while Ms. Brien opines that [redacted]

Ms. Brien's failure to consider or account for [redacted] As a result, Ms. Brien's opinion is unhelpful to the Court and should be excluded. *See United States v. Alo-Kaonohi*, 635 F. Supp. 3d 1074, 1080 (D. Haw. 2022) (where court assesses expert's "real-world experience rather than [his/her] experimentation . . . [t]hose experiences must be sufficiently similar in nature to form a valid basis for comparison") (cleaned up).

## II. MS. BRIEN'S OPINIONS ARE NOT BASED ON SUFFICIENT FACTS OR DATA

"Reliance on incomplete facts and data may make an expert opinion unreliable because an expert must know of facts which enable him to express a reasonably accurate conclusion." *Arjangrad v. JPMorgan Chase Bank, N.A.*, 2012 WL 1890372, at *6 (D. Or. May 23, 2012) (cleaned up). Accordingly, courts exclude proposed expert opinions that have an insufficient factual and evidentiary basis, pursuant to Rule 702(b). *See, e.g.*, *Moussouris v. Microsoft Corp.*,

[19] Ex. 3, Expert Reply Report of Andreas Groehn, Ph.D. (Aug. 19, 2026), at ¶¶141, 158-160; Ex. 2 at 107:15-18.
[20] *See* Ex. 2 at 107:3-18.
[21] *See, e.g.*, Ex. 1 at ¶25.
[22] Ex. 2 at 124:17-125:7 [redacted]; *id.* at 125:10-21, 126:19-128:7 [redacted].



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

311 F. Supp. 3d 1223, 1244 (W.D. Wash. 2018) ("Opinions that are derived from erroneous or incomplete data are appropriately excluded.").

The evidentiary basis for Ms. Brien's opinion consists of [redacted] She did not consider, let alone rely on, any [redacted] Such a paltry evidentiary basis is insufficient for drawing conclusions about [redacted] *See, e.g.*, *Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*, 2025 WL 1682270, at *6-7 (W.D. Wash. May 28, 2025) (excluding report citing only eleven party documents and online articles as based on insufficient facts). Not surprisingly, Ms. Brien conceded that [redacted]

Similarly, Ms. Brien's reliance on [redacted] is insufficient to support her conclusions about Project Nessie. Amazon operated Project Nessie for more than four years [redacted] Of those, only [redacted] discussing Project Nessie.[26] One is a [redacted]

---

[23] Ex. 1 at App'x 1; Ex. 2 at 38:6-40:2.
[24] Ex. 1 at App'x 1; Ex. 2 at 41:15-42:1.
[25] Ex. 2 at 110:10-111:6, 121:8-11, 121:12-21.
[26] Specifically, Ms. Brien [redacted]



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted][27] But Ms. Brien merely accepted [redacted][28] For all these reasons, Ms. Brien's opinions lack the basis in "sufficient facts or data" required by Rule 702(b).

## III. MS. BRIEN'S OPINIONS ARE NOT THE PRODUCT OF RELIABLE PRINCIPLES OR METHODS APPLIED TO THE FACTS OF THE CASE

Courts "must ensure that expert testimony, whether it is based on 'professional studies or personal experience,' employs . . . the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1035–36 (9th Cir. 2010) (quoting *Kumho*, 526 U.S. at 152). "Expert testimony is reliable if it is 'based on sufficient facts or data,' 'is the product of reliable principles and methods,' and 'reflects a reliable application of the principles and methods to the facts of the case.'" *Am. Pac. Mortg. Corp.*, 2025 WL 1682270, at *2 (quoting Fed. R. Evid. 702)). "Experts that rely primarily on experience must explain 'how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Amazon ROSCA*, 2025 WL 2314745, at *3 (quoting *Moussouris*, 311 F. Supp. 3d at 1246). Ms. Brien's opinions on Project Nessie considerably miss the mark here. Her [redacted] do not constitute reliable methods of analysis, and she relies solely on her experience without offering any objective standards or reliable application of principles or methods to the facts of this case.

