# Exhibit 15

HIGHLY CONFIDENTIAL September 18, 2025



COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

CASE NO.: CGC-22-601826

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

AMAZON.COM, INC.,

Defendant.

________________________________________/

* * *

H I G H L Y C O N F I D E N T I A L

* * *

Thursday, September 18, 2025
9:06 a.m. - 6:36 p.m.

HYBRID LIVE AND ZOOM VIDEOCONFERENCE DEPOSITION OF
JEFFREY P. BEZOS

Volume I

Taken on behalf of the Plaintiff before Christine Savoureux-Mariner, Florida Professional Reporter, Registered Professional Reporter, and Notary Public in and for the State of Florida at Large, pursuant to Notice of Taking Deposition in the above cause.

APPEARANCES:

ON BEHALF OF PLAINTIFFS:

SHUMI RUAN, ESQUIRE (via Zoom)
LONNIE BROWNE, ESQUIRE (via Zoom)
CALIFORNIA DEPARTMENT JUSTICE ATTORNEY GENERAL
455 Golden Gate Avenue
Suite 11000
San Francisco, California 94102
(415) 510-4400
shumi.ruan@doj.ca.gov

STEPHEN R. SMEREK, ESQUIRE
STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
300 South Spring Street
Los Angeles, California 90013
(213) 269-6353
stephen.smerek@doj.ca.gov

ADAM GITLIN, ESQUIRE (via Zoom)
OFFICE OF THE ATTORNEY GENERAL FOR THE
DISTRICT OF COLUMBIA
400 6th Street Northwest
Suite 10100
Washington, DC 20001
(202) 727-3400
adam.gitlin@dc.gov

EDWARD H. TAKASHIMA, ESQUIRE
MICHAEL BAKER, ESQUIRE
SHIRA STEINBERG, ESQUIRE (via Zoom)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave NW
Washington, DC 20580
(202) 326-2222
etakashima@ftc.gov
mbaker1@ftc.gov
ssteinberg1@ftc.gov

APPEARANCES: (Continued)

VICTORIA FIELD, ESQUIRE
OFFICE OF THE CONNECTICUT ATTORNEY GENERAL
165 Capitol Avenue
Hartford, Connecticut 06106
(860) 808-5318
victoria.field@ct.gov

TIMOTHY S. KEARNS, ESQUIRE
HAUSFELD LLP
1200 17th Street N.W.
Suite 600
Washington, D.C. 20036
(202) 540-7227
tkearns@hausfeld.com

STEVE W. BERMAN, ESQUIRE (via Zoom)
GARTH WOJTANOWICZ, ESQUIRE (via Zoom)
KELLY FAN, ESQUIRE (via Zoom)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
(206) 623-7292
steve@hbsslaw.com
kellyf@hbsslaw.com
garthw@hbsslaw.com

ON BEHALF OF DEFENDANT:

HEIDI K. HUBBARD, ESQUIRE
PATRICK BRADLEY, ESQUIRE
KRISTEN DEWILDE, ESQUIRE (via Zoom)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
(202) 434-5451
hhubbard@wc.com
Pbradley@wc.com
kdewilde@wc.com

ALSO PRESENT:

Bryson Bachman, Esquire (via Zoom)
Nate Sutton, Esquire (via Zoom)
Alejandro Montalvo, Videographer
Jacob Warren, FTC Intern (via Zoom)

[redacted]

But the big point here is that I do think, in the long run, that this approach of making sure we're taking care of the customer is, in fact, good for sellers, even if it means on occasion, for some of their products, they lose a sale. Because it's earning trust with customers, which will earn more sales in the future.

BY MR. BERMAN:

Q So if I'm delisted from Amazon because I'm selling it cheaper elsewhere, I am not earning sales on the Amazon website while I'm delisted, right?

MS. HUBBARD: Objection to form.

THE WITNESS: I think delisted may also be --

I'm not sure that's the right way to think about it. Because they'll still be listed, my understanding, they're going to be listed -- we also have this page called the offer listing page, and their offer will be listed there.

So they're not being delisted, we're just not putting their offer in that spot. And that spot is very important for earning customer trust because that spot is where we're putting our stamp of approval and saying, look, we think, you know, to the best of our knowledge, this is a good offer.

And we want customers to be able to rely on that, and part of that is competitive pricing. It's not the whole thing, there may be other factors too, but it's part of it.

