# Exhibit 33A

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Civil Action Number 2:23-cv-01495-JHC

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

vs.

AMAZON.COM, INC., a corporation,

Defendant.

-----------------------------------------------------

REMOTE VIDEO DEPOSITION OF [redacted]

April 23, 2025

-----------------------------------------------------

Job No. CS7333769

A P P E A R A N C E S

ON BEHALF OF PLAINTIFF FEDERAL TRADE COMMISSION:
BRIAN SHIUE, ESQ.
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-2222
Email: bshiue@ftc.gov

ON BEHALF OF STATE OF CALIFORNIA:
EMILY CURRAN, ESQ.
SHUMI RUAN, ESQ.
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Phone: (916) 210-6276
Email: emily.curran@doj.ca.gov
shumi.ruan@doj.ca.gov

ON BEHALF OF DISTRICT OF COLUMBIA:
TIMOTHY KEARNS, ESQ.
CARLOS GUTIERREZ, ESQ.
Hausfeld LLP
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
Phone: (202) 540-7200
Email: tkearns@hausfeld.com
cgutierrez@hausfeld.com

ON BEHALF OF PROPOSED CLASS PLAINTIFFS IN De COSTER, FRAME-WILSON AND BROWN MATTERS:
GARTH WOJTANOWICZ, ESQ.
Hagens Berman Sobol Shapiro, LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Phone: (206) 623-7292
Email: garthw@hbsslaw.com

ON BEHALF OF DEFENDANT AMAZON:
KEVIN HODGES, ESQ.
PAUL RILEY, ESQ.
Williams & Connolly LLP
650 50th Avenue, Suite 1500
New York, New York 10019
Phone: (202) 434-5221
Email: khodges@wc.com
priley@wc.com

Also Present:
Diana Korneychuk, Videographer
Bryson Bachman
Kati Williams

PURSUANT TO WRITTEN NOTICE and the appropriate rules of civil procedure, the deposition of CYRIL SACK, called for examination by the Plaintiff, was taken by remote means, commencing at 9:01 a.m. on April 23, 2025, before Kirsten M. Thorngate, Registered Professional Reporter within and for the State of Colorado.

resellers do not?

A. Resellers are middlemen. They are -- they play a game of, you know, buy somewhere and sell it somewhere else for a higher price. Brands care deeply about their products. Resellers may not. Resellers are transactional. Brands are looking to build long-term relationships with their customers, as is Amazon.

And so the belief was brands would have a much greater motivation and, thus, also economic incentive to like achieve and drive for operational excellence just as much as Amazon itself would.

Q. So did Amazon under the MOA policy hold Amazon's brands to a higher bar, including regarding pricing?

A. During my time there, I can't recall any efforts across all brands to do that.

Q. What about for some brands?

A. For some brands, on select products where there was a negative customer experience, yes.

Q. And how did you hold those brands to a high bar, including regarding pricing?

A. Message them, asking them to ensure good pricing when we found them to be uncompetitive.

Q. And what was the intention of sending

them those notifications?

A. That we hoped that they would like ensure their prices were like great, that they could -- that customers could trust that they wouldn't have to do additional comparison shopping before they made a purchase.

[redacted]

[redacted]

REPORTER'S CERTIFICATE

STATE OF COLORADO )
) ss.
CITY AND COUNTY OF DENVER )

I, KIRSTEN M. THORNGATE, a Registered Professional Reporter, do hereby certify that previous to the commencement of the examination, the witness was duly sworn or affirmed by me to testify to the truth.

I further certify that this deposition was taken in shorthand by me at the time and place herein set forth and thereafter reduced to a typewritten form; that the foregoing constitutes a true and correct transcript.

I further certify that I am not related to, employed by, nor of counsel for any of the parties or attorneys herein, nor otherwise interested in the result of the within action.



Kirsten M. Thorngate
Registered Professional Reporter

Kevin Hodges, Esq.
khodges@wc.com

May 5, 2025

RE: Federal Trade Commission v. Amazon

4/23/2025, [redacted] (#7333769)

The above-referenced transcript is available for review.

Within the applicable timeframe, the witness should read the testimony to verify its accuracy. If there are any changes, the witness should note those with the reason, on the attached Errata Sheet.

The witness should sign the Acknowledgment of Deponent and Errata and return to the deposing attorney. Copies should be sent to all counsel, and to Veritext at erratas-cs@veritext.com

Return completed errata within 30 days from receipt of testimony.

If the witness fails to do so within the time allotted, the transcript may be used as if signed.

Yours,

Veritext Legal Solutions

[redacted]

| [redacted] | [redacted] | [redacted] | [redacted] |
| --- | --- | --- | --- |
| [redacted] | | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

[redacted]

[redacted]

[redacted] ______________ [redacted] ______