# Exhibit 2

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Shira Steinberg
Bureau of Competition
(202) 569-7761
ssteinberg1@ftc.gov

July 27, 2026

**BY ELECTRONIC MAIL**

Katherine Trefz
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
ktrefz@wc.com

Re: *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.)

Counsel,

We write in response to Amazon's July 20, 2026 letter regarding Amazon's Objections and Responses to Plaintiffs' Fifth Set of Interrogatories and Ninth Set of Requests for Production.

At the outset we note that although the parties have made progress with respect to some of Plaintiffs' requests, it appears the parties fundamentally disagree about Amazon's responses and objections regarding Interrogatory Nos. 31 and 33, and Amazon's inclusion of attorney custodians, with the possible exception of [redacted] documents between January 2022 and November 2024, and are now at impasse. We confirm our understanding of Amazon's position regarding these issues and the remaining Requests and Interrogatories, below.

**Request Nos. 408, 413 & 414**. Plaintiffs understand the parties are in agreement regarding Amazon's response to Request Nos. 408, 413 and 414 with the exception of whether Amazon should produce responsive documents from the files of attorney-custodians, discussed below. We understand Amazon will review documents for previously agreed-upon custodians and the new non-attorney custodians Ms. [redacted],[1] Ms. [redacted] and Mr. [redacted], using the search terms Plaintiffs provided on May 15 and June 8, 2026. Please confirm that Amazon will produce

---

[1] As discussed further below, we understand Amazon will respond to these Requests by also reviewing documents from [redacted] files as well to supplement the "emails, Chime messages, Slack messages, or other data sources for" Ms. [redacted] that Amazon failed to retain. *See* July 20, 2026 Ltr. from K. Trefz to S. Steinberg at 8.

these materials on a rolling basis, with production complete by September 7, 2026, and that Amazon will produce a privilege log for any withheld documents by September 14, 2026.

**Request Nos. 410-12.** Plaintiffs asked Amazon to respond to basic questions regarding Amazon custodians' use of Signal, such as which custodians used Signal, what additional custodians may have used Signal, and to understand whether there are devices from Signal-using custodians that Amazon has not collected and reviewed. Amazon has refused to answer these straightforward questions and instead continues to refer Plaintiffs to a log prepared almost four years ago for Plaintiffs' investigation that does not address the question of which mobile devices Amazon collected in discovery for the current litigation. Yet Amazon agreed it "is willing to produce additional documents in response to Plaintiffs' duplicative Requests subject to clarification of what new information Plaintiffs seek." June 17, 2026 Ltr. from K. Trefz to S. Steinberg at 2. While Amazon has not provided the information Plaintiffs requested, in the interest of moving forward, we propose the following narrowing: Amazon will produce any documents responsive to Request Nos. 410 and 412 for the custodians and search terms the parties have agreed on thus far (e.g., the previously agreed-upon custodians, Ms. [redacted],[2] Ms. [redacted] Mr. [redacted], and subject to the further meet and confer requested by Amazon, Mr. [redacted] Please let us know if Amazon agrees. If so, please confirm that Amazon will produce these materials on a rolling basis, with production complete by September 7, 2026, and that Amazon will produce a privilege log for any withheld documents by September 14, 2026.

Separately, to be clear, Plaintiffs maintain that Amazon should respond to Request Nos. 410 and 412 for the attorney custodians, discussed further below, but understand the parties are at an impasse on those custodians.

**Interrogatory No. 31 & Request No. 409**. Interrogatory No. 31 asks Amazon to identify certain meetings and their related "raw notes, rough draft meeting minutes, or verbatim notes," and to provide further information regarding any such documents that have not been produced. Amazon has objected claiming that it would be "an enormously burdensome exercise" to respond to this Interrogatory. June 17, 2026 Ltr. from K. Trefz to S. Steinberg at 6. Plaintiffs have sought to limit Amazon's burden and significantly narrowed the scope of this Interrogatory in an attempt to reach agreement with Amazon. Plaintiffs ultimately offered to narrow the Interrogatory from thirteen teams and sixteen topics to just five discrete topics, if Amazon would stipulate that its interrogatory responses and document production concerning those topics are representative of all meetings covered by Interrogatory No. 31 and Request No. 409. Amazon has rejected that proposal and refused to budge from its initial position. Accordingly, we understand the parties are at an impasse.

