# Exhibit 22

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Shira Steinberg
Bureau of Competition
(202) 569-7761
ssteinberg1@ftc.gov

May 15, 2026

**BY ELECTRONIC MAIL**

Katherine Trefz
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
ktrefz@wc.com

Re: *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.)

Counsel,

We write regarding the Court's April 29, 2026 order granting "Plaintiffs' request for leave to conduct additional discovery into the extent of Amazon's spoliation." Dkt. #678 at 35. Pursuant to the Court's order, Plaintiffs' Ninth Set of Requests for Production and Fifth Set of Interrogatories are enclosed. As discussed further below, Plaintiffs request Amazon provide objections and responses to these discovery requests on an expedited basis on or before **May 29, 2026** given the overlap with many of Plaintiffs' prior discovery requests, and to provide adequate time for review before dispositive motions are due on October 16, 2026.

**Plaintiffs' Interrogatory No. 31**

Interrogatory No. 31 asks Amazon to identify certain meetings and their related "raw notes, rough draft meeting minutes, or verbatim notes," and to provide further information on any such documents that have not been produced.

Plaintiffs' Interrogatory No. 31 seeks similar information to that requested by Plaintiffs' Interrogatory Nos. 23 and 24. Interrogatory Nos. 23 and 24 requested that Amazon identify meetings and related "raw notes" for a set of recurring meetings across four distinct business units, identify and describe relevant documents that are no longer available, and provide an explanation regarding why they are no longer available. As detailed in past correspondence, and

the parties' meet and confer on January 6, 2026, Amazon's responses to Interrogatory Nos. 23 and 24 are deficient and do not fully respond to the interrogatories as written. *See e.g.*, Ltr. from S. Steinberg to K. Treftz (Dec. 22, 2025).

Amazon should fully respond to Plaintiffs' Interrogatory No. 31 by identifying certain meetings and the "raw notes, rough draft meeting minutes, or verbatim notes" related to those meetings, as identified in the interrogatory, and providing the requested information. To be clear, Amazon's limited response to Interrogatory Nos. 23 and 24 would be deficient in response to Interrogatory No. 31.

**Request for Production No. 410**

RFP No. 410 requests "[a]ll Documents relating to the deletion of or failure to retain communications on Signal related to Amazon business matters by any Amazon employee." Previously, Plaintiffs' RFP No. 383 requested "[a]ll Documents relating to the deletion or failure to retain by any Amazon employee of communications on Signal or Wickr from June 17, 2019 to the present, including but not limited to all Documents relating to whether the disappearing message feature (including any form of Wickr Auto-Destruct) was turned on or whether disappearing message settings were changed." Plaintiffs' Fourth Set of Requests for Production to Defendant, June 28, 2024, at 18. Prior to the Court's recent order on spoliation, *see* Dkt. #678, the parties negotiated that in response to RFP No. 383, Amazon would produce "non-duplicative screenshots showing the enabling, modifying, or disabling of the disappearing messages feature in any work-related Signal thread from June 17, 2019 through the end date of each custodian's ESI collections." Ltr. from K. Trefz to M. Baker (Sept. 18, 2024) at 14; Ltr. from M. Baker to K. Trefz (Oct. 2, 2024) at 12.

In light of the Court's order finding that "senior Amazon executives continued to communicate about relevant business matters on Signal and use the disappearing messages function after being instructed to disable ephemeral messaging and preserve all messages that may be relevant to this litigation," and "Defendant has failed to rebut the presumption that the destroyed… Signal messages were relevant to Plaintiffs' claims," Dkt. #678 at 13, 16, Plaintiffs have now issued RFP No. 410 and are renewing our request for "[a]ll Documents relating to the deletion or failure to retain by any Amazon employee of communications on Signal."

**Collection and Search Term Process**

To be clear, Amazon should respond to Plaintiffs' Ninth Set of Requests for Production from non-custodial and custodial sources with both search terms and "go gets." However, in light of the evidence of Amazon's spoliation thus far, Plaintiffs request that Amazon's collection include at least the following additional custodians to ensure likely repositories for responsive documents are searched.

