The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., a corporation,

Defendant.

Case No.: 2:23-cv-01495-JHC

**DECLARATION OF JON DUGAN IN OPPOSITION TO PLAINTIFFS' LCR 37 MOTION SEEKING FURTHER DISCOVERY**

I, Jon Dugan, declare as follows:

1. I am an attorney admitted to practice law in the District of Columbia and Virginia, and a member in good standing of the District of Columbia and Virginia Bars. I received a J.D. from the University of North Carolina School of Law in 2018, and a B.A. from James Madison University in 2014.

2. I am a partner at the law firm Redgrave LLP ("Redgrave"), which focuses on Information Law, including eDiscovery, information governance, records and information management, data protection, and privilege issues.

3. Amazon.com, Inc. ("Amazon") has retained Redgrave as discovery counsel in this case and in related Amazon matters, and Redgrave is assisting Amazon with discovery issues in this case, including ones related to privilege.

4. Attached as **Exhibit 1** is a genuine copy of Plaintiffs' First Set of Interrogatories to Amazon.com, Inc., served November 14, 2023.

5. Attached as **Exhibit 2** is a genuine copy of emails exchanged between Amazon's counsel Alexander G. Peerman and Plaintiffs' counsel Shira A. Steinberg between May 15 and August 5, 2026.

6. Attached as **Exhibit 3** is a genuine copy of a log of Signal communications with information regarding usage of the disappearing messages feature, transmitted by Amazon's counsel Kosta Stojilkovic to Plaintiffs' counsel on October 11, 2022.

7. Attached as **Exhibit 4** is a genuine copy of a letter sent from Amazon's counsel Katherine A. Trefz to Plaintiffs' counsel on August 8, 2024.

8. Attached as **Exhibit 5** is a genuine copy of emails exchanged between Amazon's counsel Kristen A. DeWilde and Plaintiffs' counsel Michael Baker on November 4, 2024.

9. Attached as **Exhibit 6** is a genuine copy of a letter sent from Amazon's counsel Robert D. Keeling to Plaintiffs' counsel on August 8, 2025.

10. Attached as **Exhibit 7** is a genuine copy of emails exchanged between Amazon's counsel Kristen A. DeWilde and Plaintiffs' counsel Shira A. Steinberg between December 12, 2025 and January 26, 2026.

11. Attached as **Exhibit 8** is a genuine copy of a letter sent from Plaintiffs' counsel Shira A. Steinberg to Amazon's counsel Katherine A. Trefz on June 8, 2026.

12. Attached as **Exhibit 9** is a genuine copy of emails exchanged between Amazon's counsel Alexander G. Peerman and Plaintiffs' counsel Shira A. Steinberg and Edward H. Takashima between May 15 and August 6, 2026.

13. Attached as **Exhibit 10** is a genuine copy of the hit report attached to Alexander G. Peerman's email to Plaintiffs' counsel on August 6, 2026. *See* Ex. 9, at 1-2.

14. Attached as **Exhibit 11** is a genuine copy of a document bearing the Bates number AMZN-RTL-FTC-15740612, which Amazon produced to the Plaintiffs on September 7, 2026 in response to Plaintiffs' supplemental discovery requests.

15. Following the Court's April 29, 2026 Order authorizing additional discovery regarding document preservation, the Plaintiffs served their Fifth Set of Interrogatories and Ninth Set of RFPs on May 15, 2026. Pls.' Ex. 22, at 1.[1]

16. To address Plaintiffs' new RFPs, Amazon agreed to search the files of all 142 custodians who the parties had previously negotiated and agreed to in connection with Plaintiffs' prior RFPs.

17. The 142 prior custodians were identified and agreed upon in connection with Plaintiffs' prior RFPs (Nos. 1 through 407), which reach all substantive issues in the case. Also in connection with those prior RFPs, the parties negotiated over 1,400 search terms. Amazon reviewed the documents returned by those search terms using a combination of manual attorney review and technology-assisted review ("TAR"), and ultimately produced over 4.5 million documents.

