# EXHIBIT 6

REDGRAVE LLP
INFORMATION MATTERS®

**ROBERT D. KEELING**
Partner

P. 771.245.4643
E. rkeeling@redgravellp.com
www.redgravellp.com

601 Pennsylvania Avenue, NW, Suite 900 - South Building
Washington, D.C. 20004

**VIA Electronic Mail**

August 8, 2025

Federal Trade Commission
Mike Baker
Bureau of Competition Attorney
(202) 285-1979
Mbaker@ftc.gov

Re: *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC

Mike,

I write to follow up on Plaintiffs' July 31 email and the parties' August 4 meet and confer, in which Plaintiffs raised questions for the first time about Amazon's review of mobile messages in accordance with the TAR 2.0 Protocol (the "Protocol").

In connection with those belated questions, Plaintiffs made several out of time and extraordinary requests, including that Amazon:

(1) conduct a linear re-review of all text and other mobile messages previously reviewed pursuant to the Protocol,
(2) re-interview custodians who have yet to be deposed to confirm whether they possess work-related mobile messages, and
(3) provide sworn affidavits detailing the steps Amazon took to identify, collect, and review mobile messages for each custodian.

Plaintiffs' sweeping requests – raised for the first time after document productions have been complete for many months and depositions are well underway – are untethered to any showing of deficiency and reflect a fundamental misunderstanding of both the Protocol and the underlying facts. As set forth below, Plaintiffs have long known that Amazon used TAR 2.0 to review mobile messages, never objected to that process until last week, and are now seeking to reopen issues resolved through extensive negotiation more than a year ago. In addition, as described below, Plaintiffs' questions about the mobile device collections for [redacted], Doug Herrington, and [redacted] are based on misconstrued deposition testimony and a misapprehension of the facts regarding Amazon's collection, review, and production of mobile messages.

**TAR 2.0**

Amazon was surprised to hear Plaintiffs' late breaking questions about the use of TAR 2.0 to review mobile messages. Amazon first informed Plaintiffs that it planned to use TAR 2.0 to review mobile messages more than a year ago, during a July 9, 2024, meet and confer. Plaintiffs did not object or raise any concerns.

Following that discussion, the parties negotiated the Protocol to govern Amazon's TAR 2.0 review, exchanging numerous drafts, holding multiple meets and confers, and trading several detailed letters. During those negotiations, Plaintiffs repeatedly objected to Amazon's proposal to use TAR 2.0 to "analyze standalone spreadsheets" on the basis that those may be "difficult for TAR models to analyze properly," but Plaintiffs never objected to the use of TAR 2.0 for mobile messages. *See* Ltr. from S. Steinberg to K. Trefz (July 16, 2024); Ltr. from S. Steinberg to R. Keeling (Aug. 13, 2024). While the Protocol explains that Amazon would conduct a linear review of graphics images like screenshots of mobile messages, Plaintiffs never asked Amazon to exclude all mobile messages from TAR 2.0. That is not surprising, as the undersigned has used TAR to review and produce mobile messages for discovery responses without any issue in numerous matters, including to the Federal Trade Commission.

To the extent any doubt remained, pursuant to the Protocol, Amazon later provided Plaintiffs with a list of documents not suitable for TAR 2.0. Ltr. from R. Keeling to J. Vella (Dec. 23, 2024) (citing the Protocol, Section 4.1). Mobile messages were not on the list of excluded file types, further confirming that such materials would be reviewed using TAR 2.0 like any other ESI, consistent with the Protocol and the parties' negotiations and prior communications. *Id.*

Amazon substantially completed its review and production of mobile messages more than four months ago. In response to Plaintiffs' inquiries, Amazon reiterated two months ago that it reviewed mobile messages using TAR 2.0. *See* Ltr. from R. Keeling to C. Chukwuogo (June 2, 2025) (explaining that Amazon reviewed mobile messages "in accordance with the parties' TAR 2.0 Protocol and produced nonprivileged and responsive material.").

Plaintiffs did not raise any follow-up questions about the use of TAR 2.0 to review mobile messages until nearly two months later, on July 31. At this stage of the litigation, Plaintiffs' complaints about Amazon's review methodology are simply untimely and threaten to unduly burden Amazon and upend the discovery process amid depositions. Amazon has completed its production of documents in response to Plaintiffs' Requests for Production. Depositions have already occurred for dozens of witnesses. The deadline for fact discovery is just over two months away. If Plaintiffs believe they objected at any point to Amazon's stated plan to use TAR 2.0 to review mobile messages prior to July 31, 2025, please identify each specific objection and the date when each objection was raised.

[redacted]

During the meet and confer, Plaintiffs suggested that Amazon's custodial process was somehow flawed because Amazon produced a limited number of WhatsApp messages from former employee [redacted] in advance of his deposition, and [redacted] testified that he "[v]ery, very, very seldom" sent text messages for work and "may have sent one of two SMS on [his] Amazon phone" over his many years at Amazon. [redacted] Dep. Tr. 271:1–6, 274:19–22. Notably, Plaintiffs never asked [redacted] about the substance of those text messages and therefore have no facts or basis for suggesting that this small handful of messages contained discoverable material. Instead, Plaintiffs have chosen to seek broad and indiscriminate relief related to all of Amazon's custodians based on those one or two irrelevant communications. This relief is unwarranted because there is no basis to believe that any relevant communications were lost.

