# EXHIBIT 8

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Shira Steinberg
Bureau of Competition
(202) 569-7761
ssteinberg1@ftc.gov

June 8, 2026

**BY ELECTRONIC MAIL**

Katherine Trefz
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
ktrefz@wc.com

Re: *Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.)

Counsel,

We write to memorialize and follow up on the parties' June 5, 2026 conferral regarding Amazon's Responses and Objections to Plaintiffs' Ninth Set of Requests for Production and Amazon's Objections to Plaintiffs' Fifth Set of Interrogatories. As discussed further below, Plaintiffs request that Amazon respond to the questions raised below and confirm its position for RFP Nos. 413, and 414 and Interrogatory Nos. 32 and 33 by **June 12, 2026**.

**RFP No. 408.** We understand Amazon agrees to produce documents "relating to instructions, guidance, or guidelines about taking (or not taking), revising, editing, distributing (or not distributing), deleting, shredding, destroying, or preserving meeting notes, including but not limited to instructions, guidance, or guidelines about (a) 'raw notes,' (b) verbatim notes, or (c) attributing statements to individuals," subject to the parties reaching agreement on custodians and search terms.

**RFP Nos. 410-412.** Plaintiffs previously issued RFP No. 383 that, similarly to RFP No. 410, sought "[a]ll Documents relating to the deletion or failure to retain by any Amazon employee of communications on Signal or Wickr from June 17, 2019 to the present, including but not limited to all Documents relating to whether the disappearing message feature (including

any form of Wickr Auto-Destruct) was turned on or whether disappearing message settings were changed." Plaintiffs' Fourth Set of Requests for Production to Defendant, June 28, 2024, at 18.

During our June 5, 2026 meet and confer, Amazon confirmed it had produced documents responsive to RFP No. 383 for all custodians and had performed the same search and review process for its custodial refresh. We understand Amazon has represented that it has produced screenshots of all instances where disappearing messages settings were changed for the custodians from whom Amazon collected mobile devices. Please confirm whether this understanding is correct.

Also during our call, Plaintiffs agreed to consider narrowing RFP Nos. 410-412 based on confirmation of the scope of Amazon's prior mobile device collection and searches. To assist in considering narrowing these RFPs, please confirm[1]: (1) which custodians Amazon collected mobile devices from and the date(s) of collection; (2) of those custodians, who used Signal. To the extent Amazon did not collect mobile device(s) from a custodian, please identify the custodian and device, and explain why Amazon did not collect the device. If Amazon believes a custodian did not use Signal, please provide your basis for that belief. Please also confirm whether there are any Signal communications related to Amazon business matters that Amazon is withholding on the grounds that they are not responsive to previous RFPs. If there are any custodians Amazon believes used Signal only in their personal capacity and not for work matters, please identify those individuals and clarify Amazon's process of confirming there are no responsive messages on those custodians' devices.

Please provide this information in writing by no later than **June 12** so that we can better understand the search that has been done and further discuss the scope of these RFPs.

**RFP Nos. 413 and 414.** We understand that Amazon maintains its objection in full to these RFPs, on the basis that each "Request exceeds the discovery sought by Plaintiffs' January 30, 2026 Motion and granted by the Court's April 29, 2026 Order . . ." Amazon's Objections & Responses to Plaintiffs' Ninth Set of RFPs (May 29, 2026) at 13, 15. During the parties' conferral, Amazon explained it believes the Court's April 29, 2026 Order granted Plaintiffs discovery only into Amazon's spoliation with respect to Signal and "raw notes," and not the potential spoliation of other relevant material.

