THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a corporation,<br><br>Defendant. | Case No. 2:23-cv-01495-JHC<br><br>**AMAZON'S MOTION TO SEAL CERTAIN MATERIALS SUBMITTED IN CONNECTION WITH NOVEMBER 6, 2026 LCR 37 SUBMISSION**<br><br>NOTE ON MOTION CALENDAR:<br>December 11, 2026 |



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Defendant Amazon.com, Inc. ("Amazon") respectfully moves to seal certain materials in and attached to the parties' November 6, 2026 LCR 37 Submission, *see* Dkts. 753-758. Pursuant to the procedure specified in the Court's November 5, 2026 Order, Dkt. 751, these materials were filed provisionally under seal. Under that Order, Local Civil Rule 5(g), and § 5.6 of the Protective Order, Dkt. 160, Amazon now moves to maintain under seal certain portions of these materials containing personal and confidential business information. A chart specifying the portions of each filing that Amazon moves to maintain under seal is attached as Exhibit A.[1] Plaintiffs do not oppose Amazon's motion.

## BACKGROUND

Amazon submits this motion pursuant to the Court's November 5, 2026 Order. That Order authorized the subject materials to be filed provisionally under seal, and for Amazon to subsequently file a motion specifying the portions of the materials that it seeks to maintain under seal. Accordingly, on November 6, 2026, Plaintiffs provisionally filed under seal the joint LCR 37 Submission, proposed order, and related declarations and exhibits, *see* Dkts. 753-758.

Portions of the joint submission, proposed order, declarations, and certain exhibits discuss materials that reflect Amazon's internal and confidential business information or personal and identifying information of Amazon employees. *See* Declaration of Lee Roach in Support of the Motion to Seal ("Roach Decl.").

## ARGUMENT

Amazon moves to redact only small portions of the LCR 37 Submission, such that the bulk of the briefing will be on the public docket. In addition, Amazon moves to seal or redact certain declarations and exhibits filed in connection with the briefing. For the good cause of avoiding harm to Amazon or its employees, these materials should remain sealed or redacted because they

[1] Exhibits filed with this motion are attached to the Declaration of Katherine Trefz in Support of Amazon's Motion to Seal.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

contain either highly sensitive commercial information or the personal information of Amazon employees. *See* Roach Decl. ¶¶ 2-5.

**I. The Good Cause Standard Applies to This Motion.**

Under the local rules, any party moving to seal materials must include: "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). A party need only show "good cause" to seal material attached to nondispositive briefing like the LCR 37 Submission and related papers at issue. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process . . . ." *Id.* Under Rule 26(c), protective orders are appropriate to ensure that "confidential . . . commercial information not be revealed or be revealed only in a specified way," as well as "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Bold Ltd. v. Rocket Resume, Inc.*, 2024 WL 54692, at *2 (N.D. Cal. Jan. 4, 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure.").

The public is not presumed to have a right of access to materials exchanged in discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). "[T]he public interest in accessing nondispositive motions is not as strong as dispositive motions . . . because nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1098 (citation modified); *see also Preston v. Home Depot USA, Inc.*, 2024 WL 3316437, at *3 (W.D. Wash. July 5, 2024) (applying good cause standard to seal portions of motion to compel briefing and supporting declaration); *Bennett v. Homesite Ins. Co.*, 2023 WL 255958, at *2 (W.D. Wash. Jan. 18, 2023) (similar).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. There Is Good Cause to Seal and Redact Certain Information Submitted in Connection With the LCR 37 Submission.

### A. There Is Good Cause to Seal Personal and Identifying Information.

Amazon requests that the personal and identifying information redacted from the public versions of the LCR 37 Submission and supporting materials remain under seal.[2] *See* Roach Decl. ¶ 4. Plaintiffs do not oppose Amazon's sealing of personal and identifying information.