---

[27] Ex. 1 at ¶109.

[28] Ex. 2 at 163:4-8. Ms. Brien similarly did not [redacted] *Id.* at 107:15-108:9, 163:9-14.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

### A. Ms. Brien's [redacted] Do Not Constitute a Reliable Method of Analysis

Ms. Brien does not offer any reliable methodology underlying her opinions. The entirety of her analysis consists of [redacted] But Ms. Brien never shows how [redacted] establishes anything about the purpose, intent, or effect of those pricing practices [redacted] On the contrary, Ms. Brien [redacted] Likewise, she conceded that the [redacted] do not demonstrate that [redacted] as Project Nessie, adding that [redacted]

Furthermore, many of Ms. Brien's [redacted] unreliable for the purposes of evaluating Project Nessie. A number of [redacted]

---

[29] Ex. 1 at ¶16.
[30] Ex. 2 at 111:18-112:8.
[31] *Id.* at 112:15-113:2.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted]

Notably, even for [redacted] making her comparisons irrelevant and unhelpful. First, Ms. Brien [redacted] However, she [redacted] Further, Ms. Brien's [redacted] Amazon operated Project Nessie for over four years, from 2015 through 2019, with occasional pauses for the holiday season and Prime Day.[38] Ms. Brien [redacted] again making her comparison irrelevant and unhelpful.[39] Ms. Brien's reliance on [redacted]

---

[32] *See, e.g.*, Ex. 1 at ¶¶69, 75 ([redacted]), *cf.* Ex. 2 at 115:4-21 ([redacted]), 116:20-117:1 ([redacted]); Ex. 1 at ¶76 ([redacted]); *cf.* Ex. 2 at 126:4-17 ([redacted]); Ex. 1 at ¶83 ([redacted]); *cf.* Ex. 2 at 143:10-18 ([redacted]).

[33] *See, e.g.*, Ex. 1 at ¶¶44, 69, 75, 76.

[34] *See* Ex. 2 at 125:2-3.

[35] *See, e.g.*, *id.* at 125:10-21 ([redacted]), 126:19-127:2 ([redacted]), 127:8-128:7 [redacted]).

[36] *Id.* at 60:2-9.

[37] *Id.* at 105:6-11.

[38] Ex. 1 at ¶¶17, 92, 104, 111.

[39] Ex. 2 at 148:13-18.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted] do not constitute a reliable method of analysis.

### B. Ms. Brien Relies Solely on Her Experience and Offers No Objective Standards Supporting Her Opinions

While the knowledge and experience of a non-scientific expert witness may be relevant to reliability, "that does not mean the expert can merely express subjective personal opinions without reference to relevant objective standards." *Am. Pac. Mortg.*, 2025 WL 1682270, at *6 (cleaned up). Nor can an expert witness simply "cite standards based vaguely on his 'experience' and 'common sense.'" *Arjangrad*, 2012 WL 1890372, at *5. Put differently, a proposed expert witness "cannot rely on the mere fact of his experience . . . to support his conclusions." *Amazon ROSCA*, 2025 WL 2314745, at *3 (cleaned up). Rather, "the proffered expert must establish that reliable principles and methods underlie the particular conclusions offered," and "the court must assure that the methods are adequately explained." *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002).

As Ms. Brien [redacted] Moreover, she does not cite any objective standards that might serve as a reliable principle or method to support her opinions. She only claims to have [redacted][42] But this offers the Court nothing more than the expected testimony of multiple fact witnesses in this case. In the infrequent instances where Ms. Brien cites any [redacted]

---

[40] Ex. 1 at ¶3; Ex. 2 at 42:21-43:6, 74:16-75:7, 114:2-7, 155:8-11, 172:13-16.
[41] *See* Sections I.B & III.A, *supra*.
[42] Ex. 1 at ¶4.