BY MR. BERMAN:

Q So -- you're right, my question was a little loose -- are you saying that it's a good thing for a seller to lose the Buy Box spot?

A If they have a noncompetitive offer, I think in the long run, it actually is a good thing for that seller. It's not always the case that, you know -- it's kind of like the example I was giving you before.

Is it really good for us if we sell a customer a camera, you know, for $300, and then later, they find

it for $250 or whatever? It might seem like a good deal for Amazon -- hey, you know, we got the $300 sale -- but is it really good for Amazon? Not really, because what's really happened is we've left a bad taste in that seller's -- I mean, in that customer's mouth.

And so that is -- again, it just depends on your timeframe. And I guess if you think super short term, like just right this second, maybe you could say, Oh, I wish I had gotten that sale. But if you think just a little bit into the future, then it makes more sense to lose that sale and work harder on having competitive pricing.

Q So I think my question though -- let me try it one more time.

From the seller's perspective, how -- the seller -- you're saying it's a good thing for the seller to lose the Amazon Buy Box spot because he's offered consumers his or her goods at a lower price on another website? That's a good thing for a seller?

MS. HUBBARD: Objection to form.

THE WITNESS: No, you keep rephrasing it in a way that I'm not saying it, so I can't agree with it the way you've said it. I've already explained it, but -- so I'm sorry, but you just keep rephrasing it a different way.

RE : Federal Trade Commission vs. Amazon
DEPO OF: JEFFREY P. BEZOS
TAKEN : September 18, 2025

EXCEPT FOR ANY CORRECTIONS
MADE ON THE ERRATA SHEET BY
ME, I CERTIFY THIS IS A TRUE
AND ACCURATE TRANSCRIPT.
FURTHER DEPONENT SAYETH NOT.

___________________________
JEFFREY P. BEZOS

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI-DADE)

Sworn and subscribed to before me this
___________ day of ________________, 2025.
PERSONALLY KNOWN ______ OR I.D.___________________

____________________________
Notary Public in and for
the State of Florida at
Large.

Notary #HH390804
My commission expires: 06/17/2027

Job No. CS7541527

CERTIFICATE OF OATH OF WITNESS

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI-DADE)

I, CHRISTINE SAVOUREUX-MARINER, Florida Professional Reporter, Registered Professional Reporter, and Notary Public in and for the State of Florida at Large, certify that the witness, JEFFREY P. BEZOS, personally appeared before me on September 18, 2025 and was duly sworn by me.

WITNESS my hand and official seal this 30th day of September, 2025.

CHRISTINE SAVOUREUX-MARINER, FPR, RPR
Notary Public, State of Florida
at Large

Notary #HH390804
My commission expires: 06/17/2027

REPORTER'S DEPOSITION CERTIFICATE

I, CHRISTINE SAVOUREUX-MARINER, Florida Professional Reporter, Registered Professional Reporter certify that I was authorized to and did stenographically report the deposition of JEFFREY P. BEZOS, the witness herein on September 18, 2025; that a review of the transcript was requested; that the foregoing pages numbered from 1 to 266 inclusive is a true and complete record of my stenographic notes of the deposition by said witness; and that this computer-assisted transcript was prepared under my supervision.

I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action.

DATED this 30th day of September, 2025.



CHRISTINE SAVOUREUX-MARINER
Florida Professional Reporter
Registered Professional Reporter

Heidi K. Hubbard, Esquire
hhubbard@wc.com

October 2, 2025

RE : Federal Trade Commission vs. Amazon
DEPO OF: Jeffrey P. Bezos
TAKEN : September 18, 2025
JOB # : 7541527

The above-referenced transcript is available for review. Jeffrey P. Bezos should read the testimony to verify its accuracy. If there are any changes, Jeffrey P. Bezos should note those with the reason on the attached Errata Sheet.

Jeffrey P. Bezos should, please, date and sign the Errata Sheet and email to the deposing attorney as well as to Veritext at erratas-cs@veritext.com and copies will be emailed to all ordering parties.

It is suggested that the completed errata be returned 30 days from receipt of testimony, as considered reasonable under Federal rules*, however, there is no Florida statute to this regard.

If the witness fails to do so, the transcript may be used as if signed.

Yours,

Veritext Legal Solutions

*Federal Civil Procedure Rule 30(e)/Florida Civil Procedure Rule 1.310(e).