**Interrogatory No. 32.** The parties are in agreement regarding Amazon's response to Interrogatory No. 32. Please provide an amended response by July 29, 2026, with verification to come shortly after.

**Interrogatory No. 33**. Amazon incorrectly claims that this Interrogatory seeks to have Amazon describe the substance of its privileged communications. As we have explained multiple

[2] As discussed further below, we understand Amazon will respond to these Requests by also reviewing documents from [redacted] files as well to supplement the "emails, Chime messages, Slack messages, or other data sources for" Ms [redacted] that Amazon failed to retain. *See* July 20, 2026 Ltr. from K. Trefz to S. Steinberg at 8.

times, this Interrogatory asks Amazon to simply confirm it is not asserting privilege or work product protection over any documents regarding the destruction of or failure to preserve Relevant Materials, or to identify those entries on its privilege log. *See* July 2, 2026 Ltr. from S. Steinberg to K. Trefz at 5; June 8, 2026 Ltr. from S. Steinberg to K. Trefz at 5-6. Amazon's representation that is it "not withholding *non-privileged* documents on the basis that they reference document preservation or destruction" misses the point entirely. July 20, 2026 Ltr. from K. Trefz to S. Steinberg at 7 (emphasis added).

Amazon should be easily able to confirm that it is not redacting or withholding *any* documents on the basis that they reference the destruction of or failure to preserve Relevant Materials. In our last letter we explained that Plaintiffs would accept "a verified interrogatory response that (1) Amazon is not asserting attorney-client privilege or work product protection, whether in whole or in part, over any documents regarding the destruction of or failure to preserve Relevant Materials… " July 2, 2026 Ltr. from S. Steinberg to K. Trefz at 5. Alternately, as we previously explained, Amazon can run searches against its withheld documents and confirm it is not improperly asserting privilege over documents concerning the destruction of or failure to preserve Relevant Materials. *See* June 8, 2026 Ltr. from S. Steinberg to K. Trefz at 5-6. We understand that Amazon refuses to undertake either approach, and that the parties are at impasse regarding Amazon's response to Interrogatory No. 33.

**Non-Attorney Custodians**. Plaintiffs understand Amazon has not retained "emails, Chime messages, Slack messages, or other data sources" for [redacted], and has proposed searching the custodial files of Mr. [redacted] to supplement Ms. [redacted] documents for Ms. [redacted] time-in-role of January 2022-November 2024. *See* July 20, 2026 Ltr. from K. Trefz to S. Steinberg at 8-9. Plaintiffs agree that Mr. [redacted] should be included as a custodian for at least that time period. If Amazon objects to Mr. [redacted] inclusion, please clarify Amazon's position and propose dates for a meet and confer between July 28 and 31, 2026. The parties are otherwise in agreement regarding Amazon including Ms. [redacted] Ms. [redacted] and Mr. [redacted] as new custodians.

**Attorney Custodians**. Plaintiffs understand that Amazon refuses to include any of the attorneys proposed by Plaintiffs as custodians (aside from the partial inclusion of Mr. [redacted] from January 2022-November 2024).

Amazon's refusal to include these individuals as custodians, or even provide hit reports for these individuals as requested by Plaintiffs, indicates that the parties fundamentally disagree about the relevance of these individuals for Plaintiffs' discovery. Accordingly, Plaintiffs understand the parties are now at impasse with respect to the inclusion of attorneys as custodians in response to Plaintiffs' Requests Nos. 408, 410 & 412-414.

* * *

If Amazon would like to meet and confer regarding any of the positions above, please provide times for a meet and confer during the week of July 27.

July 27, 2026

Sincerely,

*/s/ Shira Steinberg*

Shira Steinberg
Attorney
Bureau of Competition
Federal Trade Commission