**Non-attorney custodians:** Plaintiffs request that Amazon include at least the following additional custodians in its search for documents responsive to Plaintiffs' Ninth Set of Requests for Production to Amazon.com, Inc.

| Custodian |
|---|
| [redacted] |
| [redacted] |
| [redacted] |

**In-house counsel custodians:** Given Amazon in-house counsel's involvement in spoliation, *see, e.g.*, Dkt. #678 at 13-14 & nn.15-16, Plaintiffs request that Amazon include at least the following in-house counsel custodians in its search for documents responsive to Plaintiffs' Ninth Set of Requests for Production to Amazon.com, Inc.

| Custodian |
|---|
| [redacted] |
| Andrew DeVore |
| [redacted] |
| [redacted] |
| [redacted] |
| [redacted] |
| [redacted] |
| [redacted] |
| [redacted] |
| Nate Sutton |
| [redacted] |
| David Zapolsky |

**<u>Search Term Proposal</u>**

To facilitate an expedited discovery process, Plaintiffs request that Amazon use the following search terms related to spoliation and Signal use:

- ("P&C" OR priv*) w/5 note*
- ("note tak*" OR notetak* OR "note-tak*") w/10 (responsib* OR instruct* OR direct* OR guid*)
- note* W/10 (raw OR verbatim* OR unedited OR circulat*)
- "delete/shred*"
- (delet* OR shred* OR remov* OR purg* OR scrub* OR eras* OR destr*) W/20 (raw OR note* OR verbatim* OR unedited OR circulat* OR summar* OR discov*)
- guid* OR regu* W/10 note*
- Signal w/5 (mov* OR switch* OR shift* OR chang* OR transfer OR approv* OR convers* OR call* OR offline OR talk* OR discuss* OR debat* OR argu* OR DM* OR

disappear* OR messag* OR WhatsApp OR Chime OR text* OR quick* OR take OR taking OR took)

Plaintiffs also request that Amazon apply the following search terms, previously agreed to by the parties, to all documents collected from the custodians identified above:

| **ST Bates** | **Search Term** |
|---|---|
| 876.10 | (use OR using OR used only OR move to OR only on OR switch OR take this OR keep OR discuss*) W/5 (signal OR DM OR DMs OR Whatsapp) |
| 876.20 | (use OR using OR used only OR move to OR only on OR switch OR take this OR keep OR discuss*) W/5 (wickr OR DM OR DMs OR Whatsapp) |
| 882.00 | ((auto* OR self) W/2 (destr* OR disappear*)) OR auto-delet* OR auto delet* OR automatic* |
| 888.00 | (disappear* OR ephemeral OR destruct OR self-destruct) W/2 (messag* OR chat*) |
| 891.10 | (document* OR writ* OR wiki* OR guideline*) W/5 (Signal OR DM OR DMs OR Slack OR Whatsapp) |
| 891.20 | (document* OR writ* OR wiki* OR guideline*) W/5 (wickr OR DM OR DMs OR Slack OR Whatsapp) |
| 893.00 | (guidance OR guideline* OR writing) W/15 (moat* OR ecosystem* OR dominat* OR market share) |
| 933.00 | doc* writing* W/5 (etiq* OR tip* OR top* OR ninja*) |
| 963.00 | style guide* |
| 972.00 | writing etiquette |
| 973.00 | writing top tips |
| 919.00 | communicate W/2 care |

* * *

Please confirm by **Tuesday, May 19, 2026** whether Amazon will agree to provide its Responses and Objections to Plaintiffs' Ninth Set of Requests for Production and Fifth Set of Interrogatories by **Friday, May 29, 2026**. If Amazon cannot provide its Responses and Objections by May 29, 2026, please provide dates and times when Amazon is available to meet and confer regarding Plaintiffs' enclosed Requests. Additionally, pursuant to the parties' Case Management Order (Dkt. #161) § 2(a), please provide Plaintiffs with an estimated completion date for your production by May 29, 2026 and times to meet and confer regarding your anticipated timeline to complete production.

Sincerely,

*/s/ Shira Steinberg*

Shira Steinberg
Attorney
Bureau of Competition
Federal Trade Commission