[1] Plaintiffs' Exhibits are attached to the contemporaneously filed Declaration of Edward H. Takashima.

18. In connection with Plaintiffs' new requests, they also asked Amazon to search the files of three additional individuals: [redacted]. Amazon also agreed to add these three individuals as new document custodians, for the date ranges when they held potentially relevant positions. Pls.' Ex. 4, at 8.

19. For this combined set of 145 custodians, the parties also negotiated search terms to identify documents potentially responsive to Plaintiffs' requests about meeting notes and Signal messages. The parties ultimately agreed to the seven search terms below:

a. (delet* OR shred* OR purg* OR scrub* OR eras* OR destr*) W/10 (raw OR notes OR notetak* OR note-tak* OR verbatim* OR unedited OR circulat* OR summar* OR discov*)

b. (guid* OR regu*) W/5 (note* OR notetak* OR note-tak*)

c. (note tak* OR notetak* OR note-tak*) W/7 (responsibilities OR instruct* OR directions OR guid*)

d. delete/shred*

e. (notes OR notetak* OR note-tak*) W/10 (raw OR verbatim* OR unedited OR circulat*)

f. (P&C OR priv*) W/5 ("note tak*" or notetak* or note-tak*)

g. Signal W/5 (mov* OR switch* OR shift* OR chang* OR transfer OR approv* OR convers* OR call* OR offline OR talk* OR discuss* OR debat* OR argu* OR DM OR DMs OR DMed OR DM'ed OR DMing OR DM'ing OR disappear* OR messag* OR WhatsApp OR Chime OR text* OR quick* OR take OR taking OR took)

Pls.' Ex. 4, at 8 (accepting first six terms); Pls.' Ex. 3, at 7 (accepting seventh term).

20. Those seven search terms, run across the documents of the 145 agreed custodians returned 199,230 documents for review.

21. Amazon proposed narrowing that population using the TAR model developed during the preceding two years of document review and production in this litigation. The TAR

model is designed to identify potentially relevant documents for manual review, while screening out false positives. Plaintiffs, however, rejected Amazon's proposal to use the TAR model because it would prioritize documents relevant to the substantive issues in the case, such as "Amazon's challenged conduct and market definition." Pls.' Ex. 1, at 6. Plaintiffs insisted on discovery regarding meeting notes and Signal even if the documents had no connection to the substantive issues in dispute. Accordingly, Amazon undertook linear review of the nearly 200,000 documents without the assistance of a TAR model.

22. After documents from all the agreed custodians were collected, it required approximately two months of review, quality control, and processing before Amazon could make its principal production of documents from this supplemental review. After an additional two weeks, Amazon produced a small number of further documents along with a privilege log.

23. In total, Amazon produced 94,982 documents in response to Plaintiffs' requests for production regarding document preservation.

24. The fact that Amazon produced a substantial volume of documents in response to Plaintiffs' supplemental discovery requests does not indicate that so many documents support Plaintiffs' claims of spoliation. The vast majority of the produced documents consist of calendar invitations with associated note-taking guidance that contained no instruction to discard notes. *See, e.g.*, Ex. 11, at AMZN-RTL-FTC-15740613 (noting that "teams may wish to document a 'play-by-play' summary of the discussion for their internal purposes," and not suggesting that such notes should be discarded). Moreover, many of the meetings for which calendar invites containing note-taking guidance were produced in response to Plaintiffs' supplemental requests have no substantive relevance to the issues in dispute in this litigation. *See, e.g.*, *id.* at AMZN-RTL-FTC-15740612 (relating to launch of the Amazon Flex delivery program in Canada).

25. In making this declaration, I do not intend to—and I am not authorized to—waive any applicable privilege or protection from discovery, including the attorney-client privilege and the work product protection.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of November, 2026, in Washington, D.C.

Jon Dugan