Moreover, [redacted], as a former employee, was outside the scope of Amazon's custodial process. As Plaintiffs know, the parties did not agree to include [redacted] as a document custodian until October 15, 2024. Ltr. from K. DeWilde to M. Baker (Oct. 15, 2024). Thereafter, Amazon sought to conduct a custodial interview with [redacted] to identify documents potentially relevant to this litigation, including documents on his personally owned mobile device that he used for work. Two weeks after his addition as a custodian, [redacted] left Amazon to work at a competitor. Amazon had no advance notice of [redacted] departure and therefore was unable to interview him at that time.[1] Amazon did not own [redacted] cell phone and Amazon lacked a legal right to obtain any communications from that device.

In advance of [redacted] deposition, Amazon identified the WhatsApp messages on his phone for the first time and worked with [redacted] to collect, review, and produce the WhatsApp messages from his phone. Amazon's efforts to collect documents beyond its control from a former employee go beyond the requirements of the Federal Rules of Civil Procedure, demonstrating the extensiveness of Amazon's custodial process, rather than any flaws.

**<u>Doug Herrington</u>**

Plaintiffs also suggested that Amazon either incorrectly unitized or improperly reviewed the text messages in the conversation between Mr. Herrington and Brian Olsavsky that preceded the message produced at AMZN-RTL-FTC-14188298.

Both claims are inaccurate. With respect to unitization, Amazon combined text messages into 24-hour increments before submitting each combined exchange through TAR. Amazon has analyzed the specific messages at issue and can confirm that AMZN-RTL-FTC-14188298 and the preceding messages were properly separated into 24-hour chunks based on the day that each conversation occurred. That is an industry standard for discovery, and aligns with the way Amazon

---

[1] [redacted] backend documents were preserved pursuant to Amazon's standard policies and [redacted] received document preservation notices related to this litigation on February 23, 2023 and May 22, 2024.

explained its processing of text messages to Plaintiffs during a October 21, 2024 meet and confer and matches the way Amazon has processed its other similar chat sources like Chime, Slack, and Wickr. *See* Ltr. from R. Keeling to A. Butler (Oct. 20, 2024). *See* Ltr. from R. Keeling to A. Butler (Oct. 20, 2024). In terms of review, Amazon also confirmed that AMZN-RTL-FTC-14188298 and the preceding messages were correctly reviewed pursuant to the Protocol. While AMZN-RTL-FTC-14188298 contains just three sentences, it scored above the TAR cutoff, which shows that notwithstanding Plaintiffs' belated complaints, TAR is capable of correctly analyzing mobile messages with limited textual content. The preceding messages, which contain only a link to a publicly available article, scored below the TAR cutoff and were not produced. Nevertheless, as a gesture of good-faith, Amazon will produce the text messages between Mr. Olsavsky and Mr. Herrington from the day before AMZN-RTL-FTC-14188298.

Plaintiffs also asked questions about Mr. Herrington's use of his mobile device for work. As Amazon has explained, it determined during its investigation for this litigation that Mr. Herrington did not have responsive work-related text messages on his phone. Ltr. from R. Keeling to C. Chukwuogo (June 2, 2025). As Plaintiffs know, Mr. Herrington testified to the same effect during his Investigational Hearing, explaining that he does use text messaging for "substantive messages" and instead uses "text messaging primarily for administrative functions" like communicating with his assistants, his protective services team, or the individuals who manage his calendar. D. Herrington Investigational Hr'g Tr. 283:1, 285:16–20.

[redacted]

Plaintiffs also asked about deposition testimony from [redacted], who explained that on "very rare occasions" she used WhatsApp to communicate on "topics related to international countries like Europe." [redacted] Dep. Tr. 25:2–5. [redacted] testified that her WhatsApp use was unrelated to the issues in this litigation and instead addressed changes to Amazon's European website. [redacted] Dep. Tr. 124:4–21. While [redacted] has taken steps to ensure that any work-related WhatsApp messages will be retained in the future, nothing from her testimony suggests she ever used WhatsApp in connection with issues related to this litigation and therefore that she had an obligation to preserve any WhatsApp messages. Under these circumstances, there is no good-faith basis to believe that [redacted] WhatsApp application ever contained any discoverable material.

* * *

Amazon has made extensive, good faith efforts to collect and produce mobile device messages to Plaintiffs and to respond to Plaintiffs' evolving questions. Before this lawsuit was even filed, Amazon conducted an extensive process to collect, review, and process mobile messages for the preceding investigation. Amazon has conducted a similarly massive effort to collect relevant mobile messages, including interviewing each custodian still employed at Amazon about their document practices and their work-related mobile device usage. Amazon collected work-related mobile messages whenever those were identified and reviewed thousands of Signal messages, screenshots of other mobile messages, and mobile messages scoring above the TAR cutoff. When

former employees have identified potentially relevant materials on their mobile devices, Amazon has sought to collect, review, and produce those materials.[2] At Plaintiffs' request, Amazon also manually created and produced an overlay adding new custom metadata for hundreds of Signal messages that Amazon previously produced. *See* Ltr. from R. Keeling to M. Baker (July 10, 2025). Those extensive efforts for this litigation and the preceding investigation far exceed the requirements of the Federal Rules of Civil Procedure and the ESI Order. Plaintiffs' unprecedented demand that Amazon now re-interview dozens of employees and/or prepare collection affidavits at this late stage lacks any legal or factual basis.

We can discuss further during our upcoming meet and confer.

Sincerely,

Robert D. Keeling
Partner

---

[2] In addition to [redacted], Amazon produced text messages that were collected from the personal mobile device of former employee [redacted] in advance of her deposition. Ltr. from R. Keeling to M. Baker (July 31, 2025).