Plaintiffs disagree with Amazon's narrow reading of the Order. Most fundamentally, there is no basis for Amazon's apparent position that spoliation of other material relevant to this case would not give rise to concern and potential relief. And Plaintiffs' motion was not in fact limited to Amazon's spoliation of raw notes and Signal messages. Plaintiffs "identified multiple instances where Amazon's campaign to delete documents that could be used against it in

[1] To the extent Amazon maintains it has already provided this information, please identify the correspondence containing the requested information.

antitrust litigation appears to have been effective." Plaintiffs' Motion for Spoliation Sanctions (Dkt. # 598) at 6 ("Mot."). *See e.g.*, Mot. Ex. 21 (Dkt. #599-21) at -801 (May 2023 chat messages showing Amazon attorney directing employee, [redacted], to collect and destroy hard copies of "a highly sensitive doc[ument]" used in a meeting); Mot. Ex. 22 (Dkt. #599-22) (December 2023 email between employee and two in-house attorneys indicating employee received instruction to "delete" document about "how we set the standards for SFP compared to AFN…"). In their motion, Plaintiffs specified that "given the breadth and consistency of Amazon's instructions to delete documents, along with the involvement of counsel and senior executives, it is likely that the documents Plaintiffs have been able to identify through the remaining record are only a sample from a much broader set of lost evidence." Mot. at 14.

Further, the Court's Order was not limited to raw notes or Signal messages. Instead, the Court found that "Plaintiffs have made a strong showing that Amazon willfully destroyed at least some evidence to avoid its discovery obligations . . . But given the lack of clarity regarding the universe of spoliated evidence, the Court cannot determine exactly what evidence was destroyed, let alone whether it was willfully destroyed to avoid its discovery in this action." Order at 17. Plaintiffs understand that the Court granted Plaintiffs discovery into the full extent of Amazon's spoliation of relevant material, not limited to raw notes or Signal messages as Amazon contends.

Amazon's objection to these RFPs on, amongst other things, burden and proportionality is unfounded. To the extent any agreed-upon search protocol leads to evidence of Amazon spoliating materials beyond raw notes and Signal messages, this information would be highly probative to the Court's ultimate assessment of "the universe of spoliated evidence" in this case. Order at 17. If Amazon's spoliation was limited only to raw notes and Signal messages, this information would be equally probative—but Plaintiffs cannot be assured of this without a response to these RFPs.

At minimum, Amazon has no reasonable basis to object to these RFPs to the extent they seek documents related to Amazon's spoliation of raw notes and Signal messages. Despite that, Amazon is refusing to search for or produce *any* documents in response to these RFPs. Plaintiffs' proposed search protocol reflects a reasonable attempt to identify those documents for production. To the extent Amazon locates documents concerning *other* spoliation, Amazon has no basis to withhold them.

Accordingly, if Amazon remains unwilling to consider search terms and custodians that would lead to the production of documents responsive to these RFPs, the parties are at impasse.

**Interrogatory No. 31 and RFP No. 409.** Plaintiffs' Interrogatory No. 31 seeks Amazon's identification of certain meetings, individuals who were invited to the meetings, note-takers for the meetings, and any raw notes associated with the meetings. Plaintiffs have identified a list of teams and topics for which they seek Amazon's response. *See* Plaintiffs' Fifth Set of

Interrogatories at 6-7. In Amazon's Objections and Responses, it responded that "Amazon is willing to search for and produce notes for a set of agreed-upon meetings." During the parties' conferral, Amazon claimed it would be unduly burdensome to respond to this Interrogatory in full. Amazon proposed instead significantly narrowing the Interrogatory and offered to respond to 50 meetings of Plaintiffs' choosing. Plaintiffs maintain that Amazon's concerns about burden are overstated: counsel has access to the relevant employees and their respective calendars to quickly identify the responsive meetings and notes. And as Amazon is aware, many calendar invitations (easily accessible to Amazon employees) identify the designated notetakers. *See, e.g.*, Amazon-FTC-CID_00427455; Amazon-FTC-CID_00611701. Particularly in light of this information, Amazon has not sufficiently supported or detailed the actual burden responding to the interrogatory would entail, let alone establish that the burden is disproportionate to the serious issues before the Court.