This Court in this case has found good cause to seal identifying and personal information filed in connection with nondispositive discovery-related motions to protect privacy interests. *See* Order Granting Amazon's Motion to Seal Certain Materials Submitted in Connection With the Parties' Evidentiary Motion Briefing, Dkt. 676 (Apr. 28, 2026); Order Granting Amazon's Motion to Seal, Dkt. 542 (Sept. 26, 2025); Order Granting in Part and Denying in Part Defendant's Motion to Seal, Dkt. 462 (Apr. 4, 2025); Stipulated Motion and Order to Seal Portions of the Parties' LCR 37 Joint Submission and Certain Exhibits, Dkt. 433 (Mar. 6, 2025).

Case law from this Circuit also recognizes that it is appropriate to seal individuals' personal and identifying information. *See Cahill v. Nike Inc.*, 2025 WL 399737, at *3-5 (D. Or. Feb. 5, 2025) (granting motion to seal employee names in connection with nondispositive motion); *Chavez v. Allstate Northbrook Indem. Co.*, 2025 WL 875910, at *1-2 (S.D. Cal. Jan. 29, 2025) (finding good cause to seal identities of employees); *Benshoof v. Ferguson*, 2024 WL 5074945, at *1 (W.D. Wash. Dec. 10, 2024) (Chun, J.) (granting motion to seal personal address); *Gnassi v. del Toro*, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) (Chun, J.) (granting motion to seal third-party names to protect their privacy interests).

---

[2] Dkts. 753, 753-1, 754-1, 754-2, 754-3, 754-4, 754-5, 754-7, 754-8, 754-9, 754-10, 754-11, 754-12, 754-13, 754-14, 754-15, 754-16, 754-17, 754-18, 754-20, 754-21, 754-22, 755, 755-3, 755-4, 755-6, 755-7, 755-8, 755-9, 755-11. One redacted exhibit, Dkt. 757-16, was inadvertently filed with one page of redactions not applied. Amazon respectfully requests that the Court seal Dkt. 757-16, and Amazon submits a corrected version of the exhibit as Exhibit B to the Declaration of Katherine Trefz that accompanies this motion to seal. *See also* Proposed Order at 2 (row addressing Ex. 16 to Takashima Declaration).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Here, Amazon seeks to keep under seal the names and identifying information of former and current Amazon employees, whose public identification in connection with Plaintiffs' allegations could result in annoyance, harassment, embarrassment, or professional harm. *See* Roach Decl. ¶ 4. To minimize redactions to the public briefing while still protecting the privacy interests of its employees, Amazon has left unredacted the names of former and current employees who have served at the Senior Vice President level or higher. Across the briefing, declarations, and exhibits, Amazon has also left unredacted the names and identifying information of Amazon outside counsel and a few senior Amazon employees who have previously been named in public filings regarding these issues.

### B. There Is Good Cause to Seal Amazon's Confidential and Proprietary Business Information.

As for materials reflecting Amazon's confidential business information, Amazon has designated those materials under the Protective Order in this case, Dkt. 160. Amazon requests that the internal confidential business information already redacted and contained within certain briefs, declarations, or exhibits remain under seal.[3] *See* Roach Decl. ¶ 5. Plaintiffs do not oppose Amazon's request to seal the confidential business information designated under the Protective Order.

This Court in this case has permitted sealing of Amazon's internal and confidential business information in connection with prior nondispositive motions. *See* Order Granting Amazon's Motion to Seal Certain Materials Submitted in Connection With the Parties' Evidentiary Motion Briefing, Dkt. 676 (Apr. 28, 2026); Stipulated Motion and Order to Seal Certain Exhibits to the Parties' May 28, 2025 Joint Status Report, Dkt. 502 (June 12, 2025). There is ample authority supporting such sealing. *See, e.g.*, *Davis v. Symetra Life Ins. Co.*, 2024 WL 1299616, at *3-4 (W.D. Wash. Mar. 27, 2024) (sealing confidential and proprietary business information);

[3] Dkts. 754-4, 754-5, 754-14, 754-20.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Mahone v. Amazon.com, Inc.*, 2024 WL 965139, at *2 (W.D. Wash. Mar. 6, 2024) (sealing "confidential performance evaluation information for current non-party Amazon employees"); *Floyd v. Amazon.com Inc.*, 2024 WL 1533217, at *1-2 (W.D. Wash. Apr. 9, 2024) (sealing information regarding "internal systems and processes for protecting data"); *In re Qualcomm Litig.*, 2018 WL 3831288, at *1 (S.D. Cal. Aug. 13, 2018) (sealing "confidential business information with respect to the company's . . . internal organization"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (sealing information reflecting defendant's "confidential internal business deliberations, organization, and capabilities").