**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

[redacted] even though [redacted] is not disputed in this case.[43]

In [redacted] Ms. Brien offers what purports to be [redacted] and maintains that [redacted][44] However, as Ms. Brien [redacted] and she is not aware of [redacted][45] She also [redacted][46] Consequently, Ms. Brien's misplaced reliance on her largely inapposite experience and her failure to root her opinions "about industry practices and standards" to "any kind of objective standard" is "insufficient to meet even the liberal standard of admission." *See Am. Pac. Mortg.*, 2025 WL 1682270, at *6 (cleaned up).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to exclude the testimony of Catherine Brien should be granted.

Dated: October 16, 2026

Respectfully submitted,

*s/ Cathleen Williams*
EDWARD H. TAKASHIMA (DC Bar # 1001641)
CATHLEEN WILLIAMS (MD Bar #1312190321)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

[43] *See id.* at ¶¶21-22, 25, 28, 32, 64 & nn.7-10, 15-17, 19, 24, 50.
[44] *Id.* at ¶89 & Fig. 3.
[45] Ex. 2 at 151:11-21.
[46] *Id.* at 151:22-152:7.

Tel.: (202) 326-2464 (Takashima)
Email: etakashima@ftc.gov
cwilliams@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

I certify that this memorandum contains 4,030 words, in compliance with the Local Civil Rules.

*s/ Michael Jo*
MICHAEL JO (admitted *pro hac vice*)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Tel.: (212) 416-6537
Email: michael.jo@ag.ny.gov

*Attorney for Plaintiff State of New York*

*s/ Alexander Carnevale*
Alexander Carnevale (admitted *pro hac vice*)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: acarnevale@riag.ri.gov
*Counsel for Plaintiff State of Rhode Island*

*s/ Nicole Demers*
Nicole Demers (admitted *pro hac vice*)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: nicole.demers@ct.gov
*Counsel for Plaintiff State of Connecticut*

*s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
*Counsel for Plaintiff State of New Hampshire*

*s/ Christopher J. Campbell*
Christopher J. Campbell (admitted *pro hac vice*)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Chris.Campbell@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

*s/ Timothy D. Smith*
Timothy D. Smith, WSBA No. 44583
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

*s/ Jennifer A. Thomson*
Jennifer A. Thomson (admitted *pro hac vice*)
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jthomson@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*
Michael A. Undorf (admitted *pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
Email: michael.undorf@delaware.gov
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*
Christina M. Moylan (admitted *pro hac vice*)
Assistant Attorney General
Chief, Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Telephone: (207) 626-8800
Email: christina.moylan@maine.gov
*Counsel for Plaintiff State of Maine*

*s/ Schonette Walker*
Schonette Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
Office of the Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6473
Email: swalker@oag.state.md.us
*Counsel for Plaintiff State of Maryland*

*s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: katherine.krems@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*
Scott A. Mertens (admitted *pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
525 West Ottawa Street
Lansing, MI 48933
Telephone: (517) 335-7622
Email: MertensS@michigan.gov
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*
Zach Biesanz (admitted *pro hac vice*)
Senior Enfocement Counsel
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701
Telephone: (775) 684-1100
Email: LTucker@ag.nv.gov
*Counsel for Plaintiff State of Nevada*

*s/ Ana Atta-Alla*
Ana Atta-Alla (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Ana.Atta-Alla@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

*s/ Anthony R. Juzaitis*
Anthony R. Juzaitis (admitted *pro hac vice*)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 651-7565
Email: AJuzaitis@nmag.gov
*Counsel for Plaintiff State of New Mexico*

*s/ Zulma Carrasquillo Almena*
Zulma Carrasquillo Almena (admitted *pro hac vice*)
Senior Attorney & Special Prosecutor
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1211
Email: zcarrasquillo@justicia.pr.gov
*Counsel for Plaintiff Commonwealth of Puerto Rico*

*s/ Sarah L.J. Aceves*
Sarah L.J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: Sarah.Aceves@vermont.gov
*Counsel for Plaintiff State of Vermont*

*s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*