In an attempt at compromise, however, Plaintiffs are willing to narrow this Interrogatory at this time, and revisit the remainder of this Interrogatory based on Amazon's responses to this Interrogatory and Plaintiffs' other spoliation-related discovery requests. Plaintiffs propose that Amazon respond to the Interrogatory now for the following teams and topics:[2]

1) **Teams:**
   a) Brand Experience and Excellence, Amazon Standards for Brands, Customer Experience Ambassadors, Manufacturers on Amazon, and Seller Singularity;
   b) Competitive Monitoring Team, Selection Monitoring Team;
   c) Consumer, North American Consumer, Worldwide Consumer, Stores, North America Stores, Worldwide Stores, North American Consumer Leadership Team, Consumer Leadership Team;
   d) Price Perception, WW Pricing and Price Perception, WW Price Perception and Evaluation;
   e) Featured Merchant Algorithm;
   f) Fulfillment by Amazon;
   g) MFN Prime, Seller Fulfilled Prime;
   h) Seller Fulfillment Services;
   i) Amazon Ads, Sponsored Ads, Sponsored Products;

2) **Topics**:
   a) implementation, modification, and/or expansion of Buy Box Removal, Buy Box Suppression, or SC-FOD, including but not limited to adding competitors for consideration in SC-FOD or mapping new products at competitors, and the development and/or expansion of Overlap Removal;

---

[2] For the avoidance of doubt, a meeting would be responsive to this Interrogatory if it is covered by a team *or* a topic listed here. For example, a meeting of the North American Consumer Leadership Team regarding Buy Box Removal would be responsive.

b) the potential removal of the Offer Listing Page in the event of Buy Box suppression;
c) Amazon's policies or standards for enforcement of Amazon's Standards for Brands;
d) identification and treatment of Known Uncompetitive Featured Offers;
e) Amazon's removal of the express price parity clause from its Business Services Agreement;
f) expansion of Sponsored Products;
g) lowering advertising relevance guardrails to increase advertising frequency on the search results page;
h) increasing coverage and frequency of Sponsored Products advertisements on the search results page;
i) increasing density of Sponsored Products advertisements on the search results page;
j) the potential limitation of use of 3PLs by sellers in Seller Fulfilled Prime, as discussed in 2019;
k) the potential closure of the Seller Fulfilled Prime program, as discussed in 2019;
l) the reopening of enrollment in Seller Fulfilled Prime in 2023;
m) "Project Hasshin."

If Amazon continues to object to this interrogatory even after the proposed narrowing above, please provide more specifics about Amazon's asserted burden, along with Amazon's basis for its belief that any such burden is disproportionate to the Court's assessment of the scope of Amazon's spoliation of relevant documents.

**Interrogatory No. 32.** Interrogatory No. 32 asks Amazon to "identify the first date on which [certain individuals were] notified of the existence of a litigation hold or other document preservation directive relevant to (a) the pre-Complaint investigation, (b) this litigation, and (c) any Related Case, or explain the reason why the individual was not provided with such notice." *See* Plaintiffs' Fifth Set of Interrogatories at 12-13. During the parties' conferral, Plaintiffs explained the purpose of this Interrogatory is to ensure Amazon does not later argue that any of the in-house counsel identified in this Interrogatory failed to stop spoliation because counsel were unaware of their obligation to advise employees of their preservation obligations. Plaintiffs are also amenable to Amazon responding to this Interrogatory by providing written verification that Amazon, and by extension its in-house counsel, were under a duty to preserve any relevant materials as of Amazon's receipt of the FTC's Civil Investigative Demand on June 17, 2019.

**Interrogatory No. 33**. Interrogatory No. 33 asks Amazon to identify "each document that Amazon has asserted is protected from disclosure by attorney-client privilege or work product, whether in whole or in part, regarding the destruction of or failure to preserve Relevant Materials." Plaintiffs understand that "Amazon objects to this Interrogatory in full." Amazon's Objections to Plaintiffs' Fifth Set of Interrogatories at 15.

During the parties' conferral, Plaintiffs explained that the purpose of this Interrogatory is to ensure Amazon is not asserting privilege or work product protection over any documents or portions of documents concerning the destruction of or failure to preserve relevant materials, or to identify any such documents.