In line with these considerations, and pursuant to the good cause shown by Amazon, this Court should similarly order the confidential business information attached to the LCR 37 Submission be sealed. The documents at issue contain descriptions of Amazon's plans, analyses, data, strategies, and considerations with regards to its fulfillment business, pricing practices, Prime program, competition issues, communications practices, and information technology security. For example, in Exhibit 5 to the Takashima Declaration in Support of Plaintiffs' LCR 37 Submission, the deponent discusses classes of communications posing risks to physical or information technology security. *See* Dkt. 754-5, at 146:6-147:1. And in Exhibit 14 to the Takashima Declaration, meeting notes record internal action items with regards to monitoring of competing marketplaces and physical stores. *See* Dkt. 754-14, at AMZN-RTL-FTC-11054761. Such exhibits contain confidential business and strategic information that Amazon does not make public. *See* Roach Decl. ¶ 5. The Court has previously approved the redactions now sought by Amazon to a number of these same documents for good cause shown. *See, e.g.*, Dkt. 676, at 4 (approving sealing of Preservation Motion Ex. 12, which aligns with the sealing that Amazon seeks here for Takashima Decl. Ex. 14); Dkt. 671-2, at 10-13 (previously redacted version of this document); Dkt. 757-14 (matching redacted version addressed in this motion).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

### C. There Are Legitimate Private Interests That Warrant the Relief Sought and No Less Restrictive Alternatives to Avoid the Potential Injury That Could Result.

Amazon seeks to redact personal information, and information that has been designated as confidential or highly confidential under the Protective Order in this case and which concerns internal business strategies, data, discussions, and competitive considerations, including analyses relating to Amazon's fulfillment business and competition issues. Disclosing this information in connection with the nondispositive discovery briefing at issue would harm employee privacy interests and provide Amazon's competitors, customers, and negotiating counterparties with internal business strategies, analyses, plans, and data that they could not otherwise access. *See* Roach Decl. ¶¶ 4-5. There is no less-restrictive alternative to Amazon's request. *See* LCR 5(g)(3)(B). Amazon moves to seal its internal, private documents, personal information of former and current employees, and transcript excerpts reflecting the same. Amazon has left the briefing largely unsealed to become part of the public record. Thus, Amazon has proposed sealing the minimum amount of information necessary to protect its employee privacy interests and legitimate business interests from harm.

## CONCLUSION

Amazon respectfully requests that the Court grant Amazon's Motion to Seal and order that the above-described documents—as reflected in Exhibit A to the Declaration of Katherine Trefz, and in the attached Proposed Order—be filed under seal or redacted.

///

///

///



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: November 20, 2026.

*I certify that this memorandum contains 1,890 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449
Brian D. Buckley, WSBA #26423
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: molly.terwilliger@morganlewis.com
brian.buckley@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Heidi K. Hubbard (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Kevin M. Hodges (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol J. Pruski (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: hhubbard@wc.com
jschmidtlein@wc.com
khodges@wc.com
jpitt@wc.com
ereddington@wc.com
cmetz@wc.com
cpruski@wc.com
ktrefz@wc.com

**COVINGTON & BURLING LLP**

Thomas O. Barnett (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Kate Mitchell-Tombras (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-5407
Email: tbarnett@cov.com
dludwin@cov.com
kmitchelltombras@cov.com

*Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATION

I certify that prior to making this submission, the Parties conferred telephonically on November 6, 2026 regarding Amazon's motion to seal. The meet and confer was attended by Shira Steinberg and Hana Verwilt for the Plaintiffs, and Alexander Peerman for Amazon.

DATED: November 20, 2026 at Washington, D.C.

*s/ Alexander G. Peerman*
Alexander G. Peerman
*Attorney for Amazon.com, Inc.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401