If Amazon is not asserting privilege or work-product immunity over the categories of documents described in Interrogatory No. 33, Plaintiffs are willing to accept a verified interrogatory response that (1) Amazon is not asserting attorney-client privilege or work product protection, whether in whole or in part, over any documents regarding the destruction of or failure to preserve Relevant Materials,[3] including but not limited to: (a) instructions, guidance, or guidelines that Relevant Material be deleted, shredded, destroyed, not preserved, or otherwise made unavailable; (b) observations that Relevant Material has been deleted, shredded, destroyed, not preserved, or otherwise made unavailable; or (c) instances in which Relevant Materials were deleted, shredded, destroyed, not preserved, or otherwise made unavailable; and that (2) Amazon is not withholding any such documents. However, if Amazon cannot provide that confirmation under oath, Amazon must review the underlying materials and confirm it has not improperly asserted privilege over documents concerning the destruction of or failure to preserve relevant materials.

During the meet and confer, Plaintiffs offered to provide Amazon with search terms that could be used for a review of documents for which Amazon has asserted privilege, in aid of responding to Interrogatory No. 33. Those terms are provided below:

- ("note tak*" OR notetak* OR "note-tak*") w/10 (responsib* OR instruct* OR direct* OR guid*)
- note* W/10 (raw OR verbatim* OR unedited OR circulat*)
- "delete/shred*" OR delet* OR shred*
- (delet* OR shred* OR remov* OR purg* OR scrub* OR eras* OR destr*) W/20 (raw OR note* OR verbatim* OR unedited OR circulat* OR summar* OR discov*)
- (guid* OR regu*) W/10 note*
- (remov* OR delet* OR remov* OR purg* OR scrub* OR eras* OR destr*) W/10 (note OR doc*)
- Signal OR DM* OR disappear*

**Search Terms and Custodians.** Plaintiffs confirmed during the June 5 meet and confer that they expect Amazon will search for responsive materials from materials collected from both new custodians and prior custodians. For the materials previously collected from custodians, please confirm these collections were not previously limited by the parties' agreed upon search terms. During the meet and confer, the parties agreed to discuss whether it was appropriate for

[3] "Relevant Material" means any document responsive to any Request for Production in this or any related action or to any compulsory process issued in Plaintiffs' investigation of Amazon or any related government investigation of Amazon. Pls.' Fifth Set of Interrogatories at 4.

Amazon to use TAR in its review after the parties have an understanding of Amazon's overall burden to respond to these RFPs. To the extent the parties agree to use TAR, Amazon's model should be trained specifically to identify spoliation related materials, as opposed to the model used to respond to Plaintiffs' prior RFPs. After the parties' conferral on June 5, Amazon provided Plaintiffs with an initial hit report consisting of the search terms Plaintiffs provided, *see* Ltr. from S. Steinberg to K. Trefz (May 15, 2026) at 4, that had been run across the materials collected from the parties' previously agreed-upon custodians. Plaintiffs' counterproposal is enclosed.

For the new custodians Plaintiffs have proposed, *see* Ltr. from S. Steinberg to K. Trefz (May 15, 2026) at 3, Plaintiffs understand Amazon objects to including in-house counsel as custodians. During the June 5 meet and confer, counsel for Amazon asked Plaintiffs to provide justification for each in-house counsel Plaintiffs proposed. Plaintiffs explained that Plaintiffs have reason to believe each custodian may have documents concerning the destruction of or failure to preserve relevant materials. As Plaintiffs explained on the call, Plaintiffs have already presented evidence of Amazon's in-house counsel directing employees to spoliate evidence and further evidence is already publicly available from other cases against Amazon, for many of the attorneys proposed by Plaintiffs. *See e.g.*, Mot. Ex. 16 (Dkt. #599-16) at -465 (Amazon in-house counsel [redacted] directing program manager [redacted] to "get rid of the raw notes"); Mot. Ex. 20 (Dkt. #599-20) at -919 (Amazon in-house counsel [redacted] warning [redacted] that she "should avoid taking and sharing" raw notes). To the extent Amazon has specific objections about any of the in-house counsel Plaintiffs proposed as custodians, please specify which custodians Amazon objects to and your basis by June 12.

For all new custodians Plaintiffs proposed, by June 12, please confirm whether materials for these individuals have been preserved and if they are not available for the complete time period, please identify which time periods such documents are available for and a successor or other employee that would have access to same materials.

Sincerely,

*/s/ Shira Steinberg*
Shira Steinberg
Attorney
Bureau of Competition
Federal Trade Commission